UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  - against -<br><br>STATE STREET CORPORATION, STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL MARKETS, LLC,<br><br>    Defendants. | No. 11-CV-10230 (MLW) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
ASSENTED-TO MOTION FOR APPOINTMENT OF INTERIM LEAD
COUNSEL AND LIAISON COUNSEL FOR THE PROPOSED CLASS**

**Preliminary Statement**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Arkansas Teacher Retirement System ("ARTRS") respectfully submits this memorandum of law in support of its assented-to motion for the appointment of Labaton Sucharow LLP ("Labaton Sucharow" or "Proposed Interim Lead Counsel") as Interim Lead Counsel for the proposed Class in this action. Thornton & Naumes, LLP ("Thornton & Naumes") serves as liaison counsel for ARTRS here, and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB") serves as additional attorneys for Plaintiff and the Class. Labaton Sucharow, Thornton & Naumes, and LCHB are referred to collectively herein as "Plaintiffs' Counsel."

Rule 23(g)(3) of the Federal Rules of Civil Procedure authorizes this Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the

action as a class action." Fed. R. Civ. P. 23(g)(3).  The qualifications of Proposed Interim Lead

Counsel, and indeed all Plaintiffs' Counsel, meet the requirements of Rule 23(g).  Proposed

Interim Lead Counsel and all Plaintiffs' Counsel have and are continuing to devote extensive

time to investigating the claims in this action.  Each Firm is experienced in complex commercial

and class action litigation and well-versed in the applicable law, and has ample resources to

devote to the prosecution of this action.  Plaintiff accordingly and respectfully requests that this

motion be granted.

### Factual and Procedural Background

Plaintiff filed this action on February 10, 2011 on behalf of a Class defined as all public

and private pension funds, mutual funds, endowment funds, investment manager funds, and other

funds for whom State Street Bank and Trust Company served as the custodial bank and executed

foreign exchange ("FX") trades on an "indirect" or "custody" basis since 1998, except those

government pension funds that are covered by independent *qui tam* actions that have been or will

be unsealed during the pendency of this action.

Plaintiff alleges that for more than a decade, State Street Corporation, State Street Bank

and Trust Company, and State Street Global Markets, LLC (collectively, "Defendants" or "State

Street") have maintained an unfair and deceptive practice whereby FX transactions are

conducted so as to maximize profits to State Street at the expense of Plaintiff and the Class.

State Street allegedly charged Plaintiff and the Class inflated FX rates when buying foreign

currency for its customers and deflated FX rates when selling foreign currency for those

customers, and illicitly pocketed the difference between the actual and reported rates.  Plaintiff

alleges that these unfair and deceptive practices generated as much as $500 million in profits

annually for State Street.

By agreement with counsel for State Street, the Complaint was deemed served upon Defendants as of March 16, 2011.  As proposed in the accompanying Proposed Order, Plaintiff intends to file an Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure no later than April 15, 2011.

## Legal Standards

Rule 23(g)(3) provides that a court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  In so doing, courts generally look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A):

(i)     the work counsel has done in identifying or investigation potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A).  In addition, the Court "may consider any other matters pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]"  Fed. R. Civ. P. 23(g)(1)(B); *see, e.g.*, *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[I]t appears to be generally accepted that the considerations set out in [Rules 23(g)(1)(A) and (B)], which govern[] appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."); *In re California Title Ins. Antitrust Litig.*, No. CV 08-01341, 2008 WL 4820752, at *1 (N.D. Cal. Nov. 3, 2008) ("When appointing interim class counsel, a court must find the applicant is adequate under [Rules 23(g)(1)(A) and (B)]."); *In re Hannaford Bros. Co. Consumer Data Sec. Breach Litig.*,

252 F.R.D. 66, 68 (D. Me. 2008).  "No single factor should necessarily be determinative in a

given case."  Fed. R. Civ. P. 23 Advisory Committee Notes (2003).

