```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ARKANSAS TEACHER RETIREMENT       )
SYSTEM, et al,                    )
     Plaintiffs,                  )
                                  )
     v.                           )
                                  )       C.A. No. 11-10230-MLW
STATE STREET CORPORATION,         )
STATE STREET BANK & TRUST         )
COMPANY, and STATE STREET         )
GLOBAL MARKETS, LLC               )
     Defendants.                  )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                       January 11, 2012

Plaintiff in this putative class action lawsuit has filed an Assented-To Motion ("the motion") seeking to appoint Labaton Sucharow LLP ("Labaton Sucharow") as interim lead counsel for the proposed class pursuant to Federal Rule of Civil Procedure 23(g)(3). See Plaintiff's Assented-To Mot. for Appointment of Interim Lead Counsel for the Proposed Class (Docket No. 7). In addition, defendants have filed a motion to dismiss. See Defendants' Motion to Dismiss and Request for Oral Argument (Docket No. 18). For the following reasons, plaintiff's motion for appointment of interim lead counsel is being allowed and a hearing is being scheduled on the motion to dismiss.

I.   BACKGROUND

In April 2011, plaintiff Arkansas Teacher Retirement System

1

("ARTRS") filed an amended complaint in the District of Massachusetts, alleging that defendants State Street Corporation, State Street Bank and Trust Company, and State Street Global Markets, LLC, engaged in deceptive acts and practices in connection with foreign exchange transactions executed on behalf of their custodial bank clients, including the plaintiff. See Amended Compl. at ¶¶ 1, 3, 8. ARTRS asserted claims under Sections 2, 9 and 11 of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, and further claimed breach of duty of trust, breach of contract, and negligent misrepresentation. See id. at ¶¶ 88-89, 97-98, 111-112, 120-121, 137, 140. Plaintiff sought to maintain the lawsuit as a class action pursuant to Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(3). See id. at ¶¶ 21-31.

Plaintiff moved to appoint Labaton Sucharow as interim lead counsel for the proposed class pursuant to Federal Rule of Civil Procedure 23(g)(3), seeking to facilitate efficient management of the litigation and to clarify responsibilities for: (1) opposing the motion to dismiss; (2) conducting discovery; (3) moving for class certification; and (4) conducting potential settlement discussions. See Plaintiff's Assented-To Mot. for Appointment of Interim Lead Counsel for the Proposed Class (Docket No. 7); Memorandum of Law in Support of Plaintiff's Assented-To Mot. for Appointment of Interim Lead Counsel and Liaison Counsel for the Proposed Class, at 1-2, 4 (Docket No. 8). Labaton Sucharow, with

Thornton & Naumes, LLP ("Thornton & Naumes") and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), serve as counsel for the plaintiff (collectively, "plaintiff's counsel"). In its memorandum in support of the motion, plaintiff states that Thornton & Naumes will serve as liaison counsel for ARTRS, and LCHB will serve as additional counsel for the plaintiff and the proposed class. See Memorandum of Law in Support of Plaintiff's Assented-To Mot. for Appointment of Interim Lead Counsel and Liaison Counsel for the Proposed Class, at 1 (Docket No. 8).

 II. DISCUSSION

Rule 23(g)(3) of the Federal Rules of Civil Procedure authorizes a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Although not required, appointment of interim class counsel may help "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, Manual For Complex Litigation § 21.11, at 246 (4th ed. 2004). See also Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee Notes for Rule 23(g).

Counsel's duty is to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). See also Fed. R. Civ. P. 23(g)(3), 2003 Advisory Committee Notes for Rule 23(g).

In appointing interim counsel, courts generally look to the factors used for determining adequacy of class counsel under Federal Rule of Civil Procedure 23(g)(1)(A):

> "(i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]"

In addition, a court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]"  Fed. R. Civ. P. 23(g)(1)(B).

Plaintiff's counsel have invested substantial resources in investigating and preparing this action.  See Memorandum of Law in Support of Plaintiff's Assented-To Mot. for Appointment of Interim Lead Counsel and Liaison Counsel for the Proposed Class, at 4-5. Each of the firms, including Labaton Sucharow, have extensive experience with complex commercial litigation and class action lawsuits involving financial and securities fraud.  See id. at 5-9.  The firms are knowledgeable the applicable areas of law, and individually and collectively possess the resources required to represent the proposed class.  See id.  Moreover, plaintiff's

counsel concur with the proposed leadership structure. <u>See</u> Plaintiff's Assented-To Mot. for Appointment of Interim Lead Counsel for the Proposed Class (Docket No. 7).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for appointment of Labaton Sucharow as interim lead counsel is ALLOWED. Pursuant to Fed. R. Civ. P. 23(g)(3), the court designates Labaton Sucharow as interim lead counsel to act on behalf of all plaintiffs and the proposed class in the action until and unless class counsel is appointed, with the responsibilities hereinafter described. Thornton & Naumes shall serve as liaison counsel for plaintiff and the proposed class, and LCHB shall serve as additional attorneys for plaintiff and the proposed class.

2. The court appoints Labaton Sucharow LLP to be responsible for: (a) ensuring that orders of the court are served on all counsel; (b) communicating with the court on behalf of all counsel in each case as to scheduling matters; and (c) maintaining a master service list of all parties and their respective counsel.

3. Interim lead counsel shall have sole authority over the following matters on behalf of all plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the initiation and coordination of plaintiffs' pretrial activities and plan for trial, including but not limited to the scope, order and conduct of all discovery proceedings and of all trial and post-trial proceedings; (c) the delegation of work assignments to

other plaintiffs' counsel and arrangement of meetings of plaintiffs' counsel as they may deem appropriate; (d) designation of which attorneys may appear at hearings and conferences with the court; (e) the retention of experts; (f) the timing and substance of any settlement negotiations with defendants; and (g) other matters concerning the prosecution and/or resolution of the action.

4. Interim lead counsel shall have sole authority to communicate with defendants' counsel and the court on behalf of all plaintiffs unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with interim lead counsel, and such agreements shall be binding on all other plaintiffs' counsel.

5. Interim lead counsel is authorized to create committees of plaintiffs' counsel as it deems appropriate for the efficient prosecution of this action. Any such committee shall operate under the direct supervision of interim lead counsel.

6. Subject to any restrictions agreed upon or set forth in a protective order, all discovery obtained by any plaintiff in these cases may be shared with any other plaintiff. All discovery obtained by any defendant in these cases shall be deemed discovered in each of these cases.

7. All counsel shall make best efforts to avoid duplication, inefficiency and inconvenience to the court, the parties, counsel and witnesses. Interim lead counsel shall ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including the avoidance of unnecessary or duplicative

communications among plaintiffs' counsel. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action, or as to which there is a genuine and substantial disagreement among counsel.

8. Nothing herein shall limit the requirements on plaintiffs and plaintiffs' counsel set forth in Fed. R. Civ. P. 23, or affect whether any of the current actions should be certified as a class action, whether plaintiffs are adequate representatives of any class that may be certified, or whether plaintiffs' counsel are adequate counsel for any such class.

9. All plaintiffs' counsel shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses incurred by their respective firms to interim lead counsel in such manner as interim lead counsel shall require. Failure to provide such documents and/or data on a timely basis may result in the court's not considering non-compliant counsel's application for fees and expenses, should this litigation be resolved successfully for plaintiffs.

10. A hearing on defendants' motion to dismiss is scheduled for February 24, 2012 at 3:00 p.m.

    /S/ Mark L. Wolf  
UNITED STATES DISTRICT JUDGE