UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT )<br>SYSTEM, on behalf of itself and all others )<br>similarly situated, )<br>         Plaintiff, )<br>v. )<br>STATE STREET BANK AND TRUST )<br>COMPANY, )<br>         Defendant. )<br>_____ ) | No.: 1:11-cv-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. )<br>COHN, WILLIAM R. TAYLOR, )<br>RICHARD A. SUTHERLAND, and those )<br>similarly situated, )<br>         Plaintiffs, )<br>v. )<br>STATE STREET BANK AND TRUST )<br>COMPANY, and STATE STREET )<br>GLOBAL MARKETS, LLC, and )<br>DOES 1-20 )<br>         Defendants. )<br>_____ ) | No.: 1:11-cv-12049-MLW |
| THE ANDOVER COMPANIES )<br>EMPLOYEE SAVINGS AND PROFIT )<br>SHARING PLAN, on behalf of itself, and )<br>JAMES PEHOUSHEK STANGELAND, )<br>and all others similarly situated, )<br>         Plaintiff, )<br>v. )<br>STATE STREET BANK AND TRUST )<br>COMPANY, )<br>         Defendant. )<br>_____ ) | No.: 1:12-cv-11698-MLW |

**STIPULATION, JOINT MOTION, AND [PROPOSED] ORDER**
**FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiffs in the above-captioned actions (the "Actions") filed suit against

State Street Bank and Trust Company and State Street Global Markets, LLC (collectively, "State Street" or "Defendants").

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") expect that discovery in these Actions may include the production of certain information and documents that a Party believes is confidential and contains sensitive personal, commercial, proprietary, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, in order to facilitate the exchange of confidential discovery and information by and among the Parties in the above-captioned Actions, subject to the approval of the Court, that the following Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or exchanged in connection with discovery in the Actions ("Discovery Material").

1. Any Party or non-party producing Discovery Material in an Action (a "Producing Party") may designate Discovery Material produced by it as "Confidential" if the Producing Party believes in good faith that such Discovery Material contains or reflects non-public confidential, personal, financial, proprietary, or commercially sensitive information. Any Party or non-party designating Discovery Material in an Action (a "Designating Party") may designate Discovery Material produced by another Party or non-party as "Confidential" if the Designating Party believes in good faith that such Discovery Material contains or reflects the Designating Party's confidential, personal, financial, proprietary, or commercially sensitive information. All such material designated under this paragraph shall be referred to herein as "Confidential Discovery Material." All information derived from Confidential Discovery Material, including

but not limited to extracts, summaries, and descriptions of such material, shall be treated as Confidential in accordance with the provisions of this Stipulation and Order.

2. All Discovery Material, and all Confidential Discovery Material, and any documents or information derived therefrom, shall be used solely for purposes of litigating the Actions and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other actual or contemplated judicial, administrative, or arbitral proceeding. Without limiting the generality of the foregoing, no Discovery Material or Confidential Discovery Material may be used for any purpose whatsoever in connection with any litigation or proceeding, other than the Actions, now or ever pending against any Party. However, production of Discovery Material shall not be construed in any way to control or limit any use by a Party of documents or information, or copies thereof, that were not obtained by that Party in the course of the discovery process in the Actions but were instead independently obtained by that Party outside of the course of the discovery process in the Actions.

3. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner:

    a. In the case of documents (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; *provided, however*, that if a Producing Party inadvertently produces Discovery Material that it considers to be "Confidential" without such designation, the Producing Party may designate such Discovery Material as "Confidential" by delivering written notice of such designation and properly designated copies of such Discovery Material promptly after discovering that the information was inadvertently produced, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Stipulation and

Case 1:11-cv-10230-MLW   Document 61   Filed 11/19/12   Page 4 of 20
Case 1:11-cv-10230-MLW   Document 58   Filed 11/16/12   Page 4 of 20

Order to Confidential Discovery Material; the Receiving Party shall incur no liability for any failure to treat Confidential Discovery Material as such prior to said Discovery Material being designated as Confidential.

        b.     In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to counsel for the opposing Party within twenty (20) days after receiving a copy of the certified, final transcript thereof, unless a different period is agreed upon by the Parties; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. All deposition transcripts and other pretrial testimony shall be treated as Confidential Discovery Material until the expiration of the twentieth day after receipt by counsel of a copy of the certified, final transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" in the Actions shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

