# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM,<br>on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>STATE STREET GLOBAL MARKETS, LLC and<br>DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS<br>AND PROFIT SHARING PLAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(A) PLAINTIFFS' ASSENTED-TO MOTION FOR FINAL APPROVAL
OF PROPOSED CLASS SETTLEMENT AND PLAN OF ALLOCATION
AND FINAL CERTIFICATION OF SETTLEMENT CLASS AND (B) LEAD
COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES,  PAYMENT OF
LITIGATION EXPENSES, AND PAYMENT OF SERVICE AWARDS TO PLAINTIFFS**

This reply memorandum of law is respectfully submitted by (A) Plaintiff Arkansas Teacher Retirement System ("ARTRS"), as well as Plaintiffs Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employee Savings and Profit Sharing Plan, and James Pehoushek-Stangeland, individually and on behalf of the Settlement Class,[1] in further support of their assented-to motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for final approval of the proposed Class Settlement, approval of the Plan of Allocation of the Net Class Settlement Fund, and final certification of the Settlement Class (the "Settlement Motion"); and (B) Labaton Sucharow LLP, attorneys for Plaintiff ARTRS and Court-appointed Lead Counsel for the Settlement Class, on behalf of all Plaintiffs' Counsel, in further support of its motion, pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), for an award of attorneys' fees, payment of Litigation Expenses, and payment of Service Awards to Plaintiffs in connection with the Settlement (the "Fee Motion").

### Preliminary Statement

Plaintiffs and Lead Counsel are pleased to report that not one of the 1,300-plus custody clients of State Street Bank and Trust Company that comprise the Settlement Class has filed an objection or has opted-out of the Settlement by the deadline to do so or as of the date hereof.

The custody clients comprising the Settlement Class are sophisticated institutional investors accustomed to evaluating class action settlements. Their silence in response to the Court-approved Notice is thus especially telling, and provides strong evidence of the fairness of the Settlement and Plan of Allocation and the reasonableness of the requested attorney's fee.

The Settlement and Fee Motions should be granted in their entirety.

---

[1] Unless otherwise indicated, capitalized terms have the same meanings as in the Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement," ECF No. 89).

## **Procedural Background**

Pursuant to the Preliminary Approval Order (ECF No. 97), the Notice was mailed to

Settlement Class Members and posted on the Settlement website on August 22, 2016.  The

Summary Notice was published in *The Wall Street Journal* and released on *PR Newswire* on

September 6, 2016.  *See* Declaration of Eric J. Miller on Behalf of A.B. Data, Ltd. Regarding

Mailing of Notice to Settlement Class Members and Publication of Summary Notice ("Miller

Decl.," ECF No. 104-13), ¶¶ 5-8, 11 & Exs. A-C thereto; *see also* accompanying Supplemental

Declaration of Eric J. Miller on Behalf of A.B. Data, Ltd. Regarding Mailing of Notice to

Settlement Class Members and Requests for Exclusion ("Suppl. Miller Decl.") ¶¶ 4-5.

On September 15, 2016, Plaintiffs and Lead Counsel filed the Settlement and Fee

Motions.  ECF Nos. 100-104.  State Street also filed a memorandum in support of final approval

of the Settlement.  ECF No. 99.  These submissions were posted on the Settlement website.

Suppl. Miller Decl. ¶ 7.

The Preliminary Approval Order set October 7, 2016 as the deadline for Class members

to object to the Settlement, the Plan of Allocation, class certification, the requested attorneys'

fee, the requested Litigation Expenses or Service Awards, or to request exclusion from the Class.

Preliminary Approval Order (ECF No. 97) ¶¶ 14, 16.  This deadline was featured prominently in

the Notice and Summary Notice, and on the Settlement website.  *See* Miller Decl. Ex. A at 2, 13,

14; Exs. B-C (ECF No. 104-13).

As of October 7, 2016, and the date hereof, ***no*** Class member (or any other person or

entity) has objected to the Settlement, the Plan of Allocation, the requested fee, or any other

matter the Court may consider during the November 2, 2016 hearing.  *See also* Suppl. Miller

Decl. ¶ 11.

As of October 7, 2016, and the date hereof, *no* Class member (or any other person or entity) has sought to be excluded from the Settlement.  Suppl. Miller Decl. ¶ 10.

## ARGUMENT

**A.     The Absence of Objections and Opt-Outs Strongly Supports Approval of the Settlement and Plan of Allocation**

A favorable reaction by the class to a proposed settlement constitutes strong evidence of fairness and supports final approval.  *See*, *e.g.*, *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) (citing *In re PaineWebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 106 (S.D.N.Y. 1997)); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) (describing "favorable reaction of the overwhelming majority of class members to the Settlement" as "perhaps the most significant factor" in court's assessment of fairness).

The total absence of objections and opt-outs accordingly constitutes strong evidence of the fairness, reasonableness, and adequacy of the Settlement and Plan of Allocation before this Court.  *Cf. Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 347 (D. Mass.) (in action asserting claims under Mass. Gen. Laws ch. 93A, three objections and 23 opt-outs constituted "overwhelmingly positive" class reaction that favored settlement approval), *aff'd*, 809 F.3d 78 (1st Cir. 2015); *Shapiro v. JPMorgan Chase & Co.*, No. 11 Civ. 8331 (CM), 2014 WL 1224666, at *9, 11-12 (S.D.N.Y. Mar. 24, 2014) (support of settlement by 2,800-member class "indeed overwhelming" where one objection filed and nine valid opt-outs submitted).

