UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND PAYMENT OF SERVICE AWARDS TO PLAINTIFFS

**WHEREAS**, on November 2, 2016, a hearing was held before this Court to determine, among other things, whether and in what amount to award Lead Counsel Labaton Sucharow LLP ("Labaton Sucharow" or "Lead Counsel"), on behalf of itself and all other counsel for Plaintiffs (collectively, "Plaintiff's Counsel"), attorneys' fees and Litigation Expenses directly relating to their representation of the Settlement Class, and whether and in what amount to grant Service Awards to Plaintiff Arkansas Teacher Retirement System ("ARTRS"), and Plaintiffs Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employee Savings and Profit Sharing Plan, and James Pehoushek-Stangeland (collectively, the "ERISA Plaintiffs") directly relating to their service as representatives of the Settlement Class;

**WHEREAS**, it appears that a Notice of the hearing, substantially in the form approved by the Court, was mailed to all reasonably identified custody and trust customers of SSBT (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive;

**WHEREAS**, it further appears that a Summary Notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and

**WHEREAS**, the Court has considered and determined the fairness and reasonableness of the attorneys' fees, Litigation Expenses, and Service Awards requested;

WHEREAS, the Court has considered all papers filed and proceedings had herein, and is otherwise fully informed;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the subject matter of the Class Actions and over all parties to the Class Actions, including all Settlement Class Members, counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement").

3. Notice of Lead Counsel's application for attorneys' fees, litigation expenses, and service awards was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due, adequate, and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards fees in the amount of $74,541,250.00, plus any accrued interest, which is approximately 25% of the Class Settlement Fund, orders payment of Litigation Expenses in the amount of $1,257,697.94, and grants Service Awards in the amount of $25,000.00 to Plaintiff ARTRS and $10,000.00 to each of the six ERISA Plaintiffs, totaling $85,000.00, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Class Settlement Fund subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees, payment of litigation expenses, and grant of service awards to be paid from the Class Settlement Fund, the Court has analyzed the factors considered within the First Circuit and found, among other things, that:

(a) The amount of attorneys' fees awarded is fair and reasonable and consistent with fee awards approved in cases within the First Circuit and other Circuits with similar recoveries;

(b) The Settlement has created a common fund of $300 million in cash and numerous Settlement Class Members will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(c) Plaintiffs' Counsel undertook the Class Actions on a contingent basis, and have borne all the ensuing risk, including the risk of no recovery;

(d) Plaintiffs' Counsel have worked more than 86,000 hours, with a lodestar value of $41,323,895.75, to achieve the Settlement;

(e) The Class Actions involved difficult and novel factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) Plaintiffs' Counsel are experienced in the field of class actions and conducted the Class Actions and achieved the Settlement with skillful and diligent advocacy;

(g) The requested attorneys' fee furthers the important policy goal of encouraging common fund cases asserting claims in the public interest; and

(h)     Notice was disseminated to Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed $74,541,250.00, plus interest, and payment of Litigation Expenses incurred in connection with the prosecution of the Class Actions in an amount not to exceed $1,750,000, plus interest. The Notice stated that Plaintiffs may apply to the Court for Service Awards of up to $85,000.00 in the aggregate. No Settlement Class Members have filed an objection to the application for fees and expenses submitted by Lead Counsel.

7.      Any appeal or challenge affecting this Court's approval of any attorneys' fee or expense application in the Class Actions shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.      Exclusive jurisdiction is retained over the subject matter of the Class Actions and over all parties to the Class Actions, including the administration and distribution of the Net Class Settlement Fund to Settlement Class Members.

9.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this order shall be rendered null and void to the extent provided by the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

Dated: November 2, 2016

_____
HON. MARK L. WOLF
UNITED STATES DISTRICT JUDGE