# Labaton Sucharow

David J. Goldsmith
Partner
212 907 0879 direct
212 883 7079 fax
dgoldsmith@labaton.com

November 10, 2016

By ECF

Hon. Mark L. Wolf
United States District Judge
United States District Court
District of Massachusetts
John Joseph Moakley
  United States Courthouse
1 Courthouse Way
Boston, Massachusetts  02210

Re: Arkansas Teacher Retirement System v. State Street Bank & Trust Co.,
No. 11-CV-10230 MLW

Dear Judge Wolf:

We are writing respectfully to advise the Court of inadvertent errors just discovered in certain written submissions from Labaton Sucharow LLP, Thornton Law Firm LLP, and Lieff Cabraser Heimann & Bernstein LLP supporting Lead Counsel's motion for attorneys' fees, which the Court granted following the fairness hearing held on November 2, 2016.  *See* Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs ("Fee Order," ECF No. 111).

These mistakes came to our attention during internal reviews that were conducted in response to an inquiry from the media received after the hearing.  The purpose of this letter is to disclose the error and provide a corrected lodestar and multiplier.  We respectfully submit that the error should have no impact on the Court's ruling on attorneys' fees.

As the Court is aware, the submissions supporting Lead Counsel's fee application included individual declarations submitted on behalf of Labaton Sucharow, Thornton, and Lieff Cabraser, reporting each firm's lodestar and number of hours billed.  *See* ECF Nos. 104-15, at 7-9; 104-16, at 7-8; 104-17, at 8-9; *see also* ECF No. 104-24 (Master Chart).

The professionals and paraprofessionals listed in these firms' respective lodestar reports include persons denoted as Staff Attorneys, or "SAs."  SAs are bar-admitted, experienced attorneys hired on a temporary, though generally long-term, basis, and are paid by the hour.  The SAs in this action

**Labaton Sucharow**

Hon. Mark L. Wolf
United States District Judge
November 10, 2016
Page 2

were tasked principally with reviewing and analyzing the millions of pages of documents produced by State Street.

Seventeen (17) of the SAs listed on the Thornton lodestar report are also listed as SAs on the Labaton Sucharow lodestar report.[1] Six (6) of the SAs listed on the Thornton lodestar report are also listed as SAs on the Lieff Cabraser lodestar report.[2] Both sets of overlap reflect the fact that as the litigation proceeded, efforts were made to share costs among counsel, such that financial responsibility for certain SAs located at Labaton Sucharow's and Lieff Cabraser's offices was borne by Thornton.

We have now determined that:

- The hours of the Alper SAs reported in the Thornton lodestar report mistakenly were also reported in the Labaton Sucharow lodestar report.
- Certain hours reported by one of the Alper SAs (S. Dolben) in the Thornton lodestar report mistakenly duplicated certain hours of another Alper SA (D. Fouchong).
- A portion of the hours of two of the Jordan SAs reported in the Thornton lodestar report (C. Jordan and J. Zaul) mistakenly were also reported in the Lieff Cabraser lodestar report.
- The hours of two other Jordan SAs (A. Ten Eyck and R. Wintterle) mistakenly were included in the Lieff Cabraser lodestar report.[3]

Because of these inadvertent errors, Plaintiffs' Counsel's reported combined lodestar of $41,323,895.75, and reported combined time of 86,113.7 hours, were overstated. *See* ECF No. 104-24 (Master Chart).

---

[1] These SAs, listed alphabetically, are D. Alper, E. Bishop, N. Cameron, M. Daniels, S. Dolben, D. Fouchong, J. Grant, I. Herrick, D. Hong, C. Orji, D. Packman, A. Powell, A. Rosenbaum, J. Saad, B. Schulman, A. Vaidya, and R. Yamada (collectively, the "Alper SAs"). *Compare* ECF No. 104-16, at 7-8 (Thornton lodestar report) *with* ECF No. 104-15, at 7-8 (Labaton Sucharow lodestar report).

[2] These SAs, listed alphabetically, are C. Jordan, A. McClelland, A. Ten Eyck, V. Weiss, R. Wintterle, and J. Zaul (collectively, the "Jordan SAs"). *Compare* ECF No. 104-16, at 7 (Thornton lodestar report) *with* ECF No. 104-17, at 8 (Lieff Cabraser lodestar report).

[3] The lodestar reports in the individual firm declarations submitted by ERISA counsel (ECF Nos. 104-18 to 104-23) are unaffected.

# Labaton
# Sucharow

Hon. Mark L. Wolf
United States District Judge
November 10, 2016
Page 3

We have corrected these errors by removing the duplicative time. When a given SA had different hourly billing rates, we removed the time billed at the higher rate. Deducting the duplicative time from the $41.32 million reported combined lodestar results in a reduced combined lodestar of **$37,265,241.25**, and a reduced combined time of 76,790.8 hours.

Cross-checking the $37.27 million reduced combined lodestar against the $74,541,250 percentage-based fee awarded by the Court yields a lodestar multiplier of **2.00**.[4] This is higher than the 1.8 multiplier we proffered in our submissions and during the hearing.

Plaintiffs' counsel respectfully submits that a 2.00 multiplier remains reasonable and well-within the range of multipliers found reasonable for cross-check purposes in common fund cases within the First Circuit, and that such an enhancement of the reduced lodestar represented by the 24.85% fee awarded by the Court remains well-supported by the $300 million Settlement obtained and fees awarded in comparable cases. *See* Fee Brief, ECF No. 103-1, at 24-25.

Accordingly, Plaintiffs' counsel respectfully submits that the Court should adhere to its ruling on attorneys' fees. *See* Fee Order ¶¶ 4, 6 (ECF No. 111)[5]; Nov. 2, 2016 Hrg. Tr. at 36:1-2 (finding 1.8 multiplier "reasonable").

We sincerely apologize to the Court for the inadvertent errors in our written submissions and presentation during the hearing. We are available to respond to any questions or concerns the Court may have.

Respectfully submitted,

David J. Goldsmith

---

[4] The Court found it "appropriate in this case to use the percentage of the common fund approach in determining the amount of attorneys' fees that should be awarded." Nov. 2, 2016 Hrg. Tr. at 22:25-23:2; *see also id.* at 35:12-13 ("I have used the percentage of common fund method. I've used the reasonable lodestar to check on that.").

[5] The Fee Order, at Paragraph 6(d), references the approximately 86,000 combined hours and $41.32 million combined lodestar reported in our written submissions.

# Labaton Sucharow

Hon. Mark L. Wolf
United States District Judge
November 10, 2016
Page 4

DJG/idi

cc:    All Counsel of Record
       (by ECF)

Certificate of Service

   I certify that on November 10, 2016, I caused the foregoing Letter to be filed through the ECF system in the above-captioned action, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.

                   */s/ David J. Goldsmith*
                   David J. Goldsmith