## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | **PURSUANT TO FEBRUARY 6, 2017** |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | **ORDER OF THE COURT** |
| Defendant. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| v. | ) ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OF LABATON SUCHAROW LLP CONSENTING TO APPOINTMENT OF SPECIAL MASTER <u>AND PROPOSING APPOINTMENT OF CO-SPECIAL MASTER</u>

Labaton Sucharow LLP ("Labaton Sucharow" or the "Firm"), Lead Counsel for Plaintiff

Arkansas Teacher Retirement System and the Settlement Class in the above-titled consolidated

actions, respectfully submits this memorandum pursuant to the Court's Memorandum and Order

dated February 6, 2017 ("Mem. & Order," ECF No. 117).

## A.      Appointment of Judge
         Rosen as a Special Master

Labaton Sucharow has appeared before Judge Rosen during his distinguished tenure on

the federal bench, having served as co-lead counsel for lead plaintiffs in a securities class action

settled in January 2009.  *In re General Motors Corp. Securities & Derivative Litigation*, MDL

No. 06-1749 (E.D. Mich.) ("*GM*"), is listed among the representative matters in Judge Rosen's

biography annexed to the Memorandum and Order.  Mem. & Order Ex. C, at 2.

Based on Judge Rosen's qualifications, the Firm has no objection to his appointment as a

Special Master here.  Moreover, Labaton Sucharow does not believe Judge Rosen's

disqualification would be required under 28 U.S.C. § 455(a) or (b).  In any event, Labaton

Sucharow waives any such ground for disqualification.

The Firm has no objection to Judge Rosen's proposed powers and authority as a Special

Master or the contemplated period for completion of his duties, as discussed in the Memorandum

and Order at page 9, *provided*, *however*, that Labaton Sucharow must respectfully reserve its

rights with regard to the Court's reference to "any related issues that may emerge in the special

master's investigation."  Mem. & Order at 8.  The Firm cannot give knowing consent either as to

process or participants for unknown and undefined matters.

## B.      Proposed Appointment of the Hon.
         Layn R. Phillips (Ret.) as Co-Special Master

In addition to permitting comment on the appointment of Judge Rosen as Special Master,

the Court provided all parties with the opportunity to propose alternative eligible candidates for

possible appointment.  *See* Mem. & Order at 12; *see also* Fed. R. Civ. P. 53(b)(1) ("Any party may suggest candidates for appointment.").

The Firm respectfully proposes that the Court appoint the Hon. Layn R. Phillips (Ret.) to serve as Co-Special Master together with Judge Rosen.  Judge Phillips is the founder of, and a mediator and arbitrator with, Phillips ADR Enterprises, P.C. ("PADRE") in Corona del Mar, California.  He is a former United States District Judge for the Western District of Oklahoma and former United States Attorney for the Northern District of Oklahoma.  After leaving the bench in 1991, Judge Phillips joined the law firm of Irell & Manella, where for 23 years he specialized in complex civil litigation, internal investigations, and alternative dispute resolution.  In November 2014, Judge Phillips formed PADRE, an organization exclusively devoted to alternative dispute resolution.  Judge Phillips's biography and declaration are annexed hereto as Exhibits A and B.[1]

Judge Phillips is a nationally respected mediator of class actions who is regularly engaged by counsel for both plaintiffs and defendants.  Among the complex matters in which he has served recently as a mediator is *In re The Bank of New York Mellon Corp. Forex Transactions Litigation*, No. 12-MD-2335 (LAK) (JLC) (S.D.N.Y.) ("*BNYM FX*").  That litigation, which settled in September 2015, included a class action that asserted claims similar to the underlying claims in this action against The Bank of New York Mellon, a major custody bank and State Street's primary competitor.  *See* Ex. B hereto, ¶ 2.

The Firm's request that Judge Phillips be appointed as Co-Special Master is principally premised upon the following: One of the key questions to be investigated under the Court's Memorandum and Order is the accuracy and reliability of the submissions supporting plaintiffs'

---

[1] Judge Phillips will participate in the March 7, 2017 hearing by telephone if the Court so requests.  If the Court wishes to meet with Judge Phillips at a subsequent time, the Firm will make appropriate arrangements.

counsel's fee and expense application, which involves industry-standard private firm procedures in large class actions.  Of particular import to this process, the latter includes the use of contract attorneys to review documents.  As a result of his many years as a mediator and practitioner, Judge Phillips has substantial knowledge and experience with these issues, and in particular of industry standards in this area.  *See id.* ¶ 4.

