**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 12-cv-11698 MLW |

**UNOPPOSED MOTION OF PLAINTIFFS ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, AND RICHARD A. SUTHERLAND FOR LEAVE TO REQUEST AN ORDER PERMITTING PLAINTIFFS TO ATTEND <u>THE MARCH 7, 2017 HEARING TELEPHONICALLY</u>**

1

Plaintiffs Arnold Henriquez, Michael T. Cohn, William R. Taylor and Richard A. Sutherland pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7.1, hereby through the undersigned counsel move the court to permit them to file this motion for leave to request an order allowing them to attend the scheduled March 7, 2017 hearing telephonically rather than in person. These four plaintiffs ("Plaintiffs", or "Plaintiff" individually) have served as the named plaintiffs in the above captioned matter, Henriquez et al v. State Street Bank and Trust Company et al., No. 11-cv-12049 MLW ("Henriquez"). The Henriquez action made fiduciary claims against defendant State Street Bank under the Employee Retirement Income Security Act ("ERISA").

Plaintiffs request leave to attend the ordered March 7, 2017 hearing telephonically rather than in person because of the burden the order imposes on them, either because they are disabled and cannot travel, or because of other obligations. The Court has already permitted a plaintiff in the separate ERISA case (Andover Companies case, captioned above) to attend the hearing telephonically rather than in person due to a scheduled vacation. (Dkt. #120, entered February 17, 2017.)[1]

Briefly, on November 10, 2016, a letter was submitted to the Court by Labaton Sucharow LLP ("Labaton Sucharow") describing some "inadvertent errors" appearing in earlier lodestar submissions to the Court by Labaton Sucharow and two other firms, Thornton Law Firm LLP ("Thornton") and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"). These three firms served as counsel in the Arkansas Teacher Retirement System captioned state law case. (Dkt. #116.) Labaton's letter made clear that the Henriquez counsel, including McTigue Law

---

[1] Docket entries refer to the docket in Arkansas Teacher Retirement System v. State Street Bank and Trust Co. No. 11-cv-10230 MLW.

LLP, had not made the "inadvertent errors" described in the letter and that the "lodestar reports in the individual firm declarations submitted by ERISA counsel . . . are unaffected."[2]

The Court's February 6, 2017 memorandum and order (Dkt. Nos. 117, 118 ("Order")) scheduled the March 7, 2017 hearing in Boston, Massachusetts for the purpose of addressing the possible appointment of a special master to investigate the reliability of information submitted to the Court regarding the award attorney fees in litigation against State Street Bank. The four Plaintiffs are among the individuals required to attend the hearing in person. *Id.*, p. 13.

The Plaintiffs request leave from the Court to permit them to participate in the March 7, 2017 hearing telephonically because attending in person will substantially burden them and, as of this date of this filing, all four will be able attend the hearing via telephone. To support their request, the Plaintiffs have each separately informed their undersigned counsel of the following.

William R. Taylor, who resides in Aston, Pennsylvania, is disabled and unable to travel more than a half hour in an automobile without extreme pain, and is unable to travel by air. Because of this, he cannot travel to Boston. Taylor can participate in the hearing by telephone.

Richard A. Sutherland, who resides in Albuquerque, New Mexico is disabled and cannot travel. He can attend the hearing telephonically.

Michael T. Cohn, who resides in Highland Park, Illinois, has two medical conditions and is disabled. Cohn has an appointment on the hearing date to see his doctor for tests to monitor his medical conditions. However, the appointment and tests will not conflict with Cohn

---

[2] *Id.*, footnote 3. Plaintiffs' ERISA case and ARTRS had been consolidated for pre-trial purposes on November 19, 2012. *Order regarding Joint Stipulation and Motion*, signed November 19, 2012. Dkt. #63. Earlier that year, Labaton Sucharow had been appointed interim lead counsel in ARTRS, with Thornton (previously Thornton & Naumes, LLP) being appointed and liaison counsel for ARTRS and Lieff Cabraser being appointed additional counsel for the plaintiff and the proposed class. *Memorandum and Order,* entered January 12, 2012. Dkt. #28.

participating in the hearing by telephone. Cohn can delay the tests and appointment to attend the hearing in person, but it will require overnight travel to Boston and burden Mr. Cohn.

Arnold Henriquez, who resides in Frederick, Maryland, is scheduled to be performing his job as a sanitation worker the day of the hearing. Though Henriquez can take unpaid time off work to attend the hearing, and can travel from Maryland to Boston as ordered, he prefers to avoid the loss of income and inconvenience. Mr. Henriquez can take part in the hearing via telephone and requests that the Court permit him to attend by telephone.

There is good cause to excuse the four Plaintiffs from being required to travel to attend the hearing in person, given the inconvenience and burden and, in two cases the impossibility of traveling to Boston for the hearing, and because Plaintiffs can participate in the hearing by telephone.

The undersigned will attend the hearing in person, as ordered.

## CONCLUSION

WHEREFORE, and for the reasons discussed herein, Plaintiffs respectfully seek the relief requested.

Dated:  February 23, 2017

By:  /s/J. Brian McTigue
J. Brian McTigue (*pro hac vice*)
James A. Moore (*pro hac vice*)
**McTigue Law LLP**
4530 Wisconsin Ave, NW
Suite 300
Washington, DC 20016
202-364-6900
Fax: 202-364-9960
Email: bmctigue@mctiguelaw.com
          jmoore@mctiguelaw.com

*Attorney for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I certify pursuant to Local Rule 7.1(A)(2) that Plaintiffs' counsel conferred with Defendant counsel and Lead Counsel prior to filing this motion, who indicated that they do not oppose this motion.

/s/J. Brian McTigue
J. Brian McTigue

## CERTIFICATE OF SERVICE

I, J. Brian McTigue, hereby certify that on the date set forth below a copy of the foregoing Document was served upon all counsel of record via the court's ECF filing system.

Dated:  February 23, 2017

\s\   J. Brian McTigue
J. Brian McTigue