**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW <br><br> **LEAVE TO FILE GRANTED ON 3/6/2017** |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 12-cv-11698 MLW |

**SURREPLY BY LIEFF CABRASER HEIMANN & BERNSTEIN, LLP TO COMPETITIVE ENTERPRISE INSTITUTE'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* RESPONSE TO COURT'S ORDER OF FEBRUARY 6 AND FOR LEAVE TO PARTICIPATE AS *GUARDIAN AD LITEM* FOR CLASS OR *AMICUS* IN FRONT OF SPECIAL MASTER [LEAVE TO FILE GRANTED 3/6/17]**

Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), co-counsel for the plaintiff class, respectfully submits this surreply in response to the reply memorandum (the "Reply") submitted on March 2, 2017 by the Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF"), which was submitted in further support of CCAF's motion for leave to file an *amicus curiae* response to the Court's Order of February 6, 2017 and for leave to participate as *guardian ad litem* for the class or *amicus* in front of the Special Master [ECF No. 154].

In its Reply, CCAF asserts that class counsel "cannot be trusted to play it straight with this Court" and, in support thereof, invokes CCAF's prior experience "in at least one case where Lieff Cabraser was lead counsel." Reply at 5. CCAF further claims that, in that case, it "refuted" any characterization of itself as a "professional objector," and labels such characterizations "fallacious." *Id.* at 5-6. CCAF then refers back to the "Frank Memo," (*id.* at 11 n. 5), which had been attached as an exhibit to the Declaration of Theodore H. Frank in Support of Motion for Leave to Participate as *Amicus* and Motion for *Pro Hac Vice* Admittance (the "Frank Decl."), which was in turn attached to his Unopposed Motion for Admission *Pro Hac Vice*. [ECF Nos. 125, 125-1, 125-2].[1] In the Frank Memo, Mr. Frank claims that CCAF "caught Lieff Cabraser and other firms overbilling by millions of dollars" in *In re Capital One TCPA Litigation*, MDL No. 2416 (N.D. Ill.), and that CCAF "achieved a $7 million reduction of fees at the district-court level," and (further) that CCAF was solely precluded by "legal ethics" from placing "$10 million of excessive fees . . . under appellate scrutiny." Frank Memo at 4-5 [ECF No. 125-2].

---

[1] Although the Frank Memo has been part of the record since February 17, 2017 (as an exhibit to Mr. Frank's *pro hac vice* application), CCAF did not raise the *Capital One* litigation (and, specifically, Lieff Cabraser's and CCAF's respective roles in it) in its briefing on the instant motion until its Reply. CCAF's new assertions concerning the parties' conduct in that litigation, including that any characterization of its status or association with professional objectors was "refuted" or is "fallacious," merit this surreply.

- 1 -

Mr. Frank's characterization of *Capital One* is demonstrably wrong, and leaves out critical facts about his misconduct in that case that two academic ethics experts concluded violated ethical obligations to his client. In fact, the only party "caught" in *Capital One* doing anything improper was Mr. Frank, who, despite holding himself out as working for a non-profit that "refuses to engage in quid pro quo settlements and does not extort attorneys,"[2] was revealed (by his own declaration) to have "moonlighted" writing objections and appeals for other notorious professional objectors who sell objections and/or appeals for profit, to the tune of approximately $250,000 paid to Mr. Frank. Despite obtaining (unprecedented) discovery access to *all* of Lieff Cabraser's lodestar reports in *Capital One* and other TCPA cases they and their co-counsel had handled for at least four years prior, Mr. Frank did not challenge—and the court in *Capital One* did not question—a single entry or aspect of Lieff Cabraser's (or co-counsel's) lodestar reports and billing records.

The actual, relevant facts of *Capital One* are as follows:

- Lieff Cabraser was one of two co-lead counsel appointed by the Court in that MDL case. Together with their co-counsel, they secured what was then the largest settlement in the history of the Telephone Consumer Protection Act ("TCPA"): approximately $75.5 million in non-reversionary cash paid into a settlement fund. Class counsel sought attorneys' fees of 30% of that fund, or about $22.6 million in fees, based on $2.2 million in lodestar. *In re Capital One TCPA Litig.*, 80 F. Supp. 3d 781, 787 (N.D. Ill. 2015) (attached to the Heimann Decl.[3] as Exhibit A).

