**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF LABATON SUCHAROW LLP IN SUPPORT
OF MOTION PURSUANT TO FED R. CIV. P. 60(b)(1) FOR RELIEF
<u>FROM ORDER AWARDING FEES, EXPENSES, AND SERVICE AWARDS</u>**

Labaton Sucharow LLP ("Labaton Sucharow" or the "Firm"), Lead Counsel for Plaintiff Arkansas Teacher Retirement System ("ARTRS") and the Settlement Class in the above-titled consolidated actions, respectfully submits this memorandum in support of its motion, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and the Court's March 8, 2017 Order (ECF No. 172), for relief from the Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Awarding Service Awards to Plaintiffs (the "Fee Order," ECF No. 111), to assure the Court's continuing jurisdiction to modify the Fee Order, should the Court find modification to be appropriate, during the pendency of this matter.

Labaton Sucharow respectfully submits that this motion should be granted on the bases and for the reasons discussed below.

**Pertinent Background**

On November 2, 2016, following a hearing, this Court issued three Orders: (1) the Fee Order, (2) Order and Final Judgment (the "Final Judgment," ECF No. 110), and (3) Order Approving Plan of Allocation (ECF No. 112).

The Fee Order awarded attorneys' fees, ordered payment of Litigation Expenses, and granted Service Awards to Plaintiffs in the amounts requested by Labaton Sucharow, on behalf of itself and all other counsel for Plaintiffs (collectively, "Plaintiffs' counsel"). Fee Order ¶ 4 (ECF No. 111).

The Fee Order also provided, among other things, that "[t]he Court has jurisdiction over the subject matter of the Class Actions and over all parties to the Class Actions, including all Settlement Class Members, counsel, and the Claims Administrator," and that "[e]xclusive jurisdiction is retained over the subject matter of the Class Actions and over all parties to the Class Actions, including the administration and distribution of the Net Class Settlement Fund to Settlement Class Members." Fee Order ¶¶ 1, 8.

On February 6, 2017, the Court issued a Memorandum and Order ("Feb. 6 Mem. & Order," ECF No. 117) finding that questions have been raised as to the accuracy and reliability of the submissions in support of the petition for fees and expenses, and giving notice that the Court was considering appointing the Hon. Gerald E. Rosen (Ret.), a former United States District Judge, as a special master pursuant to Fed. R. Civ. P. 53 to investigate the matter and report to the Court.

The Memorandum and Order discussed, among other things, a letter from Labaton Sucharow to the Court dated November 10, 2016 (the "November 10 Letter," ECF No. 116), that disclosed certain "inadvertent errors" and "mistakes" in written submissions from the Firm, Thornton Law Firm LLP ("Thornton Law"), and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") that had supported the fee petition. Nov. 10 Ltr., at 1, 3; *see* Feb. 6 Mem. & Order, at 5-6. The Court annexed the November 10 Letter to the Memorandum and Order.

Beginning on February 17, 2017, Plaintiffs' counsel each filed responses to the February 6 Memorandum and Order. ECF Nos. 119, 128, 129, 131, 138-142.

On March 7, 2017, the Court held a hearing concerning this matter. Among the issues discussed was whether the Court continues to have jurisdiction to modify the Fee Order in the absence of an order, on motion by a party, reopening the Fee Order under Fed. R. Civ. P. 60(b). The Court observed that the law is unsettled in the First Circuit as to whether a district court may grant relief *sua sponte* under Rule 60(b). Accordingly, Plaintiffs' counsel volunteered to make a motion for such relief in order to eliminate any potential doubt as to the Court's continuing jurisdiction to modify the Fee Order. *See* Mar. 7, 2017 Hrg. Tr. at 15:7-19:13.

After Labaton Sucharow moved orally for Rule 60(b) relief and indicated that a confirming written motion would follow, the Court took the motion under advisement and

directed the Firm to file a written motion.  The Court suggested in particular that the Firm proceed pursuant to Rule 60(b)(1), which authorizes a court to relieve a party or its legal representative from an order for "mistake, inadvertence, surprise, or excusable neglect[.]" *See* Mar. 7, 2017 Hrg. Tr. at 19:14-20:14.

