# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |
| | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | No. 12-cv-11698 MLW |

## LABATON SUCHAROW LLP'S SUBMISSION WITH RESPECT TO PROPOSED SUPPLEMENTAL NOTICE TO THE SETTLEMENT CLASS REGARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

Labaton Sucharow LLP ("Labaton Sucharow" or the "Firm"), Lead Counsel for Plaintiff Arkansas Teacher Retirement System ("ARTRS") and the Settlement Class in the above-titled consolidated actions, respectfully provides this submission regarding proposed notice to the Settlement Class, as directed by the Court during the hearing on March 7, 2017 and in the Court's Order dated March 8, 2017 (ECF No. 172).

As directed, Labaton Sucharow has prepared a proposed supplemental notice to the Settlement Class that describes the issues that have emerged and the events that have occurred since the Court entered its Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs (ECF No. 111) (the "Attorneys' Fee Order").  *See* Exhibit A.  The proposed notice would advise the Settlement Class that the Attorneys' Fee Order has been reopened, describe how the relevant records are available for review on www.StateStreetIndirectFXClassSettlement.com, and provide that within 45 days, members of the Settlement Class may submit written objections to the awards that the Court previously made.

The Court also requested that counsel explain how the notice would be distributed in a manner comparable to the notice of the preliminary approval of the Class Settlement.  Attached as Exhibit B is the Declaration of Eric J. Miller on behalf of A.B. Data, Ltd. Regarding Mailing of Notice to Settlement Class Member and Publication of Summary Notice ("Miller Decl."), which explains the prior notice process.[1]  As set forth in that declaration, the previous notice was distributed via the following methods:

1. **Mail**.  A.B. Data mailed the Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and Any Motion for

---

[1] Although the declaration previously was filed at ECF No. 104-13, it is provided again herewith for the convenience of the Court.

Attorneys' Fees, Litigation Expenses, and Service Awards (the "Notice") to

Settlement Class Members identified as such by counsel for State Street Bank and

Trust Company.  Miller Decl., ¶¶ 2-7.

2. **Publication.**  In addition, A.B. Data caused the Summary Notice of Pendency of

Class Actions, Proposed Settlement, Settlement Hearing, Plan of Allocation, and

any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards

("Publication Notice") to be published in *The Wall Street Journal* and to be

disseminated over the internet via *PR Newswire*.  *Id.*, ¶ 8.

3. **Telephone Hotline.**  A.B. Data previously administered the creation of a case-

specific toll-free number with an Interactive Voice Response system and live

operators.  *Id.*, ¶9-10.  The hotline remains active.

4. **Website.**  A.B. Data established a case-specific website,

www.StateStreetIndirectFXClassSettlement.com, which hosts relevant

information regarding the cases, including the notices.  *Id.*, ¶ 11.

Labaton Sucharow proposes that if the Court orders supplemental notice to the class, (1)

the notice should be distributed by A.B. Data, by mail, to the list of Settlement Class Members to

whom notice was previously sent; and (2) the supplemental notice and other relevant materials

should be posted on the website identified above and Labaton Sucharow's website

www.labaton.com.  Individual notice by mail, as proposed here, is the preferred (and often

required) method of providing notice to a class.  *See, e.g., Eisen v. Carlisle & Jacquelin*, 417

U.S. 156, 175 (1974) (finding that individual notice by mail, to "class members who are

identifiable through reasonable effort," is the "best notice practicable" for purposes of Fed. R.

Civ. P. 23(c)(2)).  Those recipients of the supplemental notice who seek additional information will also be able to access that information via the websites identified in the notice.

Given the availability of mailing records for the Class, and assuming that the Court orders individual notice by mail and access to further documents via the websites, Labaton Sucharow respectfully suggests an additional publication notice is not required.

Dated:  March 13, 2017

Respectfully submitted,

*/s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel:  (617) 248-5000
joan.lukey@choate.com
jwolosz@choate.com

*Attorneys for Labaton Sucharow LLP*

**Certificate of Service**

I certify that on March 13, 2017, I caused the foregoing document to be filed through the ECF system in above-captioned action No. 11-cv-10230, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.

*/s/ Joan A. Lukey*
Joan A. Lukey

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY* ) | No. 11-cv-10230 MLW |
| ) | |
| *ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al.* ) | No. 11-cv-12049 MLW |
| ) | |
| *THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY* ) | No. 12-cv-11698 MLW |
| ) | |

## SUPPLEMENTAL NOTICE OF FURTHER PROCEEDINGS REGARDING AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES AND SERVICE AWARDS

You previously were mailed a notice concerning the proposed settlement of the above-captioned actions (the "Class Actions")[1] and the motion, on behalf of Plaintiffs' counsel, for an award of attorneys' fees, payment of litigation expenses, and payment of service awards to Plaintiffs. YOU ARE HEREBY NOTIFIED, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure and an order of the Honorable Mark L. Wolf of the United States District Court for the District of Massachusetts, Eastern Division (the "Court"), that the Court has ordered further proceedings regarding the award of attorneys' fees and payment of litigation expenses and service awards.

On November 2, 2016, following the distribution of notice to the Settlement Class and a final approval hearing, the Court approved the proposed Settlement of $300,000,000 in cash (the "Class Settlement Amount"). The Settlement is now final and the additional

---

[1] All capitalized terms used in this Supplemental Notice that are not defined herein have the meanings provided in the Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement"), which is available at www.StateStreetIndirectFXClassSettlement.com at www.labaton.com.

proceedings discussed below do not relate to or affect the Settlement and will not delay a distribution to the Class.

The Court also entered an order (1) awarding attorneys' fees to Plaintiffs' counsel in the amount of $74,541,250.00 (plus any accrued interest); (2) approving payment of litigation expenses to Plaintiffs' counsel in the amount of $1,257,697.94; and (3) approving payment of service awards to Plaintiffs in the aggregate amount of $85,000.00, comprised of $25,000.00 to plaintiff Arkansas Teacher Retirement System ("ARTRS") and $10,000.00 to each of the ERISA Plaintiffs, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangeland (collectively with ARTRS, the "Plaintiffs").

The Court approved the payment of attorneys' fees pursuant to the "common fund" doctrine, recognizing that the fee award would represent less than 25% of the Class Settlement Amount after first deducting Court-awarded litigation expenses and service awards.  In testing the reasonableness of that amount, the Court took into account the "lodestar," or the amount that Plaintiffs' counsel represented as the number of hours expended on the matter multiplied by their current hourly billing rates.  After considering the aggregate lodestar submitted by all Plaintiffs' counsel of $41,323,895.75, the Court found that the approximately 25% fee award was fair and reasonable under the circumstances of this case and under controlling legal precedent.

On November 10, 2016, Labaton Sucharow LLP, counsel for ARTRS and Lead Counsel for the Settlement Class, advised the Court by letter that it, along with two other firms that were counsel to ARTRS, the Thornton Law Firm LLP and Lieff Cabraser

Heimann & Bernstein, LLP, had identified inadvertent reporting errors in certain of their written submissions in support of the fee award.  These errors, once corrected, reduced the aggregate lodestar to $37,265,241.25, and increased the "multiplier" represented by the fee award from 1.8 to 2.0 times lodestar.  After submission of that letter, questions were raised by a local media outlet regarding the reliability of certain information submitted in connection with the fee petition of the three firms listed above, including with regard to the hourly billing rates and the number of hours worked by certain attorneys.[2]

In light of the acknowledged reporting error and the questions raised by the media outlet, the Court has reopened the November 2, 2016 Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs, and appointed retired United States District Judge Gerald E. Rosen as a Special Master to investigate all issues relating to the attorneys' fees, expenses, and service awards previously made in this case and to submit a report and recommendations to the Court. The investigation will include: (a) the accuracy and reliability of the representations made by Plaintiffs' counsel in their requests for awards of attorneys' fees and expenses, including but not limited to whether counsel employed the correct legal standards and had a proper factual basis for what was represented to be the lodestar for each firm; (b) the accuracy and reliability of the representations made in the November 10, 2016 letter to the Court; (c) the accuracy and reliability of the representations made by the parties requesting service awards; (d) the reasonableness of the amounts of attorneys' fees, expenses, and service awards previously ordered, and whether any or all of them should be reduced; (e) whether

---

[2] No questions have been raised regarding the accuracy of the information submitted by the firms representing the ERISA Plaintiffs.

any misconduct occurred in connection with such awards; and, if so, (f) whether it should be sanctioned.

The fees and expenses of the Special Master in conducting this investigation, as well as fees and expenses of those he may retain to assist him, will be paid by the Court, from the fees already awarded to Plaintiffs' counsel.  Labaton Sucharow LLP, Thornton Law Firm LLP and Lieff Cabraser Heimann & Bernstein, LLP have collectively deposited funds with the Court for this purpose.  The further proceedings discussed in this notice will not result in any increase in attorneys' fees, litigation expenses, or service awards to Plaintiffs.

Plaintiffs' counsel's previous submissions in support of the Motion for an Award of Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs, as well as counsel's November 10, 2016 letter and the Court's orders regarding the issues discussed in this Notice, are all available at www.statestreetindirectfxclasssettlement.com and www.labaton.com.  Future public filings by the Special Master, and any responsive filings, will also be posted on the websites.  Class Members may also contact Lead Counsel directly by calling (888) 219-6877 or emailing settlementquestions@labaton.com.

If the Court determines that a future hearing is necessary, the websites will provide the date, time, and place of the hearing.

## OBJECTIONS

If any Class Member wishes to object to the award of attorneys' fees, litigation expenses, and service awards previously authorized by the Court, you may do so, in writing, as set forth below.  You must include your name, the State Street fund codes

identified on the front of this Supplemental Notice, your address, telephone number, e-mail address, signature, and a full explanation of the objection. If you believe you are, or represent, a Class Member but do not know the State Street fund code(s), you must also include the following information in order to establish membership in the Settlement Class: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is objecting; (ii) the approximate date(s) of the agreement(s) referenced in (i) above; (iii) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (iv) a list of all current and former accounts, including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above.

**Your written objection must be filed with the Court _and_ *received by* counsel listed below by no later than** _____:

**File with the Clerk of the Court:**

**Clerk of the Court**
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

**Serve copies of all such papers on each of the following so that they are received no later than** _____:

| Lead Counsel | Defendants' Counsel |
|:---:|:---:|
| Lawrence A. Sucharow, Esq. Labaton Sucharow LLP 140 Broadway New York, NY 10005 | William H. Paine, Esq. Wilmer Cutler Pickering Hale and Dorr LLP 60 State Street Boston, MA 02109 |

If you have objected, and the Court schedules a hearing to consider any objections, you will be personally notified of the date, time, and place of the hearing using the contact information provided in your objection.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.

