**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant | No. 12-cv-11698 MLW |

**THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION
FAIRNESS'S MOTION FOR RESPONSE TO LABATON SUCHAROW LLP'S
PROPOSED SUPPLEMENTAL NOTICE TO THE SETTLEMENT CLASS
AND ITS MOTION PURSUANT TO FED. R. CIV. P. 60(b)(1)**

In accordance with Local Rule 7.1, *amicus* Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF") moves to respond to Labaton Sucharow LLP's ("Labaton's") motion pursuant to Fed. R. Civ. P. 60(b)(1), Dkt. 178, and Labaton's submission regarding proposed notice to the Settlement Class, Dkt. 180.[1] The Court suggested that it would entertain a motion responding to proposed notice. *See* Mar. 7, 2017 Hearing Transcript ("Hrg. Tr.") at 37:24-38:1.

Response is especially necessary because, contrary to the Court's suggestion, neither Labaton nor any class counsel consulted with CCAF in drafting the proposed notice. ("You don't support it [notice], but you can talk to Mr. Frank, hopefully, civilly. Hopefully you'll be as civil in talking to each other alone as you are in my presence." Hrg. Tr. at 37:9-12.) The notice itself fails to comprehensibly or accurately convey the nature of the proceedings to class members, once again showing the need for adversarial presentation.

CCAF's proposed response describes numerous omissions in Labaton's proposed notice and needless hurdles to class participation. CCAF attaches an alternative form of notice, which cures these defects. An editable electronic copy of this document can be provided to the Court upon request.

As for Labaton's Rule 60(b)(1) motion, CCAF's proposed response observes that no relief is expressly requested by the motion. To ensure that the fee order does not become entrenched, the court should act upon Labaton's motion by vacating the fee order, which provides complete relief. Vacatur provides the Court and Special Master with a blank slate to draft an appropriate fee order.

---

[1] Curiously, Labaton—and not its client, Arkansas Teacher Retirement System—has moved for relief under Rule 60(b)(1), although other named plaintiffs as well as law firms have joined this motion (Dkts. 181-184). Labaton appears to submit proposed notice on its own behalf, and no plaintiff or other counsel has joined its proposal.

The Court should grant leave for CCAF to file its response to Labaton's Rule 60(b)(1) motion and proposed notice. To the extent that the Court chooses to issue supplemental notice in addition to or instead of appointing a guardian *ad litem*, CCAF respectfully submits that it should more closely resemble CCAF's proposal.

Dated: March 20, 2017

/s/ M. Frank Bednarz
M. Frank Bednarz (BBO No. 676742)
COMPETITIVE ENTERPRISE INSTITUTE
1145 E Hyde Park Blvd. Apt 3A
Chicago, IL 60615
Telephone: 202-448-8742
Email: frank.bednarz@cei.org

/s/ Theodore H. Frank
Theodore H. Frank (*pro hac vice*)
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, DC 20005
Telephone: 202-331-2263
Email: ted.frank@cei.org

*Attorneys for Amicus Curiae*
*Competitive Enterprise Institute*
*Center for Class Action Fairness*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I certify that on March 16, 2017, CCAF emailed counsel for Labaton Sucharow LLP in a good faith effort to narrow or resolve the issues raised in this motion.  As of this date, counsel for Labaton Sucharow LLP never responded to the email.

Dated: March 20, 2017

/s/ M. Frank Bednarz
M. Frank Bednarz

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2017, I served a copy of the forgoing on all counsel of record by filing a copy via the ECF system.


Dated: March 20, 2017


/s/ M. Frank Bednarz
M. Frank Bednarz

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant | No. 12-cv-11698 MLW |

**THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS'S [PROPOSED] RESPONSE TO LABATON SUCHAROW LLP'S SUBMISSION OF PROPOSED SUPPLEMENTAL NOTICE TO THE SETTLEMENT CLASS AND ITS MOTION PURSUANT TO FED. R. CIV. P. 60(b)(1)**

*Amicus* Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF") responds to Labaton Sucharow LLP's ("Labaton's") Submission With Respect to Proposed Supplemental Notice to the Settlement Class, Dkt. 180, and Labaton's Motion Pursuant to Rule 60(b)(1), Dkt. 178.

