**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant | No. 12-cv-11698 MLW |

**THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS'S COMMENT IN SUPPORT OF THE COURT'S REVISED APPROACH TO SUPPLEMENTAL NOTICE TO THE CLASS (DKT. 187)**

As invited by the Court, *amicus* Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF") comments in support of the Court's revised approach to class notice. Memorandum and Order (Dkt. 178). The Court's approach is superior to the 45-day objection period assumed by the parties, but it is otherwise consistent with CCAF's form of proposed supplemental notice (Dkt. 186-1, Ex. 1).

The Court proposes that "any objections by class members to the awards made previously be filed after the Special Master issues his Report and Recommendation." This approach allows potential objectors to incorporate facts discovered by the Special Master. The extended objection period also better comports with Federal Judicial Center's Checklist for Class Action Notice, which suggests at least 60-90 days to allow "consideration of rights and options." FJC Checklist,[1] at 4. Notice should specify a deadline on the first page, as recommended by the FJC. *Id.* at 8. Here, the deadline should be at least 21 days after the date of the Report and Recommendation, so no earlier than October 31, 2017. *See* Rule 53(f)(2) ("party may file objections to…the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time."). The Court should consider allowing more time for unrepresented class members to rebut class counsel's arguments in support of their fee request, but the deadline should be specified in any event. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) ("[a]ny objection deadline set by the court should provide the eligible parties with an adequate opportunity to review all of the materials that may have been submitted in support of the motion and, in an appropriate case, conduct discovery concerning the fees request."); *Redman v. Radioshack Corp.*, 768 F.3d 622, 638 (7th Cir. 2014) (objectors unfairly handicapped because "they did not have all the information they needed to justify their objections").

---

[1] *See* Federal Judicial Center's Notice and Claims Process Checklist and Plain Language Guide, available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.

CCAF agrees with Labaton's proposed objection deadline 45 days after the Special Master's Report and Recommendation, although CCAF considers the notice to be otherwise deficient.[2] *See* Labaton Sucharow LLP's Amended Proposed Supplemental Notice (Dkt. 188-1) at 5.

The Court's approach appropriately reaches out to class members who generally have very little incentive to object. *See* The Competitive Enterprise Institute's Center for Class Action Fairness's *Amicus* Response to Court's Order of February 6 (Dkt. 174), at 4; Declaration of Theodore H. Frank Exhibit 1 ("Frank Memo.") (Dkt. 125-2), at 2; *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 123 (2d Cir. 2005) ("Class members have no real incentive to mount a challenge that would result in only a minuscule pro rata gain from a fee reduction."). Given the poor incentives for class member participation, *amicus* CCAF remains willing to assist the Court in whatever manner would be most beneficial.

Dated: March 27, 2017         /s/ *M. Frank Bednarz*
                              M. Frank Bednarz (BBO No. 676742)
                              COMPETITIVE ENTERPRISE INSTITUTE
                              1145 E Hyde Park Blvd. Apt 3A
                              Chicago, IL 60615
                              Telephone: 202-448-8742
                              Email: frank.bednarz@cei.org

                              /s/ *Theodore H. Frank*
                              Theodore H. Frank (*pro hac vice*)
                              COMPETITIVE ENTERPRISE INSTITUTE
                              1310 L Street NW, 7th Floor
                              Washington, DC 20005
                              Telephone: 202-331-2263
                              Email: ted.frank@cei.org

                              *Attorneys for Amicus Curiae*
                              *Competitive Enterprise Institute*
                              *Center for Class Action Fairness*

---

[2] Except for the revised objection deadline, Labaton's amended proposal appears substantially unchanged, so it remains deficient for the reasons outlined in CCAF's Proposed Response to Labaton Sucharow LLP's Submission of Proposed Supplemental Notice (Dkt. 186-1).

## CERTIFICATE OF SERVICE

I certify that on March 27, 2017, I served a copy of the forgoing on all counsel of record by filing a copy via the ECF system.

Dated: March 27, 2017

                                                  */s/ M. Frank Bednarz*
                                                  M. Frank Bednarz