# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

**LABATON SUCHAROW LLP'S OPPOSITION TO THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS' MOTION FOR RESPONSE TO LABATON SUCHAROW LLP'S PROPOSED SUPPLEMENTAL NOTICE TO THE SETTLEMENT CLASS AND ITS MOTION PURSUANT TO FED. R. CIV. P. 60(b)(1)**

Labaton Sucharow LLP ("Labaton Sucharow" or the "Firm"), Lead Counsel for Plaintiff Arkansas Teacher Retirement System ("ARTRS") and the Settlement Class in the above-titled consolidated actions, respectfully provides this opposition to The Competitive Enterprise Institute's Center for Class Action Fairness's Motion for Response to Labaton Sucharow LLP's Proposed Supplemental Notice to the Settlement Class and its Motion Pursuant to Fed. R. Civ. P. 60(b)(1) (ECF No. 186) ("CCAF's Motion for Leave").

CCAF's Motion for Leave seeks to inject the views of CCAF and its Senior Attorney and Director, Theodore H. Frank, with respect to both the supplemental notice to the class that the Court is considering, and the motion that Labaton Sucharow filed, in response to the Court's March 8, 2017 Order (ECF No. 172), seeking relief from the Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Awarding Service Awards to Plaintiffs (the "Fee Order," ECF No. 111). CCAF's request should be denied for the same reasons discussed in Labaton Sucharow's response to CCAF's prior request to insert itself into these proceedings. *See* ECF No. 145 at 4-13. There simply is no justification for CCAF, which has no client in this case, to further complicate and delay these proceedings by advancing its own agenda through arguments that are not asserted on behalf of a party. *See id.*

Indeed, the reasons for denying CCAF's request to participate as amicus or guardian *at litem* apply with even greater force now, because Retired United States District Judge Gerald Rosen has been appointed as Special Master and has begun his investigation regarding the Fee Order. *See* Memorandum and Order, ECF No. 173. Moreover, Judge Rosen has retained the services of experienced counsel, William Sinnott, to assist in that process by taking depositions, preparing written discovery, and presenting the case in any adversary proceeding before the Special Master. Notwithstanding CCAF's continued claim that its participation is needed to

provide "adversarial presentation" (CCAF's Motion for Leave at 2), it is clear that the interest of the class in ensuring a fair examination of the Fee Order is more than protected by the Special Master and Mr. Sinnott.

For the foregoing reasons, CCAF's Motion for Leave should be denied and the Court should not further[1] consider CCAF's proposed Response to Labaton Sucharow LLP's Submission of Proposed Supplemental Notice to the Settlement Class and its Motion Pursuant to Fed. R. Civ. P. 60(b)(1) (ECF No. 186-1) ("CCAF's Response").  In the event that the Court does wish to consider that filing, however, CCAF's Response is addressed further below.

*Proposed Supplemental Notice to the Class*

Most of CCAF's Response is devoted to complaints about the proposed supplemental notice[2] that Labaton Sucharow submitted at the Court's direction.  CCAF's Response at 2-5. However, the complaints that CCAF makes regarding that proposed notice, demonstrate why it would be counterproductive for CCAF to participate in these proceedings.

For example, Labaton Sucharow attempted to strike a balance with its proposed notice by providing sufficient information to advise the class of the proceedings (as directed by the Court), and pointing them to an easy way to obtain additional information, while taking care not to make the notice itself so unwieldy or complicated that class members would be less likely to read it. CCAF appears to ignore these concerns, and presses for a 51-page notice[3] that includes a principal document with attachments, one of which in turn has several attachments of its own.

---

[1] Labaton acknowledges that the Court has stated that it "considered the submissions" of CCAF concerning the supplemental notice to class members.  ECF No. 187 at 2.

[2] On March 27, 2017, Labaton Sucharow filed an amended proposed notice (ECF No. 188 and 188-1), which is revised to address the comments from the Court in its March 24, 2017 Memorandum and Order (ECF No. 187).

[3] The length of the notice proposed by CCAF – which is 45 pages longer than that proposed by Labaton Sucharow– would also significantly increase postage and printing costs.

*See* CCAF's Response at 5; CCAF's Proposed Notice, ECF No. 186-1.  Moreover, CCAF uses this opposition to suggest (without any basis) an improper motive on the part of Labaton Sucharow.  *See* CCAF's Response at 2 (claiming that the Firm's proposed notice "has the effect of concealing the purpose of these proceedings" and "repeatedly obscures issues" that would be important to the class).  Unfounded hyperbole of this nature is far more likely to give rise to delay and distraction than to shed light on this endeavor.

CCAF also attempts, improperly, to use the supplemental notice as a means to solicit clients.  CCAF's Proposed Notice states prominently that "*pro bono* counsel has offered to represent any good-faith objector" (CCAF's Proposed Notice at 2), misleadingly suggesting that a class member is required to obtain an attorney to object – which is not the case – and then offering its services for that purpose.  Later, CCAF's Proposed Notice goes even further and provides CCAF's name and contact information, saying that it will represent class members for free.  *Id.* at 5.  It is highly inappropriate for CCAF to be attempting to use class notice, in a case in which it has no involvement, to advertise and solicit clients.  Such solicitation is no more proper because the gain, rather than being monetary, is to advance CCAF's agenda.

Further, CCAF's proposed program and notice present additional problems, such as these:

- CCAF captions the notice in a manner that is alarming and sufficiently misleading to cause class members to infer that recent events have impacted the settlement itself, which is not the case.

- CCAF's Proposed Notice misrepresents what would occur if the fee award were reduced: any refunded fees and expenses would be repaid to the Settlement Fund and distributed according to the plan of allocation, not "pro rata" as CCAF's notice suggests.

