UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**LIMITED PROTECTIVE ORDER OF THE SPECIAL MASTER RELATING TO ATTORNEY/CLIENT PRIVILEGED AND WORK PRODUCT <u>DOCUMENTS AND INFORMATION BEING PROVIDED TO THE SPECIAL MASTER</u>**

All Plaintiffs' counsel in this matter having requested the entry of this Limited Protective

Order relating to the proceedings before the undersigned Special Master, pursuant to his

authority under Paragraph 4 of the Memorandum and Order entered in this case on March 8, 2017 (Doc. 173), and pursuant to his authority under Fed. R. Civ. P. 53(c)(1)(A) and (B), the Special Master hereby ORDERS that:

1. In order to permit full and expeditious production of documents requested by the Special Master in the proceedings before him from Plaintiffs' counsel (such documents including but not limited to electronically stored information, and summaries prepared from original documents), the production to the Special Master and his agents of attorney/client privileged documents and documents protected by the work product doctrine:

   (a) shall not constitute a specific or general waiver of either the attorney/client privilege or the work product doctrine; and

   (b) shall not waive any privilege or protection that attaches to the specific documents produced;

2. Documents and information produced in these proceedings may be used only in connection with these proceedings, and may not be otherwise used or disseminated.

3. In the event that any person or entity with standing wishes to challenge the terms of this Limited Protective Order, or any decisions of the Special Master to this Limited Protective Order, such challenge shall be lodged in the first instance with the Special Master. If the objecting person or entity is dissatisfied with the Special Master's decision(s) in response to such challenge, the objection may be submitted to the Court in the context of the captioned lawsuit.

4. In order to permit efficient evidentiary proceedings at which Plaintiffs' counsel will not feel restrained in responding accurately and completely to questions from William Sinnott (counsel to the Special Master), as well as any questions posed by the Special Master, such proceedings shall be private; provided, however, that the transcripts thereof (or excerpts) shall be

filed in Court with the Special Master's Report and Recommendation after he has permitted Plaintiffs' counsel to request the filing of the transcripts or other portions of the record under seal and after he has determined whether to honor such request and any objections to such determination have been fully and finally adjudicated.. *See* Memorandum and Order of Appointment, Doc. 173 at ¶ 11.

SO ORDERED, this 29 day of March, 2017, by:

_____
Gerald Rosen, Special Master