UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, Plaintiff | ) ) ) ) ) | |
| v. | ) ) ) | C.A. No. 11-10230-MLW |
| STATE STREET BANK AND TRUST COMPANY, Defendants. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, Plaintiff | ) ) ) ) ) ) | |
| v. | ) ) | C.A. No. 11-12049-MLW |
| STATE STREET BANK AND TRUST COMPANY, Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated, Plaintiff | ) ) ) ) ) ) | |
| v. | ) ) | C.A. No. 12-11698-MLW |
| STATE STREET BANK AND TRUST COMPANY, Defendants. | ) ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                   March 31, 2017

On February 6, 2017, the court informed the parties that it proposed to appoint former United States District Judge Gerald Rosen as a Special Master to investigate the accuracy and

reliability of the information provided by plaintiffs' counsel on which the court relied, among other things, in awarding them more than $75,000,000 in attorneys' fees and expenses in this class action. See Docket Nos. 117 and 162. After a hearing on March 7, 2017, the court appointed Judge Rosen as Special Master and directed him to attempt to complete a Report and Recommendation for the court by October 10, 2017. See Docket No. 173. The court also ordered plaintiffs' counsel to file a motion memorializing their March 7, 2017 oral motion for relief from final judgment under Federal Rule of Civil Procedure 60(b), and a proposed notice to the class describing the issues that have emerged and the events that have occurred since the court awarded expenses and attorneys' fees on November 2, 2016. See Docket No. 172. Plaintiffs' counsel have done so. See Docket Nos. 178-184.

In addition, the Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF") has requested leave to file a memorandum commenting on plaintiffs' counsel's Rule 60(b) motion and proposed notice, and provided an alternative form of notice as well. See Docket Nos. 186, 186-1, and 186-1 Ex. 1. The court has read CCAF's submissions and found them helpful. Therefore, the requested leave to file them is being allowed.[1]

---

[1] After the court had read CCAF's memorandum, plaintiffs' counsel filed an opposition to the motion for leave to submit it. See Docket No. 190.

The Motion of Labaton Sucharow LLP Pursuant to Fed. R. Civ. P. 60(b)(1) for Relief from the Order Awarding Fees, Expenses, and Service Awards (Docket No. 178) (the "Motion") is being taken under advisement. As explained in the February 6, 2017 Memorandum and Order (Amended March 6, 2017), see Docket Nos. 117 and 162 at 8, and as plaintiffs' counsel agree, see March 7, 2017 Tr. Docket No. 176 at 15-18, such a motion pursuant to Federal Rule of Civil Procedure 60(b) is not necessary to provide the court jurisdiction to decide whether the awards previously made should be reviewed and revised.[2] However, the filing of the Motion within a year of the entry of the Order making the awards (Docket No. 111), which was entered on November 2, 2016, provides another basis for jurisdiction to review and, if justified, revise the awards. The court has the authority to, if necessary, decide the Motion more than a year after November 2, 2016. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . . ." (emphasis added)).

---

[2] In the Final Judgment, entered on November 11, 2016, the court retained jurisdiction over, among other things, the determination of attorneys' fees and other matters related or ancillary to them. See Final Judgment Docket No. 110 at 10. The Order Awarding Attorneys' Fees, Expenses, and Service Awards, similarly provides that "[e]xclusive jurisdiction is retained over the subject matter of the Class Actions and over all parties to the Class Actions, including the administration and distribution of the Net Class Settlement Fund to Settlement Class Members." See Docket No. 11 at ¶8.

The court has previously ordered certain of plaintiffs' counsel to provide $2,000,000 to the Clerk of the United States District Court for the District of Massachusetts to pay for the work of the Special Master and those engaged to assist him. See Docket No. 173 at ¶¶13-14. They have done so. See Docket No. 175. The court retains the authority to order additional payments to class members and/or the District Court as the Special Master's work progresses and, in any event, in acting upon his Report and Recommendation.

The court has considered the proposed notices to the class submitted by plaintiffs' counsel and CCAF, in drafting the notice attached hereto as Exhibit A. The court is ordering that notice be sent by mail to class members and/or their counsel, and also by email to the class members and/or their counsel for whom plaintiffs' counsel or the Claims Administrator, A.B. Data, Ltd., have an email address.

The court is also ordering that all submissions to the court or to the Special Master since November 2, 2017, and all future submissions, including any submissions by CCAF, be filed on the docket of this case and, except for sealed submissions, be made available on the class website, www.statestreetindirectfxclasssettlement.com, and on the website of Labaton Sucharow LLP, www.labaton.com.

4

Plaintiffs' counsel and CCAF's submissions have also contributed to an evolution in the court's view concerning the time at which class members should have the opportunity to object to the awards previously made to class counsel and the class representatives. The court is not requiring that such objections be made in response to the notice now being issued. Instead, the court will order that class members be sent an additional notice after the Special Master issues his Report and Recommendation, and that any objections or comments by class members be filed in response to that notice. The form of that notice and the procedure for making such objections will be addressed in connection with the submission of the Special Master's Report and Recommendation.

In view of the foregoing, it is hereby ORDERED that:

1.   The Motion of Labaton Sucharow LLP Pursuant to Fed. R. Civ. P. 60(b)(1) for Relief from Order Awarding Fees, Expenses, and Services Awards (Docket No. 178) is taken under advisement.

2.   The Competitive Enterprise Institute's Center for Class Action Fairness's Motion for Response to Labaton Sucharow LLP's Proposed Supplemental Notice to the Settlement Class and its Motion Pursuant to Fed. R. Civ. P. 60(b)(1) (Docket No. 186) is ALLOWED.

