## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BEFORE THE SPECIAL MASTER

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

**OBJECTION OF LABATON SUCHAROW LLP, LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP, AND THORNTON LAW FIRM  LLP TO PROPOSED
APPOINTMENT OF JOHN W. TOOTHMAN AS EXPERT IN
PROCEEDINGS BEFORE THE SPECIAL MASTER[1]**

Labaton Sucharow LLP, Lieff Cabraser Heimann & Bernstein, LLP and the Thornton

Law Firm LLP  (the "Objecting Plaintiffs' Law Firms") hereby note their objection pursuant to

Fed. R. Evid. 706 (a) to the appointment of John W. Toothman ("Mr. Toothman") by the Special

Master as an expert to assist the Special Master and his counsel.

The chronology of this matter is as follows:

On March 8, 2017, the Court issued a Memorandum and Order appointing retired United

States District Judge Gerald Rosen as a Special Master (the "Special Master") to investigate and

submit a Report and Recommendation concerning issues that emerged concerning the Court's

award of attorneys' fees, expenses, and service awards in this class action.  ECF No. 173 (the

"Special Master Appointment Order").

On March 9, 2017, the Special Master advised undersigned liaison attorney that he had

retained the services of William Sinnott, Esq. ("Mr. Sinnott") to attend all interviews, propound

written discovery, and take any necessary depositions for the proceedings before the Special

Master.  The Special Master indicated at the same time that he was considering "seek[ing] the

assistance of a forensic accounting firm and/or an expert on legal billing practices," and that he

had "received several unsolicited offers to assist" him and was also "interviewing recommended

firms."   The Special Master further noted that any appointments that he might make in either or

both areas (i.e., a forensic accounting firm or an expert on legal billing practices) were "solely in

---

[1] This objection is being directed to the Special Master, as Labaton Sucharow understands that to
be the proper procedure with respect to this issue (based on, *inter alia*, communications between
undersigned counsel and the Special Master).  Labaton Sucharow further understands that, if the
Special Master denies this objection or otherwise issues an order regarding Mr. Toothman with
which the Objecting Plaintiffs' Law Firms take exception, it will have the opportunity to object
or move to modify such order with the Court pursuant to Fed. R. Civ. P. 53(f).

[his] discretion," but that he would "consider any thoughts on any such appointments" and suggested four names, including that of Mr. Toothman of The Devil's Advocate.

On or about March 23, 2017, the Special Master disclosed in a phone conversation with undersigned liaison counsel to the Objecting Plaintiffs' Law Firms that he or his counsel had retained Mr. Toothman, who represents himself to be an expert with regard to legal billing practices.  When this decision was made known to Plaintiffs' Law Firms, significant concerns were voiced by several of the Plaintiffs' Law Firms, and conveyed by the undersigned liaison attorney, to the Special Master and his counsel regarding Mr. Toothman's perceived partisanship, long history of pre-existing opinions on the key issues involved in these proceedings, and past business relationship with Mr. Theodore Frank of the Competitive Enterprise Institute.  These factors caused some among Plaintiffs' Law Firms concerns regarding their due process right to a fair and impartial proceeding.  On behalf of Objecting Plaintiffs' Law Firms, undersigned liaison counsel asked the Special Master to reconsider appointing Mr. Toothman as an expert serving Mr. Sinnott and himself.  The Special Master, in communications with the undersigned liaison attorney in the period between March 23 and March 28, declined to reconsider.  Undersigned liaison counsel stated that she could find no authority for the appointment other than Fed. R. Evid. 706, although the Special Master does not consider that rule to be the source of his authority.[2]

Objecting Plaintiffs' Law Firms hereby note their objection to the retention of Mr. Toothman, and ask that he be stricken as an expert,[3] on the grounds of lack of independence,

---

[2]  The Special Master stated that he believes that he derives this authority through the Special Master Appointment Order.  Liaison counsel explained that she could not find support for the principle that the Special Master's authority could extend beyond the authority of the Court.

[3]  Although the communications with the Special Master had until recent days referenced Mr. Toothman as an expert, the Special Master suggests that he could be deemed a consultant.  The

partisanship, and pre-conceived determinations on key issues in this proceeding.  If an expert is to be appointed by the Special Master, Objecting Plaintiffs' Law Firms understand that the only mechanism to do so is pursuant to the rule governing court-appointed expert witnesses.  *See* Fed. R. Evid. 706; *see also* Fed. R. Civ. P. 53(c) (providing generally that a master has authority to perform the duties assigned and in doing so, to exercise the court's power in connection with the assignment) and Special Master Appointment Order ¶ 4.

An expert appointed pursuant to Fed. R. Evid. 706, however, must be independent and neutral, not partisan.  *See, e.g., Womack v. GEO Group, Inc.*, No. CV-12-1524, 2013 U.S. Dist. LEXIS 77537, 2013 WL 2422691, at *2 (D. Ariz. June 3, 2013) (citing cases for the proposition that Rule 706 "[o]nly allows a court to appoint a neutral expert," and it "does not contemplate the appointment of, and compensation for, an expert to aid one of the parties," but rather that "the principal purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate" for one of the parties.) (internal citations omitted); *In re Paiva Tej Bansal*, C.A. NO. 10-179, 2011 U.S. Dist. LEXIS 45958 at *6 (D.R.I. April 26, 2011) ("First, and most importantly, the purpose of Rule 706 is to assist the factfinding of the court, not to benefit a particular party.").  Thus, the "[c]riteria for the court's decision to allow appointment [pursuant to Rule 706] usually include such matters as complexity of evidence, and the court's need for an impartial viewpoint." *Beaver v. Board of County Comm'rs*, No. 91-0165, 1991 U.S. Dist. LEXIS 20506 at *2-3 (D. Idaho Sept. 19, 1991).[4]  Given his publicly-expressed opinions and firmly held views, Mr. Toothman is not independent or neutral with respect to the investigation

---

Objecting Plaintiffs' Law Firms respectfully suggest that,  at this point, such a change in terminology appears to be a distinction without a difference.

[4] Fed. R. Evid. 706 also provides that the parties are permitted to depose any expert appointed pursuant to that rule, and cross examine any such expert if called to testify.

that the Court has initiated, and would not be able to provide an impartial viewpoint regarding the Court's award of attorneys' fees, expenses, and service awards in this case.

Objecting Plaintiffs' Law Firms attach the following declarations in support of their contentions regarding Mr. Toothman's bias and pre-conceived opinions:

***In re Citigroup Inc. Securities Litigation,*** No. 07-civ-9901 (S.D.N.Y., submitted March 15, 2013) (attached as Exhibit A).

Mr. Toothman was retained by class member Theodore Frank, the same individual who has made his objection to the fee award in this case known, and attempted to solicit clients and participate in these proceedings as an adversary to Objecting Plaintiffs' Law Firms. His declaration explains that plaintiffs' class counsel represented the class through resolution of preliminary motions, "several dozen depositions," and mediation, and that the parties had provisionally agreed to settle the matter for an estimated $590 million. *Id.* ¶¶ 9-10. Despite that high value settlement, the declaration criticizes numerous aspects of the fee petition submitted by plaintiffs' class counsel in that case. Many of Mr. Toothman's statements demonstrate that, far from being neutral, he has already reached views that are adverse to (and will be strenuously contested by) the positions that have been and will be taken by Objecting Plaintiffs' Law Firms in these proceedings before the Special Master. By way of non-exclusive example:

- Mr. Toothman offers a blanket opinion that document review should be performed electronically, or by individuals who do not have law licenses. *See, e.g.,* ¶¶ 42-43.

- Mr. Toothman then diminishes the stature of attorneys whom he groups into a category of "temporary, contract, or 'project specific' lawyers" who perform tasks such as document review. ¶ 4. Through an offensive analogy that one "cannot charge Michelangelo rates for painting a barn" (¶ 47), he opines that document

review "is not high in level, complexity, nor importance." ¶ 49.  He denounces

any notion that project-specific attorneys could provide quality work akin to that

of full-time, permanent associates.  ¶¶ 80-86.

- Mr. Toothman claims that "[t]here should . . . be verifiable data to demonstrate
  that the hourly rates claimed were the rates actually billed to paying clients."
  ¶ 44.[5]  He goes on to make extraordinary statements that are flatly contrary to the
  legal services industry, all in an effort to support his opinion that the hourly rates
  employed should be lower.  *See, e.g.,* ¶ 53 (opining that size of a law firm, and
  whether the firm is "highly respected" or prestigious, are irrelevant in determining
  reasonable rates); ¶ 56 (opining that for attorneys, "seniority is not a relevant
  factor in establishing reasonable hourly rates").

- Showing his predisposition to challenge stated fees, he opines that, when a client
  is not directly reviewing class counsel's fees, staffing and expenses, the lawyer
  has a "blank check" and "an incentive to run up the fictional tab on the theory that
  the more the lawyer asks for, the more the lawyer will *net* even if the court knocks
  some fees off the top."  ¶¶ 76.

The *Citigroup* case is merely an example.  Liaison counsel has been unable to identify in

the public docket instances in which Mr. Toothman concluded that requested fees were

reasonable.  To the contrary, the record shows that Mr. Toothman has testified numerous times,

focusing on a variety of arguments to push down fee awards based on his opinion that the

amounts requested are unreasonable.  For example:

---

[5] As the Special Master is aware, the Objecting Plaintiffs' Law Firms do not generally have paying clients that would allow them to provide such data, at least not in the format that Mr. Toothman apparently believes is required.

- *Charlebois v. Angels Baseball LP et al.*, No. 10-civ-893 (C.D. Cal., submitted April 19, 2012) (attached as Exhibit B):  Mr. Toothman was retained by Defendant to review the fee petition submitted by plaintiffs' class counsel.  He concluded that the fee petition submitted is "substantially unreasonable." *Id.*, ¶ 10.

- *In re Natural Gas Royalties Qui Tam Litigation*, MDL Docket No. 99-MD-01293 (D. Wyo., submitted March 23, 2012) (attached as Exhibit C).  Mr. Toothman was retained by the relator to review legal fees and expenses submitted by defendants, as a predicate for setting an amount to be found by the Court as a sanction.  Mr. Toothman offers numerous criticisms regarding the fees and expenses claimed, identifying several categories that he opines should not be included.  His comments are not confined to a review of the papers before him, however; he attempts to support his opinions with sweeping generalizations about the profession as well.  *See, e.g.,* ¶ 34 ("One of the paradoxes of hourly rates is that lawyers who claim to be worth more per hour because of their experience and skill typically also travel in larger packs, requiring larger pyramids of comparatively expensive lawyers and others to support them.").

- *FKI PCL and FKI Engineering, Ltd. v. Composite Technology Corp. et al.*, No. 09-cv-05975 (C.D. Cal., submitted November 19, 2009) (attached as Exhibit D).  Mr. Toothman was retained by defendants to review a fee petition submitted by plaintiffs and their counsel in connection with a motion for sanctions.  He concludes that the requested fee should be reduced considerably, and that a

"reasonable fee" for the tasks at issue would be 18% of the fee claimed as to one motion, and 20% of the fee claimed as to another motion.  *Id.*, ¶ 22.

- *Feesers, Inc. v. Michael Foods, Inc. et al.*, No. 04-cv-00576 (M.D. Penn., submitted June 26, 2009) (attached as Exhibit E).  Mr. Toothman was retained by one of the defendants to review Plaintiffs' motion for attorneys' fees and costs. He lists a number of items that he opines amount to "indications of questionable fees and expenses" (*id.,* ¶¶ 14-32).  He ultimately concludes that he cannot present a final opinion or estimate a reasonable amount, but that he can opine "that the requested fees and expenses are unreasonable and excessive to a significant degree."  *Id.*, ¶ 33.

- *Kubbany et al. v. Trans Union LLC, et al.*, No. 08-cv-00320 (N.D. Cal., submitted February 5, 2009) (attached as Exhibit F).  Mr. Toothman was retained by defendant to review plaintiffs' motion for attorneys' fees and expenses.  Among other challenges, he opines that the rates charged are high, belittling any suggestion by plaintiffs' counsel that the work performed was "complex":

> While there are, indeed, some inherently complex cases, when it comes time to justify their fees, every lawyer claims his or her case was "complex," which they also blame on the court, its rules, their opponents, and so on, just as here.  Typically, what makes cases "complex" is the inefficiency and denial of the labeling lawyer. Setting fees at many times the value of the case sends the wrong signal.

*Id.*, ¶ 15(b), n.2.  Ultimately, Mr. Toothman concludes that "[t]he fees claimed are excessive and unreasonable," and calculates what he calls a "reasonable fee" that would be a small fraction of the amount of the award sought.  *Id.*, ¶ 12.

- *M. H. Fox et al.*, *v. Tyson Foods, Inc.*, No. 99-cv-1612 (M.D. Ala., submitted July 31, 2008) (attached as Exhibit G). Mr. Toothman was retained by defendant to review fee petitions submitted by counsel for the plaintiffs. He concludes that the requested fees are "excessive, unnecessary, and unreasonable." *Id.*, ¶ 13.

<u>Conclusion</u>

Mr. Toothman has historically presented as a partisan advocate in the cases located in the public record, not an independent expert. The Objecting Plaintiffs' Law Firms have a due process right to a proceeding that is fair and unbiased. To that end, this Court has put in process a system to investigate and report on, among other things, "*whether* any or all of [the attorneys' fees, expenses, and services awards] should be reduced." Memorandum and Order dated March 8, 2017 (ECF No. 173) (emphasis added). Respectfully, retaining a partisan "expert" who makes it his business to challenge fee petitions is not a fair method of determining whether there should be a reduction in this case. Accordingly, the Objecting Plaintiffs' Law Firms hereby object to the appointment of Mr. Toothman as an expert in this matter, and preserve their rights in connection with the appointment.

Dated:  March 28, 2017

Respectfully submitted,

*/s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel:  (617) 248-5000
joan.lukey@choate.com
jwolosz@choate.com

*Attorneys for Labaton Sucharow LLP*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE CITIGROUP INC. | ) | No. 07 Civ. 9901 (SHS) |
| SECURITIES LITIGATION | ) | |

DECLARATION OF JOHN W. TOOTHMAN

# Table of Contents

Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Expert Qualifications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Materials Reviewed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Analysis & Conclusions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    Time Records . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    Hourly Rate Substantiation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    Document Review Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    Absent Client . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

    Project-Specific Attorney Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

    Double-Counting of Risk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

    Staffing Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

I, John W. Toothman, declare as follows under oath:

      1.      I am an attorney admitted to practice in the District of Columbia and Virginia, as well as various federal and other courts. This declaration is based on my personal knowledge and information that I find to be reliable. All my expert opinions are expressed to a reasonable degree of professional certainty.

      2.      My firm has been retained by Theodore Frank, an objecting class member, to provide expert opinion and analysis regarding the legal fees claimed by plaintiffs' class counsel and related issues.

Summary

      3.      In my opinion, the documentation provided for timekeepers does not comply with legal industry standards nor standards for establishing the reasonableness of the time or fees expended for legal services. All documentation to support "regular" lawyer and other employee-timekeeper rates has been submitted in camera and has not been subject to review. Exhibit A to March 6, 2013, letter to chambers. For contract, temporary, or "project specific" staff, the documentation provided for their time is cryptic, vague, and does not meet legal industry standards for time-keeping or to demonstrate the reasonableness of the resulting fees. This is based on the content of the time records submitted to chambers by letter dated March 6, 2013, *e.g.*, Exhibit B thereto.

      4.      In my opinion, the information submitted to substantiate the hourly rates for the timekeepers does not meet legal industry standards nor standards for establishing the reasonableness of hourly rates for timekeepers providing legal services. This normally requires

evidence of the tasks performed, experience, skill, reputation, and ability information for each timekeeper, and evidence indicating that the rate for each is consistent with other timekeepers performing comparable types of services in the same locale. The documentation provided, *e.g.*, Exhibits H, I, & J to the March 6, 2013, Letter Submission to chambers does not provide the relevant documentation and contains primarily irrelevant or vague information. In particular, the documentation for temporary, contract, or "project specific" lawyers does not meet industry standards to demonstrate that those personnel, performing document review and coding services, deposition preparation, and the like would be properly billed at the hourly rates of "regular" lawyers performing traditional legal services at much higher hourly rates. Fee paying clients, consistent with legal industry norms, pay substantially lower hourly rates for the work performed by these timekeepers due to the nature of the tasks performed. These rates would be at or below the normal hourly rates for paralegals, for example, with limited exceptions for a few "supervisory" document review staff. Moreover, fee-paying clients regularly pay no more than actual cost for temporary or contract staff or make arrangements other than to pay the substantially enhanced amounts claimed here. Based on the limited data available, the hourly rates for contract lawyers should have been substantially lower than claimed and somewhere at or below the hourly rates of lower level paralegals.

      5.      In my opinion, the document review process described here was performed in an unusual and inordinately inefficient and expensive manner that is not consistent with current litigation practices, especially those involving fee-paying clients. There were indications that this document review was fundamentally flawed and wasteful. Moreover, there are indications the review was abandoned or not completed and could have been accomplished much more

Toothman Declaration - Page 4

efficiently (and cheaply) using currently standard methods and software tools, for much less than $10 million. (With more details and competitive bidding, my experience indicates the cost could have been well under $5 million.)

6.      In my opinion, the fees claimed and the work claimed to have been done reflect the absence of a fee-paying client or similar influence to monitor the fees, expenses, staffing, and tactics that resulted in such a large amount of time being claimed to review approximately 40 million pages of documents produced in pre-reviewed electronic form and approximately 50 depositions (including depositions "defended" as well as taken). There was no apparent exercise of billing judgment or discretion, such as write-offs. The circumstances suggest that one explanation for this waste and lack of normal billing discretion was the pecuniary incentive created to enhance the "lodestar" for purposes of increasing the claimed fees and expenses, even after there was a tentative settlement. For example, lead counsel's contract lawyers "billed" over $8 million for work done after the tentative settlement was reached early in May 2012 (their three highest billing months, by far).

7.      In my opinion, a fee-paying client would have paid far less for the services described by class counsel as document review and coding services performed by contract or temporary lawyers that class counsel refers to as "project specific" staff. Based on the limited information available about the size of the task, and substantial advantage provided by receiving the defendants' production in pre-coded electronic form, this work should have cost far less than $10 million, including the aspects attributed to depositions and preparation therefore.

8.      These opinions, and additional subsidiary opinions and the bases therefore, are discussed in more detail below.

Background

9.      The underlying case concerns Citigroup's alleged misrepresentations regarding the extent and risk of their exposure to collateralized debt obligations during 2007 and 2008.  *In re Citigroup Inc. Securities Litigation*, No. 07 Civ 9901 (SHS) (SDNY).  The case was tentatively settled on May 8, 2012, after the April 25, 2012, mediation.  The case settled after resolution of preliminary motions and several dozen depositions had been taken.

10.      The case has been provisionally settled for an estimated $590 million, subject to court approval.  All class counsel have apparently made an application for $100.3 in legal fees and expenses, which is 17% of the full settlement.  The Court appointed Kirby McInerney LLP as lead class counsel, though there are fees sought by several other firms.  (In this declaration I will generally refer to Kirby as "class counsel.")  The fees claimed by the firms total $51,438,451.15 for over 115,000 hours – almost $40 million for Kirby (almost 88,000 hours). The difference between the fee lodestar and the $100 million claim is partly for out of pocket expense claims and partly for what is effectively a lodestar "multiplier" to increase the "lodestar" to the amount counsel claim on a common fund basis.

Exhibit D
Time and Lodestar Breakdown - Pre- and Post-Lead Plaintiff Appointment (August 19, 2008)

| | Pre-Lead Plaintiff Appointment | | Post-Lead Plaintiff Appointment | | TOTAL | |
|---|---|---|---|---|---|---|
| | Hours | Lodestar | Hours | Lodestar | Hours | Lodestar |
| Kirby McInerney LLP | 765.00 | $383,173.75 | 87,133.75 | $38,809,836.25 | 87,898.75 | $39,192,990.00 |
| Entwistle & Cappucci LLP | 7,472.20 | $3,492,053.25 | 5,163.65 | $2,647,684.50 | 12,635.85 | $6,139,737.75 |
| Glancy Binkow & Goldberg LLP | 0.00 | $0.00 | 8,170.48 | $3,599,863.40 | 8,170.48 | $3,599,863.40 |
| Motley Rice LLC | 0.00 | $0.00 | 4,700.25 | $1,754,477.50 | 4,700.25 | $1,754,477.50 |
| Law Offices of Kenneth A. Elan | 0.00 | $0.00 | 979.35 | $381,213.75 | 979.35 | $381,213.75 |
| Law Office of Alan L. Kovacs | 0.00 | $0.00 | 701.20 | $250,570.00 | 701.20 | $250,570.00 |
| Law Offices of Kenneth H. Gold | 15.00 | $6,975.00 | 206.50 | $96,022.50 | 221.50 | $102,997.50 |
| Allen Brothers, Attorneys & Counselors, PLLC | 34.95 | $16,601.25 | 0.00 | $0.00 | 34.95 | $16,601.25 |
| TOTAL - PLAINTIFFS' COUNSEL | 8,287.15 | $3,898,803.25 | 107,055.18 | $47,539,647.90 | 115,342.33 | $51,438,451.15 |

Exhibit D to a letter recently submitted to the Court (March 6, 2013).

11.     Class counsel have apparently filed some of the key information in support of their own legal fees *in camera*. *E.g.*, Exhibit A to the letter submission to the Court on or about March 6, 2013 (hereinafter "Letter Submission"). The original Fee Application was filed on or about December 7, 2012 (Dkt. 170,171). A reply to various objections by class members, including Mr. Frank, was filed on or about January 18, 2013 (Dkt. 195). Attached to the reply is the Reply Declaration of Press & Linden in Further Support of ... Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses, Dkt. 196 (Jan. 18, 2013) ("Press & Linden Dec."). Some supplemental information filed after the February 28, 2013, hearing is dated March 6, 2013 (with no docket number), which includes Exhibit A, mentioned above, and, for example, an Exhibit B showing time entries for the contract lawyers, portions of which are presented in Exhibits 2 and 3 hereto, and elsewhere in this Declaration.

12. Class members, including Mr. Frank, have been precluded from examining or verifying the Exhibit A data, which leaves the claims allegedly supported by this data unsubstantiated and unverifiable.

13. Evidently the Court, by distinguishing between "regular" attorneys and "project-specific" attorneys at the conference on February 28, 2013, has already made an important distinction between the lawyers who were practicing law – giving special protection to their billing records – and the contract lawyers who were reviewing documents. Moreover, the time entries of the contract lawyers are so cryptic and poorly documented that their time entries are uninformative.

Expert Qualifications

14. I am an attorney admitted to practice in several jurisdictions, starting with the District of Columbia in 1981, as well as federal courts in several jurisdictions.

15. I graduated from Harvard Law School, cum laude, in 1981. Before that, I graduated with honors from the University of Virginia with a B.S. and M.S. in chemical engineering.

16. I worked as an associate at two law firms in the District of Columbia, including participation in several major trials in various parts of the country, including class actions and fees claimed by class action counsel.

17. I next worked at the US Department of Justice, Civil Division, Federal Programs Branch. I was a trial attorney handling cases all over the country, including class actions and fees claimed by class action counsel. I tried more cases during that time, including various class actions and other complex cases.

18.     I next joined a firm in Alexandria, Virginia, where I became a name partner and tried more cases in various federal and state courts, including work as plaintiffs counsel seeking contingent fees, for example.

19.     I then became the partner in charge of the Virginia office for a regional law firm, and co-chair of its commercial litigation practice.  I continued to try many cases, including complex cases in federal and state court.  We also handled and obtained contingent fees, including court-ordered plaintiff fees, for example.

20.     I started my current practice in 1993, where I continued to litigate and try cases in federal and state court.  I also began my consulting practice then, reviewing many more cases involving issues similar to this one, including many such cases in New York and involving class actions.

21.     I have extensive experience, skill, training, education, and knowledge of the subjects of legal fees, litigation, and related ethical and professional standards.  I also have experience, skill, training, education, and knowledge of document production, document handling technology, document review, the fees for such services, and the like.

22.     Practicing continuously since 1981, I have tried over sixty cases and represented clients in hundreds more cases in many different jurisdictions around the country.  These cases have included class actions and cases involving legal fee issues, for example, ranging up to hundreds of millions and over a billion dollars.

23.     I am the author, with Professor William G. Ross, of *Legal Fees: Law & Management* (Carolina Academic Press 2003).  I am also the author, with Douglas Danner, of *Trial Practice Checklists 2d* (West Group 2001).  I have written over twenty-five articles and

two electronic "books" on the subjects of legal fees, examinations of legal fees, legal fee management, legal ethics, litigation, and related subjects. I have spoken regularly on these subjects and regularly taught continuing legal education seminars on these subjects as well – examples of these are contained in my resume.

24. Founded in 1993, my consulting firm, known as The Devil's Advocate or TLF Consulting, has examined over $1 billion in legal bills and consulted with numerous clients on the subjects, for example, of legal fees, litigation strategy and tactics, legal ethics, attorney performance, and work product quality. Our engagements typically involve at least $1 million in legal fees, up to more than $100 million in legal fees claimed. I am regularly consulted as an expert in these fields by, for example, business and professional publications as well as by law firms and clients, including consultations regarding legal fee claims in cases like this.

25. I have testified as an expert on more than sixty occasions. I have testified as an expert witness as to legal fees, examinations of legal fees, legal fee management, litigation, and related subjects (both challenging and supporting claims for legal fees) in courts around the country, including the U.S. District Courts for the District of Columbia, Eastern District of Virginia, Eastern District of Pennsylvania, Middle District of Pennsylvania, Southern District of New York, Central District of California, Northern District of Ohio, Western District of Michigan, and the Northern District of Alabama; the U.S. Bankruptcy Courts for Delaware and Maryland; state or local courts in the District of Columbia, Maryland, California, Virginia, Illinois, Nevada, Florida, Ohio, and Pennsylvania; and also arbitrations in various jurisdictions.

26. I have served as an arbitrator of legal fee disputes for two terms each in bar organizations in Virginia and the District of Columbia.

27.     I am also the founder and editor in chief of LitWatch, a litigation news service, which reported on cases such as this and other issues relevant here.  We published hundreds of stories regarding litigation comparable to this litigation, including legal issues, strategy and tactics, discovery issues, and the like.

28.     My current resume is Exhibit 1.

Materials Reviewed

29.     We have reviewed various materials submitted by class counsel and Mr. Frank regarding issues relating to the fee application by class counsel, objections thereto, replies, and supplemental submissions.  The ones upon which I am specifically commenting are described or cited directly in this Declaration.

30.     My opinions are also based on my own knowledge and experience, as well as these materials.

Analysis & Conclusions

Time Records

31.     Because Exhibit A to the March 6, 2013, Letter Submission, which is the "regular" attorney time records, has been kept confidential from the class members, the only documentation for claimed legal fees is found in Exhibit B to the Letter Submission, which provides a compilation, prepared for this litigation, of the time allegedly worked by the temporary or contract lawyers whom class counsel used primarily to review documents. Exhibits 2 & 3 are the portions of Exhibit B that were provided in spreadsheet form as to the Kirby contract lawyers – other portions of Exhibit B contain time records for contract lawyers used by other class counsel.

32.     The vast majority of the time entries in Exhibit B have insufficient detail to establish that the work allegedly done was properly billable, involved rendering of billable professional services (as opposed to non-billable clerical services), or that the amounts claimed represent a reasonable amount of time to accomplish necessary tasks.

33.     For example, almost $20 million in entries consist of the words "document" and "review."  These cryptic time entries are normally disallowed by clients (and courts) in their entirety.  Here are some examples, more of which are in Exhibits 2 & 3 hereto:

| Date | Time | Rate | | Fees | | Code | Description |
|---|---|---|---|---|---|---|---|
| 3/16/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/16/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/16/2011 | 8.00 | $ | 525.00 | $ | 4,200.00 | 3 | document review |
| 3/17/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/17/2011 | 8.00 | $ | 450.00 | $ | 3,600.00 | 3 | document review |
| 3/17/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/17/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/17/2011 | 8.00 | $ | 525.00 | $ | 4,200.00 | 3 | document review |
| 3/18/2011 | 8.00 | $ | 450.00 | $ | 3,600.00 | 3 | document review |
| 3/18/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/18/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/18/2011 | 8.00 | $ | 525.00 | $ | 4,200.00 | 3 | document review |
| 3/21/2011 | 8.00 | $ | 450.00 | $ | 3,600.00 | 3 | document review |
| 3/21/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/21/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/21/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/21/2011 | 8.00 | $ | 525.00 | $ | 4,200.00 | 3 | document review |
| 3/22/2011 | 8.00 | $ | 450.00 | $ | 3,600.00 | 3 | document review |
| 3/22/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/22/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/22/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/22/2011 | 8.00 | $ | 525.00 | $ | 4,200.00 | 3 | document review |
| 3/23/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/23/2011 | 8.00 | $ | 450.00 | $ | 3,600.00 | 3 | document review |
| 3/23/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/23/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/23/2011 | 8.00 | $ | 525.00 | $ | 4,200.00 | 3 | document review |
| 3/24/2011 | 8.00 | $ | 450.00 | $ | 3,600.00 | 3 | document review |
| 3/24/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |
| 3/24/2011 | 8.00 | $ | 550.00 | $ | 4,400.00 | 3 | document review |

We have omitted the names of the timekeepers.  (Names do appear in the Exhibits hereto, which should therefore be filed under seal if necessary.)

34.     An entry that says "document review" for eight hours means that at least eight hours were actually performed doing document review alone.  If, for example, the timekeeper

Toothman Declaration - Page 12

also had a team meeting or conference with others – of which the Press & Linden Reply Declaration says there were many (Dkt. 196) at Para. 101.b – this should be separately recorded and the time thereby expended noted, also separately for a task-based entry.  Nor are there, for example, details in these entries about what documents were reviewed, the quantity of such documents reviewed by each person each day, the purpose for which they were reviewed, what the "attorney" doing the review actually did with the knowledge thereby gained upon looking at the document (such as enter coding data), and so on.

35.    Several other time entries suggest, however, that the firm actually has additional information to measure the efficiency and production of their document coders.  *See, e.g.*, Exhibit B, Paul Keaton time entry (7/19/2012) ("... creation of batches for coding, computation and monitoring of production numbers; monitor individual reviewers, ..."; Mr. Keaton has a number of similar entries).  This confirms that the work being done is routine document coding, complete with "production" requirements to enforce work quotas and the like – not the provision of professional attorney services.

36.    There are no apparent instances where time has been adjusted or written off – there are no indicia of any exercise of billing judgment or discretion.

37.    The time entries in Exhibit B to the Letter Submission (Exhibit 2 & 3 hereto for Kirby entries only) are typically in large chunks of time (often a full work day, which is more than a full billable hour day) and block-billed, without any task-based or other usual breakdowns of time.  Exhibit 5 hereto shows some of the larger time entries, in descending order by hours. There are 3,262 time entries over 8.0 hours, totaling over 32,400 hours and $15,217,675 alone.

| Date | Time | Rate | Fees | Code | Description |
|---|---|---|---|---|---|
| 6/12/2012 | 9.50 | $ 375.00 | $ 3,562.50 | 3 | Stuckey deposition reading and digesting |
| 6/12/2012 | 8.25 | $ 550.00 | $ 4,537.50 | 3 | document review |
| 6/12/2012 | 9.25 | $ 375.00 | $ 3,468.75 | 3 | document review |
| 6/12/2012 | 8.50 | $ 550.00 | $ 4,675.00 | 3 | Document review |
| 6/12/2012 | 10.25 | $ 550.00 | $ 5,637.50 | 3 | document review |
| 6/12/2012 | 10.00 | $ 450.00 | $ 4,500.00 | 3 | document review |
| 6/12/2012 | 12.00 | $ 425.00 | $ 5,100.00 | 3 | Coding documents |
| 6/12/2012 | 9.75 | $ 400.00 | $ 3,900.00 | 3 | Document review |
| 6/12/2012 | 8.00 | $ 475.00 | $ 3,800.00 | 3 | document review |
| 6/12/2012 | 8.00 | $ 550.00 | $ 4,400.00 | 3 | document review |
| 6/12/2012 | 10.00 | $ 425.00 | $ 4,250.00 | 3 | reviewed Citi securities litigation materials |
| 6/12/2012 | 10.50 | $ 550.00 | $ 5,775.00 | 3 | document review |
| 6/12/2012 | 8.00 | $ 550.00 | $ 4,400.00 | 3 | document review |
| 6/12/2012 | 9.25 | $ 550.00 | $ 5,087.50 | 3 | conducted coding regarding hot, interesting and relevance; created batches and monitored rate and production numbers |
| 6/12/2012 | 13.00 | $ 350.00 | $ 4,550.00 | 3 | document review |
| 6/12/2012 | 10.00 | $ 350.00 | $ 3,500.00 | 3 | Relativity - coding |
| 6/12/2012 | 9.00 | $ 425.00 | $ 3,825.00 | 3 | QC and reviewed and coded documents; reviewed and responded to emails; handled employee inquiries |
| 6/12/2012 | 12.00 | $ 525.00 | $ 6,300.00 | 3 | document review: coded Aldama and Carosielli documents |
| 6/12/2012 | 9.50 | $ 450.00 | $ 4,275.00 | 3 | Review documents using relativity |
| 6/12/2012 | 11.25 | $ 375.00 | $ 4,218.75 | 3 | reviewed documents of Custodian (Mills) with the following bates range: IN_RE_CITI_34 12954773 to 12966383 |
| 6/12/2012 | 8.00 | $ 350.00 | $ 2,800.00 | 3 | Reviewed documents |

Note these time entries are all for the same day, June 12, 2012, over a month after the tentative settlement.

38.     Block billed time entries impede analysis of the reasonableness of time expended by lumping or mixing all tasks into one block entry per day.  (Courts typically adjust for the impact of block billing by making a percentage reduction in the amount claimed, on top of reductions for other problems, like the cryptic entries noted above.)

39.     These entries are apparently for the full time each person was *paid* for each day, not just the billable portion.  Indeed, the submissions from other class counsel (besides Kirby) appear to be payroll time records, not billable time records, and the Kirby records, though in a different format, have the same type of payroll-style entries.  *See, e.g.*, Exhibit B to Letter Submission for Elan (one entry per week, full work week time – note especially the handwritten

time sheets), Glancy (full day entries uniform descriptions). In the marketplace, clients do not pay for *payroll* time and law firms do not bill for payroll time – only the net billable portion thereof.

40.     There is a distinction between billable professional time and the time one spends at the office or "working" – not all "working" or *payroll* time is *billable* time reasonably and necessarily expended rendering professional services. An eight hour work day does not result in eight billable hours. For example, administrative actions, like recording time or performing office or personal tasks, mandatory break or lunch time, and the like are not billable as professional services to a client even if employees or contractors are paid wages for that time.

41.     From their uncharacteristic uniformity and lack of detail, it is apparent that the content of these time entries in Exhibit B (Kirby portion in Exhibit 2 & 3 hereto) were manipulated, either by dictating to the workers the standard content in advance or also, perhaps, by post-entry editing (where the underlying documentation has not been produced). This rendered the records devoid of information necessary to verify what was actually done, let alone whether the amounts claimed were reasonable and necessary to this litigation.

42.     The work in question was primarily, though not exclusively, review of documents obtained from Citigroup and some "third parties" in discovery. Because this was review of a defendant's production, by plaintiff, there was no necessity to review, for example, for privileges, work product, trade secrets, private data, or the like. This type of review for content is routinely done electronically by paying clients, by converting all the data into searchable databases (as with Google and so forth). This eliminates the manual "coding," which is not only expensive but prone to human error and inconsistencies. The normal electronic review results in a far more

modest charge for the actual cost of compiling the database – paid by clients at actual cost with minimal amounts of billable time, usually at the paralegal cost level. The "sophisticated database system" class counsel apparently chose specially for this project is one of many programs that perform these functions, but the demand for manual coding is normally from defendants producing documents not from plaintiffs searching through the pre-screened database.

43.    It was evidently a conscious strategy by class counsel to employ only personnel with law licenses for purposes of claiming higher hourly rates for these routine, nonprofessional tasks. This is not the standard practice for litigation apart from this area of "lodestar" enhancement. No fee-paying client would authorize or pay such expenditures for document reviw at full attorney rates, particularly in these amounts, except for a much smaller amount of time that would be spent by experienced litigators supervising the process and paralegals performing document searches and retrievals from the electronically-compiled data.

Hourly Rate Substantiation

44.    Reasonable hourly rates are established based on the actual experience, reputation, and ability of the lawyer or other timekeeper with the skill necessary to do the task, consistent with the rates of other timekeepers with comparable experience and ability who work on similar tasks in the same locale. There is no documentation for actual relevant experience (not merely longevity), reputation, and ability of the timekeepers listed in Exhibit B. *See* Exhibits H, I, J to Letter Submission. Instead, there are generic resumes and a table with limited data apparently designed to make general suggestions of experience – without crucial details like the nature of the work and rates actually billed therefore. This is not the data normally used to

set hourly rates, but was apparently designed to support class counsel's theory that *seniority* – raw years out of law school – is the basis for setting hourly rates. There should also be verifiable data to demonstrate that the hourly rates claimed were the rates actually billed to paying clients, who actually paid them in full, for example.

45.     Although they claim some "experience with complex securities litigation," class counsel apparently admit that they did not have experience with many aspects of this case. Press & Linden Reply Dec. Para. 108 (Dkt 196). This lack of on-point experience suggests that their "standard" hourly rates – even for the Exhibit A "regular" timekeepers – should have been discounted because they were working outside their expertise and had to waste time to receive on-the-job training. Paying clients decline to pay for on-the-job training.

46.     Analysis in the marketplace of fee-paying clients for reasonableness of legal fees, hourly rates, and time billed, does not vary based on the title given to a timekeeper. Calling temporary or contract lawyers "project-specific attorneys," "partners," "of counsel," "legal assistants," or whatever does not justify a higher hourly rate. Moreover, a title cannot convert non-billable clerical work into billable professional time. For example, copying and typing, just because they are performed by lawyers, do not thereby become billable professional tasks.

47.     Of particular importance here, the reasonable hourly rate is also a function of the nature of the work being done: Clients do not pay for lawyers to do paralegal work at full rates, even if it is billable work. Lawyers working below their full professional service level do not command their normal hourly rate if they are not working at that level – billing full rates for lawyers doing paralegal work or partners doing associate work does not produce a reasonable fee. The analogy which has become the catch-phrase for this phenomenon is that the lawyer

cannot charge Michelangelo rates for painting a barn. Class counsel's contract lawyers were barn painters.

48.　　In the Reply Declaration of Press & Linden, at Para. 56 (Dkt. 196), class counsel state that "Project-specific personnel were not segregated into 'low-skilled' work ... but rather were entrusted with the same high-level, high-complexity, high-importance work performed by Kirby McInerney personnel at both partner and associate levels. Their billing rates therefore reflect and are appropriate for the work they actually performed."

49.　　This is not borne out by the actual time entries, which have, for example roughly $20 million worth of entries saying just "document" and "review." Exhibit B to Letter Submission and Exhibits 2 & 3 hereto. That work is not high in level, complexity, nor importance. The rates claimed are far too high for document review in the legal marketplace of fee-paying clients, of any kind, but especially as described here and in class counsel's supporting materials.

50.　　If it is true that the unseen entries from "regular" attorneys in Exhibit A to the Letter Submission were similar and for the same tasks as the contract lawyers, this suggests that the rates for the "regular" attorneys are too high (on the Michelangelo/barn rationale), not that the contract lawyer rates should be increased.

51.　　The time records reflect that contract lawyers were working with "regular" attorneys on depositions, for example, *id.* at Para 56, but they do not indicate that the contract lawyers were doing actual *deposition* work. Their entries use that word or its root (totaling just under $3.5 million for almost 7,500 hours at an average hourly rate of $470) in Exhibit B for lead counsel, see Exhibit 2 hereto). But, as the table of examples below shows, they were not

doing "deposition" work as such, just things like document review in support of deposition preparation and document review, reading depositions, and, of course, coding them into the database. *See*, Exhibit 4 hereto (deposition time entries).

| Date | Time | Rate | Fees | Code | Description |
|---|---|---|---|---|---|
| 6/8/2012 | 6.00 | $ 550.00 | $ 3,300.00 | 3 | Draft spreadsheet documenting relevant passages discussed during deposition of Shawn Feeney |
| 6/9/2012 | 4.50 | $ 375.00 | $ 1,687.50 | 3 | Stuckey deposition reading and digesting |
| 6/9/2012 | 1.00 | $ 550.00 | $ 550.00 | 3 | depositions |
| 6/9/2012 | 1.75 | $ 550.00 | $ 962.50 | 3 | Conduct review of deposition summaries and creating of master spreadsheet; review coding protocol for coding |
| 6/9/2012 | 4.00 | $ 350.00 | $ 1,400.00 | 3 | Samir Bhatt deposition |
| 6/9/2012 | 2.00 | $ 350.00 | $ 700.00 | 3 | review of deposition |
| 6/9/2012 | 3.50 | $ 550.00 | $ 1,925.00 | 3 | Draft spreadsheet documenting relevant passages discussed during deposition of Shawn Feeney |
| 6/10/2012 | 8.00 | $ 375.00 | $ 3,000.00 | 3 | Stuckey deposition reading and digesting |
| 6/10/2012 | 4.50 | $ 350.00 | $ 1,575.00 | 3 | review of deposition |
| 6/10/2012 | 5.00 | $ 550.00 | $ 2,750.00 | 3 | Draft spreadsheet documenting relevant passages discussed during deposition of Shawn Feeney |
| 6/11/2012 | 11.00 | $ 375.00 | $ 4,125.00 | 3 | Stuckey deposition reading and digesting |
| 6/11/2012 | 3.00 | $ 550.00 | $ 1,650.00 | 3 | depositions |
| 6/11/2012 | 9.00 | $ 550.00 | $ 4,950.00 | 3 | conducted coding regarding hot, interesting and relevance; reviewed recent deposition spreadsheets |
| 6/11/2012 | 6.50 | $ 350.00 | $ 2,275.00 | 3 | Review deposition and document review |
| 6/11/2012 | 4.50 | $ 500.00 | $ 2,250.00 | 3 | reviewed and scheduled Martinelli's deposition |
| 6/11/2012 | 7.50 | $ 550.00 | $ 4,125.00 | 3 | Draft spreadsheet documenting relevant passages discussed during the deposition of Shawn Feeney |
| 6/12/2012 | 9.50 | $ 375.00 | $ 3,562.50 | 3 | Stuckey deposition reading and digesting |
| 6/12/2012 | 3.00 | $ 550.00 | $ 1,650.00 | 3 | depositions |
| 6/12/2012 | 2.00 | $ 350.00 | $ 700.00 | 3 | Review deposition |
| 6/12/2012 | 9.00 | $ 550.00 | $ 4,950.00 | 3 | Draft spreadsheet documenting relevant passages discussed during the deposition of Shawn Feeney |
| 6/13/2012 | 9.00 | $ 375.00 | $ 3,375.00 | 3 | Stuckey deposition reading and digesting |
| 6/13/2012 | 1.00 | $ 550.00 | $ 550.00 | 3 | depositions |
| 6/13/2012 | 7.50 | $ 550.00 | $ 4,125.00 | 3 | Draft spreadsheet documenting relevant passages discussed during the deposition of Shawn Feeney |
| 6/14/2012 | 10.00 | $ 375.00 | $ 3,750.00 | 3 | Stuckey deposition reading and digesting |
| 6/14/2012 | 3.00 | $ 350.00 | $ 1,050.00 | 3 | Review deposition and document review |
| 6/14/2012 | 8.00 | $ 550.00 | $ 4,400.00 | 3 | Draft spreadsheet documenting relevant passages discussed during the deposition of Shawn Feeney; e-mail completed spreadsheet to P. Keaton; review coding instructions for document review project; review and code documents related to Citigroup litigation for relevance |
| 6/15/2012 | 8.50 | $ 375.00 | $ 3,187.50 | 3 | Stuckey deposition reading and digesting |
| 6/15/2012 | 8.00 | $ 350.00 | $ 2,800.00 | 3 | Review deposition and document review |
| 6/16/2012 | 6.00 | $ 550.00 | $ 3,300.00 | 3 | depositions |

(Names omitted.) Note, as before, that all this work was done a month or more after the case was tentatively settled.

52.     Apparently to justify the hourly rate markups to rates for "regular attorneys," Reply Declaration of Press & Linden, at Para. 49 (Dkt 196), they make several assertions to

support the proposition that the "project-specific attorneys'" were qualified and must have done good quality work because, *e.g.*, they attended "prestigious law schools," used to work at "prestigious law firms," have done document review for other firms (but without stating what rate they were billed at), had prior experience in similar cases (doing document review work according to the data provided), and a variety of other qualifications, like accounting experience. Yet class counsel still had to give them "extensive training" to do document review work. *See, also*, Para. 63, et seq.

53.    Law school and former law firm identity are not factors in the marketplace for setting reasonable hourly rates. *See also*, Para. 67, 69. Nor are the size of a law firm, whether someone calls it "highly respected," or its alleged "prestige" factors used to set reasonable hourly rates. *Id.*, Para. 71 & 72.

54.    Prior *relevant* experience matters in setting a rate, but experience doing document review or other contract work does not justify a "regular attorney" hourly rate – because of the type of work, which triggers the Michelango/barn problem. Nor does experience doing "regular attorney" work in another project or prior employment justify a rate above that for document review work that was the task being done here. Even if these people have exceptional experience in this type of work, that would, at most, justify a rate at the high end of the relatively low rates for *document review*, not something in a higher professional class of work. Otherwise, every tenth year associate or paralegal with ten years of experience would have the same rate as a partner with ten years of experience – it is not the title, it is the level or type of work actually done. So a tenth year partner, associate, or paralegal doing document review work would have a billing rate capped at that of a document reviewer. And, if they don't have experience relevant

to that type of work, they would not even command a document review rate at the high end for document reviewers.

55.     Later Press & Linden, Reply Dec., at Para. 63 (Dkt. 196), say "many of these attorneys had prior experience working for large defense law firms on complex litigation or had other relevant prior work experience or education." Some "relevant" prior experience (especially doing document review) or education is not equivalent to the experience of a full-time lawyer doing professional legal work, not document review. *See also Id.* Para. 67, 72 (experience class counsel selected for in hiring these lawyers was "prior document review work" or previous "document review work"). As class counsel confirms, *Id.* Dec. Para. 71, the contract lawyers were selected for their "document review experience," including whether they had worked with the same "database system" class counsel chose to use here – apparently a program called "Relativity." (We have apparently worked on reviews of bills from firms in which Relativity was used, based on their client list online.) The most expert document reviewer in the world does not have a reasonable hourly rate more than a fraction of that for an experienced trial lawyer in the same locale, for example, and never more than a mid-level or lower level paralegal, let alone the most junior associate.

56.     Also to justify the hourly rate markups for contract lawyers, Declaration of Press & Linden Reply Dec., at Para. 51 (Dkt. 196), class counsel state that the rates charged for all these lawyers – "regular" and irregular – were "in line with billing rates typically charged by attorneys of similar *seniority* in" plaintiffs' and defendants' firms. (Emphasis supplied*, see also*, Para. 154.) In the marketplace for lawyers and clients, seniority is not a relevant factor in establishing reasonable hourly rates. Looking at hundreds, thousands, or hundreds of thousands

of documents does not increase one's value for hourly rate purposes – it is the same task performed over and over. Two lawyers graduating from the same law school class and working at the same firm, one with experience trying thirty cases and the other doing document review for the same thirty cases, do not have the same reasonable hourly rate. Moreover, in addition to being repetitive, contract document review work tends to be sporadic, not the concentrated, continuous experience obtained year in and year out by "regular" lawyers practicing law.

57.     Even assuming these were the best qualified and experienced contract document reviewer/coders in the world, perfectly attuned to the issues they were coding for here, their rate must still be in the scale for document coding and review. That is how they are paid by bill-paying clients.

<u>Document Review Process</u>

58.     Class counsel state that there were "nearly 40 million pages of documents" reviewed to prepare for "depositions of dozens of witnesses and to proceed to trial..." Reply Declaration of Press & Linden at Para. 57, 60 (Dkt 196). Although much of the cost of this process is hidden by the *in camera* submission of Exhibit A to the Letter Submission, the cost of reviewing these documents, if they were actually all reviewed, was by far the largest component of the $51 million apparently claimed. I do not have many statistics or details about the condition of the documents, documentation showing whether the review process was completed (or whether it was successful), but a rule of thumb for the cost of document reviews, even with some manual review for privileges, etc., is $0.25 per page, or less, down to a small fraction of that for a more automated review. By that crude metric, the total cost should have been $10 million or less, even if successfully completed and otherwise necessary.

59.     The attempt to compare the situation here to that of defense firms using contract or temporary lawyers, Press & Linden Reply Decl. at Para. 46, 59 (Dkt 196), is misleading, too. For example, the fact that defense law firms also use temporary or contract lawyers, Para. 59, which is true some of the time, does not mean that their clients pay "regular" lawyer rates for them – in fact, they do not.  They either bill the services at cost, they send them out to a vendor (usually at direct client expense), they have the client do the work in-house, or they charge a much lower rate – typically less than a paralegal rate up to a mid-level paralegal rate for "supervisory" reviewers if the work is done inside the law firm.

60.     There has been some discussion about whether this was some sort of advanced versus "first-tier" document coding.  Reply Declaration of Press & Linden Dkt 196), at Para. 50, see also, Para. 85-151.  By their very brevity and cryptic content, the time entries in Exhibit B to the Letter Submission are indicative of lowest tier coding, however you label it, with a layer or two of supervisory reviewers, which you can also tell from their entries (which have more detail as well as words indicating supervisory activity).  Here are examples of both:

| Date | Time | Rate | Fees | Code | Description |
|---|---|---|---|---|---|
| 7/3/2012 | 12.00 | $ 375.00 | $ 4,500.00 | 3 | Berkeley document review |
| 7/3/2012 | 10.00 | $ 550.00 | $ 5,500.00 | 3 | document review |
| 7/3/2012 | 7.50 | $ 375.00 | $ 2,812.50 | 3 | document review |
| 7/3/2012 | 1.00 | $ 550.00 | $ 550.00 | 3 | document review |
| 7/3/2012 | 8.50 | $ 550.00 | $ 4,675.00 | 3 | document review |
| 7/3/2012 | 11.50 | $ 550.00 | $ 6,325.00 | 3 | document review |
| 7/3/2012 | 6.50 | $ 450.00 | $ 2,925.00 | 3 | document review |
| 7/3/2012 | 5.00 | $ 425.00 | $ 2,125.00 | 3 | coded documents |
| 7/3/2012 | 6.25 | $ 400.00 | $ 2,500.00 | 3 | Document review |
| 7/3/2012 | 8.00 | $ 550.00 | $ 4,400.00 | 3 | document review |
| 7/3/2012 | 9.00 | $ 400.00 | $ 3,600.00 | 3 | document review |
| 7/3/2012 | 10.50 | $ 375.00 | $ 3,937.50 | 3 | Citi document coding |
| 7/3/2012 | 5.00 | $ 425.00 | $ 2,125.00 | 3 | reviewed Citi securities litigation materials |
| 7/3/2012 | 8.00 | $ 550.00 | $ 4,400.00 | 3 | document review |
| 7/3/2012 | 14.00 | $ 350.00 | $ 4,900.00 | 3 | document review |
| 7/3/2012 | 11.50 | $ 350.00 | $ 4,025.00 | 3 | continued with coding Garcia documents |
| 7/3/2012 | 9.00 | $ 425.00 | $ 3,825.00 | 3 | QC and review of coded documents; R&R to e-mails; handle employee inquiries |
| 7/3/2012 | 12.00 | $ 525.00 | $ 6,300.00 | 3 | document review:  Mehrish, Quintin |
| 7/3/2012 | 13.50 | $ 375.00 | $ 5,062.50 | 3 | reviewed documents of Custodian (Berkeley) with the following bates range: IN_RE_CITI_34 23496387 to 23513525 |
| 7/3/2012 | 5.00 | $ 350.00 | $ 1,750.00 | 3 | reviewed documents |
| 7/3/2012 | 8.50 | $ 350.00 | $ 2,975.00 | 3 | document review |
| 7/3/2012 | 4.25 | $ 550.00 | $ 2,337.50 | 3 | review documents |
| 7/3/2012 | 10.00 | $ 500.00 | $ 5,000.00 | 3 | reviewed coding instructions; reviewed production and coded same |

Toothman Declaration - Page 23

61.     Moreover, someone must be doing the coding – however it is labeled – and the world of document review and coding is in the shape of a pyramid, so that would also be the most common job description.  By default, if nothing else, the vast majority of the contract lawyers were doing lower level work, *e.g.*, the $20 million worth of "document review" or "review documents."

62.     Remarkably, Press & Linden Reply Dec. (Dkt 196), Para. 83-95, 101b, claim that class counsel did no preliminary or "first tier" or "objective" coding – none at all – because this was already provided gratuitously by defendant, and third-party document sources, as part of their production.  (The items class counsel claim were equivalent to "first tier" coding contained in page metadata are not really equivalent to coding at all.)  They claim that all class counsel's enormous charges for review and coding – indeed virtually all the time billed by all the contract lawyers and class counsel – was billed in "second pass" or "second tier" *advanced* coding and reviewing, specifically for purposes of preparing for several dozen depositions (around fifty if you count the deposition defenses).  That would make the cost per deposition well over $1 million, even though the primary tier – base of the work pyramid – document review was already done for "free" through the defendant's electronic production.  (Sometimes a large part of the expense for document production is just the cost of converting paper documents to electronic data – that, too, was "free" here.)

63.     This description of higher level coding and review is fanciful when compared with how this work is normally described and implemented in the real world.  *See also Id*.  Para. 108-118.  In my experience, including reviews and post-mortems of successful and unsuccessful document projects like this, no experienced law firm or client would create such a complicated

system for coding – relational database software does what class counsel say they were trying to accomplish far more efficiently and accurately (and cheaply, and quickly). (What we have seen, however, is firms attempting this sort of project and failing.) Google does not, for example, have thousands or millions of personnel coding internet data. Electronic database technology, "sees" the same relationships through search logic, far more efficiently, consistently, and quickly than a team of different human beings reading the documents individually, injecting all sorts of human error, ever could. Typically this sort of convoluted, complex, and manual document review effort fails and is effectively worthless (except for the electronic database if it is competently created). This collapse evidently happened here as the deadline for taking depositions approached, plus the reorganization of contract and "regular" lawyers into multiple sub-teams by individual deposition, plus the creation of old-school deposition notebooks with copies of numerous documents, efforts to cross-reference and index, and the like. There was even an abrupt influx of more personnel (the "supplemental" team) the same week the case was tentatively settled in May 2012.

64.     The talk about "holistic work" and the lack of any distinction between what document reviewers and "regular" lawyers were doing, *id.* Para. 93, indicates disorganized chaos due mostly to an overly elaborate, ad hoc document review system. There is no Zen or magical approach to finding combinations of words or implications in documents. It also indicates, to me, a lack of experience with comparable document review efforts. Lack of experience should result in a lowering of hourly rates, as noted before.

65.     The unraveling of this allegedly well-planned, well-organized, and specially trained process, as revealed in *id.* Para. 97-98, is blamed on pressing court deadlines and the

large number of documents. Class counsel then called in the "supplemental team" of reinforcements, inflating the lodestar even more, and reshuffled the team and process.

66.     The description of the many layers of their review, *id.*, Para. 108-18, are a roadmap to collapse – which occurred when the deposition crunch came. This failure renders the amounts expended unreasonable and unnecessary – paying clients would exact a substantial reduction for this waste, plus the duplication of effort caused by scrambling to the proverbial "Plan B." This is also indicative of a lack of comparable pretrial experience and of actual trial experience, which would normally result (especially with paying clients) not only in a reduction or write-off of the document review charges, but also of rates and hours wasted by "regular" counsel on the failed effort and to hastily and duplicatively pursue "Plan B."

67.     Similarly, the many paragraphs describing the special training class counsel gave itself and the extensive "monitoring," *id.* Para. 119-129, further suggest this was an ad hoc system it created on the fly for this case, with little similar past experience. As I have noted elsewhere, the suggestion that all this special training was necessary even for class counsel, let alone contract staff, indicates they were getting on the job training and their normal hourly rates were therefore too high.

68.     Despite all the assurances that the firm was selecting contract lawyers for prior document review experience, I did not see anything indicating that the firm had used this system before and the document reviewers were specially hired for this engagement – even the software was described as being "selected" for this project (the "Relativity" system mentioned above, I believe). Firms that do this sort of work regularly usually employ the same software repeatedly and have a staff of regular document reviewers, full or part-time, or farm the work out to

agencies or vendors who have experienced staff, plus more experience with the software system they are using.

69.     As things unraveled, Para. 101b & 130-146, class counsel resorted to creating a whole sub-team devoted to each deposition – including reviewing documents unique to each, with their own meetings and command structure and training.  The culmination of this process was to create a deposition notebook with hundreds of documents for each deponent, including a memorandum, cross-references from other depos, and an index of the notebook.  This process would go on for weeks – for each team working up each deposition separately.

70.     This does not describe an automated, modern system for document review or deposition preparation.  This is old school, inexperienced, manual, wasteful, and excessive – reflecting the collapse of the expensive document review.

71.     Since 1981, I have been familiar with the various iterations and permutations of document review and coding, from the obsolete manual methods through hybrids (used by defense counsel screening for privilege, etc.) and up to fully or nearly fully automated review.  I am also familiar with the cost of these services and how paying clients deal with them.

72.     One of several passages in the Press & Linden Reply Declaration describes it thus: "attorneys coded documents not merely for degree of relevance but for their probity with respect to an extremely wide array of different factual and legal issues, which here numbered more than 50 discrete issues, and which required extensive training in and understanding of the most intricate factual complexities associated with Plaintiffs' claims...."  Para. 101.a.  It would be impossible to maintain consistency, let alone uniformity, across the thousands of permutations

class counsel describe.  It would also be unnecessarily time consuming to apply so many variables to millions of pages of records.

73.     Indeed, the slender biographical information on the review personnel, Exhibits H, I, J to the Letter Submission indicate that they had done traditional document review, often for multiple firms (including firms whose work product in this regard I am familiar with from other engagements).  Most of those firms are defense law firms doing the type of privilege/secret/relevance review which, as I have noted elsewhere in this Declaration, typically does involve more manual review by document-reviewing lawyers or paralegals.

74.     To demonstrate that there was some special or uniquely valuable or uncommon review going on here, counsel could normally release a sample of document review work product and productivity details.  Concrete examples of crucial, previously unknown documents located or crucial, unexpected deposition testimony obtained through these efforts would normally also be available to paying clients or to substantiate such unusual charges.

<u>Absent Client</u>

75.     Where there is no client (or client surrogate) in a position to monitor counsel, make client decisions, review legal bills, negotiate a reasonable billing agreement, question tactics, and so on, there is an "absent" client situation.  A client with a financial interest in maintaining cost-effective representation and the presence of a fee-paying client (who may also object to excessive fees) has a marked impact on tactics, staffing, and billing actions of the law firm.  Class actions are a prime example of an "absent" client situation where the fees and expenses are, literally, out of control.  The absence of exercised billing discretion, like write-offs, is another indication.

76.     There was no fee-paying client (or independent entity) to monitor and manage class counsel's fees, staffing, expenses, and the tactics it employed.  The absence of a client to whom the lawyer must report (and depend upon for payment) leaves the lawyer with a "blank check" and, in this situation, an incentive to run up the fictional tab on the theory that the more the lawyer asks for, the more the lawyer will *net* even if the court knocks some fees off the top.  Because of the low cost and high return if contract lawyers are paid at "regular" attorney rates for document review work, they are particularly valuable as a source for revenue windfalls, even though there is a risk (though reduced due to the lower cost of such personnel) of contingent fee non-recovery if a given case fails.

77.     In normal litigation circumstances, the defendants are in the next best position after clients (and have the resources) to raise objections to plaintiff counsel's petition for fees and expenses.  That is not the case here because class counsel negotiated a "clear sailing" settlement term favorable to plaintiffs' counsel, and contrary to the interest of their nominal clients, to exclude defendant from litigating the issue of plaintiff counsel's fees and expenses.  (That this may be a common practice in this type of litigation does not alter the impact they have on the facts.)

78.     The proposed settlement includes a so-called "clear sailing" provision preventing Citigroup from questioning, objecting to, or opposing the fee petition.  The adversaries when it comes to class fees are class counsel and their nominal clients.  The "clear sailing" provision is contrary to the interests of the class members and negotiated by class counsel for their own pecuniary benefit. These fees and expenses are being sought out of the "common fund" created by the settlement, which belongs to the class members, most of whom are absent and have a

proportionally minimal interest in the case, so the traditional adversarial system for testing submissions by an opposing party are not present.  This peculiar dynamic apparently existed and skewed the analysis in all the precedents cited by class counsel as benchmarks for their fees.  These narrow, skewed benchmarks are not consistent with the rest of legal practice nor with what clients actually pay.

79.     Because of the proportionally small stake each class member has in the case, compounded by the limitations on access to information about the actual activities and work product of the law firm and impediments like the *in camera* submission of billing details, class members are not in a position to verify the fees and expenses claimed.  With the burden on class counsel to substantiate a reasonable fee, the client in a fee dispute or other opponent, *e.g.*, in fee-shifting situations, must have full access to the substantiating documentation.

Project-Specific Attorney Issues

80.     "Project-Specific" attorneys are the title class counsel have applied to their contract lawyers, who are not equivalent to full time lawyers in a law firm, for several reasons.  First, they are not on the firm's partnership track and do not receive the same training and supervision.  Second, they do not have the same experience or skill as regular lawyers in the firm – if they have any such experience at all, it has not been continuous or to the degree of a practicing lawyer in the field.  Third, they are used to perform more routine and repetitive tasks, then typically terminated (or not renewed) as soon as a project is completed (unless the firm or temp agency they work for has a succession of such matters).  Reviewing documents is, by far, the most common task performed by these lawyers.  These same tasks can be – and for decades have been – performed by paralegal or clerical staff.  For the last twenty or so years, most of

these tasks can be automated to either eliminate or minimize lawyer time.  Fourth, contract lawyers are far cheaper for the firm to employ than "regular" lawyers, typically costing between $30 and $100 per hour (including fees to the temporary agency if employed through one) and depending on their experience and the locale.  (To avoid high overhead and high salary expectations, defense law firms doing this work regularly now open satellite offices away from major metropolitan areas to reduce the cost of document review even further.)  Fifth, if the firm passes them off as having hourly rates equivalent to "regular" lawyers, they are hugely profitable for the firm, many times the profitability of "regular" lawyers who cost the firm far more. Unless the firm successfully hides contract or temporary lawyers among "regular" lawyers in the bill, paying clients will not, however, pay any more than actual cost to the firm as an out of pocket expense (perhaps with a small markup for firm overhead) or, in some instances, clients simply retain the temporary staff directly.  (In the current depressed law employment market, some large clients are hiring their own full-time in-house contract attorneys to handle regular document productions.)  Moreover, paying clients do not pay full "regular" lawyer rates for document review work of any kind, even if the work is performed by full-time "regular" lawyers, let alone temporary or contract staff.

81.     In the Reply Declaration of Messrs. Press & Linden, at Para. 45 (Dkt 196), they assert that "project-specific attorneys are no different from [sic] 'regular' associates in terms of the risk or the quality of the work" and they "pose the same financial risk" to the firm as "general associates."  See also, Para. 79.  These suggestions are incorrect.  Note as well, as discussed below, that this risk was far less in this particular case for the work done after the May

2012 tentative settlement – yet the highest three months for these expenses, totaling over $8 million, are the three months after settlement, when the risk was de minimis.

82.     First, the risk to the firm is far lower for the contract lawyers because (1) they are paid much less, (2) they generally do not receive benefits and the overhead expended for them is far less, (3) there are no severance or termination costs to speak of, and (4) there are no public relations repercussions from terminating them as there are with termination of "regular" lawyers.

83.     Second, the "quality of the work" is entirely different for several reasons: (1) The work they do is generally not attorney work at all, but rather document coding also done by paralegals and clerical staff; (2) Contract lawyers and "regular" lawyers do not do the same tasks; and, (3) The work done by these contract lawyers is frequently done, wholly or at least partly, by computer software and their work is subject to several layers of "quality control" (as referenced in some entries in Exhibit B to the Letter Submission, with lead counsel's in Exhibits 2 & 3 hereto) and relies heavily on filling out forms and applying standardized, rote codes to each document, not something that a "regular" lawyer, filling a professional role, does.

84.     In Paragraph 45 of their Reply Declaration (Dkt 196), Press & Linden assert that the risk to the firm is the same for associate compensation and contract lawyer compensation that a firm pays out of pocket.  It is precisely because the risk from using contract lawyers is so much lower (and the upside potential so much higher if the court approves 'regular' hourly rates on a theory that contract lawyers are equivalent to regular associates), that this category of contract or temporary lawyers exists – to save money.  Bill-paying clients do not pay "regular attorney" rates for known contract or temp lawyers, no matter what their title is.

85. If contract lawyers really were doing the same type and quality of work and creating the same risk, with no additional upside, then firms would simply hire regular lawyers to do all these tasks. Or, as is now much more commonly the case, the firms would have no incentive to hire either associates, or contract lawyers, or paralegals, or clerical staff to do this work: With no financial bonus and the same or lower downside risk, they send significant review work out to third-party vendors ("outsourcers" here and in other countries) or use, wholly or in large part, software to skip manual document review and coding altogether.

86. We examine many bills involving contract lawyers doing document review for defense firms, where the necessity for some review is much more clear because they need to winnow out the irrelevant, privileged and trade secret documents before production. This claim is extraordinarily high and out of proportion to the norm.

Double-Counting of Risk

87. Class counsel are double counting the enhancement for contract lawyers by charging "regular attorney" hourly rates for contract lawyers – a larger markup with less risk but higher profit per hour than made on the "regular attorneys" – then they are also asking for a multiplier (to justify the particular slice of the common fund that they claim) on top of that, also based on risk. This creates a hidden or double multiplier by inflating the lodestar.

88. For this reason, attempting to compare multipliers from this case to another precedent can be misleading since, at least in this case, there has already been a hidden multiplier applied to the contract lawyer charges to enhance the lodestar. The effective multiplier may be lower, but the gross fee is enhanced more by inflating the lodestar to which it is applied.

Staffing Issues

89.    In addition to the issues with contract or "case-specific" lawyers on staff, there are issues raised by class counsel's explanation for their large team.  Press & Linden Reply Dec. Para. 103, et seq. (Dkt 196).  The case was amply staffed, which is attributed to the pressure to handle the "dozens" of depositions by the Court's deadline.  According to Exhibit E to the March 6, 2013, Letter Submission, there were 33 depositions of unnamed persons who appear to have been affiliated with the defendant, three expert depositions (two, however, of plaintiff experts), and sixteen depositions by defendant of individual plaintiffs.  (Defending depositions is a far less burdensome task.)  Lead counsel sent one to three lawyers to each deposition.

90.    Lead class counsel describe their "core team" as including six partners and two "project-specific" attorneys attached to the senior core, below that was a "core" of 23 associates, of counsel, and contract lawyers, all "engaged in unified, common effort." *Id.* at Para. 103, 104.  Then there were eleven more class counsel at various levels doing "occasional work."  *Id*. at 105.  Then there was a "supplemental team" of twenty more attorneys brought in to perform tasks the "core team simply had no time to do."  *Id*. at 106.  (These appeared about the same time the case was tentatively settled, but billed away for months.)  This included things like summarizing depositions – a task that is frequently not billable because all transcripts come pre-summarized and electronically searchable these days, with indexes.  There is even more on the history of the various teams at Dec. Para. 130-151.  By counsel's summary, the entire lead team is over 62.

91.    But these numbers are understated because, based on Exhibit B to the Letter Submission (portions for Kirby, Exhibits 2 & 3 hereto), there were 41 contract lawyers working for lead class counsel.  Nor does this include the dozens more timekeepers billed through other

class firms.  And then there is the list of various types of timekeepers originally filed with the

December 7, 2012, Fee Application, Dkt. 171-5.  In that list, there are seven partners, three of

counsel, 53 "other attorneys" (apparently putting the contract lawyers here interspersed with

"regular" lawyers), plus five "senior analysts," and an unknown number of "law clerks,"

"paralegals," and "clerks."  Here is the breakdown of the contract lawyers, with names partially

obscured – note the large number "billing" over $1 million each, and the extraordinary amounts

of time claimed:

| Time | Hours | Rate | Total |
|------|-------|------|-------|
| Naga | 3,359.50 | $525.00 | $1,763,737.50 |
| Baldu | 3,119.75 | $550.00 | $1,715,862.50 |
| Gree | 2,754.50 | $550.00 | $1,514,975.00 |
| Figue | 2,711.50 | $550.00 | $1,491,325.00 |
| Watt | 2,650.50 | $550.00 | $1,457,775.00 |
| Dimi | 2,615.25 | $550.00 | $1,438,387.50 |
| Mark | 3,068.50 | $425.00 | $1,304,112.50 |
| Woo | 2,256.00 | $525.00 | $1,184,400.00 |
| Brue | 1,896.50 | $550.00 | $1,043,075.00 |
| Heal | 1,699.00 | $550.00 | $934,450.00 |
| Pede | 1,601.25 | $550.00 | $880,687.50 |
| Elrod | 2,110.00 | $375.00 | $791,250.00 |
| Toro | 2,044.50 | $375.00 | $766,687.50 |
| Fenn | 1,609.25 | $475.00 | $764,393.75 |
| Khur | 2,108.75 | $350.00 | $738,062.50 |
| Dimi | 1,722.50 | $400.00 | $689,000.00 |
| Cang | 1,500.50 | $450.00 | $675,225.00 |
| Steve | 1,870.50 | $350.00 | $654,675.00 |
| De La | 1,241.25 | $450.00 | $558,562.50 |
| Vatre | 808.00 | $350.00 | $282,800.00 |
| Keato | 505.50 | $550.00 | $278,025.00 |
| Folar | 649.00 | $425.00 | $275,825.00 |
| Pitte | 484.00 | $550.00 | $266,200.00 |
| Stow | 524.00 | $500.00 | $262,000.00 |
| Boes | 445.25 | $550.00 | $244,887.50 |
| Bodl | 440.50 | $550.00 | $242,275.00 |
| Autry | 629.00 | $375.00 | $235,875.00 |
| Dani | 550.00 | $425.00 | $233,750.00 |
| Ayarz | 601.00 | $375.00 | $225,375.00 |
| Donb | 529.00 | $400.00 | $211,600.00 |
| Willm | 359.00 | $550.00 | $197,450.00 |
| Schn | 520.25 | $375.00 | $195,093.75 |
| Siaw | 433.00 | $450.00 | $194,850.00 |
| Lin, T | 531.00 | $350.00 | $185,850.00 |
| Petra | 405.00 | $450.00 | $182,250.00 |
| Stew | 316.25 | $550.00 | $173,937.50 |
| Belk, | 405.75 | $375.00 | $152,156.25 |
| Steph | 371.00 | $350.00 | $129,850.00 |
| Ortiz | 168.00 | $350.00 | $58,800.00 |
| Uswa | 88.75 | $550.00 | $48,812.50 |
| Kessl | 80.00 | $375.00 | $30,000.00 |
|  | 51,782.75 |  | $24,674,306.25 |

The full names are in Exhibit 6 hereto, with the same summary.  Again, this is just the contract lawyer work and class counsel tell us that their own "regular" lawyers were doing more of the same.

92.     Here is a summary of the time billed each month – again, this is just for the Exhibit B contract lawyers for lead counsel.  The yellow highlighting shows time billed at or after the time of tentative settlement, early in May 2012.  The three highest billing months – at least for contract lawyers – were after the tentative settlement.

| Month | Hours | Rate | Fees |
|---|---|---|---|
| Feb-11 Total | 58.50 | $425.00 | $24,862.50 |
| Mar-11 Total | 969.25 | $511.83 | $496,087.50 |
| Apr-11 Total | 1,132.50 | $530.32 | $600,587.50 |
| May-11 Total | 1,289.50 | $519.12 | $669,406.25 |
| Jun-11 Total | 1,568.00 | $522.92 | $819,937.50 |
| Jul-11 Total | 1,387.50 | $518.17 | $718,962.50 |
| Aug-11 Total | 2,105.75 | $474.47 | $999,112.50 |
| Sep-11 Total | 2,484.75 | $465.41 | $1,156,418.75 |
| Oct-11 Total | 3,119.00 | $469.96 | $1,465,793.75 |
| Nov-11 Total | 3,339.50 | $471.89 | $1,575,868.75 |
| Dec-11 Total | 3,206.00 | $474.75 | $1,522,056.25 |
| Jan-12 Total | 3,266.25 | $478.80 | $1,563,881.25 |
| Feb-12 Total | 3,224.50 | $477.85 | $1,540,812.50 |
| Mar-12 Total | 3,772.25 | $483.26 | $1,822,993.75 |
| Apr-12 Total | 3,542.00 | $480.92 | $1,703,431.25 |
| May-12 Total | 6,291.75 | $462.20 | $2,908,037.50 |
| Jun-12 Total | 6,582.25 | $460.26 | $3,029,568.75 |
| Jul-12 Total | 4,434.00 | $463.00 | $2,052,925.00 |
| Aug-12 Total | 9.50 | $375.00 | $3,562.50 |
| Total/Avg Rate | 51,782.75 | $476.50 | $24,674,306.25 |

93.     *Supplementation & Amendment*: Given the limited time and information available, we have not performed a full legal bill review nor an "audit."  This declaration may be supplemented or amended if additional material information becomes available.

I declare under penalty of perjury that the forgoing is true and correct, and that this declaration was executed on this 15th day of March, 2013.

_____

John W. Toothman, Esq.


Confidential Exhibits Attached:

1        Toothman Resume

2        Chronological Order Spreadsheet Printout of Kirby Exhibit B to Letter Submission of March 6, 2013

3        Same data as Exhibit 2 but sorted by timekeeper, then chronological order

4        Filter of same data as Exhibit 2 for "depo[sition]" related entries

5        Filter of same data as Exhibit 2 for largest time entries

6        Summary of same data as Exhibit 2 for fees by timekeeper with full names


* * * * *

Exhibit 1

# EXHIBIT B

Timothy M. Freudenberger, State Bar No. 138257
Brent M. Giddens, State Bar No. 133652
Dawn M. Irizarry, State Bar No. 223303
CAROTHERS DiSANTE & FREUDENBERGER LLP
707 Wilshire Boulevard
Suite 5150
Los Angeles, California 90017
Telephone: (213) 612-6300
Facsimile: (213) 612-6301
E-Mail: tfreud@cdflaborlaw.com
          bgiddens@cdflaborlaw.com
          dirizarry@cdflaborlaw.com

Attorneys for Defendants
ANGELS BASEBALL LP AND CITY
OF ANAHEIM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. PAUL CHARLEBOIS,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>ANGELS BASEBALL LP, CITY OF ANAHEIM, and DOES 1 THROUGH 10 inclusive,,<br><br>　　　　Defendants. | Case No. SACV10-853-DOC (ANx)<br><br>Assigned for All Purposes To:<br>Judge David O. Carter<br><br>**DECLARATION OF JOHN W. TOOTHMAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:　May 10, 2012<br>Time:　8:30 a.m.<br>Courtroom: 9-D |

CAROTHERS DiSANTE &
FREUDENBERGER LLP

471855.3

DECLARATION OF JOHN W TOOTHMAN IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

# **DECLARATION OF JOHN W. TOOTHMAN**

I, John W. Toothman, declare as follows:

1.    I am an attorney admitted to practice in the District of Columbia and Virginia, as well as various federal and other courts.  This declaration is based on my personal knowledge and information that I find to be reliable, and if called to testify thereto, I could and would do so competently.  All my expert opinions are expressed to a reasonable degree of professional certainty.

2.    My firm was retained by Angels Baseball LP (the "Angels") to review legal fee and expense claims arising in *Jeff Charlebois v. Angels Baseball LP*, Case No. 8:10-CV-00853 (C.D. Cal.) (Judge David O. Carter), which is an ADA class action on behalf of wheelchair-bound plaintiffs who claim they have been denied equal access to the Angels Stadium (the "claim").  This is a Rule 23(b)(2) class action for equitable relief, not monetary damages.

3.    I have reviewed time records provided by lawyers at Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP ("SDSHHH") and by Eugene Feldman, who evidently practices separately, for fees to prepare and prosecute the claim.

4.    The summary provided by SDSHHH shows fees that total $516,990 for 1,317.4 hours and $42,440.30 in expenses.  The time entries provided to us actually total $523,332.50 for 1325.7 hours plus $42,440.76 in expenses.  The claim was filed on June 15, 2010; however, the first time entry appeared approximately nine months prior, in September 2009.  The time records cover the period from September 2009 through November 12, 2011.

5.    Not counting November 2011, for which we have only one time entry, the average fees have been $20,126 per month including the ten months spent preparing to file the complaint, which is quite high given the size of the case, relative lack of time-intensive tasks, and minimal progress beyond class certification.

6.    The case was filed on June 15, 2010, over nine months after the first

1

time entries appeared. Notably, fifteen percent of the fees occur before the filing of
the complaint. Based on the court's docket, which I have reviewed, the proceedings
to date have revolved around class certification, which had several iterations
including sampling of Angels' ticket holders and attempts to survey potential class
members. After having expressed concerns regarding the limited class size, the court
certified a class on July 1, 2011, which is the major milestone in the case. Since then
the parties have had several rounds of discovery extensions without significant
motions, although routine discovery would not show up on the docket. We
understand the case settled in principle in late October 2011, and the hearing for final
approval of that settlement was scheduled for April 13, 2012. In addition to seeking
substantial compensation for the class representative and these legal fees plus
expenses, the settlement calls for some changes in how wheelchair bound fans are
treated but apparently has little physical impact on the stadium configuration.

      7.     In considering the context in which these legal fees are requested, we
note that, as of November 12, 2011, Plaintiff was seeking fees and expenses of
$565,773.26, which is a large fee that would normally arise only in a case with
significant milestones, such as heavy discovery, summary judgment motions, and a
trial.

      8.     There is nothing factually or legally complicated about this case. This
case settled early in the process, though it took eighteen months to get there,
spending over a year on a routine motion for class certification with a very small
class. This work required some time to prepare, but these are experienced counsel,
with high hourly rates that can only be justified with substantial relevant experience,
so it should not take hundreds of hours to edit papers from the last similar case plus
hundreds more hours for collateral case maintenance. Since July 2011, there has been
some discovery activity, which should be limited by the simple facts and equitable
relief sought. There are no indications that Angels have engaged in unreasonable or
wasteful litigation tactics, nor that there has been any lack of sensitivity to fan

2

DECLARATION OF JOHN W TOOTHMAN IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

471855.3

complaints.

9.     Stepping back even further, this is not a precedent-setting or complex case at the cutting edge of ADA law. Angels Stadium was built in the mid-1960s, before the ADA, reconfigured to accommodate football for awhile, then extensively renovated in 1998. According to some of plaintiffs' expert opinions, the stadium needs a greater diversity of spaces dedicated to wheelchair bound fans. (The problems described sound more like the inevitable result of the impossibility of designing a facility for mass entertainment to anticipate every possible individual demand. The team is also very successful, so it's likely that there are many games where the stadium is sold out or close to it.)  The issues in the case revolve around things like horizontal and vertical diversity of lines of sight, being able to follow the arc of fly balls, obtaining waiter/ress service and other amenities, and replicating virtually every ticket price and viewing location for a group the court found to be barely numerous enough to support a class action (less than one percent of the potential audience.)  There are already hundreds of wheelchair accessible seats, but plaintiffs argue for re-classifying them by various subjective factors so that the stadium is alleged to have more than enough accessible spaces in some locations but not enough in others.  I have not seen any indication, for example, that there have been games with more fans in wheelchairs than there are accessible locations or that some fans in wheelchairs are being turned away.[1]  Moreover, the absence of complaints about parking or access to the seating areas indicate that the stadium

---

[1] Statistics I have found indicate that roughly 0.6 percent of the population outside care facilities use wheelchairs.  More people use canes, walkers, or crutches, which would not be addressed by seating arrangements designed for wheelchair accessibility.  One of plaintiff's primary arguments for a substantial legal fee is likely to be that the case benefits many others besides himself.  The Judge's class certification opinion states a different story, however, about extensive, flawed efforts to locate potential class members who were dissatisfied and estimates that the class may be barely over 50 potential members.  Given the finite space available in any stadium, and the variety of potential issues any collection of fans may imagine, an advantage to one group may be a disadvantage to others, too.

3

DECLARATION OF JOHN W TOOTHMAN IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

471855.3

passes muster on other common ADA issues. Assuming there are roughly 50 fans
who will benefit in some way, the fees and expenses sought are approximately
$11,000 per fan.

10.  *Summary*: Based on our examination of the available information, my
opinion is that the fees are substantially unreasonable. The largest problems are the
top heavy staff billing substantial amounts of time on internal communications and
unproductive, redundant tasks. Mr. Feldman appears to be included in the team
primarily as a means to recover a referral fee. Many of the time entries are cryptic,
lacking necessary details.  The hourly rates are also questionable. We have limited
data from the firm or on comparable rates but, using Mr. Feldman's rate as an
internal benchmark, some of the rates are up to $200 per hour too high.

11.  To estimate a reasonable fee, I have eliminated the time we flagged for
the problems identified below. To reduce (but not eliminate) some of the duplication
and excessive time spent churning tasks, I then used the remaining time of the core
team of DeSimone ("partner", $67,815 @ $450), Canning ("associate";
$112,087.50), and Valenzuela (paralegal, $20,325), who were the highest billers in
each category.  I capped the rate of Mr. DeSimone at Feldman's benchmark rate of
$450. This gives a ceiling for a reasonable fee, based on my estimate, at a total of
$200,227.50, or 38% of the original fee claim from the time submitted.  The
expenses of $42,440.76 are assumed for now to be reasonable, although the amount
paid for at least one expert is substantial and not documented. The revised total by
my estimate is therefore $242,668.26, which is a ceiling on the reasonable claim
based on currently available information. This is 43% of the original fee and expense
claim and an amount more than sufficient to conduct this litigation at a reasonable
cost.  These conclusions may be amended or supplemented if additional information
becomes available.

12.  *Time Records*: The billing records plaintiff's lawyers provided are in a
variety of formats, but none are actual invoices sent to the client. We found

4

arithmetic and other errors with these records. It is not even clear that anyone at the firm was responsible for managing the billing on the matter – normally we expect the firm to manage itself and its fees so someone at the firm should spot, for example, wasted or inflated time or indications of overstaffing. What SDSHHH produced here is the rough draft of a bill.

13.     *Absence of Fee Management*: The client has probably not seen any bills (nor have we) and has no incentive to monitor the fees because he is not paying them.[2] The usual discipline or management provided by a fee-paying client is therefore absent.

14.     Normally a fee-shifting provision in a law is designed to reimburse the client for actual, reasonable legal fees and expenses the client has paid. Although the fee award belongs to the client(s), these fees are sought directly from the defendant where the firm has a nominal pro bono arrangement with the client(s).[3]

15.     These time entries were made for purposes of obtaining payment through litigation, knowing that most judges, for example, will cut at least some of the fees and expenses. This absence of normal fee management pressure and the expectation that the court would ultimately reduce the fee and expense claims tends to discourage voluntary reduction of entries and discourage normal internal staffing and fee management.

16.     But this combination of "absent" client management, recovery limited to its actual investment, and expected downward adjustment by the court tends to cause some firms to raise the ceiling on their compensation by exercising no billing judgment and not eliminating wasted or excessive time, staff, and expenses and to argue for the highest imaginable hourly rates. For example, using the case to train

---

[2] The settlement provides, I understand, for a lump sum payment to the plaintiff but this is normally a smaller amount and the custom is not to collect legal fees or expenses from a gratuity.
[3] Sometimes these arrangements are depicted as contingent fees, but a 100% contingent fee would raise other ethical and legal concerns.

DECLARATION OF JOHN W TOOTHMAN IN
OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS

471855.3

inexperienced staff or to occupy the time of underutilized salaried staff, then collecting for their otherwise unproductive or unnecessary time, would yield a "profit" or larger than necessary payment to the firm.

17.    The Feldman time illustrates, I believe, another variation: Keeping the referral source "in the loop" with nominal involvement to allow the referring lawyer to recover a referral fee out of the defendant's pocket.

18.    *Absence of Write-Offs*: A particularly relevant manifestation in the bills of this lack of normal firm and client management of fees and expenses is the absence of write-offs or write-downs of fees in these bills. Normally the firm should be examining its own time entries and expenses to adjust those entries that are poorly documented, unproductive, duplicative, or the like.  As noted above, these time records appear to be raw timekeeper entries that were not even compiled by the firm into a typical invoice, let alone examined internally. We would expect a well-managed bill to show voluntary or client-instigated adjustments of ten percent or more.

19.    *Staffing*: SDSHHH does not identify lawyers by traditional titles like partner or associate, but it does distinguish them by hourly rates. The firm had five lawyers and three paralegals assigned to the *Charlebois* team. Paralegals bill $125 per hour and lawyer rates range from $225[4] to $650.[5]  Eugene Feldman is a solo practitioner, separately employed and billing at $450 per hour, making the team total

---

[4] The lowest lawyer rate of $225 is for a few hours billed by Menaka Fernando, who joined the firm last summer and was admitted in November 2010.  She is not listed on the firm's current website.
[5] So far the firm has not provided support for its hourly rates.  The rates are at the high end even for the Los Angeles market, so these may not be actual rates as paid by clients.  An issue hidden by the firm's presentation of its billing records in this fashion is whether the firm has increased its hourly rates in the 2.5 years since it took on this case.  The rates presented are likely to be the current rates and also may not have been paid by actual clients if the firm normally does contingent fee work.  Hourly rates in general have been flat the last several years due to the recession, but without a paying client and in the context of fee-shifting the firm can assert whatever rates it chooses, which rates must then be substantiated.

471855.3

six lawyers.[6] The average hourly rate, dividing the total fees sought by the total hours claimed, is just under $400 per hour ($395), which is very high. This indicates that the staffing (and distribution of time) was top heavy because junior associates and paralegals at lower rates typically bill the most time and dilute the higher rates of senior lawyers delegating the most time-consuming tasks.[7] Only DeSimone, Seplow, and Canning have entered appearances as counsel of record. Our information about the timekeepers comes from their websites and the California Bar.

20.    The three senior lawyers billed 53% of the fees. I saw no indication that this case could not have been handled by one experienced lawyer with support from one paralegal and some associate time. The heaviest biller, however, was Amanda Canning, admitted in December 2006, who billed 527.8 hours at $375 per hour.

21.    As noted before, I have seen no explanation for Mr. Feldman's role: He did not enter an appearance in the case. Early time entries suggest that he referred Mr. Charlebois to SDSHHH and participated in an evidence-gathering trip to a game. He claims relevant ADA experience – possibly more relevant than anyone from SDSHHH. But his time records suggest he is not doing productive work, just communicating with and observing the work of SDSHHH. The little work he does duplicates work from SDSHHH. When two or more law firms are representing the client, the net fee must be reasonable precisely to avoid redundant lawyers. With its own heavy staff, SDSHHH would seem to be competent to handle the case itself, so Mr. Feldman appears to be redundant and his time included to justify a de facto referral fee.[8]

---

[6] Mr. Feldman has more experience and, based on data from their websites, more relevant experience than the SDSHHH lawyers, yet his rate is up to $200 per hour less and only $75 more than the mid-level SDSHHH associate. Using his rate as a benchmark and ceiling on the other rates would be appropriate.
[7] A high average rate also indicates that the case was not a document or discovery-intensive case,
[8] There are professional restrictions on referral fees, which we are not addressing at this time. Mr. Feldman is not identified or mentioned in the press release plaintiff issued after class certification was granted in July 2011. SDSHHH are identified as

471855.3

This table summarizes the billing by each timekeeper:

| Timekeeper Name | Hours | Avg. Rate | Fees | %Fees |
|---|---|---|---|---|
| Amanda Canning | 532.1 | $ 375.00 | $ 199,537.50 | 38% |
| James V. DeSimone | 292.8 | $ 650.00 | $ 190,320.00 | 36% |
| Eugene "Gene" Feldman | 128.4 | $ 450.00 | $ 57,780.00 | 11% |
| Kai Valenzuela | 261.4 | $ 125.00 | $ 32,675.00 | 6% |
| Michael D. Seplow | 52.4 | $ 600.00 | $ 31,440.00 | 6% |
| David Sarnoff | 15.5 | $ 375.00 | $ 5,812.50 | 1% |
| Jonathan Cotton | 20.3 | $ 125.00 | $ 2,531.25 | 0% |
| William "Bill" Clifton | 19.1 | $ 125.00 | $ 2,381.25 | 0% |
| Menaka Fernando | 3.8 | $ 225.00 | $ 855.00 | 0% |
| Total/Average | 1325.7 | $ 394.76 | $ 523,332.50 | |

22. *Duplication of Effort*: The firm had a mob approach to almost every task, with everyone involved in anything significant, including lots of internal communications, review, and the like. Although not limited to just these three timekeepers, the typical project would start with a draft by Ms. Canning, then review and revision by both DeSimone and Seplow, but six or more timekeepers often recorded some related time. Examples include the class certification briefings and court proceedings. Exhibit D hereto is a list of terms filtered from the time descriptions, many of which indicate duplication or excessive time for particular types of tasks or projects. For example, 38% of the entries refer to review (or sometimes "revise" by an ambiguous abbreviation, "rev"), which is just under $200K. "Drafting" involved 30% of the entries, over $170K. Almost a quarter of the entries refer to legal research, over $125K. There were only a handful of substantive plaintiff's lawyers.

8

471855.3

documents filed, including the complaint and class certification proceedings, none of which were unprecedented or novel, especially if the firm claims expertise to justify the high hourly rates.

23. Exhibit F includes specific examples of the activity surrounding various projects, such as depositions, with a flurry of activity in fall 2010 and then again in May through August (and some later) in 2011, totaling 88.35 hours and almost $35K ($34,721.25), with time billed by eight different timekeepers.

24. I see no reason why the team could not have consisted of one experienced "partner" supervising (with limited time), one mid-level associate, and assisted by one paralegal to handle the delegable tasks. This would, for example, help eliminate much of the time spent on unproductive or duplicative tasks, such as review by six or more timekeepers of each document and internal communications by extraneous personnel. This is precisely the sort of impact a vigilant client paying the bills should have had.

25. *Problem Time Entries*: We reviewed the time entries, line by line, and found problems with 45% of them (by fees).

//
//
//
//
//
//
//
//
//
//

9

471855.3

Here is a summary of the problems we found with the individual time entries.[9]

| Problem Time | Hours | Fees | % Hours | % Fees |
|---|---|---|---|---|
| Internal Conferences (ic) | 240.40 | $ 107,952.50 | 18% | 21% |
| Cryptic (qu) | 221.60 | 92,282.50 | 17% | 18% |
| Internal Memoranda (im) | 102.70 | 49,850.00 | 8% | 10% |
| Travel (tr) | 18.30 | 11,895.00 | 1% | 2% |
| Clerical (cl) | 50.90 | 6,882.50 | 4% | 1% |
| Digesting (dg) | 9.00 | 3,375.00 | 1% | 1% |
|  |  |  |  |  |
| Coded Time (nonblank) | 559.50 | 233,165.00 | 42% | 45% |
| Uncoded Time | 766.20 | 290,167.50 | 58% | 55% |
| Total Time | 1325.70 | 523,332.50 | 100% | 100% |

26.  *Internal conferences (IC) and memoranda (IM)*: Internal communications, whether orally or by memorandum (including emails) accounted together for 29% of the fees (326.7 hours, $151,257.50. Separately, the internal conferences were 21% of the fees and memoranda were 10%.[10] Assuming the matter

---

[9] All the entries are presented in chronological order in Exhibit B and by timekeeper (then chronologically) in Exhibit C. Exhibit B allows you to see everyone's efforts together, which tends to highlight things like duplication of effort, the roles of each timekeeper, and internal communications. Exhibit C lets you follow each timekeeper's activities alone. (We count the entire entry for a problem with any portion, even if there is more than one task in the entry unless they segregate the time – we will not speculate for the firm because it has the burden of proving its time and rates are reasonable.) We are not aware of any billing agreement imposing additional obligations, like task-based billing, although some courts are now docking fees for block-billing alone, which would further reduce our fee ceiling estimate.

[10] A few entries with both internal memos and conferences are the explanation why one cannot simply add the percentages for each category to obtain the total conferences and memos together. This is true for all the codes – some entries exhibited two or more issues, so the entry is included in each subtotal. The subtotals therefore cannot be added without some double counting of entries. The coded/uncoded totals avoid this problem by counting each entry only once. Also, entries where more than one task is included in the same entry are counted in full – we cannot speculate about the division of time between tasks. Most of these entries

10

471855.3

requires more than one timekeeper, some internal communication is necessary but this a problem commonly flagged because it is excessive and unproductive, often abused by hourly timekeepers.

Here are examples of internal communication entries:

| Internal Communication | | | | | |
|---|---|---|---|---|---|
| Timekeeper | Date | Entry | Hours | Rate | Fees |
| Amanda Canning | 10/4/10 | Calls to/from Mazz re site Visit/documents, Review strategy with DeSimone re same, e-mails to/from Gidens re same – 1.1 | 1.10 | $375.00 | $ 412.50 |
| Michael D. Seplow | 10/4/10 | tc VID & AC (.2) | 0.20 | $600.00 | $ 120.00 |
| Michael D. Seplow | 10/6/10 | Disc w VID (.1) | 0.10 | $600.00 | $ 60.00 |
| James V. DeSimone | 10/7/10 | Email to team re: Mediators/research (.7) | 0.70 | $650.00 | $ 455.00 |
| Gene Feldman | 10/7/10 | Amanda, Jim and Mike re: possible list of mediators | 0.20 | $450.00 | $ 90.00 |
| James V. DeSimone | 10/8/10 | Mtg. W. AC re: strategy (.2) | 0.20 | $650.00 | $ 130.00 |
| James V. DeSimone | 10/8/10 | Emails w EF and AC Re mediators/discovery (.3) | 0.30 | $650.00 | $ 195.00 |
| Amanda Canning | 10/8/10 | Review strategy with VID - .2 | 0.20 | $375.00 | $ 75.00 |

27.    *Cryptic entries (QU)*: The timekeepers have the burden to provide details to support their time entries. Cryptic time is a common problem in these bills (18% of the fees, 221.6 hours, $92,282.50), including vague or incomplete entries. Typical examples might be communications without identifying the participants or subject and leaving out the subject of research or review work.

//

//

//

/

_____

were task-based entries, however.

11

Here are examples:

| Cryptic Entries Sample | | | | | | |
|---|---|---|---|---|---|---|
| Timkeeper | Date | Entry | Hours | Rate | Fees | |
| James V. Desimone | 4/11/11 | Follow Up mtg and emails w Team (.3) | 0.3 | $650.00 | $ 195.00 | |
| James V. DeSimone | 4/11/11 | Review community groups (.2) | 0.2 | $650.00 | $ 130.00 | |
| Amanda Canning | 4/11/11 | RS survey responses - .2 hrs. | 0.2 | $375.00 | $ 75.00 | |
| Kal Valenzuelo | 4/11/11 | Contact organizations for survey distribution | 4.2 | $125.00 | $ 525.00 | |
| Amanda Canning | 4/12/11 | RS survey responses - .2 | 0.3 | $375.00 | $ 75.00 | |
| Kal Valenzuelo | 4/12/11 | Contact organizations for survey distribution | 7.5 | $125.00 | $ 937.50 | |
| Amanda Canning | 4/13/11 | FP re survey outreach - .5 hrs | 0.5 | $375.00 | $187.50 | |
| Kal Valenzuelo | 4/13/11 | Contact organizations for survey distribution | 6.5 | $125.00 | $812.50 | |
| William Clifton | 4/14/11 | Disabled Am Vets O.C., spoke to Dan (.2) | .02 | $125.00 | $ 25.00 | |
| Kal Valenzuelo | 4/14/11 | Further revise survey, prepare survey packet for organizations, further contact organizations for distribution | 4.5 | $125.00 | $ 562.50 | |
| James V. DeSimone | 4/15/11 | Emails w. class members (.2); | 0.2 | $650.00 | $130.00 | |

28.    *Additional problems*:  Other items have been flagged but are relatively small in terms of percentage here. Travel time (TR) accounts for 2% of the fees. This is unproductive, but often necessary time to travel to court or other events. Many firms write off or discount this time and it also raises the question why local counsel were not used in some instances.

29.    Clerical time (CL) is non-billable secretarial or administrative work (1% here), like organizing files or copying. It is part of the firm's overhead.

30.    Digesting (DG) includes manual summarization of transcripts, which is often unnecessary with modern technology and rarely productive. This is 1% of these fees.

12

471855.3

31.    Long days are days where someone billed over 8.0 hours – depending on the circumstances. (2% of these entries, not separately coded.) This is time that would often be written down or may be indicative of absent client management.

32.    *Expenses*: The largest expenses are for the expert fees of Mr. Mazz. They seem high given the routine nature of his analysis (based on his declaration), but I assume for now that this was actually paid. Other significant expenses are for other consultant(s), mediation (presumably required) and transcripts.

33.    We do not have documentation for the expenses. A firm cannot markup expenses or charge personal or overhead items as an expense. *See, e.g.*, ABA Formal Ethics Opinion 93-379.  Small amounts spent for Westlaw, phones, and other internal expenses may be inappropriate because these are usually part of flat monthly charges included in the firm's overhead these days, not a variable expense triggered by the matter. Apparently the firm also paid a service to put paper fliers about the case on windshields or hand them out at the Convention Center.  At this point, the expenses appear reasonable.

34.    *Reasonable Fee & Expense Standards*: After eliminating inappropriate time entries, the remaining fees and expenses must still be reasonable. The most commonly cited standard for defining a reasonable fee is a series of factors, with the best-known list contained in ABA Model Rule of Professional Conduct 1.5(a):

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;

13

DECLARATION OF JOHN W TOOTHMAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

471855.3

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

35.     The time and expense analysis above, including elimination of unnecessary time and waste, such as duplicated effort and overstaffing, deals with "time and labor required." Regarding the remaining factors, many of which are subjective, I have the following observations: The issues presented were neither novel or difficult (indeed there seems to be a large body of precedent for this sort of litigation against public facilities), the lawyers have ample expertise (though I am uncertain about experience) with similar litigation but this was not particularly demanding litigation either in terms of its size or complexity, the employment was spread out over years, not particularly intense, and could not have precluded other employment, the fees claimed are at the high end for the locality of an already inflated genre, the amount involved is not monetary and important to some but not particularly large, the results obtained are (without seeing the settlement) apparently quite positive, there were no significant time limitations, there is no material impact on the fee due to the nature or length of the professional relationship, the reputations of the lawyers appear to be exceptional (though I do not have details on specific relevant experience and the staffing is top heavy), and the fee is apparently contingent on a successful fee petition. Considered together, these factors do not suggest that enhancing the lodestar fee is necessary and, if anything, the litigation has been routine and of modest impact.

36.     *Qualifications*: I am an attorney admitted to practice in several jurisdictions, starting with the District of Columbia, as well as federal courts in several jurisdictions. A copy of my current resume is attached as Exhibit A.

37.     I graduated from Harvard Law School, cum laude, in 1981. Before that, I graduated with honors from the University of Virginia with a B.S. and M.S. in chemical engineering. I have extensive experience, skill, training, education, and

14

471855.3

knowledge of the subjects of legal fees, litigation, and related ethical and professional standards. I am the author, with Professor William G. Ross, of Legal Fees: Law & Management (Carolina Academic Press 2003).

38. I was a practicing attorney from 1981 through 1993. During my twenty plus years as a practicing attorney, I have litigated cases (including class claims) in the State of California and in other jurisdictions. For example, I have represented the Department of Justice against the Church of Scientology in Los Angeles Superior Court. I represented Prudential Insurance in a landmark trademark case that was appealed to the Ninth Circuit. In addition, I have served as counsel in class action lawsuits on behalf of plaintiffs and defendants in at least four matters.

39. I have also represented cases involving claims under the Americans with Disabilities Act ("ADA"). Specifically, I represented the local US Attorney in a proceeding involving claims of failure to provide suitable access to the United States Courthouse located Alexandria, Virginia. In addition, I have represented the Assistant Attorney General is a case involving ADA claims pursued by an employee of the Architectural & Transportation Barriers Compliance Board.

40. I am also the author, with Douglas Danner, of Trial Practice Checklists 2d (West Group 2001). I have written over 25 articles on the subjects of legal fees, examinations of legal fees, legal fee management, legal ethics, litigation, and related subjects. I have spoken regularly on these subjects and regularly taught continuing legal education seminars on these subjects as well – examples of these are contained in my resume.

41. Founded in 1993, my firm, known as The Devil's Advocate or TLF Consulting, has examined over $1 billion in legal bills and consulted with numerous clients on the subjects, for example, of legal fees, litigation strategy and tactics, legal ethics, attorney performance, and work product quality. I am regularly consulted as

15

471855.3

an expert in these fields by, for example, business and professional publications as well as by law firms and clients.

42.     I have testified as an expert witness as to legal fees, examinations of legal fees, legal fee management, litigation, and related subjects (both challenging and supporting petitions for legal fees) in courts around the country, including the U.S. District Courts for the District of Columbia, Eastern District of Virginia, Eastern District of Pennsylvania, Middle District of Pennsylvania, Southern District of New York, Central District of California, Northern District of Ohio, Western District of Michigan, and the Northern District of Alabama; the U.S. Bankruptcy Courts for Delaware and Maryland; state or local courts in the District of Columbia, Maryland, California, Virginia, Illinois, Nevada, Florida, and Pennsylvania; and also arbitrations in various jurisdictions. Altogether I have testified and qualified as an expert on over sixty occasions. I have participated in litigation under the ADA, represented clients regarding similar or related issues, and reviewed many bills from similar matters nationwide, including matters pending in California state and federal courts.

43.     I have provided testimony and consulting services in several matters pending in California state and federal courts, including class and collective actions. Specifically, I have served as a consultant and/or expert witness in the following class claims: *Alcan Aluminum Corp. v. Prudential Assurance Co.*, Case No. CV-94-02202-DT (C.D. Cal.); and *Chau v. Starbucks Corp.*, Case No. GIC836925 (San Diego Sup. Ct.), among others.

44.     I have served as an arbitrator of legal fee disputes for bar organizations in Virginia and the District of Columbia.

45.     *Methods & Materials Reviewed*: We convert the invoices or billing records into spreadsheets by electronically scanning the time and expense entries and

16

471855.3

converting them to Excel spreadsheets. We reviewed and coded time entries according to various types of issues (or potential problems) as described above. This data is then sorted and filtered for my analysis using tools included in the spreadsheet-program and techniques we have developed over the years. This data is presented in Exhibit B, organized in chronological order, and Exhibit C, by timekeeper and then chronologically. Exhibit E has expense data.

46.  *Materials Reviewed*: In addition to the billing data described above, we have seen the case docket and selected case materials available through PACER, biographical information from the firm's website and the website of the California Bar, and other information available online.  We have not communicated with the law firms or timekeepers. We have not had access to the firm's files, including correspondence, pleadings, discovery, research, or other work product.

47.  Nor have we had access to underlying documentation supporting the time entries, hourly rates, or expenses.

48.  *Burden*: The burden is always on the law firm (and timekeepers) to document time and expenses and to demonstrate that the fees, hours and hourly rates, and expenses are reasonable both in terms of value and extent.

49.  *Audit Disclaimer*: We have performed a legal bill review following procedures and standards adapted to the nature of legal fees and expenses. We have not performed an audit comparable to a financial audit subject to generally accepted accounting principles (GAAP) following generally accepted auditing standards (GAAS) – legal bills and expenses are not comparable to corporate financial statements. Without full firm cooperation and more detailed, contemporaneous, underlying information, such an audit would be impossible. We cannot, for example, perform tests for fraud – hourly time entries, hourly rates, timekeeper experience and identity, and even some of the expenses are based on an "honor system" that cannot

17

471855.3

be verified by us.

50.   *Preliminary Report*: This report is preliminary and may be modified and supplemented if additional material information becomes available.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct, and that this declaration was executed on this 18th day of April 2012, at Los Angeles, California.

_____
John W. Toothman

471855.3

# EXHIBIT A

Exhibit A

# The Devil's Advocate

P.O. Box 8
Great Falls, VA 22066

(703) 684-6996
JTOOTHMAN@DEVILSADVOCATE.COM

## *RESUME OF JOHN W. TOOTHMAN*

*The Devil's Advocate* (1993-present): Founder of legal fee management and litigation consulting firm, also known as TLF Consulting. From 1993-2008, the predecessor law firm, The Toothman Law Firm, P.C., also engaged in civil litigation and trial practice in federal and state courts, including appeals.

*LitWatch, Inc.* (1999-present): Publisher and Editor-in-Chief of legal information service. Author and editor of continuing legal education course materials. Moderator and speaker for continuing legal education courses.

*Shulman, Rogers, Gandal, Pordy & Ecker, P.A.* (1989-1993): Partner in charge of the firm's Alexandria, Virginia office. Commercial litigation practice in federal and state, trial and appellate courts, including litigation against the United States. Represented the U.S. Small Business Administration in receivership proceedings.

*Grad, Toothman, Logan & Chabot, P.C.* (1986-1989): Associate, then partner in firm eventually known as Grad, Toothman, Logan & Chabot, P.C. Commercial and tort litigation and trial practice in state and federal court (trial and appellate), as well as litigation against the United States.

*U.S. Department of Justice, Civil Division, Federal Programs Branch* (1984-1986): Trial attorney with wide array of client agencies and issues, including constitutional, statutory, and administrative law, ERISA, FOIA, employment discrimination, boycott, and other substantive issues. Top Secret, SI, and SCI security clearances.

*Akin, Gump, Strauss, Hauer & Feld* (1983-1984): Associate attorney in antitrust litigation section.

*Howrey & Simon* (1981-1983): Associate attorney, primarily in antitrust and intellectual property. Representation of an industrial trade association.

## *Education*

*Harvard Law School*, J.D., *cum laude* (1981)
 Ames Moot Court Competition Semi-Finalist
 Research Assistant supplementing H. Hart, H. Wechsler, P. Bator, P. Mishkin
  & D. Shapiro, THE FEDERAL COURTS & THE FEDERAL SYSTEM (2d ed. 1977)
 Cambridge & Somerville Legal Services (clinical education)
 "Complex Civil Litigation" (third-year paper)

*University of Virginia*, M.S., Chem. Eng. (1979); B.S., Chem. Eng., with honors (1977)
 National Science Foundation Fellowship, Memminger Fellowship, Tau Beta Pi, Sigma Xi, Alpha Chi
 Sigma, AICHE Scholarship Award, Dean's List, Intermediate Honors

## *Other Relevant Experience & Publications*

Arbitrator, Fee Arbitration Service Panel, DC Bar Attorney/Client Arbitration Board (1994-1998)

Arbitrator, Virginia State Bar, Fee Dispute Resolution Program, 18th Cir. Comm. (June 1995 to 2001)

# The Devil's Advocate

Co-author, with Douglas Danner, TRIAL PRACTICE CHECKLISTS 2d (West Group 2001;
    3 vols. supplemented annually)

Co-author, with William G. Ross, LEGAL FEES: LAW & MANAGEMENT (Carolina Academic Press 2003)

————————————

Author, THE CLIENT'S BILL OF RIGHTS (Kindle/ePub 2011)

Author, THE CIVILIAN'S GUIDE TO LAWYERS: HOW TO HIRE A LAWYER (Vol. 1; Kindle/ePub 2011)

————————————

Author, Chapters 11-13, *Fifth Annual Litigation Management Supercourse, Volume 1* 575-594 (PLI March
    1994)

Article, "For Trials, Get A Trial Attorney," 14(51) *National Law Journal* 17-18 (Aug. 24, 1992)

Article, "Ways To Counter The Down Side of Litigation," *Wash. Bus. Journal* 43 (Nov. 2, 1992),
    republished in *Newstrack* (Dec. 15, 1992)

Article, "10 Things Clients Can Do To Strengthen Later Suits," *Wash. Bus. Journal* 33 (Jan. 1, 1993)

Article, "Greasing the Wheels for Civil-Justice Reform," 15(34) *Legal Times* 43 (Jan. 18, 1993)

Article, "Justice May Justify Name Again," 15(30) *National Law Journal* 15-16 (March 29, 1993)

Article, "Attorney Fees: The Case for 'Value Billing,'" *Wash. Bus. Journal* 57 (June 18, 1993),
    republished in *Newstrack* (April 6, 1993)

Article, "Getting to the Heart of Excessive Attorney Fees," *Newstrack* (Aug. 3, 1993)

Article, "A No-Nonsense Approach to Monitoring Those Legal Bills," *Wash. Bus. Journal* 36 (Dec. 17, 1993)

Article, "Hire Trial Lawyers, Not Litigators, Say General Counsel," 4(27) *Corporate Legal Times* 39 (Feb.
    1994)

Article, "Second Opinions May Trim Legal Bills," 16(27) *National Law Journal* 17 (Feb. 14, 1994)

Article, "Alternative Billing: Living With the Uncorked Genie," 7(3) *Accounting for Law Firms* 3-4 (March
    1994)

Article, "Billing: Considering Alternatives That Work & Others That Don't," 7(4) *Accounting for Law
    Firms* 4-6 (April 1994)

Article, "In Litigation, It's Usually the Fall That Kills the Client," *Wash. Bus. Journal* 15 (May 13, 1994)

Article, "Ten Tips for Lawyers' Clients," *Nation's Business* 44 (Oct. 1994)

Article, "Legal Fees: You Can Keep Them In Check," 21(4) *Directorship* 8 (April 1995)

Article, "Creating a Retainer Agreement That's Fair to Both Sides," 8(7) *Accounting for Law Firms* 6-7
    (July 1995)

Article, "Standard Hourly Litigation Retainer Agreement," 8(8) *Accounting for Law Firms* 5-8 (August 1995)

Article, "Real Reform," 81 *ABA Journal* 80 (September 1995)

Article, "Audit Your Firm's Bills Before Your Client Does," 9(11) *Accounting for Law Firms* 1, 6-7 (Nov. 1996)

Article, "Integrated Legal Management: A Checklist," *WMACCA Counselor* 4 (July 1997)

Article, "Estimating Legal Fees: A Primer for Law Firms," 10(11) *Accounting for Law Firms* 1-6 (Nov. 1997)

Article, "Surviving a Legal Bill Audit," 15(1) *The Compleat Lawyer* 45-50, 62 (ABA Winter 1998)

Article, "Cost-Conscious Clients," 114(86) *Los Angeles Daily Journal* 8 (May 4, 2001)

Article, "Accurate Accounting," 114(103) *Los Angeles Daily Journal* 8 (May 29, 2001)

Article, "Commentary: Three recent decisions can help limit blowout legal fees," *National Law Journal*, Law.com (Sept. 15, 2010)

Note, "Like It or Not, the Law is Now a Business," 16(3) *National Law Journal* 16 (Sept. 20, 1993)

Note, "We Three Kings of Corporate Law," 17(17) *National Law Journal* A21 (Dec. 26, 1994 - Jan. 2, 1995)

Note, "O Little Firm of Bethlehem (PA)," 18(17) *National Law Journal* A19 (Dec. 25, 1995 - Jan. 1, 1996)

Report, "Regarding Department of Energy Management of Contractor Litigation Expenses," U.S. House Subcommittee on Oversight & Investigations of the Committee on Energy & Commerce (July 13, 1994), and related reports for the U.S. General Accounting Office.

Report, "Managing Legal Services," 27(12) *MIS Report* (Dec. 1995) (International City/County Management Ass'n)

Guest Lecturer, Trial Advocacy, National Law Center at George Washington University (Spring 1988)

Lecture, Georgetown University CLE, "Receiverships" (May 1991)

Lecture, Alexandria Bar Ass'n CLE, "Witness Preparation" (June 1992)

Lecture, Alexandria Bar Ass'n CLE, "Beyond Rambo: Effective Civil Litigation Tactics" (March 1993)

Panel Member, Alexandria Bar Ass'n CLE, "Ethics for the Trial Attorney" (March 1993)

Lecture, Alexandria Bar Ass'n CLE, "What's All This Nonsense About TQM, Value Billing, And Legal Bill Audits?" (Oct. 1993)

Panel Member, "Law Firm Governance 1994," (BDA program; Feb. 1994)

Moderator, Alexandria Bar Ass'n CLE, "Practice Before the Virginia Court of Appeals" (April 1994)

Panel Member, ABA Section of Litigation, "Roundtable for In-House & Outside Counsel" (Oct. 1994)

Lecture, Alexandria Bar Ass'n CLE, "An Ounce of Prevention: Billing Problems That Drive Clients Crazy" (Jan. 1995)

Lecture, North Carolina Ass'n of CPAs, "Legal Cost Containment Trends" (Sept. 1995)

The Devil's Advocate

Lecture, Alexandria Bar Ass'n CLE, "Attorney Fees: Law & Practice in Virginia" (Jan. 1996)

Lecture, Fairfax Bar Ass'n CLE, "Billing & Collection Practices" (May 1996)

Lecture, Int'l Munic. Lawyers Ass'n, "Managing Litigation Costs" (April 1997)

Moderator, RIMS, "Managing Legal Fees" (May 1997)

Panel Member, ABA Health Law Section & Am. Ass'n of Health Plans, "In-House Counsel Workshop" (April 1998)

Moderator, RIMS, "Warning Signs" (April 1998)

Moderator, RIMS, "Legal Fee Audit Guidelines" (April 1999)

Panel Member, American Ass'n of Law Libraries, "Getting the Client to Value Legal Research" (July 1999)

Moderator, RIMS, "Legal Fee Management" (May 2000)

Panel Member, American Conference Institute, "Reasonableness of Defense Costs" (Dec. 2009)

Panel Member, ABA Litigation Section, "Legal Fee Insurance Coverage" (March 2010)

Panel Member, ABA Litigation Section, "To Get Paid, Get Reasonable" (March 2011)

Recipient, Ross Essay Award, American Bar Association (1995)

*Bar & Related Affiliations*

Admitted to practice law in the District of Columbia (1981), Maryland (1990) (inactive), and Virginia (1987).

Also admitted to practice before the U.S. District Courts for the Eastern District of Virginia (and Bankruptcy Court), District of Columbia (inactive), Colorado, and Maryland (inactive); U.S. Court of Federal Claims (Claims Court); U.S. Courts of Appeals for the Federal, District of Columbia, and Fourth Circuits; and, U.S. Supreme Court.

© JWT, 2011, All rights reserved

Devil's Advocate® is a registered trademark

# EXHIBIT B

Angels / Charlebois

**Exhibit B**  Confidential

| DA Client: | Angels Baseball LP |
| Legal Bill Review: | Schonbrun Desimone Seplow Harris Hoffman & Harrison LLP ad Feldman |
| Matter: | Charlebois v. Angels Baseball LP, Case # 10-853 (C.D. Cal.) |
| All Fees | Chron |

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 90 | James V. DeSimone | 9/9/09 | Sep-09 | Discussion with Eugene Feldman ("EGF") Angel Stadium wheelchair access, client J. Paul Charlebois ("JPC") (.7 hr) | | 0.70 | $ 650.00 | $ 455.00 | qu | |
| 2 | 91 | James V. DeSimone | 9/9/09 | Sep-09 | review Caselaw, Colorado Rockies case documents, Justice Dept. Regulations (2.6 hrs) | | 2.60 | $ 650.00 | $ 1,690.00 | qu | EF is Gene (Eugene) Feldman |
| 3 | 92 | James V. DeSimone | 9/9/09 | Sep-09 | Emails w. EF Re: case options, (3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 4 | 93 | James V. DeSimone | 9/10/09 | Sep-09 | follow up corr. W. EF (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 5 | 186 | Gene Feldman | 9/10/09 | Sep-09 | Desimone re: visit to Angels stadium | Review E Mail | 0.70 | $ 650.00 | $ 455.00 | im | |
| 6 | 94 | James V. DeSimone | 9/15/09 | Sep-09 | review online re Angel Baseball information (.7) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 7 | 95 | James V. DeSimone | 9/15/09 | Sep-09 | memo to file (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 8 | 96 | James V. DeSimone | 9/19/09 | Sep-09 | emails w. EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 9 | 97 | James V. DeSimone | 9/26/09 | Sep-09 | case law review (.8) | | 0.80 | $ 650.00 | $ 520.00 | qu | |
| 10 | 98 | James V. DeSimone | 9/26/09 | Sep-09 | mails w. EF re: stadium options (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 11 | 187 | Gene Feldman | 9/26/09 | Sep-09 | Desimone re: visit to Angels stadium with video camera | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | video |
| 12 | 99 | James V. DeSimone | 9/29/09 | Sep-09 | attend Angel Game/take photographs Survey disabled access seating | | 3.00 | $ 650.00 | $ 1,950.00 | | |
| 13 | 3 | Gene Feldman | 9/29/09 | Sep-09 | Attend Rangers game with counsel Jim Desimone; review case | Meeting | 3.00 | $ 450.00 | $ 1,350.00 | | Desimone and Feldman both attend Rangers game on 9/29/09 |
| 14 | 188 | Gene Feldman | 9/30/09 | Sep-09 | Desimone re: follow up on visit to stadium | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 15 | 100 | James V. DeSimone | 10/6/09 | Oct-09 | emails w/ EF (2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 16 | 101 | James V. DeSimone | 10/6/09 | Oct-09 | review of Taco Bell case (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 17 | 67 | David Sarnoff | 10/7/09 | Oct-09 | Meeting with JD re: strategy | | 0.30 | $ 375.00 | $ 112.50 | ic qu | |
| 18 | 102 | James V. DeSimone | 10/7/09 | Oct-09 | review of Angel wheelchair seating Options (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 19 | 103 | James V. DeSimone | 10/7/09 | Oct-09 | meeting w. David Sarnoff Re: case information/strategy (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | ic | |
| 20 | 104 | James V. DeSimone | 10/7/09 | Oct-09 | emails w. EF re: seating cases (3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 21 | 68 | David Sarnoff | 10/13/09 | Oct-09 | Meeting with JD re: wheelchair access cases and case theory | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 22 | 1048 | Kai Valenzuela | 10/13/09 | Oct-09 | Revise retainer agreement and association of counsel | | 0.20 | $ 125.00 | $ 25.00 | | |
| 23 | 189 | Gene Feldman | 10/13/09 | Oct-09 | Desimone re: client retainer agreement | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 24 | 105 | James V. DeSimone | 10/13/09 | Oct-09 | Read cases and statutes re: Wheelchair access (3.1) | | 3.10 | $ 650.00 | $ 2,015.00 | | |
| 25 | 106 | James V. DeSimone | 10/13/09 | Oct-09 | emails W. DS re: case theory (3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 26 | 69 | David Sarnoff | 10/14/09 | Oct-09 | Meeting with J. Charlebois, E. Feldman, and JD | Conference | 2.80 | $ 375.00 | $ 1,050.00 | | Sarnoff, Desimone and Feldman all attend meeting with client on 10/14/09 |
| 27 | 1 | Gene Feldman | 10/14/09 | Oct-09 | Conference with client and Jim DeSimone | Conference | 2.80 | $ 450.00 | $ 1,260.00 | | |
| 28 | 190 | Gene Feldman | 10/14/09 | Oct-09 | Desimone re: changing meeting time for client meeting | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im cl | |
| 29 | 107 | James V. DeSimone | 10/14/09 | Oct-09 | mtg. W/ JPC, EF, and DS (2.8 hrs) | | 2.00 | $ 650.00 | $ 1,300.00 | | meeting with client (JCP) |
| 30 | 191 | Gene Feldman | 10/15/09 | Oct-09 | Desimone re: client responsibilities document | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 31 | 70 | David Sarnoff | 10/15/09 | Oct-09 | corr. W. JPC (.2) | | 0.20 | $ 375.00 | $ 75.00 | cl | |
| 32 | 108 | James V. DeSimone | 10/19/09 | Oct-09 | Read and review letter to Angels Baseball | | 0.20 | $ 650.00 | $ 130.00 | | |
| 33 | 109 | James V. DeSimone | 10/19/09 | Oct-09 | review and edit to Angel Baseball (3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 34 | 110 | James V. DeSimone | 10/19/09 | Oct-09 | discussion w. JPC (3) | | 0.30 | $ 650.00 | $ 195.00 | qu | JPC is client Jeff Charlebois |
| 35 | 111 | James V. DeSimone | 10/19/09 | Oct-09 | read case law (3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 36 | 192 | Gene Feldman | 10/19/09 | Oct-09 | Desimone re: client ready to sign retainer for class action | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 37 | 2 | Gene Feldman | 10/20/09 | Oct-09 | Draft representation letter to Angels | Draft | 0.40 | $ 450.00 | $ 180.00 | | |
| 38 | 1049 | Kai Valenzuela | 10/21/09 | Oct-09 | Create initial case files, create database folders | | 0.40 | $ 125.00 | $ 50.00 | cl | |

DA Confidential

1/4/2012

Page 1 of 40

Angels / Charlebois        Exhibit B: SDSHHH Legal Bill Review        Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 39 | 193 | Gene Feldman | 10/21/09 | Oct-09 | Desimone re: confirming email to client re signing retainer and related case documents | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 40 | 194 | Gene Feldman | 10/21/09 | Oct-09 | Desimone representation letter to Angels Baseball | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 41 | 195 | Gene Feldman | 10/22/09 | Oct-09 | Desimone re architect James Terry | Prepare E Mail | 0.40 | $ 450.00 | $ 180.00 | im | |
| 42 | 196 | Gene Feldman | 10/26/09 | Oct-09 | Desimone re MTA complaint and drafting Angels complaint | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 43 | 115 | James V. DeSimone | 11/2/09 | Nov-09 | reviewed case law/wrote list of Talking points re: conv. W. David Cohen ("DC") (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | | DC is associated with Angels Baseball team |
| 44 | 116 | James V. DeSimone | 11/2/09 | Nov-09 | Tc to DC; message (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 45 | 197 | Gene Feldman | 11/2/09 | Nov-09 | Desimone re: voice mail message from David Cohen of Angels baseball | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 46 | 198 | Gene Feldman | 11/3/09 | Nov-09 | Desimone re: David Cohen of Angels baseball state bar profile | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 47 | 117 | James V. DeSimone | 11/6/09 | Nov-09 | conv. w. DC (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 48 | 118 | James V. DeSimone | 11/6/09 | Nov-09 | conv. w. Eugene Feldman (EF) (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 49 | 119 | James V. DeSimone | 11/6/09 | Nov-09 | Memo to file (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 50 | 1050 | Kai Valenzuela | 11/6/09 | Nov-09 | Receive potential expert information to be saved in database, organize case file | | 0.20 | $ 125.00 | $ 25.00 | cl | |
| 51 | 120 | James V. DeSimone | 11/6/09 | Nov-09 | prepared ltr. To DC (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | qu | |
| 52 | 121 | James V. DeSimone | 11/6/09 | Nov-09 | Email to EF (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 53 | 122 | James V. DeSimone | 11/6/09 | Nov-09 | email to Scott Sheutzmann (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | qu | Scott Sheutzmann (SS) is not an Scheutsru/internal timekeeper |
| 54 | 199 | Gene Feldman | 11/8/09 | Nov-09 | Desimone re: email to Scott Schutzman re: incident at stadium | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 55 | 123 | James V. DeSimone | 11/9/09 | Nov-09 | finalized letter to DC (2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 56 | 124 | James V. DeSimone | 11/9/09 | Nov-09 | Email To SS (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 57 | 1051 | Kai Valenzuela | 11/9/09 | Nov-09 | Format correspondence, prepare mailing to Director of Legal Affairs Angels Baseball LLP | | 0.40 | $ 125.00 | $ 50.00 | | |
| 58 | 200 | Gene Feldman | 11/9/09 | Nov-09 | Desimone re: email from David Cohen returning phone call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 59 | 125 | James V. DeSimone | 11/17/09 | Nov-09 | telephone all w. Brent Giddens (BG) (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | BG is Brent Giddens |
| 60 | 126 | James V. DeSimone | 11/17/09 | Nov-09 | email EF, DS and Mike Seplow (MS). .1 | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 61 | 127 | James V. DeSimone | 11/18/09 | Nov-09 | email w. BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 62 | 71 | David Sarnoff | 12/1/09 | Dec-09 | Draft City of Anaheim Tort Claim; email to JD | | 0.90 | $ 375.00 | $ 337.50 | im qu | |
| 63 | 128 | James V. DeSimone | 12/1/09 | Dec-09 | corr. W. BG re. documents Settlement (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 64 | 201 | Gene Feldman | 12/2/09 | Dec-09 | Desimone re email to Brent Giddens/awaiting documents from Angels baseball | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 65 | 129 | James V. DeSimone | 12/2/09 | Dec-09 | email for BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 66 | 202 | Gene Feldman | 12/7/09 | Dec-09 | Desimone forwarding Giddens email on responding to request for documents | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 67 | 130 | James V. DeSimone | 12/3/09 | Dec-09 | review and edit City of Anaheim tort claim | | 0.40 | $ 650.00 | $ 260.00 | | |
| 68 | 72 | David Sarnoff | 12/4/09 | Dec-09 | New Draft of Tort Claim; email to JD | | 0.30 | $ 375.00 | $ 112.50 | im qu | |
| 69 | 131 | James V. DeSimone | 12/4/09 | Dec-09 | next draft of tort claim (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 70 | 132 | James V. DeSimone | 12/4/09 | Dec-09 | email JC and EF (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 71 | 133 | James V. DeSimone | 12/4/09 | Dec-09 | conv. W. Brent Giddens (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 72 | 134 | James V. DeSimone | 12/6/09 | Dec-09 | emails w. JRC and EF re: Strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 73 | 135 | James V. DeSimone | 12/7/09 | Dec-09 | Finalize tort claim (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 74 | 136 | James V. DeSimone | 12/7/09 | Dec-09 | email to JC (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 75 | 137 | James V. DeSimone | 12/7/09 | Dec-09 | further review and emails (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 76 | 203 | Gene Feldman | 12/7/09 | Dec-09 | Desimone re: changes to government claim form against City of Anaheim | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 77 | 138 | James V. DeSimone | 12/9/09 | Dec-09 | Finalize tort claim (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 78 | 73 | David Sarnoff | 12/15/09 | Dec-09 | Meeting with JD re: Complaint/CoAs | | 0.50 | $ 375.00 | $ 187.50 | ic | |
| 79 | 139 | James V. DeSimone | 12/15/09 | Dec-09 | read cases (.5) | | 0.50 | $ 650.00 | $ 325.00 | ur | |
| 80 | 140 | James V. DeSimone | 12/15/09 | Dec-09 | mtg w. DS re: Complaint/Causes of action (.5) | | 0.50 | $ 650.00 | $ 325.00 | ic | |

1/4/2012

DA Confidential

Angels / Chatlebois     Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 81 | 74 | David Sarnoff | 12/23/09 | Dec-09 | Begin draft Complaint; research re: Unruh and ADA claims | | 4.20 | $375.00 | $1,575.00 | | |
| 82 | 75 | David Sarnoff | 12/24/09 | Dec-09 | Research re: B&P 17200, Discrim. by State Funded Program, Disabled Persons Act | | 3.40 | $375.00 | $1,275.00 | | |
| 83 | 76 | David Sarnoff | 12/25/09 | Dec-09 | Finish Draft of Complaint | | 2.30 | $375.00 | $862.50 | | |
| 84 | 77 | David Sarnoff | 12/28/09 | Dec-09 | Meeting with ID re: Complaint | | 0.30 | $375.00 | $112.50 | ic | |
| 85 | 141 | James V. DeSimone | 12/28/09 | Dec-09 | review of risk letters from City of Anaheim (.1) | | 0.10 | $650.00 | $65.00 | ic | |
| 86 | 142 | James V. DeSimone | 12/28/09 | Dec-09 | mtg. W: DS re: Complaint (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 87 | 143 | James V. DeSimone | 12/28/09 | Dec-09 | Corr. W: BG (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 88 | 144 | James V. DeSimone | 1/4/10 | Jan-10 | File review and email to BG Re: documents (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 89 | 204 | Gene Feldman | 1/4/10 | Jan-10 | Desimone re: request to Giddens regarding availability of documents | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 90 | 145 | James V. DeSimone | 1/18/10 | Jan-10 | Corr. W: BC re: documents/ Status (.3) | | 0.30 | $650.00 | $195.00 | ic | BC is internal timekeeper Bill Clifton |
| 91 | 205 | Gene Feldman | 1/18/10 | Jan-10 | Desimone re: lack of response from Giddens to document request | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 92 | 206 | Gene Feldman | 1/20/10 | Jan-10 | Desimone re: response to government claim against City of Anaheim | Prepare E Mail | 0.20 | $450.00 | $90.00 | qu | |
| 93 | 1 | William Clifton | 1/21/10 | Jan-10 | Located and emailed City of Anaheim Risk Management letter to Attorney Feldman | | 0.20 | $125.00 | $25.00 | cl | |
| 94 | 146 | James V. DeSimone | 1/21/10 | Jan-10 | emails w. paralegal EF. JPC re: Denial of tort claim | | 0.20 | $650.00 | $130.00 | im | |
| 95 | 207 | Gene Feldman | 1/21/10 | Jan-10 | Bill Clifton re: response to government claim against City of Anaheim | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 96 | 2 | William Clifton | 1/22/10 | Jan-10 | Calendared deadline for filing civil complaint | | 0.10 | $125.00 | $12.50 | cl | |
| 97 | 147 | James V. DeSimone | 1/27/10 | Jan-10 | review and edit draft Complaint | | 1.80 | $650.00 | $1,170.00 | qu | |
| 98 | 7 | Gene Feldman | 1/28/10 | Jan-10 | File Review | File Review | 0.30 | $450.00 | $135.00 | qu | |
| 99 | 148 | James V. DeSimone | 2/3/10 | Feb-10 | review prior corr. (.2 Br) | | 0.20 | $650.00 | $130.00 | qu | |
| 100 | 149 | James V. DeSimone | 2/3/10 | Feb-10 | corr. To Brent Giddens (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 101 | 150 | James V. DeSimone | 2/5/10 | Feb-10 | review Corr. BG | | 0.10 | $650.00 | $65.00 | qu | |
| 102 | 151 | James V. DeSimone | 2/8/10 | Feb-10 | corr. to BG | | 0.10 | $650.00 | $65.00 | qu | |
| 103 | 208 | Gene Feldman | 2/8/10 | Feb-10 | Desimone re: request to Giddens meeting postponement | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 104 | 152 | James V. DeSimone | 2/16/10 | Feb-10 | follow up corr. W: BG (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 105 | 9 | Gene Feldman | 2/16/10 | Feb-10 | No description | No description | 0.20 | $650.00 | $130.00 | qu | |
| 106 | 209 | Gene Feldman | 3/6/10 | Mar-10 | Desimone re: case strategy | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 107 | 153 | James V. DeSimone | 3/7/10 | Mar-10 | email re: EF re: strategy | | 0.20 | $650.00 | $130.00 | im | |
| 108 | 154 | James V. DeSimone | 3/8/10 | Mar-10 | review BG email/email w. EF Re: strategy; review and email Complaint | | 0.60 | $650.00 | $390.00 | im | |
| 109 | 5 | Gene Feldman | 3/8/10 | Mar-10 | No description | No description | 0.60 | $450.00 | $270.00 | qu | |
| 110 | 6 | Gene Feldman | 3/8/10 | Mar-10 | Review complaint | Review | 1.70 | $450.00 | $765.00 | qu | |
| 111 | 8 | Gene Feldman | 3/8/10 | Mar-10 | No description | Review E Mail | 0.30 | $450.00 | $135.00 | qu | |
| 112 | 4 | Gene Feldman | 3/9/10 | Mar-10 | Review complaint | Review | 2.40 | $450.00 | $1,080.00 | qu | |
| 113 | 10 | Gene Feldman | 3/10/10 | Mar-10 | to/from VID | Review E Mail | 0.40 | $450.00 | $180.00 | im qu | |
| 114 | 155 | James V. DeSimone | 3/15/10 | Mar-10 | review and edit Complaint (.6) | | 0.60 | $650.00 | $390.00 | im | |
| 115 | 156 | James V. DeSimone | 3/15/10 | Mar-10 | Emails w: EF re: strategy (.1) | | 0.10 | $650.00 | $65.00 | im | |
| 116 | 11 | Gene Feldman | 3/15/10 | Mar-10 | Revision of pleadings | Prep Pleadings | 1.60 | $450.00 | $720.00 | qu | |
| 117 | 12 | Gene Feldman | 3/15/10 | Mar-10 | CC | Phone Call | 0.30 | $450.00 | $135.00 | ic qu | |
| 118 | 157 | James V. DeSimone | 3/15/10 | Mar-10 | review BG email/ email EF | | 0.20 | $650.00 | $130.00 | im qu | |
| 119 | 13 | Gene Feldman | 3/22/10 | Mar-10 | Letter to Giddens | Correspondence | 1.30 | $450.00 | $585.00 | qu | |
| 120 | 14 | Gene Feldman | 3/22/10 | Mar-10 | VID | Review E Mail | 0.30 | $450.00 | $135.00 | im qu | |
| 121 | 15 | Gene Feldman | 3/24/10 | Mar-10 | from VID | Review E Mail | 0.20 | $450.00 | $90.00 | im qu | |
| 122 | 158 | James V. DeSimone | 3/25/10 | Mar-10 | review ADA regs (.4) | | 0.40 | $650.00 | $260.00 | qu | |
| 123 | 159 | James V. DeSimone | 3/25/10 | Mar-10 | prepared ltr. To BG (.8) | | 0.80 | $650.00 | $520.00 | qu | |
| 124 | 16 | Gene Feldman | 3/25/10 | Mar-10 | VID | Review E Mail | 0.20 | $450.00 | $90.00 | im qu | |
| 125 | 160 | James V. DeSimone | 4/5/10 | Apr-10 | (conv. W. GF re: wheelchair access | Review E Mail | 0.60 | $650.00 | $390.00 | ic | GF is Gene Feldman |

Angels / Charidebois

Exhibit B: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 126 | 161 | James V. DeSimone | 4/13/10 | Apr-10 | conw. W. EF re: strategy/community Resources (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 127 | 162 | James V. DeSimone | 4/13/10 | Apr-10 | email contacts re: Outreach (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 128 | 17 | Gene Feldman | 4/13/10 | Apr-10 | No description | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 129 | 18 | Gene Feldman | 4/13/10 | Apr-10 | to client | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 130 | 19 | Gene Feldman | 4/13/10 | Apr-10 | call to VJD | Phone Call to Co- | 0.30 | $ 450.00 | $ 135.00 | ic qu | |
| 131 | 163 | James V. DeSimone | 4/15/10 | Apr-10 | tc and email to Disability Legal rights Center (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 132 | 164 | James V. DeSimone | 4/15/10 | Apr-10 | review of Complaint (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 133 | 165 | James V. DeSimone | 4/19/10 | Apr-10 | review and edit Complaint (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | | |
| 134 | 166 | James V. DeSimone | 4/19/10 | Apr-10 | conv. W. Mike Seplow (MS) re: final complaint (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 135 | 167 | James V. DeSimone | 4/19/10 | Apr-10 | review MS memo and Emails (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 136 | 1156 | Michael D. Seplow | 4/19/10 | Apr-10 | Rvh re draft complaint (.5), | | 0.50 | $ 600.00 | $ 300.00 | | |
| 137 | 1157 | Michael D. Seplow | 4/19/10 | Apr-10 | disc w VJD (.1) | | 0.10 | $ 600.00 | $ 60.00 | ic qu | |
| 138 | 1158 | Michael D. Seplow | 4/19/10 | Apr-10 | Review draft complaint and send am to team re changes etc (1.5) | | 1.50 | $ 600.00 | $ 900.00 | im | |
| 139 | 1159 | Michael D. Seplow | 4/20/10 | Apr-10 | Rev, rvh and revise draft complaint, revise complaint (1.2) | | 1.20 | $ 600.00 | $ 720.00 | | |
| 140 | 1160 | Michael D. Seplow | 4/20/10 | Apr-10 | disc w VJD (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic qu | |
| 141 | 168 | James V. DeSimone | 4/21/10 | Apr-10 | review DLRC federal complaint (.4) | | 4.00 | $ 650.00 | $ 2,600.00 | | |
| 142 | 169 | James V. DeSimone | 4/21/10 | Apr-10 | Email w. WH re: strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | | WH is not an internal timekeeper |
| 143 | 170 | James V. DeSimone | 4/21/10 | Apr-10 | mtg, W, MS re: strategy re: complaint/ Filing/remedies (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 144 | 171 | James V. DeSimone | 4/21/10 | Apr-10 | tc. W. MS and EF re: filing strategy (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 145 | 1161 | Michael D. Seplow | 4/21/10 | Apr-10 | Rev complaint & rvh (.5), | | 0.50 | $ 600.00 | $ 300.00 | qu | |
| 146 | 1162 | Michael D. Seplow | 4/21/10 | Apr-10 | disc w VJD & GF (.4) | | 0.40 | $ 600.00 | $ 240.00 | ic qu | |
| 147 | 20 | Gene Feldman | 4/21/10 | Apr-10 | No description | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 148 | 21 | Gene Feldman | 4/21/10 | Apr-10 | No description | Phone Call to Co- | 0.40 | $ 450.00 | $ 180.00 | qu | |
| 149 | 172 | James V. DeSimone | 4/23/10 | Apr-10 | mtg, W. MS: re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 150 | 173 | James V. DeSimone | 4/23/10 | Apr-10 | emails W. EF and MS (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 151 | 174 | James V. DeSimone | 4/23/10 | Apr-10 | mtg, W. AC And MS re: case strategy (1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 152 | 741 | Amanda Canning | 4/23/10 | Apr-10 | Review strategy re complaint, Research and legal analysis re same - 4hrs | | 4.00 | $ 375.00 | $ 1,500.00 | | |
| 153 | 742 | Amanda Canning | 4/23/10 | Apr-10 | Review facts and Review strategy with DeSimone and Seplow - 1 hr | | 1.00 | $ 375.00 | $ 375.00 | ic | |
| 154 | 1163 | Michael D. Seplow | 4/23/10 | Apr-10 | Rvh UCL claims (.5) | | 0.50 | $ 600.00 | $ 300.00 | | |
| 155 | 1164 | Michael D. Seplow | 4/23/10 | Apr-10 | rev draft complaint & em re changes to complaint (.5), | | 0.50 | $ 600.00 | $ 300.00 | im qu | |
| 156 | 1165 | Michael D. Seplow | 4/23/10 | Apr-10 | disc w VJD and AC (1.0) | | 1.00 | $ 600.00 | $ 600.00 | ic qu | |
| 157 | 743 | Amanda Canning | 4/27/10 | Apr-10 | Review documents | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 158 | 175 | James V. DeSimone | 5/12/10 | May-10 | conv. w. EF re: Complaint/strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 159 | 176 | James V. DeSimone | 5/12/10 | May-10 | Emails w. AC re: Complaint (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 160 | 744 | Amanda Canning | 5/13/10 | May-10 | Research re complaint | | 1.00 | $ 375.00 | $ 375.00 | | |
| 161 | 745 | Amanda Canning | 5/18/10 | May-10 | Research and Draft complaint | | 9.20 | $ 375.00 | $ 3,450.00 | | |
| 162 | 746 | Amanda Canning | 5/24/10 | May-10 | Research and Draft complaint | | 3.90 | $ 375.00 | $ 1,462.50 | | |
| 163 | 177 | James V. DeSimone | 5/26/10 | May-10 | review and edit Federal Court Complaint (1.1 hr) | | 1.10 | $ 650.00 | $ 715.00 | | |
| 164 | 178 | James V. DeSimone | 5/26/10 | May-10 | email AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 165 | 179 | James V. DeSimone | 5/26/10 | May-10 | Mtg. W. AC re complaint (.5) | | 0.50 | $ 650.00 | $ 325.00 | ic | |
| 166 | 747 | Amanda Canning | 5/26/10 | May-10 | Review strategy with DeSimone | | 0.50 | $ 375.00 | $ 187.50 | ic | |
| 167 | 180 | James V. DeSimone | 5/27/10 | May-10 | discussions w. AC re: complaint; (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 168 | 181 | James V. DeSimone | 5/27/10 | May-10 | Emails w. MS re: complaint (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 169 | 748 | Amanda Canning | 5/27/10 | May-10 | Review revise complaint | | 4.00 | $ 375.00 | $ 1,500.00 | | |
| 170 | 1052 | Kai Valenzuela | 5/27/10 | May-10 | Format Charlebois Federal Complaint | | 0.80 | $ 125.00 | $ 100.00 | | Canning revisions to Complaint continue |
| 171 | 1166 | Michael D. Seplow | 5/27/10 | May-10 | Review-revise draft complaint (.4) | | 0.40 | $ 600.00 | $ 240.00 | | |

1/4/2012

DA Confidential

Page 4 of 40

Angels / Charlebois      Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 172 | 182 | James V. DeSimone | 5/28/10 | May-10 | review and edit final draft of Complaint (.8 hr) | Phone client | 0.80 | 650.00 | 520.00 | im qu | Feldman begins review of draft of federal Complaint |
| 173 | 183 | James V. DeSimone | 5/28/10 | May-10 | email EF (.1) | | 0.10 | 650.00 | 65.00 | im qu | |
| 174 | 184 | James V. DeSimone | 5/28/10 | May-10 | Email JPC (.1) | | 0.10 | 650.00 | 65.00 | im qu | |
| 175 | 1053 | Kai Valenzuela | 5/28/10 | May-10 | Further revisions to Federal Complaint | | 0.20 | 125.00 | 25.00 | | |
| 176 | 24 | Gene Feldman | 5/28/10 | May-10 | Phone call to client regarding federal complaint | Phone client | 0.20 | 450.00 | 90.00 | | |
| 177 | 210 | Gene Feldman | 5/28/10 | May-10 | Draft of federal complaint prepared by Desimone | Review | 0.60 | 450.00 | 270.00 | | |
| 178 | 22 | Gene Feldman | 5/31/10 | May-10 | Review federal complaint | Review | 1.40 | 450.00 | 630.00 | | |
| 179 | 185 | James V. DeSimone | 6/1/10 | Jun-10 | email exchange w. EF re: Complaint (.3 hr) | | 0.30 | 650.00 | 195.00 | im | |
| 180 | 186 | James V. DeSimone | 6/1/10 | Jun-10 | email w. MS re: strategy (.1) | | 0.10 | 650.00 | 65.00 | im | |
| 181 | 23 | Gene Feldman | 6/1/10 | Jun-10 | to VID regarding complaint changes | Prepare E Mail | 0.40 | 450.00 | 180.00 | im | |
| 182 | 187 | James V. DeSimone | 6/2/10 | Jun-10 | mtg. w. MS re: Complaint/Strategy (.3 hr) | | 0.30 | 650.00 | 195.00 | ic | |
| 183 | 26 | Gene Feldman | 6/2/10 | Jun-10 | mtg. w. AM re: complaint Strategy (.1) | | 0.10 | 650.00 | 65.00 | ic | |
| 184 | 188 | James V. DeSimone | 6/2/10 | Jun-10 | tc w. EF, AC & MS (.7 hr) | | 0.70 | 650.00 | 455.00 | ic | |
| 185 | 190 | James V. DeSimone | 6/2/10 | Jun-10 | email to JC (.1) | | 0.10 | 650.00 | 65.00 | im qu | |
| 186 | 191 | James V. DeSimone | 6/2/10 | Jun-10 | review AC memo re: law and email questions (.4) Call from Feldman and Review strategy with DeSimone and Seplow - .8hrs | | 0.40 | 650.00 | 260.00 | im | |
| 187 | 749 | Amanda Canning | 6/2/10 | Jun-10 | Research re incentive award and Draft memo - 6.4hrs | | 0.80 | 375.00 | 300.00 | | |
| 188 | 750 | Amanda Canning | 6/2/10 | Jun-10 | TC w VID, AC, GF re complaint (.8), | | 6.40 | 375.00 | 2,400.00 | | |
| 189 | 1167 | Michael D. Seplow | 6/2/10 | Jun-10 | | | 0.80 | 600.00 | 480.00 | ic | |
| 190 | 1168 | Michael D. Seplow | 6/2/10 | Jun-10 | re: WHH re complaint and injunctive relief (.2), | re WHH | 0.20 | 600.00 | 120.00 | ic im | |
| 191 | 1169 | Michael D. Seplow | 6/2/10 | Jun-10 | rev ems and disc w VID re complaint (.4) | | 0.40 | 600.00 | 240.00 | ic im | |
| 192 | 25 | Gene Feldman | 6/2/10 | Jun-10 | Conference call with VID | Phone Call to Co- | 0.70 | 450.00 | 315.00 | ic qu | |
| 193 | 26 | Gene Feldman | 6/2/10 | Jun-10 | emails from VID | Review E Mail | 0.20 | 450.00 | 90.00 | im qu | |
| 194 | 36 | Gene Feldman | 6/2/10 | Jun-10 | Long distance charges | Long Distance | 0.00 | 450.00 | 450.00 | - | Expense entries |
| 195 | 192 | James V. DeSimone | 6/2/10 | Jun-10 | conv. w. EF re: strategy (.3) | | 0.30 | 650.00 | 195.00 | ic | |
| 196 | 193 | James V. DeSimone | 6/3/10 | Jun-10 | conv. W. AC re: complaint revisions (.2) | | 0.20 | 650.00 | 130.00 | ic qu | |
| 197 | 194 | James V. DeSimone | 6/3/10 | Jun-10 | conv. W. EF (.2) | | 0.20 | 650.00 | 130.00 | ic qu | |
| 198 | 195 | James V. DeSimone | 6/3/10 | Jun-10 | conv w. JC (.1) | | 0.10 | 650.00 | 65.00 | ic qu | |
| 199 | 751 | Amanda Canning | 6/3/10 | Jun-10 | Research re service award for Charlebois and E-mails to disability groups re same - .6hrs | | 0.60 | 375.00 | 225.00 | | |
| 200 | 752 | Amanda Canning | 6/3/10 | Jun-10 | Draft complaint - 8hrs | | 0.80 | 375.00 | 300.00 | | AC "Draft Complaint" work continues in June |
| 201 | 753 | Amanda Canning | 6/3/10 | Jun-10 | Conference with DeSimone re Changes to lawsuit .2hrs | | 0.20 | 375.00 | 75.00 | ic | |
| 202 | 27 | Gene Feldman | 6/3/10 | Jun-10 | Research 28 CFR 36.402 | Legal Research | 0.80 | 450.00 | 360.00 | | |
| 203 | 35 | Gene Feldman | 6/3/10 | Jun-10 | Long distance charges | Long Distance | 0.00 | 450.00 | 450.00 | | Expense entries |
| 204 | 196 | James V. DeSimone | 6/4/10 | Jun-10 | conv. W. EF re: research/strategy (.2) | | 0.20 | 650.00 | 130.00 | ic | |
| 205 | 197 | James V. DeSimone | 6/4/10 | Jun-10 | conv. W. JC and EF re: lawsuit/strategy (.7) | | 0.70 | 650.00 | 455.00 | ic | |
| 206 | 198 | James V. DeSimone | 6/4/10 | Jun-10 | mtg. w. AC re: changes to lawsuit (.2) | | 0.20 | 650.00 | 130.00 | ic | |
| 207 | 199 | James V. DeSimone | 6/4/10 | Jun-10 | conv. w. MS re: strategy (.1) | | 0.10 | 650.00 | 65.00 | ic | |
| 208 | 200 | James V. DeSimone | 6/4/10 | Jun-10 | email W. EF and AC (.1) | | 0.10 | 650.00 | 65.00 | im qu | Feldman also billed for conference call with client on 6/4/2010 |
| 209 | 754 | Amanda Canning | 6/4/10 | Jun-10 | Meeting with DeSimone regarding changes to lawsuit | | 0.20 | 375.00 | 75.00 | ic | |
| 210 | 1170 | Michael D. Seplow | 6/4/10 | Jun-10 | rev GF em (.1) | | 0.10 | 600.00 | 60.00 | im qu | |
| 211 | 1171 | Michael D. Seplow | 6/4/10 | Jun-10 | meeting with VID re strategy (.1) | | 0.10 | 600.00 | 60.00 | ic | |
| 212 | 28 | Gene Feldman | 6/4/10 | Jun-10 | Phone call to client with VID | Phone client | 0.60 | 450.00 | 270.00 | qu | |
| 213 | 29 | Gene Feldman | 6/4/10 | Jun-10 | To VID regarding 36.402 | Prepare E Mail | 0.20 | 450.00 | 90.00 | im | |
| 214 | 211 | Gene Feldman | 6/4/10 | Jun-10 | Desimone re: Angels baseball seating chart | Review E Mail | 0.20 | 450.00 | 90.00 | im | |
| 215 | 755 | Amanda Canning | 6/6/10 | Jun-10 | Draft complaint | | 2.80 | 375.00 | 1,050.00 | | |
| 216 | 201 | James V. DeSimone | 6/7/10 | Jun-10 | emails w. AC and MS re: complaint (.2) | | 0.20 | 650.00 | 130.00 | im | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 217 | 202 | James V. DeSimone | 6/7/10 | Jun-10 | mtg. W. AC re: complaint Allegations (.2) | | 0.20 | $ 650.00 | 130.00 | ic | |
| 218 | 203 | James V. DeSimone | 6/7/10 | Jun-10 | confs. W, MS re: Revised complaint (.3) | | 0.30 | $ 650.00 | 195.00 | ic | |
| 219 | 756 | Amanda Canning | 6/7/10 | Jun-10 | Research and Draft complaint; Discussion with MS and VJD re revised Complaint | | 4.10 | $ 375.00 | 1,537.50 | ic | |
| 220 | 1172 | Michael D. Seplow | 6/7/10 | Jun-10 | Rev draft complaint (.5). | | 0.50 | $ 600.00 | 300.00 | ic | |
| 221 | 1173 | Michael D. Seplow | 6/7/10 | Jun-10 | roh class issues re complaint and draft em re same (1,2). | | 1.20 | $ 600.00 | 720.00 | im | |
| 222 | 1174 | Michael D. Seplow | 6/7/10 | Jun-10 | disc w AC, VJD (.3) | | 0.30 | $ 600.00 | 180.00 | ic qu | |
| 223 | 204 | James V. DeSimone | 6/8/10 | Jun-10 | review case law/complaint | | 0.40 | $ 650.00 | 260.00 | | |
| 224 | 757 | Amanda Canning | 6/8/10 | Jun-10 | Research and Draft complaint | | 2.50 | $ 375.00 | 937.50 | | |
| 225 | 1175 | Michael D. Seplow | 6/8/10 | Jun-10 | Rev case law (.2) | | 0.20 | $ 600.00 | 120.00 | qu | |
| 226 | 205 | James V. DeSimone | 6/9/10 | Jun-10 | conv. W. AC re: complaint (.2); | | 0.20 | $ 650.00 | 130.00 | ic | |
| 227 | 206 | James V. DeSimone | 6/9/10 | Jun-10 | Emails w. MS: re complaint (.1) | | 0.10 | $ 650.00 | 65.00 | im | |
| 228 | 758 | Amanda Canning | 6/9/10 | Jun-10 | Discuss Complaint with DeSimone | | 0.20 | $ 375.00 | 75.00 | ic | |
| 229 | 1176 | Michael D. Seplow | 6/9/10 | Jun-10 | review and edit complaint for injunctive relief (1,2 hr) | | 0.80 | $ 600.00 | 480.00 | im | |
| 230 | 207 | James V. DeSimone | 6/10/10 | Jun-10 | hr) | | 1.20 | $ 650.00 | 780.00 | | |
| 231 | 208 | James V. DeSimone | 6/10/10 | Jun-10 | email team (.1 hr) | | 0.10 | $ 650.00 | 65.00 | im qu | |
| 232 | 209 | James V. DeSimone | 6/10/10 | Jun-10 | disc. W. MS (.1) | | 0.10 | $ 650.00 | 65.00 | ic qu | |
| 233 | 210 | James V. DeSimone | 6/10/10 | Jun-10 | mtg. W. AC (.2) | | 0.20 | $ 650.00 | 130.00 | ic qu | |
| 234 | 759 | Amanda Canning | 6/10/10 | Jun-10 | Review revise complaint, Review strategy with DeSimone | | 0.60 | $ 375.00 | 225.00 | ic | |
| 235 | 1054 | Kai Valenzuela | 6/10/10 | Jun-10 | Research contact information for press release | | 0.30 | $ 125.00 | 37.50 | | |
| 236 | 1177 | Michael D. Seplow | 6/10/10 | Jun-10 | disc w VJD (.1) | | 0.10 | $ 600.00 | 60.00 | ic qu | |
| 237 | 3 | William Clifton | 6/14/10 | Jun-10 | Drafted Summons (.1). | | 0.10 | $ 125.00 | 12.50 | qu | |
| 238 | 4 | William Clifton | 6/14/10 | Jun-10 | Civil Cover Sheet (.2). | | 0.20 | $ 125.00 | 25.00 | qu | |
| 239 | 5 | William Clifton | 6/14/10 | Jun-10 | Notice of Interested Parties(.2) for filing | | 0.20 | $ 125.00 | 25.00 | qu | |
| 240 | 211 | James V. DeSimone | 6/14/10 | Jun-10 | review attachments to Complaint (2) | | 0.20 | $ 650.00 | 130.00 | | This is the time entry |
| 241 | 212 | James V. DeSimone | 6/14/10 | Jun-10 | review Complaint and email Team re: issues (2) | | 0.20 | $ 650.00 | 130.00 | im | |
| 242 | 213 | James V. DeSimone | 6/14/10 | Jun-10 | review AC Memo (.1) | | 0.10 | $ 650.00 | 65.00 | im qu | |
| 243 | 214 | James V. DeSimone | 6/14/10 | Jun-10 | email w. EF (.1) | | 0.10 | $ 650.00 | 65.00 | im qu | |
| 244 | 215 | James V. DeSimone | 6/14/10 | Jun-10 | Disc. W. MS (.1) | | 0.10 | $ 650.00 | 65.00 | ic qu | |
| 245 | 216 | James V. DeSimone | 6/14/10 | Jun-10 | disc. W. AC (.1) | | 0.10 | $ 650.00 | 65.00 | ic qu | |
| 246 | 217 | James V. DeSimone | 6/14/10 | Jun-10 | Disc. W. Paralegal (.2) | | 0.20 | $ 650.00 | 130.00 | ic qu | |
| 247 | 218 | James V. DeSimone | 6/14/10 | Jun-10 | email to BG (.1) | | 0.10 | $ 650.00 | 65.00 | qu | |
| 248 | 760 | Amanda Canning | 6/14/10 | Jun-10 | Call to Klassen - .3hrs | | 0.30 | $ 375.00 | 112.50 | qu | |
| 249 | 761 | Amanda Canning | 6/14/10 | Jun-10 | Discussion with DeSimone .1hrs | | 0.10 | $ 375.00 | 37.50 | ic qu | |
| 250 | 762 | Amanda Canning | 6/14/10 | Jun-10 | Draft press release and Review revise complaint - 2.4hrs | | 2.40 | $ 375.00 | 900.00 | | |
| 251 | 1055 | Kai Valenzuela | 6/14/10 | Jun-10 | Further revise Federal Complaint | | 0.20 | $ 125.00 | 25.00 | | |
| 252 | 1178 | Michael D. Seplow | 6/14/10 | Jun-10 | em and disc w VJD (.2) | | 0.20 | $ 600.00 | 120.00 | ic im qu | |
| 253 | 6 | William Clifton | 6/15/10 | Jun-10 | Prepared init case documents for filing and order for ally service to file | | 0.75 | $ 125.00 | 93.75 | cl | complaint filed |
| 254 | 219 | James V. DeSimone | 6/15/10 | Jun-10 | Finalize Complaint for filing (.4) | | 0.40 | $ 650.00 | 260.00 | cl | |
| 255 | 220 | James V. DeSimone | 6/15/10 | Jun-10 | Review of legal research (.4) | | 0.40 | $ 650.00 | 260.00 | qu | |
| 256 | 763 | Amanda Canning | 6/15/10 | Jun-10 | Review revise press release and further processing | | 2.00 | $ 375.00 | 750.00 | qu | press release |
| 257 | 1056 | Kai Valenzuela | 6/15/10 | Jun-10 | Further research/update contact list for press release, correspond with co-paralegals re P.R. | | 0.50 | $ 125.00 | 62.50 | qu | press release |
| 258 | 212 | Gene Feldman | 6/16/10 | Jun-10 | Desimone to Canning re: complaint revisions and filing | Review E Mail | 0.20 | $ 450.00 | 90.00 | im | |
| 259 | 221 | James V. DeSimone | 6/16/10 | Jun-10 | doc. Review and legal research (.5) | | 0.50 | $ 650.00 | 325.00 | qu | |
| 260 | 222 | James V. DeSimone | 6/16/10 | Jun-10 | Email w. EF (.1) | | 0.10 | $ 650.00 | 65.00 | im qu | |
| 261 | 223 | James V. DeSimone | 6/16/10 | Jun-10 | Research re: Judge (.5) | | 0.50 | $ 650.00 | 325.00 | qu | judge research |
| 262 | 764 | Amanda Canning | 6/16/10 | Jun-10 | further processing re: news coverage | | 0.50 | $ 375.00 | 187.50 | qu | press |

Angels / Charlebois     Exhibit B: SDSHHH Legal Bill Review     Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|------------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 263 | 1057 | Kai Valenzuela | 6/16/10 | Jun-10 | Receive documents via ECF to print and save to database | | 0.80 | $ 125.00 | $ 100.00 | cl qu | |
| 264 | 1179 | Michael D. Seglow | 6/16/10 | Jun-10 | rev re service ( 1), | | 0.10 | $ 600.00 | $ 60.00 | im | |
| 265 | 1180 | Michael D. Seglow | 6/16/10 | Jun-10 | rev effect docs (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 266 | 30 | Gene Feldman | 6/16/10 | Jun-10 | Desimone re: complaint revisions | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im | complaint revisions post filing |
| 267 | 31 | Gene Feldman | 6/16/10 | Jun-10 | email to chet cooper | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 268 | 7 | William Clifton | 6/17/10 | Jun-10 | Determined agents for process for dely (.3); | | 0.30 | $ 125.00 | $ 37.50 | qu | |
| 269 | 8 | William Clifton | 6/17/10 | Jun-10 | Prepared and transmitted orders to atty service for service of init case docs (.5) | | 0.50 | $ 125.00 | $ 62.50 | cl | |
| 270 | 224 | James V. DeSimone | 6/17/10 | Jun-10 | Mtg. W. Paralegal re: tasks (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 271 | 225 | James V. DeSimone | 6/17/10 | Jun-10 | review Docs (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 272 | 1181 | Michael D. Seglow | 6/17/10 | Jun-10 | em re service (1) | | 1.00 | $ 600.00 | $ 600.00 | im qu | |
| 273 | 226 | James V. DeSimone | 6/18/10 | Jun-10 | conf / W. EF re: strategy (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | ic | |
| 274 | 227 | James V. DeSimone | 6/18/10 | Jun-10 | expert Research (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 275 | 228 | James V. DeSimone | 6/18/10 | Jun-10 | tc to expert (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 276 | 229 | James V. DeSimone | 6/18/10 | Jun-10 | email Review and contact witnesses (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 277 | 230 | James V. DeSimone | 6/18/10 | Jun-10 | speak W. Expert (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 278 | 231 | James V. DeSimone | 6/18/10 | Jun-10 | memo re conversation (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 279 | 232 | James V. DeSimone | 6/18/10 | Jun-10 | Follow up w. witnesses (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 280 | 1182 | Michael D. Seglow | 6/18/10 | Jun-10 | rev VID em re experts (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 281 | 1183 | Michael D. Seglow | 6/18/10 | Jun-10 | re em re status of service (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 282 | 32 | Gene Feldman | 6/18/10 | Jun-10 | VID re: case strategy | Phone Call to Co- | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 283 | 33 | Gene Feldman | 6/18/10 | Jun-10 | Research expert witnesses | Research | 0.30 | $ 450.00 | $ 135.00 | qu | |
| 284 | 34 | Gene Feldman | 6/18/10 | Jun-10 | from VID re experts | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 285 | 765 | Amanda Canning | 6/23/10 | Jun-10 | Review study correspondence from prospective plaintiff | | 0.30 | $ 375.00 | $ 112.50 | | |
| 286 | 1184 | Michael D. Seglow | 6/23/10 | Jun-10 | rev pos (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 287 | 766 | Amanda Canning | 6/24/10 | Jun-10 | Review study Weirich survey | | 0.50 | $ 375.00 | $ 187.50 | | |
| 288 | 767 | Amanda Canning | 6/25/10 | Jun-10 | Call to Klassen and Draft declaration | | 2.00 | $ 375.00 | $ 750.00 | qu | |
| 289 | 233 | James V. DeSimone | 7/2/10 | Jul-10 | message from David Greco (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 290 | 234 | James V. DeSimone | 7/2/10 | Jul-10 | emails W. BG re status (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 291 | 235 | James V. DeSimone | 7/2/10 | Jul-10 | Rev. Ext. Of time to respond (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 292 | 9 | William Clifton | 7/6/10 | Jul-10 | Calendared extension of time for Defendants' to file Answer | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 293 | 236 | James V. DeSimone | 7/7/10 | Jul-10 | email NA MS RE: City of Anaheim Response (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 294 | 1185 | Michael D. Seglow | 7/7/10 | Jul-10 | Draft em re call from Counsel (for Anaheim (.2) | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 295 | 237 | James V. DeSimone | 7/8/10 | Jul-10 | conv DG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 296 | 238 | James V. DeSimone | 7/9/10 | Jul-10 | execute stip and email DG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 297 | 239 | James V. DeSimone | 7/9/10 | Jul-10 | review witness Statement and email AC Re: witness contact (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 298 | 240 | James V. DeSimone | 7/9/10 | Jul-10 | Email EF re: update | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 299 | 1186 | Michael D. Seglow | 7/9/10 | Jul-10 | rev VID em (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 300 | 1187 | Michael D. Seglow | 7/23/10 | Jul-10 | rev effling (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 301 | 10 | William Clifton | 7/24/10 | Jul-10 | Efiled Proofs of Service of Returned Summons and Complaint (.3); | | 0.30 | $ 125.00 | $ 37.50 | | Summons and Complaint filed on 7/24/2010 |
| 302 | 11 | William Clifton | 7/24/10 | Jul-10 | Prepared Chambers Copies for Fedex delivery (.1) | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 303 | 768 | Amanda Canning | 7/26/10 | Jul-10 | Draft Klassen declaration, Email to Klassen - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 304 | 769 | Amanda Canning | 7/26/10 | Jul-10 | Draft Care declaration - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 305 | 241 | James V. DeSimone | 7/27/10 | Jul-10 | conv. W. EF re: New ADA guidelines/ Strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 306 | 242 | James V. DeSimone | 7/27/10 | Jul-10 | review guidelines (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 307 | 243 | James V. DeSimone | 7/27/10 | Jul-10 | Email MS and AC re: status (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 308 | 770 | Amanda Canning | 7/27/10 | Jul-10 | Research re regulations, Draft Care declaration, Calls to/from and E-mails to Care re declaration, Review strategy with DeSimone | | 2.10 | $ 375.00 | $ 787.50 | ic | |

Angels / Charlebois

Exhibit B: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Month | Date | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 309 | 1188 | Michael D. Seplow | Jul-10 | 7/27/10 | rev VID em (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 310 | 244 | James V. DeSimone | Jul-10 | 7/28/10 | emails w. BG re: mtg of counsel (.2); | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 311 | 245 | James V. DeSimone | Jul-10 | 7/28/10 | Review and edit docs prepared by AC (.6) | | 0.60 | $ 650.00 | $ 390.00 | qu | |
| 312 | 246 | James V. DeSimone | Jul-10 | 7/28/10 | conv. W. AC | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 313 | 771 | Amanda Canning | Jul-10 | 7/28/10 | Conference with VID | | 0.10 | $ 375.00 | $ 37.50 | ic qu | |
| 314 | 772 | Amanda Canning | | 7/29/10 | Research re recusal and ADA regs and Review strategy and provide instructions to paralegal | | 1.50 | $ 375.00 | $ 562.50 | ic | |
| 315 | 247 | James V. DeSimone | Jul-10 | 7/30/10 | reviewed decs, case law and guidelines in prep for mtg w. BG (.9 hr) | | 0.90 | $ 650.00 | $ 585.00 | | |
| 316 | 248 | James V. DeSimone | Jul-10 | 7/30/10 | mtg w. BG and MS (1 hr) | | 1.00 | $ 650.00 | $ 650.00 | | Desimone and Seplow meet with Brent Giddens on 7/30/2010 |
| 317 | 249 | James V. DeSimone | Aug-10 | 7/30/10 | memo to file re mtg w. BG and Action items(.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 318 | 1189 | Michael D. Seplow | Jul-10 | 7/30/10 | prep for meeting w BG (.8) | | 0.80 | $ 600.00 | $ 480.00 | im | |
| 319 | 1190 | Michael D. Seplow | Jul-10 | 7/30/10 | meeting with Brent Giddens and VID (1.0) | | 1.00 | $ 600.00 | $ 600.00 | im | |
| 320 | 250 | James V. DeSimone | Jul-10 | 7/31/10 | emails w conv. w EF and MS re: strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic im | |
| 321 | 2591 | Michael D. Seplow | Jul-10 | 7/31/10 | Rev em re: meeting and strategy (3) | | 0.30 | $ 600.00 | $ 180.00 | im qu | |
| 322 | 37 | Gene Feldman | Jul-10 | 7/31/10 | Desimone re: meeting with Giddens | | 0.20 | $ 450.00 | $ 90.00 | im | |
| 323 | 251 | James V. DeSimone | Aug-10 | 8/2/10 | emails w. EF and MS re: strategy | Review E Mail | 0.30 | $ 650.00 | $ 195.00 | im | |
| 324 | 773 | Amanda Canning | Aug-10 | 8/2/10 | Review facts, Calls to experts | | 1.00 | $ 375.00 | $ 375.00 | qu | |
| 325 | 1192 | Michael D. Seplow | Aug-10 | 8/2/10 | ems w VID and GF re strategy (.3) | | 0.30 | $ 600.00 | $ 180.00 | im | |
| 326 | 38 | Gene Feldman | Aug-10 | 8/2/10 | Phone call to client regarding case status | Phone client | 0.20 | $ 450.00 | $ 90.00 | | |
| 327 | 252 | James V. DeSimone | Aug-10 | 8/3/10 | review BG's email and documents; (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 328 | 253 | James V. DeSimone | Aug-10 | 8/3/10 | emails w. AC re: experts (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 329 | 774 | Amanda Canning | Aug-10 | 8/3/10 | Call from Mazzi (expert), Draft memo - 1hr | | 1.00 | $ 375.00 | $ 375.00 | qu | |
| 330 | 775 | Amanda Canning | Aug-10 | 8/3/10 | Call from Heckert, Draft memo - 5hrs | | 0.50 | $ 375.00 | $ 187.50 | qu | |
| 331 | 1193 | Michael D. Seplow | Aug-10 | 8/3/10 | rev em re experts (.1) | | 0.10 | $ 600.00 | $ 60.00 | im | |
| 332 | 1194 | Michael D. Seplow | Aug-10 | 8/3/10 | rev em re judge issue (.1) | | 0.10 | $ 600.00 | $ 60.00 | im | |
| 333 | 213 | Gene Feldman | Aug-10 | 8/4/10 | Desimone re: conference call with Seplow | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 334 | 12 | William Clifton | Aug-10 | 8/5/10 | Researched re holiday and calendared 30 day deadline re recusal of Judge Guilford | | 0.25 | $ 125.00 | $ 31.25 | cl | |
| 335 | 254 | James V. DeSimone | Aug-10 | 8/5/10 | review AC memo re: expert witnesses; CV's, experience (4) | | 0.40 | $ 650.00 | $ 260.00 | im | |
| 336 | 255 | James V. DeSimone | Aug-10 | 8/5/10 | emails w. AC, MS & EF re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 337 | 256 | James V. DeSimone | Aug-10 | 8/5/10 | disc w. MS (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 338 | 776 | Amanda Canning | Aug-10 | 8/5/10 | Call from Marinelli and Beasley and Draft memos for both | | 2.90 | $ 375.00 | $ 1,087.50 | | |
| 339 | 1195 | Michael D. Seplow | Aug-10 | 8/5/10 | rev ct minutes (.1) | | 0.10 | $ 600.00 | $ 60.00 | | |
| 340 | 1196 | Michael D. Seplow | Aug-10 | 8/5/10 | disc w VID (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic qu | |
| 341 | 1196 | Michael D. Seplow | Aug-10 | 8/5/10 | rev Ct Answer (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic qu | |
| 342 | 214 | Gene Feldman | Aug-10 | 8/5/10 | Desimone re: conference call with Seplow | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 343 | 13 | William Clifton | Aug-10 | 8/6/10 | calendared scheduling conference with Judge Guilford | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 344 | 14 | William Clifton | Aug-10 | 8/6/10 | Set up computer files re. potential experts, saved docs re experts | | 0.30 | $ 125.00 | $ 37.50 | cl | |
| 345 | 257 | James V. DeSimone | Aug-10 | 8/6/10 | mtg. w. MS re strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 346 | 258 | James V. DeSimone | Aug-10 | 8/6/10 | tc conf. W. MS & EF re: strategy (.6) | | 0.60 | $ 650.00 | $ 390.00 | ic | |
| 347 | 1198 | Michael D. Seplow | Aug-10 | 8/6/10 | Rev Ct order (.1) | | 0.10 | $ 600.00 | $ 60.00 | | |
| 348 | 1199 | Michael D. Seplow | Aug-10 | 8/6/10 | conf w VID (3). | | 0.30 | $ 600.00 | $ 180.00 | ic qu | |
| 349 | 1200 | Michael D. Seplow | Aug-10 | 8/6/10 | TC VID GF (.6) | | 0.60 | $ 600.00 | $ 360.00 | ic qu | |
| 350 | 39 | Gene Feldman | Aug-10 | 8/6/10 | conference call with Jim & Mike | Phone Call to Co- | 0.60 | $ 450.00 | $ 270.00 | ic qu | "Mike" is internal timekeeper Michael Seplow |
| 351 | 15 | William Clifton | Aug-10 | 8/7/10 | Added further expert witness docs re Mark Mazz to computer case file | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 352 | 259 | James V. DeSimone | Aug-10 | 8/8/10 | conv. W. DG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 353 | 16 | William Clifton | Aug-10 | 8/9/10 | Added further expert witness docs re Kim Beasley to computer case file | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 354 | 260 | James V. DeSimone | Aug-10 | 8/9/10 | corr. w. DG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 355 | 261 | James V. DeSimone | 8/10/10 | Aug-10 | mtg w. AC re: strategy/experts, T/C w MS and GF (3) | | 1.50 | $ 650.00 | $ 975.00 | ic qu | This is time entry |
| 356 | 777 | Amanda Canning | 8/10/10 | Aug-10 | PP re expert documents - .2hrs | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 357 | 778 | Amanda Canning | 8/10/10 | Aug-10 | R and DR Request for Recusal and PP re e-filings - 1hrs | | 1.00 | $ 375.00 | $ 375.00 | qu | |
| 358 | 779 | Amanda Canning | 8/10/10 | Aug-10 | RSTR w V/D re experts - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | ic | |
| 359 | 1058 | Kai Valenzuela | 8/10/10 | Aug-10 | Draft Request of Recusal Motion | | 0.40 | $ 125.00 | $ 50.00 | | |
| 360 | 1059 | Kai Valenzuela | 8/10/10 | Aug-10 | E-File Request of Recusal Motion, prepare Chambers copy | | 0.60 | $ 125.00 | $ 75.00 | | |
| 361 | 1201 | Michael D. Seplow | 8/10/10 | Aug-10 | TC w V/D and GF (.9) | | 0.90 | $ 600.00 | $ 540.00 | ic qu | |
| 362 | 262 | James V. DeSimone | 8/11/10 | Aug-10 | correspondence and notes review (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 363 | 263 | James V. DeSimone | 8/11/10 | Aug-10 | draft letter to BG (.6) | | 0.60 | $ 650.00 | $ 390.00 | qu | |
| 364 | 264 | James V. DeSimone | 8/11/10 | Aug-10 | review MS and AC changes/mtg/revise (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 365 | 265 | James V. DeSimone | 8/11/10 | Aug-10 | review recusal mtn (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 366 | 266 | James V. DeSimone | 8/11/10 | Aug-10 | Emails w. AC re: tasks (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 367 | 780 | Amanda Canning | 8/11/10 | Aug-10 | Review revise Charlebois recusal - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 368 | 781 | Amanda Canning | 8/11/10 | Aug-10 | Review strategy and Review revise letter to opp counsel - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | | |
| 369 | 1060 | Kai Valenzuela | 8/11/10 | Aug-10 | Draft Notice of Change of Attorney | | 0.40 | $ 125.00 | $ 50.00 | | |
| 370 | 1061 | Kai Valenzuela | 8/11/10 | Aug-10 | E-File Notice of Change of Attorney, prepare Chambers copy | | 0.60 | $ 125.00 | $ 75.00 | | |
| 371 | 1202 | Michael D. Seplow | 8/11/10 | Aug-10 | review and revise letter to defense counsel (.6) | | 0.60 | $ 600.00 | $ 360.00 | qu | |
| 372 | 1203 | Michael D. Seplow | 8/11/10 | Aug-10 | em re judge recusal (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 373 | 40 | Gene Feldman | 8/11/10 | Aug-10 | Review letter from V/D to Gidders re: discovery | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 374 | 41 | Gene Feldman | 8/11/10 | Aug-10 | Prepare email V/D and review reply re letter to Gidders re: discovery | Prepare E Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 375 | 215 | Gene Feldman | 8/11/10 | Aug-10 | Desimone re: draft letter to Gidders | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 376 | 267 | James V. DeSimone | 8/12/10 | Aug-10 | Finalize Gidders letter (.3); | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 377 | 268 | James V. DeSimone | 8/12/10 | Aug-10 | Follow up w AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 378 | 782 | Amanda Canning | 8/12/10 | Aug-10 | Follow-up with V/D | | 0.20 | $ 375.00 | $ 75.00 | ic V/D | |
| 379 | 1062 | Kai Valenzuela | 8/12/10 | Aug-10 | Prepare correspondence for Defense counsel | | 0.30 | $ 125.00 | $ 37.50 | qu | |
| 380 | 1063 | Kai Valenzuela | 8/12/10 | Aug-10 | Review DRLC e-mail | | 0.30 | $ 125.00 | $ 37.50 | qu | |
| 381 | 216 | Gene Feldman | 8/12/10 | Aug-10 | Desimone re: finalized letter to Gidders | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 382 | 1204 | Michael D. Seplow | 8/19/10 | Aug-10 | rev ct order (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 383 | 269 | James V. DeSimone | 8/24/10 | Aug-10 | review recusal order (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 384 | 1064 | Kai Valenzuela | 8/24/10 | Aug-10 | Receive Order via ECF re Judge Recusal, save to database | | 0.20 | $ 125.00 | $ 25.00 | | |
| 385 | 270 | James V. DeSimone | 8/26/10 | Aug-10 | review Calendaring order/ Judge David Carter (.2) | | 0.20 | $ 650.00 | $ 130.00 | cl | |
| 386 | 271 | James V. DeSimone | 8/26/10 | Aug-10 | follow up On deadlines, rules review (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 387 | 272 | James V. DeSimone | 8/26/10 | Aug-10 | Emails w MS, AC, & MS, Bill Clifton ("BC") Re:Tasks (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 388 | 1205 | Michael D. Seplow | 8/26/10 | Aug-10 | rev ct order (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 389 | 783 | Amanda Canning | 8/31/10 | Aug-10 | Calls from experts Beasley and McGuire | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 390 | 17 | William Clifton | 9/1/10 | Sep-10 | Downloaded and saved Judge Carter's Chambers Rules, FAQs | | 0.20 | $ 125.00 | $ 25.00 | | |
| 391 | 784 | Amanda Canning | 9/1/10 | Sep-10 | Review study court orders, Research re Rule 26 obligations/Chamber rules - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | | |
| 392 | 785 | Amanda Canning | 9/1/10 | Sep-10 | Calls from experts - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 393 | 1206 | Michael D. Seplow | 9/1/10 | Sep-10 | Rev Judge's rules-procedures (.1) | | 0.10 | $ 600.00 | $ 60.00 | | |
| 394 | 273 | James V. DeSimone | 9/8/10 | Sep-10 | mtg. w. AC re: deadlines (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 395 | 274 | James V. DeSimone | 9/8/10 | Sep-10 | Review of file/ltrs/obligations (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 396 | 275 | James V. DeSimone | 9/8/10 | Sep-10 | Tc to BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |

Angels / Chartbooks — Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 397 | 276 | James V. DeSimone | 9/8/10 | Sep-10 | emails w. Paula Pearlman ("PPP") (.2) | | 0.20 | $650.00 | $130.00 | qu | Paula Pearlman is not an internal timekeeper |
| 398 | 786 | Amanda Canning | 9/8/10 | Sep-10 | Research re deadlines - 1.1hrs | | 1.10 | $375.00 | $412.50 | | |
| 399 | 787 | Amanda Canning | 9/8/10 | Sep-10 | meeting with VJD - 2 hrs | | 0.20 | $375.00 | $75.00 | ic qu | |
| 400 | 1207 | Michael D. Seplow | 9/8/10 | Sep-10 | rev em (.1) | | 0.10 | $600.00 | $60.00 | qu | |
| 401 | 277 | James V. DeSimone | 9/9/10 | Sep-10 | review and edit stip (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 402 | 278 | James V. DeSimone | 9/9/10 | Sep-10 | email To BG (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 403 | 279 | James V. DeSimone | 9/9/10 | Sep-10 | review expert info. (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 404 | 280 | James V. DeSimone | 9/9/10 | Sep-10 | tc to PP (.1) | | 0.10 | $650.00 | $65.00 | ic | |
| 405 | 281 | James V. DeSimone | 9/9/10 | Sep-10 | disc. W. AC re stip. (.1) | | 0.10 | $650.00 | $65.00 | ic | |
| 406 | 788 | Amanda Canning | 9/9/10 | Sep-10 | Draft stipulation re class certification - 2.1 hrs | | 2.10 | $375.00 | $787.50 | | |
| 407 | 789 | Amanda Canning | 9/9/10 | Sep-10 | Discussion with VJD re stipulation - .1 hrs | | 0.10 | $375.00 | $37.50 | ic | |
| 408 | 1208 | Michael D. Seplow | 9/9/10 | Sep-10 | Rev drt stip and em (.2) | | 0.20 | $600.00 | $120.00 | qu | |
| 409 | 282 | James V. DeSimone | 9/10/10 | Sep-10 | mtg. W. AC re: strategy (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 410 | 283 | James V. DeSimone | 9/10/10 | Sep-10 | Email w. BG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 411 | 790 | Amanda Canning | 9/10/10 | Sep-10 | Meeting with VJD re strategy | | 0.10 | $375.00 | $37.50 | ic | |
| 412 | 284 | James V. DeSimone | 9/13/10 | Sep-10 | review of Rule 26 memo/docs. In prep for conf (.6) | Preparation for Rule 26(f) conference, Draft and serve discovery, Review strategy with DeSimone | 0.60 | $650.00 | $390.00 | | |
| 413 | 285 | James V. DeSimone | 9/13/10 | Sep-10 | mtg. W. AC (.2) | review and edit stip. (.2) | 0.20 | $650.00 | $130.00 | ic qu | |
| 414 | 286 | James V. DeSimone | 9/13/10 | Sep-10 | conf. W. AC, BG & DG (.5) | Draft stipulation to continue motion for class certification and further processing | 0.50 | $650.00 | $325.00 | qu | |
| 415 | 287 | James V. DeSimone | 9/13/10 | Sep-10 | review and edit disco Requests (.4) | | 0.40 | $650.00 | $260.00 | | |
| 416 | 791 | Amanda Canning | 9/13/10 | Sep-10 | Preparation for Rule 26(f) conference, Draft and serve discovery, Review strategy with DeSimone | | 4.80 | $375.00 | $1,800.00 | | |
| 417 | 288 | James V. DeSimone | 9/14/10 | Sep-10 | review and edit stip. (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 418 | 792 | Amanda Canning | 9/14/10 | Sep-10 | Draft stipulation to continue motion for class certification and further processing | | 1.00 | $375.00 | $375.00 | | |
| 419 | 1066 | Kai Valenzuela | 9/14/10 | Sep-10 | Review email correspondence re joint stipulation re Continuance | | 0.30 | $125.00 | $37.50 | | |
| 420 | 289 | James V. DeSimone | 9/15/10 | Sep-10 | emails w. BG re: stip (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 421 | 290 | James V. DeSimone | 9/15/10 | Sep-10 | Follow up w. AC (.2) | | 0.20 | $650.00 | $130.00 | ic qu | |
| 422 | 793 | Amanda Canning | 9/15/10 | Sep-10 | Discussion with VJD re stipulation | | 0.20 | $375.00 | $75.00 | ic | |
| 423 | 291 | James V. DeSimone | 9/16/10 | Sep-10 | review and edit and. Stip. Email to BG (.2) | | 0.20 | $650.00 | $130.00 | | |
| 424 | 794 | Amanda Canning | 9/16/10 | Sep-10 | Review/revise stipulation to continue motion for class certification | | 0.50 | $375.00 | $187.50 | | |
| 425 | 1066 | Kai Valenzuela | 9/16/10 | Sep-10 | Revise Joint Stipulation, E-file and prepare Chambers copy | | 1.80 | $125.00 | $225.00 | | |
| 426 | 1209 | Michael D. Seplow | 9/16/10 | Sep-10 | Rev ct filing (.1) | | 0.10 | $600.00 | $60.00 | | |
| 427 | 292 | James V. DeSimone | 9/17/10 | Sep-10 | Email w. PP re status (.1) | | 0.10 | $650.00 | $65.00 | ic | |
| 428 | 293 | James V. DeSimone | 9/19/10 | Sep-10 | follow up W. PP (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 429 | 294 | James V. DeSimone | 9/20/10 | Sep-10 | mtg. W. AC re: deadlines (.1) | | 0.10 | $650.00 | $65.00 | ic | |
| 430 | 295 | James V. DeSimone | 9/20/10 | Sep-10 | Emails. W. BG and AC re: Joint report (.4) | | 0.40 | $650.00 | $260.00 | im | |
| 431 | 296 | James V. DeSimone | 9/20/10 | Sep-10 | review and Edit joint report (.4) | | 0.40 | $650.00 | $260.00 | | |
| 432 | 795 | Amanda Canning | 9/20/10 | Sep-10 | | Draft and Prepare Rule 26 Discovery Plan report, E-mails to/from opposing counsel re same, Review strategy with DeSimone re same | 5.50 | $375.00 | $2,062.50 | ic | |
| 433 | 297 | James V. DeSimone | 9/21/10 | Sep-10 | follow up on joint stip. W. BG (.2) | | 0.20 | $650.00 | $130.00 | | |
| 434 | 796 | Amanda Canning | 9/21/10 | Sep-10 | E-mails to counsel re Rule 26 report | | 0.30 | $375.00 | $112.50 | | |
| 435 | 298 | James V. DeSimone | 9/22/10 | Sep-10 | finalize joint report (.3) | | 0.30 | $650.00 | $195.00 | | |
| 436 | 797 | Amanda Canning | 9/22/10 | Sep-10 | | E-mails to/from counsel re Rule 26 report, study defendants Draft of Rule 26 report, and further processing re same | 0.70 | $375.00 | $262.50 | | |
| 437 | 18 | William Clifton | 9/23/10 | Sep-10 | Drafted Joint Rule 26(f) Report in federal pleading format | | 0.50 | $125.00 | $62.50 | | |
| 438 | 19 | William Clifton | 9/23/10 | Sep-10 | Efiled Joint Rule 26(f) Report (.2); | | 0.20 | $125.00 | $25.00 | | |
| 439 | 20 | William Clifton | 9/23/10 | Sep-10 | Prepared Chambers Copy for Fedex delivery (.1) | | 0.10 | $125.00 | $12.50 | | |
| 440 | 299 | James V. DeSimone | 9/23/10 | Sep-10 | review of court order (.1) | | 0.10 | $650.00 | $65.00 | | |

Angels / Charlebois

Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 441 | 300 | James V. DeSimone | 9/23/10 | Sep-10 | Tc to EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 442 | 301 | James V. DeSimone | 9/23/10 | Sep-10 | conf. and email w/ MS and Ac re plan (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic im | |
| 443 | 798 | Amanda Canning | 9/23/10 | Sep-10 | E-mails to/from opposing counsel re joint Rule 26(f) report. Review and revise same, Prepare for e-filing - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 444 | 799 | Amanda Canning | 9/23/10 | Sep-10 | Review study Order to continue motion for class cert, Review strategy re same - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 445 | 800 | Amanda Canning | 9/23/10 | Sep-10 | Calls/E-mails to/from Feldman re motion for class cert - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | ic im | |
| 446 | 1210 | Michael D. Seplow | 9/23/10 | Sep-10 | em, disc v VID re strategy (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic im | |
| 447 | 42 | Gene Feldman | 9/23/10 | Sep-10 | from Jim re stipulation | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 448 | 43 | Gene Feldman | 9/23/10 | Sep-10 | VID re motion | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 449 | 44 | Gene Feldman | 9/23/10 | Sep-10 | Court order re: stipulation to file class certification motion | Review | 0.20 | $ 450.00 | $ 90.00 | | |
| 450 | 45 | Gene Feldman | 9/23/10 | Sep-10 | Legal Research PMK notice | Legal Research | 0.40 | $ 450.00 | $ 180.00 | | |
| 451 | 21 | William Clifton | 9/24/10 | Sep-10 | Prepared PMK Deposition Notices to both Defendants telephoned resources and expert Witnesses, research (.4) | | 0.50 | $ 125.00 | $ 62.50 | | |
| 452 | 302 | James V. DeSimone | 9/24/10 | Sep-10 | conv. W. Expert (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 453 | 303 | James V. DeSimone | 9/24/10 | Sep-10 | mtg. W. AC (.3) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 454 | 304 | James V. DeSimone | 9/24/10 | Sep-10 | review and edit PMK Notice (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 455 | 305 | James V. DeSimone | 9/24/10 | Sep-10 | | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 456 | 801 | Amanda Canning | 9/24/10 | Sep-10 | Review strategy with DeSimone, E-mails to Feldman/Harris re PMK depos, Draft PMK notices of deposition - 4.3hrs | | 4.30 | $ 375.00 | $ 1,612.50 | ic im | |
| 457 | 802 | Amanda Canning | 9/24/10 | Sep-10 | E-mails to/from counsel re motion for class cert - .4.hrs | | 0.40 | $ 375.00 | $ 150.00 | im | Counsel referred to in time entry is Gene Feldman |
| 458 | 1211 | Michael D. Seplow | 9/24/10 | Sep-10 | rev pmk depo notices (.2) | | 0.20 | $ 600.00 | $ 120.00 | | |
| 459 | 46 | Gene Feldman | 9/24/10 | Sep-10 | Amanda Canning re discovery | Phone Call to Co- | 0.20 | $ 450.00 | $ 90.00 | ic | Amanda Canning is an internal timekeeper |
| 460 | 306 | James V. DeSimone | 9/25/10 | Sep-10 | memo re: expert witness conv. (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 461 | 307 | James V. DeSimone | 9/25/10 | Sep-10 | emails w. EF, MS and AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 462 | 1212 | Michael D. Seplow | 9/25/10 | Sep-10 | rev em w expert (.2) | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 463 | 47 | Gene Feldman | 9/25/10 | Sep-10 | Research Stadium remodeling | Research | 0.40 | $ 450.00 | $ 180.00 | | |
| 464 | 48 | Gene Feldman | 9/25/10 | Sep-10 | to VID re: Research Stadium remodeling | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 465 | 51 | Gene Feldman | 9/25/10 | Sep-10 | from charlebois re availability for declaration | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 466 | 217 | Gene Feldman | 9/25/10 | Sep-10 | Desimone re class certification motion | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 467 | 49 | Gene Feldman | 9/26/10 | Sep-10 | Establish file declaration | Prep Pleadings | 0.90 | $ 450.00 | $ 405.00 | qu | |
| 468 | 80 | Jonathan Cotton | 9/27/10 | Sep-10 | Serve P's Rule 26a Report | | 0.50 | $ 125.00 | $ 62.50 | | |
| 469 | 308 | James V. DeSimone | 9/27/10 | Sep-10 | emails w. AC re: doc production (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 470 | 309 | James V. DeSimone | 9/27/10 | Sep-10 | review and edit Rule 26 disclosures (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 471 | 310 | James V. DeSimone | 9/27/10 | Sep-10 | review docs to be produced (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 472 | 803 | Amanda Canning | 9/27/10 | Sep-10 | Draft Rule 26(a) report, Review documents to produce in same, Calls to/from Feldman re same - 3.5hrs | | 3.50 | $ 375.00 | $ 1,312.50 | im | |
| 473 | 804 | Amanda Canning | 9/27/10 | Sep-10 | Calls to/from E-mails to/from Greco re discovery production and initial disclosures - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 474 | 805 | Amanda Canning | 9/27/10 | Sep-10 | Research re motion for class certification - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 475 | 806 | Amanda Canning | 9/27/10 | Sep-10 | Review study class declarations - .3 hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 476 | 807 | Amanda Canning | 9/27/10 | Sep-10 | E-mails to/from expert re documents - 2hrs | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 477 | 808 | Amanda Canning | 9/27/10 | Sep-10 | Review study Defendants' initial disclosure report and Draft memo-.4hrs | | 0.40 | $ 375.00 | $ 150.00 | im | |
| 478 | 50 | Gene Feldman | 9/27/10 | Sep-10 | Canning re: availability for declaration | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 479 | 52 | Gene Feldman | 9/27/10 | Sep-10 | from Amanda re: declarations | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 480 | 311 | James V. DeSimone | 9/28/10 | Sep-10 | review JPC dec. (.1) | | 0.10 | | $ 65.00 | | |
| 481 | 312 | James V. DeSimone | 9/28/10 | Sep-10 | memo to team Re: PMK Depo/class cert motion (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 482 | 313 | James V. DeSimone | 9/28/10 | | emails w. BC re: Docs to Expert (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 483 | 809 | Amanda Canning | 9/28/10 | Sep-10 | Review study defendant document production, further processing re expert Reviewing documents - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 484 | 810 | Amanda Canning | 9/28/10 | Sep-10 | Research re motion for class cert - 1.6hrs | | 1.60 | $ 375.00 | $ 600.00 | | |
| 485 | 811 | Amanda Canning | 9/28/10 | Sep-10 | Call from Greco re PMK document demands, Research re same, Call to Feldman re same - 1.1hrs | | 1.10 | $ 375.00 | $ 412.50 | ic | |
| 486 | 812 | Amanda Canning | 9/28/10 | Sep-10 | E-mail to Mazz re documents - .1hr | | 0.10 | $ 375.00 | $ 37.50 | | |
| 487 | 1213 | Michael D. Seplow | 9/28/10 | Sep-10 | rev draft (dec)(.2) | | 0.20 | $ 600.00 | $ 120.00 | | |
| 488 | 53 | Gene Feldman | 9/28/10 | Sep-10 | Phone call from client re declaration | Phone client | 0.30 | $ 450.00 | $ 135.00 | | |
| 489 | 54 | Gene Feldman | 9/28/10 | Sep-10 | Review documents produced by defendants | Review | 1.90 | $ 450.00 | $ 855.00 | | |
| 490 | 55 | Gene Feldman | 9/28/10 | Sep-10 | from Amanda re: documents | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 491 | 56 | Gene Feldman | 9/28/10 | Sep-10 | Defendant's FRCP Rule 26 Disclosures | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 492 | 314 | James V. DeSimone | 9/29/10 | Sep-10 | review AC memo re: docs produced/ Expert wit, update (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 493 | 315 | James V. DeSimone | 9/29/10 | Sep-10 | conv. W. AC Re: follow up (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 494 | 813 | Amanda Canning | 9/29/10 | Sep-10 | Calls/Emails to/from Mazz and Feldman re documents, Review strategy re documents, expert retainer, Review study Joint Rule 26(f) report - 2.9hrs | | 2.90 | $ 375.00 | $ 1,087.50 | ic im | |
| 495 | 814 | Amanda Canning | 9/29/10 | Sep-10 | Research re motion for class certification - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 496 | 815 | Amanda Canning | 9/29/10 | Sep-10 | Research re subpoenaing business records and Review strategy -1.2hrs | | 1.20 | $ 375.00 | $ 450.00 | | |
| 497 | 1214 | Michael D. Seplow | 9/29/10 | Sep-10 | rev m&c ltr and em (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | m&c=meet & confer |
| 498 | 57 | Gene Feldman | 9/29/10 | Sep-10 | Review ADA document production from defendant | Review | 3.10 | $ 450.00 | $ 1,395.00 | | |
| 499 | 218 | Gene Feldman | 9/29/10 | Sep-10 | Canning re: ADA document production from defendant | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 500 | 22 | William Clifton | 9/30/10 | Sep-10 | Researched re preparation of non-party business records subpoena | | 0.60 | $ 125.00 | $ 75.00 | | |
| 501 | 316 | James V. DeSimone | 9/30/10 | Sep-10 | Review and edit ltr. To BG re: Docs produced (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 502 | 317 | James V. DeSimone | 9/30/10 | Sep-10 | follow up emails W. AC and BG (.) | | 0.40 | $ 650.00 | $ 260.00 | im qu | |
| 503 | 318 | James V. DeSimone | 9/30/10 | Sep-10 | review and edit JPC Dec (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 504 | 319 | James V. DeSimone | 9/30/10 | Sep-10 | follow up emails w. JPC And EF (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 505 | 320 | James V. DeSimone | 9/30/10 | Sep-10 | mtg. W. AC (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 506 | 816 | Amanda Canning | 9/30/10 | Sep-10 | E-mails/Calls to/from Feldman re PMKs, motion, documents - 1.4hrs | | 1.40 | $ 375.00 | $ 525.00 | ic im | |
| 507 | 817 | Amanda Canning | 9/30/10 | Sep-10 | Research and Calls re subpoenaing construction company - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | qu | |
| 508 | 818 | Amanda Canning | 9/30/10 | | Research and Draft Inspection of Real Property demand, Calls/Emails to/from Mazz re same, Review documents and determine which documents have not been produced, Research and Draft meet and confer letter to Giddens re inspection and documents, Review strategy with DeSimone, Draft memorializing letter -4hrs | | 4.00 | $ 375.00 | $ 1,500.00 | ic | |
| 509 | 819 | Amanda Canning | 9/30/10 | | Research and Draft motion- 2hrs | | 2.00 | $ 375.00 | $ 750.00 | qu | |

1/4/2012

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 510 | 820 | Amanda Canning | 9/30/10 | Sep-10 | Calls from Greco re PMK depositions, Further processing re same - .6hrs | Phone Call | 0.60 | $ 375.00 | $ 225.00 | | |
| 511 | 58 | Gene Feldman | 9/30/10 | Sep-10 | Amanda re: meet and confer letter | Phone Call | 0.40 | $ 450.00 | $ 180.00 | ic | |
| 512 | 59 | Gene Feldman | 9/30/10 | Sep-10 | from Jim re: deposition Preparation | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic | |
| 513 | 60 | Gene Feldman | 9/30/10 | Sep-10 | Preparation for PMK file review/chart for Jim | Preparation | 2.20 | $ 450.00 | $ 990.00 | im | |
| 514 | 219 | Gene Feldman | 9/30/10 | Sep-10 | Canning re: ADA Compliance Coordinator subpoena City of Anaheim | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 515 | 321 | James V. DeSimone | 10/1/10 | Oct-10 | emails w. BG re: PMK Depo/ Docs/settlement (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 516 | 322 | James V. DeSimone | 10/1/10 | Oct-10 | mtg. w. AC re: tasks (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 517 | 821 | Amanda Canning | 10/1/10 | Oct-10 | Calls to/from Feldman, Review strategy with DeSimone, direct paralegal re Research and Draft motion for class cert - 1.8hrs. Calls to/from Disability Rights center re experts, Review strategy with DeSimone, further processing documents for experts, Calls to/from Greco and E-mails to/from Gidders re documents for experts and PMK depositions - 6.2hrs | | 6.20 | $ 375.00 | $ 2,325.00 | ic qu | |
| 518 | 822 | Amanda Canning | 10/1/10 | Oct-10 | Calls to/from Feldman, Review strategy with DeSimone, direct paralegal re Research and Draft motion for class cert - 1.8hrs | | 1.80 | $ 375.00 | $ 675.00 | ic qu | |
| 519 | 61 | Gene Feldman | 10/1/10 | Oct-10 | Preparation for PMK file review/chart for Jim | Preparation | 1.60 | $ 450.00 | $ 720.00 | | |
| 520 | 62 | Gene Feldman | 10/1/10 | Oct-10 | Amanda re: expert witness | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 521 | 63 | Gene Feldman | 10/1/10 | Oct-10 | from Amanda and Jim re expert witness | Review E Mail | 0.50 | $ 450.00 | $ 135.00 | | |
| 522 | 64 | Gene Feldman | 10/1/10 | Oct-10 | from Jeff re: declaration | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | Jeff is client Jeff Charlebois |
| 523 | 220 | Gene Feldman | 10/1/10 | Oct-10 | from Amanda and Jim re expert witness | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 524 | 323 | James V. DeSimone | 10/3/10 | Oct-10 | review and edit draft dec and Portions of class cert mtn. (.7) | | 0.70 | $ 650.00 | $ 455.00 | | |
| 525 | 324 | James V. DeSimone | 10/3/10 | Oct-10 | Prepare for status conf. (5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 526 | 325 | James V. DeSimone | 10/4/10 | Oct-10 | travel to and from Court (2.4 hrs) | | 2.40 | $ 650.00 | $ 1,560.00 | tr | |
| 527 | 326 | James V. DeSimone | 10/4/10 | Oct-10 | Court appearance (1.3 hrs) | | 1.30 | $ 650.00 | $ 845.00 | | |
| 528 | 327 | James V. DeSimone | 10/4/10 | Oct-10 | mtg. W. BG (.4 hrs) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 529 | 328 | James V. DeSimone | 10/4/10 | Oct-10 | conv. W. AC and MS (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 530 | 329 | James V. DeSimone | 10/4/10 | Oct-10 | review of mt and conf. Re: site visit (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 531 | 330 | James V. DeSimone | 10/4/10 | Oct-10 | conv. W. Paula Pearlman re: mediators/ Strategy (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 532 | 331 | James V. DeSimone | 10/4/10 | Oct-10 | follow up emails W. BG re: site visit/doc pro (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 533 | 823 | Amanda Canning | 10/4/10 | Oct-10 | Research re ascertainability and memo to DeSimone re same - .7hrs | | 0.70 | $ 375.00 | $ 262.50 | im | |
| 534 | 824 | Amanda Canning | 10/4/10 | Oct-10 | Calls to/from .DeSimone re Status Conference hearing, Call to court clerk - .9hrs | | 0.90 | $ 375.00 | $ 337.50 | ic | |
| 535 | 825 | Amanda Canning | 10/4/10 | Oct-10 | Calls to/from Maaz re site visit/documents, Review strategy with DeSimone re same, E-mails to/from Gidders re same - 1.1 | | 1.10 | $ 375.00 | $ 412.50 | ic | |
| 536 | 1215 | Michael D. Seplow | 10/4/10 | Oct-10 | tc VJD & AC (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic qu | |
| 537 | 332 | James V. DeSimone | 10/5/10 | Oct-10 | review and edit numerosity Declaration (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 538 | 333 | James V. DeSimone | 10/5/10 | Oct-10 | follow up w W expert (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 539 | 334 | James V. DeSimone | 10/5/10 | Oct-10 | follow up Emails w. BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 540 | 826 | Amanda Canning | 10/5/10 | Oct-10 | Calls/E-mails to/from Chasworth re declaration, Review study and legal/factual analysis of declaration - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 541 | 827 | Amanda Canning | 10/6/10 | Oct-10 | E-mails to disability statisticians and advocates re numerosity - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | ic | |
| 542 | 335 | James V. DeSimone | 10/6/10 | Oct-10 | review and edit Disney subpoena (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 543 | 336 | James V. DeSimone | 10/6/10 | Oct-10 | emails w. BG re: subpoena (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |

Angels / Charlebois

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 544 | 828 | Amanda Canning | 10/6/10 | Oct-10 | Research and Draft Disney subpoena | | 1.50 | $ 375.00 | $ 562.50 | im | |
| 545 | 1216 | Michael D. Seplow | 10/6/10 | Oct-10 | rev ct order (1). | | 0.10 | $ 600.00 | $ 60.00 | | |
| 546 | 1217 | Michael D. Seplow | 10/6/10 | Oct-10 | discw V/D1 (1). | | 0.10 | $ 600.00 | $ 60.00 | ic | |
| 547 | 337 | James V. DeSimone | 10/7/10 | Oct-10 | email to team re: mediators/research (.7) | | 0.70 | $ 650.00 | $ 455.00 | im | |
| 548 | 338 | James V. DeSimone | 10/7/10 | Oct-10 | follow up re: Disney subpoena (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 549 | 829 | Amanda Canning | 10/7/10 | Oct-10 | Call from Greco re document demands and Research re same - .9hrs | | 0.90 | $ 375.00 | $ 337.50 | qu | |
| 550 | 830 | Amanda Canning | 10/7/10 | Oct-10 | Research re mediators, E-mails to Perlman, Renick re same - 2.1hrs | | 2.10 | $ 375.00 | $ 787.50 | im | |
| 551 | 831 | Amanda Canning | 10/7/10 | Oct-10 | further processing re Disney subpoena - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 552 | 832 | Amanda Canning | 10/7/10 | Oct-10 | Review strategy and Draft letter to Giddens re Populus subpoena - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 553 | 221 | Gene Feldman | 10/7/10 | Oct-10 | Amanda, Jim and Mike re: possible list of mediators | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 554 | 339 | James V. DeSimone | 10/8/10 | Oct-10 | mtg. W. AC re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 555 | 340 | James V. DeSimone | 10/8/10 | Oct-10 | emails W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 556 | 341 | James V. DeSimone | 10/8/10 | Oct-10 | emails w. EF and AC Re mediators / discovery (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 557 | 833 | Amanda Canning | 10/8/10 | Oct-10 | Research and Review strategy re Populus subpoena - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 558 | 834 | Amanda Canning | 10/8/10 | Oct-10 | Research re mediators, Calls to Larson, Haldeman, E-mails to/from opp counsel re same - 4.5hrs | | 4.50 | $ 375.00 | $ 1,687.50 | qu | |
| 559 | 835 | Amanda Canning | 10/8/10 | Oct-10 | Research re Disney subpoena - .9hrs | | 0.90 | $ 375.00 | $ 337.50 | qu | |
| 560 | 836 | Amanda Canning | 10/8/10 | Oct-10 | Review strategy with V/D- .2 | | 0.20 | $ 375.00 | $ 75.00 | ic | |
| 561 | 837 | Amanda Canning | 10/8/10 | Oct-10 | Research and Draft E-mail to Giddens re documents - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 562 | 1218 | Michael D. Seplow | 10/8/10 | Oct-10 | rev em re mediators (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 563 | 222 | Gene Feldman | 10/8/10 | Oct-10 | Amanda re: Judge Larson as mediator | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | MM is expert Michael Mazz |
| 564 | 342 | James V. DeSimone | 10/12/10 | Oct-10 | emails w. MM re: site visit (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 565 | 838 | Amanda Canning | 10/12/10 | Oct-10 | E-mails re site visit | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 566 | 343 | James V. DeSimone | 10/13/10 | Oct-10 | site visit to Angels Stadium w. Travel time (8.2 hrs) | | 8.20 | $ 650.00 | $ 5,330.00 | tr | |
| 567 | 344 | James V. DeSimone | 10/13/10 | Oct-10 | conv. W. MM (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 568 | 345 | James V. DeSimone | 10/13/10 | Oct-10 | conv. W. AC re follow up disc (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 569 | 839 | Amanda Canning | 10/13/10 | Oct-10 | Review strategy with DeSimone re discovery | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 570 | 27 | William Clifton | 10/14/10 | Oct-10 | Researched address for service to Walt Disney Co (.25) | | 0.25 | $ 125.00 | $ 31.25 | | |
| 571 | 28 | William Clifton | 10/14/10 | Oct-10 | Prepared order for subpoena to Disney Co. re renovations (.5) | | 0.50 | $ 125.00 | $ 62.50 | | |
| 572 | 29 | William Clifton | 10/14/10 | Oct-10 | drafted Notice of Taking Deposition (.25) | | 0.25 | $ 125.00 | $ 31.25 | | |
| 573 | 346 | Amanda Canning | 10/14/10 | Oct-10 | Memo to file re: site visit/emails W. EF and AC (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 574 | 347 | Gene Feldman | 10/14/10 | Oct-10 | emails w. BG Re: mediators (.4) | | 0.40 | $ 450.00 | $ 260.00 | im | |
| 575 | 348 | James V. DeSimone | 10/14/10 | Oct-10 | follow up W. AC (4) | | 0.40 | $ 650.00 | $ 260.00 | ic qu | |
| 576 | 840 | Amanda Canning | 10/14/10 | Oct-10 | Review strategy with DeSimone and Draft memo with discovery and motion plan - 1.2hrs | | 1.20 | $ 375.00 | $ 450.00 | ic im | |
| 577 | 841 | Amanda Canning | 10/14/10 | Oct-10 | Research re mediators, Calls to/from Larson, Draft E-mail to opp counsel - 1.3 | | 1.30 | $ 375.00 | $ 487.50 | qu | |
| 578 | 842 | Amanda Canning | 10/14/10 | Oct-10 | Research and Draft interrogatories, E-mails to/front Mazz -Call from Greco re discovery responses and class action -2 | | 2.00 | $ 375.00 | $ 750.00 | qu | |
| 579 | 223 | Gene Feldman | 10/14/10 | Oct-10 | Amanda re: Mazz site inspection of stadium | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 580 | 349 | James V. DeSimone | 10/15/10 | Oct-10 | Emails re mediator selection (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 581 | 350 | James V. DeSimone | 10/15/10 | Oct-10 | Emails/ BG Re: settlement (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 582 | 351 | James V. DeSimone | 10/15/10 | Oct-10 | Corr. W. MS, EF and AC re/ response (3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 583 | 352 | James V. DeSimone | 10/15/10 | Oct-10 | email from BG re: PMK depo (1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 584 | 1219 | Michael D. Seplow | 10/16/10 | Oct-10 | em w.co re settlement position (.3) | | 0.30 | $ 600.00 | $ 180.00 | | |
| 585 | 94 | Gene Feldman | 10/16/10 | Oct-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | | | |
| 586 | 353 | James V. DeSimone | 10/18/10 | Oct-10 | corr. W. BG re: mediation (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 587 | 354 | James V. DeSimone | 10/18/10 | Oct-10 | mtg. W. AC re strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 588 | 355 | James V. DeSimone | 10/18/10 | Oct-10 | conf. Call W. MM, EF & AC (1 hr) | | 1.00 | $ 650.00 | $ 650.00 | ic | |
| 589 | 356 | James V. DeSimone | 10/18/10 | Oct-10 | review of mediator filing (.2) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 590 | 844 | Amanda Canning | 10/18/10 | Oct-10 | Research DOJ guidelines and standards, Draft letter to Giddens re status of litigation and Plaintiffs demands - 4.5hr | | 4.50 | $ 375.00 | $ 1,687.50 | | |
| 591 | 845 | Amanda Canning | 10/18/10 | Oct-10 | Calls to/from Mazz - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | qu | |
| 592 | 846 | Amanda Canning | 10/18/10 | Oct-10 | E-mails to/from counsel, Review strategy, Research and Draft Ntc re Private Mediator - 1.3hrs | | 1.30 | $ 375.00 | $ 487.50 | | |
| 593 | 65 | Gene Feldman | 10/18/10 | Oct-10 | Conference Mazz, Desimone & Canning re stadium accessibility inspection | Phone Call | 1.00 | $ 450.00 | $ 450.00 | ic | |
| 594 | 224 | Gene Feldman | 10/18/10 | Oct-10 | Amanda re: conference call to discuss Mazz site inspection of stadium | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 595 | 357 | James V. DeSimone | 10/19/10 | Oct-10 | review of demand ltr. (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 596 | 358 | James V. DeSimone | 10/19/10 | Oct-10 | emails To AC re: strategy (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 597 | 66 | Gene Feldman | 10/19/10 | Oct-10 | Desimone to Mazz re: accessible seating chart | Review E Mail | 0.60 | $ 450.00 | $ 270.00 | im | |
| 598 | 359 | James V. DeSimone | 10/20/10 | Oct-10 | edited demand ltr (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 599 | 360 | James V. DeSimone | 10/20/10 | Oct-10 | emails to BG re: PMK (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 600 | 361 | James V. DeSimone | 10/20/10 | Oct-10 | mtg. W. AC re: strategy on Mtn for class Cert. (3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 601 | 362 | James V. DeSimone | 10/20/10 | Oct-10 | mtg. W. WS re: Demands (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 602 | 363 | James V. DeSimone | 10/20/10 | Oct-10 | email EF re: Demand ltr (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 603 | 364 | James V. DeSimone | 10/20/10 | Oct-10 | emails w. MM re: Seating issues (3) | | 0.30 | $ 650.00 | $ 195.00 | | MM is expert, M. Mazz |
| 604 | 365 | James V. DeSimone | 10/20/10 | Oct-10 | reviewed and edit Demand ltr (4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 605 | 848 | Amanda Canning | 10/20/10 | Oct-10 | Call from Jennifer Coleman re extension or subpoena - .2 | | 0.20 | $ 375.00 | $ 75.00 | | |
| 606 | 849 | Amanda Canning | 10/20/10 | Oct-10 | review documents/research and draft settlement offer letter to Gidders - 2.2 | | 2.20 | $ 375.00 | $ 825.00 | | |
| 607 | 850 | Amanda Canning | 10/20/10 | Oct-10 | emails to/from Mazz re report - .3 | | 0.30 | $ 375.00 | $ 112.50 | | |
| 608 | 1220 | Michael D. Seplow | 10/20/10 | Oct-10 | Revise demand letter (9). | | 0.90 | $ 600.00 | $ 540.00 | | Feldman, Desimone and Seplow are all working on revising the demand letter |
| 609 | 1221 | Michael D. Seplow | 10/20/10 | Oct-10 | TC w. GF (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic cu | |
| 610 | 67 | Gene Feldman | 10/20/10 | Oct-10 | Revise demand letter from VJD | Review | 1.40 | $ 450.00 | $ 630.00 | | |
| 611 | 68 | Gene Feldman | 10/20/10 | Oct-10 | revisions to demand letter from MS | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 612 | 69 | Gene Feldman | 10/20/10 | Oct-10 | MS revisions to demand letter | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 613 | 30 | William Clifton | 10/22/10 | Oct-10 | Prepared Amended PMK Deposition Notices to both Defendants | | 0.25 | $ 125.00 | $ 31.25 | | |
| 614 | 366 | James V. DeSimone | 10/22/10 | Oct-10 | review Disney objection to subpoena Follow up w BG (.1) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 615 | 367 | James V. DeSimone | 10/22/10 | Oct-10 | emails w. AC Re: PMK depo (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 616 | 93 | Gene Feldman | 10/22/10 | Oct-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | - | | |
| 617 | 852 | Amanda Canning | 10/23/10 | Oct-10 | Draft amended PMK notices or deposition, further processing - RS Disney objections to subpoena, Research re Rule 45 and motion to compel - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | | |
| 618 | 368 | James V. DeSimone | 10/25/10 | Oct-10 | follow up emails W BG re: demand Letter (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 619 | 853 | Amanda Canning | 10/25/10 | Oct-10 | E-mails to/from Greco re document production, further processing re same - .4hrs | | 0.40 | $ 375.00 | $ 150.00 | | |

Angels / Chatelbois

Exhibit B. SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 620 | 854 | Amanda Canning | 10/25/10 | Oct-10 | Review study E-mail from Gidders re total WC seating, E-mails to/from Mazz re same, Review strategy, Draft E-mail to Gidders re same - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 621 | 855 | Amanda Canning | 10/25/10 | Oct-10 | Preparation for PMK depositions - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | | |
| 622 | 70 | Gene Feldman | 10/25/10 | Oct-10 | from AC to Mazz re WC seat count | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 623 | 71 | Gene Feldman | 10/25/10 | Oct-10 | from Mazz re WC seat count | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 624 | 369 | James V. DeSimone | 10/26/10 | Oct-10 | mgt. w. AC re: class cert motion / PMK depo (.4 hr) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 625 | 370 | James V. DeSimone | 10/26/10 | Oct-10 | tc w. EF re: Strategy (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 626 | 371 | James V. DeSimone | 10/26/10 | Oct-10 | conv. W. MS (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 627 | 372 | James V. DeSimone | 10/26/10 | Oct-10 | Emails w. MM (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 628 | 856 | Amanda Canning | 10/26/10 | Oct-10 | Review documents and preparation for PMK deposition, meeting w/JD re class certification motion. | | 3.50 | $ 375.00 | $ 1,312.50 | ic | |
| 629 | 1222 | Michael D. Seplow | 10/26/10 | Oct-10 | disc w VJD(.1) | | 0.10 | $ 600.00 | $ 60.00 | ic qu | |
| 630 | 72 | Gene Feldman | 10/26/10 | Oct-10 | VJD re PMK deposition | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 631 | 373 | James V. DeSimone | 10/27/10 | Oct-10 | email to BG re: PMK depo (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 632 | 374 | James V. DeSimone | 10/27/10 | Oct-10 | Mtg. W/ AC re: class cert, Mtrn( .2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 633 | 375 | James V. DeSimone | 10/27/10 | Oct-10 | Follow up team emails (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 634 | 857 | Amanda Canning | 10/27/10 | Oct-10 | Review strategy with DeSimone re PMK depositions and motion, Emails to/from counsel re same - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 635 | 858 | Amanda Canning | 10/27/10 | Oct-10 | Emails to/from Mazz, Feldman re expert call - .2hrs Calls/emails to/from Greco re PMK depos | | 0.20 | $ 375.00 | $ 75.00 | im | |
| 636 | 859 | Amanda Canning | 10/27/10 | Oct-10 | production of documents and further processing re same - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 637 | 376 | James V. DeSimone | 10/28/10 | Oct-10 | email BG re: settlement inquiry/ info requested (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 638 | 860 | Amanda Canning | 10/28/10 | Oct-10 | prep for and conference Call with Mazz/Feldman - 1.8hrs | Conference | 1.80 | $ 375.00 | $ 675.00 | | |
| 639 | 73 | Gene Feldman | 10/28/10 | Oct-10 | Conference call with AC & MM | Conference | 1.50 | $ 450.00 | $ 675.00 | ic qu | |
| 640 | 74 | Gene Feldman | 10/28/10 | Oct-10 | Telephone call with opposing Attorney settlement agreement revisions | Phone Opp Atty | 0.30 | $ 450.00 | $ 135.00 | | |
| 641 | 861 | James V. DeSimone | 10/29/10 | Oct-10 | review strategy with GF re motion for class cert and memos re same | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 642 | 75 | Gene Feldman | 10/29/10 | Oct-10 | Amanda re: motion for class cert | Phone Call | 1.10 | $ 450.00 | $ 495.00 | ic | |
| 643 | 76 | Gene Feldman | 10/29/10 | Oct-10 | MLB/Angels baseball attendance | Research | 0.70 | $ 450.00 | $ 315.00 | | |
| 644 | 377 | James V. DeSimone | 10/30/10 | Oct-10 | review draft motion for class cert (1.2) | | 1.20 | $ 650.00 | $ 780.00 | | |
| 645 | 378 | James V. DeSimone | 10/30/10 | Oct-10 | emails w. AC re: mtn (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 646 | 862 | Amanda Canning | 10/30/10 | Oct-10 | Research and Draft motion | | 2.00 | $ 375.00 | $ 750.00 | | |
| 647 | 77 | Gene Feldman | 10/30/10 | Oct-10 | Canning outline of class certification motion | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 648 | 80 | Gene Feldman | 10/30/10 | Oct-10 | to AC re class certification | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 649 | 379 | James V. DeSimone | 10/31/10 | Oct-10 | emails w. MS and AC re: class cert mtn. | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 650 | 863 | Amanda Canning | 10/31/10 | Oct-10 | Research and Draft motion | | 1.30 | $ 375.00 | $ 487.50 | | |
| 651 | 78 | Gene Feldman | 10/31/10 | Oct-10 | Preparation of pleadings motion class certification | Prep Pleadings | 1.30 | $ 450.00 | $ 585.00 | | |
| 652 | 79 | Gene Feldman | 10/31/10 | Oct-10 | to AC re class certification | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 653 | 380 | James V. DeSimone | 11/1/10 | Nov-10 | review AC Memo re: docs produced (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 654 | 381 | James V. DeSimone | 11/1/10 | Nov-10 | follow up emails w. team (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 655 | 382 | James V. DeSimone | 11/1/10 | Nov-10 | Emails w. MS and AC re: class cert Motion (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 656 | 864 | Amanda Canning | 11/1/10 | Nov-10 | Calls to/from Feldman, Research and Draft motion for class cert - 3.5hrs | | 3.50 | $ 375.00 | $ 1,312.50 | ic qu | |

Angels / Chaitebois

Exhibit B: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 657 | 865 | Amanda Canning | 11/1/10 | Nov-10 | Review study documents produced by Angels/Anaheim, Draft memo re same, Review strategy with Feldman re same - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | ic im | |
| 658 | 866 | Amanda Canning | 11/1/10 | Nov-10 | Review revise introduction - 1hr | | 1.00 | $ 375.00 | $ 375.00 | | |
| 659 | 867 | Amanda Canning | 11/1/10 | Nov-10 | Research and Draft letter to counsel re numerosity - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | | |
| 660 | 868 | Amanda Canning | 11/1/10 | Nov-10 | Call to Mazz re renovation - 4hrs | | 0.40 | $ 375.00 | $ 150.00 | | |
| 661 | 1223 | Michael D. Seplow | 11/1/10 | Nov-10 | Review and revise intro to MCC (.5), | | 0.50 | $ 600.00 | $ 300.00 | | |
| 662 | 1224 | Michael D. Seplow | 11/1/10 | Nov-10 | em V/D re class cert issues (.2) | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 663 | 1225 | Michael D. Seplow | 11/1/10 | Nov-10 | Disc w AC re class cert and numerosity (.4) | | 0.40 | $ 600.00 | $ 240.00 | ic | |
| 664 | 1226 | Michael D. Seplow | 11/1/10 | Nov-10 | rev docs re seating (.2) | | 0.20 | $ 600.00 | $ 120.00 | | |
| 665 | 1227 | Michael D. Seplow | 11/1/10 | Nov-10 | ems w AC re class cert issues (.2) | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 666 | 81 | Gene Feldman | 11/1/10 | Nov-10 | AC | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic | |
| 667 | 82 | Gene Feldman | 11/1/10 | Nov-10 | from AC | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | ic qu | |
| 668 | 95 | Gene Feldman | 11/1/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ - | | |
| 669 | 96 | Gene Feldman | 11/1/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ - | | |
| 670 | 97 | Gene Feldman | 11/1/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ - | | |
| 671 | 383 | James V. DeSimone | 11/2/10 | Nov-10 | review email re docs and class Cert min. | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 672 | 869 | Amanda Canning | 11/2/10 | Nov-10 | Review strategy re Chasworth declaration, revise declaration, Call/E-mails to Chasworth - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 673 | 870 | Amanda Canning | 11/2/10 | Nov-10 | Calls to/from Feldman re motion, Research and Draft motion for class cert - 5.2hrs | | 5.20 | $ 375.00 | $ 1,950.00 | ic | |
| 674 | 1228 | Michael D. Seplow | 11/2/10 | Nov-10 | ems w AC re class cert and numerosity (.2), | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 675 | 1229 | Michael D. Seplow | 11/2/10 | Nov-10 | disc w AC (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic qu | |
| 676 | 83 | Gene Feldman | 11/2/10 | Nov-10 | re witness declarations | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 677 | 85 | Gene Feldman | 11/2/10 | Nov-10 | Preparation of pleadings revise class certification motion | Prep Pleadings | 1.40 | $ 450.00 | $ 630.00 | | |
| 678 | 98 | Gene Feldman | 11/2/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ - | | |
| 679 | 384 | James V. DeSimone | 11/3/10 | Nov-10 | review decs re class cert | | 0.50 | $ 650.00 | $ 325.00 | | |
| 680 | 871 | Amanda Canning | 11/3/10 | Nov-10 | Emails and calls with Chasworth re numerosity and review study Chasworth report - 2.1hrs | | 2.10 | $ 375.00 | $ 787.50 | | |
| 681 | 872 | Amanda Canning | 11/3/10 | Nov-10 | Research and draft motion for class cert - 6.3hrs | | 6.30 | $ 375.00 | $ 2,362.50 | | |
| 682 | 873 | Amanda Canning | 11/3/10 | Nov-10 | Emails with Mazz and review study Mazz report - 1.1hrs | | 1.10 | $ 375.00 | $ 412.50 | | |
| 683 | 1067 | Kai Valenzuela | 11/3/10 | Nov-10 | Draft TOC/TOA for Motion for Class Certification | | 0.40 | $ 125.00 | $ 50.00 | | |
| 684 | 84 | Gene Feldman | 11/3/10 | Nov-10 | Preparation of pleadings revise class certification motion | Prep Pleadings | 2.70 | $ 450.00 | $ 1,215.00 | | |
| 685 | 86 | Gene Feldman | 11/3/10 | Nov-10 | ADA | Legal Research | 0.40 | $ 450.00 | $ 180.00 | | |
| 686 | 87 | Gene Feldman | 11/3/10 | Nov-10 | AC re revisions to class cert. motion | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic | |
| 687 | 99 | Gene Feldman | 11/3/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ - | | |
| 688 | 31 | William Clifton | 11/4/10 | Nov-10 | Reviewed Chambers rules re e-filing of Motions, chamber copies | | 0.20 | $ 125.00 | $ 25.00 | | |
| 689 | 874 | Amanda Canning | 11/4/10 | Nov-10 | Research and Draft motion, Research and Review strategy with Seplow re penalties, Emails to/from Klassen re declaration | | 7.00 | $ 375.00 | $ 2,625.00 | ic | |
| 690 | 1230 | Michael D. Seplow | 11/4/10 | Nov-10 | Review and revise MCC, disc same w AC (3.0) | | 3.00 | $ 600.00 | $ 1,800.00 | ic qu | |
| 691 | 88 | Gene Feldman | 11/4/10 | Nov-10 | AC | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic qu | |
| 692 | 89 | Gene Feldman | 11/4/10 | Nov-10 | Revise class certification | Phone Call | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 693 | 90 | Gene Feldman | 11/4/10 | Nov-10 | Revise class certification typicality | Phone Opp Atty | 0.80 | $ 450.00 | $ 360.00 | | |
| 694 | 100 | Gene Feldman | 11/4/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ - | | |

Angels / Charlebois

Exhibit B: SDSHHH Legal Bill Review

Confidential

Page 18 of 40

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 695 | 32 | William Clifton | 11/5/10 | Nov-10 | Formatted, correct typos in draft of decl of J. Paul Charlebois for Mtn Class Cert | | 0.50 | $ 125.00 | $ 62.50 | cl | |
| 696 | 33 | William Clifton | 11/5/10 | Nov-10 | Formatted draft of decl of Gene Feldman for Mtn Class Cert | | 0.20 | $ 125.00 | $ 25.00 | | |
| 697 | 34 | William Clifton | 11/5/10 | Nov-10 | Partially Drafted TOC, TOA for Mtn for Class Cert | | 2.50 | $ 125.00 | $ 312.50 | | |
| 698 | 81 | Jonathan Cotton | 11/5/10 | Nov-10 | Draft tables for Plaintiffs Motion for Class Cert | | 2.50 | $ 125.00 | $ 312.50 | | |
| 699 | 385 | James V. DeSimone | 11/5/10 | Nov-10 | tc w. MS re: motion for class cert (.2) | | 0.20 | $ 650.00 | $ 130.00 | lc | |
| 700 | 386 | James V. DeSimone | 11/5/10 | Nov-10 | Review draft motion (.7) | | 0.70 | $ 650.00 | $ 455.00 | qu | |
| 701 | 875 | Amanda Canning | 11/5/10 | Nov-10 | Review strategy with Seplow, Draft, Research and Review revise motion Calls to Feldman, Draft and finalize Chasworth declaration, Calls to/E-mails to/from Chasworth re declaration, Draft and finalize Klassen declaration, E-mails to/from Klassen re same, Draft and finalize declaration, Call to/E-mails to/from Charlebois re motion and declaration | | 10.00 | $ 375.00 | $ 3,750.00 | lc | |
| 702 | 1231 | Michael D. Seplow | 11/5/10 | Nov-10 | Review and revise MCC, dic same w AC (3.8) | | 3.80 | $ 600.00 | $ 2,280.00 | lc | |
| 703 | 35 | William Clifton | 11/7/10 | Nov-10 | Prepared Caption pages for 7 Docs ISO Mtn for Class Cert | | 0.50 | $ 125.00 | $ 62.50 | | |
| 704 | 387 | James V. DeSimone | 11/7/10 | Nov-10 | review and edit mtn for class cert (1.7) | | 1.70 | $ 650.00 | $ 1,105.00 | | |
| 705 | 388 | James V. DeSimone | 11/7/10 | Nov-10 | Review Mark Mazz dec. (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 706 | 389 | James V. DeSimone | 11/7/10 | Nov-10 | mtg. W. AC and MS re: remaining tasks for Mtn. (.3) | | 0.30 | $ 650.00 | $ 195.00 | lc | |
| 707 | 390 | James V. DeSimone | 11/7/10 | Nov-10 | tc w EF re: research motion (.3) | | 0.30 | $ 650.00 | $ 195.00 | lc | |
| 708 | 391 | James V. DeSimone | 11/7/10 | Nov-10 | emails re: mtn and strategy w. AC, EF & MS (.3) | | 0.30 | $ 650.00 | $ 195.00 | jm | |
| 709 | 392 | James V. DeSimone | 11/7/10 | Nov-10 | review and edit Next draft of motion (.8) | | 0.80 | $ 650.00 | $ 520.00 | | |
| 710 | 876 | Amanda Canning | 11/7/10 | Nov-10 | Review strategy with DeSimone and Seplow, Draft, Research and Review revise motion, Draft DeSimone declaration | | 6.00 | $ 375.00 | $ 2,250.00 | lc | |
| 711 | 1232 | Michael D. Seplow | 11/7/10 | Nov-10 | Rev and revise MCC and supporting decs (3.2), | | 3.20 | $ 600.00 | $ 1,920.00 | lc | |
| 712 | 1233 | Michael D. Seplow | 11/7/10 | Nov-10 | disc w AC, GF V/D (.4) | | 0.40 | $ 600.00 | $ 240.00 | lc qu | |
| 713 | 91 | Gene Feldman | 11/7/10 | Nov-10 | V/D | Phone Call | 0.30 | $ 450.00 | $ 135.00 | lc qu | |
| 714 | 92 | Gene Feldman | 11/7/10 | Nov-10 | from AC and MS | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 715 | 36 | William Clifton | 11/8/10 | Nov-10 | E-File Plaintiff's Motion for Class Cert and related Documents | | 0.75 | $ 125.00 | $ 93.75 | cl | |
| 716 | 82 | Jonathan Cotton | 11/8/10 | Nov-10 | review and edit DeSimone dec. (.8) | | 8.00 | $ 125.00 | $ 1,000.00 | | |
| 717 | 393 | James V. DeSimone | 11/8/10 | Nov-10 | review and edit DeSimone dec. (.8) | | 0.80 | $ 650.00 | $ 520.00 | | |
| 718 | 394 | James V. DeSimone | 11/8/10 | Nov-10 | review and edit next draft of mtn (.7) | | 0.70 | $ 650.00 | $ 455.00 | qu | |
| 719 | 395 | James V. DeSimone | 11/8/10 | Nov-10 | Mtgs w. AC re: finalizing Mtn. (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 720 | 396 | James V. DeSimone | 11/8/10 | Nov-10 | review of docs. For filing (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 721 | 397 | James V. DeSimone | 11/8/10 | Nov-10 | review order/final motion (1.5); | | 1.50 | $ 650.00 | $ 975.00 | | |
| 722 | 398 | James V. DeSimone | 11/8/10 | Nov-10 | Final dec. review (.9) | | 0.90 | $ 650.00 | $ 585.00 | | |
| 723 | 877 | Amanda Canning | 11/8/10 | Nov-10 | Review strategy with DeSimone, Seplow, Feldman, Research, Draft, Review revise motion, notice of motion, proposed order, DeSimone declaration, Calls/E-mails to Charlebois, Cam, e-file motion - 11hrs | | 11.00 | $ 375.00 | $ 4,125.00 | lc | |
| 724 | 878 | Amanda Canning | 11/8/10 | Nov-10 | Call from Greco re discovery responses - 2hrs | | 0.20 | $ 375.00 | $ 75.00 | | |
| 725 | 1068 | Kai Valenzuela | 11/8/10 | Nov-10 | Prepare/revise Declarations in Support of Motion for Class Certification | | 3.50 | $ 125.00 | $ 437.50 | | |
| 726 | 1069 | Kai Valenzuela | 11/8/10 | Nov-10 | Revise/Format Motion for Class Certification | | 2.50 | $ 125.00 | $ 312.50 | | Motion for Class Certification filed on 11/8/2010 |
| 727 | 1070 | Kai Valenzuela | 11/8/10 | Nov-10 | E-file Motion for Class Certification | | 1.40 | $ 125.00 | $ 175.00 | | |
| 728 | 1234 | Michael D. Seplow | 11/8/10 | Nov-10 | Rev and revise MCC and V/D elec (1.8), | | 1.80 | $ 600.00 | $ 1,080.00 | | |

1/4/2012

Angels / Charteboss     Exhibit B: SDSHHH Legal Bill Review     Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 729 | 1235 | Michael D. Seplow | 11/8/10 | Nov-10 | err re mtnt (.1) | | 0.10 | $600.00 | $60.00 | qu | |
| 730 | 1236 | Michael D. Seplow | 11/8/10 | Nov-10 | disc w AC (.8) | | 0.80 | $600.00 | $480.00 | ic qu | |
| 731 | 83 | Jonathan Cotton | 11/10/10 | Nov-10 | Draft and Serve Second Amended PMK Depo Notices | | 1.50 | $125.00 | $187.50 | | |
| 732 | 399 | James V. DeSimone | 11/10/10 | Nov-10 | review depo notices/follow up emails | | 0.20 | $650.00 | $130.00 | qu | |
| 733 | 400 | James V. DeSimone | 11/12/10 | Nov-10 | email BG re: depositions (.1) | | 0.10 | $650.00 | $65.00 | | |
| 734 | 401 | James V. DeSimone | 11/12/10 | Nov-10 | review Response email/follow up (.1) | | 0.10 | $650.00 | $65.00 | qu | This is the time entry |
| 735 | 879 | Amanda Canning | 11/12/10 | Nov-10 | Call with Greco re motion for class certification and further processing | | 0.80 | $375.00 | $300.00 | | |
| 736 | 402 | James V. DeSimone | 11/24/10 | Nov-10 | review and edit mt, and confer ltr To Disney re: subpoena | | 0.40 | $650.00 | $260.00 | | |
| 737 | 403 | James V. DeSimone | 11/15/10 | Nov-10 | mtg. W AC re: strategy/mt and conf ltr (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 738 | 404 | James V. DeSimone | 11/15/10 | Nov-10 | review and edit final letter (.2) | | 0.20 | $650.00 | $130.00 | | |
| 739 | 405 | James V. DeSimone | 11/15/10 | Nov-10 | Mtg. W. AC (.1) | | 0.10 | $650.00 | $65.00 | ic qu | |
| 740 | 406 | James V. DeSimone | 11/15/10 | Nov-10 | follow up emails W. Team (.1) | | 0.10 | $650.00 | $65.00 | im qu | |
| 741 | 880 | Amanda Canning | 11/15/10 | Nov-10 | Meeting with VJD re strategy | | 0.20 | $375.00 | $75.00 | ic | |
| 742 | 407 | James V. DeSimone | 11/16/10 | Nov-10 | review AC corr. To DG re: doc pro | | 0.20 | $650.00 | $130.00 | ic | |
| 743 | 881 | Amanda Canning | 11/16/10 | Nov-10 | E-mail to Greco re construction documents | | 0.30 | $375.00 | $112.50 | qu | |
| 744 | 882 | Amanda Canning | 11/17/10 | Nov-10 | Review study defendants' objections to Interrogatories | | 0.70 | $375.00 | $262.50 | | |
| 745 | 84 | Jonathan Cotton | 11/18/10 | Nov-10 | Scan and file letter from Myers | | 0.25 | $125.00 | $31.25 | cl | |
| 746 | 883 | Amanda Canning | 11/18/10 | Nov-10 | Calls from Larson's office - 5hrs | | 0.50 | $375.00 | $187.50 | qu | |
| 747 | 884 | Amanda Canning | 11/18/10 | Nov-10 | Review revise letter to Disney - 3hrs | | 0.30 | $375.00 | $112.50 | qu | |
| 748 | 885 | Amanda Canning | 11/18/10 | Nov-10 | Review strategy with DeSimone - 5hrs | | 0.50 | $375.00 | $187.50 | ic | |
| 749 | 408 | James V. DeSimone | 11/22/10 | Nov-10 | Meeting with DeSimone re reply brief | | 0.90 | $650.00 | $585.00 | | |
| 750 | 409 | James V. DeSimone | 11/22/10 | Nov-10 | review opp. To class cert motion (.9) / Mtg. W. AC re: errata (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 751 | 886 | Amanda Canning | 11/22/10 | Nov-10 | Review study defendants' opposition to motion for class certification and Review Review Mazz Decl; review with DeSimone. | | 1.50 | $375.00 | $562.50 | ic qu | This is the time entry |
| 752 | 1237 | Michael D. Seplow | 11/22/10 | Nov-10 | Rev Ds opp (.4) | | 0.40 | $600.00 | $240.00 | qu | |
| 753 | 37 | William Clifton | 11/23/10 | Nov-10 | Researched procedure re e-filing Ntc of Errata and replacement doc | | 0.30 | $125.00 | $37.50 | | |
| 754 | 38 | William Clifton | 11/23/10 | Nov-10 | E-filed Ntc of Errata, Corrected Dec of Mark V Mazy (.3); | | 0.30 | $125.00 | $37.50 | | |
| 755 | 39 | William Clifton | 11/23/10 | Nov-10 | prepared Chambers copies (.1) | | 0.10 | $125.00 | $12.50 | cl | |
| 756 | 410 | James V. DeSimone | 11/23/10 | Nov-10 | mtgs. W. AC re: reply brf. (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 757 | 887 | Amanda Canning | 11/23/10 | Nov-10 | Meeting with DeSimone re reply brief | | 0.30 | $375.00 | $112.50 | ic | |
| 758 | 1071 | Kai Valenzuela | 11/23/10 | Nov-10 | Receive Defense opposition docs, review | | 1.20 | $125.00 | $150.00 | qu | |
| 759 | 888 | Amanda Canning | 11/24/10 | Nov-10 | Research and Draft reply | | 7.50 | $375.00 | $2,812.50 | qu | |
| 760 | 101 | Gene Feldman | 11/24/10 | Nov-10 | Review defendants opposition to class certification — Review | | 3.10 | $450.00 | $1,395.00 | | |
| 761 | 102 | Gene Feldman | 11/24/10 | Nov-10 | Evidentiary objection response — Legal Research | | 1.60 | $450.00 | $720.00 | im | |
| 762 | 103 | Gene Feldman | 11/24/10 | Nov-10 | to VJD — Prepare E Mail | | 0.30 | $450.00 | $135.00 | im qu | |
| 763 | 104 | Gene Feldman | 11/24/10 | Nov-10 | Amanda re: reply brief — Phone Call | | 0.30 | $450.00 | $135.00 | qu | |
| 764 | 105 | Gene Feldman | 11/25/10 | Nov-10 | to VJD re reply brief declaration analysis — Prepare E Mail | | 0.60 | $450.00 | $270.00 | im | |
| 765 | 889 | Amanda Canning | 11/26/10 | Nov-10 | Research and Draft reply | | 1.00 | $375.00 | $375.00 | qu | |
| 766 | 411 | James V. DeSimone | 11/27/10 | Nov-10 | emails w. AC and EF re: reply brf. Strategy, class definition. | | 0.40 | $650.00 | $260.00 | im | |
| 767 | 890 | Amanda Canning | 11/27/10 | Nov-10 | Research and Draft reply | | 5.30 | $375.00 | $1,987.50 | im | |
| 768 | 1238 | Michael D. Seplow | 11/27/10 | Nov-10 | ems re class definition (.2) — Review E Mail | | 0.20 | $600.00 | $120.00 | qu | |
| 769 | 106 | Gene Feldman | 11/27/10 | Nov-10 | from VJD re reply brief | | 0.20 | $450.00 | $90.00 | im | |
| 770 | 891 | Amanda Canning | 11/28/10 | Nov-10 | Research and Draft reply | | 4.00 | $375.00 | $1,500.00 | qu | |
| 771 | 412 | James V. DeSimone | 11/29/10 | Nov-10 | review and edit class cert reply brf (1.4) | | 1.40 | $650.00 | $910.00 | | |
| 772 | 413 | James V. DeSimone | 11/29/10 | Nov-10 | email EF and AC re: reply brf. (.1) | | 0.10 | $650.00 | $65.00 | im | |
| 773 | 892 | Amanda Canning | 11/29/10 | Nov-10 | Research and Draft reply | | 5.00 | $375.00 | $1,875.00 | qu | |
| 774 | 414 | James V. DeSimone | 11/30/10 | Nov-10 | conv. W. AC re: reply brf (.1) | | 0.40 | $650.00 | $260.00 | qu | |
| 775 | 415 | James V. DeSimone | 11/30/10 | Nov-10 | Tc w. EF re evidence obj/strategy On brief (.2) | | 0.20 | $650.00 | $130.00 | ic | |

Angels / Charlebois

Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 776 | 416 | James V. DeSimone | 11/30/10 | Nov-10 | email AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 777 | 893 | Amanda Canning | 11/30/10 | Nov-10 | Discussion with VJD re reply brief | | 0.10 | $ 375.00 | $ 37.50 | ic | |
| 778 | 107 | Gene Feldman | 11/30/10 | Nov-10 | AC | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic qu | |
| 779 | 108 | Gene Feldman | 11/30/10 | Nov-10 | Review defense objection to Mazz declaration | Review | 2.00 | $ 450.00 | $ 900.00 | | |
| 780 | 417 | James V. DeSimone | 12/1/10 | Dec-10 | email to EF re: reply brief (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 781 | 894 | Amanda Canning | 12/1/10 | Dec-10 | Research re reply | | 2.00 | $ 375.00 | $ 750.00 | | |
| 782 | 109 | Gene Feldman | 12/1/10 | Dec-10 | Responses to defense objection to Mazz declaration | Draft | 3.70 | $ 450.00 | $ 1,665.00 | | |
| 783 | 110 | Gene Feldman | 12/1/10 | Dec-10 | from Jim | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic qu | |
| 784 | 112 | Gene Feldman | 12/1/10 | Dec-10 | Legal Research evidence objections | Legal Research | 0.40 | $ 450.00 | $ 180.00 | | |
| 785 | 895 | Amanda Canning | 12/2/10 | Dec-10 | Call from Feldman re Motion to Strike evidentiary objections | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 786 | 1072 | Kai Valenzuela | 12/2/10 | Dec-10 | Receive Defendants' Opposition documents and save to database, prepare file for lead counsel | | 0.80 | $ 125.00 | $ 100.00 | | |
| 787 | 1073 | Kai Valenzuela | 12/2/10 | Dec-10 | Draft Response to Objections to Mazz Declaration | | 6.50 | $ 125.00 | $ 812.50 | | |
| 788 | 418 | James V. DeSimone | 12/2/10 | Dec-10 | review and edit reply brf (1.4) | | 1.40 | $ 650.00 | $ 910.00 | | |
| 789 | 419 | James V. DeSimone | 12/3/10 | Dec-10 | Cons. W. AC re: next draft (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 790 | 420 | James V. DeSimone | 12/3/10 | Dec-10 | Response to objections (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 791 | 896 | Amanda Canning | 12/3/10 | Dec-10 | Research and Draft reply; Review with VJD | | 2.50 | $ 375.00 | $ 937.50 | ic | |
| 792 | 1074 | Kai Valenzuela | 12/3/10 | Dec-10 | Draft Response to Evidentiary Objections to Motion for Class Certification | | 5.40 | $ 125.00 | $ 675.00 | | |
| 793 | 1075 | Kai Valenzuela | 12/3/10 | Dec-10 | Draft Response to Objections of Remaining Declarations | | 2.60 | $ 125.00 | $ 325.00 | | |
| 794 | 111 | Gene Feldman | 12/3/10 | Dec-10 | responses to objections to plaintiff declarations | Preparation | 2.40 | $ 450.00 | $ 1,080.00 | | |
| 795 | 421 | James V. DeSimone | 12/4/10 | Dec-10 | rev., and edit reply brf draft (.6) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 796 | 897 | Amanda Canning | 12/4/10 | Dec-10 | Research and Draft reply | | 2.50 | $ 375.00 | $ 937.50 | qu | |
| 797 | 1239 | Michael D. Seplow | 12/4/10 | Dec-10 | Rev drft reply and discuss same with AC (1.8) | | 1.80 | $ 600.00 | $ 1,080.00 | ic | |
| 798 | 113 | Gene Feldman | 12/4/10 | Dec-10 | Review reply brief | Review | 0.70 | $ 450.00 | $ 315.00 | | |
| 799 | 422 | James V. DeSimone | 12/5/10 | Dec-10 | strateg w. EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 800 | 423 | James V. DeSimone | 12/5/10 | Dec-10 | emails w. AC re: brief (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 801 | 424 | James V. DeSimone | 12/5/10 | Dec-10 | draft of response To dec. objections (1.2) | | 1.20 | $ 650.00 | $ 780.00 | | |
| 802 | 425 | James V. DeSimone | 12/5/10 | Dec-10 | legal research Re brief (.7) | | 0.70 | $ 650.00 | $ 455.00 | | |
| 803 | 1240 | Michael D. Seplow | 12/5/10 | Dec-10 | Rev drft reply and em disc w.w VJD re same (.6) | | 0.60 | $ 600.00 | $ 360.00 | im | This is the time entry |
| 804 | 85 | Jonathan Cotton | 12/6/10 | Dec-10 | E-File Reply and Related Documents in Response to Defendants' Opp to Plaintiff's Motion for Class Cert | | 3.00 | $ 125.00 | $ 375.00 | | |
| 805 | 426 | James V. DeSimone | 12/6/10 | Dec-10 | Finalize response to objections to Declaration (2.3 hrs) | | 2.30 | $ 650.00 | $ 1,495.00 | | |
| 806 | 427 | James V. DeSimone | 12/6/10 | Dec-10 | review and edit objs.to decs. (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 807 | 428 | James V. DeSimone | 12/6/10 | Dec-10 | cons. W. AC re: Research (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 808 | 429 | James V. DeSimone | 12/6/10 | Dec-10 | finalize reply brief Draft (.7) | | 0.70 | $ 650.00 | $ 455.00 | | |
| 809 | 898 | Amanda Canning | 12/6/10 | Dec-10 | Research, Draft and Review revise Reply brief, Draft objections to Defendant's declarations, and further processing e-filing, review strategy with VJD | | 6.00 | $ 375.00 | $ 2,250.00 | ic | |
| 810 | 1076 | Kai Valenzuela | 12/6/10 | Dec-10 | Revise Response to Objections to Mazz Declaration | | 3.40 | $ 125.00 | $ 425.00 | | |
| 811 | 1077 | Kai Valenzuela | 12/6/10 | Dec-10 | Draft Table of Authorities to Reply Brief to Defendants' Opposition for Motion for Class Certification | | 1.50 | $ 125.00 | $ 187.50 | | |
| 812 | 1078 | Kai Valenzuela | 12/6/10 | Dec-10 | Revise Response to Evidentiary Objections to Motion for Class Certification | | 3.50 | $ 125.00 | $ 437.50 | | |

Angels / Chartebos

Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|------------|------|-------|-------------|--------------------------------------|-------|------|------|-------|----------|
| 813 | 1079 | Kai Valenzuela | 12/6/10 | Dec-10 | E-file Reply to Defendants' Opposition, Response to Objections, Response to Declarations in Opposition, Prepare Chamber copies | | 2.20 | $125.00 | $275.00 | | Reply to Defendants' Opposition, Response to Objections, Response to Declarations in Opposition, efiled on 12/6/2010 |
| 814 | 1241 | Michael D. Seplow | 12/6/10 | Dec-10 | Finalize reply (.3) | | 0.30 | $600.00 | $180.00 | | |
| 815 | 899 | Amanda Canning | 12/7/10 | Dec-10 | Call to prospective class member | | 0.20 | $375.00 | $75.00 | | |
| 816 | 1080 | Kai Valenzuela | 12/7/10 | Dec-10 | Revise Response to Objections to Chartebos Declaration | | 2.40 | $125.00 | $300.00 | | |
| 817 | 900 | Amanda Canning | 12/11/10 | Dec-10 | review court order re class cert | | 0.30 | $375.00 | $112.50 | | |
| 818 | 114 | Gene Feldman | 12/11/10 | Dec-10 | from VJD re continuance of class certification | Review E Mail | 0.30 | $450.00 | $135.00 | im | |
| 819 | 901 | Amanda Canning | 12/15/10 | Dec-10 | emails with parties' counsel re mediators | | 0.20 | $375.00 | $75.00 | | |
| 820 | 430 | James V. DeSimone | 12/17/10 | Dec-10 | emails w. MM re: follow up (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 821 | 431 | James V. DeSimone | 12/22/10 | Dec-10 | tc w. MM (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 822 | 432 | James V. DeSimone | 12/22/10 | Dec-10 | follow up memo (.1) | | 0.10 | $650.00 | $65.00 | im qu | MM is expert Michael Mazz |
| 823 | 902 | Amanda Canning | 12/22/10 | Dec-10 | Review study Disney discovery documents, Call to Populous, meet and confer re Disney discovery responses, Draft PMTS depo notices, Prepare Motion for Class Cert binders | | 5.70 | $375.00 | $2,137.50 | cl | |
| 824 | 903 | Amanda Canning | 12/29/10 | Dec-10 | Call with Disney attorney re subpoena and further processing | | 1.40 | $375.00 | $525.00 | | |
| 825 | 433 | James V. DeSimone | 1/2/11 | Jan-11 | review AC Memo re: Chartebos Tasks and strategy/ follow up Response | | 0.30 | $650.00 | $195.00 | im qu | |
| 826 | 434 | James V. DeSimone | 1/7/11 | Jan-11 | Review ADA case law/new cases | | 0.70 | $650.00 | $455.00 | | |
| 827 | 435 | James V. DeSimone | 1/14/11 | Jan-11 | email from BG re: mediation/ Class cert motion (.2) | | 0.20 | $650.00 | $130.00 | im | |
| 828 | 436 | James V. DeSimone | 1/14/11 | Jan-11 | email w. Team re response (.3) | | 0.30 | $650.00 | $195.00 | im | |
| 829 | 904 | Amanda Canning | 1/14/11 | Jan-11 | E-mails to/from counsel re mediation - .5 | | 0.50 | $375.00 | $187.50 | qu | |
| 830 | 905 | Amanda Canning | 1/14/11 | Jan-11 | oversee preparation of class cert binders - .4 | | 0.40 | $375.00 | $150.00 | | |
| 831 | 1242 | Michael D. Seplow | 1/14/11 | Jan-11 | rev vjd e m re mediation (.1) | | 0.10 | $600.00 | $60.00 | im | |
| 832 | 115 | Gene Feldman | 1/14/11 | Jan-11 | from VJD | Review E Mail | 0.20 | $450.00 | $90.00 | im qu | |
| 833 | 116 | Gene Feldman | 1/14/11 | Jan-11 | to VJD re: mediation | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 834 | 437 | James V. DeSimone | 1/17/11 | Jan-11 | Review mtn/opp and reply brfs Re class certification (2.2) | | 2.20 | $650.00 | $1,430.00 | | |
| 835 | 438 | James V. DeSimone | 1/17/11 | Jan-11 | email To BG re: mediation (.2) | | 0.20 | $650.00 | $130.00 | | |
| 836 | 439 | James V. DeSimone | 1/18/11 | Jan-11 | mtg. W AC re: oral arg for Class Cert (1 hr) | | 1.00 | $650.00 | $650.00 | ic | |
| 837 | 440 | James V. DeSimone | 1/18/11 | Jan-11 | further prep (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 838 | 906 | Amanda Canning | 1/18/11 | Jan-11 | assist VJD w prep for oral argument for Class Cert - 1 | | 1.00 | $375.00 | $375.00 | ic | |
| 839 | 907 | Amanda Canning | 1/18/11 | Jan-11 | further processing re oral argument materials - .4 | | 0.40 | $375.00 | $150.00 | | |
| 840 | 1081 | Kai Valenzuela | 1/18/11 | Jan-11 | Prepare binders for lead counsel for Motion for Class Certification Hearing | | 4.60 | $125.00 | $575.00 | | |
| 841 | 117 | Gene Feldman | 1/18/11 | Jan-11 | VJD re mediation | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 842 | 441 | James V. DeSimone | 1/19/11 | Jan-11 | emails W EF re: class cert hrng. Strategy/ outline oral argument | | 1.30 | $650.00 | $845.00 | im | |
| 843 | 908 | Amanda Canning | 1/19/11 | Jan-11 | E-mails to/from counsel re mediation | | 0.30 | $375.00 | $112.50 | | |
| 844 | 1082 | Kai Valenzuela | 1/19/11 | Jan-11 | Research cases from Defendants' Opposition to Class Certification, Prepare binder | | 3.40 | $125.00 | $425.00 | | |
| 845 | 40 | William Clifton | 1/20/11 | Jan-11 | Contacted Judge Larson's office re mediation fees, procedures, avail dates | | 0.30 | $125.00 | $37.50 | | |
| 846 | 1083 | Kai Valenzuela | 1/20/11 | Jan-11 | Complete binders for lead counsel | | 2.40 | $125.00 | $300.00 | | |
| 847 | 442 | James V. DeSimone | 1/21/11 | Jan-11 | Case law review for (1.9 hr) | | 1.90 | $650.00 | $1,235.00 | | |
| 848 | 443 | James V. DeSimone | 1/21/11 | Jan-11 | mtg. W. AC re: hrng Prep. (1.6) | | 1.60 | $650.00 | $1,040.00 | ic | |
| 849 | 444 | James V. DeSimone | 1/21/11 | Jan-11 | emails w. BG re: Mediation/class cert hrng (.2) | | 0.20 | $650.00 | $130.00 | ic | |

Angels / Chartebos Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 850 | 909 | Amanda Canning | 1/21/11 | Jan-11 | prep meeting with VID re class cert hearing | | 1.60 | $ 375.00 | $ 600.00 | ic | |
| 851 | 118 | Gene Feldman | 1/21/11 | Jan-11 | VID re: mediation | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 852 | 119 | Gene Feldman | 1/21/11 | Jan-11 | VID re status | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 853 | 445 | James V. DeSimone | 1/23/11 | Jan-11 | Read cases for hiring/prepare outline For oral argument | | 4.10 | $ 650.00 | $ 2,665.00 | | Class Certification hearing on 1/24/2011 |
| 854 | 446 | James V. DeSimone | 1/24/11 | Jan-11 | appearing at class cert motion hrng; (2,4) | | 2.40 | $ 650.00 | $ 1,560.00 | | |
| 855 | 447 | James V. DeSimone | 1/24/11 | Jan-11 | travel time, including prep time, Strategy, And tc w. Paula Perlman (2.1) | | 2.10 | $ 650.00 | $ 1,365.00 | qu tr | |
| 856 | 448 | James V. DeSimone | 1/24/11 | Jan-11 | Follow up emails w. PP. (2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 857 | 449 | James V. DeSimone | 1/24/11 | Jan-11 | Conf. call BG, AC and PP (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 858 | 910 | Amanda Canning | 1/24/11 | Jan-11 | prep for and appearance at class certification hearing - 6hrs | | 6.00 | $ 375.00 | $ 2,250.00 | | |
| 859 | 911 | Amanda Canning | 1/24/11 | Jan-11 | conference Call with Giddens and Pearlman and Review strategy w DeSimone -.7hrs | | 0.70 | $ 375.00 | $ 262.50 | | |
| 860 | 1243 | Michael D. Seplow | 1/24/11 | Jan-11 | rev tentative order, disc w VID (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic | Feldman, Canning and Desimone all appeared at Class Certification hearing on 1/24/2011 |
| 861 | 120 | Gene Feldman | 1/24/11 | Jan-11 | Court Appearance class certification motion | Court | 5.00 | $ 450.00 | $ 2,250.00 | | |
| 862 | 121 | Gene Feldman | 1/24/11 | Jan-11 | No description | mileage | 0.00 | $ 450.00 | - | | |
| 863 | 122 | Gene Feldman | 1/24/11 | Jan-11 | from VID | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 864 | 123 | Gene Feldman | 1/24/11 | Jan-11 | putative class members | Research | 0.40 | $ 450.00 | $ 180.00 | qu | |
| 865 | 450 | James V. DeSimone | 1/25/11 | Jan-11 | Revise survey (.3); | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 866 | 451 | James V. DeSimone | 1/25/11 | Jan-11 | email w. EF re: Organizations (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 867 | 912 | Amanda Canning | 1/25/11 | Jan-11 | Draft survey | | 1.20 | $ 375.00 | $ 450.00 | im | |
| 868 | 124 | Gene Feldman | 1/25/11 | Jan-11 | VID | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 869 | 452 | James V. DeSimone | 1/26/11 | Jan-11 | Outreach re contacts re: class members (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 870 | 453 | James V. DeSimone | 1/26/11 | Jan-11 | review reviewed survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 871 | 454 | James V. DeSimone | 1/26/11 | Jan-11 | Conf. W AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 872 | 454 | James V. DeSimone | 1/26/11 | Jan-11 | client emails (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 873 | 455 | James V. DeSimone | 1/26/11 | Jan-11 | Conf. W JPC and EF re: status and plan (.6) | | 0.60 | $ 650.00 | $ 390.00 | im | |
| 874 | 456 | James V. DeSimone | 1/26/11 | Jan-11 | follow up w. AC re BG tr and Survey (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 875 | 457 | James V. DeSimone | 1/26/11 | Jan-11 | email contacts re: outreach (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 876 | 913 | Amanda Canning | 1/26/11 | Jan-11 | Call from Feldman - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | ic qu | |
| 877 | 914 | Amanda Canning | 1/26/11 | Jan-11 | Draft survey, Draft letter to Giddens, Review strategy with DeSimone - 2.1 | | 2.10 | $ 375.00 | $ 787.50 | ic | |
| 878 | 1244 | Michael D. Seplow | 1/26/11 | Jan-11 | rev vid em and article (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 879 | 125 | Gene Feldman | 1/26/11 | Jan-11 | Review survey | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 880 | 126 | Gene Feldman | 1/26/11 | Jan-11 | Re survey | Phone client | 0.40 | $ 450.00 | $ 180.00 | im | Feldman and DeSimone both conferred with client (JPC) on 1/26/2011 |
| 881 | 459 | James V. DeSimone | 1/27/11 | Jan-11 | emails with Kai Valenzuela ("KV" )re: Survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 882 | 460 | James V. DeSimone | 1/27/11 | Jan-11 | corr. W. BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 883 | 915 | Amanda Canning | 1/27/11 | Jan-11 | email to Giddens re survey | | 0.10 | $ 375.00 | $ 37.50 | | |
| 884 | 1084 | Kai Valenzuela | 1/27/11 | Jan-11 | Research Survey Monkey, correspond with counsels re logistics | | 1.40 | $ 125.00 | $ 175.00 | | |
| 885 | 461 | James V. DeSimone | 1/28/11 | Jan-11 | emails w. BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 886 | 462 | James V. DeSimone | 1/29/11 | Jan-11 | emails w. JPC re: survey | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 887 | 462 | James V. DeSimone | 1/31/11 | Jan-11 | follow up emails w. JPC (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 888 | 464 | James V. DeSimone | 1/31/11 | Jan-11 | community Outreach (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 889 | 916 | Amanda Canning | 1/31/11 | Jan-11 | E-mails to/from Maez | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 890 | 86 | Jonathan Cotton | 2/1/11 | Feb-11 | Draft and Serve P's Second Set of interrogatories | | 1.00 | $ 125.00 | $ 125.00 | | |
| 891 | 465 | James V. DeSimone | 2/1/11 | Feb-11 | conf. W. AC re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 892 | 466 | James V. DeSimone | 2/1/11 | Feb-11 | emails to BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 893 | 917 | Amanda Canning | 2/1/11 | Feb-11 | Draft special interrogatories, discussion w VID re Strategy | | 0.50 | $ 375.00 | $ 187.50 | ic | |
| 894 | 467 | James V. DeSimone | 2/4/11 | Feb-11 | corr. W. BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |

1/4/2012

Angels / Charlebois
Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 895 | 468 | James V. DeSimone | 2/4/11 | Feb-11 | mtg w. AC re: strategy (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 896 | 469 | James V. DeSimone | 2/4/11 | Feb-11 | emails w. EF re: strategy (.2) | | 0.20 | $650.00 | $130.00 | ic | This is time entry |
| 897 | 470 | James V. DeSimone | 2/4/11 | Feb-11 | tc to wits. (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 898 | 471 | James V. DeSimone | 2/4/11 | Feb-11 | follow up memo (.1) | | 0.10 | $650.00 | $65.00 | im qu | |
| 899 | 918 | Amanda Canning | 2/4/11 | Feb-11 | E-mails to/from counsel re survey (.5) | | 0.50 | $375.00 | $187.50 | | |
| 900 | | Gene Feldman | 2/4/11 | Feb-11 | Amanda re: survey | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 901 | 472 | James V. DeSimone | 2/7/11 | Feb-11 | email to Paula Perlman re: survey (2) | | 2.00 | $650.00 | $1,300.00 | | |
| 902 | 473 | James V. DeSimone | 2/7/11 | Feb-11 | Corr. W. BG (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 903 | 474 | James V. DeSimone | 2/7/11 | Feb-11 | review and edited New survey (.5) | | 0.50 | $650.00 | $325.00 | | |
| 904 | 475 | James V. DeSimone | 2/7/11 | Feb-11 | corr. W. BG (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 905 | 476 | James V. DeSimone | 2/7/11 | Feb-11 | mtg W AC (.1) | | 0.10 | $650.00 | $65.00 | ic qu | |
| 906 | 919 | Amanda Canning | 2/7/11 | Feb-11 | Emails to/from counsel and DRLC re survey, analysis of defendants' proposed survey, discussion and memo to DeSimone re same and redraft survey | | 3.20 | $375.00 | $1,200.00 | ic im | |
| 907 | | Jonathan Cotton | 2/8/11 | Feb-11 | Format survey to send to DRLC | | 1.25 | $125.00 | $156.25 | cl | |
| 908 | 477 | James V. DeSimone | 2/8/11 | Feb-11 | conv. W. BG re: survey (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 909 | 478 | James V. DeSimone | 2/8/11 | Feb-11 | follow up Revise survey (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 910 | 479 | James V. DeSimone | 2/8/11 | Feb-11 | corr. W. BG (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 911 | 480 | James V. DeSimone | 2/8/11 | Feb-11 | Corr. W. EF and AC (.2) | | 0.20 | $650.00 | $130.00 | im qu | |
| 912 | 920 | Amanda Canning | 2/8/11 | Feb-11 | Review revise survey, E-mails to/from counsel re same | | 0.80 | $375.00 | $300.00 | | |
| 913 | 225 | Gene Feldman | 2/8/11 | Feb-11 | Brent Giddens re: survey | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 914 | 481 | James V. DeSimone | 2/14/11 | Feb-11 | corr. W. BG re: mediation and survey | | 0.20 | $650.00 | $130.00 | | |
| 915 | 482 | James V. DeSimone | 2/16/11 | Feb-11 | corr. W. EF re: status (.2) | | 0.20 | $650.00 | $130.00 | im | |
| 916 | 483 | James V. DeSimone | 2/16/11 | Feb-11 | email BG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 917 | 484 | James V. DeSimone | 2/16/11 | Feb-11 | Strategy disc. W. MS (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 918 | 485 | James V. DeSimone | 2/16/11 | Feb-11 | conv. W. EF re: Strategy (.3 hr) | | 0.30 | $650.00 | $195.00 | ic | |
| 919 | 486 | James V. DeSimone | 2/16/11 | Feb-11 | email to witness (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 920 | 487 | James V. DeSimone | 2/16/11 | Feb-11 | Discussion w. Nick Cohan (NL) lawyer W. Wheelchair access friends (.3) | | 0.30 | $650.00 | $195.00 | | |
| 921 | 488 | James V. DeSimone | 2/16/11 | Feb-11 | follow Up email (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 922 | 1245 | Michael D. Seplow | 2/16/11 | Feb-11 | Discussion with VJD re strategy | | 0.30 | $600.00 | $180.00 | ic | |
| 923 | 128 | James V. DeSimone | 2/16/11 | Feb-11 | Jim Desimone re strategy | Phone Call | 0.30 | $450.00 | $135.00 | ic | |
| 924 | 226 | Gene Feldman | 2/16/11 | Feb-11 | Desimone re: survey delay | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 925 | 489 | James V. DeSimone | 2/17/11 | Feb-11 | review of prior correspondence/outline Talking points (.2) | | 0.20 | $650.00 | $130.00 | | |
| 926 | 490 | James V. DeSimone | 2/17/11 | Feb-11 | tc to BG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 927 | 927 | James V. DeSimone | 2/18/11 | Feb-11 | email to BG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 928 | 491 | James V. DeSimone | 2/18/11 | Feb-11 | review of revised Survey (.3) | | 0.30 | $650.00 | $195.00 | | |
| 929 | 492 | James V. DeSimone | 2/18/11 | Feb-11 | corr. W. BG re: survey (.5) | | 0.50 | $650.00 | $325.00 | qu | |
| 930 | 493 | James V. DeSimone | 2/18/11 | Feb-11 | Mtg. W AC re: new survey (.4) | | 0.40 | $650.00 | $260.00 | ic | |
| 931 | 921 | Amanda Canning | 2/18/11 | Feb-11 | Review strategy with DeSimone re survey, E-mails to/from counsel re same, Review documents and Review/revise survey | | 2.50 | $375.00 | $937.50 | ic | |
| 932 | 129 | Gene Feldman | 2/18/11 | Feb-11 | Desimone re survey | Review E Mail | 0.40 | $450.00 | $180.00 | im | |
| 933 | 495 | James V. DeSimone | 2/21/11 | Feb-11 | review of revised survey (.2) | | 0.20 | $650.00 | $130.00 | | |
| 934 | 496 | James V. DeSimone | 2/21/11 | Feb-11 | emails w. AC and EF re: response (.3) | | 0.30 | $650.00 | $195.00 | im | |
| 935 | 497 | James V. DeSimone | 2/21/11 | Feb-11 | Emails w. EF and AC re: survey (.2) | | 0.20 | $650.00 | $130.00 | im | |
| 936 | 498 | James V. DeSimone | 2/22/11 | Feb-11 | Meeting w. AC re: survey (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 937 | 499 | James V. DeSimone | 2/22/11 | Feb-11 | corr. W. BG (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 938 | 922 | Amanda Canning | 2/22/11 | Feb-11 | Review and revise survey and further processing and Draft meet and confer to Giddens re same; meeting with VJD re survey | | 2.50 | $375.00 | $937.50 | ic | |
| 939 | 130 | Gene Feldman | 2/22/11 | Feb-11 | from Jim re: survey | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 940 | 500 | James V. DeSimone | 2/23/11 | Feb-11 | emails w. BG re: follow-up | | 0.10 | $650.00 | $65.00 | im | |

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 941 | 923 | Amanda Canning | 2/23/11 | Feb-11 | review correspondence and survey drafts and emails to/from Giddens re same | | 0.40 | $ 375.00 | 150.00 | im | |
| 942 | 134 | Gene Feldman | 2/25/11 | Feb-11 | Desimone to Giddens re survey revisions | Review E Mail | 0.20 | $ 650.00 | 90.00 | im | |
| 943 | 501 | James V. DeSimone | 2/26/11 | Feb-11 | reviewed revised survey (.3) | | 0.30 | $ 650.00 | 195.00 | im | |
| 944 | 502 | James V. DeSimone | 2/26/11 | Feb-11 | emails w. AC and EF (.2) | | 0.20 | $ 650.00 | 130.00 | im qu | |
| 945 | 227 | Gene Feldman | 2/26/11 | Feb-11 | Desimone to Canning and me re: survey questions | Review E Mail | 0.20 | $ 450.00 | 90.00 | im | |
| 946 | 503 | James V. DeSimone | 2/28/11 | Feb-11 | survey comparison (.2) | | 0.20 | $ 650.00 | 130.00 | qu | |
| 947 | 504 | James V. DeSimone | 2/28/11 | Feb-11 | email paralegal Re: survey changes (.1) | | 0.10 | $ 650.00 | 65.00 | qu | |
| 948 | 505 | James V. DeSimone | 2/28/11 | Feb-11 | conv. W. JPC (.2) | | 0.20 | $ 650.00 | 130.00 | qu | |
| 949 | 506 | James V. DeSimone | 2/28/11 | Feb-11 | Emails w. BG and team (.2) | | 0.20 | $ 650.00 | 130.00 | im qu | |
| 950 | 1085 | Kai Valenzuela | 2/28/11 | Feb-11 | Revise survey from Defense counsel, correspond with attorneys | | 2.60 | $ 125.00 | 325.00 | qu | |
| 951 | 228 | Gene Feldman | 2/28/11 | Feb-11 | Desimone to Canning and me re: survey questions | Review E Mail | 0.20 | $ 450.00 | 90.00 | im | |
| 952 | 507 | James V. DeSimone | 3/1/11 | Mar-11 | finalized survey and emailed BG (.2) | | 0.20 | $ 650.00 | 130.00 | | |
| 953 | 508 | James V. DeSimone | 3/1/11 | Mar-11 | prepared for mtg. W. BG (.2) | | 0.20 | $ 650.00 | 130.00 | | |
| 954 | 509 | James V. DeSimone | 3/1/11 | Mar-11 | tc w. BG (.3) | | 0.30 | $ 650.00 | 195.00 | qu | |
| 955 | 510 | James V. DeSimone | 3/1/11 | Mar-11 | Memo to file re: conversation (.2) | | 0.20 | $ 650.00 | 130.00 | im | |
| 956 | 511 | James V. DeSimone | 3/1/11 | Mar-11 | conv. W. EF re: strategy (.2) | | 0.20 | $ 650.00 | 130.00 | ic | |
| 957 | 512 | James V. DeSimone | 3/1/11 | Mar-11 | conv. W. AC Re: tasks (.2) | | 0.20 | $ 650.00 | 130.00 | ic | |
| 958 | 924 | Amanda Canning | 3/1/11 | Mar-11 | Review strategy re contact information and mediation and emails between counsel re same -.4hrs | | 0.40 | $ 375.00 | 150.00 | | |
| 959 | 925 | Amanda Canning | 3/1/11 | Mar-11 | Review study class certification hearing transcript and draft memo re same -1.3hrs | | 1.30 | $ 375.00 | 487.50 | im | |
| 960 | 926 | Amanda Canning | 3/1/11 | Mar-11 | Emails to/from class members re case status -.3hrs | | 0.30 | $ 375.00 | 112.50 | | |
| 961 | 1086 | Kai Valenzuela | 3/1/11 | Mar-11 | Further revise survey | | 1.80 | $ 125.00 | 225.00 | | |
| 962 | 131 | Gene Feldman | 3/1/11 | Mar-11 | Desimone and Giddens re survey | | 0.40 | $ 450.00 | 180.00 | im | |
| 963 | 132 | Gene Feldman | 3/1/11 | Mar-11 | Desimone re discovery and survey | Review E Mail / Phone Call | 0.20 | $ 450.00 | 90.00 | ic | |
| 964 | 133 | Gene Feldman | 3/1/11 | Mar-11 | Desimone re discovery putative class members | Prepare E Mail | 0.20 | $ 450.00 | 90.00 | im | |
| 965 | 513 | James V. DeSimone | 3/2/11 | Mar-11 | emails w. BG re: survey/meeting (.3) | | 0.30 | $ 650.00 | 195.00 | im | |
| 966 | 514 | James V. DeSimone | 3/2/11 | Mar-11 | Team conv. re: strategy (.2) | | 0.20 | $ 650.00 | 130.00 | im | |
| 967 | 927 | Amanda Canning | 3/2/11 | Mar-11 | Call with Glasberg, class member and draft memo -1.1hrs | | 1.10 | $ 375.00 | 412.50 | im | |
| 968 | 928 | Amanda Canning | 3/2/11 | Mar-11 | Research re compelling class information/ex parte application - 3.5hrs | | 3.50 | $ 375.00 | 1,312.50 | | |
| 969 | 929 | Amanda Canning | 3/2/11 | Mar-11 | Review strategy and emails between counsel re survey questions -.4hrs | | 0.40 | $ 375.00 | 150.00 | | |
| 970 | 515 | James V. DeSimone | 3/3/11 | Mar-11 | Prepared mt and confer /letter re: Survey (1.8 h) | | 1.80 | $ 650.00 | 1,170.00 | | |
| 971 | 516 | James V. DeSimone | 3/3/11 | Mar-11 | prepared for mt and Confer (.3 hr) | | 0.30 | $ 650.00 | 195.00 | | |
| 972 | 517 | James V. DeSimone | 3/3/11 | Mar-11 | travel time (.8 hr) | | 0.80 | $ 650.00 | 520.00 | tr | Meet and Confer with opposing counsel (BG) on 3/3/2011 |
| 973 | 518 | James V. DeSimone | 3/3/11 | Mar-11 | Mt and confer (.5 hr) | | 0.50 | $ 650.00 | 325.00 | | |
| 974 | 519 | James V. DeSimone | 3/3/11 | Mar-11 | follow up Emails w. AC and EF (.2) | | 0.20 | $ 650.00 | 130.00 | ic qu | |
| 975 | 930 | Amanda Canning | 3/3/11 | Mar-11 | motion to compel prep meeting | | 0.70 | $ 375.00 | 262.50 | qu | |
| 976 | 1087 | Kai Valenzuela | 3/3/11 | Mar-11 | Format correspondence to Defense counsel, forward to all counsel | | 0.60 | $ 125.00 | 75.00 | cl qu | |
| 977 | 137 | Gene Feldman | 3/3/11 | Mar-11 | Desimone re meet and confer | Review E Mail | 0.20 | $ 450.00 | 90.00 | im | |
| 978 | 520 | James V. DeSimone | 3/4/11 | Mar-11 | emails w. BG re: proposal (.2) | | 0.20 | $ 650.00 | 130.00 | | |
| 979 | 521 | James V. DeSimone | 3/4/11 | Mar-11 | Emails w. MS, EF and AC re: Proposal (.2 hr) | | 0.20 | $ 650.00 | 130.00 | im | |
| 980 | 522 | James V. DeSimone | 3/4/11 | Mar-11 | mtg. W. AC Re: ex parte (.2) | | 0.20 | $ 650.00 | 130.00 | ic | |

Angelos / Charlebois   Confidential

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 981 | 931 | Amanda Canning | 3/4/11 | Mar-11 | emails to/from Greco re defendants' discovery and review study same | | 0.80 | $ 375.00 | $ 300.00 | | |
| 982 | 136 | Gene Feldman | 3/4/11 | Mar-11 | Desimone re meet and confer discovery Angels | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 983 | 523 | James V. DeSimone | 3/5/11 | Mar-11 | Emails w. AC re: ex parte/ Strategy | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 984 | 932 | Gene Feldman | 3/5/11 | Mar-11 | Research re motion to compel contact info; emails with VID re strategy | | 2.00 | $ 375.00 | $ 750.00 | im | |
| 985 | 135 | Gene Feldman | 3/5/11 | Mar-11 | Desimone re: witness | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 986 | 933 | Amanda Canning | 3/6/11 | Mar-11 | Research and Draft ex parte motion to compel contact information | | 4.00 | $ 375.00 | $ 1,500.00 | | |
| 987 | 934 | Amanda Canning | 3/7/11 | Mar-11 | Research and Draft ex parte motion to compel contact info - 2.5 | | 2.50 | $ 375.00 | $ 937.50 | | |
| 988 | 935 | Amanda Canning | 3/7/11 | Mar-11 | Review study interrogatory responses - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 989 | 524 | James V. DeSimone | 3/8/11 | Mar-11 | mtg. W. AC re ex parte | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 990 | 936 | Amanda Canning | 3/8/11 | Mar-11 | Research and Draft ex parte motion to compel contact info - 8.4hrs | | 8.40 | $ 375.00 | $ 3,150.00 | | |
| 991 | 937 | Amanda Canning | 3/8/11 | Mar-11 | meeting with V/D re ex parte - 3 hrs | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 992 | 525 | James V. DeSimone | 3/9/11 | Mar-11 | review and edit ex parte Application (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 993 | 526 | James V. DeSimone | 3/9/11 | Mar-11 | mtg. W. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 994 | 527 | James V. DeSimone | 3/9/11 | Mar-11 | emails w BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 995 | 528 | James V. DeSimone | 3/9/11 | Mar-11 | Review And edit next ex parte Draft declaration (1.6 hr) | | 1.60 | $ 650.00 | $ 1,040.00 | | |
| 996 | 529 | James V. DeSimone | 3/9/11 | Mar-11 | Mtg w. AC and exhibit Review (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 997 | 530 | James V. DeSimone | 3/9/11 | Mar-11 | email to witness (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 998 | 938 | Amanda Canning | 3/9/11 | Mar-11 | Research and Draft ex parte motion to compel contact info | | 8.50 | $ 375.00 | $ 3,187.50 | | |
| 999 | 1088 | Kai Valenzuela | 3/9/11 | Mar-11 | Formal Declaration of V. James DeSimone | | 0.60 | $ 125.00 | $ 75.00 | | |
| 1000 | 1089 | Kai Valenzuela | 3/9/11 | Mar-11 | Draft Table of Authorities re Ex Parte Application, Research/organize Exhibits | | 3.20 | $ 125.00 | $ 400.00 | | |
| 1001 | 1090 | Kai Valenzuela | 3/9/11 | Mar-11 | &file Ex Parte Application to Compel Survey, Prepare Chambers copy | | 0.80 | $ 125.00 | $ 100.00 | | |
| 1002 | 1246 | Michael D. Seplow | 3/9/11 | Mar-11 | Rev ex parte app (.3) | | 0.30 | $ 600.00 | $ 180.00 | | |
| 1003 | 229 | Gene Feldman | 3/9/11 | Mar-11 | Desimone to Gidders re: discovery meet and confer witness contact information | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1004 | 531 | James V. DeSimone | 3/10/11 | Mar-11 | Plaintiff's motion to compel discovery from Angels | Review | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1005 | 532 | James V. DeSimone | 3/10/11 | Mar-11 | revised individual survey/set up account (1.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 1006 | 533 | James V. DeSimone | 3/10/11 | Mar-11 | emails w. XV and AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 1007 | 1091 | Kai Valenzuela | 3/10/11 | Mar-11 | emails w. EF and JPC (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1008 | 230 | Gene Feldman | 3/10/11 | Mar-11 | website Set up re: survey (.1) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1009 | 534 | James V. DeSimone | 3/11/11 | Mar-11 | conv. W. Public Justice disability lawyer (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1010 | 535 | James V. DeSimone | 3/11/11 | Mar-11 | follow up emails (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1011 | 536 | James V. DeSimone | 3/11/11 | Mar-11 | Call to/from Glasbergen re declaration | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1012 | 537 | James V. DeSimone | 3/14/11 | Mar-11 | outreach to Public Justice (.3) | | 0.30 | $ 450.00 | $ 135.00 | | |
| 1013 | 538 | James V. DeSimone | 3/14/11 | Mar-11 | email To disability lawyer (.2) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1014 | 539 | James V. DeSimone | 3/15/11 | Mar-11 | follow up Team outreach (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1015 | 540 | James V. DeSimone | 3/15/11 | Mar-11 | emails w. disability lawyer (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1016 | 939 | Amanda Canning | 3/15/11 | Mar-11 | website Set up re: survey (.2) | | 0.20 | $ 375.00 | $ 112.50 | | |
| 1017 | 1247 | Michael D. Seplow | 3/15/11 | Mar-11 | rev copa ex parte (.2) | | 0.20 | $ 600.00 | $ 120.00 | | |
| 1018 | 541 | James V. DeSimone | 3/16/11 | Mar-11 | email w. AC re: tasks (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 1019 | 542 | James V. DeSimone | 3/16/11 | Mar-11 | review mt and Con. Ltr (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 1020 | 543 | James V. DeSimone | 3/17/11 | Mar-11 | follow up w. AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 1021 | 940 | Amanda Canning | 3/16/11 | Mar-11 | Research and Draft meet and confer letter to Gidders | | 3.00 | $ 375.00 | $ 1,125.00 | | |
| 1022 | 231 | Gene Feldman | 3/16/11 | Mar-11 | Legal Research | Legal Research | 0.30 | $ 450.00 | $ 135.00 | | |
| 1023 | 544 | James V. DeSimone | 3/17/11 | Mar-11 | DOJ ADA theatre and stadium settlements | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1024 | 545 | James V. DeSimone | 3/17/11 | Mar-11 | Review ct. order on ex parte (.3) | | 0.20 | $ 650.00 | $ 130.00 | ic | |

Comments notes:
- Row 1000: Ex Parte Application to Compel Survey filed on 3/9/2011
- Row 1003: end of page 30

Angels / Charlebos                Exhibit B: SDSHHH Legal Bill Review                Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1025 | 546 | James V. DeSimone | 3/17/11 | Mar-11 | emails w. BG and PP (2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1026 | 941 | Amanda Canning | 3/17/11 | Mar-11 | review and revise and finalize meet and confer letter to Gidders - 5 | | 0.90 | $ 375.00 | $ 337.50 | | |
| 1027 | 942 | Amanda Canning | 3/17/11 | Mar-11 | call and email to class member and draft declaration - 1.1 | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1028 | 1248 | Michael D. Seplow | 3/17/11 | Mar-11 | rev ct minutes (.1), | | 0.10 | $ 600.00 | $ 60.00 | | |
| 1029 | 232 | Gene Feldman | 3/17/11 | Mar-11 | Desimone re: survey outreach efforts | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1030 | 233 | Gene Feldman | 3/17/11 | Mar-11 | Court order granting motion to compel sampling survey and continuing motion for class certification | Review | 0.20 | $ 450.00 | $ 90.00 | | |
| 1031 | 547 | James V. DeSimone | 3/18/11 | Mar-11 | emails w. BG and PP (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1032 | 548 | James V. DeSimone | 3/18/11 | Mar-11 | conv. W. Atty for class member, follow up emails (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1033 | 234 | Gene Feldman | 3/18/11 | Mar-11 | Gidders re conference call with DRLC | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1034 | 235 | Gene Feldman | 3/18/11 | Mar-11 | Pearlman re: conference call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1035 | 549 | James V. DeSimone | 3/21/11 | Mar-11 | emails w. BG re: mtg (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 1036 | 550 | James V. DeSimone | 3/21/11 | Mar-11 | mt and con. W. BG re; contact info (.3) | | 0.30 | $ 650.00 | $ 195.00 | | Meet and confer on 3/21/2011 |
| 1037 | 551 | James V. DeSimone | 3/21/11 | Mar-11 | conf. Call w. BG, PP and John Villardelongoria (IV) (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1038 | 552 | James V. DeSimone | 3/21/11 | Mar-11 | follow up w. AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 1039 | 943 | Amanda Canning | 3/21/11 | Mar-11 | Draft Glasenberger declaration, Review strategy re motion to compel | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1040 | 236 | Gene Feldman | 3/21/11 | Mar-11 | Gidders and Desimone re: conference call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1041 | 553 | James V. DeSimone | 3/22/11 | Mar-11 | review BG email (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1042 | 944 | Amanda Canning | 3/22/11 | Mar-11 | E-mail to counsel re survey | | 0.10 | $ 375.00 | $ 37.50 | | |
| 1043 | 554 | James V. DeSimone | 3/23/11 | Mar-11 | email W. EF re: strategy (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1044 | 555 | James V. DeSimone | 3/23/11 | Mar-11 | review Survey monkey/email (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 1045 | 556 | James V. DeSimone | 3/23/11 | Mar-11 | email to BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1046 | 557 | James V. DeSimone | 3/23/11 | Mar-11 | Follow up emails re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1047 | 138 | Gene Feldman | 3/23/11 | Mar-11 | Desimone and Gidders re survey | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | qu | |
| 1048 | 138 | Gene Feldman | 3/24/11 | Mar-11 | V/D and Gidders re survey | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1049 | 237 | Gene Feldman | 3/25/11 | Mar-11 | Desimone to Gidders re: response cut off date | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1050 | 945 | Amanda Canning | 3/29/11 | Mar-11 | Gidders to Desimone re: survey response cut off | | 0.50 | $ 375.00 | $ 187.50 | qu | |
| 1051 | 238 | Gene Feldman | 3/29/11 | Mar-11 | E-mails to/from counsel re survey | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1052 | 558 | James V. DeSimone | 3/30/11 | Mar-11 | emails w. BG (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | qu | |
| 1053 | 559 | James V. DeSimone | 3/30/11 | Mar-11 | conv. W. BG (.5 hr) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 1054 | 560 | James V. DeSimone | 3/30/11 | Mar-11 | Follow up strategy w. team (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1055 | 946 | Amanda Canning | 3/30/11 | Mar-11 | E-mails to/from counsel and Review strategy ex parte to compel survey | Review E Mail | 0.50 | $ 375.00 | $ 187.50 | | |
| 1056 | 239 | Gene Feldman | 3/30/11 | Mar-11 | Desimone to Gidders re: email addresses for wheelchair accessible seat purchasers | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1057 | 41 | William Clifton | 3/31/11 | Mar-11 | E-filed Mtn to Compel re Contact Info to DRLC (.3); | | 0.30 | $ 125.00 | $ 37.50 | | Motion to Compel Contact Info to DRLC efiled on 3/31/2011 |
| 1058 | 42 | William Clifton | 3/31/11 | Mar-11 | Prepared Chambers Copy for Fedex delivery (.1); | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 1059 | 43 | William Clifton | 3/31/11 | Mar-11 | emailed WP version order to Chambers (.1) | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 1060 | 561 | James V. DeSimone | 3/31/11 | Mar-11 | conv. W. BG (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1061 | 562 | James V. DeSimone | 3/31/11 | Mar-11 | review BG email And response (.4 hr) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1062 | 563 | James V. DeSimone | 3/31/11 | Mar-11 | conv. W AC re: Ex parte application (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 1063 | 564 | James V. DeSimone | 3/31/11 | Mar-11 | review and edit Ex parte application (.6) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 1064 | 565 | James V. DeSimone | 3/31/11 | Mar-11 | prepare dec and Ct order. (.7) | | 0.70 | $ 650.00 | $ 455.00 | | |
| 1065 | 947 | Amanda Canning | 3/31/11 | Mar-11 | Research and Draft and Prepare ex parte app to compel survey and declaration; Review w V/D re ex parte application | | 4.00 | $ 375.00 | $ 1,500.00 | ic | |
| 1066 | 1249 | Michael D. Seplow | 3/31/11 | Mar-11 | rev ex parte (.3) | | 0.30 | $ 600.00 | $ 180.00 | | |

Confidential

Angels / Charlesbos     Exhibit B: SDSHHH Legal Bill Review     Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1067 | 240 | Gene Feldman | 3/31/11 | Mar-11 | Giddens to Desimone re: implementation of March 17 court order | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | Feldman bills to review emails opposing counsel (Giddens) sends to James Desimone |
| 1068 | 241 | Gene Feldman | 3/31/11 | Mar-11 | Desimone to Giddens re: implementation of March 17 court order | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | Feldman bills to review emails Desimone sends to opposing counsel |
| 1069 | 242 | Gene Feldman | 4/1/11 | Apr-11 | Plaintiff's motion to compel witness identification of putative class members | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 1070 | 566 | James V. DeSimone | 4/4/11 | Apr-11 | review ex parte application opp. (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 1071 | 567 | James V. DeSimone | 4/4/11 | Apr-11 | Emails w. AC re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 1072 | 568 | James V. DeSimone | 4/5/11 | Apr-11 | Review and edit draft dec. (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1073 | 948 | Amanda Canning | 4/5/11 | Apr-11 | Review study and analysis of defendant opp to ex parte | | 0.80 | $ 375.00 | $ 300.00 | | |
| 1074 | 949 | Amanda Canning | 4/7/11 | Apr-11 | RS correspondence from counsel re survey | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 1075 | 1250 | Michael D. Seplow | 4/7/11 | Apr-11 | Rev DS opp (.1). | | 0.10 | $ 600.00 | $ 60.00 | | |
| 1076 | 1251 | Michael D. Seplow | 4/7/11 | Apr-11 | Rev ct order (.1) | | 0.10 | $ 600.00 | $ 60.00 | | |
| 1077 | 140 | Gene Feldman | 4/7/11 | Apr-11 | Desimone re survey | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 1078 | 141 | Gene Feldman | 4/7/11 | Apr-11 | Defendant opposition to Plaintiff's ex parte discovery motion | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 1079 | 950 | Amanda Canning | 4/8/11 | Apr-11 | E-mails to/from counsel re survey | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1080 | 243 | Gene Feldman | 4/10/11 | Apr-11 | Desimone to Giddens re: wheelchair users seen at Angels game previous night | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1081 | 569 | James V. DeSimone | 4/11/11 | Apr-11 | Review and edit talking points for Outreach telephone calls (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 1082 | 570 | James V. DeSimone | 4/11/11 | Apr-11 | follow Up mtg and emails w. Team (.3) | | 0.30 | $ 650.00 | $ 195.00 | im qu | |
| 1083 | 571 | James V. DeSimone | 4/11/11 | Apr-11 | Review community groups (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1084 | 951 | Amanda Canning | 4/11/11 | Apr-11 | Draft script for outreach, RSTR with Feldman and DeSimone re outreach, Research re organizations, FP outreach efforts - 3.3hrs | | 3.30 | $ 375.00 | $ 1,237.50 | ic | |
| 1085 | 952 | Amanda Canning | 4/11/11 | Apr-11 | E-mails to/from counsel re survey - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1086 | 953 | Amanda Canning | 4/11/11 | Apr-11 | RS survey responses - 2hrs | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 1087 | 1092 | Kai Valenzuela | 4/11/11 | Apr-11 | Review correspondence re DRLC survey | | 0.30 | $ 125.00 | $ 37.50 | | |
| 1088 | 1093 | Kai Valenzuela | 4/11/11 | Apr-11 | Research organizations for Declarant ISO Class Certification | | 2.60 | $ 125.00 | $ 325.00 | | |
| 1089 | 1094 | Kai Valenzuela | 4/11/11 | Apr-11 | Revise script re calls to organizations | | 0.40 | $ 125.00 | $ 50.00 | | |
| 1090 | 1095 | Kai Valenzuela | 4/11/11 | Apr-11 | Contact organizations for survey distributor | | 4.20 | $ 125.00 | $ 525.00 | qu | |
| 1091 | 244 | Gene Feldman | 4/11/11 | Apr-11 | Canning re: survey outreach to community groups for disabled | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1092 | 44 | William Clifton | 4/12/11 | Apr-11 | Attended Staff planning mtg (.5) | | 0.50 | $ 125.00 | $ 62.50 | ic | |
| 1093 | 45 | William Clifton | 4/12/11 | Apr-11 | Researched contact info for outreach to 6 disabled organizations (.75) | | 0.75 | $ 125.00 | $ 93.75 | | |
| 1094 | 954 | Amanda Canning | 4/12/11 | Apr-11 | prep for and meeting re survey outreach -1hr | | 1.00 | $ 375.00 | $ 375.00 | ic | |
| 1095 | 955 | Amanda Canning | 4/12/11 | Apr-11 | RS Survey response - 2hrs | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 1096 | 1096 | Kai Valenzuela | 4/12/11 | Apr-11 | Contact organizations for survey distributor | | 7.50 | $ 125.00 | $ 937.50 | qu | |
| 1097 | 956 | Amanda Canning | 4/13/11 | Apr-11 | E-mails to/from counsel/DRLC re survey distribution - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1098 | 957 | Amanda Canning | 4/13/11 | Apr-11 | FP re survey outreach - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | qu | |
| 1099 | 1097 | Kai Valenzuela | 4/13/11 | Apr-11 | Contact organizations for survey distributor | | 6.50 | $ 125.00 | $ 812.50 | qu | |
| 1100 | 1098 | Kai Valenzuela | 4/13/11 | Apr-11 | Revise survey | | 1.30 | $ 125.00 | $ 162.50 | qu | |
| 1101 | 46 | William Clifton | 4/14/11 | Apr-11 | Contacted: Disabled Am Vets of LA, left msg for Dir.(.1); | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1102 | 47 | William Clifton | 4/14/11 | Apr-11 | Disabled Am Vets O.C., spoke to Dan (.2); | | 0.20 | $ 125.00 | $ 25.00 | qu | |
| 1103 | 48 | William Clifton | 4/14/11 | Apr-11 | Prepared and mailed survey copies to Dan (.3) | | 0.30 | $ 125.00 | $ 37.50 | | |
| 1104 | 572 | James V. DeSimone | 4/14/11 | Apr-11 | Mtg W. KV re abilities expo (3) | | 0.30 | $ 650.00 | $ 195.00 | ic | KV is internal timekeeper Kai Valenzuela |
| 1105 | 573 | James V. DeSimone | 4/14/11 | Apr-11 | emails w. AC and EF re: Outreach/survey (.2); | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 1106 | 574 | James V. DeSimone | 4/14/11 | Apr-11 | finalize Talking points (3) | | 0.30 | $ 650.00 | $ 195.00 | | |

Angles / Chatrebos     Exhibit B: SDSHHH Legal Bill Review     Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1107 | 958 | Amanda Canning | 4/14/11 | Apr-11 | Draft and finalize class member outreach materials and research re distribution of survey | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1108 | 1099 | Kai Valenzuela | 4/14/11 | Apr-11 | Further revise survey, prepare survey packet for organizations, further contact organizations for distribution | | 4.50 | $ 125.00 | $ 562.50 | qu | |
| 1109 | 575 | James V. DeSimone | 4/15/11 | Apr-11 | emails w. class members (2); | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1110 | 576 | James V. DeSimone | 4/15/11 | Apr-11 | Surveys review (2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1111 | 577 | James V. DeSimone | 4/15/11 | Apr-11 | team emails (1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 1112 | 959 | Amanda Canning | 4/15/11 | Apr-11 | RR survey for Disabilities Expo, FR re same - 1.2hrs | | 1.20 | $ 375.00 | $ 450.00 | qu | |
| 1113 | 960 | Amanda Canning | 4/15/11 | Apr-11 | E-mails to/from counsel re DRLC survey distribution and RSTR re same - 5hrs | | 0.50 | $ 375.00 | $ 187.50 | qu | |
| 1114 | 1100 | Kai Valenzuela | 4/15/11 | Apr-11 | Prepare packet for distribution at Abilities Expo, interview survey respondents | | 7.50 | $ 125.00 | $ 937.50 | | |
| 1115 | 245 | Gene Feldman | 4/16/11 | | Desimone re: putative class member: Laker: Larry | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1116 | 1101 | Kai Valenzuela | 4/18/11 | Apr-11 | Contact organizations, review survey responses from conference, revise Survey Monkey, correspond with counsel re responses | | 6.50 | $ 125.00 | $ 812.50 | qu | |
| 1117 | 49 | William Clifton | 4/19/11 | Apr-11 | Contacted ADA Coord at Rancho Los Amigos Rehab Ctr, discussed survey (2) | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1118 | 50 | William Clifton | 4/19/11 | Apr-11 | emailed survey to coord (1) | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1119 | 51 | William Clifton | 4/19/11 | Apr-11 | Contacted Vets Center of O.C., left msg | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1120 | 52 | William Clifton | 4/19/11 | Apr-11 | Contacted Paralyzed Veterans of America, Long Beach, left msg | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1121 | 1102 | Kai Valenzuela | 4/19/11 | Apr-11 | Contact organizations for survey distribution, correspond with counsel re responses | | 3.50 | $ 125.00 | $ 437.50 | qu | |
| 1122 | 1103 | Kai Valenzuela | 4/19/11 | Apr-11 | Follow-up with organizations from conference re survey responses | | 2.30 | $ 125.00 | $ 287.50 | | |
| 1123 | 53 | William Clifton | 4/20/11 | Apr-11 | Contacted Disabled Am Vets of Long Beach, left msg | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1124 | 54 | William Clifton | 4/20/11 | Apr-11 | Contacted Disabled Am Vets of LA, left msg for Dir | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1125 | 1104 | Kai Valenzuela | 4/21/11 | Apr-11 | Review responses from conference, save information to our database | | 1.50 | $ 125.00 | $ 187.50 | cl | |
| 1126 | 55 | William Clifton | 4/22/11 | Apr-11 | Sent follow up email to ADA Coord at Rancho | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1127 | 578 | James V. DeSimone | 4/22/11 | Apr-11 | emails w class members (3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1128 | 579 | James V. DeSimone | 4/25/11 | Apr-11 | review of constant contact responses | | 0.80 | $ 650.00 | $ 520.00 | | |
| 1129 | 961 | Amanda Canning | 4/25/11 | Apr-11 | analysis of survey responses | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1130 | 246 | Gene Feldman | 4/27/11 | Apr-11 | Desimone re: Angels compliance with court order regarding email addresses of witnesses | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1131 | 580 | James V. DeSimone | 4/28/11 | Apr-11 | conference call re responses (4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1132 | 581 | James V. DeSimone | 4/28/11 | Apr-11 | Emails w. Team re: follow-up(2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1133 | 1105 | Kai Valenzuela | 4/29/11 | Apr-11 | Review further responses from Survey Monkey | | 0.80 | $ 125.00 | $ 100.00 | | |
| 1134 | 142 | Gene Feldman | 4/29/11 | Apr-11 | Review survey results | Review | 0.40 | $ 450.00 | $ 180.00 | | |
| 1135 | 582 | James V. DeSimone | 5/2/11 | May-11 | review survey (1,3) | | 1.30 | $ 650.00 | $ 845.00 | | |
| 1136 | 56 | William Clifton | 5/6/11 | May-11 | Prepared 3rd Amnd PMK Ntc to Angels | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1137 | 583 | James V. DeSimone | 5/6/11 | May-11 | review AV Memo re: witness Interviews (2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 1138 | 584 | James V. DeSimone | 5/6/11 | May-11 | follow up w Team (2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1139 | 585 | James V. DeSimone | 5/6/11 | May-11 | review new survey (5) | | 0.50 | $ 650.00 | $ 325.00 | qu | DeSimone, Feldman and Canning all bill to review "survey responses" |

Angels / Charlebois

Exhibit B: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1140 | 1106 | Kai Valenzuela | 5/6/11 | May-11 | Continue to review additional survey responses from Survey Monkey | | 0.40 | $ 125.00 | $ 50.00 | | |
| 1141 | 1107 | Kai Valenzuela | 5/6/11 | May-11 | Receive survey responses from DRLC, review/sort for contact information and save to our database | | 4.60 | $ 125.00 | $ 575.00 | | |
| 1142 | 143 | Gene Feldman | 5/8/11 | May-11 | Desimone re: PMK deposition notice | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1143 | 586 | James V. DeSimone | 5/9/11 | May-11 | follow up w KV and AC (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 1144 | 1108 | Kai Valenzuela | 5/9/11 | May-11 | Contact DRLC re survey respondents spreadsheet, create spreadsheet via GMAIL, contact survey respondents for declarations | | 3.50 | $ 125.00 | $ 437.50 | | |
| 1145 | 247 | Gene Feldman | 5/10/11 | May-11 | Desimone re: Murphy declaration | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1146 | 1109 | Kai Valenzuela | 5/11/11 | May-11 | Revise survey respondent spreadsheet, contact respondents | | 2.50 | $ 125.00 | $ 312.50 | | |
| 1147 | 587 | James V. DeSimone | 5/12/11 | May-11 | email from BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1148 | 588 | James V. DeSimone | 5/12/11 | May-11 | mtg w. AC Re response (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1149 | 1110 | Kai Valenzuela | 5/12/11 | May-11 | Contact survey respondents, continue to upload respondent information to spreadsheet from DRLC | | 4.50 | $ 125.00 | $ 562.50 | | |
| 1150 | 144 | Gene Feldman | 5/12/11 | May-11 | Preparation of pleading Murphy declaration | Prep Pleadings | 0.40 | $ 450.00 | $ 180.00 | | |
| 1151 | 589 | James V. DeSimone | 5/16/11 | May-11 | mtg w. law clerk re: research project(.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 1152 | 590 | James V. DeSimone | 5/16/11 | May-11 | Follow up team emails (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 1153 | 1111 | Kai Valenzuela | 5/16/11 | May-11 | Update survey responses to spreadsheet, save to J-Drive | | 2.50 | $ 125.00 | $ 312.50 | cl | |
| 1154 | 591 | James V. DeSimone | 5/17/11 | May-11 | mtg. W AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 1155 | 592 | James V. DeSimone | 5/17/11 | May-11 | file review/email BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1156 | 962 | Amanda Canning | 5/17/11 | May-11 | Review strategy with VJD and emails between counsel re survey | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 1157 | 248 | Gene Feldman | 5/17/11 | May-11 | Desimone to Gidders re: PMK deposition available dates | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1158 | 593 | James V. DeSimone | 5/18/11 | May-11 | update conv, W. JPC (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 1159 | 594 | James V. DeSimone | 5/19/11 | May-11 | mtg. W. Law clerk re: research/ Survey follow up | | 0.40 | $ 650.00 | $ 260.00 | ic qu | |
| 1160 | 1112 | Kai Valenzuela | 5/20/11 | May-11 | Update additional survey respondent data into spreadsheet, scan surveys to J-Drive, correspond with counsel re updates | | 3.50 | $ 125.00 | $ 437.50 | | |
| 1161 | 145 | Gene Feldman | 5/20/11 | May-11 | DeSimone re survey results and PMK deposition review AC Memo: re: research (.3) | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 1162 | 595 | James V. DeSimone | 5/22/11 | May-11 | review prior correspondence (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1163 | 963 | Amanda Canning | 5/22/11 | May-11 | RD, Review correspondence, DR letter to Gidders re settlement and PMK depo - .7hr | | 0.70 | $ 375.00 | $ 262.50 | qu | |
| 1164 | 964 | Amanda Canning | 5/22/11 | May-11 | Review revise survey script and DR memo re declaration strategy - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | im | |
| 1165 | 596 | James V. DeSimone | 5/23/11 | May-11 | review prior correspondence (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1166 | 597 | James V. DeSimone | 5/23/11 | May-11 | Revise corr- To BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1167 | 598 | James V. DeSimone | 5/23/11 | May-11 | mtg w. Law client (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 1168 | 599 | James V. DeSimone | 5/23/11 | May-11 | mtg. W team Re: survey follow up (1.1) | | 1.10 | $ 650.00 | $ 715.00 | ic | |
| 1169 | 600 | James V. DeSimone | 5/23/11 | May-11 | email To BG(.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1170 | 965 | Amanda Canning | 5/23/11 | May-11 | Factual analysis re class member call script and draft same (.7hrs) | | 0.70 | $ 375.00 | $ 262.50 | cl | |
| 1171 | 966 | Amanda Canning | 5/23/11 | May-11 | Law clerk (.1) | | 0.10 | $ 375.00 | $ 37.50 | qu | |
| 1172 | 967 | Amanda Canning | 5/23/11 | May-11 | mtg. W team Re: survey follow up (1.1) | | 1.10 | $ 375.00 | $ 412.50 | ic | |
| 1173 | 1113 | Kai Valenzuela | 5/23/11 | May-11 | Update additional survey data from DRLC to spreadsheet | | 5.50 | $ 125.00 | $ 687.50 | cl | |
| 1174 | 601 | James V. DeSimone | 5/24/11 | May-11 | Edit survey follow up questions (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1175 | 602 | James V. DeSimone | 5/24/11 | May-11 | follow up emails w. team Re: decs (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1176 | 603 | James V. DeSimone | 5/24/11 | May-11 | emails w. EF re: Outreach (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 1177 | 968 | Amanda Canning | 5/24/11 | May-11 | Review and revise class declarations | | 0.80 | $ 375.00 | $ 300.00 | cl | |
| 1178 | 1114 | Kai Valenzuela | 5/24/11 | May-11 | Continue to upload individual survey data from DRLC to spreadsheet | | 4.50 | $ 125.00 | $ 562.50 | cl | |
| 1179 | 146 | Gene Feldman | 5/24/11 | May-11 | Desimone re: call script for outreach to putative class members | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1180 | 604 | James V. DeSimone | 5/25/11 | May-11 | strategy memo to team (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1181 | 605 | James V. DeSimone | 5/25/11 | May-11 | Emails re: settlement w. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 1182 | 1115 | Kai Valenzuela | 5/25/11 | May-11 | Contact survey respondents for potential declarations | | 6.50 | $ 125.00 | $ 812.50 | im | |
| 1183 | 606 | James V. DeSimone | 5/26/11 | May-11 | review and edit class member Declarations (2.9) | | 2.90 | $ 650.00 | $ 1,885.00 | im | |
| 1184 | 607 | James V. DeSimone | 5/26/11 | May-11 | emails to Team re: decs (.7) | | 0.70 | $ 650.00 | $ 455.00 | im | |
| 1185 | 1116 | Kai Valenzuela | 5/26/11 | May-11 | Contact survey respondents for potential declarations | | 6.50 | $ 125.00 | $ 812.50 | im | |
| 1186 | 608 | James V. DeSimone | 5/27/11 | May-11 | review and edit class member Declaration (1.7) | | 1.70 | $ 650.00 | $ 1,105.00 | im | |
| 1187 | 609 | James V. DeSimone | 5/27/11 | May-11 | emails to team Re: decs (.5) | | 0.50 | $ 650.00 | $ 325.00 | im | |
| 1188 | 1117 | Kai Valenzuela | 5/27/11 | May-11 | Input additional survey data from DRLC to spreadsheet, contact survey respondents for potential declarations | | 4.50 | $ 125.00 | $ 562.50 | cl | |
| 1189 | 147 | Gene Feldman | 5/28/11 | May-11 | Review follow up survey | Review | 0.50 | $ 450.00 | $ 225.00 | | |
| 1190 | 610 | James V. DeSimone | 5/31/11 | May-11 | review and edit class member Decs (.6) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 1191 | 611 | James V. DeSimone | 5/31/11 | May-11 | emails w. law clerks Re outreach (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1192 | 1118 | Kai Valenzuela | 5/31/11 | May-11 | Contact survey respondents, prepare declarations | | 5.50 | $ 125.00 | $ 687.50 | | |
| 1193 | 612 | James V. DeSimone | 6/1/11 | Jun-11 | review and edit class member decs. (1.9) | | 1.90 | $ 650.00 | $ 1,235.00 | | |
| 1194 | 613 | James V. DeSimone | 6/1/11 | Jun-11 | outreach to organizations and Emails (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 1195 | 614 | James V. DeSimone | 6/1/11 | Jun-11 | emails to team (.3) | | 0.30 | $ 650.00 | $ 195.00 | im qu | |
| 1196 | 1119 | Kai Valenzuela | 6/1/11 | Jun-11 | Contact survey respondents, prepare declarations, contact organizations for follow-up | | 6.50 | $ 125.00 | $ 812.50 | qu | |
| 1197 | 148 | Gene Feldman | 6/1/11 | Jun-11 | Review declarations in support of class certification from putative class members | Review | 0.50 | $ 450.00 | $ 225.00 | | |
| 1198 | 615 | James V. DeSimone | 6/2/11 | Jun-11 | tc to writs (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1199 | 616 | James V. DeSimone | 6/2/11 | Jun-11 | email to writs (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1200 | 617 | James V. DeSimone | 6/2/11 | Jun-11 | Review and edit decs (1.1) | | 1.10 | $ 650.00 | $ 715.00 | qu | |
| 1201 | 618 | James V. DeSimone | 6/2/11 | Jun-11 | emails to team (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 1202 | 619 | James V. DeSimone | 6/2/11 | Jun-11 | mtg. W. KV (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 1203 | 1120 | Kai Valenzuela | 6/2/11 | Jun-11 | Contact survey respondents, prepare declarations, contact organizations for follow-up; meeting with VJD | | 7.50 | $ 125.00 | $ 937.50 | ic qu | |
| 1204 | 620 | James V. DeSimone | 6/3/11 | Jun-11 | telephone calls and outreach (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1205 | 621 | James V. DeSimone | 6/3/11 | Jun-11 | Review and edit decs. (1.7) | | 1.70 | $ 650.00 | $ 1,105.00 | qu | |
| 1206 | 622 | James V. DeSimone | 6/3/11 | Jun-11 | Emails re: BG: settlement/PMK depo (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1207 | 1121 | Kai Valenzuela | 6/3/11 | Jun-11 | Contact survey respondents, prepare declarations, contact organizations for follow-up | | 7.50 | $ 125.00 | $ 937.50 | qu | |
| 1208 | 1122 | Kai Valenzuela | 6/4/11 | Jun-11 | Contact potential declarants | | 1.50 | $ 125.00 | $ 187.50 | qu | |
| 1209 | 623 | James V. DeSimone | 6/6/11 | Jun-11 | mtg. W AC re: briefing and decs (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 1210 | 624 | James V. DeSimone | 6/6/11 | Jun-11 | spoke with witness (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1211 | 625 | James V. DeSimone | 6/6/11 | Jun-11 | prepared Dec (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1212 | 626 | James V. DeSimone | 6/6/11 | Jun-11 | reviewed and edited decs (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1213 | 627 | James V. DeSimone | 6/6/11 | Jun-11 | spoke. W witness (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1214 | 628 | James V. DeSimone | 6/6/11 | Jun-11 | prepared Dec. (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1215 | 629 | James V. DeSimone | 6/6/11 | Jun-11 | conv. W. EF re: decs. Strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1216 | 969 | Amanda Canning | 6/6/11 | Jun-11 | Mtg. W VJD re: briefing and decs - .3 | | 0.30 | $ 375.00 | $ 112.50 | ic | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1217 | 970 | Amanda Canning | 6/6/11 | Jun-11 | Research and draft motion for class cert and review and revise declarations - 2.8 | | 2.80 | $375.00 | $1,050.00 | ic | |
| 1218 | 249 | Gene Feldman | 6/6/11 | Jun-11 | Desimone re final Murphy declaration | | 0.20 | $450.00 | $90.00 | im | |
| 1219 | 630 | James V. DeSimone | 6/7/11 | Jun-11 | follow up w. law clerks re decls (.2) | Prepare E Mail | 0.20 | $650.00 | $130.00 | ic | |
| 1220 | 971 | Amanda Canning | 6/7/11 | Jun-11 | Research and preparation for motion for class certification, review and revise declarations re same - 4.5hrs | | 4.50 | $375.00 | $1,687.50 | | Per time entries, Motion for Class Certification and edits/revisions to declarations continue throughout June 2011 |
| 1221 | 972 | Amanda Canning | 6/7/11 | Jun-11 | Emails to/from expert re hearing - 2hrs | | 0.20 | $375.00 | $75.00 | | |
| 1222 | 631 | James V. DeSimone | 6/8/11 | Jun-11 | dec. review and edits (.7) | | 0.70 | $650.00 | $455.00 | qu | |
| 1223 | 973 | Amanda Canning | 6/8/11 | Jun-11 | Research and draft motion for class cert and review and revise declarations | | 0.90 | $375.00 | $337.50 | | |
| 1224 | 974 | Amanda Canning | 6/9/11 | Jun-11 | Research and draft motion for class cert and review and revise declarations | | 5.50 | $375.00 | $2,062.50 | | |
| 1225 | 149 | Gene Feldman | 6/9/11 | Jun-11 | Send ticket copy to Desimone | Prepare E Mail | 0.20 | $450.00 | $90.00 | d qu | |
| 1226 | 150 | Gene Feldman | 6/9/11 | Jun-11 | Copying cost | Photocopies | 0.00 | $450.00 | $- | | |
| 1227 | 250 | Gene Feldman | 6/9/11 | Jun-11 | Desimone re: declarations from putative class members | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1228 | 88 | Jonathan Cotton | 6/10/11 | Jun-11 | Draft tables to Plaintiffs Supplemental Memo in Support of Plaintiffs Motion for Class Cert | | 1.75 | $125.00 | $218.75 | | |
| 1229 | 632 | James V. DeSimone | 6/10/11 | Jun-11 | mtg. w/ AC re: briefing (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 1230 | 633 | James V. DeSimone | 6/10/11 | Jun-11 | Reviewed edit decls (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 1231 | 634 | James V. DeSimone | 6/10/11 | Jun-11 | Follow Up mtg. W. Law clerks (.2) | | 0.20 | $650.00 | $130.00 | ic qu | |
| 1232 | 975 | Amanda Canning | 6/10/11 | Jun-11 | Review and revise declarations and draft motion for class (6.2) | | 6.20 | $375.00 | $2,325.00 | | |
| 1233 | 976 | Amanda Canning | 6/10/11 | Jun-11 | mtg. w. VJD re: briefing (3) | | 0.30 | $375.00 | $112.50 | ic | |
| 1234 | 977 | Amanda Canning | 6/11/11 | Jun-11 | Review and revise declarations and Draft motion for class cert | | 4.00 | $375.00 | $1,500.00 | | |
| 1235 | 635 | James V. DeSimone | 6/12/11 | Jun-11 | review and edit supplemental briefing (1.6 hr) | | 1.60 | $650.00 | $1,040.00 | | |
| 1236 | 636 | James V. DeSimone | 6/12/11 | Jun-11 | review and edit decs. (.5) | | 0.50 | $650.00 | $325.00 | qu | |
| 1237 | 978 | Amanda Canning | 6/12/11 | Jun-11 | Draft motion for class cert | | 3.00 | $375.00 | $1,125.00 | | |
| 1238 | 637 | James V. DeSimone | 6/13/11 | Jun-11 | mtg. W law clerks re: briefing (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 1239 | 638 | James V. DeSimone | 6/13/11 | Jun-11 | Prepare declaration (.9) | | 0.90 | $650.00 | $585.00 | | |
| 1240 | 639 | James V. DeSimone | 6/13/11 | Jun-11 | Write Final draft of supplemental brief (4.5 hrs) | | 4.50 | $650.00 | $2,925.00 | | |
| 1241 | 640 | James V. DeSimone | 6/13/11 | Jun-11 | review of D's report (.5) | | 0.50 | $650.00 | $325.00 | qu | |
| 1242 | 641 | James V. DeSimone | 6/13/11 | Jun-11 | emails w. BG re: declarations | | 0.50 | $650.00 | $325.00 | | |
| 1243 | 979 | Amanda Canning | 6/13/11 | Jun-11 | finalize and file motion for class cert | | 3.70 | $375.00 | $1,387.50 | | Motion for Class Certification filed on 6/13/2011 |
| 1244 | 1123 | Kai Valenzuela | 6/13/11 | Jun-11 | Organize declarations and statements for putative class members, Prepare Table of Authorities, Prepare additional documents for E-filing, E-file and prepare Chambers copy | | 10.50 | $125.00 | $1,312.50 | | |
| 1245 | 1252 | Michael D. Seplow | 6/13/11 | Jun-11 | Review and revise supp motion re class cert. (2.2) | | 2.20 | $600.00 | $1,320.00 | | |
| 1246 | 1253 | Michael D. Seplow | 6/13/11 | Jun-11 | Rev Ds dec (.2) | | 0.20 | $600.00 | $120.00 | qu | |
| 1247 | 57 | William Clifton | 6/14/11 | Jun-11 | Prepared 4th Amnd PMK Ntc to Angels | | 0.20 | $125.00 | $25.00 | | |
| 1248 | 642 | James V. DeSimone | 6/14/11 | Jun-11 | Notice PMK Depo (2) | | 0.20 | $650.00 | $130.00 | | |
| 1249 | 980 | Amanda Canning | 6/14/11 | Jun-11 | review strategy with team re additional declarations (4) | | 0.40 | $375.00 | $150.00 | ic | |
| 1250 | 981 | Amanda Canning | 6/14/11 | Jun-11 | Review study defendants' filing and review strategy with Orr re same | | 0.70 | $375.00 | $262.50 | qu | This is the time entry; not clear who "Orr" |
| 1251 | 1124 | Kai Valenzuela | 6/14/11 | Jun-11 | Receive additional signed declarations, forward Defendants response to co-counsel | | 2.50 | $125.00 | $312.50 | im | |

Angels / Chantebois

Exhibit B: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1252 | 643 | James V. DeSimone | 6/15/11 | Jun-11 | review of decs. in support of mtn (.5 hr) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 1253 | 644 | James V. DeSimone | 6/15/11 | Jun-11 | finalize filing (1.2) | | 1.20 | $ 650.00 | | qu | |
| 1254 | 645 | James V. DeSimone | 6/15/11 | Jun-11 | mtg. W. AC and law clerks (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 1255 | 982 | Amanda Canning | 6/15/11 | Jun-11 | review strategy with RBS and VJD re supplemental declarations | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1256 | 1125 | Kai Valenzuela | 6/15/11 | Jun-11 | Organize and E-file Supplement to Motion for Class Certification, Additional declarations | | 2.50 | $ 125.00 | $ 312.50 | | |
| 1257 | 151 | Gene Feldman | 6/15/11 | Jun-11 | Review declaration Antoine re: survey results and Angel contact | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 1258 | 646 | James V. DeSimone | 6/16/11 | Jun-11 | review of D's opposition to filing (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 1259 | 647 | James V. DeSimone | 6/16/11 | Jun-11 | prepared declaration in response to opposition (.9 hr) | | 0.90 | $ 650.00 | $ 585.00 | | |
| 1260 | 648 | James V. DeSimone | 6/16/11 | Jun-11 | research on Responsive brief (1.9 hr) | | 1.90 | $ 650.00 | $ 1,235.00 | | |
| 1261 | 1254 | Michael D. Seplow | 6/16/11 | Jun-11 | rev D.s objection (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 1262 | 152 | Gene Feldman | 6/16/11 | Jun-11 | Desimone | Review E.Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 1263 | 649 | James V. DeSimone | 6/17/11 | Jun-11 | write reply to opposition to decs (3.7 hrs) | | 3.70 | $ 650.00 | $ 2,405.00 | | |
| 1264 | 650 | James V. DeSimone | 6/17/11 | Jun-11 | prepare for hrng. pleading Review (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 1265 | 651 | James V. DeSimone | 6/17/11 | Jun-11 | tc w. EF re: Hrng prep (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1266 | 983 | Amanda Canning | 6/17/11 | Jun-11 | research and review and revise supplemental briefing | | 2.50 | $ 375.00 | $ 937.50 | | |
| 1267 | 1126 | Kai Valenzuela | 6/17/11 | Jun-11 | Prepare folders for Motion for Class Certification hearing | | 2.20 | $ 125.00 | $ 275.00 | cl | |
| 1268 | 1127 | Kai Valenzuela | 6/17/11 | Jun-11 | Prepare E-Filing re Plaintiff's response to Defendants Objections | | 2.50 | $ 125.00 | $ 312.50 | | |
| 1269 | 153 | Gene Feldman | 6/17/11 | Jun-11 | Legal Research public policy ADA enforcement | Legal Research | 0.60 | $ 450.00 | $ 270.00 | | |
| 1270 | 154 | Gene Feldman | 6/17/11 | Jun-11 | Desimone public policy ADA enforcement | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 1271 | 155 | Gene Feldman | 6/17/11 | Jun-11 | Review Plaintiff response to Angeli objections to declaration and Desimone declaration in support of class certification | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 1272 | 984 | Amanda Canning | 6/18/11 | Jun-11 | research and assist VJD with preparation for oral argument | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1273 | 652 | James V. DeSimone | 6/19/11 | Jun-11 | Preparation for hrng/ review of all\ Pleadings and declarations, including Original mtn/tentative (2.6) legal Research/review D's cases cited in brief (1.7 hr) | | 2.60 | $ 650.00 | $ 1,690.00 | | |
| 1274 | 653 | James V. DeSimone | 6/19/11 | Jun-11 | | | 1.70 | $ 650.00 | $ 1,105.00 | | |
| 1275 | 654 | Gene Feldman | 6/19/11 | Jun-11 | outline oral argument (2.1) | | 2.10 | $ 650.00 | $ 1,365.00 | | |
| 1276 | 156 | Gene Feldman | 6/19/11 | Jun-11 | Desimone re class certification hearing | Review E.Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 1277 | 655 | James V. DeSimone | 6/20/11 | Jun-11 | Hrng. On Motion for class certification (including travel time, with FF and AC, strategy discussions) (4.8 hrs) | | 4.80 | $ 650.00 | $ 3,120.00 | ic tr | Feldman, DeSimone and Canning all bill to attend Hearing on Motion for Class Certification on 6/20/2011 |
| 1278 | 656 | James V. DeSimone | 6/20/11 | Jun-11 | Depo notice (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1279 | 657 | James V. DeSimone | 6/20/11 | Jun-11 | Memo to file (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 1280 | 985 | Amanda Canning | 6/20/11 | Jun-11 | preparation for and appearance at motion for class certification -4.8 | | 4.80 | $ 375.00 | $ 1,800.00 | | |
| 1281 | 986 | Amanda Canning | 6/20/11 | Jun-11 | prepare notices of deposition - .3 | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 1282 | 1128 | Kai Valenzuela | 6/20/11 | Jun-11 | Review correspondence from interns re additional putative class member declarations | | 0.80 | $ 125.00 | $ 100.00 | im | |
| 1283 | 657 | Gene Feldman | 6/20/11 | Jun-11 | class certification hearing | Court | 5.80 | $ 450.00 | $ 2,610.00 | | |
| 1284 | 658 | Gene Feldman | 6/21/11 | Jun-11 | mtg. W. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 1285 | 659 | James V. DeSimone | 6/21/11 | Jun-11 | Review and edit RFP's and Special Rogs (.8) | | 0.80 | $ 650.00 | $ 520.00 | qu | |
| 1286 | 987 | Amanda Canning | 6/21/11 | Jun-11 | draft request for production of documents and interrogatories - 2.4 | | 2.40 | $ 375.00 | $ 900.00 | | |
| 1287 | 988 | Amanda Canning | 6/21/11 | Jun-11 | prepare subpoena to Ticketmaster - 1.5 | | 1.50 | $ 375.00 | $ 562.50 | | |
| 1288 | 1129 | Kai Valenzuela | 6/21/11 | Jun-11 | Research discovery cut-off, contact First Legal for discovery production to be personally served and Federal proof of service prepared | | 1.40 | $ 125.00 | $ 175.00 | | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1289 | 1130 | Kai Valenzuela | 6/21/11 | Jun-11 | Revise discovery production (second set of RFPD and third set of Rogs). Prepare POS, scan and prepare for mailing | | 1.80 | $125.50 | $225.00 | cl | |
| 1290 | 660 | James V. DeSimone | 6/21/11 | Jun-11 | review and respond to BG email | | 0.20 | $650.00 | $130.00 | qu | |
| 1291 | 1131 | Kai Valenzuela | 6/22/11 | Jun-11 | Receive additional revised declaration, review and save to database | | 0.80 | $125.00 | $100.00 | | |
| 1292 | 989 | Amanda Canning | 6/23/11 | Jun-11 | further processing Ticketmaster subpoena | | 0.20 | $375.00 | $75.00 | | |
| 1293 | 1132 | Kai Valenzuela | 6/23/11 | Jun-11 | Save additional DRLC surveys to database | | 2.40 | $125.00 | $300.00 | cl | |
| 1294 | 661 | James V. DeSimone | 6/24/11 | Jun-11 | review and respond BG corr. | | 0.20 | $650.00 | $130.00 | qu | |
| 1295 | 990 | Amanda Canning | 6/24/11 | Jun-11 | further processing Ticketmaster subpoena | | 0.20 | $375.00 | $75.00 | | |
| 1296 | 662 | James V. DeSimone | 6/27/11 | Jun-11 | email BG re: depos (2) | | 0.20 | $650.00 | $130.00 | | |
| 1297 | 663 | James V. DeSimone | 6/27/11 | Jun-11 | follow up W team (2) | | 0.40 | $650.00 | $260.00 | qu | |
| 1298 | 991 | Amanda Canning | 6/27/11 | Jun-11 | review study order from court re class cert motion | | 0.20 | $375.00 | $75.00 | | |
| 1299 | 664 | James V. DeSimone | 6/28/11 | Jun-11 | team emails re: depo schedule | | 0.20 | $650.00 | $130.00 | im | |
| 1300 | 992 | Amanda Canning | 6/28/11 | Jun-11 | draft depos notice and arrange plaintiff's expert deposition | | 0.30 | $375.00 | $112.50 | | |
| 1301 | 665 | James V. DeSimone | 6/29/11 | Jun-11 | PMK Depo Notice | | 0.10 | $650.00 | $65.00 | qu | |
| 1302 | 666 | James V. DeSimone | 7/1/11 | Jul-11 | receive and review granting of class Cert motion (.6 hr) | | 0.60 | $650.00 | $390.00 | | |
| 1303 | 667 | James V. DeSimone | 7/1/11 | Jul-11 | follow up emails W. Team re: strategy (.5) | | 0.50 | $650.00 | $325.00 | im | |
| 1304 | 993 | Amanda Canning | 7/1/11 | Jul-11 | review study court order re class cert, draft factual and legal analysis re same | | 2.20 | $375.00 | $825.00 | | |
| 1305 | 1133 | Kai Valenzuela | 7/1/11 | Jul-11 | Review District Judge's Order re Motion for Class Certification, forward to all participants on case, save to database; Receive Federal POS from First Legal, save to database | | 1.50 | $125.00 | $187.50 | | |
| 1306 | 1255 | Michael D. Seplow | 7/1/11 | Jul-11 | rev order re class cert (.3) | Prepare E Mail | 0.30 | $600.00 | $180.00 | | |
| 1307 | 160 | Gene Feldman | 7/1/11 | Jul-11 | Charlebois re: case status | | 0.20 | $450.00 | $90.00 | qu | |
| 1308 | 161 | Gene Feldman | 7/2/11 | Jul-11 | class certification order | Review | 0.60 | $450.00 | $270.00 | | |
| 1309 | 158 | Gene Feldman | 7/3/11 | Jul-11 | Review class certification order | Review | 0.90 | $450.00 | $405.00 | | |
| 1310 | 159 | Gene Feldman | 7/4/11 | Jul-11 | 36 CFR 150 (.8) | Legal Research | 0.80 | $450.00 | $360.00 | | |
| 1311 | 1134 | Kai Valenzuela | 7/5/11 | Jul-11 | Forward press release to contacts, review putative declarations and revise language | | 1.60 | $125.00 | $200.00 | | |
| 1312 | 1256 | Michael D. Seplow | 7/5/11 | Jul-11 | em vjd (.1) | | 0.10 | $600.00 | $60.00 | im qu | |
| 1313 | 668 | James V. DeSimone | 7/11/11 | Jul-11 | email w. BG re: depos | | 0.20 | $650.00 | $130.00 | | |
| 1314 | 1135 | Kai Valenzuela | 7/11/11 | Jul-11 | Further revise declarations, prepare cover letters and mail to declarants | | 2.50 | $125.00 | $312.50 | | |
| 1315 | 669 | James V. DeSimone | 7/12/11 | Jul-11 | follow up law clerks/KV re: additional Decs | | 0.30 | $650.00 | $195.00 | ic | |
| 1316 | 1136 | Kai Valenzuela | 7/12/11 | Jul-11 | Further revise declarations, prepare cover letters and mail to declarants | | 1.50 | $125.00 | $187.50 | | |
| 1317 | 670 | James V. DeSimone | 7/13/11 | Jul-11 | emails w. BG re: depos/expert rpts (2); | | 0.20 | $650.00 | $130.00 | | |
| 1318 | 671 | James V. DeSimone | 7/13/11 | Jul-11 | Corr. W. MM re: testimony/expert rpt (2) | | 0.20 | $650.00 | $130.00 | | |
| 1319 | 672 | James V. DeSimone | 7/14/11 | Jul-11 | corr. W. BG re: depos (.2) | | 0.20 | $650.00 | $130.00 | | |
| 1320 | 673 | James V. DeSimone | 7/14/11 | Jul-11 | Corr. W. Expert re: depos (.2) | | 0.20 | $650.00 | $130.00 | | |
| 1321 | 674 | James V. DeSimone | 7/14/11 | Jul-11 | review of expert Wit report (.5) | | 0.50 | $650.00 | $325.00 | qu | |
| 1322 | 162 | Gene Feldman | 7/14/11 | Jul-11 | Desimone re deposition of PMK | Phone call | 0.20 | $450.00 | $90.00 | ic | |
| 1323 | 675 | James V. DeSimone | 7/15/11 | Jul-11 | corr. W BG re: expert rpt/depo (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 1324 | 676 | James V. DeSimone | 7/15/11 | Jul-11 | Emails w. WM (.3) (.5 hr. | | 0.50 | $650.00 | $325.00 | | |
| 1325 | 1137 | Kai Valenzuela | 7/15/11 | Jul-11 | Further revise declarations, prepare cover letters and mail to declarants | | 2.20 | $125.00 | $275.00 | | |
| 1326 | 1138 | Kai Valenzuela | 7/18/11 | Jul-11 | Correspond with law clerks re additional word processing declarations to be revised | | 0.40 | $125.00 | $50.00 | im | |
| 1327 | 1139 | Kai Valenzuela | 7/19/11 | Jul-11 | Receive additional revised declarations for Class Certification, review and save to database | | 1.30 | $125.00 | $162.50 | | |
| 1328 | 677 | James V. DeSimone | 7/20/11 | Jul-11 | mtg. W law clerks re: MSJ research (.3) | | 0.30 | $650.00 | $195.00 | ic | |

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1329 | 678 | James V. DeSimone | 7/22/11 | Jul-11 | email from BG | | 0.10 | $650.00 | $65.00 | qu | |
| 1330 | 994 | Amanda Canning | 7/22/11 | Jul-11 | assist with depo prep | | 0.30 | $375.00 | $112.50 | qu | |
| 1331 | 679 | James V. DeSimone | 7/24/11 | Jul-11 | corr. W. MM | | 0.20 | $650.00 | $130.00 | qu | |
| 1332 | 680 | James V. DeSimone | 7/25/11 | Jul-11 | follow up emails w. BR (2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1333 | 681 | James V. DeSimone | 7/25/11 | Jul-11 | corr. W MM re: depo prep (.5) | | 0.50 | $650.00 | $325.00 | | |
| 1334 | 1140 | Kai Valenzuela | 7/26/11 | Jul-11 | Scan and save all declarations mailed into database | | 0.70 | $125.00 | $87.50 | | |
| 1335 | 78 | Menaka Fernando | 7/28/11 | Jul-11 | Researched travel compensation for expert's deposition; drafting email to opposing counsel. | | 3.60 | $225.00 | $810.00 | | |
| 1336 | 682 | James V. DeSimone | 7/28/11 | Jul-11 | Meet and conf. Ltr re: MM Depo. (.4) | | 0.40 | $650.00 | $260.00 | | |
| 1337 | 683 | James V. DeSimone | 7/28/11 | Jul-11 | emails w. MF re research (.3) | | 0.30 | $650.00 | $195.00 | im | |
| 1338 | 995 | Amanda Canning | 7/28/11 | Jul-11 | email from Greco and review study defendants' discovery responses | | 0.70 | $375.00 | $262.50 | | |
| 1339 | 164 | Gene Feldman | 7/28/11 | Jul-11 | Desimone re: Anaheim ADA coordinator | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1340 | 165 | Gene Feldman | 7/28/11 | Jul-11 | Desimone to Giddens re cost advance for expert witness deposition | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1341 | 684 | James V. DeSimone | 7/30/11 | Jul-11 | PMK depo prep/review memo/ Questions (.6) | | 0.60 | $650.00 | $390.00 | | |
| 1342 | 685 | James V. DeSimone | 7/30/11 | Jul-11 | email GF and AC (.1) | | 0.10 | $650.00 | $65.00 | im qu | |
| 1343 | 163 | Gene Feldman | 7/30/11 | Jul-11 | Desimone re: Anaheim ADA coordinator | | 0.20 | $450.00 | $90.00 | im | |
| 1344 | 686 | Gene Feldman | 7/31/11 | Jul-11 | review Docs for depo prep (1.6) | | 1.60 | $650.00 | $1,040.00 | | |
| 1945 | 166 | Gene Feldman | 7/31/11 | Jul-11 | Documents produced by Angels | Review | 1.40 | $450.00 | $630.00 | | |
| 1346 | 687 | James V. DeSimone | 8/1/11 | Aug-11 | mtg w. EF for depo prep, review Docs and formulate questions (3.6) | | 3.60 | $650.00 | $2,340.00 | ic | |
| 1347 | 1141 | Kai Valenzuela | 8/1/11 | Aug-11 | Prepare packet for co-counsel of all of Defendants' produced documents in database, additional copy of C.D. | | 1.50 | $125.00 | $187.50 | cl | |
| 1348 | 167 | Gene Feldman | 8/1/11 | Aug-11 | Conference with Desimone prepare for PMK deposition | Conference | 3.60 | $450.00 | $1,620.00 | ic | |
| 1349 | 688 | James V. DeSimone | 8/2/11 | Aug-11 | review docs and prepare questions (2.6) | | 2.60 | $650.00 | $1,690.00 | | |
| 1350 | 689 | James V. DeSimone | 8/2/11 | Aug-11 | finalize doc review and Depo prep. (1.9hrs) | | 1.90 | $650.00 | $1,235.00 | | |
| 1351 | 996 | Amanda Canning | 8/2/11 | Aug-11 | Review study objection to PMK notice of depo and responses to interrogatories, request for production of documents - 7hrs | | 0.70 | $375.00 | $262.50 | | |
| 1352 | 997 | Amanda Canning | 8/2/11 | Aug-11 | E-mails to/from counsel re PMK depo - 5hrs | | 0.50 | $375.00 | $187.50 | | |
| 1353 | 998 | Amanda Canning | 8/2/11 | Aug-11 | Call/Emails from Greco - 3hrs | | 0.30 | $375.00 | $112.50 | qu | |
| 1354 | 1142 | Kai Valenzuela | 8/2/11 | Aug-11 | Research/locate and print documents for preparation of PMK deposition | Bill Beverage | 4.50 | $125.00 | $562.50 | cl | |
| 1355 | 168 | Gene Feldman | 8/2/11 | Aug-11 | Desimone re PMK deposition | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1356 | 169 | Gene Feldman | 8/2/11 | Aug-11 | Research/locate and print documents for preparation of PMK deposition | Legal Research | 0.20 | $450.00 | $90.00 | | |
| 1357 | 1143 | Kai Valenzuela | 8/3/11 | Aug-11 | Research/locate and print additional documents for preparation of PMK deposition | | 1.50 | $125.00 | $187.50 | cl | |
| 1358 | 690 | James V. DeSimone | 8/4/11 | Aug-11 | finalize depo prep (1.2) | | 1.20 | $650.00 | $780.00 | | |
| 1359 | 691 | James V. DeSimone | 8/4/11 | Aug-11 | depo of Angels Baseball PMK (6.1) | | 6.10 | $650.00 | $3,965.00 | | Desimone and Feldman both attended deposition of Angels Baseball PMK (Bill Beverage) on 8/4/2011 |
| 1360 | 1144 | Kai Valenzuela | 8/4/11 | Aug-11 | Research/locate and print additional documents for preparation of PMK deposition; Organize folders; Correspond with counsels and potential mediation schedule | | 5.50 | $125.00 | $687.50 | cl | |
| 1361 | 692 | James V. DeSimone | 8/5/11 | Aug-11 | emails w. BG re: mediation/MSJ (.3) | | 0.30 | $650.00 | $195.00 | | |
| 1362 | 693 | James V. DeSimone | 8/5/11 | Aug-11 | Follow up w mediator (2) | | 0.20 | $650.00 | $130.00 | qu | |

Exhibit B: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 1363 | 1145 | Kai Valenzuela | 8/5/11 | Aug-11 | Follow-up re documents provided by Defendants (do not match with bates numbered documents previously produced); Follow-up with counsels re mediation schedule | | 3.50 | $ 125.00 | $ 437.50 | | |
| 1364 | 170 | Gene Feldman | 8/5/11 | Aug-11 | Deposition PMK Bill Beverage | Deposition | 7.40 | $ 450.00 | $ 3,330.00 | | |
| 1365 | 171 | Gene Feldman | 8/5/11 | Aug-11 | Scot Schutzman re: use of luxury suites as reasonable | Phone Call | 0.20 | $ 450.00 | $ 90.00 | | |
| 1366 | 172 | Gene Feldman | 8/5/11 | Aug-11 | Desimone re: use of luxury suites as reasonable accommodation | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1367 | 694 | James V. DeSimone | 8/8/11 | Aug-11 | prep for meet and confer/ review disco issues w. AC (2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1368 | 695 | James V. DeSimone | 8/8/11 | Aug-11 | review MSJ research (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 1369 | 696 | James V. DeSimone | 8/8/11 | Aug-11 | telephone conf. W. BG (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1370 | 697 | James V. DeSimone | 8/8/11 | Aug-11 | follow mtg. W. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 1371 | 698 | James V. DeSimone | 8/8/11 | Aug-11 | mtg. W. Paralegal (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 1372 | 999 | Amanda Canning | 8/8/11 | Aug-11 | Review discovery responses, legal and factual analysis, Draft meet and confer letter - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 1373 | 1000 | Amanda Canning | 8/8/11 | Aug-11 | Review subpoenas and Call to Ticketmaster counsel - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | | |
| 1374 | 58 | William Clifton | 8/9/11 | Aug-11 | E-filed Stip and Prop Order to Continue Trial, assoc dates (.3); | | 0.30 | $ 125.00 | $ 37.50 | | Stipulation and Order to Continue Trial e filed on 8/9/2011 |
| 1375 | 59 | William Clifton | 8/9/11 | Aug-11 | Emailed Word ver. of P.O.( 1); | | 0.10 | $ 125.00 | $ 12.50 | qu | |
| 1376 | 60 | William Clifton | 8/9/11 | Aug-11 | Prepared Chambers Copy of Stipulation (.1) | | 0.10 | $ 125.00 | $ 12.50 | d | |
| 1377 | 61 | William Clifton | 8/9/11 | Aug-11 | Coordinated mediation date (.2) | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1378 | 62 | William Clifton | 8/9/11 | Aug-11 | gathered provided required info to Mediator Gene Moschovitz (3) | | 0.30 | $ 125.00 | $ 37.50 | | |
| 1379 | 699 | James V. DeSimone | 8/9/11 | Aug-11 | review and file stip to continue deadlines (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1380 | 700 | James V. DeSimone | 8/9/11 | Aug-11 | emails w. BG and AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 1381 | 1001 | Amanda Canning | 8/9/11 | Aug-11 | Review documents and Draft stipulation to continue trial; E-mails with counsel re same, file stipulation | | 3.00 | $ 375.00 | $ 1,125.00 | | |
| 1382 | 1146 | Kai Valenzuela | 8/9/11 | Aug-11 | Receive additional declarations ISO Motion for Class Certification, save to database | | 1.20 | $ 125.00 | $ 150.00 | | |
| 1383 | 251 | Gene Feldman | 8/9/11 | Aug-11 | Desimone re: mediation scheduling for 10/21/11 | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1384 | 701 | James V. DeSimone | 8/10/11 | Aug-11 | conf. W. MFM re scheduling | | 0.10 | $ 650.00 | $ 65.00 | | |
| 1385 | 1002 | Amanda Canning | 8/11/11 | Aug-11 | review email and protective order from Ticketmaster attorney | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1386 | 1003 | Amanda Canning | 8/12/11 | Aug-11 | Review/study notice of ruling re stipulation, further processing re same | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1387 | 173 | Gene Feldman | 8/12/11 | Aug-11 | Review scheduling order from court | Review | 0.20 | $ 450.00 | $ 90.00 | | |
| 1388 | 1004 | Amanda Canning | 8/16/11 | Aug-11 | legal analysis re Ticketmaster protective order | | 0.70 | $ 375.00 | $ 262.50 | | |
| 1389 | 702 | James V. DeSimone | 8/17/11 | Aug-11 | corr. Re: transcript | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1390 | 1147 | Kai Valenzuela | 8/17/11 | Aug-11 | Review additional signed declarations ISO Motion for Class Certification, save to database | | 0.80 | $ 125.00 | $ 100.00 | | |
| 1391 | 79 | Menaka Fernando | 8/18/11 | Aug-11 | Meeting with IVD re strategy | | 0.20 | $ 225.00 | $ 45.00 | ic | |
| 1392 | 703 | James V. DeSimone | 8/18/11 | Aug-11 | strategy mtg. w. Menaka Fernando (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1393 | 704 | James V. DeSimone | 8/18/11 | Aug-11 | mtg. W. AC (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 1394 | 1005 | Amanda Canning | 8/18/11 | Aug-11 | Meeting with IVD re protective order | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 1395 | 705 | James V. DeSimone | 8/23/11 | Aug-11 | mtg. W. AC; review and revise protective order (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 1396 | 1006 | Amanda Canning | 8/23/11 | Aug-11 | E-mail to Giddens re protective order; Review with IVD | | 0.60 | $ 375.00 | $ 225.00 | ic | |

Angels / Charlebois     Exhibit B: SDSHHH Legal Bill Review     Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1397 | 1148 | Kai Valenzuela | 8/24/11 | Aug-11 | Organize additional declarations received into database | | 0.50 | $ 125.00 | $ 62.50 | cl | |
| 1398 | 174 | Gene Feldman | 8/24/11 | Aug-11 | Desimone re: discovery | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1399 | 1007 | Amanda Canning | 8/29/11 | Aug-11 | E-mail to Gidders re protective order - .2 | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1400 | 1008 | Amanda Canning | 8/29/11 | Aug-11 | review study scheduling order and further processing re same - .2 | | 0.20 | $ 375.00 | $ 75.00 | | Stipulation and Prop Order re Ticketmaster records filed on 8/30/2011 |
| 1401 | 63 | William Clifton | 8/30/11 | Aug-11 | E-filed Stip and Prop Order re Ticketmaster records (.2); | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1402 | 64 | William Clifton | 8/30/11 | Aug-11 | Emailed Word ver. Of P.O. (.1); | | 0.10 | $ 125.00 | $ 12.50 | qu | |
| 1403 | 65 | William Clifton | 8/30/11 | Aug-11 | Prepared Chambers Copy of Stipulation (.1) | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1404 | 66 | William Clifton | 8/30/11 | Aug-11 | Calendared Motion Cut-off and assoc. deadlines | | 0.25 | $ 125.00 | $ 31.25 | cl | |
| 1405 | 1009 | Amanda Canning | 8/30/11 | Aug-11 | E-mail from Gidders re protective order - .1hrs | | 0.10 | $ 375.00 | $ 37.50 | | |
| 1406 | 1010 | Amanda Canning | 8/30/11 | Aug-11 | Research and further processing re calendaring - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | cl | |
| 1407 | 1011 | Amanda Canning | 8/31/11 | Aug-11 | E-mails to/from counsel re protective order | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1408 | 706 | James V. DeSimone | 9/1/11 | Sep-11 | strategy email w. AC | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 1409 | 1012 | Amanda Canning | 9/1/11 | Sep-11 | Review study notice from Compex re Ticketmaster subpoena - .2hrs | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1410 | 1013 | Amanda Canning | 9/9/11 | Sep-11 | Prepare e-filing of protective order, E-mails from counsel re same - .6 | | 0.60 | $ 375.00 | $ 225.00 | | |
| 1411 | 1014 | Amanda Canning | 9/9/11 | Sep-11 | review study ticketmaster subpoena and call to attorney re meet and confer - .5 | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1412 | 252 | Gene Feldman | 9/17/11 | Sep-11 | Desimone re: Mazz conference call scheduling | | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1413 | 1015 | Amanda Canning | 9/20/11 | Sep-11 | E-mails to Parks re plaintiffs motions for summary judgment | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1414 | 1016 | Amanda Canning | 9/21/11 | Sep-11 | further processing and e-filing Ticketmaster joint stipulated protective order | | 0.60 | $ 375.00 | $ 225.00 | | Ticketmaster Joint Stipulated Protective Order filed on 9/21/2011 |
| 1415 | 1017 | Amanda Canning | 9/22/11 | Sep-11 | Research and Draft mediation/msj brief | | 7.50 | $ 375.00 | $ 2,812.50 | | |
| 1416 | 707 | James V. DeSimone | 9/23/11 | Sep-11 | meeting w. AC re mediation strategy | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1417 | 1018 | Amanda Canning | 9/23/11 | Sep-11 | Research and Draft mediation/msj brief, meeting with VJD re mediation strategy | | 5.20 | $ 375.00 | $ 1,950.00 | ic | |
| 1418 | 1019 | Amanda Canning | 9/24/11 | Sep-11 | Deposition summary of Beverage and marshal facts | | 5.00 | $ 375.00 | $ 1,875.00 | dg | |
| 1419 | 1020 | Amanda Canning | 9/25/11 | Sep-11 | Research and Draft mediation brief - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | Canning has billed 8.5 hours to summarize Beverage deposition testimony |
| 1420 | 1021 | Amanda Canning | 9/25/11 | Sep-11 | Deposition summary of Beverage- 3.5hrs | Prepare E Mail | 3.50 | $ 375.00 | $ 1,312.50 | dg | |
| 1421 | 175 | Gene Feldman | 9/25/11 | Sep-11 | Jocelyn Alexander re: mediation information | | 0.20 | $ 450.00 | $ 90.00 | | |
| 1422 | 708 | James V. DeSimone | 9/26/11 | Sep-11 | meeting w. AC re: mediation/strategy/ Discovery requests (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 1423 | 709 | James V. DeSimone | 9/26/11 | Sep-11 | emails w. MM and EF (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 1424 | 710 | James V. DeSimone | 9/26/11 | Sep-11 | review and edit Corr. To BGl (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1425 | 1022 | Amanda Canning | 9/26/11 | Sep-11 | Review study discovery on document productions - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | qu | This is the time entry |
| 1426 | 1023 | Amanda Canning | 9/26/11 | Sep-11 | Meeting with VJD re mediation .4 | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 1427 | 1024 | Amanda Canning | 9/26/11 | Sep-11 | Draft meet and confer letter to Gidders - 3hrs | | 3.00 | $ 375.00 | $ 1,125.00 | | |
| 1428 | 1025 | Amanda Canning | 9/26/11 | Sep-11 | Review revise Beverage depo summary - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | dg | |
| 1429 | 1026 | Amanda Canning | 9/26/11 | Sep-11 | Calls/E-mails to/from Mazz re mediation - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 1430 | 1027 | Amanda Canning | 9/26/11 | Sep-11 | site visit of Angels Stadium - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 1431 | 176 | Gene Feldman | 9/26/11 | Sep-11 | Charlebois-Jocelyn Alexander re: mediation information | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1432 | 177 | Gene Feldman | 9/26/11 | Sep-11 | Jocelyn Alexander re: mediation information | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1433 | 178 | Gene Feldman | 9/26/11 | Sep-11 | Amanda Canning re: Mazz conference call | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 1434 | 179 | Gene Feldman | 9/26/11 | Sep-11 | Mazz conference call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |

DA Confidential     1/4/2012

Exhibit B: SOS/HHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1435 | 711 | James V. DeSimone | 9/27/11 | Sep-11 | review and edit meet and confer ltr (.2) | | 0.20 | $650.00 | $130.00 | ic qu | |
| 1436 | 712 | James V. DeSimone | 9/27/11 | Sep-11 | mtg. W/ AC (.2) | | 0.20 | $650.00 | $130.00 | ic qu | |
| 1437 | 1028 | Amanda Canning | 9/27/11 | Sep-11 | Review documents and revise discovery letter to Giddens and Call to Gidden<1-3hrs | | 1.30 | $375.00 | $487.50 | | |
| 1438 | 1029 | Amanda Canning | 9/27/11 | Sep-11 | Draft stipulation to continue discovery cut off-.9hrs | | 0.90 | $375.00 | $337.50 | | |
| 1439 | 1030 | Amanda Canning | 9/27/11 | Sep-11 | Review/study Ticketmaster document demand, call to Ticketmaster counsel re same, Draft meet and confer letter re same -1.3hrs | | 1.30 | $375.00 | $487.50 | | |
| 1440 | 713 | James V. DeSimone | 9/28/11 | Sep-11 | Review of Beverage dep/summary (.6 hr) | | 0.60 | $650.00 | $390.00 | | |
| 1441 | 1149 | Kai Valenzuela | 9/28/11 | Sep-11 | Scan deposition transcript of PKK into database, provide to lead counsel for preparation | | 2.50 | $125.00 | $312.50 | cl | |
| 1442 | 714 | James V. DeSimone | 9/29/11 | Sep-11 | review of Mazz dec/feasibility analysis (.5) | | 0.50 | $650.00 | $325.00 | | |
| 1443 | 715 | James V. DeSimone | 9/29/11 | Sep-11 | conv. w. MM re: feasibility of Changes (.9) | | 0.90 | $650.00 | $585.00 | | |
| 1444 | 716 | James V. DeSimone | 9/29/11 | Sep-11 | email to DG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1445 | 717 | James V. DeSimone | 9/29/11 | Sep-11 | follow up phone call (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1446 | 718 | James V. DeSimone | 9/29/11 | Sep-11 | review and edit disc. stip. (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 1447 | 719 | James V. DeSimone | 9/29/11 | Sep-11 | follow up email to DG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1448 | 720 | James V. DeSimone | 9/29/11 | Sep-11 | conv. w. ct clerk and follow up (.3); | | 0.30 | $650.00 | $195.00 | qu | |
| 1449 | 721 | James V. DeSimone | 9/29/11 | Sep-11 | Review MM email re: conclusions (.1) | | 0.10 | $650.00 | $65.00 | | |
| 1450 | 722 | James V. DeSimone | 9/29/11 | Sep-11 | Follow up w. KV re: filing (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 1451 | 1150 | Kai Valenzuela | 9/29/11 | Sep-11 | Revise previously filed [Proposed] Protective Order, e-mail to Judge Nakazato | | 1.20 | $125.00 | $150.00 | | |
| 1452 | 1151 | Kai Valenzuela | 9/29/11 | Sep-11 | Revise Joint Stipulation for Discovery Extension, E-file, prepare Chambers copy for both Judge Nakazato and Judge Carter | | 2.50 | $125.00 | $312.50 | | |
| 1453 | 180 | Gene Feldman | 9/29/11 | Sep-11 | Desimone re: Mazz conference call | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1454 | 1152 | Kai Valenzuela | 9/30/11 | Sep-11 | Correspond with Judge Carter's clerk, communicate with Judge Nakazato's clerk | | 0.80 | $125.00 | $100.00 | qu | |
| 1455 | 23 | William Clifton | 10/1/11 | Oct-11 | Ordered pick and delivery of documents from defense counsel to our expert, Mark Mazz | | 0.20 | $125.00 | $25.00 | | |
| 1456 | 24 | William Clifton | 10/1/11 | Oct-11 | Prepared order for records subpoena to non-party re renovations to stadium (.5) | | 0.50 | $125.00 | $62.50 | | |
| 1457 | 25 | William Clifton | 10/1/11 | Oct-11 | drafted Notice of Taking Deposition (.25) | | 0.25 | $125.00 | $31.25 | | |
| 1458 | 1153 | Kai Valenzuela | 10/5/11 | Oct-11 | Receive Order from Judge Carter, save to database, print to hard file | | 0.50 | $125.00 | $62.50 | cl | |
| 1459 | 723 | James V. DeSimone | 10/6/11 | Oct-11 | Memo to AC and EF re: mediation brief// settlement Strategy (.7) | | 0.70 | $650.00 | $455.00 | im | |
| 1460 | 724 | James V. DeSimone | 10/6/11 | Oct-11 | follow up W EF (.2) | | 0.20 | $650.00 | $130.00 | ic qu | |
| 1461 | 181 | Gene Feldman | 10/6/11 | Oct-11 | Desimone re: settlement proposal | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1462 | 182 | Gene Feldman | 10/6/11 | Oct-11 | Desimone re: settlement proposal | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1463 | 26 | William Clifton | 10/7/11 | Oct-11 | PKK depo ntcs | | 0.20 | $125.00 | $25.00 | cl | |
| 1464 | 1031 | Amanda Canning | 10/9/11 | Oct-11 | Research and Draft mediation brief | | 1.50 | $375.00 | $562.50 | | |
| 1465 | 725 | James V. DeSimone | 10/10/11 | Oct-11 | review Confidentiality agreement Re: Ticketmaster (.2) | | 0.20 | $650.00 | $130.00 | | |
| 1466 | 726 | James V. DeSimone | 10/10/11 | Oct-11 | review D's Response and AC changes (.1) | | 0.10 | $650.00 | $65.00 | | |
| 1467 | 727 | James V. DeSimone | 10/10/11 | Oct-11 | Mtg. W. AC re: mediation brief (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 1468 | 1032 | Amanda Canning | 10/10/11 | Oct-11 | Research and Draft mediation brief - 8.7hrs | | 8.70 | $375.00 | $3,262.50 | cl | |
| 1469 | 1033 | Amanda Canning | 10/10/11 | Oct-11 | Meeting with VD/ re mediation brief-.3 hrs | | 0.30 | $375.00 | $112.50 | ic | |
| 1470 | 1034 | Amanda Canning | 10/10/11 | Oct-11 | Review revise stipulation and order re ticketmaster confidentiality agreement, E-mails/Calls to/from counsel and further processing re same - 1.1hrs | | 1.10 | $375.00 | $412.50 | | |

Angels / Chariebois

Exhibit B: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1471 | 1035 | Amanda Canning | 10/11/11 | Oct-11 | Research and Draft mediation brief - 11.4hrs | | 11.40 | $ 375.00 | $ 4,275.00 | | In 2 consecutive days, Amanda Canning has billed 20.10 hours to "research and draft Mediation Brief" |
| 1472 | 1036 | Amanda Canning | 10/11/11 | Oct-11 | Review revise stipulation and order re ticketmaster confidentiality agreement, E-mails/Calls to/from counsel re same - 9hrs | | 0.90 | $ 375.00 | $ 337.50 | | |
| 1473 | 183 | Gene Feldman | 10/11/11 | Oct-11 | Desimone re: Mazz conference call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1474 | 728 | James V. DeSimone | 10/12/11 | Oct-11 | Reviewed BG email and attached Engineering report (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 1475 | 729 | James V. DeSimone | 10/12/11 | Oct-11 | reviewed And edited draft mediation brief (1.4) | | 1.40 | $ 650.00 | $ 910.00 | | |
| 1476 | 790 | James V. DeSimone | 10/12/11 | Oct-11 | emails w. EF, NN & AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 1477 | 1037 | Amanda Canning | 10/12/11 | Oct-11 | Research and Draft mediation brief- 3.5hrs | | 3.50 | $ 375.00 | $ 1,312.50 | | |
| 1478 | 1038 | Amanda Canning | 10/12/11 | Oct-11 | E-mail from Giddens re engineer expert report; Review study and analysis of same - 8hrs | | 0.80 | $ 375.00 | $ 300.00 | | |
| 1479 | 184 | Gene Feldman | 10/12/11 | Oct-11 | Review Seating Report from Critical Structures | Review | 0.40 | $ 450.00 | $ 180.00 | | |
| 1480 | 731 | James V. DeSimone | 10/13/11 | Oct-11 | mtg w. AC re: mediation brief (.4 hr) | | 4.00 | $ 650.00 | $ 2,600.00 | ic | |
| 1481 | 732 | James V. DeSimone | 10/13/11 | Oct-11 | Review of report (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1482 | 733 | James V. DeSimone | 10/13/11 | Oct-11 | conv. W. AC re strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1483 | 734 | James V. DeSimone | 10/13/11 | Oct-11 | conv. W. E,F, MX, & AC (.7) | | 0.70 | $ 650.00 | $ 455.00 | qu | |
| 1484 | 735 | James V. DeSimone | 10/13/11 | Oct-11 | Emails w. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1485 | 1039 | Amanda Canning | 10/13/11 | Oct-11 | Call with expert re defense proposal - .7hrs | | 0.70 | $ 375.00 | $ 262.50 | | |
| 1486 | 1040 | Amanda Canning | 10/13/11 | Oct-11 | Call to Greco re discovery, E-mails from Greco re same, Review study discovery responses and further processing - 1.1hrs | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1487 | 1041 | Amanda Canning | 10/13/11 | Oct-11 | Research and Draft mediation brief - 8.2hrs | | 8.20 | $ 375.00 | $ 3,075.00 | | |
| 1488 | 1042 | Amanda Canning | 10/13/11 | Oct-11 | Call with Counsel= .7 hrs | | 0.70 | $ 375.00 | $ 262.50 | qu | |
| 1489 | 1154 | Kai Valenzuela | 10/13/11 | Oct-11 | Research James stamped documents produced | | 0.50 | $ 125.00 | $ 62.50 | qu | |
| 1490 | 185 | Gene Feldman | 10/13/11 | Oct-11 | Mazz, Canning & Desimone re: defense report | Phone Call | 0.60 | $ 450.00 | $ 270.00 | | Conference call with expert Michael Mazza |
| 1491 | 736 | James V. DeSimone | 10/14/11 | Oct-11 | Reviewed and edited Mediation Brief (1.8) | | 1.80 | $ 650.00 | $ 1,170.00 | | |
| 1492 | 737 | James V. DeSimone | 10/14/11 | Oct-11 | follow up team emails re: strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1493 | 1043 | Amanda Canning | 10/14/11 | Oct-11 | Research and draft mediation brief; review documents re same, prepare materials re same (6.8) | | 6.80 | $ 375.00 | $ 2,550.00 | | |
| 1494 | 1044 | Amanda Canning | 10/14/11 | Oct-11 | Email re expert from Giddens (1) | | 0.10 | $ 375.00 | $ 37.50 | | |
| 1495 | 1257 | Michael D. Seplow | 10/14/11 | Oct-11 | Disc w AC re MST (.1) | | 0.10 | $ 600.00 | $ 60.00 | ic | |
| 1496 | 253 | Gene Feldman | 10/14/11 | Oct-11 | Draft mediation brief section on Angels economic capacity to pay for stadium modifications | Draft | 0.30 | $ 450.00 | $ 135.00 | | |
| 1497 | 254 | Gene Feldman | 10/14/11 | Oct-11 | Canning re: brief action on Angels economic capacity to pay for stadium modifications | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1498 | 255 | Gene Feldman | 10/14/11 | Oct-11 | Giddens re: expert report questions from Desimone | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1499 | 738 | James V. DeSimone | 10/15/11 | Oct-11 | team emails re: strategy | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 1500 | 843 | Amanda Canning | 10/15/11 | Oct-11 | emails with team re expert visit | | 0.20 | $ 375.00 | $ 75.00 | im | |
| 1501 | 739 | James V. DeSimone | 10/16/11 | Oct-11 | review MX changes to Mediation Brief/ follow up email exchange (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1502 | 1045 | Amanda Canning | 10/16/11 | Oct-11 | Research and draft mediation brief | | 2.50 | $ 375.00 | $ 937.50 | | |
| 1503 | 1258 | Michael D. Seplow | 10/16/11 | Oct-11 | rev and edit mediation brief (1.5) | | 1.50 | $ 600.00 | $ 900.00 | | Michael Seplow has begun to "rev and edit mediation brief" |
| 1504 | 1259 | Michael D. Seplow | 10/16/11 | Oct-11 | em VfD, AC, QF re Mediation Brief (.3) | | 0.30 | $ 600.00 | $ 180.00 | im | |
| 1505 | 740 | James V. DeSimone | 10/17/11 | Oct-11 | Finalize mediation brief | | 1.30 | $ 650.00 | $ 845.00 | | |
| 1506 | 1046 | Amanda Canning | 10/17/11 | Oct-11 | Research and Draft mediation brief | | 6.60 | $ 375.00 | $ 2,475.00 | | |

Angius / Charlebois

Confidential

Exhibit B: SDS-HH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 1507 | 1260 | Michael D. Seplow | 10/17/11 | Oct-11 | rev mediation brief (.3) | | 0.30 | $ 600.00 | $ 180.00 | | How substantive was Mediation Brief? Amanda Canning alone has billed 57.80 hours to research and draft same from 9/25/2011 to 10/18/2011. Per her time entries, Mediation Brief was finalized on 10/18/2011 |
| 1508 | 1047 | Amanda Canning | 10/18/11 | Oct-11 | Research and draft and finalize mediation brief | | 5.80 | $ 375.00 | $ 2,175.00 | | |
| 1509 | 1261 | Michael D. Seplow | 10/18/11 | Oct-11 | revise and edit mediation brief (2.0) | | 2.00 | $ 600.00 | $ 1,200.00 | | |
| 1510 | 1262 | Michael D. Seplow | 10/18/11 | Oct-11 | disc w VID and AC (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic qu | |
| 1511 | 1263 | Michael D. Seplow | 10/18/11 | Oct-11 | rev VID em (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 1512 | 847 | Amanda Canning | 10/19/11 | Oct-11 | memo re DOJ guidelines, review documents/research and draft settlement offer letter to Gliders | | 3.10 | $ 375.00 | $ 1,162.50 | im | |
| 1513 | 1264 | Michael D. Seplow | 10/19/11 | Oct-11 | Disc AC re mediation (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 1514 | 1265 | Michael D. Seplow | 10/19/11 | Oct-11 | disc w VID re mediation (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 1515 | 1266 | Michael D. Seplow | 10/20/11 | Oct-11 | disc w AC re MSJ (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 1516 | 1267 | Michael D. Seplow | 10/20/11 | Oct-11 | disc w VID and AC re MSJ and mediation (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 1517 | 112 | James V. DeSimone | 10/21/11 | Oct-11 | corr. W. JPC (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1518 | 113 | James V. DeSimone | 10/21/11 | Oct-11 | case and Doc review (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1519 | 114 | James V. DeSimone | 10/21/11 | Oct-11 | finalize letter To Artie Moreno (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1520 | 851 | Amanda Canning | 10/21/11 | Oct-11 | draft VID declaration for mtn for class cert | | 0.60 | $ 375.00 | $ 225.00 | | |
| 1521 | 89 | Jonathan Cotton | 11/12/11 | Nov-11 | Draft list of Declarations used in P's Mediation Brief | | 0.50 | $ 125.00 | $ 62.50 | | |
| | 1521 | | | | subtotals | | 1325.70 | | $ 523,332.50 | | |
| | | | | | Check totals/avg. rate | | 1325.70 | $ 394.76 | $ 523,332.50 | | |
| | 1509 entries less 12 expense entries | | | | Avg. time and fee entries | | 0.88 | | $ 346.81 | | |
| | | | | | | | | | | | |
| | 252 | | | | Before complaint filed 6/15/201C | | 155.60 | 12% | $ 76,292.50 | 15% | |
| | | | | | | | | | | | |
| | | | | | im | | 102.70 | | $ 49,850.00 | | |
| | | | | | ic | | 240.40 | | $ 107,952.50 | | |
| | | | | | qu | | 221.60 | | $ 92,282.50 | | |
| | | | | | d | | 50.90 | | $ 6,882.50 | | |
| | | | | | rig | | 9.00 | | $ 3,375.00 | | |
| | | | | | tr | | 18.30 | | $ 11,895.00 | | |
| | | | | | | | | | | | |
| | | | | | ic or im | | 326.70 | | $ 151,257.50 | | |
| | | | | | | | | | | | |
| | | | | | non blanks | | 559.50 | | $ 233,165.00 | | |
| | | | | | blanks | | 766.20 | | $ 290,167.50 | | |
| | | | | | | | 1325.70 | | $ 523,332.50 | | |
| | | | | | | | | | | | |
| | | | | | depo | | 88.35 | | $ 34,721.25 | | |
| | | | | | Canning uncoded | | 298.90 | | $ 112,087.50 | | |
| | | | | | DeSimone uncoded | | 150.70 | | $ 97,555.00 | | |
| | | | | | DeSimone uncoded at 450 | | 150.70 | $ 450.00 | $ 67,815.00 | | |
| | | | | | Valenzuela uncoded | | 162.60 | | $ 20,325.00 | | |
| | | | | | | | | | | | |
| | | | | | adjusted fees | | | | $ 200,227.50 | | |
| | | | | | | | | | $ 42,440.76 | | |
| | | | | | expenses | | | | $ 242,668.26 | | |

1/4/2012

Angeis / Charlebois

Exhibit B: SDSI-HH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|------------------------------------|-------|------|------|-------|----------|
| | | | | | claimed fees | | | | $ 523,332.50 | | |
| | | | | | percent original claim | | | | 38% | | |

# EXHIBIT C

Angels / Charlebois

**Exhibit C**  Confidential

| DA Client: | Angels Baseball LP |
| Legal Bill Review: | Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP and Feldman |
| Matter: | Charlebois v. Angels Baseball LP, Case # 10-853 (C.D. Cal.) |
| All Fees | Timekeeper Chron |

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|------------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 152 | 741 | Amanda Canning | 4/23/10 | Apr-10 | Review strategy re complaint, Research and legal analysis re same - 4hrs | | 4.00 | $ 375.00 | $ 1,500.00 | | |
| 153 | 742 | Amanda Canning | 4/23/10 | Apr-10 | Review facts and Review strategy with DeSimone and Seplow- 1 hr | | 1.00 | $ 375.00 | $ 375.00 | ic | |
| 157 | 743 | Amanda Canning | 4/27/10 | Apr-10 | Review documents | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 160 | 744 | Amanda Canning | 5/13/10 | May-10 | Research re complaint | | 1.00 | $ 375.00 | $ 375.00 | | |
| 161 | 745 | Amanda Canning | 5/18/10 | May-10 | Research and Draft complaint | | 9.20 | $ 375.00 | $ 3,450.00 | | |
| 162 | 746 | Amanda Canning | 5/24/10 | May-10 | Research and Draft complaint | | 3.90 | $ 375.00 | $ 1,462.50 | | |
| 166 | 747 | Amanda Canning | 5/26/10 | May-10 | Review strategy with DeSimone | | 0.50 | $ 375.00 | $ 187.50 | ic | |
| 169 | 748 | Amanda Canning | 5/27/10 | May-10 | Review revise complaint | | 4.00 | $ 375.00 | $ 1,500.00 | | Canning revisions to Complaint continue |
| 187 | 749 | Amanda Canning | 6/2/10 | Jun-10 | Research re incentive award and Draft memo - 6.4hrs | | 0.80 | $ 375.00 | $ 300.00 | ic | |
| 188 | 750 | Amanda Canning | 6/2/10 | Jun-10 | Research re service award for Charlebois and E-mails to disability groups re same - 6hrs | | 6.40 | $ 375.00 | $ 2,400.00 | im | |
| 199 | 751 | Amanda Canning | 6/3/10 | Jun-10 | Draft complaint - 8hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 200 | 752 | Amanda Canning | 6/3/10 | Jun-10 | Conference with DeSimone re Changes to lawsuit -2hrs | | 0.80 | $ 375.00 | $ 300.00 | | AC "Draft Complaint" work continues in June |
| 201 | 753 | Amanda Canning | 6/3/10 | Jun-10 | Meeting with DeSimone regarding changes to lawsuit | | 0.20 | $ 375.00 | $ 75.00 | ic | |
| 209 | 754 | Amanda Canning | 6/4/10 | Jun-10 | Draft complaint | | 0.20 | $ 375.00 | $ 75.00 | | |
| 215 | 755 | Amanda Canning | 6/6/10 | Jun-10 | Draft complaint | | 2.80 | $ 375.00 | $ 1,050.00 | | |
| 219 | 756 | Amanda Canning | 6/7/10 | Jun-10 | Research and Draft complaint; Discussion with MS and VID re revised Complaint | | 4.10 | $ 375.00 | $ 1,537.50 | ic | |
| 224 | 757 | Amanda Canning | 6/8/10 | Jun-10 | Research and Draft complaint | | 2.50 | $ 375.00 | $ 937.50 | | |
| 228 | 758 | Amanda Canning | 6/9/10 | Jun-10 | Discuss Complaint with DeSimone | | 0.20 | $ 375.00 | $ 75.00 | ic | |
| 234 | 759 | Amanda Canning | 6/10/10 | Jun-10 | Review revise complaint, Review strategy with DeSimone | | 0.60 | $ 375.00 | $ 225.00 | ic | |
| 248 | 760 | Amanda Canning | 6/14/10 | Jun-10 | Call to Klassen - 3hrs | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 249 | 761 | Amanda Canning | 6/14/10 | Jun-10 | Discussion with DeSimone -1hrs | | 0.10 | $ 375.00 | $ 37.50 | ic qu | |
| 250 | 762 | Amanda Canning | 6/14/10 | Jun-10 | Draft press release and Review revise complaint - 2.4hrs | | 2.40 | $ 375.00 | $ 900.00 | | |
| 256 | 763 | Amanda Canning | 6/15/10 | Jun-10 | Review revise press release and further processing further processing re news coverage | | 2.00 | $ 375.00 | $ 750.00 | qu | press release |
| 262 | 764 | Amanda Canning | 6/16/10 | Jun-10 | Review study correspondence from prospective plaintiff | | 0.50 | $ 375.00 | $ 187.50 | qu | press release |
| 285 | 765 | Amanda Canning | 6/23/10 | Jun-10 | Review study Weirich survey | | 0.30 | $ 375.00 | $ 112.50 | | press |
| 287 | 766 | Amanda Canning | 6/24/10 | Jun-10 | Call to Klassen and Draft declaration | | 0.50 | $ 375.00 | $ 187.50 | | |
| 267 | 767 | Amanda Canning | 6/25/10 | Jun-10 | Draft Klassen declaration, E-mail to Klassen | | 2.00 | $ 375.00 | $ 750.00 | qu | |
| 303 | 768 | Amanda Canning | 7/26/10 | Jul-10 | Draft Klassen declaration - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 304 | 769 | Amanda Canning | 7/26/10 | Jul-10 | Draft Care declaration - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 308 | 770 | Amanda Canning | 7/27/10 | Jul-10 | Research re regulations, Draft Care declaration, Calls to/from and E- mails to Cane re declaration, Review strategy with DeSimone | | 2.10 | $ 375.00 | $ 787.50 | ic | |
| 313 | 771 | Amanda Canning | 7/28/10 | Jul-10 | Conference with VID | | 0.10 | $ 375.00 | $ 37.50 | ic qu | |
| 314 | 772 | Amanda Canning | 7/29/10 | Jul-10 | Research re recusal and ADA regus and Review strategy and provide instructions to paralegal | | 1.50 | $ 375.00 | $ 562.50 | ic | |

**Exhibit C**

DA Confidential

1/4/2012

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 324 | 773 | Amanda Canning | 8/2/10 | Aug-10 | Review facts, Calls to experts | | 1.00 | $375.00 | $375.00 | qu | |
| 329 | 774 | Amanda Canning | 8/3/10 | Aug-10 | Call from Mazi (expert), Draft memo - 1hr | | 1.00 | $375.00 | $375.00 | qu | |
| 330 | 775 | Amanda Canning | 8/3/10 | Aug-10 | Call from Hecker, Draft memo - .5hrs | | 0.50 | $375.00 | $187.50 | qu | |
| 338 | 776 | Amanda Canning | 8/5/10 | Aug-10 | Call from Marinelli and Beasley and Draft memos for both | | 2.90 | $375.00 | $1,087.50 | | |
| 356 | 777 | Amanda Canning | 8/5/10 | Aug-10 | FP re expert documents - 2hrs | | 0.20 | $375.00 | $75.00 | | This is the time entry |
| 357 | 778 | Amanda Canning | 8/10/10 | Aug-10 | R and DR Request for Recusal and FP re e-filings - 1hrs | | 1.00 | $375.00 | $375.00 | qu | |
| 358 | 779 | Amanda Canning | 8/10/10 | Aug-10 | RSTR w VJD re experts - .6hrs | | 0.60 | $375.00 | $225.00 | ic | |
| 367 | 780 | Amanda Canning | 8/11/10 | Aug-10 | Review revise Chariebois recusal - .5hrs | | 0.50 | $375.00 | $187.50 | | |
| 368 | 781 | Amanda Canning | 8/11/10 | Aug-10 | Review strategy and Review revise letter to opp counsel - .8hrs | | 0.80 | $375.00 | $300.00 | | |
| 378 | 782 | Amanda Canning | 8/12/10 | Aug-10 | Follow-up with VJD | | 0.20 | $375.00 | $75.00 | ic qu | |
| 389 | 783 | Amanda Canning | 8/31/10 | Aug-10 | Calls from experts Beasley and McGuire | | 0.20 | $375.00 | $75.00 | qu | |
| 391 | 784 | Amanda Canning | 9/1/10 | Sep-10 | Review study court orders, Research re Rule 26 obligations/Chamber rules - 1.5hrs | | 1.50 | $375.00 | $562.50 | | |
| 392 | 785 | Amanda Canning | 9/1/10 | Sep-10 | Calls from experts - .3hrs | | 0.30 | $375.00 | $112.50 | ic | |
| 398 | 786 | Amanda Canning | 9/8/10 | Sep-10 | Research re deadlines - 1.1hrs | | 1.10 | $375.00 | $412.50 | | |
| 399 | 787 | Amanda Canning | 9/8/10 | Sep-10 | meeting with VJD - .2 hrs | | 0.20 | $375.00 | $75.00 | ic qu | |
| 406 | 788 | Amanda Canning | 9/9/10 | Sep-10 | Draft stipulation re class certification - 2.1 hrs | | 2.10 | $375.00 | $787.50 | | |
| 407 | 789 | Amanda Canning | 9/9/10 | Sep-10 | Discussion with VJD re stipulation - .1 hrs | | 0.10 | $375.00 | $37.50 | | |
| 411 | 790 | Amanda Canning | 9/10/10 | Sep-10 | Meeting with VJD re strategy | | 0.10 | $375.00 | $37.50 | ic | |
| 416 | 791 | Amanda Canning | 9/13/10 | Sep-10 | Preparation for Rule 26(f) conference, Draft and serve discovery, Review strategy with DeSimone | | 4.80 | $375.00 | $1,800.00 | ic | |
| 418 | 792 | Amanda Canning | 9/14/10 | Sep-10 | Draft stipulation to continue motion for class certification and further processing | | 1.00 | $375.00 | $375.00 | | |
| 422 | 793 | Amanda Canning | 9/15/10 | Sep-10 | Discussion with VJD re stipulation | | 0.20 | $375.00 | $75.00 | ic | |
| 424 | 794 | Amanda Canning | 9/16/10 | Sep-10 | Review/revise stipulation to continue motion for class certification | | 0.50 | $375.00 | $187.50 | | |
| 432 | 795 | Amanda Canning | 9/20/10 | Sep-10 | Draft and Prepare Rule 26 Discovery Plan report, E-mails to/from opposing counsel re same, Review strategy with DeSimone re same | | 5.50 | $375.00 | $2,062.50 | ic | |
| | 796 | Amanda Canning | 9/21/10 | Sep-10 | E-mails to counsel re Rule 26 report | | 0.30 | $375.00 | $112.50 | | |
| 436 | 797 | Amanda Canning | 9/22/10 | Sep-10 | E-mails to/from counsel re Rule 26 report, Review study defendants' Draft of Rule 26 report, and further processing re same | | 0.70 | $375.00 | $262.50 | | |
| 443 | 798 | Amanda Canning | 9/23/10 | Sep-10 | E-mails/Calls to/from opposing counsel re Joint Rule 26(f) report, Review and revise same, Prepare for e-filing - 2hrs | | 2.00 | $375.00 | $750.00 | | |
| 444 | 799 | Amanda Canning | 9/23/10 | Sep-10 | Review study Order to continue motion for class cert, Review strategy re same - .3hrs | | 0.30 | $375.00 | $112.50 | | |
| 445 | 800 | Amanda Canning | 9/23/10 | Sep-10 | Calls/E-mails to/from Feldman re motion for class cert - .3hrs | | 0.30 | $375.00 | $112.50 | ic im | |
| 456 | 801 | Amanda Canning | 9/24/10 | Sep-10 | Review strategy with DeSimone, E-mails to Feldman/Harris re PMK depos, Draft PMK notices of deposition - 4.3hrs | | 4.30 | $375.00 | $1,612.50 | ic im | |
| 457 | 802 | Amanda Canning | 9/24/10 | Sep-10 | E-mails to/from counsel re motion for class cert - .4.hrs | | 0.40 | $375.00 | $150.00 | im | |
| 472 | 803 | Amanda Canning | 9/27/10 | Sep-10 | Draft Rule 26(a) report, Review documents to produce in same, Calls to/from Feldman re same - 3.5hrs | | 3.50 | $375.00 | $1,312.50 | ic | Counsel referred to in time entry is Gene Feldman |

Angies / Charlebois

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 473 | 804 | Amanda Canning | 9/27/10 | Sep-10 | Calls to/from E-mails to/from Greco re discovery production and initial disclosures - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 474 | 805 | Amanda Canning | 9/27/10 | Sep-10 | Research re motion for class certification - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 475 | 806 | Amanda Canning | 9/27/10 | Sep-10 | Review study class declarations - .3 hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 476 | 807 | Amanda Canning | 9/27/10 | Sep-10 | E-mails to/from expert e documents - .2hrs | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 477 | 808 | Amanda Canning | 9/27/10 | Sep-10 | Review study Defendants' initial disclosure report and Draft memo - .4hrs | | 0.40 | $ 375.00 | $ 150.00 | im | |
| 483 | 809 | Amanda Canning | 9/28/10 | Sep-10 | Review study defendant document production, further processing re expert Reviewing documents - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 484 | 810 | Amanda Canning | 9/28/10 | Sep-10 | Call from Greco re PMK document demands, Research re same, Call to Feldman re same - 1.1hrs | | 1.60 | $ 375.00 | $ 600.00 | | |
| 485 | 811 | Amanda Canning | 9/28/10 | Sep-10 | E-mail to Mazz re documents - 1hr | | 1.10 | $ 375.00 | $ 412.50 | ic | |
| 486 | 812 | Amanda Canning | 9/28/10 | | Calls/E-mails to/from Mazz and Feldman re documents, Review strategy re documents, expert retainer, Review study joint Rule 26(f) report - 2.9hrs | | 0.10 | $ 375.00 | $ 37.50 | | |
| 494 | 813 | Amanda Canning | 9/29/10 | Sep-10 | Research re motion for class certification - 2.5hrs | | 2.90 | $ 375.00 | $ 1,087.50 | ic im | |
| 495 | 814 | Amanda Canning | 9/29/10 | Sep-10 | Research re subpoenaing business records and Review strategy -1.2hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 496 | 815 | Amanda Canning | 9/29/10 | Sep-10 | E-mails/Calls to/from Feldman re PMKs, motion, documents - 1.4hrs | | 1.20 | $ 375.00 | $ 450.00 | | |
| 506 | 816 | Amanda Canning | 9/30/10 | Sep-10 | Research and Calls re subpoenaing construction company - 1.5hrs | | 1.40 | $ 375.00 | $ 525.00 | ic im | |
| 507 | 817 | Amanda Canning | 9/30/10 | Sep-10 | Research and Calls re subpoenaing construction company - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | qu | |
| 508 | 818 | Amanda Canning | 9/30/10 | | Research and Draft Inspection of Real Property demand, Calls/Emails to/from Mazz re same, Review documents and determine which documents have not been produced, Research and Draft meet and confer letter to Giddens re inspection and documents, Review strategy with DeSimone, Draft memorializing letter-4hrs | | 4.00 | $ 375.00 | $ 1,500.00 | ic | |
| 509 | 819 | Amanda Canning | 9/30/10 | | Research and Draft motion - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | qu | |
| 510 | 820 | Amanda Canning | 9/30/10 | Sep-10 | Calls from Greco re PMK depositions, Further processing re same - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 517 | 821 | Amanda Canning | 10/1/10 | Oct-10 | Calls to/from and E-mails to/from experts, Calls to/from Disability Rights center re experts, Review strategy with DeSimone, further processing documents for experts, Calls to/from Greco and E-mails to/from Giddens re documents for experts and PMK depositions - 6.2hrs | | 6.20 | $ 375.00 | $ 2,325.00 | ic qu | |
| 518 | 822 | Amanda Canning | 10/1/10 | Oct-10 | Calls to/from Feldman, Review strategy with DeSimone, direct paralegal re Research and Draft motion for class cert - 1.8hrs | | 1.80 | $ 375.00 | $ 675.00 | ic qu | |
| 533 | 823 | Amanda Canning | 10/4/10 | Oct-10 | Research re ascertainability and memo to DeSimone re same - .7hrs | | 0.70 | $ 375.00 | $ 262.50 | im | |
| 534 | 824 | Amanda Canning | 10/4/10 | Oct-10 | Calls to/from DeSimone re Status Conference hearing, Call to court clerk - .9hrs | | 0.90 | $ 375.00 | $ 337.50 | ic | |

1/4/2012

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 535 | 825 | Amanda Canning | 10/4/10 | Oct-10 | Calls to/from Mazz re site visit/documents, Review strategy with DeSimone re same, E-mails to/from Gidders re same - 1.1 | | 1.10 | $ 375.00 | $ 412.50 | ic | |
| 540 | 826 | Amanda Canning | 10/5/10 | Oct-10 | Calls/E-mails to/from Chasworth re declaration, Review study and legal/factual analysis of declaration - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 541 | 827 | Amanda Canning | 10/5/10 | Oct-10 | E-mails to disability statisticians and advocates re numerosity - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 544 | 828 | Amanda Canning | 10/6/10 | Oct-10 | Research and Draft Disney subpoena | | 1.50 | $ 375.00 | $ 562.50 | | |
| 549 | 829 | Amanda Canning | 10/7/10 | Oct-10 | Call from Greco re document demands and Research re same - .9hrs | | 0.90 | $ 375.00 | $ 337.50 | | |
| 550 | 830 | Amanda Canning | 10/7/10 | Oct-10 | Research re mediators, E-mails to Perlman, Renick re same - 2.1hrs | | 2.10 | $ 375.00 | $ 787.50 | | |
| 551 | 831 | Amanda Canning | 10/7/10 | Oct-10 | further processing re Disney subpoena - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 552 | 832 | Amanda Canning | 10/7/10 | Oct-10 | Review strategy and Draft letter to Giddens re Populus subpoena - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 557 | 833 | Amanda Canning | 10/8/10 | Oct-10 | Research and Review strategy re Populus subpoena - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 558 | 834 | Amanda Canning | 10/8/10 | Oct-10 | Research re mediators, Calls to Larson, Haideman, E-mails to/from opp counsel re same - 4.5hrs | | 4.50 | $ 375.00 | $ 1,687.50 | qu | |
| 559 | 835 | Amanda Canning | 10/8/10 | Oct-10 | Research re Disney subpoena - .9hrs | | 0.90 | $ 375.00 | $ 337.50 | | |
| 560 | 836 | Amanda Canning | 10/8/10 | Oct-10 | Review strategy with ViD- .2 | | 0.20 | $ 375.00 | $ 75.00 | ic | |
| 561 | 837 | Amanda Canning | 10/8/10 | Oct-10 | Research and Draft E-mail to Giddens re documents - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 565 | 838 | Amanda Canning | 10/12/10 | Oct-10 | E-mails re site visit | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 569 | 839 | Amanda Canning | 10/13/10 | Oct-10 | Review strategy with DeSimone re discovery | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 576 | 840 | Amanda Canning | 10/14/10 | Oct-10 | Review strategy with DeSimone and Draft memo with discovery and motion plan - 1.2hrs | | 1.20 | $ 375.00 | $ 450.00 | ic im | |
| 577 | 841 | Amanda Canning | 10/14/10 | Oct-10 | Research re mediators, Calls to/from Larson, Draft E-mail to opp counsel - 1.3 | | 1.30 | $ 375.00 | $ 487.50 | qu | |
| 578 | 842 | Amanda Canning | 10/14/10 | Oct-10 | Research and Draft interrogatories, E-mails to/from Mazz -Call from Greco re discovery responses and action - 2 | | 2.00 | $ 375.00 | $ 750.00 | qu | |
| 590 | 844 | Amanda Canning | 10/18/10 | Oct-10 | Research DOJ guidelines and standards, Draft letter to Giddens re status of litigation and Plaintiffs demands - 4.5hr | | 4.50 | $ 375.00 | $ 1,687.50 | | |
| 591 | 845 | Amanda Canning | 10/18/10 | Oct-10 | Calls to/from Mazz - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | qu | |
| 592 | 846 | Amanda Canning | 10/18/10 | Oct-10 | E-mails to/from counsel, Review strategy, Research and Draft Ntc re Private Mediator - 1.3hrs | | 1.30 | $ 375.00 | $ 487.50 | | |
| 605 | 848 | Amanda Canning | 10/20/10 | Oct-10 | Call from Jennifer Coleman re extension or subpoena - .2 | | 0.20 | $ 375.00 | $ 75.00 | | |
| 606 | 849 | Amanda Canning | 10/20/10 | Oct-10 | review documents/research and draft settlement offer letter to Gidders - 2.2 | | 2.20 | $ 375.00 | $ 825.00 | | |
| 607 | 850 | Amanda Canning | 10/20/10 | Oct-10 | emails to/from Mazz re report - .3 | | 0.30 | $ 375.00 | $ 112.50 | | |
| 617 | 852 | Amanda Canning | 10/23/10 | Oct-10 | Draft amended PMK notices or deposition, further processing - RS Disney objections to subpoena, Research re Rule 45 and motion to compel - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 619 | 853 | Amanda Canning | 10/25/10 | Oct-10 | E-mails to/from Greco re document production, further processing re same - .4hrs | | 0.40 | $ 375.00 | $ 150.00 | | |
| 620 | 854 | Amanda Canning | 10/25/10 | Oct-10 | Review study E-mail from Giddens re total WC seating, E-mails to/from Mazz re same, Review strategy, Draft E-mail to Giddens re same - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 621 | 855 | Amanda Canning | 10/25/10 | Oct-10 | Preparation for PMK depositions - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | | |
| 628 | 856 | Amanda Canning | 10/26/10 | Oct-10 | Review documents and preparation for PMK deposition, meeting with VJD re class certification motion. | | 3.50 | $ 375.00 | $ 1,312.50 | ic | |
| 634 | 857 | Amanda Canning | 10/27/10 | Oct-10 | Review strategy with DeSimone re PMK depositions and motion, Emails to/from counsel re same - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 635 | 858 | Amanda Canning | 10/27/10 | Oct-10 | Emails to/from Mazz, Feldman re expert call - .2hrs | | 0.20 | $ 375.00 | $ 75.00 | im | |
| 636 | 859 | Amanda Canning | 10/27/10 | Oct-10 | Calls/emails to/from Greco re PMK depos production of documents and further processing re same - .6hrs | | 0.60 | $ 375.00 | $ 225.00 | | |
| 638 | 860 | Amanda Canning | 10/28/10 | Oct-10 | prep for and conference Call with Mazz/Feldman - 1.8hrs | | 1.80 | $ 375.00 | $ 675.00 | | |
| 641 | 861 | Amanda Canning | 10/29/10 | Oct-10 | review strategy with GF re motion for class cert and memo re same | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 646 | 862 | Amanda Canning | 10/30/10 | Oct-10 | Research and Draft motion | | 2.00 | $ 375.00 | $ 750.00 | | |
| 650 | 863 | Amanda Canning | 10/31/10 | Oct-10 | Research and Draft motion | | 1.30 | $ 375.00 | $ 487.50 | | |
| 656 | 864 | Amanda Canning | 11/1/10 | Nov-10 | Calls to/from Feldman, Research and Draft motion for class cert - 3.5hrs | | 3.50 | $ 375.00 | $ 1,312.50 | ic cju | |
| 657 | 865 | Amanda Canning | 11/1/10 | Nov-10 | Review study documents produced by Angels/Anaheim, Draft memo re same, Review strategy with Feldman re same - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | ic im | |
| 658 | 866 | Amanda Canning | 11/1/10 | Nov-10 | Review revise introduction - 1hr | | 1.00 | $ 375.00 | $ 375.00 | | |
| 659 | 867 | Amanda Canning | 11/1/10 | Nov-10 | Research and Draft letter to counsel re numerosity - 1.5hrs | | 1.50 | $ 375.00 | $ 562.50 | | |
| 660 | 868 | Amanda Canning | 11/1/10 | Nov-10 | Call to Mazz re renovation - .4hrs | | 0.40 | $ 375.00 | $ 150.00 | | |
| 672 | 869 | Amanda Canning | 11/2/10 | Nov-10 | Review strategy re Chasworth declaration, Review revise declaration, Call/E-mails to Chasworth - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 673 | 870 | Amanda Canning | 11/2/10 | Nov-10 | Calls to/from Feldman re motion, Research and Draft motion for class cert - 5.2hrs | | 5.20 | $ 375.00 | $ 1,950.00 | ic | |
| 680 | 871 | Amanda Canning | 11/3/10 | Nov-10 | Emails and calls with Chasworth re numerosity and review study Chasworth report - 2.1hrs | | 2.10 | $ 375.00 | $ 787.50 | | |
| 681 | 872 | Amanda Canning | 11/3/10 | Nov-10 | Research and draft motion for class cert - 6.3hrs | | 6.30 | $ 375.00 | $ 2,362.50 | | |
| 682 | 873 | Amanda Canning | 11/3/10 | Nov-10 | Emails with Mazz and review study Mazz report - 1.1hrs | | 1.10 | $ 375.00 | $ 412.50 | | |
| 689 | 874 | Amanda Canning | 11/4/10 | Nov-10 | Research and draft motion, Research and Review strategy re penalties, Emails to/from Klassen re declaration | | 7.00 | $ 375.00 | $ 2,625.00 | ic | |

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 701 | 875 | Amanda Canning | 11/5/10 | Nov-10 | Review strategy with Seplow, Draft, Research and Review revise motion Calls to Feldman, Draft and finalize Chasworth declaration, Calls to/E-mails to/from Chasworth re declaration, Draft and finalize Klassen declaration, E-mails to/from Klassen re same, Draft and finalize declaration, Call to/E-mails to/from Charlebois re motion and declaration | | 10.00 | $ 375.00 | $ 3,750.00 | ic | This is the time entry |
| 710 | 876 | Amanda Canning | 11/7/10 | Nov-10 | Review strategy with DeSimone and Seplow, Draft, Research and Review revise motion, Draft DeSimone declaration | | 6.00 | $ 375.00 | $ 2,250.00 | ic | |
| 723 | 877 | Amanda Canning | 11/8/10 | Nov-10 | Review strategy with DeSimone, Seplow, Feldman, Research, Draft, Review revise motion, notice of motion, proposed order, DeSimone declaration, Calls/E-mails to Charlebois, Cam, e-file motion - 11hrs | | 11.00 | $ 375.00 | $ 4,125.00 | ic | |
| 724 | 878 | Amanda Canning | 11/8/10 | Nov-10 | Call with Greco re motion for class certification and further processing | | 0.20 | $ 375.00 | 75.00 | | |
| 735 | 879 | Amanda Canning | 11/12/10 | Nov-10 | Call from Greco re discovery responses - 2hrs | | 0.80 | $ 375.00 | 300.00 | | |
| 741 | 880 | Amanda Canning | 11/15/10 | Nov-10 | Meeting with VJD re strategy | | 0.20 | $ 375.00 | 75.00 | ic | |
| 743 | 881 | Amanda Canning | 11/16/10 | Nov-10 | E-mail to Greco re construction documents | | 0.30 | $ 375.00 | 112.50 | | |
| 744 | 882 | Amanda Canning | 11/17/10 | Nov-10 | Review study defendants' objections to interrogatories | | 0.70 | $ 375.00 | 262.50 | | |
| 746 | 883 | Amanda Canning | 11/18/10 | Nov-10 | Calls from Larson's office - 5hrs | | 0.50 | $ 375.00 | 187.50 | qu | |
| 747 | 884 | Amanda Canning | 11/18/10 | Nov-10 | Review revise letter to Disney - 3hrs | | 0.30 | $ 375.00 | 112.50 | | |
| 748 | 885 | Amanda Canning | 11/18/10 | Nov-10 | Review strategy with DeSimone - 5hrs | | 0.50 | $ 375.00 | 187.50 | ic | |
| 751 | 886 | Amanda Canning | 11/22/10 | Nov-10 | Review study defendants' opposition motion for class certification and Review Review Mazz Deci; review with DeSimone. | | 1.50 | $ 375.00 | 562.50 | ic qu | |
| 757 | 887 | Amanda Canning | 11/23/10 | Nov-10 | Meeting with DeSimone re reply brief | | 0.30 | $ 375.00 | 112.50 | ic | |
| 759 | 888 | Amanda Canning | 11/24/10 | Nov-10 | Research and Draft reply | | 7.50 | $ 375.00 | 2,812.50 | qu | |
| 765 | 889 | Amanda Canning | 11/26/10 | Nov-10 | Research and Draft reply | | 1.00 | $ 375.00 | 375.00 | qu | |
| 767 | 890 | Amanda Canning | 11/27/10 | Nov-10 | Research and Draft reply | | 5.30 | $ 375.00 | 1,987.50 | qu | |
| 770 | 891 | Amanda Canning | 11/28/10 | Nov-10 | Research and Draft reply | | 4.00 | $ 375.00 | 1,500.00 | qu | |
| 773 | 892 | Amanda Canning | 11/29/10 | Nov-10 | Research and Draft reply | | 5.00 | $ 375.00 | 1,875.00 | qu | |
| 777 | 893 | Amanda Canning | 11/30/10 | Nov-10 | Discussion with VJD re reply brief | | 0.10 | $ 375.00 | 37.50 | ic | |
| 781 | 894 | Amanda Canning | 12/1/10 | Dec-10 | Research re reply | | 2.00 | $ 375.00 | 750.00 | | |
| 785 | 895 | Amanda Canning | 12/2/10 | Dec-10 | Call from Feldman re Motion to Strike evidentiary objections | | 0.30 | $ 375.00 | 112.50 | ic | |
| 791 | 896 | Amanda Canning | 12/3/10 | Dec-10 | Research and Draft reply; Review with VJD | | 2.50 | $ 375.00 | 937.50 | ic | |
| 796 | 897 | Amanda Canning | 12/4/10 | Dec-10 | Research and Draft reply | | 2.50 | $ 375.00 | 937.50 | qu | |
| 809 | 898 | Amanda Canning | 12/6/10 | Dec-10 | Research, Draft and Review revise Reply brief, Draft objections to Defendant's declarations, and further processing e-filing, review strategy with VJD | | 6.00 | $ 375.00 | 2,250.00 | ic | |
| 815 | 899 | Amanda Canning | 12/7/10 | Dec-10 | Call to prospective class member | | 0.20 | $ 375.00 | 75.00 | | |
| 817 | 900 | Amanda Canning | 12/11/10 | Dec-10 | review court order re class cert | | 0.30 | $ 375.00 | 112.50 | qu | |
| 819 | 901 | Amanda Canning | 12/15/10 | Dec-10 | emails with parties' counsel re mediators | | 0.20 | $ 375.00 | 75.00 | | |
| 823 | 902 | Amanda Canning | 12/22/10 | Dec-10 | Review study Disney discovery documents, Call to Populous, meet and confer re Disney discovery responses, Draft PMTS depo notices, Prepare Motion for Class Cert binders | | 5.70 | $ 375.00 | 2,137.50 | cd | |
| 824 | 903 | Amanda Canning | 12/29/10 | Dec-10 | Call with Disney attorney re subpoena and further processing | | 1.40 | $ 375.00 | 525.00 | | |
| 829 | 904 | Amanda Canning | 1/14/11 | Jan-11 | E-mails to/from counsel re mediation - .5 | | 0.50 | $ 375.00 | 187.50 | qu | |
| 830 | 905 | Amanda Canning | 1/14/11 | Jan-11 | oversee preparation of class cert binders - .4 | | 0.40 | $ 375.00 | 150.00 | | |

1/4/2012

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 838 | 906 | Amanda Canning | 1/18/11 | Jan-11 | assist VID w prep for oral argument for Class Cert-1 | | 1.00 | $ 375.00 | 375.00 | ic | |
| 839 | 907 | Amanda Canning | 1/18/11 | Jan-11 | further processing re oral argument materials - .4 | | 0.40 | $ 375.00 | 150.00 | | |
| 843 | 908 | Amanda Canning | 1/19/11 | Jan-11 | E-mails to/from counsel re mediation | | 0.30 | $ 375.00 | 112.50 | | |
| 850 | 909 | Amanda Canning | 1/21/11 | Jan-11 | prep meeting with VID re class cert hearing | | 1.60 | $ 375.00 | 600.00 | ic | |
| 858 | 910 | Amanda Canning | 1/24/11 | Jan-11 | prep for and appearance at class certification hearing - 6hrs | | 6.00 | $ 375.00 | 2,250.00 | | |
| 859 | 911 | Amanda Canning | 1/24/11 | Jan-11 | conference Call with Giddens and Pearlman and Review strategy w DeSimone -.7hrs | | 0.70 | $ 375.00 | 262.50 | | |
| 867 | 912 | Amanda Canning | 1/25/11 | Jan-11 | Draft survey | | 1.20 | $ 375.00 | 450.00 | | |
| 876 | 913 | Amanda Canning | 1/26/11 | | Call from Feldman - .5hrs | | 0.50 | $ 375.00 | 187.50 | ic qu | |
| 877 | 914 | Amanda Canning | 1/26/11 | Jan-11 | Draft survey, Draft letter to Giddens, Review strategy with DeSimone - 2.1 | | 2.10 | $ 375.00 | 787.50 | ic | |
| 883 | 915 | Amanda Canning | 1/27/11 | Jan-11 | email to Giddens re survey | | 0.10 | $ 375.00 | 37.50 | | |
| 889 | 916 | Amanda Canning | 1/31/11 | Jan-11 | E-mails to/from Mazz | | 0.30 | $ 375.00 | 112.50 | qu | |
| 893 | 917 | Amanda Canning | 2/1/11 | Feb-11 | Draft special interrogatories; discussion w VID re Strategy | | 0.50 | $ 375.00 | 187.50 | ic | |
| 899 | 918 | Amanda Canning | 2/4/11 | Feb-11 | E-mails to/from counsel re survey | | 0.50 | $ 375.00 | 187.50 | | |
| 906 | 919 | Amanda Canning | 2/7/11 | Feb-11 | Emails to/from counsel and DRLC re survey, analysis of defendants' proposed survey, discussion and memo to DeSimone re same and redraft survey | | 3.20 | $ 375.00 | 1,200.00 | ic im | |
| 912 | 920 | Amanda Canning | 2/8/11 | Feb-11 | Review revise survey, E-mails to/from counsel re same | | 0.80 | $ 375.00 | 300.00 | | |
| 921 | 921 | Amanda Canning | 2/18/11 | Feb-11 | Review strategy with DeSimone re survey, E-mails to/from counsel re same, Review documents and Review/revise survey | | 2.50 | $ 375.00 | 937.50 | ic | |
| 938 | 922 | Amanda Canning | 2/22/11 | Feb-11 | Review and revise survey and further processing and Draft meet and confer to Giddens re same; meeting with VID re survey | | 2.50 | $ 375.00 | 937.50 | ic | |
| 941 | 923 | Amanda Canning | 2/23/11 | Feb-11 | review correspondence and survey drafts and emails to/from Giddens re same | | 0.40 | $ 375.00 | 150.00 | | |
| 958 | 924 | Amanda Canning | 3/1/11 | Mar-11 | Review strategy re contact information and mediation and emails between counsel re same - .4hrs | | 0.40 | $ 375.00 | 150.00 | | |
| 959 | 925 | Amanda Canning | 3/1/11 | Mar-11 | Review study class certification hearing transcript and draft memo re same - 1.3hrs | | 1.30 | $ 375.00 | 487.50 | im | |
| 960 | 926 | Amanda Canning | 3/1/11 | Mar-11 | Emails to/from class members re case status - .3hrs | | 0.30 | $ 375.00 | 112.50 | | |
| 967 | 927 | Amanda Canning | 3/2/11 | Mar-11 | Call with Glasberg, class member and draft memo - 1.1hrs | | 1.10 | $ 375.00 | 412.50 | im | |
| 968 | 928 | Amanda Canning | 3/2/11 | Mar-11 | Research re compelling class information/ex parte application - 3.5hrs | | 3.50 | $ 375.00 | 1,312.50 | | |
| 969 | 929 | Amanda Canning | 3/2/11 | Mar-11 | Review strategy and emails between counsel re survey questions -.4hrs | | 0.40 | $ 375.00 | 150.00 | | |
| 975 | 930 | Amanda Canning | 3/3/11 | Mar-11 | motion to compel prep meeting | | 0.70 | $ 375.00 | 262.50 | qu | |
| 981 | 931 | Amanda Canning | 3/4/11 | Mar-11 | emails to/from Greco re defendants' discovery and review study same | | 0.80 | $ 375.00 | 300.00 | | |
| 984 | 932 | Amanda Canning | 3/5/11 | Mar-11 | Research re motion to compel contact info; emails with VID re strategy | | 2.00 | $ 375.00 | 750.00 | im | |
| 986 | 933 | Amanda Canning | 3/6/11 | Mar-11 | Research and Draft ex parte motion to compel contact information | | 4.00 | $ 375.00 | 1,500.00 | | |

Angleis / Charlebois

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 987 | 934 | Amanda Canning | 3/7/11 | Mar-11 | Research and Draft ex parte motion to compel contact info - 2.5 | | 2.50 | $ 375.00 | $ 937.50 | | |
| 988 | 935 | Amanda Canning | 3/7/11 | Mar-11 | Review study interrogatory responses - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 990 | 936 | Amanda Canning | 3/8/11 | Mar-11 | Research and Draft ex parte motion to compel contact info- 8.4hrs | | 8.40 | $ 375.00 | $ 3,150.00 | | |
| 991 | 937 | Amanda Canning | 3/8/11 | Mar-11 | Research and Draft ex parte motion to compel meeting with VJD re ex parte - .3 hrs | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 998 | 938 | Amanda Canning | 3/9/11 | Mar-11 | Research and Draft ex parte motion to compel contact info | | 8.50 | $ 375.00 | $ 3,187.50 | | |
| 1016 | 939 | Amanda Canning | 3/15/11 | Mar-11 | Call to/from Glasbergen re declaration | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1021 | 940 | Amanda Canning | 3/16/11 | Mar-11 | Research and Draft meet and confer letter to Giddens | | 3.00 | $ 375.00 | $ 1,125.00 | | |
| 1026 | 941 | Amanda Canning | 3/17/11 | Mar-11 | review and revise and finalize meet and confer letter to Giddens - .9 | | 0.90 | $ 375.00 | $ 337.50 | | |
| 1027 | 942 | Amanda Canning | 3/17/11 | Mar-11 | call and email to class member and draft declaration- 1.1 | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1039 | 943 | Amanda Canning | 3/21/11 | Mar-11 | Draft Glaserbergen declaration, Review strategy re motion to compel | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1042 | 944 | Amanda Canning | 3/22/11 | Mar-11 | E-mail to counsel re survey | | 0.10 | $ 375.00 | $ 37.50 | | |
| 1050 | 945 | Amanda Canning | 3/29/11 | Mar-11 | E-mails to/from counsel re survey | | 0.50 | $ 375.00 | $ 187.50 | qu | |
| 1055 | 946 | Amanda Canning | 3/30/11 | Mar-11 | E-mail to/from counsel and Review strategy re ex parte to compel survey | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1065 | 947 | Amanda Canning | 3/31/11 | Mar-11 | Research and Draft and Prepare ex parte app to compel survey and declaration; Review w VJD re ex parte application | | 4.00 | $ 375.00 | $ 1,500.00 | ic | |
| 1073 | 948 | Amanda Canning | 4/5/11 | Apr-11 | Review study and analysis of defendant opp to ex parte | | 0.80 | $ 375.00 | $ 300.00 | | |
| 1074 | 949 | Amanda Canning | 4/7/11 | Apr-11 | RS correspondence from counsel re survey | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 1079 | 950 | Amanda Canning | 4/8/11 | Apr-11 | E-mails to/from counsel re survey | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1084 | 951 | Amanda Canning | 4/11/11 | Apr-11 | Draft script for outreach, RSTR with Feldman and DeSimone re outreach, Research re organizations, FP outreach efforts - 3.3hrs | | 3.30 | $ 375.00 | $ 1,237.50 | ic | |
| 1085 | 952 | Amanda Canning | 4/11/11 | Apr-11 | E-mails to/from counsel re survey - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1086 | 953 | Amanda Canning | 4/11/11 | Apr-11 | RS Survey responses - .2hrs | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 1094 | 954 | Amanda Canning | 4/12/11 | Apr-11 | prep for and meeting re survey outreach - 1hr | | 1.00 | $ 375.00 | $ 375.00 | ic | |
| 1095 | 955 | Amanda Canning | 4/12/11 | Apr-11 | RS Survey response - .2hrs | | 0.20 | $ 375.00 | $ 75.00 | qu | |
| 1097 | 956 | Amanda Canning | 4/13/11 | Apr-11 | E-mails to/from counsel/DRLC re survey distribution - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1098 | 957 | Amanda Canning | 4/13/11 | Apr-11 | FP re survey outreach - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | qu | |
| 1107 | 958 | Amanda Canning | 4/14/11 | Apr-11 | Draft and finalize class member outreach materials and research re distribution of survey | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1112 | 959 | Amanda Canning | 4/15/11 | Apr-11 | RS survey for Disabilities Expo, FR re same - 1.2hrs | | 1.20 | $ 375.00 | $ 450.00 | qu | |
| 1113 | 960 | Amanda Canning | 4/15/11 | Apr-11 | E-mails to/from counsel re DRLC survey distribution and RSTR re same - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | qu | |
| 1129 | 961 | Amanda Canning | 4/25/11 | Apr-11 | analysis of survey responses | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1156 | 962 | Amanda Canning | 5/17/11 | May-11 | Review strategy with VJD and emails between counsel re survey | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 1163 | 963 | Amanda Canning | 5/22/11 | May-11 | RD, Review correspondence, DR letter to Giddens re settlement and PMK depo - .7hr | | 0.70 | $ 375.00 | $ 262.50 | qu | |
| 1164 | 964 | Amanda Canning | 5/22/11 | May-11 | Review revise survey script and DR memo re declaration strategy - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | im | |
| 1170 | 965 | Amanda Canning | 5/23/11 | May-11 | Factual analysis re class member call script and draft same (.7hrs) | | 0.70 | $ 375.00 | $ 262.50 | | |
| 1171 | 966 | Amanda Canning | 5/23/11 | May-11 | Law clerk (.1) | | 0.10 | $ 375.00 | $ 37.50 | qu | |

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1172 | 967 | Amanda Canning | 5/23/11 | May-11 | mtg. W team Re: survey/follow up (1.1) | | 1.10 | $ 375.00 | $ 412.50 | lc | |
| 1177 | 968 | Amanda Canning | 5/24/11 | May-11 | Review and revise class declarations | | 0.80 | $ 375.00 | $ 300.00 | | |
| 1216 | 969 | Amanda Canning | 6/6/11 | Jun-11 | Mtg. W VID re: briefing and decs - .3 | | 0.30 | $ 375.00 | $ 112.50 | lc | |
| 1217 | 970 | Amanda Canning | 6/6/11 | Jun-11 | Research and draft motion for class cert and review and revise declarations - 2.8 | | 2.80 | $ 375.00 | $ 1,050.00 | | |
| 1220 | 971 | Amanda Canning | 6/7/11 | Jun-11 | Research and preparation for motion for class certification, review and revise declarations re same - 4.5hrs | | 4.50 | $ 375.00 | $ 1,687.50 | | |
| 1221 | 972 | Amanda Canning | 6/7/11 | Jun-11 | Emails to/from expert re hearing .. 2hrs | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1223 | 973 | Amanda Canning | 6/8/11 | Jun-11 | Research and draft motion for class cert and review and revise declarations | | 0.90 | $ 375.00 | $ 337.50 | | |
| 1224 | 974 | Amanda Canning | 6/9/11 | Jun-11 | Research and draft motion for class cert and review and revise declarations | | 5.50 | $ 375.00 | $ 2,062.50 | | |
| 1232 | 975 | Amanda Canning | 6/10/11 | Jun-11 | Review and revise declarations and draft motion for class cert (6.2) | | 6.20 | $ 375.00 | $ 2,325.00 | | |
| 1233 | 976 | Amanda Canning | 6/10/11 | Jun-11 | mtg. w. VID re: briefing (.3) | | 0.30 | $ 375.00 | $ 112.50 | lc | |
| 1234 | 977 | Amanda Canning | 6/11/11 | Jun-11 | Review and revise declarations and Draft motion for class cert | | 4.00 | $ 375.00 | $ 1,500.00 | | |
| 1237 | 978 | Amanda Canning | 6/12/11 | Jun-11 | Draft motion for class cert | | 3.00 | $ 375.00 | $ 1,125.00 | | |
| 1243 | 979 | Amanda Canning | 6/13/11 | Jun-11 | finalize and file motion for class cert review strategy with team re additional declarations (.4) | | 3.70 | $ 375.00 | $ 1,387.50 | | Motion for Class Certification filed on 6/13/2011 |
| 1249 | 980 | Amanda Canning | 6/14/11 | Jun-11 | Review study defendants' filing and review strategy with Ort re same | | 0.40 | $ 375.00 | $ 150.00 | lc | |
| 1250 | 981 | Amanda Canning | 6/14/11 | Jun-11 | review strategy with Pitts and VID re supplemental declarations | | 0.70 | $ 375.00 | $ 262.50 | qu | This is the time entry; not clear who "Ort" |
| 1255 | 982 | Amanda Canning | 6/15/11 | Jun-11 | research and review and revise supplemental declarations | | 0.30 | $ 375.00 | $ 112.50 | lc | |
| 1266 | 983 | Amanda Canning | 6/17/11 | Jun-11 | research and assist VID with preparation for oral briefing | | 2.50 | $ 375.00 | $ 937.50 | | |
| 1272 | 984 | Amanda Canning | 6/18/11 | Jun-11 | preparation for and appearance at motion for class argument | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1280 | 985 | Amanda Canning | 6/20/11 | Jun-11 | certification - 4.8 | | 4.80 | $ 375.00 | $ 1,800.00 | | |
| 1281 | 986 | Amanda Canning | 6/20/11 | Jun-11 | prepare notices of deposition - .3 | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 1286 | 987 | Amanda Canning | 6/21/11 | Jun-11 | draft request for production of documents and interrogatories - 2.4 | | 2.40 | $ 375.00 | $ 900.00 | | |
| 1287 | 988 | Amanda Canning | 6/21/11 | Jun-11 | prepare subpoena to Ticketmaster - 1.5 | | 1.50 | $ 375.00 | $ 562.50 | | |
| 1292 | 989 | Amanda Canning | 6/23/11 | Jun-11 | further processing Ticketmaster subpoena | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1295 | 990 | Amanda Canning | 6/24/11 | Jun-11 | further processing Ticketmaster subpoena | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1298 | 991 | Amanda Canning | 6/27/11 | Jun-11 | review study order from court re class cert motion | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1300 | 992 | Amanda Canning | 6/28/11 | Jun-11 | draft depo notice and arrange plaintiff's expert deposition | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1304 | 993 | Amanda Canning | 7/1/11 | Jul-11 | review study court order re class cert, draft factual and legal analysis re same | | 2.20 | $ 375.00 | $ 825.00 | | |
| 1330 | 994 | Amanda Canning | 7/22/11 | Jul-11 | assist with depo prep | | 0.30 | $ 375.00 | $ 112.50 | qu | |
| 1338 | 995 | Amanda Canning | 7/28/11 | Jul-11 | email from Greco and review study defendants' discovery responses | | 0.70 | $ 375.00 | $ 262.50 | | |
| 1351 | 996 | Amanda Canning | 8/2/11 | Aug-11 | Review study objection to PMK notice of depo and responses to interrogatories, request for production of documents - .7hrs | | 0.70 | $ 375.00 | $ 262.50 | | |
| 1352 | 997 | Amanda Canning | 8/2/11 | Aug-11 | E-mails to/from counsel re PMK depo - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1353 | 998 | Amanda Canning | 8/2/11 | Aug-11 | Calls/E-mails from Greco - 3hrs | | 0.30 | $ 375.00 | $ 112.50 | qu | |

Angels / Chartebois

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1372 | 999 | Amanda Canning | 8/8/11 | Aug-11 | Review discovery responses, legal and factual analysis, Draft meet and confer letter - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | |
| 1373 | 1000 | Amanda Canning | 8/8/11 | Aug-11 | Review subpoenas and Call to Ticketmaster counsel - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | | |
| 1381 | 1001 | Amanda Canning | 8/9/11 | Aug-11 | Review documents and Draft stipulation to continue trial, E-mails with counsel re same, file stipulation | | 3.00 | $ 375.00 | $ 1,125.00 | | |
| 1385 | 1002 | Amanda Canning | 8/11/11 | Aug-11 | review email and protective order from Ticketmaster attorney | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1386 | 1003 | Amanda Canning | 8/12/11 | Aug-11 | Review/study notice of ruling re stipulation, further processing re same | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1388 | 1004 | Amanda Canning | 8/16/11 | Aug-11 | legal analysis re Ticketmaster protective order | | 0.70 | $ 375.00 | $ 262.50 | | |
| 1394 | 1005 | Amanda Canning | 8/18/11 | Aug-11 | Meeting with VJD re protective order | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 1396 | 1006 | Amanda Canning | 8/23/11 | Aug-11 | E-mail to Giddens re protective order; Review with VJD | | 0.60 | $ 375.00 | $ 225.00 | ic | |
| 1399 | 1007 | Amanda Canning | 8/29/11 | Aug-11 | E-mail to Giddens re protective order - .2 | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1400 | 1008 | Amanda Canning | 8/29/11 | Aug-11 | review study scheduling order and further processing re same - .2 | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1405 | 1009 | Amanda Canning | 8/30/11 | Aug-11 | E-mail from Giddens re protective order - .1hrs | | 0.10 | $ 375.00 | $ 37.50 | | |
| 1406 | 1010 | Amanda Canning | 8/30/11 | Aug-11 | Research and further processing re calendaring - .3hrs | | 0.30 | $ 375.00 | $ 112.50 | ol | |
| 1407 | 1011 | Amanda Canning | 8/31/11 | Aug-11 | E-mail to/from counsel re protective order | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1409 | 1012 | Amanda Canning | 9/1/11 | Sep-11 | Review study notice from Compex re Ticketmaster subpoena - 2hrs | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1410 | 1013 | Amanda Canning | 9/9/11 | Sep-11 | Prepare e-filing of protective order, E-mails from counsel re same - .6 | | 0.60 | $ 375.00 | $ 225.00 | | |
| 1411 | 1014 | Amanda Canning | 9/9/11 | Sep-11 | review study ticketmaster subpoena and call to attorney re meet and confer - .5 | | 0.50 | $ 375.00 | $ 187.50 | | |
| 1413 | 1015 | Amanda Canning | 9/20/11 | Sep-11 | E-mails to/from Parks re plaintiff's motions for summary judgment | | 0.20 | $ 375.00 | $ 75.00 | | |
| 1414 | 1016 | Amanda Canning | 9/21/11 | Sep-11 | further processing and e-filing Ticketmaster joint stipulated protective order | | 0.60 | $ 375.00 | $ 225.00 | | Ticketmaster Joint Stipulated Protective Order filed on 9/21/2011 |
| 1415 | 1017 | Amanda Canning | 9/22/11 | Sep-11 | Research and Draft mediation/mj brief | | 7.50 | $ 375.00 | $ 2,812.50 | | |
| 1417 | 1018 | Amanda Canning | 9/23/11 | Sep-11 | Research and Draft mediation/mj brief; meeting with VJD re mediation strategy | | 5.20 | $ 375.00 | $ 1,950.00 | ic | |
| 1418 | 1019 | Amanda Canning | 9/24/11 | Sep-11 | Deposition summary of Beverage and marshal facts | | 5.00 | $ 375.00 | $ 1,875.00 | ic | |
| 1419 | 1020 | Amanda Canning | 9/25/11 | Sep-11 | Research and Draft mediation brief - 2.5hrs | | 2.50 | $ 375.00 | $ 937.50 | | Canning has billed 8.5 hours to summarize Beverage deposition testimony |
| 1420 | 1021 | Amanda Canning | 9/25/11 | Sep-11 | Deposition summary of Beverage - 3.5hrs | | 3.50 | $ 375.00 | $ 1,312.50 | dg | |
| 1425 | 1022 | Amanda Canning | 9/26/11 | Sep-11 | Review study discovery an document productions - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | ou | |
| 1426 | 1023 | Amanda Canning | 9/26/11 | Sep-11 | Meeting with VJD re mediation .4 | | 0.40 | $ 375.00 | $ 150.00 | ic | |
| 1427 | 1024 | Amanda Canning | 9/26/11 | Sep-11 | Draft meet and confer letter to Giddens - 3hrs | | 3.00 | $ 375.00 | $ 1,125.00 | | This is the time entry |
| 1428 | 1025 | Amanda Canning | 9/26/11 | Sep-11 | Review revise Beverage depo summary - .5hrs | | 0.50 | $ 375.00 | $ 187.50 | dg | |
| 1429 | 1026 | Amanda Canning | 9/26/11 | Sep-11 | Calls/E-mails to/from Mast re mediation - 3hrs | | 0.30 | $ 375.00 | $ 112.50 | | |
| 1430 | 1027 | Amanda Canning | 9/26/11 | Sep-11 | site visit of Angels Stadium - 2hrs | | 2.00 | $ 375.00 | $ 750.00 | | |
| 1437 | 1028 | Amanda Canning | 9/27/11 | Sep-11 | Review documents and revise discovery letter to Giddens and Call to Giddens-1.3hrs | | 1.30 | $ 375.00 | $ 487.50 | | |
| 1438 | 1029 | Amanda Canning | 9/27/11 | Sep-11 | Draft stipulation to continue discovery cut off- .9hrs | | 0.90 | $ 375.00 | $ 337.50 | | |

DA Confidential

1/4/2012

Page 10 of 44

Angelo / Charlebois

Confidential

Exhibit C: SDSH/HH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|--------------------------------------|-------|------|------|-------|----------|
| 1439 | 1030 | Amanda Canning | 9/27/11 | Sep-11 | Review/Study Ticketmaster document demand, call to Ticketmaster counsel re same, Draft meet and confer letter re same - 1.3hrs | | 1.30 | $ 375.00 | $ 487.50 | | |
| 1464 | 1031 | Amanda Canning | 10/9/11 | Oct-11 | Research and Draft mediation brief | | 1.50 | $ 375.00 | $ 562.50 | | |
| 1468 | 1032 | Amanda Canning | 10/10/11 | Oct-11 | Research and Draft mediation brief - 8.7hrs | | 8.70 | $ 375.00 | $ 3,262.50 | | |
| 1469 | 1033 | Amanda Canning | 10/10/11 | Oct-11 | Meeting with VDJ re mediation brief - .3 hrs | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| 1470 | 1034 | Amanda Canning | 10/10/11 | Oct-11 | Review revise stipulation and order re ticketmaster confidentiality agreement, E-mails/Calls to/from counsel and further processing re same - 1.1hrs | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1471 | 1035 | Amanda Canning | 10/11/11 | Oct-11 | Research and Draft mediation brief - 11.4hrs | | 11.40 | $ 375.00 | $ 4,275.00 | | In 2 consecutive days, Amanda Canning has billed 20.10 hours to "research and draft Mediation Brief" |
| 1472 | 1036 | Amanda Canning | 10/11/11 | Oct-11 | Review revise stipulation and order re ticketmaster confidentiality agreement, E-mails/Calls to/from counsel re same - .9hrs | | 0.90 | $ 375.00 | $ 337.50 | | |
| 1477 | 1037 | Amanda Canning | 10/12/11 | Oct-11 | Research and Draft mediation brief - 3.5hrs | | 3.50 | $ 375.00 | $ 1,312.50 | | |
| 1478 | 1038 | Amanda Canning | 10/12/11 | Oct-11 | E-mail from Giddens re engineer expert report; Review study and analysis of same - .8hrs | | 0.80 | $ 375.00 | $ 300.00 | | |
| 1485 | 1039 | Amanda Canning | 10/13/11 | Oct-11 | Call with expert re defense proposal - .7hrs | | 0.70 | $ 375.00 | $ 262.50 | | |
| 1486 | 1040 | Amanda Canning | 10/13/11 | Oct-11 | Call to Greco re discovery, E-mails from Greco re same, Review study discovery responses and further processing - 1.1hrs | | 1.10 | $ 375.00 | $ 412.50 | | |
| 1487 | 1041 | Amanda Canning | 10/13/11 | Oct-11 | Research and Draft mediation brief - 8.2hrs | | 8.20 | $ 375.00 | $ 3,075.00 | | |
| 1488 | 1042 | Amanda Canning | 10/13/11 | | Call with Counsel - .7 hrs | | 0.70 | $ 375.00 | $ 262.50 | qu | |
| 1493 | 1043 | Amanda Canning | 10/14/11 | Oct-11 | Research and draft mediation brief, review documents re same, prepare materials re same (6.8) | | 6.80 | $ 375.00 | $ 2,550.00 | | |
| 1494 | 1044 | Amanda Canning | 10/14/11 | Oct-11 | Email re expert from Giddens (.1) | | 0.10 | $ 375.00 | $ 37.50 | | |
| 1500 | 843 | Amanda Canning | 10/15/11 | Oct-11 | emails with team re expert visit | | 0.20 | $ 375.00 | $ 75.00 | im | |
| 1502 | 1045 | Amanda Canning | 10/16/11 | Oct-11 | Research and draft mediation brief | | 2.50 | $ 375.00 | $ 937.50 | | |
| 1506 | 1046 | Amanda Canning | 10/17/11 | Oct-11 | Research and draft mediation brief | | 6.60 | $ 375.00 | $ 2,475.00 | | |
| 1508 | 1047 | Amanda Canning | 10/18/11 | Oct-11 | Research and draft and finalize mediation brief | | 5.80 | $ 375.00 | $ 2,175.00 | | How substantive was Mediation Brief? Amanda Canning alone has billed 57.80 hours to research and draft same from 9/25/2011 to 10/18/2011. Per her time entries, Mediation Brief was finalized on 10/18/2011 |
| 1512 | 847 | Amanda Canning | 10/19/11 | Oct-11 | memo re DOJ guidelines, review documents/research and draft settlement offer letter to Giddens | | 3.10 | $ 375.00 | $ 1,162.50 | im | |
| 1520 | 851 | Amanda Canning | 10/27/11 | Oct-11 | draft VDJ declaration for mtn for class cert | | 0.60 | $ 375.00 | $ 225.00 | | |
| | | **Amanda Canning Total** | | | | | 532.10 | | $ 199,537.50 | | |

DA Confidential

1/4/2012

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 67 | David Sarnoff | 10/7/09 | Oct-09 | Meeting with JD re: strategy | | 0.30 | $ 375.00 | $ 112.50 | ic qu | |
| 21 | 68 | David Sarnoff | 10/13/09 | Oct-09 | Meeting with JD re: wheelchair access cases and case theory | | 0.30 | $ 375.00 | $ 112.50 | ic | Sarnoff, Desimone and Feldman all attend meeting with client on 10/14/09 |
| 26 | 69 | David Sarnoff | 10/14/09 | Oct-09 | Meeting with I. Charlebois, E. Feldman, and JD | | 2.80 | $ 375.00 | $ 1,050.00 | | |
| 32 | 70 | David Sarnoff | 10/19/09 | Oct-09 | Read and review letter to Angels Baseball | | 0.20 | $ 375.00 | $ 75.00 | | |
| 62 | 71 | David Sarnoff | 12/1/09 | Dec-09 | Draft City of Anaheim Tort Claim; email to JD | | 0.90 | $ 375.00 | $ 337.50 | im qu | |
| 68 | 72 | David Sarnoff | 12/4/09 | Dec-09 | New Draft of Tort Claim; email to JD | | 0.30 | $ 375.00 | $ 112.50 | im qu | |
| 78 | 73 | David Sarnoff | 12/15/09 | Dec-09 | Meeting with JD re: Complaint/CoAs | | 0.50 | $ 375.00 | $ 187.50 | ic | |
| 81 | 74 | David Sarnoff | 12/23/09 | Dec-09 | Begin draft Complaint; research re: Unruh and ADA claims | | 4.20 | $ 375.00 | $ 1,575.00 | | |
| 82 | 75 | David Sarnoff | 12/24/09 | Dec-09 | Research re: B&P 17200, Discrim. by State Funded Program, Disabled Persons Act | | 3.40 | $ 375.00 | $ 1,275.00 | | |
| 83 | 76 | David Sarnoff | 12/25/09 | Dec-09 | Finish Draft of Complaint | | 2.30 | $ 375.00 | $ 862.50 | | |
| 84 | 77 | David Sarnoff | 12/28/09 | Dec-09 | Meeting with JD re: Complaint | | 0.30 | $ 375.00 | $ 112.50 | ic | |
| | | David Sarnoff Total | | | | | 15.50 | | $ 5,812.50 | | |

Angels / Chartebos

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 186 | Gene Feldman | 9/10/09 | Sep-09 | Desimone re: visit to Angels stadium | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 11 | 187 | Gene Feldman | 9/26/09 | Sep-09 | Desimone re: visit to Angels stadium with video camera | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | video |
| 13 | 3 | Gene Feldman | 9/29/09 | Sep-09 | Attend Rangers game with counsel Jim DeSimone; review case | Meeting | 3.00 | $ 450.00 | $ 1,350.00 | | Desimone and Feldman both attend Rangers game on 9/29/09 |
| 14 | 188 | Gene Feldman | 9/30/09 | Sep-09 | Desimone re: follow up on visit to stadium | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 23 | 189 | Gene Feldman | 10/13/09 | Oct-09 | Desimone re: client retainer agreement | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 27 | 1 | Gene Feldman | 10/14/09 | Oct-09 | Conference with client and Jim DeSimone | Conference | 2.80 | $ 450.00 | $ 1,260.00 | | |
| 28 | 190 | Gene Feldman | 10/14/09 | Oct-09 | Desimone re: changing meeting time for client meeting | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im cl | |
| 30 | 191 | Gene Feldman | 10/15/09 | Oct-09 | Desimone re: client responsibilities document | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 36 | 192 | Gene Feldman | 10/19/09 | Oct-09 | Desimone re: client ready to sign retainer for class action | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 37 | 2 | Gene Feldman | 10/20/09 | Oct-09 | Draft representation letter to Angels | Draft | 0.40 | $ 450.00 | $ 180.00 | | |
| 39 | 193 | Gene Feldman | 10/21/09 | Oct-09 | Desimone re: confirming email to client re signing retainer and related case documents | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | billing for fee agreement |
| 40 | 194 | Gene Feldman | 10/21/09 | Oct-09 | Desimone representation letter to Angels Baseball | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 41 | 195 | Gene Feldman | 10/22/09 | Oct-09 | Desimone re: architect James Terry | Prepare E Mail | 0.40 | $ 450.00 | $ 180.00 | im | |
| 42 | 196 | Gene Feldman | 10/26/09 | Oct-09 | Desimone re MTA complaint and drafting Angels complaint | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 45 | 197 | Gene Feldman | 11/2/09 | Nov-09 | Desimone re: voice mail message from David Cohen of Angels baseball | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 46 | 198 | Gene Feldman | 11/3/09 | Nov-09 | Desimone re: David Cohen of Angels baseball state bar profile | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 54 | 199 | Gene Feldman | 11/6/09 | Nov-09 | Desimone re: email to Scott Schutzman re: incident at stadium | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 58 | 200 | Gene Feldman | 11/9/09 | Nov-09 | Desimone re: email from David Cohen returning phone call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 64 | 201 | Gene Feldman | 12/1/09 | Dec-09 | Desimone re: email to Brent Gidders/awaiting documents from Angels baseball | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 66 | 202 | Gene Feldman | 12/2/09 | Dec-09 | Desimone forwarding Gidders email on responding to request for documents | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 76 | 203 | Gene Feldman | 12/7/09 | Dec-09 | Desimone re: changes to government claim form against City of Anaheim | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 89 | 204 | Gene Feldman | 1/4/10 | Jan-10 | Desimone re: request to Gidders regarding availability of documents | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 91 | 205 | Gene Feldman | 1/18/10 | Jan-10 | Desimone re: lack of response from Gidders to document request | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 92 | 206 | Gene Feldman | 1/20/10 | Jan-10 | Desimone re: response to government claim against City of Anaheim | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 95 | 207 | Gene Feldman | 1/21/10 | Jan-10 | Bill Clifton re: response to government claim against City of Anaheim | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 98 | 7 | Gene Feldman | 1/28/10 | Jan-10 | File Review | File Review | 0.30 | $ 450.00 | $ 135.00 | qu | |
| 103 | 208 | Gene Feldman | 2/8/10 | Feb-10 | Desimone re: request to Gidders meeting postponement | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 105 | 9 | Gene Feldman | 2/16/10 | Feb-10 | No description | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 106 | 209 | Gene Feldman | 3/6/10 | Mar-10 | Desimone re: case strategy | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 109 | 5 | Gene Feldman | 3/8/10 | Mar-10 | No description | Review | 0.60 | $ 450.00 | $ 270.00 | qu | |
| 110 | 4 | Gene Feldman | 3/8/10 | Mar-10 | No description | Review | 1.70 | $ 450.00 | $ 765.00 | | |
| 111 | 8 | Gene Feldman | 3/8/10 | Mar-10 | Review complaint | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | qu | |
| 112 | 6 | Gene Feldman | 3/9/10 | Mar-10 | Review complaint | Review | 2.40 | $ 450.00 | $ 1,080.00 | | |
| 113 | 10 | Gene Feldman | 3/10/10 | Mar-10 | to/from VID | Review E Mail | 0.40 | $ 450.00 | $ 180.00 | im qu | |
| 116 | 11 | Gene Feldman | 3/15/10 | Mar-10 | Revision of pleadings | Prep Pleadings | 1.60 | $ 450.00 | $ 720.00 | qu | |
| 117 | 12 | Gene Feldman | 3/15/10 | Mar-10 | OC | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic cu | |
| 119 | 13 | Gene Feldman | 3/22/10 | Mar-10 | Letter to Gidders | Correspondence | 1.30 | $ 450.00 | $ 585.00 | qu | |
| 120 | 14 | Gene Feldman | 3/22/10 | Mar-10 | VID | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im qu | |

Angels / Charlebois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-----------------------------------|-------|------|------|---|-------|----------|
| 121 | 15 | Gene Feldman | 3/24/10 | Mar-10 | from VID | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im qu | |
| 124 | 16 | Gene Feldman | 3/25/10 | Mar-10 | VID | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im qu | |
| 128 | 17 | Gene Feldman | 4/13/10 | Apr-10 | No description | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | qu | |
| 129 | 18 | Gene Feldman | 4/13/10 | Apr-10 | to client | Prepare E Mail | 0.20 | $ 450.00 | $ | 90.00 | qu | |
| 130 | 19 | Gene Feldman | 4/13/10 | Apr-10 | call to VID | Phone Call to Co- | 0.30 | $ 450.00 | $ | 135.00 | ic qu | |
| 147 | 20 | Gene Feldman | 4/21/10 | Apr-10 | No description | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | qu | |
| 148 | 21 | Gene Feldman | 4/21/10 | Apr-10 | No description | Phone Call to Co- | 0.40 | $ 450.00 | $ | 180.00 | qu | |
| 176 | 24 | Gene Feldman | 5/28/10 | May-10 | Phone call to client regarding federal complaint | Phone client | 0.20 | $ 450.00 | $ | 90.00 | | Feldman begins review of draft of federal Complaint |
| 177 | 210 | Gene Feldman | 5/28/10 | May-10 | Draft of federal complaint prepared by Desimone | Review | 0.60 | $ 450.00 | $ | 270.00 | | |
| 178 | 22 | Gene Feldman | 5/31/10 | May-10 | Review federal complaint | Review | 1.40 | $ 450.00 | $ | 630.00 | | |
| 181 | 23 | Gene Feldman | 6/1/10 | Jun-10 | to VID regarding complaint charges | Prepare E Mail | 0.40 | $ 450.00 | $ | 180.00 | im | |
| 192 | 25 | Gene Feldman | 6/2/10 | Jun-10 | Conference call with VID | Phone Call to Co- | 0.70 | $ 450.00 | $ | 315.00 | ic qu | |
| 193 | 26 | Gene Feldman | 6/2/10 | Jun-10 | emails from VID | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im qu | |
| 194 | 36 | Gene Feldman | 6/2/10 | Jun-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ | | | Expense entries |
| 202 | 27 | Gene Feldman | 6/3/10 | Jun-10 | Research 28 CFR 36-402 | Legal Research | 0.80 | $ 450.00 | $ | 360.00 | | |
| 203 | 35 | Gene Feldman | 6/3/10 | Jun-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ | - | | Expense entries |
| 212 | 28 | Gene Feldman | 6/4/10 | Jun-10 | Phone call to client with VID | Phone client | 0.60 | $ 450.00 | $ | 270.00 | qu | |
| 213 | 29 | Gene Feldman | 6/4/10 | Jun-10 | To VID regarding 36.402 | Prepare E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 214 | 211 | Gene Feldman | 6/4/10 | Jun-10 | Desimone re: Angels baseball seating chart | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 258 | 212 | Gene Feldman | 6/15/10 | Jun-10 | Desimone to Canning re: complaint revisions and filing | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 266 | 30 | Gene Feldman | 6/16/10 | Jun-10 | Desimone re: complaint revisions | Prepare E Mail | 0.30 | $ 450.00 | $ | 135.00 | im | complaint revisions post filing |
| 267 | 31 | Gene Feldman | 6/16/10 | Jun-10 | email to Chet Cooper | Prepare E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 283 | 32 | Gene Feldman | 6/18/10 | Jun-10 | VJD re: case strategy | Phone Call to Co- | 0.20 | $ 450.00 | $ | 90.00 | ic | |
| 284 | 33 | Gene Feldman | 6/18/10 | Jun-10 | Research expert witnesses | Research | 0.30 | $ 450.00 | $ | 135.00 | | |
| 322 | 34 | Gene Feldman | 6/18/10 | Jun-10 | from VID re experts | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 326 | 37 | Gene Feldman | 7/31/10 | Jul-10 | Desimone re: meeting with Gidders | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 333 | 38 | Gene Feldman | 8/2/10 | Aug-10 | Phone call to client regarding case status | Phone client | 0.20 | $ 450.00 | $ | 90.00 | | |
| 342 | 213 | Gene Feldman | 8/4/10 | Aug-10 | Desimone re: conference call with Seplow | Prepare E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 350 | 214 | Gene Feldman | 8/5/10 | Aug-10 | Desimone re: conference call with Seplow | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| | 39 | Gene Feldman | 8/6/10 | Aug-10 | conference call with Jim & Mike | Phone Call to Co- | 0.60 | $ 450.00 | $ | 270.00 | ic qu | "Mike" is internal timekeeper Michael Seplow |
| 373 | 40 | Gene Feldman | 8/11/10 | Aug-10 | Review letter from VID to Gidders re: discovery | Review | 0.30 | $ 450.00 | $ | 135.00 | im | |
| 374 | 41 | Gene Feldman | 8/11/10 | Aug-10 | Prepare email VJD and review reply re: letter to Gidders re: discovery | Prepare E Mail | 0.30 | $ 450.00 | $ | 135.00 | im | |
| 375 | 215 | Gene Feldman | 8/11/10 | Aug-10 | Desimone re: draft letter to Gidders | Prepare E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 381 | 216 | Gene Feldman | 8/12/10 | Aug-10 | Desimone re: finalized letter to Gidders | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 447 | 42 | Gene Feldman | 9/23/10 | Sep-10 | from Jim re: stipulation | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 448 | 43 | Gene Feldman | 9/23/10 | Sep-10 | VJD re motion | Phone Call | 0.20 | $ 450.00 | $ | 90.00 | ic | |
| 449 | 44 | Gene Feldman | 9/23/10 | Sep-10 | Court order re: stipulation to file class certification motion | Review | 0.40 | $ 450.00 | $ | 180.00 | im | |
| 450 | 45 | Gene Feldman | 9/23/10 | Sep-10 | Legal Research PMK notice | Legal Research | 0.40 | $ 450.00 | $ | 180.00 | | |
| 459 | 46 | Gene Feldman | 9/24/10 | Sep-10 | Amanda Canning re discovery | Phone Call to Co- | 0.20 | $ 450.00 | $ | 90.00 | ic | Amanda Canning is an internal timekeeper |
| 464 | 47 | Gene Feldman | 9/25/10 | Sep-10 | Research Stadium remodeling | Research | 0.40 | $ 450.00 | $ | 180.00 | | |
| 465 | 48 | Gene Feldman | 9/25/10 | Sep-10 | to VID re: Research Stadium remodeling | Prepare E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 466 | 517 | Gene Feldman | 9/25/10 | Sep-10 | from charlebois re: availability for declaration | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 467 | 217 | Gene Feldman | 9/25/10 | Sep-10 | Desimone re: class certification motion | Review E Mail | 0.90 | $ 450.00 | $ | 405.00 | qu | |
| 478 | 49 | Gene Feldman | 9/26/10 | Sep-10 | Establish file declaration | Prep Pleadings | 0.20 | $ 450.00 | $ | 90.00 | qu | |
| 479 | 50 | Gene Feldman | 9/27/10 | Sep-10 | Canning re: availability for declaration | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | im | |
| 488 | 52 | Gene Feldman | 9/27/10 | Sep-10 | from Amanda re: declarations | Phone Call | 0.20 | $ 450.00 | $ | 90.00 | ic | |
| 489 | 53 | Gene Feldman | 9/28/10 | Sep-10 | Phone call from client re declaration | Phone client | 0.30 | $ 450.00 | $ | 135.00 | | |
| 490 | 54 | Gene Feldman | 9/28/10 | Sep-10 | Review documents produced by defendants | Review | 1.90 | $ 450.00 | $ | 855.00 | | |
| 491 | 55 | Gene Feldman | 9/28/10 | Sep-10 | from Amanda re: documents | Phone Call | 0.20 | $ 450.00 | $ | 90.00 | ic | |
| | 56 | Gene Feldman | 9/28/10 | Sep-10 | Defendant's FRCP Rule 26 Disclosures | Review E Mail | 0.20 | $ 450.00 | $ | 90.00 | qu | |

Angels / Charlebois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 498 | 57 | Gene Feldman | 9/29/10 | Sep-10 | Review ADA document production from defendant | Review | 3.10 | $450.00 | $1,395.00 | | |
| 499 | 218 | Gene Feldman | 9/29/10 | Sep-10 | Canning re: ADA document production from defendant | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 511 | 58 | Gene Feldman | 9/30/10 | Sep-10 | Amanda re: meet and confer letter | Phone Call | 0.40 | $450.00 | $180.00 | ic | |
| 512 | 59 | Gene Feldman | 9/30/10 | Sep-10 | from Jim re: deposition Preparation | Phone Call | 0.30 | $450.00 | $135.00 | ic | |
| 513 | 60 | Gene Feldman | 9/30/10 | Sep-10 | Preparation for PMK file review/chart for Jim | Preparation | 2.20 | $450.00 | $990.00 | | |
| 514 | 219 | Gene Feldman | 9/30/10 | Sep-10 | Canning re: ADA Compliance Coordinator subpoena City of Anaheim | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 519 | 61 | Gene Feldman | 10/1/10 | Oct-10 | Preparation for PMK file review/chart for Jim | Preparation | 1.60 | $450.00 | $720.00 | | |
| 520 | 62 | Gene Feldman | 10/1/10 | Oct-10 | Amanda re: expert witness | Phone Call | 0.20 | $450.00 | $90.00 | ic | |
| 521 | 63 | Gene Feldman | 10/1/10 | Oct-10 | from Amanda and Jim re: expert witness | Review E Mail | 0.30 | $450.00 | $135.00 | im | |
| 522 | 64 | Gene Feldman | 10/1/10 | Oct-10 | from Jeff re: declaration | Review E Mail | 0.20 | $450.00 | $90.00 | im | Jeff is client Jeff Charlebois |
| 523 | 220 | Gene Feldman | 10/1/10 | Oct-10 | from Amanda and Jim re: expert witness | Review E Mail | 0.30 | $450.00 | $135.00 | im | |
| 553 | 221 | Gene Feldman | 10/7/10 | Oct-10 | Amanda, Jim and Mike re: possible list of mediator | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 563 | 222 | Gene Feldman | 10/8/10 | Oct-10 | Amanda re: judge Larson as mediator | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 579 | 223 | Gene Feldman | 10/14/10 | Oct-10 | Amanda re: Mazz site inspection of stadium | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 585 | 94 | Gene Feldman | 10/16/10 | Oct-10 | Long distance charges | Long Distance | 0.00 | $450.00 | - | | |
| 593 | 65 | Gene Feldman | 10/18/10 | Oct-10 | Conference Mazz, Desimone & Canning re: stadium accessibility inspection | Phone Call | 1.00 | $450.00 | $450.00 | ic | |
| 594 | 224 | Gene Feldman | 10/18/10 | Oct-10 | Amanda re: conference call to discuss Mazz site inspection of stadium | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 597 | 66 | Gene Feldman | 10/19/10 | Oct-10 | Desimone to Mazz re: accessible seating chart | Review E Mail | 0.60 | $450.00 | $270.00 | im | |
| 610 | 67 | Gene Feldman | 10/20/10 | Oct-10 | Revise demand letter from VID | Review | 1.40 | $450.00 | $630.00 | | Feldman, Desimone and Seplow are all working on revising the demand letter |
| 611 | 68 | Gene Feldman | 10/20/10 | Oct-10 | revisions to demand letter from MS | Review | 0.30 | $450.00 | $135.00 | | |
| 612 | 69 | Gene Feldman | 10/20/10 | Oct-10 | MS revisions to demand letter | Phone Call | 0.20 | $450.00 | $90.00 | ic | |
| 616 | 93 | Gene Feldman | 10/22/10 | Oct-10 | Long distance charges | Long Distance | 0.00 | $450.00 | - | | |
| 622 | 70 | Gene Feldman | 10/25/10 | Oct-10 | from AC to Mazz re WC seat count | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 623 | 71 | Gene Feldman | 10/25/10 | Oct-10 | from Mazz re WC seat count | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 630 | 72 | Gene Feldman | 10/26/10 | Oct-10 | VID re PMK deposition | Phone Call | 0.20 | $450.00 | $90.00 | ic | |
| 639 | 73 | Gene Feldman | 10/28/10 | Oct-10 | Conference call with AC & MM | Conference | 1.50 | $450.00 | $675.00 | ic qu | |
| 640 | 74 | Gene Feldman | 10/28/10 | Oct-10 | Telephone call with opposing Attorney settlement agreement revisions | Phone Opp Atty | 0.30 | $450.00 | $135.00 | | |
| 642 | 75 | Gene Feldman | 10/29/10 | Oct-10 | Amanda re: motion for class cert | Phone Call | 1.10 | $450.00 | $495.00 | ic | |
| 676 | 76 | Gene Feldman | 10/29/10 | Oct-10 | MLB/Angels baseball attendance | Research | 0.70 | $450.00 | $315.00 | | |
| 647 | 77 | Gene Feldman | 10/29/10 | Oct-10 | Canning outline of class certification motion | Review E Mail | 0.30 | $450.00 | $135.00 | im | |
| 648 | 80 | Gene Feldman | 10/30/10 | Oct-10 | to AC re class certification | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 651 | 78 | Gene Feldman | 10/31/10 | Oct-10 | Preparation of pleadings motion class certification | Prep Pleadings | 1.30 | $450.00 | $585.00 | | |
| 652 | 79 | Gene Feldman | 10/31/10 | Oct-10 | to AC re class certification | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 666 | 81 | Gene Feldman | 11/1/10 | Nov-10 | AC | Phone Call | 0.30 | $450.00 | $135.00 | ic cu | |
| 667 | 82 | Gene Feldman | 11/1/10 | Nov-10 | from AC | Review E Mail | 0.30 | $450.00 | $135.00 | im qu | |
| 668 | 95 | Gene Feldman | 11/1/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $450.00 | - | | |
| 669 | 96 | Gene Feldman | 11/1/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $450.00 | - | | |
| 670 | 97 | Gene Feldman | 11/1/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $450.00 | - | | |
| 676 | 83 | Gene Feldman | 11/2/10 | Nov-10 | AC re witness declarations | Phone Call | 0.20 | $450.00 | $90.00 | ic | |
| 677 | 85 | Gene Feldman | 11/2/10 | Nov-10 | Preparation of pleadings revise class certification motion | Prep Pleadings | 1.40 | $450.00 | $630.00 | | |
| 678 | 98 | Gene Feldman | 11/2/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $450.00 | - | | |
| 684 | 84 | Gene Feldman | 11/3/10 | Nov-10 | Preparation of pleadings revise class certification motion | Prep Pleadings | 2.70 | $450.00 | $1,215.00 | | |
| 685 | 86 | Gene Feldman | 11/3/10 | Nov-10 | ADA | Legal Research | 0.40 | $450.00 | $180.00 | | |
| 686 | 87 | Gene Feldman | 11/3/10 | Nov-10 | AC re revisions to class cert. motion | Phone Call | 0.30 | $450.00 | $135.00 | ic | |
| 687 | 99 | Gene Feldman | 11/3/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $450.00 | - | | |
| 691 | 88 | Gene Feldman | 11/4/10 | Nov-10 | AC | Phone Call | 0.20 | $450.00 | $90.00 | ic qu | |

Angels / Charlebos

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 692 | 89 | Gene Feldman | 11/4/10 | Nov-10 | Revise class certification | Phone Call | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 693 | 90 | Gene Feldman | 11/4/10 | Nov-10 | Revise class certification typically | Phone Opp Atty | 0.80 | $ 450.00 | $ 360.00 | | |
| 694 | 100 | Gene Feldman | 11/4/10 | Nov-10 | Long distance charges | Long Distance | 0.00 | $ 450.00 | $ - | | |
| 713 | 91 | Gene Feldman | 11/7/10 | Nov-10 | VID | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic qu | |
| 714 | 92 | Gene Feldman | 11/7/10 | Nov-10 | from AC and MS | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 760 | 101 | Gene Feldman | 11/24/10 | Nov-10 | Review defendants opposition to class certification | Review | 3.10 | $ 450.00 | $ 1,395.00 | | |
| 761 | 102 | Gene Feldman | 11/24/10 | Nov-10 | Evidentiary objection response | Legal Research | 1.60 | $ 450.00 | $ 720.00 | | |
| 762 | 103 | Gene Feldman | 11/24/10 | Nov-10 | to VID | Prepare E Mail | 0.30 | $ 450.00 | $ 135.00 | im qu | |
| 763 | 104 | Gene Feldman | 11/24/10 | Nov-10 | Amanda re: reply brief | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic | |
| 764 | 105 | Gene Feldman | 11/25/10 | Nov-10 | to VID re reply brief declaration analysis | Prepare E Mail | 0.60 | $ 450.00 | $ 270.00 | im | |
| 769 | 106 | Gene Feldman | 11/27/10 | Nov-10 | from VID re reply brief | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 767 | 107 | Gene Feldman | 11/30/10 | Nov-10 | AC | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | ic qu | |
| 779 | 108 | Gene Feldman | 11/30/10 | Nov-10 | Review defense objection to Mazz declaration | Review | 2.00 | $ 450.00 | $ 900.00 | | |
| 782 | 109 | Gene Feldman | 12/1/10 | Dec-10 | Responses to defense objection to Mazz declaration | Draft | 3.70 | $ 450.00 | $ 1,665.00 | | |
| 783 | 110 | Gene Feldman | 12/1/10 | Dec-10 | from Jim | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic qu | |
| 784 | 112 | Gene Feldman | 12/1/10 | Dec-10 | Legal Research evidence objections | Legal Research | 0.40 | $ 450.00 | $ 180.00 | | |
| 794 | 111 | Gene Feldman | 12/3/10 | Dec-10 | responses to objections to plaintiff declarations | Preparation | 2.40 | $ 450.00 | $ 1,080.00 | | |
| 798 | 113 | Gene Feldman | 12/4/10 | Dec-10 | Review reply brief | Review | 0.70 | $ 450.00 | $ 315.00 | | |
| 818 | 114 | Gene Feldman | 12/11/10 | Dec-10 | from VID re continuance of class certification | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im qu | |
| 832 | 115 | Gene Feldman | 1/14/11 | Jan-11 | from VID | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 833 | 116 | Gene Feldman | 1/14/11 | Jan-11 | to VID re: mediation | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 841 | 117 | Gene Feldman | 1/18/11 | Jan-11 | VID re: mediation | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 851 | 118 | Gene Feldman | 1/21/11 | Jan-11 | VID re: mediation | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 851 | 119 | Gene Feldman | 1/21/11 | Jan-11 | VID re status | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 852 | 120 | Gene Feldman | 1/24/11 | Jan-11 | Court Appearance class certification motion | Court | 5.00 | $ 450.00 | $ 2,250.00 | im | Feldman, Canning and Desimone all appeared at Class Certification Hearing on 1/24/2011 |
| 862 | 121 | Gene Feldman | 1/24/11 | Jan-11 | No description | mileage | 0.00 | $ 450.00 | $ - | | |
| 863 | 122 | Gene Feldman | 1/24/11 | Jan-11 | from VID | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 864 | 123 | Gene Feldman | 1/24/11 | Jan-11 | putative class members | Research | 0.40 | $ 450.00 | $ 180.00 | | |
| 868 | 124 | Gene Feldman | 1/25/11 | Jan-11 | VID | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im qu | |
| 879 | 125 | Gene Feldman | 1/26/11 | Jan-11 | Review survey | Review | 0.30 | $ 450.00 | $ 135.00 | | Feldman and Desimone both conferred with client (JPG) on 1/26/2011. |
| 880 | 126 | Gene Feldman | 1/26/11 | Jan-11 | Re survey | Phone client | 0.40 | $ 450.00 | $ 180.00 | im | |
| 900 | 127 | Gene Feldman | 2/4/11 | Feb-11 | Amanda re: survey | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 913 | 225 | Gene Feldman | 2/8/11 | Feb-11 | Brent Giddens re: survey | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 923 | 128 | Gene Feldman | 2/16/11 | Feb-11 | Jim Desimone re strategy | Phone Call | 0.30 | $ 450.00 | $ 135.00 | ic | |
| 924 | 226 | Gene Feldman | 2/16/11 | Feb-11 | Desimone re: survey delay | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 932 | 129 | Gene Feldman | 2/18/11 | Feb-11 | Desimone re survey | Review E Mail | 0.40 | $ 450.00 | $ 180.00 | im | |
| 939 | 130 | Gene Feldman | 2/22/11 | Feb-11 | from Jim re: survey | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 942 | 134 | Gene Feldman | 2/25/11 | Feb-11 | Desimone to Giddens re survey revisions | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 945 | 227 | Gene Feldman | 2/16/11 | Feb-11 | Desimone to Canning and me re: survey questions | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 951 | 228 | Gene Feldman | 2/28/11 | Feb-11 | Desimone to Canning and me re: survey questions | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 962 | 131 | Gene Feldman | 3/1/11 | Mar-11 | Desimone and Giddens re survey | Review E Mail | 0.40 | $ 450.00 | $ 180.00 | im | |
| 963 | 132 | Gene Feldman | 3/1/11 | Mar-11 | Desimone re discovery and survey | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 964 | 133 | Gene Feldman | 3/3/11 | Mar-11 | Desimone re discovery putative class members | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 977 | 137 | Gene Feldman | 3/3/11 | Mar-11 | Desimone re meet and confer | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 982 | 136 | Gene Feldman | 3/4/11 | Mar-11 | Desimone re meet and confer discovery Angels | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 985 | 135 | Gene Feldman | 3/5/11 | Mar-11 | Desimone re: witness | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1003 | 229 | Gene Feldman | 3/9/11 | Mar-11 | Desimone to Giddens re: discovery meet and confer witness contact information | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | end of page 30 |

Angels / Charlebois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1008 | 230 | Gene Feldman | 3/10/11 | Mar-11 | Plaintiff's motion to compel discovery from Angels | Review | 0.30 | $450.00 | $135.00 | | |
| 1022 | 231 | Gene Feldman | 3/16/11 | Mar-11 | DOJ ADA theatre and stadium settlements | Legal Research | 0.30 | $450.00 | $135.00 | | |
| 1029 | 232 | Gene Feldman | 3/17/11 | Mar-11 | Desimone re: survey outreach efforts | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1030 | 233 | Gene Feldman | 3/17/11 | Mar-11 | Court order granting motion to compel sampling survey and continuing motion for class certification | Review | 0.20 | $450.00 | $90.00 | | |
| 1033 | 234 | Gene Feldman | 3/18/11 | Mar-11 | Giddens re: conference call with DRLC | Review E Mail | 0.20 | $450.00 | $90.00 | | |
| 1034 | 235 | Gene Feldman | 3/18/11 | Mar-11 | Pearlman re: conference call | Review E Mail | 0.20 | $450.00 | $90.00 | | |
| 1040 | 236 | Gene Feldman | 3/21/11 | Mar-11 | Giddens and Desimone re: conference call | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1047 | 138 | Gene Feldman | 3/23/11 | Mar-11 | Desimone and Giddens re: survey | Review E Mail | 0.30 | $450.00 | $135.00 | im | |
| 1048 | 139 | Gene Feldman | 3/24/11 | Mar-11 | VJD and Giddens re: survey | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1049 | 237 | Gene Feldman | 3/25/11 | Mar-11 | Desimone to Giddens re: survey response cut off date | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1051 | 238 | Gene Feldman | 3/29/11 | Mar-11 | Giddens to Desimone re: survey response cut off date | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1056 | 239 | Gene Feldman | 3/30/11 | Mar-11 | Desimone to Giddens re: email addresses for wheelchair accessible seat purchasers | Review E Mail | 0.20 | $450.00 | $90.00 | im | Feldman bills to review emails opposing counsel (Giddens) sends to James Desimone |
| 1067 | 240 | Gene Feldman | 3/31/11 | Mar-11 | Giddens to Desimone re: implementation of March 17 court order | Review | 0.20 | $450.00 | $90.00 | im | Feldman bills to review emails Desimone sends to opposing counsel |
| 1068 | 241 | Gene Feldman | 3/31/11 | Mar-11 | Desimone to Giddens re: implementation of March 17 court order | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1069 | 242 | Gene Feldman | 4/1/11 | Apr-11 | Plaintiff's motion to compel witness identification of putative class members | Review | 0.30 | $450.00 | $135.00 | | |
| 1077 | 140 | Gene Feldman | 4/7/11 | Apr-11 | Desimone re: survey | Phone Call | 0.20 | $450.00 | $90.00 | ic | |
| 1078 | 141 | Gene Feldman | 4/7/11 | Apr-11 | Defendant opposition to Plaintiff's ex parte discovery motion | Review | 0.30 | $450.00 | $135.00 | | |
| 1080 | 243 | Gene Feldman | 4/10/11 | Apr-11 | Desimone to Giddens re: wheelchair users seen at Angels game previous night | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1091 | 244 | Gene Feldman | 4/11/11 | Apr-11 | Canning re: survey outreach to community groups for disabled | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1115 | 245 | Gene Feldman | 4/16/11 | Apr-11 | Desimone re: putative class member Laker Larry | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1130 | 246 | Gene Feldman | 4/27/11 | Apr-11 | Desimone re: Angels compliance with court order regarding readable addresses of witnesses | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1134 | 142 | Gene Feldman | 4/29/11 | Apr-11 | Review survey results | Review | 0.40 | $450.00 | $180.00 | | |
| 1142 | 143 | Gene Feldman | 5/8/11 | May-11 | Desimone re: PMK deposition notice | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1145 | 247 | Gene Feldman | 5/10/11 | May-11 | Desimone re: Murphy declaration | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1150 | 144 | Gene Feldman | 5/12/11 | May-11 | Preparation of pleading Murphy declaration | Prep Pleadings | 0.40 | $450.00 | $180.00 | | |
| 1157 | 248 | Gene Feldman | 5/17/11 | May-11 | Desimone to Giddens re: PMK deposition available dates | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1161 | 145 | Gene Feldman | 5/20/11 | May-11 | Desimone re survey results and PMK deposition | Review E Mail | 0.30 | $450.00 | $135.00 | im | |
| 1179 | 146 | Gene Feldman | 5/24/11 | May-11 | Desimone re: call script for outreach to putative class members | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1189 | 147 | Gene Feldman | 5/28/11 | May-11 | Review follow-up survey | Review | 0.50 | $450.00 | $225.00 | im | |
| 1197 | 148 | Gene Feldman | 6/1/11 | Jun-11 | Review declarations in support of class certification from putative class members | Review | 0.50 | $450.00 | $225.00 | | |
| 1218 | 249 | Gene Feldman | 6/6/11 | Jun-11 | Desimone re: final Murphy declaration | Prepare E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1225 | 149 | Gene Feldman | 6/9/11 | Jun-11 | Send ticket copy to Desimone | Prepare E Mail | 0.20 | $450.00 | $90.00 | cl qu | |
| 1226 | 150 | Gene Feldman | 6/9/11 | Jun-11 | Copying cost | Photocopies | 0.00 | $450.00 | $- | - | |
| 1227 | 250 | Gene Feldman | 6/9/11 | Jun-11 | Desimone re: declarations from putative class members | Review E Mail | 0.20 | $450.00 | $90.00 | im | |
| 1257 | 151 | Gene Feldman | 6/15/11 | Jun-11 | Review declaration Antoine re: survey results and Angel contact | Review | 0.30 | $450.00 | $135.00 | im | |
| 1262 | 152 | Gene Feldman | 6/16/11 | Jun-11 | Desimone | Review E Mail | 0.20 | $450.00 | $90.00 | im qu | |
| 1269 | 153 | Gene Feldman | 6/17/11 | Jun-11 | Legal Research public-polic ADA enforcement | Legal Research | 0.60 | $450.00 | $270.00 | | |

Angels / Charlebois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1270 | 154 | Gene Feldman | 6/17/11 | Jun-11 | Desimone re: public polic ADA enforcement | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 1271 | 155 | Gene Feldman | 6/17/11 | Jun-11 | Review Plaintiff response to Angels objections to declaration and Desimone declaration in support of class certification | Review | 0.30 | $ 450.00 | $ 135.00 | | |
| 1276 | 156 | Gene Feldman | 6/19/11 | Jun-11 | Desimone re class certification hearing | Review E Mail | 0.30 | $ 450.00 | $ 135.00 | im | |
| 1283 | 157 | Gene Feldman | 6/20/11 | Jun-11 | class certification hearing | Court | 5.80 | $ 450.00 | $ 2,610.00 | | |
| 1307 | 160 | Gene Feldman | 7/2/11 | Jul-11 | Charlebois re: case status | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 1308 | 161 | Gene Feldman | 7/2/11 | Jul-11 | class certification order | Review | 0.60 | $ 450.00 | $ 270.00 | | |
| 1309 | 158 | Gene Feldman | 7/3/11 | Jul-11 | Review class certification order | Review | 0.90 | $ 450.00 | $ 405.00 | | |
| 1310 | 159 | Gene Feldman | 7/4/11 | Jul-11 | 36 CFR 150 (d) | Legal Research | 0.80 | $ 450.00 | $ 360.00 | | |
| 1322 | 162 | Gene Feldman | 7/14/11 | Jul-11 | Desimone re deposition of PMK | Phone call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 1339 | 164 | Gene Feldman | 7/28/11 | Jul-11 | Desimone re: Anaheim ADA coordinator | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1340 | 165 | Gene Feldman | 7/28/11 | Jul-11 | Desimone to Giddens re cost advance for expert witness deposition | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1343 | 163 | Gene Feldman | 7/30/11 | Jul-11 | Desimone re: Anaheim ADA coordinator | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1345 | 166 | Gene Feldman | 7/31/11 | Jul-11 | Documents produced by Angels | Review | 1.40 | $ 450.00 | $ 630.00 | | |
| 1348 | 167 | Gene Feldman | 8/1/11 | Aug-11 | Conference with Desimone prepare for PMK deposition | Conference | 3.60 | $ 450.00 | $ 1,620.00 | ic | |
| 1355 | 168 | Gene Feldman | 8/2/11 | Aug-11 | Desimone re PMK deposition | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1356 | 169 | Gene Feldman | 8/2/11 | Aug-11 | Bill Beverage | Legal Research | 0.20 | $ 450.00 | $ 90.00 | | |
| 1364 | 170 | Gene Feldman | 8/5/11 | Aug-11 | Deposition PMK Bill Beverage | Deposition | 7.40 | $ 450.00 | $ 3,330.00 | | |
| 1365 | 171 | Gene Feldman | 8/5/11 | Aug-11 | Scot Schutzman re: use of luxury suites as reasonable | Phone Call | 0.20 | $ 450.00 | $ 90.00 | | |
| 1366 | 172 | Gene Feldman | 8/5/11 | Aug-11 | Desimone re: use of luxury suites as reasonable accommodation | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1383 | 251 | Gene Feldman | 8/9/11 | Aug-11 | Desimone re: mediation scheduling for 10/21/11 | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1387 | 173 | Gene Feldman | 8/12/11 | Aug-11 | Review scheduling order from court | Review | 0.20 | $ 450.00 | $ 90.00 | | |
| 1398 | 174 | Gene Feldman | 8/24/11 | Aug-11 | Desimone re: discovery | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1412 | 252 | Gene Feldman | 9/17/11 | Sep-11 | Desimone re: Mazz conference call scheduling | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1421 | 175 | Gene Feldman | 9/25/11 | Sep-11 | Jocelyn Alexander re: mediation information | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1431 | 176 | Gene Feldman | 9/26/11 | Sep-11 | Charlebois-Jocelyn Alexander re: mediation information | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1432 | 177 | Gene Feldman | 9/26/11 | Sep-11 | Jocelyn Alexander re: mediation information | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| 1433 | 178 | Gene Feldman | 9/26/11 | Sep-11 | Amanda Canning re: Mazz conference call | Phone Call | 0.20 | $ 450.00 | $ 90.00 | ic | |
| 1434 | 179 | Gene Feldman | 9/26/11 | Sep-11 | Mazz conference call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | qu | |
| 1480 | 180 | Gene Feldman | 9/29/11 | Sep-11 | Desimone Mazz conference call | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1461 | 181 | Gene Feldman | 10/6/11 | Oct-11 | Desimone re: settlement proposal | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1462 | 182 | Gene Feldman | 10/6/11 | Oct-11 | Desimone re: settlement proposal | Prepare E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1473 | 183 | Gene Feldman | 10/11/11 | Oct-11 | Desimone re: Mazz conference call | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1479 | 184 | Gene Feldman | 10/12/11 | Oct-11 | Review Seating Report from Critical Structures | Review | 0.40 | $ 450.00 | $ 180.00 | | |
| 1490 | 185 | Gene Feldman | 10/13/11 | Oct-11 | Mazz, Canning & Desimone re: defense report | Phone Call | 0.60 | $ 450.00 | $ 270.00 | | Conference call with expert Michael Mazza |
| 1496 | 253 | Gene Feldman | 10/14/11 | Oct-11 | Draft mediation brief section on Angels economic capacity to pay for stadium modifications | Draft | 0.30 | $ 450.00 | $ 135.00 | | |
| 1497 | 254 | Gene Feldman | 10/14/11 | Oct-11 | Canning re: brief action on Angels economic capacity to pay for stadium modifications | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | im | |
| 1498 | 255 | Gene Feldman | 10/14/11 | Oct-11 | Giddens re: expert report questions from Desimone | Review E Mail | 0.20 | $ 450.00 | $ 90.00 | | |
| | | **Gene Feldman Total** | | | | | 128.40 | | $ 57,780.00 | | |

Angels / Charlebois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 90 | James V. DeSimone | 9/9/09 | Sep-09 | Discussion with Eugene Feldman ("EG") Angel Stadium wheelchair access, client J. Paul Charlebois ("JPC") (.7 hr) | | 0.70 | $ 650.00 | $ 455.00 | qu | |
| 2 | 91 | James V. DeSimone | 9/9/09 | Sep-09 | review Gaddaw, Colorado Rockies case documents, Justice Dept. Regulations (2.6 hrs) | | 2.60 | $ 650.00 | $ 1,690.00 | im | EF is Gene (Eugene) Feldman |
| 3 | 92 | James V. DeSimone | 9/9/09 | Sep-09 | Emails W. EF re: case options, (3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 4 | 93 | James V. DeSimone | 9/10/09 | Sep-09 | follow up corr. W. EF (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 5 | 94 | James V. DeSimone | 9/19/09 | Sep-09 | review on-line Angel Baseball Information (.7) | | 0.70 | $ 650.00 | $ 455.00 | im | |
| 6 | 95 | James V. DeSimone | 9/19/09 | Sep-09 | memo to file (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 7 | 96 | James V. DeSimone | 9/19/09 | Sep-09 | emails w. EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 8 | 97 | James V. DeSimone | 9/26/09 | Sep-09 | case law review (.8) | | 0.80 | $ 650.00 | $ 520.00 | qu | |
| 9 | 98 | James V. DeSimone | 9/26/09 | Sep-09 | mails w. EF re: stadium options (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 12 | 99 | James V. DeSimone | 9/29/09 | Sep-09 | attend Angel Game/take photographs Survey disabled access seating | | 3.00 | $ 650.00 | $ 1,950.00 | | |
| 15 | 100 | James V. DeSimone | 10/6/09 | Oct-09 | emails w/ EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 16 | 101 | James V. DeSimone | 10/6/09 | Oct-09 | review of Taco Bell case (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 18 | 102 | James V. DeSimone | 10/7/09 | Oct-09 | review of Angel wheelchair seating Options (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 19 | 103 | James V. DeSimone | 10/7/09 | Oct-09 | meeting w. David Sarnoff Re: case information/strategy (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | ic | |
| 20 | 104 | James V. DeSimone | 10/7/09 | Oct-09 | emails w. EF re: seating issues (3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 24 | 105 | James V. DeSimone | 10/13/09 | Oct-09 | Read cases and statutes re: Wheelchair access (3.1) | | 3.10 | $ 650.00 | $ 2,015.00 | | |
| 26 | 106 | James V. DeSimone | 10/13/09 | Oct-09 | emails W. DS re: case theory (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 29 | 107 | James V. DeSimone | 10/14/09 | Oct-09 | mtg. W JPC, EF, and DS (2.8 hrs) | | 2.00 | $ 650.00 | $ 1,300.00 | ic | meeting with client (JCP) |
| 31 | 108 | James V. DeSimone | 10/15/09 | Oct-09 | corr. W. JPC (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 33 | 109 | James V. DeSimone | 10/15/09 | Oct-09 | review and edit ltr to Angel Baseball (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 34 | 110 | James V. DeSimone | 10/19/09 | Oct-09 | discussion w. JPC (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | JPC is client Jeff Charlebois |
| 35 | 111 | James V. DeSimone | 10/19/09 | Oct-09 | read case law (.3) | | 0.30 | $ 650.00 | $ 195.00 | im qu | |
| 43 | 115 | James V. DeSimone | 11/2/09 | Nov-09 | reviewed case law/wrote list of Talking points re: conv. W. David Cohen ("DC") (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | qu | DC is associated with Angels Baseball team |
| 44 | 116 | James V. DeSimone | 11/2/09 | Nov-09 | Tc to DC, message (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 47 | 117 | James V. DeSimone | 11/6/09 | Nov-09 | conv. w. DC (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 48 | 118 | James V. DeSimone | 11/6/09 | Nov-09 | conv. w. Eugene Feldman (EF) (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 49 | 119 | James V. DeSimone | 11/6/09 | Nov-09 | Memo to file (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 51 | 120 | James V. DeSimone | 11/8/09 | Nov-09 | prepared ltr. To DC (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | qu | |
| 52 | 121 | James V. DeSimone | 11/8/09 | Nov-09 | Email to EF (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 53 | 122 | James V. DeSimone | 11/8/09 | Nov-09 | email to Scott Sheutzmann (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | qu | Scott Sheutzmann (SS) is not an Schonbrun/internal timekeeper |
| 55 | 123 | James V. DeSimone | 11/9/09 | Nov-09 | finalized letter to DC(.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 56 | 124 | James V. DeSimone | 11/9/09 | Nov-09 | email To SS (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 59 | 125 | James V. DeSimone | 11/17/09 | Nov-09 | telephone all w. Brent Gidders (BG) (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 60 | 126 | James V. DeSimone | 11/17/09 | Nov-09 | email EF, DS and Mike Seplow (MS) _1 | | 0.10 | $ 650.00 | $ 65.00 | im qu | BG is Brent Gidders |
| 61 | 127 | James V. DeSimone | 11/18/09 | Nov-09 | email w. BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 63 | 128 | James V. DeSimone | 12/1/09 | Dec-09 | corr. W. BG re: documents. Settlement (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 65 | 129 | James V. DeSimone | 12/2/09 | Dec-09 | email for BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 67 | 130 | James V. DeSimone | 12/3/09 | Dec-09 | review and edit City of Anaheim tort claim (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 69 | 131 | James V. DeSimone | 12/4/09 | Dec-09 | next draft of tort claim (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 70 | 132 | James V. DeSimone | 12/4/09 | Dec-09 | email JC and EF (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 72 | 133 | James V. DeSimone | 12/4/09 | Dec-09 | conv. W. Brent Gidders (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 73 | 134 | James V. DeSimone | 12/6/09 | Dec-09 | emails w. JPC and EF re: Strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 74 | 135 | James V. DeSimone | 12/7/09 | Dec-09 | Finalize tort claim (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 75 | 136 | James V. DeSimone | 12/7/09 | Dec-09 | email to JC (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 76 | 137 | James V. DeSimone | 12/7/09 | Dec-09 | further review and emails (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 77 | 138 | James V. DeSimone | 12/9/09 | Dec-09 | Finalize tort claim (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 79 | 139 | James V. DeSimone | 12/15/09 | Dec-09 | read cases (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 80 | 140 | James V. DeSimone | 12/15/09 | Dec-09 | mtg w. DS re: Complaint/causes of action (.5) | | 0.50 | $ 650.00 | $ 325.00 | ic | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 85 | 141 | James V. DeSimone | 12/28/09 | Dec-09 | review of risk letters from City of Anaheim (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 86 | 142 | James V. DeSimone | 12/28/09 | Dec-09 | mtg. W/ OS re: Complaint (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 87 | 143 | James V. DeSimone | 12/28/09 | Dec-09 | Corr. W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 88 | 144 | James V. DeSimone | 1/6/10 | Jan-10 | File review and email to BG Re: documents (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | BC is internal timekeeper Bill Clifton |
| 90 | 145 | James V. DeSimone | 1/18/10 | Jan-10 | Con. W. BC re: documents/ Status (3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 94 | 146 | James V. DeSimone | 1/21/10 | Jan-10 | emails w. paralegal EF, JPC re: Denial of tort claim | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 97 | 147 | James V. DeSimone | 1/27/10 | Jan-10 | review and edit draft Complaint | | 1.80 | $ 650.00 | $ 1,170.00 | | |
| 99 | 148 | James V. DeSimone | 2/3/10 | Feb-10 | review prior corr. (.2 Br) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 100 | 149 | James V. DeSimone | 2/3/10 | Feb-10 | corr. To Brent Giddens (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 101 | 150 | James V. DeSimone | 2/5/10 | Feb-10 | review Corr. BG | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 102 | 151 | James V. DeSimone | 2/8/10 | Feb-10 | corr. To BG | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 104 | 152 | James V. DeSimone | 2/16/10 | Feb-10 | follow up corr. W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 107 | 153 | James V. DeSimone | 3/7/10 | Mar-10 | email w. EF re: strategy | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 108 | 154 | James V. DeSimone | 3/8/10 | Mar-10 | review BG email/email w. EF re: strategy; review and email Complaint | | 0.60 | $ 650.00 | $ 390.00 | im | |
| 114 | 155 | James V. DeSimone | 3/15/10 | Mar-10 | review and edit Complaint (.6) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 115 | 156 | James V. DeSimone | 3/15/10 | Mar-10 | Emails w. EF re: strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 118 | 157 | James V. DeSimone | 3/22/10 | Mar-10 | review BG email/ email EF | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 122 | 158 | James V. DeSimone | 3/25/10 | Mar-10 | review ADA regs (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 123 | 159 | James V. DeSimone | 3/25/10 | Mar-10 | prepared ltr. To BG (.8) | | 0.80 | $ 650.00 | $ 520.00 | qu | |
| 125 | 160 | James V. DeSimone | 4/5/10 | Apr-10 | conv. W. GF re: wheelchair access | | 0.60 | $ 650.00 | $ 390.00 | ic | GF is Gene Feldman |
| 126 | 161 | James V. DeSimone | 4/13/10 | Apr-10 | conv. W. EF re: strategy/community Resources (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 127 | 162 | James V. DeSimone | 4/13/10 | Apr-10 | email contacts re: Outreach (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 131 | 163 | James V. DeSimone | 4/15/10 | Apr-10 | tc and email to Disability Legal rights Center (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 132 | 164 | James V. DeSimone | 4/15/10 | Apr-10 | review of Complaint (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 133 | 165 | James V. DeSimone | 4/19/10 | Apr-10 | review and edit Complaint (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | | |
| 134 | 166 | James V. DeSimone | 4/19/10 | Apr-10 | conv. W. Mike Seplow (MS) re: final complaint (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 135 | 167 | James V. DeSimone | 4/19/10 | Apr-10 | review MS memo and Emails (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 141 | 168 | James V. DeSimone | 4/21/10 | Apr-10 | review DLRC federal complaint (.4) | | 4.00 | $ 650.00 | $ 2,600.00 | | |
| 142 | 169 | James V. DeSimone | 4/21/10 | Apr-10 | Email w. WH re: strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | WH is not an internal timekeeper |
| 143 | 170 | James V. DeSimone | 4/21/10 | Apr-10 | mtg. W. MS re: strategy re: complaint/ Filing remedies (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 144 | 171 | James V. DeSimone | 4/21/10 | Apr-10 | tc. W. MS and EF re: filing strategy (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 150 | 172 | James V. DeSimone | 4/23/10 | Apr-10 | mtg. W. MS re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 151 | 173 | James V. DeSimone | 4/23/10 | Apr-10 | emails W. EF and MS (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 158 | 174 | James V. DeSimone | 4/23/10 | Apr-10 | mtg. W. AC And MS re: case strategy (1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 159 | 175 | James V. DeSimone | 5/12/10 | May-10 | conv. w. EF re: Complaint/strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| | 176 | James V. DeSimone | 5/12/10 | May-10 | Emails w. AC re: Complaint (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 163 | 177 | James V. DeSimone | 5/26/10 | May-10 | review and edit Federal Court Complaint (1.1 hr) | | 1.10 | $ 650.00 | $ 715.00 | | |
| 164 | 178 | James V. DeSimone | 5/26/10 | May-10 | email AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 165 | 179 | James V. DeSimone | 5/26/10 | May-10 | Mtg. W. AC re: complaint (.5) | | 0.50 | $ 650.00 | $ 325.00 | ic | |
| 168 | 180 | James V. DeSimone | 5/27/10 | May-10 | discussions w. AC re: complaint (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 172 | 181 | James V. DeSimone | 5/27/10 | May-10 | Emails w. MS re: complaint (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 173 | 182 | James V. DeSimone | 5/28/10 | May-10 | review and edit final draft of Complaint (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | | |
| 174 | 183 | James V. DeSimone | 5/28/10 | May-10 | email JPC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 179 | 184 | James V. DeSimone | 6/1/10 | Jun-10 | Email JPC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 180 | 185 | James V. DeSimone | 6/1/10 | Jun-10 | email exchange w. EF re: Complaint (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 182 | 186 | James V. DeSimone | 6/1/10 | Jun-10 | email w. MS re: strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 183 | 187 | James V. DeSimone | 6/2/10 | Jun-10 | mtg w. MS re: Complaint/strategy (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| | 188 | James V. DeSimone | 6/2/10 | Jun-10 | mtg. W. MM re: complaint Strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 184 | 189 | James V. DeSimone | 6/2/10 | Jun-10 | tc w. EF, AC & MS (.7 hr) | | 0.70 | $ 650.00 | $ 455.00 | im | |

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 185 | 190 | James V. DeSimone | 6/2/10 | Jun-10 | email to JC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | Feldman also billed for conference call with client on 6/4/2010 |
| 186 | 191 | James V. DeSimone | 6/2/10 | Jun-10 | review AC memo re: law and email questions (.4) | | 0.40 | $ 650.00 | $ 260.00 | im | |
| 195 | 192 | James V. DeSimone | 6/3/10 | Jun-10 | conv. W. EF re: strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 196 | 193 | James V. DeSimone | 6/3/10 | Jun-10 | conv. W. AC re: compliant revisions (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 197 | 194 | James V. DeSimone | 6/3/10 | Jun-10 | conv. W. EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 198 | 195 | James V. DeSimone | 6/3/10 | Jun-10 | conv. w. JC (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 204 | 196 | James V. DeSimone | 6/4/10 | Jun-10 | conv. W. EF re: research/strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 205 | 197 | James V. DeSimone | 6/4/10 | Jun-10 | conv. W. JC and EF re: lawsuit/strategy (.7) | | 0.70 | $ 650.00 | $ 455.00 | ic | |
| 206 | 198 | James V. DeSimone | 6/4/10 | Jun-10 | mtg. w/ AC re: changes to lawsuit (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 207 | 199 | James V. DeSimone | 6/4/10 | Jun-10 | mtg. W. MS re: strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 216 | 200 | James V. DeSimone | 6/4/10 | Jun-10 | email W. EF and AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 217 | 201 | James V. DeSimone | 6/7/10 | Jun-10 | emails w/ AC and MS re compliant (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 218 | 202 | James V. DeSimone | 6/7/10 | Jun-10 | mtg. W. AC re: compliant Allegations (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 223 | 203 | James V. DeSimone | 6/7/10 | Jun-10 | confs. W. MS re: Revised complaint (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 204 | 204 | James V. DeSimone | 6/8/10 | Jun-10 | review case law/complaint (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 226 | 205 | James V. DeSimone | 6/9/10 | Jun-10 | conv. W. AC re: complaint (.2); | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 227 | 206 | James V. DeSimone | 6/9/10 | Jun-10 | Emails w. MS: re complaint (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 230 | 207 | James V. DeSimone | 6/10/10 | Jun-10 | review and edit complaint for injunctive relief (1.2 hr) | | 1.20 | $ 650.00 | $ 780.00 | im qu | |
| 231 | 208 | James V. DeSimone | 6/10/10 | Jun-10 | email team (.1 hr) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 232 | 209 | James V. DeSimone | 6/10/10 | Jun-10 | disc. W. MS (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 233 | 210 | James V. DeSimone | 6/10/10 | Jun-10 | mtg. W. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 240 | 211 | James V. DeSimone | 6/14/10 | Jun-10 | review attachments to Complaint (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 241 | 212 | James V. DeSimone | 6/14/10 | Jun-10 | review Complaint and email Team re: issues (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 242 | 213 | James V. DeSimone | 6/14/10 | Jun-10 | review AC Memo (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 243 | 214 | James V. DeSimone | 6/24/10 | Jun-10 | email w. EF (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 244 | 215 | James V. DeSimone | 6/24/10 | Jun-10 | Disc. W. MS (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 245 | 216 | James V. DeSimone | 6/14/10 | Jun-10 | disc. W. AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 246 | 217 | James V. DeSimone | 6/14/10 | Jun-10 | Disc. W. Paralegal (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 247 | 218 | James V. DeSimone | 6/14/10 | Jun-10 | email to BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 254 | 219 | James V. DeSimone | 6/15/10 | Jun-10 | Finalize Complaint for filing (.4) | | 0.40 | $ 650.00 | $ 260.00 | cl | |
| 259 | 220 | James V. DeSimone | 6/15/10 | Jun-10 | Review of legal research (.4) | | 0.40 | $ 650.00 | $ 260.00 | cl | |
| 260 | 221 | James V. DeSimone | 6/16/10 | Jun-10 | doc. Review and legal Research (.5) | | 0.50 | $ 650.00 | $ 325.00 | cl | |
| 270 | 222 | James V. DeSimone | 6/16/10 | Jun-10 | Email w. EF (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 271 | 223 | James V. DeSimone | 6/16/10 | Jun-10 | Rresearch re: Judge (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | judge research |
| 273 | 224 | James V. DeSimone | 6/17/10 | Jun-10 | Mtg. W. Paralegal re: tasks (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 275 | 225 | James V. DeSimone | 6/17/10 | Jun-10 | review Docs (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 276 | 226 | James V. DeSimone | 6/18/10 | Jun-10 | conf/ W. EF re: strategy (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | ic | |
| 277 | 227 | James V. DeSimone | 6/18/10 | Jun-10 | emal w. MS RE: City of Anaheim Response (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 278 | 228 | James V. DeSimone | 6/18/10 | Jun-10 | tc to expert (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 279 | 229 | James V. DeSimone | 6/18/10 | Jun-10 | email Review and contact witnesses (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 290 | 230 | James V. DeSimone | 6/18/10 | Jun-10 | speak w. Expert (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 291 | 231 | James V. DeSimone | 6/18/10 | Jun-10 | memo re conversation (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 293 | 232 | James V. DeSimone | 7/2/10 | Jul-10 | Follow up w. witnesses (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 295 | 233 | James V. DeSimone | 7/2/10 | Jul-10 | message from David Greco (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 296 | 234 | James V. DeSimone | 7/2/10 | Jul-10 | emails W. BG re status (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 297 | 235 | James V. DeSimone | 7/2/10 | Jul-10 | Rev. Eat. Of time to respond (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 298 | 236 | James V. DeSimone | 7/7/10 | Jul-10 | email w. MS RE City of Anaheim Response (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| | 237 | James V. DeSimone | 7/8/10 | Jul-10 | conv.DG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| | 238 | James V. DeSimone | 7/9/10 | Jul-10 | execute stip and email DG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| | 239 | James V. DeSimone | 7/9/10 | Jul-10 | review witness Statement and email AC Re: witness contact (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| | 240 | James V. DeSimone | 7/9/10 | Jul-10 | Email EF re: update (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 305 | 241 | James V. DeSimone | 7/27/10 | Jul-10 | conv. W. EF re: New ADA guidelines/ Strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 306 | 242 | James V. DeSimone | 7/27/10 | Jul-10 | review guidelines (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 307 | 243 | James V. DeSimone | 7/27/10 | Jul-10 | Email MS and AC re: status (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 310 | 244 | James V. DeSimone | 7/28/10 | Jul-10 | emails w. BG re: mtg of counsel (.2); | | 0.20 | $ 650.00 | $ 130.00 | | |
| 311 | 245 | James V. DeSimone | 7/28/10 | Jul-10 | Review and edit docs prepared by AC (.6) | | 0.60 | $ 650.00 | $ 390.00 | qu | |
| 312 | 246 | James V. DeSimone | 7/28/10 | Jul-10 | conv. W. AC | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 315 | 247 | James V. DeSimone | 7/30/10 | Jul-10 | reviewed decs, case law and guidelines in prep for mtg w. BG (.9 hr) | | 0.90 | $ 650.00 | $ 585.00 | | Desimone and Seplow meet with Brent Giddens on 7/30/2010 |
| 316 | 248 | James V. DeSimone | 7/30/10 | Jul-10 | mtg w. BG and MS (1 hr) | | 1.00 | $ 650.00 | $ 650.00 | | |
| 317 | 249 | James V. DeSimone | 7/30/10 | Jul-10 | memo to file re: mtg w. BG and Action items(.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 320 | 250 | James V. DeSimone | 7/31/10 | Jul-10 | emails and conv. w. EF and MS re: strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 323 | 251 | James V. DeSimone | 8/2/10 | Aug-10 | emails w. EF and MS re: strategy | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 327 | 252 | James V. DeSimone | 8/3/10 | Aug-10 | review BG's email and documents; (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 328 | 253 | James V. DeSimone | 8/3/10 | Aug-10 | emails w. AC re: experts (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 335 | 254 | James V. DeSimone | 8/5/10 | Aug-10 | review AC memo re: expert witnesses, CV's, experience (.4) | | 0.40 | $ 650.00 | $ 260.00 | im | |
| 336 | 255 | James V. DeSimone | 8/5/10 | Aug-10 | emails w. AC, MS and EF re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 337 | 256 | James V. DeSimone | 8/5/10 | Aug-10 | disc w. MS (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 345 | 257 | James V. DeSimone | 8/6/10 | Aug-10 | mtg. w MS re: strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 346 | 258 | James V. DeSimone | 8/6/10 | Aug-10 | tc conf. W. MS & EF re: strategy (.6) | | 0.60 | $ 650.00 | $ 390.00 | ic | |
| 352 | 259 | James V. DeSimone | 8/8/10 | Aug-10 | conv. W. DG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 354 | 260 | James V. DeSimone | 8/9/10 | Aug-10 | conv. w. DG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 355 | 261 | James V. DeSimone | 8/10/10 | Aug-10 | mtg w. AC re: strategy/experts, T/C w MS and GF (.9) | | 1.50 | $ 650.00 | $ 975.00 | ic qu | |
| 362 | 262 | James V. DeSimone | 8/11/10 | Aug-10 | correspondence and notes review (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 363 | 263 | James V. DeSimone | 8/11/10 | Aug-10 | draft letter to BG (.6) | | 0.60 | $ 650.00 | $ 390.00 | qu | |
| 364 | 264 | James V. DeSimone | 8/11/10 | Aug-10 | review MS and AC changes/mtg/revise (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 365 | 265 | James V. DeSimone | 8/11/10 | Aug-10 | review recusal mtn. (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 366 | 266 | James V. DeSimone | 8/11/10 | Aug-10 | Emails w. AC re: tasks (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 367 | 267 | James V. DeSimone | 8/12/10 | Aug-10 | Finalize Giddens letter (.3); | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 377 | 268 | James V. DeSimone | 8/12/10 | Aug-10 | Follow up w AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 383 | 269 | James V. DeSimone | 8/24/10 | Aug-10 | review recusal order (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 385 | 270 | James V. DeSimone | 8/26/10 | Aug-10 | review Calendaring order/ Judge David Carter (.2) | | 0.20 | $ 650.00 | $ 130.00 | cl | |
| 386 | 271 | James V. DeSimone | 8/26/10 | Aug-10 | follow up On deadlines, rules review (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 387 | 272 | James V. DeSimone | 8/26/10 | Sep-10 | Emails w MS, AC, & MS, Bill Clifton ("BC") Re: Tasks (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 394 | 273 | James V. DeSimone | 9/8/10 | Sep-10 | mtg. w. AC re: deadlines (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 395 | 274 | James V. DeSimone | 9/8/10 | Sep-10 | Review of file/trs/obligations (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 396 | 275 | James V. DeSimone | 9/8/10 | Sep-10 | Tc to BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 397 | 276 | James V. DeSimone | 9/9/10 | Sep-10 | emails w. Paula Pearlman ("PP") (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | Paula Pearlman is not an internal timekeeper |
| 401 | 277 | James V. DeSimone | 9/9/10 | Sep-10 | review and edit stip (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 402 | 278 | James V. DeSimone | 9/9/10 | Sep-10 | email To BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 403 | 279 | James V. DeSimone | 9/9/10 | Sep-10 | review expert info. (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 404 | 280 | James V. DeSimone | 9/9/10 | Sep-10 | tc to PP (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 405 | 281 | James V. DeSimone | 9/9/10 | Sep-10 | disc. W. AC Re stip. (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 409 | 282 | James V. DeSimone | 9/10/10 | Sep-10 | mtg. W. AC re: strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 410 | 283 | James V. DeSimone | 9/10/10 | Sep-10 | Email w. BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 412 | 284 | James V. DeSimone | 9/13/10 | Sep-10 | review of Rule 26 memo/docs. In prep for conf (.6) | | 0.60 | $ 650.00 | $ 390.00 | qu | |
| 413 | 285 | James V. DeSimone | 9/13/10 | Sep-10 | mtg. W. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 414 | 286 | James V. DeSimone | 9/13/10 | Sep-10 | conf. W. AC, BG & DG (.5) | | 0.50 | $ 650.00 | $ 325.00 | ic | |
| 415 | 287 | James V. DeSimone | 9/13/10 | Sep-10 | review and edit discov Requests (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 417 | 288 | James V. DeSimone | 9/14/10 | Sep-10 | review and edit stip. (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |

Angels / Chattebois  ·  Confidential

Exhibit C: SOSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 420 | 289 | James V. DeSimone | 9/15/10 | Sep-10 | emails w. BG re: stip (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 421 | 290 | James V. DeSimone | 9/15/10 | Sep-10 | Follow up w. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 423 | 291 | James V. DeSimone | 9/16/10 | Sep-10 | review and edit and. Stip. Email to BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 427 | 292 | James V. DeSimone | 9/17/10 | Sep-10 | Email w. PP re: status (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 428 | 293 | James V. DeSimone | 9/19/10 | Sep-10 | follow up w. PP (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 429 | 294 | James V. DeSimone | 9/20/10 | Sep-10 | mtg. w. AC re: deadlines (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 430 | 295 | James V. DeSimone | 9/20/10 | Sep-10 | Emails. w. BG and AC re: joint report (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 431 | 296 | James V. DeSimone | 9/20/10 | Sep-10 | review and Edit joint report (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 435 | 297 | James V. DeSimone | 9/21/10 | Sep-10 | follow up on joint stip. W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 439 | 298 | James V. DeSimone | 9/22/10 | Sep-10 | finalize joint report (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 441 | 299 | James V. DeSimone | 9/23/10 | Sep-10 | review of court order (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| | 300 | James V. DeSimone | 9/23/10 | Sep-10 | Tc to EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 442 | 301 | James V. DeSimone | 9/23/10 | Sep-10 | conf. And emails W. MS and AC re plan (.4) telephoned resources and expert Witnesses, research (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic im | |
| 452 | 302 | James V. DeSimone | 9/24/10 | Sep-10 | conv. W. Expert (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 453 | 303 | James V. DeSimone | 9/24/10 | Sep-10 | mtg. W. AC (.3) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 454 | 304 | James V. DeSimone | 9/24/10 | Sep-10 | review and edit PMK Notice (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 455 | 305 | James V. DeSimone | 9/24/10 | Sep-10 | memo re: expert witness conv. (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 460 | 306 | James V. DeSimone | 9/25/10 | Sep-10 | emails w. EF, MS and AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 461 | 307 | James V. DeSimone | 9/25/10 | Sep-10 | emails w. AC re: doc production (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 469 | 308 | James V. DeSimone | 9/27/10 | Sep-10 | review and edit Rule 26 disclosures (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 470 | 309 | James V. DeSimone | 9/27/10 | Sep-10 | review docs to be produced (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 471 | 310 | James V. DeSimone | 9/27/10 | Sep-10 | review doc (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 480 | 311 | James V. DeSimone | 9/28/10 | Sep-10 | memo to team Re: PMK Depo/class cert motion (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 481 | 312 | James V. DeSimone | 9/28/10 | Sep-10 | emails w. BC re: Docs to Expert (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 482 | 313 | James V. DeSimone | 9/28/10 | Sep-10 | review AC memo re: docs produced/ Expert wit, update (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 492 | 314 | James V. DeSimone | 9/29/10 | Sep-10 | | | 0.20 | $ 650.00 | $ 130.00 | | |
| 493 | 315 | James V. DeSimone | 9/29/10 | Sep-10 | conv. W. AC Re: follow up (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 501 | 316 | James V. DeSimone | 9/30/10 | Oct-10 | Review and edit ltr: To BG re: Docs produced (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 502 | 317 | James V. DeSimone | 9/30/10 | Oct-10 | follow up emails W. AC and BG (.) | | 0.40 | $ 650.00 | $ 260.00 | im qu | |
| 503 | 318 | James V. DeSimone | 9/30/10 | Oct-10 | review and edit JPC Dec (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 504 | 319 | James V. DeSimone | 9/30/10 | Oct-10 | follow up emails w. JPC And EF (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 505 | 320 | James V. DeSimone | 9/30/10 | Oct-10 | mtg. W. AC (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 515 | 321 | James V. DeSimone | 10/1/10 | Oct-10 | emails w. BG re: PMK Depo/ Docs/settlement (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 516 | 322 | James V. DeSimone | 10/1/10 | Oct-10 | mtg. w. AC re: tasks (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 524 | 323 | James V. DeSimone | 10/3/10 | Oct-10 | review and edit draft dec and Portions of class cert mtn. (.7) | | 0.70 | $ 650.00 | $ 455.00 | | |
| 525 | 324 | James V. DeSimone | 10/3/10 | Oct-10 | Prepare for status conf. (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 526 | 325 | James V. DeSimone | 10/4/10 | Oct-10 | travel to and from Court (2.4 hrs) | | 2.40 | $ 650.00 | $ 1,560.00 | tr | |
| 527 | 326 | James V. DeSimone | 10/4/10 | Oct-10 | Court appearance (1.3 hrs) | | 1.30 | $ 650.00 | $ 845.00 | | |
| 528 | 327 | James V. DeSimone | 10/4/10 | Oct-10 | mtg. W. BG (.4 hrs) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 529 | 328 | James V. DeSimone | 10/4/10 | Oct-10 | conv. W. AC and MS (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 530 | 329 | James V. DeSimone | 10/4/10 | Oct-10 | review of mt and conf. Re: site visit (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 531 | 330 | James V. DeSimone | 10/4/10 | Oct-10 | conv. W. Paula Pearman re: mediators/ Strategy (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 532 | 331 | James V. DeSimone | 10/4/10 | Oct-10 | follow up emails W. BG re: site visit/doc pro (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 533 | 332 | James V. DeSimone | 10/5/10 | Oct-10 | review and edit numerosity Declaration (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 538 | 333 | James V. DeSimone | 10/5/10 | Oct-10 | follow up w W expert (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 539 | 334 | James V. DeSimone | 10/5/10 | Oct-10 | follow up Emails w. BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 542 | 335 | James V. DeSimone | 10/6/10 | Oct-10 | review and edit Disney subpoena (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 543 | 336 | James V. DeSimone | 10/6/10 | Oct-10 | emails w. BG re: subpoena (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |

Angelo / Charlebois     Exhibit C: SDSHHH Legal Bill Review     Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 547 | 337 | James V. DeSimone | 10/7/10 | Oct-10 | email to team re: mediators/research (.7) | | 0.70 | $ 650.00 | $ 455.00 | im | |
| 548 | 338 | James V. DeSimone | 10/7/10 | Oct-10 | follow up re: Disney subpoena (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 554 | 339 | James V. DeSimone | 10/8/10 | Oct-10 | mtg. W. AC re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 555 | 340 | James V. DeSimone | 10/8/10 | Oct-10 | emails W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 556 | 341 | James V. DeSimone | 10/8/10 | Oct-10 | emails w. EF and AC Re mediators /discovery (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 564 | 342 | James V. DeSimone | 10/12/10 | Oct-10 | emails w. MM re: site visit (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | MM is expert Michael Mazz |
| 566 | 343 | James V. DeSimone | 10/13/10 | Oct-10 | site visit to Angels Stadium w. Travel time (8.2 hrs) | | 8.20 | $ 650.00 | $ 5,330.00 | tr | |
| 567 | 344 | James V. DeSimone | 10/13/10 | Oct-10 | conv. W. MM (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 568 | 345 | James V. DeSimone | 10/13/10 | Oct-10 | conv. W. AC re Follow up.disco (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 573 | 346 | James V. DeSimone | 10/14/10 | Oct-10 | Memo to file re: site visit/emails W. EF and AC (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 574 | 347 | James V. DeSimone | 10/14/10 | Oct-10 | emails w. BG re: mediators (.4) | | 0.40 | $ 650.00 | $ 260.00 | im | |
| 578 | 348 | James V. DeSimone | 10/15/10 | Oct-10 | follow up W AC (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic qu | |
| 580 | 349 | James V. DeSimone | 10/15/10 | Oct-10 | Emails re mediator selection (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 581 | 350 | James V. DeSimone | 10/15/10 | Oct-10 | Emails w. BG re: settlement (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 582 | 351 | James V. DeSimone | 10/15/10 | Oct-10 | Corr, W. MS, EF and AC re response (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 583 | 352 | James V. DeSimone | 10/15/10 | Oct-10 | email from BG re: PMK depo (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 586 | 353 | James V. DeSimone | 10/18/10 | Oct-10 | corr. W. BG re: mediation (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 587 | 354 | James V. DeSimone | 10/18/10 | Oct-10 | mtg. W. AC re strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 588 | 355 | James V. DeSimone | 10/18/10 | Oct-10 | conf. Call W. MM, EF & AC (1 hr) | | 1.00 | $ 650.00 | $ 650.00 | ic | |
| 589 | 356 | James V. DeSimone | 10/18/10 | Oct-10 | review Of mediator filing (.2) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 595 | 357 | James V. DeSimone | 10/19/10 | Oct-10 | review of demand ltr. (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 596 | 358 | James V. DeSimone | 10/19/10 | Oct-10 | emails To AC re: strategy (.4). | | 0.40 | $ 650.00 | $ 260.00 | im | |
| 598 | 359 | James V. DeSimone | 10/20/10 | Oct-10 | edited demand ltr (.5) | | 0.50 | $ 650.00 | $ 325.00 | im | |
| 599 | 360 | James V. DeSimone | 10/20/10 | Oct-10 | emails to BG re: PMK (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 600 | 361 | James V. DeSimone | 10/20/10 | Oct-10 | mtg. W. AC re: strategy on Mtn for class cert. (3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 601 | 362 | James V. DeSimone | 10/20/10 | Oct-10 | mtg. W. MS re: Demands (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 602 | 363 | James V. DeSimone | 10/20/10 | Oct-10 | email EF re: Demand ltr (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 603 | 364 | James V. DeSimone | 10/20/10 | Oct-10 | emails w. MM re: Seating issues (.3) | | 0.30 | $ 650.00 | $ 195.00 | | MM is expert M. Mazz |
| 604 | 365 | James V. DeSimone | 10/20/10 | Oct-10 | reviewed and edit Demand ltr (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 614 | 366 | James V. DeSimone | 10/22/10 | Oct-10 | review Disney objection to subpoena Follow up w BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 615 | 367 | James V. DeSimone | 10/22/10 | Oct-10 | emails w. AC Re: PMK depo (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 618 | 368 | James V. DeSimone | 10/25/10 | Oct-10 | Follow up emails W BG re: demand Letter (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 624 | 369 | James V. DeSimone | 10/26/10 | Oct-10 | mgt. w AC re: class cert motion / PMK depo (.4 hr) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 625 | 370 | James V. DeSimone | 10/26/10 | Oct-10 | tc w. EF re: Strategy ( 2 hr) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 626 | 371 | James V. DeSimone | 10/26/10 | Oct-10 | conv. W. MS (1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 627 | 372 | James V. DeSimone | 10/26/10 | Oct-10 | Emails w. MM (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 631 | 373 | James V. DeSimone | 10/27/10 | Nov-10 | email to BG re: PMK depo (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 632 | 374 | James V. DeSimone | 10/27/10 | Nov-10 | Mtg. W AC re: class cert. Mtn(.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 633 | 375 | James V. DeSimone | 10/27/10 | Oct-10 | Follow up team emails (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 637 | 376 | James V. DeSimone | 10/28/10 | Oct-10 | email BG re: settlement inquiry/ info requested (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 644 | 377 | James V. DeSimone | 10/30/10 | Oct-10 | review draft motion for class cert (1.2) | | 1.20 | $ 650.00 | $ 780.00 | | |
| 648 | 378 | James V. DeSimone | 10/30/10 | Oct-10 | emails w. AC re: mtn (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 649 | 379 | James V. DeSimone | 10/31/10 | Oct-10 | emails w. MS re: class cert mtn. | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 653 | 380 | James V. DeSimone | 11/1/10 | Nov-10 | review AC Memo re: docs produced (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 654 | 381 | James V. DeSimone | 11/1/10 | Nov-10 | follow up emails w. team (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 655 | 382 | James V. DeSimone | 11/1/10 | Nov-10 | Emails w. MS re: class cert Motion (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 671 | 383 | James V. DeSimone | 11/2/10 | Nov-10 | review emails re: docs and class Cert mtn. | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 679 | 384 | James V. DeSimone | 11/3/10 | Nov-10 | review decs re: class cert | | 0.50 | $ 650.00 | $ 325.00 | | |
| 699 | 385 | James V. DeSimone | 11/5/10 | Nov-10 | tc w. MS re: motion for class cert (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 700 | 386 | James V. DeSimone | 11/5/10 | Nov-10 | Review draft motion (.7) | | 0.70 | $ 650.00 | $ 455.00 | qu | |

Angels / Chatsbois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 704 | 387 | James V. DeSimone | 11/7/10 | Nov-10 | review and edit mtn for class cert (1.7) | | 1.70 | $ 650.00 | $ 1,105.00 | | |
| 705 | 388 | James V. DeSimone | 11/7/10 | Nov-10 | Review Mark Mazz dec. (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 706 | 389 | James V. DeSimone | 11/7/10 | Nov-10 | mtg. W. AC and MS re: remaining tasks for Mtn. (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 707 | 390 | James V. DeSimone | 11/7/10 | Nov-10 | tc w EF re research motion (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 708 | 391 | James V. DeSimone | 11/7/10 | Nov-10 | emails re: mtn and strategy w. AC, EF & MS (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 709 | 392 | James V. DeSimone | 11/7/10 | Nov-10 | review and edit Next draft of motion (.8) | | 0.80 | $ 650.00 | $ 520.00 | | |
| 717 | 393 | James V. DeSimone | 11/8/10 | Nov-10 | review and edit DeSimone dec. (.8) | | 0.80 | $ 650.00 | $ 520.00 | | |
| 718 | 394 | James V. DeSimone | 11/8/10 | Nov-10 | review and edit next draft of mtn (.7) | | 0.70 | $ 650.00 | $ 455.00 | qu | |
| 719 | 395 | James V. DeSimone | 11/8/10 | Nov-10 | Mtgs w. AC re: finalizing Mtn. (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 720 | 396 | James V. DeSimone | 11/8/10 | Nov-10 | review of docs. for filing (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 721 | 397 | James V. DeSimone | 11/8/10 | Nov-10 | review order/final motion (1.5) | | 1.50 | $ 650.00 | $ 975.00 | | |
| 722 | 398 | James V. DeSimone | 11/8/10 | Nov-10 | Final dec review (.9) | | 0.90 | $ 650.00 | $ 585.00 | | |
| 732 | 399 | James V. DeSimone | 11/10/10 | Nov-10 | review ca notices/follow up emails | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 733 | 400 | James V. DeSimone | 11/12/10 | Nov-10 | email BG re: depositions (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 734 | 401 | James V. DeSimone | 11/12/10 | Nov-10 | review Response email/follow up (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | This is the time entry |
| 736 | 402 | James V. DeSimone | 11/14/10 | Nov-10 | review and edit mt. and confer ltr To Disney re: subpoena | | 0.40 | $ 650.00 | $ 260.00 | | |
| 737 | 403 | James V. DeSimone | 11/15/10 | Nov-10 | mtg. W AC re: strategy/mt and conf ltr (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 738 | 404 | James V. DeSimone | 11/15/10 | Nov-10 | review and edit final letter (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 739 | 405 | James V. DeSimone | 11/15/10 | Nov-10 | Mtg. W. AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 740 | 406 | James V. DeSimone | 11/15/10 | Nov-10 | follow up emails W. Team (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 742 | 407 | James V. DeSimone | 11/16/10 | Nov-10 | review AC corr. To DG re doc pro | | 0.90 | $ 650.00 | $ 585.00 | | |
| 749 | 408 | James V. DeSimone | 11/22/10 | Nov-10 | review opp. To class cert motion (.9) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 750 | 409 | James V. DeSimone | 11/22/10 | Nov-10 | Mtg. W. AC re: errata (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 756 | 410 | James V. DeSimone | 11/23/10 | Nov-10 | mtgs. W. AC re: reply brf. (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 766 | 411 | James V. DeSimone | 11/27/10 | Nov-10 | emails w. AC and EF re: reply brf. Strategy, class definition. | | 0.40 | $ 650.00 | $ 260.00 | im | |
| 771 | 412 | James V. DeSimone | 11/29/10 | Nov-10 | review and edit class cert reply brf. (1.4) | | 1.40 | $ 650.00 | $ 910.00 | | |
| 772 | 413 | James V. DeSimone | 11/29/10 | Nov-10 | email EF and AC re: strategy (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 774 | 414 | James V. DeSimone | 11/30/10 | Nov-10 | conv. W. AC re: reply brf (.1) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 775 | 415 | James V. DeSimone | 11/30/10 | Nov-10 | Tc w. EF re: evidence obj/strategy On brief (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 776 | 416 | James V. DeSimone | 11/30/10 | Nov-10 | email AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 780 | 417 | James V. DeSimone | 12/1/10 | Dec-10 | email to EF re: reply brief (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 788 | 418 | James V. DeSimone | 12/3/10 | Dec-10 | review and edit reply brf (1.4) | | 1.40 | $ 650.00 | $ 910.00 | | |
| 789 | 419 | James V. DeSimone | 12/3/10 | Dec-10 | Cons. W. AC re: next draft (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 790 | 420 | James V. DeSimone | 12/3/10 | Dec-10 | Response to objections (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 795 | 421 | James V. DeSimone | 12/4/10 | Dec-10 | rev. and edit reply brf draft (.6) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 799 | 422 | James V. DeSimone | 12/5/10 | Dec-10 | strategy w. EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 800 | 423 | James V. DeSimone | 12/5/10 | Dec-10 | emails w. AC re: brief (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 801 | 424 | James V. DeSimone | 12/5/10 | Dec-10 | draft of response To dec. objections (1.2) | | 1.20 | $ 650.00 | $ 780.00 | | |
| 802 | 425 | James V. DeSimone | 12/5/10 | Dec-10 | legal research Re brief (.7) | | 0.70 | $ 650.00 | $ 455.00 | | |
| 805 | 426 | James V. DeSimone | 12/6/10 | Dec-10 | Finalize response to objections to Declaration (2.3 hrs) | | 2.30 | $ 650.00 | $ 1,495.00 | | |
| 806 | 427 | James V. DeSimone | 12/6/10 | Dec-10 | review and edit objs to decs. (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 807 | 428 | James V. DeSimone | 12/6/10 | Dec-10 | conv. W. AC re: Research (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic | |
| 808 | 429 | James V. DeSimone | 12/6/10 | Dec-10 | finalize reply brief Draft (.7) | | 0.70 | $ 650.00 | $ 455.00 | | |
| 820 | 430 | James V. DeSimone | 12/17/10 | Dec-10 | email w. MM re: follow up (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 821 | 431 | James V. DeSimone | 12/22/10 | Dec-10 | tc w. MM (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | MM is expert Michael Mazz |
| 822 | 432 | James V. DeSimone | 12/22/10 | Dec-10 | follow up memo (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 825 | 433 | James V. DeSimone | 1/2/11 | Jan-11 | review AC Memo re: Charlebois Tasks and strategy/ follow up Response | | 0.30 | $ 650.00 | $ 195.00 | im qu | |
| 826 | 434 | James V. DeSimone | 1/7/11 | Jan-11 | Review ADA case law/new cases | | 0.70 | $ 650.00 | $ 455.00 | | |
| 827 | 435 | James V. DeSimone | 1/14/11 | Jan-11 | email from BG re: mediation/ Class cert motion (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 828 | 436 | James V. DeSimone | 1/14/11 | Jan-11 | email w. Team re response (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |

Angels / Charlebois

Confidential

## Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 834 | 437 | James V. DeSimone | 1/17/11 | Jan-11 | Review mtn/opp and reply brfs Re class certification (2.2) | | 2.20 | $ 650.00 | $ 1,430.00 | | |
| 835 | 438 | James V. DeSimone | 1/17/11 | Jan-11 | email To BG re: mediation (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 836 | 439 | James V. DeSimone | 1/18/11 | Jan-11 | mtg. W AC re: oral arg for class Cert (1 hr) | | 1.00 | $ 650.00 | $ 650.00 | ic | |
| 837 | 440 | James V. DeSimone | 1/18/11 | Jan-11 | further prep (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 842 | 441 | James V. DeSimone | 1/19/11 | Jan-11 | emails W EF re: class cert hrng. Strategy/ outline oral argument | | 1.30 | $ 650.00 | $ 845.00 | im | |
| 847 | 442 | James V. DeSimone | 1/21/11 | Jan-11 | Case law review for hrng (1.9 hr) | | 1.90 | $ 650.00 | $ 1,235.00 | | |
| 848 | 443 | James V. DeSimone | 1/21/11 | Jan-11 | mtg. W. AC re: hrng Prep. (1.6) | | 1.60 | $ 650.00 | $ 1,040.00 | ic | |
| 849 | 444 | James V. DeSimone | 1/21/11 | Jan-11 | emails w. BG re: Mediation/class cert hrng.(.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 853 | 445 | James V. DeSimone | 1/23/11 | Jan-11 | Read cases for hrng/prepare outline For oral argument | | 4.10 | $ 650.00 | $ 2,665.00 | | |
| 854 | 446 | James V. DeSimone | 1/24/11 | Jan-11 | appearing at class cert motion hrng (2.4) | | 2.40 | $ 650.00 | $ 1,560.00 | | Class Certification hearing on 1/24/2011 |
| 855 | 447 | James V. DeSimone | 1/24/11 | Jan-11 | travel time, including prep time, Strategy; And tc w. Paula Perlman (2.1) | | 2.10 | $ 650.00 | $ 1,365.00 | qu tr | |
| 856 | 448 | James V. DeSimone | 1/24/11 | Jan-11 | Follow up emails w. PP (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 857 | 449 | James V. DeSimone | 1/24/11 | Jan-11 | Conf. call BG, AC and PP (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 865 | 450 | James V. DeSimone | 1/25/11 | Jan-11 | Revise survey (.3). | | 0.30 | $ 650.00 | $ 195.00 | | |
| 866 | 451 | James V. DeSimone | 1/25/11 | Jan-11 | email w. EF re: Organizations (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 852 | 452 | James V. DeSimone | 1/25/11 | Jan-11 | Outreach re contacts re: class members (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 870 | 453 | James V. DeSimone | 1/26/11 | Jan-11 | review reviewed survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 871 | 454 | James V. DeSimone | 1/26/11 | Jan-11 | Conf. W AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 872 | 455 | James V. DeSimone | 1/26/11 | Jan-11 | client emails (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 873 | 456 | James V. DeSimone | 1/26/11 | Jan-11 | Conf. W IPC and EF re: status and plan (.6) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 874 | 457 | James V. DeSimone | 1/26/11 | Jan-11 | follow up w. AC re BG ltr and EC (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 875 | 458 | James V. DeSimone | 1/26/11 | Jan-11 | email contacts re: outreach (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 881 | 459 | James V. DeSimone | 1/27/11 | Jan-11 | emails with Kai Valenzuela ("KV" re: Survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 882 | 460 | James V. DeSimone | 1/27/11 | Jan-11 | corr. W. BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 885 | 461 | James V. DeSimone | 1/28/11 | Jan-11 | emails w. BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 886 | 462 | James V. DeSimone | 1/29/11 | Jan-11 | emails w. JPC re: survey | | 0.10 | $ 650.00 | $ 65.00 | | |
| 887 | 463 | James V. DeSimone | 1/31/11 | Jan-11 | follow up emails w. JPC (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 888 | 464 | James V. DeSimone | 1/31/11 | Jan-11 | community Outreach (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 891 | 465 | James V. DeSimone | 2/1/11 | Feb-11 | conf. W. AC re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 892 | 466 | James V. DeSimone | 2/1/11 | Feb-11 | emails to BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 894 | 467 | James V. DeSimone | 2/3/11 | Feb-11 | corr. W. BG re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 895 | 468 | James V. DeSimone | 2/4/11 | Feb-11 | mtg w. AC Re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 896 | 469 | James V. DeSimone | 2/4/11 | Feb-11 | emails w. EF re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 897 | 470 | James V. DeSimone | 2/4/11 | Feb-11 | tc to writs. (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | This is the time entry |
| 898 | 471 | James V. DeSimone | 2/4/11 | Feb-11 | follow up memo (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 901 | 472 | James V. DeSimone | 2/7/11 | Feb-11 | email to Paula Perlman re: survey (.2) | | 2.00 | $ 650.00 | $ 1,300.00 | | |
| 902 | 473 | James V. DeSimone | 2/7/11 | Feb-11 | Corr. W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 903 | 474 | James V. DeSimone | 2/7/11 | Feb-11 | corr. W. EF re: status (.2) | | 0.20 | $ 650.00 | $ 325.00 | qu | |
| 905 | 475 | James V. DeSimone | 2/7/11 | Feb-11 | review and edited New survey (.5) | | 0.50 | $ 650.00 | $ 195.00 | qu | |
| 906 | 476 | James V. DeSimone | 2/7/11 | Feb-11 | corr. W. BG (.3) | | 0.30 | $ 650.00 | $ 65.00 | ic qu | |
| 908 | 477 | James V. DeSimone | 2/8/11 | Feb-11 | mtg W AC (.1) | | 0.10 | $ 650.00 | $ 130.00 | | |
| 909 | 478 | James V. DeSimone | 2/8/11 | Feb-11 | conv. W. BG re: survey (.2) | | 0.20 | $ 650.00 | $ 195.00 | qu | |
| 910 | 479 | James V. DeSimone | 2/8/11 | Feb-11 | follow up Revise survey (3) | | 0.30 | $ 650.00 | $ 130.00 | ic | |
| 911 | 480 | James V. DeSimone | 2/8/11 | Feb-11 | corr. W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 914 | 481 | James V. DeSimone | 2/14/11 | Feb-11 | Corr. W. EF and AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 915 | 482 | James V. DeSimone | 2/16/11 | Feb-11 | corr. W. BG re: mediation and survey | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 916 | 483 | James V. DeSimone | 2/16/11 | Feb-11 | corr. W. EF re: status (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 917 | 484 | James V. DeSimone | 2/16/11 | Feb-11 | email BG(.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 918 | 485 | James V. DeSimone | 2/16/11 | Feb-11 | Strategy disc. W. MS (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 919 | 486 | James V. DeSimone | 2/16/11 | Feb-11 | conv. W. EF re: Strategy (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 919 | 486 | James V. DeSimone | 2/16/11 | Feb-11 | email to witness (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 920 | 487 | James V. DeSimone | 2/16/11 | Feb-11 | Discussion w. Nick Cohan (NC) lawyer W. Wheelchair access friends (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 921 | 488 | James V. DeSimone | 2/16/11 | Feb-11 | follow Up email (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 925 | 489 | James V. DeSimone | 2/17/11 | Feb-11 | review of prior correspondence/outline Talking points (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 926 | 490 | James V. DeSimone | 2/17/11 | Feb-11 | to BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 927 | 491 | James V. DeSimone | 2/18/11 | Feb-11 | email to BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 928 | 492 | James V. DeSimone | 2/18/11 | Feb-11 | review of revised Survey (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 929 | 493 | James V. DeSimone | 2/18/11 | Feb-11 | corr. W. BG re: survey (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 930 | 494 | James V. DeSimone | 2/18/11 | Feb-11 | Mtg. W. AC re: new survey (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 933 | 495 | James V. DeSimone | 2/21/11 | Feb-11 | review of revised survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 934 | 496 | James V. DeSimone | 2/21/11 | Feb-11 | emails w. AC and EF re: response (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 935 | 497 | James V. DeSimone | 2/22/11 | Feb-11 | Emails w. EF and AC re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 936 | 498 | James V. DeSimone | 2/22/11 | Feb-11 | Meeting w. AC re: survey (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 937 | 499 | James V. DeSimone | 2/22/11 | Feb-11 | corr. W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 940 | 500 | James V. DeSimone | 2/23/11 | Feb-11 | email w. BG re: follow-up | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 943 | 501 | James V. DeSimone | 2/26/11 | Feb-11 | reviewed revised survey (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 944 | 502 | James V. DeSimone | 2/26/11 | Feb-11 | emails w. AC and EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 946 | 503 | James V. DeSimone | 2/28/11 | Feb-11 | survey comparison (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 947 | 504 | James V. DeSimone | 2/28/11 | Feb-11 | email paralegal Re: survey changes (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 948 | 505 | James V. DeSimone | 2/28/11 | Feb-11 | conv. W. JPC (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 949 | 506 | James V. DeSimone | 2/28/11 | Feb-11 | Emails w. BG and team (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 952 | 507 | James V. DeSimone | 3/1/11 | Mar-11 | finalized survey and emailed BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 953 | 508 | James V. DeSimone | 3/1/11 | Mar-11 | prepared for mtg. W. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 954 | 509 | James V. DeSimone | 3/1/11 | Mar-11 | tc w. BG (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 955 | 510 | James V. DeSimone | 3/1/11 | Mar-11 | Memo to file re: conversation (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 956 | 511 | James V. DeSimone | 3/1/11 | Mar-11 | conv. W. EF re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 957 | 512 | James V. DeSimone | 3/1/11 | Mar-11 | conv. W. AC Re: tasks (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 965 | 513 | James V. DeSimone | 3/2/11 | Mar-11 | emails w. BG re: survey/meeting (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 966 | 514 | James V. DeSimone | 3/2/11 | Mar-11 | Team corr. Re: strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 970 | 515 | James V. DeSimone | 3/3/11 | Mar-11 | Prepared mt and confer letter re: Survey (1.8 hr) | | 1.80 | $ 650.00 | $ 1,170.00 | | |
| 971 | 516 | James V. DeSimone | 3/3/11 | Mar-11 | prepared for mt and Confer (.3 hr) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 972 | 517 | James V. DeSimone | 3/3/11 | Mar-11 | travel time (.8 hr) | | 0.80 | $ 650.00 | $ 520.00 | tr | Meet and Confer with opposing counsel (BG) on 3/3/2011 |
| 973 | 518 | James V. DeSimone | 3/3/11 | Mar-11 | Mt and confer (.5 hr) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 976 | 519 | James V. DeSimone | 3/3/11 | Mar-11 | follow up Emails w. AC and EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 978 | 520 | James V. DeSimone | 3/4/11 | Mar-11 | emails w. BG re: proposal (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 979 | 521 | James V. DeSimone | 3/4/11 | Mar-11 | Emails w. MS, EF and AC re: Proposal (.2 hr) | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 980 | 522 | James V. DeSimone | 3/4/11 | Mar-11 | mtg. W. AC Re: ex parte (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 983 | 523 | James V. DeSimone | 3/5/11 | Mar-11 | Emails w. AC re: ex parte/ Strategy | | 0.20 | $ 650.00 | $ 130.00 | im | |
| 984 | 524 | James V. DeSimone | 3/8/11 | Mar-11 | mtg. W. AC re ex parte | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 992 | 525 | James V. DeSimone | 3/9/11 | Mar-11 | review and edit ex parte Application (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 993 | 526 | James V. DeSimone | 3/9/11 | Mar-11 | mtg. W. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 994 | 527 | James V. DeSimone | 3/9/11 | Mar-11 | emails w BG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 995 | 528 | James V. DeSimone | 3/9/11 | Mar-11 | Review And edit next ex parte Draft declaration (1.6 hr) | | 1.60 | $ 650.00 | $ 1,040.00 | | |
| 996 | 529 | James V. DeSimone | 3/9/11 | Mar-11 | Mtg w. AC and exhibit Review (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 997 | 530 | James V. DeSimone | 3/9/11 | Mar-11 | email to witness (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1004 | 531 | James V. DeSimone | 3/10/11 | Mar-11 | revised individual survey/set up account (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 1005 | 532 | James V. DeSimone | 3/10/11 | Mar-11 | emails w. KV and AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 1006 | 533 | James V. DeSimone | 3/10/11 | Mar-11 | emails w. EF and JPC (.2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 1009 | 534 | James V. DeSimone | 3/11/11 | Mar-11 | outreach to Public Justice (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1010 | 535 | James V. DeSimone | 3/11/11 | Mar-11 | email To disability lawyer (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1011 | 536 | James V. DeSimone | 3/11/11 | Mar-11 | follow up Team outreach (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1012 | 537 | James V. DeSimone | 3/14/11 | Mar-11 | emails w. disability lawyer (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1013 | 538 | James V. DeSimone | 3/14/11 | Mar-11 | website Set up re: survey (2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1014 | 539 | James V. DeSimone | 3/15/11 | Mar-11 | conv. W. Public Justice disability lawyer (.4) | | 0.40 | $650.00 | $260.00 | qu | |
| 1015 | 540 | James V. DeSimone | 3/15/11 | Mar-11 | follow up emails (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1018 | 541 | James V. DeSimone | 3/16/11 | Mar-11 | email w. AC re tasks (.1) | | 0.10 | $650.00 | $65.00 | im | |
| 1019 | 542 | James V. DeSimone | 3/16/11 | Mar-11 | review mt and Con. Ltr (.2) | | 0.20 | $650.00 | $130.00 | | |
| 1020 | 543 | James V. DeSimone | 3/16/11 | Mar-11 | follow up w. AC (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1023 | 544 | James V. DeSimone | 3/17/11 | Mar-11 | Review ct. order on ex parte (.3) | | 0.30 | $650.00 | $195.00 | | |
| 1024 | 545 | James V. DeSimone | 3/17/11 | Mar-11 | mtg. W AC (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 1025 | 546 | James V. DeSimone | 3/17/11 | Mar-11 | emails w. BG and PP (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1031 | 547 | James V. DeSimone | 3/18/11 | Mar-11 | emails w. BG and PP (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1032 | 548 | James V. DeSimone | 3/18/11 | Mar-11 | conv. W. Atty for class member, follow up emails (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 1035 | 549 | James V. DeSimone | 3/21/11 | Mar-11 | emails w. BG re: mtg (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1036 | 550 | James V. DeSimone | 3/21/11 | Mar-11 | mt and con. W. BG re: contact info (.3) | | 0.30 | $650.00 | $195.00 | | Meet and confer on 3/21/2011 |
| 1037 | 551 | James V. DeSimone | 3/21/11 | Mar-11 | conf. Call w. BG, PP and John Villardelongoria (IV) (.3) | | 0.30 | $650.00 | $195.00 | | |
| 1038 | 552 | James V. DeSimone | 3/21/11 | Mar-11 | follow up w. AC (.1) | | 0.10 | $650.00 | $65.00 | ic qu | |
| 1041 | 553 | James V. DeSimone | 3/22/11 | Mar-11 | review BG email (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1043 | 554 | James V. DeSimone | 3/23/11 | Mar-11 | email W. EF re: strategy (.3 hr) | | 0.30 | $650.00 | $195.00 | im | |
| 1044 | 555 | James V. DeSimone | 3/23/11 | Mar-11 | review Survey monkey/email (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1045 | 556 | James V. DeSimone | 3/23/11 | Mar-11 | email to BG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1046 | 557 | James V. DeSimone | 3/23/11 | Mar-11 | Follow up emails re: survey (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1052 | 558 | James V. DeSimone | 3/30/11 | Mar-11 | emails w. BG (.6 hr) | | 0.60 | $650.00 | $390.00 | qu | |
| 1053 | 559 | James V. DeSimone | 3/30/11 | Mar-11 | conv. w. BG (.5 hr) | | 0.50 | $650.00 | $325.00 | qu | |
| 1054 | 560 | James V. DeSimone | 3/30/11 | Mar-11 | Follow up strategy w. team (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 1060 | 561 | James V. DeSimone | 3/31/11 | Mar-11 | conv. W. BG (.3 hr) | | 0.30 | $650.00 | $195.00 | qu | |
| 1061 | 562 | James V. DeSimone | 3/31/11 | Mar-11 | review BG email And response (.4 hr) | | 0.40 | $650.00 | $260.00 | qu | |
| 1062 | 563 | James V. DeSimone | 3/31/11 | Mar-11 | conv. W AC re: Ex parte application (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 1063 | 564 | James V. DeSimone | 3/31/11 | Mar-11 | review and edit Ex parte application (.6) | | 0.60 | $650.00 | $390.00 | | |
| 1064 | 565 | James V. DeSimone | 3/31/11 | Mar-11 | prepare dec and Ct order. (.7) | | 0.70 | $650.00 | $455.00 | | |
| 1070 | 566 | James V. DeSimone | 4/4/11 | Apr-11 | review ex parte application opp. (.4) | | 0.40 | $650.00 | $260.00 | qu | |
| 1071 | 567 | James V. DeSimone | 4/4/11 | Apr-11 | Emails w. AC re: strategy (.2) | | 0.20 | $650.00 | $130.00 | im | |
| 1072 | 568 | James V. DeSimone | 4/5/11 | Apr-11 | Review and edit draft dec. (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 1081 | 569 | James V. DeSimone | 4/11/11 | Apr-11 | Review and edit talking points for Outreach telephone calls (.4) | | 0.40 | $650.00 | $260.00 | | |
| 1082 | 570 | James V. DeSimone | 4/11/11 | Apr-11 | follow Up mtg and emails w. Team (.3) | | 0.30 | $650.00 | $195.00 | im qu | |
| 1083 | 571 | James V. DeSimone | 4/11/11 | Apr-11 | Review Community groups (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1105 | 572 | James V. DeSimone | 4/14/11 | Apr-11 | Mtg. W. KV abilities orgs (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 1106 | 573 | James V. DeSimone | 4/14/11 | Apr-11 | emails w. AC and EF re: Outreach/survey (.2) | | 0.20 | $650.00 | $130.00 | im | KV is internal timekeeper Kai Valenzuela |
| 1109 | 574 | James V. DeSimone | 4/15/11 | Apr-11 | finalize Talking points (.3) | | 0.30 | $650.00 | $195.00 | | |
| 1110 | 575 | James V. DeSimone | 4/15/11 | Apr-11 | emails w. class members (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1111 | 576 | James V. DeSimone | 4/15/11 | Apr-11 | Surveys review (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1127 | 577 | James V. DeSimone | 4/22/11 | Apr-11 | team emails (.1) | | 0.10 | $650.00 | $65.00 | im qu | |
| 1128 | 578 | James V. DeSimone | 4/25/11 | Apr-11 | emails w class members (.3) | | 0.30 | $650.00 | $195.00 | qu | |
| 1129 | 579 | James V. DeSimone | 4/25/11 | Apr-11 | review of constant contact responses (.8) | | 0.80 | $650.00 | $520.00 | qu | |
| 1131 | 580 | James V. DeSimone | 4/28/11 | Apr-11 | conference call re: responses (.4) | | 0.40 | $650.00 | $260.00 | qu | |
| | 581 | James V. DeSimone | 4/28/11 | Apr-11 | Emails w. Team re - follow-up(.2) | | 0.20 | $650.00 | $130.00 | im qu | |
| 1135 | 582 | James V. DeSimone | 5/2/11 | May-11 | mtg w. low clerk re: research project.(3) | | 1.30 | $650.00 | $845.00 | | |
| 1137 | 583 | James V. DeSimone | 5/6/11 | May-11 | review survey responses (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1138 | 584 | James V. DeSimone | 5/6/11 | May-11 | follow up w Team (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1139 | 585 | James V. DeSimone | 5/6/11 | May-11 | review new survey (.5) | | 0.50 | $650.00 | $325.00 | qu | DeSimone, Feldman and Canning all bill to review "survey responses" |
| 1143 | 586 | James V. DeSimone | 5/9/11 | May-11 | follow up w KV and AC (.3) | | 0.30 | $650.00 | $195.00 | ic qu | |
| 1147 | 587 | James V. DeSimone | 5/12/11 | May-11 | email from BG (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1148 | 588 | James V. DeSimone | 5/12/11 | May-11 | mtg w. AC re response (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 1151 | 589 | James V. DeSimone | 5/16/11 | May-11 | mtg w. low clerk re: research project.(3) | | 0.30 | $650.00 | $195.00 | im | |
| 1152 | 590 | James V. DeSimone | 5/16/11 | May-11 | Follow up team emails (.2) | | 0.20 | $650.00 | $130.00 | im qu | |
| 1154 | 591 | James V. DeSimone | 5/17/11 | May-11 | mtg. W AC (.2) | | 0.20 | $650.00 | $130.00 | ic qu | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1158 | 592 | James V. DeSimone | 5/17/11 | May-11 | file review/email BGI (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1158 | 593 | James V. DeSimone | 5/18/11 | May-11 | update conv. W. JPC (.2) | | 0.20 | $ 650.00 | $ 130.00 | | call with client |
| 1159 | 594 | James V. DeSimone | 5/19/11 | May-11 | mtg. W. Law clerk re: research/ Survey follow up | | 0.40 | $ 650.00 | $ 260.00 | lc qu | |
| 1162 | 595 | James V. DeSimone | 5/22/11 | May-11 | review AC Memo: re: research (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1165 | 596 | James V. DeSimone | 5/23/11 | May-11 | review prior correspondence (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1166 | 597 | James V. DeSimone | 5/23/11 | May-11 | Revise corr. To BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1167 | 598 | James V. DeSimone | 5/23/11 | May-11 | mtg. w. Law clerk (.1) | | 0.10 | $ 650.00 | $ 65.00 | lc qu | |
| 1168 | 599 | James V. DeSimone | 5/23/11 | May-11 | mtg. W team Re: survey follow up (1.1) | | 1.10 | $ 650.00 | $ 715.00 | lc | |
| 1169 | 600 | James V. DeSimone | 5/23/11 | May-11 | email To BG(.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1174 | 601 | James V. DeSimone | 5/24/11 | May-11 | Edit survey follow up questions (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1175 | 602 | James V. DeSimone | 5/24/11 | May-11 | follow up emails w. team Re: decs (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1176 | 603 | James V. DeSimone | 5/24/11 | May-11 | emails w. EF re: Outreach (.1) | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 1180 | 604 | James V. DeSimone | 5/25/11 | May-11 | strategy memo to team (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1181 | 605 | James V. DeSimone | 5/25/11 | May-11 | Emails re: settlement w. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1183 | 606 | James V. DeSimone | 5/26/11 | May-11 | review and edit class member Declarations (2.9) | | 2.90 | $ 650.00 | $ 1,885.00 | | |
| 1184 | 607 | James V. DeSimone | 5/26/11 | May-11 | emails to Team re: decs (.7) | | 0.70 | $ 650.00 | $ 455.00 | im | |
| 1186 | 608 | James V. DeSimone | 5/27/11 | May-11 | review and edit class member Declaration (1.7) | | 1.70 | $ 650.00 | $ 1,105.00 | | |
| 1187 | 609 | James V. DeSimone | 5/27/11 | May-11 | emails to team Re: decs (.5) | | 0.50 | $ 650.00 | $ 325.00 | im | |
| 1190 | 610 | James V. DeSimone | 5/31/11 | May-11 | review and edit class member Decs (.6) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 1191 | 611 | James V. DeSimone | 5/31/11 | May-11 | emails w. law clerks Re outreach (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1194 | 612 | James V. DeSimone | 6/1/11 | Jun-11 | review and edit class member decs (1.9) | | 1.90 | $ 650.00 | $ 1,235.00 | | |
| 1194 | 613 | James V. DeSimone | 6/1/11 | Jun-11 | review and edit class member decs (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 1195 | 614 | James V. DeSimone | 6/1/11 | Jun-11 | outreach to organizations and Emails (.5) | | 0.30 | $ 650.00 | $ 195.00 | im qu | |
| 1198 | 615 | James V. DeSimone | 6/1/11 | Jun-11 | emails to team (.3) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1199 | 616 | James V. DeSimone | 6/2/11 | Jun-11 | tc to wits (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1199 | 617 | James V. DeSimone | 6/2/11 | Jun-11 | email to wits (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1200 | 618 | James V. DeSimone | 6/2/11 | Jun-11 | Review and edit decs (1.1) | | 1.10 | $ 650.00 | $ 715.00 | qu | |
| 1201 | 619 | James V. DeSimone | 6/2/11 | Jun-11 | emails To team (2) | | 0.20 | $ 650.00 | $ 130.00 | im qu | |
| 1202 | 620 | James V. DeSimone | 6/2/11 | Jun-11 | mtg. W. KV (.2) | | 0.20 | $ 650.00 | $ 130.00 | lc qu | |
| 1204 | 621 | James V. DeSimone | 6/3/11 | Jun-11 | telephone calls and outreach (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1205 | 622 | James V. DeSimone | 6/3/11 | Jun-11 | Review and edit decs (1.7) | | 1.70 | $ 650.00 | $ 1,105.00 | | |
| 1206 | 623 | James V. DeSimone | 6/3/11 | Jun-11 | Emails w. BG: settlement/PMK depo (2) | | 0.30 | $ 650.00 | $ 195.00 | lc | |
| 1210 | 624 | James V. DeSimone | 6/6/11 | Jun-11 | mtg. W AC re: briefing and decs (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1211 | 625 | James V. DeSimone | 6/6/11 | Jun-11 | spoke w witness (.3) | | 0.30 | $ 650.00 | $ 195.00 | lc | |
| 1212 | 626 | James V. DeSimone | 6/6/11 | Jun-11 | prepared Dec (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1212 | 627 | James V. DeSimone | 6/6/11 | Jun-11 | reviewed and edited decs (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1213 | 628 | James V. DeSimone | 6/6/11 | Jun-11 | spoke, W witness (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1214 | 629 | James V. DeSimone | 6/6/11 | Jun-11 | prepared Dec. (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1215 | 630 | James V. DeSimone | 6/6/11 | Jun-11 | conv. W. EF re: decs. Strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | lc | |
| 1219 | 630 | James V. DeSimone | 6/7/11 | Jun-11 | follow up w. law clerks re decs (.2) | | 0.20 | $ 650.00 | $ 130.00 | lc qu | |
| 1222 | 631 | James V. DeSimone | 6/8/11 | Jun-11 | dec. review and edits (.7) | | 0.70 | $ 650.00 | $ 455.00 | qu | Per time entries, Motion for Class Certification and edits/revisions to declarations continue throughout June 2011 |
| 1229 | 632 | James V. DeSimone | 6/10/11 | Jun-11 | mtg. w. AC re briefing (.3) | | 0.30 | $ 650.00 | $ 195.00 | lc | |
| 1230 | 633 | James V. DeSimone | 6/10/11 | Jun-11 | Review and edit decs (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1231 | 634 | James V. DeSimone | 6/10/11 | Jun-11 | follow Up mtg. W. Law clerks (.2) | | 0.20 | $ 650.00 | $ 130.00 | lc qu | |
| 1235 | 635 | James V. DeSimone | 6/12/11 | Jun-11 | review and edit supplemental briefing (1.6 hr) | | 1.60 | $ 650.00 | $ 1,040.00 | | |
| 1236 | 636 | James V. DeSimone | 6/12/11 | Jun-11 | review and edit decs. (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 1238 | 637 | James V. DeSimone | 6/13/11 | Jun-11 | mtg. W law clerks re: briefing (.2) | | 0.20 | $ 650.00 | $ 130.00 | lc | |
| 1239 | 638 | James V. DeSimone | 6/13/11 | Jun-11 | Prepare declaration (.9) | | 0.90 | $ 650.00 | $ 585.00 | | |
| 1240 | 639 | James V. DeSimone | 6/13/11 | Jun-11 | Write Final draft of supplemental brief (4.5 hrs) | | 4.50 | $ 650.00 | $ 2,925.00 | | |
| 1241 | 640 | James V. DeSimone | 6/13/11 | Jun-11 | review of D's report (.5) | | 0.50 | $ 650.00 | $ 325.00 | qu | |
| 1242 | 641 | James V. DeSimone | 6/13/11 | Jun-11 | emails w. BG re: declarations | | 0.50 | $ 650.00 | $ 325.00 | | |
| 1248 | 642 | James V. DeSimone | 6/14/11 | Jun-11 | Notice PMK Depo (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |

Angels / Chartebois

Confidential

## Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 1252 | 643 | James V. DeSimone | 6/15/11 | Jun-11 | review of decs. in support of mtn (.5 hr) | | 0.50 | $650.00 | $325.00 | qu | |
| 1253 | 644 | James V. DeSimone | 6/15/11 | Jun-11 | finalize filing (1.2) | | 1.20 | $650.00 | $780.00 | qu | |
| 1254 | 645 | James V. DeSimone | 6/15/11 | Jun-11 | mtg. W/ AC and law clerks (.3) | | 0.30 | $650.00 | $195.00 | ic qu | |
| 1258 | 646 | James V. DeSimone | 6/16/11 | Jun-11 | review of D's opposition to filing (.5) | | 0.50 | $650.00 | $325.00 | | |
| 1259 | 647 | James V. DeSimone | 6/16/11 | Jun-11 | prepared declaration in response To opposition (.9 hr) | | 0.90 | $650.00 | $585.00 | | |
| 1260 | 648 | James V. DeSimone | 6/16/11 | Jun-11 | research on Responsive brief (1.9 hr) | | 1.90 | $650.00 | $1,235.00 | | |
| 1263 | 649 | James V. DeSimone | 6/17/11 | Jun-11 | write reply to opposition to decs (3.7 hrs) | | 3.70 | $650.00 | $2,405.00 | | |
| 1264 | 650 | James V. DeSimone | 6/17/11 | Jun-11 | prepare for hrng, pleading Review (.5) | | 0.50 | $650.00 | $325.00 | | |
| 1265 | 651 | James V. DeSimone | 6/17/11 | Jun-11 | tc w. EF re: Hrng prep (.2) | | 0.20 | $650.00 | $130.00 | ic | |
| 1273 | 652 | James V. DeSimone | 6/19/11 | Jun-11 | Preparation for hrng/review of all Pleadings and declarations, including Original mtn/tentative (2.6) legal Research/review D's cases cited in brief (1.7 hr) | | 2.60 | $650.00 | $1,690.00 | | |
| 1274 | 653 | James V. DeSimone | 6/19/11 | Jun-11 | outline oral argument (2.1) | | 1.70 | $650.00 | $1,105.00 | | |
| 1275 | 654 | James V. DeSimone | 6/19/11 | Jun-11 | Hrng. On Motion for class certification (including travel time, with FF and AC, strategy discussions) (4.8 hrs) | | 2.10 | $650.00 | $1,365.00 | | Feldman, DeSimone and Canning all Bill to attend Hearing on Motion for Class Certification on 6/20/2011 |
| 1277 | 655 | James V. DeSimone | 6/20/11 | Jun-11 | receive and review granting of class Cert motion (.6 hr) | | 4.80 | $650.00 | $3,120.00 | ic tr | |
| 1278 | 656 | James V. DeSimone | 6/20/11 | Jun-11 | Depo notice (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1279 | 657 | James V. DeSimone | 6/20/11 | Jun-11 | Memo to file (.2) | | 0.20 | $650.00 | $130.00 | im qu | |
| 1284 | 658 | James V. DeSimone | 6/21/11 | Jun-11 | mtg. W. AC (.2) | | 0.20 | $650.00 | $130.00 | ic qu | |
| 1285 | 659 | James V. DeSimone | 6/21/11 | Jun-11 | Review and edit RFPs and Special Rogs (.8) | | 0.80 | $650.00 | $520.00 | | |
| 1290 | 660 | James V. DeSimone | 6/22/11 | Jun-11 | review and respond to BG email | | 0.20 | $650.00 | $130.00 | qu | |
| 1294 | 661 | James V. DeSimone | 6/24/11 | Jun-11 | review and respond BG corr. | | 0.20 | $650.00 | $130.00 | qu | |
| 1296 | 662 | James V. DeSimone | 6/27/11 | Jun-11 | email BG re: depos (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1297 | 663 | James V. DeSimone | 6/27/11 | Jun-11 | follow up W team (.2) | | 0.40 | $650.00 | $260.00 | qu | |
| 1298 | 664 | James V. DeSimone | 6/28/11 | Jun-11 | team emails re: depo schedule | | 0.20 | $650.00 | $130.00 | im | |
| 1301 | 665 | James V. DeSimone | 6/29/11 | Jun-11 | PMK Depo Notice | | 0.10 | $650.00 | $65.00 | qu | |
| 1302 | 666 | James V. DeSimone | 7/1/11 | Jul-11 | follow up emails W. Team re: strategy (.5) | | 0.60 | $650.00 | $390.00 | im | |
| 1303 | 667 | James V. DeSimone | 7/1/11 | Jul-11 | email w. BG re: depos | | 0.50 | $650.00 | $325.00 | qu | |
| 1313 | 668 | James V. DeSimone | 7/11/11 | Jul-11 | follow up w law clerks/KV re: additional Decs | | 0.20 | $650.00 | $130.00 | | |
| 1315 | 669 | James V. DeSimone | 7/12/11 | Jul-11 | emails w. BG re: depos/expert rpts (.2); | | 0.30 | $650.00 | $195.00 | ic | |
| 1317 | 670 | James V. DeSimone | 7/13/11 | Jul-11 | Corr. W. MM re: testimony/expert rpt (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1318 | 671 | James V. DeSimone | 7/13/11 | Jul-11 | corr. W. BG re: depos (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1319 | 672 | James V. DeSimone | 7/14/11 | Jul-11 | Corr. W. Expert re: depos (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1320 | 673 | James V. DeSimone | 7/14/11 | Jul-11 | reviewed expert Wit report (.5) | | 0.50 | $650.00 | $325.00 | qu | |
| 1321 | 674 | James V. DeSimone | 7/14/11 | Jul-11 | corr. W BG re: expert rpt/depo (.2) | | 0.20 | $650.00 | $130.00 | qu | |
| 1323 | 675 | James V. DeSimone | 7/15/11 | Jul-11 | Emails w. MM (.3), .5 hr. | | 0.50 | $650.00 | $325.00 | qu | |
| 1324 | 676 | James V. DeSimone | 7/15/11 | Jul-11 | mtg. W law clerks re: MSJ research (.3) | | 0.30 | $650.00 | $195.00 | ic | |
| 1328 | 677 | James V. DeSimone | 7/20/11 | Jul-11 | email from BG | | 0.10 | $650.00 | $65.00 | qu | |
| 1329 | 678 | James V. DeSimone | 7/22/11 | Jul-11 | corr. W. MM | | 0.20 | $650.00 | $130.00 | qu | |
| 1331 | 679 | James V. DeSimone | 7/24/11 | Jul-11 | follow up emails w. BR (.2) | | 0.50 | $650.00 | $325.00 | qu | |
| 1332 | 680 | James V. DeSimone | 7/25/11 | Jul-11 | conv. W MM re: depo prep (.5) | | 0.40 | $650.00 | $260.00 | qu | |
| 1333 | 681 | James V. DeSimone | 7/25/11 | Jul-11 | Meet and conf. Ltr re: MM Depo.(.4) | | 0.30 | $650.00 | $155.00 | im | |
| 1336 | 682 | James V. DeSimone | 7/28/11 | Jul-11 | emails w. MF re research (.3) | | | $650.00 | | | |
| 1337 | 683 | James V. DeSimone | 7/28/11 | Jul-11 | | | | $650.00 | | | |
| 1341 | 684 | James V. DeSimone | 7/30/11 | Jul-11 | PMK depo prep/review memo/ Questions (.6) | | 0.60 | $650.00 | $390.00 | im qu | |
| 1342 | 685 | James V. DeSimone | 7/30/11 | Jul-11 | email GF and AC (.1) | | 0.10 | $650.00 | $65.00 | qu | |
| 1344 | 686 | James V. DeSimone | 7/31/11 | Jul-11 | review Docs for depo prep (1.6) | | 1.60 | $650.00 | $1,040.00 | | |
| 1346 | 687 | James V. DeSimone | 8/1/11 | Aug-11 | mtg w. EF for depo prep, review Docs and formulate questions (3.6) | | 3.60 | $650.00 | $2,340.00 | ic | |
| 1349 | 688 | James V. DeSimone | 8/2/11 | Aug-11 | review docs and prepare questions (2.6) | | 2.60 | $650.00 | $1,690.00 | | |
| 1350 | 689 | James V. DeSimone | 8/2/11 | Aug-11 | finalize doc review and Depo prep (1.9hrs) | | 1.90 | $650.00 | $1,235.00 | | |
| 1358 | 690 | James V. DeSimone | 8/4/11 | Aug-11 | finalize depo prep (1.2) | | 1.20 | $650.00 | $780.00 | | |

Exhibit C: SDS/HH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1359 | 691 | James V. DeSimone | 8/4/11 | Aug-11 | depo of Angels Baseball PMK (6.1) | | 6.10 | $ 650.00 | $ 3,965.00 | | DeSimone and Feldman both attended deposition of Angels Baseball PMK (Bill Beverage) on 8/4/2011 |
| 1361 | 692 | James V. DeSimone | 8/5/11 | Aug-11 | emails w. BG re: mediation/MSJ (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1362 | 693 | James V. DeSimone | 8/5/11 | Aug-11 | follow up w mediator (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1367 | 694 | James V. DeSimone | 8/8/11 | Aug-11 | prep for meet and confer / review disco issues w. AC (2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1368 | 695 | James V. DeSimone | 8/8/11 | Aug-11 | review MSJ research (.4) | | 0.40 | $ 650.00 | $ 260.00 | | |
| 1369 | 696 | James V. DeSimone | 8/8/11 | Aug-11 | telephone conf. W. BG (.4) | | 0.40 | $ 650.00 | $ 260.00 | qu | |
| 1370 | 697 | James V. DeSimone | 8/8/11 | Aug-11 | follow mtg. W AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 1371 | 698 | James V. DeSimone | 8/8/11 | Aug-11 | mtg. W. Paralegal (.1) | | 0.10 | $ 650.00 | $ 65.00 | ic qu | |
| 1379 | 699 | James V. DeSimone | 8/9/11 | Aug-11 | review and file stip to continue deadlines (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1380 | 700 | James V. DeSimone | 8/9/11 | Aug-11 | emails w. BG and AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 1384 | 701 | James V. DeSimone | 8/10/11 | Aug-11 | conv. W. MM re: scheduling | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1389 | 702 | James V. DeSimone | 8/17/11 | Aug-11 | corr. re: transcript | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1392 | 703 | James V. DeSimone | 8/18/11 | Aug-11 | strategy mtg. w. Menaka Fernando (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1393 | 704 | James V. DeSimone | 8/18/11 | Aug-11 | mtg. W. AC (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 1395 | 705 | James V. DeSimone | 8/23/11 | Aug-11 | mtg. W. AC, review and revise protective order (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic qu | |
| 1408 | 706 | James V. DeSimone | 9/1/11 | Sep-11 | strategy email w. AC | | 0.10 | $ 650.00 | $ 65.00 | im | |
| 1416 | 707 | James V. DeSimone | 9/23/11 | Sep-11 | meeting w. AC re mediation strategy | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1422 | 708 | James V. DeSimone | 9/26/11 | Sep-11 | meeting w. AC re: mediation/strategy/ Discovery requests (.4) | | 0.40 | $ 650.00 | $ 260.00 | ic | |
| 1423 | 709 | James V. DeSimone | 9/26/11 | Sep-11 | emails w. MM and EF (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 1424 | 710 | James V. DeSimone | 9/26/11 | Sep-11 | review and edit Corr. To BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1435 | 711 | James V. DeSimone | 9/27/11 | Sep-11 | review and edit meet and confer ltr (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 1436 | 712 | James V. DeSimone | 9/27/11 | Sep-11 | mtg. W. AC (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 1439 | 713 | James V. DeSimone | 9/28/11 | Sep-11 | Review of Beverage dep/summary (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 1440 | 714 | James V. DeSimone | 9/29/11 | Sep-11 | review of Mazz dec/feasibility analysis (.5) | | 0.50 | $ 650.00 | $ 325.00 | | |
| 1443 | 715 | James V. DeSimone | 9/29/11 | Sep-11 | conv. w. MM re: feasibility of Changes (.9) | | 0.90 | $ 650.00 | $ 585.00 | | |
| 1444 | 716 | James V. DeSimone | 9/29/11 | Sep-11 | email to DG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1445 | 717 | James V. DeSimone | 9/29/11 | Sep-11 | follow up phone call (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1446 | 718 | James V. DeSimone | 9/29/11 | Sep-11 | review and edit disc. stip. (.3) | | 0.30 | $ 650.00 | $ 195.00 | | |
| 1447 | 719 | James V. DeSimone | 9/29/11 | Sep-11 | follow up email to DG (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1448 | 720 | James V. DeSimone | 9/29/11 | Sep-11 | conv. w. ct clerk and follow up (.3); | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1449 | 721 | James V. DeSimone | 9/29/11 | Sep-11 | Review MM email re: conclusions (.1) | | 0.10 | $ 650.00 | $ 65.00 | qu | |
| 1450 | 722 | James V. DeSimone | 9/29/11 | Sep-11 | Follow up w. KV re: filing (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1459 | 723 | James V. DeSimone | 10/6/11 | Oct-11 | Memo to AC and EF re: mediation brief / settlement Strategy (.7) | | 0.70 | $ 650.00 | $ 455.00 | im | |
| 1460 | 724 | James V. DeSimone | 10/6/11 | Oct-11 | follow up W EF (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic qu | |
| 1465 | 725 | James V. DeSimone | 10/10/11 | Oct-11 | review Confidentiality agreement Re: Ticketmaster (.2) | | 0.20 | $ 650.00 | $ 130.00 | | |
| 1466 | 726 | James V. DeSimone | 10/10/11 | Oct-11 | review D's Response and AC changes (.1) | | 0.10 | $ 650.00 | $ 65.00 | | |
| 1467 | 727 | James V. DeSimone | 10/10/11 | Oct-11 | Mtg. W. AC re: mediation brief (.3) | | 0.30 | $ 650.00 | $ 195.00 | ic | |
| 1474 | 728 | James V. DeSimone | 10/12/11 | Oct-11 | Reviewed BG email and attached Engineering report (.6 hr) | | 0.60 | $ 650.00 | $ 390.00 | | |
| 1475 | 729 | James V. DeSimone | 10/12/11 | Oct-11 | reviewed And edited draft mediation brief (1.4) | | 1.40 | $ 650.00 | $ 910.00 | | |
| 1476 | 730 | James V. DeSimone | 10/12/11 | Oct-11 | emails w. EF, NN & AC (.1) | | 0.10 | $ 650.00 | $ 65.00 | im qu | |
| 1480 | 731 | James V. DeSimone | 10/13/11 | Oct-11 | mtg w. AC re: mediation brief (.4 hr) | | 4.00 | $ 650.00 | $ 2,600.00 | ic | |
| 1481 | 732 | James V. DeSimone | 10/13/11 | Oct-11 | Review of report (.3) | | 0.30 | $ 650.00 | $ 195.00 | qu | |
| 1482 | 733 | James V. DeSimone | 10/13/11 | Oct-11 | conv. W. AC Re strategy (.2) | | 0.20 | $ 650.00 | $ 130.00 | ic | |
| 1483 | 734 | James V. DeSimone | 10/13/11 | Oct-11 | conv. W. E.F, MM, & AC (.7) | | 0.70 | $ 650.00 | $ 455.00 | ic qu | |
| 1484 | 735 | James V. DeSimone | 10/13/11 | Oct-11 | Emails w. BG (.2) | | 0.20 | $ 650.00 | $ 130.00 | qu | |
| 1491 | 736 | James V. DeSimone | 10/14/11 | Oct-11 | Reviewed and edited Mediation Brief (1.8) | | 1.80 | $ 650.00 | $ 1,170.00 | | |
| 1492 | 737 | James V. DeSimone | 10/14/11 | Oct-11 | follow up team emails Re: strategy (.3) | | 0.30 | $ 650.00 | $ 195.00 | im | |
| 1499 | 738 | James V. DeSimone | 10/15/11 | Oct-11 | team emails re: strategy | | 0.20 | $ 650.00 | $ 130.00 | im | |

Angels / Chartebois

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | | Fees | | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|---|------|---|-------|----------|
| 1501 | 739 | James V. DeSimone | 10/16/11 | Oct-11 | review MS changes to Mediation Brief/ follow up | | 0.30 | $ | 650.00 | $ | 195.00 | lm | |
| 1505 | 740 | James V. DeSimone | 10/17/11 | Oct-11 | email exchange (.3) | | 1.30 | $ | 650.00 | $ | 845.00 | | |
| 1517 | 112 | James V. DeSimone | 10/21/11 | Oct-11 | Finalize mediation brief | | 0.20 | $ | 650.00 | $ | 130.00 | qu | |
| 1518 | 113 | James V. DeSimone | 10/21/11 | Oct-11 | corr. W/JPC (.2) | | 0.20 | $ | 650.00 | $ | 130.00 | qu | |
| 1519 | 114 | James V. DeSimone | 10/21/11 | Oct-11 | case and Doc review (.2) | | 0.40 | $ | 650.00 | $ | 260.00 | qu | |
| | | James V. DeSimone Total | | | finalize letter To Artie Moreno (.4) | | 292.80 | | | $ | 190,320.00 | | |

DA Confidential

1/4/2012

Page 32 of 44

Angeli / Charlebois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|--|------|-------|----------|
| 468 | 80 | Jonathan Cotton | 9/27/10 | Sep-10 | Serve P's Rule 26a Report | | 0.50 | $ | 125.00 | $ 62.50 | | |
| 698 | 81 | Jonathan Cotton | 11/5/10 | Nov-10 | Draft tables for Plaintiffs Motion for Class Cert | | 2.50 | $ | 125.00 | $ 312.50 | | |
| 716 | 82 | Jonathan Cotton | 11/8/10 | Nov-10 | E-File Plaintiff's Motion for Class Cert and related Documents | | 8.00 | $ | 125.00 | $ 1,000.00 | | |
| 731 | 83 | Jonathan Cotton | 11/10/10 | Nov-10 | Draft and Serve Second Amended PMK Depo Notices | | 1.50 | $ | 125.00 | $ 187.50 | | |
| 745 | 84 | Jonathan Cotton | 11/18/10 | Nov-10 | Scan and file letter from Myers | | 0.25 | $ | 125.00 | $ 31.25 | cl | |
| 804 | 85 | Jonathan Cotton | 12/6/10 | Dec-10 | E-File Reply and Related Documents in Response to Defendants' Opp to Plaintiff's Motion for Class Cert | | 3.00 | $ | 125.00 | $ 375.00 | | |
| 890 | 86 | Jonathan Cotton | 2/1/11 | Feb-11 | Draft and Serve P's Second Set of Interrogatories | | 1.00 | $ | 125.00 | $ 125.00 | | |
| 907 | 87 | Jonathan Cotton | 2/8/11 | Feb-11 | Format 1 survey to send to DRLC | | 1.25 | $ | 125.00 | $ 156.25 | cl | |
| 1228 | 88 | Jonathan Cotton | 6/10/11 | Jun-11 | Draft tables to Plaintiffs Supplemental Memo in Support of Plaintiffs Motion for Class Cert | | 1.75 | $ | 125.00 | $ 218.75 | | |
| 1521 | 89 | Jonathan Cotton | 11/12/11 | Nov-11 | Draft list of Declarations used in P's Mediation Brief | | 0.50 | $ | 125.00 | $ 62.50 | | |
| | | Jonathan Cotton Total | | | | | 20.25 | | | $ 2,531.25 | | |

1/4/2012

DA Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|------------------------------------|-------|------|------|-------|----------|
| 22 | 1048 | Kai Valenzuela | 10/13/09 | Oct-09 | Revise retainer agreement and association of counsel | | 0.20 | $ 125.00 | $ 25.00 | cl | |
| 38 | 1049 | Kai Valenzuela | 10/21/09 | Oct-09 | Create initial case files, create database folders | | 0.40 | $ 125.00 | $ 50.00 | cl | |
| 50 | 1050 | Kai Valenzuela | 11/6/09 | Nov-09 | Receive potential expert information to be saved in database, organize case file | | 0.20 | $ 125.00 | $ 25.00 | cl | |
| 57 | 1051 | Kai Valenzuela | 11/9/09 | Nov-09 | Format correspondence, prepare mailing to Director of Legal Affairs Angels Baseball LLP | | 0.40 | $ 125.00 | $ 50.00 | | |
| 170 | 1052 | Kai Valenzuela | 5/27/10 | May-10 | Format Charlebois Federal Complaint | | 0.80 | $ 125.00 | $ 100.00 | | |
| 175 | 1053 | Kai Valenzuela | 5/28/10 | May-10 | Further revisions to Federal Complaint | | 0.20 | $ 125.00 | $ 25.00 | | |
| 235 | 1054 | Kai Valenzuela | 6/10/10 | Jun-10 | Research contact information for press release | | 0.30 | $ 125.00 | $ 37.50 | | |
| 251 | 1055 | Kai Valenzuela | 6/14/10 | Jun-10 | Further revise Federal Complaint | | 0.20 | $ 125.00 | $ 25.00 | | |
| 257 | 1056 | Kai Valenzuela | 6/15/10 | Jun-10 | Further research/update contact list for press release, correspond with co-paralegals re P.R. | | 0.50 | $ 125.00 | $ 62.50 | lm | press release |
| 263 | 1057 | Kai Valenzuela | 6/16/10 | Jun-10 | Receive documents via ECF to print and save to database | | 0.80 | $ 125.00 | $ 100.00 | cl qu | |
| 359 | 1058 | Kai Valenzuela | 8/10/10 | Aug-10 | Draft Request of Recusal Motion | | 0.40 | $ 125.00 | $ 50.00 | | |
| 360 | 1059 | Kai Valenzuela | 8/10/10 | Aug-10 | E-file Request of Recusal Motion, prepare Chambers copy | | 0.60 | $ 125.00 | $ 75.00 | | |
| 369 | 1060 | Kai Valenzuela | 8/11/10 | Aug-10 | Draft Notice of Change of Attorney | | 0.40 | $ 125.00 | $ 50.00 | | |
| 370 | 1061 | Kai Valenzuela | 8/11/10 | Aug-10 | E-file Notice of Change of Attorney, prepare Chambers copy | | 0.60 | $ 125.00 | $ 75.00 | | |
| 379 | 1062 | Kai Valenzuela | 8/12/10 | Aug-10 | Prepare correspondence for Defense counsel | | 0.30 | $ 125.00 | $ 37.50 | qu | |
| 380 | 1063 | Kai Valenzuela | 8/12/10 | Aug-10 | Review DRLC e-mail | | 0.30 | $ 125.00 | $ 37.50 | qu | |
| 384 | 1064 | Kai Valenzuela | 8/24/10 | Aug-10 | Receive Order via ECF re Judge Recusal, save to database | | 0.20 | $ 125.00 | $ 25.00 | | |
| 419 | 1065 | Kai Valenzuela | 9/14/10 | Sep-10 | Receive e-mail correspondence re Joint Stipulation re Continuance | | 0.30 | $ 125.00 | $ 37.50 | | |
| 425 | 1066 | Kai Valenzuela | 9/16/10 | Sep-10 | Revise Joint Stipulation, E-file and prepare Chambers copy | | 1.80 | $ 125.00 | $ 225.00 | | |
| 683 | 1067 | Kai Valenzuela | 11/3/10 | Nov-10 | Draft TOC/TOA for Motion for Class Certification | | 0.40 | $ 125.00 | $ 50.00 | | |
| 725 | 1068 | Kai Valenzuela | 11/8/10 | Nov-10 | Prepare/revise Declarations in Support of Motion for Class Certification | | 3.50 | $ 125.00 | $ 437.50 | | |
| 726 | 1069 | Kai Valenzuela | 11/8/10 | Nov-10 | Revise/format Motion for Class Certification | | 2.50 | $ 125.00 | $ 312.50 | | Motion for Class Certification filed on 11/8/2010 |
| 727 | 1070 | Kai Valenzuela | 11/8/10 | Nov-10 | E-file Motion for Class Certification | | 1.40 | $ 125.00 | $ 175.00 | | |
| 758 | 1071 | Kai Valenzuela | 11/23/10 | Nov-10 | Receive Defense opposition docs, review | | 1.20 | $ 125.00 | $ 150.00 | | |
| 786 | 1072 | Kai Valenzuela | 12/2/10 | Dec-10 | Receive Defendants' Opposition documents and save to database, prepare file for lead counsel | | 0.80 | $ 125.00 | $ 100.00 | | |
| 787 | 1073 | Kai Valenzuela | 12/2/10 | Dec-10 | Draft Response to Objections to Mazz Declaration | | 6.50 | $ 125.00 | $ 812.50 | | |
| 792 | 1074 | Kai Valenzuela | 12/3/10 | Dec-10 | Draft Response to Evidentiary Objections to Motion for Class Certification | | 5.40 | $ 125.00 | $ 675.00 | | |
| 793 | 1075 | Kai Valenzuela | 12/3/10 | Dec-10 | Draft Response to Objections of Remaining Declarations | | 2.60 | $ 125.00 | $ 325.00 | | |
| 810 | 1076 | Kai Valenzuela | 12/6/10 | Dec-10 | Revise Response to Objections to Mazz Declaration | | 3.40 | $ 125.00 | $ 425.00 | | |
| 811 | 1077 | Kai Valenzuela | 12/6/10 | Dec-10 | Draft Table of Authorities to Reply Brief to Defendants' Opposition for Motion for Class Certification | | 1.50 | $ 125.00 | $ 187.50 | | |
| 812 | 1078 | Kai Valenzuela | 12/6/10 | Dec-10 | Revise Response to Evidentiary Objections to Motion for Class Certification | | 3.50 | $ 125.00 | $ 437.50 | | |
| 813 | 1079 | Kai Valenzuela | 12/6/10 | Dec-10 | E-file Reply to Defendants' Opposition, Response to Objections, Response to Declarations in Opposition, Prepare Chamber copies | | 2.20 | $ 125.00 | $ 275.00 | | Reply to Defendants' Opposition, Response to Objections, Response to Declarations in Opposition, efiled on 12/6/2010 |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 816 | 1080 | Kai Valenzuela | 12/7/10 | Dec-10 | Revise Response to Objections to Charlebois Declaration | | 2.40 | $ 125.00 | $ 300.00 | | |
| 840 | 1081 | Kai Valenzuela | 1/18/11 | Jan-11 | Prepare binders for lead counsel for Motion for Class Certification Hearing | | 4.60 | $ 125.00 | $ 575.00 | | |
| 844 | 1082 | Kai Valenzuela | 1/19/11 | Jan-11 | Research cases from Defendants' Opposition to Class Certification, Prepare binder | | 3.40 | $ 125.00 | $ 425.00 | | |
| 846 | 1083 | Kai Valenzuela | 1/20/11 | Jan-11 | Complete binders for lead counsel | | 2.40 | $ 125.00 | $ 300.00 | | |
| 884 | 1084 | Kai Valenzuela | 1/27/11 | Jan-11 | Research Survey Monkey, correspond with counsels re logistics | | 1.40 | $ 125.00 | $ 175.00 | | |
| 950 | 1085 | Kai Valenzuela | 2/28/11 | Feb-11 | Revise survey from Defense counsel, correspond with attorneys | | 2.60 | $ 125.00 | $ 325.00 | qu | |
| 961 | 1086 | Kai Valenzuela | 3/1/11 | Mar-11 | Further revise survey | | 1.80 | $ 125.00 | $ 225.00 | | |
| 976 | 1087 | Kai Valenzuela | 3/3/11 | Mar-11 | Format correspondence to Defense counsel, forward to all counsel | | 0.60 | $ 125.00 | $ 75.00 | cl qu | |
| 999 | 1088 | Kai Valenzuela | 3/9/11 | Mar-11 | Format Declaration of V. James DeSimone | | 0.60 | $ 125.00 | $ 75.00 | | |
| 1000 | 1089 | Kai Valenzuela | 3/9/11 | Mar-11 | Draft Table of Authorities re Ex Parte Application, Research/organize Exhibits | | 3.20 | $ 125.00 | $ 400.00 | | Ex Parte Application to Compel Survey filed on 3/9/2011 |
| 1001 | 1090 | Kai Valenzuela | 3/9/11 | Mar-11 | &file Ex Parte Application to Compel Survey, Prepare Chambers copy | | 0.80 | $ 125.00 | $ 100.00 | | |
| 1007 | 1091 | Kai Valenzuela | 3/10/11 | Mar-11 | Further revise Survey | | 0.80 | $ 125.00 | $ 100.00 | | |
| 1087 | 1092 | Kai Valenzuela | 4/11/11 | Apr-11 | Review correspondence re DRLC survey | | 0.30 | $ 125.00 | $ 37.50 | | |
| 1088 | 1093 | Kai Valenzuela | 4/11/11 | Apr-11 | Research organizations for Declarant ISO Class Certification | | 2.60 | $ 125.00 | $ 325.00 | | |
| 1089 | 1094 | Kai Valenzuela | 4/11/11 | Apr-11 | Revise script re calls to organizations | | 0.40 | $ 125.00 | $ 50.00 | | |
| 1090 | 1095 | Kai Valenzuela | 4/11/11 | Apr-11 | Contact organizations for survey distributor | | 4.20 | $ 125.00 | $ 525.00 | qu | |
| 1096 | 1096 | Kai Valenzuela | 4/12/11 | Apr-11 | Contact organizations for survey distributor | | 7.50 | $ 125.00 | $ 937.50 | qu | |
| 1099 | 1097 | Kai Valenzuela | 4/13/11 | Apr-11 | Contact organizations for survey distributor | | 6.50 | $ 125.00 | $ 812.50 | qu | |
| 1100 | 1098 | Kai Valenzuela | 4/13/11 | Apr-11 | Revise survey | | 1.30 | $ 125.00 | $ 162.50 | | |
| 1108 | 1099 | Kai Valenzuela | 4/14/11 | Apr-11 | Further revise survey, prepare survey packet for organizations, further contact organizations for distribution | | 4.50 | $ 125.00 | $ 562.50 | qu | |
| 1114 | 1100 | Kai Valenzuela | 4/15/11 | Apr-11 | Prepare packet for distribution at Abilities Expo, interview survey respondents | | 7.50 | $ 125.00 | $ 937.50 | | |
| 1116 | 1101 | Kai Valenzuela | 4/18/11 | Apr-11 | Contact organizations, review survey responses from conference, revise Survey Monkey, correspond with counsel re responses | | 6.50 | $ 125.00 | $ 812.50 | qu | |
| 1121 | 1102 | Kai Valenzuela | 4/19/11 | Apr-11 | Contact organizations for survey distribution, correspond with counsel re responses | | 3.50 | $ 125.00 | $ 437.50 | qu | |
| 1122 | 1103 | Kai Valenzuela | 4/19/11 | Apr-11 | Follow-up with organizations from conference re survey responses | | 2.30 | $ 125.00 | $ 287.50 | | |
| 1125 | 1104 | Kai Valenzuela | 4/21/11 | Apr-11 | Review responses from conference, save information in our database | | 1.50 | $ 125.00 | $ 187.50 | cl | |
| 1133 | 1105 | Kai Valenzuela | 4/29/11 | Apr-11 | Review further responses from Survey Monkey | | 0.80 | $ 125.00 | $ 100.00 | | |
| 1140 | 1106 | Kai Valenzuela | 5/6/11 | May-11 | Continue to review additional survey responses from Survey Monkey | | 0.40 | $ 125.00 | $ 50.00 | | |
| 1141 | 1107 | Kai Valenzuela | 5/6/11 | May-11 | Receive survey responses from DRLC, review/sort for contact information and save to our database | | 4.60 | $ 125.00 | $ 575.00 | | |
| 1144 | 1108 | Kai Valenzuela | 5/9/11 | May-11 | Contact DRLC re survey respondents spreadsheet, create spreadsheet via GMAIL, contact survey respondents for declarations | | 3.50 | $ 125.00 | $ 437.50 | | |
| 1146 | 1109 | Kai Valenzuela | 5/11/11 | May-11 | Revise survey respondent spreadsheet, contact respondents | | 2.50 | $ 125.00 | $ 312.50 | | |

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1149 | 1110 | Kai Valenzuela | 5/12/11 | May-11 | Contact survey respondents, continue to upload respondent information to spreadsheet from DRLC | | 4.50 | $ 125.00 | $ 562.50 | | |
| 1153 | 1111 | Kai Valenzuela | 5/16/11 | May-11 | Update survey responses to spreadsheet, save to J-Drive | | 2.50 | $ 125.00 | $ 312.50 | cl | |
| 1160 | 1112 | Kai Valenzuela | 5/20/11 | May-11 | Update additional survey respondent data into spreadsheet, scan surveys to J-Drive, correspond with counsel re updates | | 3.50 | $ 125.00 | $ 437.50 | | |
| 1173 | 1113 | Kai Valenzuela | 5/23/11 | May-11 | Update additional survey data from DRLC to spreadsheet | | 5.50 | $ 125.00 | $ 687.50 | cl | |
| 1178 | 1114 | Kai Valenzuela | 5/24/11 | May-11 | Continue to upload individual survey data from DRLC to spreadsheet | | 4.50 | $ 125.00 | $ 562.50 | cl | |
| 1182 | 1115 | Kai Valenzuela | 5/25/11 | May-11 | Contact survey respondents for potential declarations | | 6.50 | $ 125.00 | $ 812.50 | | |
| 1185 | 1116 | Kai Valenzuela | 5/26/11 | May-11 | Contact survey respondents for potential declarations | | 6.50 | $ 125.00 | $ 812.50 | | |
| 1188 | 1117 | Kai Valenzuela | 5/27/11 | May-11 | Input additional survey data from DRLC to spreadsheet, contact survey respondents for potential declarations | | 4.50 | $ 125.00 | $ 562.50 | cl | |
| 1192 | 1118 | Kai Valenzuela | 5/31/11 | May-11 | Contact survey respondents, prepare declarations | | 5.50 | $ 125.00 | $ 687.50 | | |
| 1196 | 1119 | Kai Valenzuela | 6/1/11 | Jun-11 | Contact survey respondents, prepare declarations, contact organizations for follow-up | | 6.50 | $ 125.00 | $ 812.50 | qu | |
| 1203 | 1120 | Kai Valenzuela | 6/2/11 | Jun-11 | Contact survey respondents, prepare declarations, contact organizations for follow-up, meeting with VID | | 7.50 | $ 125.00 | $ 937.50 | ic qu | |
| 1207 | 1121 | Kai Valenzuela | 6/3/11 | Jun-11 | Contact survey respondents, prepare declarations, contact organizations for follow-up | | 7.50 | $ 125.00 | $ 937.50 | | |
| 1208 | 1122 | Kai Valenzuela | 6/4/11 | Jun-11 | Contact potential declarants | | 1.50 | $ 125.00 | $ 187.50 | | |
| 1244 | 1123 | Kai Valenzuela | 6/13/11 | Jun-11 | Organize declarations and statements for putative class members, Prepare Table of Authorities, Prepare additional documents for E-filing, E-file and prepare Chambers copy | | 10.50 | $ 125.00 | $ 1,312.50 | | |
| 1251 | 1124 | Kai Valenzuela | 6/14/11 | Jun-11 | Receive additional signed declarations, forward Defendant response to co-counsel | | 2.50 | $ 125.00 | $ 312.50 | im | |
| 1256 | 1125 | Kai Valenzuela | 6/15/11 | Jun-11 | Organize and E-file Supplement to Motion for Class Certification, Additional declarations | | 2.50 | $ 125.00 | $ 312.50 | | |
| 1267 | 1126 | Kai Valenzuela | 6/17/11 | Jun-11 | Prepare folders for Motion for Class Certification hearing | | 2.20 | $ 125.00 | $ 275.00 | cl | |
| 1268 | 1127 | Kai Valenzuela | 6/17/11 | Jun-11 | Prepare E-filing re Plaintiff's response to Defendants' Objections | | 2.50 | $ 125.00 | $ 312.50 | | |
| 1282 | 1128 | Kai Valenzuela | 6/20/11 | Jun-11 | Review correspondence from interns re additional putative class member declarations | | 0.80 | $ 125.00 | $ 100.00 | im | |
| 1288 | 1129 | Kai Valenzuela | 6/21/11 | Jun-11 | Research discovery cut-off, contact First Legal for discovery production to be personally served and Federal proof of service prepared | | 1.40 | $ 125.00 | $ 175.00 | | |
| 1289 | 1130 | Kai Valenzuela | 6/21/11 | Jun-11 | Review discovery production [second set of RFPD and third set of Rogs], Prepare POS, scan and prepare for mailing | | 1.80 | $ 125.00 | $ 225.00 | cl | |
| 1291 | 1131 | Kai Valenzuela | 6/22/11 | Jun-11 | Receive additional revised declaration, review and save to database | | 0.80 | $ 125.00 | $ 100.00 | | |
| 1293 | 1132 | Kai Valenzuela | 6/23/11 | Jun-11 | Save additional DRLC surveys to database | | 2.40 | $ 125.00 | $ 300.00 | cl | |

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | | Fees | | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1305 | 1133 | Kai Valenzuela | 7/1/11 | Jul-11 | Review District Judge's Order re Motion for Class Certification, forward to all participants on case, save to database; Receive Federal POS from First Legal, save to database | | 1.50 | $ | 125.00 | $ | 187.50 | | |
| 1311 | 1134 | Kai Valenzuela | 7/5/11 | Jul-11 | Forward press release to contacts, review putative declarations and revise language | | 1.60 | $ | 125.00 | $ | 200.00 | | |
| 1314 | 1135 | Kai Valenzuela | 7/11/11 | Jul-11 | Further revise declarations, prepare cover letters and mail to declarants | | 2.50 | $ | 125.00 | $ | 312.50 | | |
| 1316 | 1136 | Kai Valenzuela | 7/12/11 | Jul-11 | Further revise declarations, prepare cover letters and mail to declarants | | 1.50 | $ | 125.00 | $ | 187.50 | | |
| 1325 | 1137 | Kai Valenzuela | 7/15/11 | Jul-11 | Further revise declarations, prepare cover letters and mail to declarants | | 2.20 | $ | 125.00 | $ | 275.00 | | |
| 1326 | 1138 | Kai Valenzuela | 7/18/11 | Jul-11 | Correspond with law clerks re additional word processing declarations to be revised | | 0.40 | $ | 125.00 | $ | 50.00 | im | |
| 1327 | 1139 | Kai Valenzuela | 7/19/11 | Jul-11 | Receive additional revised declarations ISO Motion for Class Certification, review and save to database | | 1.30 | $ | 125.00 | $ | 162.50 | | |
| 1334 | 1140 | Kai Valenzuela | 7/26/11 | Jul-11 | Scan and save all declarations mailed into database | | 0.70 | $ | 125.00 | $ | 87.50 | | |
| 1347 | 1141 | Kai Valenzuela | 8/1/11 | Aug-11 | Prepare packet for co-counsel of all of Defendants' produced documents in database, additional copy of C.D. | | 1.50 | $ | 125.00 | $ | 187.50 | cl | |
| 1354 | 1142 | Kai Valenzuela | 8/2/11 | Aug-11 | Research/locate and print documents for preparation of FMK deposition | | 4.50 | $ | 125.00 | $ | 562.50 | cl | |
| 1357 | 1143 | Kai Valenzuela | 8/3/11 | Aug-11 | Research/locate and print additional documents for preparation of FMK deposition | | 1.50 | $ | 125.00 | $ | 187.50 | cl | |
| 1360 | 1144 | Kai Valenzuela | 8/4/11 | Aug-11 | Research/locate and print additional documents for preparation of FMK deposition; Organize folders; Correspond with counsels and potential mediation schedule | | 5.50 | $ | 125.00 | $ | 687.50 | cl | |
| 1363 | 1145 | Kai Valenzuela | 8/5/11 | Aug-11 | Follow-up re documents provided by Defendants (do not match with bates numbered documents previously produced); Follow-up with counsels re mediation schedule | | 3.50 | $ | 125.00 | $ | 437.50 | | |
| 1382 | 1146 | Kai Valenzuela | 8/9/11 | Aug-11 | Receive additional declarations ISO Motion for Class Certification, save to database | | 1.20 | $ | 125.00 | $ | 150.00 | | |
| 1390 | 1147 | Kai Valenzuela | 8/17/11 | Aug-11 | Review additional signed declarations ISO Motion for Class Certification, save to database | | 0.80 | $ | 125.00 | $ | 100.00 | | |
| 1397 | 1148 | Kai Valenzuela | 8/24/11 | Aug-11 | Organize additional declarations received into database | | 0.50 | $ | 125.00 | $ | 62.50 | cl | |
| 1441 | 1149 | Kai Valenzuela | 9/28/11 | Sep-11 | Scan deposition transcript of PMK into database, provide to lead counsel for preparation | | 2.50 | $ | 125.00 | $ | 312.50 | cl | |
| 1451 | 1150 | Kai Valenzuela | 9/29/11 | Sep-11 | Revise previously filed [Proposed] Protective Order, e-mail to Judge Nakazato | | 1.20 | $ | 125.00 | $ | 150.00 | | |
| 1452 | 1151 | Kai Valenzuela | 9/29/11 | Sep-11 | Revise Joint Stipulation for Discovery Extension, E file, prepare Chambers copy for both Judge Nakazato and Judge Carter | | 2.50 | $ | 125.00 | $ | 312.50 | | |
| 1454 | 1152 | Kai Valenzuela | 9/30/11 | Sep-11 | Correspond with Judge Carter's clerk, communicate with Judge Nakazato's clerk | | 0.80 | $ | 125.00 | $ | 100.00 | qu | |
| 1458 | 1153 | Kai Valenzuela | 10/5/11 | Oct-11 | Receive Order from Judge Carter, save to database, print to hard file | | 0.50 | $ | 125.00 | $ | 62.50 | cl | |
| 1489 | 1154 | Kai Valenzuela | 10/13/11 | Oct-11 | Research bates stamped documents produced | | 0.50 | $ | 125.00 | $ | 62.50 | qu | |
| | | **Kai Valenzuela Total** | | | | | 261.40 | | | $ | 32,675.00 | | |

Angels / Charlebois

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | | Fees | | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1335 | 78 | Menaka Fernando | 7/28/11 | Jul-11 | Researched travel compensation for expert's deposition, drafting email to opposing counsel. | | 3.60 | $ | 225.00 | $ | 810.00 | | |
| 1391 | 79 | Menaka Fernando | 8/18/11 | Aug-11 | Meeting with V/D re strategy | | 0.20 | $ | 225.00 | $ | 45.00 | lc | |
| | | Menaka Fernando Total | | | | | 3.80 | | | $ | 855.00 | | |

1/4/2012

Confidential

Exhibit C: SDSH·HH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 136 | 1156 | Michael D. Seplow | 4/19/10 | Apr-10 | Rsh re draft complaint (.5). | | 0.50 | $ 600.00 | 300.00 | im | |
| 137 | 1157 | Michael D. Seplow | 4/19/10 | Apr-10 | disc w VJD (.1) | | 0.10 | $ 600.00 | 60.00 | ic qu | |
| 138 | 1158 | Michael D. Seplow | 4/19/10 | Apr-10 | Review draft complaint and send em to team re changes etc (1.5) | | 1.50 | $ 600.00 | 900.00 | im | |
| 139 | 1159 | Michael D. Seplow | 4/20/10 | Apr-10 | Rev, rsh and revise draft complaint, revise complaint (1.2) | | 1.20 | $ 600.00 | 720.00 | | |
| 140 | 1160 | Michael D. Seplow | 4/20/10 | Apr-10 | disc w VJD (.2) | | 0.20 | $ 600.00 | 120.00 | ic qu | |
| 145 | 1161 | Michael D. Seplow | 4/21/10 | Apr-10 | Rev complaint & rsh (.5). | | 0.50 | $ 600.00 | 300.00 | qu | |
| 146 | 1162 | Michael D. Seplow | 4/21/10 | Apr-10 | disc w VJD & GF (.4) | | 0.40 | $ 600.00 | 240.00 | ic qu | |
| 154 | 1163 | Michael D. Seplow | 4/23/10 | Apr-10 | Rsh UCL claims (.5) | | 0.50 | $ 600.00 | 300.00 | | |
| 155 | 1164 | Michael D. Seplow | 4/23/10 | Apr-10 | rev draft complaint & em re changes to complaint (.5). | | 0.50 | $ 600.00 | 300.00 | im qu | |
| 156 | 1165 | Michael D. Seplow | 4/23/10 | Apr-10 | disc w VJD and AC (1.0) | | 1.00 | $ 600.00 | 600.00 | ic qu | |
| 171 | 1166 | Michael D. Seplow | 5/27/10 | May-10 | Review-revise draft complaint (.4) | | 0.40 | $ 600.00 | 240.00 | | |
| 189 | 1167 | Michael D. Seplow | 6/2/10 | Jun-10 | TC w VJD, AC, GF re complaint (.8). | | 0.80 | $ 600.00 | 480.00 | ic | |
| 190 | 1168 | Michael D. Seplow | 6/2/10 | Jun-10 | tc w WJH re complaint and injunctive relief (.2). | | 0.20 | $ 600.00 | 120.00 | | |
| 191 | 1169 | Michael D. Seplow | 6/2/10 | Jun-10 | rev ems and disc w VJD re complaint (.4) | | 0.40 | $ 600.00 | 240.00 | ic im | |
| 210 | 1170 | Michael D. Seplow | 6/4/10 | Jun-10 | rev GF em (.1). | | 0.10 | $ 600.00 | 60.00 | im qu | |
| 211 | 1171 | Michael D. Seplow | 6/4/10 | Jun-10 | meeting with VJD re strategy (.1) | | 0.10 | $ 600.00 | 60.00 | ic | |
| 220 | 1172 | Michael D. Seplow | 6/7/10 | Jun-10 | Rev draft complaint (.5). | | 0.50 | $ 600.00 | 300.00 | | |
| 221 | 1173 | Michael D. Seplow | 6/7/10 | Jun-10 | rsh class issues re complaint and draft em re same (1.2). | | 1.20 | $ 600.00 | 720.00 | im | |
| 222 | 1174 | Michael D. Seplow | 6/7/10 | Jun-10 | disc w AC, VJD (.3) | | 0.30 | $ 600.00 | 180.00 | ic qu | |
| 225 | 1175 | Michael D. Seplow | 6/8/10 | Jun-10 | Rev case law (.2) | | 0.20 | $ 600.00 | 120.00 | | |
| 236 | 1176 | Michael D. Seplow | 6/9/10 | Jun-10 | rev draft complaint, em intro (.8) | | 0.80 | $ 600.00 | 480.00 | im | |
| 252 | 1177 | Michael D. Seplow | 6/10/10 | Jun-10 | rev VJD em (.1) | | 0.10 | $ 600.00 | 60.00 | ic qu | |
| 264 | 1178 | Michael D. Seplow | 6/24/10 | Jun-10 | em and disc w VJD (.2) | | 0.20 | $ 600.00 | 120.00 | ic im qu | |
| 265 | 1179 | Michael D. Seplow | 6/16/10 | Jun-10 | rev em re service (.1). | | 0.10 | $ 600.00 | 60.00 | im | |
| 272 | 1180 | Michael D. Seplow | 6/16/10 | Jun-10 | rev efiled docs (.1) | | 0.10 | $ 600.00 | 60.00 | qu | |
| 280 | 1181 | Michael D. Seplow | 6/17/10 | Jun-10 | em re service (.1) | | 1.00 | $ 600.00 | 600.00 | im qu | |
| 281 | 1182 | Michael D. Seplow | 6/18/10 | Jun-10 | rev VJD em re experts (.2). | | 0.20 | $ 600.00 | 120.00 | qu | |
| 286 | 1183 | Michael D. Seplow | 6/18/10 | Jun-10 | re em re status of service (.1) | | 0.10 | $ 600.00 | 60.00 | im qu | |
| 294 | 1184 | Michael D. Seplow | 6/23/10 | Jun-10 | rev pos (.1) | | 0.10 | $ 600.00 | 60.00 | im | |
| 299 | 1185 | Michael D. Seplow | 7/7/10 | Jul-10 | Draft em re call from Counsel for Anaheim (.2) | | 0.20 | $ 600.00 | 120.00 | ic | |
| 309 | 1186 | Michael D. Seplow | 7/9/10 | Jul-10 | rev VJD em (.1) | | 0.10 | $ 600.00 | 60.00 | qu | |
| 318 | 1187 | Michael D. Seplow | 7/23/10 | Jul-10 | rev efiling (.1) | | 0.10 | $ 600.00 | 60.00 | qu | |
| 319 | 1188 | Michael D. Seplow | 7/27/10 | Jul-10 | rev VJD em (.1) | | 0.10 | $ 600.00 | 60.00 | im | |
| 321 | 1189 | Michael D. Seplow | 7/30/10 | Jul-10 | prep for meeting w BG (.8) | | 0.80 | $ 600.00 | 480.00 | | |
| 325 | 1190 | Michael D. Seplow | 7/30/10 | Jul-10 | meeting with Brent Giddens and VJD (1.0) | | 1.00 | $ 600.00 | 600.00 | | |
| 331 | 1191 | Michael D. Seplow | 7/31/10 | Jul-10 | Rev em re meeting and strategy (3) | | 0.30 | $ 600.00 | 180.00 | im qu | |
| 332 | 1192 | Michael D. Seplow | 8/2/10 | Aug-10 | ems w VJD and GF re strategy (.3) | | 0.30 | $ 600.00 | 180.00 | im | |
| 339 | 1193 | Michael D. Seplow | 8/3/10 | Aug-10 | rev em re experts (.1). | | 0.10 | $ 600.00 | 60.00 | im | |
| 340 | 1194 | Michael D. Seplow | 8/3/10 | Aug-10 | rev em re judge issue (.1) | | 0.10 | $ 600.00 | 60.00 | qu | |
| 341 | 1195 | Michael D. Seplow | 8/5/10 | Aug-10 | rev ct minutes (.1) | | 0.10 | $ 600.00 | 60.00 | qu | |
| 347 | 1196 | Michael D. Seplow | 8/5/10 | Aug-10 | disc w VJD (.3) | | 0.30 | $ 600.00 | 180.00 | ic qu | |
| 348 | 1197 | Michael D. Seplow | 8/5/10 | Aug-10 | rev Ds Answer (.2) | | 0.20 | $ 600.00 | 120.00 | qu | |
| 349 | 1198 | Michael D. Seplow | 8/6/10 | Aug-10 | Rev ct order (.1). | | 0.10 | $ 600.00 | 60.00 | | |
| 361 | 1199 | Michael D. Seplow | 8/6/10 | Aug-10 | conf w VJD (.3). | | 0.30 | $ 600.00 | 180.00 | ic qu | |
| 371 | 1201 | Michael D. Seplow | 8/10/10 | Aug-10 | TC VJD GF (.6) | | 0.60 | $ 600.00 | 360.00 | ic qu | |
| 372 | 1202 | Michael D. Seplow | 8/10/10 | Aug-10 | TC w VJD and GF (.9) | | 0.90 | $ 600.00 | 540.00 | ic qu | |
| 382 | 1203 | Michael D. Seplow | 8/11/10 | Aug-10 | review and revise letter to defense counsel (.6) | | 0.60 | $ 600.00 | 360.00 | qu | |
| 388 | 1204 | Michael D. Seplow | 8/11/10 | Aug-10 | em re judge recusal (.2) | | 0.20 | $ 600.00 | 120.00 | qu | |
| 393 | 1205 | Michael D. Seplow | 8/19/10 | Aug-10 | rev ct order (.1) | | 0.10 | $ 600.00 | 60.00 | | |
| 400 | 1206 | Michael D. Seplow | 9/1/10 | Sep-10 | Rev Judge's rules-procedures (.1) | | 0.10 | $ 600.00 | 60.00 | im | |
| | 1207 | Michael D. Seplow | 9/8/10 | Sep-10 | rev em (.1) | | 0.10 | $ 600.00 | 60.00 | qu | |

Angels / Chartebois

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 408 | 1208 | Michael D. Seplow | 9/9/10 | Sep-10 | Rev drft stip and am (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 426 | 1209 | Michael D. Seplow | 9/16/10 | Sep-10 | Rev ct filing (.1) | | 0.10 | $ 600.00 | $ 60.00 | | |
| 446 | 1210 | Michael D. Seplow | 9/23/10 | Sep-10 | em, disc w VJD re strategy (3) | | 0.30 | $ 600.00 | $ 180.00 | ic im | |
| 458 | 1211 | Michael D. Seplow | 9/24/10 | Sep-10 | Rev pmd depo notices (.2) | | 0.20 | $ 600.00 | $ 120.00 | | |
| 462 | 1212 | Michael D. Seplow | 9/25/10 | Sep-10 | rev em re expert (.2) | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 487 | 1213 | Michael D. Seplow | 9/28/10 | Sep-10 | rev draft disc (.2) | | 0.20 | $ 600.00 | $ 120.00 | | |
| 497 | 1214 | Michael D. Seplow | 9/29/10 | Sep-10 | rev m&c ltr and em (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | m&c & meet & confer |
| 536 | 1215 | Michael D. Seplow | 10/4/10 | Oct-10 | tc VJD & AC (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic cu | |
| 545 | 1216 | Michael D. Seplow | 10/6/10 | Oct-10 | rev ct order (1)t | | 0.10 | $ 600.00 | $ 60.00 | | |
| 546 | 1217 | Michael D. Seplow | 10/6/10 | Oct-10 | disc w VJD (.1) | | 0.10 | $ 600.00 | $ 60.00 | im | |
| 562 | 1218 | Michael D. Seplow | 10/8/10 | Oct-10 | rev em re mediators (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 584 | 1219 | Michael D. Seplow | 10/16/10 | Oct-10 | em w cc re settlement position (3) | | 0.30 | $ 600.00 | $ 180.00 | | |
| 608 | 1220 | Michael D. Seplow | 10/20/10 | Oct-10 | Revise demand letter (9). | | 0.90 | $ 600.00 | $ 540.00 | | |
| 609 | 1221 | Michael D. Seplow | 10/20/10 | Oct-10 | TC w GF (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic cu | |
| 609 | 1222 | Michael D. Seplow | 10/26/10 | Oct-10 | disc w VJD (.1) | | 0.10 | $ 600.00 | $ 60.00 | im | |
| 661 | 1223 | Michael D. Seplow | 11/1/10 | Nov-10 | Review and revise intro to MCC (.5). | | 0.50 | $ 600.00 | $ 300.00 | | |
| 661 | 1224 | Michael D. Seplow | 11/1/10 | Nov-10 | em VJD re class cert issues (2) | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 663 | 1225 | Michael D. Seplow | 11/1/10 | Nov-10 | Disc w AC re class cert and numerosity (.4) | | 0.40 | $ 600.00 | $ 240.00 | ic | |
| 664 | 1226 | Michael D. Seplow | 11/1/10 | Nov-10 | rev docs re seating (.2) | | 0.20 | $ 600.00 | $ 120.00 | | |
| 665 | 1227 | Michael D. Seplow | 11/1/10 | Nov-10 | ems w AC re class cert issues (.2) | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 674 | 1228 | Michael D. Seplow | 11/1/10 | Nov-10 | ems w AC re class cert and numerosity (.2). | | 0.20 | $ 600.00 | $ 120.00 | im | |
| 675 | 1229 | Michael D. Seplow | 11/2/10 | Nov-10 | disc w MCC (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic cu | |
| 690 | 1230 | Michael D. Seplow | 11/4/10 | Nov-10 | Review and revise MCC, disc same w AC (3.0) | | 3.00 | $ 600.00 | $ 1,800.00 | ic | |
| 702 | 1231 | Michael D. Seplow | 11/5/10 | Nov-10 | Review and revise MCC, disc same w AC (3.8) | | 3.80 | $ 600.00 | $ 2,280.00 | ic | |
| 711 | 1232 | Michael D. Seplow | 11/7/10 | Nov-10 | Rev and revise MCC and supporting decs (3.2). | | 3.20 | $ 600.00 | $ 1,920.00 | | |
| 728 | 1233 | Michael D. Seplow | 11/7/10 | Nov-10 | disc w AC, GF VJD (.4) | | 0.40 | $ 600.00 | $ 240.00 | ic cu | |
| 728 | 1234 | Michael D. Seplow | 11/8/10 | Nov-10 | Rev and revise MCC and VJD dec (1.8). | | 1.80 | $ 600.00 | $ 1,080.00 | | |
| 729 | 1235 | Michael D. Seplow | 11/8/10 | Nov-10 | em re mtn (.1). | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 730 | 1236 | Michael D. Seplow | 11/8/10 | Nov-10 | disc w AC (.8) | | 0.80 | $ 600.00 | $ 480.00 | ic cu | |
| 752 | 1237 | Michael D. Seplow | 11/22/10 | Nov-10 | Rev Ds opp (.4) | | 0.40 | $ 600.00 | $ 240.00 | qu | |
| 768 | 1238 | Michael D. Seplow | 11/27/10 | Nov-10 | ems re class definition (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 797 | 1239 | Michael D. Seplow | 12/4/10 | Dec-10 | Rev drft reply and discuss same with AC (1.8) | | 1.80 | $ 600.00 | $ 1,080.00 | ic | |
| 803 | 1240 | Michael D. Seplow | 12/5/10 | Dec-10 | Rev drft reply and em disc w VJD re same (.6) | | 0.60 | $ 600.00 | $ 360.00 | im | This is the time entry |
| 814 | 1241 | Michael D. Seplow | 12/6/10 | Dec-10 | Finalize reply (.3) | | 0.30 | $ 600.00 | $ 180.00 | | |
| 831 | 1242 | Michael D. Seplow | 1/14/11 | Jan-11 | rev c/d em re mediation (.1) | | 0.10 | $ 600.00 | $ 60.00 | im | |
| 860 | 1243 | Michael D. Seplow | 1/24/11 | Jan-11 | rev tenat court order, disc w VJD (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 878 | 1244 | Michael D. Seplow | 1/26/11 | Jan-11 | rev vjd em and article (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 922 | 1245 | Michael D. Seplow | 2/16/11 | Feb-11 | Discussion with VJD re strategy | | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 1002 | 1246 | Michael D. Seplow | 3/9/11 | Mar-11 | Rev es parte app (.3) | | 0.30 | $ 600.00 | $ 180.00 | | |
| 1017 | 1247 | Michael D. Seplow | 3/15/11 | Mar-11 | rev opp to ex parte (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 1028 | 1248 | Michael D. Seplow | 3/17/11 | Mar-11 | rev ct minutes (.1). | | 0.10 | $ 600.00 | $ 60.00 | | |
| 1066 | 1249 | Michael D. Seplow | 3/31/11 | Mar-11 | rev ex parte (.3) | | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 1075 | 1250 | Michael D. Seplow | 4/7/11 | Apr-11 | Rev Ds opp (.1) | | 0.10 | $ 600.00 | $ 60.00 | qu | |
| 1076 | 1251 | Michael D. Seplow | 4/7/11 | Apr-11 | Rev ct order (.1) | | 0.10 | $ 600.00 | $ 60.00 | | |
| 1245 | 1252 | Michael D. Seplow | 6/13/11 | Jun-11 | Rev and revise supp motion re class cert, (2.2) | | 2.20 | $ 600.00 | $ 1,320.00 | | |
| 1246 | 1253 | Michael D. Seplow | 6/13/11 | Jun-11 | rev Ds dec (.2) | | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 1254 | 1254 | Michael D. Seplow | 6/16/11 | Jun-11 | rev Ds objection (.3) | | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 1306 | 1255 | Michael D. Seplow | 7/1/11 | Jul-11 | rev order re class cert (.3) | | 0.30 | $ 600.00 | $ 180.00 | | |
| 1312 | 1256 | Michael D. Seplow | 7/5/11 | Jul-11 | em vjd (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 1495 | 1257 | Michael D. Seplow | 10/14/11 | Oct-11 | Disc w AC re MST (.1) | | 0.10 | $ 600.00 | $ 60.00 | ic | |
| 1503 | 1258 | Michael D. Seplow | 10/16/11 | Oct-11 | rev and edit mediation brief (1.5) | | 1.50 | $ 600.00 | $ 900.00 | | Michael Seplow has begun to "rev and edit mediation brief" |
| 1504 | 1259 | Michael D. Seplow | 10/16/11 | Oct-11 | rev VJD, AC, GF re mediation brief (.3) | | 0.30 | $ 600.00 | $ 180.00 | im | |
| 1507 | 1260 | Michael D. Seplow | 10/17/11 | Oct-11 | rev mediation brief (.3) | | 0.30 | $ 600.00 | $ 180.00 | | |
| 1509 | 1261 | Michael D. Seplow | 10/18/11 | Oct-11 | revise and edit mediation brief (2.0), | | 2.00 | $ 600.00 | $ 1,200.00 | | |
| 1510 | 1262 | Michael D. Seplow | 10/18/11 | Oct-11 | disc w VJD and AC (.3), | | 0.30 | $ 600.00 | $ 180.00 | ic qu | |

Angels / Chatelbois

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1511 | 1263 | Michael D. Seplow | 10/18/11 | Oct-11 | rev V/D em (.1) | | 0.10 | $ 600.00 | $ 60.00 | im qu | |
| 1513 | 1264 | Michael D. Seplow | 10/19/11 | Oct-11 | Disc w AC re mediation (.2), | | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 1514 | 1265 | Michael D. Seplow | 10/19/11 | Oct-11 | disc w V/D re mediation (.2) | | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 1515 | 1266 | Michael D. Seplow | 10/20/11 | Oct-11 | Disc w AC re MSJ (.3), | | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 1516 | 1267 | Michael D. Seplow | 10/20/11 | Oct-11 | disc w V/D and AC re MSJ and mediation (.3) | | 0.30 | $ 600.00 | $ 180.00 | ic | |
| | | **Michael D. Seplow Total** | | | | | 52.40 | | $ 31,440.00 | | |

DA Confidential

1/4/2012

Angels / Charlebois

Exhibit C: SOS+HH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 93 | 1 | William Clifton | 1/21/10 | Jan-10 | Located and emailed City of Anaheim Risk Management letter to Attorney Feldman | | 0.20 | $ 125.00 | $ 25.00 | cl | This is the time entry |
| 96 | 2 | William Clifton | 1/22/10 | Jan-10 | Calendared deadline for filing civil complaint | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 237 | 3 | William Clifton | 6/14/10 | Jun-10 | Drafted Summons (.1). | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 238 | 4 | William Clifton | 6/14/10 | Jun-10 | Civil Cover Sheet (.1). | | 0.20 | $ 125.00 | $ 25.00 | qu | |
| 239 | 5 | William Clifton | 6/14/10 | Jun-10 | Notice of Interested Parties(.2) for filing | | 0.20 | $ 125.00 | $ 25.00 | cl | complaint filed |
| 253 | 6 | William Clifton | 6/15/10 | Jun-10 | Prepared init case documents for filing and order for atty service to file | | 0.75 | $ 125.00 | $ 93.75 | cl | |
| 268 | 7 | William Clifton | 6/17/10 | Jun-10 | Determined agents for process for defy (.3). | | 0.30 | $ 125.00 | $ 37.50 | | |
| 269 | 8 | William Clifton | 6/17/10 | Jun-10 | Prepared and transmitted orders to atty service for service of init case docs (.5) | | 0.50 | $ 125.00 | $ 62.50 | cl | |
| 292 | 9 | William Clifton | 7/6/10 | Jul-10 | Calendared extension of time for Defendants' to file Answer | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 301 | 10 | William Clifton | 7/24/10 | Jul-10 | EFiled Proof of Service of Returned Summons and Complaint (.3). | | 0.30 | $ 125.00 | $ 37.50 | | Summons and Complaint filed on 7/24/2010 |
| 302 | 11 | William Clifton | 7/24/10 | Jul-10 | Prepared Chambers Copies for Fedex delivery (.1) | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 334 | 12 | William Clifton | 8/5/10 | Aug-10 | Researched re holiday and calendared 30 day deadline re recusal of Judge Guilford | | 0.25 | $ 125.00 | $ 31.25 | cl | |
| 343 | 13 | William Clifton | 8/6/10 | Aug-10 | calendared scheduling conference with Judge Guilford | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 344 | 14 | William Clifton | 8/6/10 | Aug-10 | Set up computer files re. potential experts, saved docs re experts | | 0.30 | $ 125.00 | $ 37.50 | cl | |
| 351 | 15 | William Clifton | 8/7/10 | Aug-10 | Added further expert witness docs re Mark Mazz to computer case file | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 353 | 16 | William Clifton | 8/9/10 | Aug-10 | Added further expert witness docs re Kim Beasley to computer case file | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 390 | 17 | William Clifton | 9/1/10 | Sep-10 | Downloaded and saved Judge Carter's Chambers Rules, FAQs | | 0.20 | $ 125.00 | $ 25.00 | | |
| 437 | 18 | William Clifton | 9/23/10 | Sep-10 | Drafted Joint Rule 26(f) Report in federal pleading format | | 0.50 | $ 125.00 | $ 62.50 | | |
| 438 | 19 | William Clifton | 9/23/10 | Sep-10 | Efiled Joint Rule 26(f) Report (.2); | | 0.20 | $ 125.00 | $ 25.00 | | |
| 439 | 20 | William Clifton | 9/23/10 | Sep-10 | Prepared Chambers Copy for Fedex delivery (.1) | | 0.10 | $ 125.00 | $ 12.50 | | |
| 451 | 21 | William Clifton | 9/24/10 | Sep-10 | Prepared PMK Deposition Notices to both Defendants | | 0.50 | $ 125.00 | $ 62.50 | | |
| 500 | 22 | William Clifton | 9/30/10 | Sep-10 | Researched preparation of non-party business records subpoena | | 0.60 | $ 125.00 | $ 75.00 | | |
| 570 | 27 | William Clifton | 10/14/10 | Oct-10 | Researched address for service to Walt Disney Co (.25), | | 0.25 | $ 125.00 | $ 31.25 | | |
| 571 | 28 | William Clifton | 10/14/10 | Oct-10 | Prepared order for subpoena to Disney Co. re renovations (.5); | | 0.50 | $ 125.00 | $ 62.50 | | |
| 572 | 29 | William Clifton | 10/14/10 | Oct-10 | drafted Notice of Taking Deposition (.25) | | 0.25 | $ 125.00 | $ 31.25 | | |
| 613 | 30 | William Clifton | 10/22/10 | Oct-10 | Prepared Amended PMK Deposition Notices to both Defendants | | 0.25 | $ 125.00 | $ 31.25 | | |
| 688 | 31 | William Clifton | 11/4/10 | Nov-10 | Reviewed Chambers rules re e-filing of Motions, chambers copies | | 0.20 | $ 125.00 | $ 25.00 | | |
| 695 | 32 | William Clifton | 11/5/10 | Nov-10 | Formatted, correct typos in draft of decl of I. Paul Charlebois for Mtn Class Cert | | 0.50 | $ 125.00 | $ 62.50 | cl | |
| 696 | 33 | William Clifton | 11/5/10 | Nov-10 | Formatted draft of deal of Gene Feldman for Mtn Class Cert | | 0.20 | $ 125.00 | $ 25.00 | | |
| 697 | 34 | William Clifton | 11/5/10 | Nov-10 | Partially Drafted TOC, TOA for Mtn for Class Cert | | 2.50 | $ 125.00 | $ 312.50 | | |
| 703 | 35 | William Clifton | 11/7/10 | Nov-10 | Prepared Caption pages for 7 Decs ISO Mtn for Class Cert | | 0.50 | $ 125.00 | $ 62.50 | | |
| 715 | 36 | William Clifton | 11/8/10 | Nov-10 | Prepared Chambers copies of all efiled docs Mtn for Class Cert | | 0.75 | $ 125.00 | $ 93.75 | cl | |

Angels / Charlebois

Exhibit C: SDSHHH Legal Bill Review

Confidential

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|-----------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| 753 | 37 | William Clifton | 11/23/10 | Nov-10 | Researched procedure re e-filing Ntc of Errata and replacement doc | | 0.30 | $ 125.00 | $ 37.50 | | |
| 754 | 38 | William Clifton | 11/23/10 | Nov-10 | E-filed Ntc of Errata, Corrected Dec of Mark Mazy (.3); | | 0.30 | $ 125.00 | $ 37.50 | | |
| 755 | 39 | William Clifton | 11/23/10 | Nov-10 | prep. Chambers copies (.1) | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 845 | 40 | William Clifton | 1/20/11 | Jan-11 | Contacted Judge Larson's office re mediation fees, procedures, avail dates | | 0.30 | $ 125.00 | $ 37.50 | | |
| 1057 | 41 | William Clifton | 3/31/11 | Mar-11 | E-Filed Mtn to Compel re Contact info to DRLC (.3); | | 0.30 | $ 125.00 | $ 37.50 | | Motion to Compel Contact info to DRLC efiled on 3/31/2011 |
| 1058 | 42 | William Clifton | 3/31/11 | Mar-11 | Prepared Chambers Copy for Fedex delivery (.1); | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 1059 | 43 | William Clifton | 3/31/11 | Mar-11 | emailed WP version order to Chambers (.1) | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 1092 | 44 | William Clifton | 4/12/11 | Apr-11 | Attended Staff planning mtg (.5) | | 0.50 | $ 125.00 | $ 62.50 | ic | |
| 1093 | 45 | William Clifton | 4/12/11 | Apr-11 | Researched contact info for outreach to 6 disabled organizations (.75) | | 0.75 | $ 125.00 | $ 93.75 | | |
| 1101 | 46 | William Clifton | 4/14/11 | Apr-11 | Contacted: Disabled Am Vets of LA, left msg for Dir (.1); | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1102 | 47 | William Clifton | 4/14/11 | Apr-11 | Disabled Am Vets O.C., spoke to Dan (.2); | | 0.20 | $ 125.00 | $ 25.00 | qu | |
| 1103 | 48 | William Clifton | 4/14/11 | Apr-11 | Prepared and mailed survey copies to Dan (.3) | | 0.30 | $ 125.00 | $ 37.50 | | |
| 1117 | 49 | William Clifton | 4/19/11 | Apr-11 | Contacted ADA Coord at Rancho Los Amigos Rehab Ctr, discussed survey (.2) | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1118 | 50 | William Clifton | 4/19/11 | Apr-11 | emailed survey to coord (.1) | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1119 | 51 | William Clifton | 4/19/11 | Apr-11 | Contacted Vets Center of O.C., left msg | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1120 | 52 | William Clifton | 4/19/11 | Apr-11 | Contacted Paralyzed Veterans of America, Long Beach, left msg | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1123 | 53 | William Clifton | 4/20/11 | Apr-11 | Contacted Disabled Am Vets of Long Beach, left msg | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1124 | 54 | William Clifton | 4/20/11 | Apr-11 | Contacted Disabled Am Vets of LA, left msg for Dir | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1126 | 55 | William Clifton | 4/22/11 | Apr-11 | Sent follow up email to ADA Coord at Rancho | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1136 | 56 | William Clifton | 5/6/11 | May-11 | Prepared 3rd Amnd PMK Ntc to Angels | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1247 | 57 | William Clifton | 6/14/11 | Jun-11 | Prepared 4th Amnd PMK Ntc to Angels | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1374 | 58 | William Clifton | 8/9/11 | Aug-11 | E-filed Stip and Prop Order to Continue Trial; assoc dates (.3) | | 0.30 | $ 125.00 | $ 37.50 | | Stipulation and Order to Continue Trial re filed on 8/9/2011 |
| 1375 | 59 | William Clifton | 8/9/11 | Aug-11 | Emailed WP ver. of P.O.(.1); | | 0.10 | $ 125.00 | $ 12.50 | qu | |
| 1376 | 60 | William Clifton | 8/9/11 | Aug-11 | Prepared Chambers Copy of Stipulation (.1) | | 0.10 | $ 125.00 | $ 12.50 | cl | |
| 1377 | 61 | William Clifton | 8/9/11 | Aug-11 | Coordinated mediation date (.2) | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1378 | 62 | William Clifton | 8/9/11 | Aug-11 | gathered, provided required info to Mediator Gene Moschovitz (.3) | | 0.30 | $ 125.00 | $ 37.50 | | |
| 1401 | 63 | William Clifton | 8/30/11 | Aug-11 | E-filed Stip and Prop Order re Ticketmaster | | 0.20 | $ 125.00 | $ 25.00 | | Stipulation and Prop Order re Ticketmaster |
| 1402 | 64 | William Clifton | 8/30/11 | Aug-11 | Emailed Word ver. Of P.O. (.1); | | 0.10 | $ 125.00 | $ 12.50 | qu | |
| 1403 | 65 | William Clifton | 8/30/11 | Aug-11 | Prepared Chambers Copy of Stipulation (.1) | | 0.10 | $ 125.00 | $ 12.50 | | |
| 1404 | 66 | William Clifton | 8/30/11 | Aug-11 | Calendared Motion Cut-off and assoc. deadlines | | 0.25 | $ 125.00 | $ 31.25 | cl | |
| 1455 | 23 | William Clifton | 10/1/11 | Oct-11 | Ordered pick and delivery of documents from | | 0.20 | $ 125.00 | $ 25.00 | | |
| 1456 | 24 | William Clifton | 10/1/11 | Oct-11 | Prepared for records subpoena to non-party | | 0.50 | $ 125.00 | $ 62.50 | | |
| 1457 | 25 | William Clifton | 10/1/11 | Oct-11 | drafted Notice of Taking Deposition (.25) | | 0.25 | $ 125.00 | $ 31.25 | | |
| 1463 | 26 | William Clifton | 10/7/11 | Oct-11 | Calendared deadline for doc prod by defendants re PMK depo ntcs | | 0.20 | $ 125.00 | $ 25.00 | cl | |
| | | **William Clifton Total** | | | | | 19.05 | | $ 2,381.25 | | |
| | | **Grand Total** | | | | | 1325.70 | | $ 23,332.50 | | |

Angels / Charlebois

Confidential

Exhibit C: SDSHHH Legal Bill Review

| # | Seq. # | Timekeeper | Date | Month | Description | Internal Description Code (Feldman) | Hours | Rate | Fees | Codes | Comments |
|---|--------|------------|------|-------|-------------|-------------------------------------|-------|------|------|-------|----------|
| | 1521 | | | | subtotals | | | | $ 523,332.50 | | |
| | | 1509 entries less 12 expense entries | | | Check total/avg. rate | | 1325.70 | $ 394.76 | $ 523,332.50 | | |
| | | | | | Avg. time and fee entries | | 0.88 | | $ 346.81 | | |
| | | | | | | | | | | | |
| | 252 | | | | Before compliant filed 6/15/2010 | | 155.60 | 12% | $ 76,292.50 | 15% | |
| | | | | | im | | 102.70 | | $ 49,850.00 | | |
| | | | | | ic | | 240.40 | | $ 107,952.50 | | |
| | | | | | qu | | 221.60 | | $ 92,282.50 | | |
| | | | | | cl | | 50.90 | | $ 6,882.50 | | |
| | | | | | dg | | 9.00 | | $ 3,375.00 | | |
| | | | | | tr | | 18.30 | | $ 11,895.00 | | |
| | | | | | | | | | | | |
| | | | | | ic or im | | 326.70 | | $ 151,257.50 | | |
| | | | | | | | | | | | |
| | | | | | non blanks | | 559.50 | | $ 233,165.00 | | |
| | | | | | blanks | | 766.20 | | $ 290,167.50 | | |
| | | | | | | | 1325.70 | $ - | $ 523,332.50 | | |
| | | | | | | | | | | | |
| | | | | | depo | | 88.35 | | $ 34,721.25 | | |
| | | | | | | | | | | | |
| | | | | | Canning uncoded | | 298.90 | | $ 112,087.50 | | |
| | | | | | DeSimone uncoded | | 150.70 | | $ 97,955.00 | | |
| | | | | | DeSimone uncoded at 450 | | 150.70 | $ 450.00 | $ 67,815.00 | | |
| | | | | | Valenzuela uncoded | | 162.60 | | $ 20,325.00 | | |
| | | | | | | | | | | | |
| | | | | | adjusted fees | | | | $ 200,227.50 | | |
| | | | | | expenses | | | | $ 42,440.76 | | |
| | | | | | | | | | $ 242,668.26 | | |
| | | | | | | | | | | | |
| | | | | | claimed fees | | | | $ 523,332.50 | | |
| | | | | | percent original claim | | | | 38% | | |

1/4/2012

DA Confidential

# EXHIBIT D

Angels / Charlebois  Exhibit D: SDSHHH Legal Bill Review  | Exhibit D |  Confidential

| DA Client: Angels Baseball LP | | | | |
|---|---|---|---|---|
| Legal Bill Review: Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP and Feldman | | | | |
| Matter:Charlebois v. Angels Baseball LP, Case # 10-853 (C.D. Cal.) | | | | |
| Filters | | | | |
| | | | | |
| Seq. # | Filter Term | Hours | Fees | % Fees |
| 1 | rev (abbreviation used for review and/or revise) | 471.6 | $ 199,070.00 | 38% |
| 2 | review | 382.7 | $ 170,457.50 | 33% |
| 3 | draft | 419.4 | $ 155,381.25 | 30% |
| 4 | Legal research | 350.6 | $ 127,078.75 | 24% |
| 5 | motion | 222.4 | $ 76,667.50 | 15% |
| 6 | em (for email); does not contain "memo" | 139.8 | $ 67,870.00 | 13% |
| 7 | declaration | 212.8 | $ 59,640.00 | 11% |
| 8 | revise | 174.5 | $ 57,735.00 | 11% |
| 9 | Motion and class cert | 145.2 | $ 47,071.25 | 9% |
| 10 | survey | 185.0 | $ 41,613.75 | 8% |
| 11 | mediation | 100.8 | $ 39,775.00 | 8% |
| 12 | email | 73.4 | $ 39,727.50 | 8% |
| 13 | Desimone | 99.5 | $ 39,640.00 | 8% |
| 14 | BG or Giddens | 75.6 | $ 36,857.50 | 7% |
| 15 | Complaint | 77.2 | $ 35,665.00 | 7% |
| 16 | depo* | 88.4 | $ 34,721.25 | 7% |
| 17 | class certif* | 98.9 | $ 31,275.00 | 6% |
| 18 | mediation brief | 72.5 | $ 30,702.50 | 6% |
| 19 | VJD | 70.2 | $ 28,125.00 | 5% |
| 20 | contact | 127.1 | $ 23,491.25 | 4% |
| 21 | PMK | 59.6 | $ 22,973.75 | 4% |
| 22 | Feldman | 57.6 | $ 21,775.00 | 4% |
| 23 | confer* | 59.5 | $ 21,762.50 | 4% |
| 24 | mediation brief (Amanda Canning time entries only) | 57.8 | $ 21,675.00 | 4% |
| 25 | PMK and depo* | 52.1 | $ 19,836.25 | 4% |
| 26 | Giddens | 48.4 | $ 19,217.50 | 4% |
| 27 | draft and Complaint | 42.2 | $ 18,085.00 | 3% |
| 28 | EF (only Eugene Feldman's initials) | 25.9 | $ 16,825.00 | 3% |
| 29 | ex parte | 42.1 | $ 16,227.50 | 3% |
| 30 | memo | 36.9 | $ 15,196.25 | 3% |
| 31 | follow up | 45.0 | $ 14,367.50 | 3% |
| 32 | Mazz, Michael  (expert) | 39.9 | $ 13,387.50 | 3% |
| 33 | travel | 21.9 | $ 12,705.00 | 2% |
| 34 | motion to compel | 29.5 | $ 11,122.50 | 2% |
| 35 | objections | 43.9 | $ 10,615.00 | 2% |
| 36 | Review E Mail ( Feldman internal description column) | 22.5 | $ 10,125.00 | 2% |
| 37 | conv (abbreviation used by DeSimone for "conversation") | 14.8 | $ 9,620.00 | 2% |
| 38 | meet and confer | 24.8 | $ 9,485.00 | 2% |
| 39 | class and member | 26.2 | $ 9,460.00 | 2% |
| 40 | discuss | 17.4 | $ 8,722.50 | 2% |
| 41 | Rule 26 | 23.4 | $ 8,710.00 | 2% |
| 42 | stadium | 15.2 | $ 8,347.50 | 2% |
| 43 | Review E Mail (Feldman internal description column) and .20 hours billed ($90.00) | 16.8 | $ 7,560.00 | 1% |
| 44 | Beverage (Bill) | 17.2 | $ 7,185.00 | 1% |

Angels / Charlebois         Exhibit D:  SDSHHH Legal Bill Review         Confidential

| Seq. # | Filter Term | Hours | | Fees | % Fees |
|---|---|---|---|---|---|
| 45 | demand | 16.3 | $ | 6,925.00 | 1% |
| 46 | contact organizations | 54.2 | $ | 6,775.00 | 1% |
| 47 | Opposition | 19.1 | $ | 6,545.00 | 1% |
| 48 | stip. (abbreviation for stipulation) | 18.6 | $ | 6,275.00 | 1% |
| 49 | Greco | 16.4 | $ | 6,177.50 | 1% |
| 50 | access | 9.8 | $ | 5,927.50 | 1% |
| 51 | MSJ | 14.3 | $ | 5,772.50 | 1% |
| 52 | DRLC | 35.8 | $ | 5,583.75 | 1% |
| 53 | ADA | 12.8 | $ | 5,515.00 | 1% |
| 54 | mediator | 12.6 | $ | 5,362.50 | 1% |
| 55 | Disney | 13.4 | $ | 5,093.75 | 1% |
| 56 | pleading | 9.6 | $ | 4,840.00 | 1% |
| 57 | outreach | 10.7 | $ | 4,786.25 | 1% |
| 58 | ex parte and app (application) | 13.7 | $ | 4,727.50 | 1% |
| 59 | stipulation | 15.3 | $ | 4,567.50 | 1% |
| 60 | reply and brief | 10.5 | $ | 3,917.50 | 1% |
| 61 | JPC | 5.8 | $ | 3,770.00 | 1% |
| 62 | survey and responses | 22.6 | $ | 3,682.50 | 1% |
| 63 | wheelchair | 5.7 | $ | 3,542.50 | 1% |
| 64 | Ticketmaster | 8.7 | $ | 3,267.50 | 1% |
| 65 | document production | 7.7 | $ | 3,135.00 | 1% |
| 66 | client | 6.2 | $ | 2,970.00 | 1% |
| 67 | script | 9.3 | $ | 2,805.00 | 1% |
| 68 | interrog* | 7.8 | $ | 2,675.00 | 1% |
| 69 | database | 20.6 | $ | 2,575.00 | 0% |
| 70 | numerosity | 5.0 | $ | 2,065.00 | 0% |
| 71 | evidentiary | 10.8 | $ | 1,945.00 | 0% |
| 72 | Canning | 3.9 | $ | 1,755.00 | 0% |
| 73 | recusal | 5.0 | $ | 1,621.25 | 0% |
| 74 | Phone call | 2.7 | $ | 1,395.00 | 0% |
| 75 | retainer | 3.7 | $ | 1,382.50 | 0% |
| 76 | tort claim | 2.6 | $ | 1,360.00 | 0% |
| 77 | survey and monkey | 9.2 | $ | 1,202.50 | 0% |
| 78 | declarants | 7.7 | $ | 962.50 | 0% |
| 79 | ex parte and opp | 1.7 | $ | 815.00 | 0% |
| 80 | Pearlman (Paula Pearlman) | 1.5 | $ | 742.50 | 0% |
| 81 | BC (William or Bill Clifton) | 0.8 | $ | 480.00 | 0% |
| 82 | calendar | 1.5 | $ | 367.50 | 0% |
| | | | | | |
| | Total fees | | $ | 523,332.50 | |
| | | | | | |
| | Note:  A given entry may appear in several filters so subtotals cannot be added without potential double counting. | | | | |

# EXHIBIT E

0.0

Angels/Charlebois

Exhibit E: SDSHHH Legal Bill Review

Confidential

DA Client: Angels Baseball LP
Legal Bill Review: Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP and Feldman
Matter:Charlebois v. Angels Baseball LP, Case # 10-853 (C.D. Cal.)
Expenses

| Seq. # | Expense Source | Expense D | Expense Type | Expense Total | Comments |
|---|---|---|---|---|---|
| 1 | Eugene Feldman | 6/3/10 | Long distance charges | $ 0.10 | Question long distance charges as overhead, flat contract |
| 2 | Eugene Feldman | 10/18/10 | Long distance charges | $ 4.82 | |
| 3 | Eugene Feldman | 10/22/10 | Long distance charges | $ 0.18 | |
| 4 | Eugene Feldman | 11/1/10 | Long distance charges | $ 0.10 | |
| 5 | Eugene Feldman | 11/1/10 | Long distance charges | $ 0.66 | |
| 6 | Eugene Feldman | 11/1/10 | Long distance charges | $ 0.10 | |
| 7 | Eugene Feldman | 11/2/10 | Long distance charges | $ 0.18 | |
| 8 | Eugene Feldman | 11/3/10 | Long distance charges | $ 0.98 | |
| 9 | Eugene Feldman | 1/4/10 | Long distance charges | $ 0.50 | |
| 10 | Eugene Feldman | 1/24/11 | Mileage | $ 42.00 | |
| 11 | Eugene Feldman | 6/9/11 | Copying Cost | $ 0.15 | Feldman expenses do not reconcile--$53.31 charged (overcharged by $3.54) |
| 12 | Schonbrun DeSimone et al. | 12/31/09 | Westlaw Legal Research Charges for December 2009 | $ 9.70 | Question Westlaw as overhead, flat contract |
| 13 | Schonbrun DeSimone et al. | 4/1/10 | Pacer Service Center | $ 0.32 | |
| 14 | Schonbrun DeSimone et al. | 5/31/10 | Westlaw Legal Research Charges for May | $ 29.46 | |
| 15 | Schonbrun DeSimone et al. | 6/14/10 | US Legal Management Services, Inc. charges in connection with USDC Filing. | $ 49.10 | |
| 16 | Schonbrun DeSimone et al. | 6/15/10 | US Legal Management Services, Inc. charges in connection with USDC Filing. | $ 85.16 | |
| 17 | Schonbrun DeSimone et al. | 6/17/10 | US Legal Management Services, Inc. charges in connection with service of process: Angels Baseball LP | $ 191.23 | |
| 18 | Schonbrun DeSimone et al. | 6/17/10 | US Legal Management Services, Inc. charges in connection with service of process: City of Anaheim. | $ 182.48 | |
| 19 | Schonbrun DeSimone et al. | 6/30/10 | Westlaw Legal Research Charges for June 2010 | $ 118.75 | |
| 20 | Schonbrun DeSimone et al. | 7/23/10 | FedEx charges in connection with documents to Hon. Andrew J. Guilford | $ 13.59 | |
| 21 | Schonbrun DeSimone et al. | 8/1/10 | Postage charges for August 2010 | $ 0.44 | |
| 22 | Schonbrun DeSimone et al. | 8/11/10 | FedEx charges in connection with documents to Hon. Andrew J. Guilford | $ 13.52 | |
| 23 | Schonbrun DeSimone et al. | 8/31/10 | Westlaw Legal Research Charges for August 2010 | $ 1.54 | |

Exhibit E

DA Confidential

1/4/2012

Page 1 of 5

Angels/Charlebois

Exhibit E: SDSHHH Legal Bill Review

Confidential

| Seq. # | Expense Source | Expense D | Expense Type | Expense Total | | Comments |
|---|---|---|---|---|---|---|
| 24 | Schonbrun DeSimone et al. | 9/16/10 | FedEx charges in connection with documents to Hon. Andrew J. Guilford | $ | 13.46 | |
| 25 | Schonbrun DeSimone et al. | 9/23/10 | FedEx charges in connection with documents to Hon. Andrew J. Guilford | $ | 13.46 | |
| 26 | Schonbrun DeSimone et al. | 9/30/10 | Postage charges for September 2010 | $ | 1.93 | |
| 27 | Schonbrun DeSimone et al. | 9/30/10 | Westlaw Legal Research Charges for September 2010 | $ | 37.89 | |
| 28 | Schonbrun DeSimone et al. | 9/30/10 | Pacer Service Center Records Retrieval Fee | $ | 2.64 | |
| 29 | Schonbrun DeSimone et al. | 9/30/10 | Complex Legal Services, Inc. Invoice No : 18912159; Records from Populous | $ | 124.80 | |
| 30 | Schonbrun DeSimone et al. | 10/1/10 | FedEx charges in connection with documents to Mark Mazz | $ | 62.38 | |
| 31 | Schonbrun DeSimone et al. | 10/1/10 | US Legal Management Services, Inc. charges in connection with delivery to Mark J. Mazz | $ | 15.50 | note relatively small copying charges indicate case not document intense |
| 32 | Schonbrun DeSimone et al. | 10/8/10 | Complex Legal Services, Inc. Invoice No : 18932706; Records from Walt Disney Company | $ | 238.45 | |
| 33 | Schonbrun DeSimone et al. | 10/18/10 | FedEx charges in connection with documents to Hon. David O'Carter | $ | 13.59 | |
| 34 | Schonbrun DeSimone et al. | 10/31/10 | Postage charges through October 31, 2010 | $ | 1.66 | |
| 35 | Schonbrun DeSimone et al. | 10/31/10 | Postage charges through October 2010 | $ | 1.39 | |
| 36 | Schonbrun DeSimone et al. | 10/31/10 | Westlaw Legal Research Charges for October, 2010 | $ | 38.01 | |
| 37 | Schonbrun DeSimone et al. | 11/9/10 | US Legal Management Services, Inc. charges in connection with USDC Filing. | $ | 312.50 | |
| 38 | Schonbrun DeSimone et al. | 11/23/10 | FedEx charges in connection with documents to Hon. David O'Carter | $ | 13.65 | |
| 39 | Schonbrun DeSimone et al. | 11/30/10 | Fax Charges (15 faxes X $1.00 per page). | $ | 15.00 | |
| 40 | Schonbrun DeSimone et al. | 11/30/10 | Postage charges for November 2010 | $ | 6.00 | |
| 41 | Schonbrun DeSimone et al. | 11/30/10 | Westlaw Legal Research Charges for November 2010 | $ | 91.13 | |
| 42 | Schonbrun DeSimone et al. | 11/30/10 | Fax Charges for November 2010 [5 pages @ $.25 per page]. | $ | 1.25 | |
| 43 | Schonbrun DeSimone et al. | 12/1/10 | Expert Fees Paid to Mark J. Mazz, AIA; Partial Payment on Services Rendered through November 30, 2010. Payment No. 1 | $ | 2,500.00 | |
| 44 | Schonbrun DeSimone et al. | 12/6/10 | FedEx charges in connection with documents to Hon. David O'Carter | $ | 13.84 | |
| 45 | Schonbrun DeSimone et al. | 12/31/10 | Westlaw Legal Research Charges for December 2010 | $ | 47.22 | |

1/4/2012

Angels/Charlebois

Exhibit E: SDSHHH Legal Bill Review

Confidential

| Seq. # | Expense Source | Expense D | Expense Type | Expense Total | | Comments |
|---|---|---|---|---|---|---|
| 46 | Schonbrun DeSimone et al. | 12/31/10 | Pacer Service Center Records Retrieval Fee for 4th Quarter 2010. | $ | 19.28 | |
| 47 | Schonbrun DeSimone et al. | 1/11/11 | Expert Witness Fees Paid to Phillips Fractor Gorman, Consultants in Economics Statistics Management, Invoice No.: 1011-SDSH10 | $ | 2,000.00 | |
| 48 | Schonbrun DeSimone et al. | 1/26/11 | Expert Fees Paid to Mark J. Mazz, AIA; Partial Payment on Services Rendered through November 30, 2010. Payment No.2 | $ | 1,000.00 | |
| 49 | Schonbrun DeSimone et al. | 1/31/11 | Westlaw Legal Research Charges for January 2011 | $ | 184.64 | |
| 50 | Schonbrun DeSimone et al. | 1/31/11 | Postage charges for January 2011 | $ | 0.88 | |
| 51 | Schonbrun DeSimone et al. | 2/8/11 | Payment to Debbie Gale, CSR; PDF and Hard Copy of 1/24/11 Motion. | $ | 47.04 | hearing transcript |
| 52 | Schonbrun DeSimone et al. | 2/28/11 | Postage charges for February 2011 | $ | 0.44 | |
| 53 | Schonbrun DeSimone et al. | 3/31/11 | Expert Fees Paid to Mark J. Mazz, AIA; Partial Payment on Services Rendered through November 30, 2010. Payment No. 3. | $ | 2,500.00 | |
| 54 | Schonbrun DeSimone et al. | 3/31/11 | Postage charges for March 2011 | $ | 1.76 | |
| 55 | Schonbrun DeSimone et al. | 3/31/11 | Pacer Service Center Records Retrieval Fee. | $ | 10.00 | |
| 56 | Schonbrun DeSimone et al. | 3/31/11 | Westlaw Legal Research Charges for March 2011 | $ | 105.18 | |
| 57 | Schonbrun DeSimone et al. | 3/31/11 | FedEx charges in connection with documents to Hon. David O'Carter | $ | 14.66 | |
| 58 | Schonbrun DeSimone et al. | 4/15/11 | Specialty Paper for Fliers | $ | 40.76 | Charges for specialty paper for fliers to distribute to potential class members at L.A. Convention Center on 4/15/2011 |
| 59 | Schonbrun DeSimone et al. | 4/15/11 | Parking Charges at L.A. Convention Center to Pass Out Fliers | $ | 12.00 | Charges for parking to solicit class members at L.A. Convention Center on 4/15/2011 |
| 60 | Schonbrun DeSimone et al. | 4/15/11 | Mileage to L.A. Convention Center to Pass Out Fliers | $ | 16.32 | Charges for mileage to go to L.A. Convention Center on 4/15/2011 to solicit class members |
| 61 | Schonbrun DeSimone et al. | 4/27/11 | Expert Fees Paid to Mark J. Mazz, AIA: Partial Payment on Service Rendered through November 30, 2010. Payment No. 4. | $ | 2,500.00 | |
| 62 | Schonbrun DeSimone et al. | 4/30/11 | Postage charges for April 2011 | $ | 4.97 | |
| 63 | Schonbrun DeSimone et al. | 5/12/11 | Surveymonkey.com Subscription Renewal | $ | 23.99 | Subscription renewal charges for surveymonkey.com |

1/4/2012

Angels/Charlebois

Exhibit E: SDSHHH Legal Bill Review

Confidential

| Seq. # | Expense Source | Expense Date | Expense Type | Expense Total | Comments |
|---|---|---|---|---|---|
| 64 | Schonbrun DeSimone et al. | 5/23/11 | Expert Fees Paid to Mark J. Mazz, AIA; Partial Payment on Services Rendered through November 30, 2010. Payment No. 5. | $ 2,500.00 | |
| 65 | Schonbrun DeSimone et al. | 5/31/11 | Postage charges for May 2011 | $ 3.04 | |
| 66 | Schonbrun DeSimone et al. | 6/13/11 | FedEx charges in connection with documents to Hon. David O'Carter | $ 20.27 | |
| 67 | Schonbrun DeSimone et al. | 6/15/11 | FedEx charges in connection with documents to Hon. David O'Carter | $ 15.39 | |
| 68 | Schonbrun DeSimone et al. | 6/17/11 | FedEx charges in connection with documents to Hon. David O'Carter | $ 15.39 | |
| 69 | Schonbrun DeSimone et al. | 6/20/11 | Expert Fees Paid to Mark J. Mazz, AIA; Partial Payment on Services Rendered through November 30, 2010. Payment No. 6. | $ 2,500.00 | |
| 70 | Schonbrun DeSimone et al. | 6/21/11 | US Legal Management Service, Inc., charges in connection with Carlton, DiSante & Freudenberger | $ 137.98 | |
| 71 | Schonbrun DeSimone et al. | 6/30/11 | Westlaw Legal Research Charges for June 2011 | $ 226.25 | |
| 72 | Schonbrun DeSimone et al. | 6/30/11 | Pacer Service Center Records Retrieval Fee. | $ 15.36 | |
| 73 | Schonbrun DeSimone et al. | 6/30/11 | Postage charges for June 2011 | $ 35.52 | |
| 74 | Schonbrun DeSimone et al. | 7/5/11 | Fax Charges (22 pages @ $.25 per page). | $ 5.50 | Charge for faxes |
| 75 | Schonbrun DeSimone et al. | 7/6/11 | Website Charges: Vocus PRW Holdings. | $ 200.00 | website? |
| 76 | Schonbrun DeSimone et al. | 7/11/11 | Expert Fees Paid to Mark J. Mazz, AIA; Partial Payment on Services Rendered through November 30, 2010. Payment No. 7. Total Paid to Date: $15,000.00 | $ 1,500.00 | |
| 77 | Schonbrun DeSimone et al. | 7/31/11 | Westlaw Legal Research Charges for July 2011 | $ 12.72 | |
| 78 | Schonbrun DeSimone et al. | 7/31/11 | Postage charges for July 2011 | $ 10.08 | |
| 79 | Schonbrun DeSimone et al. | 7/31/11 | Outstanding Fees on Invoice from Mark J. Mazz, AIA; Services Rendered through November 30, 2010. (Total Invoice : $29,089.93; $15,000.00 paid) | $ 14,089.93 | |
| 80 | Schonbrun DeSimone et al. | 8/4/11 | Network Deposition Services, Inc. Invoice No.: A1108243; Deposition of Billy Beverage, Volume 1. | $ 2,915.60 | |
| 81 | Schonbrun DeSimone et al. | 8/9/11 | FedEx charges in connection with documents to Hon. David O'Carter | $ 15.19 | |

1/4/2012

Angels/Charlebois

Exhibit E: SDSHHH Legal Bill Review

Confidential

| Seq. # | Expense Source | Expense D | Expense Type | Expense Total | Comments |
|---|---|---|---|---|---|
| 82 | Schonbrun DeSimone et al. | 8/17/11 | Transcript Cost Paid to Sharon Seffens @ U.S. District Courthouse | $ 100.00 | |
| 83 | Schonbrun DeSimone et al. | 8/31/11 | Westlaw Legal Research Charges for August 2011 | $ 10.28 | |
| 84 | Schonbrun DeSimone et al. | 8/31/11 | Postage charges for August 2011 | $ 0.64 | |
| 85 | Schonbrun DeSimone et al. | 9/12/11 | Surveymonkey.com Charges | $ 23.99 | small survey charge expenses indicate lack of complexity |
| 86 | Schonbrun DeSimone et al. | 9/16/11 | Complex Legal Services, Inc. Invoice No.: 19290428; Ticketmaster Records. | $ 116.70 | small copy charge indicates not document intensive |
| 87 | Schonbrun DeSimone et al. | 9/22/11 | FedEx charges in connection with documents to Hon. David O'Carter. | $ 15.26 | |
| 88 | Schonbrun DeSimone et al. | 9/27/11 | Mediation Fees Paid to PMA Dispute Resolution; October 21st, 2011 Mediation. | $ 3,400.00 | |
| 89 | Schonbrun DeSimone et al. | 9/29/11 | FedEx charges in connection with documents to Hon. A. Nakazato; Package 1 | $ 15.26 | |
| 90 | Schonbrun DeSimone et al. | 9/29/11 | FedEx charges in connection with documents to Hon. David O'Carter | $ 15.26 | |
| 91 | Schonbrun DeSimone et al. | 9/29/11 | FedEx charges in connection with documents to Hon. A. Nakazato; Package 2 | $ 15.26 | |
| 92 | Schonbrun DeSimone et al. | 9/30/11 | Westlaw Legal Research Charges for September 2011 | $ 2.78 | |
| 93 | Schonbrun DeSimone et al. | 9/30/11 | Pacer Service Center Records Retrieval Fee; Third Quarter 2011 | $ 3.44 | |
| 94 | Schonbrun DeSimone et al. | 10/24/11 | FedEx charges in connection with documents to Hon. A. Nakazato | $ 15.13 | |
| 95 | Schonbrun DeSimone et al. | 10/28/11 | FedEx charges in connection with documents to Hon. D. O'Carter | $ 13.12 | |
| 96 | Schonbrun DeSimone et al. | 10/31/11 | In-house Copy and Print Charges (13,965 pages @ $.10 per page | $ 1,396.50 | |
| 97 | Schonbrun DeSimone et al. | 10/31/11 | In-house Scan Charges (2,090 pages @ $.05 per | $ 104.50 | |
| 98 | Schonbrun DeSimone et al. | 10/31/11 | Surveymonkey.com Charges | $ 23.99 | |
| 99 | Schonbrun DeSimone et al. | 10/31/11 | Westlaw Legal Research Charges for October 2011 | $ 157.70 | Schonbrun, DeSimone expenses reconcile |
| | | | | | |
| | | | Check total expenses | $ 42,440.76 | |
| | | | fees | $ 523,332.50 | |
| | | | total | $ 565,773.26 | |

DA Confidential

1/4/2012

Page 5 of 5

# EXHIBIT F

Exhibit F: SDSHHH Legal Bill Review

Confidential

**Exhibit F**

| DA Client: Angels Baseball LP | | | | |
|---|---|---|---|---|
| Legal Bill Review: Schonbrun DeSimone Seplow Harris Hoffman & Harrison LLP and Feldman | | | | |
| Matter:Charlebois v. Angels Baseball LP, Case # 10-853 (C.D. Cal.) | | | | |
| Samples of Duplication, Etc. | | | | |
| | | | | |
| **"Depo" References** | | | | |
| Timekeeper | Date | Description | Hours | Rate | Fees |
| Amanda Canning | 9/24/10 | Review strategy with DeSimone, E-mails to Feldman/Harris re PMK depos, Draft PMK notices of deposition - 4.3hrs | 4.30 | $ 375.00 | $ 1,612.50 |
| Amanda Canning | 9/30/10 | Calls from Greco re PMK depositions, Further processing re same - .6hrs | 0.60 | $ 375.00 | $ 225.00 |
| Amanda Canning | 10/1/10 | Calls to/from and E-mails to/from experts, Calls to/from Disability Rights center re experts, Review strategy with DeSimone, further processing documents for experts, Calls to/from Greco and E-mails to/from Giddens re documents for experts and PMK depositions - 6.2hrs | 6.20 | $ 375.00 | $ 2,325.00 |
| Amanda Canning | 10/23/10 | Draft amended PMK notices or deposition, further processing - RS Disney objections to subpoena, Research re Rule 45 and motion to compel - 1.5hrs | 1.50 | $ 375.00 | $ 562.50 |
| Amanda Canning | 10/25/10 | Preparation for PMK depositions - .8hrs | 0.80 | $ 375.00 | $ 300.00 |
| Amanda Canning | 10/26/10 | Review documents and preparation for PMK deposition, meeting with VID re class certification motion. | 3.50 | $ 375.00 | $ 1,312.50 |
| Amanda Canning | 10/27/10 | Review strategy with DeSimone re PMK depositions and motion, Emails to/from counsel re same - .3hrs | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 10/27/10 | Calls/emails to/from Greco re FMK depos production of documents and further processing re same - .6hrs | 0.60 | $ 375.00 | $ 225.00 |

DA Confidential

Angels / Charlebois

Confidential

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 12/22/10 | Review study Disney documents, Call to Populous, meet and confer re Disney discovery responses, Draft PMTS depo notices, Prepare Motion for Class Cert binders | 5.70 | $ 375.00 | $ 2,137.50 |
| Amanda Canning | 5/22/11 | RD, Review correspondence, DR letter to Giddens re settlement and PMK depo - .7hr | 0.70 | $ 375.00 | $ 262.50 |
| Amanda Canning | 6/20/11 | prepare notices of deposition - .3 | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 6/28/11 | draft depo notice and arrange plaintiff's expert deposition | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 7/22/11 | assist with depo prep | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 8/2/11 | Review study objection to PMK notice of depo and responses to interrogatories, request for production of documents - .7hrs | 0.70 | $ 375.00 | $ 262.50 |
| Amanda Canning | 8/2/11 | E-mails to/from counsel re PMK depo - .5hrs | 0.50 | $ 375.00 | $ 187.50 |
| Amanda Canning | 9/24/11 | Deposition summary of Beverage and marshal facts | 5.00 | $ 375.00 | $ 1,875.00 |
| Amanda Canning | 9/25/11 | Deposition summary of Beverage - 3.5hrs | 3.50 | $ 375.00 | $ 1,312.50 |
| Amanda Canning | 9/26/11 | Review revise Beverage depo summary - .5hrs | 0.50 | $ 375.00 | $ 187.50 |
| Gene Feldman | 9/30/10 | from Jim re: deposition Preparation | 0.30 | $ 450.00 | $ 135.00 |
| Gene Feldman | 10/26/10 | VJD re PMK deposition | 0.20 | $ 450.00 | $ 90.00 |
| Gene Feldman | 5/8/11 | Desimone re: PMK deposition notice | 0.20 | $ 450.00 | $ 90.00 |
| Gene Feldman | 5/17/11 | Desimone to Giddens re: PMK deposition available dates | 0.20 | $ 450.00 | $ 90.00 |
| Gene Feldman | 5/20/11 | DeSimone re survey results and PMK deposition | 0.30 | $ 450.00 | $ 135.00 |
| Gene Feldman | 7/14/11 | Desimone re deposition of PMK | 0.20 | $ 450.00 | $ 90.00 |
| Gene Feldman | 7/28/11 | Desimone to Giddens re cost advance for expert witness deposition | 0.20 | $ 450.00 | $ 90.00 |
| Gene Feldman | 8/1/11 | Conference with Desimone prepare for PMK deposition | 3.60 | $ 450.00 | $ 1,620.00 |
| Gene Feldman | 8/2/11 | Desimone re PMK deposition | 0.20 | $ 450.00 | $ 90.00 |

1/4/2012

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Gene Feldman | 8/5/11 | Deposition PMK Bill Beverage | 7.40 | $ 450.00 | $ 3,330.00 |
| James V. DeSimone | 9/28/10 | memo to team Re: PMK Depo/class cert motion (.3) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 10/1/10 | emails w. BG re: PMK Depo/ Docs/settlement (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 10/15/10 | email from BG re: PMK depo (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 10/22/10 | emails w. AC Re: PMK depo (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 10/26/10 | mgt. w. AC re: class cert motion./ PMK depo (.4 hr) | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 10/27/10 | email to BG re: PMK depo (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 11/10/10 | review depo notices/follow up emails | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 11/12/10 | email BG re: depositions (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 6/3/11 | Emails w. BG: settlement/PMK depo (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 6/14/11 | Notice PMK Depo (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 6/20/11 | Depo notice (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 6/27/11 | email BG re: depos (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 6/28/11 | team emails re: depo schedule | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 6/29/11 | PMK Depo Notice | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 7/11/11 | email w. BG re: depos | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 7/13/11 | emails w. BG re: depos/expert rpts (.2); | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 7/14/11 | corr. W. BG re: depos (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 7/14/11 | Corr. W. Expert re: depos (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 7/15/11 | corr. W BG re: expert rpt/depo (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 7/25/11 | conv. W MM re: depo prep (.5) | 0.50 | $ 650.00 | $ 325.00 |
| James V. DeSimone | 7/28/11 | Meet and conf. Ltr re: MM Depo. (.4) | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 7/30/11 | PMK depo prep/review memos/ Questions (.6) | 0.60 | $ 650.00 | $ 390.00 |
| James V. DeSimone | 7/31/11 | review Docs for depo prep (1.6) | 1.60 | $ 650.00 | $ 1,040.00 |
| James V. DeSimone | 8/1/11 | mtg w. EF for depo prep, review Docs and formulate questions (3.6) | 3.60 | $ 650.00 | $ 2,340.00 |
| James V. DeSimone | 8/2/11 | finalize doc review and Depo prep. (1.9hrs) | 1.90 | $ 650.00 | $ 1,235.00 |
| James V. DeSimone | 8/4/11 | finalize depo prep (1.2) | 1.20 | $ 650.00 | $ 780.00 |
| James V. DeSimone | 8/4/11 | depo of Angels Baseball PMK (6.1) | 6.10 | $ 650.00 | $ 3,965.00 |
| Jonathan Cotton | 11/10/10 | Draft and Serve Second Amended PMK Depo Notices | 1.50 | $ 125.00 | $ 187.50 |
| Kai Valenzuela | 8/2/11 | Research/locate and print documents for preparation of FMK deposition | 4.50 | $ 125.00 | $ 562.50 |

1/4/2012

Page 3 of 32

DA Confidential

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees | |
|---|---|---|---|---|---|---|
| Kai Valenzuela | 8/3/11 | Research/locate and print additional documents for preparation of PMK deposition | 1.50 | $ 125.00 | $ | 187.50 |
| Kai Valenzuela | 8/4/11 | Research/locate and print additional documents for preparation of PMK deposition; Organize folders; Correspond with counsels and potential mediation schedule | 5.50 | $ 125.00 | $ | 687.50 |
| Kai Valenzuela | 9/28/11 | Scan deposition transcript of PMK into database, provide to lead counsel for preparation | 2.50 | $ 125.00 | $ | 312.50 |
| Menaka Fernando | 7/28/11 | Researched travel compensation for expert's deposition; drafting email to opposing counsel. | 3.60 | $ 225.00 | $ | 810.00 |
| Michael D. Seplow | 9/24/10 | rev pmk depo notices (.2) | 0.20 | $ 600.00 | $ | 120.00 |
| William Clifton | 9/24/10 | Prepared PMK Deposition Notices to both Defendants | 0.50 | $ 125.00 | $ | 62.50 |
| William Clifton | 10/14/10 | drafted Notice of Taking Deposition (.25) | 0.25 | $ 125.00 | $ | 31.25 |
| William Clifton | 10/22/10 | Prepared Amended PMK Deposition Notices to both Defendants | 0.25 | $ 125.00 | $ | 31.25 |
| William Clifton | 10/1/11 | drafted Notice of Taking Deposition (.25) | 0.25 | $ 125.00 | $ | 31.25 |
| William Clifton | 10/7/11 | Calendared deadline for doc prod by defendants re PMK depo ntcs | 0.20 | $ 125.00 | $ | 25.00 |
| **Grand Total** | | **Depo references** | **88.35** | | **$** | **34,721.25** |

1/4/2012

DA Confidential

Page 4 of 32

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| **Review Entries** | | | | | |
| James V. DeSimone | 9/9/09 | review Caselaw. Colorado Rockies case documents, Justice Dept. Regulations (2.6 hrs) | 2.60 | $ 650.00 | $ 1,690.00 |
| James V. DeSimone | 9/19/09 | review on-line Angel Baseball Information (.7) | 0.70 | $ 650.00 | $ 455.00 |
| James V. DeSimone | 9/26/09 | case law review (.8) | 0.80 | $ 650.00 | $ 520.00 |
| Gene Feldman | 9/29/09 | Attend Rangers game with counsel Jim DeSimone; review case | 3.00 | $ 450.00 | $ 1,350.00 |
| James V. DeSimone | 10/6/09 | review of Taco Bell case (.3) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 10/7/09 | review of Angel wheelchair seating Options (.3) | 0.30 | $ 650.00 | $ 195.00 |
| David Sarnoff | 10/19/09 | Read and review letter to Angels Baseball | 0.20 | $ 375.00 | $ 75.00 |
| James V. DeSimone | 10/19/09 | review and edit ltr to Angel Baseball (.3) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 11/2/09 | reviewed case law/wrote list of Talking points re: conv. W. David Cohen ("DC") (.8 hr) | 0.80 | $ 650.00 | $ 520.00 |
| James V. DeSimone | 12/3/09 | review and edit City of Anaheim tort claim | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 12/7/09 | further review and emails (.2 hr) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 12/28/09 | review of risk letters from City of Anaheim (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 1/4/10 | File review and email to BG Re: documents (.3) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 1/27/10 | review and edit draft Complaint | 1.80 | $ 650.00 | $ 1,170.00 |
| Gene Feldman | 1/28/10 | File Review | 0.30 | $ 450.00 | $ 135.00 |
| James V. DeSimone | 2/3/10 | review prior corr. (.2 Br) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 2/5/10 | review Corr. BG | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 3/8/10 | review BG email/email w. EF Re: strategy, review and email Complaint | 0.60 | $ 650.00 | $ 390.00 |
| Gene Feldman | 3/8/10 | Review complaint | 1.70 | $ 450.00 | $ 765.00 |
| Gene Feldman | 3/9/10 | Review complaint | 2.40 | $ 450.00 | $ 1,080.00 |
| James V. DeSimone | 3/15/10 | review and edit Complaint (.6) | 0.60 | $ 650.00 | $ 390.00 |
| James V. DeSimone | 3/22/10 | review BG email/ email EF | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 3/25/10 | review ADA regs (.4) | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 4/15/10 | review of Complaint (.3 hr) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 4/19/10 | review and edit Complaint (.8 hr) | 0.80 | $ 650.00 | $ 520.00 |

1/4/2012

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| James V. DeSimone | 4/19/10 | review MS memo and Emails (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Michael D. Seplow | 4/19/10 | Review draft complaint and send em to team re changes etc (1.5) | 1.50 | $ 600.00 | $ 900.00 |
| James V. DeSimone | 4/21/10 | review DLRC federal complaint (.4) | 4.00 | $ 650.00 | $ 2,600.00 |
| Amanda Canning | 4/23/10 | Review strategy re complaint, Research and legal analysis re same - 4hrs | 4.00 | $ 375.00 | $ 1,500.00 |
| Amanda Canning | 4/23/10 | Review facts and Review strategy with DeSimone and Seplow- 1 hr | 1.00 | $ 375.00 | $ 375.00 |
| Amanda Canning | 4/27/10 | Review documents | 0.30 | $ 375.00 | $ 112.50 |
| James V. DeSimone | 5/26/10 | review and edit Federal Court Complaint (1.1 hr) | 1.10 | $ 650.00 | $ 715.00 |
| Amanda Canning | 5/26/10 | Review strategy with DeSimone | 0.50 | $ 375.00 | $ 187.50 |
| Amanda Canning | 5/27/10 | Review revise complaint | 4.00 | $ 375.00 | $ 1,500.00 |
| Michael D. Seplow | 5/27/10 | Review-revise draft complaint (.4) | 0.40 | $ 600.00 | $ 240.00 |
| James V. DeSimone | 5/28/10 | review and edit final draft of Complaint (.8 hr) | 0.80 | $ 650.00 | $ 520.00 |
| Gene Feldman | 5/31/10 | Review federal complaint | 1.40 | $ 450.00 | $ 630.00 |
| James V. DeSimone | 6/2/10 | review AC memo re: law and email questions (.4) | 0.40 | $ 650.00 | $ 260.00 |
| Amanda Canning | 6/2/10 | Call from Feldman and Review strategy with DeSimone and Seplow - .8hrs | 0.80 | $ 375.00 | $ 300.00 |
| James V. DeSimone | 6/8/10 | review case law/complaint | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 6/10/10 | review and edit complaint for injunctive relief (1.2 hr) | 1.20 | $ 650.00 | $ 780.00 |
| Amanda Canning | 6/10/10 | Review revise complaint, Review strategy with DeSimone | 0.60 | $ 375.00 | $ 225.00 |
| James V. DeSimone | 6/14/10 | review attachments to Complaint (2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 6/14/10 | review Complaint and email Team re: issues (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 6/14/10 | review AC Memo (.1) | 0.10 | $ 650.00 | $ 65.00 |
| Amanda Canning | 6/14/10 | Draft press release and Review revise complaint - 2.4hrs | 2.40 | $ 375.00 | $ 900.00 |
| James V. DeSimone | 6/15/10 | Review of legal research (.4) | 0.40 | $ 650.00 | $ 260.00 |
| Amanda Canning | 6/15/10 | Review revise press release and further processing | 2.00 | $ 375.00 | $ 750.00 |

1/4/2012

DA Confidential

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| James V. DeSimone | 6/16/10 | doc. Review and legal research (.5) | 0.50 | $ 650.00 | $ 325.00 |
| James V. DeSimone | 6/17/10 | review Docs (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 6/18/10 | email Review and contact witnesses (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 6/23/10 | Review study correspondence from prospective plaintiff | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 6/24/10 | Review study Weirich survey | 0.50 | $ 375.00 | $ 187.50 |
| James V. DeSimone | 7/9/10 | review witness Statement and email AC Re: witness contact (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 7/27/10 | review guidelines (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 7/27/10 | Research re regulations, Draft Cane declaration, Calls to/from and E- mails to Cane re declaration, Review strategy with DeSimone | 2.10 | $ 375.00 | $ 787.50 |
| James V. DeSimone | 7/28/10 | Review and edit decs prepared by AC (.6) | 0.60 | $ 650.00 | $ 390.00 |
| Amanda Canning | 7/29/10 | Research re recusal and ADA regus and Review strategy and provide instructions to paralegal reviewed decs, case law and guidelines In prep for mtg w. BG (.9 hr) | 1.50 | $ 375.00 | $ 562.50 |
| James V. DeSimone | 7/30/10 | Review facts, Calls to experts | 0.90 | $ 650.00 | $ 585.00 |
| Amanda Canning | 8/2/10 | review BG's email and documents; (4) | 1.00 | $ 375.00 | $ 375.00 |
| James V. DeSimone | 8/3/10 | review AC memo re: expert witnesses; CV's, | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 8/5/10 | experience (.4) | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 8/11/10 | correspondence and notes review (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 8/11/10 | review MS and AC changes/mtg/revise (.3) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 8/11/10 | review recusal mtn. (2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 8/11/10 | Review revise Charlebois recusal - .5hrs | 0.50 | $ 375.00 | $ 187.50 |
| Amanda Canning | 8/11/10 | Review strategy and Review revise letter to opp counsel - 8hrs | 0.80 | $ 375.00 | $ 300.00 |
| Michael D. Seplow | 8/11/10 | review and revise letter to defense counsel (.6) | 0.60 | $ 600.00 | $ 360.00 |
| Gene Feldman | 8/11/10 | Review letter from VJD to Giddens re: discovery | 0.30 | $ 450.00 | $ 135.00 |
| Gene Feldman | 8/11/10 | Prepare email VJD and review reply re letter to Giddens re: discovery | 0.30 | $ 450.00 | $ 135.00 |

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Kai Valenzuela | 8/12/10 | Review DRLC e-mail | 0.30 | $ 125.00 | $ 37.50 |
| James V. DeSimone | 8/24/10 | review recusal order (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 8/26/10 | review Calendaring order/ Judge David Carter (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 8/26/10 | follow up On deadlines, rules review (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 9/1/10 | Review study court orders, Research re Rule 26 obligations/Chamber rules - 1.5hrs | 1.50 | $ 375.00 | $ 562.50 |
| James V. DeSimone | 9/8/10 | Review of file/ltrs/obligations (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 9/9/10 | review and edit stip (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 9/9/10 | review expert info. (.3) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 9/13/10 | review of Rule 26 memo/docs. In prep for conf (.6) | 0.60 | $ 650.00 | $ 390.00 |
| James V. DeSimone | 9/13/10 | review and edit disco Requests (.4) | 0.40 | $ 650.00 | $ 260.00 |
| Amanda Canning | 9/13/10 | Preparation for Rule 26(f) conference, Draft and serve discovery, Review strategy with DeSimone | 4.80 | $ 375.00 | $ 1,800.00 |
| James V. DeSimone | 9/14/10 | review and edit stip. (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Kai Valenzuela | 9/14/10 | Review e-mail correspondence re Joint Stipulation re Continuance | 0.30 | $ 125.00 | $ 37.50 |
| James V. DeSimone | 9/16/10 | review and edit amd. Stip. Email to BG (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 9/16/10 | Review/revise stipulation to continue motion for class certification | 0.50 | $ 375.00 | $ 187.50 |
| James V. DeSimone | 9/20/10 | review and Edit joint report (.4) | 0.40 | $ 650.00 | $ 260.00 |
| Amanda Canning | 9/20/10 | Draft and Prepare Rule 26 Discovery Plan report, E-mails to/from opposing counsel re same, Review strategy with DeSimone re same | 5.50 | $ 375.00 | $ 2,062.50 |
| Amanda Canning | 9/22/10 | E-mails to/from counsel re Rule 26 report, Review study defendants' Draft of Rule 26 report, and further processing re same | 0.70 | $ 375.00 | $ 262.50 |
| James V. DeSimone | 9/23/10 | review of court order (.1) | 0.10 | $ 650.00 | $ 65.00 |
| Amanda Canning | 9/23/10 | E-mails/Calls to/from opposing counsel re Joint Rule 26(f) report, Review and revise same, Prepare for e-filing - 2hrs | 2.00 | $ 375.00 | $ 750.00 |

1/4/2012

DA Confidential

Page 8 of 32

Angels / Charlebois

Confidential

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 9/23/10 | Review study Order to continue motion for class cert, Review strategy re same - .3hrs | 0.30 | $ 375.00 | $ 112.50 |
| James V. DeSimone | 9/24/10 | review and edit PMK Notice (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 9/24/10 | Review strategy with DeSimone, E-mails to Feldman/Harris re PMK depos, Draft PMK notices of deposition - 4.3hrs | 4.30 | $ 375.00 | $ 1,612.50 |
| James V. DeSimone | 9/27/10 | review and edit Rule 26 disclosures (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 9/27/10 | review docs to be produced (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 9/27/10 | Draft Rule 26(a) report, Review documents to produce in same, Calls to/from Feldman re same - 3.5hrs | 3.50 | $ 375.00 | $ 1,312.50 |
| Amanda Canning | 9/27/10 | Review study class declarations- .3 hrs | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 9/27/10 | Review study Defendants' initial disclosure report and Draft memo - .4hrs | 0.40 | $ 375.00 | $ 150.00 |
| James V. DeSimone | 9/28/10 | review JPC dec. (.1) | 0.10 | $ 650.00 | $ 65.00 |
| Amanda Canning | 9/28/10 | Review study defendant document production, further processing re expert Reviewing documents - 2hrs | 2.00 | $ 375.00 | $ 750.00 |
| Gene Feldman | 9/28/10 | Review documents produced by defendants review AC memo re: docs produced/ Expert wit, update (.1) | 1.90 | $ 450.00 | $ 855.00 |
| James V. DeSimone | 9/29/10 | Calls/E-mails to/from Mazz and Feldman re documents, Review strategy re documents, expert retainer, Review study Joint Rule 26(f) report - 2.9hrs | 0.10 | $ 650.00 | $ 65.00 |
| Amanda Canning | 9/29/10 | Research re subpoenaing business records and | 2.90 | $ 375.00 | $ 1,087.50 |
| Amanda Canning | 9/29/10 | Review strategy -1.2hrs | 1.20 | $ 375.00 | $ 450.00 |
| Gene Feldman | 9/29/10 | Review ADA document production from defendant | 3.10 | $ 450.00 | $ 1,395.00 |
| James V. DeSimone | 9/30/10 | Review and edit ltr. To BG re: Docs produced (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 9/30/10 | review and edit JPC Dec (.2) | 0.20 | $ 650.00 | $ 130.00 |

1/4/2012

DA Confidential

Confidential

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 9/30/10 | Research and Draft inspection of Real Property demand, Calls/Emails to/from Mazz re same, Review documents and determine which documents have not been produced, Research and Draft meet and confer letter to Giddens re inspection and documents, Review strategy with DeSimone, Draft memorializing letter- 4hrs | 4.00 | $ 375.00 | $ 1,500.00 |
| Gene Feldman | 9/30/10 | Preparation for PMK file review/chart for Jim | 2.20 | $ 450.00 | $ 990.00 |
| Amanda Canning | 10/1/10 | Calls to/from and E-mails to/from experts, Calls to/from Disability Rights center re experts, Review strategy with DeSimone, further processing documents for experts, Calls to/from Greco and E-mails to/from Giddens re documents for experts and PMK depositions - 6.2hrs | 6.20 | $ 375.00 | $ 2,325.00 |
| Amanda Canning | 10/1/10 | Calls to/from Feldman, Review strategy with DeSimone, direct paralegal re Research and Draft motion for class cert - 1.8hrs | 1.80 | $ 375.00 | $ 675.00 |
| Gene Feldman | 10/1/10 | Preparation for PMK file review/chart for Jim | 1.60 | $ 450.00 | $ 720.00 |
| James V. DeSimone | 10/3/10 | review and edit draft dec and Portions of class cert mtn. (.7) | 0.70 | $ 650.00 | $ 455.00 |
| James V. DeSimone | 10/4/10 | review of mt and conf. Re: site visit (.1) | 0.10 | $ 650.00 | $ 65.00 |
| Amanda Canning | 10/4/10 | Calls to/from Mazz re site visit/documents, Review strategy with DeSimone re same, E-mails to/from Giddens re same - 1.1 | 1.10 | $ 375.00 | $ 412.50 |
| James V. DeSimone | 10/5/10 | review and edit numerosity Declaration (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 10/5/10 | Calls/E-mails to/from Chasworth re declaration, Review study and legal/factual analysis of declaration - 2hrs | 2.00 | $ 375.00 | $ 750.00 |

1/4/2012

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees | |
|---|---|---|---|---|---|---|
| James V. DeSimone | 10/6/10 | review and edit Disney subpoena (.2) | 0.20 | $ 650.00 | $ | 130.00 |
| Amanda Canning | 10/7/10 | Review strategy and Draft letter to Giddens re Populus subpoena -3hrs | 0.30 | $ 375.00 | $ | 112.50 |
| Amanda Canning | 10/8/10 | Research and Review strategy re Populus subpoena - .6hrs | 0.60 | $ 375.00 | $ | 225.00 |
| Amanda Canning | 10/8/10 | Review strategy with VJD - .2 | 0.20 | $ 375.00 | $ | 75.00 |
| Amanda Canning | 10/13/10 | Review strategy with DeSimone re discovery | 0.40 | $ 375.00 | $ | 150.00 |
| Amanda Canning | 10/14/10 | Review strategy with DeSimone and Draft memo with discovery and motion plan - 1.2hrs | 1.20 | $ 375.00 | $ | 450.00 |
| James V. DeSimone | 10/18/10 | review Of mediator filing (.2) | 0.10 | $ 650.00 | $ | 65.00 |
| Amanda Canning | 10/18/10 | E-mails to/from counsel, Review strategy, Research and Draft Ntc re Private Mediator - 1.3hrs | 1.30 | $ 375.00 | $ | 487.50 |
| James V. DeSimone | 10/19/10 | review of demand ltr. (.3) | 0.30 | $ 650.00 | $ | 195.00 |
| James V. DeSimone | 10/20/10 | reviewed and edit Demand ltr (.4) | 0.40 | $ 650.00 | $ | 260.00 |
| Amanda Canning | 10/20/10 | review documents/research and draft settlement offer letter to Giddens - 2.2 | 2.20 | $ 375.00 | $ | 825.00 |
| James V. DeSimone | 10/22/10 | review Disney objection to subpoena Follow up w BG (.2) | 0.20 | $ 650.00 | $ | 130.00 |
| Amanda Canning | 10/25/10 | Review study E-mail from Giddens re total WC seating, E-mails to/from Mazz re same, Review strategy, Draft E-mail to Giddens re same - .6hrs | 0.60 | $ 375.00 | $ | 225.00 |
| Amanda Canning | 10/26/10 | Review documents and preparation for PMK deposition, meeting with VJD re class certification motion. | 3.50 | $ 375.00 | $ | 1,312.50 |
| Amanda Canning | 10/27/10 | Review strategy with DeSimone re PMK depositions and motion, Emails to/from counsel re same - .3hrs | 0.30 | $ 375.00 | $ | 112.50 |
| Amanda Canning | 10/29/10 | review strategy with GF re motion for class cert and memo re same | 0.40 | $ 375.00 | $ | 150.00 |
| James V. DeSimone | 10/30/10 | review draft motion for class cert (1.2) | 1.20 | $ 650.00 | $ | 780.00 |
| James V. DeSimone | 11/1/10 | review AC Memo re: docs produced (.2) | 0.20 | $ 650.00 | $ | 130.00 |

1/4/2012

DA Confidential

Angels / Charlebois

Confidential

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | | Fees | |
|---|---|---|---|---|---|---|---|
| Amanda Canning | 11/1/10 | Review study documents produced by Angels/Anaheim, Draft memo re same, Review strategy with Feldman re same - 1.5hrs | 1.50 | $ | 375.00 | $ | 562.50 |
| Amanda Canning | 11/1/10 | Review revise introduction - 1hr | 1.00 | $ | 375.00 | $ | 375.00 |
| Michael D. Seplow | 11/1/10 | Review and revise intro to MCC (.5), | 0.50 | $ | 600.00 | $ | 300.00 |
| James V. DeSimone | 11/2/10 | review emails re: decs and class Cert mtn. | 0.30 | $ | 650.00 | $ | 195.00 |
| Amanda Canning | 11/2/10 | Review strategy re Chasworth declaration, Review revise declaration, Call/E-mails to Chasworth - 2hrs | 2.00 | $ | 375.00 | $ | 750.00 |
| James V. DeSimone | 11/3/10 | review decs re: class cert | 0.50 | $ | 650.00 | $ | 325.00 |
| Amanda Canning | 11/3/10 | Emails and calls with Chasworth re numerosity and review study Chasworth report - 2.1hrs | 2.10 | $ | 375.00 | $ | 787.50 |
| Amanda Canning | 11/3/10 | Emails with Mazz and review study Mazz report - 1.1hrs | 1.10 | $ | 375.00 | $ | 412.50 |
| William Clifton | 11/4/10 | Reviewed Chambers rules re e-filing of Motions, chambers copies | 0.20 | $ | 125.00 | $ | 25.00 |
| Amanda Canning | 11/4/10 | Research and Draft motion, Research and Review strategy with Seplow re penalties, E-mails to/from Klassen re declaration | 7.00 | $ | 375.00 | $ | 2,625.00 |
| Michael D. Seplow | 11/4/10 | Review and revise MCC, disc same w AC (3.0) | 3.00 | $ | 600.00 | $ | 1,800.00 |
| James V. DeSimone | 11/5/10 | Review draft motion (.7) | 0.70 | $ | 650.00 | $ | 455.00 |
| Amanda Canning | 11/5/10 | Review strategy with Seplow, Draft, Research and Review revise motion Calls to Feldman, Draft and finalize Chasworth declaration, Calls to/E-mails to/from Chasworth re declaration, Draft and finalize Klassen declaration, E-mails to/from Klassen re same, Draft and finalize declaration, Call to/E-mails to/from Charlebois re motion and declaration | 10.00 | $ | 375.00 | $ | 3,750.00 |
| Michael D. Seplow | 11/5/10 | Review and revise MCC, dic same w AC ( 3.8) | 3.80 | $ | 600.00 | $ | 2,280.00 |

1/4/2012

Page 12 of 32

DA Confidential

Angels / Charlebois

Confidential

## Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| James V. DeSimone | 11/7/10 | review and edit mtn for class cert (1.7) | 1.70 | $ 650.00 | $ 1,105.00 |
| James V. DeSimone | 11/7/10 | Review Mark Mazz dec. (.4) | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 11/7/10 | review and edit Next draft of motion (.8) | 0.80 | $ 650.00 | $ 520.00 |
| Amanda Canning | 11/7/10 | Review strategy with DeSimone and Seplow, Draft, Research and Review revise motion, Draft DeSimone declaration | 6.00 | $ 375.00 | $ 2,250.00 |
| James V. DeSimone | 11/8/10 | review and edit DeSimone dec. (.8) | 0.80 | $ 650.00 | $ 520.00 |
| James V. DeSimone | 11/8/10 | review and edit next draft of mtn (.7) | 0.70 | $ 650.00 | $ 455.00 |
| James V. DeSimone | 11/8/10 | review of docs. For filing (.5) | 0.50 | $ 650.00 | $ 325.00 |
| James V. DeSimone | 11/8/10 | review order/final motion (1.5); | 1.50 | $ 650.00 | $ 975.00 |
| James V. DeSimone | 11/8/10 | Final dec review (.9) | 0.90 | $ 650.00 | $ 585.00 |
| Amanda Canning | 11/8/10 | Review strategy with DeSimone, Seplow, Feldman, Research, Draft, Review revise motion, notice of motion, proposed order, DeSimone declaration, Calls/E-mails to Charlebois, Cam, e-file motion - 11hrs | 11.00 | $ 375.00 | $ 4,125.00 |
| James V. DeSimone | 11/10/10 | review depo notices/follow up emails | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 11/12/10 | review Respone email/follow up (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 11/14/10 | review and edit mt, and confer ltr To Disney re: subpoena | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 11/15/10 | review and final letter (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 11/16/10 | review AC corr. To DG re: doc pro | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 11/17/10 | Review study defendants' objections to Interrogatories | 0.70 | $ 375.00 | $ 262.50 |
| Amanda Canning | 11/18/10 | Review revise letter to Disney - .3hrs | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 11/18/10 | Review strategy with DeSimone - .5hrs | 0.50 | $ 375.00 | $ 187.50 |
| James V. DeSimone | 11/22/10 | review opp. To class cert motion (.9) | 0.90 | $ 650.00 | $ 585.00 |
| Amanda Canning | 11/22/10 | Review study defendants' opposition to motion for class certification and Review Review Mazz Decl; review with DeSimone. | 1.50 | $ 375.00 | $ 562.50 |
| Kai Valenzuela | 11/23/10 | Receive Defense opposition docs, review | 1.20 | $ 125.00 | $ 150.00 |
| Gene Feldman | 11/24/10 | Review defendants opposition to class certification | 3.10 | $ 450.00 | $ 1,395.00 |
| James V. DeSimone | 11/29/10 | review and edit class cert reply brf. (1.4) | 1.40 | $ 650.00 | $ 910.00 |
| Gene Feldman | 11/30/10 | Review defense objection to Mazz declaration | 2.00 | $ 450.00 | $ 900.00 |
| James V. DeSimone | 12/3/10 | review and edit reply brf (1.4) | 1.40 | $ 650.00 | $ 910.00 |

DA Confidential

1/4/2012

Page 13 of 32

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 12/3/10 | Research and Draft reply; Review with VJD | 2.50 | $ 375.00 | $ 937.50 |
| Gene Feldman | 12/4/10 | Review reply brief | 0.70 | $ 450.00 | $ 315.00 |
| James V. DeSimone | 12/6/10 | review and edit objs to decs, (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 12/6/10 | Research, Draft and Review revise Reply brief, Draft objections to Defendant's declarations, and further processing e-filing, review strategy with VJD | 6.00 | $ 375.00 | $ 2,250.00 |
| Amanda Canning | 12/11/10 | review court order re class cert | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 12/22/10 | Review study Disney documents, Call to Populous, meet and confer re Disney discovery responses, Draft PMTS depo notices, Prepare Motion for Class Cert binders | 5.70 | $ 375.00 | $ 2,137.50 |
| James V. DeSimone | 1/2/11 | review AC Memo re: Charlebois Tasks and strategy/ follow up Response | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 1/7/11 | Review ADA case law/new cases | 0.70 | $ 650.00 | $ 455.00 |
| James V. DeSimone | 1/17/11 | Review mtn/opp and reply brfs Re class certification (2.2) | 2.20 | $ 650.00 | $ 1,430.00 |
| James V. DeSimone | 1/21/11 | Case law review for hrng (1.9 hr) | 1.90 | $ 650.00 | $ 1,235.00 |
| Amanda Canning | 1/24/11 | conference Call with Giddens and Pearlman and Review strategy w DeSimone - .7hrs | 0.70 | $ 375.00 | $ 262.50 |
| James V. DeSimone | 1/26/11 | review reviewed survey (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 1/26/11 | Draft survey, Draft letter to Giddens, Review strategy with DeSimone - 2.1 | 2.10 | $ 375.00 | $ 787.50 |
| Gene Feldman | 1/26/11 | Review survey | 0.30 | $ 450.00 | $ 135.00 |
| James V. DeSimone | 2/7/11 | review and edited New survey (.5) | 0.50 | $ 650.00 | $ 325.00 |
| Amanda Canning | 2/8/11 | Review revise survey, E-mails to/from counsel re same | 0.80 | $ 375.00 | $ 300.00 |
| James V. DeSimone | 2/17/11 | review of prior correspondence/outline Talking points (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 2/18/11 | review of revised Survey (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 2/18/11 | Review strategy with DeSimone re survey, E-mails to/from counsel re same, Review documents and Review/revise survey | 2.50 | $ 375.00 | $ 937.50 |
| James V. DeSimone | 2/21/11 | review of revised survey (.2) | 0.20 | $ 650.00 | $ 130.00 |

1/4/2012

DA Confidential

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | | Fees | |
|---|---|---|---|---|---|---|---|
| Amanda Canning | 2/22/11 | Review and revise survey and further processing and Draft meet and confer to Giddens re same; meeting with VJD re survey | 2.50 | $ | 375.00 | $ | 937.50 |
| Amanda Canning | 2/23/11 | review correspondence and survey drafts and emails to/from Giddens re same | 0.40 | $ | 375.00 | $ | 150.00 |
| James V. DeSimone | 2/26/11 | reviewed revised survey (.3) | 0.30 | $ | 650.00 | $ | 195.00 |
| Amanda Canning | 3/1/11 | Review strategy re contact information and mediation and emails between counsel re same - 4hrs | 0.40 | $ | 375.00 | $ | 150.00 |
| Amanda Canning | 3/1/11 | Review study class certification hearing transcript and draft memo re same - 1.3hrs | 1.30 | $ | 375.00 | $ | 487.50 |
| Amanda Canning | 3/2/11 | Review strategy and emails between counsel re survey questions -4hrs | 0.40 | $ | 375.00 | $ | 150.00 |
| Amanda Canning | 3/4/11 | emails to/from Greco re defendants' discovery and review study same | 0.80 | $ | 375.00 | $ | 300.00 |
| Amanda Canning | 3/7/11 | Review study interrogatory responses - .5hrs | 0.50 | $ | 375.00 | $ | 187.50 |
| James V. DeSimone | 3/9/11 | review and edit ex parte Application (.6 hr) | 0.60 | $ | 650.00 | $ | 390.00 |
| James V. DeSimone | 3/9/11 | Review And edit next ex parte Draft declaration (1 .6 hr) | 1.60 | $ | 650.00 | $ | 1,040.00 |
| James V. DeSimone | 3/9/11 | Mtg w. AC and exhibit Review (.4) | 0.40 | $ | 650.00 | $ | 260.00 |
| James V. DeSimone | 3/16/11 | review mt and Con. Ltr (.2) | 0.20 | $ | 650.00 | $ | 130.00 |
| James V. DeSimone | 3/17/11 | Review ct. order on ex parte (.3) | 0.30 | $ | 650.00 | $ | 195.00 |
| Amanda Canning | 3/17/11 | review and revise and finalize meet and confer letter to Giddens - .9 | 0.90 | $ | 375.00 | $ | 337.50 |
| Amanda Canning | 3/21/11 | Draft Glasenbergen declaration, Review strategy re motion to compel | 1.10 | $ | 375.00 | $ | 412.50 |
| Amanda Canning | 3/22/11 | review BG email (.1) | 0.10 | $ | 375.00 | $ | 65.00 |
| James V. DeSimone | 3/23/11 | review Survey monkey/email (.1) | 0.10 | $ | 650.00 | $ | 65.00 |
| Amanda Canning | 3/30/11 | E-mails to/from counsel and Review strategy re ex parte to compel survey | 0.50 | $ | 375.00 | $ | 187.50 |
| James V. DeSimone | 3/31/11 | review BG email And response (.4 hr) | 0.40 | $ | 650.00 | $ | 260.00 |
| James V. DeSimone | 3/31/11 | review and edit Ex parte application (.6) | 0.60 | $ | 650.00 | $ | 390.00 |

DA Confidential

1/4/2012

Page 15 of 32

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 3/31/11 | Research and Draft and Prepare ex parte app to compel survey and declaration; Review w VID re ex parte application | 4.00 | $ 375.00 | $ 1,500.00 |
| James V. DeSimone | 4/4/11 | review ex parte application opp. (.4) | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 4/5/11 | Review and edit draft dec. (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 4/5/11 | Review study and analysis of defendant opp to ex parte | 0.80 | $ 375.00 | $ 300.00 |
| James V. DeSimone | 4/11/11 | Review and edit talking points for Outreach telephone calls (.4) | 0.40 | $ 650.00 | $ 260.00 |
| James V. DeSimone | 4/11/11 | Review community groups (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Kai Valenzuela | 4/11/11 | Review correspondence re DRLC survey | 0.30 | $ 125.00 | $ 37.50 |
| James V. DeSimone | 4/15/11 | Surveys review (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Kai Valenzuela | 4/18/11 | Contact organizations, review survey responses from conference, revise Survey Monkey, correspond with counsel re responses | 6.50 | $ 125.00 | $ 812.50 |
| Kai Valenzuela | 4/21/11 | Review responses from conference, save information to our database | 1.50 | $ 125.00 | $ 187.50 |
| James V. DeSimone | 4/25/11 | review of constant contact responses | 0.80 | $ 650.00 | $ 520.00 |
| Kai Valenzuela | 4/29/11 | Review further responses from Survey Monkey | 0.80 | $ 125.00 | $ 100.00 |
| Gene Feldman | 4/29/11 | Review survey results | 0.40 | $ 450.00 | $ 180.00 |
| James V. DeSimone | 5/2/11 | review survey responses (1.3) | 1.30 | $ 650.00 | $ 845.00 |
| James V. DeSimone | 5/6/11 | review KV Memo re: witness Interviews (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 5/6/11 | review new surveys (.5) | 0.50 | $ 650.00 | $ 325.00 |
| Kai Valenzuela | 5/6/11 | Continue to review additional survey responses from Survey Monkey | 0.40 | $ 125.00 | $ 50.00 |
| Kai Valenzuela | 5/6/11 | Receive survey responses from DRLC, review/sort for contact information and save to our database | 4.60 | $ 125.00 | $ 575.00 |
| James V. DeSimone | 5/17/11 | file review/email BG (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 5/17/11 | Review strategy with VJD and emails between counsel re survey | 0.40 | $ 375.00 | $ 150.00 |
| James V. DeSimone | 5/22/11 | review AC Memo: re: research (.3) | 0.30 | $ 650.00 | $ 195.00 |

1/4/2012

DA Confidential

Page 16 of 32

Angels / Charlebois

Confidential

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 5/22/11 | RD, Review correspondence, DR letter to Giddens re settlement and PMK depo - .7hr | 0.70 | $ 375.00 | $ 262.50 |
| Amanda Canning | 5/22/11 | Review revise survey script and DR memo re declaration strategy - .8hrs | 0.80 | $ 375.00 | $ 300.00 |
| James V. DeSimone | 5/23/11 | review prior correspondence (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 5/24/11 | Review and revise class declarations | 0.80 | $ 375.00 | $ 300.00 |
| James V. DeSimone | 5/26/11 | review and edit class member Declarations (2.9) | 2.90 | $ 650.00 | $ 1,885.00 |
| James V. DeSimone | 5/27/11 | review and edit class member Declaration (1.7) | 1.70 | $ 650.00 | $ 1,105.00 |
| Gene Feldman | 5/28/11 | Review follow up survey | 0.50 | $ 450.00 | $ 225.00 |
| James V. DeSimone | 5/31/11 | review and edit class member Decs (.6) | 0.60 | $ 650.00 | $ 390.00 |
| James V. DeSimone | 6/1/11 | review and edit class member decs (1.9) | 1.90 | $ 650.00 | $ 1,235.00 |
| Gene Feldman | 6/1/11 | Review declarations in support of class certification from putative class members | 0.50 | $ 450.00 | $ 225.00 |
| James V. DeSimone | 6/2/11 | Review and edit decs (1.1) | 1.10 | $ 650.00 | $ 715.00 |
| James V. DeSimone | 6/3/11 | Review and edit decs. (1.7) | 1.70 | $ 650.00 | $ 1,105.00 |
| James V. DeSimone | 6/6/11 | reviewed and edited decs (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 6/6/11 | Research and draft motion for class cert and review and revise declarations - 2.8 | 2.80 | $ 375.00 | $ 1,050.00 |
| Amanda Canning | 6/7/11 | Research and preparation for motion for class certification, review and revise declarations re same - 4.5hrs | 4.50 | $ 375.00 | $ 1,687.50 |
| James V. DeSimone | 6/8/11 | dec. review and edits (.7) | 0.70 | $ 650.00 | $ 455.00 |
| Amanda Canning | 6/8/11 | Research and draft motion for class cert and review and revise declarations | 0.90 | $ 375.00 | $ 337.50 |
| Amanda Canning | 6/9/11 | Research and draft motion for class cert and review and revise declarations | 5.50 | $ 375.00 | $ 2,062.50 |
| James V. DeSimone | 6/10/11 | Review and edits (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 6/10/11 | Review and revise declarations and draft motion for class cert (6.2) | 6.20 | $ 375.00 | $ 2,325.00 |
| Amanda Canning | 6/11/11 | Review and revise declarations and Draft motion for class cert | 4.00 | $ 375.00 | $ 1,500.00 |

1/4/2012

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| James V. DeSimone | 6/12/11 | review and edit supplemental briefing (1.6 hr) | 1.60 | $ 650.00 | $ 1,040.00 |
| James V. DeSimone | 6/12/11 | review and edit decs. (.5) | 0.50 | $ 650.00 | $ 325.00 |
| James V. DeSimone | 6/13/11 | review of D's report (.5) | 0.50 | $ 650.00 | $ 325.00 |
| Amanda Canning | 6/14/11 | review strategy with team re additional declarations (.4) | 0.40 | $ 375.00 | $ 150.00 |
| Amanda Canning | 6/14/11 | Review study defendants' filing and review strategy with Ort re same | 0.70 | $ 375.00 | $ 262.50 |
| James V. DeSimone | 6/15/11 | review of decs. in support of mtn (.5 hr) | 0.50 | $ 650.00 | $ 325.00 |
| Amanda Canning | 6/15/11 | review strategy with Pitts and VJD re supplemental declarations | 0.30 | $ 375.00 | $ 112.50 |
| Gene Feldman | 6/15/11 | Review declaration Antoine re: survey results and Angel contact | 0.30 | $ 450.00 | $ 135.00 |
| James V. DeSimone | 6/16/11 | review of D's opposition to filing (.5) | 0.50 | $ 650.00 | $ 325.00 |
| James V. DeSimone | 6/17/11 | prepare for hrng, pleading Review (.5) | 0.50 | $ 650.00 | $ 325.00 |
| Amanda Canning | 6/17/11 | Review Plaintiff response to Angels objections to declaration and Desimone declaration in support of class certification | 2.50 | $ 375.00 | $ 937.50 |
| Gene Feldman | 6/17/11 | Preparation for hrng/review of all\ Pleadings and declarations, including Original mtn/tentative (2.6) | 0.30 | $ 450.00 | $ 135.00 |
| James V. DeSimone | 6/19/11 | legal Research/review D's cases cited In brief (1.7 hr) | 2.60 | $ 650.00 | $ 1,690.00 |
| James V. DeSimone | 6/19/11 | Review correspondence from interns re additional putative class member declarations | 1.70 | $ 650.00 | $ 1,105.00 |
| Kai Valenzuela | 6/20/11 | Review and edit RFP's and Special Rogs (.8) | 0.80 | $ 125.00 | $ 100.00 |
| James V. DeSimone | 6/21/11 | review and respond to BG email | 0.80 | $ 650.00 | $ 520.00 |
| James V. DeSimone | 6/22/11 | Receive additional revised declaration, review and save to database | 0.20 | $ 650.00 | $ 130.00 |
| Kai Valenzuela | 6/22/11 | review and respond BG corr. | 0.80 | $ 125.00 | $ 100.00 |
| James V. DeSimone | 6/24/11 | review study order from court re class cert motion | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 6/27/11 | | 0.20 | $ 375.00 | $ 75.00 |

1/4/2012

Angels / Charlebois

Confidential

## Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | | Fees | |
|---|---|---|---|---|---|---|---|
| James V. DeSimone | 7/1/11 | receive and review granting of class Cert motion (.6 hr) | 0.60 | $ | 650.00 | $ | 390.00 |
| Amanda Canning | 7/1/11 | review study court order re class cert, draft factual and legal analysis re same | 2.20 | $ | 375.00 | $ | 825.00 |
| Kai Valenzuela | 7/1/11 | Review District Judge's Order re Motion for Class Certification, forward to all participants on case, save to database; Receive Federal POS from First Legal, save to database | 1.50 | $ | 125.00 | $ | 187.50 |
| Gene Feldman | 7/3/11 | Review class certification order | 0.90 | $ | 450.00 | $ | 405.00 |
| Kai Valenzuela | 7/5/11 | Forward press release to contacts, review putative declarations and revise language | 1.60 | $ | 125.00 | $ | 200.00 |
| James V. DeSimone | 7/14/11 | review of expert Wit report (.5) | 0.50 | $ | 650.00 | $ | 325.00 |
| Kai Valenzuela | 7/19/11 | Receive additional revised declarations ISO Motion for Class Certification, review and save to database | 1.30 | $ | 125.00 | $ | 162.50 |
| Amanda Canning | 7/28/11 | email from Greco and review study defendants' discovery responses | 0.70 | $ | 375.00 | $ | 262.50 |
| James V. DeSimone | 7/30/11 | PMK depo prep/review memos/ Questions (.6) | 0.60 | $ | 650.00 | $ | 390.00 |
| James V. DeSimone | 7/31/11 | review Docs for depo prep (1.6) | 1.60 | $ | 650.00 | $ | 1,040.00 |
| James V. DeSimone | 8/1/11 | mtg w. EF for depo prep, review Docs and formulate questions (3.6) | 3.60 | $ | 650.00 | $ | 2,340.00 |
| James V. DeSimone | 8/2/11 | review docs and prepare questions (2.6) | 2.60 | $ | 650.00 | $ | 1,690.00 |
| James V. DeSimone | 8/2/11 | finalize doc review and Depo prep. (1.9hrs) | 1.90 | $ | 650.00 | $ | 1,235.00 |
| Amanda Canning | 8/2/11 | Review study objection to PMK notice of depo and responses to interrogatories, request for production of documents - .7hrs | 0.70 | $ | 375.00 | $ | 262.50 |
| James V. DeSimone | 8/8/11 | prep for meet and confer/ review disco issues w. AC (2) | 0.20 | $ | 650.00 | $ | 130.00 |
| James V. DeSimone | 8/8/11 | review MSJ research (.4) | 0.40 | $ | 650.00 | $ | 260.00 |
| Amanda Canning | 8/8/11 | Review discovery responses, legal and factual analysis, Draft meet and confer letter - 2.5hrs | 2.50 | $ | 375.00 | $ | 937.50 |

DA Confidential

1/4/2012

Page 19 of 32

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 8/8/11 | Review subpoenas and Call to Ticketmaster counsel - .8hrs | 0.80 | $ 375.00 | $ 300.00 |
| James V. DeSimone | 8/9/11 | review and file stip to continue deadlines (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 8/9/11 | Review documents and Draft stipulation to continue trial, E-mails with counsel re same, file stipulation | 3.00 | $ 375.00 | $ 1,125.00 |
| Amanda Canning | 8/11/11 | review email and protective order from Ticketmaster attorney | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 8/12/11 | Review/study notice of ruling re stipulation, further processing re same | 0.30 | $ 375.00 | $ 112.50 |
| Gene Feldman | 8/12/11 | Review scheduling order from court | 0.20 | $ 450.00 | $ 90.00 |
| Kai Valenzuela | 8/17/11 | Review additional signed declarations ISO Motion for Class Certification, save to database | 0.80 | $ 125.00 | $ 100.00 |
| James V. DeSimone | 8/23/11 | mtg. W. AC; review and revise protective order (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 8/23/11 | E-mail to Giddens re protective order; Review with VJD | 0.60 | $ 375.00 | $ 225.00 |
| Amanda Canning | 8/29/11 | review study scheduling order and further processing re same - .2 | 0.20 | $ 375.00 | $ 75.00 |
| Amanda Canning | 9/1/11 | Review study notice from Compex re Ticketmaster subpoena - .2hrs | 0.20 | $ 375.00 | $ 75.00 |
| Amanda Canning | 9/9/11 | review study ticketmaster subpoena and call to attorney re meet and confer - .5 | 0.50 | $ 375.00 | $ 187.50 |
| James V. DeSimone | 9/26/11 | review and edit Corr. To BG (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 9/26/11 | Review study discovery an document productions - 2hrs | 2.00 | $ 375.00 | $ 750.00 |
| Amanda Canning | 9/26/11 | Review revise Beverage depo summary - .5hrs | 0.50 | $ 375.00 | $ 187.50 |
| James V. DeSimone | 9/27/11 | review and edit meet and confer ltr (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 9/27/11 | Review documents and revise discovery letter to Giddens and Call to Giddens-1.3hrs | 1.30 | $ 375.00 | $ 487.50 |

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 9/27/11 | Review/study Ticketmaster document demand, call to Ticketmaster counsel re same, Draft meet and confer letter re same - 1.3hrs | 1.30 | $ 375.00 | $ 487.50 |
| James V. DeSimone | 9/28/11 | Review of Beverage dep/summary (.6 hr) | 0.60 | $ 650.00 | $ 390.00 |
| James V. DeSimone | 9/29/11 | review of Mazz dec/feasibility analysis (.5) | 0.50 | $ 650.00 | $ 325.00 |
| James V. DeSimone | 9/29/11 | review and edit disc. stip. (.3) | 0.30 | $ 650.00 | $ 195.00 |
| James V. DeSimone | 9/29/11 | Review MM email re: conclusions (.1) | 0.10 | $ 650.00 | $ 65.00 |
| James V. DeSimone | 10/10/11 | review Confidentiality agreement Re: Ticketmaster (.2) | 0.20 | $ 650.00 | $ 130.00 |
| James V. DeSimone | 10/10/11 | review D's Response and AC changes (.1) | 0.10 | $ 650.00 | $ 65.00 |
| Amanda Canning | 10/10/11 | Review revise stipulation and order re ticketmaster confidentiality agreement, E-mails/Calls to/from counsel and further processing re same - 1.1hrs | 1.10 | $ 375.00 | $ 412.50 |
| Amanda Canning | 10/11/11 | Review revise stipulation and order re ticketmaster confidentiality agreement, E-mails/Calls to/from counsel re same - .9hrs | 0.90 | $ 375.00 | $ 337.50 |
| James V. DeSimone | 10/12/11 | Reviewed BG email and attached Engineering report (.6 hr) | 0.60 | $ 650.00 | $ 390.00 |
| James V. DeSimone | 10/12/11 | reviewed And edited draft mediation brief (1.4) | 1.40 | $ 650.00 | $ 910.00 |
| Amanda Canning | 10/12/11 | E-mail from Giddens re engineer expert report; Review study and analysis of same - .8hrs | 0.80 | $ 375.00 | $ 300.00 |
| Gene Feldman | 10/12/11 | Review Seating Report from Critical Structures | 0.40 | $ 450.00 | $ 180.00 |
| James V. DeSimone | 10/13/11 | Review of report (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 10/13/11 | Call to Greco re discovery, E-mails from Greco re same, Review study discovery responses and further processing - 1.1hrs | 1.10 | $ 375.00 | $ 412.50 |
| James V. DeSimone | 10/14/11 | Reviewed and edited Mediation Brief (1.8) | 1.80 | $ 650.00 | $ 1,170.00 |
| Amanda Canning | 10/14/11 | Research and draft mediation brief, review documents re same, prepare materials re same (6.8) | 6.80 | $ 375.00 | $ 2,550.00 |

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees | |
|---|---|---|---|---|---|---|
| James V. DeSimone | 10/16/11 | review MS changes to Mediation Brief/ follow up email exchange (.3) | 0.30 | $ 650.00 | $ | 195.00 |
| Amanda Canning | 10/19/11 | memo re DOJ guidelines, review documents/research and draft settlement offer letter to Giddens | 3.10 | $ 375.00 | $ | 1,162.50 |
| James V. DeSimone | 10/21/11 | case and Doc review (.2) | 0.20 | $ 650.00 | $ | 130.00 |
| | subtotals | Review entries | 382.70 | | $ | 170,457.50 |

1/4/2012

DA Confidential

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees | |
|---|---|---|---|---|---|---|
| **Draft Entries** | | | | | | |
| **Timekeeper** | **Date** | **Description** | **Hours** | **Rate** | **Fees** | |
| Gene Feldman | 10/20/09 | Draft representation letter to Angels | 0.40 | $ 450.00 | $ | 180.00 |
| Gene Feldman | 10/26/09 | Desimone re MTA complaint and drafting Angels complaint | 0.20 | $ 450.00 | $ | 90.00 |
| David Sarnoff | 12/1/09 | Draft City of Anaheim Tort Claim; email to JD | 0.90 | $ 375.00 | $ | 337.50 |
| David Sarnoff | 12/4/09 | New Draft of Tort Claim; email to JD | 0.30 | $ 375.00 | $ | 112.50 |
| James V. DeSimone | 12/4/09 | next draft of tort claim (.2 hr) | 0.20 | $ 650.00 | $ | 130.00 |
| David Sarnoff | 12/23/09 | Begin draft Complaint; research re: Unruh and ADA claims | 4.20 | $ 375.00 | $ | 1,575.00 |
| David Sarnoff | 12/25/09 | Finish Draft of Complaint | 2.30 | $ 375.00 | $ | 862.50 |
| James V. DeSimone | 1/27/10 | review and edit draft Complaint | 1.80 | $ 650.00 | $ | 1,170.00 |
| Michael D. Seplow | 4/19/10 | Rsh re draft complaint (.5), | 0.50 | $ 600.00 | $ | 300.00 |
| Michael D. Seplow | 4/19/10 | Review draft complaint and send em to team re changes etc (1.5) | 1.50 | $ 600.00 | $ | 900.00 |
| Michael D. Seplow | 4/20/10 | Rev, rsh and revise draft complaint, revise complaint (1.2) | 1.20 | $ 600.00 | $ | 720.00 |
| Michael D. Seplow | 4/23/10 | rev draft complaint & em re changes to complaint (.5). | 0.50 | $ 600.00 | $ | 300.00 |
| Amanda Canning | 5/18/10 | Research and Draft complaint | 9.20 | $ 375.00 | $ | 3,450.00 |
| Amanda Canning | 5/24/10 | Research and Draft complaint | 3.90 | $ 375.00 | $ | 1,462.50 |
| Michael D. Seplow | 5/27/10 | Review-revise draft complaint (.4) | 0.40 | $ 600.00 | $ | 240.00 |
| James V. DeSimone | 5/28/10 | review and edit final draft of Complaint (.8 hr) | 0.80 | $ 650.00 | $ | 520.00 |
| Gene Feldman | 5/28/10 | Draft of federal complaint prepared by Desimone | 0.60 | $ 450.00 | $ | 270.00 |
| Amanda Canning | 6/2/10 | Research re incentive award and Draft memo - 6.4hrs | 6.40 | $ 375.00 | $ | 2,400.00 |
| Amanda Canning | 6/3/10 | Draft complaint - .8hrs | 0.80 | $ 375.00 | $ | 300.00 |
| Amanda Canning | 6/6/10 | Draft complaint | 2.80 | $ 375.00 | $ | 1,050.00 |
| Amanda Canning | 6/7/10 | Research and Draft complaint; Discussion with MS and VJD re revised Complaint | 4.10 | $ 375.00 | $ | 1,537.50 |
| Michael D. Seplow | 6/7/10 | Rev draft complaint (.5), | 0.50 | $ 600.00 | $ | 300.00 |
| Michael D. Seplow | 6/7/10 | rsh class issues re complaint and draft em re same (1.2), | 1.20 | $ 600.00 | $ | 720.00 |

Angels / Charlebois

Confidential

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 6/8/10 | Research and Draft complaint | 2.50 | $ 375.00 | $ 937.50 |
| Michael D. Seplow | 6/9/10 | rev draft complaint, em intro (.8) | 0.80 | $ 600.00 | $ 480.00 |
| William Clifton | 6/14/10 | Drafted Summons (.1). | 0.10 | $ 125.00 | $ 12.50 |
| Amanda Canning | 6/14/10 | Draft press release and Review revise complaint - 2.4hrs | 2.40 | $ 375.00 | $ 900.00 |
| Amanda Canning | 6/25/10 | Call to Klassen and Draft declaration | 2.00 | $ 375.00 | $ 750.00 |
| Michael D. Seplow | 7/7/10 | Draft em re call from Counsel for Anaheim (.2) | 0.20 | $ 600.00 | $ 120.00 |
| Amanda Canning | 7/26/10 | Draft Klassen declaration, E-mail to Klassen - 2.5hrs | 2.50 | $ 375.00 | $ 937.50 |
| Amanda Canning | 7/26/10 | Draft Cane declaration - 2.5hrs | 2.50 | $ 375.00 | $ 937.50 |
| Amanda Canning | 7/27/10 | Research re regulations, Draft Cane declaration, Calls to/from and E-mails to Cane re declaration, Review strategy with DeSimone | 2.10 | $ 375.00 | $ 787.50 |
| Amanda Canning | 8/3/10 | Call from Mazz (expert), Draft memo - 1hr | 1.00 | $ 375.00 | $ 375.00 |
| Amanda Canning | 8/3/10 | Call from Hecker, Draft memo - .5hrs | 0.50 | $ 375.00 | $ 187.50 |
| Amanda Canning | 8/5/10 | Call from Marinelli and Beasley and Draft memos for both | 2.90 | $ 375.00 | $ 1,087.50 |
| Kai Valenzuela | 8/10/10 | Draft Request of Recusal Motion | 0.40 | $ 125.00 | $ 50.00 |
| James V. DeSimone | 8/11/10 | draft letter to BG (.6) | 0.60 | $ 650.00 | $ 390.00 |
| Kai Valenzuela | 8/11/10 | Draft Notice of Change of Attorney | 0.40 | $ 125.00 | $ 50.00 |
| Gene Feldman | 8/11/10 | Desimone re: draft letter to Giddens | 0.20 | $ 450.00 | $ 90.00 |
| Amanda Canning | 9/9/10 | Draft stipulation re class certification - 2.1 hrs | 2.10 | $ 375.00 | $ 787.50 |
| Amanda Canning | 9/13/10 | Preparation for Rule 26(f) conference, Draft and serve discovery, Review strategy with DeSimone | 4.80 | $ 375.00 | $ 1,800.00 |
| Amanda Canning | 9/14/10 | Draft stipulation to continue motion for class certification and further processing | 1.00 | $ 375.00 | $ 375.00 |
| Amanda Canning | 9/20/10 | Draft and Prepare Rule 26 Discovery Plan report, E-mails to/from opposing counsel re same, Review strategy with DeSimone re same | 5.50 | $ 375.00 | $ 2,062.50 |
| Amanda Canning | 9/22/10 | E-mails to/from counsel re Rule 26 report, Review study defendants' Draft of Rule 26 report, and further processing re same | 0.70 | $ 375.00 | $ 262.50 |

1/4/2012

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| William Clifton | 9/23/10 | Drafted Joint Rule 26(f) Report in federal pleading format | 0.50 | $ 125.00 | $ 62.50 |
| Amanda Canning | 9/24/10 | Review strategy with DeSimone, E-mails to Feldman/Harris re PMK depos, Draft PMK notices of deposition - 4.3hrs | 4.30 | $ 375.00 | $ 1,612.50 |
| Amanda Canning | 9/27/10 | Draft Rule 26(a) report, Review documents to produce in same, Calls to/from Feldman re same - 3.5hrs | 3.50 | $ 375.00 | $ 1,312.50 |
| Amanda Canning | 9/27/10 | Review study Defendants' initial disclosure report and Draft memo- .4hrs | 0.40 | $ 375.00 | $ 150.00 |
| Michael D. Seplow | 9/28/10 | rev draft dec (.2) | 0.20 | $ 600.00 | $ 120.00 |
| Amanda Canning | 9/30/10 | Research and Draft Inspection of Real Property demand, Calls/Emails to/from Mazz re same, Review documents and determine which documents have not been produced, Research and Draft meet and confer letter to Giddens re inspection and documents, Review strategy with DeSimone, Draft memorializing letter- 4hrs | 4.00 | $ 375.00 | $ 1,500.00 |
| Amanda Canning | 9/30/10 | Research and Draft motion- 2hrs | 2.00 | $ 375.00 | $ 750.00 |
| Amanda Canning | 10/1/10 | Calls to/from Feldman, Review strategy with DeSimone, direct paralegal re Research and Draft motion for class cert - 1.8hrs | 1.80 | $ 375.00 | $ 675.00 |
| James V. DeSimone | 10/3/10 | review and edit draft dec and Portions of class cert mtn. (.7) | 0.70 | $ 650.00 | $ 455.00 |
| Amanda Canning | 10/6/10 | Research and Draft Disney subpoena | 1.50 | $ 375.00 | $ 562.50 |
| Amanda Canning | 10/7/10 | Review strategy and Draft letter to Giddens re Populus subpoena -.3hrs | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 10/8/10 | Research and Draft E-mail to Giddens re documents - .6hrs | 0.60 | $ 375.00 | $ 225.00 |
| William Clifton | 10/14/10 | drafted Notice of Taking Deposition (.25) | 0.25 | $ 125.00 | $ 31.25 |
| Amanda Canning | 10/14/10 | Review strategy with DeSimone and Draft memo with discovery and motion plan - 1.2hrs | 1.20 | $ 375.00 | $ 450.00 |

DA Confidential

1/4/2012

Page 25 of 32

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees | |
|---|---|---|---|---|---|---|
| Amanda Canning | 10/14/10 | Research re mediators, Calls to/from Larson, Draft E-mail to opp counsel - 1.3 | 1.30 | $ 375.00 | $ | 487.50 |
| Amanda Canning | 10/14/10 | Research and Draft interrogatories, E-mails to/front Mazz -Call from Greco re discovery responses and class action 2 | 2.00 | $ 375.00 | $ | 750.00 |
| Amanda Canning | 10/18/10 | Research DOJ guidelines and standards, Draft letter to Giddens re status of litigation and Plaintiffs demands - 4.5hr | 4.50 | $ 375.00 | $ | 1,687.50 |
| Amanda Canning | 10/18/10 | E-mails to/from counsel, Review strategy, Research and Draft Ntc re Private Mediator - 1.3hrs | 1.30 | $ 375.00 | $ | 487.50 |
| Amanda Canning | 10/20/10 | review documents/research and draft settlement offer letter to Giddens - 2.2 | 2.20 | $ 375.00 | $ | 825.00 |
| Amanda Canning | 10/23/10 | Draft amended PMK notices or depositions, further processing - RS Disney objections to subpoena, Research re Rule 45 and motion to compel - 1.5hrs | 1.50 | $ 375.00 | $ | 562.50 |
| Amanda Canning | 10/25/10 | Review study E-mail from Giddens re total WC seating, E-mails to/from Mazz re same, Review strategy, Draft E-mail to Giddens re same - .6hrs | 0.60 | $ 375.00 | $ | 225.00 |
| James V. DeSimone | 10/30/10 | review draft motion for class cert (1.2) | 1.20 | $ 650.00 | $ | 780.00 |
| Amanda Canning | 10/30/10 | Research and Draft motion | 2.00 | $ 375.00 | $ | 750.00 |
| Amanda Canning | 10/31/10 | Research and Draft motion | 1.30 | $ 375.00 | $ | 487.50 |
| Amanda Canning | 11/1/10 | Calls to/from Feldman, Research and Draft motion for class cert - 3.5hrs | 3.50 | $ 375.00 | $ | 1,312.50 |
| Amanda Canning | 11/1/10 | Review study documents produced by Angels/Anaheim, Draft memo re same, Review strategy with Feldman re same - 1.5hrs | 1.50 | $ 375.00 | $ | 562.50 |
| Amanda Canning | 11/1/10 | Research and Draft letter to counsel re numerosity - 1.5hrs | 1.50 | $ 375.00 | $ | 562.50 |
| Amanda Canning | 11/2/10 | Calls to/from Feldman re motion, Research and Draft motion for class cert - 5.2hrs | 5.20 | $ 375.00 | $ | 1,950.00 |

1/4/2012

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 11/3/10 | Research and draft motion for class cert - 6.3hrs | 6.30 | $ 375.00 | $ 2,362.50 |
| Kai Valenzuela | 11/3/10 | Draft TOC/TOA for Motion for Class Certification | 0.40 | $ 125.00 | $ 50.00 |
| Amanda Canning | 11/4/10 | Research and Draft motion, Research and Review strategy with Seplow re penalties, E-mails to/from Klassen re declaration | 7.00 | $ 375.00 | $ 2,625.00 |
| William Clifton | 11/5/10 | Formatted, correct typos in draft of dccl of J. Paul Charlebois for Mtn Class Cert | 0.50 | $ 125.00 | $ 62.50 |
| William Clifton | 11/5/10 | Formatted draft of deal of Gene Feldman for Mtn Class Cert | 0.20 | $ 125.00 | $ 25.00 |
| William Clifton | 11/5/10 | Partially Drafted TOC, TOA for Mtn for Class Cert | 2.50 | $ 125.00 | $ 312.50 |
| Jonathan Cotton | 11/5/10 | Draft tables for Plaintiffs Motion for Class Cert | 2.50 | $ 125.00 | $ 312.50 |
| James V. DeSimone | 11/5/10 | Review draft motion (.7) | 0.70 | $ 650.00 | $ 455.00 |
| Amanda Canning | 11/5/10 | Review strategy with Seplow, Draft, Research and Review revise motion Calls to Feldman, Draft and finalize Chasworth declaration, Calls to/E-mails to/from Chasworth re declaration, Draft and finalize Klassen declaration, E-mails to/from Klassen re same, Draft and finalize declaration, Call to/E-mails to/from Charlebois re motion and declaration | 10.00 | $ 375.00 | $ 3,750.00 |
| James V. DeSimone | 11/7/10 | review and edit Next draft of motion (.8) | 0.80 | $ 650.00 | $ 520.00 |
| Amanda Canning | 11/7/10 | Review strategy with DeSimone and Seplow, Draft, Research and Review revise motion, Draft DeSimone declaration | 6.00 | $ 375.00 | $ 2,250.00 |
| James V. DeSimone | 11/8/10 | review and edit next draft of mtn (.7) | 0.70 | $ 650.00 | $ 455.00 |
| Amanda Canning | 11/8/10 | Review strategy with DeSimone, Seplow, Feldman, Research, Draft, Review revise motion, notice of motion, proposed order, DeSimone declaration, Calls/E-mails to Charlebois, Cam, e-file motion - 11hrs | 11.00 | $ 375.00 | $ 4,125.00 |
| Jonathan Cotton | 11/10/10 | Draft and Serve Second Amended PMK Depo Notices | 1.50 | $ 125.00 | $ 187.50 |

1/4/2012

Page 27 of 32

DA Confidential

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 11/24/10 | Research and Draft reply | 7.50 | $ 375.00 | $ 2,812.50 |
| Amanda Canning | 11/26/10 | Research and Draft reply | 1.00 | $ 375.00 | $ 375.00 |
| Amanda Canning | 11/27/10 | Research and Draft reply | 5.30 | $ 375.00 | $ 1,987.50 |
| Amanda Canning | 11/28/10 | Research and Draft reply | 4.00 | $ 375.00 | $ 1,500.00 |
| Amanda Canning | 11/29/10 | Research and Draft reply | 5.00 | $ 375.00 | $ 1,875.00 |
| Kai Valenzuela | 12/2/10 | Draft Response to Objections to Mazz Declaration | 6.50 | $ 125.00 | $ 812.50 |
| James V. DeSimone | 12/3/10 | Cons. W. AC re: next draft (.2) | 0.20 | $ 650.00 | $ 130.00 |
| Amanda Canning | 12/3/10 | Research and Draft reply; Review with VID | 2.50 | $ 375.00 | $ 937.50 |
| Kai Valenzuela | 12/3/10 | Draft Response to Evidentiary Objections to Motion for Class Certification | 5.40 | $ 125.00 | $ 675.00 |
| Kai Valenzuela | 12/3/10 | Draft Response to Objections of Remaining Declarations | 2.60 | $ 125.00 | $ 325.00 |
| James V. DeSimone | 12/4/10 | rev.. and edit reply brf draft (.6) | 0.60 | $ 650.00 | $ 390.00 |
| Amanda Canning | 12/4/10 | Research and Draft reply | 2.50 | $ 375.00 | $ 937.50 |
| James V. DeSimone | 12/5/10 | draft of response To dec. objections (1.2) | 1.20 | $ 650.00 | $ 780.00 |
| James V. DeSimone | 12/6/10 | finalize reply brief Draft (.7) | 0.70 | $ 650.00 | $ 455.00 |
| Amanda Canning | 12/6/10 | Research, Draft and Review revise Reply brief, Draft objections to Defendant's declarations, and further processing e-filing, review strategy with VID | 6.00 | $ 375.00 | $ 2,250.00 |
| Kai Valenzuela | 12/6/10 | Draft Table of Authorities to Reply Brief to Defendants' Opposition for Motion for Class Certification | 1.50 | $ 125.00 | $ 187.50 |
| Amanda Canning | 12/22/10 | Review study Disney documents, Call to Populous, meet and confer re Disney discovery responses, Draft PMTS depo notices, Prepare Motion for Class Cert binders | 5.70 | $ 375.00 | $ 2,137.50 |
| Amanda Canning | 1/25/11 | Draft survey | 1.20 | $ 375.00 | $ 450.00 |
| Amanda Canning | 1/26/11 | Draft survey, Draft letter to Giddens, Review strategy with DeSimone - 2.1 | 2.10 | $ 375.00 | $ 787.50 |
| Jonathan Cotton | 2/1/11 | Draft and Serve P's Second Set of Interrogatories | 1.00 | $ 125.00 | $ 125.00 |
| Amanda Canning | 2/1/11 | Draft special interrogatories; discussion w VID re Strategy | 0.50 | $ 375.00 | $ 187.50 |

DA Confidential

1/4/2012

Page 28 of 32

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 2/7/11 | Emails to/from counsel and DRLC re survey, analysis of defendants' proposed survey, discussion and memo to DeSimone re same and redraft survey | 3.20 | $ 375.00 | $ 1,200.00 |
| Amanda Canning | 2/22/11 | Review and revise survey and further processing and Draft meet and confer to Giddens re same; meeting with VJD re survey | 2.50 | $ 375.00 | $ 937.50 |
| Amanda Canning | 2/23/11 | review correspondence and survey drafts and emails to/from Giddens re same | 0.40 | $ 375.00 | $ 150.00 |
| Amanda Canning | 3/1/11 | Review study class certification hearing transcript and draft memo re same - 1.3hrs | 1.30 | $ 375.00 | $ 487.50 |
| Amanda Canning | 3/2/11 | Call with Glasberg, class member and draft memo - 1.1hrs | 1.10 | $ 375.00 | $ 412.50 |
| Amanda Canning | 3/6/11 | Research and Draft ex parte motion to compel contact information | 4.00 | $ 375.00 | $ 1,500.00 |
| Amanda Canning | 3/7/11 | Research and Draft ex parte motion to compel contact info - 2.5 | 2.50 | $ 375.00 | $ 937.50 |
| Amanda Canning | 3/8/11 | Research and Draft ex parte motion to compel contact info- 8.4hrs | 8.40 | $ 375.00 | $ 3,150.00 |
| James V. DeSimone | 3/9/11 | Review And edit next ex parte Draft declaration (1 .6 hr) | 1.60 | $ 650.00 | $ 1,040.00 |
| Amanda Canning | 3/9/11 | Research and Draft ex parte motion to compel contact info | 8.50 | $ 375.00 | $ 3,187.50 |
| Kai Valenzuela | 3/9/11 | Draft Table of Authorities re Ex Parte Application, Research/organize Exhibits | 3.20 | $ 125.00 | $ 400.00 |
| Amanda Canning | 3/16/11 | Research and Draft meet and confer letter to Giddens | 3.00 | $ 375.00 | $ 1,125.00 |
| Amanda Canning | 3/17/11 | call and email to class member and draft declaration - 1.1 | 1.10 | $ 375.00 | $ 412.50 |
| Amanda Canning | 3/21/11 | Draft Glasenbergen declaration, Review strategy re motion to compel | 1.10 | $ 375.00 | $ 412.50 |
| Amanda Canning | 3/31/11 | Research and Draft and Prepare ex parte app to compel survey and declaration; Review w VJD re ex parte application | 4.00 | $ 375.00 | $ 1,500.00 |

1/4/2012

DA Confidential

Page 29 of 32

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| James V. DeSimone | 4/5/11 | Review and edit draft dec. (.3) | 0.30 | $ 650.00 | $ 195.00 |
| Amanda Canning | 4/11/11 | Draft script for outreach, RSTR with Feldman and DeSimone re outreach, Research re organizations, FP outreach efforts - 3.3hrs | 3.30 | $ 375.00 | $ 1,237.50 |
| Amanda Canning | 4/14/11 | Draft and finalize class member outreach materials and research re distribution of survey | 1.10 | $ 375.00 | $ 412.50 |
| Amanda Canning | 5/23/11 | Factual analysis re class member call script and draft same (.7hrs) | 0.70 | $ 375.00 | $ 262.50 |
| Amanda Canning | 6/6/11 | Research and draft motion for class cert and review and revise declarations - 2.8 | 2.80 | $ 375.00 | $ 1,050.00 |
| Amanda Canning | 6/8/11 | Research and draft motion for class cert and review and revise declarations | 0.90 | $ 375.00 | $ 337.50 |
| Amanda Canning | 6/9/11 | Research and draft motion for class cert and review and revise declarations | 5.50 | $ 375.00 | $ 2,062.50 |
| Jonathan Cotton | 6/10/11 | Draft tables to Plaintiffs Supplemental Memo in Support of Plaintiffs Motion for Class Cert | 1.75 | $ 125.00 | $ 218.75 |
| Amanda Canning | 6/10/11 | Review and revise declarations and draft motion for class cert (6.2) | 6.20 | $ 375.00 | $ 2,325.00 |
| Amanda Canning | 6/11/11 | Review and revise declarations and Draft motion for class cert | 4.00 | $ 375.00 | $ 1,500.00 |
| Amanda Canning | 6/12/11 | Draft motion for class cert | 3.00 | $ 375.00 | $ 1,125.00 |
| James V. DeSimone | 6/13/11 | Write Final draft of supplemental brief (4.5 hrs) | 4.50 | $ 650.00 | $ 2,925.00 |
| Amanda Canning | 6/21/11 | draft request for production of documents and interrogatories - 2.4 | 2.40 | $ 375.00 | $ 900.00 |
| Amanda Canning | 6/28/11 | draft depo notice and arrange plaintiff's expert deposition | 0.30 | $ 375.00 | $ 112.50 |
| Amanda Canning | 7/1/11 | review study court order re class cert, draft factual and legal analysis re same | 2.20 | $ 375.00 | $ 825.00 |
| Menaka Fernando | 7/28/11 | Researched travel compensation for expert's deposition; drafting email to opposing counsel. | 3.60 | $ 225.00 | $ 810.00 |

1/4/2012

Angels / Charlebois

Confidential

Exhibit F: SDSHHH Legal Bill Review

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Amanda Canning | 8/8/11 | Review discovery responses, legal and factual analysis, Draft meet and confer letter - 2.5hrs | 2.50 | $ 375.00 | $ 937.50 |
| Amanda Canning | 8/9/11 | Review documents and Draft stipulation to continue trial, E-mails with counsel re same, file stipulation | 3.00 | $ 375.00 | $ 1,125.00 |
| Amanda Canning | 9/22/11 | Research and Draft mediation/msj brief | 7.50 | $ 375.00 | $ 2,812.50 |
| Amanda Canning | 9/23/11 | Research and Draft mediation/msj brief; meeting with VJD re mediation strategy | 5.20 | $ 375.00 | $ 1,950.00 |
| Amanda Canning | 9/25/11 | Research and Draft mediation brief - 2.5hrs | 2.50 | $ 375.00 | $ 937.50 |
| Amanda Canning | 9/26/11 | Draft meet and confer letter to Giddens - 3hrs | 3.00 | $ 375.00 | $ 1,125.00 |
| Amanda Canning | 9/27/11 | Draft stipulation to continue discovery cut off- .9hrs | 0.90 | $ 375.00 | $ 337.50 |
| Amanda Canning | 9/27/11 | Review/study Ticketmaster document demand, call to Ticketmaster counsel re same, Draft meet and confer letter re same- 1.3hrs | 1.30 | $ 375.00 | $ 487.50 |
| William Clifton | 10/1/11 | drafted Notice of Taking Deposition (.25) | 0.25 | $ 125.00 | $ 31.25 |
| Amanda Canning | 10/9/11 | Research and Draft mediation brief | 1.50 | $ 375.00 | $ 562.50 |
| Amanda Canning | 10/10/11 | Research and Draft mediation brief - 8.7hrs | 8.70 | $ 375.00 | $ 3,262.50 |
| Amanda Canning | 10/11/11 | Research and Draft mediation brief - 11.4hrs | 11.40 | $ 375.00 | $ 4,275.00 |
| James V. DeSimone | 10/12/11 | reviewed And edited draft mediation brief (1.4) | 1.40 | $ 650.00 | $ 910.00 |
| Amanda Canning | 10/12/11 | Research and Draft mediation brief- 3.5hrs | 3.50 | $ 375.00 | $ 1,312.50 |
| Amanda Canning | 10/13/11 | Research and Draft mediation brief - 8.2hrs | 8.20 | $ 375.00 | $ 3,075.00 |
| Amanda Canning | 10/14/11 | Research and draft mediation brief, review documents re same, prepare materials re same (6.8) | 6.80 | $ 375.00 | $ 2,550.00 |

1/4/2012

Page 31 of 32

DA Confidential

Angels / Charlebois

Exhibit F: SDSHHH Legal Bill Review

Confidential

| Timekeeper | Date | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Gene Feldman | 10/14/11 | Draft mediation brief section on Angels economic capacity to pay for stadium modifications | 0.30 | $ 450.00 | $ 135.00 |
| Amanda Canning | 10/16/11 | Research and draft mediation brief | 2.50 | $ 375.00 | $ 937.50 |
| Amanda Canning | 10/17/11 | Research and draft mediation brief | 6.60 | $ 375.00 | $ 2,475.00 |
| Amanda Canning | 10/18/11 | Research and draft and finalize mediation brief | 5.80 | $ 375.00 | $ 2,175.00 |
| Amanda Canning | 10/19/11 | memo re DOJ guidelines, review documents/research and draft settlement offer letter to Giddens | 3.10 | $ 375.00 | $ 1,162.50 |
| Amanda Canning | 10/21/11 | draft VID declaration for mtn for class cert | 0.60 | $ 375.00 | $ 225.00 |
| Jonathan Cotton | 11/12/11 | Draft list of Declarations used in P's Mediation Brief | 0.50 | $ 125.00 | $ 62.50 |
| | subtotals | Draft Entries | 419.35 | | $ 155,381.25 |

DA Confidential

1/4/2012

Page 32 of 32

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

In re:

NATURAL GAS ROYALTIES                    MDL Docket No. 1:99-MD-01293-SWS
*QUI TAM* LITIGATION

Declaration of John W. Toothman, Esq.
Regarding Defendants' Claims for Legal Fees & Expenses

I, John W. Toothman, depose and state as follows:

1.      I am an attorney admitted to practice in the District of Columbia and Virginia, as

well as various federal and other courts.  This declaration is based on my personal knowledge

and information I find to be reliable.  All my expert opinions are expressed to a reasonable

degree of professional certainty.  I am over the age of 21.

2.      My firm was retained by the Relator ("Grynberg") to review legal fee and expense

claims arising in *In re Natural Gas Royalties Qui Tam Litigation*, 99-MD-1293 (MDL D. Wyo.).

This is my summary report on our analysis of approximately $26 million in legal fees and $2.1

million more in expenses submitted by 33 clusters of defendants (with related companies

represented by the same or overlapping groups of firms), plus an additional combined submission

on behalf of the "Joint Defense Committee."[1]  (The combined Joint Committee submission

---

[1] The ten firms on the Joint Defense Committee have submitted claims for $9.7 million
in fees plus $1.4 million in expenses.  (The actual fee total is $9.8 million as submitted, Exhibit
D.)  The Joint Committee claim is for 48,180.20 hours.  Ex. D.  Including these joint committee
amounts, plus claims for other (non-joint) fees and expenses of these firms, plus additional firms
not on the joint committee, the total sought is said to be $21.3 million in fees plus $1.2 million in
costs.  We could not confirm that total from the defendants' actual submissions, which exceeded
that by millions of dollars for unexplained reasons.  The claims, as submitted, actually total
$26,074,123.30 for fees and $2,134,162.38 in expenses as best we can tell.

(continued...)

*Page 1 (Toothman Declaration)*

includes submissions by law firms that also made one or more submissions on behalf of

individual defendants.)  Many, but not all of the defendants have submitted claims for fees and

expenses pursuant to an Order Granting Motion for Fees and Expenses Pursuant to 31 U.S.C. §

3730(d)(4), entered July 22, 2011, which Relator opposes.

3.     These fees and expenses are not sought pursuant to a typical fee-shifting situation.

They are, instead, a predicate for setting an amount to be found by the Court as the sanction.

This report addresses whether these predicate submissions and the fees and expenses they are

designed to prove are reasonable or instead inappropriate, unnecessary, or excessive in one or

more ways.  There are limits on what constitute *reasonable* fees and expenses.  To assess the

reasonableness of legal fees and expenses, courts normally start with a lodestar analysis

(considering the reasonableness of the time claimed to have been expended, multiplied by

reasonable hourly rates).  Other factors are typically considered as well, depending on the

relevant standard and circumstances.  This report provides expert analysis and information to

assist the Court in making that assessment, but not in establishing the sanction, *i.e.*, our opinions

do not indicate, for example, that an appropriate sanction would be whatever amount we believe

to be the ceiling on reasonable fees and expenses.

---

[1](...continued)
It appears that some firms submitted bills for amounts in excess of the claims they made or made duplicate or partially duplicate claims for their fees.  There are also excess amounts caused by submission of bills that were written off, discounted, or the like.  Sometimes the firm submitted bills for an individual client claim, but expressed an overlapping claim to the joint defense fees and expenses.  In that instance, there would be duplicative or excess claims by the joint defense firms who claimed they did the work for the committee and the other clients or firms apparently seeking to claim reimbursement for their prior payments to these joint defense firms.  Payment of both amounts would therefore constitute a double payment, with quantities in the millions of dollars.

*Page 2 (Toothman Declaration)*

4.     *Fee & Case Management*:  To manage the Grynberg Qui Tam case, a committee of ten law firms, many of them large firms with offices in Denver or Washington, DC, for example, who billed for many timekeepers and millions of dollars, were appointed to coordinate the defense.  That committee, in turn, appointed Holland & Hart as "coordinating counsel" and Mr. Schultz has served as that coordinating counsel, as well as defendants' liaison counsel. *Affidavit of Donald I. Schultz in Support of Defendants' Claims for Jointly-incurred Attorney's Fees and Expenses*, Para. 2 - 8 (Doc. No. 2200-1, Filed Oct. 7, 2011) ("Schultz Affidavit").  Mr. Schultz has managed, for example, "joint defense project work" and "supervised issued bills" to pay the various law firms assigned tasks by the committee.  (I am not addressing the appropriateness of the allocation they made of work or payments among the defendants and law firms, just the net effect on fees and expenses.)

5.     I found nothing to explain why so many firms billed so much for a case resolved on preliminary jurisdictional motions without extensive discovery, for example.  While the deposition of Mr. Grynberg, for example, took many days and he would not consent to attending in any defense counsel's office – a common problem – the deposition was still just a deposition and defendants took it for weeks.  This is one of a small number of anecdotes defendants have to explain their enormous fees and blame them on Grynberg, but they do not amount to a foundation for $22 million or more in fees and expenses.

6.     Nor did we find any explanation why the joint committee billed $11 million in fees and expenses, yet the residual defendants are claiming an even larger number, including additional bills from the joint committee firms, who should already have been well-informed by the joint committee financed work.  Paragraph 19 of the Schultz Affidavit talks about the Court's

*Page 3 (Toothman Declaration)*

efforts to have defendants coordinate filings and limit the number of lawyers billing for "oral arguments and scheduling conferences." This coordination apparently occurred at a cost of $11 million: Yet the bills show numerous firms (including joint committee members already involved in making assignments) still working on each project, reviewing the same documents, and billing enormous amounts of time for communications. Exhibit D. Exhibit C, which filtered for various terms in the coded bills shows that 44.8% of all entries (by percent of fees) have one or more references to "review." The intent of the Appointment Order was to make fees actually go down, which they did not, as comparing the substantive filings and activities in the case with the bills now submitted makes plain. You can burn a tank of gas driving a few hundred miles, or the same tank idling in the driveway – there was a massive amount of idling in this case.

7.      And, if the joint defense committee fees were being checked as thoroughly as Mr. Schultz's affidavit claims at the time they were paid, defendants should have had no trouble submitting a coherent fee claim here. (We saw no telltale signs that the fees were being managed effectively, such as reductions in hourly rates, reductions in staff, substantial write-offs or write-downs.)[2] Nor are there any records demonstrating the fee management defendants claim.

8.      Moreover, given Mr. Schultz's most recent requests to submit modified fees, including a submission he rendered unusable through his inability to generate complete entries

---

[2] Mr. Schultz, Affidavit at Para. 80 - 81 states that the Fulbright firm and the largest "brunt" of the write offs, followed by Holland & Hart and the Beatty firms. These do not appear to be true writeoffs but, especially with Fulbright, an attempt to collect hourly fees in excess of a fee cap (flat fee). The other two firms claim writeoffs over $100K each, but there is no apparent documentation. Mr. Schultz, Para. 89, further explains that Fulbright, "whose commitments to fee caps and fixed prices for some parts of the work caused it to take over $1.3 million in writeoffs while billing just over $4.2 million in fees." Getting paid what you agreed to be paid is not a basis for claiming a "write off" of other types of billing opportunities.

using Microsoft Excel (while refusing to produce the underlying spreadsheet to us), I cannot

conclude that the management of joint fees or expenses occurred, let alone minimized the fees

and expenses.  These bills submitted suggest more of a feeding frenzy, first on each firm's

client(s), and now on Relator.

9.     Defendants' statements about the lack of in-fighting and harmony among

competing law firms and defendants, and their objectives, Schultz Aff. Para. 23-24, belie the

absence of effective fee management.[3]  The lawyers were not making any objections because they

were paid well for what little role they actually had – partly by doing less substantive work and

billing for "review" and communications, so the return on their actual investment was low.  *See*

Exhibit D and C (filter terms).  The description of some defendants being concerned about costs,

while other defendants wanted a "vigorous defense" against Grynberg personally, is a concern

because Mr. Schultz vouches that everyone wanted efficiency in the end and the joint committee

reached an "acceptable balance."  These goals (cost-effectiveness versus scorched earth

litigation) are not equally valid when the issue is reasonable and *necessary* fees – reasonable fees

are not a compromise between reasonable fees and excessive fees.  It is the lack of necessity for

---

[3]  From Paragraph 53, a description of how the work on the first motion to dismiss was distributed: "Douglas G. Robinson, a senior partner in the Washington, D.C. office of Skadden, Arps, Slate, Meagher & Flom LLP, was asked by his client to perform this work and, through the Committee, other defendants *were offered the opportunity to join and share in the fees and expenses* for what became an "all cases" joint motion."  Noted in the next paragraph is that Mr. Robinson had worked on similar prior litigation by the Relator, indicating that most of the preparation could be recycled.  This begs the question why the preparation of a basic motion to dismiss became such a major undertaking, though it certainly explains how it did.  And then, in Paragraph 56, Mr. Schultz describes another round of coordination to select Mr. Beatty to present the *oral argument of the same motion, thereby duplicating much of the work done already*. Using two firms plus this entire process to turn the preparation of a basic paper motion, plus the oral argument thereof, into two major tasks demonstrates both why the fees are so excessive and why the fee management process itself exacerbated this problem.

*Page 5 (Toothman Declaration)*

these many layers of time spent to observe, review, and communicate about a small number of necessary projects that reveals their unreasonableness. As Exhibit D shows in detail, and Exhibit C summarizes, 45% of the time entries had time billed for "review," 33.5% working on briefs, 31% drafting, 25% each on conferences and motions, 18% on calls, and so on: 25% of these bills is over $6 million.

10.     While the Schultz Affidavit describes in general terms a plan to manage fees, Para. 25-38, they proposed to do this through yet another committee, which acted on "proposals, ... fee budgets, fee caps," and followed the "direction and management of the work." We did not see these documents, especially the "caps," "budgets," and "proposals." Para. 27 & 28. Most especially, this description does not explain how the process, which led to filing several basic motions – like those filed routinely in such cases, with little novelty or real complexity – became a $22 million plus adventure. We did not, for example see bills indicating they were capped or fixed fee engagements that cost Fulbright, for example, over $1 million – we cannot confirm that these excess fees outside the scope of the engagement have not been folded back into this submission. *Id.*

11.     While describing it as a management effort, Schultz Affidavit Paragraph 29's list of the steps taken for each project is a formula for unlimited, duplicative, and excessive work on every task.[4] We did not find evidence that firms made "adjustments" or their bills were "reviewed." Para. 30-33. Nor did we see the "pre-bills" shared with Mr. Schultz by some firms

---

[4]  *See, e.g.*, Exhibits F3 and F4, which show instances where several firms worked on the same project and where one firm (in this example Beatty) had multiple people attending the same meetings or other events. Beyond one timekeeper, the firms need to justify these extra personnel because this sort of overkill is the primary cause of excessive hours.

– sharing pre-bills, which firms use to camouflage time entries, make write-offs, and the like would also be unusual activity more likely to involve massaging time entries to avoid management, not managing fees.  Again, while defendants certainly expended great effort to provide the appearance of fee management, there are no byproducts of that process and, had this management been effective, their submission now should not have been so large nor so botched.

12.     Starting at Paragraph 53, Mr. Schultz describes how work was shared among several firms, including assigning preparation of the first motion to dismiss and the oral argument thereof into two, duplicative, projects.  There is also an elaborate description of a "Rule 11 Project," Para. 57, et seq., that evolved into this submission, but started as a two firm project to draft a Rule 11 demand letter template.  In most instances, the description shows how the work was doled out, mostly among the Joint Defense Committee members, with no accounting for the cost of each project.  Such projects included a motion for reconsideration of the original dismissal motion, the ultimately successful jurisdictional motions to dismiss and discovery related thereto,[5] and include this project (separate from the redundant Rule 11 project) (Para. 70). Altogether, Mr. Schultz lists just seven projects, including the appeal, a reconsideration of the initial dismissal denial (separate from that motion), and two iterations of sanctions (raising the

---

[5]  Schultz Aff. Para; 62: "The *largest* amounts of joint fees were incurred for the *enormous investigation, discovery, research, and writing efforts* required for the successful jurisdictional motions to dismiss that have resulted in final judgments of dismissal for all defendants in all cases. This project work was performed for the Joint Defendants primarily by the partners, associates and paralegals in two firms, Fulbright & Jaworski and The Beatty Firm." Assigning two whole firms' worth of lawyers to a routine motion suggests excessive fees in and of itself.  They even had meetings and communications just to decide who would ask questions at the handful of depositions taken.

*Page 7 (Toothman Declaration)*

question of duplication and "fees on fees.")  That works out to about $3 million per project, even for the projects that duplicate one another in large part.[6]

13.    This was the defense bar's version of the scramble for control and ultimately fees one sees among plaintiffs' class action lawyers, *e.g.*, in the Toyota Products Liability litigation and the BP Oil Spill litigation.

14.    *Fee Claims*:  This is a large, complicated, and disorganized legal bill submission. In microcosm these submissions illustrate why the fees and expenses they are supposed to support became so excessive due to inefficient and counter-productive case management.  (While some of the lawyers have extensive resumes, the key skill to manage this sort of case is more likely to be possessed by a good court clerk or paralegal keeping track of the data – throwing timekeepers at these matters only increases the bills geometrically.)  As discussed below, and in Exhibit B2, there were over 550 timekeeprs, few of whom were identified let alone a basis provided for their role or rate.  There are essentially 34 packages of materials, no two alike, one for the claim of each defendant seeking fees, with some firms overlapping several defendants, as well as a separate package for the joint committee of ten firms, which firms also appear in the packages for some other defendants. There were over 300 nominal defendants, but many are gone or in clusters of related companies. The firms have submitted anywhere from a few dozen

---

[6]  Some of the support for the assertion that "Joint Defense Fees [were] Low," beginning at paragraph 93 are to note that some lawyers "volunteered" to work with the committee, adding more billable hours to this claim, but they did not bill the Joint Committee for this – presumably because it defeats the purpose of centralized fee management if everyone can still join every project.  While this may have lowered the joint committee claim – assuming it did not actually increase it as is likely because more participants means more review and communication time – it just added more fees for redundant personnel on the remaining defense bills, which exceed the joint defense bills, even though the joint defense was supposed to be handling the bulk of the defense.

pages to thousands of pages of time printouts and related documentation.  Firms were still filing

substantially altered claims earlier this month, presenting us with a "moving target" just to

determine what constituted the definitive version of each claim.

15.     As we have analyzed these claims, we encountered various issues.  Many of the

submissions were created for this sanctions litigation: They are not business records, *e.g.*,

invoices as issued to and paid by the clients.  Nor do we have verification that these amounts

were paid in full or in part by the clients – inflating the claims beyond amounts actually billed

and paid would be highly inappropriate.  Some of the firms have submitted bills in excess of the

amounts claimed, without identifying the entries for which they make claims.  Others have made

overlapping claims including a claim for reimbursement from the joint defense committee's

claims – that is between them, but the effect, from our perspective, is that they have filed

duplicate (or overlapping) claims for the same amounts.

16.     *Claim Formats*:  There were additional problems created by the formats of these

submissions, which were submitted by defendants in adobe acrobat file formats, not their original

electronic formats as created by the firms and from which they created these acrobat files for this

submission.  These submissions are therefore electronic images, not electronic data capable of

transfer into and actual analysis by the standard excel spreadsheet program we use.  It is clear

most defendants had this electronic data available and that they intentionally converted it into

adobe acrobat images for their submissions, then ignored our requests to provide the

documentation underlying their summaries.  Reasonable fee standards call for a reduction of the

fee award if the documentation is inadequate.  These submissions were not only incomplete,

varying, and disorganized, but the defendants intentionally made them so to impede full review.

*Page 9 (Toothman Declaration)*

This alone is a sufficient ground for denying all or a substantial part of the fees and expenses claimed.

17.     As is standard for such submissions, we were conducting an analysis of the bills (or portions thereof), plus analysis of other aspects using electronic tools in the spreadsheets.  We understand that defendants declined to submit their actual electronic data or to remedy any of the many problems caused by the format of their submissions, even though defendants used the same data we sought to generate several more iterations of acrobat images to make late "supplements" to their original submissions (typically without identifying the items being changed or why), requiring us to review several of the largest bills multiple times, including submissions made within the last few weeks.  Defendants' refusal to submit their original electronic data underlying their submissions significantly delayed and complicated our review.

18.     The formats used by the firms included redactions, truncated entries, "highlighting" that effectively redacted time entries, and other anomalies which made it impossible for us to review all the entries line by line, nor could we therefore reconcile the total fees and expenses claimed by most firms with the amounts they stated.  *See, e.g.*, Exhibit F5 (samples of these problems and other problems we coded for within entries.)  Here are examples of problems exhibited by various firms' submissions:

a.      Beatty:  "highlighted" many of its entries in shades of grey (apparently the "original" has shades of green, which we never saw).  This has the same effect as redacting the entries.  (Redacted entries are disallowed and may result in disallowing all the bill.)  It also slows down the process of converting the bills to electronic form.

*Page 10 (Toothman Declaration)*

      i.      Many of the Beatty bills for which we have electronic data do not reconcile – the total shown on the invoice or an invoice summary does not equal the total of the individual time entries.

      ii.      We understand Grynberg asked Beatty, through channels, to provide clean copies of these bills.  We received a second disk on January 19, 2012, but it only included a few more clean pages, jumbled at least as much as the original submission.  These new pages do not reconcile arithmetically with the pages they are replacing.

b.      Fulbright & Jaworski: Bills have some entries (frequent, but much less than a majority) which have the last line(s) truncated.  This problem was also referred to liaison counsel, but we received no replacement pages.  Many of the bills appear to be printed from microfiche.

c.      Schulz & Belcher + Schultz & Schultz: Columns of data are not separated, causing adjacent data to merge into one column.

d.      Miller & Chevalier: Underlined notes on hours billed, causing entries to require manual entry.

e.      About $1.4 million in Beatty & Wozniak bills in folders 24 and 25 appear to be duplicates although the amounts, number of pages, and so forth do not reconcile.

f.      Roughly $322K in Baker & Botts bills are missing timekeeper rate data so the invoices cannot be reconciled or the totals calculated.

g.      Akin Gump: Invoices have been heavily redacted and time amounts were removed and changed.

*Page 11 (Toothman Declaration)*

These are not all the problems, just examples.  *See* Exhibit F5.  Where we were unable to review

each submission line by line, we instead reviewed a sample, manually, and extrapolated results

from the sample to the full bill.  We have found that extrapolation leads to results within a

percent or two of the final percentage.  This method is still superior to anecdotal or qualitative

analysis.

19.     Even for the data we could convert into electronic formats, there were many

additional problems that are not found in standard legal bills, including arithmetic and accounting

errors, and apparently an evolution in the numbers in the bills from one version of the same

invoice to another, so many invoices do not reconcile with the data therein or summaries thereof.

That the computer-prepared invoices do not reconcile is usually indicative of accounting or

clerical errors, missing pages, lack of supervision or the like, but it can also be a telltale sign that

the invoices have been "massaged" or, in rare cases, that there has been billing fraud.  We have

no final conclusion based on these incomplete and inconsistent submissions.

20.     Due to the size of the files involved in these changes (almost half of the total

reviewed) and inadequate time available to respond, we have not been able to incorporate some

*Page 12 (Toothman Declaration)*

of these recent submissions into this report.[7]  Our observations of the new submissions indicate,

however, that they do not change our conclusions in any apparent way.

21.     *Mixed/Block/Lumped Time Entries*: Some of the firms' submissions have task-

based entries, with one task per entry per timekeeper (meaning that someone working several

tasks in the same day might have two or more entries).  This is standard for time records where

counsel expect to shift or recover fees and there are cases in which block or lumped time entries

are disallowed on that ground alone. These mixed entries, lumping together various tasks,

obscure the cost per task and make calculation of an accurate total cost for each project

impossible.

22.     *Time Description Anomalies*: In addition to having cryptic or vague entries, some

timekeepers, there are time entries with extremely wordy descriptions, often in the hundreds of

words, most of which convey any indication of productive work.  Examples are included in

Exhibit D and F1.  This type of behavior usually indicates an attempt to overwhelm or

shortcircuit fee management, with another concern being that for many of the shorter entries, the

actual time was spent primarily on creating the entry.

---

[7]  In addition to recently giving defendants leave to make another round of substantial
submissions just before the current deadline for this report, the Court set the due date for this
report substantially earlier than the date requested to accommodate delays caused by earlier
untimely submissions by the defendants, over Grynberg's objection.  In picking a random date
for this report to be due, the Court scheduled for a week after I had major surgery requiring
several months of pre-operative steps and months of post-operative recuperation.  There were
complications in my surgery, so I was in the hospital longer than expected, including two days in
the intensive care unit.  I am currently under doctors' orders not to work for several weeks and to
take pain medications.  Because of this deadline, I have had to ignore those orders to complete
this project by the Court's deadline.

*Page 13 (Toothman Declaration)*

23. *Segregation of Time:* The sanctions statute is a limited exception to the American Rule against fee shifting. Defendants have made submissions indicative of an attempt to shift all their fees and expenses, treating the sanctions statute as an unlimited waiver to the American Rule. Defendants apparently include in their time records most if not all time billed to the various matters (often substantially more than they claim now), regardless of whether it is causally linked to the allegedly sanctionable conduct identified in the sanction order. There are even amounts included for preparation of the sanction motions themselves (raising the issue of whether "fees on fees" are allowed), appellate activity fees, and issues upon which Grynberg prevailed, *e.g.*, on the $CO_2$ claims. *See* Exhibit F2 for examples from many firms.

24. These are "kitchen sink" dumps, apparently in the expectation that Relator, without the benefit of complete electronic data, or the Court would meet defendants' burden for them. Splitting out this time is also complicated because of mixing or block entries, the large number of cryptic entries, whether vague to begin with or rendered so by redactions, "highlighting," and the like. Part of the firms' burden is to segregate irrelevant time, time spent on unsuccessful projects, and the like. Defendants and their firms have not eliminated this time.

25. *Problem Time Entries*: Starting with the Joint Committee fee claims, we conducted a line by line review of many, but not all, of the submissions, as time, the condition of the submission, and changes to the submissions by defendants allowed. To estimate problems with submissions we could not convert to spreadsheets (whether because they were recent or had flaws impeding electronic conversion), we used the averages calculated from the entries we did review. *See* Exhibit D hereto. The codes appear in one of the columns to the right. Examples taken directly from the submissions of several firms are contained in Exhibit F5.

*Page 14 (Toothman Declaration)*

26.    On average, we found one or more problems with at least 49% of the entries in terms of fees for the bills we were able to review line by line.[8]  Even before considering issues with the high hourly rates, overstaffing, duplication, and other factors, my opinion is that a reasonable fee cannot exceed 51% of the claimed fees because of these problems based on the content of the time entries.  The coded problems are the types of problems that cause courts to eliminate time from the lodestar before reaching questions about staffing, duplication of effort, and whether the time spent was excessive and necessary.

| Problem Time by Sample | % Hours | % Fees |
|---|---|---|
| Internal Conf or Memo (ic, im) | 22.6% | 24.6% |
| Cryptic (qu) | 15.7% | 20.3% |
| Long Days (Hours > 8.0) | 4.5% | 5.7% |
| Clerical (cl) | 7.1% | 4.6% |
| Travel (tr) | 3.3% | 4.3% |
| Administrative (ao) | 0.7% | 0.4% |
| | | |
| Entries w 1 or more codes | 43.2% | 49.2% |
| Uncoded Time | 56.8% | 50.8% |
| Total Time | 100.0% | 100.0% |

Problem Time Estimate Summary

27.    Some time entries exhibited two or more of these issues and have been coded for each, in full.  (We do not attempt to speculate about the portion of undivided time entries attributable to tasks within time entries.  If the timekeeper broke down the time entry, using task-based entries, we would segregate the problem-coded fees accordingly.)  For this reason, the

---

[8] Of the $26 million in fees from all defendants, we used some samples to arrive at a figure of $10.9 million in coded or problem time.  Exhibit B.

*Page 15 (Toothman Declaration)*

subtotal of each problem cannot be added with others – adding them causes double or triple counting of the entries with more than one problem.

28.     *Internal Conference & Memorandum Entries*: Internal communications, whether orally (internal conferences, coded ic) or in writing (internal memoranda such as emails, coded im), are a major issue with these fees.  Exhibit D.  Overall we estimated that 24.6% in fees for one type or another of internal communications.  This is just for communications within a given firm and does not include the many, many more such communications among firms. Samples can be found in Exhibits D and F5.

a.      While some internal communication may be necessary, these amounts are unreasonable, caused by the large number of timekeepers (even though the people actually assigned the projects were supposed to be one or two, not dozens) and poor management of the staff.  This is largely unproductive time, especially when there is so little productive effort about which to talk in a case eliminated on jurisdictional grounds.  Some of this is undoubtedly caused by the dispersion of timekeepers from one end of the country to the other and across scores of firms. (The Schultz Affidavit refers to an online depository of documents and an email system of communication that should have been sufficient to get the word out, with documents, without the dozens or hundreds of communications about every little thing.)

b.      Inefficient, inexperienced, or pressured timekeepers may, for example, procrastinate and waste the time of others with communications, including written memoranda, that serve the convenience (and financial interest) of the firm, but are

*Page 16 (Toothman Declaration)*

not productive professional services and have little real value to the client's interest.

c.     Most clients (and alert firms) would disallow such time altogether, allow only one timekeeper to bill, or discount the entry. The firms should also be writing some of this off.

29.     *Cryptic & Vague Time Entries*: Entries without sufficient detail undermine the ability to know what the firm was actually doing, probably the most important step to determining whether the fees were reasonable, plus allowing us to catch outright billing mistakes and duplication of effort. Overall we estimate cryptic (code qu) fees at 20.3%. Examples are in Exhibits D and F5.

a.     Beyond identifying the timekeeper and giving the amount of time and the date, necessary details include the (1) subject and nature of the work, *e.g.*, communications regarding Mr. X's testimony schedule or research regarding XYZ issue for ABC brief, (2) identification of other participants, *e.g.*, in calls or conferences, and (3) the purpose for doing the work. In other words, they should provide the who, what, where, when, why, and how. Purposely making one's entries cryptic is a means to inflate or pad time entries, hide non-billable time, or worse.

b.     Entries that were incomplete, redacted, not visible, or the like were considered cryptic, too.

30.     *Travel Time*: One of the extra costs of using out of state lawyers is the rise in travel expenses and fees billed while traveling. We calculate the travel time entries at 4.3%, code

*Page 17 (Toothman Declaration)*

"tr"). *See, e.g.*, Exhibit D & E (expenses). There was substantial travel time identified as such. Travel time is typically managed closely (with travel expenses) and billed at reduced rates because it is not billed for productive professional services. Rather, it compensates the lawyer for necessary travel in service to the client that could have been billed to other clients or on productive work for this client. Very often, as here, the first question is why the firm had to travel at all, let alone this much. Choosing a law firm from out of the area of the court increases travel expenses, travel time, adds the cost of local counsel, plus triggers lots of additional research and other time to make up for lack of familiarity with the strange jurisdiction. (If, as here, the firm is from a locality with higher hourly rates, the remedy is often to lower them to rates for equivalent local lawyers.) The burden is on the law firm to explain why any of this is reasonable and necessary.

31.     *Clerical Time*: Overall, we found approximately 4.6% of the entries were clerical time. Non-billable clerical time is concentrated in the time billed by non-attorneys, including paralegals. The items are coded "cl" and samples are in Exhibit D.

a.      Legal fees for professional services already compensate law firms for the lawyer's or paralegal's salary, plus overhead and profit of the firm, including clerical services. Therefore a firm may not attempt to charge separately for overhead – let alone make a profit thereon. Overhead is included in the reasonable hourly rates of proper timekeepers doing professional, properly billable work.

b.      The test is whether the entry indicates that professional services are being rendered, *i.e.*, services that would normally be performed by a lawyer. The point of allowing paralegal time to be billable is that, overall, the client should benefit

*Page 18 (Toothman Declaration)*

by receiving lower bills from delegating more routine professional services to personnel with lower hourly rates.

c.      In the course of describing the management of the defense law firms, Mr. Schultz's Affidavit, Para. 44, provides a description of instances in which the defendants evidently billed for clerical services by "paralegals" and "document clerks."[9]  He also describes a "small team" of two paralegals, two "project assistants," a secretary, and an office manager he used to handle administrative work, all of which is non-billable, clerical work.  Para. 92 (for the three of these people he named, the total fees billed are over $75,000).

32.      *Long Days*: Another symptom of runaway billing or lax management is billing for long days when there is no apparent emergency.  We define the long day as over 8.0 hours, though there are cases drawing the line higher or lower.  To bill that much time, one would have to be at work far longer because the unproductive or non-billable time must be eliminated.  This

---

[9]  None of the described services would be billable because they are clerical services, part of overhead:  "Paralegals and document clerks working under my supervision worked diligently over the years these cases were pending to populate [upload or copy], label, organize and update this [extranet] site with the literally tens of thousands of pleadings, documents, research materials, discovery documents, discovery data bases, and work product drafts, associated with defense of these cases. The extranet site proved to be an extremely valuable tool that dramatically reduce hard copy management and retrieval costs and enhanced the efficiency of defense work."  We did not discover any such impact in these bills.

Similarly, from Paragraph 45: "I also supervised paralegals and an IT technician to create, adapt and maintain over time a set of relational Access data bases we used to keep track of the hundreds of defendants, the cases they were associated with, their affiliate and parent relationships, their inside and outside contacts, the projects they participated in, and the committees they participated in. We periodically produced and published contact directories and committee directories from these data bases to the extranet site as a resource to all participants."

These are not professional legal services.

*Page 19 (Toothman Declaration)*

can be another symptom of billable hours pressure or inexperience.  We estimate the time billed over 8.0 hours for a single person in a single day at 5.7% of the fees.  This is unusual particularly because of the pace of the case (no emergency deadlines or trials) – tending to suggest this is due to lack of fee management and billing pressure.

33.    *Hourly Rates*:   The second factor used to calculate lodestar fees is the reasonable hourly rate for each timekeeper (not just lawyers).  This rate is supposed to be based on several factors, sometimes expressed in slightly different ways, aimed at determining the prevailing *market rate* for *similar services* by lawyers of *reasonably comparable skill, experience, and reputation* in the relevant community, which would be no larger than Wyoming (the Court's jurisdiction), if not smaller.  The experience should also be from similar litigation – the hourly rate should be less for lawyers working outside of the area of experience that justifies their fee.  Prevailing market rate does not mean the highest local rate, but the common or typical rates.

34.    One of the paradoxes of hourly rates is that lawyers who claim to be worth more per hour because of their experience and skill typically also travel in larger packs, requiring larger pyramids of comparatively expensive lawyers and others to support them.  The higher hourly rate is supposed to be justified, in part, by the tendency of people who know what they are doing to spend less time doing it.

35.    Just establishing the number of timekeepers has been complicated by the format and cryptic nature of the submissions.  By our estimate, and attempting to exclude duplicate personnel who changed firms or firm names, there are 565 distinct timekeepers who billed time on this matter and now seek fees.  Here is a breakdown by firm:

*Page 20 (Toothman Declaration)*

| Firm | Timekeepers |
|------|------------:|
| Fulbright & Jaworski | 138 |
| Holland & Hart | 78 |
| Beatty & Wozniak | 51 |
| Akin Gump | 47 |
| McKinney & Stringer | 42 |
| Vinson & Elkins | 30 |
| Holland & Knight | 30 |
| Skadden & Arps | 27 |
| Foley & Lardner | 24 |
| Brown Drew Massey | 12 |
| Baker Botts | 11 |
| Schiff Hardin | 10 |
| Greenberg Traurig | 9 |
| Locke Liddell & Sapp | 8 |
| Williams Porter Day & Neville | 8 |
| Zevnik Horton | 8 |
| Andrews & Kurth | 5 |
| Lemle & Kelleher | 5 |
| Dorsey & Whitney | 5 |
| Conner & Winters | 5 |
| Thompson & Knight | 4 |
| Locke Lord | 4 |
| Jenkins & Gilchrist | 3 |
| Miller Chevalier | 3 |
| Carrington Coleman | 3 |
| Rothberger Johnson & Lyons | 3 |
| Clanahan Tanner | 3 |
| Ryan Whaley & Coldiron | 3 |
| Schultz & Belcher | 2 |
| Schultz & Schultz | 2 |
| Everett & Wales | 2 |
| Holmes Roberts & Owen | 1 |
| Thompson Stout | 1 |
| Thompson Law Firm | 1 |
| Hugh V. Schaefer | 1 |
| Total | 589 |
| Approx total w/o duplicates | 565 |

Timekeepers by Firm

Exhibit B2 summarizes the timekeepers we found and provides average or estimated hourly rates

if they were available.  There are about twenty timekeepers who billed at or above $500 per hour,

with several just under $700.

36.     While defendants here generally provide some details of experience and standard

hourly rates, these are generally for lawyers alone, not the other non-lawyer timekeepers, for

*Page 21 (Toothman Declaration)*

whom there is no support or even proof that they exist or are not simply clerical personnel billing for nonbillable overhead.

37. The rates quoted are, apparently, the suggested retail rates or so-called "standard" rates as set unilaterally by the firms and quoted to potential clients, not the "as paid" rates actually collected from clients. Suggested retail rates are routinely discounted by substantial amounts to obtain lucrative business, like this.

38. The Schultz Affidavit and support provided by the lawyers making each submission generally seem to accept that their rates are well above standard Wyoming rates, even for complex federal litigation.[10] This apparent admission by omission is consistent with my review of recent Wyoming cases, where the prevailing market rates for similar services are much lower.[11] (Other than conclusory assumptions, there is no evidence that local lawyers or lawyers

---

[10] Mr. Schultz's Affidavit, Para. 82, et seq., makes the novel and unprecedented argument that, because Relator sued some of the defendants in other litigation in Washington, DC, Washington DC rates (among the highest in the country) should prevail. That is not the standard. Schultz fails to address the threshold question of whether there are sufficient, skilled Wyoming lawyers at Wyoming fee rates. There are False Claims Act lawyers all over the country, nor is False Claims Act work particularly specialized. (I have worked on such claims and reviewed such bills.) The "bet the company" rubric, Schultz Aff. at Para. 83, does not ring true – the unpaid royalties were a fraction of income – and bet the company language is what law firms use to make small cases into huge ones by detaching clients' cost-effectiveness from reality. As the balance of the Schultz Affidavit makes plain, this was a case with modest discovery, several motions, and lots of bystanders billing by the hour.

[11] I have reviewed the 2007 and 2009 Bar Member Survey Results Summaries published by the Wyoming State Bar. These surveys tend to overstate rates, *e.g.*, by not segregating the rates by years or type of experience, let alone attorney skill or reputation. They also normally include the suggested retail rates, not "as paid" rates. Rates charged by defendants here were also charged further in the past, *i.e.*, due to inflation, the survey data would be inflated since the years when most of the work was done here. While this survey is somewhat crude, it is sufficiently detailed to indicate to me that the rates defendants' seek are far higher than local rates and, as noted below, even indicate that at least 22% of the Wyoming Bar concentrates its practices in

(continued...)

with relevant expertise but not located in expensive metropolitan areas were not available to handle this case at local or substantially lower rates.)  The firms instead imply that their rates, again without expressly arguing that this is the relevant standard, are reasonable for the work they do in their home jurisdictions, which are several of the most expensive legal fee locations anywhere.  They do not, generally, provide the normal support required to show that their fees are even reasonable by their home jurisdiction standards, considering factors like fees in similar or analogous matters, as well as each timekeeper's skill, experience, and reputation.

39.     Based on the cases I observed, the Wyoming Bar surveys (which tend to be high), and considering the legal fee market when these activities where billed, I cannot find that defendants met their burden or provided any support for rates over $250 for partners and $150 for associates, with amounts under $100 for non-lawyer timekeepers performing professional services.  If anything, using lawyers with more reasonable expectations might have save many layers of expensive duplication and wasted effort.

---

[11](...continued)
relevant areas and should have been capable of handling a case dismissed on subject matter jurisdictional grounds with minimal discovery after several motions.

     In the 2007 survey, item #36 has percentages of lawyers charging rates in certain ranges, with the highest group billing at more than $250, which included 2.7% of the sample.  Of those responding, over 50% were charging $150 or less.  These are far above the defendants' claimed rates.

     In the 2009 survey, item #16 had similar data for lawyers rates, which I would have similar concerns about.  Lawyers charging over $300 per hour were 3.2% of the sample and over $200 were 14.4%.  Of those giving rate data, approximately one-third of the lawyers were charging less than $150 and well over 50% were charging less than $200.

     The 2009 survey also breaks down lawyers by the largest areas of their practice (Item #25).  There are 5.3% who claim Oil & Gas as their primary practice, 8.9% in "litigation," and 8.4% for "government law."  These statistics undermine any assumption or conclusory allegation that there were insufficient local lawyers available to handle this matter at the much lower hourly rates available in Wyoming.

*Page 23 (Toothman Declaration)*

40. *Case Activity & Complexity*: Although the case was handled using multi-district litigation procedures, has lasted for years, and the number of defendants is quite large, the actual level of substantive activity was surprisingly modest, confined to several substantive motions and some discovery disputes, and none of the questions were evidently novel or precedent-setting. Mr. Schultz's descriptions of the various "projects" identifies just one or two key workers in each task: Where all the extra work came from or why it was ever necessary is not explained. Schultz Aff. Para 53, et seq. The case never went to trial and was terminated on subject matter jurisdictions grounds, so most of the "activity" was caused by having multiple law firms duplicating one another's work (especially with endless internal review and communications about the same things or just to "keep up" whether anything happened or not).

41. We found the following events to be the most significant in the docket, which is not to say that these should have cost that much. The items include more events than Mr. Schultz's list of "projects."

a.    Motions to Dismiss (lack of subject matter jurisdiction, etc.) (Grynberg prevailed)

b.    Motion to Dismiss CO2 royalty claims based on first-to-file rule (Grynberg prevailed)

c.    Discovery: Motions to compel production of documents

d.    Discovery:  Motion to compel sufficient interrogatory answers (Mixed result)

e.    Discovery:  Motion for protective order re: Relator's first set of interrogatories and document requests

f.    Discovery:  Motion to compel Grynberg to produce Aspen Conference Transcript

*Page 24 (Toothman Declaration)*

g.     Discovery:  Grynberg's Motion to serve remaining 3 proposed interrogatories and requests for production of documents

h.     Discovery:  Motion for disclosure pursuant to FRCP 37 (a) (Mixed result)

i.     Discovery:  Motion to compel Grynberg to produce missing documents (Moot)

j.     Motion to dismiss based on public disclosure/original source bar of the False Claims Act (Moot)

k.     Sanctions against Relator re: correspondence with counsel

l.     Motion to dismiss based on disclosure and seal requirements of the FCA (Moot)

m.     Discovery:  Sanctions against Grynberg for failure to produce and destruction of documents (Moot)

n.     Current Motions for Fees and Expenses (which raises the issue of seeking "fees on fees" through the sanctions statute).

Grynberg also settled with many defendants along the way.

42.     By our count, the MDL docket contains 53 filings for substantive matters (including the original motions and any oppositions and replies), plus roughly another 100 items of some substance, out of a docket with over 2,200 entries.  (As with most cases, but especially cases with this many lawyers, these other entries relate to court housekeeping matters.)  In discovery, there were apparently five depositions.  The parties exchanged one set of interrogatories for each side.

43.     The divergence between the actual limited substantive complexity of this case, which is comparable to cases where the fees are more like $1 million, and the much higher amount now claimed is explained primarily by the heavy staffing, high rates, inefficient

*Page 25 (Toothman Declaration)*

supervision and communication, and excessive billing habits of the firms, *e.g.*, billing unlimited amounts for layers of unproductive "review" and internal communications. Even if these motions would reasonably entail between $25,000 (for discovery motions) or up to $100,000 (for the most complex, substantive motions), with a generous allowance (beyond reasonable or necessary) for the other productive activities, the fees should have been no more than $2 - $3 million.[12]

44. *Factors Beyond the Lodestar*: The time and expense analysis above, including elimination of unnecessary time and waste, such as duplicated effort and overstaffing, deals with "time and labor required." Regarding the remaining reasonable fee factors, many of which are subjective, I have the following observations: The questions presented were neither novel or difficult (indeed there seems to be a large body of precedent for this sort of litigation), the employment was spread out over years, not particularly intense, and could not have precluded other employment, the fees claimed are far beyond the high end for the locality or nationally, the amount involved was nominally large, the results obtained are positive from defendants' perspective, there were no significant time limitations, there is no material impact due to the

---

[12] A particularly concise example of how the fees became so excessive, despite the limited productive legal activity necessary can be found beginning at Paragraph 57 of the Schultz Affidavit, describing "The Rule 11 Project." For example, as the defendants were waiting for oral argument of the initial motion to dismiss, at the proposal of the Joint Committee, committed to by many defendants, the defendants began the process of seeking Rule 11 sanctions. Since they were seeking fee reimbursement, this project raises the question of whether these are therefore fees on fees, *i.e.*, fees charged to collect fees, not litigate the necessary merits of the case. The Joint Committee assigned dual leads to what is again a basic litigation task – including Skadden Arps, which had just prepared the papers for the first motion to dismiss. Together these teams of lawyers worked to create a "template" of a Rule 11 letter.

*Page 26 (Toothman Declaration)*

nature or length of any professional relationship, and the reputations of the lawyers appear to be exceptional (their number and rates are the question).

45.     *Expenses:* The joint committee firms billed over $1.4 million in expenses, but the documentation is deficient or even absent on most of them ($829,481 for the joint with no description), with other inappropriate expenses including legal research like Lexis (an overhead item the firm pays a lump sum for), personal items like meals, overhead like clerical time, puzzling or mistaken expenses like a trademark search, personal fees to renew bar memberships, and something called "outside fees" at over $122K.  Exhibit E has more expense information. Thus, over 75% of the expenses are either unsupported or improper.

46.     For all the defense submissions, we found $2,134,162.38 for expenses.  Exhibit B1.

47.     Moreover, there are heavy travel expenses, some discovery expenses, but these expenses also reveal the lack of real litigation progress and the research expenses show lots of duplicated work but not the kind of research effort a novel case would trigger.  And, despite the expenditures on modern document handling technology, there are still heavy charges for mail, FedEx, faxing, and postage.

48.     Expenses must be passed through at actual cost, without profit to the firm. Personal or overhead items cannot be passed through as expenses.

*Page 27 (Toothman Declaration)*

49.    *Expert Qualifications:*  I am an attorney admitted to practice in several
jurisdictions, starting with the District of Columbia (1981), as well as federal courts in several
jurisdictions.  A copy of my current resume is attached as Exhibit A.[13]

50.    I graduated from Harvard Law School, cum laude, in 1981.  Before that, I
graduated with honors from the University of Virginia with a B.S. and M.S. in chemical
engineering.

51.    Initially, I practiced with two major, national law firms, handling many types of
complex litigation around the United States, ranging from million dollar cases up to a case
approaching $1 billion in potential value, plus appellate work and cases involving legal fee
claims.  I served as a trial attorney in the Federal Programs Branch of the US Department of
Justice for several years, earning various commendations and awards, including litigation
involving legal fee claims against the United States, and litigation involving organized crime,
major constitutional issues, representing presidential appointees and law enforcement personnel,
training attorneys and presidential appointees, and acting as lead trial counsel for so-called
*Teamster* hearings arising from two government employment class actions.  For example, I had
high level security clearances and represented the NSA in the first case ever tried against it.

52.    I returned to private practice in Alexandria, Virginia, eventually becoming a name
partner in one firm and then opening a Virginia office for a regional law firm where I was also
co-chair of the commercial litigation practice.  I was active in the local bar, argued appellate
cases in several federal and state appellate courts, and tried numerous cases in Maryland, DC,

---

[13]  Note that I was an associate attorney at Akin, Gump, one of the firms seeking fees
here.  I have also been hired as an expert by one or more of the firms seeking fees.  Over the
years I have represented several petroleum companies.  I have no conflict of interest.

and Virginia.  For example, I was court-appointed counsel for the Small Business Administration in the largest receivership it ever brought.

53.     I opened my own firm in 1993, in conjunction with my consulting practice described below.  I continued to try cases in Maryland, DC, and Virginia, as well as argue appellate cases.  For example, I was appointed as counsel to a receivership in Virginia.  I also tried the longest civil trial in DC Superior Court history.  I was active in various aspects of local and Virginia state bar activities.  Altogether I have tried over sixty cases.

54.     I have extensive experience, skill, training, education, and knowledge of the subjects of legal fees, litigation, and related ethical and professional standards.  I am the author, with Professor William G. Ross, of *Legal Fees: Law & Management* (Carolina Academic Press 2003).  I am also the author, with Douglas Danner, of *Trial Practice Checklists 2d* (West Group 2001).  I have written over 25 articles on the subjects of legal fees, examinations of legal fees, legal fee management, legal ethics, litigation, and related subjects.  I have spoken regularly on these subjects and regularly taught national, state, local, and private continuing legal education seminars on these subjects as well – examples of these are contained in my resume.

55.     Founded in 1993, my firm, known as The Devil's Advocate and TLF Consulting, has examined over $1 billion in legal bills and consulted with hundreds of clients on the subjects, for example, of legal fees, litigation strategy and tactics, legal ethics, attorney performance, and work product quality.  I am regularly consulted as an expert in these fields by, for example, business and professional publications as well as by law firms and clients.

56.     I have testified as an expert witness as to legal fees, examinations of legal fees, legal fee management, litigation, and related subjects (both challenging and supporting petitions

*Page 29 (Toothman Declaration)*

for legal fees) in courts around the country, including the U.S. District Courts for the District of

Columbia, Eastern District of Virginia, Eastern District of Pennsylvania, Middle District of

Pennsylvania, Southern District of New York, Central District of California, Northern District of

Ohio, Western District of Michigan, and the Northern District of Alabama; the U.S. Bankruptcy

Courts for Delaware and Maryland; state or local courts in the District of Columbia, Maryland,

California, Virginia, Illinois, Nevada, Florida, and Pennsylvania; and also arbitrations in various

jurisdictions.  Altogether I have testified and qualified as an expert on sixty or more occasions.  I

have testified as an expert retained by one or more of the defendants' law firms here.

57.      I have served as an arbitrator of legal fee disputes for bar organizations in Virginia

and the District of Columbia.

58.      *Methods*: Our role is to review, to the extent practicable, the fee submissions

made in a given case.  When possible, we convert the invoices or billing information into

spreadsheets by electronically scanning the time and expense entries and converting them to

Excel spreadsheets.  We reviewed and coded time entries according to various types of issues (or

potential problems) as described above.  This data is then sorted and filtered for my analysis

using tools included in the spreadsheet program and techniques we have developed over the

years.  This data is presented in Exhibit D, organized in chronological order.

59.      The various categories of problems with time entries for which we code are based

on the rationale used by court decisions and other authorities to deny payment of legal fees in

published cases.  The general standard is whether the fees and expenses are necessary and

reasonable, under the circumstances.

60.     Where time or the submissions did not allow us to review every line of a
submission, we used a sample to estimate the problems, then extrapolated them to the entire
submission.

61.     *Materials Reviewed*: We reviewed the following materials in conducting our bill
review and preparing this report:

  a.      Electronic "folders" submitted by all the defendants seeking fees and expenses
          from Relator, including the joint committee.  This included, in various forms,
          summaries of the fees and expenses, plus affidavits/declarations submitted by law
          firms seeking to substantiate their claims.  As time permitted, we also reviewed
          various subsequent (more recent) submissions by some of the defendants.

  b.      Information regarding legal fee standards in Wyoming, particularly the US
          District Court and the Tenth Circuit.  These do not vary from general standards in
          most other jurisdictions in any material way.

  c.      Information regarding hourly rates submitted by the firms and located through our
          research, including two published studies from the Wyoming Bar.  These studies
          contained useful information setting the high end of Wyoming hourly rates, but
          without necessary information regarding experience, types of matters, and locale,
          they are incomplete.

  d.      We sampled work product from the case, plus reviewed the docket itself.  We also
          reviewed relevant orders.

*Page 31 (Toothman Declaration)*

    e.      From the firms' websites, we gathered information for some timekeepers, usually

from their firm biographies. These biographies are advertising materials which

tend to be vague about actual experience, for example.

We have not had access to underlying documentation supporting the time entries, hourly rates, or

expenses. As noted before, the firms have electronic data available, which they used to create

submissions, but which were not made available to us.

    62.    *Burden*: The burden is always on the law firm to document its time and expenses

and to demonstrate that the fees, hours and hourly rates, and expenses are reasonable both in

terms of value and extent. In part this allocation of the burden of persuasion is pragmatic: Only

the lawyer has the opportunity to promptly and fully document time and expenses and the factual

justifications therefor. Hourly time entries, in particular, are ultimately an honor system. This is

particularly appropriate where the firm has been on notice that there is a dispute regarding its fees

and expenses.

    63.    *Audit Disclaimer*: We have not performed an audit comparable to a financial audit

subject to GAAP following GAAS. Without full firm cooperation and more detailed,

contemporaneous, underlying information, such an audit would be impossible. We cannot, for

example, perform tests for fraud – hourly time entries, hourly rates, timekeeper identity, and even

some of the expenses cannot be verified by us. Instead, we performed a legal bill review, closer

to a review or an operational or performance audit.

    64.    *Supplements*: This report may be modified and supplemented if additional

material information becomes available or if we have the opportunity to complete our review.

*Page 32 (Toothman Declaration)*

65. *Expert Compensation*: Our flat fee to prepare this report and provide related services has been $247,500, not including out of pocket expenses and any post-report work. My current hourly rate is $400.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE TO THE BEST OF MY KNOWLEDGE AND INFORMATION.

_____

John W. Toothman, Esq.

Dated: March 20, 2012

*Page 33 (Toothman Declaration)*

# EXHIBIT D

1 | **William R. Hart, Esq., Bar No. 71127**
2 | **David Christopher Baker, Esq., Bar No. 134134**
**Brian P. Kinder, Esq., Bar No. 212332**
3 | **HART, KING & COLDREN**
**A PROFESSIONAL LAW CORPORATION**
**200 Sandpointe, Fourth Floor**
4 | **Santa Ana, California 92707**
**Telephone: (714) 432-8700**
5 | **Facsimile:  (714) 546-7457**

6
7 | **Attorneys for Respondents, COMPOSITE TECHNOLOGY CORPORATION and DEWIND, INC.**

8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10 | WESTERN DIVISION
11

12
13 | FKI PLC and FKI ENGINEERING, LTD.,

Case No. CV-09-05975-FMC-E

14 |     Petitioners,

Assigned for all purposes to:
Judge Florence Marie Cooper
Magistrate Judge Charles F. Eick
Courtroom: 20

15
16 |     v.

17 | COMPOSITE TECHNOLOGY CORPORATION and DEWIND, INC.,

DECLARATION OF JOHN W. TOOTHMAN IN RESPONSE TO PETITIONERS' AFFIDAVITS CONCERNING THE AMOUNT OF ATTORNEY FEES AND EXPENSES CLAIMED FOR SANCTIONS AWARD

18
19 |     Respondents.

20
21 | Hearing Date:    Hearing Date & Time Requested

22
23 | DECLARATION OF JOHN W. TOOTHMAN
24
25
26
27
28

*Left margin (vertical text):* HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

1

1   <u>DECLARATION OF JOHN W. TOOTHMAN</u>

2   I, John W. Toothman, declare as follows under oath:

3       1.      At the request of counsel for Respondents Composite Technology Corp.

4   and Dewind, Inc., I have reviewed the Petitioner's Declaration of Bronwyn F. Pollock

5   Regarding Petitioners' Costs And Fees in Support of Motion For Sanctions, dated

6   November 12, 2009, (the "Pollock Declaration") and attachments thereto as submitted

7   by Petitioner's counsel, Mayer Brown, LLP ("MB"), in this case.

8       2.      This declaration is prepared for submission in opposition to the Plaintiffs'

9   request for reimbursement of fees and expenses alleged to have been incurred in

10  recent proceedings before this Court.  My knowledge of the claims made by MB is

11  based on the Pollock Declaration and exhibits thereto, upon which I rely without being

12  able to verify or confirm the facts alleged.  If called to testify as a witness, I would

13  testify to the facts and opinions competently under oath.  The opinions stated herein

14  are expressed to a reasonable degree of professional certainty and are based on my

15  observations, analysis, and experience.

16                              *Qualifications*

17      3.      I am an attorney admitted to practice in several jurisdictions, starting with

18  the District of Columbia, as well as federal courts in several jurisdictions.  (I am not

19  admitted in California, though I have practiced pro hac vice in federal and state courts

20  in California, as well as testified in California state and federal courts.) A copy of my

21  current resume is attached as Exhibit A.

22      4.      I graduated from Harvard Law School, *cum laude*, in 1981.  Before that,

23  I graduated with honors from the University of Virginia with a B.S. and M.S. in

24  chemical engineering.

25      5.      I have extensive experience, skill, training, education, and knowledge of

26  the subjects of legal fees, litigation, and related ethical and professional standards.  I

27  am the author, with Professor William G. Ross, of *Legal Fees: Law & Management*

28  (Carolina Academic Press 2003).  I am also the author, with Douglas Danner, of *Trial*

*Practice Checklists 2d* (West Group 2001). I have published over twenty-five articles on the subjects of legal fees, examinations of legal fees, legal fee management, litigation, and related subjects. I have given interviews, made speeches, and taught many continuing legal education seminars on these subjects as well – a sample listing of these is contained in my resume.

6. My firm, known as TLF Consulting or by its trademark, "The Devil's Advocate," has examined over a billion dollars in legal fees and consulted with numerous clients on the subjects, for example, of legal fees, litigation strategy and tactics, attorney performance, and work product quality. I am regularly consulted as an expert in these fields by, for example, business and professional publications as well as by federal, state, and local government agencies, law firms, insurance companies, and clients.

7. I have testified as an expert witness as to legal fees, examinations of legal fees, legal fee management, litigation, and related subjects (both challenging and supporting petitions for legal fees) in courts around the country, including the U.S. District Courts for the District of Columbia, Eastern District of Virginia, Eastern District of Pennsylvania, Middle District of Pennsylvania, Southern District of New York, Central District of California, Northern District of Ohio, Northern District of Alabama, and the Western District of Michigan; the U.S. Bankruptcy Courts for Delaware and Maryland; state or local courts in the District of Columbia, Maryland, California, Virginia, Illinois, Nevada, Ohio, Florida, and Pennsylvania; and also arbitrations in various jurisdictions.

8. I served as an arbitrator of legal fee disputes in Virginia and the District of Columbia.

- 3 -

*Analysis & Opinions*

9.      Based on the Pollock Declaration, the fees apparently claimed are $31,891.25 for a motion to compel, $51,440 for a sanctions motion, plus $502.85 in costs, for a total of $83,834.10.

10.      *Magnitude of the Fees & Expenses*: This was a $32K motion to compel, followed by a $51K motion for sanctions employing five attorneys and a paralegal.  Just the size of the claim, close to $84K, is questionable in the context of a motion to compel and follow-on motion for sanctions.

11.      The typical factors in assessing whether this fee is reasonable are

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly ....(3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; ... (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

ABA Model Rule of Professional Conduct 1.5 (irrelevant or ambiguous factors omitted).  These standards appear in many, many federal and state cases.

12.      To assess time and labor *required*, one starts with the detailed time records, after eliminating defective time entries, such as those with are cryptic, *i.e.*, insufficiently detailed to confirm that the tasks were necessary or belong on this matter or are too vague or ambiguous to substantiate the time claimed.

    a.      These are not actual or original time records as billed to a client -- MB created Pollock Exhibits A and B for this task.  As discussed below, I strongly suspect that MB has edited these time entries, *e.g.*, by obscuring internal conferences.  Once the defective entries are eliminated, the rest would normally be examined for signs that there was excessive time spent, duplication of effort, clerical time, excessive communications, and the like to be eliminated.

- 4 -

b. MB evidently relies on alleged complexity as an excuse for this large fee claim, which MB's excuses implicitly concede this to be. Pollock Dec. Para. 4. While parties always assert novelty and difficulty of the questions involved, whether this was really a factor (as opposed to inefficiency and overstaffing, for example) depends on analyzing the time entries and the legal context.

c. MB also talks about this as a multinational matter, that only a few firms with offices in many countries could handle. Pollock Dec. Para. 4. These days there are multinational elements in many, many cases – this was, at bottom, a motion to compel discovery and a motion for sanctions with delusions of grandeur. "Multinationality" is not a factor in setting a fee – indeed, the whole concept is controversial within traditional state-based bar ethics.

d. Skill requisite to perform the legal service properly and the experience, reputation, and ability of the lawyer or lawyers performing the services are generally based on comparing the nature of the matter with the experience of the actual timekeepers, not firm-wide aspirations to be "multinational" or claims to "lead" the profession. Pollock Dec. Para. 4.

13. The amount in controversy and results obtained are two more fee-setting factors. This was a discovery dispute with unknown value, but MB achieved, *arguendo*, a good result for its clients. The concern is that the fees should be related to the import of the case or, in this instance, a tangential discovery foray. The amount claimed for this discovery motion (with sanctions) is, for example, over the federal jurisdictional amount for diversity cases, *i.e.*, many times what entire federal cases must be tried for on a regular basis.

- 5 -

14.     A major issue here is how to assess the *fee* customarily charged in this locality for similar legal services. MB avoids the question of the fee and argues instead for its admittedly high rates. MB is arguing for the highest rates of the largest, most expensive law firms in the country, not just Los Angeles, out of context -- this is not, or at least should not have been, the largest, most expensive discovery exercise in the country.

    a.     MB suggests that only the largest, most expensive law firms are capable of handling "complex multinational litigation." *E.g.*, Pollock Dec. Para 28. Putting to one side the unproven assumption that MB is capable of handling such litigation, there is no such exclusivity. Many, many firms, of all sizes, handle multinational matters on a regular basis, either internally or by associating with other firms or local counsel, as well as by acquiring lawyers in other countries as MB has done. Moreover, MB's actual staff on this matter consisted of lawyers all in Los Angeles, with the assistance of a fresh law school graduate in New York.

    b.     The implicit standard offered by MB -- the highest possible rates at other giant law firms regardless of context -- is not even relevant. Firm size is not, under any circumstance, a factor relevant to establishing a reasonable fee. Nor is the firm's effort to market itself as a "multinational" firm relevant. Reasonableness of rates, for example, is lawyer by lawyer, experience, reputation, and ability versus experience, reputation, and ability.

    c.     In mapping the tip of the iceberg, MB has, for example, overlooked the 99.9% or so lawyers regularly appearing in this Court who bill at far lower rates and are quite capable of performing the same steps using just one experienced lawyer for a small fraction of the claimed

- 6 -

1  amount.  The issue is rates and fees charged by Los Angeles
2  timekeepers, with similar experience, regardless of the size of the law
3  firm or where else it might practice.

4      15.   *Staffing*:  The staff MB assigned to this matter was excessive.  There
5  are fees claimed by a senior partner, a junior partner, two senior associates, a junior
6  associate, and a paralegal.  Five attorneys and a paralegal is a team large enough to
7  try most federal cases, even complex ones.  I have seen current MB biographical
8  entries for the attorneys on the firm's website.

9      a.   The senior partner, Mr. Soltman, has a rate of $800/hour (which is
10  well over even the skewed survey rates MB offers, Pollock Dec. Para.
11  26).  He billed a little over one hour, supporting the notion that this
12  was not a particularly complex matter.

13      b.   Ms. Pollock, author of the declaration, has been practicing law since
14  2000 and is a junior partner, claiming a rate of $540, well over the
15  median proffered by MB.  She was the top biller over both matters,
16  with over $30K.

17      c.   MB also assigned two senior associates to the matter, Pastrana (8
18  years, $530/hour, just under the junior partner) and Ochoa (7 years,
19  $520/hour).  Ms. Pastrana apparently specializes in insurance-related
20  litigation, although she took a year off to clerk for a state court judge
21  after several years at MB -- her actual practice years are therefore less
22  than claimed.  Mr. Ochoa is a general litigator, claiming experience in
23  a variety of civil matters, plus administrative and criminal matters.
24  Their rates are over the skewed median claimed by MB.

25      d.   Including Ms. Pollock, there were thus three experienced laweyrs
26  performing the work of one.  Ms. Pollock admits that the "bulk" of the
27  fees were billed by Pastrana, Ochoa, and Pollock.  Pollock Dec. Para

28

- 7 -

27. No explanation is given for this unusually inefficient and duplicative staff.

    i.    The duplication of effort is obvious when the time entries are reviewed. For example, Pollock, Ochoa, and Pastrana are all working on the same reply on the motion for sanctions, starting October 11, 2009, Pollock Dec. Ex. B.

    ii.    The same pattern occurs, e.g., with Pastrana and Pollock editing Schildcrout's motion to compel. Pollock Dec. Ex. A, *e.g.*, beginning 7/20.

    iii.    This pattern occurs with two or more timekeepers at each task.

e.    In addition, MB assigned Mr. Schildcrout, admitted less than a year, billing at $335 (a rate well over even the skewed data provided by MB). Mr. Schildcrout is in the firm's New York office. His firm biography lists no experience. This is an example of a firm attempting to bill a junior lawyer's on the job training. Stated another way, if this is a matter for which a first year associate's expertise is sufficient, MB cannot suggest that this was in any way complex or novel to justify either the extraordinarily high fees or hourly rates.

f.    The only rate presented that is below the skewed median is for Mr. Taylor, a paralegal billing at $230 per hour. Without having more data on Mr. Taylor, I cannot assess whether he is even a true paralegal (as opposed to a clerical worker in disguise). Moreover, the MB quoted rates for paralegals are absurdly high – even higher than rates of many highly qualified lawyers in Los Angeles. Paralegal rates reach a market maximum very early in their careers – they do not increase every year no matter how much the bottom lines of law firms would wish otherwise.

g.    One experienced senior associate or junior partner would be able to handle this matter, perhaps with minimal supervision by a senior partner and the assistance of a paralegal performing professional, non-clerical, services.  The additional personnel increase the bill unnecessarily and unreasonably, plus they have a similar effect on the time of necessary personnel with, *e.g.*, extraneous communications.

h.    Large teams generally cause excessive fees, duplication of effort, and excessive internal conferences, for example.  With too many lawyers or other staff, there is excessive time spent briefing the extra people, reviewing the same issues and documents, and so on.  This would normally be addressed by simplifying the staff or writing down fees.

i.    Part of the justification for higher hourly rates is supposed to be that the lawyers have special expertise and efficiency, which should, in turn, translate into a smaller team, not a larger one, as well as more efficient billing.

16.    *Hourly Rate Surveys*: MB attempts to justify its extraordinarily high rates using skewed surveys prepared on behalf of the largest law firms in the country to justify their excessive rates by comparing themselves to one another, overlooking, for example, the subject matter of the expertise, actual experience (as opposed to mere years in practice), rates for similar services in Los Angeles, and the vast majority of the profession equally capable of performing the same services for far less.

a.    That the largest law firms selectively publish information to bolster their retail rates does not make those rates reasonable.  The reasonable price of a hamburger is not determined by polling Morton's, the Palm, and other "leading" restaurants – Carl's Jr. is closer to the standard for the locale.

- 9 -

b.   The rates relied upon are "suggested retail" rates, not as-billed or as-collected rates.  In these economic times, with many large law firms shedding staff and losing money, actual rates are falling even if the firms still quote their aspirational retail rates.

c.   Skewing a survey by surveying only the most expensive law firms, with a vested interest in excusing their higher rates, is not evidence of reasonable rates (experience, reputation, and ability are the factors) nor of the "fee customarily charged in the locality for similar legal services."  Rule 1.5.

d.   MB has withheld some of the alleged documentation supporting these rates, apparently seeking to file it under seal as Exhibit D.  I have therefore not been able to verify MB's assertions, nor can one have much confidence in secret data.

e.   In Pollock Exhibit E, MB presents some unscientific survey data from a National Law Journal poll of the largest firms, again skewed for size.  This data is from all over the country and breaks rates into very broad experience categories, unrelated to speciality or expertise.

   i.   There are, however, three greater LA-area firms in MB's "leading firm" data, Buchalter, Knobbe (Irvine), and Luce (San Diego).  Their *average* partner rates are all under $500 -- an average that includes all the most senior partners, not just the first year partners like Ms. Pollock.

   ii.  I estimate based on this unverifiable data that Ms. Pollock's rate, for example, would be approximately $400 at these firms (well over the average associate rates, under $300, but under the average partner rate, ranging from $448 to $483 per hour).  (Ms. Pollock's rate is most relevant to my conclusions, but the

- 10 -

1      other rates estimated by Respondent's counsel using this same

2      data are also closer to relevant local rates, in my opinion.)

3  f.  The data on which MB's assertions rely is hearsay, demonstrating

4      why hearsay is generally inadmissible – I have no means to verify the

5      underlying data. The survey methodology and resulting data are

6      unreliable and unverifiable, skewed toward the highest rates in the

7      country and provided by firms with a financial incentive to "hold the

8      line" on their retail rates.  Such surveys clump data from many

9      subjects and experience levels together, into broad ranges.  These are

10     not rates most lawyers charge in the locality, nor is the data based on

11     actual experience, reputation, and ability of the lawyer or lawyers

12     performing the services.  As noted before, these are not rates as-

13     collected, but instead are "suggested retail" rates.

14  17.  *Absence of Write-Offs or Write-Downs*:  The absence of write-downs

15 is inappropriate and unusual, especially given the size of the staff and high hourly

16 rates.  Attorneys are required to present their time after exercising billing

17 judgment, which did not occur here.  (It is also possible that MB has resurrected

18 entries written down or off for the client, which is also inappropriate or worse.)

19  a.  I understand that MB disclosed in documents I cannot verify that its

20     *minimum* billable hour requirement is 2,000 annual hours, which is

21     probably well below the *average* hours billed, likely to be around 200

22     hours per month or 2,400 per year.

23  b.  I further understand the MB disclosed information, which I have not

24     seen, indicating that average fee realization is roughly two-thirds of

25     the amounts recorded.  In other words, the firm is writing off

26     approximately one-third of the hours initial recorded by its

27     timekeepers.  This confirms my suspicion that MB's records presented

28

1     to this Court have been "adjusted" to fold write-downs back into the

2     claim.

3    c.     Using this data, amounts billed by MB timekeepers should be reduced

4          by one-third to approximate the firm's normal adjustments.

5    18.   *Absence of Underlying Documentation*: There are no original time

6 records or even the invoices actually sent to the client. I am concerned that these

7 entries have been massaged, *e.g.*, to eliminate or amend language to mask

8 questionable entries, like internal conferences. These records were not prepared in

9 the ordinary course of MB's business but instead with an eye toward this litigation.

10    19.   *Cryptic Entries*: Time entries must provide enough detail for the firm

11 to carry its burden to prove that the work was necessary and the time reasonable.

12 Many of the MB entries lack such details.

13    a.     For example, Pollock's 7/20 entry says she "provide[d] input re

14          motion to compel" without mentioning to whom or what. The same

15          day, Schildcourt begins "compiling necessary information" and

16          drafting the motion, with no reference to Pollock – both are cryptic

17          entries. Pollock might be inputting with someone else or MB has

18          edited time entries to avoid the hot button issue of internal conference

19          time. Pollock has cryptic input again on 7/23.

20    b.     In Exhibit B to the Pollock Declaration, Ms. Ochoa, for example,

21          researches unidentified issues, 9/11, and "reviews" unidentified

22          documents, 10/6. Ms. Ochoa, who bills at over $500 per hour and is

23          alleged to be among the very best lawyers in the world, spends over

24          ten hours researching a sanctions motion.

25    20.   *Evidence of Unreasonable or Inappropriate Fees*: The entries have

26 been massaged, but some problems still show through:

27

28                            - 12 -

a.   Schildcrout spends many days, dozens of hours, drafting the motion to compel, starting 7/20. Pollock Dec. Exhibit A. Then Pastrana spends many more hours revising the motion, starting 7/25, which is one of the problems with using such inexperienced associates in the first place. And Pollock is also editing the same documents, *e.g.*, 7/27.

b.   This continues with a supplemental filing, starting 8/13. *Id.*

c.   Except for a few hours to prepare for and attend the hearing, the firm had three attorneys working on one motion to compel, claiming 68.5 hours for a fee of $31,891.25. This was a motion to compel, handled for more than litigating many actual, somewhat cases to or through trial.

d.   Demonstrating why sanctions motions often exacerbate the inefficiencies of litigation, MB claims another $51,440, over 100 hours billed by four attorneys and a paralegal, to litigate the sanctions claimed for the $31K, three-attorney motion to compel.

e.   Almost all the sanctions time was billed by Ochoa and Pollock, who have comparable litigation experience and duplicate one another's work. Apparently Ochoa does the first draft, *e.g.*, 9/16, then Pollock edits her work, *e.g.*, 9/17. They both prepare for and attend the hearing on 10/30.

f.   Mr. Taylor, the paralegal, is performing mostly clerical, *i.e.*, nonbillable, tasks. *E.g.*, 10/16 ("retrieve and organize exhibits..., assist with filing...") These are not billable because they are part of the firm's overhead, not performance of professional services at a discount from attorney rates.

21.   *Absence of Client Fee Agreement*: The actual arrangement between client and firm establishes a ceiling on what may be reimbursed. I have seen

- 13 -

instances, for example, where a firm has altered or enhanced hourly rates, reversed write-downs, or made other adjustments to increase the recoverable universe, to limit the net impact of any adjustments by the court. In practical terms, this means that we need to examine the terms of the engagement for, *e.g.*, discounts (express and de facto), hourly rates, staffing restrictions, expense limitations, and the like.

22. *Conclusion*: Based on the foregoing, especially the unverifiable information provided by MB, my opinion to a reasonable degree of professional certainty is that a reasonable fee for the tasks described would be no greater than $5,720 for the motion to compel (Pollock's time of 21.75 hours, less 33% for MB's typical write-offs, for 14.3 net hours times $400/hour for the LA firms included among MB's cast of leading firms). For the sanctions motion, the reasonable fee would be no greater than $10,360 (Pollock's time of 39.25 hours, less the 33% normal write-off or 25.9 hours at the same rate), though I believe that amount is still excessive because it substantially exceeds the fee for the motion to compel -- the sanction fee should be capped, at most, at the same amount, but that is a matter for the Court's discretion looking at such factors as the time "required," the lack of novelty or difficulty, customary fees for similarly routine motions, and the small amount then involved (at most $31K for the motion to compel). I have no issue with the type or amount of the claimed expenses as long as they are otherwise allowed by law.

### *New Information & Authority*

23. My firm did not have sufficient time to conduct a more detailed analysis of the time entries, nor to prepare spreadsheets, graphs, and tables to illustrate issues discussed above.

24. If material new information becomes available, I may revise or supplement this declaration and my opinions accordingly.

- 14 -

25.    I am an independent expert, not an agent or attorney representing Composite Technology or Dewind. None of my statements is made as a representative of Respondents nor am I authorized to waive or release anything on its behalf.

26.    I have prepared this Declaration for a flat fee of $2,500. My hourly rate for any additional work would be $400.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

By      _____
                John W. Toothman

Attachments:

Exhibit A              Current Resume of John Toothman

\* \* \* \* \* \*

- 15 -

# EXHIBIT E

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

-------------------------------------------------- x

FEESERS, INC.,
     Plaintiff,

v.                                     Case No. 1:CV-04-576

MICHAEL FOODS, INC. and         (Judge Rambo)

SODEXHO, INC.,
     Defendants.

-------------------------------------------------- x

## DECLARATION OF JOHN W. TOOTHMAN

I, John W. Toothman, declare as follows under oath:

1.     At the request of counsel for Sodexo, Inc., I have reviewed the Plaintiff's May 28, 2009, Motion for Reasonable Attorney's Fees & Costs ("Fee Motion") and attachments thereto as submitted by Plaintiffs' counsel, Dewey & LeBoeuf LLP ("D&L"), in *Feesers, Inc. v. Michael Foods, Inc. and Sodexo, Inc.,* No. 1:CV-04-576 (M.D. Pa.).

2.     This declaration is prepared for submission in opposition to the Plaintiffs' Fee Motion. I have personal information of the facts stated and, if called to testify as a witness, I would testify to the facts and opinions competently under oath. The opinions stated herein are expressed to a reasonable degree of professional certainty and are based on my observations, analysis, and experience.

*Toothman Declaration - Page 1*

3.      I have reviewed the Feesers motion for legal fees and expenses, plus the memorandum in support, the bill of costs, three affidavits, and other exhibits thereto.  An exception is the recent submission of additional expense documentation which D&L submitted this week.  I have also seen information D&L makes available on its website.

*Qualifications*

4.      I am an attorney admitted to practice in several jurisdictions, starting with the District of Columbia, as well as federal courts in several jurisdictions.  A copy of my current resume is attached as Exhibit A.

5.      I graduated from Harvard Law School, *cum laude*, in 1981.  Before that, I graduated with honors from the University of Virginia with a B.S. and M.S. in chemical engineering.

6.      I have extensive experience, skill, training, education, and knowledge of the subjects of legal fees, litigation, and related ethical and professional standards.  I am the author, with Professor William G. Ross, of *Legal Fees: Law & Management* (Carolina Academic Press 2003).  I am also the author, with Douglas Danner, of *Trial Practice Checklists 2d* (West Group 2001).  I have published over 25 articles on the subjects of legal fees, examinations of legal fees, legal fee management, litigation, and related subjects.  I have spoken many times on these

*Toothman Declaration - Page 2*

subjects and taught many continuing legal education seminars on these subjects as well – a sample listing of these is contained in my resume.

7. My firm, known as TLF Consulting or The Devil's Advocate, has examined over a billion dollars in legal fees and consulted with numerous clients on the subjects, for example, of legal fees, litigation strategy and tactics, attorney performance, and work product quality. I am regularly consulted as an expert in these fields by, for example, business and professional publications as well as by federal, state, and local government agencies, law firms, insurance companies, and clients.

8. I have testified as an expert witness as to legal fees, examinations of legal fees, legal fee management, litigation, and related subjects (both challenging and supporting petitions for legal fees) in courts around the country, including the U.S. District Courts for the District of Columbia, Eastern District of Virginia, Eastern District of Pennsylvania, Middle District of Pennsylvania, Southern District of New York, Central District of California, Northern District of Ohio, Northern District of Alabama, and the Western District of Michigan; the U.S. Bankruptcy Courts for Delaware and Maryland; state or local courts in the District of Columbia, Maryland, California, Virginia, Illinois, Nevada, Ohio, Florida, and Pennsylvania; and also arbitrations in various jurisdictions.

*Toothman Declaration - Page 3*

9.     I served as an arbitrator of legal fee disputes in Virginia and the District of Columbia.

10.     I began my legal career as an antitrust trial lawyer, also handling other types of trade regulation and business litigation, and I am familiar with the issues and dynamics of such litigation.

### *Legal Bill Review Steps*

11.     We have examined bills from hundreds or thousands of law firms, large and small, from around the country and in many types of cases where fees and expenses may be shifted either by contract or by law.  Though the issues sometimes vary, we invariably begin with an examination of the detailed time entries and expenses submitted by the firm(s) seeking to shift their fees.  This includes cases in which we have been retained to testify in *support* of the petition, as well as to object to it.

12.     The procedure we would follow to assess fees is the same procedure that most state and federal courts try to use because it is expected by appellate courts describing the burden that fee shifting puts on the finder of fact.  Although D&L did not produce its time entries, I estimate that there are likely to be several thousand time entries – just reading them one time through would be exhausting, let alone trying to consider each entry in different contexts.  For example, a time

entry of 2 hours to review documents may or may not be reasonable on its own, but twenty such entries in a month or time spent by five others also reviewing the same documents raises issues that cannot be spotted just by reviewing the original bill in its original order.

      a.      Our reports have invariably been recognized as useful by courts because we have the resources to do the meticulous line-by-line analysis, plus the sorting and filtering that the law logically requires. We have scanners, software, and experience converting bills from thousands of firms into spreadsheets that make it much easier not only to identify issues, but to total the numbers and avoid double counting, for example. We have the additional advantages of focusing on this subject and years of experience, but the most practical advantage from a court's perspective is that we, using our tools, alleviate the impact on already heavy dockets and overworked staff. We then present a transparent report with all underlying data so that opposing parties may stipulate or object as they see fit and the court may adopt all or part of our data and recommendations as it chooses.

      b.      Our first step is usually to review each time entry (there should be at least one per day for each timekeeper billing time), looking for

various types of problems that may indicate each individual entry does not belong on the bill or represents unreasonable or unnecessary effort.  Common issues at this stage include inadequate or vague descriptions, internal conferences, clerical (overhead) or other non-professional services, long days (8 or more hours billed by one person in a day), and full rates charged for travel time, to name a few issues regularly raised by courts examining fees.

c.  The second step is usually to examine the reasonableness of the hourly rates, using information about the rates as actually billed and collected (not just "suggested retail" rates), the relevant experience and expertise of the lawyers, and comparing the rates claimed against rates for similarly experienced lawyers working on comparable cases in the same locale.  The court may already have experience with relevant rates, but analyzing rates and the impact of staffing becomes more difficult when there are dozens of timekeepers, including not just lawyers but also paralegals and, in this instance, "litigation support staff."  We can also search public records to confirm licenses, admission dates, and other information relevant to setting a rate. Another issue in this case, for example, is the reasonableness of

*Toothman Declaration - Page 6*

hourly rate changes over time – some of the D&L rates increased by hundreds of dollars or doubled or tripled in the course of the litigation.

d.  The third step is to combine the time entries with the hourly rates to see what the actual fee claimed may be – even if the time appears accurate and the rate reasonable, the amount billed has to be reasonable under the circumstances.  Two attorneys might bill five hours to prepare for and take a deposition – that might be a reasonable amount – but charging for two people to do the same task would be duplicative.  We also look for examples of waste, like on the job training, heavy staff turnover, overstaffing, and so on.

e.  There may be additional steps depending on applicable law or the issues in the case.

f.  A similar process of line-by-line review of the itemized claim also applies for cost items, though the typical issues with costs are somewhat different.  In addition to vague entries or excessive amounts, firms sometimes attempt to pass through overhead items (like rent, overtime, or fixed expenses, like computerized research) or personal items (like meals, commuting expenses, or the like).

g.      We adapt our scope of examination to the demands of the case.  We
have, for example, provided special printouts or calculations
according to criteria requested by a court.

13.      We cannot perform these services here, as to hourly rates, staffing,
hours, fees, or most of the costs because D&L has not produced its time records,
most of the itemized costs, and most of the support for its hourly rates.  *Time and
labor required* is the most prominent factor in setting a reasonable fee, but that
factor cannot be applied without the time records.  Detailed entries also allow an
opponent to conduct an independent assessment and make focused objections.  The
absence of itemized time records and relevant information to support most of the
hourly rates is unique in my experience.[1]

## *Indications of Questionable Fees & Expenses*

14.      Based on the Fee Motion, the total fees expended on this case are
$9,255,624.39, plus $33,023.95 in local counsel fees, and plus $1,565,218.38 in
costs, including expert fees.  In addition to its argument for fees, D&L submits
three affidavits and a bill of costs.  The affidavits are from Eamon O'Kelly (D&L

---

[1] In a sense this is an extreme example of vague, insufficient, or generic time entries, which are
normally disallowed on that ground alone because the inadequate time entry makes it impossible
for the court to assess whether the time is reasonable, excessive, redundant, or the like.  The firm
making the time record has the ability and therefore the burden to record its time accurately and
in detail.

*Toothman Declaration - Page 8*

partner), George E. Mastoris (D&L associate), and Stephen M. Williams (Feeser local counsel). Notably absent are itemized daily time records by timekeeper or actual detailed invoices, experience of the timekeepers (except three partners), and specific hourly rates or support therefore for the timekeepers.

15.     Without the actual, detailed time entries or experience data, I cannot conduct the detailed analysis of the fees and expenses I described above. To catalog the prejudice to Sodexo from the missing information and demonstrate the practical reasons why itemized information is normally produced, I will describe issues, or potential issues, which I have noted in the materials D&L has provided. I cannot verify or quantify them without the missing evidence.

16.     *Magnitude of the Fees & Expenses*: Just the size of the claim, close to $11 million, is remarkable. That claim contrasts with the more routine dimensions of the case, which are more consistent with a much smaller fee.

     a.     An $11 million fee and expense claim is far out of proportion with 200,000 pages of documents, 25 depositions, one expert per side, a number of motions, an appeal, and a nine or ten day trial. Calling the case "complex," "hotly disputed," or blaming the opposition is, unfortunately, what almost everyone says in every case. Mr. O'Kelly's Affidavit contains a summary of the case – a sort of

*Toothman Declaration - Page 9*

speaking docket and a monthly commentary.  Para. 7, 21 et seq.  To me, however, this does not describe an $11 million fee and cost case – these statistics can be generated in cases tried for a small fraction of the amount claimed.

b.  Another oddity is that the fees claimed in the motion for D&L are $9,255,624.39, echoed at Paragraph 4 of the O'Kelly Affidavit, but the fees in the table at Paragraph 9 of the O'Kelly Affidavit total $9,091,263.75, a difference over $150,000.  *See also* Para. 10 (lower number and stating this is what "Dewey accrued").  That table is the only breakdown, though partial, of some of the fees by timekeeper, but with several catchall categories totaling roughly $1 million.  This may indicate, for example, that the detailed time entries cannot be reconciled with the fee claim – a major issue with implications beyond $150,000.

c.  After taking out the 3.5% write-off and $23,000 that did not belong on these bills in the first place, discussed below and *see* O'Kelly Aff. Para. 11, the total fee claim through April 2009 is even lower – $8,749,365.64.  I cannot verify this amount, but these discrepancies

*Toothman Declaration - Page 10*

just to arrive at the amount sought are hundreds of thousands of dollars.

17.     *Other Important Reasonable Fee Standards*: We usually look for the concrete examples of issues raised by the standards courts use to assess the reasonableness of fees.

a.      As noted before, time and labor *required* is usually the first factor considered, which is entirely dependent on seeing the time entries, then backing out what is not "required."  This is generally where excessive time, duplication, clerical time, excessive communications, and the like are trimmed or eliminated.

b.      While parties always assert novelty and difficulty of the questions involved – D&L refers to complexity – whether this was really a factor (as opposed to inefficiency, for example) depends on analyzing the time entries.

c.      Skill requisite to perform the legal service properly and the experience, reputation, and ability of the lawyer or lawyers performing the services are generally based on comparing the nature of the matter with the experience of the timekeepers.  We have some of this for the top three D&L partners, but not the rest.

*Toothman Declaration - Page 11*

d. The amount in controversy and results obtained are two important fee-setting factors, but there were no damages sought or awarded here. The concern is that the fees should be relate to the import of the case. With such a large fee claim and an uncertain value to the case, this relationship is unclear.

e. A major issue here is how to assess the fee customarily charged in the locality of the case for similar legal services. D&L is arguing for New York rates – actually rates at the high end even for New York City – selectively pointing to the rates Latham & Watkins charged for other lawyers in a New York case. Parity with opposing counsel is not, however, the issue. The issue is experience of the timekeepers matched up with rates for comparable Harrisburg timekeepers. D&L does not provide this information.

18. *Minimal Burden of Producing Time & Rate Data*: I do not understand why D&L has withheld basic time details and support for its hourly rate, which should be readily accessible – they were apparently billed to Feeser and Mr. O'Kelly, at least, recently looked them all over. O'Kelly Aff. at Para. 7. D&L has, for example, provided details for several costs and, only recently, for other expenses. To produce the cost data, D&L had to segregate it from the hourly fee

data.  Moreover, the O'Kelly Affidavit has hundreds of paragraphs just summarizing the bills – it would have been easier just to produce them.[2]

19.  *Staffing*:  The disclosed team is quite large, but there are an unknown number of additional personnel with unknown, undocumented rates.

a.  D&L names thirteen timekeepers – apparently lawyers – who billed most of the fees on the matter.  O'Kelley Aff. at Para. 9.  But D&L also lists "other associates," "paralegals," and "litigation support staff," billing almost 6,000 more hours and almost $1 million.  (The summary table also leaves out some additional timekeepers, called "other" in Mr. O'Kelly's monthly summaries.)  Many of these people are anonymous, their hours are unknown, and their individual rates are not substantiated.

b.  The documentation to support the fees and rates for the three senior partners is more detailed than the rest, closer to what firms seeking

---

[2]  I saw veiled references suggesting the bills are privileged communications or work product in the O'Kelly Affidavit, presumably to justify withholding these records, which are the data underlying summaries submitted to the Court.  Legal bills rarely, if ever, contain or disclose anything confidential, since opponents inevitably know what the issues and facts of the case are and, by this point, work product is on the table, the record is closed, and all issues have been aired.  Moreover, in my experience, parties seeking to use privilege claims as a sword must either elect to disclose the documentation or waive the claim for fees.  (Even partial redactions in exchange for a write-off of the redacted entries deprive us of the context in which the work was done.)  I have never seen a party successfully claim a fee of any size, let alone one this large, while withholding the underlying data.

*Toothman Declaration - Page 13*

fees normally provide to prove their claim.  For most of the remaining lawyers, we have a name, years of service, and a line about their general duties.  But there are more, unidentified associates, let alone the paralegals, support staff, and others, for whom we just have at most a reference in a table, perhaps a rate, and a total we cannot verify.

c.    Large teams generally cause excessive fees, duplication of effort, and excessive internal conferences, for example.  Time entries may reveal unproductive and disorganized effort.  Without the time entries and itemized expenses, we cannot make a specific, principled analysis of the claim to narrow the issues and yield a reasonable lodestar.

d.    Turnover of staff is another source of substantial waste due to lost investments of time to bring team members up to speed and keep them there.  Conceding that this is an important issue, Mr. O'Kelly admits that there was "inevitable" "turnover" especially among Dewey associates.  O'Kelly Aff. Para. 17.  We would need to see the details – even if "inevitable," turnover is normally mitigated with write-downs.

e.    Putting three senior partners, especially two with over thirty years of experience, on the same case is unusual.  The usual staffing structure

*Toothman Declaration - Page 14*

has fewer members at the top and is a pyramid so that work is delegated down to the lowest level of experience necessary to do the work cost-effectively, expecting the senior lawyers to spend less time on routine tasks but using their experience to supervise and guide the process efficiently. With too many lawyers, there is excessive time spent briefing the extra lawyers, reviewing the same issues and documents, and so on. This would normally be addressed by simplifying the staff or writing down fees.

f.    The table in the O'Kelly Affidavit, Para. 9, also shows that the three senior partners each billed hundreds or thousands of hours on this matter, which is unusual. Mr. Kessler billed over 700 and Mr. Collins billed over 1,400 (a person-year in typical firms). Mr. O'Kelly billed over 4,200 (over $2.3 million for one timekeeper), almost three billable-years for typical lawyers. (Normally the heaviest hours on a case come from associates, not experienced, busy partners whose experience is spread over more matters and non-billable administrative activities.) Five more junior timekeepers billed roughly a person-year each, which is also remarkable, especially in a case of this magnitude.

g.      There is a reference to "hiring temporary paralegals," O'Kelly Aff.

Para. 307.  This is apparently included under expenses.  My concern is

that, since paralegals who billed time as part of the fees are

anonymous, they could also have "fees" billed.  There should be no

fees from temporary or contract personnel – a firm may not mark up

an expense to make a profit – but this cannot be confirmed with the

data produced thus far.

20.     *Expert Expenses*: The claim includes reimbursement for D&L's

expert, Dr. Larner.  The amount is $894,278.43, including $83,261.43 in expenses,

which is quite large for just one expert.  (That there was only one expert is also

unusual, especially if the case were complex.)  Another concern raised by

comparing the expert bills, Exhibit A to the O'Kelly Affidavit, with statements

about what D&L timekeepers were doing, *e.g.*, O'Kelly Aff. Para. 7 (g)

("assistance to ... prepare expert report and rebuttal"), is that there was waste and

duplication in dealing with the expert.  The expert had his own staff, at least 15

more people identified by name in his bills, plus a couple of anonymous categories,

billing hundreds of dollars per hour, as disclosed by the summary invoices

presented thus far – we do not have billing details here, either.  The reference to

D&L timekeepers also "providing assistance to Feesers' expert" suggests that the

true cost of the expert and his report may be well over $1 million when those fees are considered, plus the chances for waste and duplication increase with these extra personnel involved.  O'Kelly Aff. Para. 7 (g).

21.  *Contrast Between Local Counsel and D&L Fees*:  There is a marked disproportionality between D&L's fees and those of its experienced local counsel. This applies not just to their hourly rates, but also to the minimal use of local counsel as revealed by their fees, which are less than $40,000.  Normally local counsel could handle routine depositions and motions, along with other aspects of discovery.  I am looking for some explanation why this was reasonable and necessary.  Using out of town lawyers (at higher rates) increases fees in many ways, including time in transit, the inefficiency of working on the road, and the travel costs, plus more subtle effects like the impact of their unfamiliarity with local practices.

22.  *Hourly Rates*: D&L has not provided documentation to support hourly rates except for the rates of Messrs. Kessler, Collins, and O'Kelly.  That documentation is thin, but probative, in marked contrast with the absence of documentation for the ten other named timekeepers and unknown number of anonymous or undocumented timekeepers, who represent thousands of hours and roughly $1 million of the claim.

a.    The hourly rates D&L presents are not just New York City rates, but among the highest rates in New York City, which is, in turn, one of the highest hourly rate areas in the country.

b.    The normal issue is not whether, for example, these rates would fit in among the top rates in New York or whether some of them might be lower than the rates of opposing counsel.  The issue is whether they would be reasonable for necessary services by comparably experienced lawyers in Harrisburg.

c.    The only Harrisburg rate I have seen was for local counsel, Mr. Williams, billing between $185 and $285 per hour, and his associates.[3]

---

[3] Mr. O'Kelly makes a passing reference to privileged communications, activities, and work product, apparently to justify withholding original billing records and instead presenting unverifiable "summar[ies]" of the actual data.  O'Kelly Aff. Para. 22.  This does not conform with privilege claims I have seen, nor for the reasons described in my Declaration would *in camera* review be efficient or provide Sodexo necessary access to underlying documentation. Mr. Williams also withholds the underlying documentation for his fees, though he admits that these are the "billing records," which he offers to provide to the Court for *in camera* inspection. Williams Aff. at Para. 6, 7.  Implicit in a suggestion of *in camera* review is the notion that the underlying records should be subject to review and verification, just not by the party with the resources to conduct that review and who is expected to pay them.  In my experience, *ex parte in camera* review is a step in the process of establishing a privilege, not proving a claim, especially one for $11 million, *ex parte* and off the record.  I leave the legal issues to the Court, but I have never seen such a proceeding, especially on something as routine or time-consuming as a fee petition.  *In camera* inspection would deprive Sodexo of access to the underlying documentation and of the opportunity to verify Feeser's claim and make its own analysis, as well as to assist the Court's analysis with our expertise and experience.

d.  The affidavit of Mr. Mastoris, admitted in 2004 and a D&L associate, presents the case for D&L's expertise[4] by attaching generic information about the firm and its litigation and antitrust departments, documented with hearsay from the firm's website. The only timekeeper details are from firm biographies for Kessler, Collins, and O'Kelly. Firm resumes and the size of a firm are irrelevant to setting a particular lawyer's fee – each lawyer's rate is based on personal experience, reputation, and ability, the skill required by the matter, and comparison with rates for local lawyers with similar experience.

i.  To provide documentation regarding D&L's argument that its fees and unknown rates are supported by the resumes of its opponents, Mr. Mastoris also presents selections from the websites of Leonard, Street, and Deinard, Latham & Watkins, and Cooley Manion, plus material about Latham rates from another case in New York. These materials are not relevant to the normal or standard analysis of the reasonableness of D&L's own rates, staffing, and fees.

---

[4] Actually, he did not vouch for anything other than the authenticity of the documents he attached. This is not the usual foundation for proving reasonable fees, rates, hours, or expenses.

*Toothman Declaration - Page 19*

        ii.      The extract from a Valeo Partners survey of attorney rates is a type of material I have encountered many times before and which I have found to be wholly unreliable.  Mastoris Aff. Para. 17 and Exhibit P.  The survey methodology and resulting data are unreliable and unverifiable, skewed toward the highest rates in the country.  Such surveys clump data from many subjects and experience levels together, into broad ranges.  These are not rates most lawyers charge in the locality, nor is the data based on actual experience, reputation, and ability of the lawyer or lawyers performing the services.  These are not reasonable rates for any locale or particular case.

e.      The hourly rates also increased substantially from beginning to end, though there were years in some categories where ranges went up or stayed flat.  Except for Messrs Kessler, Collins, and O'Kelly, the rate information is presented in ranges by category (associates, paralegals, and "litigation support").  O'Kelly Aff. Para. 13.  The summary data shows that some rates, even for senior attorneys whose rates should have reached a plateau, went up by hundreds of dollars or two or three times the initial rate.  (This included years when the largest recession

in decades had hit the economy,[5] taking many law firms with it.)
Changing rates is an issue attracting substantial judicial attention, but
I cannot trace these changes to particular timekeepers nor assess the
reasonableness of these large rate increases without detailed entries.

23.     *Spontaneous Write-Downs*:  The absence of write-downs would be
inappropriate and unusual, especially given the size of the staff and high hourly
rates.  The Memorandum implies this was a post hoc adjustment, to support this
claim, but elsewhere it seems D&L made the write-downs of its bills as issued,
which is more typical, though these write-downs are small with such high fees.
(Any write-downs for the client should be carried through to the petition – Sodexo
stands in the same shoes and reimbursement of the reasonable component of actual
fees.  Putting them back in would be objectionable.)

a.      D&L voluntarily reduced its fees by 3.5%, or $318,041.86, "to avoid
any possible inefficiency or duplication of effort," an assertion which
we cannot test because D&L did not produce the actual time records

---

[5]  The impact of the recession on D&L is reflected, for example, in the apparent termination of
several associates from this case in April 2008.  O'Kelly Aff. Para. 17 (d), (e), (f).  All three
were working on, for example, the post-trial briefing until the end of their tenure – that indicates
to me they may have felt substantial billing pressure well before that, the indicia of which can
sometimes be found in detailed time records.

or other data to document the fees.  Mem. in Support of Fee Motion at 2.

b.      Where the 3.5% came from is not explained, but the amount is small given the large amount claimed.  (In the O'Kelly Affidavit, Para. 10, the explanation is that these write-offs were made "from time to time," and not billed to Feesers – but we cannot verify any of this without detailed records.  With the detailed records we could also verify whether there are more entries meeting the same criteria that caused the 3.5% write-down.)

c.      Nor are inefficiency and duplication of effort the only grounds on which to deny all or part of a fee claim.  Redundant staff or staff turnover, wasted effort by junior staff, internal communications within the team, inexperienced staff, and dubious projects are some of the reasons for write-downs, which we cannot trace without the time entries.

      i.      A write-off of 3.5% is far less than, for example, the typical courtesy discount firms give to paying clients on similar matters.

d.     D&L also voluntarily reduced its bill by $23,856.25 from the amount paid by Feeser because "those fees were not reasonably related to the prosecution of this lawsuit."  Mem. in Support of Fee Motion at 2. Mr. O'Kelly's Affidavit says these were billed to Feesers but were "not sufficiently necessary for the prosecution of this lawsuit to warrant inclusion [here]."  Para. 11.  This is not an adjustment or write-down because the time never belonged there in the first place. But this raises a very serious concern that irrelevant time was commingled in the bill, and there may be more.  Without knowing the criteria used to remove these entries and all the detailed entries, specifically identifying those which meet the criteria, we cannot verify that D&L eliminated all such time, nor can we tell if there is likely to be much more, hidden perhaps by vague descriptions.[6]

24.     *Commingling of Defendant-Specific Issues*: It is apparent that D&L did not segregate or identify separately the time ascribable to work done on issues unique to Michael Foods, *e.g.*, early dealings with Michael Foods, the motion for contempt.  O'Kelly Aff. Para. 7(t) & (u), 26, 28.  The legal issue is for the Court to

---

[6]  The O'Kelly Affidavit states that "only time spent on matters related to the Feesers lawsuit" were billed to this billing file.  Para. 6.  In Paragraph 7, Mr. O'Kelly says he checked all the entries himself.  This $23,000 item, though a small percentage because the claim is very large, contradicts these assurances.  This is one reason why my firm reviews fee petitions.

decide, but I would need the time entries to quantify this – assuming the records were detailed.

25.     *Concessions That Fees are High*:  D&L admits that "the hours expended by Dewey lawyers ... were higher than they might otherwise have been," which it blames on defendants' "hardball" tactics.  Mem. in Support of Fee Motion at 13; *see also* O'Kelly Aff. Para. 6.  All parties blame one another, but at least part of the explanation for high fees and cost lies inside the firm's own staffing, rates, and hours.

26.     *Telltale Signs of Excessive Fees*: We have very limited information on fees billed by timekeeper or month, O'Kelly Aff. Para. 9 & 10.  As noted elsewhere, the staffing is large and major groups of timekeepers are anonymous. The monthly breakdown shows, for example, over $2 million billed in the weeks leading up to and through trial – it was a nine day trial.  Another $1 million was evidently billed in the weeks after the trial, for post-trial briefing, presumably. These all seem quite high under the circumstances – detailed records should allow me to understand why.

27.     *Evidence of Non-Billable Clerical Time*: The assertion that this was a 200,000 *page* document case was used to explain the high fees, but some of the activities described are non-professional, non-billable overhead activities:

*Toothman Declaration - Page 24*

paralegals and litigation support staff had to "process" them, "copy" them, "index" them, and convert them into "electronic formats." Mem. in Support of Fee Motion at 14. Mr. O'Kelly's description of their activities confirms that they are non-billable clerical services, at least in substantial part: "assisted with document production ... "maintained internal document databases, prepared mailings, organized trial exhibits [etc.] ...." O'Kelly Aff. Para 19. I cannot estimate the fees attributable to such time entries without the detailed bills.

    a.    The table at Paragraph 9 of the O'Kelly Affidavit includes over $580,000 (3,800 hours) in fees for an unknown number of unnamed paralegals with unknown rates – often a source of non-billable clerical time.

    b.    Another major issue would be the "litigation support staff," also unnamed and unknown in number, totaling over $200,000. Even the title of the category suggests that these services are on the clerical borderline. Mr. O'Kelly says they provided "technical support" for "document discovery and [maintained] internal databases." Aff. Para. 20. These are largely or totally overhead and non-billable clerical services.

c.    Nor can I, without the detailed time entries, locate other time that courts generally cut or eliminate from fee petitions, including cryptic or vague entries, internal conferences, long days (more, say, than 8 billed hours in one day by one timekeeper), travel time, and other indications of excessive fees.

28.    *Absence of Client Fee Agreement*: The arrangement between client and firm establishes a ceiling on what may be reimbursed.  I have seen instances, for example, where a firm has altered or enhanced hourly rates, reversed write-downs, or made other adjustments to increase the recoverable universe, to limit the net impact of any adjustments by the court.  In practical terms, this means that we need to examine the terms of the engagement for, *e.g.*, discounts (express and de facto), hourly rates, staffing restrictions, expense limitations, and the like.

29.    *Unilateral Access to Billing Details*:  D&L's submission, though lacking the underlying documentation, includes selections from that information, such as details about some of the timekeepers and totals for some categories of time as calculated by D&L.  O'Kelly Aff. at Para. 9 (table of timekeepers with fees and hours, but including generic timekeeper categories).  Mr. O'Kelly avers that he "reviewed the entries ... and [he] confirm[s] that the fees sought pertain to the instant action." *Id.* at Para. 7.  Paragraph 8 elaborates that he (or someone for

*Toothman Declaration - Page 26*

D&L) "reviewed" "each daily entry on each monthly statement was reviewed to determine whether it pertained [to the "general conduct" of this case]." *Id.*

    a.    I cannot verify those assertions or present counterpoints or rebuttal without equal access.  I am concerned, however, that D&L felt the need to review its entries to make sure they even relate to this matter – suggesting an unreliable timekeeping process – not, for example, to write-down excessive time, duplication, or vague entries as a firm normally would before filing a fee petition.

    b.    Another example of the selective, unilateral use of underlying data which I cannot verify is Mr. O'Kelly's monthly, general narrative of D&L's fees and activities, which are apparently submitted in place of the underlying detailed records which are normally produced to support a fee petition.  Aff. Para. 23, *et seq.*  For example, I cannot verify the hours by timekeeper, hourly rates, fee amounts, or activities described.  These are an advocate's sanitized summary of the underlying, more contemporaneous itemized time details.

    c.    These summaries drawn from the actual time records do raise questions, however.  For example, in December 2003, D&L participated in one call with its client, billing almost $4,000.  In

*Toothman Declaration - Page 27*

November 2006, the only activity was to correspond about oral

argument dates, with a bill of $5,156.25.  O'Kelly Aff. Para. 224, 225.

In most months the identified staff changes – and we cannot penetrate

the generic labels for "other associates," "paralegals," or "litigation

support."  Most of the months, however, mix several general tasks

together so one cannot tell what any particular task cost, let alone who

worked on it and whether the charges are duplicative or excessive.

And, as noted elsewhere, these summaries do not describe a

particularly unusual or complex case commensurate with an $11 fee

and expense claim.

30.    *Business Records & Summaries*: The documentation submitted by

D&L was specially prepared for this litigation, *i.e.*, it is not a business record of

D&L created contemporaneously in the normal course of business, based on my

experience with the record keeping of numerous law firms and lawyers. Instead,

this is apparently a summary prepared to advocate D&L's position in this

litigation.  The underlying documentation for this summary includes the original

time and expense records, which have not been produced.  Normally, as an expert

for a party objecting to the fees and expenses, I would have access to the

underlying documentation to verify and rebut a summary.

31.   *Absence of Fee Management Activity*: There is no evidence of normal supervision or management by Feeser or D&L of the fees and expenses, *e.g.*, with write-offs of wasted or excessive fees and expenses.  It is expected that a firm (or the party seeking the fee) will exclude from the fee request hours that are excessive, redundant, or otherwise unnecessary, for example.  Even if the firm avers that it did so, we cannot verify such an assertion unless we are given access to the underlying fee and expense documentation, including time entries, expense receipts, and the like.  The 3.5% arbitrary write-off is small and the basis unclear.  Indeed, D&L admits Feeser paid irrelevant fees that did not belong here – we cannot verify this without the time detail, but this alone suggests that the time records are tainted with improper charges.

32.   *Expenses*:  Actual, necessary out-of-pocket expenses incurred by a lawyer in the course of representing a client can be passed through to clients, assuming the client has agreed (or there is no agreement to the contrary).  Whether they can be shifted to an opponent is a legal matter for this Court.  From my perspective, our review seeks to verify the amount, type, and appropriateness of the charge, in case the Court allows it – if it could not be charged to the client, it cannot be shifted.  The itemized costs here allow us to check the arithmetic, but we do not have the justification for the expenses.  A firm cannot mark-up expenses or

charge personal or overhead items as an expense.  These expenses totaled

$506,258.75 in allegedly taxable costs (though the bill of costs only totals

$232,535.67), plus $667,287.50 in additional D&L expenses, and plus

$894,278.43.  O'Kelly Aff. at Para. 305, 306, 309.

    a.    As noted before, the cost documentation from D&L for some cost

items is in marked contrast with the fee documentation, and closer to

what is normally provided in fee petitions.  The documented costs are

for court fees, subpoenas, transcripts, witness fees, and some outside

copying.

    b.    I will not express an opinion on whether a particular cost item is a

legally taxable cost or appropriately shifted to an opponent – that is a

legal issue for the parties and the Court ultimately to decide.

    c.    The following expenses are, however, apparently either non-billable

in the first place or unreasonable given the information provided:

    i.    We cannot tell whether the fax, phone charges and reproduction

are at actual, reasonable cost – I do not even know what D&L is

charging per page or minute for these internal expenses -- but

markups are not allowed and given the flat fee plans now

almost universally employed by these vendors, they are likely

*Toothman Declaration - Page 30*

to be overhead, not a variable expenses ascribable to just one client. The same is true for computerized legal research – the firm pays a flat amount per month or year, making it overhead for which the firm is not out of pocket to this or any other individual client.

ii.   Word processing is clerical work, part of the firm's overhead recovered in proper hourly rates, so this is not an appropriate expense item.

iii.   Meals and other personal expenses are not appropriate expenses either. Travel, at reasonable actual rates when the trip is necessary can be reimbursed, but there cannot be duplication (multiple travelers) nor are first class upgrades necessary. If we had time records, we could see who billed for each event, with more than one traveler being duplicative or excessive in most cases – the burden is on D&L to prove why an exception should be made. And, if the trip serves the interest of other clients, then it should be apportioned, at least. We cannot tell from the information provided whether the travel is necessary, but any local meals are a personal expense.

*Toothman Declaration - Page 31*

iv.  There is not typically an expense category for "trial," so this needs to be itemized for what it actually represents.  D&L says this included rent for a Harrisburg office, furniture, and computers – these are non-billable overhead items.[7]  With the necessity for or reasonableness of D&L's role, coming from New York with a huge price tag already attached, the cost of opening a special office in Harrisburg is a symptom of the problem, compounding the expense.

v.  "Miscellaneous," by definition, is not a documented, reasonable, or necessary expense category.

d.  D&L only presents expenses of $667,287.50, but elsewhere it seeks far more, $1,561,565.93.  This discrepancy is substantial and explained by a $894,278.43 line item for one expert, Dr. Larner, and "related costs."  Mem. in Support of Fee Motion at 22.  As noted above, we have not seen details for these bills either, so we cannot even verify the arithmetic – which raises the same issues raised by D&L's missing time records.

---

[7]  The firm also apparently billed hourly professional fees for "readying courtroom technology" and "preparing our temporary office space."  O'Kelly Aff. Para. 267.  This is non-billable time.

e.    D&L says the reasonableness of its expenses is "self-evident."  Mem. in Support of Fee Motion at 21.  I would normally look behind the receipts for an explanation of why the expense was necessary and reasonable.

33.    *Preliminary Opinion*: Though I cannot present a final opinion or estimate a reasonable amount (or, at least, a ceiling on such an amount), my review of the Fee Motion and related materials has convinced me that the requested fees and expenses are unreasonable and excessive to a significant degree – many times 3.5% most likely.

<u>*New Information & Authority*</u>

34.    If material new information becomes available, I may revise or supplement this declaration and my opinions accordingly.  This declaration is based on all relevant information available to date.

35.    I am an independent expert, not an agent or attorney representing Sodexo.  None of my statements is made as a representative of Sodexo nor am I authorized to waive or release anything on its behalf.

36.    My hourly rate is $400 for this project.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

By  _____

John W. Toothman

Attachments:

Exhibit A                     Current Resume of John Toothman

\* \* \* \* \* \*

# EXHIBIT A

# TLF Consulting

P.O. Box 8
Great Falls, VA 22066

(703) 684-6996
(703) 759-2388 (fax)

## RESUME OF JOHN W. TOOTHMAN

### Employment

*TLF Consulting* (1993-present): Founder of legal fee management and litigation consulting firm, also known as The Devil's Advocate. From 1993-2008, the predecessor law firm, The Toothman Law Firm, P.C., also engaged in civil litigation and trial practice in federal and state courts, including appeals.

*LitWatch, Inc.* (1999-present): Publisher and Editor-in-Chief of litigation news service.

*Shulman, Rogers, Gandal, Pordy & Ecker, P.A.* (1989-1993): Partner in charge of the firm's Alexandria, Virginia office. Commercial litigation practice in federal and state, trial and appellate courts, including litigation against the United States. Represented the U.S. Small Business Administration in receivership proceedings.

*Grad, Toothman, Logan & Chabot, P.C.* (1986-1989): Associate, then partner in firm eventually known as Grad, Toothman, Logan & Chabot, P.C. Commercial and tort litigation and trial practice in state and federal court (trial and appellate), as well as litigation against the United States.

*U.S. Department of Justice, Civil Division, Federal Programs Branch* (1984-1986): Trial attorney with wide array of client agencies and issues, including constitutional, statutory, and administrative law, ERISA, FOIA, employment discrimination, boycott, and other substantive issues. Top Secret, SI, and SCI security clearances.

*Akin, Gump, Strauss, Hauer & Feld* (1983-1984): Associate attorney in antitrust litigation section.

*Howrey & Simon* (1981-1983): Associate attorney, primarily in antitrust and intellectual property. Representation of an industrial trade association.

### Education

*Harvard Law School*, J.D., *cum laude* (1981)
> Ames Moot Court Competition Semi-Finalist
> Research Assistant supplementing H. Hart, H. Wechsler, P. Bator, P. Mishkin
> & D. Shapiro, THE FEDERAL COURTS & THE FEDERAL SYSTEM (2d ed. 1977)
> Cambridge & Somerville Legal Services (clinical education)
> "Complex Civil Litigation" (third-year paper)

*University of Virginia*, M.S., Chem. Eng. (1979); B.S., Chem. Eng., with honors (1977)
> National Science Foundation Fellowship, Memminger Fellowship, Tau Beta Pi, Sigma Xi, Alpha Chi
> Sigma, AICHE Scholarship Award, Dean's List, Intermediate Honors

### Other Relevant Experience & Publications

Arbitrator, Fee Arbitration Service Panel, DC Bar Attorney/Client Arbitration Board (1994-1998)

Arbitrator, Virginia State Bar, Fee Dispute Resolution Program, 18th Cir. Comm. (June 1995 to present)

Co-author, with Douglas Danner, TRIAL PRACTICE CHECKLISTS 2d (West Group 2001;
> 3 vols. supplemented annually)

Co-author, with William G. Ross, LEGAL FEES: LAW & MANAGEMENT (Carolina Academic Press 2003)

Author, Chapters 11-13, *Fifth Annual Litigation Management Supercourse, Volume I* 575-594 (PLI March 1994)

Article, "For Trials, Get A Trial Attorney," 14(51) *National Law Journal* 17-18 (Aug. 24, 1992)

Article, "Ways To Counter The Down Side of Litigation," *Wash. Bus. Journal* 43 (Nov. 2, 1992), republished in *Newstrack* (Dec. 15, 1992)

Article, "10 Things Clients Can Do To Strengthen Later Suits," *Wash. Bus. Journal* 33 (Jan. 1, 1993)

Article, "Greasing the Wheels for Civil-Justice Reform," 15(34) *Legal Times* 43 (Jan. 18, 1993)

Article, "Justice May Justify Name Again," 15(30) *National Law Journal* 15-16 (March 29, 1993)

Article, "Attorney Fees: The Case for 'Value Billing,'" *Wash. Bus. Journal* 57 (June 18, 1993), republished in *Newstrack* (April 6, 1993)

Article, "Getting to the Heart of Excessive Attorney Fees," *Newstrack* (Aug. 3, 1993)

Article, "A No-Nonsense Approach to Monitoring Those Legal Bills," *Wash. Bus. Journal* 36 (Dec. 17, 1993)

Article, "Hire Trial Lawyers, Not Litigators, Say General Counsel," 4(27) *Corporate Legal Times* 39 (Feb. 1994)

Article, "Second Opinions May Trim Legal Bills," 16(27) *National Law Journal* 17 (Feb. 14, 1994)

Article, "Alternative Billing: Living With the Uncorked Genie," 7(3) *Accounting for Law Firms* 3-4 (March 1994)

Article, "Billing: Considering Alternatives That Work & Others That Don't," 7(4) *Accounting for Law Firms* 4-6 (April 1994)

Article, "In Litigation, It's Usually the Fall That Kills the Client," *Wash. Bus. Journal* 15 (May 13, 1994)

Article, "Ten Tips for Lawyers' Clients," *Nation's Business* 44 (Oct. 1994)

Article, "Legal Fees: You Can Keep Them In Check," 21(4) *Directorship* 8 (April 1995)

Article, "Creating a Retainer Agreement That's Fair to Both Sides," 8(7) *Accounting for Law Firms* 6-7 (July 1995)

Article, "Standard Hourly Litigation Retainer Agreement," 8(8) *Accounting for Law Firms* 5-8 (August 1995)

Article, "Real Reform," 81 *ABA Journal* 80 (September 1995)

Article, "Audit Your Firm's Bills Before Your Client Does," 9(11) *Accounting for Law Firms* 1, 6-7 (Nov. 1996)

Article, "Integrated Legal Management: A Checklist," *WMACCA Counselor* 4 (July 1997)

Article, "Estimating Legal Fees: A Primer for Law Firms," 10(11) *Accounting for Law Firms* 1-6 (Nov. 1997)

Article, "Surviving a Legal Bill Audit," 15(1) *The Compleat Lawyer* 45-50, 62 (ABA Winter 1998)

Article, "Cost-Conscious Clients," 114(86) *Los Angeles Daily Journal* 8 (May 4, 2001)

Article, "Accurate Accounting," 114(103) *Los Angeles Daily Journal* 8 (May 29, 2001)

---

Note, "Like It or Not, the Law is Now a Business," 16(3) *National Law Journal* 16 (Sept. 20, 1993)

Note, "We Three Kings of Corporate Law," 17(17) *National Law Journal* A21 (Dec. 26, 1994 - Jan. 2, 1995)

Note, "O Little Firm of Bethlehem (PA)," 18(17) *National Law Journal* A19 (Dec. 25, 1995 - Jan. 1, 1996)

Report, "Regarding Department of Energy Management of Contractor Litigation Expenses,"
    U.S. House Subcommittee on Oversight & Investigations of the Committee on Energy & Commerce (July
    13, 1994), and related reports for the U.S. General Accounting Office.

Report, "Managing Legal Services," 27(12) *MIS Report* (Dec. 1995) (International City/County
    Management Ass'n)

---

Guest Lecturer, Trial Advocacy, National Law Center at George Washington University (Spring 1988)

Lecture, Georgetown University CLE, "Receiverships" (May 1991)

Lecture, Alexandria Bar Ass'n CLE, "Witness Preparation" (June 1992)

Lecture, Alexandria Bar Ass'n CLE, "Beyond Rambo: Effective Civil Litigation Tactics" (March 1993)

Panel Member, Alexandria Bar Ass'n CLE, "Ethics for the Trial Attorney" (March 1993)

Lecture, Alexandria Bar Ass'n CLE, "What's All This Nonsense About TQM, Value Billing, And
    Legal Bill Audits?" (Oct. 1993)

Panel Member, "Law Firm Governance 1994," (BDA program; Feb. 1994)

Moderator, Alexandria Bar Ass'n CLE, "Practice Before the Virginia Court of Appeals" (April 1994)

Panel Member, ABA Section of Litigation, "Roundtable for In-House & Outside Counsel" (Oct. 1994)

Lecture, Alexandria Bar Ass'n CLE, "An Ounce of Prevention:  Billing Problems That Drive Clients
    Crazy" (Jan. 1995)

Lecture, North Carolina Ass'n of CPAs, "Legal Cost Containment Trends" (Sept. 1995)

Lecture, Alexandria Bar Ass'n CLE, "Attorney Fees: Law & Practice in Virginia" (Jan. 1996)

Lecture, Fairfax Bar Ass'n CLE, "Billing & Collection Practices" (May 1996)

Lecture, Int'l Munic. Lawyers Ass'n, "Managing Litigation Costs" (April 1997)

Moderator, RIMS, "Managing Legal Fees" (May 1997)

Panel Member, ABA Health Law Section & Am. Ass'n of Health Plans, "In-House Counsel Workshop"
    (April 1998)

Moderator, RIMS, "Warning Signs" (April 1998)

Moderator, RIMS, "Legal Fee Audit Guidelines" (April 1999)

Panel Member, American Ass'n of Law Libraries, "Getting the Client to Value Legal Research" (July 1999)

Moderator, RIMS, "Legal Fee Management" (May 2000)

_____

Recipient, Ross Essay Award, American Bar Association (1995)

_Bar & Related Affiliations_

Admitted to practice law in the District of Columbia (1981), Maryland (1990) (inactive), and Virginia (1987).

Also admitted to practice before the U.S. District Courts for the Eastern District of Virginia (and Bankruptcy Court), District of Columbia (inactive), Colorado, and Maryland (inactive); U.S. Court of Federal Claims (Claims Court); U.S. Courts of Appeals for the Federal, District of Columbia, and Fourth Circuits; and, U.S. Supreme Court.

*Testimony*

| Matter | Month & Year | Testimony Form |
|--------|--------------|----------------|
| County Utilities Corp. v. Crofton Lending Corp. (Anne Arundel Cir. Ct., Md.) | April 2003 | Deposition and Hearing |
| Luzerne County v. Luzerne County Retirement Board  (Luzerne Cty Ct. Common Pleas, Penn.) | January 2004 | Hearing |
| Bayer AG, et al. v. Housey Pharmaceuticals, Inc. (D. Del.) | March 2004 | Affidavit |
| Hargrave v. Vermont (D. Vermont) | September 2004 | Affidavit |
| Chase, et al. v. County of Nassau, NY (AAA Arb.) | September, October 2004 | Hearing |
| Maximo v. Merchants Building Maintenance LLC (and related cases) (LA Sup. Ct., Cal.) | January 2005 | Affidavits |
| Wright & Sielaty PC v. Burlington Bio-Medical Corp. (E.D. Va.) | March 2005 | Deposition |
| Blitz Holdings Corp. v. Locke Liddell & Sapp, LLP (Montgomery Cty Dist. Ct., Tex.) | April 2005 | Deposition |
| Howrey, LLP v. Oakwood Laboratories (AAA Arb.) | September, November 2006 | Deposition and Hearing |
| GTown 1 LLC v. Commerce Bank NA (DC Sup. Ct.) | December 2006, January 2007 | Affidavits |
| deSaad v. Banco Industrial de Venezuela, C.A., Miami Agency (Dade Cty Cir. Ct., Fla) | April, May 2007 | Deposition and Hearing |
| Rice v. Fox (E.D. Va.) | May 2007 | Deposition |
| James v. Sheehy Ford (Montgomery Cty Cir. Ct., Md.) | May 2008 | Hearing |
| Chau v. Starbucks Corp. (San Diego Cty Sup. Ct., Cal.) | July 2008 | Affidavit |
| Fox v. Tyson Foods, Inc. (N.D. Ala.) | July, September 2008 | Affidavit and Deposition |
| Advanced Magnetic Closures Inc. v. Rome Fastener Corp. (S.D.N.Y.) | September 2008 | Affidavit |
| American Chemical Society v. Leadscope, Inc. (Franklin Cty, Ohio, Ct. Common Pleas) | September, October 2008 | Deposition and Hearing |
| Kubbany v. Trans Union LLC (N.D. Cal.) | February 2009 | Affidavit |

Does not include earlier testimony and affidavits.

2/09

# EXHIBIT F

1

**MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW
650 TOWN CENTER DRIVE, SUITE 1200
COSTA MESA, CALIFORNIA 92626-1925
TELEPHONE: 714-668-2447
FACSIMILE 714-668-2490

2

3

4  Donald E. Bradley (State Bar No. 145037)
   d.bradley@mpglaw.com
5  Adam L. Johnson (State Bar No. 167067)
   a.johnson@mpglaw.com

6  Attorneys for Trans Union LLC

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | THOMAS HASSAN KUBBANY and | Case No. 4:08-cv-00320-WDB
   | NANCY KUBBANY,

12 |                          | [Assigned to The Hon. Claudia Wilken]

   |        Plaintiffs,       | Complaint Filed: January 17, 2008
13 |
   |   vs.                    | **DECLARATION OF JOHN W.**
14 |                          | **TOOTHMAN IN SUPPORT OF**
   | TRANS UNION LLC, a Delaware | **TRANS UNION LLC'S OPPOSITION**
15 | Corporation, LANDSAFE CREDIT | **TO PLAINTIFFS' MOTION FOR**
   | INC., a California Corporation, | **ATTORNEYS' FEES AND EXPENSES**
16 | CENTRAL PACIFIC MORTGAGE |
   | COMPANY dba NORTH COAST  | Date:    February 26, 2009
17 | MORTGAGE, a California   | Time:    2:00 p.m.
   | Corporation, and DOES I through XX, | Crtrm.:  2
18 |
   |        Defendants.
19

20

21

22

23

24

25

26

27

28

625693.1

**DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

## DECLARATION OF JOHN W. TOOTHMAN

I, John W. Toothman, certify and declare as follows:

1.    At the request of counsel for Defendant Trans Union LLC ("Trans Union"), my firm has reviewed the Plaintiffs' January 13, 2009, Motion for Attorneys' Fees & Expenses ("Fee Motion") submitted by Plaintiffs' counsel, the Law Offices of Amitai Schwartz ("Schwartz") in *Kubbany v. Trans Union, LLC*, No. CV 08 0320 CW (N.D. Cal.).

2.    This declaration is prepared for submission in opposition to the Plaintiffs' Fee Motion. I have personal information of the facts stated and, if called to testify as a witness, I would testify to the facts and opinions competently under oath. The opinions and conclusions stated herein are expressed to a reasonable degree of professional certainty and are based on my observations, analysis, and experience.

*Qualifications*

3.    I am an attorney admitted to practice in several jurisdictions, starting with the District of Columbia, as well as federal courts in several jurisdictions. A copy of my current resume is attached as Exhibit A.

4.    I graduated from Harvard Law School, *cum laude*, in 1981. Before that, I had graduated with honors from the University of Virginia with a B.S. and M.S. in chemical engineering.

5.    I have extensive experience, skill, training, education, and knowledge of the subjects of legal fees, litigation, and related ethical and professional standards. I am the author, with Professor William G. Ross, of *Legal Fees: Law & Management* (Carolina Academic Press 2003). I am also the author, with Douglas Danner, of *Trial Practice Checklists 2d* (West Group 2001). I have written over 25 articles on the subjects of legal fees, examinations of legal fees, legal fee management, litigation, and related subjects. I have spoken regularly on these subjects and regularly taught continuing legal education seminars on these subjects as well – a sample of these is contained in my resume. My firm, known as The Devil's Advocate, has examined hundreds of millions of dollars in legal fees and consulted with numerous clients on the subjects, for example, of legal fees, litigation strategy and tactics, attorney performance, and work product quality. I am regularly consulted as an expert in these fields by, for example, business and professional publications as well as by federal, state, and local government agencies, law firms, insurance companeis, and clients.

1

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

6.      I have testified as an expert witness as to legal fees, examinations of legal fees, legal fee management, litigation, and related subjects (both challenging and supporting petitions for legal fees) in courts around the country, including the U.S. District Courts for the District of Columbia, Eastern District of Virginia, Eastern District of Pennsylvania, Middle District of Pennsylvania, Southern District of New York, Central District of California, Northern District of Ohio, Northern District of Alabama, and the Western District of Michigan; the U.S. Bankruptcy Courts for Delaware and Maryland; state or local courts in the District of Columbia, Maryland, California, Virginia, Illinois, Nevada, Ohio, Florida, and Pennsylvania; and also arbitrations in various jurisdictions.

7.      I served as an arbitrator of legal fee disputes in Virginia and the District of Columbia.

*Background*

8.      *Summary of the Fee Motion:* Based on the data in the fee motion, the total fees alleged to have been expended on this case are $199,715 for 489.2 hours, before a 20% voluntary reduction of "merits" fees by plaintiffs. There are 406 time entries, although three have been "no charged" or written off. The first entry was on August 6, 2007, and the last on January 13, 2009. The average time entry is 1.2 hours, with an average fee per entry of $491.91. Exhibit C. The petitioners also seek $1,710.07 in expenses. Exhibit D. The following graph summarizes the fees by month (Exhibit B1&2):



*Plaintiffs' Fees by Month*

9.      *Voluntary Adjustment*: Anticipating Trans Union's objection to be charged all the fees and expenses allegedly incurred on a three defendant case, Plaintiffs' counsel have voluntarily reduced

2

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

1    their claim by 20%, while arguing that, if the time expended on each defendant is approximately equal,

2    no apportionment is required. Fee Motion at 12.

      a.    Because plaintiffs provided hopelessly cryptic and incomplete documentation, there is no

          way to know the proportion of time related to each defendant, hence no way to confirm

          the alleged proportionality plaintiffs assert.

      b.    The proportionality concept is also illogical: If there were 30 or 300 defendants, would

          the assertion be that, if the portions ascribable to each were *more or less equal*, a

          defendant with 1/30th or 1/300th of culpability becomes liable for another 29 or 299

          shares of the fees? But, were the portions *not more or less equal*, the same defendant

          would be liable for just the small fraction, saving itself from liability for 30 or 300 times

          the fees? Without authority, plaintiffs also suggest an arbitrary 20% reduction to "avoid

          quarrels." *Id.*[1] Twenty percent is one part in five, leaving 4/5ths for Trans Union.

      c.    Plaintiffs also assert, without factual support, that Trans Union was the "focus" of the

          case because it defended itself and "was relatively more culpable," though I noted that

          plaintiffs conceded elsewhere that Trans Union had voluntarily corrected any error before

          the suit was filed. Fee Motion at 13.

      d.    Plaintiffs would have avoided these issues by accurately recording their time. But if one

          were picking percentages, the logical ceiling for Trans Union must be, at most, one third.

    10.    *Summary of the Timekeepers & Hourly Rates*: There are fees sought for a total of four

timekeepers. The timekeepers, their rates, hours, and fees sought are distributed as follows (Exhibit B3):

| Timekeeper | Hours | Rate | Fees | % Fees |
|---|---|---|---|---|
| Amitai Schwartz | 204.60 | $ 600 | $ 122,760.00 | 61.5% |
| Moira Feeney | 204.10 | $ 250 | $ 51,025.00 | 25.5% |
| Lisa Sitkin | 59.60 | $ 400 | $ 23,840.00 | 11.9% |
| Caitlin Barth | 20.90 | $ 100 | $ 2,090.00 | 1.0% |
| Total | 489.20 | $ 408 | $ 199,715.00 | 100.0% |

[1] Plaintiffs press the 20% voluntary reduction into double and triple duty to cover all their deficiencies in documentation and proof, including "minor billing errors" and "non-compensable time." Fee Motion at 12, n. 3. If this were successful, fee claimants could submit entirely fictional, padded claims including a 20% cushion, coupled with a proposal to drop 20% to avoid examination and burdens of proof.

3

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

11.   *Other Fee Breakdowns:* The plaintiffs' submission does segregate work on the merits of the case from work on this fee motion, with 69.8 hours or $24,380 claimed for fee motion work and 419.40 hours and $175,335 in fees (pre-reduction) for work on the merits. This means that 12.2 % of the fee claim is for the preparation of the fee motion itself, an amount approaching the entire amount of the Trans Union judgment. Given that Plaintiffs should have known from the beginning that there was a potential for a fee claim, the documentation of which is normally an administrative and routine matter, this amount is apparently quite high.

    a.    In terms of segregating the fees and expenses, an even greater concern is the firm's election not to record sufficiently detailed entries to allow accurate segregation of the time spent as to the other defendants, LandSafe and Central Pacific Mortgage, an issue that a prudent, reasonable attorney should have recognized from the outset and recorded time accordingly.

    b.    We attempted to segregate this time based on the content of the time entries, effectively attempting to meet plaintiffs' burden for them. We found 53.9 hours or $26,455 that refer to LandSafe (code "ls" in Exhibit C) and 5.6 hours or $1,920 that refer to Central Pacific (code "cp" in Exhibit C). The LandSafe number is 13% of the unreduced fees and the Central Pacific number is 1% of the same total.

    c.    It is for the parties to argue and the court to decide whether these numbers are reasonable in the circumstances of this case, but my understanding is that Trans Union was arguably the least culpable of the three defendants. Indeed, plaintiffs' rendition of the relevant facts, Fee Motion at 2-3, at most seems to suggest that Trans Union was one of three credit reporting companies (not including the two other defendants in the information chain) that may have been obliged to track alerts from the US Office of Foreign Asset Control ("OFAC") – how the error was made is unclear, nor how this was ascribed solely to Trans Union. The primary complaint against Trans Union now seems to be that it took "several months and several written requests" to correct the error, Fee Motion at 3, though it was apparently corrected before the complaint was filed on January 17, 2008 –

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

by which time plaintiffs had expended over $24,000 (or three quarters of the ultimate recovery from Trans Union). Moreover, plaintiffs settled with one of the other two defendants, LandSafe, which should also have included at least partial recovery of fees and expenses, and Central Pacific Mortgage defaulted. It is apparent to me that the motion seeks, in part, duplicative recovery of an unknown portion of the same fees and expenses ascribable to other defendants, which plaintiffs could have remedied with proper, contemporaneous record keeping.

d.     Under the circumstances, plaintiffs have an economic incentive to maximize this fee claim, *e.g.*, to include every scrap of time as well as time not necessarily relating to Trans Union. Moreover, many of the time entries are vague or ambiguous, masking the true nature of the work being done. If anything, my estimates relying on the anemic content of the entries to time spent on other defendants are undoubtedly quite low. One third of the net claimed by plaintiffs would be $55,452.69 (a ceiling on the reasonable claim, before adjustment for other issues discussed below). By producing such poor records, plaintiffs are attempting to shift their burden to Trans Union and ultimately the court, rewarding them for failing to meet their burden to document their fees and expenses properly.

*Opinions & Conclusions*

12.     The fees claimed are excessive and unreasonable for a number of reasons. The primary causes are poor record-keeping, inclusion of fees for work relating to other defendants (but largely masked by cryptic entries), a relatively large and overlapping staff with high rates for routine work, duplication of effort, fees that are over five times the results achieved in a nuisance suit settled early on, and excessive fees to prepare what should have been a simple, documented fee motion.

a.     Exhibit B10 hereto contains a calculation of a reasonable fee, based on my analysis of the entries and other information, concessions by plaintiffs, and information provided by defendant's counsel. The net fee thereby calculated is $13,244.67 and the net expenses are $456.01, for a net total of $13,700.68, which is a reasonable amount to take a one-incident, fact bound matter this far to a $30,000 resolution.

b.     Plaintiffs admit that they are entitled, at most, to compensation for "hours reasonably

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

expended against defendant Trans Union, LLC," Fee Motion at 9 (emphasis supplied).
Plaintiffs apparently concede that they cannot segregate the time spent on other defendants, namely LandSafe and Central Pacific.  It was their burden to prepare documentation for a proper claim, not propose an arbitrary and minor adjustment to shift their burden to Defendant Trans Union.  (The lack of detail in the time entries made it impossible for us to carry plaintiffs' burden for them.)

c.     Based on the content of the time entries, we found one or more problems or issues with 46% of the time entries on their face.  Exhibits B4 & B5, C.  Aside from entries referring to another defendant, the most common problem was entries with inadequate or vague detail, followed by travel time, excessive internal conferences and memoranda, and some clerical time billed as professional services.

d.     The plaintiffs' team consisted of four timekeepers, with the most expensive attorney, Mr. Schwartz, billing at $600 per hour for just over 200 hours, almost exactly the same number of hours billed by the least expensive attorney, Ms. Feeney, at $250 per hour.  Exhibit B3.  Given the modest level of work required over time, it is unclear why several attorneys were necessary – they are duplicating each other's work.  One junior attorney, with modest supervision time, should have been able to handle this straightforward fact-based matter.  This is particularly true given that, as plaintiffs concede, the Lawyers Committee for Civil Rights had already blazed this path.  The highest month was 144.8 hours in August 2008, for the mediation (with that total almost entirely a function of duplication of effort among two and sometimes three lawyers, including two at mediation itself).  This level of activity is well within the capacity of one attorney, sparing all this duplication. *See, e.g.*, Exhibits B7 & B8.  The next highest month is under 100 hours, with the average month under 29 hours.  Adding extra people also increased the internal communication time exponentially.

e.     The hourly rates of the team members were high, particularly when considered in light of the top heavy staffing with senior personnel doing routine work and duplicating one another's efforts.  Nor have plaintiffs met their burden to prove their rates are reasonable.

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

The declarations they offer are from the world of complex litigation, not nuisance resolutions of single-incident cases. My alternative calculation is based on more realistic rates proposed by Trans Union. Exhibit B10.

f.     The amount now sought, even after the voluntary adjustment, is roughly 5 ½ times the amount of the resolution with Trans Union. The magnitude of these fees is even more puzzling since the Schwartz firm admits it was handed a "complete file from plaintiffs' previous counsel at the Lawyers Committee for Civil Rights," Fee Motion at 4, *i.e.*, the lawyers who resolved the problem a year before this suit was filed. The results obtained are an important factor in setting a reasonable fee, even if there are instances in which fees may approach or exceed a result for public policy reasons. This is no complex or precedent-setting case. At best, this is a nuisance suit resolved on nuisance terms: The case settled for less than 7% of the amount plaintiffs demanded days before at mediation.

g.     The fees claimed thus far just for preparing this Fee Motion itself, apart from the litigation fees, are approaching the amount recovered for the clients. That fact shows that this routine case has revolved all along around attorney fees. For this reason, my opinion is that all but a small amount of the fees allegedly spent preparing this motion should be disallowed as unreasonable and unnecessary, having been multiplied by plaintiffs' own negligence in documenting their fees.

h.     My opinions and conclusions are supported by the observations in this report, my experience and training, and the exhibits contained in the appendices hereto.

13.    *Application of Standard Fee Factors*: Viewed in comparison with typical legal fee factors, *e.g.*, Calif. Rule of Prof. Conduct 4-200(B), including the amount in controversy, proportion to the fee, novelty and difficulty, skill requisite, the results obtained, and the time and labor required, plus the experience, reputation, and ability of the timekeepers, the amount billed is high and disproportionate with what legal fees in such a matter would normally be, especially if they are charged to a paying client with an incentive to obtain cost-effective representation. The results obtained are positive for the client, but not exceptional – far less than the fees now sought. The case was not particularly complex or novel, either legally or factually, with most of the work relating to routine discovery and resulting in resolution

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

1    by Rule 68 offer of judgment immediately after mediation, well before heavy discovery, motions
2    practice, trial preparation.

3        14.    *Staffing & Duplication*: This is a case with almost no real litigation activity, one
4    deposition, a mediation, then settlement on nuisance terms.  The plaintiffs' team consisted of four
5    timekeepers, including Mr. Schwartz, billing at $600 per hour for just over 200 hours ($122,760), almost
6    exactly the same number of hours billed by the least expensive attorney, Ms. Feeney, at $250 per hour
7    ($51,025).  Exhibit B3.  Another relatively expensive attorney, Ms. Sitkin, billed almost $24,000 at $400
8    per hour to perform the same tasks as the other two, including research, drafting the complaint and
9    various memos, and reviewing the incoming submissions of the defendants, like everyone else.

10       a.    The highest month was 144.8 hours in August 2008, for the mediation – this is well
11             within the capacity of one attorney.  The next highest month is under 100 hours, with the
12             average month under 29 hours.

13       b.    Given the modest level of work required over time, it is unclear why several attorneys
14             were necessary – they seem to be duplicating one another's work.  One junior attorney,
15             with some supervision time, should have been able to handle this straightforward fact-
16             based matter.

17       c.    Adding extra people also increased the internal communication time exponentially. There
18             are over $15,000 in internal conference entries and another $10,695 for internal memos,
19             often cryptically described.

20       d.    Here are examples of duplication for FCRA research by all three attorneys:

21
22
23
24
25
26
27
28

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

| Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees |
|------|-----------|------|-------------|-------|------|------|
| 9/19/2007 | Lisa Sitkin | LS | Research re: Cortez case and venue under FCRA | 1.3 | $ 400 | $ 520.00 |
| 9/25/2007 | Lisa Sitkin | LS | Draft memo; research re: FCRA preemption | 6.2 | $ 400 | $ 2,480.00 |
| 6/12/2008 | Moira Feeney | MF | Research notice requirements of Mortgage brokers under FCRA | 2.2 | $ 250 | $ 550.00 |
| 6/13/2008 | Moira Feeney | MF | Research memo re: Mortgage Scoring Notice under FCRA | 2 | $ 250 | $ 500.00 |
| 6/13/2008 | Moira Feeney | MF | Research re: FCRA | 4.5 | $ 250 | $ 1,125.00 |
| 7/3/2008 | Moira Feeney | MF | Research on FCRA liability for damages | 0.5 | $ 250 | $ 125.00 |
| 7/3/2008 | Moira Feeney | MF | Research on FCRA liability/damages | 1.6 | $ 250 | $ 400.00 |
| 7/3/2008 | Moira Feeney | MF | Research on damages under FCRA | 4 | $ 250 | $ 1,000.00 |
| 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3 | $ 250 | $ 750.00 |
| 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3.8 | $ 250 | $ 950.00 |
| 8/7/2008 | Amitai Schwartz | AS | Research re: predicates for FCRA liability | 2.1 | $ 600 | $ 1,260.00 |
| 8/11/2008 | Moira Feeney | MF | Research re: standing of spouse under FCRA | 0.3 | $ 250 | $ 75.00 |
| | | | | 31.5 | | $ 9,735.00 |

Of course, we cannot know how many of the cryptic entries are masking more time. *See* Exhibit B7 (all "research" entries).

e.   Another example of duplication occurs with mediation (and "ADR") time. Exhibit B8 has all such time, but here is a sample showing how Mr. Schwartz and Ms. Feeney are duplicating one another, including sending two lawyers to the mediation itself:

| Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees |
|------|-----------|------|-------------|-------|------|------|
| 8/6/2008 | Moira Feeney | MF | Draft language re: Landsafe for mediation statement | 1.5 | $ 250 | $ 375.00 |
| 8/7/2008 | Amitai Schwartz | AS | Draft mediation statement | 7.1 | $ 600 | $ 4,260.00 |
| 8/7/2008 | Moira Feeney | MF | Further draft of section on Landsafe liability for the mediation statement | 2.0 | $ 250 | $ 500.00 |
| 8/7/2008 | Moira Feeney | MF | Call to clients re: release forms and mediation | 0.4 | $ 250 | $ 100.00 |
| 8/7/2008 | Moira Feeney | MF | Revise draft on Landsafe for mediation statement | 1.5 | $ 250 | $ 375.00 |
| 8/8/2008 | Amitai Schwartz | AS | Revise and edit mediation statement; confer with MF re: same. | 4.4 | $ 600 | $ 2,640.00 |
| 8/8/2008 | Amitai Schwartz | AS | Review Trans Union and Landsafe mediation statements | 0.7 | $ 600 | $ 420.00 |
| 8/8/2008 | Amitai Schwartz | AS | Correspondence to mediator | 0.2 | $ 600 | $ 120.00 |
| 8/8/2008 | Moira Feeney | MF | Edit of mediation statement | 1.2 | $ 250 | $ 300.00 |
| 8/8/2008 | Moira Feeney | MF | Review of Defendants' mediation statements; confer with AS regarding mediation | 1.5 | $ 250 | $ 375.00 |
| 8/11/2008 | Amitai Schwartz | AS | Correspondence to Johnson re: mediation attendance - Trans Union | 0.2 | $ 600 | $ 120.00 |
| 8/12/2008 | Moira Feeney | MF | Call with clients re: mediation | 0.5 | $ 250 | $ 125.00 |
| 8/14/2008 | Amitai Schwartz | AS | Confer with clients re: discovery and mediation | 0.8 | $ 600 | $ 480.00 |
| 8/15/2008 | Amitai Schwartz | AS | Meet with clients, travel to SF for mediation at Michael Bien's office; meet with clients; travel to office | 6.0 | $ 600 | $ 3,600.00 |
| 8/15/2008 | Moira Feeney | MF | Travel and Attend Mediation Session | 7.0 | $ 250 | $ 1,750.00 |
| | | | | 35.0 | | $15,540.00 |

f.   Here is a further example of duplication in the process of preparing discovery responses:

9

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

| Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees |
|------|-----------|------|-------------|-------|------|------|
| 8/20/2008 | Moira Feeney | MF | Edit responses to Trans Union's 1st set of interrogatories | 2.2 | $ 250 | $ 550.00 |
| 8/21/2008 | Moira Feeney | MF | Edit responses to discovery requests I'' set - Trans Union | 3.2 | $ 250 | $ 800.00 |
| 8/21/2008 | Amitai Schwartz | AS | Review draft responses to Trans Union discovery; edit same; confer with MF re:same | 2.3 | $ 600 | $ 1,380.00 |
| 8/22/2008 | Moira Feeney | MF | Assemble docs for doc requests from Trans Union; Edit responses to interrogatories from Trans Union | 3.5 | $ 250 | $ 875.00 |
| 8/22/2008 | Moira Feeney | MF | Edit and assemble responses to Trans Unions 1st set of discovery requests | 3.2 | $ 250 | $ 800.00 |
| 8/22/2008 | Amitai Schwartz | AS | Final edits to Trans Union discovery responses | 0.3 | $ 600 | $ 180.00 |
| 8/22/2008 | Amitai Schwartz | AS | Review and edit second draft of responses to Trans Union first sets of interrogatories | 1.7 | $ 600 | $ 1,020.00 |

15.    *Hourly Rates:* While such high rates have recently become available, at least in a few metropolitan areas for lawyers handling complicated litigation, Mr. Schwartz's rate of $600 is quite high for a matter this routine, resolved relatively early in the process with a nuisance offer of judgment.

a.    The objective is to find a reasonable fee for comparable work by attorneys of similar expertise and experience in the locale – $600 per hour is in the stratosphere, near the top of rates ever awarded, and not relevant under these circumstances.  Nor is this rate justified when Mr. Schwartz was duplicating efforts of two other lawyers, not acting in a more limited capacity as lawyers with such high rates would – he billed the most hours on the matter and 61.5% of the fees.

b.    Mr. Schwartz's rate is justified by his extensive experience with "administrative law, public agencies, appellate advocacy, and complex civil litigation," Fee Motion at 11, which are four things this case is not.  (Plaintiffs seek $400 per hour for a 1997 law graduate with litigation experience and $250 per hour for a 2004 law graduate with little experience, if any.)  The declaration from plaintiffs' expert, Steven Mayer, also comes from another world, *i.e.*, "complex litigation."[2]  The declaration of Richard Pearl has the same fundamentally flawed premise, drawing rates for class actions and the like, which

---

[2]  While there are, indeed, some inherently complex cases, when it comes time to justify their fees, every lawyer claims his or her case was "complex," which they also blame on the court, its rules, their opponents, and so on, just as here.  Typically, what makes cases "complex" is the inefficiency and denial of the labeling lawyer.  Setting fees at many times the value of a case sends the wrong signal.

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

are not similar or even comparable. This case is just a small consumer law case, with delusions of grandeur, resolved at the election of plaintiffs for less than seven percent of what plaintiffs claimed it was worth, nothing like the realm described by plaintiffs and their experts.

c.     The modest activity and simplicity of this case is confirmed by plaintiffs' Fee Motion, in which plaintiffs summarize the play-by-play of the litigation. Fee Motion 4-7. Plaintiffs counsel, for example, filed a complaint after reviewing the "complete file" inherited from the Lawyers Committee for Civil Rights. *Id.* at 4. Defendants answered, except Central Pacific. *Id.* at 4-5. There was a Joint Case Management Statement, things were negotiated, there was research, some mandatory initial disclosures, a round of paper discovery, some more research, and then a deposition (of a "key witness"), for which there was extensive preparation. *Id.* at 5-6. Then there was mediation, which "did not resolve" the case, until the mail yielded an Offer of Judgment for $30,000 from Trans Union, less than 7% of the amount plaintiffs demanded in mediation ($451,000), which plaintiffs accepted on August 29, 2008. *Id.* at 6-7. After that date, another 73.2 hours were still billed, for fees of $26,280, *i.e.*, 87.6% of the offer. Exhibit C.

d.     Trans Union proposes alternative rates as follows: Schwartz, $300; Sitkin, $250; Feeney, $175; Barth, $100. These rates seem closer to being consistent with hourly rates I see for typical litigation in many parts of the country, including metropolitan areas. I used these rates to make the fee ceiling calculation in Exhibit B10.

16.     *Absence of Fee Management Activity*: There are no significant write-offs or write-downs of any time or expenses nor any other evidence that these fees and expenses were subjected to normal supervision or management, either internally by the firms or by a vigilant client. (There were three no-charged items, but no time or fee amounts are provided.) The US Supreme Court explained that lawyers are "ethically obligated" to "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice is ethically obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1988). From what I can see, these clients were "absent," *i.e.*, they had no incentive to manage their lawyers, their

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

1   tactics and strategy, their staffing, their hourly rates, their expenses, or the like, otherwise they surely

2   would have been shocked by such high bills given the relatively light work done.

3       17.    *Individual Problem Time Entries*:  In reviewing the bills and expenses in detail, we found

4   many indications in individual time and expense entries that the entries failed to meet normal billing

5   format and content requirements.  In sum, we found problems with 45% of the time entries (by dollar

6   amount), the most common of which are discussed in more detail below (Exhibits B4, B5):

| Problem Code | Hours | Fees | % Hours | % Fees |
|---|---|---|---|---|
| LandSafe (ls) | 53.9 | $ 26,455.00 | 11% | 13% |
| Cryptic (qu) | 50.5 | $ 22,450.00 | 10% | 11% |
| travel (tr) | 32 | $ 16,750.00 | 7% | 8% |
| Internal Conference (ic) | 33.3 | $ 15,480.00 | 7% | 8% |
| Internal Memorandum (im) | 35.2 | $ 10,695.00 | 7% | 5% |
| Clerical (cl) | 28.5 | $ 6,495.00 | 6% | 3% |
| Central Pacific (cp) | 5.6 | $ 1,920.00 | 1% | 1% |
| | | | | |
| Coded Time | 223 | $ 92,860.00 | 46% | 46% |
| Uncoded Time | 266.2 | $ 106,855.00 | 54% | 54% |
| Total Time | 489.2 | $ 199,715.00 | 100% | 100% |
| | | | | |
| long days | 18.4 | $ 8,135.00 | 4% | 4% |

Note that time entries exhibiting more than one issue are included fully in each.[3]

       18.    *Cryptic & Vague Time Entries:*  The largest problem with these entries is the failure by the
timekeepers to provide complete descriptions of their tasks, which also hinders us from segregating time
spent on the other defendants, for example.  Timekeepers must provide sufficient detail to demonstrate
the reasonableness of a time entry, including, *e.g.*, the subject of communications or of work done.
Failure to provide detail not only makes it difficult to assess the reasonableness of entries, but also to
catch outright billing mistakes and duplication of effort.  Purposely making one's entries cryptic would
be a means to inflate time entries or defraud a client.

       a.    In these bills, 11% of the fees billed were in cryptic, incomplete time entries, totaling

[3]  The reference at the foot of the table to "long days" is to entries where more than 8.0 hours are billed
in the same day by one person.  Case law and common sense suggest that such time may be excessive
and unreasonable, and should often be written down, but I determined that this issue was not necessary
to raise in this instance.

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

$22,450.  These entries are coded "qu" in Exhibit C hereto.

b.   As noted before, we found enough detail to flag 13% of the fees, $26,455, as relating to Defendant LandSafe but just 1% of the entries, $1,920 as relating to Defendant Central Pacific, which is itself suspicious.  These are coded "ls" and "cp" respectively in Exhibit C hereto.

19.   *Internal and Team Conferences & Memoranda*: 8% of the fees, $16,750, include internal conferences, and another 5%, $10,695, are for internal memoranda.  These are codced "ic" and "im" in Exhibit C.  While some internal communication is necessary if a matter necessarily requires more than one person, as I have noted above, I do not see any such necessity here.  This is one of the symptoms of having an absent client, with no incentive to monitor staffing or bills – a paying client would be quite concerned about such a heavy expense for a routine matter.

20.   *Travel*: There are $16,750 in time entries reflecting travel-related time, which is 7% of the total fee claim.  By time, this is 32 hours.  These items were coded "tr" in Exhibit C.  Aside from the legal issues under California law, the issue with determining reasonableness of travel fees and expenses is that they do not entail direct delivery of professional services.  Instead, they are payments for moving timekeepers around, which is not generally productive professional time.

21.   *Clerical Time*: The last appreciable problem with individual time entries are entries seeking professional fees for clerical services.  We identified $6,495 in such entries, which is 1% of total, and 28.5 hours.  These are coded "cl" in Exhibit C.  Legal fees for professionals already compensate law firms for the lawyer's or paralegal's salary, plus overhead and profit of the firm, including clerical services.  Therefore a firm may not attempt to charge separately for overhead – it is included in the reasonable hourly rates of proper timekeepers.

22.   *Expenses*:  Actual, necessary out-of-pocket expenses incurred by a lawyer in the course of representing a client can be passed through to clients, assuming the client has agreed (or there is no agreement to the contrary).  A firm cannot mark-up expenses or charge personal or overhead items as an expense.  *See, e.g.*, ABA Formal Ethics Opinion 93-379.  These expenses totaled $1,710.07.  Exhibit D has all the expense detail in a spreadsheet.  (There is a credit of $183 for copying that could be recovered as a normal court cost.)  It appears, for example, that the firm was charging 20 cents per page, which

13

1   would be high.  If anything, the total of the expenses confirms my opinion that this was a routine

2   litigation matter resolved early in the process.  The expenses are for postage, phone calls, copying,

3   messengers, some factual investigation, and travel expenses for one deposition.  These do not reflect

4   intense or complicated litigation activity.  Then too, there is no documentation to link any of these

5   expenses to Trans Union (or to this case, for that matter).  I cannot tell, for example, the cost charged per

6   item or page.

7   *Methods & Materials Reviewed*

8       23.    Under my supervision, an employee of my firm converted the fee and expense entries into

9   electronic spreadsheets for our analysis.  We reviewed and coded time entries according to various types

10   of problems (or potential problems) as described above.  This data is then sorted and filtered for my

11   analysis using tools included in the spreadsheet program.  This data is presented in Exhibit C, organized

12   in chronological order.  This chronological spreadsheet contains all the raw fee data upon which our

13   tables and charts, Exhibit B and herein, and my conclusions, are based.  Exhibit D is the expense data.

14       24.    *Legal Bill Review Analytical Stages*:  Because they are issued by legal professionals,

15   subject to requirements beyond those imposed on most commercial vendors, there are several layers of

16   analysis to be conducted for any hourly legal bill.

17       a.    The burden of preparing billing records and proving the time spent, as well as that the

18           time was reasonable and necessary, is on the law firm, which creates the records in the

19           first place.  Hourly fees are based on an honor system.

20       b.    First, and most fundamentally, the bill's content and format must provide the basic

21           details, such as the subject of communications or research, to inform the client – or a

22           judge – what was being done so that one can determine that the work itself, as well as the

23           charge for it, was reasonable and necessary.

24       c.    Second, there are some types of time entry meeting this content requirement, but which

25           appear inappropriate, unreasonable or unnecessary from reviewing that time entry.  (An

26           obvious example would be a 25 hour time entry.)

27       d.    Third, one must look beyond the face of the bill to determine whether the fees meet the

28           legal standards contained in statutory and case law.  This requires consideration of the bill

14

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

in its legal context, *i.e.*, not just on its face alone, to determine whether it meets external
standards for what is reasonable and necessary.  (Examples include common concerns
about excessive internal conferences, duplication of effort, and clerical work.
Comparison with the amount in controversy and results achieved is also appropriate.
Here, too, there is the question of segregating the time spent on other defendants and for
avoiding a duplicate payment.)

e.  Fourth, there are various grounds upon which otherwise reasonable, necessary, and
properly documented fees and expenses may be forfeited, such as ethical infractions by
the lawyer or other legal rulings, which I do not address here.

25.  The various categories of problems with time entries for which we code are based on the
rationale used by court decisions and other authorities to deny payment of legal fees in comparable
cases.  The general standard is whether the fees and expenses are necessary and reasonable, under the
circumstances.

26.  We have prepared various summary tables of data and graphs to illustrate several aspects
of the bills.  These tables and charts are attached to this declaration as Exhibit B.

27.  *Mixed Time Entries:* Although some of the entries are broken down by task, many of
these timekeepers employed "block billing," *i.e.*, billing all tasks for a day in a single entry for each
timekeeper, thereby effectively mixing the time each spent on different tasks, without breaking down the
time by task.  Experienced counsel should have anticipated the need for keeping accurate,
contemporaneous, and detailed time records for all entries, not just some of them.

a.  When we reviewed the individual time entries, an entire time entry was coded for each
problem noted, even if only one part exhibited a problem.  Because the tasks were mixed
together, the time spent on each is unknown and we cannot segregate the time spent on
individual tasks without making arbitrary or speculative guesses about time spent on each
task.

b.  Time entries evidencing more than one problem were coded for each problem and, unless
the timekeeper segregated his time into discrete task entries, entries mixing, blocking, or
lumping more than one code are counted in full for each problem category total.  If part of

15

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

the time entry indicated a problem, but the balance indicated no problem, the entire entry is still coded and counted in full for the problem exhibited by a portion of the entry, unless the timekeeper segregated his or her time by task. Our inability to speculate about the allocation of time within an undifferentiated entry is a necessary consequence of so-called lumping, blocking, or mixing of time entries, which precludes accurate segregation of time devoted to each discrete task.

28. *Inadequate documentation*: This claim for hourly legal fees and expenses is not adequately documented when compared with the quality, content, and extent of records normally kept by attorneys expecting to bill clients for their time, or seek payment from a common fund, let alone attorneys expecting to facilitate a client's effort to obtain reimbursement from insurance companies for payment of their fees and expenses.

    a. Failure of an attorney to accurately, timely, and completely record time in an hourly bill is a basis for denying all or part of a fee, even if it is obvious that the attorney must have worked some time. This is because the attorney always has the burden not only to record his or her time accurately, but to provide sufficient detail to demonstrate that the fee is reasonable and necessary.

    b. To determine whether a fee is reasonable, anyone, including a court or a client, must be able to examine the time entries and determine from their face (or with other supporting information provided by the firm) whether the amounts billed are reasonable for the tasks performed.

29. Because we did not have full access to underlying documentation and background information from the timekeepers, as well as details for the expenses, we have not performed a financial audit of these petitions in the sense that the term is used by accountants or any tests for, *e.g.*, fraud. Instead we performed what accountants and auditors would typically refer to as a *review* or *performance audit*. We have assumed that the submissions by the plaintiffs are accurate and contain all the information they have to support the reasonableness of their fees and expenses.

30. In addition to reviewing the fee petitions of the four firms, I have seen information on timekeepers from current websites and pleadings and other filings in the case. I have also seen and

---

16

DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

1  relied upon information from Starbucks' other consultant regarding reasonable hourly rates.

2  *New Information & Authority*

3      31.    If material new information becomes available, we may revise or supplement our report

4  and opinions accordingly.  This declaration is based on all relevant information the plaintiffs have

5  provided to date.

6      32.    I am an independent expert, not an agent or attorney representing Trans Union.  None of

7  my statements is made as a representative of Trans Union nor am I authorized to waive or release

8  anything on its behalf.

9

10      I declare under penalty of perjury under the laws of the State of California that the foregoing is

11  true and correct.

12  Executed on this 5th day of February, 2009, in Great Falls, Virginia.

13                                           by John Toothman, Esq.
                                             2009.02.05 11:58:31 -05'00'
14  By   _____

15           John W. Toothman

16

17

18  Attachments:

19

20  Exhibit A                    Current Resume of John Toothman

21  Exhibit B1-10                Charts and Tables Prepared from bills & related data

22  Exhibit C                    Chronological Printout of Legal Fee Data, including coded time

23  Exhibit D                    Expense Data

24

25                      * * * * * *

26

27

28

                                   17
DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES & EXPENSES

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF ORANGE

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

      On February 5, 2009, I served the foregoing document(s) described as **DECLARATION OF JOHN W. TOOTHMAN IN SUPPORT OF TRANS UNION LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES** on the interested parties in this action as follows:

      **See Attached List**

☐    **BY PERSONAL DELIVERY.** I delivered such envelope by hand to the offices of the addressee.

☐    **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Costa Mesa, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. I caused the machine to print a transmission record of the transmission. No errors were reported.

☐    **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Costa Mesa, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Costa Mesa, California in the ordinary course of business for delivery to the addressee.

☒    **BY ECF.** I caused such documents to be e-filed with the Court which were then served via the ECF filing system.

☐    **BY EMAIL.** I emailed such documents to the addressees at their email addresses on the attached list.

      Executed on February 5, 2009, at Costa Mesa, California.

☒    **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                              */s/ Karen S. Reisner*
                              Karen S. Reisner

625763.1

1

**SERVICE LIST**

2  Amitai Schwartz
    Law Offices of Amitai Schwartz
3  2000 Powell St., Ste. 1286
    Emeryville, CA 94608
4  Phone: 510-597-1775
    Fax: 510-597-0957
5  amitai@schwartzlaw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# The Devil's Advocate

P.O. Box 8
Great Falls, VA 22066

(703) 684-6996
(703) 759-2388 (fax)

## RESUME OF JOHN W. TOOTHMAN

### Employment

*The Devil's Advocate* (1993-present): Founder of legal fee management and litigation consulting firm. From 1993-2008, The Toothman Law Firm, P.C., also engaged in civil litigation and trial practice in federal and state courts, including appeals.

*LitWatch, Inc.* (1999-present): Publisher and Editor-in-Chief of litigation news service.

*Shulman, Rogers, Gandal, Pordy & Ecker, P.A.* (1989-1993): Partner in charge of the firm's Alexandria, Virginia office. Commercial litigation practice in federal and state, trial and appellate courts, including litigation against the United States. Represented the U.S. Small Business Administration in receivership proceedings.

*Grad, Toothman, Logan & Chabot, P.C.* (1986-1989): Associate, then partner in firm eventually known as Grad, Toothman, Logan & Chabot, P.C. Commercial and tort litigation and trial practice in state and federal court (trial and appellate), as well as litigation against the United States.

*U.S. Department of Justice, Civil Division, Federal Programs Branch* (1984-1986): Trial attorney with wide array of client agencies and issues, including constitutional, statutory, and administrative law, ERISA, FOIA, employment discrimination, boycott, and other substantive issues. Top Secret, SI, and SCI security clearances.

*Akin, Gump, Strauss, Hauer & Feld* (1983-1984): Associate attorney in antitrust litigation section.

*Howrey & Simon* (1981-1983): Associate attorney, primarily in antitrust and intellectual property. Representation of an industrial trade association.

### Education

*Harvard Law School*, J.D., *cum laude* (1981)
> Ames Moot Court Competition Semi-Finalist
> Research Assistant supplementing H. Hart, H. Wechsler, P. Bator, P. Mishkin
>  & D. Shapiro, THE FEDERAL COURTS & THE FEDERAL SYSTEM (2d ed. 1977)
> Cambridge & Somerville Legal Services (clinical education)
> "Complex Civil Litigation" (third-year paper)

*University of Virginia*, M.S., Chem. Eng. (1979); B.S., Chem. Eng., with honors (1977)
> National Science Foundation Fellowship, Memminger Fellowship, Tau Beta Pi, Sigma Xi, Alpha Chi
> Sigma, AICHE Scholarship Award, Dean's List, Intermediate Honors

### Other Relevant Experience & Publications

Arbitrator, Fee Arbitration Service Panel, DC Bar Attorney/Client Arbitration Board (1994-1998)

Arbitrator, Virginia State Bar, Fee Dispute Resolution Program, 18th Cir. Comm. (June 1995 to present)

Co-author, with Douglas Danner, TRIAL PRACTICE CHECKLISTS 2d (West Group 2001;
> 3 vols. supplemented annually)

Co-author, with William G. Ross, LEGAL FEES: LAW & MANAGEMENT (Carolina Academic Press 2003)

Author, Chapters 11-13, *Fifth Annual Litigation Management Supercourse, Volume I* 575-594 (PLI March 1994)

Article, "For Trials, Get A Trial Attorney," 14(51) *National Law Journal* 17-18 (Aug. 24, 1992)

Article, "Ways To Counter The Down Side of Litigation," *Wash. Bus. Journal* 43 (Nov. 2, 1992), republished in *Newstrack* (Dec. 15, 1992)

Article, "10 Things Clients Can Do To Strengthen Later Suits," *Wash. Bus. Journal* 33 (Jan. 1, 1993)

Article, "Greasing the Wheels for Civil-Justice Reform," 15(34) *Legal Times* 43 (Jan. 18, 1993)

Article, "Justice May Justify Name Again," 15(30) *National Law Journal* 15-16 (March 29, 1993)

Article, "Attorney Fees: The Case for 'Value Billing,'" *Wash. Bus. Journal* 57 (June 18, 1993), republished in *Newstrack* (April 6, 1993)

Article, "Getting to the Heart of Excessive Attorney Fees," *Newstrack* (Aug. 3, 1993)

Article, "A No-Nonsense Approach to Monitoring Those Legal Bills," *Wash. Bus. Journal* 36 (Dec. 17, 1993)

Article, "Hire Trial Lawyers, Not Litigators, Say General Counsel," 4(27) *Corporate Legal Times* 39 (Feb. 1994)

Article, "Second Opinions May Trim Legal Bills," 16(27) *National Law Journal* 17 (Feb. 14, 1994)

Article, "Alternative Billing: Living With the Uncorked Genie," 7(3) *Accounting for Law Firms* 3-4 (March 1994)

Article, "Billing: Considering Alternatives That Work & Others That Don't," 7(4) *Accounting for Law Firms* 4-6 (April 1994)

Article, "In Litigation, It's Usually the Fall That Kills the Client," *Wash. Bus. Journal* 15 (May 13, 1994)

Article, "Ten Tips for Lawyers' Clients," *Nation's Business* 44 (Oct. 1994)

Article, "Legal Fees: You Can Keep Them In Check," 21(4) *Directorship* 8 (April 1995)

Article, "Creating a Retainer Agreement That's Fair to Both Sides," 8(7) *Accounting for Law Firms* 6-7 (July 1995)

Article, "Standard Hourly Litigation Retainer Agreement," 8(8) *Accounting for Law Firms* 5-8 (August 1995)

Article, "Real Reform," 81 *ABA Journal* 80 (September 1995)

Article, "Audit Your Firm's Bills Before Your Client Does," 9(11) *Accounting for Law Firms* 1, 6-7 (Nov. 1996)

Article, "Integrated Legal Management: A Checklist," *WMACCA Counselor* 4 (July 1997)

Article, "Estimating Legal Fees: A Primer for Law Firms," 10(11) *Accounting for Law Firms* 1-6 (Nov. 1997)

Article, "Surviving a Legal Bill Audit," 15(1) *The Compleat Lawyer* 45-50, 62 (ABA Winter 1998)

Article, "Cost-Conscious Clients," 114(86) *Los Angeles Daily Journal* 8 (May 4, 2001)

Article, "Accurate Accounting," 114(103) *Los Angeles Daily Journal* 8 (May 29, 2001)

---

Note, "Like It or Not, the Law is Now a Business," 16(3) *National Law Journal* 16 (Sept. 20, 1993)

Note, "We Three Kings of Corporate Law," 17(17) *National Law Journal* A21 (Dec. 26, 1994 - Jan. 2, 1995)

Note, "O Little Firm of Bethlehem (PA)," 18(17) *National Law Journal* A19 (Dec. 25, 1995 - Jan. 1, 1996)

Report, "Regarding Department of Energy Management of Contractor Litigation Expenses," U.S. House Subcommittee on Oversight & Investigations of the Committee on Energy & Commerce (July 13, 1994), and related reports for the U.S. General Accounting Office.

Report, "Managing Legal Services," 27(12) *MIS Report* (Dec. 1995) (International City/County Management Ass'n)

---

Guest Lecturer, Trial Advocacy, National Law Center at George Washington University (Spring 1988)

Lecture, Georgetown University CLE, "Receiverships" (May 1991)

Lecture, Alexandria Bar Ass'n CLE, "Witness Preparation" (June 1992)

Lecture, Alexandria Bar Ass'n CLE, "Beyond Rambo: Effective Civil Litigation Tactics" (March 1993)

Panel Member, Alexandria Bar Ass'n CLE, "Ethics for the Trial Attorney" (March 1993)

Lecture, Alexandria Bar Ass'n CLE, "What's All This Nonsense About TQM, Value Billing, And Legal Bill Audits?" (Oct. 1993)

Panel Member, "Law Firm Governance 1994," (BDA program; Feb. 1994)

Moderator, Alexandria Bar Ass'n CLE, "Practice Before the Virginia Court of Appeals" (April 1994)

Panel Member, ABA Section of Litigation, "Roundtable for In-House & Outside Counsel" (Oct. 1994)

Lecture, Alexandria Bar Ass'n CLE, "An Ounce of Prevention: Billing Problems That Drive Clients Crazy" (Jan. 1995)

Lecture, North Carolina Ass'n of CPAs, "Legal Cost Containment Trends" (Sept. 1995)

Lecture, Alexandria Bar Ass'n CLE, "Attorney Fees: Law & Practice in Virginia" (Jan. 1996)

Lecture, Fairfax Bar Ass'n CLE, "Billing & Collection Practices" (May 1996)

Lecture, Int'l Munic. Lawyers Ass'n, "Managing Litigation Costs" (April 1997)

Moderator, RIMS, "Managing Legal Fees" (May 1997)

Panel Member, ABA Health Law Section & Am. Ass'n of Health Plans, "In-House Counsel Workshop" (April 1998)

Moderator, RIMS, "Warning Signs" (April 1998)

Moderator, RIMS, "Legal Fee Audit Guidelines" (April 1999)

Panel Member, American Ass'n of Law Libraries, "Getting the Client to Value Legal Research" (July 1999)

Moderator, RIMS, "Legal Fee Management" (May 2000)

Recipient, Ross Essay Award, American Bar Association (1995)

*Bar & Related Affiliations*

Admitted to practice law in the District of Columbia (1981), Maryland (1990) (inactive), and Virginia (1987).

Also admitted to practice before the U.S. District Courts for the Eastern District of Virginia (and Bankruptcy Court), District of Columbia (inactive), Colorado, and Maryland (inactive); U.S. Court of Federal Claims (Claims Court); U.S. Courts of Appeals for the Federal, District of Columbia, and Fourth Circuits; and, U.S. Supreme Court.

*Testimony*

| Matter | Month & Year | Testimony Form |
|---|---|---|
| County Utilities Corp. v. Crofton Lending Corp. (Anne Arundel Cir. Ct., Md.) | April 2003 | Deposition and Hearing |
| Luzerne County v. Luzerne County Retirement Board  (Luzerne Cty Ct. Common Pleas, Penn.) | January 2004 | Hearing |
| Bayer AG, et al. v. Housey Pharmaceuticals, Inc. (D. Del.) | March 2004 | Affidavit |
| Hargrave v. Vermont (D. Vermont) | September 2004 | Affidavit |
| Chase, et al. v. County of Nassau, NY (AAA Arb.) | September, October 2004 | Hearing |
| Maximo v. Merchants Building Maintenance LLC (and related cases) (LA Sup. Ct., Cal.) | January 2005 | Affidavits |
| Wright & Sielaty PC v. Burlington Bio-Medical Corp. (E.D. Va.) | March 2005 | Deposition |
| Blitz Holdings Corp. v. Locke Liddell & Sapp, LLP (Montgomery Cty Dist. Ct., Tex.) | April 2005 | Deposition |
| Howrey, LLP v. Oakwood Laboratories (AAA Arb.) | September, November 2006 | Deposition and Hearing |
| GTown 1 LLC v. Commerce Bank NA (DC Sup. Ct.) | December 2006, January 2007 | Affidavits |
| deSaad v. Banco Industrial de Venezuela, C.A., Miami Agency (Dade Cty Cir. Ct., Fla) | April, May 2007 | Deposition and Hearing |
| Rice v. Fox (E.D. Va.) | May 2007 | Deposition |
| James v. Sheehy Ford (Montgomery Cty Cir. Ct., Md.) | May 2008 | Hearing |
| Chau v. Starbucks Corp. (San Diego Cty Sup. Ct., Cal.) | July 2008 | Affidavit |
| Fox v. Tyson Foods, Inc. (N.D. Ala.) | July, September 2008 | Affidavit and Deposition |
| Advanced Magnetic Closures Inc. v. Rome Fastener Corp. (S.D.N.Y.) | September 2008 | Affidavit |
| American Chemical Society v. Leadscope, Inc. (Franklin Cty, Ohio, Ct. Common Pleas) | September, October 2008 | Deposition and Hearing |

Does not include earlier testimony and affidavits.

10/08

**EXHIBIT B1**



Schwartz Firm Fees by Month

**EXHIBIT B2**

| Trans Union LLC / Kubbany | | |
|---|---|---|
| Amitai Schwartz Legal Bill Reivew | | |
| Monthly Fees | | |
| **Month** | **Hours** | **Fees** |
| Aug-07 | 11.60 | $ 6,960.00 |
| Sep-07 | 23.40 | $ 9,620.00 |
| Oct-07 | 0.60 | $ 360.00 |
| Nov-07 | 9.30 | $ 3,860.00 |
| Jan-08 | 13.20 | $ 5,290.00 |
| Feb-08 | 1.90 | $ 800.00 |
| Mar-08 | 7.00 | $ 3,450.00 |
| Apr-08 | 26.10 | $ 12,300.00 |
| May-08 | 22.50 | $ 11,750.00 |
| Jun-08 | 61.00 | $ 23,250.00 |
| Jul-08 | 96.20 | $ 43,440.00 |
| Aug-08 | 144.80 | $ 53,175.00 |
| Sep-08 | 4.70 | $ 2,820.00 |
| Oct-08 | 2.10 | $ 1,260.00 |
| Nov-08 | 10.50 | $ 3,675.00 |
| Dec-08 | 3.50 | $ 1,225.00 |
| Jan-09 | 50.80 | $ 16,480.00 |
| **Grand Total** | 489.20 | $ 199,715.00 |
| Avg. Hrs. per Month | 28.78 | 391.36 |

Toothman Decl. Exhibit B2

**EXHIBIT B3**

| Trans Union LLC / Kubbany | | | | | | |
|---|---|---|---|---|---|---|
| Amitai Schwartz Legal Bill Reivew | | | | | | |
| Timekeepers | | | | | | |
| | | | | | | |
| **Timekeeper** | **Hours** | | **Rate** | **Fees** | | **% Fees** |
| Amitai Schwartz | 204.60 | $ | 600 | $ | 122,760.00 | 61.5% |
| Moira Feeney | 204.10 | $ | 250 | $ | 51,025.00 | 25.5% |
| Lisa Sitkin | 59.60 | $ | 400 | $ | 23,840.00 | 11.9% |
| Caitlin Barth | 20.90 | $ | 100 | $ | 2,090.00 | 1.0% |
| **Total** | 489.20 | $ | 408 | $ | 199,715.00 | 100.0% |

**EXHIBIT B4**



Kubbany v. Trans Union
Law Offices of Amitai Schwartz
All Matters/Problem Codes

**EXHIBIT B5**

| Trans Union LLC / Kubbany | | | | | | |
|---|---|---|---|---|---|---|
| Amitai Schwartz Legal Bill Reivew | | | | | | |
| Problem Fees | | | | | | |
| | | | | | | |
| **Problem Code** | **Hours** | **Fees** | **% Hours** | **% Fees** | | |
| LandSafe (ls) | 53.9 | $  26,455.00 | 11% | 13% | | |
| Cryptic (qu) | 50.5 | $  22,450.00 | 10% | 11% | | |
| travel (tr) | 32 | $  16,750.00 | 7% | 8% | | |
| Internal Conference (ic) | 33.3 | $  15,480.00 | 7% | 8% | | |
| Internal Memorandum (im) | 35.2 | $  10,695.00 | 7% | 5% | | |
| Clerical (cl) | 28.5 | $   6,495.00 | 6% | 3% | | |
| Central Pacific (cp) | 5.6 | $   1,920.00 | 1% | 1% | | |
| | | | | | | |
| Coded Time | 223 | $  92,860.00 | 46% | 46% | | |
| Uncoded Time | 266.2 | $ 106,855.00 | 54% | 54% | | |
| Total Time | 489.2 | $ 199,715.00 | 100% | 100% | | |
| | | | | | | |
| long days | 18.4 | $   8,135.00 | 4% | 4% | | |
| | | | | | | |
| One third of uncoded fees | | $  35,614.77 | | | | |
| One third of uncoded, less 20% | | $  28,491.82 | | | | |

Note:  To avoid counting initial 8.0 hours, Long Days are not "coded" as problem time; see: separate worksheet for details.  Entries may be flagged for one or more issues, with each entry included in each problem total -- totals cannot be added without double-counting.

**EXHIBIT B6**

| | Trans Union LLC / Kubbany | | | |
|---|---|---|---|---|
| | Amitai Schwartz Legal Bill Reivew | | | |
| | Filters | | | |
| | | | | |
| Seq # | Filter Term | Hours | Fees | % Fees |
| 1 | research | 157.3 | $ 61,410.00 | 30.7% |
| 2 | review | 119.3 | $ 60,005.00 | 30.0% |
| 3 | draft | 142.6 | $ 55,485.00 | 27.8% |
| 4 | Trans and Union | 140.5 | $ 47,970.00 | 24.0% |
| 5 | edit | 79.7 | $ 34,175.00 | 17.1% |
| 6 | **Landsafe (Co-defendant in case)** | **53.9** | **$ 26,455.00** | 13.2% |
| 7 | Vici Gordon (per Fees Motion, a loan broker employed by North Coast Mortgage) | 41.4 | $ 20,950.00 | 10.5% |
| 8 | mediation | 44.2 | $ 18,460.00 | 9.2% |
| 9 | client | 37 | $ 18,000.00 | 9.0% |
| 10 | travel | 32 | $ 16,750.00 | 8.4% |
| 11 | correspond | 28.1 | $ 15,750.00 | 7.9% |
| 12 | depo* | 29.5 | $ 15,040.00 | 7.5% |
| 13 | T/c | 22.7 | $ 11,135.00 | 5.6% |
| 14 | meet and confer | 27 | $ 10,250.00 | 5.1% |
| 15 | Rule 68 | 14.4 | $ 7,835.00 | 3.9% |
| 16 | offer | 12.8 | $ 7,505.00 | 3.8% |
| 17 | declaration | 14.9 | $ 6,280.00 | 3.1% |
| 18 | CMC | 12.9 | $ 5,740.00 | 2.9% |
| 19 | confer with AS | 13.6 | $ 4,255.00 | 2.1% |
| 20 | subpoena | 8.6 | $ 3,760.00 | 1.9% |
| 21 | Adam Johnson (per time entries, attorney for TransUnion) | 5.9 | $ 3,540.00 | 1.8% |
| 22 | Kubbany | 5.3 | $ 3,180.00 | 1.6% |
| 23 | assemble | 12.6 | $ 3,150.00 | 1.6% |
| 24 | Gantvoort | 4.7 | $ 2,820.00 | 1.4% |
| 25 | protective order | 3.8 | $ 2,240.00 | 1.1% |
| 26 | Bradley | 4.4 | $ 2,180.00 | 1.1% |
| 27 | ADR | 4.3 | $ 2,060.00 | 1.0% |
| 28 | credit report | 3.7 | $ 1,970.00 | 1.0% |
| | | | | |
| 29 | **Central Pacific (Co-defendant in case)** | **5.6** | **$ 1,920.00** | 1.0% |
| 30 | organiz* | 7.3 | $ 1,870.00 | 0.9% |
| 31 | t/c and Kubbany | 3.1 | $ 1,860.00 | 0.9% |
| 32 | furnisher and liability | 7.3 | $ 1,825.00 | 0.9% |
| 33 | exhibit | 7.3 | $ 1,825.00 | 0.9% |
| 34 | ECOA | 3.5 | $ 875.00 | 0.4% |
| 35 | correspond and Kubbany | 1.4 | $ 840.00 | 0.4% |
| 36 | settlement | 1 | $ 600.00 | 0.3% |
| 37 | work on | 5.5 | $ 550.00 | 0.3% |
| | | | | |
| | | | | |
| | Total fees | | $ 199,715.00 | |
| Note | These are filters of the time descriptions for the identified words and phrases. | | | |

**EXHIBIT B7**

| Research entries | | | | | | |
|---|---|---|---|---|---|---|
| Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees |
| 8/6/2007 | Amitai Schwartz | AS | Review initial material from clients; research re: statute of limitations | 0.8 | $600.00 | $ 480.00 |
| 8/16/2007 | Amitai Schwartz | AS | Research re: credit reports; Fair Credit Reporting Act | 1.2 | $600.00 | $ 720.00 |
| 8/31/2007 | Amitai Schwartz | AS | Legal research re: claims and damages; review portions of Cortez case files | 3.5 | $600.00 | $ 2,100.00 |
| 9/12/2007 | Lisa Sitkin | LS | Confer with AS re: research projects | 0.2 | $400.00 | $ 80.00 |
| 9/19/2007 | Lisa Sitkin | LS | Research re: Cortez case and venue under FCRA | 1.3 | $400.00 | $ 520.00 |
| 9/20/2007 | Lisa Sitkin | LS | Research re: possible defendants; review file' prepare chronology of correspondence re: inaccurate information | 1.8 | $400.00 | $ 720.00 |
| 9/21/2007 | Lisa Sitkin | LS | Further review of file; research re: user agreements; legal research | 5.1 | $400.00 | $ 2,040.00 |
| 9/24/2007 | Lisa Sitkin | LS | Draft memo; research re: causes of action; draft questions | 4.2 | $400.00 | $ 1,680.00 |
| 9/25/2007 | Lisa Sitkin | LS | Draft memo; research re: FCRA preemption | 6.2 | $400.00 | $ 2,480.00 |
| 9/26/2007 | Lisa Sitkin | LS | Review Dennis decision; draft summary for memo; research re: vendors and brokers | 2.6 | $400.00 | $ 1,040.00 |
| 10/2/2007 | Amitai Schwartz | AS | Review initial research memo from LS re:claims, defenses, venue | 0.4 | $600.00 | $ 240.00 |
| 11/6/2007 | Lisa Sitkin | LS | Research re: defendants; research for complaint; draft complaint | 2.3 | $400.00 | $ 920.00 |
| 11/7/2007 | Lisa Sitkin | LS | Research for complaint | 2.5 | $400.00 | $ 1,000.00 |
| 11/8/2007 | Lisa Sitkin | LS | Draft complaint; research re: defendants and other litigation against them | 2.9 | $400.00 | $ 1,160.00 |
| 1/15/2008 | Amitai Schwartz | AS | Review, edit and research re: complaint | 1.6 | $600.00 | $ 960.00 |
| 1/15/2008 | Amitai Schwartz | AS | Confer with LS re: revision to complaint and research | 0.2 | $600.00 | $ 120.00 |
| 2/27/2008 | Lisa Sitkin | LS | Confer with AS and research re: discovery hold | 0.2 | $400.00 | $ 80.00 |
| 3/6/2008 | Caitlin Barth | CB | Research re: Central Pacific Mortgage. T/c to Folsom # (disconnected); T/c to Yuba City #, talk with man re: association with Folsom office | 0.7 | $100.00 | $ 70.00 |
| 3/6/2008 | Lisa Sitkin | LS | Correspondence re: meet and confer teleconference; research re: same | 0.3 | $400.00 | $ 120.00 |
| 3/6/2008 | Lisa Sitkin | LS | Research re: statutes of Central Pacific Mortgage and Vici Gordon business | 0.2 | $400.00 | $ 80.00 |
| 3/28/2008 | Amitai Schwartz | AS | Research review new opinion in Dennis v.BEH-1 LLC | 0.3 | $600.00 | $ 180.00 |
| 4/16/2008 | Lisa Sitkin | LS | Confer with AS re: initial disclosures; research re: witnesses; finalize witness section | 0.8 | $400.00 | $ 320.00 |
| 4/29/2008 | Amitai Schwartz | AS | Review file, research in preparation for CMC | 1.1 | $600.00 | $ 660.00 |
| 4/29/2008 | Amitai Schwartz | AS | Research circuit law on protective orders | 1.3 | $600.00 | $ 780.00 |
| 5/1/2008 | Amitai Schwartz | AS | Research and draft document subpoena to North Coast Mortgage | 2.5 | $600.00 | $ 1,500.00 |
| 5/15/2008 | Caitlin Barth | CB | Internet research re: OFAC database interface with Trans Union Report | 3.3 | $100.00 | $ 330.00 |
| 6/5/2008 | Amitai Schwartz | AS | Research re: Central Pacific Mortgage; V/m message from Vici Gordon; research re: Vici Gordon; T/c with Vici Gordon | 1.3 | $600.00 | $ 780.00 |
| 6/12/2008 | Moira Feeney | MF | Review of research file | 0.4 | $250.00 | $ 100.00 |
| 6/12/2008 | Moira Feeney | MF | Research notice requirements of Mortgage brokers under FCRA | 2.2 | $250.00 | $ 550.00 |
| 6/13/2008 | Moira Feeney | MF | Research on 15 USC § 1681g | 0.8 | $250.00 | $ 200.00 |
| 6/13/2008 | Moira Feeney | MF | Research memo re: Mortgage Scoring Notice under FCRA | 2.0 | $250.00 | $ 500.00 |
| 6/13/2008 | Moira Feeney | MF | Research of fictitious business name - NorthCoast Mortgage, Humboldt County | 0.5 | $250.00 | $ 125.00 |
| 6/13/2008 | Moira Feeney | MF | Research re: FCRA | 4.5 | $250.00 | $ 1,125.00 |
| 6/16/2008 | Amitai Schwartz | AS | Research re: relation between mortgage lending, credit reports, and Patriot Act | 1.8 | $600.00 | $ 1,080.00 |
| 6/16/2008 | Moira Feeney | MF | Research on ECOA and CCCRA | 2.5 | $250.00 | $ 625.00 |
| 6/16/2008 | Moira Feeney | MF | Draft research memo re: Vici Gordon | 1.8 | $250.00 | $ 450.00 |
| 6/17/2008 | Moira Feeney | MF | Research on Cal equivalent of ECOA | 1.3 | $250.00 | $ 325.00 |
| 6/18/2008 | Moira Feeney | MF | Research on corporate status of Central Pacific | 1.0 | $250.00 | $ 250.00 |
| 6/27/2008 | Amitai Schwartz | AS | Review discovery; review articles on interdiction software; research re: experts; research re: Acuity | 2.2 | $250.00 | $ 550.00 |
| 7/3/2008 | Amitai Schwartz | AS | Confer with MF re: liability and damages research | 5.4 | $600.00 | $ 3,240.00 |
| 7/3/2008 | Amitai Schwartz | AS | Prep for Gordon depo; review files, research re: licensing and obligations of mortgage brokers | 0.3 | $600.00 | $ 180.00 |
| | | | | 4.5 | $600.00 | $ 2,700.00 |

**Research entries**

| Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|---|
| 7/3/2008 | Moira Feeney | MF | Research on FCRA liability for damages | 0.5 | $250.00 | $ 125.00 |
| 7/3/2008 | Moira Feeney | MF | Research re: mortgage brokers | 0.4 | $250.00 | $ 100.00 |
| 7/3/2008 | Moira Feeney | MF | Research on FCRA liability/damages | 1.6 | $250.00 | $ 400.00 |
| 7/3/2008 | Moira Feeney | MF | Research on damages under FCRA | 4.0 | $250.00 | $ 1,000.00 |
| 7/5/2008 | Moira Feeney | MF | Research on USA Patriot Act | 2.2 | $250.00 | $ 550.00 |
| 7/7/2008 | Moira Feeney | MF | Research into furnisher liability | 0.5 | $250.00 | $ 125.00 |
| 7/7/2008 | Moira Feeney | MF | Research on furnisher liability | 1.5 | $250.00 | $ 375.00 |
| 7/8/2008 | Moira Feeney | MF | Research on furnisher liability | 2.1 | $250.00 | $ 525.00 |
| 7/22/2008 | Moira Feeney | MF | Research on damages | 2.2 | $250.00 | $ 550.00 |
| 7/23/2008 | Moira Feeney | MF | Research and survey of cases and damages awards | 3.2 | $250.00 | $ 800.00 |
| 8/1/2008 | Amitai Schwartz | AS | Confer with MF re: strategy and further research | 0.2 | $600.00 | $ 120.00 |
| 8/1/2008 | Moira Feeney | MF | Research of responsible person at City of Arcata Community Development Department in order to obtain clients' file; Draft release forms and letter to City | 1.8 | $250.00 | $ 450.00 |
| 8/4/2008 | Moira Feeney | MF | Research on debt-to-income ratio | 0.4 | $250.00 | $ 100.00 |
| 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3.0 | $250.00 | $ 750.00 |
| 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3.8 | $250.00 | $ 950.00 |
| 8/6/2008 | Amitai Schwartz | AS | Review memo re; Landsafe liability; research' confer with NW re: same | 2.0 | $600.00 | $ 1,200.00 |
| 8/7/2008 | Amitai Schwartz | AS | Research re: predicates for FCRA liability | 2.1 | $600.00 | $ 1,260.00 |
| 8/11/2008 | Moira Feeney | MF | Research re: standing of spouse under FCRA | 0.3 | $250.00 | $ 75.00 |
| 8/25/2008 | Amitai Schwartz | AS | Review Trans Union offer of judgment; research re: same | 1.4 | $600.00 | $ 840.00 |
| 8/25/2008 | Moira Feeney | MF | Research location of Accuity for subpoena/attorney service in area; draft records request to attach to subpoena | 2.5 | $250.00 | $ 625.00 |
| 8/26/2008 | Amitai Schwartz | AS | Research re: Rule 68 offer | 1.4 | $600.00 | $ 840.00 |
| 8/27/2008 | Moira Feeney | MF | Research of past litigation re: OFAC SDN list | 0.3 | $250.00 | $ 75.00 |
| 8/27/2008 | Moira Feeney | MF | Review of Rule 68 - research on when judgment is final | 1.0 | $250.00 | $ 250.00 |
| 8/28/2008 | Amitai Schwartz | AS | Research re: Trans Union Rule 68 offer and waiver | 7.5 | $600.00 | $ 4,500.00 |
| 8/29/2008 | Amitai Schwartz | AS | Research re: Trans Union Rule 68 offer | 1.0 | $600.00 | $ 600.00 |
| 9/3/2008 | Amitai Schwartz | AS | Research re: deadlines for fee motion in light of Rule 68 acceptance without formal entry of judgment | 1.1 | $600.00 | $ 660.00 |
| 9/4/2008 | Amitai Schwartz | AS | Research procedure for motion to extend time to file motion for fees; prepare motion, declaration and proposed order to extend time to file motion for attorneys' fees | 2.1 | $600.00 | $ 1,260.00 |
| 9/6/2008 | Amitai Schwartz | AS | Research re: apportionation of fees; Joint and Several Liability | 0.7 | $600.00 | $ 420.00 |
| 11/6/2008 | Moira Feeney | MF | Research apportionment of attorneys' fees. Confer with AS | 1.0 | $250.00 | $ 250.00 |
| 11/7/2008 | Moira Feeney | MF | Research attorney fees issue | 2.5 | $250.00 | $ 625.00 |
| 11/9/2008 | Moira Feeney | MF | Research memo re: apportionment of fees | 4.0 | $250.00 | $ 1,000.00 |
| 11/10/2008 | Amitai Schwartz | AS | Review memo from MF re: apportionment issues for fees; research re: same | 0.8 | $600.00 | $ 480.00 |
| 1/5/2009 | Moira Feeney | MF | Research attorney fee motion against defendant TransUnion | 0.8 | $250.00 | $ 200.00 |
| 1/5/2009 | Moira Feeney | MF | Research and draft points and authorities in support of fee motion against defendant TransUnion | 1.7 | $250.00 | $ 425.00 |
| 1/6/2009 | Moira Feeney | MF | Further research and draft of declaration in support of fee motion against TransUnion | 1.0 | $250.00 | $ 250.00 |
| 1/8/2009 | Moira Feeney | MF | Research and draft memorandum in support of motion for fees against TransUnion | 4.0 | $250.00 | $ 1,000.00 |
| 1/8/2009 | Moira Feeney | MF | Research and revise apportionment issue in fee motion against TransUnion | 3.5 | $250.00 | $ 875.00 |
| 1/8/2009 | Moira Feeney | MF | Research market rates for fee motion against TransUnion | 2.0 | $250.00 | $ 500.00 |
| 1/12/2009 | Amitai Schwartz | AS | Correspondence with Mayer; revise Mayer Declaration; correspondence with Pearl; edit Declaration of AS; research and edit memorandum in support of fee motion | 5.2 | $600.00 | $ 3,120.00 |
| | | | | 157.3 | | $61,410.00 |

.

**EXHIBIT B8**

| Mediation and ADR | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date | Timekeeper | Tkpr | Description | Hours | Rate | | Fees |
| 3/20/2008 | Amitai Schwartz | AS | Review ADR responsibilities; draft letter to clients; further file review in prep for Rule 26 conf. | 1.5 | $ 600 | | $ 900.00 |
| 3/24/2008 | Amitai Schwartz | AS | ADR certifications from clients | 0.2 | $ 600 | | $ 120.00 |
| 4/1/2008 | Lisa Sitkin | LS | Calendar new CMC/ADR dates; draft letter re: CMC deadlines and meet and confer results; prepare ADR certification | 1.5 | $ 400 | | $ 600.00 |
| 4/2/2008 | Lisa Sitkin | LS | Edit letter to defendants' counsel re: case management and finalize and e-file ADR certificates and ADR stipulation re: mediation | 1.1 | $ 400 | | $ 440.00 |
| 4/8/2008 | Amitai Schwartz | AS | Review Order for Mediation | 0.2 | $ 600 | | $ 120.00 |
| 5/14/2008 | Amitai Schwartz | AS | Notice of Appointment of Mediator | 0.2 | $ 600 | | $ 120.00 |
| 5/19/2008 | Amitai Schwartz | AS | Correspondence from Pien (mediator) re:pre-mediation conference call | 0.2 | $ 600 | | $ 120.00 |
| 5/28/2008 | Amitai Schwartz | AS | Pre-Mediation conference call | 0.5 | $ 600 | | $ 300.00 |
| 5/30/2008 | Amitai Schwartz | AS | Correspondence to clients re: mediation | 0.2 | $ 600 | | $ 120.00 |
| 7/21/2008 | Amitai Schwartz | AS | Correspondence to counsel re: mediation date | 0.2 | $ 600 | | $ 120.00 |
| 7/21/2008 | Amitai Schwartz | AS | Correspondence from Don Bradley re: mediation | 0.2 | $ 600 | | $ 120.00 |
| 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3.0 | $ 250 | | $ 750.00 |
| 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3.8 | $ 250 | | $ 950.00 |
| 8/6/2008 | Moira Feeney | MF | Draft language re: Landsafe for mediation statement | 1.5 | $ 250 | | $ 375.00 |
| 8/7/2008 | Amitai Schwartz | AS | Draft mediation statement | 7.1 | $ 600 | | $ 4,260.00 |
| 8/7/2008 | Moira Feeney | MF | Further draft of section on Landsafe liability for the mediation statement | 2.0 | $ 250 | | $ 500.00 |
| 8/7/2008 | Moira Feeney | MF | Call to clients re: release forms and mediation | 0.4 | $ 250 | | $ 100.00 |
| 8/7/2008 | Moira Feeney | MF | Revise draft on Landsafe for mediation statement | 1.5 | $ 250 | | $ 375.00 |
| 8/8/2008 | Amitai Schwartz | AS | Revise and edit mediation statement; confer with MF re: same. | 4.4 | $ 600 | | $ 2,640.00 |
| 8/8/2008 | Amitai Schwartz | I AS | Review Trans Union and Landsafe mediation statements | 0.7 | $ 600 | | $ 420.00 |
| 8/8/2008 | Amitai Schwartz | AS | Correspondence to mediator | 0.2 | $ 600 | | $ 120.00 |
| 8/8/2008 | Moira Feeney | MF | Edit of mediation statement | 1.2 | $ 250 | | $ 300.00 |
| 8/8/2008 | Moira Feeney | MF | Review of Defendants' mediation statements; confer with AS regarding mediation | 1.5 | $ 250 | | $ 375.00 |
| 8/11/2008 | Amitai Schwartz | AS | Correspondence to Johnson re: mediation attendance - Trans Union | 0.2 | $ 600 | | $ 120.00 |
| 8/12/2008 | Moira Feeney | MF | Call with clients re: mediation | 0.5 | $ 250 | | $ 125.00 |
| 8/14/2008 | Amitai Schwartz | AS | Confer with clients re: discovery and mediation | 0.8 | $ 600 | | $ 480.00 |
| 8/15/2008 | Amitai Schwartz | AS | Meet with clients, travel to SF for mediation at Michael Bien's office; meet with clients; travel to office | 6.0 | $ 600 | | $ 3,600.00 |
| 8/15/2008 | Moira Feeney | MF | Travel and Attend Mediation Session | 7.0 | $ 250 | | $ 1,750.00 |
| | | | | 47.8 | | | $20,320.00 |

**EXHIBIT B9**

| Trans Union LLC / Kubbany | |
|---|---|
| Amitai Schwartz Legal Bill Reivew | |

| Seq. # | Matter Name | Time Period |
|---|---|---|
| 1 | Kubbany v. TransUnion Merits Work | September 2007 through August 29, 2008 |
| 2 | Kubbany v. TransUnion Merits Work | September 2007 through August 29, 2008 |
| 3 | Kubbany v. TransUnion Merits Work | September 2007 through August 29, 2008 |
| 4 | Kubbany v. TransUnion Merits Work | September 2007 through August 29, 2008 |
| 5 | Kubbany v. TransUnion Merits Work | September 2007 through August 29, 2008 |

| Expense Type | Expense Amount | | |
|---|---|---|---|
| Postage | $ | 77.83 | |
| Telephone | $ | 48.56 | |
| In-house Photocopy | $ | 889.40 | |
| Messenger | $ | 138.12 | |
| Other | $ | 556.16 | |
| | $ | 1,710.07 | confirmed JKM |

**EXHIBIT B10**

Trans Union LLC / Kubbany

Amitai Schwartz Legal Bill Reivew

Reasonable Fee & Expense Ceiling Calculation

| Item | Basis | Net Fees | Net Expenses |
|---|---|---|---|
| Gross fees claimed by plaintiffs | Time entries and hourly rates produced by plaintiffs with fee motion | $ 199,715.00 | |
| Adjustment for problem time entries | Line by line review of fee submission, Exhibits B4, B5, C. Reduction by 46% based on expert analysis. | $ 92,860.00 | |
| Hourly rate adjustment | Trans Union fee opposition (Schwartz, $300; Sitkin, $250; Feeney, $175; Barth, $100) | $ 49,667.50 | |
| 20% voluntary adjustment by plaintiffs | Plaintiffs' fee motion (result is 80% of problem-adjusted time, including fee motion time, which suffers from the same issues) | $ 39,734.00 | |
| Adjustment to reflect multi-defendant case | Apportion fees based on number of defendants, including settlement. Result is one-third of Net Fee balance. | $ 13,244.67 | |
| | | | |
| Gross expenses claimed by plaintiffs | Expenses in motion | | $ 1,710.07 |
| 20% adjustment | Problems with fees exist in expenses, too, though plaintiffs did not apply their adjustment here. | | $ 1,368.06 |
| Adjustment to reflect multi-defendant case | Apportion expenses based on number of defendants, including settlement. Result is one-third of Net Expense balance. | | $ 456.01 |
| | | | |
| Total fees plus expenses | $ | 13,700.68 | |

Note: For purposes of this calculation, I have assumed that the numbers provided by plaintiffs are accurate and documented.

| | Adj Hours | Rate | Net Fee |
|---|---|---|---|
| Adjusted rates per Trans Union (after deduction of problem time) | Amitai Schwartz | 101.4 | $ 300.00 | $30,420.00 |
| | Caitlin Barth | 1.6 | $ 250.00 | $ 400.00 |
| | Lisa Sitkin | 33.7 | $ 175.00 | $ 5,897.50 |
| | Moira Feeney | 129.5 | $ 100.00 | $12,950.00 |
| | Adjusted Net Total | 266.2 | $ 186.58 | $49,667.50 |

Toothman Decl. Exhibit B10

**EXHIBIT C**

Trans Union LLC / Kubbany
Amita Schwartz Legal Bill Review
Fees

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/6/2007 | Amita Schwartz | AS | Review material from clients; research re: statute of limitations | 0.80 | $ 600.00 | $ 480.00 | | |
| 2 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/9/2007 | Amita Schwartz | AS | T/c with former attorney | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 3 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/9/2007 | Amita Schwartz | AS | T/c with Thomas Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 4 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/16/2007 | Amita Schwartz | AS | Research re: credit reports; Fair Credit Reporting Act | 1.20 | $ 600.00 | $ 720.00 | | |
| 5 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/16/2007 | Amita Schwartz | AS | T/c with Nancy Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 6 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/20/2007 | Amita Schwartz | AS | Correspondence from Kubbanys | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 7 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/20/2007 | Amita Schwartz | AS | Correspondence with Kubbanys | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 8 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/24/2007 | Amita Schwartz | AS | Meeting with clients, notes | 2.50 | $ 600.00 | $ 1,500.00 | | |
| 9 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/30/2007 | Amita Schwartz | AS | Review material from clients; review Cortez case materials | 2.50 | $ 600.00 | $ 1,500.00 | | |
| 10 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Aug-07 | 8/31/2007 | Amita Schwartz | AS | Legal research re: claims and damages; review portions of Cortez case files | 3.50 | $ 600.00 | $ 2,100.00 | | |
| 11 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Sep-07 | 9/2/2007 | Amita Schwartz | AS | Correspondence with clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 12 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Sep-07 | 9/7/2007 | Amita Schwartz | AS | Initial review of Lawyer's Committee File | 0.80 | $ 600.00 | $ 480.00 | | |
| 13 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Sep-07 | 9/11/2007 | Amita Schwartz | AS | Review additional papers from clients | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 14 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/12/2007 | Lisa Sikin | LS | Confer with AS re: research projects | 0.20 | $ 400.00 | $ 80.00 | ic | |
| 15 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/19/2007 | Lisa Sikin | LS | Research re: Cortez case and venue under FCRA | 1.30 | $ 400.00 | $ 520.00 | | |
| 16 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/20/2007 | Lisa Sikin | LS | Research re: possible defendants; review file; prepare chronology of correspondence re: inaccurate information | 1.80 | $ 400.00 | $ 720.00 | | |
| 17 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/21/2007 | Lisa Sikin | LS | Further review of file; research re: user agreements; legal research | 5.10 | $ 400.00 | $ 2,040.00 | | |
| 18 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/24/2007 | Lisa Sikin | LS | Draft memo; research re: causes of action; split questions | 4.20 | $ 400.00 | $ 1,680.00 | jm | |
| 19 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/25/2007 | Lisa Sikin | LS | Draft memo; research re: FCRA preemption | 6.20 | $ 400.00 | $ 2,480.00 | jm | |
| 20 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/26/2007 | Lisa Sikin | LS | Review Dennis decision; draft summary for memo; research re: vendors and brokers | 2.60 | $ 400.00 | $ 1,040.00 | jm | |
| 21 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Sep-07 | 9/27/2007 | Lisa Sikin | LS | Edit memo | 0.70 | $ 400.00 | $ 280.00 | m qu | |
| 22 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Oct-07 | 10/2/2007 | Amita Schwartz | AS | Review initial research memo from LS re:claims, defenses, venue | 0.40 | $ 600.00 | $ 240.00 | qu | |
| 23 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Oct-07 | 10/16/2007 | Amita Schwartz | AS | T/c re Nancy Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 24 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Nov-07 | 11/5/2007 | Lisa Sikin | LS | Draft complaint | 0.70 | $ 400.00 | $ 280.00 | | |
| 25 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Nov-07 | 11/6/2007 | Lisa Sikin | LS | Confer with AS re: complaint | 0.20 | $ 400.00 | $ 80.00 | ic | |
| 26 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Nov-07 | 11/6/2007 | Lisa Sikin | LS | Research re: defendants; research for complaint; draft complaint | 2.30 | $ 400.00 | $ 920.00 | | |
| 27 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Nov-07 | 11/7/2007 | Lisa Sikin | LS | Research for complaint | 2.50 | $ 400.00 | $ 1,000.00 | qu | |
| 28 | Kubbany v. Trans Union et al, Time / Expended by Lisa Sikin | Merits Work | Nov-07 | 11/8/2007 | Lisa Sikin | LS | Draft complaint; research re: defendants and other litigation against them | 2.90 | $ 400.00 | $ 1,160.00 | | |
| 29 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Nov-07 | 11/28/2007 | Amita Schwartz | AS | Correspondence to clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 30 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Nov-07 | 11/28/2007 | Amita Schwartz | AS | T/c with Tom Kubbany | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 31 | Kubbany v. Trans Union et al, Time / Expended by Amita Schwartz | Merits Work | Nov-07 | 11/29/2007 | Amita Schwartz | AS | Correspondence from Bank of America re:prequalification for loan | 0.20 | $ 600.00 | $ 120.00 | | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 34 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Jan-08 | 1/15/2008 | Lisa Sikin | LS | Confer with AS re: complaint; revise same | 2.40 | $400.00 | $960.00 | ic | |
| 33 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/15/2008 | Amtai Schwartz | AS | Confer with LS re: revision to complaint and research | 0.20 | $600.00 | $120.00 | ic | |
| 32 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/15/2008 | Amtai Schwartz | AS | Review, edit and research re: complaint | 1.60 | $600.00 | $960.00 | | |
| 35 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/16/2008 | Amtai Schwartz | AS | Edit complaint | 0.30 | $600.00 | $180.00 | | |
| 36 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/16/2008 | Amtai Schwartz | AS | Revise complaint; draft memo re: remedies, new claims; prepare summons, civil cover sheet. | 3.20 | $400.00 | $1,280.00 | | Complaint filed on 1/17/08 |
| 37 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Jan-08 | 1/17/2008 | Lisa Sikin | LS | Finalize complaint for filing and file in SF | 1.30 | $400.00 | $520.00 | | |
| 38 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Jan-08 | 1/17/2008 | Lisa Sikin | LS | Send pdf of complaint to Judge Brazil per Local/ECF rules | 0.20 | $400.00 | $80.00 | | |
| 39 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/18/2008 | Amtai Schwartz | AS | Correspondence to clients | 0.20 | $600.00 | $120.00 | qu | |
| 41 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Jan-08 | 1/18/2008 | Lisa Sikin | LS | Draft and file certificate re: interested entities/persons | 0.40 | $400.00 | $160.00 | | |
| 40 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Jan-08 | 1/18/2008 | Lisa Sikin | LS | Review new FCRA decision (Spano) and analyze same issues | 0.50 | $400.00 | $200.00 | | |
| 42 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Jan-08 | 1/22/2008 | Lisa Sikin | LS | Oversee service | 0.40 | $400.00 | $160.00 | qu | |
| 43 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/24/2008 | Amtai Schwartz | AS | Instructions to paralegal re: downloading info from Landsafe, Trans Union, Central PointAmerica websites | 0.20 | $600.00 | $120.00 | cp, ls, ls | |
| 45 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/25/2008 | Amtai Schwartz | AS | Review Escrow agreement for new home-faxed by broker re: mitigation of damages | 0.20 | $600.00 | $120.00 | | |
| 44 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jan-08 | 1/25/2008 | Amtai Schwartz | AS | T/c with Tom Kubbany | 0.20 | $600.00 | $120.00 | qu | |
| 48 | Kubbany v. Trans Union et al, Time Expended by Caitlin Barth | Merits Work | Jan-08 | 1/28/2008 | Caitlin Barth | CB | Search for North Coast Mortgage website. | 0.40 | $100.00 | $40.00 | cl | |
| 47 | Kubbany v. Trans Union et al, Time Expended by Caitlin Barth | Merits Work | Jan-08 | 1/28/2008 | Caitlin Barth | CB | Take screenshots of Landsafe's website. Save pamphlets posted on their website to disk. | 0.50 | $100.00 | $50.00 | ls, cl | Caitlin Barth is identified as office staff somewhere in the documents filed with the court |
| 46 | Kubbany v. Trans Union et al, Time Expended by Caitlin Barth | Merits Work | Jan-08 | 1/28/2008 | Caitlin Barth | CB | Take screenshots of relevant pages on Trans Union website | 1.00 | $100.00 | $100.00 | cl | |
| 49 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Feb-08 | 2/12/2008 | Lisa Sikin | LS | Review answer; edit annotated complaint | 1.20 | $400.00 | $480.00 | | |
| 50 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Feb-08 | 2/13/2008 | Lisa Sikin | LS | T/c from Landsafe Credit attorney; review correspondence and stip re: extension | 0.30 | $400.00 | $120.00 | ls | |
| 51 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Feb-08 | 2/25/2008 | Amtai Schwartz | AS | T/c with Tom Kubbany re: status | 0.20 | $600.00 | $120.00 | | |
| 52 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Feb-08 | 2/27/2008 | Lisa Sikin | LS | Confer with AS and research re: discovery hold | 0.20 | $400.00 | $80.00 | ic | |
| 53 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/4/2008 | Amtai Schwartz | AS | Review Landsafe answer | 0.20 | $600.00 | $120.00 | ls | |
| 54 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Mar-08 | 3/4/2008 | Lisa Sikin | LS | Review Landsafe answer | 0.20 | $400.00 | $80.00 | ls | |
| 55 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Mar-08 | 3/5/2008 | Lisa Sikin | LS | Review annotated complaint; confer with AS re: deadlines; correspondence to defendants' counsel re: meet and confer dates | 0.30 | $400.00 | $120.00 | ic | |
| 57 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Mar-08 | 3/6/2008 | Lisa Sikin | LS | Correspondence re: meet and confer teleconference; research re: same | 0.30 | $400.00 | $120.00 | qu | |
| 56 | Kubbany v. Trans Union et al, Time Expended by Caitlin Barth | Merits Work | Mar-08 | 3/6/2008 | Caitlin Barth | CB | Research re: Central Pacific Mortgage. T/c to Folsom # (disconnected); T/c to Yuba City #; talk with man re: association with Folsom office | 0.70 | $100.00 | $70.00 | cp | |
| 58 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Mar-08 | 3/6/2008 | Lisa Sikin | LS | Research re: statutes of Central Pacific Mortgage and Vici Gordon business | 0.20 | $400.00 | $80.00 | cp | |
| 62 | Kubbany v. Trans Union et al, Time Expended by Lisa Sikin | Merits Work | Mar-08 | 3/20/2008 | Lisa Sikin | LS | Correspondence to/from all counsel re: teleconference | 0.20 | $400.00 | $80.00 | ls | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 61 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/20/2008 | Amtai Schwartz | AS | Review ADR responsibilities; draft letter to clients; further file review in prep for Rule 26 conf | 1.50 | $ 600.00 | $ 900.00 | qu | |
| 60 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/20/2008 | Amtai Schwartz | AS | Review files and pleadings | 1.10 | $ 600.00 | $ 660.00 | qu | |
| 59 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/20/2008 | Amtai Schwartz | AS | T/c from Nancy Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 63 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/21/2008 | Amtai Schwartz | AS | T/c Meet and Confer conference with attorneys for Trans Union and Landsafe | 0.40 | $ 600.00 | $ 240.00 | ls | |
| 64 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/24/2008 | Amtai Schwartz | AS | ADR certifications from clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 65 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Mar-08 | 3/27/2008 | Lisa Sitkin | LS | Draft and file consent to magistrate judge; review Transition declination; review notice from clerk; oversee courtesy copy transmittal | 0.60 | $ 400.00 | $ 240.00 | cl | |
| 66 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/28/2008 | Amtai Schwartz | AS | Correspondence from Nancy Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 67 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/28/2008 | Amtai Schwartz | AS | Correspondence to clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 68 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Mar-08 | 3/28/2008 | Amtai Schwartz | AS | Research review new opinion in Dennis v BEH 1 LLC | 0.30 | $ 600.00 | $ 180.00 | | |
| 69 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Mar-08 | 3/31/2008 | Lisa Sitkin | LS | Review notice of reassignment; review Judge Wilken's Standing Orders | 0.20 | $ 400.00 | $ 80.00 | | |
| 71 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/1/2008 | Lisa Sitkin | LS | Calendar new CMC/ADR dates; draft letter re CMC requirements and meet and confer results; prepare ADR certification | 1.50 | $ 400.00 | $ 600.00 | cl | |
| 70 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/1/2008 | Amtai Schwartz | AS | Review CMC order for reassigned case | 0.20 | $ 600.00 | $ 120.00 | | |
| 72 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/2/2008 | Lisa Sitkin | LS | Edit letter to defendants' counsel re: case management and finalize and e-file ADR certificates and ADR stipulation re: mediation | 1.10 | $ 400.00 | $ 440.00 | | |
| 73 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/8/2008 | Amtai Schwartz | AS | Review Order for Mediation | 0.20 | $ 600.00 | $ 120.00 | | |
| 75 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/14/2008 | Lisa Sitkin | LS | Draft Joint CMC statement; review file re: initial disclosures | 5.50 | $ 400.00 | $ 2,200.00 | | |
| 74 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/14/2008 | Amtai Schwartz | AS | Edit joint CMC statement | 0.40 | $ 600.00 | $ 240.00 | | |
| 76 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/14/2008 | Lisa Sitkin | LS | Revise Join CMC statement per AS comments | 0.50 | $ 400.00 | $ 200.00 | | |
| 79 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/15/2008 | Amtai Schwartz | AS | Confer with LS re: revision to joint case management statement | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 77 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/15/2008 | Amtai Schwartz | AS | Confer with LS re: initial disclosures | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 78 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/15/2008 | Amtai Schwartz | AS | Edit joint CMC statement; correspondence to defense counsel with draft CMC statement | 0.60 | $ 600.00 | $ 360.00 | | |
| 80 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/15/2008 | Lisa Sitkin | LS | Review files and draft initial disclosures; compile docs for disclosures | 4.40 | $ 400.00 | $ 1,760.00 | | |
| 83 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/16/2008 | Lisa Sitkin | LS | Confer with AS re: initial disclosures, research re: witnesses, finalize witness section | 0.80 | $ 400.00 | $ 320.00 | ic | |
| 82 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/16/2008 | Lisa Sitkin | LS | Review documents for initial disclosures; organize same | 0.30 | $ 400.00 | $ 120.00 | cf | |
| 81 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/16/2008 | Amtai Schwartz | AS | Review draft initial disclosures, add witnesses; review and advise re: documents to be produced | 1.10 | $ 600.00 | $ 660.00 | | |
| 84 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/17/2008 | Lisa Sitkin | LS | Final review and edit of initial disclosures | 0.20 | $ 600.00 | $ 120.00 | | |
| 85 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/17/2008 | Amtai Schwartz | AS | Review Transition comments re: draft joint CMC statements | 0.20 | $ 400.00 | $ 80.00 | | |
| 86 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/18/2008 | Amtai Schwartz | AS | Confer with LS re: defendants' position on joint CMC statement | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 87 | Kubbany v. Trans Union et al, Time Expended by Lisa Sitkin | Merits Work | Apr-08 | 4/18/2008 | Lisa Sitkin | LS | Review Landsafe Credit comments re: CMC statement; confer with AS; revise CMC statement; T/c to J. Jackson, D. Bradley re: same; correspondence to D. Bradley re: same | 1.60 | $ 400.00 | $ 640.00 | ic ls qu | |

| Seq # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 88 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/21/2008 | Amtai Schwartz | AS | Confer with LS re: final CMC statement | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 89 | Kubbany v. Trans Union et al. Time Expended by Lisa Sinkin | Merits Work | Apr-08 | 4/21/2008 | Lisa Sinkin | LS | T/c to/from D. Bradley; finalize CMC statement; correspondence to all counsel re: file CMC statement | 0.70 | $ 400.00 | $ 280.00 | | |
| 90 | Kubbany v. Trans Union et al. Time Expended by Lisa Sinkin | Merits Work | Apr-08 | 4/24/2008 | Lisa Sinkin | LS | T/c from J. Jackson re: protective order; confer with AS re: same | 0.20 | $ 400.00 | $ 80.00 | ic | |
| 91 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/25/2008 | Amtai Schwartz | AS | Review draft protective order; correspondence to counsel | 0.70 | $ 600.00 | $ 420.00 | qu | |
| 93 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/28/2008 | Amtai Schwartz | AS | Correspondence from Amy Gantvoort re: protective order | 0.20 | $ 600.00 | $ 120.00 | | |
| 92 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/28/2008 | Amtai Schwartz | AS | Correspondence from Trans Union counsel re: phone attendance @ CMC | 0.20 | $ 600.00 | $ 120.00 | | |
| 97 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/29/2008 | Amtai Schwartz | AS | Correspondence to/from Gantvoort re: protective order issue | 0.20 | $ 600.00 | $ 120.00 | | |
| 95 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/29/2008 | Amtai Schwartz | AS | Research circuit law on protective orders | 1.30 | $ 600.00 | $ 780.00 | | |
| 94 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/29/2008 | Amtai Schwartz | AS | Review file; research in preparation for CMC | 1.10 | $ 600.00 | $ 660.00 | qu | |
| 98 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/29/2008 | Amtai Schwartz | AS | Review Landsafe initial disclosures | 0.40 | $ 600.00 | $ 240.00 | is | |
| 96 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/29/2008 | Amtai Schwartz | AS | Travel and appear at Case Management Conference | 1.30 | $ 600.00 | $ 780.00 | tr | |
| 100 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/30/2008 | Amtai Schwartz | AS | Correspondence from Bradley re: client credit report | 0.20 | $ 600.00 | $ 120.00 | | |
| 99 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Apr-08 | 4/30/2008 | Amtai Schwartz | AS | Correspondence with Bradley and Gantvoort re: protective order | 0.20 | $ 600.00 | $ 120.00 | | |
| 101 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/1/2008 | Amtai Schwartz | AS | Correspondence to clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 104 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/1/2008 | Amtai Schwartz | AS | Draft subpoena to North Coast Mortgage and Vito Gordon | 0.80 | $ 600.00 | $ 480.00 | | |
| 102 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/1/2008 | Amtai Schwartz | AS | Research and draft document subpoena to North Coast Mortgage | 2.50 | $ 600.00 | $ 1,500.00 | | |
| 103 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/1/2008 | Amtai Schwartz | AS | Review Trans Union Initial Disclosures | 1.00 | $ 600.00 | $ 600.00 | | |
| 105 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/2/2008 | Amtai Schwartz | AS | T/c conference with Amy Gantvoort and Don Bradley re: protective order | 0.40 | $ 600.00 | $ 240.00 | | |
| 107 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/5/2008 | Amtai Schwartz | AS | Review files; draft rogs to Trans Union and Landsafe; draft RFP's to Trans Union and Landsafe | 6.50 | $ 600.00 | $ 3,900.00 | is | |
| 106 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/5/2008 | Amtai Schwartz | AS | T/c with clients | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 108 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/6/2008 | Amtai Schwartz | AS | Correspondence to Gantvoort re: protective order | 0.20 | $ 600.00 | $ 120.00 | | |
| 111 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/6/2008 | Amtai Schwartz | AS | Edit RFA, RFP, Rogs to Landsafe and Trans Union | 0.80 | $ 600.00 | $ 480.00 | is | |
| 110 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/6/2008 | Amtai Schwartz | AS | Review draft protective order- final correspondence to Gantvoort with signature | 0.40 | $ 600.00 | $ 240.00 | | |
| 109 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/6/2008 | Amtai Schwartz | AS | Review files; draft discovery to defendants | 1.90 | $ 600.00 | $ 1,140.00 | | |
| 112 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/8/2008 | Amtai Schwartz | AS | Correspondence from Gantvoort re: location of witness | 0.20 | $ 600.00 | $ 120.00 | | |
| 113 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/12/2008 | Amtai Schwartz | AS | Correspondence from/to clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 114 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/13/2008 | Amtai Schwartz | AS | Review confidential initial disclosures from Landsafe; notes re: same | 1.90 | $ 600.00 | $ 1,140.00 | is | |
| 116 | Kubbany v. Trans Union et al. Time Expended by Caitlin Barth | Merits Work | May-08 | 5/14/2008 | Caitlin Barth | CB | Confer with AS re: Trans Union/OFAC internet search | 0.20 | $ 100.00 | $ 20.00 | ic cl | |
| 115 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/14/2008 | Amtai Schwartz | AS | Notice of Appointment of Mediator | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 117 | Kubbany v. Trans Union et al. Time Expended by Caitlin Barth | Merits Work | May-08 | 5/15/2008 | Caitlin Barth | CB | Internet research re: OFAC database interface with Trans Union Report | 3.30 | $ 100.00 | $ 330.00 | cl | |
| 118 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/19/2008 | Amtai Schwartz | AS | Correspondence from client | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 119 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | May-08 | 5/19/2008 | Amtai Schwartz | AS | Correspondence from Plam (mediator) re: pre-mediation conference call | 0.20 | $ 600.00 | $ 120.00 | | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 120 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | May-08 | 5/19/2008 | Amilai Schwartz | AS | Correspondence to/from Nancy Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 121 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | May-08 | 5/20/2008 | Amilai Schwartz | AS | Correspondence from/to Nancy Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 122 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | May-08 | 5/28/2008 | Amilai Schwartz | AS | Pre-Mediation conference call | 0.50 | $ 600.00 | $ 300.00 | | |
| 123 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | May-08 | 5/30/2008 | Amilai Schwartz | AS | Correspondence to clients re: mediation | 0.20 | $ 600.00 | $ 120.00 | | |
| 125 | Kubbany v. Trans Union et al, Time / Expended by Caitlin Barth | Merits Work | Jun-08 | 6/2/2008 | Caitlin Barth | CB | More internet searches re: OFAC interdiction software, false positives, etc. | 1.20 | $ 100.00 | $ 120.00 | cl | |
| 124 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/2/2008 | Amilai Schwartz | AS | T/c with Amy Gartvoort re: discovery extension | 0.20 | $ 600.00 | $ 120.00 | | |
| 126 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/3/2008 | Amilai Schwartz | AS | Correspondence from Amy Gartvoort re: Stip to extend time to respond to discovery | 0.20 | $ 600.00 | $ 120.00 | | |
| 127 | Kubbany v. Trans Union et al, Time / Expended by Caitlin Barth | Merits Work | Jun-08 | 6/3/2008 | Caitlin Barth | CB | Work on memo re: OFAC interdiction software | 1.00 | $ 100.00 | $ 100.00 | im | |
| 128 | Kubbany v. Trans Union et al, Time / Expended by Caitlin Barth | Merits Work | Jun-08 | 6/3/2008 | Caitlin Barth | CB | Work on memo re: OFAC interdiction software | 2.00 | $ 100.00 | $ 200.00 | im | |
| 129 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/4/2008 | Amilai Schwartz | AS | Correspondence to all counsel re: status of North Coast Mortgage Subpoena | 0.20 | $ 600.00 | $ 120.00 | | |
| 131 | Kubbany v. Trans Union et al, Time / Expended by Caitlin Barth | Merits Work | Jun-08 | 6/4/2008 | Caitlin Barth | CB | Finish memo re: OFAC interdiction software. Proof and edit | 2.50 | $ 100.00 | $ 250.00 | im | |
| 130 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/4/2008 | Amilai Schwartz | AS | T/c to Vici Gordon @ North Coast Mortgage(Lm) | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 132 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/5/2008 | Amilai Schwartz | AS | Research re: Central Pacific Mortgage. V/m message from Vici Gordon; research re: Vici Gordon; T/c with Vici Gordon | 1.30 | $ 600.00 | $ 780.00 | cp qu | |
| 133 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/5/2008 | Amilai Schwartz | AS | T/c Vici Gordon loan broker re: documents; T/c Chuck Nugent, attorney for North Coast re: documents | 0.50 | $ 600.00 | $ 300.00 | | |
| 134 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/6/2008 | Amilai Schwartz | AS | T/c from Chuck Nugent, attorney for Vici Gordon | 0.20 | $ 600.00 | $ 120.00 | | |
| 135 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/11/2008 | Amilai Schwartz | AS | Review file from Vici Gordon | 0.50 | $ 600.00 | $ 300.00 | | |
| 136 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/11/2008 | Amilai Schwartz | AS | Review files; plan strategy re: Vici Gordon | 2.00 | $ 600.00 | $ 1,200.00 | | |
| 137 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/12/2008 | Amilai Schwartz | AS | Confer with MF re: potential claims against Gordon | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 141 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/12/2008 | Amilai Schwartz | MF | Conference with AS | 0.20 | $ 250.00 | $ 50.00 | ic qu | |
| 138 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/12/2008 | Amilai Schwartz | AS | Correspondence from Adam Johnson re: Gordon Diego | 0.20 | $ 600.00 | $ 120.00 | | |
| 139 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/12/2008 | Amilai Schwartz | AS | Correspondence to clients | 0.20 | $ 600.00 | $ 120.00 | | |
| 144 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/12/2008 | Moira Feeney | MF | Research notice requirements of Mortgage brokers under FCRA | 2.20 | $ 250.00 | $ 550.00 | | |
| 143 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/12/2008 | Moira Feeney | MF | Review of FCRA - National Consumers law Center | 0.70 | $ 250.00 | $ 175.00 | | |
| 140 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/12/2008 | Moira Feeney | MF | Review of research file | 0.40 | $ 250.00 | $ 100.00 | qu | |
| 146 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/13/2008 | Amilai Schwartz | AS | T/c with Amy Gartvoort | 0.20 | $ 600.00 | $ 120.00 | | |
| 153 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/13/2008 | Amilai Schwartz | AS | Confer with MF re: claims against Gordon | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 149 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/13/2008 | Moira Feeney | MF | Conference with AS | 0.40 | $ 250.00 | $ 100.00 | ic qu | long day |
| 151 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/13/2008 | Amilai Schwartz | AS | Correspondence to Adam Johnson re: Trans Union discovery | 0.20 | $ 600.00 | $ 120.00 | | |
| 152 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/13/2008 | Moira Feeney | MF | Research memo re: Mortgage Scoring Notice under FCRA | 2.00 | $ 250.00 | $ 500.00 | im | long day |
| 150 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/13/2008 | Moira Feeney | MF | Research re: fictitious business name - NorthCoast Mortgage - Humboldt County | 0.50 | $ 250.00 | $ 125.00 | | long day |
| 154 | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/13/2008 | Moira Feeney | MF | Research on 15 USC § 168t/g | 0.80 | $ 250.00 | $ 200.00 | | long day |
| | Kubbany v. Trans Union et al, Time / Expended by Moira Feeney | Merits Work | Jun-08 | 6/13/2008 | Moira Feeney | MF | Research re: FCRA | 4.50 | $ 250.00 | $ 1,125.00 | | long day |
| 148 | Kubbany v. Trans Union et al, Time / Expended by Amilai Schwartz | Merits Work | Jun-08 | 6/13/2008 | Amilai Schwartz | AS | Review Trans Union discovery responses | 0.70 | $ 600.00 | $ 420.00 | | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 145 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/13/2008 | Amlai Schwartz | AS | Scheduling depo of Vici Gordon, T/c with Gantvoort; correspondence to counsel; transmittal of Gordon documents to counsel | 0.50 | $ 600.00 | $ 300.00 | i | |
| 147 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/13/2008 | Amlai Schwartz | AS | T/c's with Tom and Nancy Kubbany re. Gordon and status | 0.60 | $ 600.00 | $ 360.00 | | |
| 157 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/16/2008 | Amlai Schwartz | AS | Confer with MF re: potential amended complaint | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 162 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/16/2008 | Moira Feeney | MF | Conference with AS | 0.30 | $ 250.00 | $ 75.00 | ic qu | |
| 155 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/16/2008 | Amlai Schwartz | AS | Correspondence from Adam Johnson - Trans Union | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 163 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/16/2008 | Moira Feeney | MF | Draft research memo re: Vici Gordon | 1.80 | $ 250.00 | $ 450.00 | im | |
| 164 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/16/2008 | Moira Feeney | MF | Draft research memo re: Vici Gordon | 1.30 | $ 250.00 | $ 325.00 | im | |
| 159 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/16/2008 | Amlai Schwartz | AS | Prep for meet and confer session with Adam Johnson re: Trans Union discovery responses | 1.00 | $ 600.00 | $ 600.00 | | |
| 156 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/16/2008 | Amlai Schwartz | AS | Prepare subpoena and document production for Vici Gordon | 0.50 | $ 600.00 | $ 300.00 | | |
| 161 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/16/2008 | Moira Feeney | iMF | Research on ECOA and CCCRA | 2.50 | $ 250.00 | $ 625.00 | | |
| 160 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/16/2008 | Amlai Schwartz | AS | Research re: relation between mortgage lending, credit reports, and Patriot Act | 1.80 | $ 600.00 | $ 1,080.00 | | |
| 158 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/16/2008 | Amlai Schwartz | AS | Review Trans Union discovery for meet and confer | 0.50 | $ 600.00 | $ 300.00 | | |
| 172 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Check on license status of Gordon - find regs for "salesperson" | 0.30 | $ 250.00 | $ 75.00 | | |
| 174 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Conference with AS | 0.20 | $ 250.00 | $ 50.00 | ic qu | |
| 176 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Conference with AS | 0.20 | $ 250.00 | $ 50.00 | ic qu | |
| 175 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Draft letter to opposing counsel Trans Union re: meet and confer | 0.50 | $ 250.00 | $ 125.00 | | |
| 168 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/17/2008 | Amlai Schwartz | AS | Edit meet and confer letter to Adam Johnson | 0.20 | $ 600.00 | $ 120.00 | | |
| 177 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Edit to meet and confer letter | 0.40 | $ 250.00 | $ 100.00 | | |
| 173 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Meet and confer with opposing counsel from Trans Union | 0.50 | $ 250.00 | $ 125.00 | | |
| 169 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Memo to file | 0.30 | $ 250.00 | $ 75.00 | | |
| 170 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Research on Cal equivalent of ECOA | 0.30 | $ 600.00 | $ 180.00 | im qu | |
| 166 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/17/2008 | Amlai Schwartz | AS | Review memo re: Gordon issues from MF | 1.00 | $ 250.00 | $ 250.00 | | |
| 171 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Review of Trans Union's Answers to Discovery | 0.40 | $ 600.00 | $ 240.00 | im | |
| 165 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/17/2008 | Moira Feeney | MF | Revision to Gordon subpoena, instructions to service | 0.60 | $ 250.00 | $ 150.00 | | |
| 167 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/17/2008 | Amlai Schwartz | AS | T/c meet and confer with Adam Johnson re:Trans Union discovery responses | 0.40 | $ 600.00 | $ 240.00 | qu | |
| 178 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/18/2008 | Amlai Schwartz | AS | Confer with CB re: Central Pacific issues | 0.50 | $ 600.00 | $ 300.00 | | |
| 179 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/18/2008 | Moira Feeney | MF | Research on corporate status of Central Pacific | 0.20 | $ 600.00 | $ 120.00 | cp ic | |
| 180 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/20/2008 | Moira Feeney | MF | Conference with AS and CB re: Secretary of State Business records | 2.20 | $ 250.00 | $ 550.00 | cp | |
| 181 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/23/2008 | Moira Feeney | MF | Review Records from Secretary of State's Business Records for Central Pacific | 0.40 | $ 250.00 | $ 100.00 | ic | |
| 183 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/24/2008 | Amlai Schwartz | AS | Correspondence from Adam Johnson (TransUnion) re: verification of answers to interrogatories | 0.80 | $ 250.00 | $ 200.00 | cp | |
| 182 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/24/2008 | Amlai Schwartz | AS | Initial review of Landsafe discovery | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 184 | Kubbany v. Trans Union et al, Time Expended by Amlai Schwartz | Merits Work | Jun-08 | 6/24/2008 | Amlai Schwartz | AS | Review Humboldt County dba's for Vici Gordon | 0.20 | $ 600.00 | $ 120.00 | ls | |

| Seq # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 185 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jun-08 | 6/25/2008 | Moira Feeney | MF | Memo re: records | 0.30 | $ 250.00 | $ 75.00 | jm | |
| 187 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/26/2008 | Amtai Schwartz | AS | Correspondence to clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 186 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/26/2008 | Amtai Schwartz | AS | Review Landside's Answers to Interrogatories, Responses to Requests for Admissions, and Document Responses; Review discovery from Landside to Plaintiffs | 1.50 | $ 600.00 | $ 900.00 | is | |
| 188 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/26/2008 | Amtai Schwartz | AS | T/c with Tom Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 189 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/27/2008 | Amtai Schwartz | AS | Confer with CB re: creation of timeline of events | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 190 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/27/2008 | Amtai Schwartz | AS | Correspondence to Amy Gartvoort re: discovery | 0.20 | $ 600.00 | $ 120.00 | | |
| 191 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/27/2008 | Amtai Schwartz | AS | Review discovery; review articles on interdiction software; research re: experts; research re: Accuity | 5.40 | $ 600.00 | $ 3,240.00 | qu | |
| 192 | Kubbany v. Trans Union et al, Time Expended by Caitlin Barth | Merits Work | Jun-08 | 6/27/2008 | Caitlin Barth | CB | Work on timeline | 2.50 | $ 100.00 | $ 250.00 | qu | |
| 193 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/30/2008 | Amtai Schwartz | AS | Correspondence from clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 197 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/30/2008 | Amtai Schwartz | AS | Draft additional discovery to Trans Union; RFPs, Rogs, RFA; letter to Johnson | 2.30 | $ 600.00 | $ 1,380.00 | qu | |
| 194 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/30/2008 | Amtai Schwartz | AS | T/c to potential expert | 0.40 | $ 600.00 | $ 240.00 | qu | |
| 195 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/30/2008 | Amtai Schwartz | AS | T/c with Amy Gartvoort re: meet and confer re: discovery; correspondence re: same | 0.40 | $ 600.00 | $ 240.00 | qu | |
| 198 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jun-08 | 6/30/2008 | Amtai Schwartz | AS | T/c with Charles Nugent, attorney for Vici Gordon | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 196 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/1/2008 | Amtai Schwartz | AS | T/c with Gartvoort re: extension for adding new parties | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 199 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/1/2008 | Amtai Schwartz | AS | Correspondence from clients; correspondence to clients re: papers | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 201 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/1/2008 | Amtai Schwartz | AS | Correspondence to/from clients | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 202 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/1/2008 | Amtai Schwartz | AS | Correspondence with potential consultant | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 200 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/1/2008 | Amtai Schwartz | AS | Prepare letter to potential consultant | 0.80 | $ 600.00 | $ 480.00 | qu | |
| 205 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/2/2008 | Amtai Schwartz | AS | Correspondence from Amy Gartvoort | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 204 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/2/2008 | Amtai Schwartz | AS | T/c to Adam Johnson re: extending time to name new party | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 203 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/2/2008 | Amtai Schwartz | AS | T/c with Amy Gartvoort re: Stip to extend time to name new parties and re: discovery | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 206 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/3/2008 | Amtai Schwartz | AS | Confer with MF re: liability and damages | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 215 | Kubbany v. Trans Union et al, Time Expended by Caitlin Barth | Merits Work | Jul-08 | 7/3/2008 | Caitlin Barth | CB | Continue timeline | 4.00 | $ 100.00 | $ 400.00 | qu | |
| 210 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/3/2008 | Amtai Schwartz | AS | Correspondence from/to Adam Johnson re:Gordon depo | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 207 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/3/2008 | Amtai Schwartz | AS | Prep for Gordon depo | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 208 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/3/2008 | Amtai Schwartz | AS | Prep for Gordon depo; review fees, research re: licensing and obligations of mortgage brokers | 4.50 | $ 600.00 | $ 2,700.00 | qu | |
| 214 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/3/2008 | Moira Feeney | MF | Research on damages under FCRA | 4.00 | $ 250.00 | $ 1,000.00 | | |
| 211 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/3/2008 | Moira Feeney | MF | Research on FCRA liability for damages | 0.50 | $ 250.00 | $ 125.00 | | |
| 213 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/3/2008 | Moira Feeney | MF | Research on FCRA liability/damages | 1.60 | $ 250.00 | $ 400.00 | | |
| 212 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/3/2008 | Moira Feeney | MF | Research re: mortgage brokers | 0.40 | $ 250.00 | $ 100.00 | | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 209 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/3/2008 | Amtai Schwartz | AS | Review Trans Union Supplemental responses to Discovery; draft meet and confer letter to Adam Johnson | 1.20 | $600.00 | $720.00 | | |
| 216 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/5/2008 | Moira Feeney | MF | Research on USA Patriot Act | 2.20 | $250.00 | $550.00 | | |
| 217 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/6/2008 | Moira Feeney | MF | Checklist of disclosure requirements -prep for Vici Gordon depo | 3.10 | $250.00 | $775.00 | | |
| 224 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/7/2008 | Moira Feeney | MF | Checklist of disclosure requirements -prep for Vici Gordon depo | 4.50 | $250.00 | $1,125.00 | | |
| 218 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/7/2008 | Amtai Schwartz | AS | Edit meet and confer letter to Adam Johnson re: discovery - Trans Union | 0.30 | $600.00 | $180.00 | | |
| 221 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/7/2008 | Amtai Schwartz | AS | Issues review  law re: disclosures; confer with MF re: third party liability | 0.90 | $600.00 | $540.00 | ic | long day |
| 219 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/7/2008 | Amtai Schwartz | AS | Prep for Gordon depo | 0.40 | $600.00 | $240.00 | qu | long day |
| 220 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/7/2008 | Amtai Schwartz | AS | Prep for Gordon depo | 4.20 | $600.00 | $2,520.00 | qu | long day |
| 225 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/7/2008 | Moira Feeney | MF | Research on furnisher liability | 0.50 | $250.00 | $125.00 | | |
| 226 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/7/2008 | Moira Feeney | MF | Research on furnisher liability | 1.50 | $250.00 | $375.00 | | |
| 222 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/7/2008 | Amtai Schwartz | AS | T/c with clients | 0.20 | $600.00 | $120.00 | qu | |
| 223 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/7/2008 | Amtai Schwartz | AS | Travel to Eureka for Gordon depo | 6.00 | $600.00 | $3,600.00 | tr | long day |
| 227 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/8/2008 | Moira Feeney | MF | Prep for Gordon depo | 1.10 | $600.00 | $660.00 | qu | long day |
| 232 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/8/2008 | Amtai Schwartz | AS | Prepare memo on furnisher liability | 3.20 | $250.00 | $800.00 | im | |
| 231 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/8/2008 | Moira Feeney | MF | Research on furnisher liability | 2.10 | $250.00 | $525.00 | | |
| 230 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/8/2008 | Amtai Schwartz | AS | Travel to court reporter and depo of Vici Gordon | 5.40 | $600.00 | $3,240.00 | tr | long day |
| 228 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/8/2008 | Amtai Schwartz | AS | Travel to meet with clients; meet with clients; photos of homes | 4.50 | $600.00 | $2,700.00 | tr | long day |
| 229 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/8/2008 | Amtai Schwartz | AS | Correspondence to clients | 1.80 | $600.00 | $1,080.00 | tr | long day |
| 234 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/9/2008 | Amtai Schwartz | AS | Correspondence to clients | 0.20 | $600.00 | $120.00 | qu | |
| 233 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/9/2008 | Amtai Schwartz | AS | Correspondence with Nancy Kubbany | 0.20 | $600.00 | $120.00 | qu | |
| 235 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/15/2008 | Moira Feeney | MF | Review discovery requests; Computing/calendaring due date for response | 0.40 | $250.00 | $100.00 | cl | |
| 237 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/21/2008 | Amtai Schwartz | AS | Correspondence from Don Bradley re: mediation | 0.20 | $600.00 | $120.00 | | |
| 236 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/21/2008 | Amtai Schwartz | AS | Correspondence to counsel re: mediation date | 0.20 | $600.00 | $120.00 | | |
| 238 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/21/2008 | Amtai Schwartz | AS | Review letter from Adam Johnson re:discovery; review Trans Union supplemental discovery responses | 0.50 | $600.00 | $300.00 | | |
| 240 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/22/2008 | Moira Feeney | MF | Research on damages | 2.20 | $250.00 | $550.00 | | |
| 239 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/22/2008 | Amtai Schwartz | AS | Review purchase documents for new home loan from clients | 0.60 | $600.00 | $360.00 | | |
| 241 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/23/2008 | Amtai Schwartz | AS | Correspondence to Amy Gartvoort re:Landsafe discovery | 0.20 | $600.00 | $120.00 | is | |
| 244 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/23/2008 | Amtai Schwartz | AS | Correspondence with Amy Gartvoort re:discovery | 0.20 | $600.00 | $120.00 | | |
| 243 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/23/2008 | Amtai Schwartz | AS | Draft meet and confer letter to Adam Johnson | 0.20 | $600.00 | $120.00 | | |
| 248 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/23/2008 | Moira Feeney | MF | Draft memo re: damages in FCRA cases | 1.50 | $250.00 | $375.00 | im | |
| 242 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/23/2008 | Moira Feeney | MF | Research and survey of cases and damages awards | 3.20 | $250.00 | $800.00 | qu | |
| 245 | Kubbany v. Trans Union et al. Time Expended by Amtai Schwartz | Merits Work | Jul-08 | 7/23/2008 | Amtai Schwartz | AS | Review jury verdicts; correspondence to counsel re: settlements | 0.60 | $600.00 | $360.00 | | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 247 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/23/2008 | Moira Feeney | MF | Survey on damages awards | 0.50 | $ 250.00 | $ 125.00 | qu | |
| 242 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/23/2008 | Amita Schwartz | AS | T/c to Tom Kubbany | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 250 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/25/2008 | Amita Schwartz | AS | Draft responses to Landsafe interrogatories | 2.80 | $ 600.00 | $ 1,680.00 | is | |
| 249 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/25/2008 | Amita Schwartz | AS | Draft responses to Landsafe interrogatories to THK | 1.20 | $ 600.00 | $ 720.00 | is | |
| 251 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/28/2008 | Amita Schwartz | AS | Draft responses to Landsafe discovery | 4.20 | $ 600.00 | $ 2,520.00 | is | |
| 254 | Kubbany v. Trans Union et al. Time Expended by Caitlin Barth | Merits Work | Jul-08 | 7/29/2008 | Caitlin Barth | CB | Look up SDN listing for Ali Saddam Hussein. Find out what "8187" means. Search for the date added to the list. Revise chrono accordingly. | 1.10 | $ 100.00 | $ 110.00 | is | |
| 252 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/29/2008 | Amita Schwartz | AS | Review documents for document productions; edit responses to Landsafe discovery | 5.30 | $ 600.00 | $ 3,180.00 | is | |
| 253 | Kubbany v. Trans Union et al. Time Expended by Caitlin Barth | Merits Work | Jul-08 | 7/29/2008 | Caitlin Barth | CB | Search for credit report that mentions inquiries mentioned in Trans Union interrogatories | 0.50 | $ 100.00 | $ 50.00 | qu | |
| 259 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/30/2008 | Moira Feeney | MF | Confer with AS to follow up on T/c | 0.40 | $ 250.00 | $ 100.00 | ic qu | |
| 256 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/30/2008 | Amita Schwartz | AS | Edit draft responses to Landsafe discovery | 0.70 | $ 600.00 | $ 420.00 | is | |
| 257 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/30/2008 | Amita Schwartz | AS | Further edits to Landsafe discovery responses; correspondence to clients; T/c with clients; correspondence to clients | 2.30 | $ 600.00 | $ 1,360.00 | qu | |
| 255 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Jul-08 | 7/31/2008 | Amita Schwartz | AS | Review additional material from clients; T/c with clients | 0.50 | $ 600.00 | $ 300.00 | qu | |
| 258 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Jul-08 | 7/31/2008 | Moira Feeney | MF | Confer with MF re: strategy and further research | 1.00 | $ 250.00 | $ 250.00 | ic | |
| 260 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Aug-08 | 8/1/2008 | Amita Schwartz | AS | Review documents for Landsafe document request; edit discovery responses for Landsafe | 3.60 | $ 600.00 | $ 2,160.00 | is | |
| 261 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Aug-08 | 8/1/2008 | Amita Schwartz | AS | T/c with attorney @ Lawyer's Committee; correspondence with attorney | 0.40 | $ 600.00 | $ 240.00 | qu | |
| 266 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/1/2008 | Moira Feeney | MF | Confer with AS and check of file re: release forms | 0.40 | $ 250.00 | $ 100.00 | ic | |
| 265 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Aug-08 | 8/1/2008 | Amita Schwartz | AS | Correspondence to Adam Johnson | 0.20 | $ 600.00 | $ 120.00 | ic | |
| 263 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Aug-08 | 8/2/2008 | Amita Schwartz | AS | Edit Responses to Landsafe Interrogatories | 0.20 | $ 600.00 | $ 120.00 | is | |
| 264 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Aug-08 | 8/2/2008 | Amita Schwartz | AS | Final and assembly of responses to Landsafe discovery | 0.30 | $ 600.00 | $ 180.00 | is | |
| 262 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Aug-08 | 8/2/2008 | Amita Schwartz | AS | Research of responsible person at City of Arcata Community Development Department in order to obtain clients' file. Draft release forms for clients to sign. | 1.00 | $ 600.00 | $ 600.00 | is | |
| 267 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/2/2008 | Moira Feeney | MF | Research of responsible person at City of Arcata Community Development Department in order to obtain clients' file. Draft release forms for clients to sign. | 1.80 | $ 250.00 | $ 450.00 | | |
| 268 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/4/2008 | Moira Feeney | MF | Search for info on "reseller" liability | 0.50 | $ 250.00 | $ 125.00 | | |
| 269 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/4/2008 | Moira Feeney | MF | Research on debt-to-income ratio | 0.40 | $ 250.00 | $ 100.00 | | |
| 270 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3.00 | $ 250.00 | $ 750.00 | | |
| 271 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/4/2008 | Moira Feeney | MF | Research re: reseller liability under FCRA in prep for mediation | 3.80 | $ 250.00 | $ 950.00 | l | |
| 272 | Kubbany v. Trans Union et al. Time Expended by Amita Schwartz | Merits Work | Aug-08 | 8/5/2008 | Amita Schwartz | AS | Correspondence with Nancy Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 274 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/5/2008 | Moira Feeney | MF | Review of discovery from Landsafe - Draft memo re: Landsafe liability | 4.00 | $ 250.00 | $ 1,000.00 | is | |
| 273 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/5/2008 | Moira Feeney | MF | Review of Landsafe Disclosures; draft of evidence chart | 3.50 | $ 250.00 | $ 875.00 | is | |
| 280 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/6/2008 | Moira Feeney | MF | Confer with AS re: memo re: Landsafe liability | 0.40 | $ 250.00 | $ 100.00 | ic is | |
| 282 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/6/2008 | Moira Feeney | MF | Draft language re: Landsafe for mediation statement | 1.50 | $ 250.00 | $ 375.00 | is | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 281 | Kubbany v. Trans Union et al, Time Expended by Mora Feeney | Merits Work | Aug-08 | 8/6/2008 | Mora Feeney | MF | Draft meet and confer letter in response to 2nd set of discovery requests | 1.50 | $ 250.00 | $ 375.00 | | |
| 278 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/6/2008 | Mora Feeney | MF | Draft memo on Landsafe liability | 2.00 | $ 250.00 | $ 500.00 | ls | |
| 277 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/6/2008 | Amlai Schwartz | AS | Plan strategy re: defendants' defenses | 0.30 | $ 600.00 | $ 180.00 | qu | |
| 276 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/6/2008 | Amlai Schwartz | AS | Review memo re: Landsafe liability; research/ confer with NW re: same | 2.00 | $ 600.00 | $ 1,200.00 | ic ls | |
| 279 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/6/2008 | Mora Feeney | MF | Review of responses from Trans Union to 2nd set of discovery requests; Draft meet and confer letter | 1.20 | $ 250.00 | $ 300.00 | | |
| 275 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/6/2008 | Amlai Schwartz | AS | Review Trans Union responses to second set of discovery; discuss meet and confer letter with MF | 0.90 | $ 600.00 | $ 540.00 | ic | long day |
| 286 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/7/2008 | Mora Feeney | MF | Call to clients re: release forms and mediation | 0.40 | $ 250.00 | $ 100.00 | | |
| 284 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/7/2008 | Amlai Schwartz | AS | Draft mediation statement | 7.10 | $ 600.00 | $ 4,260.00 | | long day |
| 288 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/7/2008 | Mora Feeney | MF | Draft meet and confer letter to Trans Union | 5.00 | $ 250.00 | $ 1,250.00 | | long day |
| 285 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/7/2008 | Mora Feeney | MF | Further draft of section on Landsafe liability for the mediation statement. | 2.00 | $ 250.00 | $ 500.00 | ls | long day |
| 283 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/7/2008 | Amlai Schwartz | AS | Research re: predicates for FCRA liability | 2.10 | $ 600.00 | $ 1,260.00 | | long day |
| 287 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/7/2008 | Mora Feeney | MF | Revise draft on Landsafe for mediation statement | 1.50 | $ 250.00 | $ 375.00 | ls | long day |
| 292 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/8/2008 | Amlai Schwartz | AS | Correspondence to mediator | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 291 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/8/2008 | Mora Feeney | MF | Draft meet and confer letter to Trans Union re: second set of Discovery requests | 3.40 | $ 250.00 | $ 850.00 | | |
| 290 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/8/2008 | Amlai Schwartz | AS | Edit meet and confer letter to Trans Union | 0.80 | $ 600.00 | $ 480.00 | | |
| 295 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/8/2008 | Mora Feeney | MF | Edit meet and confer letter to Trans Union re: 2nd set of Discovery requests | 0.70 | $ 250.00 | $ 175.00 | | |
| 294 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/8/2008 | Mora Feeney | MF | Edit of mediation statement | 1.20 | $ 250.00 | $ 300.00 | | |
| 296 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/8/2008 | Mora Feeney | MF | Review of Defendants' mediation statements; confer with AS regarding mediation | 1.50 | $ 250.00 | $ 375.00 | ic | |
| 289 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/8/2008 | Amlai Schwartz | AS | Review Trans Union and Landsafe mediation statements | 0.70 | $ 600.00 | $ 420.00 | ls | |
| 302 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/11/2008 | Amlai Schwartz | AS | Revise and edit mediation statement; confer with MF re: same. | 4.40 | $ 600.00 | $ 2,640.00 | ic | |
| 303 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/11/2008 | Mora Feeney | MF | Assemble docs for discovery requests from Trans Union | 2.10 | $ 250.00 | $ 525.00 | cd | |
| 299 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/11/2008 | Mora Feeney | MF | Assemble list of documents in response to Trans Union discovery requests; T/c clients re: discovery requests | 1.50 | $ 250.00 | $ 375.00 | cd | |
| 298 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/11/2008 | Amlai Schwartz | AS | Confer with MF re: responses to Trans Union | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 300 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/11/2008 | Amlai Schwartz | AS | Correspondence to Johnson re: mediation attendance - Trans Union | 0.20 | $ 600.00 | $ 120.00 | | |
| 297 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/11/2008 | Mora Feeney | MF | Discovery responses to Trans Union - organize and assemble | 0.50 | $ 250.00 | $ 125.00 | cd | |
| 301 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/11/2008 | Amlai Schwartz | AS | Edit Meet and Confer letter to Trans Union | 0.60 | $ 600.00 | $ 180.00 | | |
| 304 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/11/2008 | Mora Feeney | MF | Research re: standing of spouse under FCRA | 1.10 | $ 250.00 | $ 275.00 | | |
| 307 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/12/2008 | Mora Feeney | MF | Call with clients re: mediation | 0.30 | $ 250.00 | $ 75.00 | | |
| 306 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/12/2008 | Mora Feeney | MF | Review case re: Nancy Kubbany standing to seek damages | 0.50 | $ 250.00 | $ 125.00 | | |
| 305 | Kubbany v. Trans Union et al, Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/12/2008 | Amlai Schwartz | AS | T/c from Amy Garikoort re: settlement | 0.80 | $ 600.00 | $ 480.00 | | |
| 309 | Kubbany v. Trans Union et al, Expended by Mora Feeney | Merits Work | Aug-08 | 8/13/2008 | Mora Feeney | MF | Prep docs for client visit and discovery review | 0.20 | $ 600.00 | $ 120.00 | | |
| | | | | | | | | 0.30 | $ 250.00 | $ 75.00 | | |

| Seq.# | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 308 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/13/2008 | Amlai Schwartz | AS | Review subpoena to Humboldt Home Loans from Trans Union | 0.20 | $600.00 | $120.00 | | |
| 310 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/14/2008 | Amlai Schwartz | AS | Confer with clients re: discovery and mediation | 0.80 | $600.00 | $480.00 | | |
| 311 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/14/2008 | Amlai Schwartz | AS | Confer with MF re: Trans Union discovery response prep and confer with clients | 0.40 | $600.00 | $240.00 | ic | |
| 312 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/14/2008 | Moira Feeney | MF | Meeting with clients re: discovery requests of Trans Union | 4.50 | $250.00 | $1,125.00 | | |
| 313 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/15/2008 | Amlai Schwartz | AS | Meet with clients, travel to SF for mediation at Michael Blani's office, meet with clients; travel to office | 6.00 | $600.00 | $3,600.00 | tr | Moira Feeney also billed to attend mediation on 8/15/08 |
| 314 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/15/2008 | Moira Feeney | MF | Travel and Attend Mediation Session | 7.00 | $250.00 | $1,750.00 | tr | |
| 315 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/19/2008 | Amlai Schwartz | AS | Confer with MF re: responses to Trans Union discovery | 0.40 | $600.00 | $240.00 | ic | |
| 317 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/19/2008 | Moira Feeney | MF | Draft Response to Trans Union interrogatories | 3.50 | $250.00 | $875.00 | | long day |
| 318 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/19/2008 | Moira Feeney | MF | Draft Responses to Trans Union interrogatories | 2.60 | $250.00 | $650.00 | | long day |
| 319 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/19/2008 | Moira Feeney | MF | Draft Responses to Trans Union interrogatories | 2.00 | $250.00 | $500.00 | | long day |
| 316 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/19/2008 | Moira Feeney | MF | Preparation of discovery responses to Trans Union | 1.80 | $250.00 | $450.00 | | long day |
| 323 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/20/2008 | Moira Feeney | MF | Draft responses to Trans Union and 1St set of discovery REA | 3.30 | $250.00 | $825.00 | | long day |
| 320 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/20/2008 | Moira Feeney | MF | Draft responses, to Trans Union discovery requests | 4.00 | $250.00 | $1,000.00 | | long day |
| 322 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/20/2008 | Moira Feeney | MF | Edit responses to Trans Union's 1st set of interrogatories | 2.20 | $250.00 | $550.00 | | long day |
| 321 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/21/2008 | Moira Feeney | MF | Tlc with clients re: interrogatory responses to Trans Union | 1.10 | $250.00 | $275.00 | | long day |
| 325 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/21/2008 | Moira Feeney | MF | Confer with AS re: discovery responses to Trans Union | 1.20 | $250.00 | $300.00 | ic | long day |
| 326 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/21/2008 | Moira Feeney | MF | Edit responses to discovery requests (" set - Trans Union | 3.20 | $250.00 | $800.00 | | |
| 324 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/21/2008 | Amlai Schwartz | AS | Review draft responses to Trans Union discovery; edit same, confer with MF re: same | 2.30 | $600.00 | $1,380.00 | ic | |
| 331 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/22/2008 | Moira Feeney | MF | Assemble docs for doc requests from Trans Union; edit responses to interrogatories from Trans Union | 3.50 | $250.00 | $875.00 | cd | |
| 332 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/22/2008 | Moira Feeney | MF | Edit and assemble responses to Trans Union 1st set of discovery requests | 3.20 | $250.00 | $800.00 | cd | long day |
| 328 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/22/2008 | Amlai Schwartz | AS | Final edits to Trans Union discovery responses | 0.30 | $600.00 | $180.00 | | |
| 333 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/22/2008 | Moira Feeney | MF | Organize documents for production to Trans Union for file | 1.00 | $250.00 | $250.00 | cd | long day |
| 327 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/22/2008 | Amlai Schwartz | AS | Review and edit second draft of responses to Trans Union first sets of interrogatories | 1.70 | $600.00 | $1,020.00 | | |
| 330 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/22/2008 | Amlai Schwartz | AS | Review letter from Doc Bradley, re: meet and confer over Trans Union discovery responses | 0.30 | $600.00 | $180.00 | | |
| 334 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/25/2008 | Moira Feeney | MF | Review of meet and confer response from Trans Union; Confer with AS re: motion or subpoena | 1.50 | $250.00 | $375.00 | ic | |
| 329 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/25/2008 | Amlai Schwartz | AS | T/c to Judge Walken clerk re: scheduling discovery motion | 0.20 | $600.00 | $120.00 | | |
| 336 | Kubbany v. Trans Union et al. Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/26/2008 | Moira Feeney | MF | Research location of Accuity for subpoena/attorney service in area; draft records request to attach to subpoena | 2.50 | $250.00 | $625.00 | | |
| 335 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/26/2008 | Amlai Schwartz | AS | Review Trans Union offer of judgment; research re: same | 1.40 | $600.00 | $840.00 | | |
| 339 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/26/2008 | Amlai Schwartz | AS | Correspondence to clients re: Trans Union Rule 68 offer | 0.20 | $600.00 | $120.00 | | |
| 337 | Kubbany v. Trans Union et al. Time Expended by Amlai Schwartz | Merits Work | Aug-08 | 8/26/2008 | Amlai Schwartz | AS | Research re: Rule 68 offer | 1.40 | $600.00 | $840.00 | | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 341 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/26/2008 | Moira Feeney | MF | T/c with clients re: Rule 68 offer | 0.50 | $ 250.00 | $ 125.00 | | |
| 338 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/26/2008 | Amtai Schwartz | AS | T/c with clients re: Trans Union Rule 68 offer | 0.30 | $ 600.00 | $ 160.00 | | |
| 340 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/26/2008 | Amtai Schwartz | AS | T/c with clients re: Trans Union Rule 68 offer | 0.30 | $ 600.00 | $ 180.00 | | |
| 345 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/27/2008 | Amtai Schwartz | AS | Correspondence to Bradley re: settlement | 0.20 | $ 600.00 | $ 120.00 | | |
| 342 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/27/2008 | Amtai Schwartz | AS | Correspondence to Johnson re: Trans Union offer | 0.20 | $ 600.00 | $ 120.00 | | |
| 343 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/27/2008 | Amtai Schwartz | AS | Further correspondence with Trans Union | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 346 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/27/2008 | Moira Feeney | MF | Research of past litigation re: OFAC SDN list | 0.30 | $ 250.00 | $ 75.00 | | |
| 347 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/27/2008 | Moira Feeney | MF | Review of Rule 68 - research on when judgment is final | 1.00 | $ 250.00 | $ 250.00 | | |
| 344 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/27/2008 | Amtai Schwartz | AS | T/c with client, Tom Kubbany | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 349 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/28/2008 | Amtai Schwartz | AS | Draft notice of acceptance of Trans Union Rule 68 offer | 0.30 | $ 600.00 | $ 180.00 | | long day |
| 348 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/28/2008 | Amtai Schwartz | AS | Research re: Trans Union Rule 68 offer and waiver | 7.50 | $ 600.00 | $ 4,500.00 | | long day |
| 350 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/28/2008 | Amtai Schwartz | AS | T/c with Nancy Kubbany; T/c with Tom Kubbany | 0.30 | $ 600.00 | $ 180.00 | qu | long day |
| 353 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Aug-08 | 8/29/2008 | Moira Feeney | MF | Call with City of Arcata re copies of clients file | 0.40 | $ 250.00 | $ 100.00 | | |
| 351 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/29/2008 | Amtai Schwartz | AS | Research re: Trans Union Rule 68 offer | 1.00 | $ 600.00 | $ 600.00 | | |
| 352 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Aug-08 | 8/29/2008 | Amtai Schwartz | AS | T/c with client | 0.20 | $ 600.00 | $ 120.00 | | |
| 355 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Sep-08 | 9/3/2008 | Amtai Schwartz | AS | Correspondence to Don Bradley re: fee stipulation | 0.20 | $ 600.00 | $ 120.00 | | |
| 354 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Sep-08 | 9/3/2008 | Amtai Schwartz | AS | Research re: deadlines for fee motion in light of Rule 68 acceptance without formal entry of judgment | 1.10 | $ 600.00 | $ 660.00 | | |
| 357 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Sep-08 | 9/4/2008 | Amtai Schwartz | AS | Correspondence with Donald Bradley, (several) T/c with Donald Bradley re: potential stipulation to extend time to file motion for fees | 0.20 | $ 600.00 | $ 120.00 | | |
| 356 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Sep-08 | 9/4/2008 | Amtai Schwartz | AS | Research procedure for motion to extend time to file motion for fees; prepare motion, declaration and proposed order to extend time to file motion for attorneys' fees | 2.10 | $ 600.00 | $ 1,260.00 | | |
| 358 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Sep-08 | 9/5/2008 | Amtai Schwartz | AS | Review TUC opposition to motion to continue time to file fee motion | 0.20 | $ 600.00 | $ 120.00 | | |
| 359 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Sep-08 | 9/6/2008 | Amtai Schwartz | AS | Research re: apportionment of fees; Joint and Several Liability | 0.70 | $ 600.00 | $ 420.00 | | |
| 360 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Sep-08 | 9/11/2008 | Amtai Schwartz | AS | Order denying motion for EOT as moot re: fees motion | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 361 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Oct-08 | 10/28/2008 | Amtai Schwartz | AS | Review file and prepare meet and confer demand to TUC for attorneys' fees and expenses | 2.10 | $ 600.00 | $ 1,260.00 | | |
| 363 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Nov-08 | 11/6/2008 | Amtai Schwartz | AS | Correspondence with Adam Johnson | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 362 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Nov-08 | 11/6/2008 | Moira Feeney | MF | Research apportionment of attorneys' fees. Confer with AS | 1.00 | $ 250.00 | $ 250.00 | ic qu | |
| 364 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Nov-08 | 11/7/2008 | Moira Feeney | MF | Research attorney fees issue | 2.50 | $ 250.00 | $ 625.00 | | |
| 365 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Nov-08 | 11/9/2008 | Moira Feeney | MF | Research memo from MF re: apportionment of fees | 4.00 | $ 250.00 | $ 1,000.00 | m | |
| 367 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Merits Work | Nov-08 | 11/10/2008 | Amtai Schwartz | AS | Prepare motion for entry of judgment against Trans Union; associated proposed order and judgment; e-file same. | 0.80 | $ 600.00 | $ 480.00 | m | |
| 366 | Kubbany v. Trans Union et al, Time Expended by Amtai Schwartz | Merits Work | Nov-08 | 11/13/2008 | Amtai Schwartz | AS | Review memo from MF re: apportionment issues for fees; research re: same | 1.60 | $ 600.00 | $ 960.00 | | |
| 368 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Nov-08 | 11/14/2008 | Amtai Schwartz | AS | Correspondence from/to Adam Johnson | 0.20 | $ 600.00 | $ 120.00 | qu | |

| Seq. # | Matter Description | Matter Category | Month | Date | Timekeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 369 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Nov-08 | 11/21/2008 | Amilai Schwartz | AS | Correspondence from Adam Johnson TUC re: fee demand | 0.20 | $ 600.00 | $ 120.00 | | |
| 370 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Dec-08 | 12/8/2008 | Amilai Schwartz | AS | Correspondence from Bradley - TUC (N/C) | 0.00 | $ 600.00 | $ - | | |
| 372 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Dec-08 | 12/10/2008 | Amilai Schwartz | AS | Correspondence to Bradley re: time extension to file fee motion (N/C) | 0.00 | $ 600.00 | | | |
| 371 | Kubbany v. Trans Union et al, Time Expended by Amilai Schwartz | Merits Work | Dec-08 | 12/10/2008 | Amilai Schwartz | AS | Review order granting Rule 54(b) judgment re: Trans Union | 0.20 | $ 600.00 | $ 120.00 | | |
| 373 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Dec-08 | 12/11/2008 | Amilai Schwartz | AS | Correspondence from Adam Johnson; prepare and file stipulation and proposed order extending time to file motion for fees (N/C) | 0.00 | $ 600.00 | $ - | | |
| 374 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Dec-08 | 12/18/2008 | Amilai Schwartz | AS | Prepare cost bill | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 375 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Dec-08 | 12/23/2008 | Moira Feeney | MF | Confer with MF re: outline and strategy for fee motion | 0.60 | $ 600.00 | $ 360.00 | ic | |
| 376 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Dec-08 | 12/24/2008 | Moira Feeney | MF | Draft points and authorities in support of fee motion against TransUnion | 2.50 | $ 250.00 | $ 625.00 | | |
| 380 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/5/2009 | Moira Feeney | MF | Confer with AS re: AS declaration in support of fee motion against TransUnion | 0.40 | $ 250.00 | $ 100.00 | ic | |
| 377 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/5/2009 | Amilai Schwartz | AS | Confer with MF re: fees motion | 0.40 | $ 600.00 | $ 240.00 | ic | |
| 379 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/5/2009 | Moira Feeney | MF | Draft points and authorities in support of Fee Motion against TransUnion | 2.50 | $ 250.00 | $ 625.00 | | |
| 381 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/5/2009 | Moira Feeney | MF | Draft Schwartz declaration in support of fee motion against defendant TransUnion | 1.50 | $ 250.00 | $ 375.00 | | |
| 382 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/5/2009 | Moira Feeney | MF | Research and draft points and authorities in support of fee motion against defendant TransUnion | 1.70 | $ 250.00 | $ 425.00 | | |
| 378 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/5/2009 | Moira Feeney | MF | Research attorney fee motion against defendant TransUnion | 0.80 | $ 250.00 | $ 200.00 | | |
| 383 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/6/2009 | Amilai Schwartz | AS | Confer with MF re: fees motion | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 384 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/6/2009 | Moira Feeney | MF | Further drafting of declaration in support of fee motion against TransUnion | 1.50 | $ 250.00 | $ 375.00 | | |
| 385 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/6/2009 | Moira Feeney | MF | Further research and draft of declaration in support of fee motion against TransUnion | 1.00 | $ 250.00 | $ 250.00 | | |
| 386 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/7/2009 | Moira Feeney | MF | Assemble exhibits for fee motion against TransUnion | 1.80 | $ 250.00 | $ 450.00 | cl | |
| 388 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/7/2009 | Moira Feeney | MF | Draft proposed order granting motion for fees against TransUnion | 1.00 | $ 250.00 | $ 250.00 | | |
| 387 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/7/2009 | Moira Feeney | MF | Edit declaration in support of fee motion against TransUnion | 1.70 | $ 250.00 | $ 425.00 | | |
| 389 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/8/2009 | Amilai Schwartz | AS | Correspondence to Steven Mayer and Richard Rahm re: rates | 0.30 | $ 600.00 | $ 180.00 | | |
| 390 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/8/2009 | Moira Feeney | MF | Research and draft memorandum in support of motion for fees against TransUnion | 4.00 | $ 250.00 | $ 1,000.00 | | long day |
| 391 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/8/2009 | Moira Feeney | MF | Research and revise apportionment issue in fee motion against TransUnion | 3.50 | $ 250.00 | $ 875.00 | | long day |
| 392 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/8/2009 | Moira Feeney | MF | Research market rates for fee motion against TransUnion | 2.00 | $ 250.00 | $ 500.00 | | long day |
| 395 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/9/2009 | Moira Feeney | MF | Confer with AS re: fee motion against TransUnion | 0.50 | $ 250.00 | $ 125.00 | ic | |
| 397 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/9/2009 | Moira Feeney | MF | Confer with AS re: fee motion against TransUnion | 0.20 | $ 250.00 | $ 50.00 | ic | |
| 393 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/9/2009 | Amilai Schwartz | AS | Confer with NW re: issues raised in fees memo and strategy | 0.30 | $ 600.00 | $ 180.00 | ic | |
| 398 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/9/2009 | Moira Feeney | MF | Correspondence with declarants in support of fee motion against TransUnion | 0.20 | $ 250.00 | $ 50.00 | | |
| 394 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/9/2009 | Amilai Schwartz | AS | Review and edit draft fee motion; confer with MF | 1.80 | $ 600.00 | $ 1,080.00 | ic qu | |
| 396 | Kubbany v. Trans Union et al, Time Expended by Moira Feeney | Fee Claim | Jan-09 | 1/9/2009 | Moira Feeney | MF | Review declarations in support of fee motion against TransUnion; incorporate into body of motion | 1.00 | $ 250.00 | $ 250.00 | | |
| 400 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/11/2009 | Moira Feeney | MF | Edit AS declaration in support of motion for fees against TransUnion | 0.50 | $ 250.00 | $ 125.00 | | |

| Seq. # | Matter Description | Matter Category | Month | Date | TimeKeeper | Tkpr | Description | Hours | Rate | Fees | Codes | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 399 | Kubbany v. Trans Union et al, Time Expended by Mora Feeney | Fee Claim | Jan-09 | 1/11/2009 | Mora Feeney | MF | Edit memorandum of points and authorities in support of for fees against TransUnion | 4.50 | $ 250.00 | $ 1,125.00 | | |
| 402 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/12/2009 | Amitai Schwartz | AS | Correspondence with Mayer; revise Mayer Declaration; correspondence with Pearl; edit Declaration of AS; research and edit memorandum in support of fee motion | 5.20 | $ 600.00 | $ 3,120.00 | | |
| 404 | Kubbany v. Trans Union et al, Time Expended by Mora Feeney | Fee Claim | Jan-09 | 1/12/2009 | Mora Feeney | MF | Edit fee motion against TransUnion; organize exhibits | 5.50 | $ 250.00 | $ 1,375.00 | d | |
| 403 | Kubbany v. Trans Union et al, Time Expended by Mora Feeney | Fee Claim | Jan-09 | 1/12/2009 | Mora Feeney | MF | Edit memorandum of points and authorities in support of fee motion against TransUnion | 2.20 | $ 250.00 | $ 550.00 | | |
| 401 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/12/2009 | Amitai Schwartz | AS | Tlc with Steven Mayer | 0.20 | $ 600.00 | $ 120.00 | qu | |
| 405 | Kubbany v. Trans Union et al, Time Expended by LOAS | Fee Claim | Jan-09 | 1/13/2009 | Amitai Schwartz | AS | Final review and edit of all moving and supporting papers; final edits of same | 2.30 | $ 600.00 | $ 1,380.00 | | |
| 406 | Kubbany v. Trans Union et al, Time Expended by Mora Feeney | Fee Claim | Jan-09 | 1/13/2009 | Mora Feeney | MF | Final review and edit of motion papers. | 2.00 | $ 250.00 | $ 500.00 | | |
| | | | | | | | | 489.2 | | $ 199,715.00 | | |
| | | | | | | | Check total | | | $ 196,715.00 | | |
| | | | | | | | Per entry | 1.20 | | $ 491.91 | | |
| | | | | | | | 20% voluntary reduction applied to all fees | | | $ 159,772.00 | | |
| | | | | | | | 1/3 of total fees | | | $ 66,565.01 | | |

**EXHIBIT D**

Trans Union LLC / Kubbany
Amital Schwartz Legal Bill Review
Expenses

| Seq. # | Matter Name | Expense Date | Expense Category | Expense Amount | Comments |
|---|---|---|---|---|---|
| 1 | Kubbany v. TransUnion Merits Work | September 2007 | Postage | $ 3.66 | |
| 2 | Kubbany v. TransUnion Merits Work | November 2007 | Postage | $ 2.06 | |
| 3 | Kubbany v. TransUnion Merits Work | January 2008 | Postage | $ 1.31 | |
| 4 | Kubbany v. TransUnion Merits Work | March 2008 | Postage | $ 0.80 | |
| 5 | Kubbany v. TransUnion Merits Work | April 2008 | Postage | $ 4.07 | |
| 6 | Kubbany v. TransUnion Merits Work | May 2008 | Postage | $ 5.12 | |
| 7 | Kubbany v. TransUnion Merits Work | June 2008 | Postage | $ 5.61 | |
| 8 | Kubbany v. TransUnion Merits Work | July 2008 | Postage | $ 13.38 | |
| 9 | Kubbany v. TransUnion Merits Work | August 2008 | Postage | $ 41.82 | |
| 10 | Kubbany v. TransUnion Merits Work | December 2007 | Telephone | $ 0.06 | |
| 11 | Kubbany v. TransUnion Merits Work | April 2008 | Telephone | $ 23.00 | |
| 12 | Kubbany v. TransUnion Merits Work | May 2008 | Telephone | $ 0.71 | |
| 13 | Kubbany v. TransUnion Merits Work | June 2008 | Telephone | $ 3.77 | |
| 14 | Kubbany v. TransUnion Merits Work | July 2008 | Telephone | $ 13.70 | |
| 15 | Kubbany v. TransUnion Merits Work | August 2008 | Telephone | $ 7.32 | |
| 16 | Kubbany v. TransUnion Merits Work | September 2007 | In-House Photocopy | $ 3.60 | |
| 17 | Kubbany v. TransUnion Merits Work | November 2007 | In-House Photocopy | $ 2.20 | |
| 18 | Kubbany v. TransUnion Merits Work | January 2008 | In-House Photocopy | $ 15.80 | |
| 19 | Kubbany v. TransUnion Merits Work | February 2008 | In-House Photocopy | $ 6.20 | |
| 20 | Kubbany v. TransUnion Merits Work | March 2008 | In-House Photocopy | $ 1.00 | |
| 21 | Kubbany v. TransUnion Merits Work | April 2008 | In-House Photocopy | $ 185.20 | |
| 22 | Kubbany v. TransUnion Merits Work | May 2008 | In-House Photocopy | $ 23.40 | |
| 23 | Kubbany v. TransUnion Merits Work | June 2008 | In-House Photocopy | $ 89.40 | |
| 24 | Kubbany v. TransUnion Merits Work | July 2008 | In-House Photocopy | $ 220.00 | |
| 25 | Kubbany v. TransUnion Merits Work | August 2008 | In-House Photocopy | $ 525.60 | |
| 26 | Kubbany v. TransUnion Merits Work | August 2008 | In-House Photocopy | (183.00) | Amount previously included in Bill of Costs |
| 27 | Kubbany v. TransUnion Merits Work | March 2008 | Messenger | $ 15.27 | |
| 28 | Kubbany v. TransUnion Merits Work | April 2008 | Messenger | $ 31.25 | |
| 29 | Kubbany v. TransUnion Merits Work | June 2008 | Messenger | $ 76.85 | |
| 30 | Kubbany v. TransUnion Merits Work | August 2008 | Messenger | $ 14.75 | |
| 31 | Kubbany v. TransUnion Merits Work | April 29, 2008 | AS Parking for CMC | $ 2.50 | |
| 32 | Kubbany v. TransUnion Merits Work | June 17, 2008 | Dept. Of Real Estate Listing: Gordon | $ 20.00 | |
| 33 | Kubbany v. TransUnion Merits Work | June 20, 2008 | Humboldt County Fic. Business Listing: North Coast Mortgage | $ 8.00 | |
| 34 | Kubbany v. TransUnion Merits Work | June 23, 2008 | Copies of Articles of Incorporation for North Coast Mortgage | $ 46.25 | |
| 35 | Kubbany v. TransUnion Merits Work | June 25, 2008 | Del Norte County Fic. Business Listing: North Coast Mortgage | $ 4.00 | |
| 36 | Kubbany v. TransUnion Merits Work | July 7, 2008 | AS to Arcata | $ 280.70 | |
| 37 | Kubbany v. TransUnion Merits Work | July 7, 2008 | AS Hotel Rm for Gordon Depo | $ 117.71 | |
| 38 | Kubbany v. TransUnion Merits Work | August 2008 | Daily Journal Research | $ 15.00 | |
| 39 | Kubbany v. TransUnion Merits Work | August 15, 2008 | Parking for mediation | $ 62.00 | |
| | | | | $ 1,710.07 | Confirmed JKM |

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

M. H. FOX, TERESA BROTHERS, )
and ANGELA HATCHETT,   )
            )
Plaintiffs,       )
            )    Case No. 4:99-CV-16I2-VEH
v.          )    Case No. 4:06-CV-4676-VEH
            )    Case No. 4:06-CV-4677-VEH
TYSON FOODS, INC.,    )
            )
Defendant.      )
_____)

DECLARATION OF JOHN W. TOOTHMAN

COMMONWEALTH OF VIRGINIA   )

COUNTY OF FAIRFAX       )

I, John W. Toothman, depose and state the following under oath:

1.   I am an attorney licensed to practice law in several jurisdictions, not including

Alabama.  In 1993 I founded The Devil's Advocate, a legal fee management and litigation

consulting firm.  Our services include legal bill reviews, which are sometimes referred to as legal

bill audits.  Tyson Foods, Inc., through its counsel, retained me to provide expert analysis and

opinions regarding the fee petitions submitted by counsel for the plaintiffs.  Based on a review of

the plaintiffs' fee submissions and other information from the record of this case, I have personal

or reliable knowledge of the facts upon which my opinions are based.  The opinions and

conclusions stated herein are expressed to a reasonable degree of professional certainty and are

based on my observations, analysis, and experience.  This declaration is prepared for submission

in opposition to the fee petitions submitted by counsel for the plaintiffs.

*Qualifications*

2.      I am an attorney admitted to practice in several jurisdictions, starting with the

District of Columbia, as well as federal courts in several jurisdictions.  A copy of my current

resume is attached as Exhibit A.

3.      I graduated from Harvard Law School, *cum laude*, in 1981.  Before that, I

graduated with honors from the University of Virginia with a B.S. and M.S. in chemical

engineering.

4.      I have extensive experience, skill, training, education, and knowledge of the

subjects of legal fees, litigation, and related ethical and professional standards.  I am the author,

with Professor William G. Ross, of *Legal Fees: Law & Management* (Carolina Academic Press

2003).  I am also the author, with Douglas Danner, of *Trial Practice Checklists 2d* (West Group

2001).  I have written over 25 articles on the subjects of legal fees, examinations of legal fees,

legal fee management, litigation, and related subjects.  My resume includes more than fifteen

years of such publications.  I have spoken regularly on these subjects and regularly taught

continuing legal education seminars on these subjects as well – examples of these are contained

in my resume.

5.      My firm, known as The Devil's Advocate, has examined hundreds of millions of

dollars in legal fees and consulted with numerous clients on the subjects, for example, of legal

fees, litigation strategy and tactics, attorney performance, and work product quality.  I am

regularly consulted as an expert in these fields by, for example, business and professional

publications as well as by law firms and clients.

6.    I have testified as an expert witness as to legal fees, examinations of legal fees, legal fee management, litigation, and related subjects (both challenging and supporting petitions for legal fees) in courts around the country, including the U.S. District Courts for the District of Columbia, Eastern District of Virginia, Eastern District of Pennsylvania, Middle District of Pennsylvania, Southern District of New York, Central District of California, Northern District of Ohio, and the Western District of Michigan; the U.S. Bankruptcy Courts for Delaware and Maryland; state or local courts in the District of Columbia, Maryland, California, Virginia, Illinois, Nevada, Florida, and Pennsylvania; and also arbitrations in various jurisdictions.  My resume includes a list of recent testimony.  Altogether I have testified and qualified as an expert on fifty or more occasions, including declarations or affidavits such as this.

7.    I have served as an arbitrator of legal fee disputes for bar organizations in Virginia and the District of Columbia.

## *Background*

8.    Plaintiffs' counsel seek fees and expenses for the remnants of a case some of them filed in June 1999 on behalf of several employees of Tyson Foods who were generally paid based on the time they spent on the production line processing chicken, *i.e.*, they were not paid for time spent "donning and doffing" clothes or washing.  As recounted in the exhibits to the fee petition, "donning and doffing" claims have been brought against many employers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.  When the case began, plaintiffs were seeking to represent approximately 50,000 Tyson employees at over 50 plants.  Plaintiffs' motion to certify a collective action was first made in October 1999 and was denied on November 15, 2006.  In the interim, plaintiffs' documentation claims they incurred at least 4,798.28 hours for gross

fees of $1,730,896.25, over half the gross documented fees, not including other undocumented time they have said they excluded. That left these three individual plaintiffs' claims for trial in this Court. On August 31, 2007, the Court granted partial summary judgment limiting plaintiffs' claims, Tyson dropped most of its defenses, and the cases proceeded to trial beginning in October 2007. Including an accepted offer of judgment for Fox, the total award on the merits for Hatchett, Brothers, and Fox is $4,937.20. As already reflected in plaintiffs' fee claim documentation, appeals of the two contested cases were pending but were then dismissed by Tyson and plaintiffs have turned their attention to this fee claim, submitting time through mid-June.

       9.     *Summary of the Fee Petitions*: Based on the data in the fee motion and exhibits thereto, the total fees compiled by the seven firms or entities submitting a claim[1] are $3,414,365.35. Through various adjustments made by the plaintiffs, they reduced this amount to a claimed lodestar of $2,198,575.93, by our calculation based on the actual data submitted. Although plaintiffs' brief in support of their motion presents a table summarizing the lodestar by firm, which totals to a number near ours, no total or fee subtotal lodestar is presented.[2] The total hours claimed are 8,855.77. Exhibit C.

---

[1] I understand that there is a question whether all these claims were properly submitted. Resolution of that issue is beyond the scope of my analysis, although my calculations of net fees and expenses take that and other issues into account to present the calculation of the maximum net reasonable fee.

[2] We were unable to reconcile the plaintiffs' documentation with their calculation of the total numbers presented for some of the firms. *See* Exhibit B1. The difference is ultimately not material, but was indicative of poor and inconsistent record keeping and documentation. Given that plaintiffs' counsel should, from the outset, have recognized the necessity to document their claims, in detail, this was remarkable.

a.  The first time entry is June 30, 1998.  The last is June 15, 2008.  There are fees claimed in 109 months.  The average fee per month is $20,170.  There are 4,346 time entries in the compiled submissions, some of which have been redacted or garbled.  Exhibit C.

b.  There were no documented time entries that were written down or off, although the submissions from several firms state that there were millions of dollars in fees not claimed (or documented) among several firms and there was just a single zero time entry among thousands.  There were no signs that such time had been pulled out, however – no apparent gaps or discontinuities in the entries, no "missing" timekeepers.[3]  The firms all stated that they had exercised billing discretion, paraphrasing the case law.  We saw no evidence of this in the documentation, however.  *See* Exhibit C.  This was an instance where the plaintiffs had no financial stake in the cost of the litigation, they were not provided timely billing information, and there was no management of the lawyers by their lay clients.

c.  The average time entry is a fraction over two hours, with an average fee per entry of $248.26.  The largest single entry is 20.5 hours for $8,200 before adjustment.  There is one zero hour entry (McGowan, 3/28/2003), but no other documented write-offs.

d.  Because several timekeepers presented more than one time entry for some days, often spreading them across two or three of the client fee lists.  If one adds each

---

[3]  Indeed, there is instead a claim of 2 hours for Jonathan Karmel without any record of such time.  Apparently his time was simply included under Jairus Gilden's name.

person's total time for each day, some of them total more than 24 hours.  For

example, the largest cumulative time entries for one day were over 40 hours for a

single timekeeper in a single 24 hour day.  *See, e.g.*, Robert Wiggins, 10/19/2007,

42.6 hours for $23,430 for that day (or more than four times the results achieved).

Exhibit C.  The manner in which Wiggins, Childs presented its time, *i.e.*, by

splitting it into several lists which therefore split time entries for the same

timekeeper and day, made this difficult to spot from their submission until we

converted them to spreadsheets sorted by date.

e.     This table summarizes the fees[4] sought by each of the seven firms or entities:

| | Fees | | | |
|---|---|---|---|---|
| | Analysis of Petition Exhibits | | | |
| Firm | Lodestar Fees Claimed (Pl. Br. At 15) | Hours | Gross Fees | Net Fees | Fees Lodestar v. Doc Divergence |
| Wiggins, Childs | $1,444,883.60 | 3,139.79 | $1,324,311.60 | $1,324,311.60 | ($120,572.00) |
| Cohen, Milstein | $654,482.93 | 4,615.20 | $1,670,756.25 | $654,484.88 | $1.94 |
| Doolittle | $23,650.00 | 45.80 | $22,900.00 | $22,900.00 | ($750.00) |
| Karmel, Gilden | $20,553.75 | | | | ($20,553.75) |
| Metcalef, Kaspari et al. | | 120.50 | $42,175.00 | $20,553.75 | $20,553.75 |
| Public Justice Center | $35,065.75 | 200.00 | $68,654.00 | $35,065.20 | ($0.55) |
| Gardner, Middlebrooks | $20,378.50 | 642.58 | $249,069.50 | $130,013.50 | $109,635.00 |
| "Candis McGowan's prior firm" | | | | | |
| John D. Saxon, P.C. | | 91.90 | $36,499.00 | $11,247.00 | $11,247.00 |
| **Total** | **$2,199,014.53** | **8,855.77** | **$3,414,365.35** | **$2,198,575.93** | **($438.60)** |

f.     The petitioners also seek $ 155,227.40 in expenses.  Exhibits B7 & D.

---

[4] Lodestar fees claimed are plaintiffs' net claim. Gross fees are the fees we found in plaintiffs' documentation and "net fees" are the adjustment to those fees by plaintiffs' 30% percentage factor or the adjustment we used to reconcile Ms. McGowan's claimed fee with her documentation, as explained elsewhere in this declaration.

10.    *Summary of the Timekeepers & Hourly Rates*: There are documented fees sought for a total of 46 timekeepers, summarized in the table that follows.[5]  The timekeepers were distributed among seven firms or entities as follows: Cohen Milstein, 20; Gardner Middlebrooks, 10; Wiggins Childs, 9; Public Justice Center, 6; Saxon, 2; Metcalf Kaspari, 1; and, Doolittle, 1. *See* Exhibits B4, B5.

---

[5]  Even this is complicated by plaintiffs' confused submission.  According to Mr. Gilden's Declaration, Exhibit 5 at Para. 4, there are 2 hours for Jonathan Karmel, at $350, somewhere in his claim, but there are no such time entries disclosed.  Including Mr. Karmel, whose involvement is undocumented, there are 47 timekeepers.  Mr. Gilden also claims, at Para. 5, to have "completely excluded $130,000 thousand [sic] worth of time which was identified as relating to other plaintiffs or plants, to the collective actions issues, or otherwise not directly benefitting [sic]" plaintiffs.  There is nothing to substantiate this assertion.  As with several other firms, this claim is discounted to 30% of gross to convert time spent for the original ten plaintiff case into a fee claim for the remaining three plaintiffs.

| Timekeeper | Firm | Hours | Rate | Gross Fee Claim | Net Fee Claim |
|---|---|---|---|---|---|
| Robert L. Wiggins, Jr. | Wiggins, Childs et. al. | 1,383.60 | $ 550.00 | $ 760,980.00 | $ 760,980.00 |
| **Candis A. McGowan** | Wiggins, Childs et. al. | 1,152.30 | $ 400.00 | $ 460,920.00 | $ 460,920.00 |
| Christine E. Webber | Cohen Milstein et al. | 1,279.05 | $ 465.00 | $ 594,758.25 | $ 261,088.20 |
| Charles E Tompkins | Cohen Milstein et al. | 1,042.70 | $ 400.00 | $ 417,080.00 | $ 152,760.00 |
| Joseph M. Sellers | Cohen Milstein et al. | 685.15 | $ 580.00 | $ 397,387.00 | $ 140,713.80 |
| **Candis A. McGowan** | Gardner, Middlebrooks | 571.20 | $ 400.00 | $ 228,480.00 | $ 109,424.00 |
| EM Ouellette | Cohen Milstein et al. | 676.25 | $ 165.00 | $ 111,581.25 | $ 36,968.25 |
| **Katrina Washington** | Wiggins, Childs et. al. | 306.39 | $ 110.00 | $ 33,702.90 | $ 33,702.90 |
| Roger K. Doolittle | Roger K. Doolittle | 45.80 | $ 500.00 | $ 22,900.00 | $ 22,900.00 |
| Ann K. Wiggins | Wiggins, Childs et. al. | 56.25 | $ 400.00 | $ 22,500.00 | $ 22,500.00 |
| Robert F. Childs, Jr. | Wiggins, Childs et. al. | 39.25 | $ 550.00 | $ 21,587.50 | $ 21,587.50 |
| Jairus M. Gilden | Metcalef, Kaspari et al. | 120.50 | $ 350.00 | $ 42,175.00 | $ 20,553.75 |
| Kimberly D. Hooks | Wiggins, Childs et. al. | 184.57 | $ 110.00 | $ 20,302.70 | $ 20,302.70 |
| Debra Lynn Gardner | Public Justice Center | 91.70 | $ 400.00 | $ 36,680.00 | $ 19,908.00 |
| Christine F. Vaughn | Cohen Milstein et al. | 189.50 | $ 165.00 | $ 31,267.50 | $ 12,845.25 |
| **Candis A. McGowan** | John D. Saxon, P.C. | 91.00 | $ 400.00 | $ 36,400.00 | $ 11,148.00 |
| Pamela Macker | Cohen Milstein et al. | 64.75 | $ 180.00 | $ 11,655.00 | $ 9,544.50 |
| Sahar Aziz | Cohen Milstein et al. | 43.30 | $ 220.00 | $ 9,526.00 | $ 9,526.00 |
| Deborah Eisenberg | Public Justice Center | 63.30 | $ 300.00 | $ 18,990.00 | $ 7,692.00 |
| D.W. Grimsley | Gardner, Middlebrooks | 23.35 | $ 250.00 | $ 5,837.50 | $ 5,837.50 |
| Frederick T. Kuykendall | Gardner, Middlebrooks | 10.90 | $ 500.00 | $ 5,450.00 | $ 5,450.00 |
| Michelle Exline | Cohen Milstein et al. | 86.00 | $ 140.00 | $ 12,040.00 | $ 5,400.50 |
| Tara Andrews | Public Justice Center | 24.00 | $ 250.00 | $ 6,000.00 | $ 5,370.00 |
| RC Smits | Cohen Milstein et al. | 89.75 | $ 180.00 | $ 16,155.00 | $ 4,846.50 |
| SB Dolezal | Cohen Milstein et al. | 120.00 | $ 130.00 | $ 15,600.00 | $ 4,680.00 |
| Jennifer A. Gundlach | Cohen Milstein et al. | 65.25 | $ 220.00 | $ 14,355.00 | $ 4,306.50 |
| S.D. Middlebrooks | Gardner, Middlebrooks | 8.33 | $ 500.00 | $ 4,165.00 | $ 4,165.00 |
| JH Ginsberg | Cohen Milstein et al. | 64.50 | $ 130.00 | $ 8,385.00 | $ 2,515.50 |
| Jake A. Kiser | Wiggins, Childs et. al. | 10.68 | $ 200.00 | $ 2,136.00 | $ 2,136.00 |
| Herman Johnson , Jr. | Wiggins, Childs et. al. | 6.00 | $ 350.00 | $ 2,100.00 | $ 2,100.00 |
| J Santos | Cohen Milstein et al. | 43.00 | $ 145.00 | $ 6,235.00 | $ 1,870.50 |
| David Hodge | Gardner, Middlebrooks | 7.10 | $ 250.00 | $ 1,775.00 | $ 1,775.00 |
| BW Landau | Cohen Milstein et al. | 32.25 | $ 180.00 | $ 5,805.00 | $ 1,741.50 |
| Jonathan Smith | Public Justice Center | 13.40 | $ 400.00 | $ 5,360.00 | $ 1,608.00 |
| MVM (Gardner paralegal) | Gardner, Middlebrooks | 12.50 | $ 110.00 | $ 1,375.00 | $ 1,375.00 |
| JS Devore | Cohen Milstein et al. | 24.75 | $ 180.00 | $ 4,455.00 | $ 1,336.50 |
| Sam Heldman | Gardner, Middlebrooks | 2.50 | $ 500.00 | $ 1,250.00 | $ 1,250.00 |
| Y Al-Keliddar | Cohen Milstein et al. | 30.75 | $ 135.00 | $ 4,151.25 | $ 1,245.38 |
| M Fink | Cohen Milstein et al. | 24.25 | $ 165.00 | $ 4,001.25 | $ 1,200.38 |
| TL Kirby | Cohen Milstein et al. | 21.75 | $ 140.00 | $ 3,045.00 | $ 913.50 |
| L Byun | Cohen Milstein et al. | 14.25 | $ 135.00 | $ 1,923.75 | $ 577.13 |
| SPS (Gardner paralegal) | Gardner, Middlebrooks | 4.50 | $ 110.00 | $ 495.00 | $ 495.00 |
| Marc Steinberg | Public Justice Center | 6.00 | $ 240.00 | $ 1,440.00 | $ 432.00 |
| RH Hale | Cohen Milstein et al. | 18.00 | $ 75.00 | $ 1,350.00 | $ 405.00 |
| JRG (Gardner paralegal) | Gardner, Middlebrooks | 1.40 | $ 110.00 | $ 154.00 | $ 154.00 |
| **Katrina Washington** | John D. Saxon, P.C. | 0.90 | $ 110.00 | $ 99.00 | $ 99.00 |
| EH (Gardner paralegal) | Gardner, Middlebrooks | 0.80 | $ 110.00 | $ 88.00 | $ 88.00 |
| Traci Wiggins | Wiggins, Childs et. al. | 0.75 | $ 110.00 | $ 82.50 | $ 82.50 |
| Jennifer Temchine | Public Justice Center | 1.60 | $ 115.00 | $ 184.00 | $ 55.20 |
| | | 8,855.77 | | $ 3,414,365.35 | $ 2,198,575.93 |

Page 8 - *Toothman Declaration*

a.      I saw no explanation why so many timekeepers or firms were necessary or reasonable and there are many instances of duplication of effort, inter-firm communications, and the like.  From the resumes and discussion I saw in the exhibits to the petition, several of these firms seemed to be capable of handling these cases alone at far more reasonable amounts.  I saw no attempts to adjust the fees, for example, to eliminate the duplication of effort to bring and keep each firm up to speed.

b.      Overall, the claimed 2008 hourly rates range from $75 to $580, with a weighted average hourly rate of $385.55 (total fees before adjustments divided by total hours).  This is a high average rate, reflecting heavy billing by higher rate individuals than is typical for litigation.

c.      All the rates are a single rate per timekeeper, with no variation over time.  My understanding is that these timekeepers usually bill on a contingent fee basis, so the fees were set specially for this case at the time the petition was filed, based on asserted current, local rates (applied to all 109 months spanned by the petitions) that have not actually been billed to or paid by any clients.

d.      The documentation for several of the top timekeepers (in terms of hourly rates) includes resumes and declarations by themselves and others of their experience and local rates for similarly experienced and skilled lawyers.  For many of the remaining timekeepers, however, the only information provided is their years of experience or since becoming licensed, often in the form of a table in one of the

declarations.  *See* Exhibit B6.  For nine timekeepers, there is no documentation of experience at all, even in a table.  For many of the timekeepers, even some who are vouched for in at least one declaration, there are no names, no information about experience, and no explanation of their necessary role.  This is especially true for law clerks and paralegals.

i.      Cohen Milstein seeks compensation at rates ranging from $130 to $180, for law clerks.  The Public Justice Center had one at $115.  The gross fee for these people is $40,664.  These rates are extraordinarily high, even higher than one of the attorneys (Exline, $140).  Normally law clerks are law students, without licenses or relevant experience.  Such time is rarely productive when experienced lawyers are involved (otherwise their hourly rates cannot be justified).  Law clerks generally perform redundant busy work, as part of the firm's attempt to market itself to new hires, wasting billable time of others as well.

ii.     As noted, there is also a contract attorney, at Cohen Milstein, Michelle Exline, billing a gross fee of $12,040 at $140/hour.  As independent contractors who are not part of the firm, contract attorneys should be treated as an expense, billed at actual cost, with no profit to the firm.  A contract attorney is, at least, a licensed lawyer, unlike paralegals and law clerks.  Tyson therefore used this person's rate as a ceiling for non-lawyer rates.

Page 10 - *Toothman Declaration*

iii.    Paralegals can be a cost-effective addition to the paper-intensive litigation. To be part of the reasonable fee, they should be taking work away from higher rate attorneys and performing that billable work for a lower net fee. Cohen Milstein claims time for seven paralegals and two "paralegal assistants," whatever that may be. The paralegals have hourly rates ranging from $135 to $180, with gross fees over $180,000. Paralegal assistants account for another $4,000 plus in gross fees, with rates of $75 and $140, the latter exceeding the firm's own rate for some full-fledged paralegals. Many of their time entries demonstrated they were performing non-billable clerical work. Instead of reducing the net fee to the client by delegating billable tasks, these paralegals, for the most part, were an attempt to convert non-billable time into a profit center.

iv.    Tyson compiled its own data on relevant hourly rates in three declarations from Birmingham-area practitioners. I relied upon these declarations to establish more reasonable hourly rates for most of the timekeepers. These rates appeared reasonable and consistent with my information. Declarations of J. Fredric Ingram, John W. Hargrove, and David J. Middlebrooks.

11.    *Summary of the Fees Over Time:* As noted before, the entries span 109 months, from June 30, 1998, to June 15, 2008. The average fee per month is $20,170, for all months. There are 4,346 time entries in the compiled submissions, some of which have been redacted or garbled. Exhibit C. Fees averaged $180,000 per month in November and September 2007, with

over $690,000 in fees for October 2007. In those three months alone, devoted largely to the three

trials and preparation therefore, the fees exceeded $1 million, all included in the lodestar without

adjustment by plaintiffs. The fees claimed for those three months alone are 213 times the

recovery. The following graph shows how the fees varied over time.



12. *Summary of Tyson's Objections*: Tyson challenges $1,676,382.77 of the lodestar

of $2,198,575.93 or 76.25%. The balance is 1,994.25 hours which, at the adjusted reasonable

rates stipulated by Tyson is no more than $522,193.16 in fees, or 23.75% of the lodestar claimed.

Tyson challenges $146,945.07 or 94.66% of the expenses and does not object to $8,282.33 or 5.34%.[6]

*Opinions & Conclusions*

13.     In my opinion, the fees are excessive, unnecessary, and unreasonable for a number of reasons.  The primary cause appears to be the large number of firms and ultimately timekeepers working on the matter, at high hourly rates for the relatively routine FLSA work being performed.

    a.     Although commenced as a putative class or collective action, the issue at this point is the reasonable, necessary fee for three individual cases, with minimal amounts in controversy and, though modestly successful, achieved minimal results, especially when compared with the very substantial fees and expenses now sought.  (The three cases were consolidated except for trial, which should have allowed for more efficient handling.)

    b.     In short, plaintiffs are seeking to rationalize cramming fees and expenses incurred by seven firms or entities employing 46 timekeepers to mount a much larger, more complex, but unsuccessful class action through the tiny keyhole of the few remaining individual cases.  That this is an exercise in rationalization is made obvious by arbitrary attempts to include, at lower percentages designed to camouflage the sleight of hand, time that could not be directly ascribed to these particular plaintiffs.  While much effort was expended by plaintiffs' exhibits to

---

[6]  Some of these objections to fees or expenses are based on legal arguments, not my opinions.  I have, however, assisted Tyson to quantify the amounts implicated by some of those issues.

Page 13 - *Toothman Declaration*

rationalize their high hourly rates, I saw no explanation for the top-heavy and massive staffing (not just the large number of timekeepers but seven firms), nor an application of the factors for reasonable fees to these fees.[7]

c.　The reasons plaintiffs provided for their high rates, plus the fact that they failed to explain the staffing or resulting fees, could just as well have been mis-applied to justify a fee of $10 million, $50 million, or more.  In other words, plaintiffs' analysis recognizes no ceiling to their fees.  Rather than finding ways to rationalize massive fees and expenses incurred in a failed effort, the real issue for plaintiffs, on which they have the burden of proof, is to establish a reasonable fee for litigating the three individual cases on which they actually prevailed, without regard to circuitous path they took to get there.

14.　*Application of Fee Standards:* Plaintiffs identify the so-called *Johnson* factors as the legal standard for assessing the reasonableness of legal fees.  *E.g.* Pl. Br. at 8, citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).  Plaintiffs misapply the factors, however, by arguing that all the factors apply to assessing the "hourly rate", not the time or whole fee, Pl. Br. at 8.  Actually, the factors apply to the whole lodestar fee, not just the rates.  There are several *Johnson* factors that do apply most directly to the rates – "the experience, reputation, and ability of the attorney" – but offering proof that the rates are reasonable does not make the net fee reasonable unless the hours worked and the staffing are reasonable and necessary.  By failing to make this distinction, plaintiffs avoid having to confront the questions of

---

[7] Plaintiffs applied the *Johnson* factors to justify their *rates*, alone, when the factors are actually supposed to be applied to establish the entire *fee*, *i.e.*, reasonable rates multiplied by reasonable hours.

why the whole fee is so high, especially when the seven firms are combined, and why all those

timekeepers and their thousands of hours were reasonable and necessary.

      a.      Viewed in comparison with typical legal fee factors, including the amount in

            controversy and results obtained (de minimis), novelty and difficulty (largely

            absent here from the three cases actually prevailed on), skill requisite, the results

            obtained, and the time and labor *required* (not just those expended), plus the

            experience, reputation, and ability of the timekeepers, the amount claimed, after

            plaintiffs' adjustments, $2,198,575.93, is high and disproportionate with what

            legal fees in such a matter would normally be.[8]  The results obtained are not

            exceptional and the amount in controversy was, at most, thousands of dollars, or

            0.22% of the claimed fees.

     15.     *Analytical Steps*:  In analyzing the fee petition, I focused on several factors to

uncover the reasonable fees and expenses within plaintiffs' claim.  First, my firm conducted a

line by line review of the time entries to identify time entries which either lacked necessary

documentation, which we labeled as cryptic entries, or which exhibited common billing flaws,

such as clerical or duplicative time.  Second, using information on the course and scope of the

proceedings, we identified entries associated with irrelevant or unsuccessful issues.  Third, we

identified firms or timekeepers whose participation was redundant or unnecessary, making their

---

[8]  The other factors really do not apply or have little relevance.  The contingent risk factor is
discussed below.  There was, for example, no preclusion of employment – these are "employee
plaintiff" lawyers who are not conflicted out by bringing suit against Tyson.  That working on
one case takes one away from others is not what the preclusion factor is about.  Similarly, it
makes no sense to suggest this was an undesirable case, other than the undesirability in an
economic sense of a low return case – this was not a notorious case and seven firms suggests no
dearth of attention from lawyers.

fees extraneous (along with communications by others with them), as well as improper fee claims, as argued separately by Tyson's counsel.  Fourth, we eliminated time billed before March 29, 1999, which was incurred on behalf of the United Food & Commercial Workers International Union before any individual plaintiff retained counsel.  Fifth, we eliminated the scaled time (both McGowan-scaled entries and the 30% factored entries some firms used) for time that was not directly related to these plaintiffs or cases.  Finally, using information from Tysons' other expert declarants, we inserted more reasonable hourly rates for most of the timekeepers.

a.     These steps are explained below.  The first three steps were implemented through codes inserted into the columns marked Codes, Filters, and Extraneous Firms in Exhibit C.  Earlier dates and percentage claims less than 100% were removed through filters in those columns of Exhibit C.  Hourly rates were added to a column labeled adjusted rates and multiplied by hours to create the adjusted fees column of Exhibit C.

b.     Some time entries exhibited two or more of these issues and have been coded for each, in full.  (We do not attempt to speculate about the portion of time entries attributable to tasks within time entries.  If the timekeeper broke down the time entry, we do segregate the fees accordingly.)  For this reason, the subtotal of each problem cannot be added with others, to avoid double counting.

c.     The maximum reasonable fee based on the materials submitted by plaintiffs is $522,193.16, or 23.75% of the lodestar claimed.  This represents 1,994.25 hours at adjusted hourly rates.  In my opinion, this represents a ceiling on the reasonable fee, with any amount beyond that being unreasonable.

Page 16 - *Toothman Declaration*

    d.    This is still 105 times the amount actually recovered, which is one reason why I describe this as a ceiling on a reasonable fee, not per se reasonable.

        i.    It is within the discretion of the Court to further reduce the lodestar. While that is not my role, my opinion is that the disparity between the results achieved and the lodestar, even after my adjustments, justifies a further reduction in the fee award. Ultimately, one question for the Court is whether it wishes to send a message that a dispute over $5,000 may yield six or seven figure legal fees. While a fee more than the amount received might be appropriate, a single digit multiple would be well within even the most generous typical multiplier.

        ii.    Also, there are authorities suggesting that even documented, otherwise appropriate fees may be disallowed, *e.g.*, (1) as fees forfeited for inappropriate conduct, a category into which I would place the attempts to obtain compensation for excessive hours, especially more than 24 hours in a day for one timekeeper,[9] and (2) redaction of some of the time entries, without explanation, which obscures the reasonableness of all of the entries.

16.    *Coded Time*: Based on the content of the time entries produced in the exhibits to the fee petition, we found one or more problems or issues with 33.4% of the original time entries on their face. The most common problem was entries with inadequate or vague detail in the

---

[9] There are over 25 such instances, plus many more where the total is less than 24 but no less suspicious. The entries over 24 hours all come from Robert Wiggins or Candis McGowan.

descriptions.  The other problems were duplicated entries – two or more entries by the same

person on the same day for the same or similar tasks – and clerical work.

      a.    *Cryptic & Vague Time Entries:* The largest problem with these entries is the

failure by the timekeepers to provide complete descriptions of their tasks.

Timekeepers must provide sufficient detail to demonstrate the reasonableness of a

time entry, including, *e.g.*, the subject of communications or of work done and

identification of other participants in calls or conferences.   Failure to provide

detail not only makes it difficult to assess the reasonableness of entries, but also to

catch outright billing mistakes and duplication of effort.  There were 1,882.78

hours of such entries, totaling $513,945.76 in fees.  (These items are identified

with a "qu" in the Codes column in Exhibit C.) Purposely making one's entries

cryptic would be a means to inflate time entries or defraud a client.

      i.    Some of these entries are redacted, without explanation, *i.e.*, petitioners

have intentionally withheld information to establish the reasonableness of

their fees.  There were 80 such time entries (and some expense items),

totaling 174.98 hours and $40,262.86 in fees.  (These items are identified

with a caret, ^, in Exhibit C.)   Some authorities have ruled that any

redaction negates the entire fee claim, even for unredacted entries, because

the redaction contradicts the implicit waiver caused by petitioning for fees

and the redacted entries deprive the court and opposing part of contextual

information for the unredacted entries.  In that case, my opinion is that the

reasonable fee and expense figure  would be zero dollars.

ii.    Here are examples of cryptic entries:

| Cryptic Entries | | | | |
|---|---|---|---|---|
| Name | Description | Hours | Rate | Fees |
| Michelle Exline | Legal research. | 8.00 | $ 140.00 | $1,120.00 |
| Candis A. McGowan | Participating in conference call; telephone call with SCM left message; Review statements and complaint. | 1.30 | $ 400.00 | $ 520.00 |
| Deborah Eisenberg | Conf Call w/co-counsel | 1.00 | $ 300.00 | $ 300.00 |
| Christine E. Webber | Conference call with co-counsel | 0.50 | $ 465.00 | $ 232.50 |
| Christine E. Webber | Prepare for and participate in conference call with co-counsel | 0.75 | $ 465.00 | $ 348.75 |
| Christine E. Webber | Conference call with co-counsel and post call fax re: next call | 0.50 | $ 465.00 | $ 232.50 |
| Charles E Tompkins | Conf. call re: case status and complaint strategy. | 0.50 | $ 400.00 | $ 200.00 |
| Jairus M. Gilden | Conf call re 3(o) issues | 0.75 | $ 350.00 | $ 262.50 |
| Christine E. Webber | Research re: 30(b)(6) [should be 203(o)] issues - read Gilden memo and circulate all research to date; research line time, draft memo on walk/wait ti ^ | 1.50 | $ 465.00 | $ 697.50 |
| Christine E. Webber | Conference call with co-counsel | 0.75 | $ 465.00 | $ 348.75 |
| MVM (Gardner paralegal) | Preparation of memo | 2.00 | $ 110.00 | $ 220.00 |
| MVM (Gardner paralegal) | Preparation of memo | 0.25 | $ 110.00 | $ 27.50 |
| MVM (Gardner paralegal) | Preparation of memo | 1.00 | $ 110.00 | $ 110.00 |

b.    *Clerical Time*: The next appreciable problem with individual time entries is

attempts to bill professional fees for clerical services.  We identified $31,975.22

in such entries, which is 1.5% of total, and 378.6 hours.  These are coded "cl" in

Exhibit C.

i.    Legal fees for professional services already compensate law firms for the

lawyer's or paralegal's salary, plus overhead and profit of the firm,

including clerical services.  Therefore a firm may not attempt to charge

separately for overhead – it is included in the reasonable hourly rates of

proper timekeepers.

ii.    Here are samples of clerical time:

| Clerical Entries | | | | |
|---|---|---|---|---|
| Name | Description | Hours | Rate | Fees |
| EM Ouellette | Tyson case room - file & make new boxes/folders/labels; organize Tyson discks/videos. | 3.50 | $ 165.00 | $ 577.50 |
| EM Ouellette | finished pulling docs together for Brothers & Mitchel depo; searched for timecards | 1.00 | $ 165.00 | $ 165.00 |
| EM Ouellette | organized & filed Tyson docs; imputed bates labeled docs in the computer; worked w/ Tyson database | 5.00 | $ 165.00 | $ 825.00 |
| Christine E. Webber | Meeting with Eta re: ID documents for deposition; meeting with CET re: location, travel arrangements and preparation of clients | 1.75 | $ 465.00 | $ 813.75 |
| EM Ouellette | filed docs | 0.75 | $ 165.00 | $ 123.75 |
| EM Ouellette | booked conference room for depo; set up court reporter; called about video fees. | 1.00 | $ 165.00 | $ 165.00 |
| EM Ouellette | talk to CEW about projects; file docs from finished projects | 1.00 | $ 165.00 | $ 165.00 |
| EM Ouellette | organize docs | 1.50 | $ 165.00 | $ 247.50 |
| EM Ouellette | search database for certain docs regarding case; pulled many docs & made copies | 3.00 | $ 165.00 | $ 495.00 |
| EM Ouellette | made copies & organized docs for Tyson depo | 5.00 | $ 165.00 | $ 825.00 |
| EM Ouellette | helped prepare docs for Tyson deposition | 2.50 | $ 165.00 | $ 412.50 |

c.    *Duplicative Entries*: With so many timekeepers and entries, there are many examples where five or more timekeepers are working on the same project.  But a special subset of those examples are where the same timekeeper is duplicating his or her own work on the same day, often with identical time entries.  We have identified $523,136.81 in such entries, which is 23.8% of the total and 1,143.37 hours.  These are coded "du" in Exhibit C.

i.    Many of these entries appear to be caused by the practice of some Wiggins, Childs timekeepers of putting two or three copies of their entries,

Page 20 - *Toothman Declaration*

including full time entries, on two or three of the three individual plaintiff compilations they submitted.  Pl. Ex. 1.Because some of the entries are 8 hours or more, making the daily total over 24 hours, *i.e.*, more hours than there are in a day, it appears that each such entry has all the time worked, making the second and third entries misrepresentations of fact.  While an attorney may bill for all of his or her time actually worked on professional services, he or she may not claim more hours than actually worked, even if worked for more than one client.

    ii.    Here are samples of duplicative time:

| Duplicative Entries | | | | | |
|---|---|---|---|---|---|
| Date | Name | Description | Hours | Rate | Fees |
| 10/19/2007 | Robert L. Wiggins, Jr. | Revise motions in limine; continue trial prep and review of defendant's trial exhibits; draft objection to defendant's expert and motion to exclude; teleconference with court; respond to court's orders and requests entered from teleconference; review items being submitted to court; work on electronic aspects of blow-ups; revise parts of cross-exam outline of Phillips | 14.20 | $ 550.00 | $7,810.00 |
| 10/19/2007 | Robert L. Wiggins, Jr. | Revise motions in limine; continue trial prep and review of defendant's trial exhibits; draft objection to defendant's expert and motion to exclude; teleconference with court; respond to court's orders and requests entered from teleconference; review items being submitted to court; work on electronic aspects of blow-ups; revise parts of cross-exam outline of Phillips | 14.20 | $ 550.00 | $7,810.00 |
| 10/19/2007 | Robert L. Wiggins, Jr. | Revise motions in limine; continue trial prep and review of defendant's trial exhibits; draft objection to defendant's expert and motion to exclude; teleconference with court; respond to court's orders and requests entered from teleconference; review items being submitted to court; work on electronic aspects of blow-ups; revise parts of cross-exam outline of Phillips | 14.20 | $ 550.00 | $7,810.00 |
| 6/15/2008 | Candis A. McGowan | Drafting my declaration; editing time records for last 2 months; drafting and 9.50 editing brief to support Fee Petition, etc | 9.50 | $ 400.00 | $3,800.00 |
| 6/15/2008 | Candis A. McGowan | Drafting my declaration; editing time records for last 2 months; drafting and editing brief to support Fee Petition, etc | 9.50 | $ 400.00 | $3,800.00 |
| 6/15/2008 | Candis A. McGowan | Drafting my declaration; editing time records for last 2 months; drafting and editing brief to support Fee Petition, etc | 9.50 | $ 400.00 | $3,800.00 |

Page 21 - *Toothman Declaration*

17.    *Filters Based on Success (or Lack Thereof)*: Based on the course of the proceedings, we identified time entries associated with events in the case that either were not successful (*i.e.*, plaintiffs did not prevail), which are not part of compensable activities, or which are not relevant to the cases of the three plaintiffs.  Of the claimed lodestar, $167,468.55 or 7.6%, indicated one or more of these problems.  These items are coded into Exhibit C through the "Filters" column.  (These entries may exhibit other problems, too.)

a.    These issues include time associated with the seven former plaintiffs and their cases (not Fox, Hatchett or Brothers) (code "expl"), time spent with plaintiffs' experts relating to the failed collective action issues (code "collect"),[10] class certification time (code "cert"), time associated with clothes changing upon which Tyson prevailed on summary judgment (the "Section 3(o)" issues) (code "clothes"),[11] time spent on 11th circuit appeals (code "circuit"),[12] and time spent on Federal Rule of Civil Procedure 30(b)(6) depositions relating to other Tyson facilities besides Albertville (code "30b6").[13]

b.    Fees for irrelevant, unsuccessful or unnecessary activities are normally disallowed.

---

[10]  There are 87.85 hours of such time, totaling $14,532.02 in fees before November 15, 2006, and 119.22 hours and $55,877.95 after.

[11]  There are 164.3 hours of such time, with a claim for $37,461.49 in fees.

[12]  Plaintiffs include 59.2 hours of such time, with a claim for $23,248 in such fees.

[13]  There are 65.95 hours of such time, for a fee claim of $15,519.02.

18.   *Extraneous Firms or Timekeepers*:  There were 46 timekeepers working on this matter, in seven firms or entities, which is a large number even for a major class action, let alone three single-plaintiff cases, which were consolidated for most purposes except the actual trials. Of these, four billed over one thousand hours, two more billed over six hundred, and another five over one hundred.

a.   The timekeepers billing the largest number of hours are also among the highest rate timekeepers.  The five highest billers all claim rates of $400 per hour to $580. With so many junior attorneys, paralegals, and even law clerks on the claim, there should be more delegation, with the usual pattern being that these lower rate timekeepers tend to bill more time in civil litigation in the familiar pyramidal staffing model.

b.   Twenty-one timekeepers billed 25 hours or less.  Why plaintiffs did not simply write some or all of these high amounts down and low amounts off is not apparent.

c.   We identified several extraneous or otherwise unnecessary timekeepers, coded "extra" in the column of Exhibit C.  These include Doolittle, Gilden, and Karmel, whose necessity is not apparent or explained.  We also coded "extra" for communications by others with these timekeepers.  Entries for Kuykendall, Middlebrooks, Heldman, Hodge and Grimsley were coded "extra" because, I understand, Tyson argues their fee submission was late or otherwise inappropriate.  Other questionable timekeepers were handled through hourly rate adjustments, discussed below.

Page 23 - *Toothman Declaration*

d.      Of the $2.199 million sought for the lodestar, 4.6% of the entries, totaling

$100,616.84, are for entries by the extraneous timekeepers themselves or by

others in communication with Doolittle, Gilden, and Karmell.

19.     *Early Entries*: To reach a reasonable fee, we eliminated time incurred before

March 29, 1999, because this time was expended on behalf of the United Food & Commercial

Workers International Union, which retained counsel to investigate bringing an FLSA action

against Tyson.  None of the individual plaintiffs retained counsel until March 29, 1999.  This

totaled $30,898.85 in pre-complaint time, or 1.4% of the lodestar claimed.  These are calculated

by filtering the date column in Exhibit C.

20.     *Time Not Directly Related to the Three Actual Cases*: Plaintiffs claim a substantial

portion of their lodestar at reduced percentages, as discussed above, which I refer to as their

indirect fee claims.  There are two indirect fee claim components:  (1) Ms. McGowan's

documented time, which exceeds the time she purports to claim (which is still excessive for the

reasons discuss herein).  To allow her time entries to equal the amount she claims, we scaled the

entries to equal her claim by the percentages noted in the "percent claim" column of Exhibit C.

(2) Several firms, including Milstein and the Public Justice Center, admitted that they could not

directly connect their time to work for the three prevailing plaintiffs, so they used a 30% scaling

factor to convert their gross time into net time claimed in the lodestar.  This is also included in

the "percent claim" column of Exhibit C.

a.      As noted above, rather than representing discounts or write-offs, these are

attempts to fit irrelevant time into this fee petition, which is one reason why the

lodestar is hundreds of times the result achieved.

b.  Tyson is objecting to the portion of the lodestar claimed at these reduced percentages.  At most, Tyson's liability for fees and expense must be limited to the fees and expenses reasonably and necessarily incurred on the actual cases, not the portions on which these plaintiffs did not prevail.

c.  By filtering the column in Exhibit C denoted "percent claim," we calculate that $579,778.33 of the lodestar fees are percentages other than 100%.  This is 26.4% of the lodestar.

21.  *Hourly Rates:* We adjusted hourly rates relying on declarations from other consultants to Tyson, as discussed above.  We also used plaintiffs' own rate information to determine reasonable rates for timekeepers for whom plaintiffs failed to provide any, or sufficient, information about experience.  We compared claimed rates for the poorly documented timekeepers with the rates plaintiffs claimed for other identified timekeepers.  Rates of the extraneous timekeepers mentioned above were zeroed out, too.  These are summarized in Exhibit B6 and incorporated in the "adjusted rates" column of Exhibit C.  These adjustments result in reducing the lodestar claimed by 67% to $1.46 million.

a.  The claimed hourly rates range from $75 to $580 per hour.  Plaintiffs acknowledge that the proper hourly rate depends on assessing rates for similar services by lawyers of comparable skill, experience, and reputation in the relevant legal community.  Pl. Br. at 6.  The hourly rates claimed by petitioners for most of the time are quite high, an issue that is exacerbated by the top-heavy staffing.  In other words, the hourly rates are themselves high, but using higher rate personnel

Page 25 - *Toothman Declaration*

to perform tasks normally pushed down to lower rate personnel compounds the problem.

b.    The case was litigated in Alabama, but several of the firms or entities are from other, more expensive jurisdictions in terms of their hourly rates.  Rates from the District of Columbia, for example, are much higher than rates in most other parts of the country for similarly experienced lawyers.  They also make suggestions that national rates should apply – without apparent basis, but thereby admitting their rates are high.  "National rates," is code for higher than local rates, though true national rates would have to consider all rates, not just the highest ones.  (Nor is there any database of such rates.)  They also suggest that it may be hard to locate competent counsel in Alabama without higher than locate rates.  As the seven firms and 46 timekeepers on this case confirm, I am aware of no shortage of qualified lawyers in Alabama willing to work for a contingent fee.

c.    Normally, it is the actual rates of qualified, local attorneys that establish the reasonable hourly rate.  A common misconception is to assume that the rates of the largest or most expensive firms in the locale control, but these are the ceiling for reasonable rates, or often above the ceiling.  Rather, the reasonable rate is the average or typical rate for comparable work in that locale.  Then too, even a very experienced attorney, in one locale or field, may have a much lower reasonable hourly rate when working out of his or her normal field or locale, *e.g.*, because he or she is not working at full "value" and may be less experienced and efficient in relevant tasks.

d.  The weighted average hourly rate is $ 385.55 which, as noted before, is quite high. For litigation in which much of the time-consuming projects are normally performed by associates or paralegals, or non-billing clerical staff, the high average hourly rate reflects that high rate personnel were performing tasks normally delegated and the consequences of having multiple sets of partners from seven firms "managing" the matter.

e.  With a few exceptions noted in plaintiffs' declarations, there is no evidence that most of the hourly rates have ever been billed to or collected from a paying client, which is why plaintiffs presented declarations not just from themselves (Plaintiffs' Exhibits 1-6), but also from other Alabama lawyers (Plaintiffs' Exhibits 7-9). This is not uncommon for plaintiffs' contingent fee lawyers and public interest organizations, but it means that the hourly rates they quote are artificial and have not been tested or confirmed by the marketplace.  Indeed, it is not uncommon for lawyers billing by the hour to quote high rates to reflect how they wish to be perceived, which we call vanity rates, then effectively discount them with the client in advance or through write-downs.

f.  Tyson has provided other evidence regarding reasonable rates (and the unreasonableness of the claimed rates), upon which I have relied to calculate more reasonable rates and a net fee under the circumstances.  Exhibit B6 and C.

i.  Tyson has also stipulated to rates for some personnel for whom I found no documentation in plaintiffs' submissions (noted in Exhibit B6) and for law

Page 27 - *Toothman Declaration*

clerks, whose contributions were questionable given their lack of experience or a license to practice law.

ii.      These stipulated rates were derived by establishing rates for plaintiffs' lead Alabama lawyers (Robert Wiggins and Candis McGowan) based on declarations from other Alabama practitioners submitted by Tyson. Lawyers from outside Alabama, including Sellers and Gardner, were understood to be, at most, equivalent in rate to these senior Alabama lawyers. Ms. Webber was similarly equivalent to Ms. McGowan, with similar experience. For other timekeepers as to whom plaintiffs provided no information, or close to none, their rates were scaled using these senior personnel as benchmarks, comparing their years of experience, then scaling their rates to maintain the structure of proportional rates within each firm. (If someone's rate were half a more senior attorney's rate in the original claim, this proportion was maintained if the senior attorney's Alabama-equivalent rate were reduced.) As an example, Ms. Webber's rate of $465 was reduced in line with Ms. McGowan's rate to $300, then Mr. Tompkin's rate was scaled from $400 to 86% of Ms. Webber's new rate, resulting in his more reasonable rate of $258.

iii.     The presence of so many law clerks suggests that the case was used as a marketing activity for the firm's recruitment process, with the entries reflecting their lack of productive value. The notion that unlicensed law

students would provide value in a case where plaintiffs' counsel claim to have so much experience is counter-intuitive.

22.     *Absence of Fee Management Activity*: Aside from issues having a direct impact on our calculation of a more reasonable fee, there are issues raised by plaintiffs which I address.  As alluded to before, one of these is the absence of any true fee management activity.  There are no significant write-offs or write-downs of any time or expenses, no discounts, nor any other evidence that these fees and expenses were subjected to normal supervision or management, either internally by the firms or by a vigilant client.  Plaintiffs said they exercised billing judgment, but I saw no evidence that they did and plenty that they did not, from staffing (not just the number but the use of "paralegal assistants," a contract lawyer, and law clerks), to rates, to unproductive activity, to duplication of effort, and so on.  Rather than simply averring their dedication to exercising billing judgment, plaintiffs should have been able to document it.

a.      Before issuing a bill, lawyers are expected to consider things like wasted or inefficient efforts, inexperience of timekeepers, overstaffing, and the like to adjust the raw bill to a reasonable amount before issuing it to the client (or including it in a petition).  These redundancies and inefficiencies are supposed to be corrected through write-offs and discounts, all of which were absent here.

b.      There were two instances where percentages or amounts were "cut" from the gross amount submitted.  The first is the 30% factor applied to most of the older time by several firms or entities.  The second is that McGowan submitted historical time that far exceeded the amount apparently claimed, without identifying which time was sought and which time was not.  We therefore scaled her

time for Saxon and Gardner Middlebrooks so that the amounts for her time entries

would total the amount she apparently claims.

    i.    The scaling factors plaintiffs used do not represent a discount, but rather

        an attempt to fully recover for "general" efforts for the original collective

        action or ten plaintiff case in proportion to the  three remaining plaintiffs.

    ii.    This is an arbitrary number – the whole theory of consolidating cases or

        creating a class action, for example, is that two or twenty or two hundred

        cases can be tried for less time and expense per case.  Instead of using a

        fraction of 3 in 10, based on the number of named plaintiffs, an arbitrary

        fact, it would make as much sense or more to use a fraction of 3 in 50,000,

        based on the original estimates of the putative class's size.

    iii.    The 30% factor and scaling of McGowan's time are not a discount, but an

        enhancement to the fees plaintiffs can comfortably claim were directly

        expended for each plaintiff.  Because of this implicit admission that the

        time cannot be shown to relate necessarily and directly to the actual

        plaintiffs, my understanding is that Tyson is objecting to all the scaled

        time on this basis, too.

c.    The US Supreme Court explained that lawyers are "ethically obligated" to "make

    a good-faith effort to exclude from a fee request hours that are excessive,

    redundant, or otherwise unnecessary, just as a lawyer in private practice is

    ethically obligated to exclude such hours from his fee submission." *Hensley v.*

    *Eckerhart*, 461 U.S. 424, 434 (1988).

Page 30 - *Toothman Declaration*

d.     These clients were "absent," *i.e.*, they had no incentive to manage their lawyers, their tactics and strategy, their staffing, their hourly rates, their expenses, or the like.  Nor did these clients have the sophistication in such affairs that many clients paying fees of this magnitude would have, nor has there been any informed consent to the rates.

23.     *Travel*:  There are $106,553.05 of travel time in the claimed lodestar, which is 4.85% of the total fee claim.

a.     The issue with determining reasonableness of travel fees and expenses is that they do not entail direct delivery of professional services.  Instead, they are payments for moving timekeepers around, which is not generally productive professional time.  These plaintiffs did not pick these lawyers, nor was there anyone in a position to manage these expenses.  These travel fees and expenses are a direct result of the attorneys choosing themselves.

b.     The time and expenses devoted to travel reflect another impact of staffing the case with attorneys from out of town.  Alabama has an extensive, experienced legal community capable of handling such matters.  The cost of importing lawyers for their own convenience, not out of necessity, is neither reasonable nor necessary, considering not only the higher hourly rates of these particular attorneys, but also the time spent in travel and travel expenses.

c.     Cases suggest that all or half of the travel-related fees may be deducted in setting a reasonable fee.

24. *Expenses*:  Actual, necessary out-of-pocket expenses incurred by a lawyer in the course of representing a client can be passed through to clients, assuming the client has agreed (or there is no agreement to the contrary).  It is a legal issue, however, whether such amounts can be shifted, assuming a party has "prevailed," the scope of which is contested here.

a.  Plaintiffs' claimed expenses totaled $155,227.40, of which $8,282.33 are not contested by Tyson.  Tyson challenges $146,945.07 of the expenses for such items as expert fees and expenses, support staff overtime, travel (including mileage, meals, lodging, and parking), computerized legal research, postage, couriers, general photocopying, long distance telephone charges, facsimile charges, and office supplies on the ground that they are not recoverable in FLSA actions as a matter of law.  Exhibit D has all the expense detail in a spreadsheet and it is summarized in Exhibit B7.

b.  Additionally, a firm cannot markup expenses or charge personal or overhead items as an expense.  *See, e.g.*, ABA Formal Ethics Opinion 93-379.  We cannot even tell from plaintiffs' submission what the charge per page is for faxes and copying, so plaintiffs' documentation is again insufficient to meet their burden.

c.  Aside from legal issues concerning the types of expenses recoverable under FLSA, I generally question items like office supplies (*e.g.*, binders, which are overhead) and undocumented or unitemized expenses.  Except for several expenses from Mr. Doolittle, plaintiffs submitted none of the typical documentation for expenses.

Page 32 - *Toothman Declaration*

### *Methods & Materials Reviewed*

25.     Under my supervision, an employee of my firm reviewed spreadsheets of the time entries submitted by the seven firms and attached to their fee petition.  We created these spreadsheets by electronically scanning the time and expense entries and converting them to Excel spreadsheets.  We reviewed and coded time entries according to various types of issues (or potential problems) as described above.  This data is then sorted and filtered for my analysis using tools included in the spreadsheet program.  This data is presented in Exhibit C, organized in chronological order.  This chronological spreadsheet contains all the raw fee data upon which our tables and charts, Exhibit B and herein,  and my conclusions, are based.  Exhibit D is a similar compilation of the expense data.

26.     *Legal Bill Review Analytical Stages*:  Because they are issued by legal professionals, subject to requirements beyond those imposed on most commercial vendors, there are several layers of analysis to be conducted for any hourly legal bill.

a.      The burden of preparing billing records and proving the time spent, as well as that the time was reasonable and necessary, is on the law firm, which creates the records in the first place.

b.      First, and most fundamentally, the bill's content and format must provide the basic details, such as the subject of communications or research, to inform the client – or a judge – what was being done so that one can determine that the work itself, as well as the charge for it, was reasonable and necessary.

c.   Second, there are some types of time entry meeting this content requirement, but which appear inappropriate, unreasonable or unnecessary from reviewing that time entry.  (An obvious example would be a 25 hour time entry.)

d.   Third, one must look beyond the face of the bill to determine whether the fees meet the legal standards contained in statutory and case law.  This requires consideration of the bill in its legal context, *i.e.*, not just on its face alone, to determine whether it meets external standards for what is reasonable.  (Examples include common concerns about duplication of effort, and clerical work.  Comparison with the amount in controversy and results achieved is also appropriate.)

e.   Fourth, there are various grounds upon which otherwise reasonable, necessary, and properly documented fees and expenses may be forfeited, such as ethical infractions by the lawyer or other legal rulings about "prevailing parties," the scope of fees and expenses allowed by the law, or the like.  As I have noted, there are authorities suggesting that redacting time would forfeit the entire claim and that claiming misrepresented time, such as more than 24 hours in the same day, would result in partial or total fee forfeiture.

27.   The various categories of problems with time entries for which we code are based on the rationale used by court decisions and other authorities to deny payment of legal fees in comparable cases.  The general standard is whether the fees and expenses are necessary and reasonable, under the circumstances.

Page 34 - *Toothman Declaration*

28.     We have prepared various summary tables of data and graphs to illustrate several aspects of the bills.  These tables and charts are attached to this declaration as Exhibit B.

29.     *Mixed Time Entries:* Although some of the entries are broken down by task, many of these timekeepers employed "block billing," *i.e.*, billing all tasks for a day in a single entry for each timekeeper, thereby effectively mixing the time each spent on different tasks, without breaking down the time by task.  Experienced counsel should have anticipated the need for keeping accurate, contemporaneous, and detailed time records for all tasks, by task, not just some of them.

a.     When we reviewed the individual time entries, an entire time entry was coded for each problem noted, even if only one part exhibited a problem.  Because the tasks were mixed together, the time spent on each is unknown and we could not segregate the time spent on individual tasks without making arbitrary or speculative guesses about time spent on each task.

b.     Time entries evidencing more than one problem were coded for each problem and, unless the timekeeper segregated his time into discrete task entries, entries mixing, blocking, or lumping more than one code are counted in full for each problem category total.  If part of the time entry indicated a problem, but the balance indicated no problem, the entire entry is still coded and counted in full for the problem exhibited by a portion of the entry, unless the timekeeper segregated his or her time by task.  Our inability to speculate about the allocation of time within an undifferentiated entry is a necessary consequence of so-called lumping,

Page 35 - *Toothman Declaration*

blocking, or mixing of time entries, which precludes accurate segregation of time devoted to each discrete task.

30. *Inadequate documentation*: This claim for hourly legal fees and expenses is not adequately documented when compared with the quality, content, and extent of records normally kept by attorneys expecting to bill clients for their time, or seek payment from a common fund.

    a.    Failure of an attorney (or other timekeeper working at a law firm) to accurately, timely, and completely record time in an hourly bill is a basis for denying all or part of a fee, even if it is obvious that the attorney must have worked some time. This is because the attorney always has the burden not only to record his or her time accurately, but to provide sufficient detail to demonstrate that the fee is reasonable and necessary.

    b.    To determine whether a fee is reasonable, anyone, including a court or a client, must be able to examine the time entries and determine from their face (or with other supporting information provided by the firm) whether the amounts billed are reasonable for the tasks performed.

31. Because we did not have full access to underlying documentation and background information from the timekeepers, as well as details for the expenses, we have not performed a financial audit of these petitions in the sense that the term is used by accountants or any tests for, *e.g.*, fraud, except for the obvious fact that there are no more than 24 billable hours in a day. Instead we performed what accountants and auditors would typically refer to as a *review* or *performance audit*. We have assumed that the submissions by the petitioners are accurate and contain all the information they have to support the reasonableness of their fees and expenses.

32.     In addition to reviewing the fee petitions of the seven firms and other declarations attached to their fee claim, I have seen information on timekeepers from current websites and pleadings and other filings in the cases and dockets.  I have also seen and relied upon three declarations from Tyson's other consultants regarding reasonable hourly rates for lawyers with similar experience, skill, and reputations in the vicinity of this Court.  Declarations of J. Fredric Ingram, John W. Hargrove, and David J. Middlebrooks.

### *New Information & Authority*

33.     If material new information becomes available, I may revise or supplement my report and opinions accordingly.  This declaration is based on all relevant information the plaintiff fee petitioners have provided to date.

34.     I am an independent expert, not an agent or attorney representing Tyson Foods, Inc.  None of my statements is made as a representative of Tyson Foods, nor am I authorized to waive or release anything on its behalf.

 I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND INFORMATION.

_____
John W. Toothman, Esq.


Dated:  July 31, 2008

Attachments:

| | |
|---|---|
| Exhibit A | Current Resume of John Toothman |
| Exhibit B | Charts and Tables Prepared from bills & related data |
| Exhibit C | Chronological Printout of Legal Fee Data, including coded time |
| Exhibit D | Chronological Printout of Expense Data |

* * * * * *