**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**MEMORANDUM IN SUPPORT OF LABATON SUCHAROW'S EMERGENCY MOTION FOR STAY OF MARCH 31, 2017 MEMORANDUM AND ORDER AND FOR LIMITED RECONSIDERATION REGARDING SUPPLEMENTAL NOTICE TO THE CLASS**

Labaton Sucharow LLP ("Labaton Sucharow"), Lead Counsel for Plaintiff Arkansas Teacher Retirement System and the Settlement Class in the above-titled consolidated actions,

respectfully submits this memorandum in support of its emergency motion for a brief stay of the Court's March 31, 2017 Memorandum and Order (ECF No. 192) to allow time for consideration of Labaton Sucharow's request for limited reconsideration of the Court's March 31, 2017 Order. This motion is submitted on an emergency basis and requests a stay because, pursuant to the March 31 Order, supplemental notice must be mailed to the class by April 7, 2017.

In preparing to send the notice as directed by the Court, Labaton Sucharow has identified several items with respect to which it respectfully seeks modification or clarification. In particular, Labaton Sucharow requests the following:

1. The title of the notice (ECF No. 192-1) is "Notice of Proceedings that Could Result in an Additional Award to Class Members Who Have Filed Claims." In this particular settlement, class members were not required to "file" claims; the relevant data was provided by the Defendants and class members' recoveries will be calculated by the Claims Administrator. Accordingly, Labaton Sucharow requests that it be permitted to delete the word "Filed" from the version of the notice that will be distributed.

2. Page 2 of the notice contains the following sentences:

> On December 17, 2016, The Boston Globe published an article reporting, among other things, that some attorneys working for Labaton, Thornton and Lieff, who were represented to have regular billing rates of $350 to $450 an hour were paid only $25 to $40 per hour. In addition, the article raised questions concerning whether the hours reportedly worked by attorneys employed by Labaton, Thornton, and Lieff were actually all worked.

Labaton Sucharow respectfully submits that this passage is misleading and prejudicial and that the sentences should be struck from the notice. First, the language is inaccurate and also varies in a meaningful way from the sentence that appeared in the article,[1] which itself was also

[1] The sentence in the Globe was, in pertinent part, "the work of staff attorneys — all of them assigned hourly rates at least 10 times higher than the $25 to $40 an hour typical for these low-level positions — which involves document review."

inaccurate. As we believe will be shown at the conclusion of the investigation, none of the three firms paid staff attorneys $25 per hour and Labaton, for one, paid some twice that amount. Labaton Sucharow also respectfully submits that this paragraph will lead readers of the notice to believe that the standard for judging the reasonableness of billing rates is to compare them to the rates at which document review attorneys are paid. The Firm respectfully submits that this notion is fundamentally wrong. A law firm's cost of employing an attorney is not part of any proper analysis of the reasonable hourly rate for that attorney. In determining a reasonable hourly rate for attorney work, "[t]he Court should no more attempt to determine a correct spread between the contract attorney's cost and his or her hourly rate than it should pass judgment on the differential between a regular associate's hourly rate and his or her salary." *In re Citigroup, Inc. Securities Litigation*, 965 F. Supp. 2d 369, 395 (S.D.N.Y. 2013) quoting *In re AOL Time Warner Shareholder Derivative Litigation*, No. 02-civ-6302 (CM), 2010 Westlaw 363113, at *22 (S.D.N.Y. Feb. 1, 2010). For instance, in *In re Tyco International, LTD.*, 535 F.Supp. 2d 249, 272 (D. N.H. 2007), Judge Barbardoro, in approving a 14.5% attorney fee in connection with a $3.2 billion settlement, rejected the argument from an objector that contract lawyers' time used in a lodestar crosscheck should be treated as an expense. The objectors had argued "that the work done by contract attorneys should be treated as an expense to be reimbursed, rather than being included in the lodestar. This objection lacks merit. The lodestar calculation is intended not to reflect the costs incurred by the firm, but to approximate how much the firm would bill a paying client. An attorney, regardless of whether she is an associate with steady employment or a contract attorney whose job ends upon completion of a particular document review project, is still an attorney. It is therefore appropriate to bill contract attorney's time at market rates and count these time charges toward the lodestar." *Id.* at 272.

Given that Labaton Sucharow believes the Globe article is misleading and is rank hearsay that could not be admitted for its truth, the Firm requests that the article not be given the imprimatur of the Court in a formal notice to the class, and that the Firm be permitted to delete these sentences from the Notice. If the Court is not willing to allow the deletion of the hearsay statement, the Firm asks that it at least be revised to read:

> On December 17, 2016, The Boston Globe published an article reporting, among other things, the allegation that some attorneys working for Labaton, Thornton and Lieff were assigned hourly billing rates substantially in excess of their hourly compensation. In addition, the article raised questions concerning whether the hours reportedly worked by attorneys employed by Labaton, Thornton, and Lieff were actually all worked. Class Counsel strenuously dispute the allegations raised in the article and the relevance of these pay rates to the issues before the court. No rulings on these issues have been made by the court.

3. Paragraph 4 of the Memorandum and Order (ECF No. 192) directs plaintiffs' counsel to make all past and future submissions "to the court or to the Special Master" since November 2, 2016 available on the class website and Labaton Sucharow's website. Pursuant to a protective order entered by the Special Master, Labaton Sucharow has produced documents in response to a request for production from the Special Master and Mr. Sinnott, and expects that additional discovery and related documents, although not part of any pleading or filing, could be characterized as "submissions to the . . . Special Master." The Firm requests clarification that it was not the Court's intent to require posting of discovery responses (which would in many instances be inconsistent with the protective order), e-mails, and letters etc., and that only formal filings, such as motions, legal briefing, responses, and orders (to the extent they are not sealed), are to be posted on the websites.

4. Finally, this request for clarification with respect to the items set forth herein will delay the first step in the notice process, i.e., the printing and mailing. In order to allow the Court to respond to this motion, and to allow the notice to then be adjusted, printed and

transmitted as the Court has directed, Labaton Sucharow respectfully requests a short stay of the March 31, 2017 Order and that plaintiffs' counsel be permitted five business days from the date of the Court's ruling on this Motion to prepare and send the supplemental notice.

## CONCLUSION

For all of the foregoing reasons, Labaton Sucharow respectfully requests that the Court stay the application of its March 31, 2017 Memorandum and Order and reconsider the Order and the attached notice to the class, as set forth above.

Dated: April 3, 2017

Respectfully submitted,

*/s/ Joan A. Lukey*

Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel: (617) 248-5000
joan.lukey@choate.com
jwolosz@choate.com

*Attorneys for Labaton Sucharow LLP*