UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 12-11698-MLW |

### MEMORANDUM AND ORDER

WOLF, D.J.                                                                        April 11, 2017

On April 3, 2017, Labaton Sucharow LLP filed an Emergency Motion for Stay of March 31, 2017 Memorandum and Order and for Limited Reconsideration Regarding Supplemental Notice to the Class

(the "Motion"). On April 5, 2017, the court stayed the March 31, 2017 Order until it ruled on the merits of the request for amendments to the Notice of Proceedings prepared by the court for distribution to members of the class in this case. See Docket No. 197.

It is now hereby ORDERED that:

1. The Motion (Docket No. 195) is ALLOWED in part and DENIED in part.

2. The revised Notice of Proceedings attached hereto as Exhibit A shall be distributed to class members and/or their counsel in the time and manner stated in paragraph 3 of the March 31, 2017 Memorandum and Order (Docket No. 192).[1]

3. Paragraph 4 of the March 31, 2017 Memorandum and Order is CLARIFIED to provide that the plaintiffs' counsel need not make available on the designated websites responses to requests for discovery or communications with the Special Master, or any individual or organization engaged to assist him, which are not motions, responses, objections to orders, or other filings for entry on the docket of this case. See Anderson v. Cryovac, Inc., 805 F. 2d 1, 11-13 (1st Cir. 1986); March 8, 2017 Memorandum and Order (Docket No. 173), ¶¶8-11.

---

[1] A version of Exhibit A showing the amendments to the Notice made by the court in response to the Motion is attached hereto as Exhibit B.

3

_____
UNITED STATES DISTRICT JUDGE

**Exhibit A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al. ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY ) ) ) ) | No. 12-cv-11698 MLW |

**NOTICE OF PROCEEDINGS THAT COULD RESULT IN AN ADDITIONAL AWARD TO CLASS MEMBERS WHO HAVE CLAIMS**

This notice is being sent to you as a member of the class in the above-captioned cases to inform you of proceedings that could result in an increase in the amount of money to be distributed to class members. This notice explains how you can access documents filed in these proceedings, how you can communicate with counsel for class members, and how you can communicate with counsel for the Special Master who has been appointed by Senior United States District Judge Mark L. Wolf (the "court") to investigate and report on the issues that have arisen since the court approved the settlement agreement in this class action on November 2, 2016. As explained below, class members will be provided notice and an opportunity to be heard concerning the Special Master's report and recommendation regarding, among other things, whether the more than $75,000,000 in attorneys' fees, expenses, and payments to class representatives awarded by the court should be reduced and redistributed to class members.

After a hearing on November 2, 2016, the court approved a $300,000,000 settlement in this class action in which it was alleged that defendant State Street Bank and

1

Trust overcharged its customers in connection with certain foreign exchange transactions. The court also awarded the attorneys for the class ("Class Counsel") more than $75,000,000 in attorneys' fees and expenses. In addition, the court made awards of $10,000 or $25,000 to each of the seven class representatives. The court evaluated the reasonableness of the more than $75,000,000 award to Class Counsel by comparing it to what they represented to be the reasonable number of hours the attorneys worked multiplied by what Class Counsel represented to be the actual customary and reasonable hourly billing rate for each attorney. Class Counsel stated that: this figure, or "lodestar," was in excess of $41,000,000; that more than $75,000,000, therefore, was 1.8 times this "lodestar;" and that a 1.8 "multiplier" was reasonable in view of the risks they took in representing the class in this case.

On November 10, 2016, Lead Counsel for the class, Labaton Sucharow LLP ("Labaton"), filed a letter informing the court that, as a result of a media inquiry, Labaton, The Thornton Law Firm LLP ("Thornton"), and Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff") discovered that they had inadvertently inflated the number of hours worked on this case by more than 9,300, inflating the "lodestar" the court had relied upon by more than $4,000,000. Labaton stated that the award of attorneys' fees and expenses of more than $75,000,000, representing a "multiplier" of 2.0 of the "lodestar," nevertheless remained reasonable and should not be reduced.

On December 17, 2016, The Boston Globe published an article that, among other things, raised questions concerning the accuracy of the representations that certain attorneys working for Labaton, Thornton, and Lieff had customary and reasonable hourly billing rates of $350 to $450 an hour, or whether the actual or reasonable hourly rates for

2

their services was much lower. In addition, the article raised questions concerning whether the hours reportedly worked by attorneys employed by Labaton, Thornton, and Lieff were actually all worked.

After providing the parties notice and conducting a hearing on March 6, 2017, the court appointed Retired Senior United States District Judge Gerald Rosen as a Special Master to investigate and submit a report and recommendation addressing, at least: (a) the accuracy and reliability of the representations made in the requests for awards of attorneys' fees, expenses, and payments to the class representatives for their services; (b) the reasonableness of those awards and whether they should be reduced; and (c) whether any misconduct occurred in connection with seeking those awards.

The cost of the Special Master, and those employed to assist him, will be paid from the fees previously awarded to some or all of the Class Counsel. As ordered by the court, Labaton has returned to the District Court $2,000,000, from the portion of the award distributed to Labaton, Thornton, and Lieff, for this purpose and may be ordered to return more.

The proceedings concerning the re-opened issues of the amount of reasonable attorneys' fees, expenses, and awards to class representatives will not delay or diminish the initial distributions to class members from the settlement fund. Class Counsel assert that the representations made in their requests were reliable and the awards made were reasonable. Therefore, they oppose any reduction of the awards of more than $75,000,000 in attorneys' fees, expenses, and payments to the class representatives previously ordered. However, if, after the Special Master issues his report and recommendation, any or all of those awards are reduced, an additional distribution may be made to class members.

