**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
ASSENTED-TO MOTION FOR AUTHORIZATION TO DISTRIBUTE TO
<u>ELIGIBLE REGISTERED INVESTMENT COMPANY CLASS MEMBERS</u>**

## TABLE OF CONTENTS

Page

I.    BACKGROUND ON THE CLASS SETTLEMENT ......................................................... 1

II.   OVERVIEW OF THE PLAN OF ALLOCATION ............................................................ 3

III.  DISTRIBUTION TO RIC CLASS MEMBERS ................................................................ 5

IV.   FEES AND EXPENSES OF CLAIMS ADMINISTRATOR ........................................... 7

V.    CONCLUSION .................................................................................................................. 8

Plaintiffs,[1] by and through the undersigned counsel, respectfully submit this memorandum of law in support of their assented-to motion for an Order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, authorizing the proposed distribution of proceeds from the Settlement in the above-captioned actions ("Class Settlement or "Settlement") to eligible Settlement Class Members ("Class Members") that are Registered Investment Companies ("RICs").

A distribution at this time to eligible Class Members that are RICs will satisfy a key requirement of the settlement between Defendant State Street Bank and Trust Company ("SSBT") and the U.S. Securities and Exchange Commission (the "SEC"). As described further in Part II below, Plaintiffs will request distributions to all other eligible Class Members when the process of evaluating the recoveries of Class Members that are "Group Trusts" is completed by A.B. Data Ltd., the Court-authorized settlement and claims administrator.

Plaintiffs have filed this motion pursuant to the terms of the Settlement. First, the Settlement Agreement contemplates that distributions would be staggered, with a distribution to RIC Class Members occurring before distributions to other constituencies of the Settlement Class. *See* Settlement Agmt. ¶ 36. Second, the Settlement Agreement contemplates that the distribution to RIC Class Members would occur within one (1) year of the Judgment becoming Final; that is, on or before December 2, 2017. *See* Settlement Agmt. ¶ 1(*l*).

## I.  BACKGROUND ON THE CLASS SETTLEMENT

Plaintiffs, on behalf of themselves and the Settlement Class, and SSBT (together, the "Parties") entered into the Settlement Agreement wherein the Parties agreed that in exchange for

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement," ECF No. 89), or the Court-approved Plan of Allocation.

$300,000,000 in cash (the "Class Settlement Amount"), there would be a full and complete settlement of all Released Class Claims against the Defendants.

By its Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated August 11, 2016 (the "Preliminary Approval Order," ECF No. 97), the Court preliminarily certified, solely for purposes of effectuating the Settlement, a class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of all custody and trust customers of State Street Bank and Trust Company (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive (the "Class Period"), and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive.[2]  *See* Settlement Agmt. ¶ 1(hhh).

By the Preliminary Approval Order, the Court also directed, among other things, that the Notice be mailed to all Class Members who could be identified through reasonable effort.  The Court also approved the retention of A.B. Data to facilitate notice, to administer the Settlement, and to effectuate distribution of the settlement proceeds.  ECF No. 97, ¶ 8.

The Notice advised Class Members about the Settlement and their rights and options in connection therewith, including the rights to object or seek exclusion.  The Notice also informed Class Members that there would be no claims process and that payments would be made to them

---

[2] The Settlement Class does not include Defendants; the California Public Employees' Retirement System (CalPERS), the California State Teachers' Retirement System (CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or entity in their capacities as such.  *See* Settlement Agmt. ¶ 1 (hhh).


pursuant to the Plan of Allocation, which was described in full in the Notice. *See* Exhibit A to Exhibit 1 annexed to accompanying supporting Declaration of Eric J. Miller on Behalf of A.B. Data, Ltd. in Support of Motion for Authorization to Distribute to Eligible Registered Investment Company Class Members ("A.B. Data Decl.").

On November 2, 2016, following a hearing, the Court issued an Order and Final Judgment approving the Settlement as fair, reasonable, and adequate ("Judgment," ECF No. 110); an Order Approving Plan of Allocation, approving the plan for allocating the net settlement proceeds among eligible Class Members ("Plan of Allocation Order," ECF No. 112); and an Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs ("Fee Order," ECF No. 111).[3] The Settlement became effective on December 7, 2016. *See* Settlement Agmt. ¶ 55.

## II. OVERVIEW OF THE PLAN OF ALLOCATION

The Net Class Settlement Fund, which consists of $300 million plus any accrued interest, and minus all costs and expenses incurred with respect to the fund, including Taxes and Tax Expenses, Notice and Administration Expenses, attorneys' fees, Litigation Expenses, and Service Awards, will be distributed to eligible Class Members according to the Court-approved Plan of Allocation. *See* Settlement Agmt. ¶ 1(kk).

