## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>      Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>      Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>      Defendant. | No. 12-cv-11698 MLW |

**CUSTOMER CLASS COUNSELS' MOTION FOR CLARIFICATION OR MODIFICATION OF THE COURT'S MARCH 8, 2017 AND MARCH 1, 2018 ORDERS TO ELIMINATE THE REQUIREMENT FOR THE MASTER TO FILE ALL DOCUMENTS PRODUCED IN DISCOVERY <u>WITH THE COURT</u>**

Labaton Sucharow LLP ("Labaton"), Lieff Cabraser Heimann & Bernstein LLP ("Lieff"), and the Thornton Law Firm ("TLF") (collectively, "Customer Class Counsel") respectfully move for clarification or modification of the scope of the record to be filed in this case. The Special Master, in his Motion to Seal Final Report and Recommendations filed on May 14, 2018, indicates an intention to file "the complete record of evidence compiled in this case," apparently including tens of thousands of pages of documents produced in discovery. As described below, Customer Class Counsel move for a clarification or modification of the Court's March 8, 2017 Order (Docket No. 173 at ¶ 11), as reiterated in the Court's March 1, 2018 Order (Docket No. 216 at p. 2), to limit the filing of the documents produced in discovery to that which would traditionally be part of a judicial record, i.e., (a) the exhibits to the Special Master's Report, (b) such additional documents as the Master may wish to add, (c) such additional documents as any party feels is appropriate in the *de novo* review period, and (d) any other documents the Court requests.

As grounds for this Motion, Customer Class Counsel respectfully say:

1.      On March 1, 2018, the Court confirmed that, in addition to the Master's Report and Recommendation, "[t]he complete record of the evidence concerning the Master's recommended findings of fact and conclusions of law must also be filed. See Mar. 8, 2017 Memorandum and Order (Docket No. 173), ¶ 11." Docket No. 216 at 2. The filing of the record, like that of the Report and Recommendation, was directed to be under seal. *Id*.

2.      Because the Master's mandate was to "investigate and prepare a Report and Recommendation concerning all issues relating to the attorneys' fees, expenses, and service awards previously made in this case," (Docket No. 173 at ¶ 2), the "record" as referenced above has been interpreted by the Master as including the voluminous documents produced pursuant to

2

the Master's two-phase requests for production of documents. The production by the three Customer Class Counsel firms in the first phase of the production included over 176,000 pages. The production in the second phase included more than 58,000 pages. A substantial portion of these tens of thousands of pages is highly unlikely to be of significance to the Court's *de novo* review of the Master's Report and Recommendation, including background documents pertaining to general operations,[1] some of which are proprietary to the firms.[2] Among the documents requested and produced were also materials containing personal information of individuals,[3] attorney/client privileged documents in non-ATRS matters,[4] and materials proprietary to the operation of the individual law firms.[5] Each Customer Class Counsel firm would be required to expend substantial time internally, and to bear substantial outside legal fees or in Lieff's case lost opportunity costs,[6] determining what pages the firm should ask the Court to redact or keep under seal. In addition, the review of redaction requests pertaining to a universe of more than 234,000 pages would require the Court to expend an extraordinary level of resources and could require the Court to "scrutinize carefully public claims of access," *see Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986), in circumstances where the documents are not traditionally part of the judicial record.

---

[1] For example, all "invoices, and/or other records" relied upon in preparing Labaton's Fee Petition. Special Master Honorable Gerald E. Rosen's (Ret.) First Request for the Production of Documents to Labaton Sucharow LLP at ¶ 40.

[2] For example, "[t]he Catalyst and Relativity document databases created or used in the SST Litigation, as annotated, compiled and used in the course of the litigation and/or document review, including instructions, software, and anything else necessary to access and analyze the data therein." *Id*. at ¶ 1.

[3] For example, W-2s and 1099s for the staff attorneys assigned to the State Street litigation. *Id*. at ¶ 17.

