## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>          Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>          Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>          Defendant. | No. 12-cv-11698 MLW |

## CUSTOMER CLASS COUNSELS' EMERGENCY OBJECTION TO ORDER THAT SEALED REPORT AND RECOMMENDATION AND RELATED DOCUMENTS BE PROVIDED IN UNREDACTED FORM TO <u>STATE STREET</u>

Labaton Sucharow LLP ("Labaton"), Lieff Cabraser Heimann & Bernstein LLP ("Lieff"), and the Thornton Law Firm ("Thornton") (collectively, "Customer Class Counsel"), respectfully object on an emergency basis to the Order of this Court (the "State Street Order," ECF No. 225) entered this morning at approximately 10:37 AM, which directs counsel for the Special Master to provide a copy of the Master's Report and Recommendation, Executive Summary, and exhibits referenced therein, to Defendant State Street Bank and Trust Company ("State Street").   As grounds for this emergency objection, Customer Class Counsel state as follows:

1.      On March 14, 2018, the Special Master filed under seal his Report and Recommendation in this matter, as well as an Executive Summary, and referenced exhibits.   In total these materials constitute approximately 10,000 pages, including 62 complete deposition transcripts (which are in minuscript form, and thus contain four transcript pages on each page).

2.      The voluminous Report and Recommendation and related materials contain, among other things, documents and deposition testimony that is protected from disclosure by the attorney-client privilege and the work product doctrine, and information that is highly confidential.

3.      The parties produced the materials and provided the testimony to the Special Master that is quoted or attached in his Report and Recommendation pursuant to a Limited Protective Order of the Special Master Relating to Attorney/Client Privileged and Work Product Documents and Information Being Provided to the Special Master (the "Limited Protective Order," ECF No. 191).   The Limited Protective Order provides that, in order to permit full and expeditious proceedings before the Special Master, the production of documents to the Special Master would not constitute a waiver of the attorney/client privilege, the work product doctrine,

or any other privilege or protection.  *Id.* ¶ 1.  The order also provides that deposition testimony would remain private, and would not be filed in Court until the parties have the opportunity to request the filing of the transcripts or other portions of the record under seal, and such requests have been adjudicated.  *Id.* ¶ 4.

4.     On October 24, 2017, the Court modified the procedure set forth in the Limited Protective Order by ordering that the Special Master shall file his Report and Recommendation and related materials under seal, after which the parties will have the opportunity to propose redactions before the materials are made public.  ECF No. 208 at 3.

5.     On May 16, 2018, the Court set the schedule for the parties to propose redactions to the Special Master's Report and Recommendation, Exhibits, and Executive Summary.  The deadline for the parties to make such proposals is Thursday, May 31.

6.     This morning, the Court issued the State Street Order.  The State Street Order requires counsel to the Special Master to provide an un-redacted copy of the Report and Recommendation, Exhibits, and Executive Summary to State Street, so that State Street can also review the materials and propose redactions by Thursday, May 31.

7.     Neither State Street nor its counsel is referenced or, it appears, covered by the Limited Protective Order.  Rather, the Limited Protective Order was issued at the request of Plaintiffs' Counsel, who then participated in the proceedings before the Special Master by (among other things) producing documents, providing deposition testimony, and providing argument regarding those materials.  State Street did not participate in those proceedings, through counsel or otherwise.

8.     Customer Class Counsel thus object to the State Street Order inasmuch as it requires that the approximately 10,000 pages currently filed under seal, which contain privileged

and confidential materials of the Plaintiffs, be provided for the first time to Plaintiffs' adversary, State Street.  Neither the Plaintiffs nor their counsel have waived the privileges or protections that they have with respect to these documents or this testimony, nor can they waive privilege belonging to their clients.  Accordingly, State Street should only be permitted to review the Report and Recommendation, Executive Summary, and exhibits *after* Plaintiffs have applied the redactions that they will ask the Court to make pursuant to the process that the Court has outlined, whereafter State Street's counsel will require adequate time to perform its own privilege review to ensure that their client's privilege is protected.

WHEREFORE, Customer Class Counsel object on an emergency basis to the State Street Order and request that the Court modify the Order to provide that State Street may only view the Report and Recommendation, Executive Summary, and exhibits after Customer Class Counsel have redacted same, and that Customer Class Counsel and State Street's counsel be permitted to agree on a schedule that allows the existing May 31 deadline to be met, or permits them to request jointly any necessary adjustment to that deadline.

### Rule 7.1 Certification

Undersigned counsel consulted with counsel for State Street, and they do not oppose this request.

Dated:  May 17, 2018                              Respectfully submitted,


                                   By: */s/ Joan A. Lukey*
                                        Joan A. Lukey (BBO No. 307340)
                                        Justin J. Wolosz (BBO No. 643543)
                                        Stuart M. Glass (BBO No. 641466)
                                        CHOATE, HALL & STEWART LLP
                                        Two International Place
                                        Boston, MA 02110
                                        Tel.: (617) 248-5000
                                        Fax: (617) 248-4000

                                        *Counsel for Labaton Sucharow LLP*




                                   By: */s/ Richard M. Heimann*
                                        Richard M. Heimann (*pro hac vice*)
                                        Lieff Cabraser Heimann & Bernstein, LLP
                                        275 Battery Street, 29th Floor
                                        San Francisco, CA  94111
                                        Tel: (415) 956-1000
                                        Fax: (415) 956-1008
                                        rheimann@lchb.com

                                        *Attorney for Lieff Cabraser Heimann &*
                                        *Bernstein, LLP*




                                   By: */s/ Brian T. Kelly*
                                        Brian T. Kelly, Esq. (BBO No. 549566)
                                        Nixon Peabody LLP
                                        100 Summer Street
                                        Boston, MA 02110
                                        Tel.: (617) 345-1000
                                        Fax: (617) 345-1300
                                        bkelly@nixonpeabody.com

                                        *Counsel for The Thornton Law Firm LLP*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record on May 17, 2018.

/s/ Joan A. Lukey
Joan A. Lukey

8667527v1