**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**MOVING PARTIES' MOTION TO SET REVISED SCHEDULE FOR REQUESTED REDACTIONS AND THE UNSEALING OF THE SPECIAL MASTER'S REPORT AND RECOMMENDATION**

Counsel for all parties to this action have conferred, as directed by the Court in its Order following Customer Class Counsels' Emergency Objection to Order that Sealed Report and Recommendation and Related Documents be Provided in Unredacted Form to State Street (ECF No. 228). The Moving Parties[1] now jointly request that the Court (1) adjust the schedule for submissions of requests for redaction, in order to provide a brief additional period (eleven days) for counsel to make such submissions, and build in a process that would allow State Street's counsel to review the materials simultaneously on an attorneys' eyes only basis and to request redactions if necessary; (2) confirm that the Court will hold a closed hearing on the parties' requested redactions before ruling on same; and (3) clarify and, if necessary and appropriate, modify the timing for the release of the redacted Master's Report and Recommendations, Executive Summary, and related exhibits (hereafter the "Master's Report"), as set forth more fully herein.

In support of this motion, the Moving Parties say the following.

1. On March 8, 2017, the Court appointed Retired United States District Judge Gerald Rosen as a Master to investigate, prepare, and submit a Report and Recommendation concerning issues relating to the award of attorneys' fees in this case. March 8, 2017 Order (ECF No. 173).

2. On October 24, 2017, the Court modified its March 8, 2017 Order to provide that "the Master shall file his Report and Recommendation with the court under seal; the court will

[1] "Moving Parties" refers to those law firms whose signature blocks appear below, and consist of Labaton Sucharow LLP ("Labaton"), Lieff Cabraser Heimann and Bernstein, LLP ("Lieff"), the Thornton Law Firm LLP ("Thornton"), Keller Rohrback L.L.P., and Zucker Spaeder LLP. The positions of State Street Bank and Trust Company ("State Street"), McTigue Law LLP ("McTigue Law"), and the Special Master, are set forth in footnotes placed within the relevant sections below.

provide the Report and Recommendation to the parties, under seal; and the court will establish schedules for proposed redactions and objections." October 24, 2017 Order (ECF No. 208), at 3.

3. On March 1, 2018, the Court ordered that the record (the "Record"), like the Master's Report, be submitted to the Court under seal to allow the parties to propose appropriate redactions before a version of the record is made part of the public record. March 1, 2018 Order (ECF No. 217), at 2.[2]

4. On March 14, 2018, the Special Master filed under seal his Report and Recommendations, accompanied by exhibits and an Executive Summary (i.e., the "Master's Report"). In total these materials constitute approximately 10,000 pages, including 62 complete deposition transcripts (which are in minuscript form, and thus contain four transcript pages on each page).

5. On May 16, 2018, the Court set the schedule for the parties to propose redactions to the Master's Report. *See* Memorandum and Order (the "Order Regarding Redactions"), ECF No. 223. The Order Regarding Redactions directs that the parties shall file, by May 31, 2018, "any motion for redactions, with documents reflecting the proposed redactions, and supporting affidavits and memoranda in the manner described in this Memorandum," for the entirety of the Master's 10,000 page submission. *Id.* at 5. The order directs the parties to file redacted versions of the Master's Report and Recommendations (*id.*), although there is some question among counsel as to whether the Court intended for redacted versions of the Master's Report to be filed publicly at that time, or only provided to the Court under seal.

---

[2] On May 15, 2018, Labaton, Lieff and Thornton (collectively, "Customer Class Counsel") filed a motion asking that the Court clarify whether the entire record should be filed. *See* Customer Class Counsels' Motion for Clarification or Modification of the Court's March 8, 2017 and March 1, 2018 Orders to Eliminate the Requirement for the Master to File All Documents Produced in Discovery With the Court (ECF No. 222).

