# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

**SPECIAL MASTER'S REPORT ON CUSTOMER CLASS COUNSELS' MOTION FOR CLARIFICATION OR MODIFICATION OF THE COURT'S MARCH 8, 2017 AND MARCH 1, 2018 ORDERS TO ELIMINATE THE REQUIREMENT FOR THE MASTER TO FILE ALL DOCUMENTS PRODUCED IN DISCOVERY WITH THE COURT**

Pursuant to the Court's May 17, 2018 Memorandum and Order (Dkt. # 226), the Special Master has conferred with Customer Class Counsel and files this motion to memorialize the Special Master's position on the above-captioned motion requesting a clarification, or in the alternative, a modification of the Court's clear mandate that the Special Master file with the Court the complete record of all evidence compiled in his investigation. As described in detail below, the Special Master is bound by the Court's orders entered to date in this case, as informed by Fed. R. Civ. P. 53, and, therefore, cannot -- and does not -- support Customer Class Counsels' request to modify the requirement that a complete record be filed in this case. This request directly contradicts the Court's clear direction to the parties on this issue.

The Court appointed the Special Master on March 8, 2017. The Court's Appointment Order entered that same day required the Special Master to, among other tasks, "make and preserve *a complete record* of the evidence concerning his recommended findings of fact and any conclusions of law." (emphasis added). 3/8/17 Order, p. 5. The Appointment Order authorized the Special Master to "compel, take, and record evidence," including requesting the "production of documents and other records from the parties and third-parties; [] responses to interrogatories, and other requests for information and admissions; [] depositions; and [] hearings." *Id*., pp. 3-4. This evidence comprises the "record" in this case.

The Appointment Order is unambiguous. It states that the Special Master shall create and preserve "a complete record of the evidence," and that the record must be filed with the Special Master's Report and Recommendations.[1] *Id*., p. 5. While the Special Master can move to file the record under seal, the Court maintains discretion whether to file a redacted version for the public.

---

[1] To promote efficiency of these proceedings, the Court has granted the Special Master several additional weeks to submit the complete record in this case. *See* 5/16/18 Memorandum and Order (Dkt. # 223), pg. 2, n.1. Thus, the record that the Customer Class Counsel seek to limit in the above-described motion has not yet been filed with the Court.

2

*Id*. There is no doubt that the record to be filed, and potentially redacted, is the "complete record" of evidence.

The Court's March 1, 2018 Order leaves no doubt that the Court intended for the Special Master to file a record of *all* evidence that informed his factual findings and conclusions of law set forth in the Report & Recommendations. The Order reaffirms that the "*complete record* of the evidence concerning the Master's recommended findings of fact and conclusions of law must also be filed" with the Court. (emphasis added). 3/1/18 Order, pg. 2. That the Court intended, and expected, this submission to encompass *all* documents collected by the Special Master – not simply those hand-selected by the parties – is evidenced by the Court's instruction to submit the record in "searchable electronic form" as well as in affording the parties an opportunity to propose redactions before making it a public record. This type of comprehensive record is, moreover, what the drafters of Fed. R. Civ. P. 53 – the rule enabling the Special Master's appointment – foreshadowed. *See* Fed. R. Civ. P. 53(b)(2)(C)(appointment order must state the "nature of the materials to be preserved and filed as the record of the master's activities"), 2003 Advisory Committee Notes ("A basic requirement [] is that the master must make and file a complete record of the evidence considered in making or recommending findings of fact on the basis of evidence.") The Special Master sees no need for clarification.

As to Customer Class Counsels' request to modify this mandate, the Special Master is bound by, and therefore, follows the Court's 3/8/17 Order, as reaffirmed in its 3/1/18 Order. Through those orders, the Court has directed the Special Master to file the complete record including all discovery received in this case. The Special Master will do so unless the Court directs it to do otherwise. The Customer Class Counsels' current attempt to modify those orders

must be taken up with the Court; and given his clear mandate, the Special Master cannot, and does not, support this or any request to restrict the record filed publicly in this case.

Dated: May 25, 2018

Respectfully submitted,

**FOR THE HONORABLE GERALD E. ROSEN (RETIRED), SPECIAL MASTER,**

By his attorneys,

 /s/  *William F. Sinnott*
William F. Sinnott (BBO #547423)
Elizabeth J. McEvoy (BBO #683191)
BARRETT & SINGAL, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092
Email: wsinnott@barrettsingal.com
Email: emcevoy@barrettsingal.com