**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**CUSTOMER CLASS COUNSELS' MOTION FOR LEAVE TO FILE MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OR MODIFICATION REGARDING THE FILING OF ALL DOCUMENTS <u>PRODUCED IN DISCOVERY WITH THE COURT</u>**

Pursuant to District of Massachusetts Local Rule 7.1(b)(3), Labaton Sucharow LLP ("Labaton"), Lieff Cabraser Heimann & Bernstein LLP ("Lieff"), and the Thornton Law Firm ("TLF") (collectively, "Customer Class Counsel") respectfully move for leave to file the Memorandum, attached hereto as Exhibit A, in further support of their Motion for Clarification or Modification of the Court's March 8, 2017 and March 1, 2018 Orders to Eliminate the Requirement for the Master To File All Documents Produced In Discovery With The Court ("Motion"), filed May 15, 2018 (ECF No. 222). In support of this motion for leave, Customer Class Counsel state as follows:

1.  In the Motion (ECF No. 222), Customer Class Counsel seek clarification or modification of the Court's March 8, 2017 Order (ECF No. 173 at ¶ 11), as reiterated in the Court's March 1, 2018 Order (ECF No. 216 at p. 2), to limit the filing of the documents produced in discovery before the Master to those which would traditionally be part of a judicial record, i.e., (a) the exhibits to the Master's Report and Recommendation, (b) such additional documents as the Master may wish to add, (c) such additional documents as any party believes to be appropriate in this *de novo* review period, and (d) any other documents the Court requests.

2.  Customer Class Counsel filed the Motion on May 15, 2018, after learning that the Master interpreted the Court's orders, referenced above, to require the filing of the entire discovery record generated in connection with the proceedings before the Master. That record includes over 234,000 pages of documents produced by Customer Class Counsel alone, in addition to many other categories of documents. Customer Class Counsel do not read the Court's orders as requiring that this full record be filed (if "filing" through the normal process is even possible for such a volume of materials). Moreover, filing of this entire discovery record would require counsel to go through the voluminous production, identify specific portions that

parties wish to be maintained under seal, and submit the requisite filings for each such request. Such a project on a body of documents consisting of hundreds of thousands of pages would be enormous, and would be extremely time-consuming and costly.

3.      On May 17, 2018, the Court issued a Memorandum and Order (ECF No. 226) requiring counsel to consult and report back with the position of the other parties, and the Master, with respect to the Motion.  In accordance with that mandate, counsel for Labaton conferred with (among others) counsel for the Master.  In a response sent late in the day on Tuesday, May 22, the Master's counsel (i) advised that the Master interprets the Court's orders as requiring the filing of the full discovery record, and (ii) went on to argue that such a filing is required under the applicable rules of civil procedure:

> The Special Master is bound by the Court's orders in this case, and, therefore, cannot support a position that conflicts with the mandate of the Court.  The Special Master, thus, defers to the Court's 3/8/17 Order (providing that "The Masters shall make and preserve a complete record of the evidence concerning his recommended findings of fact and any conclusions of law. Such record shall be filed with the Master's Report and Recommendation") and its 3/1/18 Order reaffirming that a full record is required ("The complete record of the evidence concerning the Master's recommended findings of fact and conclusion of law must also be filed.") See also Fed. R. Civ. P. 53(b)(2)(C) and 2003 Advisory Committee Notes ("A basic requirement [] is that the master must make and file a complete record of the evidence considered in making or recommending findings of fact on the basis of evidence.").

4.      The Court's May 17 Memorandum and Order (ECF No. 226) directed that if possible, the parties should put their respective views in one filing.  Accordingly, Customer Class Counsel quoted the Master's response in full when they filed a consolidated submission reporting the various parties' positions to the Court.  (ECF No. 230 at 2-3).

5.      A few hours after Customer Class Counsel filed the report ordered by the Court, which fully set forth all parties' positions (including that of the Master), the Master filed an additional, separate document that reiterated his position.  (ECF No. 231.)  Once again, the

Master's statements in this filing were not limited to setting forth his view that the Court's orders require him to file the full record; he also advocated in favor of a full filing, citing authority that he contends supports that position.

6. With all due respect to the Master, his position is not correct. The law does not mandate that the full record be filed, nor would such an unusual requirement be consistent with typical First Circuit practice. For this and other reasons, Customer Class Counsel respectfully request that they be permitted to file the brief memorandum of law in further support of their Motion, attached hereto as Exhibit A, to respond to the Master's position, and to offer further authority to demonstrate that the filing of hundreds of thousands of pages of a discovery record is not appropriate in these circumstances.

WHEREFORE, for the reasons set forth herein and pursuant to District of Massachusetts Local Rule 7.1(b)(3), Customer Class Counsel respectfully request that the Court grant leave to file the attached Memorandum in support of the above-referenced Motion.

Dated: May 25, 2018

Respectfully submitted,

By: */s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
Stuart M. Glass (BBO No. 641466)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
joan.lukey@choate.com
jwolosz@choate.com
sglass@choate.com

*Counsel for Labaton Sucharow LLP*

Case 1:11-cv-10230-MLW   Document 232   Filed 05/25/18   Page 5 of 6

By: */s/ Richard M. Heimann*
Richard M. Heimann (*pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Tel: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com

*Attorney for Lieff Cabraser Heimann & Bernstein, LLP*


By: */s/ Brian T. Kelly*
Brian T. Kelly, Esq. (BBO No. 549566)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Tel.: (617) 345-1000
Fax: (617) 345-1300
bkelly@nixonpeabody.com

*Counsel for The Thornton Law Firm LLP*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify, following conferral with counsel, that State Street, the Special Master, Keller Rohrback L.L.P., Zuckerman Zpaeder LLP, and McTigue Law LLP assent to the relief requested herein.

May 25, 2018.

*/s/ Justin J. Wolosz*
Justin J. Wolosz

4

5

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record on May 25, 2018.

>     /s/ Joan A. Lukey
>     Joan A. Lukey