**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**THORNTON LAW FIRM LLP'S MOTION**
**FOR SEALING OF WORK PRODUCT INFORMATION AND INFORMATION**
**GOVERNED BY THE COURT'S NOVEMBER 2012 PROTECTIVE ORDER**

The Thornton Law Firm LLP files this motion to seal information protected by the work product doctrine and by the Court's November 2012 Protective Order to be set forth in proposed redactions to the Special Master's Executive Summary, Report and Recommendation, and accompanying exhibits (collectively, the "Report and Exhibits").  Pursuant to the Court's May 31, 2018 Order, the Thornton Law Firm today files this motion to identify *categories* of information it anticipates redacting in the Report and Exhibits, and will file the actual proposed redactions on June 11, 2018.  In support of this motion, the Thornton Law Firm states as follows:

1. On March 8, 2017, the Court issued a Memorandum and Order appointing the Hon. Gerald Rosen as Special Master to investigate and submit a Report and Recommendation regarding the award of attorneys' fees, expenses, and service awards in this action.  Pursuant to the Court's Memorandum and Order, the Special Master engaged in an extensive investigation, including the taking of more than 60 depositions and receiving over 200,000 pages of discovery.

2. On March 29, 2017, "[i]n order to permit full and expeditious production of documents requested by the Special Master" and "[i]n order to permit efficient evidentiary proceedings," the Special Master entered a Limited Protective Order stating that "the production to the Special Master and his agents of attorney/client privileged and documents protected by the work product doctrine (a) shall not constitute a specific or general waiver of either the attorney/client privilege or the work product doctrine; and (b) shall not waive any privilege or protection that attaches to the specific documents produced."  The Limited Protective Order also stated that plaintiffs' counsel would be provided the opportunity to request that excerpts of deposition transcripts remained sealed.

3. On May 14, 2018, the Special Master's Report and Exhibits were filed under seal. The Report and Exhibits total over 10,000 pages and contain, among other information,

documents, transcripts, and time records revealing the strategies, notes, and mental impressions of Thornton Law Firm attorneys regarding the State Street litigation.  Such information is protected from disclosure by the work product doctrine.  *See Mississippi Pub. Emp. Ret. Sys. v. Boston Sci. Corp.*, 649 F.3d 5, 31 n.24 (1st Cir. 2011) ("The work-product doctrine protects documents prepared by an attorney if, in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation.") (quoting *Maine v. U.S. Dept. of Interior*, 298 F.3d 60, 68 (1st Cir. 2002)); *In re Atl. Fin. Mgmt. Sec. Litig.*, 121 F.R.D. 141, 143 (D. Mass. 1988) ("The protection of attorney work product material is designed, above all, to protect the mental impressions and thought processes of attorneys.").

4. Unlike the attorney-client privilege, which "belongs to the client alone, the work product doctrine may be asserted by either the client or the attorney." *In re Grand Jury Subpoena (Zerendow)*, 925 F. Supp. 849, 853 (D. Mass. 1995).  *See also Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010) ("Unlike the attorney-client privilege, the attorney has an independent privacy interest in his work product and may assert the work-product doctrine on his own behalf ….").  The Thornton Law Firm, through undersigned counsel, wishes to assert the protection of the work product doctrine over all materials in the Report and Exhibits that qualify for such protection.

5. Although, as set forth in the Court's May 16, 2018 Order, there is a presumption of public access to judicial records and documents, an attorney's invocation of the work product doctrine can overcome this presumption.  *See Utica Mut. Ins. Co. v. INA Reinsurance Co.*, No. 6:12-CV-194TWD, 2012 WL 13028279, at *7 (N.D.N.Y. June 12, 2012) (noting that "[w]ork product privilege has also been found to provide a basis for sealing judicial records."); *Hanson v.*

*Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *2 (W.D. Wash. Oct. 17, 2013) ("This court has previously accepted both attorney client-privilege and the work-product doctrine as justification for prospectively sealing judicial records.").

6. Given that the Thornton Law Firm fully complied with the Special Master's investigation, including by providing the Special Master with information otherwise protected by the work product doctrine when it may have been entitled to withhold such information, it would be unfair to now release protected work product information to the public and vitiate the Thornton Law Firm's interest in such information.

7. The Thornton Law Firm states that it anticipates any proposed redactions it submits on the basis of the work product doctrine will be minimal in light of the scope of the Report and Exhibits.

8. Separate from the work product redactions, the Thornton Law Firm moves to seal certain documents which were produced by State Street pursuant to this Court's November 19, 2012 Protective Order and the further Order of the Special Master Modifying the Court's November 19, 2012 Protective Order.

9. The Court's November 19, 2012 Protective Order governed the handling of documents and other information exchanged between the parties during the underlying litigation. Absent modification of the Court's November 19, 2012 Protective Order, counsel is obligated to request the sealing of documents subject to the Protective Order.

WHEREFORE, for the reasons set forth above, the Thornton Law Firm respectfully requests that the Court seal information protected by the work product doctrine and protected by the Court's November 19, 2012 Protective Order, to be set forth in proposed redactions to the Report and Exhibits.

Respectfully submitted,

*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: (617) 345-1000
Facsimile:  (844) 345-1300
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com

Dated: June 5, 2018                *Counsel for the Thornton Law Firm LLP*

### Rule 7.1 Certification

I informed counsel for all parties of this motion.  Counsel for Labaton Sucharow and Lieff Cabraser Heimann & Bernstein LLP do not oppose the motion but reserve the right to object to specific redactions.  Counsel for State Street, Keller Rohrback LLP, and Zuckerman Spaeder LLP take no position on the motion but reserve the right to object to specific redactions.  The Special Master does not object to the request to redact work product information and takes no position on the request to redact information subject to the Court's Protective Order.  I did not receive a response from any additional counsel.

*/s/ Joshua C. Sharp*
Joshua C. Sharp

### Certificate of Service

I certify that the foregoing document was filed electronically on June 5, 2018 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").  Paper copies will be sent to any person identified on the NEF as a non-registered participant.

*/s/ Joshua C. Sharp*
Joshua C. Sharp