# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

## HENRIQUEZ ERISA PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM REQUESTING REDACTION CATEGORIES FOR SPECIAL MASTER'S REPORT AND RECOMMENDATION

## MOTION

Pursuant to this Court's May 31, 2018 Order, ¶2 (Dkt. No. 237) and L.R. 7.1, ERISA

Plaintiffs Arnold Henriquez, Michael T. Cohn, William Taylor, and Richard Sutherland

("Henriquez ERISA Plaintiffs"), through their counsel McTigue Law LLP and Beins, Axelrod,

P.C. ("Henriquez ERISA Plaintiffs' counsel"), propose selective redaction of the following

categories of information from the Special Master's May 14, 2018 Report and Recommendation,

the executive summary thereof, and the exhibits thereto ("Special Master Materials") before they

are entered on the public record:

> 1.  Confidential medical, financial, and personal identifying information of the
>     Henriquez ERISA Plaintiffs or any other clients of their counsel
>
> 2.  Attorney-client communications for which the Henriquez ERISA Plaintiffs'
>     counsel were a party
>
> 3.  Attorney work product of the Henriquez ERISA Plaintiffs' counsel
>
> 4.  Discussions of confidential settlement and mediation communications or
>     strategy by Henriquez ERISA Plaintiffs' counsel
>
> 5.  Proprietary information of the Henriquez ERISA Plaintiffs' counsel regarding
>     law firm business development

Pursuant to L.R. 7.1(a)(2) and ¶8 of the Court's Order (Dkt. No. 237), we certify that we

have conferred with counsel for defendant State Street, counsel for the "customer class," counsel

for the Special Master, and other ERISA counsel prior to filing this motion.  **No party or**

**counsel has indicated opposition to this motion.**  Counsel for the Special Master and the

customer class (Labaton Sucharow LLP, Thorton & Naumes, LLP, and Leiff Cabraser Heimann

& Bernstein, LLP) do not oppose this motion.  Counsel for Defendants, and other ERISA

counsel (Keller Rohrback LLP and Zuckerman Spaeder LLP), have stated that they take no

position regarding this motion or any other similar motions by other parties or counsel.

<u>**MEMORANDUM IN SUPPORT OF MOTION**</u>

None of the ERISA counsel, or their clients, in this case have been alleged by anyone to have engaged in any misconduct of any kind.  Moreover, the Special Master's Report and Recommendation has no findings implicating ERISA counsel or their clients in any misconduct.  Thus, with respect to the Special Master's investigation, ERISA counsel and their clients stand as innocent third parties who have been required to expend considerable time and resources to assist the Special Master in investigating conduct for which they are utterly blameless.  The public interest in disclosure of confidential information relating to ERISA counsel and their clients in this case is thus minimal, if it exists at all.

The Henriquez ERISA Plaintiffs thus seek permission from the Court to seek specific redactions in the following categories.

**A.  <u>Confidential Medical, Financial, and Personal Identifying Information of the Henriquez ERISA Plaintiffs or Any Other Clients of Their Counsel</u>**

The Special Master Materials include references to medical conditions of certain of the Henriquez ERISA Plaintiffs, and may also include references to financial or personal identifying information, such as street addresses, Social Security numbers, dollar amounts of savings or investments, etc.  Disclosure of such information on the public record may expose the Henriquez ERISA Plaintiffs or their counsel to risk of identity theft, invasion of privacy, and other forms of prejudice.  Redaction of such materials in disciplinary proceedings is plainly authorized by local rule.  *See* LR 83.6.11(b)(1), (4), & (5) (authorizing the court to permit redaction of materials in proceedings regarding alleged attorney misconduct to protect "victim or third-party privacy," "personal privacy," or in "exceptional circumstances").

B. **Attorney-client Communications for Which the Henriquez ERISA Plaintiffs' Counsel Were a Party**

Deposition transcripts included in the Special Master Materials contain detailed descriptions of the content of attorney-client communications, especially those surrounding the Henriquez ERISA Plaintiffs' initial retention of their counsel for litigation in this case. Redaction of such materials in disciplinary proceedings is plainly authorized by local rule. *See* LR 83.6.11(b)(2) (authorizing redaction of "[a]ny matters reasonably necessary to protect information subject to a valid attorney-client…privilege"). Affidavits from the Henriquez ERISA Plaintiffs asserting the attorney-client privilege are attached. Exs. A-D. An affidavit from a client of Henriquez ERISA Plaintiffs' counsel who is not named as a plaintiff in the litigation but whose communications are disclosed in the Special Master Materials is also attached. Ex. E.

