## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A.  No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A.  No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No.  12-11698-MLW |

## KELLER ROHRBACK L.L.P. AND ZUCKERMAN SPAEDER LLP'S
## MOTION AND MEMORANDUM
## <u>REGARDING PROPOSED REDACTION CATEGORIES</u>

## MOTION

Pursuant to this Court's May 31, 2018 Order (ECF 237) and L.R. 7.1, undersigned

counsel move the Court for an Order allowing Keller Rohrback L.L.P. ("Keller") and Zuckerman

Spaeder, LLP ("Zuckerman") to redact the following information from any materials entered into

the public record:

> Attorney work product as reflected in work descriptions in daily time entries
> (Exhibits 246 and 266 to the Special Master's Report and Recommendations).

> Moving parties reserve the right to seek redactions in any materials added to the
> record by other counsel or the Special Master pursuant to this Court's May 31,
> 2018 Order (ECF 237 ¶ 12) on the ground of work product or any other
> appropriate grounds.[1]

> Pursuant to L.R. 7.1(a)(2) and the Court's May 31, 2018 Order (ECF 237 ¶ 8), Keller and

Zuckerman certify that they conferred with all other counsel, and the Special Master prior to

filing this motion. Those other parties do not oppose the relief requested.

## MEMORANDUM IN SUPPORT OF MOTION

Exhibits 246 and 266 to the Special Master's Report and Recommendations are the

detailed time records of Keller and Zuckerman respectively.

**A.     The Detailed Work Descriptions Are Protected Attorney Work Product**

As a sister court recently noted: "the clear weight of authority—including prior decisions

by judges on this Court—holds that attorney time records while not *per se* protected by the work

product privilege, may nonetheless contain protected work product." *Judicial Watch, Inc. v. U.S.

Dep't of Justice*, 118 F. Supp. 3d 266, 274-76 (D.D.C. 2015) ("Where time records are not only

created by legal personnel but also reference the subject of legal research, persons contacted and

---

[1] Keller and Zuckerman further reserve the right to seek additional redactions in the event that
redactions proposed by other parties make the executive summary, report or record misleading
in a manner that is unknowable at this time.

interviewed by the attorney, or other issues bearing on the mental impressions of the attorneys, those portions of the time records are protected work product."). This Court is part of that "clear weight of authority," as reflected in *Hanover Ins. Co. v. Rapo & Jepsen Ins. Services, Inc.*, 870 N.E.2d 1105, 1114 (Mass. 2007) ("[D]etails in billing statements may reveal confidential communications between client and attorney or the attorney's mental impressions or legal theories, that is, his work product, which is protected and generally not open to discovery.").[2]

At least one District Court expressly allows routine redaction of attorney time records submitted in support of a fee petition. Local Civil Rule 54.3(d)(1) (N.D. Ill.) (permitting time and work records to "be redacted to prevent disclosure of material protected by the . . . work product doctrine" when submitting motions for fees). This rule does not apply here, but it underscores the fact that descriptions of attorney *work* almost certainly describe protected attorney *work product*.

---

[2] *See also Wash. Bancorporation v. Said*, No. 88-3111, 1989 WL 946533, at *4-5 (D.D.C. May 10, 1989) (finding attorney time records to be protected work product where they contained "'itemization of persons contacted, research conducted, and amounts of attorney time spent on identified issues'") (citation omitted); *Indian Law Res. Ctr. v. Dep't of Interior*, 477 F. Supp. 144, 148 (D.D.C. 1979) (finding attorney time records to be protected work product where they contained "detailed itemization of persons contacted and locations visited on particular days, research memoranda prepared on specific topics, and precise amounts of attorney time spent on identified issues, frequently relates to matters of past, present or potential future litigation"); *Cottier v. City of Martin*, No. 02-5021, 2007 WL 4568989, at *2 (D.S.D. Dec. 19, 2007) ("Attorney billing records are protected by the attorney-client privilege and the work product doctrine insofar as they reveal the nature of the services provided."); *Cardenas v. Prudential Ins. Co. of Am.*, No. 99-1422, 2003 WL 21302957, at *3 (D. Minn. May 16, 2003) (finding work product privilege applied to attorney time records containing "narrative descriptions of conversations between clients and attorneys, the subjects of legal research or internal legal memoranda, and activities undertaken on the client's behalf"); *Hewes v. Langston*, 853 So.2d 1237, 1249 (Miss. 2003) ("We conclude that the [attorney] billing statements and DayTimer entries are the type of detailed statements that are protected by the work product doctrine, and the trial court erred in ordering them produced.").

**B.      The Detailed Work Descriptions Should Be Redacted**

Under ordinary circumstances, ERISA Counsel would argue that the detailed time entries be redacted in their entirety. This was the approach taken in *Judicial Watch*, 118 F. Supp. 3d at 275 (holding that all attorney time records were protected work product, even though the opposing party only wanted to know the number of hours worked as reflected in the time records). Under the unique circumstances presented here, however, ERISA Counsel respectfully submit that redaction of the work descriptions would be sufficient, and that other information in the time records—the identity of the timekeepers, the dates and hours recorded, and the billing value of the work—may appear in the public record.[3]

**C.      Conclusion**

Keller and Zuckerman respectfully request the Court grant the motion to redact work descriptions reflected in detailed time entries.

RESPECTFULLY SUBMITTED this 5th day of June, 2018.

KELLER ROHRBACK L.L.P.


By: */s/ Laura R. Gerber*
    Laura R. Gerber
    Lynn Lincoln Sarko
    1201 3rd Avenue, Suite 3200
    Seattle, WA  98101
    Tel.: 206-623-1900
    Fax: 206-623-3384
    lgerber@kellerrohrback.com
    lsarko@kellerrohrback.com

---

[3] If the Court allows other counsel in the case to redact time records in their entirety, Keller and Zuckerman respectfully request the same level of protection for their time records (Exhibits 246 and 266).

*Counsel for The Andover Companies*
*Employee Savings and Profit Sharing Plan*
*and James Pehoushek-Stangeland*

By: */s/ Carl S. Kravitz*
    Carl S. Kravitz
    Zuckerman Spaeder, LLP
    1800 M Street, NW
    Washington, DC 20036
    Tel.: 202-778-1800
    Fax: 202-822-8106
    ckravitz@zuckerman.com

*Counsel for Henriquez Plaintiffs*

CERTIFICATE OF SERVICE

I certify that on June 5, 2018, I caused the foregoing to be filed through the ECF system in the above-captioned actions, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.


By: /s/ *Laura R. Gerber*
      Laura R. Gerber