**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**MOTION BY LIEFF CABRASER HEIMANN & BERNSTEIN, LLP PROPOSING LIMITED REDACTIONS FROM THE EXHIBITS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**

Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), Additional Counsel for the Settlement Class, respectfully submits this motion, pursuant to the Court's Order dated May 31, 2018 (the "May 31 Order") [Dkt. No. 237], proposing redactions limited to certain categories of information contained in the exhibits ("Exhibits") to the Special Master's Report and Recommendations, dated May 16, 2018 (the "Report").

Lieff Cabraser does not propose any redactions to the Report itself, or to the Executive Summary of the Report ("Executive Summary").  Lieff Cabraser proposes only that certain categories of information contained in a relatively small number of Exhibits be redacted in order to protect information—including attorney work product, discovery material of an opponent produced pursuant to a protective order, and material impacting the privacy concerns of third parties—that is typically afforded strong protection from disclosure under the common law.  The categories of redactions that Lieff Cabraser proposes will affect only a handful (roughly a dozen) of the 266 Exhibits on which the Special Master has relied.  Further, in each instance, Lieff Cabraser intends to propose (to be further delineated by June 11, 2018) the barest form of redaction that "properly balances the public and private interests and allows for the greatest disclosure of the [document's] relevant content." *U.S. v. Kravetz*, 948 F. Supp. 2d 89, 93 (D. Mass. 2013); *see also In re Borders Grp., Inc.,* 462 B.R. 42, 47 (S.D.N.Y. 2011) ("Redacting documents to remove only protectable information is preferable to wholesale sealing. The policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information.").

Specifically, Lieff Cabraser proposes that the following categories of information be redacted from the Exhibits:

    (i)    Attorney work product that is specific to Lieff Cabraser, including (in some instances) work product related to other cases besides the State Street litigation

        (impacting, to a limited extent, Exhibits 10, 55, 57, 59, 61, 101, 106, 209, 210, 247)[1];

(ii)    Information (including material produced in discovery by State Street) protected from disclosure by the protective order entered in the underlying State Street litigation (impacting, to a limited extent, Exhibits 10, 19, 55, 57, 59, 61, 101, 106);

(iii)    Unrelated case names and client names (impacting, to a limited extent, Exhibits 10, 18, 19, 55, 57, 59); and

(iv)    Private personal financial information of Lieff Cabraser employees and/or third parties (impacting, to a limited extent, Exhibits 18, 59, 106).

With respect to category (i) above, "protection [from disclosure] for opinion work product should be 'nearly absolute.'" *In re Grand Jury Subpoena*, 220 F.R.D. 130, 145 (D. Mass. 2004). "Opinion work product" is defined as "materials that contain the mental impressions, conclusions, opinions, or legal theories of an attorney." *Id.* (citing *In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1014-15 (1st Cir. 1988) (collecting cases)). And while the standard for the disclosure of "ordinary" work product is high,[2] the standard for disclosure of "opinion" work product is even higher. *Id.* ("opinion work product protection can only be overridden in 'rare circumstances,' upon 'a highly persuasive showing'") (citation and internal quotation marks omitted). Certain of the Exhibits (particularly, although not exclusively, the deposition transcripts) contain descriptions or summaries of Lieff Cabraser's mental impressions, conclusions, opinions or legal theories not only concerning this case (in some instances, with

---

[1] The listed Exhibits represent Lieff Cabraser's best current understanding of those potentially impacted by Lieff Cabraser's proposed redactions. Some Exhibits may be added to or subtracted from these lists by the time of Lieff Cabraser's June 11 filing, but no major changes are anticipated.

[2] Rule 26(b)(3) permits discovery of "ordinary" work product "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* at 144. Lieff Cabraser is largely withholding its objection to disclosure of "ordinary" work product at least as it relates to the State Street matter in particular, although it reserves the right to include proposals for at least some modest redactions on that ground in its forthcoming June 11 filing.

specific regard to information obtained by State Street pursuant to a protective order[3]), but also other cases that are not at issue. Again, Lieff Cabraser has identified just 10 (approximately) Exhibits for which this is a potential issue, and the proposed redactions on these grounds should be fairly modest in scope.

