## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| Plaintiffs, v. | ) ) ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| Plaintiffs, | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| v. | ) ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

## REDACTED

**MOTION AND SUPPORTING MEMORANDUM OF LAW IN SUPPORT OF STATE STREET'S MOTION TO REDACT CONFIDENTIAL AND PROPRIETARY INFORMATION IN THE SPECIAL MASTER'S REPORT, EXECUTIVE SUMMARY, AND EXHIBITS**

State Street Bank and Trust Co. and State Street Global Markets LLC (collectively, "State Street") respectfully submit this motion and memorandum of law pursuant to Paragraph 2 of the Court's May 31, 2018 Order (ECF No. 237) proposing redactions of categories of information in the Special Master's Report and Recommendations ("Report"), the Executive Summary of the Report, and the exhibits to the Report.

## INTRODUCTION

The Special Master's Report, its Executive Summary, and the exhibits to the Report contain highly confidential or proprietary information that is protected from public disclosure and for which good cause exists to be kept under seal, including: (1) proprietary information of State Street's counsel's rates; (2) proprietary State Street business information, including confidential client names and information, revenue or pricing information; (3) confidential personal contact information for State Street employees and clients; and (4) information protected by the federal and/or state mediation privilege. That information is at most tangentially related to the subject matter of the Special Master's Report and narrowly redacting those categories of information will in no way prejudice the public's ability to understand the Special Master's Report and the reasons for the Special Master's findings. For these reasons, and the other reasons specified below, State Street respectfully requests permission to redact from the Special Master's Report, its Executive Summary, and the exhibits to the Report the categories of information identified below.

## ARGUMENT

Documents and information may be filed under seal with the Court for "good cause." *See Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. CIV.A. 07-11444-RWZ, 2008 WL 427290, at *1 (D. Mass. Feb. 13, 2008). What constitutes "good cause" and "what concerns can justify a document being filed under seal[] depends on the nature of the filing." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015). The

burden for sealing documents is lower when the documents or information sought to be sealed is less important to the central issue before the Court. *Id.* ("The more important the document is to the core judicial function of determining the facts and law applicable to the case, the stronger the presumption of public access and the higher the burden to overcome it."). "[I]nterests which courts have found sufficient to justify impoundment include trade secrets, confidential business information [and] information covered by a recognized privilege . . . ." *Velcro Grp. Corp. v. Zijlstra*, 180 F. Supp. 3d 106, 107 (D. Mass. 2016) (citations omitted).

Here, good cause exists to keep under seal State Street's counsel's proprietary rate information, confidential information concerning State Street's clients, employees and its business, and information protected by the federal common law and/or state mediation privilege. This information has little bearing on the Special Master's Report and would not inhibit the public from understanding the Special Master's Report or the bases for the Special Master's findings.

## I.    GOOD CAUSE EXISTS TO MAINTAIN UNDER SEAL PROPRIETARY INFORMATION OF STATE STREET'S COUNSEL

Trade secrets are among the categories of information for which good cause exists to maintain under seal. *See Zijlstra*, 180 F. Supp. 3d at 107; *Deetz Family, LLC v. Rust-Oleum Corp.*, 217 F. Supp. 3d 430, 434 (D. Mass. 2016) (ordering the sealing of court filings containing trade secrets). And non-public firm pricing information is "routinely given trade secret protection." *See EMC Corp. v. Pure Storage, Inc.*, No. 13-12789-JGD, 2016 WL 7826662, at *6 (D. Mass. Aug. 19, 2016) (quoting *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192, 1214 (N.D. Cal. 2012)); *see also Bruno Int'l Ltd. v. Vicor Corp.*, No. 14-10037-DPW, 2015 WL 5447652, at *12 (D. Mass. Sept. 16, 2015) (holding that "pricing information . . . can constitute trade secrets where the information provides its holder with a competitive advantage"); *Aggreko, LLC v. Koronis*, No. 13-13034-TSH, 2013 WL 6835165, at *4 (D. Mass. Dec. 19, 2013)

(holding that "pricing . . . information" constitutes a trade secret). Indeed, the Special Master recognized the proprietary nature of attorney rate information. *See* Report at 162.

