**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND and those similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20<br><br>Defendants. | No. 11-cv-12049 MLW<br><br>**FILED UNDER SEAL** |
| THE ANDOVER COMPANIES EMPLOYEES SAVINGS AND PROFIT SHARING PLAN, on behalf of itself and JAMES PEHOUSHEK-STRANGELAND, and all others similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-11698 MLW |

**MEMORANDUM OF LAW IN SUPPORT OF LABATON SUCHAROW LLP'S MOTION TO REDACT AND RETAIN UNDER SEAL**

Labaton Sucharow LLP ("Labaton," or the "Firm") respectfully submits this memorandum of law in support of its Motion to Redact and Retain Under Seal limited portions of the Report and Recommendation, exhibits, and Executive Summary of the Special Master. As explained more fully below, Labaton seeks to redact from the public version of the Special Master's Report and Recommendation only specific, limited categories of information for which significant countervailing interests weigh against public disclosure.

## PROCEDURAL BACKGROUND

In its March 8, 2017 Order (ECF 173) (the "Appointing Order"), the Court appointed Retired United States District Judge Gerald E. Rosen as a Special Master to investigate, prepare, and submit a report and recommendation concerning issues relating to the award of attorneys' fees in this case. On March 29, 2017, the Special Master issued a Limited Protective Order providing that the production of documents would not constitute a specific or general waiver of attorney/client privilege or the work product doctrine, or otherwise waive any privilege or protection that attached to the specific documents. ECF 191 ¶ 1. The Limited Protective Order also provided that the use of all documents and information produced would be limited to the proceedings before the Special Master. *Id.* ¶ 2. In response to the Limited Protective Order, the Court issued its October 24, 2017 Order to provide that "the Master shall file his Report and Recommendation with the court under seal; the court will provide the Report and Recommendation to the parties, under seal; and the court will establish schedules for proposed redactions and objections." October 24, 2017 Order 2, ECF No. 208.

On March 14, 2018, the Special Master filed under seal his Report and Recommendation, an Executive Summary, and exhibits to the Report and Recommendation (the "Special Master's Submission"). On May 16, 2018, the Court set a schedule for the parties to propose redactions to the Special Master's Submission. *See* Memorandum and Order, ECF No. 223.

On May 31, 2018, the Court revised the schedule for proposing redactions set forth in the Court's March 14, 2018 order, and set a two-part process for the parties to propose redactions to the Special Master's Submission. Memorandum and Order, ECF No. 237. The Court ordered that: (1) by June 5, 2018, plaintiff class counsel and State Street will file motions identifying the categories of information in the Special Master's Submission that counsel proposes redacting from the public version of the Special Master's Submission, as well as supporting memoranda and affidavits; and (2) by June 11, 2018, plaintiff's class counsel and State Street will file their proposed redactions to the Special Master's Submission.

**ARGUMENT**

The First Circuit has acknowledged that, although "the public's right of access [to the court records] is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In evaluating a party's request to withhold information, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *See id.* "Among the countervailing factors favoring non-disclosure are (i) prejudicial pretrial publicity; (ii) the danger of impairing law enforcement or judicial efficiency; and (iii) the privacy interests of third parties." *United States v. Ciccolo*, No. 15-cr-0018-MGM, 2015 U.S. Dist. LEXIS 170246, at *10 (D. Mass. Dec. 21, 2015) (quoting *United States v. Salemme*, 985 F. Supp. 193, 195 (D. Mass. 1997)). Other countervailing factors favoring non-disclosure include the attorney/client privilege, personal financial information, and proprietary business information. *See Siedle*, 147 F.3d at 11 (recognizing that the attorney/client privilege is considered a powerful countervailing factor rebutting the presumption of public right of access); *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003) ("personal financial information . . .

is universally presumed to be private, not public"); *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) (recognizing that significant countervailing interests include the existence of trade secrets or confidential business information). Finally, "the presumption [of public access] may be overcome . . . where there is no tradition of public access." *Bradford & Bigelow,* 109 F. Supp. 3d at 448 (citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)).

