```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 12-11698-MLW |

<u>ORDER</u>

WOLF, D.J.                                               June 6, 2018

On May 31, 2018, the court ordered, among other things, that:

> By June 5, 2018, counsel for the plaintiff class and for State Street [Bank and Trust Company] shall file motions proposing redactions of categories of information, and supporting memoranda and affidavits, including affidavits from any client who wishes to assert an attorney-client privilege. If there is a proper basis, the submissions may be filed under seal. A redacted version of any sealed submission shall also be filed under seal. The court will decide whether and when to make it part of the public record.

Docket No. 237, ¶2.

On June 5, 2018, all counsel for the plaintiff class except Labaton Suchanow LLP ("Labaton") and State Street responded to this Order with submissions filed for the public record. Labaton filed a motion to impound its submissions, but did not, as ordered, file under seal redacted versions of them. Instead it stated that "[g]iven that the very purpose of the motion is to restrict this material from being filed publicly, it is not feasible to provide an intelligible, redacted version that removes the material that should be filed under seal." Docket No. 253 (under seal) at 2.

If Labaton wanted relief from the May 31, 2018 Order, it should have filed a motion seeking it before June 5, 2018. In any event, its claim that it is not feasible to file an intelligible redacted version of its submissions is unpersuasive.

Therefore, it is hereby ORDERED that Labaton shall file, by 9:00 a.m. on June 7, 2018, versions of its submissions with

redactions consistent with the standards discussed in the May 16, 2018 Order in this case, see Docket No. 223, and any other jurisprudence which Labaton cites with its June 7, 2018 submissions. Any failure to submit a properly redacted version of the June 5, 2018 submissions may, among other things, result in the denial of Labaton's motion to impound.

```
                                    /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE
```

3