UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>          v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.  11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN,WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>          v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.  11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>          v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.  12-11698-MLW |

MEMORANDUM AND ORDER (UNDER SEAL)


WOLF, D.J.                                        June 11, 2018

On June 8, 2018, Labaton Sucharow LLP ("Labaton") filed a motion to impound its Motion Concerning Issues Raised at May 30, 2018 Hearing, with redacted copies for possible filing on the public record. The documents that Labaton moves to have sealed are a motion and supporting memorandum seeking the court's recusal, pursuant to 28 U.S.C. §455(a), on the ground that a reasonable person could question the court's impartiality. Labaton states that "[s]uch motion relates in substantial part to the issue newly raised by the Court at the hearing on May 30, and particularly to statements made at a sealed sidebar conference regarding the Court's belief that questions are raised of public corruption by the Special Master's Report & Recommendation . . . ." Docket No. 275 (under seal) at 2.[1] The references to that sidebar conference

---

[1] The sealed sidebar conference includes, but is not limited to, the following colloquy:

> THE COURT: And I think that – and they may not be questions to be resolved in this case, but I think it is foreseeable that when the Report becomes public, there are going to be questions about the origin of this relationship and whether all those millions of dollars stopped with Mr. Chargois.
>
> Mr. Kelly was a prosecutor, and Arkansas these days is – ears may perk up.
>
> *****
>
> MS. LUKEY: Your honor, are you suggesting there was an impropriety involving Senator Faris with the monies being paid? Beause there is nothing.  I mean nothing.

are redacted from the versions of the submissions that might be made public.

_____

> THE COURT: I'm suggesting that those questions -- yes, those questions occur to me when I read it.
>
> I don't know that they will be resolved here, but I am concerned that when the relationship between Arkansas Teacher and Labaton is disclosed, and Arkansas Teacher's going to be defending itself, and its interests are different than the interest of the class.

Docket No. 244 (under seal) at 4.

> MS. LUKEY: Your Honor, I just have to ask you - I do want to say something in court, but I need to ask you because it informs what we do next.  Have you formed an opinion that there is something in this record that suggests that some form of public corruption occurred?
>
> THE COURT: No.
>
> MS. LUKEY: Have you formed the opinion the money was going back to Senator Faris or somebody else?
>
> THE COURT: No.
>
> But I've formed the opinion that those are questions that are raised, and they may well not be questions that would be resolved or could be resolved in this case.  But I can foresee the reasonable likelihood that the conduct of Arkansas Teacher is going to become part of the controversy, and it causes me to have questions about whether it's an appropriate lead plaintiff.
>
> Who is representing -- remember what this is about.  Who is representing the class?

Id. at 7-8.

The court is considering denying the motion to impound Labaton's motion concerning recusal and supporting memorandum, and unsealing the transcript of the May 30, 2018 sidebar conference. There is a presumption of a public right to court records on which judicial decisions are based. See FTC v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987). The presumption is based, in part, on the fact that "[p]ublic access to judicial records and documents allow the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty, and respect for our legal system." Id. at 410 (internal quotations omitted). The presumption of public access does not extend, however, to "those documents which play no role in the adjudicative process." Id. at 408.

When the court sealed the transcript of the May 30, 2018 sidebar conference that colloquy was not the subject of any motion to be decided by the court. It is now at the heart of a motion relating to "respect for our legal system." Id. at 410. Therefore, the presumption of public access is particularly strong, raising the question of whether continued sealing is permissible and, in any event, appropriate.

Labaton has no objection to the motion and memorandum being unsealed after the court has decided questions of redactions, and has issued public versions of the Master's Report and Recommendation and related submissions. See Docket No. 274 at 2.

It is uncertain when that will be done.  The court, however, will decide the request for its recusal as promptly as its busy schedule permits, and doubts that issuing an intelligible redacted version of its decision would be feasible or appropriate.

Therefore, as indicated earlier, the court is considering denying Labaton's request to impound the unredacted versions of its submissions and unsealing the transcript of the May 30, 2018 sidebar conference.  Recognizing that Labaton may wish to be heard further on these issues, it is hereby ORDERED that:

1.    Labaton shall, by June 13, 2018 at 9:00 a.m., address, under seal, whether its June 8, 2018 submissions concerning recusal and the transcript of the May 30, 2018 sidebar conference should be unsealed, and provide authority for its position if it opposes unsealing.

2.    Unless otherwise ordered, the Master and law firms other than Labaton that are subjects of the Master's Report and Recommendation need not respond to Labaton's motion concerning recusal.

3.    As this Memorandum and Order includes information that is under seal, it is SEALED at least temporarily.

UNITED STATES DISTRICT JUDGE