**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>    Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>    Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>    Defendant. | No. 12-cv-11698 MLW |

**MOTION FOR ORDER DIRECTING MASTER TO RESPOND TO INQUIRY**
**REGARDING *EX PARTE* COMMUNICATIONS WITH THE COURT**

While expressly preserving its position that the Special Master should have no further role in these proceedings, Labaton Sucharow LLP ("Labaton") respectfully moves for an Order directing the Special Master to disclose all substantive *ex parte* communications with the Court, including but not limited to communications regarding alleged public corruption.

As grounds for this motion, Labaton says the following:

Labaton has grown increasingly concerned that the Special Master may have engaged in substantive *ex parte* communications with the Court from which a reasonable person could form the belief that an untainted *de novo* review by the Court is no longer possible. In significant part, the genesis of this concern arises from the May 30, 2018 hearing (the "May 30 hearing") and its aftermath, which events can be summarized as follows:

As was publicly revealed at the May 30 hearing, one key issue raised by the Special Master in his Report & Recommendations ("Report") relates to the fee division that occurred between Customer Class Counsel and the Texas lawyer who facilitated Labaton's introduction to Arkansas Teacher Retirement System ("ATRS"). Although the Report makes no finding, and raises no allegation, of public corruption or diversion of funds to a public official, the specter of same was raised by the Court's examination under oath of ATRS' Executive Director at the hearing on May 30, 2018. At a sidebar conference following that examination, the Court offered the view that it "is forseeable that when the Report becomes public, there are going to be questions about the origin of this relationship and whether all those millions of dollars stopped with Mr. Chargois." May 30, 2018 Sidebar Conf. (ECF No. 244) at 4. Labaton's counsel expressed shock at the suggestion and posed questions directly to the Court as to whether the Court had "formed an opinion that there is something in this record that suggests that some form of public corruption occurred," or that "money was going back to [a State Senator] or somebody

else," the Court responded that it had not; but that it had "formed the opinion that those are questions that are raised…" by the Report and record. *Id.* at 7-8. Labaton's counsel protested throughout the sidebar that there was no support for such statements in the Report or the exhibits to the Report, and that the Special Master had suggested no such thing. *See, e.g., id*. at 4, 5, 6.

In a June 18, 2018, letter from the Special Master's counsel to Labaton's counsel, the Special Master suggested that support for "inappropriate political activities" could be found either in the Report or in the exhibits, and called upon Labaton's counsel to "clarify" her statements to the Court, and, curiously, to "move to enlarge the record to include all emails on these topics."[1] Struck by the fact that the Special Master was focusing upon alleged improper political activities that were not the subject of his own Report, Labaton became concerned that the Special Master may have been the source of the Court's misapprehension regarding political corruption. Labaton's counsel responded the next day,[2] calling upon the Special Master to disclose "whether there was any form of *ex parte* communication from the Master to the Court suggesting public corruption," and stating that, "[i]n fairness to the parties as well as the Court, if this notion started with the Master, that fact should be disclosed."[3] A true and accurate copy of Labaton's response to the Special Master is filed herewith under seal as Exhibit 1.

---

[1] Labaton does not know to what emails the Special Master is referring, but notes that the Court's comments at the May 30 hearing could not have been premised on materials that are not in the Master's Report or exhibits.

[2] Labaton does not believe that its June 19 response contains information that is required to be under seal, and does not object to public filing of the letter. However, in an abundance of caution, because the Special Master filed his letter under seal, Labaton is following suit. From Labaton's perspective, the Court is free to release the letter.

[3] As Labaton noted in n. 2 to its Memorandum in support of its Motion pursuant to 28 U.S.C. § 455(a), Labaton is not aware of any direct evidence that an *ex parte* communication of this nature occurred. Such information is only in the possession of the Special Master and the Court; hence, Labaton is filing this motion.

The Special Master has not responded to Labaton's question. If the Special Master did, in fact, engage in one or more substantive *ex parte* communication(s) with the Court on a subject that unavoidably raises the specter of taint, that information will directly inform the course that Labaton will follow in response to the Court's denial (Minute Order, ECF No. 315) of Labaton's Motion pursuant to 28 U.S.C. § 455(a). ECF No. 275. *Cf. Edgar v. K.L.*, 93 F. 3d 256, 259-60 (7th Cir. 1996) (holding that off-the-record briefings by court-retained experts to the Judge required recusal because "[a] thoughtful observer aware of all the facts … would conclude that a preview of evidence by a panel of experts who had become partisans carries an unacceptable potential for compromising partiality.").

WHEREFORE, Labaton respectfully prays that the Court order the Special Master to (a) produce any written substantive *ex parte* communications with the Court, including without limitation those relating to the suggestion of public corruption, and (b) provide the substance and timing of any and all oral *ex parte* communications with the Court, including without limitation those relating to the suggestion of public corruption.

June 22, 2018                                                                 Respectfully submitted,


                                                                              By: */s/ Joan A. Lukey*
                                                                                   Joan A. Lukey (BBO No. 307340)
                                                                                   Justin J. Wolosz (BBO No. 643543)
                                                                                   Stuart M. Glass (BBO No. 641466)
                                                                                   CHOATE, HALL & STEWART LLP
                                                                                   Two International Place
                                                                                   Boston, MA 02110
                                                                                   Tel.: (617) 248-5000
                                                                                   Fax: (617) 248-4000
                                                                                   joan.lukey@choate.com
                                                                                   jwolosz@choate.com
                                                                                   sglass@choate.com

                                                                                   *Counsel for Labaton Sucharow LLP*

**Local Rule 7.1 Certification**

Labaton's counsel contacted other counsel in this case in order to confer regarding the substance of this motion. The Thornton Law Firm does not oppose this motion. State Street and McTigue Law take no position on the relief requested. The remaining counsel have not responded as of the time of this filing.

/s/ *Joan A. Lukey*
Joan A. Lukey

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2018, I caused the foregoing Motion to be served by electronic mail on counsel for all parties and counsel for the Special Master.

/s/ *Joan A. Lukey*
Joan A. Lukey