# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>      Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>      Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>      Defendant. | No. 12-cv-11698 MLW |

**MOTION OF CUSTOMER CLASS COUNSEL FOR PROCESS ASSOCIATED WITH
<u>RELEASE OF REPORT BEFORE RELEASE OF EXHIBITS</u>**

8723679v1

Without waiving their objection to the public release of the Master's Report & Recommendations ("Report") *before* the public release of the exhibits thereto, but, rather, expressly reiterating their request that the Report be withheld until the exhibits can be released simultaneously, Labaton Sucharow LLP, Lieff Cabraser Heimann & Bernstein, LLP, and the Thornton Law Firm LLP (collectively, "Customer Class Counsel") request implementation of the following protocol, in the event that the Court proceeds over that objection with the public release of the Report alone:

**First, that the Court permit the parties two business days, or at very least one business day, from the Court's e-service of the Report on the parties until the moment of its public release, in order to allow simultaneous public release of the parties' Objections to the Report.**

As grounds for this request, Customer Class Counsel say that, given their extraordinarily strong objections to certain of the Master's findings of fact and rulings of law, it is critically important to Customer Class Counsels' due process rights that the Objections to the Report be available to the public at the same time that the Report becomes available to the public.[1] Presenting exclusively one partisan view of the facts and perspectives on the law, while withholding the other view, would cause irreparable prejudice to Customer Class Counsel. But, the parties cannot publicly release their Objections without having the opportunity to conform them to the final redactions as determined by the Court. Otherwise, the Firms run the risk of revealing that which the Court intended to keep under seal.

---

[1] In the words of Daniel Webster, due process of law is "a law, which hears before it condemns . . ." *Trs. of Dartmouth College v. Woodward*, 17 U.S. (4 Wheat.) 518, 624 (1819). The likelihood of "condemnation" is high if the public hears first only one highly partisan version of the facts and law, to wit: that of the Master. If that is to occur, Customer Class Counsel's due process rights will be violated.

The presumption of public access to which the Court has repeatedly made reference does not eliminate the Court's role as gatekeeper, nor does it derogate the parties' rights to due process of law.  A short delay of two, or at least one, business day(s) to allow an essentially simultaneous public release of the Report and the Objections to the Report will not defeat the presumption in favor of public access and is consistent with the Court's obligations as gatekeeper.

**Second, that the parties be permitted to include in their Objections unredacted quotes or paraphrasing of language located in an exhibit that is still under seal, if no party has redacted that language in their proposed redactions.**

Presumably the extent of the permitted redactions in the Report itself will be finalized by the time of the public release of the Report.  But, if the Report is released without the exhibits over Customer Class Counsel's objection, the parties will not yet know which redactions will be retained in the exhibits.  This in turn means that the parties will potentially be prevented from referencing or quoting broad swaths of information from the exhibits that no participant suggests should be redacted, e.g., the circumstance where two pages contain redactions in a 100 page deposition transcript.  Such a limitation unnecessarily circumscribes the Objections to the Report in a manner that interferes with the parties' ability to present publicly the areas of dispute.   In this instance, the presumed right of public access unequivocally favors Customer Class Counsels' position:  The more information that can be released without offending any participant's perceived need for a redaction, the more information that the public will be able to review without further delay.

**Conclusion**

Customer Class Counsel renew their request in the first instance that the Court refrain from publicly releasing the Report until such time as it is in a position to rule upon redaction requests and release the exhibits as well. In the event that the Court will not honor that request, Customer Class Counsel pray (a) that the Court provide them with two business days, or at minimum one business day, to conform their Objections to the redactions determined by the Court, before the public release of the Report; and (b) that they be permitted in their Objections to cite to, and quote from, portions of exhibits that are not the subject of a redaction request by any party.

June 26, 2018

Respectfully submitted,

By: */s/ Joan A. Lukey*
    Joan A. Lukey (BBO No. 307340)
    Justin J. Wolosz (BBO No. 643543)
    Stuart M. Glass (BBO No. 641466)
    CHOATE, HALL & STEWART LLP
    Two International Place
    Boston, MA 02110
    Tel.: (617) 248-5000
    Fax: (617) 248-4000
    joan.lukey@choate.com
    jwolosz@choate.com
    sglass@choate.com

    *Counsel for Labaton Sucharow LLP*

By: */s/ Richard M. Heimann*
Richard M. Heimann (pro hac vice)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com

*Counsel for Lieff Cabraser Heimann & Bernstein, LLP*


By: */s/ Brian T. Kelly*
Brian T. Kelly, Esq. (BBO No. 549566)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel.: (617) 345-1000
Fax: (617) 345-1300
bkelly@nixonpeabody.com

*Counsel for The Thornton Law Firm LLP*


### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

Labaton's counsel contacted other counsel in this case in order to confer regarding the substance of this motion. The Special Master and McTigue Law LLP oppose the first request in the motion and take no position on the second request. Keller Rohrback and Zuckerman Spaeder take no position on either request. State Street takes no position on the first request; as to the second request, (1) with respect to deposition transcripts, State Street is in the process of conferring with counsel for the Special Master and may propose an alternate process to the one set forth herein; and (2) State Street does not oppose the relief requested with respect to exhibits that are not deposition transcripts.

*/s/ Joan A. Lukey*
Joan A. Lukey

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record on June 26, 2018.

                                            */s/ Joan A. Lukey*
                                            Joan A. Lukey

8723679v1