REDACTED

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW <br><br> **FILED UNDER SEAL** |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 12-cv-11698 MLW |

## OPPOSITION OF LABATON SUCHAROW LLP TO SPECIAL MASTER'S MOTION FOR LEAVE TO FILE LETTER WITH COURT (UNDER SEAL)

8725661v1

Labaton Sucharow LLP ("Labaton") opposes the Special Master's Motion for Leave to File Letter (the "Letter") with Court (Under Seal) (the "Motion"), filed conventionally on June 25, 2018.  As grounds for this objection Labaton says the following:

1.      The Special Master's authority ended with the filing of his Report & Recommendations, pursuant to the terms of the Appointment Order.  *See* ECF No. 173.  Labaton has previously noted, and hereby reiterates, its objection to the continuing role assumed by the Special Master without authorization under the Appointment Order.  *See, e.g.*, 9C Wright & Miller, *Federal Practice and Procedure*, § 2602.2 at 550-51 (3d ed. 2008) ("[T]he order appointing a master is vitally important in defining the master's duties and authority, and should be clear and precise. . . . [T]he appointing order is the most important delineation of a master's authority and duties.").

2.      In particular, Labaton notes its objection to any expectation that it, and other Customer Class Counsel, should be required to continue funding the expenses incurred by the Special Master.  Any such expectation is inappropriate given that the Special Master is now conducting himself beyond the permissible scope of his Appointment Order (*see* ECF No. 173), and is now, more than ever, conducting himself as a partisan and an adversary rather than as a neutral.  *See* Letter.

3.      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8725661v1



8725661v1



June 26, 2018                                Respectfully submitted,

By: /s/ Joan A. Lukey
    Joan A. Lukey (BBO No. 307340)
    Justin J. Wolosz (BBO No. 643543)
    Stuart M. Glass (BBO No. 641466)
    CHOATE, HALL & STEWART LLP
    Two International Place
    Boston, MA 02110
    Tel.: (617) 248-5000
    Fax: (617) 248-4000
    joan.lukey@choate.com
    jwolosz@choate.com
    sglass@choate.com

    *Counsel for Labaton Sucharow LLP*

### CERTIFICATE OF SERVICE

    I hereby certify that on June 26, 2018, I caused the foregoing document, filed conventionally, to be served by electronic mail on counsel for all parties and counsel for the Special Master.

    /s/ Joan A. Lukey
    Joan A. Lukey

8725661v1