UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 11-10230-MLW |
| v. | ) | |
| | ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) | |
| Defendants. | ) | |
| | | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN,WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 11-12049-MLW |
| | ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) | |
| Defendants. | ) | |
| | | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 12-11698-MLW |
| | ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) | |
| Defendants. | ) | |

ORDER

WOLF, D.J.                                          June 28, 2018

On June 21, 2018, I issued an Order denying Labaton Sucharow, LLP's ("Labaton") motion seeking my recusal pursuant to 28 U.S.C. §455(a) (Docket No. 275) because a reasonable person could not question my impartiality in this case, and stated that the reasons for that decision would be explained in a forthcoming Memorandum and Order. See Docket No. 315. That Memorandum and Order was issued on June 28, 2018. See Docket No. 358.

After the June 21, 2018 Order was issued, the Master filed a letter under seal asking for permission to identify documents and information in the record which, in the Master's opinion, refute certain assertions made by Labaton at the May 30, 2018 hearing and in its motion for my recusal. See Docket No. 329 (under seal). The Master also proposed to enlarge the record to some, unclear extent. A redacted version of the June 21, 2018 letter was made part of the public record. See Docket No. 335.

The Master' request was made after the motion for recusal was denied. Most of the documents and information the Master proposes to bring to my attention are already in the record of this case and, therefore, are available if Labaton moves for a writ of mandamus requesting that the First Circuit order my recusal. I did not consider any evidence not already in the record in deciding that my recusal is not justified. Therefore, the Master's request is being denied.

Also after I issued the June 21, 2018 Order denying Labaton's motion for my recusal, which was filed on June 5, 2018, see Docket No. 275, Labaton filed a Motion for an Order Directing Master to Respond to Inquiry Regarding Ex Parte Communication With the Court. See Docket No. 334.   Labaton expressed concern that the Master "may have engaged in substantive ex parte communications with the Court from which a reasonable person could form the belief that an untainted de novo review by the Court is no longer possible." Id. at 1.  Labaton also stated that "[i]n significant part, the genesis of this concern arises from the May 30, 2018 hearing and its aftermath . . . ." Id.  Labaton could have, but did not, request discovery when it filed its motion for my recusal after the May 30, 2018 hearing and prior to the denial of the motion.  Moreover, the 71-page June 28, 2018 Memorandum and Order includes a thorough discussion of my ex parte communications with the Master, which were lmited to administrative matters, and explains why they could not cause a reasonable person to question my impartiality.  See Docket No. 358 at 6, 10-11, 33-40, 62-68.  Therefore, Labaton's motion is being denied.

In view of the foregoing, it is hereby ORDERED that:

1.  The request to clarify the record made in the Master's June 21, 2018 letter to the court (Docket No. 329-1)(under seal) is DENIED.

2.    Labaton's Motion for Order Directing Master to Respond to Inquiry Regarding Ex Parte Communications With The Court (Docket No. 334) is DENIED.

UNITED STATES DISTRICT JUDGE