# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

**KELLER ROHRBACK'S NOTICE OF EXCEPTIONS TO ECF 359 AND ECF 361**

Labaton Sucharow LLP ("Labaton") and Thornton Law Firm LLP ("Thornton") have filed objections to various aspects of the Special Master's Report (ECF 357 ("Report"); 357-1 ("Executive Summary")). The Labaton objection is ECF 359; the Thornton objection is ECF 361. Keller Rohrback L.L.P. files this Notice of Exceptions to address certain statements in those objections.

Both Labaton and Thornton appear to defend the non-disclosure of payment of $4.1 million to Damon Chargois, in part, by noting that ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████, but there is no fair comparison between the two situations. Labaton knew ████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████. Despite this, Labaton paid Mr. Chargois $4.1 million dollars of class legal fees.

In contrast, Mr. Sarko had no knowledge of ████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████

Labaton and Thornton confuse the issue when they compare Labaton's non-disclosure of ████████████ with ████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████

████████████████████████████

The record should be clear: ████████████████████

██████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

[1] Such disclosure at the time would have avoided the post-award investigative process in which the Court and the parties are now embroiled.

RESPECTFULLY SUBMITTED this 10th day of July, 2018.

              KELLER ROHRBACK L.L.P.

              By: */s/ Lynn Lincoln Sarko*
                 Lynn Lincoln Sarko
                 Laura R. Gerber
                 1201 3rd Avenue, Suite 3200
                 Seattle, WA  98101
                 Tel.: 206-623-1900
                 Fax: 206-623-3384
                 lgerber@kellerrohrback.com
                 lsarko@kellerrohrback.com

                 *Counsel for The Andover Companies*
                 *Employee Savings and Profit Sharing Plan*
                 *and James Pehoushek-Stangeland*

---

[1] Mr. Sarko is not an expert in the bar and ethics rules for Massachusetts, New York, Texas, or Arkansas and therefore does not mean to express an opinion on the ultimate question of whether the payments to Mr. Chargois would have been proper if they had been accurately disclosed.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed via the ECF system will be sent electronically to all counsel of record on July 10, 2018.

/s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko
