UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 12-11698-MLW |

**KELLER ROHRBACK'S NOTICE OF EXCEPTIONS TO ECF 359 AND ECF 361**

Labaton Sucharow LLP ("Labaton") and Thornton Law Firm LLP ("Thornton") have filed objections to various aspects of the Special Master's Report (ECF 357 ("Report"); 357-1 ("Executive Summary")). The Labaton objection is ECF 359; the Thornton objection is ECF 361. Keller Rohrback L.L.P. files this Notice of Exceptions to address certain statements in those objections.

Both Labaton and Thornton appear to defend the non-disclosure of payment of $4.1 million to Damon Chargois, in part, by noting that Lynn Sarko did not inform the Department of Labor ("DOL") about any anticipated division of Court-approved fees among the class counsel of record in the three consolidated class cases (*see* Labaton Obj. at 9-10; Thornton Obj. at 101 n.84), but there is no fair comparison between the two situations. Labaton knew that Mr. Chargois never appeared as counsel of record or performed any legal work in any of the class cases. Mr. Chargois's role in the case was never disclosed to any of the class representatives, to ERISA counsel, or to the Court. And Labaton apparently misrepresented Mr. Chargois's role in the case to certain customer class counsel. Despite this, Labaton paid Mr. Chargois $4.1 million dollars of class legal fees.

In contrast, Mr. Sarko had no knowledge of the existence of Mr. Chargois or the secret arrangement to pay Mr. Chargois a percentage of the class legal fees. Mr. Sarko's first knowledge of Mr. Chargois or the Labaton/Chargois financial agreement was when it was first revealed to him during the course of the Special Master's investigation. (Ex. 37 (Sarko Dep.) at 71:14-23). Mr. Sarko could not have disclosed Mr. Chargois's involvement to the DOL prior to the final approval hearing because Mr. Chargois's involvement had been kept hidden from Mr. Sarko. Mr. Sarko testified that in his experience the DOL values transparency in fee petitions and has a strong institutional interest in seeing that fees in private ERISA litigation are justified (*id.*

at 13:10-15:13); that he would have informed the DOL about the arrangement to pay Mr. Chargois a share of the fee award in this case if he had known about it (*id.* at 76:14-22); and that he expected the DOL might have had questions and expressed concern about the Chargois arrangement (*id.* at 91:17-92:18).

Labaton and Thornton confuse the issue when they compare Labaton's non-disclosure of the Chargois payment with Mr. Sarko's principled position that the DOL should not concern itself with fee division agreements *among class counsel of record* in a case so long as the total class fee is fair, reasonable and adequate and ERISA class members (the DOL's area of interest) are fully protected. (*Id.* at 52:11-54:17). Here, Mr. Sarko never concealed anything from the DOL or any other party: the DOL knew that fee division agreements among class counsel were in place, it asked about them, and it approved the class settlement after being satisfied that class attorneys' fees paid by ERISA class members would be capped at $10.9 million and that Judge Wolf would scrutinize the entire fee petition for fairness. The DOL likely would have received information about specific fee-division agreements between class counsel if it had pressed for that information, but even if that happened Mr. Sarko could not have told the DOL about the secret Chargois arrangement because Mr. Sarko was kept in the dark.

The record should be clear: while Mr. Sarko may have believed that the DOL need not concern itself with fee division agreements *among class counsel of record* in this case, he would have reacted very differently if he had been informed of the plan to pay some of the Court-approved class fee award to an attorney who never filed a notice of appearance in the case, never did any work in the case, and whose role in the case had been concealed and/or misrepresented. If the truth about the Chargois arrangement had been known at the time, Mr. Sarko believes that it would have been of material interest to the ERISA counsel, the ERISA class representatives,

and to the DOL. (*Id.* at 76:14-22; 91:4-92:18).[1] In Mr. Sarko's opinion, at the very least the Chargois arrangement should have been disclosed to the other class counsel (including ERISA counsel), the class representatives, the DOL and the Court so that they could ask proper questions and satisfy themselves as to the propriety of such a payment. Such disclosure at the time would have avoided the post-award investigative process in which the Court and the parties are now embroiled.

RESPECTFULLY SUBMITTED this 10th day of July, 2018.

KELLER ROHRBACK L.L.P.

By: */s/ Lynn Lincoln Sarko*
Lynn Lincoln Sarko
Laura R. Gerber
1201 3rd Avenue, Suite 3200
Seattle, WA 98101
Tel.: 206-623-1900
Fax: 206-623-3384
lgerber@kellerrohrback.com
lsarko@kellerrohrback.com

*Counsel for The Andover Companies Employee Savings and Profit Sharing Plan and James Pehoushek-Stangeland*

---

[1] Mr. Sarko is not an expert in the bar and ethics rules for Massachusetts, New York, Texas, or Arkansas and therefore does not mean to express an opinion on the ultimate question of whether the payments to Mr. Chargois would have been proper if they had been accurately disclosed.

## CERTIFICATE OF SERVICE

I hereby certify that this UNREDACTED document, filed by hand with the Clerk's Office Under Seal, was served on counsel of record and the Special Master via email on July 11, 2018.

/s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko