UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>　　　　　　　　　　Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>　　　　　　　　　　Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>　　　　　　　　　　Defendant. | No. 12-cv-11698 MLW |

**MEMORANDUM OF LAW IN SUPPORT OF LABATON SUCHAROW LLP'S MOTION FOR PARTIAL STAY PENDING RESOLUTION OF <u>PETITION FOR WRIT OF MANDAMUS</u>**

Labaton Sucharow LLP ("Labaton") hereby submits this Memorandum in support of its Motion for Partial Stay Pending Resolution of Petition for Writ of Mandamus. For the reasons explained below, a temporary stay is warranted in order to allow the United States Court of Appeals for the First Circuit to consider and decide the Petition for Writ of Mandamus (the "Mandamus Petition"), which will thereby determine which judge will preside over this case going forward.[1]

**Background**

Following a fourteen-month investigation into issues relating to the attorneys' fees, expenses, and service awards made in the above-captioned case, on May 14, 2018, the Special Master (the "Master") submitted his 377-page Report and Recommendations ("Report"). As Labaton has explained in other filings, the Master's Report includes novel, unorthodox, and at times plainly incorrect findings of fact and conclusions of law, with which Labaton firmly disagrees. *See* Labaton Sucharow LLP's Objections to Special Master's Report and Recommendations (filed under seal on June 28, 2018; redacted version at ECF No. 359); Labaton Sucharow LLP's Supplemental Objections to Special Master's Report and Recommendations (ECF No. 379).

Pursuant to Federal Rule of Civil Procedure 53(f), the Court must now review the findings and conclusions in the Master's Report *de novo*. Among the issues that the Court will

---

[1] Labaton is not asking the Court to stay the deadlines for the parties to submit proposed redactions, nor is Labaton asking the Court to refrain from making decisions regarding the timing and substance of redaction requests. Labaton's motion is directed at all substantive decisions, including, without limitation, action on the Special Master's Report and Recommendation (and the objections thereto), as well as action on Customer Class Counsel filed a Motion for an Accounting, and for Clarification that the Master's Role Has Concluded (ECF No. 302).

decide is the propriety of a fee division that occurred between Customer Class Counsel[2] and Chargois & Herron, the Texas law firm that facilitated Labaton's introduction to Arkansas Teacher Retirement System ("ATRS"). Although a fee division with an attorney who does not work on a matter is permissible under Massachusetts law, the Master is highly critical of the fee-sharing here, and goes to great lengths to find (among other things) that Labaton was required to, but did not, disclose this fee division to the Court or the class. *See* Special Master's Report and Recommendations, at 246-326 (ECF No. 357). Labaton strongly contests all of these findings and conclusions.

Labaton believes that a reasonable person might conclude that an impartial, *de novo* review by this Court relating to this and other issues stemming from the Master's Report is not possible. One main source of Labaton's concern involves the May 30, 2018 hearing before the Court (the "May 30 Hearing") and its aftermath. At the May 30 Hearing, particularly during the Court's examination under oath of ATRS' Executive Director, the Court strongly suggested to the attorneys and others present in the courtroom that the Master's Report includes factual findings and conclusions of law involving public corruption in connection with ATRS. Such suggestions do not find support in the Master's Report or the record of the Master's proceedings. Following the May 30 Hearing, based upon this line of questions and for several other reasons, Labaton filed a motion asking the Court to consider whether it should recuse itself pursuant to 28 U.S.C. § 455(a). *See* Memorandum of Law in Support of Labaton Sucharow LLP's Motion Concerning Issues Raised at May 30 Hearing, at 2-3 (ECF No. 276). On June 21, 2018, the Court denied Labaton's recusal motion and stated that the reasons for the decision would be explained in a forthcoming Memorandum and Order. Order (ECF No. 315).

---

[2] Labaton, the Thornton Law Firm, and Lieff Cabraser Heimann & Bernstein, LLP.

The Court filed its Memorandum and Order setting forth its reasoning on June 28, 2018 ("Recusal Opinion") (ECF No. 358). The latter document greatly exacerbated Labaton's concerns, as it stated the Court's bases for the public corruption questions and comments at the May 30 Hearing: First, the Court admitted to one or more *ex parte* communications with the Master relating to a previously undisclosed conversation between the Master and an Assistant United States Attorney in January of 2018. The latter conversation concerned an unrelated investigation of the Thornton Law Firm, in which neither Labaton nor ATRS was involved. The Court nonetheless acknowledged speculating with the Master, with no apparent basis, that the "prosecutors' investigation suggested questions about whether any of the money paid to [] Chargois had been used to make political contributions or other payments, and the potential for the criminal investigation to expand to include Chargois." Recusal Opinion, at 39. Second, the Court acknowledged that the May 30 questions and comments related to an unsubstantiated newspaper article in January of 2017 relating to Labaton's political contributions in Massachusetts.

