**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) ) | C.A. No. 11-10230-MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| State Street Bank and Trust Company, | ) ) | |
| Defendants. | ) ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | C.A. No. 11-12049-MLW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| State Street Bank and Trust Company, | ) ) | |
| Defendants. | ) ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | C.A. No. 12-11698-MLW |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| State Street Bank and Trust Company, | ) ) | |
| Defendant. | ) ) ) | |

**MCTIGUE LAW LLP'S NOTICE OF EXCEPTIONS TO THE OBJECTIONS OF LABATON SUCHAROW LLP AND THE THORNTON LAW FIRM LLP TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION**

McTigue Law LLP ("McTigue Law") — the original ERISA counsel in this case[1] representing named Plaintiffs Arnold Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland — files the following exceptions to the objections of Labaton Sucharow LLP ("Labaton"; Dkt. No. 359) and the Thornton Law Firm ("Thornton"; Dkt. No. 361) to the Special Master's Report and Recommendation (Dkt. No. 357).

McTigue Law asserts two exceptions.

I. <u>BOTH LABATON AND THORNTON IGNORE THE BURDEN THIS INVESTIGATION HAS PLACED ON THE BLAMELESS ERISA COUNSEL</u>

Labaton and Thornton oppose the Special Master's recommendation (Dkt. No. 357 at 368-69) that $3.4 million of the Chargois payment be disgorged and split instead among the three principal law firms representing ERISA plaintiffs (McTigue Law, Keller Rohrback LLP, and Zuckerman Spaeder LLP), (Dkt. Nos. 359 at 83, 361 at 92-108). However, both these objections focus on red herrings and ignore the reasons for the disgorgement actually given in the Special Master's Report. The Special Master cites two reasons:

> (1) **Because the non-disclosure of the Chargois payment fell disproportionately upon the ERISA attorneys**, who were told nothing about Chargois and who were required to negotiate their fee allocation without the knowledge that an attorney who performed no work on the case, bore no risk or client responsibility and never appeared in the case would receive an amount considerably more than any ERISA firm…
>
> (2) …**this investigation has resulted in great expenditures of time and expense to the ERISA firms** that have been drawn into it through no fault of their own, either as to the double-counting or as to the Chargois Arrangement.

---

[1] McTigue Law was the first firm to develop and file ERISA claims against State Street in the instant litigation, first filing such claims in the District of Maryland on October 12, 2011. (*See* Dkt. No. 357 at 25). That action, the *Henriquez* action, was the first time ERISA claims were asserted by private litigants related to FX transactions. The other ERISA complaint in this action, the *Andover* complaint, was filed almost a year later, on September 12, 2012, asserting essentially the same claims. (*Id.* at 22). As the first to file, McTigue Law has been involved in the litigation for a longer period of time than the other ERISA counsel.

(Dkt. No. 357 at 368-69 (emphasis added)). None of the facts underlying the two cited reasons are in dispute. Moreover, neither the Labaton nor Thornton objections mention the second reason, and only briefly mention the first.

The second reason is a weighty one. By way of background, McTigue Law, the original ERISA counsel in this case, was undercompensated by the payment of attorneys fees in the initial settlement. Its lodestar multiplier for the award of fees in the original settlement is 0.84, indicating it received no multiplier at all, and in fact less in fees than its hourly rates for the time it spent developing and litigating the ERISA claims.[2] In contrast, the three customer Class Counsel which the Special Master has found to have engaged in improper conduct to varying degrees, achieved a lodestar multiplier of 2.06 in the original settlement, or more than twice their hourly rates.[3]

Given that McTigue Law was already undercompensated by the original payment, the additional time and expense of cooperating with the thorough, multi-year investigation of the Special Master has pushed McTigue Law further into the red in terms of compensation for this case. The amount of time and expense is sure to increase because this matter is not yet resolved,

---

[2] *See* Dkt. No. 104-24 at 2 (summarizing firm lodestars), and Dkt. No. 357 at 88 (breaking down fee awards to individual firms). Note that McTigue Law paid out of its original attorneys fee distribution, monies to three other firms, whose work was disclosed to the Court in the summary of firm lodestars, and who were brought into the case by McTigue Law as co-counsel and/or local counsel: Richardson Patrick Westbrook & Brickman LLC, Beins, Axelrod, PC, and Feinberg Campbell & Zack PC. Accordingly, the 0.84 multiplier figure results from adding the lodestars of these firms to that of McTigue Law since all were paid from the distribution to McTigue Law.

