UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARKANSAS TEACHER RETIREMENT SYSTEM,
on behalf of itself and all others
similarly situated,

        Plaintiff,

                              No. 11-cv-10230-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

        Defendant.
_____/

ARNOLD HENRIQUEZ, MICHAEL T. COHN,
WILLIAM R. TAYLOR, RICHARD A.
SUTHERLAND, and those similarly situated,

        Plaintiffs,

                              No. 11-cv-12049-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

        Defendant.
_____/

THE ANDOVER COMPANIES EMPLOYEE
SAVINGS AND PROFIT SHARING PLAN, on
Behalf of itself, and JAMES PEHOUSHEK-
STANGELAND and all others similarly situated,

        Plaintiffs,

                              No. 12-cv-11698-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

        Defendant.
_____/

**SPECIAL MASTER'S OPPOSITION TO LABATON SUCHAROW'S MOTION FOR PARTIAL STAY PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS**

The Special Master hereby responds in opposition to Labaton's Motion for Partial Stay Pending Resolution of Petition for Writ of Mandamus ("Motion for Stay") [Dkt. # 396]. Labaton's motion is a strategic attempt to delay the Court's consideration of matters of great import to the administration of justice, and yet another tactical attempt to create a clear running field in which there is no effective opposition to its numerous attempts to avoid a response to its many motions and to evade informed judicial supervision.

**I.  The events preceding Labaton's request are illustrative of its strategy to avoid effective supervision.**

The procedural history surrounding the Mandamus Petition is telling. On June 8, 2018, Labaton sought the recusal of the Court under 28 U.S.C. §455(a). Dkt. # 275. The Court orally and by written order denied that request on June 21, 2018, with a full written decision to follow. *See* Dkt. # 315. A complete 72-page decision was issued on June 28, 2018, the same day the Court made public the redacted Report & Recommendations. Dkt. # 357 & 358. Labaton filed its Objections to the Special Master's Report & Recommendation within twenty-four hours. Dkt. # 359. It then filed Supplemental Objections, seeking to exclude the entirety of the Master's legal conclusions, one week later, on July 5, 2018.

On July 6, 2018, Labaton filed its Mandamus Petition seeking that the Court of Appeals order the Court's recusal from this matter. Dkt. # 388. Despite arguing that it would suffer irreparable harm, Labaton did not request a stay of the ongoing proceedings.[1] On July 13, 2018 – 10 days after the Special Master responded to Labaton's Motion for an Accounting, and for Clarification that the Master's Role has Concluded ("Motion for Accounting") – Labaton moved

---

[1] And as this Court is well aware, the filing of a writ of mandamus does not automatically stay proceedings in the underlying Court. *See Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1416 (5th Cir. 1995). Rather, a stay is granted only where the relevant circumstances and factors illustrated by the moving party warrant it. *See id*; *see also discussion, infra*.

for leave to file a response to the Special Master's Opposition under seal, and included its proposed response in that filing. Dkt. #393. Later that day, Labaton moved for an expedited review of the Mandamus Petition, citing as grounds, among other things, "to avoid th[e] possibility" that the Court may decide the Motion for Accounting or other matters it recently commented on. Motion for Expedited Review, p. 3. Labaton simultaneously filed its Motion for Stay with the Court. Dkt. # 396. Clearly, Labaton showed no urgency in moving for its stay – until it had filed its second submission on accounting and on its demand that the Special Master's role be declared as terminated. Together, this is another attempt to evade informed judicial supervision and allow Labaton to proceed without opposition.

