# EX. 5

# Exhibit 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

**DECLARATION OF GEORGE HOPKINS IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT, AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND PAYMENT OF SERVICE AWARD TO ARTRS**

I, GEORGE HOPKINS, declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am the Executive Director of the Arkansas Teacher Retirement System ("ARTRS"), one of the Plaintiffs and Settlement Class representatives in the above-captioned Class Actions (collectively, the "Action").[1]

2.      ARTRS, established in March 1937, offers a government-sponsored, defined benefit retirement plan for the current and former employees of Arkansas public schools and educationally related agencies.  ARTRS is based in Little Rock, Arkansas and manages more than $14 billion in assets on behalf of approximately 100,000 employees.

3.      I respectfully submit this declaration in support of Plaintiffs' motion for final approval of the proposed Class Settlement and Lead Counsel's motion for an award of attorneys' fees, payment of Litigation Expenses, and payment of a Service Award to ARTRS in the amount of $25,000.00.  I have personal knowledge of the matters set forth herein based on my active supervision and participation in the prosecution and settlement of this Action.

4.      ARTRS is a large, sophisticated institutional investor that has served as a plaintiff and class representative in many securities and shareholder litigations.  In particular, ARTRS has been appointed as a lead plaintiff in numerous securities class actions pursuant to the Private Securities Litigation Reform Act of 1995.  In March 2016, this Court appointed ARTRS as a lead plaintiff in the *Insulet* securities class action, C.A. No. 15-12345-MLW (D. Mass.).

5.      As an experienced litigant, ARTRS, and I personally, have an understanding of ARTRS's fiduciary responsibility to serve the interests of the Class by, among other things, overseeing and participating in the prosecution and management of the Action and committing itself to achieving the best possible result.

---

[1] Capitalized terms used herein have the same meanings set forth in the Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement," ECF No. 89).

6.      State Street Bank & Trust Company ("State Street") has been ARTRS's custodian since September 1998.   In late 2009, I learned that the Attorney General of California had become involved in a whistleblower litigation that had been filed against State Street concerning FX, and that the allegations of the whistleblower lawsuit and the California Attorney General's allegations were now public.

7.      I asked Labaton Sucharow LLP ("Labaton Sucharow"), which has been one of ARTRS's outside counsel for many years, to investigate what class and individual claims ARTRS may have against State Street.

8.      Later, I approved Labaton Sucharow's decision to associate with the Thornton Law Firm ("TLF") and Lieff Cabraser Heimann & Bernstein LLP in view of their unique knowledge arising from their involvement in the whistleblower lawsuit.

9.      Ennis Knupp & Associates ("Ennis Knupp") was a consultant engaged by ARTRS to oversee its investment managers and the performance of its investment portfolios.   In consultation with Labaton Sucharow, I decided to seek Ennis Knupp's views on FX issues and potential claims against State Street from its perspective.   On September 9, 2010, Labaton Sucharow, TLF, and I met in Chicago with representatives of Ennis Knupp.   The discussion during the meeting generally supported the belief that ARTRS had claims against State Street concerning FX.

10.      Because filing an action against ARTRS's current custodian bank would be a substantial step (even for an institutional investor accustomed to litigation), I decided to meet with State Street in advance of authorizing Labaton Sucharow to file suit.   On December 20, 2010, Labaton Sucharow, TLF, and I met in Boston with in-house legal and business

2

representatives of State Street, State Street's outside counsel. The meeting was unproductive, and I authorized counsel to file a complaint.

11.     Since the Action was commenced, I have been the primary person overseeing the Action on behalf of ARTRS. I have monitored and been engaged in all material aspects of the prosecution and resolution of this litigation, and I regularly update the Board of Trustees regarding the status of the Action.

12.     During the course of this Action, I conferred with Labaton Sucharow in person, by telephone, and by e-mail on innumerable occasions concerning litigation and settlement developments, and strategy. These discussions included understanding Labaton Sucharow's views concerning the reasonableness of the proposed Settlement against the risks, costs and duration of continued litigation, and also an understanding of how the Settlement worked in terms of the involvement of the government agencies. I reviewed material court papers, including the initial Complaint, Amended Complaint, Memorandum of Law in Opposition to Defendants' Motion to Dismiss, and various settlement documents, in advance of their being filed with the Court.

13.     I personally attended the Court's May 8, 2012 hearing on Defendants' motion to dismiss and lobby conference thereafter.

14.     I also personally attended and participated in the mediation sessions on June 22, 2012 (in Boston); October 23-24, 2012 (in Boston); May 9, 2014 (in New York City); February 4, 2015 (in Boston); February 26, 2015 (in New York City); and June 26, 2015 (in Boston). During certain of these sessions, when the lawyers for the parties appeared to be at loggerheads, I met privately, one-on-one, with State Street's Chief Legal Officer in an effort to move the negotiations forward.

15.     Rodney Graves, Senior Investment Manager for ARTRS, and Chris Ausbrooks, IT Manager, working under my direction and supervision, assisted Labaton Sucharow in responding to requests for information from State Street and producing documents and other materials. ARTRS produced approximately 73,000 pages of documents concerning the full scope of its custodial relationship with State Street.

16.     The substantial amount of time (including travel time) that I dedicated to this litigation in furtherance of ARTRS's obligations as a plaintiff and class representative was time spent away from my usual duties and responsibilities as Executive Director of ARTRS. The same is true for Mr. Graves and Mr. Ausbrooks as well.

17.     Based on its close involvement in the prosecution and protracted mediation and settlement process of this Action, and general experience as a class representative in other class actions, ARTRS believes the proposed Settlement is fair, adequate and reasonable to ARTRS and the Settlement Class in view of the risks, costs, and duration of ongoing litigation, and should be approved by the Court.

18.     ARTRS wishes to commend Labaton Sucharow, and all Plaintiffs' Counsel, for obtaining an excellent result here through an innovative mediation and discovery process that saved the Parties substantial litigation costs and avoided unnecessary judicial intervention.

19.     Based on its close involvement in the prosecution and protracted mediation and settlement process of this Action, and general experience as a class representative in other class actions, ARTRS believes that the requested attorneys' fee of $74,541,250.00 (plus accrued interest, if any) is reasonable and should be awarded. ARTRS has evaluated the requested fee in view of the range of percentage fees awarded by courts within the First Circuit generally and in comparable-size settlements, the substantial recovery obtained for the Settlement Class, the risks

and challenges of the Action, and the time spent and quality of work performed.  ARTRS is also aware that Labaton Sucharow will devote additional time going forward to administering the Settlement and distributing the Net Class Settlement Fund, without seeking additional fees.

20.     ARTRS further believes that the Litigation Expenses for which Labaton Sucharow and other Plaintiffs' Counsel request reimbursement, totaling no more than $1.75 million, are typical and reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this Action.

21.     Accordingly, ARTRS respectfully requests that the Court approve the Settlement, award the requested attorneys' fee, award the requested Litigation Expenses, and approve a Service Award to ARTRS of $25,000.00.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on September 14, 2016.

_____
GEORGE HOPKINS