# EX. 8

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _SEP 24 20_

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF NEW YORK MELLON CORP. FOREX TRANSACTIONS LITIGATION | No. 12-MD-2335 (LAK) (JLC) |
| THIS DOCUMENT RELATES TO: | |
| *Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3066 (LAK) (JLC) |
| *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3067 (LAK) (JLC) |
| *Ohio Police & Fire Pension Fund, et al. v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-~~3740~~ 3470 (LAK) (JLC) |
| *Carver, et al. v. The Bank of New York Mellon, et al.* | No. 12-CV-9248 (LAK) (JLC) |
| *Fletcher v. The Bank of New York Mellon, et al.* | No. 14-CV-5496 (LAK) (JLC) |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

**WHEREAS,** lead plaintiffs Southeastern Pennsylvania Transportation Authority, International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund, Ohio Police & Fire Pension Fund, School Employees Retirement System of Ohio, Joseph F. Deguglielmo (in his capacity as a participant in and representative of the Kodak Retirement Income Plan) and Landol D. Fletcher (in his capacity as a participant in and representative of the Central States, Southeast and Southwest Areas Pension Plan) ("Lead Plaintiffs"), and the additional named plaintiffs Carl Carver, Deborah Jean Kenny, Edward C. Day, Lisa Parker, and Frances Greenwell-Harrell (the "Named Plaintiffs," and with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below), and defendants The Bank of New York Mellon Corporation, The Bank of New York Mellon, The Bank of New York

Company, Inc., The Bank of New York, Mellon Bank N.A., The Bank of New York Mellon Trust Company, N.A. (formerly known as the Bank of New York Trust Company, N.A.), and BNY Mellon, N.A. (collectively, "BNYM"), and unnamed individuals designated as Does 1–20 in the Second Amended Carver Complaint (as defined below) and the Amended Fletcher Complaint (as defined below) (together with BNYM, the "Defendants") entered into a Stipulation and Agreement of Settlement, dated March 19, 2015 (the "Stipulation"), in the five above-captioned member cases (the "Litigation");

**WHEREAS**, pursuant to the Order (1) Provisionally Certifying the Settlement Class, (2) Appointing Lead Plaintiffs as Settlement Class Representatives, and Appointing Lead Settlement Counsel as Class Counsel, (3) Approving the Proposed Form and Manner of Notice, and (4) Scheduling a Final Approval Hearing (the "Notice Order"), entered April 22, 2015, the Court scheduled a hearing for September 24, 2015 at 10 a.m. to, among other things, determine (i) whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, and (ii) whether the Order and Final Judgment as provided for under the Stipulation should be entered;

**WHEREAS**, the Court ordered that the Notice of (I) Pendency of Class Action, (II) Proposed Settlement, (III) Settlement Hearing, (IV) Plan of Allocation for Distribution (the "Plan of Allocation"), and (V) Lead Settlement Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), substantially in the form annexed to the Notice Order as Exhibit A-1, be sent by first-class mail, postage prepaid, on or before ten (10) business days after the entry of the Notice Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a summary of the Notice (the "Publication Notice"), substantially in the form annexed to the Notice Order as Exhibit A-2,

be published in the national edition of *The Wall Street Journal* and over the *PR Newswire* within five (5) calendar days of the Notice Date;

**WHEREAS**, the Notice and Publication Notice advised Settlement Class Members of the date, time, place, and purpose of the Final Approval Hearing. The Notice further advised that any objections to the proposed Settlement were required to be filed with the Court by no later than August 26, 2015, and mailed to counsel for the Settling Parties such that they were received by no later than August 26, 2015;

**WHEREAS**, Lead Plaintiffs and Lead Settlement Counsel complied with the provisions of the Notice Order as to the distribution, mailing, and publication of the Notice and Publication Notice;

**WHEREAS**, on August 17, 2015, Lead Plaintiffs moved for final approval of the proposed Settlement, and the Final Approval Hearing was duly held before this Court on September 24, 2015, at which time all interested Persons were afforded the opportunity to be heard; and

**WHEREAS**, the Court has duly considered Lead Plaintiffs' motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation, all of the submissions and arguments presented with respect to the proposed Settlement, and the record in the Litigation.

**NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that**:

1.     **Incorporation of Settlement Documents**.  This Order and Final Judgment hereby incorporates and makes a part hereof:  (i) the Stipulation filed with the Court on March

27, 2015; and (ii) the exhibits attached to the Stipulation, including the Notice and Publication Notice, filed with the Court on March 27, 2015.

2.      **Definitions**.  Terms with initial capitalization, unless otherwise defined in this Order and Final Judgment, shall have the following meanings:

(a)      "Claims Administrator" means Garden City Group, LLC.

(b)      "Distribution Order" means the order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, if the Effective Date has occurred, in whole or in part, to Settlement Class Members.

(c)      "Effective Date" means the latest date when all of the conditions set forth in Paragraph 43 of the Stipulation have occurred.

(d)      "Lead Settlement Counsel" means the law firms of Lieff Cabraser Heimann & Bernstein, LLP, Kessler Topaz Meltzer & Check, LLP, and McTigue Law LLP.

(e)      "Litigation Expenses" means the reasonable costs and expenses incurred by counsel for Plaintiffs in connection with commencing and prosecuting the Litigation as well as the costs and expenses of Plaintiffs directly related to their functions as named plaintiffs in the Litigation, for which Lead Settlement Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(f)      "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, Service Awards, and Litigation Expenses awarded by the Court.

(g)      "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator in connection with providing notice to the Settlement Class and administering the Settlement.

(h)       "Person" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity, as well as each of their spouses, domestic partners, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assigns.

(i)       "Plaintiffs' Counsel" means Lead Settlement Counsel and the law firms of Keller Rohrback LLP, Beins Axelrod P.C., Hausfeld LLP, Thornton Law Firm LLP, Hach Rose Schirripa & Cheverie LLP, Nix Patterson & Roach LLP, and Murray Murphy Moul + Basil LLP.

(j)       "Released Claims" means, to the fullest extent permitted by law or equity (subject to the clarifications below), any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including Unknown Claims, whether arising under federal, state, foreign or statutory law, common law or administrative law, or any other law, rule or regulation, whether fixed or contingent, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, at law or in equity, whether class or individual in nature that Plaintiffs or any other member of the Settlement Class: (i) asserted in the Litigation; or (ii) could have asserted in the Litigation or any other action or in any forum, that arise out of, relate to, or are in connection with the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations or omissions or failures to act involved, set forth, or referred to in the complaints filed in the Actions or that relate in any way to the Standing

Instruction FX Program, including claims relating to foreign exchange transactions executed through the Defendants' standing instruction channel but that are not the subject of separate, written agreements. "Released Claims" include all rights of appeal from any prior decision of the Court in the Litigation. "Released Claims" do not include claims arising out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement, nor do they include any claims that are the subject of the tolling agreement entered into between Plaintiffs and BNYM dated December 19, 2014 (as amended March 19, 2015). For the avoidance of doubt, no Released Plaintiff Party shall be deemed to have released any claim pursuant to this Settlement that any other Released Plaintiff Party has not released.

(k) "Released Defendant Claims" means, to the fullest extent permitted by law or equity, all claims and causes of action of every nature and description, including Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants, including but not limited to Defendants' counterclaims and third-party claims. "Released Defendant Claims" do not include claims arising out of, based upon, relating to, concerning, or in connection with the interpretation or enforcement of the terms of the Settlement.

(l) "Released Defendant Parties" means (i) the Defendants; (ii) each of the respective current and former parents, subsidiaries, divisions, and affiliates of each of the entities comprising BNYM, and the predecessors and successors of each of them; and (iii) each of the respective current and former officers, directors and employees of each of the entities comprising BNYM and of the foregoing (ii).

6

(m)    "Released Parties" means the Released Defendant Parties, the Third-Party Defendants, and the Released Plaintiff Parties.

(n)    "Released Plaintiff Parties" means Plaintiffs and each and every Settlement Class Member regardless of whether that Person actually obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, Plan of Allocation, this Final Order and Judgment, and/or Lead Settlement Counsel's motion for attorneys' fees and request for reimbursement of Litigation Expenses; except that, for the avoidance of doubt, "Released Plaintiff Parties" does not include Persons expressly excluded from the Settlement Class (as defined below), or any of the respective current or former parents, subsidiaries, divisions, or affiliates of each of them, or any of the respective current or former officers, directors or employees of each of them.

