# EX. 13

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>STATE STREET CORPORATION, STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL MARKETS, LLC,<br><br>Defendants. | No. 11-CV-10230 (MLW) |

**PLAINTIFF'S ASSENTED-TO MOTION FOR APPOINTMENT
OF INTERIM LEAD COUNSEL FOR THE PROPOSED CLASS**

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Plaintiff Arkansas Teacher Retirement System ("ARTRS") respectfully moves for appointment of Labaton Sucharow LLP as Interim Lead Counsel for the proposed Class in this action.

In support of this motion, ARTRS relies on the memorandum of law and Declaration of Garrett J. Bradley, with exhibits, filed contemporaneously herewith, and all prior papers and proceedings in this action.

A proposed Order is submitted herewith for the Court's consideration.

Dated: April 7, 2011

Respectfully submitted,

THORNTON & NAUMES, LLP

By: /s/ Garrett J. Bradley
Michael P. Thornton
Garrett J. Bradley (BBO #629240)
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone: (617) 720-1333
Facsimile: (617) 720-2445

*Liaison Counsel for Plaintiff ARTRS*

LABATON SUCHAROW LLP
Joel H. Bernstein
Christopher J. Keller
Eric J. Belfi
David J. Goldsmith
Paul J. Scarlato
Michael H. Rogers
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Counsel for Plaintiff
ARTRS and Proposed Interim
Lead Counsel for the Class*

LIEFF CABRASER HEIMANN
 & BERNSTEIN, LLP
Steven E. Fineman
Daniel P. Chiplock
Michael J. Miarmi
Daniel R. Leathers
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Attorneys for Plaintiff and the Class*

Certification Pursuant to Local Rule 7.1(a)(2)

I certify that between March 16 and April 6, 2011, I and other attorneys from my Firm conferred on several occasions by telephone and e-mail with William H. Paine, Esq., counsel for Defendants, concerning the relief sought in this motion. Mr. Paine has advised that Defendants consent to the relief sought in this motion.

/s/ Joel H. Bernstein
Joel H. Bernstein

## Certificate of Service

I hereby certify that the foregoing Plaintiff's Motion for Appointment of Interim Lead Counsel for the Class, with annexed proposed Order, accompanying supporting memorandum of law, and accompanying supporting Declaration of Garrett J. Bradley with annexed exhibits, were filed through the ECF system on April 7, 2011 and accordingly will be served electronically upon all registered participants identified on the Notice of Electronic Filing.

/s/ *Garrett J. Bradley*
Garrett J. Bradley

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>STATE STREET CORPORATION, STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL MARKETS, LLC,<br><br>Defendants. | No. 11-CV-10230 (MLW) |

### [PROPOSED] ORDER FOR
### APPOINTMENT OF INTERIM LEAD COUNSEL

WHEREAS, on February 10, 2011, Plaintiff Arkansas Teacher Retirement System ("Plaintiffs" or "ARTRS") commenced the above-titled class action asserting claims under Sections 2 and 11 of the Massachusetts Consumer Protection Act, M.G.L. c. 93A, asserting breach of duty of loyalty by Defendants and seeking declaratory relief under 28 U.S.C. § 2201, *et seq.*, arising out of Defendants' alleged deceptive acts and practices in connection with foreign exchange ("FX") transactions executed on behalf of their custodial clients; and

WHEREAS, to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to provide for an organization of Plaintiff's counsel to coordinate the efforts of counsel in this action and any later-filed related actions;

ACCORDINGLY, after considering Plaintiff's memorandum of law submitted in support of its assented-to motion for appointment of Interim Lead Counsel, and for good cause shown,

IT IS HEREBY ORDERED as follows:

A. <u>MASTER FILE AND CONSOLIDATION</u>

1. This Order shall apply to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with this case.

2. A Master File is established for this proceeding. The Master File shall be Master File No. 11-CV-10230 (MLW). The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

3. Every pleading filed in this case shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| IN RE STATE STREET BANK FOREIGN EXCHANGE TRANSACTIONS LITIGATION | Master File No. 11-CV-10230 (MLW) |
|---|---|

4. When a case that arises out of the same subject matter of the Action is hereafter filed in this Court or transferred from another court, the Clerk of this Court shall:

    (a) File a copy of this Order in the separate file for such action;

    (b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    (c) Make the appropriate entry in the Master Docket for the Action.

