# EX. 27

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself and all others similarly situated, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698-MLW |

### KELLER ROHRBACK L.L.P.'S RESPONSES TO
### SPECIAL MASTER HONORABLE GERALD E. ROSEN'S (RET.)
### SECOND SUPPLEMENTAL INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Keller Rohrback L.L.P. ("Keller Rohrback" or the "Firm") responds as follows to the Special Master Honorable Gerald E. Rosen's (Ret.) Second Supplemental Interrogatories ("Interrogatories").

Keller Rohrback's answers are based on facts presently known. Keller Rohrback's responses are made without waiving the right to amend, modify or supplement the answers stated herein, if necessary.

### RESPONSES TO THE SECOND SUPPLEMENTAL INTERROGATORIES

**INTERROGATORY NO. 1**: Identify by name any referring attorney, forwarding attorney, local or other counsel outside of your firm who received any portion of the attorneys' fees in the SST Litigation.

**RESPONSE TO INTERROGATORY NO. 1**:

Keller Rohrback objects to Interrogatory No. 1 to the extent it requires the Firm to provide responses regarding the receipt or disbursement of attorneys' fees from the SST Litigation by other counsel subject to this investigation, for which the Firm lacks first-hand information or any personal knowledge.

Subject to this objection, Theodore ("Ted") Hess-Mahan, attorney at the law firm of Hutchings Barsamian Mandelcorn, LLP ("Hutchings Barsamian"), served as Keller Rohrback's official local counsel in *The Andover Companies Employee Savings and Profit Sharing Plan v. State Street Bank and Trust Company*, No. 12-cv-11698. With the informed consent of all class counsel in the case, Keller Rohrback agreed to compensate Hutchings Barsamian out of Keller Rohrback's portion of the joint fee award. At the conclusion of the case, Lead Counsel disbursed to Keller Rohrback 1/3 of the ERISA Counsel Portion of Awarded Fees

($2,486,393.59, representing fee amount of $2,484,708.33 and interest on fee). Keller Rohrback then compensated Hutchings Barsamian. There was no other counsel involved in the *Andover* case that received any attorney fees from Keller Rohrback in the SST Litigation. There was no referring or forwarding counsel in the *Andover* ERISA case.

**INTERROGATORY NO. 2**: For each firm or lawyer identified above, describe what work if any, it/she/he performed in exchange for receiving its/her/his portion of the fee.

**RESPONSE TO INTERROGATORY NO. 2:** Keller Rohrback and Hutchings Barsamian both performed work in exchange for receiving 1/3 of the ERISA Counsel Portion of Awarded Fees. These two firms were counsel of record in the *Andover* case, and they were the only two firms who received any portion of *Andover* ERISA Counsel portion of the joint class fee award. Keller Rohrback has no direct knowledge of the disbursement of any fees by Labaton Sucharow LLP from the Attorney Fee Fund other than the amount disbursed to Keller Rohrback.

Keller Rohrback served as lead counsel in *The Andover Companies Employee Savings and Profit Sharing Plan v. State Street Bank and Trust Company*, and was responsible for directing the course and conduct of the litigation and ensuring that the matter was prosecuted in a timely and professional matter. Because the cases were consolidated and settled globally, Keller Rohrback's work also benefitted the *Henriquez v. State Street Bank and Trust Company* case and the *Arkansas Teacher Retirement System v. State Street Bank and Trust Company* case. During the pendency of these cases, the Firm's attorneys zealously represented the interests of the class members by investigating and preparing the complaint, working with the other ERISA counsel to lead discovery efforts on behalf of the ERISA class by propounding, negotiating, and processing document discovery received from State Street Bank, and responding to document discovery requests from State Street Bank to the Firm's clients. Lynn Sarko, Managing Partner of Keller

3

Rohrback, also personally facilitated the complex multi-party discussions and mediation of the matter among Plaintiffs from the consumer class and ERISA class, Defendants, the Securities and Exchange Commission, the Department of Justice, and the Department of Labor. From inception until November 2, 2016, when the global settlement of the matter was approved, Keller Rohrback's attorneys and staff expended 4,690.65 hours of time performing these duties. Keller Rohrback's lodestar in the case was $2,561,287.00. *See* ECF No. 104-18.

