# EX. 49

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, AND THOSE SIMILARLY SITUATED, | CIVIL ACTION No. 11-cv-12049-MLW |
| Plaintiffs, | *Motion to Impound Pending* |
| v. | |
| STATE STREET BANK AND TRUST COMPANY and STATE STREET GLOBAL MARKETS LLC AND DOES 1-20, Defendants. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DISCOVERY AND TO RESET BRIEFING SCHEDULE

**I. Introduction**

Plaintiffs Arnold Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland ("Plaintiffs") have moved the Court, pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7.1 to enter an Order (1) establishing a discovery schedule on factual matters raised in Defendants' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion"), and (2) resetting the briefing schedule on the Motion. In support of their motion, Plaintiffs state the following:

Defendants filed their Motion on April 9, 2012.[1] (Document 34). Plaintiffs' opposition to the Motion is now due on May 15, 2012.

---

[1] Under the terms of Plaintiff Henriquez' Assented to Motion to Extend Time to Amend Complaint and Set Briefing Schedule (Document 23), Defendants' Motion was due on April 5, 2012. On April 5, 2012, the Plaintiffs assented to an extension of time until April 9, 2012

In the Motion, Defendants challenge the accuracy of the factual allegations giving rise to subject matter jurisdiction. Specifically, in their Memorandum in Support of Motion to Dismiss ("Def. Mem."), which was filed under seal, Defendants rely on six affidavits (five from State Street Bank and Trust officers or employees, and one from an outside consultant or expert), also filed under seal, to support their contention that none of the Plaintiffs suffered an injury-in-fact on account of the conduct complained of. Accordingly, Defendants contend, none of the Plaintiffs have standing, and the Court lacks subject matter jurisdiction. *See* Def. Mem. at 1-9 (factual assertions), 9-18 (arguments on standing).

## II. Legal Background

It is well-established that where a defendant challenges the accuracy, as opposed to the sufficiency, of the facts alleged to support subject matter jurisdiction in a motion under Rule 12(b)(1), the Court may order discovery on issues of jurisdictional fact.

> In a situation where the parties dispute the predicate facts allegedly giving rise to the court's jurisdiction, the district court will often need to engage in some preliminary fact-finding. In that situation, the district court "enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction."

*Skwira v. United States,* 344 F.3d 64, 71-72 (1st Cir. 2003) (citing *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001)), *cert denied*, 542 U.S. 903 (2004); *see also Rivera-Flores v. Puerto Rico Tel. Co.*, 64 F.3d 742, 748 (1st Cir. 1995). This Court has recognized the need for and granted such discovery, where appropriate, as have courts in other districts in this circuit. *See Lopez v. United States*, 349 F. Supp. 2d 179, 181 (D. Mass. 2004) (Collings, M.J.) (granting discovery); *Biogen, Inc. v. Schering AG*, 954 F. Supp. 391, 395 (D. Mass. 1996) (Wolf, J.) (considering "the affidavits and depositions submitted by the parties to determine whether the

---

(Document 34), with the understanding that Defendants will assent to a comparable extension of time (after May 15) for Plaintiffs' opposition.

2

facts establish its jurisdiction"); *see also Molina Rivera v. Yacoub*, 425 F. Supp. 2d 202, 204-05 (D.P.R. 2006) (considering deposition testimony on motion under Rule 12(b)(1)); *Knight v. Industrial Distribution Group, Inc.* 2004 WL 2300477 at *1,*3 (D.N.H. Oct. 12, 2004) (permitting discovery on "critical factual dispute" regarding jurisdiction under Family Medical Leave Act; denying motion to dismiss pending completion of discovery).

## III. Argument

In order to properly respond to Defendants' factual assertions and arguments, Plaintiffs must have discovery.

Defendants have asserted facts regarding transactions by or within certain collective investment funds. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In this regard, Defendants' affiants also make assertions regarding the responsibilities of various divisions of Defendant State Street Bank and Trust Company, and imply that actions of separate,

---

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

nonjuridical, divisions of Defendant State Street Bank and Trust Company are not attributable to other divisions or to Defendant State Street Bank and Trust Company as an entity. *See* Affidavit of Mark A. Curran ¶¶ 1-2, 4-7; Dempsey Affidavit ¶¶ 1-2,13, 25; Affidavit of Lisa B. Duncan ¶ 4; Affidavit of John Connolly ¶ 4.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████ The Defendants conclude, based upon the factual assertions in the various affidavits, that none of the Plaintiffs could have been injured by the conduct complained of, that the Plaintiffs have no standing to pursue the claims set forth in the Amended Complaint, and that the Court should, therefore, dismiss the Amended Complaint for lack of subject matter jurisdiction.

Defendants also make assertions of fact regarding the execution of foreign currency transactions. ███████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ Defendants provide no additional support for this assertion.

The facts asserted can be known only to State Street Bank and Trust Company and State Street Global Markets LLC insiders. Unless Plaintiffs are allowed access to the underlying documents, database(s), and witnesses, they will not have the factual background necessary to successfully challenge Defendants' factual assertions.

If Plaintiffs' motion is granted, the discovery Plaintiffs expect to conduct includes, but may not be limited to:

4

- Depositions of the six affiants who have made substantive affidavits. (Plaintiffs do not seek discovery of defense counsel who submitted an additional affidavit authenticating certain documents.) Plaintiffs will also seek the depositions of other State Street Bank and Trust or State Street Global Management, LLC officers or employees who are identified in the affidavits as providing information on which affiants rely. In addition, Plaintiffs may seek depositions of additional individuals or entities identified in the course of discovery, e.g. in the documents produced or in depositions, as well as Fed. R. Civ. P. 30(b)(6) depositions.

