# EX. 70

| | |
|---|---|
| **From:** | Lynn Sarko |
| **To:** | Lynn Sarko; 'Lieff, Robert L.' |
| **CC:** | 'rlieff@lieff.com'; Lynn Sarko; Laura Gerber |
| **Sent:** | 8/30/2013 1:22:50 PM |
| **Subject:** | RE: State Street |
| **Attachments:** | FeeAgreement083013.docx |

Robert

I have signoff from the ERISA counsel on the fee division between the ERISA and Consumer counsel that we discussed this morning. Attached is a draft agreement that reflects the 91%/9% split.

I have received approval from the other ERISA counsel.

Regards,

Lynn

Lynn L. Sarko
Keller Rohrback LLP
206-224-7552


On Aug 28, 2013, at 2:31 PM, "Lieff, Robert L." <RLIEFF@lchb.com<mailto:RLIEFF@lchb.com>> wrote:

Lynn,

We are waiting to receive from you a draft agreement between ERISA and Consumer plaintiffs. Can we have it this week? We are drafting a settlement agreement for all plaintiffs including ERISA and defendants. Thanks.

Robert

<image001.gif>

Robert L. Lieff
Of Counsel
rlieff@lchb.com<mailto:rlieff@lchb.com>
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com<http://www.lieffcabraser.com>


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

## AGREEMENT BETWEEN COUNSEL
## FOR CONSUMER AND ERISA PLAINTIFFS
## REGARDING DIVISION OF ATTORNEYS' FEES

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between: Labaton Sucharow LLP, Thornton & Naumes, LLP, and Lieff Cabraser Heimann & Bernstein, LLP (collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigue Law LLP, Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman, and Keller Rohrback L.L.P. (collectively, Counsel for ERISA Plaintiffs), on the other hand (the "Parties"). This Agreement shall be effective as of _____, 2013.

## RECITALS

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW* *("ARTRS")*, in the United States District Court for the District of Massachusetts, alleging on behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class of all institutional investors in foreign securities, including public and private pension funds, ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis alleging state law claims against State Street Corporation, State Street Bank and Trust Company, and others, but no claims under ERISA.

1. WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned *Arnold Henriquez, et. al., vs. State Street Bank and Trust Company,, et. al.*, No. 11-cv-12049 MLW *("Henriquez"),* and *Andover Companies, et. al., vs. State Street Bank and Trust Company*, No. 12-cv-11698 MLW *("Andover"),* in the United States District Court for the District of

Massachusetts, alleging on behalf of their clients, Arnold Henriquez (as a participant and beneficiary of the Waste Management Retirement Savings Plan), Michael T. Cohn (as a participant and beneficiary of the Citigroup 401(k) Plan), William R. Taylor and Richard A. Sutherland (each as participants and beneficiaries of the Retirement Plan of Johnson & Johnson), Alan Kober as a Trustee of The Andover Companies' Savings and Profit Sharing Plan, and James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing Company Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis, alleging breaches of federal ERISA law against State Street Bank and Trust Company, and others, but none of the other state law claims alleged by ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same judge and are being mediated and litigated together and the Parties believe that it is in the best interests of their respective clients and the putative classes that they are seeking to represent that, where appropriate and consistent with their obligations to advocate for their respective clients, they work cooperatively in the litigation against State Street Corporation and the other defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the best interests of their respective clients.

NOW, THEREFORE, for good and valuable consideration, including the mutual promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties agree that any attorneys' fee agreed, awarded and/or approved by the Court in connection with the *ARTRS, Andover or Henriquez* cases, whether the

CONFIDENTIAL                                                                 KR00000008

product of settlement or litigated resolution of the cases, shall be divided 91 % to Counsel for Consumer Plaintiffs and 9 % to Counsel for ERISA Plaintiffs (the "Division of Fees").

2. The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

3. The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

4. The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

5. The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

6. This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

7. This Agreement is governed by the substantive law of the Commonwealth of Massachusetts.

CONFIDENTIAL                                                                                                                      KR00000009