# EX. 73

| | |
|---|---|
| **From:** | Cate Brewer |
| **To:** | Laura Gerber |
| **Sent:** | 12/10/2013 9:35:28 AM |
| **Subject:** | SSFX |
| **Attachments:** | FEEAGREEMENT082913.docx; FeeAgreement083013.docx |


FeeAgreement083013.docx


FEEAGREEMENT082913.docx

-------------------------------

Cate R. Brewer
Legal Assistant/Paralegal
to Gretchen Cappio, Laura Gerber and Harry Williams

Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: cbrewer@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**AGREEMENT BETWEEN COUNSEL**
**FOR CONSUMER AND ERISA PLAINTIFFS**
**REGARDING DIVISION OF ATTORNEYS' FEES**

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between: [—] Labaton Sucharow LLP, Thornton & Naumes, LLP,[—] and Lieff Cabraser Heimann & Bernstein, LLP [—](collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigque Law LLP, Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman, and and Keller Rohrback Law OfficesL.L.P. (collectively, Counsel for ERISA Plaintiffs), on the other hand (the "Parties"). This Agreement shall be effective as of _____, 2013.

**RECITALS**

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW ("ARTRS")*, in the United States District Court for the District of Massachusetts, alleging on behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class of all institutional investors in foreign securities, including public and private pension funds, ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis alleging public and private (ERISA) pension plans federal and state law claims against State Street Corporation, State Street Bank and Trust Company, and others and others, but no claims under ERISA.

1. WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned *Arnold Henriquez, et. al. vs. State Street Bank and Trust, et. al.*, No. 11-cv-12049 MLW

("Henriquez"), and *Andover Companies, et. al., vs. State Street Bank and Trust Company*, No. 12-cv-11698 MLW ("Andover"), ~~and Arnold Henriquez, et. al. vs. State Street Bank and Trust, et. al., No. 11-cv-12049 MLW ("Henriquez"),~~ in the United States District Court for the District of Massachusetts, alleging on behalf of their clients, ~~the Andover Companies and~~ Arnold Henriquez (as a participant and beneficiary of the Waste Management Retirement Savings Plan), Michael T. Cohn (as a participant and beneficiary of the Citigroup 401(k) Plan), William R. Taylor and Richard A. Sutherland (each as participants and beneficiaries of the Retirement Plan of Johnson & Johnson), Alan Kober as a Trustee of The Andover Companies' Savings and Profit Sharing Plan, and James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing Company Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis, ~~claims under~~ alleging breaches of federal ERISA law ~~ERISA~~ against State Street ~~Corporation~~ Bank and Trust Company, and others, but none of the other ~~federal and~~ state law ~~claims~~ alleged by ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same judge and are being mediated and litigated together and the Parties believe that it is in the best interests of their respective clients and the putative classes that they are seeking to represent that, where appropriate and consistent with their obligations to advocate for their respective clients, they work cooperatively in the litigation against State Street Corporation and the other defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the best interests of their respective clients.

2

CONFIDENTIAL                                                                                                                        KR00000026

~~WHEREAS, State Street Corporation and the other defendants have produced data, on a confidential basis, in the mediation of the *ARTRS, Andover* and *Henriquez* cases regarding volume of FX trading by public and ERISA pension plans.~~

NOW, THEREFORE, for good and valuable consideration, including the mutual promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties agree that any attorneys' fee agreed, awarded and/or approved by the Court in connection with the *ARTRS, Andover* and *Henriquez* cases, whether the product of settlement or litigated resolution of the cases, shall be divided __ % to Counsel for Consumer Plaintiffs and __ % to Counsel for ERISA Plaintiffs (the "Division of Fees").

~~2.~~ The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

[Formatted: Bullets and Numbering]

2. 

3. ~~Notwithstanding Paragraphs 1 and 2 above, the Division of Fees does not apply in the event that there is no recovery in the *ARTRS* case or if there is no recovery in both the *Andover Company* and *Henriquez* cases. [CSK Comment: this is a difficult issue. If ARTRS loses, we win, and the division applies, then ARTRS counsel gets virtually the entire fee. On the other hand, if it went the other way, then we get shut out. On balance, I think we want this provision, but it is definitely not perfect either way.]~~

3

4. ~~The Parties agree that the Division of Fees is consistent with the relative volume of FX trading by ERISA and non-ERISA plans as reflected in the data produced by State Street and the prospects of recovery on the various claims alleged, and is therefore reasonable and appropriate.~~

5. The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

3.

6. The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

4.

7. The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

5.

8. This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

6.

9.7.  This Agreement is governed by the substantive law of the Commonwealth of Massachusetts.

4

CONFIDENTIAL
KR00000028