## ARGUMENT

**A.    Proposed Interim Lead Counsel and All Plaintiffs' Counsel Have
        Expended Substantial Resources Investigating and Preparing the Action**

Appointing Labaton Sucharow as Interim Lead Counsel will enable the Court to

designate the counsel responsible for: (1) preparation and filing of an amended complaint; (2)

opposition to any motion to dismiss; (3) efficient management of the discovery phase of the

litigation; (4) motion for class certification; and (5) conducting any potential settlement

discussions that may occur in the future.  *See Hannaford Bros.*, 252 F.R.D. at 68.  Another

benefit includes providing third parties with assurances that they are dealing with counsel

authorized to negotiate document productions and preservation issues on behalf of the class.

The significant amount of time spent investigating the underlying facts and legal claims

of this action supports the appointment of Labaton Sucharow as Interim Lead Counsel.  *See* Fed.

R. Civ. P. 23(g)(1)(A)(i).  The investigatory and analytical efforts of counsel are important

factors in appointing lead class counsel:

> In a case with a plaintiff class, the process of drafting the complaint requires
> some investigatory and analytical effort, tasks that strangers to the action most
> likely will not have undertaken.  All other things being equal, when an attorney
> has performed these or other investigative and analytical tasks before making the
> application for appointment, he or she is in a better position to represent the class
> fairly and adequately than attorneys who did not undertake these tasks.

*Moore's Federal Practice* § 23.120[3][a] (3d ed. 2007), citing Advisory Committee Notes

(2003).

Plaintiffs' Counsel have expended, and continue to expend, a significant amount of time

investigating the underlying facts and analyzing the potential legal claims that can be brought on

behalf of the Class.  Plaintiffs' Counsel have conducted substantial research related to FX trading and have consulted with experts.  Plaintiffs' Counsel's investigation also includes interviews of several former State Street employees and other witnesses who have come forward on a confidential basis.

On behalf of Plaintiff, Plaintiffs' Counsel filed a detailed complaint pleading claims under Sections 2 and 11 of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, asserting a breach of duty of loyalty by State Street and for declaratory relief under 28 U.S.C. § 2201, *et seq.*  After filing, Plaintiffs' Counsel reached out to counsel for State Street to discuss service issues and begin a dialogue regarding the prosecution of the action.  Plaintiffs' Counsel have continued their investigation since the complaint was filed, and, on February 16, 2011, served State Street with a letter in the form required by M.G.L. c. 93A, § 9, demanding that State Street make a reasonable offer of settlement to Plaintiff and the Class within 30 days.

The time spent developing the facts and legal theories and advancing the case at this early stage supports the appointment of Labaton Sucharow as Interim Lead Counsel.

**B.      Plaintiffs' Counsel Are Experienced in Efficiently Litigating Complex Cases and Have Extensive Knowledge of the Applicable Law**

**1.      Labaton Sucharow**

Labaton Sucharow, founded in 1963, consists of more than 60 attorneys and employs a professional support staff that includes, among others, certified public accountants, licensed private investigations, and resident securities analysts.  Since its establishment, Labaton Sucharow has recovered, through trial and settlement, more than $3 billion for the benefit of investors who have been victimized by such diverse schemes as stock price manipulation, mismanagement, and fraudulent offerings of securities.

Labaton Sucharow has had a leading role in numerous important actions brought on behalf of defrauded investors in this and other courts. Labaton Sucharow served as lead counsel in *In re American Tower Corp. Securities Litigation*, No. 06-CV-10933 MLW (D. Mass.), a securities fraud class action concerning the alleged backdating of employee stock options. This Court approved a settlement of $14 million in June 2008.

In November 2010, Labaton Sucharow, as class counsel for a certified investor class, secured a favorable jury verdict in a securities fraud action brought against BankAtlantic and several of its officers in the Southern District of Florida. *See In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-CV-61542 (S.D. Fla. Nov. 18, 2010).