        4.     A Party may designate any Discovery Material produced by another Producing Party without a designation as Confidential Discovery Material only if said Discovery Material contains or reflects the Designating Party's own non-public confidential, personal, financial, proprietary, or commercially sensitive information. Any such designation of Discovery Material shall be made within 60 days of the date of its production, or as many days as agreed upon by the Parties. Discovery Material produced by any Producing Party to these Actions must be treated as Confidential for a period of 60 days, or as many days as agreed upon by the Parties, after receipt of the Discovery Material from the Producing Party. In order to designate Discovery Material

1063664.1
ActiveUS 103390840v.1

produced by another Producing Party as "Confidential," the Designating Party must provide written notice to all Parties identifying (by bates number or other individually identifiable information) the Discovery Material designated as Confidential Discovery Material within the 60 day period, unless a longer period is agreed upon by the Parties. Promptly after providing such notice, the Designating Party shall provide re-labeled copies of the material to each Party reflecting the new designation. Each Party will replace the incorrectly designated Discovery Material with the newly designated Discovery Material and will destroy the incorrectly designated Discovery Material. Any Party may object to the designation of Discovery Material pursuant to the procedures set forth in Paragraph 14. The Designating Party shall bear the burden of establishing the basis for the increased designation.

5.      Unless otherwise directed by the Court, Confidential Discovery Material may be disclosed only to the following persons, each of whom shall be bound by this Order:

   a.   Plaintiff or any of its present affiliates, officers, directors and employees;

   b.   Defendants or any of their present affiliates, officers, directors and employees;

   c.   Any former affiliates, officers, directors and employees of a Party;

   d.   Counsel of record to the Parties, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel or their client(s) and are actually involved in assisting in these Actions;

   e.   Persons who are the author(s), recipient(s), addressee(s), and person(s) copied with respect to the particular Confidential Material, and their counsel;

   f.   Experts, consultants, or investigators and their staff (collectively, "Experts") retained or consulted by counsel for the Parties to assist in these Actions, in accordance with the terms of Paragraph 9 below;

-5-

1063664.1
ActiveUS 103390840v.1

    g. Persons noticed for depositions or designated as trial witnesses, to the extent reasonably necessary in preparing to testify;

    h. Persons testifying at depositions;

    i. Court reporters, including stenographers and video technicians transcribing proceedings in these Actions, each of whom shall be bound by this Order;

    j. Other persons to whom the Court specifically allows disclosure, after application by the Party seeking such disclosure and an opportunity to reply by the Producing Party (or, if not the same person or entity, the Designating Party);

    k. Any mediator agreed upon by the Parties in these Actions, and such mediator's employees and staff; and

    l. Outside copy and computer services personnel for purposes of copying, imaging, or indexing documents;

    6. The Parties expressly agree that Discovery Material and Confidential Discovery Material may be shared between and among Plaintiffs' Counsel in these Actions, and between and among Defense Counsel in these Actions, subject to the terms of the Stipulation and Order; *provided, however*, that the Parties reserve their rights to seek, if necessary, a further protective order, relief from this protective order, or other relief, with respect to the production of, access to, use of, or sharing of any document or other written material, including but not limited to the use of any document or other written material at deposition or other proceedings.

    7. The Parties agree that this Stipulation and Order is intended to cover Discovery Material and Confidential Discovery Material produced or provided by all Parties to this Stipulation and Order, whether in their capacity as a party pursuant to Fed. R. Civ. P. 30, 31, 32, 33, 34 or as a non-party pursuant to Fed. Civ. P. 45.

1063664.1
ActiveUS 103390840v.1

8. Every person given access to Confidential Discovery Material or information contained therein shall not make copies, notes, duplicates, extracts, summaries or descriptions of such material, or any portion thereof except for use in litigating these Actions, shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof, and each such copy or other document is to be treated in accordance with the provisions of this Stipulation and Order.

9. Confidential Discovery Material may be provided to persons listed in paragraph 5(f) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of these Actions, provided that such expert or consultant is using said Confidential Discovery Material solely in connection with these Actions and provided further that such expert or consultant signs an undertaking (to be retained by counsel for the Party disclosing the Confidential Material to such expert) in the form attached as Exhibit A hereto.

10. In the event that counsel for any Party determines to file with the Court any Confidential Discovery Material or document treated as Confidential, counsel shall file a motion for impoundment pursuant to Local Rule 7.2. The Parties will assent to the filing of any motion to impound concerning any Confidential Discovery Material or documents designated as Confidential pursuant to this Stipulation and Order, without waiving any objections to the relevance or admissibility of such material. Only those documents or portions of documents containing Confidential Discovery Material shall be filed in a sealed envelope; and in instances in which portions of documents contain Confidential Discovery Material, the Parties shall be responsible for electronically filing redacted versions of those documents with the Court.