This is especially true here because the Class is comprised of institutional investors.  *See Hill v. State Street Corp.*, Civ. No. 09-12146-GAO, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015) (noting in favor of final approval that "no objections or requests for exclusion were submitted by any institutional investors"); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp.

2d 249, 261-62 (D.N.H. 2007) (class reaction "almost entirely positive," favoring final approval,

where no institutional investor objected to size of settlement or allocation plan).

The Settlement Motion should be granted in its entirety.

**B.      The Absence of Objections and**
**Opt-Outs Strongly Supports the**
**Reasonableness of the Requested Fee**

The lack of objections to the requested attorneys' fee, Litigation Expenses, and Service

Awards to Plaintiffs supports a finding that they are reasonable. *See Kingsborough v. Sprint*

*Commc'ns Co. L.P.*, Civ. No. 14-14029-NMG, 2015 WL 1605506, at *3 (D. Mass. Apr. 8, 2015)

("The absence of objections by class members to Settlement Class Counsel's fee-and-expense

request further supports a finding that it is reasonable."); *Medoff v. CVS Caremark Corp.*, Civ.

No. 09-cv-554-JNL, 2016 WL 632238, at *9 (D.R.I. Feb. 17, 2016) (finding "significant[]" that

no class member objected to fee); *Hill*, 2015 WL 127728, at *19 (noting that "only one objection

to the requested attorneys' fees or reimbursement of litigation expenses has been received").

This lack of objections to a proposed fee award "is particularly significant where, as here,

the Class contains many large and sophisticated investors." *Fleisher v. Phoenix Life Ins. Co.*,

No. 11 Civ. 8405 (CM), 2015 WL 10847814, at *13 (S.D.N.Y. Sept. 9, 2015) (awarding 33-

1/3% fee, yielding 4.87 multiplier); *see also In re Remeron Direct Purchaser Antitrust Litig.*, No.

Civ. 03-0085 FSH, 2005 WL 3008808, at *13 n.1 (D.N.J. Nov. 9, 2005) ("When a class is

comprised of sophisticated business entities that can be expected to oppose any request for

attorney fees they find unreasonable, the lack of objections indicates the appropriateness of the

[fee] request.") (awarding 33-1/3% fee) (citation omitted).

The absence of opt-outs and objections to the Settlement further support the

reasonableness of the requested fee, particularly where the associated lodestar "multiplier" is

relatively modest. *See New England Carpenters Health Benefits Fund v. First Databank, Inc.*,

Civ. No. 05-11148-PBS, 2009 WL 2408560, at *2 (D. Mass. Aug. 3, 2009) ("near-unanimous"

support for settlement "militat[ed] in favor of a significant multiplier"); *In re Neurontin Mktg. &*

*Sales Practices Litig.*, 58 F. Supp. 3d 167, 171 (D. Mass. 2014) (noting in awarding fee that

"[o]nly one class member has opted out, and only one class member objected, but not with

respect to the amount of the fund, or the reasonableness of the attorneys' fees").

The Fee Motion should be granted in its entirety.

**<u>Conclusion</u>**

For the foregoing reasons, as well as those set forth in Plaintiffs' and Lead Counsel's

submissions dated September 15, 2016, this Court should grant the Settlement and Fee Motions

in their entirety.

Submitted herewith are a (i) proposed Order and Final Judgment; (ii) proposed Order

Approving Plan of Allocation; and (iii) proposed Order Awarding Attorneys' Fees, Payment of

Litigation Expenses, and Payment of Service Awards to Plaintiffs.


Dated:  October 21, 2016                              Respectfully submitted,

                                                      LABATON SUCHAROW LLP

                                     By:     */s/ Lawrence A. Sucharow*
                                             Lawrence A. Sucharow *(pro hac vice)*
                                             Eric J. Belfi
                                             David J. Goldsmith *(pro hac vice)*
                                             Michael H. Rogers *(pro hac vice)*
                                             Nicole M. Zeiss *(pro hac vice)*
                                             140 Broadway
                                             New York, New York  10005
                                             Tel:  (212) 907-0700
                                             Fax:  (212) 818-0477

                                             *Lead Counsel for Plaintiff*
                                             *ARTRS and the Settlement Class*

Michael P. Thornton (BBO #497390)
Garrett J. Bradley (BBO #629240)
Michael A. Lesser (BBO #631128)
Evan R. Hoffman (BBO #678975)
THORNTON LAW FIRM LLP
100 Summer Street, 30th Floor
Boston, Massachusetts  02110
Tel:  (617) 720-1333
Fax:  (617) 720-2445

*Liaison Counsel for Plaintiff*
*ARTRS and the Settlement Class*

Daniel P. Chiplock (*pro hac vice*)
Michael J. Miarmi
LIEFF CABRASER HEIMANN
    & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
Tel:  (212) 355-9500
Fax:  (212) 355-9592

Robert L. Lieff (*pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California  94111
Tel:  (415) 956-1000
Fax:  (415) 956-1008

*Additional Counsel for Plaintiff*
*ARTRS and the Settlement Class*

<u>Certificate of Service</u>

I certify that on October 21, 2016, I caused the foregoing Reply Memorandum of Law in Further Support of (A) Plaintiffs' Assented-to Motion for Final Approval of Proposed Class Settlement and Plan of Allocation and Final Certification of Settlement Class and (B) Lead Counsel's Motion for an Award of Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs, with annexed proposed Orders, and accompanying Supplemental Declaration of Eric J. Miller on Behalf of A.B. Data, Ltd. Regarding Mailing of Notice to Settlement Class Members and Requests for Exclusion, to be filed through the ECF system in the above-captioned actions, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.

*/s/ David J. Goldsmith*
David J. Goldsmith