Judge Phillips has mediated numerous disputes involving securities class action attorney fees, a number of which have involved the review of detailed billing information.  In a securities class action involving Merck, part of Judge Phillips's assignment as Special Master required him to review and analyze the billing and lodestar information for the more than a dozen plaintiff firms involved in that case.  *See id.*  In sum, appointing Judge Phillips together with Judge Rosen will promote judicial economy and serve the interests of justice.  *See In re Schering-Plough Corp. Enhance Sec. Litig.*, Civ. No. 08-397 (DMC) (JAD), 2013 WL 5505744, at *6-7 (D.N.J. Oct. 1, 2013) (two special masters, who had mediated the settlement negotiations, reviewed plaintiffs' counsel's fee and expense application and submitted joint report and recommendations); *M.D. ex rel. Stukenberg v. Abbott*, No. 11-CV-84, 2017 WL 74371, at *1-2 (S.D. Tex. Jan. 9, 2017) (two special masters conducted investigation and submitted joint report and recommendations).

Labaton Sucharow does not believe there is any ground for Judge Phillips's disqualification under 28 U.S.C. § 455(a) or (b).  *See* Ex. B hereto, ¶ 8.  In any event, the Firm waives any such ground for disqualification.  *See* Fed. R. Civ. P. 53(a)(2) & (b)(3); *see also* Mem. & Order at 12 n.4.

Although there are no grounds for disqualification, Judge Phillips wishes to disclose that he has been selected as a neutral by the majority of the firms involved in this matter, and has

previously served as a mediator in numerous class actions involving many of these firms, and continues to do so today.  *See* Ex. B hereto, ¶ 9.

For example, with respect to the plaintiffs' firms involved here, these cases include *BNYM FX* and *GM*, noted above, in which Labaton Sucharow, Thornton Law Firm LLP, Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), Keller Rohrback L.L.P. ("Keller Rohrback"), Zuckerman Spaeder LLP, or some combination of them represented the plaintiffs. Further, Judge Phillips is currently serving as a mediator in class actions in which Labaton Sucharow, Lieff Cabraser, and/or Keller Rohrback represent the plaintiffs.  *See id.* ¶ 10.

Additionally, Judge Phillips has previously served as a mediator in a number of actions in which Wilmer Hale (which represents State Street here) or one of its predecessor firms represented the defendants.  Further, Judge Phillips is currently serving as a mediator in multiple actions involving Wilmer Hale or one of its predecessor firms.  *See id.* ¶ 11.

Labaton Sucharow, as Lead Counsel, is prepared to deposit funds with the Clerk of the Court, in such sums and at such times as the Court may order, to be used to pay the fees and expenses of the Co-Special Masters.  *See* Mem. & Order at 10-11.

Accordingly, Labaton Sucharow respectfully submits that the Court should appoint Judge Phillips together with Judge Rosen as Co-Special Masters here.

Dated:  February 17, 2017

Respectfully submitted,

*/s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel:  (617) 248-5000
Joan.lukey@choate.com

<u>Certificate of Service</u>

I certify that on February 17, 2017, I caused the foregoing Memorandum of Labaton Sucharow LLP Consenting to Appointment of Special Master and Proposing Appointment of Co-Special Master to be filed through the ECF system in the above-captioned actions, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.

*/s/ Joan A. Lukey*
Joan A. Lukey

# Exhibit A



(949) 760-5280
PHILLIPSADR.COM
2101 EAST COAST HWY, STE 250
CORONA DEL MAR, CA 92625

## LAYN PHILLIPS

CEO / MEDIATOR / ARBITRATOR

Layn R. Phillips, founder of Phillips ADR Enterprises (PADRE), is both a former United States Attorney and a former United States District Judge.



Judge Phillips joined the United States Attorney's office in Los Angeles in 1980 as an Assistant United States Attorney, serving as a federal prosecutor in the Central District of California for four years. During the Reagan administration, he returned to his home state of Oklahoma, where, at age 31, he was nominated to serve as a United States Attorney.

At age 34, he again was nominated by President Reagan to serve as a United States District Judge in Oklahoma City. During his tenure on the bench, he presided over more than 140 federal trials in Oklahoma, New Mexico, and Texas. He also sat by designation on the United States Court of Appeals for the Tenth Circuit in Denver, Colorado, where he participated in numerous panel decisions and published multiple opinions.