- CCAF, led by Mr. Frank, objected on behalf of its client Jeffrey Collins. After seeking and obtaining access to the lodestar reports of Lieff Cabraser and their co-counsel in *Capital One* and every other TCPA case they had handled for the

---

[2] *See* Decl. of Theodore H. Frank in Support of Motion for Leave to Participate as *Amicus* and Motion for *Pro Hac Vice* Admittance, ¶ 19 [ECF No. 125-1].

[3] "Heimann Decl." refers to the Declaration of Richard M. Heimann in Support of Motion for Leave to File Surreply to Competitive Enterprise Institute's Reply in Support of Motion for Leave to File *Amicus Curiae* Response to Court's Order of February 6 and for Leave to Participate as *Guardian ad Litem* for Class or *Amicus* in Front of Special Master. Any references to "Exhibits" herein are attached to the Heimann Decl., as described *infra*.

      previous four years, CCAF put in an expert report effectively arguing that class counsel's fees effectively should be awarded on a lodestar multiplier basis (they proposed a 1.57 multiplier), and that class counsel should be awarded approximately $3.5 million (representing 4.6% of the settlement fund). *Id.* at 807-08.

- The district court held that the percentage of the fund method of calculating fees advocated by class counsel was the correct method for calculating fees, and expressly rejected the model put forth by CCAF and its expert. Applying its own interpretation of Seventh Circuit law (and rejecting CCAF's), the district court held that it should (a) deduct approximately $5 million in notice and claims administration costs from the settlement fund for fee calculation purposes, and (b) apply a sliding scale fee based on the amount of the recovery. The court then awarded class counsel 36% of the first $10 million (30% plus a 6% risk enhancement), 25% of the next $10 million, 20% of the next $10 million, and so on, for a final blended percentage fee of 20.77%, which resulted in a fee award of $15.67 million. *Id.* at 794-95, 807-08;

- Lieff Cabraser's lodestar reports from every TCPA case the firm had litigated for at least four years prior to that point (including *Capital One*) were produced to Mr. Frank. Mr. Frank did not challenge any of the time or work entries in Lieff Cabraser's (or its co-counsel's) reports, and the Court did not question a single entry.

In sum, CCAF's objection was rejected in its entirety—in method applied (effective lodestar vs. percentage), percentage awarded (20.77 vs. 4.6), and total fee ($15.67 million vs. $3.5 million). The district court applied its own fee analysis based on its view of the Seventh Circuit requirements. As a result, it awarded a $15.67 million fee, $7 million less than what class counsel requested, but more than $12 million more than what CCAF argued was proper. Notably, CCAF appealed the district court's order, and class counsel did not. There is nothing in *Capital One* that supports Mr. Frank's claim that class counsel there did anything wrong, that he "caught them" doing anything wrong, or that the district court adopted CCAF's objection there.

      Mr. Frank's representations regarding the *Capital One* case are notable for what he leaves out: his own misconduct. On appeal, Christopher Bandas, perhaps the most notorious

- 3 -

professional objector[4] and Mr. Frank's co-counsel, approached class counsel with news that Mr. Frank's client (Jeffrey Collins) had "fired" Mr. Frank and was interested in settling.[5] Although class counsel previously had refused to negotiate with any objectors/appellants in the case (despite outreach by the Seventh Circuit mediator to do so), class counsel ultimately agreed to settle Mr. Collins' objection for $25,000 of their own money in order to avoid further delay in payments to the class. Pls. Br. at 9, 19. Mr. Frank then filed papers with the Seventh Circuit improperly revealing the substance of his client's privileged communications with CCAF and criticizing his client for settling. *Id.* at 10 (and Exhibit D to Heimann Decl.). He also made vague accusations that class counsel violated unspecified ethical rules by settling with his client. Class counsel retained two well-regarded ethics experts to opine on their settlement of Collins' appeal. Both concluded that there was absolutely no wrongdoing on class counsel's part. *Id.* at 10-12.[6] Contemporaneously, those same ethics experts concluded in separate opinions that Mr.