On March 8, 2017, the Court issued an Order directing Plaintiffs' counsel to, among other things, file the present motion "memorializing their March 7, 2017 oral motion for relief from final judgment under Federal Rule of Civil Procedure 60(b)."[1]  Mar. 8, 2017 Order, ECF No. 172, ¶ 2.  The Court stated that "[t]he Rule 60(b) motion is taken under advisement." *Id.*

The Court also issued a separate Memorandum and Order appointing Judge Rosen as Special Master and addressing, among other things, the various matters in Fed. R. Civ. P. 53(b)(2).  Mar. 8 Mem. & Order, ECF No. 173.  The Memorandum and Order provides that Special Master Rosen's Report and Recommendation shall address, among other issues, the accuracy and reliability of the representations made in Plaintiffs' counsel's motion for fees and expenses, and the accuracy and reliability of the representations made in the November 10 Letter. *Id.* at 2-3.

---

[1] For clarity, Labaton Sucharow suggests that the Court's references to "final judgment" in Paragraphs 2 and 3 of the March 8, 2017 Order should be deemed to refer to the Fee Order (ECF No. 111), as opposed to the Final Judgment (ECF No. 110).  The Fee Order is the sole order at issue here and that is the subject of this motion.  The Final Judgment approved the Settlement of the underlying actions and has not been put into question.  The Final Judgment, Fee Order, and Stipulation and Agreement of Settlement ("Settlement Agmt.," ECF No. 89) all make clear that the finality of the Settlement is not affected by ongoing disputes as to fees, expenses or service awards. *See* Final Judgment ¶ 21 (Fee Order is a "separate order [that] shall be entered" and "shall not disturb or affect any of the terms of this Order and Final Judgment"); Fee Order ¶ 7 ("Any appeal or challenge affecting this Court's approval of any attorney's fee or expense application in the Class Actions shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement."); Settlement Agmt. ¶ 19 ("The procedure for and the allowance or disallowance by the Court of any application for an award of attorneys' fees, Litigation Expenses, and/or Service Awards are matters separate and apart from the proposed Class Settlement between the Parties . . . .").

**ARGUMENT**

I.   **APPLICABLE STANDARDS**

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).  A motion under Rule 60(b)(1) must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Further, motions brought under Rule 60(b) are "committed to the court's sound discretion." *Dávila-Álvarez v. Escuela de Medicina Universidad Central del Caribe*, 257 F.3d 58, 63 (1st Cir. 2001) (quoting *Torre v. Continental Ins. Co.*, 15 F.3d 12, 14-15 (1st Cir. 1994)); *see also Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 169 (1st Cir. 2016) (noting district courts' "'wide discretion' in this arena").

This motion arises under the unusual circumstance where the beneficiary of the order at issue is asking the Court, at the Court's behest, to confirm its own continuing jurisdiction to adhere to the order, or to modify it if appropriate, in light of the beneficiary's "mistake, inadvertence, . . . or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).

The Supreme Court has construed "excusable neglect" as "a somewhat 'elastic concept' . . . not limited strictly to omissions caused by circumstances beyond control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (construing term under bankruptcy rule but also under Rule 60(b)(1)); *see also United States v. $23,000 in United States Currency*, 356 F.3d 157, 164 (1st Cir. 2004).  Here, the Court should apply the concept of "excusable neglect" with substantial elasticity.

4

## II. THE COURT SHOULD GRANT RELIEF FROM THE FEE ORDER PURSUANT TO RULE 60(b)(1)

As noted above, this motion arises in a different context than most Rule 60(b) motions. While recognizing the bases for the Court's decision to appoint a special master, Labaton Sucharow, Thornton Law, and Lieff Cabraser (collectively, "Counsel for ARTRS")[2] each believe that the fee award in this case is reasonable and should not be reduced other than to pay the costs of the investigation. Counsel for ARTRS believe further that the litigation expenses paid to Plaintiffs' counsel, and the service awards paid to the Plaintiffs, are reasonable and should not be reduced. Counsel for ARTRS vigorously deny having engaged in any misconduct here. *See* Mar. 8 Mem. & Order at 3.

As such, Labaton Sucharow in its lead counsel role does not seek to reopen the Fee Order in order to seek affirmative relief. Rather, the Firm does so at the Court's request in order to eliminate any potential doubt as to whether the Court retains continuing jurisdiction to modify the Fee Order if the Court determines any such modification is appropriate. During the March 7, 2017 hearing, the Court observed that the law in the First Circuit is unsettled with regard to whether district courts have the authority to grant relief *sua sponte* under Rule 60(b). *See* Mar. 7, 2017 Hrg. Tr. at 19:11-13. While at least two district courts within this Circuit have stated that Rule 60(b) does not bar courts from *sua sponte* issuing relief from judgment,[3] the United States Court of Appeals for the First Circuit has not decided the issue, and other United States Courts of

---

[2] While the six firms comprising ERISA Counsel (*see* Feb. 6 Mem. & Order at 13 n.5) also stand to benefit from preservation of the Fee Order, Labaton Sucharow does not presume to speak for ERISA Counsel on this motion.