Dated: _____, 2017                    BY ORDER OF THE UNITED
                                                        STATES DISTRICT COURT FOR
                                                        THE DISTRICT OF
                                                        MASSACHUSETTS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendants. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF ERIC J. MILLER ON BEHALF OF A.B. DATA, LTD.**
**REGARDING MAILING OF NOTICE TO SETTLEMENT CLASS MEMBERS**
**<u>AND PUBLICATION OF SUMMARY NOTICE</u>**

I, Eric J. Miller, declare as follows, pursuant to 28 U.S.C. §1746:

1.      I am a Vice President of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin.   Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on August 11, 2016 (the "Preliminary Approval Order"),[1] A.B. Data was authorized to act as the Claims Administrator in connection with the Settlement in the above-captioned actions. I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

## MAILING OF THE NOTICE

2.      Pursuant to the Preliminary Approval Order, A.B. Data mailed the Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and Any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (the "Notice"), along with a cover letter, to Settlement Class Members identified as such by counsel for State Street Bank and Trust Company.  Class Members categorized as a "Group Trust" received a cover letter concerning their identification as such and non-Group Trusts received a generic cover letter.  Copies of the cover letters and Notice are attached hereto as **Exhibit A**.

3.      On July 27, 2016, A.B. Data received 9,610 records of names and address information for Settlement Class Members identified by counsel for State Street Bank and Trust Company, some which represented multiple funds.

4.      Once received, the data was processed by A.B. Data to ensure adequate address formatting and aggregated to identify overlapping addresses, of which 7,689 were identified,

---

[1] All capitalized terms used herein that are not defined have the same meaning as that provided in the Stipulation and Agreement of Settlement, dated July 26, 2016.

resulting in 1,921 distinct records for mailing (the "Mailing List").  A.B. Data also standardized and updated the Mailing List addresses using NCOALink$^{®}$, a national database of address changes that is compiled by the United States Postal Service.

5.      On August 22, 2016, A.B. Data caused the Notice to be mailed by first class mail to the Settlement Class Members included on the Mailing List.

6.      As of the date of this Declaration, 380 Notices were returned by the United States Postal Service to A.B. Data as undeliverable as addressed ("UAA").  Of those returned UAA, 2 had forwarding addresses and were promptly re-mailed to the updated address.  The remaining 378 UAAs were processed through LexisNexis to obtain an updated address.  Of these, 47 new addresses were obtained and A.B. Data promptly re-mailed to these Settlement Class Members.

7.      As of the date of this Declaration, a total of 1,970 Notices have been mailed to Settlement Class Members.

## PUBLICATION OF THE SUMMARY NOTICE

8.      In accordance with Paragraph 9 of the Preliminary Approval Order, on September 6, 2016, A.B. Data caused the Summary Notice of Pendency of Class Actions, Proposed Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards ("Publication Notice") to be published in *The Wall Street Journal* and to be disseminated over the internet via *PR Newswire*.  Proof of this publication is attached hereto as **Exhibits B** and **C**, respectively.

## TELEPHONE HOTLINE

9.      On or about August 22, 2016, a case-specific toll-free number, 877-240-3540, was established with an Interactive Voice Response system and live operators.  An automated attendant answers all calls initially and presents callers with a series of choices to respond to

basic questions. If callers need further help, they have the option to be transferred to a live operator during business hours.

10. Through the date of this Declaration, A.B. Data has received 51 telephone calls.

### WEBSITE

11. On or about August 22, 2016, A.B. Data established a case-specific website, www.StateStreetIndirectFXClassSettlement.com, which includes general information regarding the cases and their current status, downloadable copies of the Notice and other court documents, including the Stipulation and Agreement of Settlement. The settlement website is accessible 24 hours a day, 7 days a week. To date, there have been 435 visitors to the website.

### REPORT ON EXCLUSIONS AND OBJECTIONS

12. The Notice informed Settlement Class Members that requests for exclusion are to be sent to A.B. Data, such that they are received no later than October 7, 2016. As of the date of this Declaration, A.B. Data has received no requests for exclusion.

13. The Notice also informed Settlement Class Members that objections are to be filed with the Court and mailed to Lead Counsel, such that they are received no later than October 7, 2016. As of the date of this Declaration, A.B. Data has received no objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of September, 2016.

Eric J. Miller

4

# EXHIBIT A

## Important and Time Sensitive

---

**NOTICE TO "GROUP TRUST" CUSTOMERS OF STATE STREET BANK AND TRUST COMPANY ("SSBT")**
***State Street Indirect FX Trading Class Action,***
**Case No. 11-cv-10230 MLW (D. Mass.)**

---

A proposed Settlement of the above-noted class action (the "Class Action") has been reached and enclosed is a copy of the Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards ("Notice"). PLEASE READ THE NOTICE CAREFULLY.

You have been identified by SSBT as, or as representing, the entity (entities) listed below, each of which has been identified as a "**Group Trust**" customer of SSBT.

The Court has ordered Group Trust customers to provide a certification: (1) reporting the average proportion of the Group Trust's SSBT custodied assets that were held by an ERISA Plan or Plans during the period from January 2, 1998 through December 31, 2009, inclusive (the "Class Period") and/or (2) reporting the average volume of Indirect FX Trades made by the ERISA Plan(s) during the Class Period, and (3) identifying by name each ERISA Plan within the Group Trust.

The certification must be signed by a plan fiduciary or administrator and state that he, she, or it certifies that the information contained within the certification is accurate based on reasonably available information. The certification must be mailed or delivered so that it is **postmarked or received no later than December 20, 2016,** to:

*State Street Indirect FX Trading Class Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217

Upon request from the Claims Administrator, a Group Trust must promptly provide sufficient information to explain and confirm its certification. **Pages 10-11 of the Notice contain more information about the certification process**. The certifications are needed so that the Claims Administrator can properly allocate the Class Settlement and calculate individual recoveries. There is no claim process.

If you have any questions, you may contact the Claims Administrator at 877-240-3540, or by email at info@StateStreetIndirectFXClassSettlement.com. Thank you for your cooperation.

| Fund Code | Fund Name | | Fund Code | Fund Name |
|-----------|-----------|---|-----------|-----------|

**For Questions, Please Call 877-240-3540.**

## Important and Time Sensitive

---

**NOTICE TO CUSTOMERS OF STATE STREET BANK AND TRUST COMPANY ("SSBT")**
***State Street Indirect FX Trading Class Action,***
**Case No. 11-cv-10230 MLW (D. Mass.)**

---

A proposed Settlement of the above-noted class action (the "Class Action") has been reached and enclosed is a copy of the Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards ("Notice").

You have been identified by SSBT as, or as representing, the entity (entities) listed below.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**

If you have any questions, you may contact the Claims Administrator at 877-240-3540, or by email at info@StateStreetIndirectFXClassSettlement.com. Thank you for your cooperation.


| Fund Code | Fund Name | | Fund Code | Fund Name |
|-----------|-----------|---|-----------|-----------|

UNITED STATES DISTRICT COURT
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v.* <br> *STATE STREET BANK AND TRUST COMPANY* | )<br>)<br>)    No. 11-cv-10230 MLW |
| *ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND* <br> *TRUST COMPANY, et al.* | )<br>)    No. 11-cv-12049 MLW<br>) |
| *THE ANDOVER COMPANIES EMPLOYEE SAVINGS* <br> *AND PROFIT SHARING PLAN, et al. v. STATE STREET* <br> *BANK AND TRUST COMPANY* | )<br>)    No. 12-cv-11698 MLW<br>)<br>) |

**NOTICE OF PENDENCY OF CLASS ACTIONS, PROPOSED CLASS
SETTLEMENT, SETTLEMENT HEARING, PLAN OF ALLOCATION, AND ANY
MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS**

*A U.S. Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**You Are Receiving this Notice Because Available Information
Indicates that You Are a Member of the Settlement Class Defined Below.
If this Is Incorrect, Please Contact the Claims Administrator and Lead Counsel Immediately.**

This notice ("Notice") is being sent to advise you of the pendency of the above-captioned class action lawsuits (collectively, the "Class Actions") and the proposed settlement of the Class Actions for $300,000,000 (the "Class Settlement Amount") on the terms discussed below (the "Class Settlement").[1] The Class Settlement resolves claims arising from the alleged unfair and deceptive practice of State Street Bank and Trust Company ("SSBT") of charging custody and trust customers of SSBT excessive rates and spreads in connection with certain foreign exchange transactions known as "Indirect FX Transactions"[2] during the period from January 2, 1998 through December 31, 2009, inclusive (the "Class Period"), in violation of SSBT's statutory, contractual, and fiduciary obligations. The Class Actions sought to recover losses on behalf of SSBT's custodial clients based on this alleged unfair and deceptive practice. If approved, the Class Settlement will resolve all claims asserted in the Class Actions.

The Class Settlement is entered into by and among (i) plaintiffs Arkansas Teacher Retirement System ("ARTRS"), Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangeland (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member, by and through their counsel, and (ii) State Street Bank and Trust Company (the "Settling Defendant" or "SSBT"). Plaintiffs and SSBT are referred to collectively herein as the "Parties."

The Honorable Mark L. Wolf of the United States District Court for the District of Massachusetts (the "Court") is presiding over the Class Actions. Judge Wolf has provisionally certified the proposed Settlement Class (as defined below) for purposes of settlement only, has directed that this Notice be mailed to members of the Settlement Class, and has scheduled a Final Approval Hearing ("Final Approval Hearing" or "Settlement Hearing") at which the Court will consider Plaintiffs' motion for final approval of the Class Settlement and approval of the proposed plan for allocating the settlement proceeds to the Settlement Class ("Plan of Allocation"), and Lead Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees, payment of Litigation Expenses, and payment of any Service Awards for Plaintiffs. **The Final Approval Hearing will be held on November 2, 2016, at 2:00 p.m. in Courtroom 10 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein have the meanings provided in the Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement"). The Settlement Agreement is available on the website for this Settlement, www.StateStreetIndirectFXClassSettlement.com.

[2] "Indirect FX Transactions/Trading" means Foreign exchange transactions executed with SSBT or SSBT's subcustodians at any time using Indirect FX Methods, including all foreign exchange transactions submitted using Indirect Methods. A transaction submitted or processed using an Indirect Method is an Indirect FX Transaction regardless whether the rate at which the transaction was executed differed from the rates at which other transactions submitted using Indirect Methods were executed. Settlement Agreement ¶ 1(ff).