Labaton's proposed response has the effect of concealing the purpose of these proceedings, and adds needless barriers to class member participation. CCAF has drafted an alternative form, which better comports with this Court's guidance and the Federal Judicial Center's guidelines for class notice. CCAF's notice advises class members that they may financially benefit from these proceedings and also informs them of the availability of *pro bono* counsel to litigate any objection. Without this information, class members may believe they have nothing at stake or that the costs of objecting will be too high to profitably comply with their fiduciary responsibility to trust beneficiaries.

CCAF generally supports Labaton's proposal to use supplemental mail and website notice, except that, where available, email notice should also be sent to maximize the probability that notice will be read and understood by class members. CCAF would also clarify that all filings related to the Special Master should be available online—including CCAF's motion to participate as *amicus curiae* or as guardian *ad litem*.

As for Labaton's Rule 60(b)(1) Motion, it does not specify any relief sought. Rule 60 motions exist to vacate or modify orders, and Labaton's order should be redrafted to expressly seek the remedy of vacatur.

## I.     Deficiencies of Labaton's Proposed Notice

Labaton's proposed supplemental notice repeatedly obscures issues that would be important to the class. The appointment of Special Master to investigate the attorneys' fee award—which should be the *subject* of the notice—goes unmentioned until the *third page*. Any class member reading the notice must trudge through lines of vague statements and hagiographic case history before learning the reason for notice. Worse, the proposal deters class members from objecting by misleading them that the "additional proceedings discussed below do not relate to or affect the Settlement and will not delay

a distribution to the Class." Labaton Prop. Notice, at 7-8.[1] Any rational trustee would discard the notice upon reading this statement because it sounds as if class members have no financial interest whatsoever in the proceedings. In fact, any money that may be disgorged upon the Special Master's recommendation reverts to the class settlement fund under terms of the Settlement Agreement, so the master proceedings do "relate to" and "affect" class recovery. A publicly-traded company that provided shareholders a proxy statement this misleading would surely face litigation.

The proposed notice fails in several other respects by:

- Failing to identify the *Boston Globe* by name, much less citation to the relevant article (perhaps because the *Globe* provides accessible account of the billing issues, which Labaton's Proposed Notice obscures).

- Failing to advise class members that "the $41 million reported lodestar involved double-counting." Hrg. Tr. at 28:19-22 (Court noting that class members may have objected had they been aware of double-counting).

- Prejudging the nature of class counsel's mistake(s) as an "inadvertent reporting error."

- Neglecting to advise class members that class counsel opposes any reduction in attorneys' fee award.

- Excluding the fact that a reduction in attorneys' fees will result in larger *pro rata* payment to class members.

Class counsel omits these key details, ironically again demonstrating the need for adversarial presentation before the Special Master. Without an advocate for class members' interests, class counsel is free to ratchet down any unfavorable finding—first before the Special Mater, then on Rule 53 appeal to the Court, and once again before the First Circuit. Without a class member objector or guardian *ad litem*, all of these proceedings may be uncontested.

The form of Labaton's Proposed Notice fails several "major checkpoints" of the Federal Judicial Center's Checklist for Class Action Notice.[2] It is laden with stilted legalese and jargon rather

---

[1] Labaton's Proposed Notice includes no page numbers, so pin citations herein are to the ECF-generated page numbers for Dkt. 180.

[2] *See* Federal Judicial Center's Notice and Claims Process Checklist and Plain Language Guide,

than "clear, concise, easily understood language." The proposed notice fails to "command class members' attention" by burying key issues deep in the document. It is long on vague excuses, and lacks the clarity and directness of the Court's own orders. *Compare* Labaton Prop. Notice *with* Memorandum and Order Feb. 7, 2017, Dkt. 117 at 1-2 ("Questions have arisen with regard to the accuracy and reliability of information submitted by plaintiffs' counsel on which the court relied, among other things, in deciding that it was reasonable to award them almost $75,000,000 in attorneys' fees and more than $1,250,000 in expenses."). A proposed notice that buries the essential details in a grave "chock-full of legalese" should not be approved. *Daniels v. Aéropostale West, Inc.*, No. C 12-5755 WHA, 2014 WL 2215708, 2014 U.S. Dist. LEXIS 74081, at *17 (N.D. Cal. May 29, 2014).