- References to the November 2, 2016 fee order as the "Final Fee Order"; the description of the lodestar multipliers; the claim that Labaton Sucharow received an inquiry from the *Boston Globe*; the articulation of the Firm's November 10, 2016 letter; the amount of fees and expenses listed; the statement that "you have filed a pending claim for recovery"; and

the claim that the Special Master's report will be issued on a date certain are all misleading and/or inaccurate.

- CCAF says that notice should be provided by email, but the Firm does not have email addresses for class members.  Moreover, email is often problematic because spam filters (particularly when distributions are to large mailing lists) can prevent deliveries.

- Finally, the text on pp. 4-5 of CCAF's Proposed Notice, which concerns funds held by the Escrow Agent, is confusing legalese that is largely irrelevant.

The supplemental notice proposed by Labaton Sucharow (ECF No. 180-1) was not, as CCAF argues, objectionable or deficient.  In plain language, the notice advises class members of what the Court directed at the hearing:  that notice should "bring[] people up-to-date as to what happened on November 2nd, but also what's transpired since.  So, that would be the February [6] order and whatever I decide today, and that directs that objections be filed with the Clerk of the Court."  *See* Mar. 7, 2017 Hrg. Tr. at 37:5-8.  CCAF's criticisms are thus unfounded:

- Information about the lodestar errors and Master appointment are not "bur[ied]." CCAF's Response at 4.  The November 10, 2016 letter is mentioned in Paragraph 5 of Labaton Sucharow's proposed notice and would not make sense if the preceding paragraphs did not discuss the November 2, 2016 Fee Order.  The Firm's proposed notice specifically states that there were errors and quantifies them, and says questions were raised about "the reliability of certain information submitted in connection with the fee petition, including with regard to the hourly billing rates and the number of hours worked by certain attorneys."

- Readers do not, as CCAF suggests, need to "trudge" through the notice before learning of its purpose.  CCAF's Response at 2.  Indeed, the very title that Labaton Sucharow proposed is "Supplemental Notice of Further Proceedings Regarding Award of Attorneys' Fees . . . "

- The sentence at the end of Paragraph 2 of the Firm's proposed notice, which states that, "[t]he Settlement is now final and the additional proceedings discussed below do not relate to or affect the Settlement and will not delay a distribution to the Class," is entirely accurate and intended to clarify the scope of the additional proceedings.  The goal was to avoid a misleading suggestion that these proceedings are somehow reopening the settlement, which they are not.

- With regard to the submission of objections, Labaton Sucharow's supplemental notice follows the same process as the settlement notice and numerous other notices.  In the event that the Court finds the submission of objections to both the Court and to counsel

4

burdensome, the Firm does not oppose the submission of objections to one or the other. But, redundancy would tend to ensure that objections are not missed.

CCAF's Response and its Proposed Notice do not raise legitimate issues that advance the interests of the class. Indeed, they appear to be designed more to advance CCAF's agenda than to benefit the class.

*Labaton Sucharow 's Rule 60(b) Motion*

CCAF's Response is equally unhelpful in its criticism of the Rule 60(b)(1) Motion for Relief from Order Awarding Fees, Expenses and Service Awards (ECF No. 178) ("Rule 60(b) Motion"). Although all *parties* agreed during the March 7, 2017 hearing that the Court has continuing jurisdiction to proceed with respect to the fee issue, *see* Mar. 7, 2017 Hrg. Tr. at 15:7-18:4, CCAF continued to question this point. Counsel for Labaton Sucharow therefore made the Rule 60(b) Motion orally and agreed to follow up with a written motion. *Id.* at 19:21-25. No party or person in the courtroom objected, and following a comment from the Court, Mr. Frank agreed, saying "[t]hat does solve that particular issue." *Id.* at 20:1-9.

CCAF now attempts to raise different issues, arguing that the motion it previously approved in concept is "ill formed and so fails to remove doubt concerning the Court's jurisdiction." CCAF Response at 5. The issues CCAF raises, however, are spurious. Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party *or its legal representative* from a final judgment, order, or proceeding . . ." (emphasis added). The Fee Order at issue awarded attorneys' fees (among other things) that have been questioned by the Court. To ensure that the Court has jurisdiction to conduct proceedings relating to those fees, Labaton Sucharow orally made, and agreed thereafter to file, a written Rule 60(b) Motion to eliminate any arguable jurisdictional deficiency. CCAF cites no authority to support any suggestion that additional technical steps, such as formal joinder by ARTRS, are required.

5

CCAF Response at 5-6. Nor is there any merit to CCAF's contention that the motion seeks no relief. In an abundance of caution, the Motion seeks to reopen the proceedings to ensure the Court's continuing jurisdiction. The investigation is underway but it would be inappropriate to actually modify the order now or vacate it. CCAF cites no authority to suggest that the requested relief is insufficient to qualify this pleading as a motion.

As noted above, CCAF's lawyer agreed in Court that a Rule 60(b) motion would "solve that particular issue." Mar. 7, 2017 Hrg. Tr. at 20:9. The issue should therefore be deemed resolved, and any attempt by CCAF to manufacture issues regarding the Court's jurisdiction should be disregarded.

## CONCLUSION

For all of the foregoing reasons, Labaton Sucharow respectfully requests that the Court deny CCAF's Motion for Leave.

Dated: March 29, 2017

Respectfully submitted,

*/s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel:  (617) 248-5000
joan.lukey@choate.com
jwolosz@choate.com

*Attorneys for Labaton Sucharow LLP*

**Certificate of Service**

    I certify that on March__, 2017, I caused the foregoing document to be filed through the ECF system in above-captioned action No. 11-cv-10230, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.

                                          */s/ Joan A. Lukey*
                                          Joan A. Lukey

8028234