3.   Within five business days of the entry of this Order, the Claims Administrator, A.B. Data, Ltd., shall cause the notice attached hereto as Exhibit A to be mailed, by first-class mail, postage prepaid, to class members and/or their counsel.   In

addition, the Claims Administrator shall email the notice to class members and/or their counsel for whom plaintiffs' counsel or the Claims Administrator have an email address.  Within five business days of the mailing of the notice, plaintiffs' counsel shall file with the court proof of mailing of the notice.

4.   Plaintiffs' counsel shall promptly make all submissions to the court or to the Special Master since November 2, 2016, that are not sealed, including submissions by CCAF, available on the class website, www.statestreetindirectfxclasssettlement.com, and on www.labaton.com.  Plaintiffs' counsel shall make all future submissions to the court or to the Special Master, and any orders of either, available on those websites within three business days of their filing.

UNITED STATES DISTRICT JUDGE

EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY | ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al. | ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY | ) ) ) ) | No. 12-cv-11698 MLW |

## NOTICE OF PROCEEDINGS THAT COULD RESULT IN AN ADDITIONAL AWARD TO CLASS MEMBERS WHO HAVE FILED CLAIMS

This notice is being sent to you as a member of the class in the above-captioned cases to inform you of proceedings that could result in an increase in the amount of money to be distributed to class members. This notice explains how you can access documents filed in these proceedings, how you can communicate with counsel for class members, and how you can communicate with counsel for the Special Master who has been appointed by Senior United States District Judge Mark L. Wolf (the "court") to investigate and report on the issues that have arisen since the court approved the settlement agreement in this class action on November 2, 2016. As explained below, class members will be provided notice and an opportunity to be heard concerning the Special Master's report and recommendation regarding, among other things, whether the more than $75,000,000 in attorneys' fees, expenses, and payments to class representatives awarded by the court should be reduced and redistributed to class members.

After a hearing on November 2, 2016, the court approved a $300,000,000 settlement in this class action in which it was alleged that defendant State Street Bank and

1

Trust overcharged its customers in connection with certain foreign exchange transactions. The court also awarded the attorneys for the class ("Class Counsel") more than $75,000,000 in attorneys' fees and expenses. In addition, the court made awards of $10,000 or $25,000 to each of the seven class representatives. The court evaluated the reasonableness of the more than $75,000,000 award to Class Counsel by comparing it to what they represented to be the reasonable number of hours the attorneys worked multiplied by what Class Counsel represented to be the reasonable hourly billing rate for each attorney. Class Counsel stated that this figure, or "lodestar," was in excess of $41,000,000, that more than $75,000,000 therefore was 1.8 times this "lodestar," and that a 1.8 "multiplier" was reasonable in view of the risks they took in representing the class in this case.

On November 10, 2016, Lead Counsel for the class, Labaton Sucharow LLP ("Labaton"), filed a letter informing the court that, as a result of a media inquiry, Labaton, The Thornton Law Firm LLP ("Thornton"), and Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff") discovered that they had inadvertently inflated the number of hours worked on this case by more than 9,300, inflating the "lodestar" the court had relied upon by more than $4,000,000. Labaton stated that the award of attorneys' fees and expenses of more than $75,000,000, representing a "multiplier" of 2.0 of the "lodestar," nevertheless, remained reasonable and should not be reduced.

On December 17, 2016, The Boston Globe published an article reporting, among other things, that some attorneys working for Labaton, Thornton, and Lieff, who were represented to have regular billing rates of $350 to $450 an hour were paid only $25 to $40 per hour. In addition, the article raised questions concerning whether the hours reportedly worked by attorneys employed by Labaton, Thornton, and Lieff were actually all worked.

After providing the parties notice and conducting a hearing on March 6, 2017, the court appointed Retired United States District Judge Gerald Rosen as a Special Master to investigate and submit a report and recommendation addressing, at least: (a) the accuracy and reliability of the representations made in the requests for awards of attorneys' fees, expenses, and payments to the class representatives for their services; (b) the reasonableness of those awards and whether they should be reduced; and (c) whether any misconduct occurred in connection with seeking those awards.

The cost of the Special Master, and those he employs to assist him, will be paid from the fees previously awarded to some or all of the Class Counsel. As ordered by the court, Labaton has returned to the District Court $2,000,000, from the portion of the award distributed to Labaton, Thornton, and Lieff, for this purpose and may be ordered to return more.

The proceedings concerning the re-opened issues of the amount of reasonable attorneys' fees, expenses, and awards to class representatives will not delay or diminish the initial distributions to class members from the settlement fund. Class Counsel oppose any reduction of the awards of more than $75,000,000 in attorneys' fees, expenses, and payments to the class representatives previously ordered. However, if any or all of those awards are reduced, an additional distribution may be made to class members.

The Special Master has been directed to attempt to submit his report and recommendation to the court by October 10, 2017. Class members will be provided notice of the report and recommendation, and an opportunity to be heard on whether the court should adopt the Special Master's recommendations.

3

All submissions to the court or the Special Master concerning these proceedings will be made part of the District Court record in these cases and will be available to class members on the class website, www.statestreetindirectfxclasssettlement.com, and at www.labaton.com.

Class members may contact Labaton, as Lead Counsel for the class, by calling (888) 219-6877 or emailing settlementquestions@labaton.com.   Class members may contact counsel to the Special Master, William Sinnott, Esq., by calling (617) 720-5090 or emailing wsinnott@dbslawfirm.com.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.


Dated: March 31, 2017

_____
UNITED STATES DISTRICT JUDGE