The Special Master has been directed to attempt to submit his report and recommendation to the court by October 10, 2017. Class members will be provided notice of the report and recommendation, and an opportunity to be heard on whether the court should adopt the Special Master's recommendations.

All orders and substantive submissions to the Special Master, and all judicial filings concerning these proceedings, will be made part of the District Court record in these cases. They will also be available to class members on the class website, www.statestreetindirectfxclasssettlement.com, and at www.labaton.com.

Class members may contact Labaton, as Lead Counsel for the class, by calling (888) 219-6877 or emailing settlementquestions@labaton.com. Class members may contact counsel to the Special Master, William Sinnott, Esq., by calling (617) 720-5090 or emailing wsinnott@dbslawfirm.com.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.

Dated: March 31, 2017

                                                                                            UNITED STATES DISTRICT JUDGE

**Exhibit B**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al. ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY ) ) ) ) ) | No. 12-cv-11698 MLW |

### NOTICE OF PROCEEDINGS THAT COULD RESULT IN AN ADDITIONAL AWARD TO CLASS MEMBERS WHO HAVE ~~FILED~~ CLAIMS

This notice is being sent to you as a member of the class in the above-captioned cases to inform you of proceedings that could result in an increase in the amount of money to be distributed to class members. This notice explains how you can access documents filed in these proceedings, how you can communicate with counsel for class members, and how you can communicate with counsel for the Special Master who has been appointed by Senior United States District Judge Mark L. Wolf (the "court") to investigate and report on the issues that have arisen since the court approved the settlement agreement in this class action on November 2, 2016. As explained below, class members will be provided notice and an opportunity to be heard concerning the Special Master's report and recommendation regarding, among other things, whether the more than $75,000,000 in attorneys' fees, expenses, and payments to class representatives awarded by the court should be reduced and redistributed to class members.

After a hearing on November 2, 2016, the court approved a $300,000,000 settlement in this class action in which it was alleged that defendant State Street Bank and

Trust overcharged its customers in connection with certain foreign exchange transactions. The court also awarded the attorneys for the class ("Class Counsel") more than $75,000,000 in attorneys' fees and expenses. In addition, the court made awards of $10,000 or $25,000 to each of the seven class representatives. The court evaluated the reasonableness of the more than $75,000,000 award to Class Counsel by comparing it to what they represented to be the reasonable number of hours the attorneys worked multiplied by what Class Counsel represented to be the actual customary and reasonable hourly billing rate for each attorney. Class Counsel stated that: this figure, or "lodestar," was in excess of $41,000,000; that more than $75,000,000, therefore, was 1.8 times this "lodestar;" and that a 1.8 "multiplier" was reasonable in view of the risks they took in representing the class in this case.

On November 10, 2016, Lead Counsel for the class, Labaton Sucharow LLP ("Labaton"), filed a letter informing the court that, as a result of a media inquiry, Labaton, The Thornton Law Firm LLP ("Thornton"), and Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff") discovered that they had inadvertently inflated the number of hours worked on this case by more than 9,300, inflating the "lodestar" the court had relied upon by more than $4,000,000. Labaton stated that the award of attorneys' fees and expenses of more than $75,000,000, representing a "multiplier" of 2.0 of the "lodestar," nevertheless remained reasonable and should not be reduced.

On December 17, 2016, The Boston Globe published an article that, among other things, raised questions concerning the accuracy of the representations that certain attorneys working for Labaton, Thornton, and Lieff had

2

customary and reasonable hourly billing rates of $350 to $450 an hour, or whether the actual or reasonable hourly rates for their services was much lower. In addition, the article raised questions concerning whether the hours reportedly worked by attorneys employed by Labaton, Thornton, and Lieff were actually all worked.

After providing the parties notice and conducting a hearing on March 6, 2017, the court appointed Retired Senior United States District Judge Gerald Rosen as a Special Master to investigate and submit a report and recommendation addressing, at least: (a) the accuracy and reliability of the representations made in the requests for awards of attorneys' fees, expenses, and payments to the class representatives for their services; (b) the reasonableness of those awards and whether they should be reduced; and (c) whether any misconduct occurred in connection with seeking those awards.

The cost of the Special Master, and those employeds to assist him, will be paid from the fees previously awarded to some or all of the Class Counsel. As ordered by the court, Labaton has returned to the District Court $2,000,000, from the portion of the award distributed to Labaton, Thornton, and Lieff, for this purpose and may be ordered to return more.

The proceedings concerning the re-opened issues of the amount of reasonable attorneys' fees, expenses, and awards to class representatives will not delay or diminish the initial distributions to class members from the settlement fund. Class Counsel assert that the representations made in their requests were reliable and the awards made were reasonable. Therefore, they oppose any reduction of the awards of more than $75,000,000 in attorneys' fees, expenses, and payments to the class representatives previously ordered.

3

However, if, after the Special Master issues his report and recommendation, any or all of those awards are reduced, an additional distribution may be made to class members.

The Special Master has been directed to attempt to submit his report and recommendation to the court by October 10, 2017. Class members will be provided notice of the report and recommendation, and an opportunity to be heard on whether the court should adopt the Special Master's recommendations.

All orders and substantive submissions to ~~the court or~~ the Special Master, and all judicial filings concerning these proceedings, will be made part of the District Court record in these cases. ~~and~~ They will also be available to class members on the class website, www.statestreetindirectfxclasssettlement.com, and at www.labaton.com.

Class members may contact Labaton, as Lead Counsel for the class, by calling (888) 219-6877 or emailing settlementquestions@labaton.com. Class members may contact counsel to the Special Master, William Sinnott, Esq., by calling (617) 720-5090 or emailing wsinnott@dbslawfirm.com.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.

Dated: March 31, 2017

_____
UNITED STATES DISTRICT JUDGE