The Net Class Settlement Fund will be allocated among three groups: (A) ERISA Plans and those Group Trusts that are shown to have ERISA Volume, which will share the ERISA Settlement Allocation; (B) Registered Investment Companies (RICs), which will share the RIC

---

[3] On March 8, 2017, the Court appointed a Special Master to investigate and submit a Report and Recommendation concerning issues that emerged concerning the awards made in the Fee Order. *See* Mem. & Order, ECF No. 173. The Special Master will submit his Report and Recommendation to the Court under seal on December 15, 2017. *See* Oct. 2, 2017 Order, ECF No. 207; Oct. 24, 2017 Order, ECF No. 208. The work and findings of the Special Master will have no impact on the finality of the Judgment or Plan of Allocation Order, nor the proposed distribution that is the subject of this motion.

Settlement Allocation; and (C) Class members that are non-ERISA public pension funds, private entities, and other customers, including Group Trusts that are not shown to have ERISA Volume (*i.e.*, Public and Other), which will share the Public and Other Settlement Allocation.  Each Class Member's Recognized Claim will also depend upon its Indirect FX Trading Volume during the Class Period, and how its volume compares to that of other Class Members.  *See* Notice, A.B. Decl. Ex. 1 at Ex. A, pp. 8-12.

A.B. Data will divide each Class Member's total Indirect FX Trading Volume during the Class Period into three parts: (i) Registered Investment Company Indirect FX Trading Volume during the Class Period ("RIC Volume"); (ii) ERISA Plan Indirect FX Trading Volume during the Class Period ("ERISA Volume"); and (iii) their remaining Indirect FX Trading Volume during the Class Period ("Public and Other Volume").  *See id.* at 10.  To facilitate the calculations under the Plan of Allocation, SSBT provided A.B. Data with (1) the total Indirect FX Trading Volume for each Class Member during the Class Period; and (2) information concerning whether each Class Member was an ERISA Plan, RIC, Group Trust, or not during the Class Period.  *See* A.B. Data Decl. ¶ 3.

Class Members identified as Group Trusts were asked to provide certifications to A.B. Data in order to identify their ERISA Volume and Public and Other Volume—they may have both types of volume or only one.  The certifications were to report the average proportion of the Group Trust's SSBT custodied assets that were held by ERISA Plans during the Class Period and/or the average volume of Indirect FX Trades made by ERISA Plans during the Class Period. *See* A.B. Data Decl. ¶ 13.  To the extent Group Trusts have ERISA Volume, they will share in the ERISA Settlement Allocation.  To the extent Group Trusts have Public and Other Volume, they will share in the Public and Other Settlement Allocation.  *See* A.B. Data Decl. ¶ 13.

4

A.B. Data has processed all certifications received and categorized the Indirect FX Trading Volume accordingly. Because, among other considerations, a number of Group Trusts did not submit certifications, Lead Counsel and A.B. Data believe it would be premature to conduct a distribution to Class Members other than RICs at this time. *See* A.B. Data Decl. ¶ 14. Once additional efforts to quantify the Indirect FX Trading Volume of Group Trusts as ERISA Volume or Public and Other Volume are completed, Lead Counsel will move for authorization to distribute to all other eligible Class Members.

A.B. Data has identified all RIC Class Members and calculated their Recognized Claims pursuant to the Plan of Allocation, using information about each Class Member's Indirect FX Trading Volume during the Class Period and about each Class Member's classification as an ERISA Plan, Group Trust, RIC, or Public and Other. *See* A.B. Data Decl. ¶¶ 15-20, Exs. 4 and 5. All of the RIC Class Members have been informed of the amounts of their RIC Recognized Claims and none are disputing A.B. Data's determinations. *See* A.B. Data Decl. ¶ 18.

### III. DISTRIBUTION TO RIC CLASS MEMBERS

The Effective Date for the Settlement has occurred and the Plan of Allocation Order is Final. As set forth in the A.B. Data Declaration, the RIC Settlement Allocation is ready to be distributed to RIC Class Members. Therefore, Lead Counsel respectfully seeks an Order that will approve the proposed plan for distributing the RIC Settlement Allocation as set forth in the A.B. Data Declaration and below (the "RIC Distribution Plan"). A.B. Data will conduct the RIC Initial Distribution as follows:

A.B. Data will consult with Lead Counsel concerning the Court's Distribution Order. A.B. Data will confirm each RIC Class Member's *pro rata* share of the RIC Settlement Allocation, which totals $104,128,536.78 assuming the Court approves payment of A.B. Data's estimate to complete the RIC distributions. A.B. Data Decl. ¶¶ 16, 23(b).

A.B. Data will, pursuant to the Plan of Allocation, exclude from the distribution any RIC Class Member whose *pro rata* share calculates to less than $10.00. A.B. Data will then recalculate the *pro rata* share of the RIC Settlement Allocation for eligible RIC Class Members who would have received $10.00 or more. This *pro rata* share is the Class Member's "RIC Distribution Amount." A.B. Data Decl. ¶ 23(b).