[4] For example, "[a]ll engagement letters, fee agreements, retention letters, RFPs, and/or other documents referring to, relating to, or evidencing terms and/or hourly rates associated with the Law Firm's representation" of both hourly and non-hourly clients. *Id.* at ¶ 5, 6.

[5] For example, "[a]ll minutes, notes, recordings, memoranda or other documents relating to or created by the Law Firm's Rate Sub-Committee during meetings to determine annual billing rates." *Id.* at ¶ 11.

[6] Richard Heimann, Lieff's internal general counsel, represents Lieff in these proceedings. Labaton and TLF are each represented by outside counsel.

3.     Indeed, requiring the filing in Court of the documents produced in discovery runs the significant risk of converting materials that are *not* typically part of the judicial record into such.  The United States Court of Appeals for the First Circuit has explained that "the courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers."  *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013); *see also, e.g.*, *Anderson*, 805 F.2d at 13 (holding that there is no common law right to inspect discovery documents because "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process.").

4.     The discovery in the proceedings before the Master, as well as the proceedings themselves before the Master, were subject to a Limited Protective Order.  That Order expressly provided that "[i]n order to permit full and expeditious production of documents requested by the Special Master in the proceedings before him," neither attorney/client privilege nor the work product doctrine would be waived by production, and "[d]ocuments and information produced in these proceedings may be used only in connection with these proceedings, and may not be otherwise used or disseminated."  Docket No. 191 at ¶¶ 1-2.  In addition, in order to permit efficient evidentiary proceedings, the Limited Protective Order included provisions that "such proceedings shall be private" and transcripts or excerpts were only to be filed after Customer Class Counsel were afforded the opportunity to request that the filing be under seal.  *Id*. at ¶ 4. Hence, no expectation of public access existed during any phase of the Master's proceedings.

5.     Customer Class Counsel therefore respectfully request modification of the Court's March 8, 2017 Order, (Docket No. 173 at ¶ 11), as reiterated in the Court's March 1, 2018 Order

(Docket No. 216 at p. 2), to limit the filing of the documents produced in discovery to (a) the exhibits to the Special Master's Report, (b) such additional documents as the Master may wish to add, (c) such additional documents as any party wishes to file in the *de novo* review period, and (d) any other documents that the Court requests.

## Local Rule 7.1 Certification

Customer Class Counsel certify that there are no opposing counsel in these proceedings. As a courtesy, copies have been electronically provided to the Master's counsel William Sinnott, Esq. and his colleague Elizabeth McEvoy, Esq.

Dated: May 15, 2018                                  Respectfully submitted,


By: */s/ Joan A. Lukey*
    Joan A. Lukey (BBO No. 307340)
    Justin J. Wolosz (BBO No. 643543)
    Stuart M. Glass (BBO No. 641466)
    CHOATE, HALL & STEWART LLP
    Two International Place
    Boston, MA 02110
    Tel.: (617) 248-5000
    Fax: (617) 248-4000
    joan.lukey@choate.com
    jwolosz@choate.com
    sglass@choate.com

    *Counsel for Labaton Sucharow LLP*


By: */s/ Richard M. Heimann*
    Richard M. Heimann (*pro hac vice*)
    Lieff Cabraser Heimann & Bernstein, LLP
    275 Battery Street, 29th Floor
    San Francisco, CA 94111
    Tel: (415) 956-1000
    Fax: (415) 956-1008
    rheimann@lchb.com

    *Attorney for Lieff Cabraser Heimann & Bernstein, LLP*

By: /s/ Brian T. Kelly
Brian T. Kelly, Esq. (BBO No. 549566)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Tel.: (617) 345-1000
Fax: (617) 345-1300
bkelly@nixonpeabody.com

*Counsel for The Thornton Law Firm LLP*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record on May 15, 2018.

*/s/ Justin J. Wolosz*
Justin J. Wolosz