6. On May 17, 2018, the Court ordered that the unredacted Master's Report be provided to State Street, so that State Street also may have the opportunity to request appropriate redactions. May 17, 2018 Order (ECF No. 225). This prompted the objection from Customer Class Counsel referenced above, after which the Court temporarily vacated the order and directed the parties to confer and report back regarding, among other things, a mechanism "to address any concerns concerning confidentiality of information State Street submitted that it or its counsel may have." May 17, 2018 Order (ECF No. 228).

7. Counsel for all parties have now conferred, and the Moving Parties propose that the Court adjust the schedule for submissions and release of the redacted Master's Report as follows:

**Schedule for Submissions**

8. First, the Moving Parties respectfully request eleven additional days, until June 11, 2018, to submit their motions for redactions along with the necessary affidavits and legal support. Given the significant volume of the materials the Special Master has filed, which includes 62 complete deposition transcripts, counsel believe this brief, additional time is necessary so that they can make informed decisions about which matters they propose for redaction and can prepare and file the necessary submissions.[3]

9. Second, as the Court has noted, State Street should be afforded an opportunity to review the Master's Report and propose redactions as well. But, as pointed out in the Objection referenced above (ECF No. 227), Plaintiffs' counsel are concerned about a waiver of privilege should the materials be provided in unredacted form. In order to resolve this issue without unduly delaying the request for redaction process, the Moving Parties request that the Court

[3] State Street agrees with the relief requested. The Special Master and McTigue Law take no position.

order that the Master's Report be provided to counsel for State Street immediately on these terms: (1) the materials must be maintained by counsel for State Street on an attorneys' eyes only ("AEO") basis, such that only State Street's outside counsel from WilmerHale may review the unredacted documents, without sharing such documents or their contents with their client; and (2) the provision of these materials to WilmerHale shall not constitute a waiver of the attorney-client privilege, work product protection or any other privilege or protection.[4]

**Request for Hearing**

10. The Court's prior orders setting the schedule and process for requesting redactions and/or continued sealing of the Master's Report do not expressly provide for a hearing on the parties' requests. ECF 208, 217. The Moving Parties hereby seek clarification that the Court intends to, and will, hold a hearing or hearings on the redaction and sealing requests before the Court rules on the requests.

11. Because the presentations of counsel will relate to materials that are still under seal, the Moving Parties request that the hearing(s) be closed. Otherwise, it will not be feasible for counsel to argue without publicly disclosing materials that are at least temporarily sealed.[5]

**Release of the Redacted Report and Recommendation and Related Materials**

12. The Court's Order Regarding Redactions provides that, when counsel file (under seal) any motion for redactions, they must include "documents reflecting the proposed redactions." ECF No. 223 at p. 5, ¶2. The order also says that "redacted versions of these submissions shall be filed for the public record." *Id.*

[4] State Street agrees with the relief requested. The Special Master and McTigue Law have no objection.

[5] The Special Master and McTigue Law have no objection to this request, as long as any non-public hearing is limited to discussion of the proposed redactions, and reasons therefor, and does not involve substantive matters related to the Master's Report, which will be discussed at a later date. State Street agrees with the relief requested, and with the Special Master's interpretation of the relief requested.

13. The Moving Parties respectfully request clarification that, if any such filing is to occur at this time, it must be in the form of one consolidated redacted version including all parties' redactions, and clarification as to whether they are directed to file such a consolidated redacted version of the Master's Report on the public docket, or to do so under seal with the Court, on the same day that they file their requests for redactions. The Moving Parties request that any public filing be deferred at least until after the redactions are determined by the Court.[6]

14. The Moving Parties also respectfully request that the public filing of a redacted version of the Report and Recommendations occur (1) after the Court has ruled on the parties' objections to the Master's Report; or, at a minimum, (2) after the parties have filed their objections to the Master's Report. This process will result in a more orderly release of a single, redacted version of the report approved by the Court, rather than the release of a version with *requested* redactions that are subject to change by the Court. This process will also allow for a balanced release of information, such that the public will be aware of conflicting views of fact and law between and among the parties and the Special Master.[7]

---

[6] The Special Master and McTigue Law have no objection to seeking guidance from the Court on this issue. However, they do not believe redacted versions of the Report & Recommendations need be filed under seal. It is the Special Master's and McTigue Law's position that any information that is not redacted by the Court should be made available to the public.