C. **Attorney Work Product of the Henriquez ERISA Plaintiffs' Counsel**

The Henriquez ERISA Plaintiffs have joined in the motion filed this same day by the Andover Companies ERISA Plaintiffs seeking permission to request redactions, on grounds of attorney work product, of descriptions of work performed in attorney billing records. The Henriquez ERISA Plaintiffs also request permission to seek redactions on the same grounds with respect to other documents. For example, deposition transcripts included in the Special Master Materials include lengthy discussions by counsel for the Henriquez ERISA Plaintiffs regarding litigation strategy, and their views about the weakness of this case and similar cases. Public disclosure of such documents could prejudice them in this case, as well as their prosecution of similar cases against other defendants. Redaction of such materials in disciplinary proceedings is plainly authorized by local rule. *See* LR 83.6.11(b)(2) (authorizing redaction of "[a]ny matters reasonably necessary to protect information subject to a valid attorney-client *or other* privilege"

(emphasis added)).  Moreover, the same reasons supporting redaction of billing records also support redaction of other attorney work product in this case, so the memorandum in support of the Andover Companies ERISA Plaintiffs is incorporated by reference herein.

### D. Discussions of Confidential Settlement and Mediation Communications or Strategy by Henriquez ERISA Plaintiffs' Counsel

The Special Master Materials also contain deposition transcripts and other documents setting out the Henriquez ERISA Plaintiffs' counsels' settlement and mediation strategy. Settlement and mediation communications are generally non-discoverable, and their use at trial is extremely limited.  *See, e.g.*, Fed.R.Evid. 408; ACQIS, LLC v. EMC Corp., No. 14-CV-13560, 2017 WL 2818984, at *2 (D. Mass. June 29, 2017) (recognizing a federal "mediation privilege" for "communications to which a mediator was personally privy, communications that were directly made at a mediator's explicit behest, or communications undertaken with the specific intent to present them to a mediator for purposes of mediation are protected by the federal mediation privilege"); Mass. Gen. Laws Ann. ch. 233, § 23C (West) (recognizing similar mediation privilege restricting disclosure of mediation communications).  Disclosure of settlement strategy could prejudice Henriquez ERISA Plaintiffs' counsel's conduct of the litigation and other related cases.  Redaction of such materials in disciplinary proceedings is authorized by local rule.  *See* LR 83.6.11(b)(1), (2), (5).

### E. Proprietary Information of the Henriquez ERISA Plaintiffs' Counsel regarding Law Firm Business Development

The Special Master Materials also contain descriptions by Henriquez ERISA Plaintiffs' counsel of various business development techniques and strategies.  Courts have recognized a public interest in preserving private companies' interest in proprietary techniques they develop or employ.  *See, e.g.*, HCC Specialty Underwriters, Inc. v. Woodbury, 289 F. Supp. 3d 303, 326 (D.N.H. 2018) ("[t]here is a public interest in 'guaranteeing companies protection for their

confidential or proprietary information'"").  Redaction of such materials in disciplinary

proceedings is authorized by local rule.  *See* LR 83.6.11(b)(1), (5).


By:  /s/  J. Brian McTigue
J. Brian McTigue (*pro hac vice*)
James A. Moore (*pro hac vice*)
**McTigue Law LLP**
4530 Wisconsin Ave, NW
Suite 300
Washington, DC 20016
202-364-6900
Fax: 202-364-9960
Email: bmctigue@mctiguelaw.com
        jmoore@mctiguelaw.com

Jonathan G. Axelrod (pro hac vice)
Beins, Axelrod, P.C.
1625 Mass. Ave. NW
Washington, DC 20036
202-328-7222
Email: jaxelrod@beinsaxelrod.com

*Attorneys for the Henriquez ERISA Plaintiffs*

Catherine M. Campbell
Renee J. Bushey
Feinberg, Campbell & Zack, P.C.
3rd Floor
177 Milk Street
Boston, MA 02109
617-338-1976
Fax: 617-338-7070
Email: cmc@fczlaw.com
        rjb@fczlaw.com

*Local Counsel for the Henriquez ERISA Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document was filed through the ECF System on

June 5, 2018 and accordingly will be served electronically upon all attorneys of record.


/s/ J. Brian McTigue