Category (ii) above is, in many (if not most) instances, closely tied to category (i). In a handful of instances in the Exhibits (again, predominantly in the deposition transcripts), information that State Street produced on a "confidential" basis pursuant to the Protective Order in the underlying litigation is discussed, summarized or described. State Street would (and probably will) almost certainly object to such information being disclosed in the public record, citing paragraph 1 of the Protective Order. Lieff Cabraser remains bound by the Protective Order (*see* paragraph 16 thereof) and accordingly will propose limited redactions to the Exhibits where Lieff Cabraser discusses, summarizes or describes State Street's confidential information (as defined in the Protective Order).

As for category (iii) above, unrelated case names and client names may properly be redacted on the grounds that they implicate third party privacy interests that are not outweighed by the public's interest in such matters. *See, e.g.*, *U.S. v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) ("[P]rivacy rights of . . . third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records.") (internal citations omitted). "Third-party privacy interests," in particular, "have been referred to as 'a venerable common law exception to the presumption of access,' . . . and weigh heavily in a court's balancing equation," *Id.* (citations and internal quotation marks omitted); *see also Abdul –Alim v. Wray*, 277 F. Supp. 3d 199, 216 (D. Mass. 2017) (observing, in the context of a FOIA request, that the "Court is

---

[3] *See* Stipulation, Joint Motion, and Order for the Production and Exchange of Confidential Information, entered November 19, 2012 ("Protective Order") [Dkt. No. 61].

cognizant that it must balance the privacy interests of the third parties [particularly, their names] against any public interest that might be served by disclosure"). At this point, Lieff Cabraser has identified several unrelated case and third party client names that it will seek to redact from the Exhibits. It bears noting that, in such instances, by seeking to redact the case and client names only, which predominantly arise in the context of discussing the terms and details concerning Lieff Cabraser's representation of clients outside of the State Street litigation, Lieff Cabraser is choosing the path of greatest disclosure, *i.e.*, honoring the Court's directive to leave as much of the pertinent details undisturbed (and public) as possible.

Finally, as to category (iv) above, "[p]ersonal financial information, such as one's income or bank account balance, is universally presumed to be private, not public." *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003) (citing *United States v. Amodeo (Amodeo II )*, 71 F.3d 1044, 1051 (2d Cir. 1995)). References to an employee's annual income (which, for Lieff Cabraser, occurs in only a handful of instances in the Exhibits) accordingly may properly be redacted prior to filing. *Id.*

Dated: June 5, 2018                                    Respectfully submitted,

                                                    Lieff Cabraser Heimann & Bernstein, LLP

By:     */s/ Richard M. Heimann*
       Richard M. Heimann (*pro hac vice*)
       Robert L. Lieff, *of counsel* (*pro hac vice*)
       275 Battery Street, 29th Floor
       San Francisco, California  94111
       Tel:  (415) 956-1000
       Fax:  (415) 956-1008

Steven E. Fineman
Daniel P. Chiplock (*pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York  10018
Tel:  (212) 355-9500
Fax:  (212) 355-9592

*Additional Counsel for the Settlement Class*

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that prior to filing, I sought to confer with all counsel by sending an email seeking their assent or reaction to the relief requested herein.  The Special Master indicated he does not object to categories (i), (ii) and (iv) of Lieff Cabraser's requested relief herein, nor to category (iii) "to the extent it applies only to those unrelated case names and client names the Special Master did not specifically identify and rule upon in his factual and legal findings."  Lieff Cabraser can confirm that category (iii) of its requested relief applies only to unrelated case names and client names that were not specifically identified and ruled upon in the Special Master's factual and legal findings contained in the Report.  The Special Master reserved the right to modify and/or update his positions upon receiving the actual proposed redactions.

June 5, 2018

*/s/ Richard M. Heimann*
Richard M. Heimann

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will thereby be served on this date upon counsel of record for each party identified on the Notice of Electronic Filing.

June 5, 2018

*/s/ Richard M. Heimann*
Richard M. Heimann