Here, the exhibits to the Special Master's Report contains references to State Street's counsel's rate information. ███████████████████████████

███████████████████████████████████████████████

████████████████████ That rate information is not available to the public and affords State Street's counsel a competitive advantage in competing for business with its competitor firms. ██

████████████████████████████████████████ Disclosure of that rate information could cause State Street's counsel irreparable harm. Accordingly, good cause exists to maintain under seal State Street's counsel's rate information.

## II.   GOOD CAUSE EXISTS TO MAINTAIN UNDER SEAL CONFIDENTIAL INFORMATION REGARDING STATE STREET'S BUSINESS, CLIENTS, AND EMPLOYEES

Good cause exists to maintain under seal confidential and proprietary State Street business information, including the identities of State Street's clients and confidential client information, proprietary business information, including revenue and pricing information, and personal contact information of State Street employees and its clients.

*First*, the identities of State Street's clients—other than those identified in already public court filings—are trade secrets that should remain under seal. *See Bruno*, 2015 WL 5447652, at *12 (holding that "customer lists . . . can constitute trade secrets where the information provides its holder with a competitive advantage"); *Optos, Inc. v. Topcon Med. Sys., Inc.*, 777 F. Supp. 2d 217, 240 (D. Mass. 2011) (holding that customer list was protectable trade secret).

Here, the exhibits to the Special Master's Report contain the names of numerous State Street clients that were not named parties in this litigation. ████████████████████

████████████████████████████████████ Disclosing the names of

these clients would afford competitors with a list of clients to target to State Street's detriment. And the identities of those clients have no bearing at all on the issues that are the subject of the Special Master's Report. Thus, good cause exists to maintain under seal these identities and identifying information of State Street's clients.

**Second**, State Street's confidential and proprietary business information should remain under seal. *See Glass Dimensions, Inc. v. State St. Corp.,* No. CIV.A. 10-10588-FDS, 2013 WL 6280085, at *1 (D. Mass. Dec. 3, 2013) (ordering the sealing of "sensitive business information" to "avoid the serious competitive injury that dissemination would more than likely entail"); *see also Tdn Money Sys., Inc. v. Glob. Cash Access, Inc.,* No. 2:15-CV-02197-JCM-NJK, 2016 WL 4708466, at *2 (D. Nev. Sept. 7, 2016) (sealing information regarding "the parties' operations" because "competitors could use the information to exploit its strategic business plans, could replicate its business methods, and could gain a competitive advantage over Defendant by identifying its business formulas and processes"); *Stout v. Hartford Life & Accident Ins. Co.,* No. CV 11-6186 CW, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4, 2012) (sealing information that competitors could use to inform their business strategy).

Certain of the exhibits to the Special Master's Report contain proprietary business information that was the subject of the underlying litigation in this Action. ███████████

████████████████████████████████████████

███████████████ This document, in addition to others reflected in exhibits or discussed in depositions, was initially produced by State Street pursuant to the Protective Order in this case, entered by this Court on November 19, 2012.  *See* ECF No. 61. Disclosing State Street's proprietary business information would provide competitors with access to State Street's business strategy, pricing, and performance metrics, and provide those competitors with a competitive

- 4 -

advantage to State Street's detriment.  That proprietary business information also has very little

bearing on the issues that are the subject of the Special Master's Report, and thus its disclosure is

of no need to the public reviewing the Special Master's Report.  Accordingly, good cause exists to

maintain under seal such confidential, proprietary business information.

*Finally*, the personal contact information of State Street employees and its clients should

remain under seal. *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-BLF, 2016 WL 4943007,

at *2 (N.D. Cal. Sept. 16, 2016) (sealing personal contact information and email addresses);

*Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2

(N.D. Cal. Nov. 1, 2007) (sealing contact information of third-parties); *cf. Eil v. U.S. Drug Enf't*

*Admin.*, 209 F. Supp. 3d 480, 488 (D.R.I. 2016) (sealing personally identifiable information (citing

*In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 478 (6th Cir. 1983) ("the privacy rights of

participants and third parties are among those interests which, in appropriate cases, can limit the

presumptive right of access to judicial records" (quotation marks and citations omitted))), *rev'd on*

*other grounds*, 878 F.3d 392 (1st Cir. 2017).