The specific, limited categories of information Labaton seeks to redact from the public version of the Special Master's Submission fall within the types of information courts in this Circuit have recognized can overcome the public's common law right of access to judicial documents. Labaton articulates in this memorandum the specific facts, supported by the declaration of Jonathan Gardner submitted herewith, which demonstrate the strong countervailing interests that support the redaction of this information from the public version of the Special Master's Submission in this proceeding.

## I. WORK PRODUCT DEVELOPED BY LABATON

Labaton seeks to redact from the Special Master's Submission limited attorney work product which reflects attorney mental impressions, legal theories, and litigation strategy developed by Labaton. Decl. of Jonathan Gardner ¶ 5. Labaton produced documents and provided information to the Special Master pursuant to a Limited Protective Order of the Special Master Relating to Attorney/Client Privileged and Work Product Documents and Information Being Provided to the Special Master ("Non-Waiver Order"). Pursuant to the Non-Waiver Order, the production to the Special Master and his agents of attorney/client privileged documents and documents protected by the work product doctrine did not constitute a specific or general waiver of either the attorney/client privilege or work product doctrine. Non-Waiver Order ¶ 1, ECF No. 191.

Labaton acknowledges that Arkansas Teacher Retirement System ("ATRS") and its Executive Director have waived privilege in these proceedings involving the award of attorneys' fees in the above captioned matter. However, even where a client waives attorney-client privilege, an attorney may still protect certain work product from disclosure. "Unlike the attorney-client privilege, which belongs only to the client, the protections of Rule 26(b)(3) . . . may be claimed by either the client or the attorney." *Catino v. Travelers Ins. Co.*, 136 F.R.D. 534, 539 (D. Mass. 1991). The work product doctrine, "functions not merely and (perhaps) not mainly to assist the client in obtaining complete legal advice but in addition to establish a protected area in which the lawyer can prepare his case free from adversarial scrutiny." *Id.* As a result, even where a client waives attorney-client privilege, an attorney may still invoke the protections of Federal Rule of Civil Procedure 26(b)(3) to prevent disclosure of items which would "destroy the inviolate nature of the attorney's thought processes as to all aspects of the case (i.e., merits, weaknesses, credibility of witnesses, weight and effect of evidence legal theories, trial strategy, etc.)." *Id.*; *Calandro v. Sedgwick Claims Mgmt. Servs.*, No. 15-10533-PBS, 2015 U.S. Dist. LEXIS 163622, at *6-7 (D. Mass. Dec. 7, 2015) ("At a minimum, the attorney is entitled to protection over its opinion work-product, i.e., . . . mental impressions, conclusions, opinions, or legal theories." (internal quotation marks omitted)); *Colonial Gas Co. v. Aetna Casualty & Sur. Co.*, 144 F.R.D. 600, 606 (D. Mass. 1992) (acknowledging the "special protection afforded counsel's mental impressions").

As noted above, the presumption of public access may be overcome where there is no tradition of public access, and there is clearly no tradition of public access to attorney work product. *Bradford & Bigelow*, 109 F. Supp. 3d at 448 ("the presumption may be overcome . . . where there is no tradition of public access" (citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)); *Sexual Minorities of Uganda v. Lively*, No. 3:12-30051-MAP, 2015 U.S. Dist.

LEXIS 104636, at *7 (D. Mass. Aug. 10, 2015) ("[i]t is well-settled that . . . a party is not required to disclose the content of attorney-client communications or work product . . . in discovery" and holding that redactions on that basis were appropriate).