On Friday, July 6, 2018, Labaton filed the Mandamus Petition with the United States Court of Appeals for the First Circuit, asking the appellate court to order recusal on the ground that a reasonable person might question the Court's impartiality. The Mandamus Petition raises three main issues as the basis for the relief Labaton seeks: (a) that a reasonable person might question the Court's impartiality based upon the Court's *ex parte* communications with the Master (a number of which were revealed for the first time in the Recusal Opinion) and reliance upon media reports that did not relate to ATRS or this litigation (Mandamus Petition, at 20-24); (b) that a reasonable person might question the Court's ability to decide impartially who was responsible for determining or disclosing the existence of any fee division from Customer Class

3

Counsels' fee award (*id.* at 24-26); and (c) that a reasonable person might question the Court's ability to decide impartially whether the Master's Compensation has been excessive (*id.* at 26-27). The Mandamus Petition is pending.

## Argument

Labaton respectfully requests that the Court stay any further action pending the outcome of the Mandamus Petition and a decision by the First Circuit regarding whether recusal is warranted pursuant to 28 U.S.C. § 455(a). This Court's authority to stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants" is well established. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 245-55. Labaton respectfully suggests that the weighing of competing interests strongly favors a temporary, partial stay of substantive decisions here, until the First Circuit decides whether this Court, or a different judge, will preside over the remaining phases of this case.

The principle is well established that, "[a]s a general rule, a trial judge who has recused himself 'should take no other action in the case except the necessary ministerial acts to have the case transferred to another judge.'" *El Fenix de P.R. v. The M/Y Johanny*, 36 F.3d 136, 141-42 (1st Cir. 1994) (quoting 13A Wright & Miller, *Federal Practice & Procedure* § 3550 (2d ed. 1984)); *see also United States v. O'Keefe*, 128 F.3d 885, 891 (5th Cir. 1997) ("Once a judge recuses himself from a case, the judge may take no action other than the ministerial acts necessary to transfer the case to another judge"). Likewise, it follows that if the appellate court were to decide that a reasonable person could question the Court's impartiality, the Court should make no further decisions affecting the parties' rights.

Although the Court of Appeals has not yet ruled on the Mandamus Petition, this Court should enter a partial stay now. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988). Section 455(a) "safeguards not only the litigants' constitutional entitlement to an unbiased adjudication, but the public's perception of the integrity of the judicial process." *El Fenix de P.R.*, 36 F.3d at 142 n.7 (internal citation omitted). Because Labaton has raised a serious question as to the Court's impartiality, the Court should defer further action in this case until the First Circuit has evaluated Labaton's petition and decided whether a writ should issue. Indeed, this Court has recognized the prudence of a stay of proceedings during the pendency of such a petition in the past. *See United States v. Salemme*, 164 F. Supp. 2d 86, 112-13 (D. Mass. 1998) (Wolf, J.) (declining to self-recuse, but providing that "if an authorized representative of the government requests a stay and expresses an intention to file promptly with the Court of Appeals for the First Circuit a petition for a writ of mandamus seeking to compel my recusal, I will stay this case in order to provide the Court of Appeals for the First Circuit whatever time it needs to act on that petition").

Denial of a stay could also lead to inefficiency and waste. If the Court of Appeals grants Labaton's Mandamus Petition, substantive decisions that post-date Labaton's recusal motion would likely need to be vacated. *See N.Y. City Housing Dep't Corp. v. Hart*, 796 F.2d 976, 979 (7th Cir. 1996) ("order[s] rendered after the filing of the [§ 455(a) recusal] motion must be vacated – by the district judge or by writ of mandamus – if the motion ultimately is granted"); *Moody v. Simmons*, 858 F.2d 137, 144 (3d Cir. 1988) ("Because the judge should have recused after finding that his impartiality could reasonably be questioned, we will grant the writ of mandamus to vacate all orders (including opinions) entered by the judge after [the hearing on

5

recusal]."). Respectfully, it would not benefit any party or person to have this Court render substantive decisions only to have them subject to being vacated and treated as if they were never issued. The preferable path is to defer substantive decisions temporarily, until the Mandamus Petition is decided, thereby avoiding the inefficiency and the possible issuance of orders that the Court of Appeals determines should not have been decided by this Court.

### Conclusion

For all of the foregoing reasons, Labaton respectfully requests that the Court stay any further substantive decisions in this matter, pending the outcome of Labaton's Mandamus Petition in the United States Court of Appeals for the First Circuit.

Dated: July 13, 2018

Respectfully submitted,

By: */s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
Stuart M. Glass (BBO No. 641466)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

*Counsel for Labaton Sucharow LLP*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record on July 13, 2018.

*/s/ Joan A. Lukey*
Joan A. Lukey

6