[3] *See* Dkt. No. 104-24 at 2 (summarizing firm lodestars), and Dkt. No. 357 at 88 (breaking down fee awards to individual firms). The 2.06 multiplier results after deducting from those firm's listed lodestars the $4,058,000 lodestar amount that the Special Master determined was the result of double counting. (See Dkt. No. 357 at 363). For the sake of simplicity, this analysis does not make any of the other adjustments to the customer class counsel's reported lodestars recommended by the Special Master.

and the customer Class Counsel have been aggressively litigating every aspect of the Special Master's investigation at every turn.

An additional fee award to the blameless ERISA counsel is clearly warranted, especially to McTigue Law.

## II. THE SPECIAL MASTER'S MISINTERPRETATION OF THE $10.9 MILLION LIMITATION AS A CAP ON ERISA COUNSEL'S FEES DOES NOTHING TO UNDERMINE HIS RECOMMENDED REMEDY

One of the red herrings cited by both Labaton and Thornton in their aggressive campaign of advocacy against the neutral Special Master, is that the Special Master misinterpreted a $10.9 million "cap" with respect to ERISA-related attorneys fees. (Dkt. No. 359 at 10-11 (Labaton); Dkt. No. 361 at 100-103). They argue that this was not a cap on the amount of attorneys fees ERISA counsel could be awarded, but was a cap on the amount of attorneys fees that could be deducted from the portion of the settlement fund allocated to ERISA-governed class members. *Id.* However, Labaton and Thornton ignore the fact that the misinterpretation has no effect whatsoever on the Special Master's justification for the disgorgement of a portion of the Chargois payment to ERISA counsel. In fact, the main effect of correcting the misinterpretation would be to eliminate one obstacle to disgorging to ERISA Counsel the entire amount of the Chargois payment. The principal role played by the "cap" in the Special Master's analysis was to limit the amount of disgorgement because, he noted, otherwise the cap would be exceeded. (*See* Dkt. No. 357 at 368-69 (declining to recommend payment of $700,000 of the $4.1 million Chargois disgorgement to ERISA counsel because doing so would exceed the "$10.9 million that was allocated as a cap for ERISA attorneys in the Settlement Agreement"). Hence, Labaton and Thornton's argument is a complete red herring, that, if anything, would support increasing the award to ERISA counsel. (However, McTigue Law is not requesting that more than $3.4 million of the Chargois payment be disgorged to the ERISA firms).

3

By: /s/ J. Brian McTigue
J. Brian McTigue (*pro hac vice*)
James A. Moore (*pro hac vice*)
**McTigue Law LLP**
4530 Wisconsin Ave, NW
Suite 300
Washington, DC 20016
202-364-6900
Fax: 202-364-9960
Email: bmctigue@mctiguelaw.com
         jmoore@mctiguelaw.com

*Attorneys for the Henriquez ERISA Plaintiffs*

Catherine M. Campbell
Renee J. Bushey
Feinberg, Campbell & Zack, P.C.
3rd Floor
177 Milk Street
Boston, MA 02109
617-338-1976
Fax: 617-338-7070
Email: cmc@fczlaw.com
         rjb@fczlaw.com

*Local Counsel for the Henriquez ERISA Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document was filed through the ECF System on July 19, 2018 and accordingly will be served electronically upon all attorneys of record.

/s/ J. Brian McTigue