## II. Labaton's request for stay is an obvious delay tactic and should therefore be denied.

At this point in the investigation, the District Court is in the midst of its *de novo* review. *See* Fed. R. Civ. P. 53(f). Labaton's request for a stay is the latest in its attempts to delay an outcome of this lengthy investigation, and the hard-fought litigation that has resulted since the filing of the Report. But Labaton does so at its own pace. In its Mandamus Petition, Labaton did not request a stay or argue that an immediate or expedited ruling be made on its request. The first indication that the Court of Appeals decision was time-sensitive came in Labaton's Motion for Expedited Hearing filed one week later. In the interim, Labaton, on its own initiative, filed a response to the Special Master's opposition to its Motion for Accounting and continued to actively litigate the case.[2] The strategy is obvious. Only after Labaton has fully availed itself of the opportunity to advocate its position on pending issues, including the Special Master's role

---

[2] Indeed, prior to filing a stay, Labaton actively participated in the case without any suggestion that its efforts, and those of others, may be futile. On July 12, 2018, Labaton deposed the Special Master's expert, Professor Stephen Gillers, for six hours. Again, it was not until the following day that it first advocated for a stay to conserve judicial resources and promote efficiency.

with the Court -- the judicial body it wishes to recuse -- does Labaton then contend that a stay is necessary.

Labaton cannot have it both ways. While, with one swipe, Labaton vigorously argues that the Court should rule in its favor -- and most recently to strike the Special Master's Report in its entirety for a variety of alleged shortcomings and determine that the Special Master's role has concluded -- it, at the same time, argues that those and other substantive matters should be stayed. While Labaton cites to the mere *possibility* that the First Circuit may issue a writ of mandamus as a reason to pause decision on outstanding matters, it is transparent that it is the perceived outcome, not the timing, that prompts Labaton's Motion to Stay.

Beyond this, a stay would invariably create additional delay in an ultimate resolution of this matter, as it would leave the case in limbo with no judge available to consider and decide the various important matters that are pending before this Court and, again, remove judicial oversight while the Court of Appeals considers the Mandamus Petition.

These blatant delay tactics should be denied. Labaton has not offered any meaningful explanation as to why a stay was not requested when it filed the Mandamus Petition, beyond providing it time to file additional pleadings. *See, e.g., McGuire vs. Warner*, 2009 WL 3823038, at *3 (E.D. Mich., 2009) (no reason moving party could not have filed a motion to stay at the same time as filing the petition for writ of mandamus); *see also S.E.C. vs. Spencer Pharm. Inc.*, D. Mass., No. 12-CV-12334-IT (Nov. 17, 2014) (motion to stay denied where motion filed one business day before trial and where parties and the court engaged in "substantial efforts in connection with the pending trial date").

In short, Labaton's Motion to Stay is no more than a transparent attempt to have its procedural cake and eat it too.

### III. Labaton fails to address the well-known standards for determining the appropriateness of a stay pending appeal. On balance, those interests militate in favor of denying the request.

Labaton's after-the-fact request all but ignores the well-established factors courts consider in determining whether to stay ongoing proceedings.[3] Where a stay has been requested, the First Circuit evaluates four factors: (1) whether the party moving for a stay can make a strong showing that it is likely to succeed on the merits; (2) whether the moving party will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether a stay advances the public interest. *See U.S. S.E.C. v. Howard*, 646 F. Supp. 2d 161, 162 (D. Mass. 2009); *see also In re Elias*, 182 F. App'x 3, 4 (1st Cir. 2006); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002); *Hilton vs. Kerry*, D. Mass., No. CIV.A. 13-11710-TSH (Dec. 2, 2013).[4]

In its motion, Labaton glosses over the first factor – its chances of succeeding on the merits – implying that a stay is warranted here because Labaton has "raised a serious question as to the Court's impartiality." This self-serving evaluation of the Mandamus Petition misconstrues this threshold pleading requirement; that is, that the First Circuit will likely agree that a reasonable person may question the Court's impartiality and order its recusal. More importantly, Labaton's statement concerning impartiality is simply not accurate. Labaton did not raise serious

---

[3] The factors the Court considers in determining whether a stay pending petition for writ of mandamus is warranted are the same as those for a stay pending appeal. *See Citizens for Responsibility & Ethics in Washington v. Cheney*, 580 F. Supp. 2d 168, 177 (D.D.C. 2008); *See also Powertech Tech. Inc. vs. Tessera, Inc.*, N.D. Cal., No. C 11-6121 CW (Mar. 20, 2013); *Wallace vs. Powell*, M.D. Pa., No. 3:09-CV-0291 (Jan. 9, 2013).