(o)    "Service Awards" refers to the funds awarded out of the Settlement Fund, if any, in addition to whatever monies Plaintiffs may receive pursuant to the Plan of Allocation, or as an award of Litigation Expenses, to compensate Plaintiffs for the effort and time spent by them in connection with the prosecution of the Litigation, as supported by adequate written documentation of such effort and time.

(p)    "Settlement" means the Stipulation and the settlement contained therein.

(q)    "Settlement Amount" means three hundred thirty-five million dollars ($335,000,000), paid by or on behalf of the Defendants. The Settlement Amount does not include any amounts separately paid into the Settlement Fund Escrow Account by any other Person.

(r)     "Settlement Class Member" means any Person that is a member of the Settlement Class.

(s)     "Settlement Fund" means the sum of (i) Settlement Amount paid by or on behalf of the Defendants plus any interest earned thereon; and (ii) $155,000,000, including interest accrued and less escrow fees paid before deposit of such funds into the Settlement Fund Escrow Account, plus any interest earned thereon.

(t)     "Settling Parties" means (i) Plaintiffs on behalf of themselves and each Settlement Class Member and (ii) the Defendants.

(u)     "Standing Instruction FX Program" means the standing instruction program for executing foreign-exchange transactions offered by BNYM, or its current or former parents, subsidiaries, divisions, or affiliates, or its predecessors or successors, including but not limited to the MTM and Beta Transition Management entities.

(v)     "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(w)     "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(x)     "Unknown Claims" means any and all claims that any Released Plaintiff Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims, and any and all claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Claims, which if known to him, her, or it might have affected his, her, or its decision(s) with respect to the

8

Settlement, including, but not limited to, his, her, or its decision to object or not to object to the Settlement or not exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendant Claims, the Settling Parties stipulate and agree that, upon the Effective Date, each of the Plaintiffs and the Defendants shall expressly waive, and each of the Released Plaintiff Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Any Released Plaintiff Party or Defendant may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendant Claims, but Plaintiffs and the Defendants shall expressly, fully, finally, and forever settle and release, and each Released Plaintiff Party shall be deemed to have settled and released, and upon the Effective Date and by operation of this Order and Final Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendant Claims as applicable, known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which have existed or now or will exist, upon any theory of law or equity, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The

Settling Parties acknowledge, and each Released Plaintiff Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendant Claims was separately bargained for and was a key and material element of the Settlement.

Any term with initial capitalization that is not defined in this Order and Final Judgment shall have the meaning provided in the Stipulation.

3. **Jurisdiction**. The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

4. **Certification of the Settlement Class**. Solely for the purpose of effectuating the Settlement, the Court hereby affirms its determinations in the Notice Order and finally certifies, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All domestic custody customers of BNYM that used BNYM's Standing Instruction FX Program between January 12, 1999 and January 17, 2012. The Settlement Class does not include any custodial clients of BNYM with or on behalf of which BNYM has previously reached, or reaches before the Settlement becomes final, a negotiated resolution in connection with disputes or potential disputes relating to the Standing Instruction FX Program (whether or not a qui tam action was filed on behalf of such custodial clients).[1] The Settlement Class also does not include (a) plaintiffs in *Los Angeles County Employees Retirement Association, ex rel. FX Analytics v. The Bank of New York Mellon Corp.*, No. 12-cv-08990-LAK (S.D.N.Y.), and *In re Bank of New York Mellon Corp. False Claims Act Foreign Exchange Litigation*, No. 12-cv-03064-LAK (S.D.N.Y.); or (b) any of the New York

---

[1] These custodial clients on whose behalf qui tam cases were filed and resolved are Educational Retirement System of Fairfax County; Fairfax County Employees Retirement System; Fairfax County Uniformed Retirement System; Fairfax County Police Officers Retirement System; Massachusetts Pension Reserves Investment Management Board; State Board of Administration of Florida; and Virginia Retirement System.

City funds named as plaintiffs in the action currently styled *People ex rel. Schneiderman v. The Bank of New York Mellon Corp.*, No. 09/114735 (N.Y. Sup. Ct.), except that the Teachers' Retirement System of the City of New York Variable Annuity Funds and the New York City Deferred Compensation Plan shall both be included in the Settlement Class. The Settlement Class also does not include any Defendants, their predecessors and affiliates, or any entity in which any Defendant has a controlling interest, and their officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such individual or entity. The "Settlement Class" also shall not include any Person who submits a request for exclusion meeting the requirements of Paragraph 14 of the Notice Order. For the avoidance of doubt, it is agreed that this definition of the "Settlement Class" is intended to supersede the class definitions in the complaints in the Litigation.