5. Each new case that arises out of the subject matter of the Action which is filed in this Court or transferred to this Court, shall be consolidated with the Action, and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date on which a copy of this Order is served on counsel

for such party, by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently filed or transferred related action.

B. ORGANIZATION OF COUNSEL

6. Plaintiff's motion for appointment of Labaton Sucharow LLP as Interim Lead Counsel is ALLOWED. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court designates Labaton Sucharow LLP as Interim Lead Counsel to act on behalf of all Plaintiffs and the proposed Class in the Action, with the responsibilities hereinafter described. Thornton & Naumes, LLP shall serve as liaison counsel for Plaintiff and the proposed Class, and Lieff, Cabraser, Heimann & Bernstein, LLP shall serve as additional attorneys for Plaintiff and the proposed Class.

7. The Court appoints Labaton Sucharow LLP to be responsible for

   (a) ensuring that orders of the Court are served on all counsel;

   (b) communicating with the Court on behalf of all counsel in each case as to scheduling matters; and

   (c) maintaining a master service list of all parties and their respective counsel.

8. Interim Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs:

   (a) the initiation, response, scheduling, briefing and argument of all motions;

   (b) the initiation and coordination of Plaintiffs' pretrial activities and plan for trial, including but not limited to the scope, order and conduct of all discovery proceedings and of all trial and post-trial proceedings;

3

  (c) the delegation of work assignments to other Plaintiffs' counsel and arrangement of meetings of Plaintiffs' counsel as they may deem appropriate;

  (d) designation of which attorneys may appear at hearings and conferences with the Court;

  (e) the retention of experts;

  (f) the timing and substance of any settlement negotiations with Defendants; and

  (g) other matters concerning the prosecution and/or resolution of the Action.

9. Interim Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

10. Interim Lead Counsel is authorized to create committees of Plaintiffs' counsel as it deems appropriate for the efficient prosecution of this action. Any such committee shall operate under the direct supervision of Interim Lead Counsel.

11. Subject to any restrictions agreed upon or set forth in a protective order, all discovery obtained by any Plaintiff in these cases may be shared with any other Plaintiff. All discovery obtained by any Defendant in these cases shall be deemed discovered in each of these cases.

12. All counsel shall make best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. Interim Lead Counsel shall ensure that schedules are met and unnecessary expenditures of time and funds are avoided,

4

including the avoidance of unnecessary or duplicative communications among Plaintiffs' counsel. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action, or as to which there is a genuine and substantial disagreement among counsel.

13. Nothing herein shall limit the requirements on Plaintiffs and Plaintiffs' counsel set forth in Fed. R. Civ. P. 23, or affect whether any of the current actions should be certified as a class action, whether Plaintiffs are adequate representatives of any class that may be certified, or whether Plaintiffs' counsel are adequate counsel for any such class.

14. All Plaintiffs' counsel shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses incurred by their respective firms to Interim Lead Counsel in such manner as Interim Lead Counsel shall require. Failure to provide such documents and/or data on a timely basis may result in the Court's not considering non-compliant counsel's application for fees and expenses, should this litigation be resolved successfully for Plaintiffs.

C. SERVICE OF COMPLAINT AND FILING OF AMENDED COMPLAINT

15. By consent of the parties, service of the Class Action Complaint (Dkt. No. 1) upon Defendants is deemed complete as of March 16, 2011.

16. Defendants need not answer or otherwise respond to the Class Action Complaint (Dkt. No. 1).

17. Plaintiff shall file an Amended Class Action Complaint ("ACAC") no later than April 15, 2011.

18. Defendants shall answer or otherwise respond to the ACAC no later than June 3, 2011.

19. Plaintiff shall file submissions in opposition to any motion to dismiss by Defendants no later than July 20, 2011.

20. Defendants shall file reply submissions in further support of any motion to dismiss no later than August 19, 2011.

SO ORDERED:

_____<br>
HON. MARK L. WOLF<br>
CHIEF UNITED STATES DISTRICT JUDGE

Dated: April _____, 2011.