Ted Hess-Mahan of Hutchings Barsamian was official local counsel of record in *The Andover Companies Employee Savings and Profit Sharing Plan v. State Street Bank and Trust Company* matter, and was responsible for being familiar with the practices and procedures of the Court, for handling administrative matters and communications between the Court and counsel, as well as any other tasks assigned by Keller Rohrback. As local counsel, Mr. Hess-Mahan filed the initial *Andover* complaint. *See* KR00000978-1026. He also filed numerous other pleadings and is listed as counsel of record in many other docket entries. *See* KR00001027-95, 1099-191. Mr. Hess-Mahan handled service of process issues, and was the local point of contact for the Court, State Street Bank's defense counsel at Wilmer Hale, the Boston Department of Labor office, and the press for matters pertaining to the *Andover* ERISA case. *See* KR00001096-98. He sponsored the *pro hac vice* motions of several Keller Rohrback lawyers who entered notices of appearance in the *Andover* ERISA case. *See* KR00001027-37; 1187-91. From inception until November 2, 2016, when the global settlement of the matter was approved (over a 4-year period), Mr. Hess-Mahan spent 15.5 hours of time performing his local counsel duties. Once Keller Rohrback received the fee and cost disbursement from Lead Counsel, it forwarded a $10,000 check to Hutchings Barsamian representing Hutchings Barsamian's costs and its

4

lodestar for 15.5 hours of work in the case, rounded up to a round number as a professional courtesy.

**INTERROGATORY NO. 3**: State whether such fees, if any, were disclosed a) to the Court; b) to ERISA class members; c) to the customer – side law firms; and d) to each other.

**RESPONSE TO INTERROGATORY NO. 3:**

In response to Interrogatory No. 3, subpart a, the fee application, as described in the class notice, sought a combined fee award on behalf of the ERISA counsel and the customer counsel in the amount of $74,541,250.00 (plus accrued interest). The total fee amount applied for was disclosed the Court, to ERISA named plaintiffs, to ERISA class members (through the class notice), to the customer-side law firms, and to ERISA law firms.

The specific allocation of the gross class fee award among the Customer and ERISA class law firms was not disclosed to the Court. Rather, the Court awarded a single fee amount to class counsel. *See* Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs, ECF No. 41 ("The Court hereby awards fees in the amount of $74,541,250.00 plus any accrued interest, which is approximately 25% of the Class Settlement Fund...."). The sub-allocations between class counsel was left to be determined by the agreement of Customer and ERISA class counsel, and was the subject of several letter agreements. First, in December of 2013, the ERISA class counsel and the Customer class counsel agreed that counsel for Plaintiffs in the *Andover* and *Henriquez* actions would receive 9% of any attorneys' fee agreed to or awarded in any collective or joint resolution of the cases. *See* KR00000045-50 (Agreement Between Counsel for Consumer and ERISA Plaintiffs Regarding Division of Attorneys' Fees, dated December 11, 2013). Second, by letter agreement dated October 26, 2016 among Customer and ERISA class counsel, ERISA counsel instructed

5

Lead Counsel to distribute their "costs as awarded by the Court plus at least 9% of the aggregate attorneys' fee awarded by the Court ("ERISA Counsel Portion of Awarded Fees"), and further instructed that Lead Counsel was to distribute "the ERISA Counsel Portion of Awarded Fees 1/3 to Zuckerman Spaeder LLP, 1/3 to McTigue Law LLP, 1/3 to Keller Rohrback L.L.P." *See* KR00000051-53; 1201-05 (Letter re: ERISA counsel portion of aggregate attorneys' fee award, dated October 26, 2016). In relevant part, the October 26 Letter Agreement also stated, "to the extent that Hutchings Barsamian Mandelcorn, LLP has a right to fees, it shall be from the funds distributed to Keller Rohrback L.L.P., per the agreement between those firms." *Id.* Likewise, all counsel knew and agreed that any fees to be distributed to Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman LLC, and Feinberg, Campbell & Zack, P.C. (additional counsel in the *Henriquez* case) were going to be from the funds distributed to Zuckerman Spaeder LLP and McTigue Law LLP.