- Requests for Admission and/or Interrogatories testing the accuracy and completeness of Defendants' assertions regarding the ▅▅▅ scope of Defendants' foreign exchange activities with respect to be named Plaintiffs' ERISA retirement plans.

- Requests for documents, including without limitation:

    o All the documents under which the named Plaintiffs' retirement plans — the Waste Management Retirement Savings Plan, the Citigroup 401(k) Plan, and the Retirement Plan of Johnson & Johnson ("Plans") — were established and operated. These include, but are not limited to, trust, custody, investment management, portfolio management, transition management, and fund mapping agreements.

    o 

    o Documents, such as prospectuses, fund summaries, and audit reports, describing the nature and functioning of Defendants' collective funds identified in the Amended Complaint and Defendants' motion to dismiss

5

- filings as being offered, directly or indirectly, in the named Plaintiffs' retirement plans.[3]

  o Defendants' manuals, guides, policy statements, and similar documents concerning procedures and practices regarding foreign-exchange trading.

  o Account Opening documents for the Plans' investment managers, including but not limited to, any "ERISA/Fiduciary Status Letter … required for each ERISA account", and any "Income Repatriation Letter…authorizing State Street Bank to convert income from local currency to base currency…[also] required for each account", as described in State Street Bank and Trust's Investment Manager Guides [4]

  o 

  o Documents identifying the unique client and fund codes referred to in Defendants' motion to dismiss filings as assigned to the Plans, Executing Funds, Selected Funds (*see* Dempsey Affidavit2 ¶23), Sub-Funds and Other Funds.

## IV. Conclusion

Plaintiffs respectfully request that the Court enter the proposed order filed herewith. Plaintiffs are prepared to serve requests for production of documents promptly upon issuance of the Order. Based upon preliminary discussions, the parties anticipate that there may be disagreements concerning the method and the scope of discovery requiring motions practice. Allowing for such motions practice, Plaintiffs anticipate that the production of documents would

---

[3] These funds have been variously identified as the: Aggressive Focus Fund, Conservative Asset Allocation Fund, Moderate Asset Allocation Fund, Aggressive Asset Allocation Fund, Emerging Market Equity Fund, Daily EAFE Securities Lending Fund Series A, EAFE Index Securities Lending Series – Class T, Daily Emerging Markets Index Non Lending Series Fund, International Equity Fund, SSgA Target Retirement Fund 2030, SSgA MSCI ACWI I EX-US Index Fund, Active Intl Stock Selection SL SF CL I (CM8J [*sic*], International Alpha Select SL Series Fund, and SSgA International Growth Opportunities Fund Series A Non-Lending.

[4] *See* page 131 of Exhibit O and page 139 of Exhibit C, respectively, to Adam Hornstine, Esq.'s Declaration in support of Defendants' Motion to Dismiss (Document 20), in *Arkansas Teacher Retirement System, et al,* vs. *State Street Corp., et al.,* No. 1:11-CV-10230 (MLW) (D. Mass).

take at least 60 to 90 days, with depositions to follow.  Accordingly, Plaintiffs request, as set out in the proposed order, that the Court grant them a period of 120 days to conduct discovery, and set the date for filing of Plaintiffs' Opposition to Defendants' Motion to Dismiss 30 days after the close of discovery on jurisdictional issues.

The parties are negotiating a protective order to protect any confidential information or documents produced in this litigation.  Plaintiffs are also requesting that any discovery taken pursuant to the requested Order not count against the limitations on merits discovery set forth in Local Rule 26.1(c) or the Federal Rules of Civil Procedure.

Dated: May 11, 2012                                    Respectfully submitted,

                                  \s\  Bryan T. Veis
                                  Bryan T. Veis

J. Brian McTigue (*pro hac vice*)
Bryan T. Veis (*pro hac vice*)
James A. Moore (*pro hac vice*)
**McTigue & Veis, LLP**
   4530 Wisconsin Ave, NW
   Suite 300
   Washington, DC 20016
   202-364-6900
   Fax: 202-364-9960
   Email: bveis@mctiguelaw.com
             bmctigue@mctiguelaw.com
             jmoore@mctiguelaw.com

Michael J. Brickman (*pro hac vice*)
Kimberly Keevers Palmer (*pro hac vice*)
James C. Bradley (*pro hac vice*)
Nina Hunter Fields (*pro hac vice*)

**Richardson, Patrick, Westbrook & Brickman, LLC**

7

        1017 Chuck Dawley Blvd.
        Mount Pleasant, SC 29464
        843-727-6500
        Fax: 843-881-6183
        Email: mbrickman@rpwb.com
              kkeevers@rpwb.com
              jbradley@rpwb.com
              nfields@rpwb.com

Catherine M. Campbell
Renee J. Bushey
    **Feinberg, Campbell & Zack, P.C.**
    **3rd Floor**
    177 Milk Street
    Boston, MA 02109
    617-338-1976
    Fax: 617-338-7070
    Email: cmc@fczlaw.com
           rjb@fczlaw.com

Jonathan G. Axelrod (*pro hac vice*)
    **Beins, Axelrod, P.C.**
    1625 Mass. Ave. NW
    Washington, DC 20036
    202-328-7222
    Email: jaxelrod@beinsaxelrod.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Bryan T. Veis, hereby certify that on the date set forth below the foregoing document, which is subject to a pending motion to impound, was served upon all counsel of record by electronic mail.

Dated: May 11, 2012

\s\ Bryan T. Veis
Bryan T. Veis
McTigue & Veis LLP