Labaton Sucharow is also lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04 Civ. 8141 (DAB) (S.D.N.Y.), in which it recently achieved settlements-in-principle for the recovery of approximately $1 billion. In addition, Labaton Sucharow is lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-CV-5295 MRP (MANx) (C.D. Cal.), which resulted in a settlement of $624 million, the largest subprime-related securities class action settlement achieved to date. Labaton Sucharow also served as lead counsel in the *Waste Management* securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved up to that time. *See In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"); *see also* Labaton Sucharow Firm Resume, Exhibit A to accompanying Declaration of Garrett J. Bradley ("Bradley Decl.").

Labaton Sucharow is currently serving as lead or co-lead counsel in major securities fraud cases against HealthSouth, Bear Stearns, Fannie Mae, Satyam Computer Services, and

other companies.  Indeed, in *In re Monster Worldwide, Inc. Securities Litigation*, No. 07 Civ.

2237 (JSR) (S.D.N.Y. June 14, 2007), the court appointed Labaton Sucharow as lead counsel,

stating that "the Labaton firm is very well known to . . . courts for the excellence of its

representation."  And in recent years, Labaton Sucharow has repeatedly been named to *The

National Law Journal*'s Plaintiffs' "Hot List" of the top plaintiffs' oriented litigation firms in the

nation with a history of high achievement and significant, groundbreaking cases.

    **2.**       **Thornton & Naumes**

Thornton & Naumes has been representing clients in complex litigation matters of local

and national importance for the past three decades.  Its lawyers have prosecuted actions for

violations of securities, state trade practice and consumer protection laws, for defective products,

personal injuries, and toxic exposure injuries and illnesses, and in the area of insurance bad faith

litigation on an individual and class basis.  In addition, Thornton & Naumes has significant

experience in litigation under the False Claims Act representing the interests of individuals who

report false claims and other wrongdoing that defrauds the government.  Among other matters,

Thornton & Naumes served as Liaison Counsel before this Court in *In re American Tower Corp.

Securities Litigation*, which resulted in a settlement of $14 million.  The firm also led a team of

lawyers representing Massachusetts in a landmark lawsuit against the tobacco industry seeking to

recover the cost of Medicaid payments made for tobacco-related diseases.  The lawsuit resulted

in a settlement which pays Massachusetts hundreds of millions of dollars each year for over two

decades.  *See* Thornton & Naumes Firm Resume, Bradley Decl. Ex. B.

    **3.**       **LCHB**

LCHB, founded in 1972, consists of more than 60 attorneys and employs a large and

varied support staff.  LCHB has extensive experience in class actions involving financial fraud

and deceptive trade activity, and has represented thousands of individuals, public pension funds, and institutional investors in such actions, including in this District in *In re Brooks Automation, Inc. Sec. Litig.*, No. 06-CV-11068 RWZ (D. Mass.) (securities fraud class action resulting in $7.75 million settlement).  *See* LCHB Firm Resume, Bradley Decl. Ex. C.  LCHB has been repeatedly recognized over the years as one of the top plaintiffs' law firms in the country by both *The National Law Journal* and *The American Lawyer*.  *See, e.g.*, *The Plaintiffs' Hot List*, National Law Journal (Oct. 4, 2010) (LCHB has received this same award each year from 2003 through 2010); J. Triedman, *A New Lieff*, The American Lawyer (Dec. 2006), at 13 ("one of the nation's premier plaintiffs' firms"); A. Frankel, *Sweet Sixteen*, Litigation 2004, Supplement to The American Lawyer & Corporate Counsel (Dec. 2004), at 8-10.  LCHB has a proven track record of:  (i) taking securities cases to trial and winning large verdicts, including punitive damages verdicts (e.g., $170 million in *Claghorn v. EDSACO, Ltd.*, No. 98-3039-SI (N.D. Cal.) and $25 million in *In re FPI/Agretech Sec. Litig.*, MDL No. 763 (D. Haw.)); and (ii) recovering a very high percentage of the class or client's losses (e.g., almost 100% recoveries in *In re Cal. Micro Devices Sec. Litig.*, No. C-94-2817-VRW (N.D. Cal.); *Kofuku Bank Ltd. v. Republic N.Y. Sec. Corp.*, No. 00 Civ. 3298 (S.D.N.Y.); *Alaska State Dep't of Revenue, et al. v. America Online, Inc., et al.,* No. 1JU-04-503 (Alaska Sup. Ct.); *Merrill Lynch Fundamental Growth Fund and Merrill Lynch Global Value Fund, Inc. v. McKesson HBOC, Inc., et al.,* No. 02-405792 (Cal. Sup. Ct.); and *Shinyo-Kumiai v. Republic N.Y. Sec. Corp.*, No. 00 Civ. 4114 (S.D.N.Y.)).