1063664.1
ActiveUS 103390840v.1

11.     Any documents designated as "Confidential" may be used in any proceeding in these Actions, including, if otherwise permissible, as evidence at any hearing or trial, in open court, or on appeal, without violation of this Stipulation and Order, but Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  Nothing in this Stipulation and Order, however, shall preclude a Party from seeking an appropriate protective order from the Court, should that Party seek to maintain the confidentiality of material used in open court.

12.     At the request of the Producing Party, persons not permitted access to Confidential Discovery Material under the terms of this Stipulation and Order shall not be present at depositions while the Producing Party's Confidential Discovery Material is discussed or otherwise disclosed.  Pretrial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Confidential Discovery Material from disclosure to persons not authorized to have access to such Discovery Material.  Any Party intending to disclose or discuss Confidential Discovery Material at pretrial proceedings must give advance notice to assure the implementation of the terms of this Stipulation and Order.

13.     Confidential Discovery Material may be shown to any person listed in Paragraph 5(g) above to the extent that a Party expects in good faith that such person will appear as a deponent or witness, and only to the extent necessary for that person to prepare to testify. No person listed in Paragraphs 5(c), (e), (g) or (i) shall be permitted to make or keep copies, notes, duplicates, extracts, summaries or descriptions of Confidential Discovery Material unless such person signs an undertaking (to be retained by counsel for the Party disclosing the Confidential Discovery Material to such person) in the form attached as Exhibit A hereto. Notwithstanding the above, all persons receiving Discovery Material or Confidential Discovery

Material shall be subject to the requirements to destroy or return such material, and any information derived therefrom, as set forth in paragraph 15 below.

14. Entering into or agreeing to this Stipulation and Order, and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not: (i) operate as an admission by the receiving Party that any particular Discovery Material designated as Confidential by the Producing Party (or, if not the same person or entity, the Designating Party) is appropriately designated as such; (ii) prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order; (iii) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material; or (iv) prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

15. Any Party to this Stipulation and Order may object to the designation by a Producing Party (or, if not the same person or entity, the Designating Party) of any information or material as Confidential Discovery Material by serving a written objection upon the Producing Party (or, if not the same person or entity, the Designating Party). The Parties shall then attempt to resolve by agreement the question of whether the document or information is entitled to confidential treatment. If the Parties are unsuccessful in reaching an agreement, nothing in this Stipulation and Order shall preclude a Party from seeking judicial intervention to resolve the dispute. In any proceeding challenging the confidential designation of material, the burden shall be on the party asserting confidentiality to establish that the material is entitled to confidential treatment under the law.

16.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party (and, if not the same person or entity, the Designating Party) or further order of the Court, continue to be binding throughout and after the conclusion of the Actions.  Within 60 business days after receiving notice of entry of an order, judgment or decree finally ending the Actions, including without limitation any appeals therefrom, all persons having received Discovery Material and Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party of such material or destroy all such material and certify that fact to counsel for the Producing Party (and, if not the same person or entity, the Designating Party); the Parties are under no obligation to return or destroy copies of Discovery Material that may exist in electronic form in archives, back-up tapes or other media that is not readily accessible.  Outside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including Discovery Material containing Confidential Discovery Material); *provided, however*, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Stipulation and Order.

17.     If a Party to this Stipulation and Order receives a subpoena or other form of judicial process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity compelling disclosure of Discovery Material, the Party shall, at least fourteen (14) days prior to the demanded disclosure, unless such period is impracticable under the circumstances, provide counsel for the Producing Party (and, if not the same person or entity, the Designating Party) written notice by facsimile transmission, email or hand delivery of the subpoena or other form of judicial process calling for the disclosure of Discovery Material.  If written notice cannot be provided at least fourteen (14) days prior to the time for production or other disclosure, the Party shall, in addition, give notice to counsel for the

-10-

Case 1:11-cv-10230-MLW   Document 58   Filed 11/16/12   Page 11 of 20

Producing Party (and, if not the same person or entity, the Designating Party) by telephone. Except in the case of a subpoena or other form of judicial process from a federal or state regulatory or administrative body or agency, legislative body, or other person or entity that requires the immediate production or disclosure of materials making prior notice hereunder impracticable, in no event shall production or disclosure be made before reasonable notice is given to counsel for the Producing Party (and, if not the same person or entity, the Designating Party). In case of a subpoena or other form of judicial process from a federal or state regulatory or administrative body or agency, legislative body, or other person or entity that requires the immediate production or disclosure of materials making prior notice hereunder impracticable, the Party shall give notice to counsel for the Producing Party (and, if not the same person or entity, the Designating Party) as soon as practicable after such production or disclosure.