LAYN PHILLIPS

lphillips@phillipsadr.com

To book: (949) 760-5288

Direct: (949) 760-5296

In 1991, he resigned from the federal bench and joined Irell & Manella, where for 23 years he specialized in complex civil litigation, internal investigations, and alternative dispute resolution. For his years of commitment to public service, he was named as one of the 10 Outstanding Young Americans by the U.S. Junior Chamber of Commerce. As a result of his trial work, Judge Phillips was elected into the American College of Trial Lawyers. He has the dual honor of being named by LawDragon as one of the "Leading Judges in America" and as one of the "Leading Litigation Attorneys in America." In Augus t 2016, Judge Phillips was named as one of the top seven mediators in the United States of American by Chambers and Partners (http://www.chambersandpartners.com/12788/79/editorial/5/1).

Judge Phillips received both his B.S. and J.D. from the University of Tulsa. He also completed two years of an LLM program at Georgetown University Law Center in the field of antitrust and economic regulation of industry.

Judge Phillips has also been inducted into the University of Tulsa Athletic Hall of Fame. He was a four-year letter winner in tennis, serving as the captain of the men's varsity team and winning the NCAA Missouri Valley Conference Championship at #1 singles.

Judge Phillips has a passion for travel and has visited every continent. He currently resides in Laguna Beach, California with his wife, Kathryn. He has three grown children Amanda, Parker and Graham and a granddaughter, Stella and a grandson, Owen Layn.



## <u>ADR FEE SCHEDULE</u>

| Mediator/Arbitrator | Fees |
|---|---|
| Former United States District Judge Layn R. Phillips | Newport Beach Flat Fee Per Day $33,000*<br><br>Subsequent Day Newport Beach Flat Fee $28,000*<br><br>New York Flat Fee Per Day $43,000*<br><br>Subsequent Day New York Flat Fee $38,000*<br><br>Hourly Follow-Up Rate $ 1,500<br><br>Advance payment is required before any in-person mediation or arbitration sessions can begin.<br><br>Cancel/Reschedule: Once mediation/arbitration session(s) are scheduled, if it is cancelled or rescheduled 30 days or more prior to the scheduled date, there is no cancellation charge, and 100% of the full fee will be refunded.  However, if the session(s) are cancelled or rescheduled less than 30 days prior to the date, 100% of the full fee will be charged to the parties, unless Judge Phillips is able to reschedule a new ADR matter for the date(s) that was cancelled or changed.<br><br>*   The Flat Fee includes all travel time and expenses, if applicable, but does not include any follow up work after the initial scheduled mediation date(s). All telephonic and email follow-up work will be billed at the current hourly rate.  All in-person follow-up mediation sessions will be billed at the applicable subsequent day rate. Weekend mediation sessions are different and will be determined on a case-by-case basis. |

# Exhibit B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

## <u>DECLARATION OF LAYN R. PHILLIPS</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.    I am the founder of, and a mediator and arbitrator with, Phillips ADR Enterprises, P.C. ("PADRE") in Corona del Mar, California.  I served as United States Attorney for the Northern District of Oklahoma from 1984 through June 1987, and as a United States District Judge for the Western District of Oklahoma from June 1987 through June 1991.  After resigning from the bench, I joined the law firm of Irell & Manella in Newport Beach, California, where for 23 years I specialized in complex civil litigation, internal investigations, and alternative dispute resolution.  In November 2014, I formed PADRE, an organization exclusively devoted to alternative dispute resolution.  This declaration is made upon personal knowledge.

2.    Each year for the past several years, I have presided over several billion dollars in mediated settlements, primarily arising out of the financial crisis.  Among the complex matters in which I have served as a mediator are *In re The Bank of New York Mellon Corp. Forex Transactions Litigation*, No. 12-MD-2335 (LAK) (JLC) (S.D.N.Y.) ("*BNYM FX*"), which settled in September 2015, and *In re General Motors Corp. Securities & Derivative Litigation*, Master Case No. 06-md-1749 (E.D. Mich.) (Rosen, J.) ("*GM*"), which settled in 2008-2009.  *See also In re Bank of America Corp. Sec. Litig.* ($2.425 billion)*, In re Merck & Co. Securities, Derivative & ERISA Litig.* ($1.1 billion), *National Credit Union Administration Board v. RBS Securities Inc., et al.* ($1.1 billion), *Lawrence E. Jaffe Pension Plan, et al. v. Household International, Inc., et al.* ($1.575 billion)*, In re American International Group, Inc. 2008 Securities Litig.* ($960 million).