---

[4] "Numerous courts throughout the country have publicly excoriated" Mr. Bandas "for the frivolous objections . . . he has penned and injected into class action settlements." *See* Opinion & Order, *Garber v. Office of the Commissioner of Baseball*, No. 12-cv-03704 (VEC) (S.D.N.Y.), filed Feb. 27, 2017 (attached to Heimann Decl. as Exhibit C), at 10. In that opinion (which was filed just last week), Judge Valerie Caproni of the Southern District of New York narrowly declined to sanction Mr. Bandas solely because she doubted she lacked jurisdiction to do so, but not before "join[ing] . . . other courts throughout the country in finding that Bandas has orchestrated the filing of a frivolous objection in an attempt to throw a monkey wrench into the settlement process and to extort a pay-off." *Id.* at 11. As detailed in his own Declaration filed in *Capital One* (described *infra* and attached to Heimann Decl. as Exhibit D), Mr. Frank's working relationship with Mr. Bandas overlaps with the time-frame giving rise to the criticism of Mr. Bandas described in Judge Caproni's Opinion & Order (*see id*. at 10-11).

[5] *See* Plaintiffs-Appellees' Response to Motion of Center for Class Action Fairness to Withdraw from Representation of Jeffrey Collins in Appeal No. 15-1546, to Intervene in Appeal Nos. 15-1400 and 15-1490 as Guardian Ad Litem for the Class, for an Order to Disclose Settlement Terms if Helpful to the Court, and, in the Alternative, an Order Issuing New Notice to the Class, and Opposition of Center for Class Action Fairness to Rule 42 Motion to Dismiss, *In re Capital One TCPA Litig.*, Nos. 15-1400 (L) and 15-1490 (7th Cir.) [ECF No. 81-1] ("Pls. Br."), at 9 (attached to Heimann Decl. as Exhibit B).

[6] *See also* Declaration of Alexandra D. Lahav in Support of Plaintiff-Appellees' Response to Center for Class Action Fairness' Motion to Intervene *and* Declaration of Robert P. Burns in

Frank violated ethical obligations to his client.[7] While those separate opinions addressing Mr. Frank's conduct were never filed or made part of the public record in *Capital One*, they are available for this Court's review if necessary. Mr. Frank previously was aware of their existence, though he had not seen them. As part of their meet and confer in advance of this filing, Lieff Cabraser provided copies to Mr. Frank.

In the midst of all the foregoing, Mr. Frank also filed a declaration where he admitted that, for years, he had been "moonlight[ing]" and/or "ghostwrit[ing]" for both Mr. Bandas and Darrell Palmer (another notorious professional objector) in exchange for more than $250,000 in payments to himself, and that the professional objectors for whom he worked "used [his] name to threaten class counsel into settling." Pls. Br. at 2, 10.[8] This contradicts Mr. Frank's stated protestations against "bad-faith" objectors, and his claim never to have objected for purposes of settling appeals.

For all of the above reasons, Lieff Cabraser respectfully submits that Mr. Frank has misrepresented the record with respect to *Capital One* and Lieff Cabraser's conduct in that litigation. Lieff Cabraser accordingly respectfully submits that, for this and for the other reasons previously submitted, CCAF's motion for leave to participate as *guardian ad litem* for the Class or as *amicus* in front of the special master should be denied.

---

Support of Plaintiff-Appellees' Response to Center for Class Action Fairness' Motion to Intervene, filed as ECF Nos. 81-3 and 4 in *In re Capital One TCPA Litig.* (contained in Exhibit B).

[7] *See* Declaration of Jonathan D. Selbin in Support of Plaintiff-Appellees' Response to Motion of Center for Class Action Fairness and in Support of Motions to Dismiss Appeals, filed as ECF No. 81-2 in *In re Capital One TCPA Litig.* (contained in Exhibit B), at ¶ 20.

[8] *See also* Declaration of Theodore H. Frank in Support of Motion to Intervene, filed as ECF No. 60-2 in *In re Capital One TCPA Litig.* (attached to Heimann Decl. as Exhibit D) at ¶¶ 12, 19-33, 69.

Dated:  March 6, 2017

Respectfully submitted,

Lieff Cabraser Heimann & Bernstein, LLP

By: */s/ Richard M. Heimann*
Richard M. Heimann (*pro hac vice*)
Robert L. Lieff (*pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California  94111
Tel:  (415) 956-1000
Fax:  (415) 956-1008

Steven E. Fineman
Jonathan D. Selbin
Daniel P. Chiplock (*pro hac vice*)
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, New York  10018
Tel:  (212) 355-9500
Fax:  (212) 355-9592

*Co-counsel for the Plaintiff Class*