[3] *See Hernandez v. Astrue,* No. 09-11959-JLT, 2011 WL 2145588, at *2 (D. Mass. May 12, 2011), 2011 WL 2142851, at *1 (D. Mass. May 31, 2011) (adopting magistrate judge's report & recommendation); *Merullo v. Greer,* No. 11-cv-116-SM, 2011 WL 3585957, at *2 (D.N.H. July 25, 2011), 2011 WL 3607722, at *1 (D.N.H. Aug. 12, 2011) (same).

Appeals are divided. *See Quincy V, LLC v. Herman*, 652 F.3d 116, 121 (1st Cir. 2011) ("This issue has divided other circuits, . . . but we need not take a position because the district court reasonably construed the motion to enforce as an implicit Rule 60(b) motion to reopen."); *Dr. José S. Belaval, Inc. v. Peréz-Perdomo*, 465 F.3d 33, 37 (1st Cir. 2006) ("[W]hether Rule 60(b) bars a court from sua sponte issuing relief from judgment is an issue that has divided the circuits. . . . We need not decide these issues here."); *see also Belaval*, 465 F.3d at 37 (comparing Sixth and Tenth Circuit decisions holding that Rule 60(b) bars *sua sponte* relief with Second, Fourth, Fifth, and Ninth Circuit decisions holding that such relief is permitted in at least certain instances). Granting this motion will ensure that a future modification of the Fee Order by this Court (if any) will not be subject to collateral attack for lack of jurisdiction.

Reopening the Fee Order owing to "excusable neglect," which under *Pioneer* embraces the concepts of "mistake" and "inadvertence," is appropriate here. *See Pioneer*, 507 U.S. at 392. Labaton Sucharow, on behalf of Counsel for ARTRS, disclosed four months ago (and two days after discovery) that certain "mistakes" and "inadvertent errors" were made. Nov. 10 Ltr., ECF No. 116. That disclosure, without more, supports this Court's exercise of its discretion to reopen the Fee Order under Rule 60(b)(1) to assure its own continuing jurisdiction.

Finally, there is no danger of prejudice to any other party or its counsel by the relief requested, there is no delay caused by this motion, and Labaton Sucharow is acting in good faith in promptly filing this motion pursuant to the Court's March 8, 2017 Order.[4] *See Dávila-*

---

[4] The Court has directed Plaintiffs' counsel to identify which firm or firms will serve as liaison counsel to the Special Master. Mar. 8, 2017 Order, ¶ 6. Choate, Hall & Stewart LLP, attorneys for Labaton Sucharow, will serve as liaison counsel to the Special Master for Labaton Sucharow, Thornton Law, and Lieff Cabraser. *See also* Mar. 7, 2017 Hrg. Tr. at 65:10-14. The Firm understands that ERISA Counsel will designate their own liaison counsel to the Special Master. *See id.* at 66:2-18, 67:8-12.

*Álvarez*, 257 F.3d at 64 (citing *Pioneer*, 507 U.S. at 395); *see also* Mar. 7, 2017 Hrg. Tr. at 20:10-11 (Court finding oral motion timely under Rule 60(c)(1)).

## **Conclusion**

For the foregoing reasons, Labaton Sucharow LLP respectfully requests that this Court grant relief from the Fee Order pursuant to Fed. R. Civ. P. 60(b)(1) to assure the Court's continuing jurisdiction to modify the Fee Order, should the Court find modification to be appropriate, during the pendency of this matter.

Dated:  March 13, 2017                                Respectfully submitted,

*/s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel:  (617) 248-5000
joan.lukey@choate.com

*Attorneys for Labaton Sucharow LLP*

<u>Certificate of Service</u>

  I certify that on March 13, 2017, I caused the foregoing Memorandum of Labaton Sucharow LLP in Support of Motion Pursuant to Fed R. Civ. P. 60(b)(1) for Relief From Order Awarding Fees, Expenses, and Service Awards to be filed through the ECF system in above-captioned action No. 11-cv-10230, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.

                <u>*/s/ Joan A. Lukey*</u>
                Joan A. Lukey