**02210.** The Class Settlement will become effective when it reaches its "Effective Date," which is after the opportunity to appeal the Court's Judgment has expired or, if there are any appeals, approval of the Class Settlement is upheld; after the Court approves the proposed Plan of Allocation and the order has become Final; and certain other conditions are met.

Additional information regarding the Class Settlement and this Notice may be obtained by contacting the Claims Administrator: *State Street Indirect FX Trading Class Action*, c/o A.B. Data, Ltd., P.O. Box 173000, Milwaukee, WI 53217, 877-240-3540, info@StateStreetIndirectFXClassSettlement.com, www.StateStreetIndirectFXClassSettlement.com; or Lead Counsel: Labaton Sucharow LLP, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE CLASS SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE CLASS SETTLEMENT | |
|---|---|
| **YOU DO NOT NEED TO TAKE ANY ACTION TO PARTICIPATE IN THE CLASS SETTLEMENT AND RECEIVE A PAYMENT**<br><br>**(If you represent a Group Trust,[3] see pages 10-11 below.)** | If the Class Settlement is approved and you are a member of the Settlement Class, you do not need to take any action to receive a payment. You will be bound by the settlement, unless you take steps to exclude yourself as explained below, and you cannot bring or be part of any other lawsuit or arbitration against Defendants or any of the other Released Defendant Parties based on any Released Class Claim.<br><br>Your portion of the Net Class Settlement Fund will be calculated as part of the administration of the Class Settlement. An explanation of the manner in which payments to Settlement Class Members will be determined is set forth in the Plan of Allocation, below. However, Group Trusts, which may include plans or assets governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), need to provide certain information so that their recovery can be properly determined. SSBT has agreed to undertake reasonable efforts to provide the information necessary to determine each Settlement Class Member's portion of the Net Class Settlement Fund. See the Plan of Allocation in the answer to Question 8 below for important information. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION (WHICH MUST BE RECEIVED NO LATER THAN OCTOBER 7, 2016)** | If you do not wish to be a member of the Settlement Class, you *must* exclude yourself (as described below in Question 10). If you exclude yourself, you *will not* receive any payment from the Class Settlement. You cannot bring or be part of any other lawsuit or arbitration against Defendants or any of the other Released Defendant Parties based on any Released Class Claim unless you exclude yourself from the Settlement Class. |
| **OBJECT TO THE CLASS SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION (WHICH MUST BE RECEIVED NO LATER THAN OCTOBER 7, 2016)** | If you wish to object to any part of the Class Settlement, the Plan of Allocation, or the requests for attorneys' fees, Litigation Expenses, and/or Service Awards, and do not exclude yourself from the Settlement Class, you can write to the Court and counsel and explain what you do not agree with. |
| **ATTEND THE FINAL APPROVAL HEARING (NOVEMBER 2, 2016 AT 2:00 p.m.)** | If you have submitted a written objection to the Court and counsel and notice to appear, as explained below, you may (but do not have to) attend the hearing and speak to the Court about your objection. |

**Please note**: The Court has the authority to change any of the above deadlines, for good cause shown.

---

[3] "Group Trusts" are group trusts that are exempt from tax pursuant to Internal Revenue Service Revenue Ruling 81-100, as amended, that were custody or trust customers of SSBT during any part of the Class Period. *See* Settlement Agreement ¶ 1(bb).

As described in more detail below, and in the complaints filed with the Court, the Class Actions allege that Plaintiffs (or the plans they represent) and/or their investment managers entered into agreements authorizing Defendants to engage in Indirect FX Transactions with their custodial accounts under certain circumstances. Plaintiffs alleged that SSBT priced Indirect FX Transactions in a manner advantageous to Defendants and disadvantageous to Plaintiffs, near or outside the high and low of the daily range of interbank rates, contrary to SSBT's contractual obligations and representations and Defendants' fiduciary and statutory responsibilities. Copies of the operative complaints in the Class Actions are available at www.StateStreetIndirectFXClassSettlement.com.

Pursuant to the Settlement Agreement, a Class Settlement Fund consisting of $300 million in cash, plus any accrued interest, has been established, in exchange for the Settlement Class's release of the Released Class Claims (defined below). Payment by or on behalf of SSBT of the $300 million Class Settlement Amount, and the allocations discussed below in the Plan of Allocation, will also satisfy conditions in two separate settlements with federal government agencies.[4] SSBT anticipates reaching a settlement with the U.S. Securities and Exchange Commission ("SEC") concerning Indirect FX that relates to Settlement Class Members that are Registered Investment Companies (the "SEC Settlement").[5] SSBT has also reached a settlement with the U.S. Department of Labor ("DOL") concerning Indirect FX that relates to Settlement Class Members that are ERISA Plans (the "DOL Settlement").[6]

Based on information provided by SSBT, the average gross recovery for a class member from the Class Settlement is approximately $200,000 before the deduction of Court-approved fees and expenses. A Settlement Class Member's actual "Recognized Claim" will be calculated in accordance with the Plan of Allocation, explained below, and will depend on, among other things, the Settlement Class Member's volume of Indirect FX Transactions, and whether or not the Settlement Class Member is an ERISA Plan, a Group Trust, a Registered Investment Company, or none of these. A Settlement Class Member's payment will be a portion of the Net Class Settlement Fund, which consists of the Class Settlement Fund, less fees and expenses associated with providing notice to the Settlement Class and administering the Class Settlement ("Notice and Administration Expenses"), Taxes and Tax Expenses, Court-approved attorneys' fees, Litigation Expenses, and any Service Awards to Plaintiffs for the effort and time spent by them in connection with the prosecution of the Class Actions. (*See* Questions 6 and 8 below for details about the Plan of Allocation).

The Settlement Class is defined as follows:

> **All custody and trust customers of SSBT (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive.**

**Please Note:** There are exceptions to being included in the Settlement Class. A description of those Persons excluded by definition from the Settlement Class is provided below in Question 4.

As with any litigation, the Parties face an uncertain outcome if the Class Actions do not settle and litigation continues. Absent the Class Settlement, orders and appeals on class certification, summary judgment and a trial could result in a judgment or verdict greater or less than the recovery under the Class Settlement, or no recovery at all. Throughout the Class Actions, the Plaintiffs and Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Plaintiffs were to prevail at trial. Defendants, among other things: (1) have

---

[4] SSBT has separately reached a settlement with the U.S. Department of Justice ("DOJ") concerning Indirect FX (the "DOJ Settlement"). The DOJ Settlement requires SSBT to pay money to the federal government.

[5] "Registered Investment Company(ies)" means a mutual fund, closed-end fund, unit investment trust or other entity that is registered with the SEC as an investment company under the Investment Company Act. Settlement Agreement ¶ 1(ww).

[6] "ERISA Plans" means the employee benefit plans as defined in 29 U.S.C. § 1002(3) (also referred to as Section 3(3) of ERISA), that are subject to Part 4 of Subtitle B of Title I of ERISA (including master trusts with respect to multiple such plans within the meaning of Department of Labor Regulation § 2520.103-1(e)), and that were custody or trust customers of SSBT during any part of the Class Period. Settlement Agreement ¶ 1(w).

denied the material allegations of the complaints; (2) have denied any wrongdoing or liability whatsoever; (3) have contested the propriety of class certification; (4) believe that they acted at all times reasonably and prudently, in full compliance with their contractual obligations, and in accordance with applicable law; and (5) would assert certain other defenses if this Class Settlement is not consummated.  SSBT is entering into the Class Settlement solely to avoid the cost, disruption, and uncertainty of continued litigation. The Parties have taken into account the uncertainty and risks inherent in these litigations, particularly their complex natures, and have concluded that it is desirable that the Class Actions be fully and finally settled on the terms and conditions set forth in the Class Settlement.

Lead Counsel, on behalf of ERISA Counsel and Customer Counsel, will apply to the Court for an order awarding attorneys' fees in an amount not to exceed $74,541,250.00 and payment of Litigation Expenses in an amount not to exceed $1,750,000.00, plus interest earned on these amounts.  As explained further in the Plan of Allocation set forth in Question 8 below, no more than $10,900,000.00 of the attorneys' fees awarded will be paid out of the ERISA Settlement Allocation (as defined below).  The remainder of attorneys' fees awarded will be paid out from the RIC Settlement Allocation and the Public and Other Settlement Allocation (both as defined below).  If the Court awards attorneys' fees at an overall percentage rate of more than 18.17%, the RIC Settlement Allocation and the Public and Other Settlement Allocation will each bear fees at a higher percentage rate than the ERISA Settlement Allocation.  If the Court awards attorneys' fees at an overall percentage rate of 18.17% or less, the three Settlement Allocations (ERISA, RIC, and Public and Other) will each bear fees at the same rate.

Plaintiffs will share in the allocation of the money paid to members of the Settlement Class on the same basis and to the same extent as all other members of the Settlement Class, except that, in addition thereto, Plaintiffs may apply to the Court for Service Awards of up to $85,000.00 in the aggregate. Any Service Awards granted to Plaintiffs by the Court will be payable from the Class Settlement Fund, and will compensate Plaintiffs for their effort and time spent in connection with the prosecution of the Class Actions.

# BASIC INFORMATION

## 1. Why did I receive this Notice?

You received this Notice because records provided by SSBT indicate that during the Class Period you were a domestic custody customer of SSBT that executed one or more Indirect FX Transactions during the Class Period. The Court has directed that this Notice be sent to you. If the Court approves the Class Settlement, and it becomes effective, the Released Defendant Parties and Released Plaintiff Parties will be released from all Released Class Claims and Released Prosecution Claims, respectively, as explained below.  In exchange, the Net Class Settlement Fund will be distributed to Settlement Class Members according to the Court-approved Plan of Allocation.

This Notice explains the Class Actions, the Class Settlement, your legal rights, what benefits are available, who is eligible for them, and how you will receive your portion of the Net Class Settlement Fund. The Final Approval Hearing will be held on November 2, 2016 at 2:00 p.m., before the Hon. Mark L. Wolf in the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, Courtroom 10, 1 Courthouse Way, Boston, Massachusetts 02210, to determine:

- • whether the Class Settlement should be approved as fair, reasonable, and adequate;

- • whether the complaints should be dismissed with prejudice pursuant to the terms of the Class Settlement;

- • whether the proposed Plan of Allocation for the proceeds of the Class Settlement should be approved; and

- • whether the applications for attorneys' fees, payment of Litigation Expenses, and payment of Service Awards to Plaintiffs should be approved.