Labaton's Proposed Notice also contravenes the FJC Checklist's prohibition on "unnecessary hurdles that make it difficult for class members to exercise their rights . . . [to] object." Proposed Notice requires that objections "**must be filed with the Court <u>and</u> *received* by counsel listed below by no later than _____.**" Labaton Prop. Notice at 11 (emphasis in original). Class members might then infer that notice requires them to retain an attorney, yet makes no mention of *pro bono* counsel willing to represent objectors. Retention of counsel may impose an unacceptable expense to a fund manager, officer, or trustee, so deter class participation. In any event, the requirement is needless: service of objections on counsel will suffice because counsel is perfectly capable of filing any objections with the Court.[3] Further, objections by email ought to be accepted, which will avoid class member uncertainty about the mailing deadline.[4] "[D]istrict courts should be wary of possible efforts by settling parties to chill objections." *Bezdek v. Vibram USA, Inc.*, 809 F.3d 78, 84 (1st Cir. 2015).

---

available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.

[3] Even if it were reasonable to require objections to be filed with the Court, this would render the requirement to also serve paper copies before the objection deadline completely superfluous. Counsel of record have consented to automatic service via ECF.

[4] Given that fewer than 2000 notices are sent to class members, there should not be any undue burden on counsel by suggesting that their publically-available email address may be used to serve objections. That said, CCAF would not object to counsel designating different email addresses, if they desire.

Given the numerous omissions in Labaton's Proposed Notice and the needless hurdles to class participation, and given class counsel's failure to confer with CCAF concerning notice, CCAF proposes an alternative form of notice attached as Exhibit A. An editable electronic copy of this document can be provided to the Court upon request.

CCAF proposes to also enclose this Court's orders, dkt. nos. 117 and 173, which describe the objective of Special Master and which include the relevant *Boston Globe* article and November 10 letter. This better comports with the Court's suggestion to give class members all key information without requiring them to go through "various steps" to find it. Hrg. Tr. at 38:10-14.  Both of these filings should also be included on the class settlement website; as of this filing, they are not.

## II.    Notice Should Also Be *Emailed* to Class Members

CCAF supports Labaton's plan for distributing notice with two slight clarifications. First, notice should be sent by direct mail *and also emailed* to class members where an email address is known. By using both means of notice, it improves the likelihood notice will be read and understood by class members, and the cost of email is negligible—particularly in a class of about 1300 members.

Second, Labaton's form of notice does not make clear whether *all* filings relating to the fee requests and appointment of Special Master will be available on the settlement website, www.StateStreetIndirectFXClassSettlement.com. The site currently has no documents dated after Final Approval on November 2, 2016. CCAF's proposed form of notice indicates that *all* filings and orders related to the fee requests and appointment of Special Master be available on the website, including CCAF's *amicus*, motion, and reply.

To the extent that Labaton agrees to provide class members both email and paper notice, add all relevant filings to the website, and add additional filings at least until the objection deadline, CCAF otherwise supports the manner of Labaton's proposed notice.

## III.    Labaton's Purported Rule 60(b)(1) Motion Fails to Specify Any Relief

Labaton's motion is ill-formed and so fails to remove doubt concerning the Court's jurisdiction to later issue a new fee order. Labaton's purported Rule 60(b)(1) motion curiously does

not have joinder from its own client, but more critically it does not seek any ascertainable relief from the November 3, 2016 Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Awarding Service Awards to Plaintiffs ("Fee Order," Dkt. 111). The relief allegedly sought, "to assure the Court's continuing jurisdiction to modify the Fee Order, should the Court find modification to be appropriate" is meaningless because the Court *always* retains jurisdiction to entertain Rule 60 motions from parties, even if these motions are untimely or otherwise not allowed under the rules. *Cf. Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 502 (5th Cir. 2000) (no judge has the authority to refuse entertainment of Rule 60 motions).

The motion thus does not cure any appearance of *sua sponte* motion when the Court may later decide to amend the Fee Order without class counsel's support. Labaton does not expressly move for the Fee Order to be vacated or modified, so the motion fails to satisfy Fed. R. Civ. Proc. 7(b)(1)(C), which requires statement of the relief sought. "Rule 7 is designed to afford notice of the grounds and prayer of the motion to both the court and the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Cambridge Plating Co. v. Napco, Inc.*, 85 F.3d 752, 760 (1st Cir. 1996) (cleaned up).