A.B. Data recommends the establishment of a reserve to allow for any necessary adjustments in payments upon sufficient proof, to allow for any adjustments to the Plan of Allocation at the conclusion of the Group Trust certification process, and/or to pay additional Taxes, Tax Expenses, costs, and administration fees. Based on A.B. Data's experience with class action settlements, in similarly sized settlements reserves are commonly used and an additional distribution of remaining funds due to uncashed and returned checks is a virtual certainty. Consequently, establishing a reserve here will not add to the overall administration costs.

The reserve is structured so that an amount not less than the Registered Investment Company Minimum Distribution of $92,369,416.51—as required by SSBT's settlement with the SEC—will be distributed now. A.B. Data Decl. ¶ 23(a). A.B. Data will distribute to eligible RIC Class Members 90% of their RIC Distribution Amounts (*i.e.*, $93,715,683.00), with the remaining aggregate 10% (*i.e.*, $10,412,853.00) to be set aside and held in reserve (the "Reserve") to address any contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in subsequent distributions as described below. A.B. Data Decl. ¶ 23(b)(v)-(vi).

A.B. Data will make reasonable and diligent efforts to have RIC Class Members cash their RIC Initial Distribution checks. A.B. Data Decl. ¶ 23(b)(x). Consistent with the Plan of

Allocation, any portion of the RIC Settlement Allocation remaining at least six (6) months following the RIC Initial Distribution (including from the Reserve and the funds for all void stale-dated checks), after deducting A.B. Data's estimated costs of conducting such re-distribution, any Taxes or Tax Expenses owed, the costs of preparing appropriate tax returns, and any escrow fees, may be redistributed to RIC Class Members that cashed their RIC Initial Distribution check (the "Second RIC Distribution"). Additional re-distributions, after deduction of A.B. Data's fees and costs, any Taxes or Tax Expenses owed, the costs of preparing appropriate tax returns, and any escrow fees, may occur thereafter until it would not be economically feasible to continue. A.B. Data Decl. ¶ 24.

Once it is determined that further re-distribution of any balance remaining is no longer economically feasible, Lead Counsel will seek an order from the Court concerning the contribution of the remaining funds to one or more nonsectarian, not-for-profit, 501(c)(3) organizations serving the public interest that are independent of Plaintiffs' Counsel. A.B. Data Decl. ¶ 25.

## IV. FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

A.B. Data has been responsible for mailing and publishing notice to the Settlement Class, creating and maintaining a settlement website and toll-free telephone helpline, processing Group Trust certifications, corresponding with Class Members, and calculating claims.

Pursuant to the Settlement Agreement, A.B. Data has received payments to date totaling $101,237.16 for this work. A.B. Data Decl. ¶ 21. A.B. Data estimates that it will incur costs and fees totaling $49,673.00 in connection with conducting distributions to eligible RIC Class Members. A.B. Data Decl. Ex. 6 (estimate of the administration fees and expenses to be incurred in connection with the RIC distributions). If the estimate to conduct the RIC distributions is greater than the actual costs, A.B. Data will refund the difference.

By this motion, A.B. Data respectfully requests payment of this $49,673.00 estimate to conduct the RIC distributions.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court allow this motion in its entirety, and issue the proposed Order Authorizing Distribution to RIC Class Members submitted herewith.

Dated:  November 2, 2017                                  Respectfully submitted,

                                                          LABATON SUCHAROW LLP

                                                  By:     */s/ David J. Goldsmith*
                                                          Lawrence A. Sucharow *(pro hac vice)*
                                                          David J. Goldsmith *(pro hac vice)*
                                                          Michael H. Rogers *(pro hac vice)*
                                                          Nicole M. Zeiss *(pro hac vice)*
                                                          140 Broadway
                                                          New York, New York  10005
                                                          Tel:  (212) 907-0700
                                                          Fax:  (212) 818-0477

                                                          *Lead Counsel for Plaintiff*
                                                          *Arkansas Teacher Retirement*
                                                          *System and the Settlement Class*

                                                          Michael P. Thornton (BBO #497390)
                                                          Garrett J. Bradley (BBO #629240)
                                                          Michael A. Lesser (BBO #631128)
                                                          THORNTON LAW FIRM LLP
                                                          100 Summer Street, 30th Floor
                                                          Boston, Massachusetts  02110
                                                          Tel:  (617) 720-1333
                                                          Fax:  (617) 720-2445

                                                          *Liaison Counsel for ARTRS*
                                                          *and the Settlement Class*

9

                    Daniel P. Chiplock (*pro hac vice*)
                    LIEFF CABRASER HEIMANN
                      & BERNSTEIN, LLP
                    250 Hudson Street, 8th Floor
                    New York, New York  10013
                    Tel:  (212) 355-9500
                    Fax:  (212) 355-9592

                    Robert L. Lieff (*pro hac vice*)
                    275 Battery Street, 29th Floor
                    San Francisco, California  94111
                    Tel:  (415) 956-1000
                    Fax:  (415) 956-1008

*Additional Counsel for ARTRS and the Settlement Class*