If there will be a consolidated redacted version of the report and exhibits containing all suggested redactions of all parties, then State Street takes no position on when it is filed; if there will be multiple redacted versions of the report and exhibits submitted, then State Street's position is that the public should not see anything until the redactions are consolidated and finalized (or the public will end up seeing things that should be redacted but which are not redacted by all parties).

[7] The Special Master and McTigue Law oppose this request to the extent it requires withholding the fully-redacted Report and exhibits from the public for any period of time beyond that necessary to file on ECF. It is their position that the Court should follow the same procedure used for all other Court orders and decisions in this jurisdiction, and, as prescribed by the Court, file the redacted Report and exhibits on the docket after the issue of redactions has been settled. At that point, the parties will have the opportunity to publicly file their objections, also on the case docket, and advocate their positions. The Special Master and McTigue Law believe the Master's Report involves a matter of high public interest and do not support this request.

State Street takes no position on this request.

## Conclusion

15. Wherefore, the Moving Parties respectfully request that the Court adjust the timing for submissions regarding redaction/maintaining under seal, and order the following:

(a) The deadline for counsel to make the submissions set forth in the Court's Order Regarding Redactions, ECF No. 223, is extended to June 11, 2018;

(b) Counsel for the Special Master shall provide the Report and Recommendations, Executive Summary, and exhibits to counsel for State Street forthwith subject to these conditions: Counsel for State Street at WilmerHale shall maintain these materials on an "attorneys' eyes only" basis, and shall not share the documents or the contents thereof with their client. The provision of these documents shall not constitute a waiver of the attorney-client privilege, work product, or any other privilege or protection;

(c) Counsel shall not be required to file a public, redacted version of the Report and Recommendations, Executive Summary and exhibits with its request for redactions;

(d) The Court will hold a closed hearing on any requests for redactions that the parties file in accordance with the procedure outlined by the Court; and

(e) The Report and Recommendations, Executive Summary, and exhibits shall remain under seal until the Court rules on the parties' Objections thereto [or, until the parties file their Objections thereto].

WHEREFORE, the Moving Parties respectfully request that the Court grant the relief requested herein.

Dated: May 24, 2018

Respectfully submitted,

By: */s/ Joan A. Lukey*

Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
Stuart M. Glass (BBO No. 641466)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000

*Counsel for Labaton Sucharow LLP*

By: */s/ Richard M. Heimann*

Richard M. Heimann (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com

*Attorney for Lieff Cabraser Heimann & Bernstein, LLP*

By: */s/ Brian T. Kelly*

Brian T. Kelly, Esq. (BBO No. 549566)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel.: (617) 345-1000
Fax: (617) 345-1300
bkelly@nixonpeabody.com

*Counsel for The Thornton Law Firm LLP*

By: /s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko
KELLER ROHRBACK L.L.P.
1201 3rd Avenue, Suite 3200
Seattle, WA 98101
Telephone: 206-623-1900
Facsimile: 206-623-8986
lsarko@kellerrohrback.com

*Counsel for Plaintiffs James Pehoushek-Stangeland and the Andover Companies Employee Savings and Profit Sharing Plan*

By: /s/ Carl S. Kravitz
Carl S. Kravitz
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036-8106
Telephone: (202) 778-1800
Facsimile: (202) 822-8106
ckravitz@zuckerman.com

*Counsel for Arnold Henriquez, Michael T.Cohn, William R. Taylor and Richard ASutherland*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I hereby certify that I conferred with counsel for State Street, McTigue Law LLP, and counsel for the Special Master, and that their position is set forth in the footnotes to this motion.

May 24, 2018.

*/s/ Joan A. Lukey*
Joan A. Lukey

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record on May 24, 2018.

*/s/ Joan A. Lukey*
Joan A. Lukey