The same exhibits to the Special Master's Report containing proprietary business

information that was the subject of the underlying litigation in this Action also occasionally

contain personal contact information of State Street employees and its clients. ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ That information is not public, has no bearing on the either the

underlying litigation or the issues that are the subject of the Special Master's Report, and could

expose State Street employees and their clients to unwanted invasion of their privacy and potential

harassment.  For these reasons, good cause exists to maintain under seal such confidential,

proprietary business information.

### III.   GOOD CAUSE EXISTS TO MAINTAIN UNDER SEAL PRIVILEGED MEDIATION COMMUNICATIONS

Good cause exists to maintain under seal information absolutely protected from disclosure by a recognized privileged. *See Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 12 (1st Cir. 1998) (holding communications protected by the attorney-client privilege must remain sealed). As numerous courts have recognized, at the very least, communications with a neutral third-party mediator, communications between parties during a mediation, and communications in preparation for and during the course of a mediation are absolutely protected from disclosure by the federal common law mediation privilege. *See ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560, 2017 WL 2818984, at *2 (D. Mass. June 29, 2017) ("This Court holds that communications to which a mediator was personally privy, communications that were directly made at a mediator's explicit behest, or *communications undertaken with the specific intent to present them to a mediator for purposes of mediation are protected by the federal mediation privilege.*" (emphasis added)); *In re RDM Sports Grp., Inc.*, 277 B.R. 415, 430 (Bankr. N.D. Ga. 2002); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998), *aff'd*, 216 F.3d 1082, 2000 WL 420636 (9th Cir. April 18, 2000); *Sheldone v. Pa. Turnpike Com'n*, 104 F.Supp.2d 511, 515-18 (W.D. Pa. 2000).[1] That is because successful mediation, which is an invaluable means of "reducing litigation costs and . . . decreasing the size of state and federal court dockets" depends on "the imperative need for confidence and trust among participants." *Folb*, 16 F. Supp. 2d at 1176-77.

---

[1]      Massachusetts recognizes, by statute, a mediation privilege of similar scope. *See* Mass. Gen. Laws. ch. 233, § 23C ("Any communication made in the course of and relating to the subject matter of any mediation and which is made in the presence of such mediator by any participant, mediator or other person shall be a confidential communication and not subject to disclosure in any judicial or administrative proceeding . . . .").

Here, the Special Master's Report and exhibits to the Report contain mediation and settlement discussions elicited during numerous depositions. ███████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████ Public disclosure of these communications would vitiate the mediation privilege and disincentivize candid disclosure during mediation. Accordingly, good cause exists to maintain under seal the portions of the Special Master's Report and exhibits thereto that disclose the substance of communications protected by the mediation privilege.

## **CONCLUSION**

For the foregoing reasons, State Street respectfully requests permission to redact from the Special Master's Report, its Executive Summary, and the exhibits to the Report its counsel's rate information, its clients' identities and other confidential proprietary business information, the contact information of its employees and clients, and confidential mediation communications and positions. State Street requests that this information be kept under seal.

Dated: June 5, 2018

Respectfully submitted,

WILMER PICKERING HALE AND DORR LLP

By        _William H. Paine_

William H. Paine
Daniel W. Halston
WILMER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:    (617) 526-5000
Fax:    (617) 526-6000
email: william.paine@wilmerhale.com
email: daniel.halston@wilmerhale.com

*Counsel for Defendants State Street Bank
and Trust Co. and State Street Global
Markets LLC*

- 8 -

## LOCAL RULE 7.2(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that on June 4, 2018 State Street conferred by email with Class Counsel and the Special Master regarding the resolution of this Motion. Labaton Sucharow LLP, Lieff Cabraser Heimann & Bernstein LLP, the Thornton Law Firm LLP, Keller Rohrback LLP, and Zuckerman Spaeder LLP consented to the Motion. Labaton Sucharow LLP, Keller Rohrback LLP, and Zuckerman Spaeder LLP reserved their right to challenge individual redactions. State Street did not hear from the Special Master or McTigue Law LLP.

William H. Paine

## CERTIFICATE OF SERVICE

I hereby certify that, on June 5, 2018, a true and correct copy of the above document has been served by email on all counsel of record.

Robert K. Smith