To be clear, Labaton will not be asserting work product protection with respect to anything arguably prepared in anticipation (or during the course of) litigation. Rather, the assertion of work product discussed herein will be limited to those portions of the Special Master's Submission that reflect attorney's mental impressions, conclusions, opinions, or legal theories, that would reveal specific aspects of Labaton's litigation strategy in this case, or that would reveal confidential processes and strategies involved in the submission of fee petitions. Public disclosure of this information could be detrimental to the Firm's ability to litigate other cases, and it is not germane to the Special Master's investigation. Gardner Decl. ¶¶ 7-8.

In addition to constituting work product, these materials are also proprietary to Labaton. How the Firm goes about preparing a case is in many ways at the heart of its business. Disclosure of this information could be harmful to Labaton's ability to litigate cases in the future. *Id.* ¶ 7. Similarly, Labaton has developed a robust system for the preparation and filing of fee petitions, which it has developed over many years based on its experiences, research, and effort. *Id.* ¶ 8. The information regarding these processes which Labaton seeks to redact reflects litigation strategy and is confidential and proprietary to Labaton. Labaton believes disclosure of this information would be detrimental to Labaton's interest, and helpful to Labaton's competitors. The proprietary nature of this work product constitutes an additional, countervailing interest which rebuts the presumption of public disclosure. *Bradford& Bigelow*, 109 F. Supp. 3d at 448 (recognizing that significant countervailing interests include the existence of trade secrets in the documents or confidential business information); *see also infra* Section II.

## II. PROPRIETARY INFORMATION REGARDING LABATON'S BUSINESS RELATIONSHIPS WITH OTHER COUNSEL UNRELATED TO THIS LITIGATION

Labaton seeks to redact information from the Special Master's Submission regarding the Firm's business relationships with other counsel to the extent those details are not at issue in this litigation. For example, Labaton has had a long-standing relationship with the Thornton Law Firm. Gardner Decl. ¶ 10. Labaton's communications regarding its decision to enter into a business relationship with the Thornton firm and Garrett Bradley are confidential and proprietary to the Firm. *Id.* Disclosure of these communications and the details and terms of the relationship would cause Labaton competitive harm. *Id.*

Similarly, Labaton seeks to redact and maintain as confidential the precise terms of its business relationship with the Texas law firm, except as it applied in connection with this litigation. *Id.* ¶ 11. The market for plaintiffs' firms is fiercely competitive and firms have to compete to secure relationships with potential clients. *Id.* ¶ 12. Labaton's decision-making process behind its decision to enter into a referral business relationship with the Texas law firm, the terms of that relationship, and information regarding cases that fall within the relationship (other than the instant case) is confidential and proprietary to Labaton, as well as beyond the scope of this case, and public disclosure could cause Labaton competitive harm. *Id.*

Again, Labaton is not seeking to maintain under seal the details of the payment to the Texas law firm in connection with this litigation. However, to the extent the Special Master's Report contains terms of the relationship more broadly, or discussion of other cases that fall within the relationship that are beyond the scope of this litigation (including the amount of the Texas law firm's share of any fees earned by Labaton in other cases subject to the agreement), Labaton seeks to redact these details from any public version of the Special Master's Report, as its public disclosure could cause competitive harm. *Id.* ¶ 13. This type of confidential and

proprietary information is frequently redacted from court records. "[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978); *Bradford& Bigelow*, 109 F. Supp. 3d at 448; *see also Aero Union Corp. v. Aircraft Deconstructors Int'l LLC*, No. 1:11-cv-00484-JAW, 2012 U.S. Dist. LEXIS 120276, at *15 (D. Me. Aug. 24, 2012) (holding that the parties should identify and redact portions of the record which constitute confidential and proprietary information); *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 U.S. Dist. LEXIS 122732, at *6 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between the defendant and a non-party entity to be filed under seal); *Overton v. Sanofi-Aventis U.S., LLC*, No. 13-05535, 2014 Dist. LEXIS 48945, at *6 (D.N.J. Apr. 9, 2014) ("[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents.") (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

Labaton also seeks to redact limited information about Labaton's employees' compensation. This information is proprietary to Labaton and would be useful information for Labaton's competitors. *See Oliver Wyman, Inc. v. Eilson*, 282 F. Supp. 3d 684 (S.D.N.Y. 2017) (holding public disclosure of compensation information might harm litigant's competitive standing and ordering redaction).