[4] Courts look to the same four factors in evaluating a motion to stay filed after a petition of mandamus. *See McGuire vs. Warner*, 2009 WL 3823038, at *3 (E.D. Mich., 2009).

or troubling concerns on appeal. It simply rehashed the same positions advanced and rejected by the Court in its thoughtful June 28, 2018 order.[5] *See* Dkt. 358.

Labaton's failure to address the remaining three factors is just as glaring. While denial of the stay *could* conceivably implicate concerns of inefficiency and waste, this type of mild inconvenience falls far short of irreparable harm, and in particular, harm that justifies halting ongoing proceedings. Furthermore, the Court must consider whether *other* parties, not just Labaton, will suffer if a stay is granted. In this instance, there are now ten law firms with an interest in the Special Master's Report & Recommendations, who collectively represent approximately 1900 class members.[6] Those interested parties have not joined in Labaton's Motion to Stay (or its Mandamus Petition) and deserve an expeditious resolution of the matters that are now fully aired in the public realm. Delaying proceedings while awaiting a decision on Labaton's Petition only forces those parties to unfairly endure further delay without good cause to do so.

Nor can one ignore the public interest in having a speedy and final resolution of a matter that has now spanned more than seven years in the judicial system. *See In re Special Proceedings*, 840 F. Supp. 2d 370, 376 (D.D.C. 2012) ("The public interest is a uniquely important consideration in evaluating a request for [interim relief]"). Here, the Court should consider not only the interests of the general public, but those of the identified class members who have reaped no benefits from this prolonged and expanded class action case.

---

[5] For instance, in its most recent filing, Labaton continues to make much of the fact that the Court publicly expressed concern that the origins of Labaton's representation with ATRS and the Chargois Arrangement *may* implicate public corruption – protesting that the implication "do[es] not find support in the Master's Report or the record of the Master's proceedings" (p. 2). The Court squarely addressed – and dispelled – this concern in its July 28, 2018 Order when it expressly stated that the "information concerning the roles of [Tim] Herron and [Senator] Faris in the genesis of Labaton's relationship with ATRS came exclusively from the Master's Report." Dkt. # 358, p. 61.

[6] *See* Special Master's Report & Recommendations, p. 284, n. 233.

**IV.    Where Labaton has not – and cannot – show a likelihood that its Mandamus Petition will succeed on the merits, it is not entitled to extraordinary relief.**

Finally, denial of the requested stay is especially appropriate here, where Labaton's Mandamus Petition does not make a case for relief. *See David v. Signal Int'l, LLC,* 37 F. Supp. 3d 836, 840 (E.D. La. 2014) ("the hardship and inconvenience that would result from a stay substantially outweighs any benefit, especially in light of the fact that mandamus relief is unlikely to be granted"). Labaton's Mandamus Petition largely restates the legal arguments it asserted with this Court, to no avail. Unlike a traditional appeal, a stay of trial court proceedings – not yet ripe for appellate review – constitutes extraordinary relief, *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). That relief, given the strong likelihood that the Court of Appeals will not grant the desired relief, is not warranted here.

As the foregoing discussion makes clear, this Court should deny the Motion to Stay and put an end to the litany of delay and second-chances that Labaton has continually pursued since learning of the Special Master's conclusions. The Court should not be impeded from completing its *de novo* analysis, as contemplated by the March 7, 2017 Appointment Order and Fed. R. Civ. P. 53, simply because Labaton seeks what it perceives would be a more favorable decisionmaker.

Dated:  July 20, 2018

Respectfully submitted,

**SPECIAL MASTER HONORABLE GERALD E. ROSEN (RETIRED),**

By his attorneys,

 /s/  *William F. Sinnott*
William F. Sinnott (BBO #547423)
Elizabeth J. McEvoy (BBO #683191)
BARRETT & SINGAL, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092
Email: wsinnott@barrettsingal.com
Email: emcevoy@barrettsingal.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically on July 20, 2018 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").  Paper copies were sent to any person identified in the NEF as a non-registered participant.

 /s/  *William F. Sinnott*
William F. Sinnott