5. **Settlement Class Representatives and Class Counsel**. Solely for purposes of effectuating the Settlement, the Court hereby affirms its designations in the Notice Order of Lead Plaintiffs as representatives of the Settlement Class and Lead Settlement Counsel as Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. **Notice**. The Court finds that the distribution, mailing, and publication of the Notice and Publication Notice to putative Settlement Class Members: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Settlement, the effect of the Settlement (including the releases therein), and their right to exclude themselves from the Settlement Class or object to any aspect of the Settlement (and appear at the Final Approval Hearing), this Order and Final Judgment, the Plan of Allocation, and/or Lead Settlement Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and any Service Awards; (iii) constituted due and sufficient notice of the Settlement to all Persons entitled to receive such; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

11

7.    **Final Settlement Approval and Dismissal of Claims**.  In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against the Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is in all respects fair, reasonable, and *provided, however, that nothing herein approves attorneys' fees, service awards, or* adequate, and in the best interests of Plaintiffs and other Settlement Class Members.  The Court *expense* further finds that the Settlement set forth in the Stipulation is the result of arm's-length *relao-* negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement *subsequent* Class, and the Defendants.  The Settlement shall be consummated in accordance with the terms *decision as to which* and provisions of the Stipulation. *is reserved.*

8.    The following complaints in the Litigation are each hereby dismissed in their entirety, with prejudice: (a) the Master Customer Class Complaint, dated July 1, 2013, in *Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon Corporation, et al.*, No. 12-CV-3066 (LAK), *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al.*, No. 12-CV-3067 (LAK), and *Ohio Police & Fire Pension Fund, et al. v. The Bank of New York Mellon Corporation, et al.*, No. 12-CV-3740 (LAK); (b) the Second Amended Class Action Complaint, dated June 6, 2014, in *Carver, et al. v. The Bank of New York Mellon, et al.*, No. 12-CV-9248 (LAK) ("Second Amended Carver Complaint"); and (c) the Amended Class Action Complaint, dated September 25, 2014, in *Fletcher v. The Bank of New York Mellon, et al.*, No. 14-CV-5496 (LAK) ("Amended Fletcher Complaint").  Provided, however, that nothing herein shall prevent any Settlement Class Member from bringing any claim that is the subject of

the tolling agreement entered into between Plaintiffs and BNYM dated December 19, 2014 (as amended March 19, 2015).

9.  **Releases**.  Upon the Effective Date, each and every one of the Plaintiffs and the Settlement Class shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed, with prejudice and on the merits, each and every one of the Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Claims against each and every one of the Released Defendant Parties in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.  All Released Plaintiff Parties shall be bound by the terms of the releases set forth in this Order and Final Judgment and the Stipulation whether or not they actually receive a distribution from the Net Settlement Fund.

10.  Upon the Effective Date, each and every one of the Defendants shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed, with prejudice and on the merits, each and every one of the Released Defendant Claims against each and every one of the Released Plaintiff Parties and Third-Party Defendants, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Defendant Claims against each and every one of the Released Plaintiff Parties and Third-Party Defendants in any forum of any kind, whether directly or indirectly, whether on their own behalf or otherwise.

11.  Notwithstanding Paragraphs 9-10 above, nothing in this Order and Final Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Order and Final Judgment.

12.     Nothing in this Order and Final Judgment shall prevent any Person that timely submitted a valid request for exclusion from the Settlement Class listed on Exhibit A annexed hereto from commencing, prosecuting, or asserting any Released Claim against any Released Defendant Party.  If any such Person commences, prosecutes, or asserts any Released Claim against any Released Defendant Party, nothing in this Order and Final Judgment shall prevent the Released Defendant Party from asserting any claim of any kind against such Person, including any Released Defendant Claims, or from seeking contribution or indemnity from any Person other than any Released Plaintiff Party or Third-Party Defendant, in respect of the claim of that Person who is excluded from the Settlement Class pursuant to a timely and valid request for exclusion.