The *Declaration of Lynn Sarko on Behalf of The Andover Companies Employee Savings and Profit Sharing Plan and James Pehoushek-Stangeland in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses* ("Sarko Declaration"), ECF No. 104-18, disclosed to the Court the existence of Hutchings Barsamian as local counsel for Keller Rohrback in the *Andover* case and Keller Rohrback's substantial lodestar that supported the requested combined fee award to ERISA counsel and the customer counsel. Moreover, the Hutchings Barsamian firm was listed on the Court's docket as the counsel of record in the *Andover* case. *See* KR00000978-83.

In response to Interrogatory No. 3, subpart b, the *Andover* named plaintiffs—The Andover Companies Employee Savings and Profit Sharing Plan, and James Pehoushek-Stangeland—approved the agreement to divide attorneys' fees in December 11, 2013 and knew

that the ERISA Counsel would receive 9% of the aggregate attorneys' fee awarded by the Court. Before the *Andover* plaintiffs approved the global settlement, they also approved counsel seeking a fee of 25% of the gross settlement award.

All notices to class members (including the ERISA members) detailed the gross fee amount being sought, or 25% of the $300,000,000 Class Settlement Fund, after first deducting Court-awarded litigation expenses (not to exceed $1,750,000) and Court-awarded service awards for the seven named plaintiffs (not to exceed $85,000 in the aggregate). The specific dollar allocations of fees to individual class law firms from the gross fee award was not detailed in any written disclosure to the ERISA named plaintiffs, other ERISA class members, or the ERISA counsel. The notices to class members also stated that the ERISA portion of the allocation from the global settlement was 20% of $300,000,000, or $60,000, and the notice stated that no more than $10,900,000 of the total attorneys' fees awarded would be paid out of the ERISA portion of the global settlement allocation. The actual attorneys' fees paid to ERISA counsel were far less than $10,900,000—total aggregate ERISA attorneys' fees paid to ERISA counsel were only $7,454,125. Keller Rohrback does not know whether the full $10,900,000 was taken out of the ERISA portion of the global settlement allocation for attorneys' fees. If that occurred, arguably $3,445,875 in attorneys' fees would have been paid to non-ERISA counsel—Lead Counsel, other customer-side law firms and/or Mr. Chargois—out of the ERISA portion of the global settlement allocation.

In response to Interrogatory No. 3, subparts c and d, the customer-side law firms were aware that the ERISA Counsel Portion of Awarded Fees was being distributed 1/3 to Zuckerman Spaeder LLP, 1/3 to McTigue Law LLP, 1/3 to Keller Rohrback L.L.P. The final percent allocation of attorneys' fees to ERISA counsel in November of 2016 was increased by Lead

Counsel to 10% of the awarded fee in light of the excellent work and contribution of ERISA counsel. *See* KR00001206-08. The customer-side law firm that prepared the allocation was also aware of the actual amounts of $2,484,708.33 paid to each of the three firms as attorneys' fees. The customer-side law firms were also aware that any fees to be distributed to Hutchings Barsamian Mandelcorn, LLP in the case were going to be from the funds distributed to Keller Rohrback, and any fees to be distributed to Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman LLC, and Feinberg, Campbell & Zack, P.C. were going to be from the funds distributed to Zuckerman Spaeder LLP and McTigue Law LLP, consistent with the instructions provided by ERISA Counsel to Mr. Lawrence Sucharow in the October 26, 2016 Letter. *See* KR00000051-53; 1201-05. Following receipt of the Keller Rohrback portion of the fee, Keller Rohrback did not inform other ERISA counsel or the customer-side law firms of the specific amount it paid to Hutchings Barsamian for its portion of the fee award.