In addition to its securities fraud litigation experience, LCHB has also vindicated the rights of, and recovered hundreds of millions of dollars for, consumers and victims of deceptive trade practices in class litigation, including in cases against banks and credit card companies. For instance, in *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-5923 WHA (N.D. Cal.), a class

action alleging unfair practices and false representations by Wells Fargo in connection with its imposition of overdraft charges, LCHB obtained a $203 million class restitution award at trial for more than one million California consumers and a permanent injunction of the unfair practices at issue.  LCHB also serves on the Plaintiffs' Executive Committee in *In re Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.), against the nation's major banks for the collection of excessive overdraft fees, where discovery is ongoing following the denial of defendants' motions to dismiss.

C.      **Plaintiffs' Counsel Has the Staffing and Resources Necessary to Aggressively Prosecute This Case**

The staffing and considerable resources that Labaton Sucharow brings to this action strongly supports its appointment as Interim Lead Counsel.  *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). The Class will be fairly and adequately represented because Labaton Sucharow, as well as Thornton & Naumes and LCHB, are qualified, experienced and able to conduct the litigation on Plaintiff's behalf.  *See Tolan v. Computervision Corp.*, 696 F. Supp. 771, 780 (D. Mass. 1988). Labaton Sucharow has the staffing and resources necessary to do so.  Labaton Sucharow has prosecuted and financed some of the largest civil litigations in recent years and is well-staffed with paralegals, in-house investigators, and litigation support staff.  Labaton Sucharow has the financial resources necessary to represent the Class, and will commit the resources necessary to litigate this matter vigorously to its conclusion.  Thornton & Naumes and LCHB have similar qualifications, and their presence and past work will further aid in the prosecution of this action.

## Conclusion

Labaton Sucharow, as well as Thornton & Naumes and LCHB, have expended significant time and effort developing this case, are fully committed to prosecuting it to its successful

conclusion on behalf of the Class, and have the experience and resources necessary to do so. Accordingly, it is respectfully submitted that the Court should appoint Labaton Sucharow as Proposed Interim Lead Counsel for the proposed Class, with Thornton & Naumes acting as liaison counsel for Plaintiff, and LCHB appearing as additional counsel for Plaintiff and the proposed Class.

Dated:  April 7, 2011

Respectfully submitted,

THORNTON & NAUMES, LLP

By: _/s/ Garrett J. Bradley_
Michael P. Thornton
Garrett J. Bradley (BBO #629240)
100 Summer Street, 30th Floor
Boston, Massachusetts  02110
Telephone:  (617) 720-1333
Facsimile:   (617) 720-2445

_Liaison Counsel for Plaintiff_
_ARTRS and Proposed Interim_
_Liaison Counsel for the Class_

LABATON SUCHAROW LLP
Joel H. Bernstein
Christopher J. Keller
Eric J. Belfi
David J. Goldsmith
Paul J. Scarlato
Michael H. Rogers
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

_Counsel for Plaintiff_
_ARTRS and Proposed Interim_
_Lead Counsel for the Class_

.

LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
Steven E. Fineman
Daniel P. Chiplock
Michael J. Miarmi
Daniel R. Leathers
250 Hudson Street, 8th Floor
New York, New York  10013
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

*Attorneys for Plaintiff and the Class*