18.   Nothing in this Stipulation and Order shall prevent any Producing Party from using or disclosing its own documents or information. In addition, nothing in this Stipulation and Order shall be construed in any way to control the use by a Party to this Stipulation and Order of documents or information received at any time by that Party outside of the course of the discovery process in the Actions.

19.   If any document or information protected from discovery by the attorney-client privilege, work-product doctrine, the exemption for trial preparation material, or on any other ground ("Protected Material") is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled, provided that promptly after discovery that the Protected Information was inadvertently produced, the Producing Party describes the basis for the privilege and requests in writing (a "Return Request") that the other Party(ies) return all Discovery Material as to which

1063664.1
ActiveUS 103390840v.1

the claim of inadvertent production has been made and destroy all copies or other material derived therefrom. All Discovery Material, including all copies and all material derived therefrom, covered by a Return Request shall be returned and/or destroyed as requested within two business days of receipt of the Return Request. If a Party objects to the Return Request, that Party may, after returning or destroying the document(s) or information at issue, including all copies and all material derived therefrom, file a motion challenging the protected status of the subject Discovery Material, provided that such motion must be filed at least 60 days prior to the close of discovery. Unless and until the Court rules otherwise, the challenging Party shall not use the Discovery Material covered by the Return Request (or any copies or material derived therefrom) for any purpose, other than to challenge the Return Request. Pursuant to Fed. R. Civ. P. 26(b)(5)(B), any Discovery Material subject to a Return Request submitted to the Court in connection with any such challenge must be filed under seal for determination of the challenge.

20. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order. Any violation of the terms of this Stipulation and Order shall be punishable by relief deemed appropriate by the Court.

21. The Parties acknowledge and accept that nothing in this Stipulation and Order shall be deemed to suggest or concede that any Discovery Material is discoverable, relevant, or admissible in the Actions.

22. The Parties acknowledge and accept that the production of, provision of, or access to, any Discovery Material subject to the terms of this Stipulation and Order shall not be deemed to suggest or concede that such Discovery Material is discoverable, relevant, or admissible in the Actions.

23. The Parties do not waive and, in fact, reserve all of their rights, including but not limited to the right to object or to seek a further protective order, relief from this order, or other

-12-

relief, with respect to the production of, provision of, access to, use of, or sharing of any Discovery Material.

24. This Stipulation and Order may be modified by the written agreement of the parties, subject to court approval or for good cause shown. The Court also retains the right to modify this Order upon written notice to the Parties, and the Parties shall have an opportunity to object to any such modifications by the Court.

25. This Stipulation and Order may be executed in one or more counterparts.

26. An e-signature, faxed copy, or scanned copy of the signature of counsel shall have the same effect as an original signature.

**So Ordered:**

_____      November 19, 2012
The Honorable Mark L. Wolf,
Chief Judge, United States District Court for the District of Massachusetts

Respectfully submitted by the parties, this 14th day of November, 2012,

    LABATON SUCHAROW LLP

By: /s/ Lawrence A. Sucharow
    Lawrence A. Sucharow (*pro hac vice*)
    Christopher J. Keller
    Eric J. Belfi
    David J. Goldsmith (*pro hac vice*)
    Michael H. Rogers (*pro hac vice*)
    140 Broadway
    New York, New York 10005
    Telephone: (212) 907-0700
    Facsimile: (212) 818-0477

    *Counsel for Plaintiff Arkansas Teacher*
    *Retirement System and Interim Lead*
    *Counsel for the Proposed Class*

1063664.1
ActiveUS 103390840v.1

THORNTON & NAUMES, LLP
  Michael P. Thornton (BBO #497390)
  Garrett J. Bradley (BBO #629240)
  Michael A. Lesser (BBO # 631128)
  Evan R. Hoffman (BBO #678975)
  100 Summer Street, 30th Floor
  Boston, Massachusetts 02110
  Telephone: (617) 720-1333
  Facsimile: (617) 720-2445

  *Liaison Counsel for Plaintiff Arkansas Teacher*
  *Retirement System and the Proposed Class*