3.    Given my extensive knowledge of the mechanisms and structures by which plaintiffs' law firms litigate large cases, I have been asked by Labaton Sucharow LLP ("Labaton

Sucharow"), Lead Counsel for the Plaintiffs and the Class, about my availability and ability to

serve as a Co-Special Master together with the Hon. Gerald E. Rosen (Ret.) in a matter involving

the application for attorneys' fees and expenses.  I should note here that Judge Rosen and I are

longtime personal friends, and that we have mediated matters together during his tenure on the

bench in Detroit on multiple occasions when I served as a Special Master for him.

      4.      Though I have had no involvement with this case to date, I am intimately familiar

with the issues discussed in the Court's Memorandum and Order dated February 6, 2017, which I

have read.  These issues include the use of attorneys to review documents in the discovery

process, the "billing out" of such attorneys, and, more generally, how plaintiffs' firms handle

discovery in large class actions.  I have mediated numerous disputes involving securities class

action attorney fees, and attorney fee disputes in other types of securities cases, a number of

which have involved my review of detailed billing information.  For example, in the *Merck*

matter referenced above, part of my Special Master assignment required me to review and

analyze the billing and lodestar information for the more than a dozen plaintiff firms involved in

that case.  Labaton Sucharow believes, as do I, that given my knowledge and experience, my

working with Judge Rosen could effectively and efficiently frame the issues involved and obtain

enhanced judicial economy.

      5.      I understand from the Memorandum and Order that the law firms that submitted

applications for fees and expenses in this matter are Labaton Sucharow; Thornton Law Firm LLP

("Thornton Law"); Lieff Cabraser Heimann & Bernstein LLP ("Lieff Cabraser"); Keller

Rohrback L.L.P. ("Keller Rohrback"); McTigue Law LLP; Zuckerman Spaeder LLP

("Zuckerman Spaeder"); Richardson, Patrick, Westbrook & Brickman LLC; Beins, Axelrod,

P.C.; and Feinberg, Campbell & Zack, PC.

6.      I understand that the Defendants in the underlying actions are represented by the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale"), which was formed by the merger of Wilmer, Cutler & Pickering LLP and Hale and Dorr LLP.

7.      Pursuant to Fed. R. Civ. P. 53(b)(3)(A) and 28 U.S.C. § 455, a potential Special Master must disclose any possible conflicts or other grounds for disqualification.

8.      I do not believe there are any grounds for my disqualification to serve as a Special Master under 28 U.S.C. § 455(b).  Further, I believe no reasonable person would have grounds to question my impartiality under 28 U.S.C. § 455(a).

9.      Although there are no grounds for disqualification, I wish to disclose that I have been selected as a neutral by the majority of the firms referenced above and have previously served as a mediator in numerous class actions involving many of these firms, and continue to do so today.

10.      For example, with respect to the plaintiff firms involved here, in addition to *BNYM FX* and *GM*, in which Labaton Sucharow, Thornton Law, Lieff Cabraser, Keller Rohrback, Zuckerman Spaeder, or some combination of them represented the plaintiffs, including but not limited to *In re Whirlpool Corp. Front-Loading Washer Products Liability Litig.*, *Dover v. British Airways PLC, In re Celestica Inc. Sec. Litig. In re Fannie Mae 2008 Sec. Lit., Santomenno, et al. v. Transamerica Life Ins. Co., et al., Pat Cason-Merenda, et al. v. Detroit Medical Center et al., In re Crocs Inc. Sec. Litig.,* and *Freedman et al. v. Weatherford Int'l Ltd. et al.*   Further, as of the date hereof, I am currently serving as a mediator in class actions in which Labaton Sucharow, Lieff Cabraser and/or Keller Rohrback represent the plaintiffs.

11.      Additionally, I have previously served as a mediator in a number of actions in

which Wilmer Hale or one of its predecessor firms represented the defendants, including but not limited to *Haddock v. Nationwide Life Insurance Co., In re Satyam Computer Services, Ltd., In re Collins & Aikman Corp. Sec. Litig.,* and *In re Refco, Inc. Sec. Litig.* Further, as of the date hereof, I am currently serving as a mediator in multiple actions involving Wilmer Hale or one of its predecessor firms.

12.     Other than my personal relationship with Judge Rosen, I have no relationships with any of the law firms or lawyers in this case other than in connection with my service as a mediator, as generally described above.  I believe I could effectively serve as a co-Special Master with Judge Rosen in this matter.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 17, 2017.

_____
LAYN R. PHILLIPS