The issuance of this Notice is not an expression of the Court's opinion of the merits of any claim in the Class Actions, and the Court has not decided whether to approve the Class Settlement. If the Court approves the Class Settlement, payment to Settlement Class Members will be made after all related appeals, if any, are favorably resolved and the regulatory settlements have become final. Please be patient.

**2. What are the Class Actions about? What has happened so far?**

The Class Actions were commenced in 2011 and 2012 by the filing of three class action complaints.  In the Class Actions, Plaintiffs allege, among other things, that Defendants charged custody and trust customers of SSBT excessive rates and spreads in connection with Indirect FX Transactions between January 2, 1998 and December 31, 2009.  Plaintiffs allege that by employing this unfair and deceptive practice, Defendants earned higher spreads on Indirect FX Transactions than they should have.  Further, Plaintiffs allege that Defendants failed to disclose this pricing.  Plaintiffs assert that this alleged unfair and deceptive practice and nondisclosure thereof constituted violations of the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93A, §§ 2, 9 and 11 ("Chapter 93A"), breach of an alleged fiduciary duty, and negligent misrepresentation, and, with respect to the ERISA Funds, violations of ERISA, 29 U.S.C. § 1106, for engaging in self-interested prohibited transactions and by causing the plans to engage in party in interest prohibited transactions, violations of ERISA, 29 U.S.C. § 1104, for breaching duties of prudence and loyalty, and pursuant to ERISA, 29 U.S.C. § 1105, liability for breaches of co-fiduciary obligations.

Defendants have denied Plaintiffs' allegations. If the Class Actions were to continue, Defendants would raise numerous defenses to liability, including without limitation:

- Defendants acted in accordance with the custody and trust and Indirect FX agreements and did not breach them.
- Defendants either did not owe fiduciary duties or did not breach fiduciary duties owed to certain Settlement Class Members based on state law and the plain language of the agreements that governed Defendants' custodial obligations.

- Defendants made no actionable misrepresentations or omissions, and did not engage in any Chapter 93A violations.

- All of the FX transactions executed with ERISA customers satisfy statutory or regulatory exemptions for FX transactions.

- Plaintiffs and the Settlement Class knew, or should have known, that Defendants were engaged in the Indirect FX pricing practice alleged in the Complaints.

- Plaintiffs and the Settlement Class were not damaged by Defendants' conduct and received the benefit of the bargain for the services that were provided.

On June 3, 2011, Defendants State Street Corporation, SSBT, and SSGM LLC moved to dismiss the amended class action complaint in the ARTRS Action.  The motion to dismiss was fully briefed as of February 28, 2012.  On April 9, 2012, SSBT and SSGM LLC moved to dismiss the amended class action complaint in the Henriquez Action.

On May 8, 2012, the Court heard oral argument on Defendants' motion to dismiss the ARTRS Action.  By order issued from the bench dated the same day, the Court denied the motion in its entirety with regard to the claims against SSBT, but granted the motion with respect to the claims against State Street Corporation.  By agreement of the parties, the claims against SSGM LLC were dismissed without prejudice.

On November 16, 2012, the Parties in the Class Actions filed a Stipulation, Joint Motion, and Proposed Order for the Production and Exchange of Confidential Information, which the Court entered on November 20, 2012.  Pursuant to the order, the Class Actions were consolidated for pre-trial purposes.  Additionally, the order provided that the Parties could engage in formal document discovery until December 1, 2013.  The Class Actions were stayed in all other respects until December 1, 2013 and certain motions were withdrawn. At the Parties' request, the stay of proceedings, other than discovery, was subsequently extended by orders of the Court, while the Parties pursued mediation.

The Class Settlement is the product of protracted, arm's-length negotiations between Plaintiffs' Counsel and Defendants' Counsel, facilitated by a nationally recognized mediator with substantial experience mediating complex litigations of this type.  Between October 2012 and June 2015, the Parties engaged in sixteen (16) in-person mediation sessions in Boston, New York City, and Washington, D.C.  In addition, the Parties met without the mediator and had numerous arm's-length discussions among themselves.

Pursuant to agreements concerning the exchange of formal and informal discovery, informal material to facilitate the mediation process, and managing the Class Actions, the Parties exchanged more than nine million pages of relevant documents. SSBT also provided a significant amount of data and other information relevant to liability, class certification and damages issues, and Plaintiffs and SSBT each made multiple, detailed presentations (including a presentation by an accounting expert) during the mediation process concerning such issues.

On June 30, 2015, Plaintiffs and SSBT reached an agreement-in-principle to settle the Class Actions, which was memorialized in a term sheet on September 11, 2015, and the Settlement Agreement, dated July 26, 2016.

---

### 3. Why is this case a class action?

---

In a class action, one or more individuals or entities, referred to as "Plaintiffs," sue on behalf of others who have similar claims. All of the Persons on whose behalf Plaintiffs in the Class Actions are suing are members of the "class" referred to in this Notice, and are "Settlement Class Members" or "members of the Settlement Class." Bringing a case as a class action allows the adjudication of many similar claims that might be economically too small to bring individually. One court resolves the issues for all class members, except for those who exclude themselves from the class. The Court will decide whether to finally certify the Settlement Class at the Final Approval Hearing.

---

### 4. How do I know whether I am part of the Settlement Class?

---

The Court has provisionally certified the following Settlement Class:

> **All custody and trust customers of SSBT (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive.**

The "Settlement Class" does not include: Defendants; California Public Employees' Retirement System (CalPERS), California State Teachers' Retirement System (CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or entity in their capacities as such. For the avoidance of doubt, the Parties have agreed that this definition of the "Settlement Class" is intended to supersede the class definitions in the complaints in the Class Actions.

The "Settlement Class" also does not include any Person who submits a timely and valid request for exclusion meeting the requirements in this Notice (see Question 10 below).

If you are not sure whether you are included, you can ask for assistance. You can call 877-240-3540 or visit www.StateStreetIndirectFXClassSettlement.com for more information.

---

### 5. Why is there a Class Settlement?

---

The Court did not finally decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Class Actions have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. They have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the unique risks here. Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that could limit or result in the dismissal of the claims and a reduction in any recovery. In the absence of a Settlement, the Parties would present factual and expert testimony on such issues, and there is considerable risk that the Court or jury would resolve the inevitable "battle of the experts" against Plaintiffs and the Settlement Class.

As stated above, the Class Settlement is the product of extensive arm's-length negotiations between Plaintiffs' Counsel and Defendants' Counsel, all of whom are very experienced with respect to complex litigation of this type. The Class

Settlement provides substantial benefits now as compared to the risk that a similar or smaller recovery would be achieved after trial and appeals, years in the future, or that no recovery would be achieved at all.  In light of the amount of the Class Settlement and the immediate recovery to the Settlement Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Class Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

## 6. What does the Class Settlement provide?

In exchange for the Class Settlement and the release of the Released Class Claims (defined below) against the Released Defendant Parties (defined below), SSBT agreed to create a $300,000,000 cash fund. The $300,000,000, plus any interest that accrues on this amount, will be distributed to the Settlement Class after costs, expenses and fees are deducted, as described herein.  The Class Settlement provides for cash payments to Settlement Class Members who do not exclude themselves from the Settlement Class, as explained in the Plan of Allocation in Question 8 below.

The description of the Class Settlement in this Notice is only a summary. The complete terms are set forth in the Settlement Agreement (including its exhibits), which may be obtained at the Class Settlement website, www.StateStreetIndirectFXClassSettlement.com, or Lead Counsel's website, www.labaton.com.

## 7. What am I giving up to get a payment and by staying in the Settlement Class?

Unless you exclude yourself, you will stay in the Settlement Class, which means that upon the "Effective Date" of the Class Settlement, you will release all "Released Class Claims" (as defined below) against the "Released Defendant Parties" (as defined below) and be subject to a covenant not to sue and a permanent injunction against prosecuting Released Class Claims against Released Defendant Parties.

**"Released Class Claims"** means any and all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, rights of recovery, causes of action, duties, obligations, judgments, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including Unknown Claims, whether known or unknown, direct, representative, class, individual or indirect, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, accrued or not accrued, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative or any other law, statute, rule or regulation that any Releasing Plaintiff: (i) asserted in the Class Actions; (ii) could have asserted in the Class Actions or any other action or in any forum, that arise from or out of, relate to, or are in connection with the claims, allegations, transactions, alleged or actual prohibited transactions or breaches of duty (including fiduciary duty), facts, events, acts, disclosures, matters or occurrences, statements, representations or omissions or failures to act involved, described, set forth, or referred to in the complaints filed in the Class Actions or that arise from or out of, relate to, or are in connection with Indirect FX Methods, Indirect FX Transactions/Trading, StreetFX Methods, StreetFX Transactions, or Rate Comparisons; and (iii) asserted or could assert that arise from or out of, relate to, or are in connection with the defense or settlement of the Class Actions, except for claims relating to enforcement of the Settlement.

**"Released Defendant Parties"** means SSBT and Defendants; their past, present and future parents, subsidiaries, divisions, and affiliates; the respective past and present officers, directors, trustees, employees, agents, trustees, managers, servants, accountants, auditors, underwriters, financial and investment advisors, consultants, representatives, insurers, co-insurers and reinsurers of each of them; and the heirs, successors and assigns of the foregoing.

"Unknown Claims" means any and all Released Class Claims, which one or more Releasing Plaintiffs does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any Released Prosecution Claims that SSBT or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known to him, her, or it might have affected his, her, or its decision(s) with respect to the Class Settlement.  With respect to any and all Released Class Claims and Released Prosecution Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and SSBT shall expressly, and each Releasing Plaintiff and SSBT shall be deemed to have, and by operation of the Judgment or any Alternative Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Releasing Plaintiffs, SSBT, or the other Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Class Claims and the Released Prosecution Claims, but Plaintiffs and SSBT shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff and each other Released Defendant Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or any Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Class Claims and Released Prosecution Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Parties acknowledge, and each other Releasing Plaintiff and Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Class Claims and Released Prosecution Claims was separately bargained for and was a key and material element of the Class Settlement.

The "Effective Date" will occur when, among other things, an Order by the Court approving the Class Settlement becomes Final and is not subject to appeal and when an Order by the Court approving the proposed Plan of Allocation becomes Final and is not subject to appeal, as set out more fully in the Settlement Agreement on file with the Court and available at www.StateStreetIndirectFXClassSettlement.com or www.labaton.com.