Because neither the Court nor the parties can prejudge what the future fee order may be, the old Fee Order should be vacated with the understanding that moneys paid under this order were done so lawfully and will not be disturbed until further orders are issued. In this way, class counsel cannot later argue that the Court lacks jurisdiction to amend the Fee Order, which may well be over a year old before an appropriate new fee order can issue. The Court may now vacate the Fee Order under Rule 60(b)(1) because it admittedly contains at least a $4.1 million dollar mistake regarding lodestar. Labaton should resubmit its motion to make clear it seeks the relief of vacatur, which will provide the Special Master and the Court with a blank slate from which to draft an appropriate new fee order.

## CONCLUSION

The Court should approve notice that does not obscure issues central to appointment of the Special Master, in a form resembling CCAF's proposal (attached as Exhibit 1). Additionally, the Court

should require that email notice be sent to class members and that the settlement website be updated with all filings related to the fee request and appointment of Special Master. Finally, to avoid potential jurisdictional challenge later, Labaton—or a party acting on behalf the class—ought to submit an amended Rule 60(b) motion for specific relief from the Fee Order, specifically vacatur.

Dated: March 20, 2017

/s/ M. Frank Bednarz
M. Frank Bednarz (BBO No. 676742)
COMPETITIVE ENTERPRISE INSTITUTE
1145 E Hyde Park Blvd. Apt 3A
Chicago, IL 60615
Telephone: 202-448-8742
Email: frank.bednarz@cei.org

/s/ Theodore H. Frank
Theodore H. Frank (*pro hac vice*)
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, DC 20005
Telephone: 202-331-2263
Email: ted.frank@cei.org

*Attorneys for Amicus Curiae*
*Competitive Enterprise Institute*
*Center for Class Action Fairness*

**CERTIFICATE OF SERVICE**

I certify that on March 20, 2017, I served a copy of the forgoing on all counsel of record by filing a copy via the ECF system.


Dated: March 20, 2017


_/s/ M. Frank Bednarz_
M. Frank Bednarz

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY,* | No. 11-cv-10230 MLW |
| *ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al.* | No. 11-cv-12049 MLW |
| *THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY,* | No. 12-cv-11698 MLW |

**NOTICE OF PROCEEDINGS THAT MAY AFFECT YOUR RIGHTS
UNDER A PREVIOUSLY APPROVED CLASS-ACTION SETTLEMENT
WHERE YOU HAVE FILED A PENDING CLAIM FOR RECOVERY**

**Supplemental Notice of Appointment of Special Master to Investigate
Attorneys' Fees Paid to Plaintiffs' Counsel in the Above-Captioned Litigation**

Based on our records, you are a class member (or you represent a class member) in the above litigation. Class members will each receive a portion of the $300 million settlement fund in this case, minus attorneys' fees, expenses, and service awards, which were previously awarded by in the amount of $75.8 million by the court on November 2, 2016.

Questions have arisen regarding the accuracy and reliability of information submitted by plaintiffs' counsel, on which the Court relied in the awarding attorneys' fees and expenses. The Honorable Mark L. Wolf therefore reopened the fee judgment, and on March 8, 2017 ordered the appointment of a Special Master to investigate the court's previous award of attorneys' fees, expenses, and service awards. The Special Master will investigate and provide a report and recommendation concerning whether the fees were reasonable and whether any misconduct has occurred in connection with the awards. **If attorneys' fees are reduced, the money will be paid back by plaintiffs' counsel's law firms and distributed to class members on a *pro rata* basis according to the settlement agreement.**

Judge Wolf ordered the dissemination of this notice under Rule 23(h) to advise class members that they **may object to the awards previously made by [date 45 days after notice sent]**. *Pro bono*

counsel has offered to represent any good-faith objector in this case, or you may retain your own counsel.

All documents relating to the fee award and Special Master are available on the settlement website: www.StateStreetIndirectFXClassSettlement.com.

**Background Concerning Attorneys' Fee Award**

On November 2, 2016, following the distribution of notice to the Settlement Class and a final approval hearing, the Court approved the proposed Settlement of $300,000,000 in cash (the "Class Settlement Amount"). The Settlement is now final and the additional proceedings will not undo the Settlement or delay the distribution of over $200 million to the class.