The proprietary and confidential nature of these business arrangements constitute a significant countervailing interest against public access.

## III. SETTLEMENT COMMUNICATIONS

Labaton seeks to redact limited information related to the mediation of the underlying dispute against State Street Bank and Trust Company ("State Street"). This category of

information includes communications with ERISA counsel and counsel for State Street made during the parties' mediation. These statements were made during, and in furtherance of, confidentially mediating the above-captioned cases.

In connection with this mediation in this case, the parties and the mediator agreed that communications and proceedings in connection with the mediation process would remain confidential and not be disclosed to others or used in the ongoing litigation. Gardner Decl. ¶ 17. Thus, the parties and State Street expected that any communications made during mediation and in furtherance of settlement would remain confidential and not used for any purpose outside of mediation, much less disclosed publicly. *Id*.

Redacting these communications and treating them confidentially is also consistent with Federal Rule of Evidence 408. Rule 408 protects offers of compromise and negotiations and prohibits the use of this information as evidence except in certain limited circumstances. *Id.* Settlement communications to which a mediator was privy, or made at a mediator's behest, or made to present to a mediator are protected by the federal mediation privilege. *See ACQIS, LLC v. EMC Corp.*, No. 14-cv-13560, 2017 U.S. Dist. LEXIS 100856, at *4-5 (D. Mass. June 29, 2017). These communications made in the course of and relating to the subject matter of the mediation also may be protected from public disclosure by G.L. ch. 233, § 23C.

The importance of confidentiality during mediation strongly outweighs the public right of access. Thus, this category of information should be redacted from the public version of the Special Master's Submission.

## IV. MATERIALS COVERED BY THE PROTECTIVE ORDER ENTERED IN THE UNDERLYING LITIGATION

Labaton seeks to redact information derived from confidential materials that State Street produced to Labaton. During the discovery and mediation phase of this litigation, the parties

sought, and the Court entered a Stipulation, Joint Motion and Order for the Production and Exchange of Confidential Information ("Protective Order," ECF No. 61). In order to facilitate the exchange of confidential discovery by and among the Parties, the Protective Order provided that, "[a]ll Discovery Material, and all Confidential Discovery Material, and any documents or information derived therefrom, shall be used solely for purposes of litigating the Actions and may not be used for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other actual or contemplated judicial, administrative, or arbitral proceeding." Protective Order, ECF No. 61 ¶ 2. The parties designated Discovery Material which contains or reflects non-public, confidential, personal, financial, proprietary, or commercially sensitive information as Confidential Discovery Material. *Id.* ¶ 1. The parties agreed that "[i]n the event that counsel for any Party determines to file with the Court any Confidential Discovery Material or document Treated as Confidential, counsel shall file a motion for impoundment pursuant to Local Rule 7.2." *Id.* ¶ 10. Thus, Labaton moves to redact all information produced to Labaton by State Street as Confidential Discovery Information pursuant to its obligations under the Protective Order. Labaton defers to State Street should the Court have further questions about the specific information that falls within this category.

## V. UNRELATED CASES AND CLIENT NAMES

Labaton seeks to redact unrelated client and case names and details included in the Special Master's Submission that are outside the scope of this litigation and the Special Master's investigation. Although these clients and cases are in no way involved with the matter at hand, Labaton is concerned that references to the clients (or references to cases that can direct a reader to other clients), including their involvement in other litigation, could harm not only Labaton's relationship with the clients, but also cause unwarranted harm to the clients themselves, if their

names arise in connection with these proceedings. Gardner Decl. ¶ 23. The press has paid considerable attention to this case, has scrutinized public filings, and has investigated information disclosed in those public filings. If a member of the press were to reach out to a client after reading about them in the Special Master's Report, it would needlessly burden that client with an obligation to respond to the press inquiry, and detract from that client's mission and responsibilities, as well as potentially seriously harm Labaton's relationship with the client. *Id*. ¶ 24.