13.     ~~**Rule 11 Finding**.  The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Litigation.~~

14.     **Binding Effect of Order and Final Judgment**.  Each Settlement Class Member, including each Plaintiff, is bound by this Order and Final Judgment, including, without limitation, the releases contained herein, regardless of whether such Settlement Class Member (i) receives the Notice, (ii) obtains a recovery from the Settlement Fund, or (iii) objects to the Settlement, this Order and Final Judgment, the Plan of Allocation, and/or Lead Settlement Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and any Service Awards.  The Persons listed in Exhibit A annexed hereto are excluded from the Settlement Class

pursuant to their valid and timely requests for exclusion and are not bound by the terms of the Stipulation or this Order and Final Judgment.[2]

15.    **Use of this Order and Final Judgment**.  Except as set forth in the Stipulation and in Paragraph 16 below, this Order and Final Judgment and the Stipulation, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against any or all of the Defendants or the Released Parties for any purpose, and in particular:

(a)    do not constitute, and shall not be offered or received against the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Defendants or the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of the Defendants or the Released Defendant Parties;

(b)    do not constitute, and shall not be offered or received against the Defendants or the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by the Defendants or the Released Defendant Parties, or against the

---

[2] The request for exclusion by TCW Funds, Inc. ("TCW") was submitted on behalf of only a select number of accounts (now closed or dissolved) that TCW once managed.  While those specific accounts are excluded from the Settlement Class, the TCW accounts that remain part of the Settlement Class and that are participating in the Settlement are bound by the terms of the Stipulation and this Order and Final Judgment.

Defendants, the Released Defendant Parties, Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

   (c) do not constitute, and shall not be offered or received against the Defendants or the Released Parties, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against any of the Defendants or the Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

   (d) do not constitute, and shall not be construed against the Defendants or the Released Parties, as an admission or concession that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; and

   (e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs or any other Settlement Class Member that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints in the Litigation would not have exceeded the Settlement Amount.

  16. The Released Parties may file or refer to the Stipulation and/or this Order and Final Judgment to (i) effectuate the liability protection granted thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (ii) effectuate the liability protections granted them under any applicable insurance policies. The Released Parties may file or refer to the Stipulation and/or

this Order and Final Judgment in any action that may be brought to enforce the terms of the Stipulation and/or this Order and Final Judgment. All Released Parties submit to the jurisdiction of this Court for purposes of implementing and enforcing the Settlement.

17.  **Retention of Jurisdiction**. The Court reserves and retains jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (i) implementation and enforcement of the Settlement; (ii) the allowance, disallowance, or adjustment, on equitable grounds, of any Settlement Class Member's right to recover under the Stipulation, and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) the hearing and determination of Lead Settlement Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and any Service Awards; (v) the hearing and determination of any motions to approve the Plan of Allocation or the Distribution Order; (vi) enforcement and administration of this Order and Final Judgment; (vii) enforcement and administration of the Stipulation, including the releases and any bar orders executed in connection therewith; and (viii) other matters related or ancillary to the foregoing.

18.  **Termination**. In the event the Settlement is terminated in its entirety or does not become effective in accordance with the terms of the Stipulation for any reason, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order and Final Judgment, including but not limited to the certification of the Settlement Class provided in Paragraph 4 above, shall be null and void and of no further force or effect, and may not be introduced as evidence or referred to in any action or proceeding by any Person, and Plaintiffs and the Defendants shall be restored to their respective positions in the Litigation as of February 13, 2015, and, except as otherwise expressly provided, Plaintiffs and the Defendants shall proceed in all respects as if the Stipulation and any related orders had not been entered, and the

balance of the Settlement Fund including interest accrued thereon, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to BNYM.

19. **Plan of Allocation**. A separate order shall be entered regarding the proposed Plan of Allocation. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

20. **Attorneys' Fees, Litigation Expenses, and/or Service Awards.** A separate order shall be entered regarding Lead Settlement Counsel's motion for attorneys' fees, reimbursement of Litigation Expenses, and any Service Awards as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

21. **Administration of the Settlement**. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. **Consummation of the Settlement**. The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

23. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York
Sept. 24, , 2015

HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

18

EXHIBIT A

| Exclusion No. | Name | City, State |
|---|---|---|
| 1 | Bridgewater & Associates Inc. | Westport, Connecticut |
| 2 | TCW Funds, Inc. (*see* FN 2, *supra*) | Los Angeles, California |