**INTERROGATORY NO. 4**: State whether such firm's or lawyer's fees, if any, are included in the respective ERISA-firm fee petitions provided to Labaton Sucharow for filing with the Court.

**RESPONSE TO INTERROGATORY NO. 4**:

At the request of Lead Counsel, the Sarko Declaration did not include the lodestar of Ted Hess-Mahan of Hutchings Barsamian. Instead the Sarko Declaration complied with the request of Lead Counsel and set forth Keller Rohrback's substantial lodestar that supported the requested combined fee award to ERISA counsel and the customer counsel, and the amount of recoverable costs incurred by Keller Rohrback and Hutchings Barsamian. The Sarko Declaration also noted the role played by Hutchings Barsamian as local counsel for Keller Rohrback in the Andover case. Lead Counsel at Labaton Sucharow, Nicole Zeiss, stated in an email, dated August 31, 2016, to Keller Rohrback and other ERISA Counsel:

> Also, back when we were working on the expense cap for the notice, your firms provided me with info about expenses, but also the expenses of additional

8

>counsel: Hutchings ($500 in expenses); Beins Axelrod ($1,400 in expenses), Richardson Patrick ($7,600 in expenses), Feinberg Campbell ($1,400). **Optically, however, we think it would be beneficial for us to avoid submitting a dozen small fee decs with the motion,** when Judge Wolf is most familiar with your 3 firms, us, Thornton and Lieff. **We would ask you to consider whether these additional counsel could forgo submitting declarations.** Their expenses are minimal, but we don't know about their lodestar. Obviously, the Dec 2013 fee agreement still governs, as would whatever agreements you have with these firms. Please think about it and let us know.

See KR00001192-98 (emphasis added).

At Lead Counsel's request, and in view of Ted Hess-Mahan's comparative lodestar of less than 0.017 percent of the total lodestar, Mr. Hess-Mahan's additional lodestar was not included in the Sarko Declaration. Previous to that, both the Court and Lead Counsel were well aware of Hutchings Barsamian's involvement in the case, as Mr. Hess-Mahan appeared as *Andover* local counsel in 2012, had been counsel of record continuously since that time, and actively filed pleadings in the *Andover* case. Moreover, Mr. Hess-Mahan's local counsel role was known to both defense counsel at Wilmer Hale and to the Department of Labor.

RESPECTFULLY SUBMITTED this 6th day of October, 2017.

                        **KELLER ROHRBACK L.L.P.**

                        */s/Lynn Lincoln Sarko*
                        Lynn Lincoln Sarko (*pro hac vice*)
                        T. David Copley (*pro hac vice*)
                        Laura R. Gerber (*pro hac vice*)
                        1201 3rd Avenue, Suite 3200
                        Seattle, WA 98101
                        Telephone: 206-623-1900
                        Facsimile: 206-623-8986
                        *lsarko@kellerrohrback.com*
                        *dcopley@kellerrohrback.com*
                        *lgerber@kellerrohrback.com*

                        Attorneys for Plaintiffs THE ANDOVER
                        COMPANIES EMPLOYEE SAVINGS AND
                        PROFIT SHARING PLAN, on behalf of itself
                        and all others similarly situated, and JAMES
                        PEHOUSHEK-STANGELAND, and all others
                        similarly situated

## CERTIFICATE OF SERVICE

I, Lynn Lincoln Sarko, hereby certify that I have caused a copy of the forgoing Keller Rohrback L.L.P.'s Responses to Special Master Honorable Gerald E. Rosen's (Ret.) Second Supplemental Interrogatories to be served via e-mail and Federal Express upon William F. Sinnott, Esq., Donoghue Barrett & Singal, P.C., One Beacon Street, Suite 1320, Boston, MA 02108.

/s/ Lynn Lincoln Sarko
Lynn Lincoln Sarko