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
Steven E. Fineman
Daniel P. Chiplock (*pro hac vice*)
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Robert L. Lieff (*pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiff Arkansas Teacher*
*Retirement System and the Proposed Class*


WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/ Jeffrey B. Rudman
  Jeffrey B. Rudman (BBO# 433380)
  William H. Paine (BBO# 550506)
  Daniel W. Halston (BBO# 548692)
  60 State Street
  Boston, MA 02109
  (617) 526-6000

  *Counsel for State Street Defendants*

-14-

1063664.1
ActiveUS 103390840v.1

By: /s/ J. Brian McTigue
    J. Brian McTigue (*pro hac vice*)
    James A. Moore (*pro hac vice*)
    **McTigue Law LLP**
    4530 Wisconsin Ave, NW
    Suite 300
    Washington, DC 20016
    202-364-6900
    Fax: 202-364-9960

    Graeme W. Bush (*pro hac vice* pending)
    Carl S. Kravitz (*pro hac vice* pending)
    Dwight Bostwick (*pro hac vice* pending)
    **Zuckerman Spaeder, LLP**
    1800 M Street, NW
    Washington, DC 20036

    Michael J. Brickman (*pro hac vice*)
    James C. Bradley (*pro hac vice*)
    **Richardson, Patrick, Westbrook & Brickman LLC**
    174 East Bay Street
    Charleston, SC 29401
    843-727-6500
    Fax: 843-727-3103

    Nina Hunter Fields (*pro hac vice*)
    Kimberly Keevers Palmer (*pro hac vice*)
    **Richardson, Patrick, Westbrook & Brickman LLC**
    1017 Chuck Daley Blvd.
    PO Box 1007
    Mount Pleasant, SC 29465
    843-727-6500
    Fax: 843-727-3103

    Catherine M. Campbell
    Renee J. Bushey
    **Feinberg, Campbell & Zack, P.C.**
    3rd Floor
    177 Milk Street
    Boston, MA 02109
    617-338-1976
    Fax: 617-338-7070

-15-

Jonathan G. Axelrod (*pro hac vice*)
**Beins, Axelrod, P.C.**
1625 Mass. Ave. NW
Washington, DC 20036
202-328-7222

*Attorneys for Henriquez Plaintiffs*
*and proposed class*


KELLER ROHRBACK L.L.P.

By: /s/ Lynn L. Sarko
Lynn Lincoln Sarko (*pro hac vice*)
Derek W. Loeser (*pro hac vice*)
Laura R. Gerber (*pro hac vice*)
1201 3rd Avenue, Suite 3200
Seattle, WA 98101
206-623-1900
Fax: 206-623-8986

HUTCHINGS, BARSAMIAN,
MANDELCORN & ZEYTOONIAN, LLP

Theodore M. Hess-Mahan, Esq. BBO #557109
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
781-431-2231
Fax: 781-431-8726

*Attorneys for Andover Companies*
*Plaintiffs and proposed class*

-16-

Case 1:11-cv-10230-MLW   Document 61   Filed 11/19/12   Page 17 of 20
Case 1:11-cv-10230-MLW   Document 58   Filed 11/16/12   Page 17 of 20


## CERTIFICATE OF SERVICE

I, Jeffrey B. Rudman, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) dated November 16, 2012.

/s/ Jeffrey B. Rudman
Jeffrey B. Rudman

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>   Plaintiff,<br>v.<br>STATE STREET BANK AND TRUST COMPANY,<br>   Defendant. | Case No.: 1:11-cv-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>   Plaintiffs,<br>v.<br>STATE STREET BANK AND TRUST COMPANY, and STATE STREET GLOBAL MARKETS, LLC, and DOES 1-20<br>   Defendants. | Case No.: 1:11-cv-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK STANGELAND, and all others similarly situated,<br>   Plaintiff,<br>v.<br>STATE STREET BANK AND TRUST COMPANY,<br>   Defendant. | Case No.: 1:12-cv-11698-MLW |

  I hereby certify (i) my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order"), and (ii) that I have read

the Stipulation and Order. I understand the terms of the Stipulation and Order, and I agree to be fully bound by its terms. Upon the conclusion of the Actions and any appeals related hereto, or when I no longer have any reason to possess the Discovery Material, whichever shall first occur, I hereby agree to return all copies of Discovery Material to the party who furnished the same to me or certify that the same have been destroyed.

Dated:_____        Signature:_____

Present Employer:_____

1063664.1
ActiveUS 103390840v.1