If you remain a member of the Settlement Class, all of the Court's orders about the Class Settlement in the Class Actions will apply to you and legally bind you.

| **8. What will be my share of the Net Class Settlement Fund?  How can I get my portion of the recovery?** |
| --- |

At the Final Approval Hearing, Lead Counsel will request the Court approve the Plan of Allocation set forth below. The Plan of Allocation describes the manner by which the Net Class Settlement Fund will be allocated among Settlement Class Members.  Assuming you do not exclude yourself from the Settlement Class pursuant to Question 10 below, you do not need to take any further action to receive your portion of the recovery.  However, as explained on pages 10-11 below, if you represent a Group Trust, you must provide a certification in order to receive a portion of the ERISA Settlement Allocation, rather than a portion of the balance of the Net Class Settlement Fund.

You are not responsible for calculating the amount you may be entitled to receive under the Class Settlement. This calculation will be done by the Claims Administrator as part of the implementation of the Class Settlement, and will be based on reasonably available information obtained from SSBT. You will be notified of your calculated recovery after the Class Settlement is approved and prior to Lead Counsel's motion to the Court requesting approval of a distribution of the Class Settlement proceeds.

## PLAN OF ALLOCATION

This Plan of Allocation describes steps that the Claims Administrator will take in order to allocate funds in connection with the Class Settlement, including determining distribution amounts.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website at: www.StateStreetIndirectFXClassSettlement.com and at www.labaton.com.  Distributions in the manner set forth herein will be deemed conclusive against all claimants.  Each Settlement Class Member is deemed to have submitted to the jurisdiction of the United States District Court for the District of Massachusetts with respect to his, her, or its recovery from the Class Settlement.

Distributions to Authorized Claimants will be based on Recognized Claims (defined below).  It is important to understand that the Recognized Claims under this Plan of Allocation are not provable damages but rather are amounts derived from a fair and reasonable methodology (described below) to evaluate each Settlement Class Member's relative stake in the Class Settlement.

The defined terms used herein relate to this Plan of Allocation, and not necessarily to other agreements executed by SSBT or its affiliates with third parties, including governmental agencies, in connection with the Class Settlement.  Capitalized terms that are not otherwise defined herein have the same meaning as set forth in the Settlement Agreement.

## A.    THE ALLOCATION OF SETTLEMENT PROCEEDS

The Net Class Settlement Fund, which shall consist of Three Hundred Million U.S. Dollars ($300,000,000.00), plus any accrued interest, minus all costs and expenses incurred with respect to the fund, including Taxes and Tax Expenses, Notice and Administration Expenses, attorneys' fees, Litigation Expenses, and Service Awards paid from the Class Settlement Fund with the permission of the Court, will be distributed to eligible Settlement Class Members.

After approval by the Court of the Class Settlement, the Class Settlement Fund shall be allocated as set forth below for the benefit of Settlement Class Members.

The ERISA Settlement Allocation (which shall be the source of distributions to ERISA Plans and certain Group Trusts, as set forth below) shall be at least Sixty Million Dollars ($60,000,000.00) of the Class Settlement Fund (twenty percent of the Class Settlement Fund), plus twenty percent (20%) of any interest accrued on the Class Settlement Fund, minus twenty percent (20%) of any Taxes and Tax Expenses, Notice and Administration Expenses, Service Awards, and Litigation Expenses, and minus attorneys' fees, if awarded by the Court, in an amount not to exceed Ten Million Nine Hundred Thousand Dollars ($10,900,000.00).

The remainder of attorneys' fees will be paid out from the RIC Settlement Allocation and the Public and Other Settlement Allocation (both defined below). Because no more than $10,900,000 in fees can be paid out from the ERISA Settlement Allocation, if the Court awards fees at an overall percentage rate of more than 18.17%, then the RIC Settlement Allocation and the Public and Other Settlement Allocation will bear fees at a higher percentage rate than the ERISA Settlement Allocation. For example, if the Court awards the total amount of fees that Lead Counsel intends to request, the RIC Settlement Allocation and the Public and Other Settlement Allocation will each bear fees at a higher percentage rate (26.52%) than the ERISA Settlement Allocation (18.17%). If the Court awards fees at an overall percentage rate of 18.17% or less, the three Settlement Allocations (ERISA, RIC, and Public and Other) will each bear fees at the same percentage rate.

The ERISA Settlement Allocation was negotiated directly among Lead Counsel, ERISA Counsel, and representatives of the DOL. The ERISA Settlement Allocation, even without the $10,900,000 cap on attorneys' fees described above, provides a premium per dollar of Indirect FX Trading Volume for ERISA Plans and eligible Group Trusts in comparison to the allocations to other Settlement Class Members. The precise size of the premium is not known at this time because the amount of ERISA assets within Group Trusts is currently undetermined, as is the amount of attorneys' fees the Court may award. The premium recognizes the relative strength of the fiduciary duty and other claims available to ERISA Plans and eligible Group Trusts under the federal ERISA laws, as ERISA Counsel and the DOL have contended and as described in Question 2 above. The $10,900,000 cap on attorneys' fees was agreed-to by Lead Counsel and ERISA Counsel separately with the DOL after the Class Settlement Amount was agreed-to by the Parties. The ERISA Settlement Allocation of $60,000,000 and the $10,900,000 cap on attorneys' fees were final, essential conditions for the DOL's support of the Settlement and the conclusion of its own investigation of SSBT. These conditions must be met for the Settlement to be concluded.

The balance of the Class Settlement Fund will be allocated in proportion to the Indirect FX Trading Volume of class members that are not ERISA Plans or eligible Group Trusts (as explained below), specifically to class members that are Registered Investment Companies ("RICs") and class members that are non-ERISA public pension funds, private entities, and other customers ("Public and Other").

After allocation of the ERISA Settlement Allocation, based on information supplied by SSBT, the "RIC Settlement Allocation" will be approximately $142,000,000, on a gross basis before the addition of a proportional amount of any accrued interest and the deduction of proportional attorneys' fees, Litigation Expenses, Service Awards, Notice and Administration Expenses, Taxes and Tax Expenses, and the "Public and Other Settlement Allocation" will be approximately $98,000,000, on a gross basis before interest and the deductions above. These allocations will be adjusted to the extent Indirect FX Trading Volume of Group Trusts is applied to the ERISA Settlement Allocation, as described below.

The Parties have relied on Indirect FX Trading Volume information provided by State Street to develop this Plan of Allocation. The ERISA Settlement Allocation and payment of the Registered Investment Company Minimum Distribution are essential conditions of the Class Settlement, which may be terminated by the Settling Defendant if the minimum allocations set forth in this Plan are not made. The amount of the ERISA Settlement Allocation has been set based on the Indirect FX Trading Volume information provided, including information concerning the total amount of Indirect FX Trading Volume executed during the Class Period by ERISA Plans and Group Trusts. As part of the

settlement administration process described below, the Claims Administrator will request information from Group Trusts concerning their ERISA Volume (explained below) during the Class Period.

In light of the fact that the amount of ERISA assets within Group Trusts is currently undetermined, the Parties, with input from the DOL, have agreed that the Plan of Allocation will be modified in the event that the total amount of Group Trusts' ERISA Volume is in excess of 2/3 of the total amount of Group Trusts' Indirect FX Trading Volume, as reported by State Street on July 25, 2016.   In that event, the Claims Administrator will use the Indirect FX Trading Volume equal to such excess volume to calculate the net payment amount that would be due with respect to such volume if paid from the Public and Other Settlement Allocation, and will transfer half of that amount to the ERISA Settlement Allocation from each of the RIC Settlement Allocation and the Public and Other Settlement Allocation.  (Accordingly, no such modification will be made if actual Group Trusts' ERISA Volume is 2/3 or less of the reported Group Trusts' Indirect FX Trading Volume.)

In the event that the actual total percentage of Indirect FX Trading Volume executed by ERISA Plans and Group Trust exceeds 15.25% of the overall Indirect FX Trading Volume for the Settlement as reported on July 25, 2016, the Claims Administrator will provide notice of the total such percentage to Plaintiffs' Counsel, State Street, and the DOL, and Plaintiffs' Counsel may apply to the Court for modification of this Plan of Allocation, without further notice to the Settlement Class.  If the DOL wishes to be heard by the Court on a modification of the Plan of Allocation for this reason, regardless of whether Plaintiffs' Counsel seeks modification, neither State Street nor Plaintiffs' Counsel will object to the DOL's standing to do so.

## B.  ALLOCATION AMONG SETTLEMENT CLASS MEMBERS

For each Settlement Class Member, the Claims Administrator shall determine that Settlement Class Member's Indirect FX Trading Volume(s) (in U.S. Dollars) during the Class Period, calculate that Settlement Class Member's Recognized Claim, and use those calculations to distribute the Settlement Allocations as set forth herein.

To facilitate this procedure, SSBT has provided the Claims Administrator with: (i) the total Indirect FX Trading Volume (in U.S. Dollars) for each Settlement Class Member during the Class Period; (ii) information concerning whether each Settlement Class Member was an ERISA Plan during the Class Period; (iii) information concerning whether each Settlement Class Member was a Registered Investment Company during the Class Period; and (iv) information concerning whether each Settlement Class Member was a group trust that is exempt from tax pursuant to Internal Revenue Service Revenue Ruling 81-100 ("Group Trust") during the Class Period.

### 1.  Determination of Indirect FX Trading Volumes

The Claims Administrator shall divide each Settlement Class Member's total Indirect FX Trading Volume (in U.S. Dollars) during the Class Period into three parts:  (i) Registered Investment Company Indirect FX Trading Volume (in U.S. Dollars) during the Class Period ("RIC Volume"); (ii) ERISA Plan Indirect FX Trading Volume (in U.S. Dollars) during the Class Period ("ERISA Volume"); and (iii) their remaining Indirect FX Trading Volume (in U.S. Dollars) during the Class Period ("Public and Other Volume").  The division shall be determined as follows.

#### a)   Registered Investment Company Settlement Class Members

For each Settlement Class Member that, based on the records supplied by SSBT, was a Registered Investment Company during the Class Period, the RIC Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period.  The Settlement Class Member's ERISA Volume and Public and Other Volume shall be zero.

#### b)   ERISA Plan Settlement Class Members

For each Settlement Class Member that, based on the records supplied by SSBT, was solely an ERISA Plan (not including Group Trusts) during the Class Period, the ERISA Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period.  The Settlement Class Member's RIC Volume and Public and Other Volume shall be zero.

#### c)   Group Trust Settlement Class Members

SSBT has notified Plaintiffs' Counsel that fifty-five (55) Settlement Class Members represent Group Trusts.  For each such Settlement Class Member identified as a Group Trust, *a letter concerning the Settlement Class Member's identification as a Group Trust accompanies this Notice.*  The Indirect FX Trading Volume during the Class Period (in

U.S. Dollars) for Settlement Class Members that are Group Trusts will be categorized pursuant to the following requirements in this subsection.