On November 2, 2016 the Court also entered an Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs ("Final Fee Order"): (1) awarding attorneys' fees to Plaintiffs' counsel in the amount of $74,541,250.00 (plus any accrued interest); (2) approving payment of litigation expenses to Plaintiffs' counsel in the amount of $1,257,697.94; and (3) approving payment of service awards to Plaintiffs in the aggregate amount of $85,000.00, comprised of $25,000.00 to plaintiff Arkansas Teacher Retirement System ("ARTRS") and $10,000.00 to each of the ERISA Plaintiffs, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangeland (collectively with ARTRS, the "Plaintiffs").

The Court approved the payment of attorneys' fees based on the filings of plaintiffs' counsel and on the "common fund" doctrine, reckoning that the fee award would represent approximately 25% of the Settlement Amount. In testing the reasonableness of that amount, the Court took into account the "lodestar," or the amount that Plaintiffs' counsel represented as the number of hours expended on the matter multiplied by their current hourly billing rates. After considering the aggregate lodestar submitted by all Plaintiffs' counsel of $41,323,895.75, the Court found that the approximately 25% fee award had a "lodestar multiplier" of 1.8 which the court approved as fair and reasonable under the circumstances of this case, based on the filings of plaintiffs' counsel. (A "lodestar multiplier"

is the ratio of the fee award to the hourly bill claimed by plaintiffs' counsel, so a lodestar multiplier of 2.0 means that the fee award is double the claimed hourly rate billing of the attorneys.)

On November 10, 2016, after receiving inquiries from a reporter at the *Boston Globe*, lead counsel Labaton Sucharow LLP ("Labaton") filed a letter with the court advising that it and two other law firms—Thornton Law Firm ("Thornton") and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser")—had double-counting the time of 17 different "staff attorneys" hired on a temporary basis, with a duplicate lodestar billing value of over $4 million.[1] Labaton advised that the error was inadvertent and that removing the duplicate billing reduced the aggregate lodestar to $37,265,241.25, and increased the "multiplier" represented by the fee award from 1.8 to 2.0 times lodestar. Labaton asserted in the letter and still asserts that the attorneys' fee award in this matter was reasonable and should not be reduced.

On December 17, 2016, the *Boston Globe* published an article by Andrea Estes entitled "Critics hit law firms' bills after class-action lawsuits," which concerns the attorneys' fees request in this case.[2] In addition to the admitted double-counting, the article questioned the billing rates of attorneys listed on the fee requests filed for Labaton, Thornton, and Lieff Cabraser. In particular, at least one of the temporary staff attorneys billed at hundreds of dollars an hour told the *Globe* he was actually just paid $30 an hour, and another frequently works as a court-appointed defender making $53 an hour. More than 60% of the fees claimed by Labaton, Thornton, and Lieff Cabraser were claimed to derive from work performed by staff attorneys.

A total of nine law firms submitted fee requests in the litigation, but no questions have been raised regarding the accuracy of information provided by firms representing the ERISA Plaintiffs, which account for only $4.1 million lodestar altogether.

---

[1] The letter is enclosed as Exhibit A to the order of February 6, 2017 (Dkt. 117).

[2] This article is enclosed as Exhibit B to the order of February 6, 2017 (Dkt. 117). It is also available online at: https://www.bostonglobe.com/metro/2016/12/17/lawyers-overstated-legal-costs-millions-state-street-case-opening-window-questionable-billing-practices/

### Special Master Appointed to Investigate Billing

In light of the acknowledged error and the questions raised by the *Boston Globe*, the Court has reopened the November 2, 2016 Final Fee Order, and appointed retired United States District Judge Gerald E. Rosen as a Special Master to investigate all issues relating to the attorneys' fees, expenses, and service awards previously made in this case and to submit a report and recommendations to the Court.[3] The Special Master report will address at least the following issues:

(a) the accuracy and reliability of the representations made by Plaintiffs' counsel in their requests for awards of attorneys' fees and expenses, including but not limited to whether counsel employed the correct legal standards and had a proper factual basis for what was represented to be the lodestar for each firm;

(b) the accuracy and reliability of the representations made in Labaton's November 10, 2016 letter to the Court;

(c) the accuracy and reliability of the representations made by the parties requesting service awards for Plaintiffs;

(d) the reasonableness of the amounts of attorneys' fees, expenses, and service awards previously ordered, and whether any or all of them should be reduced;

(e) whether any misconduct occurred in connection with such awards; and, if so,

(f) whether any such misconduct should be sanctioned.