Disclosure of clients who are uninvolved with this proceeding violates the privacy interests of these innocent third parties. A countervailing factor favoring non-disclosure is the privacy interests of third parties. *See Kravetz*, 706 F.3d at 62. Third-party privacy interests, in particular, have been referred to as "a venerable common law exception to the presumption of access and weigh heavily in a court's balancing equation." *Id.* (internal quotations and citation omitted) (citing *United State v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); *Ciccolo*, 2015 U.S. Dist. LEXIS 170246, at *10 ("Among the countervailing factors favoring non-disclosure are . . . the privacy interests of third parties."). "[W]here the public's right of access competes with privacy rights, 'it is proper for a district court . . . to edit and redact a judicial document in order to allow access to appropriate portions of the document." *Kravetz*, 706 F.3d at 62 (quoting *United States v. Amodeo*, 44. F.3d 141, 142 (2d Cir. 1995)); *see also Cohen v. Gerson Lehrman Group, Inc.,* No. 09 Civ. 4352, 2011 U.S. Dist. LEXIS 104510, at *5 (S.D.N.Y Sept. 15, 2011) (approving redactions concealing a consulting firm defendant's clients' identities and the specific projects for which the client retained the firm because this information had no bearing on the case and the clients' privacy interests overcame the presumption of access); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. Sept. 29, 2017) (finding that "information concerning [defendant's] clientele could constitute a contractual breach and harm [defendant's]

ability to maintain its existing clients and attract new clients" and approving request to redact and retain this information under seal). Moreover, the references to these other clients and cases are entirely irrelevant to the findings in the Special Master's Report and Recommendations and therefore should not come within the scope of the right of public access. *See Kravetz*, 706 F.3d at 54; *see also Refco Grp.*, 2015 U.S. Dist. LEXIS 92301, at *14-15 (noting that the "presumption of access to [the] documents is low [where] the redacted information is minimally relevant to the parties' claims and does not appear necessary to our helpful in resolving the motion"); *Oliver Wyman,* 282 F. Supp. 3d at 707 (noting that information that is "collateral to the Court's resolution" of the parties' motions "carries a low presumption of access").

## VI. PERSONAL AND FINANCIAL INFORMATION NOT NEEDED FOR THESE PROCEEDINGS

The Special Master's Report also includes documents which contain personal and financial information which should be redacted. This information includes limited discussions during deposition of personal matters unrelated to the case and Labaton's account details. It also includes names of third parties who are not involved in these proceedings. Courts have recognized the need to redact or retain under seal personal information. *See In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003). Further, none of this information is necessary to the public's understanding of the underlying issues of this case and therefore should not be subject to a presumption of disclosure. *See Kravetz*, 706 F.3d at 58-59. Federal Rule of Civil Procedure 5.2 also requires Labaton to redact, unless the Court orders otherwise, social security numbers, taxpayer identification numbers, and financial account numbers, among other things, from public filings. Gardner Decl. ¶ 29. Accordingly, the countervailing interest in keeping private the personal and financial information contained in these documents substantially outweighs the public's right to access this information.

## CONCLUSION

For the reasons set forth above, Labaton respectfully requests that the Court hold that each of these categories of information may be redacted from the public version of the Special Master's Submission.

Dated: June 5, 2018

Respectfully submitted,

By: */s/ Joan A. Lukey*

Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
Stuart M. Glass (BBO No. 641466)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

*Counsel for Labaton Sucharow LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2018, I caused the foregoing Memorandum of Law in Support of Labaton Sucharow LLP's Motion To Redact And Retain Under Seal, filed conventionally, to be served by electronic mail on counsel for all parties and counsel for the Special Master.

*/s/ Joan A. Lukey*

Joan A. Lukey