Each Group Trust shall provide the Claims Administrator with a certification that reports the average proportion of the Group Trust's SSBT custodied assets that were held by an ERISA Plan or Plans during the Class Period and/or the average volume of Indirect FX Trades made by the ERISA Plan(s) during the Class Period, and identifies by name each ERISA Plan within the Group Trust. If a Group Trust does not have the foregoing information for each year of the Class Period, but has a reasonable belief that ERISA assets were held by the Group Trust during those years, the years for which data is available should be reported and the results will be averaged by applying the average proportion of the years with known ERISA assets and/or Indirect FX Trading Volume to the years with unknown ERISA assets and/or Indirect FX Trading Volume.

The certification must be signed by a plan fiduciary or administrator and state that he, she, or it certifies that the information contained within the certification is accurate based on reasonably available information. The certification must be mailed or delivered so that it is **postmarked or received no later than December 20, 2016,** to:

*State Street Indirect FX Trading Class Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217

Upon request from the Claims Administrator, a Group Trust must promptly provide sufficient information to explain and confirm the certification in order to remain eligible for a share of the ERISA Settlement Allocation as set forth herein.

Using the information provided through the certification process, a Group Trust's ERISA Volume shall equal the volume of Indirect FX Trades made by the ERISA Plan(s) in the Group Trust or, if the information concerning the volume of Indirect FX Trades is insufficient, the proportion of assets that were held by the ERISA Plan(s) in a particular Group Trust. Any Indirect FX Trading Volume of a Group Trust that is not categorized by the Claims Administrator as ERISA Volume shall be categorized as Public and Other Volume. In all instances, the RIC Volume of a Settlement Class Member that is a Group Trust shall be zero.

If a Group Trust does not provide a certification by December 20, 2016, it shall be treated for purposes of an allocation as if it held no ERISA Plan assets and it shall not be entitled to a recovery from the ERISA Settlement Allocation. Instead, its Public and Other Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period. In that instance, the Settlement Class Member's RIC Volume and ERISA Volume shall be zero.

However, in instances where a Group Trust is known by the Parties to have ERISA assets based on previous consultations with the U.S. Department of Labor, but a certification is not submitted or the Group Trust does not provide a certification by December 20, 2016, then the trust's ERISA Volume may be calculated utilizing a methodology at Plaintiffs' Counsel's discretion based on discussions with the U.S. Department of Labor or with the Group Trust in response to any informal inquiry from the Claims Administrator or Plaintiffs' Counsel.

Group Trust Settlement Class Members who claim and receive distributions from the ERISA Settlement Allocation must distribute the ERISA Settlement Allocation only to the ERISA Plans identified in the certification submitted to the Claims Administrator and in the same proportion as set forth in the certification. Such distributions are subject to confirmation by the U.S. Department of Labor and/or Plaintiffs' Counsel.

### d) Public and Other Settlement Class Members

For each Settlement Class Member that, based on the records supplied by SSBT, was not an ERISA Plan, Group Trust, or Registered Investment Company during the Class Period, the Public and Other Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period. The Settlement Class Member's ERISA Volume and RIC Volume shall be zero.

### 2. Methodology for Calculation of Recognized Claims

After calculating the ERISA Volume, RIC Volume, and Public and Other Volume for each Settlement Class Member, the Claims Administrator will sum the ERISA Volumes for the Settlement Class in order to derive the classwide ERISA Volume, will sum the RIC Volume for the Settlement Class, in order to derive the classwide RIC Volume, and will sum the Public and Other Volume for the Settlement Class, in order to derive the classwide Public and Other Volume.

A Settlement Class Member's ERISA Recognized Claim equals that class member's ERISA Volume, divided by the classwide ERISA Volume, multiplied by the amount of the ERISA Settlement Allocation.  The result of these calculations will be that a Settlement Class Member having no ERISA Volume will have an ERISA Recognized Claim of zero.

A Settlement Class Member's RIC Recognized Claim equals that class member's RIC Volume, divided by the classwide RIC Volume, multiplied by the amount of the RIC Settlement Allocation.  The result of these calculations will be that a Settlement Class Member having no RIC Volume will have a RIC Recognized Claim of zero.

A Settlement Class Member's Public and Other Recognized Claim equals that class member's Public and Other Volume, divided by the classwide Public and Other Volume, multiplied by the amount of the Public and Other Settlement Allocation.  The result of these calculations will be that a Settlement Class Member having no Public and Other Volume will have a Public and Other Recognized Claim of zero.

Settlement Class Members shall receive distributions from the ERISA Settlement Allocation on a *pro rata* basis based on their ERISA Recognized Claim amounts, distributions from the RIC Settlement Allocation on a *pro rata* basis based on their RIC Recognized Claim amounts, and distributions from the Public and Other Settlement Allocation on a *pro rata* basis based on their Public and Other Recognized Claim amounts.

A Settlement Class Member's total Recognized Claim equals the sum of that Settlement Class member's ERISA Recognized Claim, RIC Recognized Claim, and/or Public and Other Recognized Claim.

## C.    DISTRIBUTION OF NET CLASS SETTLEMENT FUND

Prior to the Effective Date, the Net Class Settlement Fund shall remain in an interest-bearing escrow account, except as otherwise provided in the Settlement Agreement.  After the Class Settlement reaches its Effective Date, distributions to eligible Settlement Class Members will be made after Settlement Class Members have been notified of their ERISA Recognized Claim, RIC Recognized Claim, and Public and Other Recognized Claim amounts, and the Court has approved the Claims Administrator's determinations.

The Parties will use best efforts to seek Court approval to authorize an initial distribution of the Net Class Settlement Fund, including the RIC Settlement Allocation, within one year following the Effective Date of the Class Settlement.  If a judgment is entered in the Class Action approving the Class Settlement, but an appeal is taken relating solely to approval of the requested attorneys' fees, Litigation Expenses, and/or Service Awards, Plaintiffs' Counsel will, subject to Court approval, proceed with an initial distribution of the Net Class Settlement Fund, including the RIC Settlement Allocation.

The Net Class Settlement Fund will be allocated among Class Members whose pro-rated distributions would be $10.00 or greater, given the fees and expenses associated with printing and mailing payments.  If the prorated distribution to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Defendants, their counsel, and all other Released Defendant Parties will have no liability whatsoever for the investment of the Class Settlement Fund, the distribution, or the payment of any claim consistent with the Settlement Agreement and the Court-approved Plan of Allocation.  Plaintiffs and Plaintiffs' Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute funds consistent with the Settlement Agreement and the Court-approved Plan of Allocation.

After initial distribution(s) of the Net Class Settlement Fund, if there is any balance remaining (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of prior distribution of the Net Class Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion until it is no longer economically feasible to do so.  Any balance that still remains in the Net Class Settlement Fund after redistribution(s) that is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and any other fees and costs approved by the Court, shall be contributed to one or more nonsectarian, not-for-profit, 501(c)(3) organizations serving the public interest approved by the Court.

| 9. When will I receive a payment? |
| --- |

Payment is conditioned on several matters, including the Court's approval of the Class Settlement (and the Judgment becoming Final), approval of the proposed Plan of Allocation (and that order becoming Final), approval of a distribution, and the DOL, and DOJ Settlements becoming final according to their terms.  (They do not require court approval.)  It is anticipated that at least a partial distribution will be made within one year of the Effective Date of the Class Settlement.

However, a full distribution could take more than a year. Interest accrued on the Class Settlement Fund will be included in the amount allocated and paid to Settlement Class Members.

The Class Settlement may be terminated on several grounds, including if the Court does not approve the Class Settlement or the proposed Plan of Allocation. If the Class Settlement is terminated, there will be no distribution and the Class Actions will proceed as if the Class Settlement had not been reached.

---

### 10. Can I exclude myself from the Settlement Class?

---

If you do not want a payment from this Class Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and other Released Defendant Parties on your own about the Released Class Claims, then you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the class. Please note: SSBT may withdraw from and terminate the Class Settlement if Settlement Class Members who have a certain amount of Indirect FX Transactions exclude themselves from the Settlement Class, or a certain number of Settlement Class Members request exclusion.

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you request to be "excluded from the Settlement Class in the *State Street Indirect FX Trading Class Action*, No. 11-CV-10230 (D. Mass.)." Your letter must include the following information: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is requesting exclusion; (ii) the Person's address; (iii) the Person's telephone number; (iv) the Person's e-mail address; (v) the approximate date(s) of the agreement(s) referenced in (i) above; (vi) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (vii) a list of all current and former accounts, including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above; and (viii) identification (including by case name, court name, and docket number) of all legal actions and claims (if any) that the Person requesting exclusion has brought against any of the Defendants relating to Indirect FX.

You must mail your exclusion request so that it is **received no later than October 7, 2016**, to:

*State Street Indirect FX Trading Class Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217

You cannot exclude yourself by telephone or by e-mail. Your exclusion request must comply with these requirements in order to be valid, provided, however, that a request for exclusion shall not be invalid for failing to include the foregoing (i) - (vii) if SSBT determines it has sufficient information to determine that such Person is a Settlement Class Member and provides that information promptly to Lead Counsel.

If you request to be excluded in accordance with these requirements, you will not get any payment from the Net Class Settlement Fund, and you cannot object to the Class Settlement. However, you will not be legally bound by anything that happens in the Class Actions, and you may be able to sue Defendants and the other Released Defendant Parties in the future.

---

### 11. Do I have a lawyer in this case? How will the lawyers be paid?

---

Labaton Sucharow LLP has been appointed Lead Counsel for the Settlement Class. Lead Counsel, on behalf of ERISA Counsel and Customer Counsel, will apply to the Court for an award of attorneys' fees and payment of Litigation Expenses incurred during the prosecution and resolution of the Class Actions. The application for attorneys' fees will not exceed $74,541,250 (plus any accrued interest), which represents 25% of the $300,000,000 Class Settlement Fund, after first deducting Court-awarded Litigation Expenses (that will not exceed $1,750,000.00) and Court-awarded Service Awards for the seven Plaintiffs (that will not exceed $85,000.00 in the aggregate). You will not be charged directly by Plaintiffs' counsel. However, if you want to be represented by your own lawyer, you may hire one at your own expense.

The written applications for attorneys' fees, Litigation Expenses, and Service Awards of Plaintiffs will be filed with the Court by September 15, 2016, and the Court will consider these applications at the Final Approval Hearing. A copy of the applications will be available at www.StateStreetIndirectFXClassSettlement.com and www.labaton.com or by requesting a copy from Lead Counsel.