After the Court receives the report and recommendation, which is planned to issue on October 10, 2017, the parties may object to any portion of the report. Judge Wolf may then issue a new final decision concerning attorneys' fees, expenses, and service awards.

The fees and expenses of the Special Master in conducting this investigation, as well as fees and expenses of those he may retain to assist him, will be paid by the Court from the fees previously awarded to Plaintiffs' counsel. Labaton, Thornton, and Lieff Cabraser have collectively deposited funds with the Court for this purpose. The further proceedings discussed in this notice will not result in any increase in attorneys' fees, litigation expenses, or service awards to Plaintiffs.

The proceedings may in fact result in a decrease of fees, which will be ultimately paid for the benefit of class members. If fees are reduced, then the Settlement Agreement provides "Plaintiffs'

---

[3] A copy of the March 8, 2017 order appointing special master (Dkt. 173) is enclosed.

counsel severally shall be obligated to repay any such attorneys' fees and Litigation Expenses" to the Class Escrow Account. Settlement Agreement, ¶ 19. "All funds held by the Escrow Agent for the Class Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Settlement Agreement and/or further order." *Id.* at ¶ 15.

Class counsel opposes any reduction from the attorneys' fees previously awarded, but you are not bound by this decision and may choose to retain your own counsel or otherwise object.

Class members have an opportunity to be heard before the Special Master by filing an objection to the previously-awarded fees.

### How to Object to Previously-Awarded Fee Request

Any Class Member wishing to object to the award of attorneys' fees, litigation expenses, and service awards previously authorized by the Court, may do so, in writing, **before [date 45 days after mailing date]**, as described below.

The non-profit Competitive Enterprise Institute's Center for Class Action Fairness has offered to serve as *pro bono* (free) counsel to represent class member who wish to file good-faith objections to challenge the fee awards in this case. Inquiries for possible *pro bono* representation may be sent to: ted.frank@cei.org. Neither the Court nor Class Counsel endorses the Competitive Enterprise Institute, and you may retain any other attorney you wish at your own expense or find other *pro bono* representation.

All objections must include your name, the State Street fund codes identified on the front of this Supplemental Notice, your address, telephone number, e-mail address, signature, and a full explanation of the objection.[4]

---

[4] If you believe you are a class member (or represent a class member), but you were not personally sent this notice and do not know the State Street fund code(s), you must also include the following information in order to establish membership in the Settlement Class: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is objecting; (ii) the approximate date(s) of the agreement(s) referenced in (i) above; (iii) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (iv) a list of all current and former accounts,

**Your written objection must be received by counsel listed below by no later than [45 days after notice is mailed].**

| Lead Counsel | Defendants' Counsel |
|---|---|
| By U.S. mail:<br><br>    Lawrence A. Sucharow, Esq.<br>    Labaton Sucharow LLP<br>    140 Broadway<br>    New York, NY 10005<br><br>Or by email:<br>    LSucharow@labaton.com | By U.S. mail:<br><br>    Lawrence A. Sucharow, Esq.<br>    Labaton Sucharow LLP<br>    140 Broadway<br>    New York, NY 10005<br><br>Or by email:<br>    William.Paine@wilmerhale.com |

If you object, and the Court or Special Master schedules a hearing to consider any objections, you will be personally notified of the date, time, and place of the hearing using the contact information provided in your objection.

### For More Information

Enclosed, please find copies of the Court's February 6, 2017 Memorandum and Order suggesting appointment of Special Master (Dkt. 117) and the Court's March 8, 2017 Memorandum and Order appointing Judge Rosen as Special Master (Dkt. 173).

All filings concerning the Special Master and attorneys' fees are available online at: www.StateStreetIndirectFXClassSettlement.com. Future public filings by the Special Master, and any responsive filings, will also be posted on the website. If the Court determines that a future hearing is necessary, the websites will provide the date, time, and place of the hearing.

Class Members may also contact Lead Counsel directly by calling (888) 219-6877 or emailing settlementquestions@labaton.com.

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE EXCEPT TO SERVE AN OBJECTION.**

---

including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above.

Dated: _____, 2017          BY ORDER OF THE UNITED STATES
                                      DISTRICT COURT FOR THE
                                      DISTRICT OF MASSACHUSETTS