To date, none of the Plaintiffs' attorneys have received any payment for their services in prosecuting the Class Actions on behalf of the Settlement Class, nor have counsel been paid for their substantial expenses incurred in connection with litigating the Class Actions. The fee requested by Lead Counsel, on behalf of ERISA Counsel and Customer Counsel, would compensate counsel for their efforts in achieving the Class Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amounts of any awards.

By following the procedures described in the answer to Question 12 below, you can tell the Court if you do not agree with the fees and expenses the attorneys and Plaintiffs intend to seek.

## OBJECTIONS

**12. How do I tell the Court if I do not like the Class Settlement, the Plan of Allocation, or something about the requests for attorneys' fees and expenses?**

Any Settlement Class Member may appear at the Final Approval Hearing and explain why it thinks the Class Settlement should not be approved as fair, reasonable and adequate, why a judgment should not be entered, why the proposed Plan of Allocation should not be approved, why the attorneys' fees and expenses of Plaintiffs' counsel should not be awarded, in whole or in part, or why Plaintiffs should not be awarded Service Awards, in whole or in part. However, no Settlement Class Member shall be heard or entitled to contest these matters unless such Settlement Class Member has filed a written objection with the Court and served it on counsel.

To object, you must send a written statement saying that you object to the Class Settlement, the Plan of Allocation, the attorneys' fee request, expenses, and/or the Service Awards in *State Street Indirect FX Trading Class Action,* No. 11-CV-10230 (D. Mass.).  Be sure to include your name, address, telephone number, e-mail address, signature, and a full explanation of all reasons why you object. You must also include the following information in order to confirm your membership in the Settlement Class: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is objecting; (ii) the approximate date(s) of the agreement(s) referenced in (i) above; (iii) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (iv) a list of all current and former accounts, including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above.

If you cannot provide any of the information required under (i) - (iv), you may still object if you provide a written statement certifying that have undertaken best efforts to provide the missing information and your membership in the Settlement Class can otherwise be confirmed by the Parties.

**Your written objection must be filed with the Court, and received by counsel listed below by no later than October 7, 2016:**

**File with the Clerk of the Court:**

**Clerk of the Court**
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

**Serve copies of all such papers by mail to each of the following:**

| Lead Counsel | Defendants' Counsel |
|---|---|
| Lawrence A. Sucharow, Esq. Labaton Sucharow LLP 140 Broadway New York, NY 10005 | William H. Paine, Esq. Wilmer Cutler Pickering Hale and Dorr LLP 60 State Street Boston, MA 02109 |

Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Class Settlement and the applications for attorneys' fees, Litigation Expenses, and any Service Awards.

## COURT'S FINAL APPROVAL HEARING

**13. When and where will the Court decide whether to approve the Class Settlement?**

The Court will hold a Final Approval Hearing at 2:00 p.m. on November 2, 2016, before the Hon. Mark L. Wolf, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, Courtroom 10, 1 Courthouse Way, Boston, Massachusetts 02210.

At the hearing, the Court will consider whether the Class Settlement is fair, reasonable and adequate. The Court will also consider any motions for attorneys' fees, expenses of Plaintiffs and Plaintiffs' Counsel, and Service Awards for Plaintiffs, as well as for approval of the proposed Plan of Allocation. If there are timely and valid objections, the Court will consider them. We do not know how long decisions on the motions will take.

**14. Do I have to come to the hearing?**

Lead Counsel will answer any questions that the Court may have about the Class Settlement and related relief at the Final Approval Hearing. You are not required to attend but are welcome to come at your own expense. If you send an objection, you do not have to come to Court to discuss it. As long as you filed your written objection on time, it will be before the Court when the Court considers whether to approve the Class Settlement, the Plan of Allocation, and/or the fee and expense requests. You may also have your own lawyer attend the Final Approval Hearing at your expense, but such attendance is not mandatory.

**15. May I speak at the hearing?**

If you are a Settlement Class Member and you have filed a timely objection, if you wish to speak, present evidence or present testimony at the Final Approval Hearing, you must state in your objection your intention to appear, and must identify any witnesses you intend to call or evidence you intend to present.

The Final Approval Hearing may be rescheduled by the Court without further notice to the Settlement Class. If you wish to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

## IF YOU DO NOTHING

**16. What happens if I do nothing at all?**

If you do nothing and the Class Settlement is approved, you will be bound by the terms of the Class Settlement, will be deemed to have released all Released Class Claims against all of the Released Defendant Parties, and will receive your *pro rata* payment as described in Questions 7 and 8 above.

## GETTING MORE INFORMATION

**17. How do I get more information?**

This Notice summarizes the proposed Class Settlement. Full details of the Class Settlement are set forth in the Settlement Agreement. Copies of the Settlement Agreement, as well as other litigation and settlement-related documents, may also be viewed at www.StateStreetIndirectFXClassSettlement.com and www.labaton.com.

You may also contact Lead Counsel at the contact information listed above, or the Claims Administrator toll-free at 877-240-3540.

Dated: August 22, 2016                      BY ORDER OF THE UNITED STATES DISTRICT COURT
                                            FOR THE DISTRICT OF MASSACHUSETTS

# EXHIBIT B

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY | ) ) ) No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al. | ) ) ) No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY | ) ) ) ) No. 12-cv-11698 MLW |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTIONS, PROPOSED
SETTLEMENT, SETTLEMENT HEARING, PLAN OF ALLOCATION,
AND ANY MOTION FOR ATTORNEYS' FEES,
LITIGATION EXPENSES, AND SERVICE AWARDS**

**TO: ALL CUSTODY AND TRUST CUSTOMERS OF STATE STREET BANK AND TRUST COMPANY ("SSBT") (INCLUDING CUSTOMERS FOR WHICH SSBT SERVED AS DIRECTED TRUSTEE, ERISA PLANS, AND GROUP TRUSTS), REFLECTED IN SSBT'S RECORDS AS HAVING A UNITED STATES TAX ADDRESS AT ANY TIME DURING THE PERIOD FROM JANUARY 2, 1998 THROUGH DECEMBER 31, 2009, INCLUSIVE, AND THAT EXECUTED ONE OR MORE INDIRECT FX TRANSACTIONS WITH SSBT AND/OR ITS SUBCUSTODIANS DURING THE PERIOD FROM JANUARY 2, 1998 THROUGH DECEMBER 31, 2009, INCLUSIVE (THE "SETTLEMENT CLASS")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts, that Plaintiffs Arkansas Teacher Retirement System, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangeland (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member, by and through their counsel, and State Street Bank and Trust Company have reached a proposed settlement of the above-captioned actions (the "Class Actions") in the amount of $300,000,000 in cash (the "Class Settlement Amount") that, if approved by the Court, will resolve the Class Actions in their entirety (the "Class Settlement").

A hearing will be held before the Honorable Mark L. Wolf of the United States District Court for the District of Massachusetts, Eastern Division in Courtroom 10 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 at 2:00 p.m. on November 2, 2016 to, among other things, determine whether: (1) the proposed Class Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the Class Actions should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated as of July 26, 2016; (3) the proposed Plan of Allocation for distribution of the Class Settlement Amount, and any accrued interest, less Court-awarded attorneys' fees, Litigation Expenses, Service Awards, Notice and Administration Expenses, Taxes, Tax Expenses and any other costs, fees, or expenses approved by the Court (the "Net Class Settlement Fund") should be approved as fair and reasonable; and (4) Lead Counsel's application, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees and payment of Litigation Expenses and Service Awards should be approved. The Court may change the date and/or time of the Final Approval Hearing without providing another notice. You do NOT need to attend the hearing in order to receive a distribution from the Net Class Settlement Fund. Additionally, the Court has the authority to change any of the deadlines below for good cause shown.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET CLASS SETTLEMENT FUND.** If you have not yet received the full mailed Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (the "Notice"), you may obtain a copy by contacting the Claims Administrator or visiting the settlement website:

State Street Indirect FX Trading Class Action
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217
877-240-3540
www.StateStreetIndirectFXClassSettlement.com
info@StateStreetIndirectFXClassSettlement.com

Inquiries may also be made to Lead Counsel:

LABATON SUCHAROW LLP
Lawrence A. Sucharow, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com
settlementquestions@labaton.com

Settlement Class Members do not need to submit a claim form in order to be eligible to share in the distribution of the Net Class Settlement Fund. Your recovery will be calculated by the Claims Administrator as part of the implementation of the Class Settlement, and will be based on information obtained from SSBT. However, as explained in the Notice, if you represent a Group Trust, you must provide a certification *postmarked or received on or before December 20, 2016* in order to receive a portion of the ERISA Settlement Allocation, rather than a portion of the balance of the Net Class Settlement Fund.

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the Notice such that it is *received on or before October 7, 2016*. If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by all judgments and orders entered in the Class Actions.

Any objection to the proposed Class Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of Litigation Expenses and/or Service Awards must be filed with the Court in accordance with the instructions in the Notice such that it is *received on or before October 7, 2016*. If you submit an objection, you have the right, but are not required, to attend the Final Approval Hearing; if you wish to speak at the Final Approval Hearing, you must include in your written objection a statement that you intend to appear and speak at the Final Approval Hearing.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.

Dated: September 6, 2016

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

# AFFIDAVIT

**STATE OF TEXAS**               )
                                 )  **ss:**
**CITY AND COUNTY OF DALLAS)**

I, Jeb Smith, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

 the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

 1   insertion(s) on the following date(s):

SEP-06-2016;

ADVERTISER: STATE STREET BANK;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
 6    day of   September   2016

Notary Public



TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

# EXHIBIT C

9/14/2016     Labaton Sucharow LLP Announces Notice Of Pendency Of Class Actions and Proposed Settlement In The State Street...

Case 1:11-cv-10230-MLW Document 180 Filed 03/13/17 Page 39 of 48



(/)

SEP 06, 2016, 11:00 ET

News provided by
Labaton Sucharow LLP → (http://www.prnewswire.com/news/labaton+sucharow+llp)

f   𝕏   G+   in   🅟   🗐

# Labaton Sucharow LLP Announces Notice Of Pendency Of Class Actions and Proposed Settlement In The State Street Indirect FX Class Actions

BOSTON, Sept. 6, 2016 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY* | )<br>)   No. 11-cv-10230 MLW<br>) |
| *ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al.* | )<br>)   No. 11-cv-12049 MLW<br>) |
| *THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY* | )   No. 12-cv-11698 MLW<br>) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTIONS, PROPOSED SETTLEMENT, SETTLEMENT HEARING, PLAN OF ALLOCATION, AND ANY MOTION FOR ATTORNEYS' FEES, <u>LITIGATION EXPENSES, AND SERVICE AWARDS</u>**

**TO: ALL CUSTODY AND TRUST CUSTOMERS OF STATE STREET BANK AND TRUST COMPANY ("SSBT") (INCLUDING CUSTOMERS FOR WHICH SSBT SERVED AS DIRECTED TRUSTEE, ERISA PLANS, AND GROUP TRUSTS), REFLECTED IN SSBT'S RECORDS AS HAVING A UNITED STATES TAX ADDRESS AT ANY TIME DURING THE PERIOD FROM JANUARY 2, 1998 THROUGH DECEMBER 31, 2009, INCLUSIVE, AND THAT EXECUTED ONE OR MORE INDIRECT FX TRANSACTIONS WITH SSBT AND/OR ITS SUBCUSTODIANS DURING THE PERIOD FROM JANUARY 2, 1998 THROUGH DECEMBER 31, 2009, INCLUSIVE (THE "SETTLEMENT CLASS")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts, that Plaintiffs Arkansas Teacher Retirement System, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangeland (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member, by and through their counsel, and State Street Bank and Trust Company have reached a proposed settlement of the above-captioned actions (the "Class Actions") in the amount of $300,000,000 in cash (the "Class Settlement Amount") that, if approved by the Court, will resolve the Class Actions in their entirety (the "Class Settlement").

A hearing will be held before the Honorable Mark L. Wolf of the United States District Court for the District of Massachusetts, Eastern Division in Courtroom 10 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 at 2:00 p.m. on November 2, 2016 to, among other things, determine whether: (1) the proposed Class Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the Class Actions should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated as of July 26, 2016; (3) the proposed Plan of Allocation for distribution of the Class Settlement Amount, and any accrued interest, less Court-awarded attorneys' fees, Litigation Expenses, Service Awards, Notice and Administration Expenses, Taxes, Tax Expenses and any other costs, fees, or expenses approved by the Court (the "Net Class Settlement Fund") should be approved as fair and reasonable; and (4) Lead Counsel's application, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees and payment of Litigation Expenses and Service Awards should be approved.  The Court may change the date and/or time of the Final Approval Hearing without providing another notice.  You do NOT need to attend the hearing in order to receive a distribution from the Net Class Settlement Fund.  Additionally, the Court has the authority to change any of the deadlines below for good cause shown.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET CLASS SETTLEMENT FUND.**  If you have not yet received the full mailed Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (the "Notice"), you may obtain a copy by contacting the Claims Administrator or visiting the settlement website:

*State Street Indirect FX Trading Class Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217
877-240-3540
www.StateStreetIndirectFXClassSettlement.com (http://www.statestreetindirectfxclasssettlement.com/)
info@StateStreetIndirectFXClassSettlement.com (mailto:info@StateStreetIndirectFXClassSettlement.com)

Inquiries may also be made to Lead Counsel:

LABATON SUCHAROW LLP

Lawrence A. Sucharow, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com (http://www.labaton.com/)
settlementquestions@labaton.com (mailto:settlementquestions@labaton.com)

Settlement Class Members do not need to submit a claim form in order to be eligible to share in the distribution of the Net Class Settlement Fund.  Your recovery will be calculated by the Claims Administrator as part of the implementation of the Class Settlement, and will be based on information obtained from SSBT.  However, as explained in the Notice, if you represent a Group Trust, you must provide a certification *postmarked or received on or before December 20, 2016* in order to receive a portion of the ERISA Settlement Allocation, rather than a portion of the balance of the Net Class Settlement Fund.

9/14/2016     Labaton Sucharow LLP Announces Notice Of Pendency Of Class Actions And Proposed Settlement In The...

Case 1:11-cv-10230-MLW Document 180 Filed 03/13/17 Page 41 of 48

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the Notice such that it is **received on or before October 7, 2016.** If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by all judgments and orders entered in the Class Actions.

Any objection to the proposed Class Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of Litigation Expenses and/or Service Awards must be filed with the Court in accordance with the instructions in the Notice such that it is **received on or before October 7, 2016.** If you submit an objection, you have the right, but are not required, to attend the Final Approval Hearing; if you wish to speak at the Final Approval Hearing, you must include in your written objection a statement that you intend to appear and speak at the Final Approval Hearing.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.

Dated: September 6, 2016    BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

SOURCE Labaton Sucharow LLP

**Related Links**

http://www.labaton.com (http://www.labaton.com)

# Also from this source

SEP 08, 2016, 07:59 ET
**The Law Firm of Labaton Sucharow LLP Announces a Proposed $95... (http://www.prnewswire.com/news-releases/the-law-firm-of-labaton-sucharow-llp-announces-a-proposed-95-million-class-action-settlement-involving-persons-and-entities-that-purchased-the-publicly-traded-securities-of-amgen-inc-300324268.html)**

JUN 23, 2016, 11:45 ET
**Labaton Sucharow Whistleblowers Tipped SEC About Bank of... (http://www.prnewswire.com/news-releases/labaton-sucharow-whistleblowers-tipped-sec-about-bank-of-americas-multi-billion-dollar-securities-violations-300289399.html)**

# Explore

More news releases in similar topics

Banking & Financial Services (http://www.prnewswire.com/news-releases/financial-services-latest-news/banking-financial-services-list/)

Legal Issues (http://www.prnewswire.com/news-releases/policy-public-interest-latest-news/legal-issues-list/)

You just read:

# Labaton Sucharow LLP Announces Notice Of Pendency Of Class Actions and Proposed Settlement In The State Street Indirect FX Class Actions

News provided by Labaton Sucharow LLP → (http://www.prnewswire.com/news/labaton+sucharow+llp)

F  ✕  G+  in  P  ⧉

http://www.prnewswire.com/news-releases/labaton-sucharow-llp-announces-notice-of-pendency-of-class-actions-and-propos

**Contact (/contact-us/)**

Chat Online with an Expert
Contact Us (/contact-us/)

**Solutions (/solutions/overview/)**

For Marketers (/solutions/marketing/)
For Public Relations (/solutions/public-relations/)
For IR & Compliance (/solutions/ir-compliance/)
For Agency (/solutions/agency/)
For Small Business (http://www.smallbusinesspr.com/)
All Products (/solutions/products-overview/)

**About (http://prnewswire.mediaroom.com/index.php)**

My Services ()

About PR Newswire (http://prnewswire.mediaroom.com/index.php)
About Cision (http://www.cision.com/us/?utm_medium=website&utm_source=prnewswire&utm_content=cishomepage&utm_c
Become a Publishing Partner (/contact-us/prnewswire-partners/)
Become a Channel Partner (/contact-us/become-a-partner/)
Careers (http://prncareers.mediaroom.com/)

Global Sites ∧ ()

📱 888-776-0942
from 8 AM - 10 PM ET (tel:888-776-0942)

Terms of Use (/terms-of-use-apply.html)    |    Privacy Policy (/privacy-policy.html)    |    Information Security Policy Statement (/prn-information-security-policy.html)    |    Site Map (/sitemap/)    |    Copyright
RSS Feeds (/rss/)© 2016 PR Newswire Association LLC. All Rights Reserved. A Cision (http://www.cision.com/us/?utm_medium=website&utm_source=prnewswire&utm_content=cishomepage&utm_campaign=prnewswire) company.

# EXHIBIT B

# PROPROSED ORDER

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 12-cv-11698 MLW |

## [PROPOSED] ORDER APPROVING FORM AND MANNER OF SUPPLEMENTAL NOTICE TO THE SETTLEMENT CLASS REGARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

**WHEREAS**, Labaton Sucharow LLP ("Labaton Sucharow" or "Lead Counsel"), counsel for Plaintiff Arkansas Teacher Retirement System ("ARTRS") and the Settlement Class in the above-titled consolidated actions, has filed a submission with the Court regarding proposed notice to the Settlement Class, as directed by the Court during the hearing on March 7, 2017 and in the Court's Order dated March 8, 2017 (ECF No. 172); and

**WHEREAS**, the Court has reviewed and considered the notice submission, the accompanying exhibits, and all submissions related thereto; and

**WHEREAS**, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation and Agreement of Settlement, dated July 26, 2016 (ECF No. 89);

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this ___ day of March ___, 2017 that:

1.      The Court approves the form, substance, and requirements of the Supplemental Notice of Further Proceedings Regarding Award of Attorneys' Fees and Payment of Litigation Expenses and Service Awards (the "Supplemental Notice"), annexed hereto as Exhibit A.

2.      A.B. Data, Ltd. as the Claims Administrator, shall cause the Supplemental Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before five (5) business days after entry of this Order (the "Notice Date") to all Settlement Class Members to whom the prior Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards was mailed.

3.      Within five (5) business days of the Notice Date, Lead Counsel shall file with the Court proof of mailing of the Supplemental Notice.

2

4.       A.B. Data, Ltd. shall post: the Supplemental Notice; the November 10, 2016 letter (ECF No. 116); and the Court's Orders dated February 6, 2017 (ECF No. 117) and March 8, 2017 (ECF Nos. 173) on the website www.StateStreetIndirectFXClassSettlement.com on or before the Notice Date.  Future public filings by the Special Master, and any responsive filings, shall also be posted on the website.

5.       Labaton Sucharow shall post: the Supplemental Notice; the November 10, 2016 letter (ECF No. 116); and the Court's Orders dated February 6, 2017 (ECF No. 117) and March 8, 2017 (ECF Nos. 173) on the website www.labaton.com on or before the Notice Date.  Future public filings by the Special Master, and any responsive filings, shall also be posted on the website.

6.       The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of further proceedings in the Class Action meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and constitute the best notice practicable under the circumstances, and shall constitute due, adequate, and sufficient notice to all persons and entities entitled thereto.

7.       The Court will consider any Settlement Class Member's objection to the previously submitted application for an award of attorneys' fees, litigation expenses, and service awards only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received no later than forty-five (45) calendar days after the Notice Date, upon Lead Counsel: Lawrence A. Sucharow, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 (who will immediately copy all Plaintiffs' Counsel); and Defendant's Counsel: William H. Paine, Wilmer Cutler Pickering Hale and Dorr

3

LLP, 60 State Street, Boston, MA 02109, and has filed said objections and supporting papers

with the Clerk of the Court, United States District Court for the District of Massachusetts, John

Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.


Dated:  March  ___, 2017

                                                 _____
                                                 HON. MARK L. WOLF
                                                 UNITED STATES DISTRICT JUDGE