# EX. 75

EXECUTION COPY

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM,<br>on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN,<br>WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND,<br>and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>STATE STREET GLOBAL MARKETS, LLC and<br>DOES 1-20,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS<br>AND PROFIT SHARING PLAN, on behalf of itself, and<br>JAMES PEHOUSHEK STANGELAND, and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

## STIPULATION AND AGREEMENT OF SETTLEMENT

EXECUTION COPY

This Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement" or the "Class Settlement"), is made and entered into by and among (i) the Plaintiffs (defined below), on behalf of themselves and each Settlement Class Member (defined below), by and through their undersigned counsel, and (ii) State Street Bank and Trust Company (the "Settling Defendant" or "SSBT"), by and through its undersigned counsel, and is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure.

The Class Settlement is intended by the Parties (defined below) to fully, finally, and forever compromise, settle, release, resolve, discharge, and dismiss with prejudice the Class Actions (defined below), all Released Class Claims (defined below), and all Released Prosecution Claims (defined below) as against all Released Parties (defined below), upon and subject to the terms and conditions stated in this Settlement Agreement, and Final approval of the Court.

**WHEREAS:**

A.     All terms with initial capitalization used in this Settlement Agreement, and in any exhibits attached hereto and made a part hereof, shall have the meanings ascribed to them in Paragraph 1 below or as otherwise defined herein, except that any term with initial capitalization only defined in an exhibit shall have the meaning provided in that exhibit.

B.     On February 10, 2011, Plaintiff Arkansas Teacher Retirement System ("ARTRS") commenced the ARTRS Action by filing a class action complaint against State Street Corporation, SSBT, and State Street Global Markets, LLC ("SSGM LLC") in the United States District Court for the District of Massachusetts (the "Court").  The complaint asserted, *inter alia*, deceptive acts and practices in violation of the Massachusetts Consumer Protection Act, Mass.

Gen. L. ch. 93A ("Chapter 93A") and breaches of the duty of loyalty by SSBT and SSGM LLC to their custodial customers.

C.      On April 15, 2011, ARTRS filed an amended class action complaint in the ARTRS Action, asserting class claims under Chapter 93A, adding class claims for breach of duty of trust and negligent misrepresentation under Massachusetts law, and adding an individual claim for breach of contract under Arkansas law.

D.      On June 3, 2011, State Street Corporation, SSBT, and SSGM LLC moved to dismiss the amended class action complaint in the ARTRS Action. The motion to dismiss was fully briefed as of January 12, 2012.

E.      On November 18, 2011, Plaintiff Arnold Henriquez, on behalf of the Waste Management Retirement Savings Plan and its participants and beneficiaries, filed a class action complaint in the Court against SSBT, SSGM LLC, and unnamed individuals designated as Does 1-20. The complaint asserted claims of engaging in self-interested prohibited transactions under Section 406 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1106, breach of duties of prudence and loyalty under Section 404 of ERISA, 29 U.S.C. § 1104, and breach of co-fiduciary under Section 405 of ERISA, 29 U.S.C. § 1105.

F.      On February 24, 2012, Plaintiff Henriquez filed an amended class action complaint in the Henriquez Action, adding Michael T. Cohn (on behalf of the Citigroup 401(k) Plan) and William R. Taylor and Richard A. Sutherland (on behalf the Retirement Plan of Johnson & Johnson).

G.      The complaints in the Class Actions allege generally that defendants charged custody and trust customers of SSBT unfair and excessive rates and spreads in connection with Indirect FX Transactions (defined below) between January 1, 1998 and December 31, 2009.

2

H.    On April 9, 2012, SSBT and SSGM LLC moved to dismiss the amended class action complaint in the Henriquez Action.

I.    On May 8, 2012, the Court heard oral argument on defendants' motion to dismiss in the ARTRS Action. By order issued from the bench dated the same day, the Court denied the motion in its entirety with regard to the claims against SSBT, but granted the motion with respect to the claims against State Street Corporation. By agreement of the parties, the claims against SSGM LLC were dismissed without prejudice. The Court also instructed the parties and their counsel to meet to discuss the possibility of settlement and, if not, whether they would agree to engage in mediation.

J.    On July 13, 2012, ARTRS and SSBT submitted a Joint Status Report informing the Court that the parties agreed to engage in mediation with a mediator to be agreed upon.

K.    By Joint Status Report filed with the Court on August 17, 2012, ARTRS and SSBT informed the Court that they had agreed on a private mediator and that a mediation had been scheduled.

L.    On September 12, 2012, Plaintiff Alan Kober (on behalf of The Andover Companies Employees Savings and Profit Sharing Plan) and James Pehoushek-Stangeland (as a participant and beneficiary of The Boeing Company Voluntary Investment Plan) filed an initial complaint against SSBT and SSGM LLC in this Court. The complaint asserted claims for breach of duties of prudence and loyalty under Section 404 of ERISA, 29 U.S.C. § 1104, prohibited transactions under Section 406 of ERISA, 29 U.S.C. § 1106.

M.    On October 18, 2012, plaintiffs in the Andover Action filed an amended class action complaint and also filed a Notice of Voluntary Dismissal of defendant SSGM LLC from the action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

3

N.     On November 16, 2012, the Parties in the Class Actions filed a Stipulation, Joint Motion, and Proposed Order for the Production and Exchange of Confidential Information, which the Court entered on November 20, 2012.  Pursuant to the order, the Class Actions were consolidated for pre-trial purposes.  Additionally, the order provided that the Parties could engage in formal document discovery until December 1, 2013.  The Class Actions were stayed in all other respects until December 1, 2013 and certain motions, including the motion to dismiss in the Henriquez Action, were withdrawn.

O.     At the Parties' request, the stay was subsequently extended by the Court to June 1, 2014 and further extended to December 31, 2014.  The orders extended the stay of all proceedings other than discovery, while the Parties pursued mediation.

P.     Between October 2012 and June 2015, the Parties engaged in sixteen (16) in-person mediation sessions facilitated by Jonathan B. Marks, Esq. of MarksADR, LLC, an experienced, neutral mediator, in Boston, New York City, and Washington, D.C.  Several of the mediation sessions were attended by the Executive Director of ARTRS and/or the Chief Legal Officer of State Street Corporation.  In addition, the Parties met without the mediator on at least one occasion, conducted several video teleconferences, and had numerous arm's-length discussions among themselves.  On October 23 and October 24, 2012, during an in-person mediation session, the Parties agreed on a framework for exchanging formal document discovery, informal material to facilitate the mediation process, and managing the Class Actions.

Q.     Pursuant to this agreement, the Parties exchanged more than nine million pages of relevant documents.  SSBT also provided a significant amount of data and other information relevant to liability, class certification and damages issues, and Plaintiffs and SSBT each made multiple, detailed presentations during the mediation process concerning such issues.

R.     On June 30, 2015, after additional extensive arm's-length negotiations, on multiple occasions, in person and by exchange of proposals, Plaintiffs and SSBT reached an agreement in principle to settle the Class Actions, which was memorialized in a Term Sheet dated September 11, 2015.

S.     SSBT anticipates reaching a separate settlement with the United States Securities and Exchange Commission ("SEC") concerning Indirect FX (defined below) (the "SEC Settlement"). The allocation to Registered Investment Companies (defined below) in the Plan of Allocation in the Class Settlement will also satisfy a condition of the SEC Settlement.

T.     SSBT has reached a separate settlement with the United States Department of Labor ("DOL") concerning Indirect FX (the "DOL Settlement"). The allocation to ERISA Plans (defined below) in the Plan of Allocation in the Class Settlement will also satisfy a condition of the DOL Settlement.

U.     SSBT has reached a separate settlement with the United States Department of Justice ("DOJ") concerning Indirect FX (the "DOJ Settlement").

V.     Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Class Actions have merit and the evidence developed supports the claims asserted. Plaintiffs and Plaintiffs' Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Class Actions against SSBT through trials and appeals. Plaintiffs and Plaintiffs' Counsel also have taken into account the uncertain outcome and risks in the Class Actions, as well as the difficulties, delays, and risks inherent in any complex action such as the Class Actions. Plaintiffs and Plaintiffs' Counsel also are mindful of the inherent problems of proof of, and the possible defenses to, the claims alleged in the Class Actions. Plaintiffs and Plaintiffs' Counsel believe that the Class Settlement set forth in this Settlement

Agreement confers substantial monetary benefits upon the Settlement Class. Based on their evaluation, Plaintiffs and Plaintiffs' Counsel have determined that the Class Settlement set forth in this Settlement Agreement is in the best interest of Plaintiffs and the other Settlement Class Members.

W.    SSBT has denied and continues to deny any fault, liability, or wrongdoing of any kind and that the evidence developed supports in any way the claims asserted. SSBT also has denied and continues to deny each and all of the claims and contentions alleged by Plaintiffs on behalf of the Settlement Class. SSBT further has denied and continues to deny that Plaintiffs or any member of the Settlement Class were harmed or suffered any loss as a result of any of the conduct alleged in the Class Actions.

X.    SSBT is entering into the Class Settlement to eliminate the burden, expense, inconvenience, uncertainty, distraction, and risk of further litigation; the length of continued proceedings necessary to defend the Class Action through trial and any appeals; and to avoid continued litigation; therefore it believes that it is desirable that the Class Action and any other current or future potential actions brought by Class Members that relate in any way to the allegations raised by the Plaintiffs be settled upon the terms and conditions set forth herein, in order to avoid the further expense and burden of protracted litigation.

Y.    This Settlement Agreement, whether or not consummated, any proceedings relating to any settlement of the Class Actions, or any of the terms of any settlement of the Class Actions, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of SSBT with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defense that SSBT has or could have asserted in the Class Actions.

**NOW THEREFORE**, without any admission or concession whatsoever on the part of Plaintiffs or any Settlement Class Member regarding any lack of merit of the claims in the Class Actions, and without any admission or concession whatsoever on the part of SSBT of any liability or wrongdoing or lack of merit of their defenses in the Class Actions, it is hereby **STIPULATED AND AGREED**, by and among the Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and other conditions set forth herein, in consideration of the benefits flowing to the Parties from the Class Settlement, that the Class Actions, all Released Class Claims, and all Released Prosecution Claims shall be fully, finally, and forever compromised, settled, released, resolved, discharged, and dismissed with prejudice against the Released Parties, upon and subject to the following terms and conditions:

## I.    DEFINITIONS

1.    As used in this Settlement Agreement, the following terms shall have the meanings specified below:

(a)    "Alternative Judgment" means a form of final judgment that may be entered by the Court in a form other than the form of the Order and Final Judgment provided for in this Settlement Agreement, and which is acceptable to each Party.

(b)    "Andover Action" is the class action styled as *The Andover Companies Employee Savings and Profit Sharing Plan, et al. v. State Street Bank and Trust Company*, No. 12-cv-11698 MLW (D. Mass.).

(c)    "ARTRS Action" is the class action styled as *Arkansas Teacher Retirement System v. State Street Bank and Trust Company*, No. 11-cv-10230 MLW (D. Mass.).

(d)    "Authorized Claimant" means a Settlement Class Member whose claim for payment from the Settlement is accepted by the Court.

7

(e) "Claims Administrator" means the firm retained by Lead Counsel on behalf of the Settlement Class and acceptable to SSBT, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Class Settlement.

(f) "Class Actions" mean the ARTRS Action, the Andover Action, and the Henriquez Action.

(g) "Class Escrow Account" means the separate escrow account designated and agreed upon by Lead Counsel and SSBT at a national banking institution into which the Class Settlement Amount will be deposited for the benefit of the Settlement Class.

(h) "Class Period" means the period from January 2, 1998 through December 31, 2009, inclusive.

(i) "Class Settlement" means this Stipulation and Agreement of Settlement and the settlement contained herein.

(j) "Class Settlement Amount" means Three Hundred Million United States Dollars ($300,000,000.00), paid by or on behalf of SSBT in connection with this Settlement Agreement.

(k) "Class Settlement Fund" means the Class Settlement Amount, plus any interest earned thereon.

(l) "Compliant Distribution Order" means a Distribution Order providing for, at a minimum, a distribution of funds to Settlement Class Members that are Registered Investment Companies solely in accordance with a Compliant Plan of Allocation within one (1) year of the Judgment or Alternative Judgment becoming Final.

8

(m)     "Compliant Plan of Allocation" means a Plan of Allocation that achieves, and contains sufficient flexibility to permit, among other things, the allocation of the Class Settlement Fund such that (i) the allocation of settlement funds to the ERISA Plans, together with Group Trusts insofar as they are eligible to participate in the ERISA Settlement Allocation (defined below), on a gross basis, shall be no less than Sixty Million Dollars ($60,000,000.00) (the "ERISA Settlement Allocation"), and (ii) the allocation of settlement funds to Registered Investment Companies, on a gross basis, shall be sufficient to permit on a net basis distribution of the Registered Investment Company Minimum Distribution to Registered Investment Companies.

(n)     "Defendants" means State Street Corporation, SSBT, State Street Global Markets, LLC, and Does 1-20.

(o)     "Defendants' Counsel" means the law firm of Wilmer Cutler Pickering Hale and Dorr LLP.

(p)     "Direct FX Methods" mean the methods for submitting, processing, aggregating and/or executing foreign exchange transactions in which the counterparty or its investment manager approves the exchange rate, or a spread from a benchmark, before execution of the trade (including StreetFX Methods and methods used with respect to any other method of execution offered by State Street that are not Indirect FX Methods).

(q)     "Direct FX Transactions/Trading" means foreign exchange transactions executed with SSBT or SSBT's subcustodians using Direct FX Methods, including all StreetFX Transactions.

(r)     "Distribution Order" means the order or orders entered by the Court authorizing and directing that the Net Class Settlement Fund be distributed to Authorized Claimants.

(s)     "DOJ Settlement" means the settlement reached between the DOJ and SSBT concerning Indirect FX.

(t)     "DOL Settlement" means the settlement reached between the DOL and SSBT concerning Indirect FX.

(u)     "Effective Date" means the latest date when all of the conditions set forth in Paragraph 55 below have occurred.

(v)     "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

(w)     "ERISA Plans" means the employee benefit plans as defined in 29 U.S.C. Section 1002(3) (also referred to as Section 3(3) of ERISA), that are subject to Part 4 of Subtitle B of Title I of ERISA (including master trusts with respect to multiple such plans within the meaning of Department of Labor Regulation Section 2520.103-1(e)), and that were custody or trust customers of SSBT during any part of the Class Period.

(x)     "Escrow Accounts" means the Class Escrow Account and the Lead Counsel Escrow Account.

(y)     "Escrow Agent" means the national banking institution holding the Escrow Accounts, which shall receive, hold, invest, and disburse the Escrow Accounts, pursuant to the terms of this Settlement Agreement.

(z)     "Final," with respect to a court order, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time

10

for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought). However, any appeal or proceeding seeking subsequent judicial review pertaining solely to matters that would not prevent immediate distribution to Registered Investment Companies of at least the Registered Investment Company Minimum Distribution or distributions to the ERISA Plans (e.g., an appeal directed only to the amount of attorneys' fees and/or expenses to be paid to Plaintiffs' counsel), shall not in any way delay or affect the time set forth above for the Judgment (or Alternative Judgment) or other order, or otherwise preclude the Judgment (or Alternative Judgment) or other order, from becoming Final.

(aa)    "Final Approval Hearing" or "Settlement Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Class Settlement.

(bb)    "Group Trust(s)" means group trusts that are exempt from tax pursuant to Internal Revenue Service Revenue Ruling 81-100, as amended, that were custody or trust customers of SSBT during any part of the Class Period.

(cc)    "Henriquez Action" means the action styled as *Henriquez, et al. v. State Street Bank and Trust Company, et al.*, No. 11-cv-12049 MLW (D. Mass.).

(dd)    "Indirect FX" means Indirect FX Methods and Indirect FX Transactions/Trading.

(ee)    "Indirect FX Methods" means the methods at any time for submitting, processing, pricing, aggregating, netting, and/or executing foreign exchange transaction requests pursuant to instructions from custody or trust customers of SSBT (or their investment managers) instructing SSBT or SSBT's subcustodians to execute such transactions at rates or spreads, which rates or spreads prior to December 2009 were not widely disclosed to the customers or investment managers prior to execution, including, but not limited to, the methods of executing foreign exchange transactions that are or were at any time known as Indirect FX, standing instruction foreign exchange, custody FX, Automatic Income Repatriation, Automated Dividend and Interest Income Repatriation Service, or Security Settlements and Holdings Foreign Exchange Service or Hourly Pricing Foreign Exchange Service.

(ff)    "Indirect FX Transactions/Trading" means foreign exchange transactions executed with SSBT or SSBT's subcustodians at any time using Indirect FX Methods, including all foreign exchange transactions submitted using Indirect Methods.  A transaction submitted or processed using an Indirect Method is an Indirect FX Transaction regardless of whether the rate at which the transaction was executed differed from the rates at which other transactions submitted using Indirect Methods were executed.

(gg)    "Lead Counsel" means the law firm of Labaton Sucharow LLP.

(hh)    "Lead Counsel Escrow Account" means the separate escrow account at a national banking institution designated and agreed upon by Lead Counsel and SSBT into which the attorneys' fees, Litigation Expenses, and Service Awards approved by the Court will be deposited for the benefit of Plaintiffs' counsel and the Plaintiffs.

(ii)  "Liaison Counsel" means Thornton Law Firm LLP.

(jj)  "Litigation Expenses" means the reasonable costs and expenses incurred by counsel for Plaintiffs in connection with commencing and prosecuting the Class Actions for which Plaintiffs' counsel intend to apply to the Court for payment from the Class Settlement Fund.

(kk)  "Net Class Settlement Fund" means the Class Settlement Fund less: (i) Taxes and Tax Expenses; (ii) Notice and Administration Expenses; (iii) any attorneys' fees, Service Awards, and Litigation Expenses awarded by the Court; and (iv) any other fees and expenses approved by the Court.

(ll)  "Notice" means the Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (substantially in the form attached hereto as Exhibit A-1), which is to be sent to members of the Settlement Class.

(mm)  "Notice and Administration Expenses" means the costs, fees, and expenses that are incurred in connection with providing notice to the Settlement Class, in connection with the Escrow Accounts, in connection with administering the Class Settlement, and in providing notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

(nn)  "Order and Final Judgment" or "Judgment" means the order of final judgment to be entered in the Class Actions, substantially in the form annexed hereto as Exhibit B.

(oo)  "Parties" means (i) Plaintiffs on behalf of themselves and each Settlement Class Member and (ii) Settling Defendant SSBT.

13

(pp)    "Person" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity, as well as each of their spouses, domestic partners, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assigns.

(qq)    "Plaintiffs" means named plaintiffs ARTRS, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangeland.

(rr)    "Plaintiffs' Counsel" means Labaton Sucharow LLP, Thornton Law Firm LLP, Lieff Cabraser Heimann & Bernstein, LLP, Keller Rohrback LLP, McTigue Law LLP, and Zuckerman Spaeder LLP.

(ss)    "Plan of Allocation" means the proposed plan for allocating the Net Class Settlement Fund to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form described in the Notice.

(tt)    "Preliminary Approval Order" means the order (substantially in the form annexed hereto as Exhibit A) to be entered by the Court, preliminarily approving the Class Settlement, approving dissemination of the Notice and Publication Notice, and scheduling the Final Approval Hearing.

(uu)    "Publication Notice" or "Summary Notice" means the notice, substantially in the form annexed hereto as Exhibit A-2, to be published as set forth in the Preliminary Approval Order.

14

(vv)  "Rate Comparisons" means comparison of rates at which foreign exchange transactions were executed with rates of any other foreign exchange transaction or transactions (whether executed by SSBT, a subcustodian, or a party unrelated to SSBT), including comparison of rates of Indirect FX Transactions or Direct FX Transactions with rates of any other Indirect FX Transactions, Direct FX Transactions, indicative rate, market rate or benchmark rate.

(ww)  "Registered Investment Company(ies)" means a mutual fund, closed-end fund, unit investment trust or other entity that is registered with the SEC as an investment company under the Investment Company Act.

(xx)  "Registered Investment Company Minimum Distribution" means $92,369,416.51.

(yy)  "Released Class Claims" means any and all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, rights of recovery, causes of action, duties, obligations, judgments, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including Unknown Claims, whether known or unknown, direct, representative, class, individual or indirect, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, accrued or not accrued, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative or any other law, statute, rule or regulation that any Releasing Plaintiff: (i) asserted in the Class Actions; (ii) could have asserted in the Class Actions or any other action or in any forum, that arise from or out of, relate to, or are in connection with the claims, allegations, transactions, alleged or actual prohibited transactions or breaches of duty (including fiduciary duty), facts, events, acts,

disclosures, matters or occurrences, statements, representations or omissions or failures to act involved, described, set forth, or referred to in the complaints filed in the Class Actions or that arise from or out of, relate to, or are in connection with Indirect FX Methods, Indirect FX Transactions/Trading, StreetFX Methods, StreetFX Transactions, or Rate Comparisons; and (iii) asserted or could assert that arise from or out of, relate to, or are in connection with the defense or settlement of the Class Actions, except for claims relating to enforcement of the Settlement.

(zz)　"Released Defendant Parties" means SSBT and Defendants; their past, present and future parents, subsidiaries, divisions, and affiliates; the respective past and present officers, directors, trustees, employees, agents, trustees, managers, servants, accountants, auditors, underwriters, financial and investment advisors, consultants, representatives, insurers, co-insurers and reinsurers of each of them; and the heirs, successors and assigns of the foregoing.

(aaa)　"Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(bbb)　"Released Plaintiff Parties" means Plaintiffs and each and every Settlement Class Member and their respective past, present, and future heirs, executors, administrators, trustees, predecessors, successors, and assigns.

(ccc)　"Released Prosecution Claims" means all claims and causes of action of every nature and description, including Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Class Actions, except for claims relating to interpretation or enforcement of the terms of the Class Settlement.

(ddd)　"Releasing Plaintiff(s)" means each and every Plaintiff and each and every Settlement Class Member.

16

(eee)  "SEC Settlement" means the settlement between the SEC and SSBT concerning Indirect FX.

(fff)  "Service Awards" refers to the funds awarded out of the Class Settlement Fund, in addition to whatever monies Plaintiffs may receive pursuant to the Plan of Allocation, to compensate Plaintiffs for the effort and time spent by them in connection with the prosecution of the Class Actions, as supported by adequate written documentation of such effort and time.

(ggg)  "Settlement Agreement" means this Stipulation and Agreement of Settlement.

(hhh)  "Settlement Class" means all custody and trust customers of SSBT (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive.  Excluded from the Settlement Class are: Defendants; California Public Employees' Retirement System (CalPERS), California State Teachers' Retirement System (CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or entity in their capacities as such.  Also excluded from the Settlement Class is any Person who submits a timely and valid request for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.  For the avoidance of doubt, it is agreed that this definition of the "Settlement Class" is intended to supersede the class definitions in the complaints in the Class Actions.

17

(iii)    "Settlement Class Member" means any Person that is a member of the Settlement Class.

(jjj)    "Settling Defendant" means SSBT.

(kkk)    "SSGM LLC" means State Street Global Markets, LLC.

(lll)    "StreetFX Methods" means the methods for submitting, processing, aggregating and/or executing foreign exchange transactions which were or ultimately became known as StreetFX methods.

(mmm)"StreetFX Transactions" means foreign exchange transactions submitted at any time to SSBT using StreetFX Methods.

(nnn)    "Taxes" means any taxes due and payable with respect to the income earned by the Class Settlement Fund, including any interest or penalties thereon.

(ooo)    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys, accountants, and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(ppp)    "Unknown Claims" means any and all Released Class Claims, which one or more Releasing Plaintiffs does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any Released Prosecution Claims that SSBT or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known to him, her, or it might have affected his, her, or its decision(s) with respect to the Class Settlement.  With respect to any and all Released Class Claims and Released Prosecution Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and SSBT shall expressly, and each Releasing

18

Plaintiff and SSBT shall be deemed to have, and by operation of the Judgment or any Alternative Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Releasing Plaintiffs, SSBT, or the other Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Class Claims and the Released Prosecution Claims, but Plaintiffs and SSBT shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff and each other Released Defendant Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or any Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Class Claims and Released Prosecution Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each other Releasing Plaintiff and Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Class Claims and Released Prosecution Claims was separately bargained for and was a key and material element of the Class Settlement.

19

## II.    CERTIFICATION OF SETTLEMENT CLASS

2.    Solely for purposes of the Class Settlement, the Parties stipulate and agree to: (i) certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) appointment of Plaintiffs as the representatives for the Settlement Class; and (iii) appointment of Lead Counsel as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.    In the event the Class Settlement is terminated, pursuant to the terms of this Settlement Agreement, certification of the Settlement Class shall be nullified and voided, the Class Actions shall proceed as though the Settlement Class had never been certified, and none of the Parties or any other Person shall suggest in the Class Actions that any inference of any kind should be drawn from the Settlement Class proposed in the Class Settlement.

## III.    RELEASE OF CLAIMS

4.    By operation of this Settlement Agreement and the Judgment or Alternative Judgment, as of the Effective Date, the Releasing Plaintiffs, and their respective past, present, and future heirs, executors, administrators, trustees, predecessors, successors, and assigns: (i) shall release and shall be deemed by operation of law and this Settlement Agreement to have irrevocably, absolutely, and unconditionally fully, finally, and forever waived, released, discharged, and dismissed, with prejudice and on the merits, each and every one of the Released Class Claims against each and every one of the Released Defendant Parties, (ii) shall have and be deemed to have covenanted not to sue, directly or indirectly any Released Defendant Party with respect to any and all of the Released Class Claims; and (iii) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise) (except as a witness compelled by subpoena or court order), or receiving any benefits or other relief, from any action, suit, cause of action,

20

arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that maintains or prosecutes any or all such Released Class Claims against each and every one of the Released Defendant Parties.

5. All Releasing Plaintiffs, and their respective past, present, and future heirs, executors, administrators, trustees, predecessors, successors, and assigns, shall be bound by the terms of the releases, covenants not to sue, and injunctions set forth in this Settlement Agreement whether or not they obtain a recovery from the Class Settlement or seek, or actually receive, a distribution from the Class Settlement.

6. By operation of the Judgment or Alternative Judgment, as of the Effective Date, SSBT, on behalf of itself, the Released Defendant Parties, and each of their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged, and dismissed, with prejudice and on the merits, each and every one of the Released Prosecution Claims against each and every one of the Released Plaintiff Parties and their respective attorneys, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Prosecution Claims against each and every one of the Released Plaintiff Parties and their respective attorneys.

7. Notwithstanding any of the foregoing, none of the Parties releases any claims relating to the enforcement of the Class Settlement, and SSBT does not release any claims relating to insurance coverage.

8. The releases and waivers contained in this Section were separately bargained for and are essential elements of this Settlement Agreement and the Class Settlement.

21

## IV.     THE SETTLEMENT CONSIDERATION

9.      The Class Settlement Amount is to be paid by or on behalf of SSBT. In consideration of the terms of the Class Settlement, SSBT shall cause the Class Settlement Amount to be deposited into the Class Escrow Account no more than ten (10) calendar days after entry of the Preliminary Order by the Court.

10.     Any and all direct settlements that SSBT has reached or may in the future reach with Settlement Class Members shall not change the Class Settlement Amount.

11.     Within five (5) business days after signing this Settlement Agreement, Lead Counsel shall provide Defendants' Counsel with wiring instructions and a Form W-9 for the Class Settlement Fund, and any other documents reasonably required by the Settling Defendant to process the funding of the Class Settlement Amount.

12.     Other than the obligation of SSBT to pay or cause to be paid the Class Settlement Amount into the Class Escrow Account as provided for in Paragraph 9 above or to pay or cause to be paid the amount provided for in Paragraph 14, neither SSBT nor any other Released Defendant Party shall have any obligation to make any other payment to the Settlement Class pursuant to this Settlement Agreement. Any interest earned on the Class Settlement Amount shall be for the benefit of the Settlement Class.

## V.     USE OF THE SETTLEMENT FUND

13.     The Class Settlement Fund shall be used to pay: (i) Taxes and Tax Expenses; (ii) Notice and Administration Expenses; (iii) any attorneys' fees, Litigation Expenses, and Service Awards awarded by the Court; (iv) any other fees, costs, or expenses approved by the Court; and (v) the claims of Authorized Claimants. The Net Class Settlement Fund shall be distributed to Authorized Claimants as provided below and in the Plan of Allocation approved by the Court. All costs and expenses incurred by or on behalf of Plaintiffs and the other members of the

Settlement Class shall be paid from the Class Settlement Fund, as approved by the Court or provided for in this Settlement Agreement. Other than as specified below in Paragraph 14, neither SSBT nor or any other Released Defendant Party shall bear any further or additional responsibility to the Settlement Class or their counsel for any fees, costs or expenses beyond payment of the Class Settlement Amount.

14.     After (i) the Judgment or Alternative Judgment becomes Final, (ii) the Court has approved the Plan of Allocation and the order approving the Plan of Allocation becomes Final, and (ii) entry by the Court of a Distribution Order and the Distribution Order becomes Final, the Net Class Settlement Fund will be distributed to Authorized Claimants in accordance with the terms of such Distribution Order and the Plan of Allocation approved by the Court. The Parties and their counsel shall use their best efforts (including by means of causing the distribution to be made in more than one phase, if necessary) to cause at least the Registered Investment Company Minimum Distribution to be distributed to Authorized Claimants who are Registered Investment Companies, pursuant to the Plan of Allocation and consistent with the SEC Settlement, within one (1) year of the date upon which the Judgment or Alternative Judgment becomes Final. If fees, costs, or expenses are necessarily incurred by the Claims Administrator at the request of SSBT in order to expedite the distribution to Registered Investment Companies, they shall be paid or caused to be paid by SSBT and not by the Class Settlement Fund.

15.     Except as provided herein or pursuant to orders of the Court, the Net Class Settlement Fund shall remain in the Class Escrow Account prior to distribution. All funds held by the Escrow Agent for the Class Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Settlement Agreement and/or further order

23

of the Court.  The Escrow Agent for the Class Settlement Fund shall invest any funds in the Escrow Accounts in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  All risks related to the investments of the Class Settlement Fund shall be borne by the Class Settlement Fund.

16.     The Parties agree that the Class Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and that Lead Counsel, as administrator of the Class Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Class Settlement Fund.  Such returns shall be consistent with this Paragraph and in all events shall reflect that all Taxes on the income earned on the Class Settlement Fund and Tax Expenses shall be paid out of the Class Settlement Fund as provided by Paragraph 17 below.  Lead Counsel shall also be solely responsible for causing payment to be made from the Class Settlement Fund of any Taxes and Tax Expenses owed with respect to the Class Settlement Fund.  Upon written request, SSBT will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Class Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this Paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into

existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

17.     All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Class Settlement and shall be paid out of the Class Settlement Fund.  SSBT and the other Released Defendant Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses.  Lead Counsel, or its agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Class Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treasury Regulation § 1.468B-2(k), and, to the extent applicable, Treasury Regulation § 1.468B-2(1).  Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes (including any interest or penalties) on the income earned by the Class Settlement Fund shall be paid out of the Class Settlement Fund, subject to the limitations set forth in this Paragraph.  Lead Counsel, or its agents, shall also timely pay Taxes and Tax Expenses, subject to the' limitations set forth in this Paragraph, out of the Class Settlement Fund; and are authorized to withdraw, without prior order of the Court, from the Class Settlement Fund amounts necessary to pay Taxes and Tax Expenses.  The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Settlement Agreement.  SSBT and the Released Defendant Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents, as described herein.

18.     The Class Settlement is not a claims-made settlement.  As of the Effective Date, neither SSBT nor any other Person who paid any portion of the funds into the Class Settlement Fund shall have any right to the return of the Class Settlement Fund or any portion thereof

irrespective of the collective amount of losses of Settlement Class Members, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants. Additionally, irrespective of whether the Effective Date has occurred, neither SSBT nor any other Person who paid any portion of the funds into the Class Settlement Fund shall have any right to return from any Settlement Class Members of any portion of the Net Class Settlement Fund that has been actually distributed in accordance with this Settlement Agreement.

## VI. ATTORNEYS' FEES AND LITIGATION EXPENSES

19. Lead Counsel, on behalf of Plaintiffs' counsel, may apply to the Court for an award, from the Class Settlement Fund, of attorneys' fees, Litigation Expenses, and Service Awards based upon the Class Settlement Amount, not to exceed $76,400,000. Attorneys' fees, Litigation Expenses, and Service Awards, as awarded by the Court, shall be paid from the Class Escrow Account to the Lead Counsel Escrow Account immediately upon award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Class Settlement or any part thereof. Plaintiffs' Counsel represent that (a) should an appellate court reverse the Judgment or Alternative Judgment by Final non-appealable order, or should the Class Settlement be terminated or canceled pursuant to the terms of this Settlement Agreement, then Plaintiffs' counsel severally shall be obligated to repay any such attorneys' fees and Litigation Expenses received by Plaintiffs' counsel and all such Service Awards received by Plaintiffs, along with interest at the Class Escrow Account rate of interest, to the Lead Counsel Escrow Account, which promptly shall be returned to SSBT in accordance with instructions provided by Defendants' Counsel to Lead Counsel; and (b) should the attorneys' fees and expense awards be reduced by the Court or on appeal by a Final non-appealable order, then Plaintiffs' counsel severally shall be obligated to repay any such attorneys' fees and Litigation Expenses received by Plaintiffs' counsel and all such Service

26

Awards received by Plaintiffs in excess of those that are ultimately approved by Final non-appealable order, along with interest at the Class Escrow Account rate of interest, to the Lead Counsel Escrow Account, which promptly shall be returned to the Class Escrow Account. Plaintiffs' counsel shall make the appropriate refund or repayment in full no later than fourteen (14) business days after receiving from Defendants' Counsel or from a court of appropriate jurisdiction notice of any such reduction of the award of attorneys' fees, Litigation Expenses, and/or Service Awards by Final non-appealable order or notice of the termination of the Class Settlement. The procedure for and the allowance or disallowance by the Court of any application for an award of attorneys' fees, Litigation Expenses, and/or Service Awards are matters separate and apart from the proposed Class Settlement between the Parties and they are not necessary terms to this Settlement Agreement or conditions of this Settlement Agreement, the Class Settlement, or the releases provided herein. Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Settlement Agreement based on the Court's ruling or any appellate court's ruling with respect to attorneys' fees, Service Awards, and/or Litigation Expenses. Any appeal relating to an award of attorneys' fees, Service Awards, and/or Litigation Expenses will not affect the finality of the Class Settlement, the Judgment, the Alternative Judgment, or the releases provided herein.

20.     The prevailing party in any action to collect any amount due under Paragraph 19 shall be entitled to recover interest and all costs of collection, including reasonable attorneys' fees.

21.     Unless otherwise ordered by the Court, and subject to the provisions of the Lead Counsel Escrow Account, Lead Counsel will in good faith promptly distribute any award of attorneys' fees and/or payment of Litigation Expenses among Plaintiffs' counsel. Of the

27

attorneys' fees awarded by the Court, if any, 9% in the aggregate (the "ERISA Counsel Fee") shall be distributed to counsel for plaintiffs and/or the class in the Andover and Henriquez Actions ("ERISA Counsel"), in full satisfaction of ERISA Counsel's interests in any attorneys' fees awarded by the Court. Of the attorneys' fees awarded by the Court, if any, 91% in the aggregate (the "Customer Counsel Fee") shall be distributed to counsel for plaintiff and/or the class in the ARTRS Action ("Customer Counsel"), in full satisfaction of Customer Counsel's interests in any attorneys' fees awarded by the Court. If Customer Counsel disagree about the amount of the fee to be distributed amongst Customer Counsel by Lead Counsel, they shall mediate their dispute with Jonathan B. Marks, Esq. and, if unsuccessful, present the dispute to the Court for a determination. Settling Defendant and the Released Defendant Parties shall have no responsibility for, and no liability with respect to, the attorneys' fees, Litigation Expenses, and/or Service Awards that the Court may award in the Class Actions or the allocation of the attorneys' fees and/or Litigation Expenses between or among ERISA Counsel and Customer Counsel in connection with the Class Actions or any other Person who may assert some claim thereto.

## VII.   MINIMUM REQUIREMENTS OF PLAN OF ALLOCATION AND DISTRIBUTION ORDER

22.    This Class Settlement is expressly conditioned upon any and all distributions of the Net Class Settlement Fund to Settlement Class Members occurring only pursuant to a Compliant Plan of Allocation and a distribution of funds to Settlement Class Members that are Registered Investment Companies occurring only pursuant to a Compliant Distribution Order. Absent provision by SSBT of an express written waiver specifically referring to and waiving the conditions of this paragraph, under no circumstances shall any distributions of the Net Class Settlement Fund to Settlement Class Members occur other than in accordance with a Compliant

Plan of Allocation and under no circumstances shall any distribution of funds to Settlement Class Members that are Registered Investment Companies occur other than in accordance with a Compliant Distribution Order.

23.     If the Plan of Allocation approved by the Court, and which becomes Final, is not a Compliant Plan of Allocation, notwithstanding anything to the contrary in this Settlement Agreement, SSBT shall have the right to terminate this Settlement Agreement in accordance with Section XIV.  If the proposed Plan of Allocation submitted to the Court is a Compliant Plan of Allocation, then SSBT shall support the proposed Plan of Allocation and shall not object to it.  If the Distribution Order entered by the Court to approve a distribution to Settlement Class Members that are Registered Investment Companies, and which becomes Final, is not a Compliant Distribution Order, notwithstanding anything to the contrary in this Settlement Agreement, SSBT shall have the right to terminate this Settlement Agreement in accordance with Section XIV.

24.     Except with respect to the amount of Plaintiffs' counsel's attorneys' fees chargeable to the ERISA Plans, as provided for below, the amount of the Class Settlement Fund allocated to the ERISA Plans and Registered Investment Companies and other Settlement Class Members shall be increased or decreased, as the case may be, by their proportional share (using the allocations set forth in the Plan of Allocation compared to the Class Settlement Amount) of any interest, costs (including Notice and Administration Expenses), Litigation Expenses, Service Awards, Taxes and Tax Expenses, and attorneys' fees of Plaintiffs' counsel, obtained or paid pursuant to permission of the Court.  However: (i) the cost of any ERISA Independent Fiduciary shall be borne solely by SSBT and shall not be paid out of the Class Settlement Amount; and (ii)

no more than Ten Million Nine Hundred Thousand Dollars ($10,900,000.00) in attorneys' fees shall be paid out of the ERISA Settlement Allocation.[1]

25.     Except as provided in this Section VII and Paragraph 33 below, SSBT and the Released Defendant Parties shall have no responsibility or liability whatsoever for allocation of the Class Settlement Fund or Net Class Settlement Fund and SSBT shall not otherwise object to the Plan of Allocation proposed by Plaintiffs.

26.     Except as provided in this Section VII, the allocation of the Net Class Settlement Fund among Authorized Claimants is a matter separate and apart from the proposed Class Settlement between the Parties and any decision by the Court concerning provisions of the Plan of Allocation, other than those set forth in this Section VII, shall not affect the validity or finality of the proposed Class Settlement.  Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Class Settlement (or this Settlement Agreement) based on this Court's or any appellate court's ruling with respect to provisions in the Plan of Allocation (other than those instituting the requirements of this Section VII), attorneys' fees, Litigation Expenses, or Service Awards.

27.     There shall be no distribution of any of the Class Settlement Fund to any Settlement Class Member until the Plan of Allocation is approved and such order of approval is Final.

## VIII.    ADMINISTRATION EXPENSES

28.     Except as otherwise provided herein, the Class Settlement Fund shall remain in escrow pending: (i) final approval of the Class Settlement by the Court, (ii) the expiration of all rights of appeal of the Judgment or Alternative Judgment; (iii) the Final denial of any and all appeals or objections or collateral attacks or challenges to the Class Settlement; (iv) the order

---

[1] If the Settlement Class seeks and/or the Court awards attorneys' fees at a rate which would, if applied to the $60,000,000 ERISA Settlement Allocation, result in a fee of less than $10,900,000, then such lower rate and resulting fee at that rate shall apply to the ERISA Settlement Allocation.

approving the proposed Plan of Allocation becoming Final; and (v) a Compliant Distribution Order becoming Final.

29.    Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Class Settlement Fund, without further approval from SSBT or further order of the Court, all reasonable Notice and Administration Expenses actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice to potential members of the Settlement Class, the administrative expenses incurred and fees charged in connection with providing notice and calculating claims, and the fees, if any, related to the Escrow Accounts and the investment of the Class Settlement Fund.

30.    In the event the Effective Date for any reason does not occur, Notice and Administration Expenses paid or incurred shall not be returned or repaid to SSBT or any other Person that caused payments to be made into the Class Settlement Fund.

## IX.    ADMINISTRATION OF THE SETTLEMENT

31.    The Claims Administrator, subject to the supervision, direction, and approval of Lead Counsel and the Court, shall administer and calculate the claims due to Settlement Class Members, oversee distribution of the Net Class Settlement Fund, and perform all claims administration procedures necessary or appropriate in connection therewith.  Except as otherwise provided herein, Settling Defendant and the Released Defendant Parties shall have no liability, obligation, or responsibility for the Notice, Summary Notice, administration or processing of claims in the Class Settlement, or disbursement of the Net Class Settlement Fund, including without limitation, final determinations as to the amounts of claims, distributions of the Net Class Settlement Fund, or any losses incurred by the Class Settlement Fund or the Claims Administrator.  Settling Defendant and the Released Defendant Parties shall not review, contest, or object to any claim.

32. The Claims Administrator shall administer the Class Settlement according to this Settlement Agreement and the Plan of Allocation approved by the Court. The proposed Plan of Allocation is included in the Notice, annexed hereto as Exhibit A-1.

33. Lead Counsel shall be responsible for supervising the administration of the Class Settlement and disbursement of the Net Class Settlement Fund. Settling Defendant and its counsel shall cooperate with and provide the Claims Administrator and Plaintiffs' Counsel with (i) information sufficient to provide notice to the Settlement Class, and (ii) information about the U.S. dollar-equivalent volume of Indirect FX Transactions executed by Settlement Class Members sufficient to allow Plaintiffs' Counsel to develop the proposed Plan of Allocation, to administer the Plan of Allocation, to calculate claims, and to resolve any disputed claims. Settling Defendant and its counsel shall also make their best efforts to respond fully and promptly to inquiries and requests from Plaintiffs' Counsel and/or the Claims Administrator concerning Settling Defendant's FX trading and sales margin data as necessary. Defendants and the Released Defendant Parties, except as otherwise specified herein, shall have no liability, obligation, or responsibility for the administration of the Class Settlement or disbursement of the Net Class Settlement Fund.

34. Each Settlement Class Member, absent exclusion from the Settlement Class, shall be deemed to have submitted to the jurisdiction of the Court with respect to its claim, including, but not limited to, the releases provided for in the Judgment or any Alternative Judgment. No discovery shall be allowed on the merits of the Class Actions or the Class Settlement in connection with the processing of claims.

35. All proceedings with respect to the administration, processing, and determination of claims and the determination of all controversies relating thereto, including disputed questions

of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

## X.    DISTRIBUTION OF NET CLASS SETTLEMENT FUND

36.    Lead Counsel will apply to the Court, with reasonable notice to Settling Defendant, for a Compliant Distribution Order, *inter alia*: (i) approving, at minimum, the Claims Administrator's administrative determinations concerning the claims to be paid to Settlement Class Members that are Registered Investment Companies; (ii) approving payment from the Class Settlement Fund of any outstanding administration fees and expenses associated with the administration of the Class Settlement; and (iii) if the Judgment or Alternative Judgment have become Final and the order approving the proposed Plan of Allocation has become Final, directing, at minimum, payment to Authorized Claimants that are Registered Investment Companies.  To the extent necessary, Lead Counsel will also apply to the Court, with reasonable notice to Settling Defendant, for a Distribution Order, *inter alia*: (i) approving the Claims Administrator's administrative determinations concerning other claims to be paid; (ii) approving payment from the Class Settlement Fund of any outstanding administration fees and expenses associated with the administration of the Class Settlement; and (iii) if the Judgment or Alternative Judgment have become Final and the order approving the proposed Plan of Allocation has become Final, directing payment of the Net Class Settlement Fund to Authorized Claimants that are not Registered Investment Companies.

37.    The Claims Administrator shall notify, in a timely fashion and in writing, all Settlement Class Members of the amount of their Recognized Claims prior to any motion seeking approval of a distribution to them.  The notification shall indicate that a Settlement Class Member has the right to dispute the amount of its Recognized Claim, if the claimant so desires

and complies with the requirements set forth in the notification.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the dispute for review by the Court.

38.    If subpoenaed by the DOL, prior to the motion for a Distribution Order being made, SSBT and/or the Claims Administrator shall provide the DOL with the names, addresses, and payment amounts of ERISA Plans and eligible Group Trusts that will be receiving distributions pursuant to the motion, as well as actual payment amounts after the distribution is conducted.  However, when providing the requested information, SSBT and/or the Claims Administrator shall designate it "Confidential" and request that it be treated as exempt from disclosure under the Freedom of Information Act, or any other applicable regulation or law.  The DOL shall protect the information to the extent permitted by law and in accordance with the DOL's regulations.  All communications pursuant to this paragraph to and from the DOL shall also be provided, by the Parties hereto, contemporaneously to Plaintiffs' Counsel and Defendants' Counsel, as the case may be.

39.    Payment from the Net Class Settlement Fund pursuant to the Distribution Order shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members shall be bound by all of the terms of this Settlement Agreement and the Class Settlement, including the terms of the Judgment or any Alternative Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Parties concerning any and all of the Released Class Claims.

40.    If any portion of the Net Class Settlement Fund remains after at least six (6) months following initial distribution, Lead Counsel shall, if feasible and economical after

payment of Notice and Administration Expenses, if any, Taxes and Tax Expenses, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion until it is no longer economically feasible to do so. Any balance which still remains in the Net Class Settlement Fund after redistribution(s) and after payment of Notice and Administration Expenses, if any, Taxes and Tax Expenses, shall be contributed to one or more nonsectarian, not-for-profit, 501(c)(3) organizations serving the public interest approved by the Court. The proposed recipients shall be independent of Plaintiffs' Counsel so that Plaintiffs' Counsel do not derive a direct or indirect benefit from the selection of such organization as the recipient of a charitable contribution.

## XI.  REQUESTS FOR EXCLUSION

41.  The Notice shall provide that a request for exclusion from the Settlement Class by a Settlement Class Member shall be provided to the Claims Administrator and shall include the following information: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is requesting exclusion; (ii) the Person's address; (iii) the Person's telephone number; (iv) the Person's e-mail address; (v) the approximate date(s) of the agreement(s) referenced in (i) above; (vi) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (vii) a list of all current and former accounts, including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above; (viii) a signed statement that the Person wishes to be excluded from the Settlement Class in the Class Actions; and (ix) identification (including by case name, court name, and docket number) of all legal actions and claims (if any) that the Person requesting exclusion has brought against any of the Defendants relating to Indirect FX. A request for exclusion shall not be invalid for failing to include the foregoing (i) - (vii) if the Settling Defendant determines that it has sufficient information to determine that such

Person is a Settlement Class Member and provides that information promptly to Lead Counsel. Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a timely and valid request for exclusion as provided by this Paragraph shall be bound by the Class Settlement. Plaintiffs shall request that the deadline for receiving requests for exclusion be twenty-one (21) calendar days prior to the Final Approval Hearing.

42. The Claims Administrator shall scan and send electronic copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' Counsel and to Plaintiffs' Counsel not more than two (2) business days after the Claims Administrator receives such a request, and in any event at least seven (7) calendar days prior to the Final Approval Hearing. Within two (2) business days of receipt of an exclusion request from the Claims Administrator, Defendants' Counsel shall report to Plaintiffs' Counsel the requester's volume of Indirect FX Transactions conducted during the Class Period. Upon receipt of any invalid requests for exclusion, Lead Counsel shall within two (2) business days request the supplemental information set forth above in Paragraph 41 from Defendants' Counsel. As part of the motion papers in support of the Class Settlement, Lead Counsel will cause a list of all Persons who have requested exclusion from the Settlement Class to be provided to the Court and counsel for the Parties, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to the Defendants' Counsel.

43. Settlement Class Members who exclude themselves from the Settlement Class shall not be eligible to receive any payment from the Net Class Settlement Fund.

## XII.   MOTION FOR PRELIMINARY APPROVAL ORDER

44. Lead Counsel shall file the Settlement Agreement with the Court within two (2) business days after its execution. No later than five (5) calendar days after the Settlement Agreement is filed with the Court, Plaintiffs, by and through Lead Counsel, shall move for the

Court's approval of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order, will, *inter alia*, set the date for a Final Approval Hearing and prescribe the method for giving notice of the Class Settlement to the Settlement Class.

45.     SSBT shall provide Plaintiffs' Counsel and the Claims Administrator with information, in electronic searchable form, sufficient to provide Notice to the Settlement Class (including readily available known addresses and contact information for Settlement Class Members), within five (5) business days after execution of the Settlement Agreement. SSBT shall also be available to Plaintiffs' Counsel and the Claims Administrator for follow-up inquiries concerning changes of address or Settlement Class Member identity.

46.     SSBT shall be responsible for the preparation of notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), which may at State Street's option be served by the Claims Administrator under the direction of Defendants' Counsel. Nothing in this Settlement Agreement shall prevent SSBT from complying with CAFA.

## XIII.   MOTION FOR ENTRY OF FINAL JUDGMENT

47.     The Class Settlement is expressly conditioned upon, among other things, the entry of a Judgment substantially in the form annexed hereto as Exhibit B or an Alternative Judgment. Plaintiffs, by and through Lead Counsel, shall move for entry of the Judgment, including, among other things, the releases described herein.

## XIV.   WAIVER OR TERMINATION

48.     Plaintiffs or SSBT shall have the right to terminate the Class Settlement in its entirety by providing written notice of their election to do so ("Termination Notice"), through counsel, to counsel for all other Parties hereto, within fourteen (14) calendar days of: (i) the Court's refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's

37

refusal to enter the Judgment in any material respect or an Alternative Judgment acceptable to the Parties with respect to the Class Settlement; (iii) the date upon which the Judgment or Alternative Judgment is vacated, modified, or reversed in any material respect by a Final order of the United States Court of Appeals or the Supreme Court of the United States; or (iv) SSBT's failure to fund the Class Settlement Amount.  Settling Defendant may also terminate the Class Settlement in its entirety pursuant to Paragraph 23 above and Paragraphs 48 - 50 below.  In the event the Class Settlement is terminated, the provisions of Paragraphs 53 - 54 and 56 shall survive termination.  For the avoidance of doubt, Plaintiffs shall not have the right to terminate the Class Settlement due to any decision, ruling, or order regarding an application for attorneys' fees, Litigation Expenses, the Plan of Allocation (other than provisions implementing Section VII above), or Service Awards.

49.     In addition to the foregoing, SSBT shall have the right to terminate the Class Settlement in the event the Settlement Class Termination Threshold (defined below) has been reached.

(a)     Simultaneously herewith, Plaintiffs, by and through Lead Counsel, and SSBT, are executing a confidential Supplemental Agreement Regarding Requests for Exclusion (the "Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which SSBT shall have the sole option to withdraw from the Class Settlement and render this Settlement Agreement null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria ("Settlement Class Termination Threshold").  The Parties shall maintain the confidentiality of the Supplemental Agreement as stated therein, unless otherwise required by law or regulation, and the Supplemental Agreement

shall not be filed with the Court, but may be examined *in camera*, if so requested by the Court (unless otherwise ordered by the Court or required by court rule).

(b)     In the event of a termination of this Class Settlement pursuant to the Supplemental Agreement, this Settlement Agreement shall become null and void and of no further force and effect, with the exception of the provisions of Paragraphs 53 - 54 and 56 which shall continue to apply.

50.     SSBT shall also have the option and right in its sole discretion, prior to the distribution of funds pursuant to a Compliant Distribution Order, to terminate the Class Settlement if: (i) the DOJ Settlement or the DOL Settlement has not become final and effective, and/or (ii) SSBT reasonably believes that the SEC Settlement will not become final and effective.  For the avoidance of doubt, SSBT shall have no right to terminate the Class Settlement after the distribution of funds pursuant to a Compliant Distribution Order.

51.     If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Class Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Class Settlement Fund by others, then, at the election of Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Plaintiffs and the members of the Settlement Class shall be restored to their

litigation positions as of June 29, 2015.  All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

(a)     SSBT warrants that, as to the payments made or to be made by or on behalf of it at the time of entering into this Settlement Agreement and at the time of such payments pursuant to the terms above, it was not insolvent, nor will the payment required to be made by or on behalf of it render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including but not limited to Sections 101 and 547 thereof. This representation is made by SSBT and not by its counsel.

52.     If an option to withdraw from and terminate this Settlement Agreement and Class Settlement arises under any of the Paragraphs 23, 48-50 above, neither SSBT nor Plaintiffs will be required for any reason or under any circumstance to exercise that option.

53.     Except as otherwise provided herein, in the event the Class Settlement is terminated in its entirety, the Class Settlement will be without prejudice, and none of its terms shall be effective or enforceable, except as specifically provided herein. Plaintiffs and SSBT shall be deemed to have reverted to their respective status in the Class Actions as of June 29, 2015, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered.  In such event, the fact and terms of the Term Sheet, this Settlement Agreement, or any aspect of the negotiations leading to this Settlement Agreement, shall not be admissible in this or other litigation and shall not be used by Plaintiffs against SSBT or any Released Defendant Party or by SSBT against Plaintiffs or any Released Plaintiff Party in any court filings, depositions, at trial, or otherwise.

54.     In the event the Class Settlement is terminated in its entirety, or if the Effective Date is barred from occurring, pursuant to the provisions above, any portion of the Class

40

Settlement Amount paid by or on behalf of SSBT, including any funds disbursed in payment of attorneys' fees, Service Awards, and/or Litigation Expenses, together with any interest earnings or appreciation thereon, less any Taxes and Tax Expenses paid or due with respect to such income, and less Notice and Administration Expenses actually and reasonably incurred and paid or payable from the Class Settlement Fund, shall be returned to SSBT within fourteen (14) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or its designees shall apply for any tax refund owed on the amounts in the Escrow Accounts and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## XV. **EFFECTIVE DATE OF SETTLEMENT**

55. The Effective Date of the Class Settlement shall be the first date when all of the following shall have occurred:

(a) entry of the Preliminary Approval Order;

(b) the Class Settlement Amount has been paid consistent with Paragraph 9 above;

(c) approval by the Court of the Class Settlement following notice to the Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure;

(d) entry of the Judgment, substantially in the form annexed hereto as Exhibit B, or entry of any Alternative Judgment;

(e) the Judgment or any Alternative Judgment has become Final;

(f) the DOJ Settlement and DOL Settlement are final and effective pursuant to their respective terms;

41

(g)     SSBT has submitted to the SEC an Offer of Settlement, which SSBT will do within two (2) business days of the Judgment or any Alternative Judgement becoming Final; and

(h)     an order approving a Compliant Plan of Allocation has been entered and become Final.

## XVI.   NO ADMISSION OF WRONGDOING

56.     Except as provided in Paragraph 57 below, this Settlement Agreement, whether or not consummated, and any negotiations, proceedings, or agreements relating to this Settlement Agreement, the Class Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Parties and their counsel for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any fact alleged by Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Class Actions or in any litigation, including but not limited to the Released Class Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants;

(b)     do not constitute, and shall not be offered or received against Defendants as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendants, or against the Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Class Actions;

(c)     do not constitute, and shall not be offered or received against Defendants, Plaintiffs, or any other member of the Settlement Class, or their respective counsel, as evidence

42

of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement;

(d)     do not constitute, and shall not be construed against Defendants, Plaintiffs, any other members of the Settlement Class, or their respective counsel as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, any other Settlement Class Member, or their respective counsel, that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Class Actions would not have exceeded the Class Settlement Amount.

57.     The Parties may file or refer to this Settlement Agreement, the Judgment or any Alternative Judgment to (i) effectuate the liability protection granted thereunder, including, without limitation, to support injunctive relief, or a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (ii) effectuate the liability protections granted them under any applicable insurance policies. The Parties may file this Settlement Agreement and/or the Judgment or any Alternative Judgment in any action that may be brought to enforce the terms of this Settlement Agreement and/or the

Judgment or any Alternative Judgment. All Parties submit to the jurisdiction of the Court for purpose of implementing and enforcing the Class Settlement.

## XVII. MISCELLANEOUS PROVISIONS

58.     In accordance with paragraph 16 of the Stipulated Protective Order concerning the disclosure of confidential information filed by the parties on November 16, 2012, within sixty (60) days after the later of the Effective Date or the SEC Settlement becoming final and effective, all documents, material or other information designated as "confidential" supplied by any party and all copies thereof shall, at the election of the receiving party, be returned to counsel for that party or such materials shall be destroyed, with written certification of such destruction to be provided to the party that produced such materials, within sixty (60) days after final conclusion of the Class Action and any appeals therefrom; provided, however, that the parties and their counsel may retain copies of pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential Information.

59.     The Parties agree that no Party was or is a "prevailing party" in the Class Actions.

60.     The Class Settlement is not subject to confirmatory discovery.

61.     All of the exhibits attached to this Settlement Agreement and the Supplemental Agreement are material and integral parts hereof and are fully incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Settlement Agreement and the terms of any exhibit attached hereto, the terms of this Settlement Agreement shall prevail.

62.     This Settlement Agreement, along with the Supplemental Agreement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by

44

counsel for all of the Parties (or their successors-in-interest) materially and adversely affected by any such modification, amendment, or waiver.

63.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

64.     The Parties agree that the terms of the Class Settlement were negotiated at arm's-length, in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.  Moreover, the Class Settlement is intended to be a final and complete resolution of the Parties' disputes in the Class Actions.  The Parties further agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Class Actions.  Accordingly, the Parties agree not to assert any claim under Rule 11, or any similar law, rule, or regulation, that the Class Actions were brought or defended in bad faith or without a reasonable basis.

65.     The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

66.     This Settlement Agreement and its exhibits and the Supplemental Agreement constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its exhibits and the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

67.     This Settlement Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature

transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

68.    The Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement.

69.    Each counsel signing this Settlement Agreement represents that such counsel has authority to sign this Settlement Agreement on behalf of Plaintiffs or SSBT, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Settlement Agreement to effectuate its terms.

70.    By entering into the Class Settlement, Plaintiffs represent and warrant that they have not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Class Claims, or any of them, to any other Person.

71.    By entering into the Class Settlement, the Settling Defendant represents and warrants that it has not assigned, hypothecated, conveyed, transferred, or otherwise granted or given any interest in the Released Prosecution Claims, or any of them, to any other Person.

72.    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

73.    If any Party is required to give notice to the other Parties under this Settlement Agreement, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, e-mail, facsimile, or in person to each of the signatories below.

74.    The administration, consummation, and enforcement of the Class Settlement as embodied in this Settlement Agreement shall be under the authority of the Court, and the Parties

intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees, Service Awards, and payment of Litigation Expenses, and enforcing the terms of this Settlement Agreement and the Class Settlement.

75.     The construction, interpretation, operation, effect, and validity of this Settlement Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the Commonwealth of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

76.     This Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys, as of July 26, 2016.

By: _____

    Lawrence A. Sucharow
    LABATON SUCHAROW LLP
    140 Broadway
    New York, NY 10005
    Telephone: (212) 907-0700
    lsucharow@labaton.com

    *For Plaintiff ARTRS and as Interim Lead*
    *Counsel for the Proposed Class*


By: _____

    Daniel P. Chiplock
    LIEFF CABRASER HEIMANN
      & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
    New York, NY 10013
    Telephone: (212) 355-9500
    dchiplock@lchb.com

    *For Plaintiff ARTRS and as additional*
    *Counsel for the Proposed Class*


By: _____

    Michael P. Thornton
    THORNTON LAW FIRM LLP
    100 Summer Street, 30th Floor
    Boston, MA 02110
    Telephone: (617) 720-1333

    *For Plaintiff ARTRS and as Liaison*
    *Counsel for the Proposed Class*


By: _____

    Lynn Lincoln Sarko
    KELLER ROHRBACK LLP
    1201 3rd Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900

    *For Plaintiffs The Andover Companies*
    *Employees Savings and Profit Sharing*
    *Plan, Alan Kober, and James Pehoushek-*
    *Stangeland, and as Counsel for ERISA*
    *Plaintiffs*

By: _____
Lawrence A. Sucharow
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
lsucharow@labaton.com

*For Plaintiff ARTRS and as Interim Lead
Counsel for the Proposed Class*

By: _____
Daniel P. Chiplock
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
dchiplock@lchb.com

*For Plaintiff ARTRS and as additional
Counsel for the Proposed Class*

By: _____
Michael P. Thornton
THORNTON LAW FIRM LLP
100 Summer Street, 30th Floor
Boston, MA 02110
Telephone: (617) 720-1333

*For Plaintiff ARTRS and as Liaison
Counsel for the Proposed Class*

By: _____
Lynn Lincoln Sarko
KELLER ROHRBACK LLP
1201 3rd Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900

*For Plaintiffs The Andover Companies
Employees Savings and Profit Sharing
Plan, Alan Kober, and James Pehoushek-
Stangeland, and as Counsel for ERISA
Plaintiffs*

By: _____
    Lawrence A. Sucharow
    LABATON SUCHAROW LLP
    140 Broadway
    New York, NY 10005
    Telephone: (212) 907-0700
    lsucharow@labaton.com

    *For Plaintiff ARTRS and as Interim Lead*
    *Counsel for the Proposed Class*

By: _____
    Daniel P. Chiplock
    LIEFF CABRASER HEIMANN
      & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
    New York, NY 10013
    Telephone: (212) 355-9500
    dchiplock@lchb.com

    *For Plaintiff ARTRS and as additional*
    *Counsel for the Proposed Class*

By: _____
    Michael P. Thornton
    THORNTON LAW FIRM LLP
    100 Summer Street, 30th Floor
    Boston, MA 02110
    Telephone: (617) 720-1333

    *For Plaintiff ARTRS and as Liaison*
    *Counsel for the Proposed Class*

By: _____
    Lynn Lincoln Sarko
    KELLER ROHRBACK LLP
    1201 3rd Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900

    *For Plaintiffs The Andover Companies*
    *Employees Savings and Profit Sharing*
    *Plan, Alan Kober, and James Pehoushek-*
    *Stangeland, and as Counsel for ERISA*
    *Plaintiffs*

By: _____
    Lawrence A. Sucharow
    LABATON SUCHAROW LLP
    140 Broadway
    New York, NY 10005
    Telephone: (212) 907-0700
    lsucharow@labaton.com

    *For Plaintiff ARTRS and as Interim Lead*
    *Counsel for the Proposed Class*

By: _____
    Daniel P. Chiplock
    LIEFF CABRASER HEIMANN
      & BERNSTEIN, LLP
    250 Hudson Street, 8th Floor
    New York, NY 10013
    Telephone: (212) 355-9500
    dchiplock@lchb.com

    *For Plaintiff ARTRS and as additional*
    *Counsel for the Proposed Class*

By: _____
    Michael P. Thornton
    THORNTON LAW FIRM LLP
    100 Summer Street, 30th Floor
    Boston, MA 02110
    Telephone: (617) 720-1333

    *For Plaintiff ARTRS and as Liaison*
    *Counsel for the Proposed Class*

By: _____
    Lynn Lincoln Sarko
    KELLER ROHRBACK LLP
    1201 3rd Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900

    *For Plaintiffs The Andover Companies*
    *Employees Savings and Profit Sharing*
    *Plan, Alan Kober, and James Pehoushek-*
    *Stangeland, and as Counsel for ERISA*
    *Plaintiffs*

By: _____
    J. Brian McTigue
    MCTIGUE LAW LLP
    4530 Wisconsin Avenue, NW
    Suite 300
    Washington, DC 20016
    Telephone: (202) 364-6900

*For Plaintiffs Arnold Henriquez, Michael
T. Cohn, William R. Taylor, and Richard
A. Sutherland and as Counsel for ERISA
Plaintiffs*

By: _____
    Carl S. Kravitz
    ZUCKERMAN SPAEDER LLP
    1800 M Street, NW
    Suite 1000
    Washington, DC 20036-5807
    Telephone: (202) 778-1800

*For Plaintiffs Arnold Henriquez, Michael
T. Cohn, William R. Taylor, and Richard
A. Sutherland, and as Counsel for ERISA
Plaintiffs*

By: _____
    William H. Paine
    WILMER CUTLER PICKERING HALE
    AND DORR LLP
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000

*For State Street Bank and Trust Company*

By: _____

    J. Brian McTigue
    MCTIGUE LAW LLP
    4530 Wisconsin Avenue, NW
    Suite 300
    Washington, DC 20016
    Telephone: (202) 364-6900

    *For Plaintiffs Arnold Henriquez, Michael
    T. Cohn, William R. Taylor, and Richard
    A. Sutherland and as Counsel for ERISA
    Plaintiffs*

By: _Carl S. Kravitz_

    Carl S. Kravitz
    ZUCKERMAN SPAEDER LLP
    1800 M Street, NW
    Suite 1000
    Washington, DC 20036-5807
    Telephone: (202) 778-1800

    *For Plaintiffs Arnold Henriquez, Michael
    T. Cohn, William R. Taylor, and Richard
    A. Sutherland, and as Counsel for ERISA
    Plaintiffs*

By: _____

    William H. Paine
    WILMER CUTLER PICKERING HALE
    AND DORR LLP
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000

    *For State Street Bank and Trust Company*

49

By: _____

    J. Brian McTigue
    MCTIGUE LAW LLP
    4530 Wisconsin Avenue, NW
    Suite 300
    Washington, DC 20016
    Telephone: (202) 364-6900

    *For Plaintiffs Arnold Henriquez, Michael
    T. Cohn, William R. Taylor, and Richard
    A. Sutherland and as Counsel for ERISA
    Plaintiffs*

By: _____

    Carl S. Kravitz
    ZUCKERMAN SPAEDER LLP
    1800 M Street, NW
    Suite 1000
    Washington, DC 20036-5807
    Telephone: (202) 778-1800

    *For Plaintiffs Arnold Henriquez, Michael
    T. Cohn, William R. Taylor, and Richard
    A. Sutherland, and as Counsel for ERISA
    Plaintiffs*

By: _____

    William H. Paine
    WILMER CUTLER PICKERING HALE
    AND DORR LLP
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000

    *For State Street Bank and Trust Company*

49

# Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

# [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

**WHEREAS**, as of July 26 , 2016, (i) plaintiffs Arkansas Teacher Retirement System, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan and James Pehoushek-Stangel (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member by and through their counsel, and (ii) State Street Bank and Trust Company (the "Settling Defendant" or "SSBT"), by and through its counsel, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-titled actions (the "Class Actions"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Class Actions on the merits and with prejudice (the "Class Settlement"); and

**WHEREAS**, the Court has reviewed and considered the Settlement Agreement and the accompanying exhibits; and

**WHEREAS**, the Parties to the Settlement Agreement have consented to the entry of this order; and

**WHEREAS**, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this _____ day of _____, 2016 that:

1.      The Court has reviewed the Settlement Agreement and preliminarily finds the Class Settlement set forth therein to be fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: All

2

custody and trust customers of State Street Bank and Trust Company (including customers for

which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's

records as having a United States tax address at any time during the period from January 2, 1998

through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions

with SSBT and/or its subcustodians during the period from January 2, 1998 through December

31, 2009, inclusive.  Excluded from the Settlement Class are: Defendants; California Public

Employees' Retirement System (CalPERS), California State Teachers' Retirement System

(CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the

foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal

representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or

entity in their capacities as such.  Also excluded from the Settlement Class are any Settlement

Class Members who properly exclude themselves by submitting a valid and timely request for

exclusion in accordance with the requirements set forth below and in the Notice.

      3.      The Court finds and concludes that the prerequisites of class action certification

under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for

the Settlement Class defined herein and for the purposes of the Class Settlement only, in that:

      (a)      the members of the Settlement Class are so numerous that joinder of all

Settlement Class Members is impracticable;

      (b)      there are questions of law and fact common to the Settlement Class

Members;

      (c)      the claims of Plaintiffs are typical of the Settlement Class's claims;

      (d)      Plaintiffs and Counsel for the Settlement Class have fairly and adequately

represented and protected the interests of the Settlement Class;

      (e)     the questions of law and fact common to Settlement Class Members

predominate over any individual questions; and

      (f)     a class action is superior to other available methods for the fair and

efficient adjudication of the controversy, considering that the claims of Settlement Class

Members in the Class Actions are substantially similar and would, if tried, involve substantially

identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as

a class action; the amounts of the claims of many of the Settlement Class Members are too

small to justify the expense of individual actions; and it does not appear that there is significant

interest among Settlement Class Members in individually controlling the litigation of their

claims.

      4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

of the Class Settlement only, Plaintiffs are certified as Class Representatives for the Settlement

Class.  The law firm of Labaton Sucharow LLP is appointed Lead Counsel for the Settlement

Class, the law firm of Thornton Law Firm LLP is appointed Liaison Counsel for the Settlement

Class, and the law firm of Lieff Cabraser Heimann & Bernstein LLP is appointed additional

Counsel for the Settlement Class.

      5.     A hearing (the "Final Approval Hearing") pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure is hereby scheduled to be held before the Court on _____,

2016, at __:____ _.m. for the following purposes:

      (a)     to determine whether the proposed Class Settlement is fair, reasonable

and adequate, and should be approved by the Court;

      (b)     to determine whether the proposed Final Order and Judgment

("Judgment") as provided under the Settlement Agreement should be entered, and to determine

4

whether the release by the Settlement Class of the Released Class Claims, as set forth in the

Settlement Agreement, should be provided to the Released Defendant Parties;

(c) to determine, for purposes of the Class Settlement only, whether the

Settlement Class should be finally certified; whether Plaintiffs should be finally certified as

Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP

should be finally appointed as Lead Counsel for the Settlement Class; whether the law firm of

Thornton Law Firm LLP should be finally appointed as Liaison Counsel for the Settlement

Class; and whether the law firm of Lieff Cabraser Heimann & Bernstein LLP should be finally

appointed as additional Counsel for the Settlement Class.

(d) to determine whether the proposed Plan of Allocation for the proceeds of

the Class Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application, on behalf of ERISA Counsel and

Customer Counsel, for an award of attorneys' fees, Litigation Expenses, and Service Awards to

Plaintiffs; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Class Settlement with or without

modification and with or without further notice to the Settlement Class of any kind. The Court

further reserves the right to enter the Judgment approving the Class Settlement regardless of

whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The

Court may also adjourn the Final Approval Hearing or modify any of the dates herein for good

cause shown and without further notice to members of the Settlement Class.

7. The Court approves the form, substance and requirements of the Notice of

Pendency of Class Actions, Proposed Settlement, Settlement Hearing, Plan of Allocation, and

any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (the "Notice"),
substantially in the form annexed hereto as Exhibit 1.

8.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator.
The Claims Administrator shall cause the Notice, substantially in the form annexed hereto, to be
mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this
Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be
identified with reasonable effort.  SSBT, to the extent it has not already done so, shall use its best
efforts to obtain and provide to Lead Counsel, or the Claims Administrator, information in
electronic searchable form containing the names and addresses of Settlement Class Members no
later than five (5) business days after entry of this Preliminary Approval Order.

9.     The Court approves the form of the Summary Notice of Pendency of Class
Actions, Proposed Settlement, Settlement Hearing, Plan of Allocation, and any Motion for
Attorneys' Fees, Litigation Expenses, and Service Awards ("Publication Notice"), substantially
in the form annexed hereto as Exhibit 2, and directs that Lead Counsel shall cause the
Publication Notice to be published in *The Wall Street Journal* and be transmitted over *PR
Newswire* within fourteen (14) calendar days of the Notice Date.

10.    Lead Counsel shall, at or before the Final Approval Hearing, file with the Court
proof of mailing of the Notice and publication of the Publication Notice.

11.    As set forth in the Notice, Settlement Class Members that are Group Trusts shall
submit certifications in compliance with the requirements set forth in the Notice to the Claims
Administrator postmarked no later than 120 calendar days after the Notice Date.  Such deadline
may be further extended by Court order or by Lead Counsel in its discretion.  Each certification
shall be deemed to have been submitted when postmarked (if properly addressed and mailed by

first-class or overnight U.S. mail, postage prepaid) provided such certification is actually

received prior to the motion for an order of the Court approving distribution of the Net Class

Settlement Fund. Any certification submitted in any other manner shall be deemed to have been

submitted when it was actually received at the address designated in the Notice.

12. The form and content of the notice program described herein, and the methods set

forth herein of notifying the Settlement Class of the Class Settlement and its terms and

conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the

Constitution of the United States (including the Due Process Clause), the Class Action Fairness

Act of 2005, 28 U.S.C. § 1715, and all other applicable laws and rules, constitute the best notice

practicable under the circumstances, and shall constitute due, adequate, and sufficient notice to

all persons and entities entitled thereto.

13. Any Settlement Class Member may enter an appearance in the Class Actions, at

his, her or its own expense, individually or through counsel of his, her or its own choice. If any

Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead

Counsel.

14. Settlement Class Members shall be bound by all orders, determinations and

judgments in these Class Actions concerning the Class Settlement, whether favorable or

unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and

proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make

such an exclusion request shall mail the request in written form by first-class mail to the address

designated in the Notice for such exclusions, such that it is received no later than twenty-one

(21) calendar days prior to the Final Approval Hearing. Such request for exclusion must include

the following information: (i) the name of the Person that entered into one or more custody or

7

trust agreements with SSBT and is requesting exclusion; (ii) the Person's address; (iii) the

Person's telephone number; (iv) the Person's e-mail address; (v) the approximate date(s) of the

agreement(s) referenced in (i) above; (vi) the SSBT entity that was the counterparty to the

agreement(s) referenced in (i) above; (vii) a list of all current and former accounts, including

both the name and account number of such accounts, that held foreign (non-U.S.) assets and

were related to the agreement(s) referenced in (i) above; (viii) a signed statement that the Person

wishes to be excluded from the Settlement Class in the Class Actions; and (ix) identification

(including by case name, court name, and docket number) of all legal actions and claims (if any)

that the Person requesting exclusion has brought against any of the Defendants relating to

Indirect FX.  The request for exclusion shall not be effective unless it provides the required

information and is made within the time stated above, or the exclusion is otherwise accepted by

the Court, provided, however, that a request for exclusion shall not be invalid for failing to

include the foregoing (i) - (vii) if the Settling Defendant determines that it has sufficient

information to determine that such Person is a Settlement Class Member and provides that

information promptly to Lead Counsel.

   15. Settlement Class Members requesting exclusion from the Settlement Class shall

not be eligible to receive any payment out of the Net Class Settlement Fund, as described in the

Settlement Agreement and Notice.

   16. The Court will consider any Settlement Class Member's objection to the Class

Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or

expenses only if such Settlement Class Member has served by hand or by mail his, her or its

written objection and supporting papers, such that they are received on or before twenty-one (21)

calendar days before the Final Approval Hearing, upon Lead Counsel: Lawrence A. Sucharow,

Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 (who will immediately copy all

Plaintiffs' Counsel); and Defendant's Counsel: William H. Paine, Wilmer Cutler Pickering Hale

and Dorr LLP, 60 State Street, Boston, MA 02109 and has filed said objections and supporting

papers with the Clerk of the Court, United States District Court for the District of Massachusetts,

John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts

02210.  Any Settlement Class Member who does not make his, her, or its objection in the manner

provided for in the Notice shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to any aspect of the Class Settlement, to the Plan of

Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the

Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

Attendance at the hearing is not necessary, however, persons wishing to be heard orally in

opposition to the approval of the Class Settlement, the Plan of Allocation, and/or the application

for an award of attorneys' fees and expenses are required to indicate in their written objection

their intention to appear at the hearing.  Persons who intend to object to the Class Settlement, the

Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire

to present evidence at the Final Approval Hearing must include in their written objections the

identity of any witnesses they may call to testify and exhibits they intend to introduce into

evidence at the Final Approval Hearing.  Settlement Class Members do not need to appear at the

hearing or take any other action to indicate their approval.

   17.  Pending final determination of whether the Class Settlement should be approved,

all proceedings in these Class Actions (other than those necessary to effectuate the Settlement)

are stayed and Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts

or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Class Claims against the Released Defendant Parties.

18.     As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the administration of the Class Settlement out of the Class Settlement Fund without further approval from Defendants and without further order of the Court.

19.     All papers in support of the Class Settlement, Plan of Allocation, and Lead Counsel's request, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Final Approval Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Final Approval Hearing.

20.     The passage of title and ownership of the Class Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Class Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

21.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

22.     Except as otherwise provided in the Settlement Agreement, neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for

10

attorney's fees or expenses submitted by Lead Counsel, on behalf of ERISA Counsel and

Customer Counsel, or Plaintiffs, and such matters shall be considered separately from the

fairness, reasonableness and adequacy of the Class Settlement.

23.     If the Class Settlement fails to become effective as defined in the Settlement

Agreement or is terminated, then, in any such event, the Settlement Agreement, including any

amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this

Preliminary Approval Order shall be null and void, of no further force or effect, and without

prejudice to any Party, and may not be introduced as evidence or used in any actions or

proceedings by any person or entity against the Parties, and the Parties shall be deemed to have

reverted to their respective litigation positions in the Class Actions as of June 29, 2015.

24.     The Court retains exclusive jurisdiction over the Class Actions to consider all

further matters arising out of or connected with the Class Settlement.


Dated: _____, 2016     _____

                                     HON. MARK L. WOLF
                                     UNITED STATES DISTRICT JUDGE

# Exhibit A-1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v.* *STATE STREET BANK AND TRUST COMPANY* | ) ) ) | No. 11-cv-10230 MLW |
| *ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK* *AND TRUST COMPANY, et al.* | ) ) ) | No. 11-cv-12049 MLW |
| *THE ANDOVER COMPANIES EMPLOYEE SAVINGS* *AND PROFIT SHARING PLAN, et al. v. STATE STREET* *BANK AND TRUST COMPANY* | ) ) ) ) | No. 12-cv-11698 MLW |

## NOTICE OF PENDENCY OF CLASS ACTIONS, PROPOSED CLASS SETTLEMENT, SETTLEMENT HEARING, PLAN OF ALLOCATION, AND ANY MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

*A U.S. Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**You Are Receiving this Notice Because Available Information Indicates that You Are a Member of the Settlement Class Defined Below. If this Is Incorrect, Please Contact the Claims Administrator and Lead Counsel Immediately.**

This notice ("Notice") is being sent to advise you of the pendency of the above-captioned class action lawsuits (collectively, the "Class Actions") and the proposed settlement of the Class Actions for $300,000,000 (the "Class Settlement Amount") on the terms discussed below (the "Class Settlement").[1] The Class Settlement resolves claims arising from the alleged unfair and deceptive practice of State Street Bank and Trust Company ("SSBT") of charging custody and trust customers of SSBT excessive rates and spreads in connection with certain foreign exchange transactions known as "Indirect FX Transactions"[2] during the period from January 2, 1998 through December 31, 2009, inclusive (the "Class Period"), in violation of SSBT's statutory, contractual, and fiduciary obligations. The Class Actions sought to recover losses on behalf of SSBT's custodial clients based on this alleged unfair and deceptive practice. If approved, the Class Settlement will resolve all claims asserted in the Class Actions.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein have the meanings provided in the Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement"). The Settlement Agreement is available on the website for this Settlement, www.StateStreetIndirectFXClassSettlement.com.

[2] "Indirect FX Transactions/Trading" means Foreign exchange transactions executed with SSBT or SSBT's subcustodians at any time using Indirect FX Methods, including all foreign exchange transactions submitted using Indirect Methods. A transaction submitted or processed using an Indirect Method is an Indirect FX Transaction regardless whether the rate at which the transaction was executed differed from the rates at which other transactions submitted using Indirect Methods were executed. Settlement Agreement ¶ 1(ff).

The Class Settlement is entered into by and among (i) plaintiffs Arkansas Teacher Retirement System ("ARTRS"), Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangel (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member, by and through their counsel, and (ii) State Street Bank and Trust Company (the "Settling Defendant" or "SSBT"). Plaintiffs and SSBT are referred to collectively herein as the "Parties."

The Honorable Mark L. Wolf of the United States District Court for the District of Massachusetts ("Court") is presiding over the Class Actions. Judge Wolf has provisionally certified the proposed Settlement Class (as defined below) for purposes of settlement only, has directed that this Notice be mailed to members of the Settlement Class, and has scheduled a Final Approval Hearing ("Final Approval Hearing" or "Settlement Hearing") at which the Court will consider Plaintiffs' motion for final approval of the Class Settlement and approval of the proposed plan for allocating the settlement proceeds to the Settlement Class ("Plan of Allocation"), and Lead Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees, payment of Litigation Expenses, and payment of any Service Awards for Plaintiffs. **The Final Approval Hearing will be held on _____, 2016, at \_\_\_\_\_ \_.m. in Courtroom 10 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.** The Class Settlement will become effective once it reaches its "Effective Date," which is after the opportunity to appeal the Court's Judgment has expired or, if there are any appeals, approval of the Class Settlement is upheld; after the Court approves the proposed Plan of Allocation and the order has become Final; and certain other conditions are met.

Additional information regarding the Class Settlement and this Notice may be obtained by contacting the Claims Administrator: *State Street Indirect FX Trading Class Action*, c/o A.B. Data, Ltd., P.O. Box 173000, Milwaukee, WI 53217, 877-240-3540, info@StateStreetIndirectFXClassSettlement.com, www.StateStreetIndirectFXClassSettlement.com; or Lead Counsel: Labaton Sucharow LLP, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE CLASS SETTLEMENT.**

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE CLASS SETTLEMENT |
| --- |

| | |
| --- | --- |
| **YOU DO NOT NEED TO TAKE ANY ACTION TO PARTICIPATE IN THE CLASS SETTLEMENT AND RECEIVE A PAYMENT**<br><br>**(If you represent a Group Trust,[3] see page \_\_\_ below.)** | If the Class Settlement is approved and you are a member of the Settlement Class, you do not need to take any action to receive a payment. You will be bound by the settlement, unless you take steps to exclude yourself as explained below, and you cannot bring or be part of any other lawsuit or arbitration against Defendants or any of the other Released Defendant Parties based on any Released Class Claim.<br><br>Your portion of the Net Class Settlement Fund will be calculated |

---

[3] "Group Trusts" are group trusts that are exempt from tax pursuant to Internal Revenue Service Revenue Ruling 81-100, as amended, that were custody or trust customers of SSBT during any part of the Class Period. *See* Settlement Agreement ¶ 1(bb).

| | as part of the administration of the Class Settlement. An explanation of the manner in which payments to Settlement Class Members will be determined is set forth in the Plan of Allocation, below. However, Group Trusts, which may include plans or assets governed by ERISA, need to provide certain information so that their recovery can be properly determined. SSBT has agreed to undertake reasonable efforts to provide the information necessary to determine each Settlement Class Member's portion of the Net Class Settlement Fund. See the Plan of Allocation in the answer to Question 7 below for important information. |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION (WHICH MUST BE RECEIVED NO LATER THAN _____, 2016)** | If you do not wish to be a member of the Settlement Class, you *must* exclude yourself (as described below in Question 10). If you exclude yourself, you *will not* receive any payment from the Class Settlement. You cannot bring or be part of any other lawsuit or arbitration against Defendants or any of the other Released Defendant Parties based on any Released Class Claim unless you exclude yourself from the Settlement Class. |
| **OBJECT TO THE CLASS SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION (WHICH MUST BE RECEIVED NO LATER THAN _____, 2016)** | If you wish to object to any part of the Class Settlement, the Plan of Allocation, or the requests for attorneys' fees, Litigation Expenses, and/or Service Awards, and do not exclude yourself from the Settlement Class, you can write to the Court and counsel and explain what you do not agree with. |
| **ATTEND THE FINAL APPROVAL HEARING (_____, 2016 AT _____ _.m.)** | If you have submitted a written objection to the Court and counsel and notice to appear, as explained below, you may (but do not have to) attend the hearing and speak to the Court about your objection. |

**Please note**: The Court has the authority to change any of the above deadlines, for good cause shown.

## SUMMARY OF THE CLASS SETTLEMENT

As described in more detail below, and in the complaints filed with the Court, the Class Actions allege that Plaintiffs (or the plans they represent) and/or their investment managers entered into agreements authorizing Defendants to engage in Indirect FX Transactions with their custodial accounts under certain circumstances. Plaintiffs alleged that SSBT priced Indirect FX Transactions in a manner advantageous to Defendants and disadvantageous to Plaintiffs, near or outside the high and low of the daily range of interbank rates, contrary to SSBT's contractual obligations and representations and Defendants' fiduciary and statutory responsibilities. Copies of the operative complaints in the Class Actions are available at www.StateStreetIndirectFXClassSettlement.com.

Pursuant to the Settlement Agreement, a Class Settlement Fund consisting of $300 million in cash, plus any accrued interest, has been established, in exchange for the Settlement Class's release of the Released Class Claims (defined below). Payment by or on behalf of SSBT of the $300 million Class Settlement Amount, and

the allocations discussed below in the Plan of Allocation, will also satisfy conditions in two separate settlements with federal government agencies.[4] SSBT anticipates reaching a settlement with the U.S. Securities and Exchange Commission ("SEC") concerning Indirect FX that relates to Settlement Class Members that are Registered Investment Companies (the "SEC Settlement").[5] SSBT has also reached a settlement with the U.S. Department of Labor ("DOL") concerning Indirect FX that relates to Settlement Class Members that are ERISA Plans (the "DOL Settlement").[6]

Based on information provided by SSBT, the average gross recovery for a class member from the Class Settlement is approximately $200,000 before the deduction of Court-approved fees and expenses. A Settlement Class Member's actual "Recognized Claim" will be calculated in accordance with the Plan of Allocation, explained below, and will depend on, among other things, the Settlement Class Member's volume of Indirect FX Transactions, and whether or not the Settlement Class Member is an ERISA Plan, a Group Trust, a Registered Investment Company, or none of these. A Settlement Class Member's payment will be a portion of the Net Class Settlement Fund, which consists of the Class Settlement Fund, less fees and expenses associated with providing notice to the Settlement Class and administering the Class Settlement ("Notice and Administration Expenses"), Taxes and Tax Expenses, Court-approved attorneys' fees, Litigation Expenses, and any Service Awards to Plaintiffs for the effort and time spent by them in connection with the prosecution of the Class Actions. (*See* Questions 6 and 7 below for details about the Plan of Allocation).

The Settlement Class is defined as follows:

> **All custody and trust customers of SSBT (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive.**

**Please Note:** There are exceptions to being included in the Settlement Class. A description of those Persons excluded by definition from the Settlement Class is provided below in Question 5.

As with any litigation, the Parties face an uncertain outcome if the Class Actions do not settle and litigation continues. Absent the Class Settlement, orders and appeals on class certification, summary judgment and a trial could result in a judgment or verdict greater or less than the recovery under the Class Settlement, or no recovery at all. Throughout the Class Actions, the Plaintiffs and Defendants have disagreed on both liability and damages, and they do not agree on the amount that would be recoverable even if the Plaintiffs were to prevail at trial. Defendants, among other things: (1) have denied the material allegations of the complaints; (2) have

---

[4] SSBT has separately reached a settlement with the U.S. Department of Justice ("DOJ") concerning Indirect FX (the "DOJ Settlement"). The DOJ Settlement requires SSBT to pay money to the federal government.

[5] "Registered Investment Company(ies)" means a mutual fund, closed-end fund, unit investment trust or other entity that is registered with the SEC as an investment company under the Investment Company Act. Settlement Agreement ¶ 1(ww).

[6] "ERISA Plans" means the employee benefit plans as defined in 29 U.S.C. § 1002(3) (also referred to as Section 3(3) of ERISA), that are subject to Part 4 of Subtitle B of Title I of ERISA (including master trusts with respect to multiple such plans within the meaning of Department of Labor Regulation § 2520.103-1(e)), and that were custody or trust customers of SSBT during any part of the Class Period. Settlement Agreement ¶ 1(w).

denied any wrongdoing or liability whatsoever; (3) have contested the propriety of class certification; (4) believe that they acted at all times reasonably and prudently, in full compliance with their contractual obligations, and in accordance with applicable law; and (5) would assert certain other defenses if this Class Settlement is not consummated. SSBT is entering into the Class Settlement solely to avoid the cost, disruption, and uncertainty of continued litigation. The Parties have taken into account the uncertainty and risks inherent in these litigations, particularly their complex natures, and have concluded that it is desirable that the Class Actions be fully and finally settled on the terms and conditions set forth in the Class Settlement.

Lead Counsel, on behalf of ERISA Counsel and Customer Counsel, will apply to the Court for an order awarding attorneys' fees in an amount not to exceed $74,541,250[7] and payment of Litigation Expenses in an amount not to exceed $1,750,000.00, plus interest earned on these amounts. Plaintiffs will share in the allocation of the money paid to members of the Settlement Class on the same basis and to the same extent as all other members of the Settlement Class, except that, in addition thereto, Plaintiffs may apply to the Court for Service Awards of up to $85,000.00 in the aggregate. Any Service Awards granted to Plaintiffs by the Court will be payable from the Class Settlement Fund, and will compensate Plaintiffs for their effort and time spent in connection with the prosecution of the Class Actions.

## BASIC INFORMATION

| 1. Why did I receive this Notice? |
| --- |

You received this Notice because records provided by SSBT indicate that during the Class Period you were a domestic custody customer of SSBT that executed one or more Indirect FX Transactions during the Class Period. The Court has directed that this Notice be sent to you. If the Court approves the Class Settlement, and it becomes effective, the Released Defendant Parties and Released Plaintiff Parties will be released from all Released Class Claims and Released Prosecution Claims, respectively, as explained below. In exchange, the Net Class Settlement Fund will be distributed to Settlement Class Members according to the Court-approved Plan of Allocation.

This Notice explains the Class Actions, the Class Settlement, your legal rights, what benefits are available, who is eligible for them, and how you will receive your portion of the Net Class Settlement Fund. The Final Approval Hearing will be held on _____, 2016 at ____ _.m., before the Hon. Mark L. Wolf in the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, Courtroom 10, 1 Courthouse Way, Boston, Massachusetts 02210, to determine:

- whether the Class Settlement should be approved as fair, reasonable, and adequate;

- whether the complaints should be dismissed with prejudice pursuant to the terms of the Class Settlement;

- whether the proposed Plan of Allocation for the proceeds of the Class Settlement should be approved; and

---

[7] No more than $10,900,000.00 of the attorneys' fees will be paid out of the allocation of the Class Settlement Fund to class members that are ERISA Plans or eligible Group Trusts, as explained below in the Plan of Allocation.

- whether the applications for attorneys' fees, payment of Litigation Expenses, and payment of Service Awards to Plaintiffs should be approved.

The issuance of this Notice is not an expression of the Court's opinion of the merits of any claim in the Class Actions, and the Court has not decided whether to approve the Class Settlement. If the Court approves the Class Settlement, payment to Settlement Class Members will be made after all related appeals, if any, are favorably resolved and the regulatory settlements have become final. Please be patient.

| **2. What are the Class Actions about? What has happened so far?** |
| --- |

The Class Actions were commenced in 2011 and 2012 by the filing of three class action complaints. In the Class Actions, Plaintiffs allege, among other things, that Defendants charged custody and trust customers of SSBT excessive rates and spreads in connection with Indirect FX Transactions between January 2, 1998 and December 31, 2009. Plaintiffs allege that by employing this unfair and deceptive practice, Defendants earned higher spreads on Indirect FX Transactions than they should have. Further, Plaintiffs allege that Defendants failed to disclose this pricing and that this nondisclosure constituted a breach of an alleged fiduciary duty, a violation of various state unfair and deceptive trade practice statutes, and, with respect to the ERISA Funds, violations of ERISA, 29 U.S.C. § 1106 for engaging in self-interested prohibited transactions, violations of ERISA, 29 U.S.C. § 1104 for breaching duties of prudence and loyalty, and violations of ERISA, and causing the plans to engage in party in interest prohibited transactions in violation of ERISA, 29 U.S.C. § 1105 for breaches of co-fiduciary obligations.

Defendants have denied Plaintiffs' allegations. If the Class Actions were to continue, Defendants would raise numerous defenses to liability, including without limitation:

- Defendants acted in accordance with the custody and trust and Indirect FX agreements and did not breach them.

- Defendants either did not owe fiduciary duties or did not breach fiduciary duties owed to certain Settlement Class Members based on state law and the plain language of the agreements that governed Defendants' custodial obligations.

- Defendants made no actionable misrepresentations or omissions, and did not violate any state unfair and deceptive trade practices statutes.

- All of the FX transactions executed with ERISA customers satisfy statutory or regulatory exemptions for FX transactions.

- Plaintiffs and the Settlement Class knew, or should have known, that Defendants were engaged in the Indirect FX pricing practice alleged in the Complaints.

- Plaintiffs and the Settlement Class were not damaged by Defendants' conduct and received the benefit of the bargain for the services that were provided.

On June 3, 2011, Defendants State Street Corporation, SSBT, and SSGM LLC moved to dismiss the amended class action complaint in the ARTRS Action. The motion to dismiss was fully briefed as of February 28, 2012. On April 9, 2012, SSBT and SSGM LLC moved to dismiss the amended class action complaint in the Henriquez Action.

On May 8, 2012, the Court heard oral argument on Defendants' motion to dismiss the ARTRS Action. By order issued from the bench dated the same day, the Court denied the motion in its entirety with regard to the claims against SSBT, but granted the motion with respect to the claims against State Street Corporation. By agreement of the parties, the claims against SSGM LLC were dismissed without prejudice.

On November 16, 2012, the Parties in the Class Actions filed a Stipulation, Joint Motion, and Proposed Order for the Production and Exchange of Confidential Information, which the Court entered on November 20, 2012. Pursuant to the order, the Class Actions were consolidated for pre-trial purposes. Additionally, the order provided that the Parties could engage in formal document discovery until December 1, 2013. The Class Actions were stayed in all other respects until December 1, 2013 and certain motions were withdrawn. At the Parties' request, the stay of proceedings, other than discovery, was subsequently extended by orders of the Court, while the Parties pursued mediation.

The Class Settlement is the product of protracted, arm's-length negotiations between Plaintiffs' Counsel and Defendants' Counsel, facilitated by a nationally recognized mediator with substantial experience mediating complex litigations of this type. Between October 2012 and June 2015, the Parties engaged in sixteen (16) in-person mediation sessions in Boston, New York City, and Washington, D.C. In addition, the Parties met without the mediator and had numerous arm's-length discussions among themselves.

Pursuant to agreements concerning the exchange of formal document discovery, informal material to facilitate the mediation process, and managing the Class Actions, the Parties exchanged more than nine million pages of relevant documents. SSBT also provided a significant amount of data and other information relevant to liability, class certification and damages issues, and Plaintiffs and SSBT each made multiple, detailed presentations (including a presentation by an accounting expert) during the mediation process concerning such issues.

On June 30, 2015, Plaintiffs and SSBT reached an agreement-in-principle to settle the Class Actions, which was memorialized in a term sheet on September 11, 2015, and the Settlement Agreement, dated July 26, 2016.

## 3. Why is this case a class action?

In a class action, one or more individuals or entities, referred to as "Plaintiffs," sue on behalf of others who have similar claims. All of the Persons on whose behalf Plaintiffs in the Class Actions are suing are members of the "class" referred to in this Notice, and are "Settlement Class Members" or "members of the Settlement Class." Bringing a case as a class action allows the adjudication of many similar claims that might be economically too small to bring individually. One court resolves the issues for all class members, except for those who exclude themselves from the class. The Court will decide whether to finally certify the Settlement Class at the Final Approval Hearing.

## 4. How do I know whether I am part of the Settlement Class?

The Court has provisionally certified the following Settlement Class:

> **All custody and trust customers of SSBT (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its**

> **subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive.**

The "Settlement Class" does not include: Defendants; California Public Employees' Retirement System (CalPERS), California State Teachers' Retirement System (CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or entity in their capacities as such. For the avoidance of doubt, the Parties have agreed that this definition of the "Settlement Class" is intended to supersede the class definitions in the complaints in the Class Actions.

The "Settlement Class" also does not include any Person who submits a timely and valid request for exclusion meeting the requirements in this Notice (see Question 10 below).

If you are not sure whether you are included, you can ask for assistance. You can call 877-240-3540 or visit www.StateStreetIndirectFXClassSettlement.com for more information.

---

### 5. Why is there a Class Settlement?

The Court did not finally decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. Plaintiffs and Plaintiffs' Counsel believe that the claims asserted in the Class Actions have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. They have considered the uncertain outcome and the risk of any litigation, especially in complex lawsuits like this one, as well as the unique risks here. Defendants have raised a number of arguments and defenses (which they would raise at summary judgment and trial) that could limit or result in the dismissal of the claims and a reduction in any recovery. In the absence of a Settlement, the Parties would present factual and expert testimony on such issues, and there is considerable risk that the Court or jury would resolve the inevitable "battle of the experts" against Plaintiffs and the Settlement Class.

As stated above, the Class Settlement is the product of extensive arm's-length negotiations between Plaintiffs' Counsel and Defendants' Counsel, all of whom are very experienced with respect to complex litigation of this type. The Class Settlement provides substantial benefits now as compared to the risk that a similar or smaller recovery would be achieved after trial and appeals, years in the future, or that no recovery would be achieved at all. In light of the amount of the Class Settlement and the immediate recovery to the Settlement Class, Plaintiffs and Plaintiffs' Counsel believe that the proposed Class Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.

---

### 6. What does the Class Settlement provide?

In exchange for the Class Settlement and the release of the Released Class Claims (defined below) against the Released Defendant Parties (defined below), SSBT agreed to create a $300,000,000 cash fund. The $300,000,000, plus any interest that accrues on this amount, will be distributed to the Settlement Class after costs, expenses and fees are deducted, as described herein. The Class Settlement provides for cash payments to Settlement Class Members who do not exclude themselves from the Settlement Class, as explained in the Plan of Allocation in Question __ below.

The description of the Class Settlement in this Notice is only a summary. The complete terms are set forth in the Settlement Agreement (including its exhibits), which may be obtained at the Class Settlement website, www.StateStreetIndirectFXClassSettlement.com, or Lead Counsel's website, www.labaton.com.

| **7. What am I giving up to get a payment and by staying in the Settlement Class?** |
| --- |

Unless you exclude yourself, you will stay in the Settlement Class, which means that upon the "Effective Date" of the Class Settlement, you will release all "Released Class Claims" (as defined below) against the "Released Defendant Parties" (as defined below) and be subject to a covenant not to sue and a permanent injunction against prosecuting Released Class Claims against Released Defendant Parties.

**"Released Class Claims"** means any and all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, rights of recovery, causes of action, duties, obligations, judgments, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including Unknown Claims, whether known or unknown, direct, representative, class, individual or indirect, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, accrued or not accrued, at law or equity, whether arising under federal, state, local, foreign, statutory, common, administrative or any other law, statute, rule or regulation that any Releasing Plaintiff: (i) asserted in the Class Actions; (ii) could have asserted in the Class Actions or any other action or in any forum, that arise from or out of, relate to, or are in connection with the claims, allegations, transactions, alleged or actual prohibited transactions or breaches of duty (including fiduciary duty), facts, events, acts, disclosures, matters or occurrences, statements, representations or omissions or failures to act involved, described, set forth, or referred to in the complaints filed in the Class Actions or that arise from or out of, relate to, or are in connection with Indirect FX Methods, Indirect FX Transactions/Trading, StreetFX Methods, StreetFX Transactions, or Rate Comparisons; and (iii) asserted or could assert that arise from or out of, relate to, or are in connection with the defense or settlement of the Class Actions, except for claims relating to enforcement of the Settlement.

**"Released Defendant Parties"** means SSBT and Defendants; their past, present and future parents, subsidiaries, divisions, and affiliates; the respective past and present officers, directors, trustees, employees, agents, trustees, managers, servants, accountants, auditors, underwriters, financial and investment advisors, consultants, representatives, insurers, co-insurers and reinsurers of each of them; and the heirs, successors and assigns of the foregoing.

"Unknown Claims" means any and all Released Class Claims, which one or more Releasing Plaintiffs does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any Released Prosecution Claims that SSBT or any other Released Defendant Party does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known to him, her, or it might have affected his, her, or its decision(s) with respect to the Class Settlement. With respect to any and all Released Class Claims and Released Prosecution Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and SSBT shall expressly, and each Releasing Plaintiff and SSBT shall be deemed to have, and by operation of the Judgment or any Alternative Judgment shall have, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Releasing Plaintiffs, SSBT, or the other Released Defendant Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Class Claims and the Released Prosecution Claims, but Plaintiffs and SSBT shall expressly, fully, finally, and forever settle and release, and each other Releasing Plaintiff and each other Released Defendant Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or any Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Class Claims and Released Prosecution Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties acknowledge, and each other Releasing Plaintiff and Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Class Claims and Released Prosecution Claims was separately bargained for and was a key and material element of the Class Settlement.

The "Effective Date" will occur when, among other things, an Order by the Court approving the Class Settlement becomes Final and is not subject to appeal and when an Order by the Court approving the proposed Plan of Allocation becomes Final and is not subject to appeal, as set out more fully in the Settlement Agreement on file with the Court and available at www.StateStreetIndirectFXClassSettlement.com or www.labaton.com.

If you remain a member of the Settlement Class, all of the Court's orders about the Class Settlement in the Class Actions will apply to you and legally bind you.

---

**7. What will be my share of the Net Class Settlement Fund?  How can I get my portion of the recovery?**

---

At the Final Approval Hearing, Lead Counsel will request the Court approve the Plan of Allocation set forth below. The Plan of Allocation describes the manner by which the Net Class Settlement Fund will be allocated among Settlement Class Members.  Assuming you do not exclude yourself from the Settlement Class pursuant to Question __ below, you do not need to take any further action to receive your portion of the recovery. However, as explained on page ___ below, if you represent a Group Trust, you must provide a certification in order to receive a portion of the ERISA Settlement Allocation, rather than a portion of the balance of the Net Class Settlement Fund.

You are not responsible for calculating the amount you may be entitled to receive under the Class Settlement. This calculation will be done by the Claims Administrator as part of the implementation of the Class Settlement, and will be based on reasonably available information obtained from SSBT. You will be notified of your calculated recovery after the Class Settlement is approved and prior to Lead Counsel's motion to the Court requesting approval of a distribution of the Class Settlement proceeds.

## PLAN OF ALLOCATION

This Plan of Allocation describes steps that the Claims Administrator will take in order to allocate funds in connection with the Class Settlement, including determining distribution amounts.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website at: www.StateStreetIndirectFXClassSettlement.com and at www.labaton.com.  Distributions in the manner set forth herein will be deemed conclusive against all

claimants. Each Settlement Class Member is deemed to have submitted to the jurisdiction of the United States District Court for the District of Massachusetts with respect to his, her, or its recovery from the Class Settlement.

Distributions to Authorized Claimants will be based on Recognized Claims (defined below). It is important to understand that the Recognized Claims under this Plan of Allocation are not provable damages but rather are amounts derived from a fair and reasonable methodology (described below) to evaluate each Settlement Class Member's relative stake in the Class Settlement.

The defined terms used herein relate to this Plan of Allocation, and not necessarily to other agreements executed by SSBT or its affiliates with third parties, including governmental agencies, in connection with the Class Settlement. Capitalized terms that are not otherwise defined herein have the same meaning as set forth in the Settlement Agreement.

## A. THE ALLOCATION OF SETTLEMENT PROCEEDS

The Net Class Settlement Fund, which shall consist of Three Hundred Million U.S. Dollars ($300,000,000), plus any accrued interest, minus all costs and expenses incurred with respect to the fund, including Taxes and Tax Expenses, Notice and Administration Expenses, attorneys' fees, Litigation Expenses, and Service Awards paid from the Class Settlement Fund with the permission of the Court, will be distributed to eligible Settlement Class Members.

After approval by the Court of the Class Settlement, the Class Settlement Fund shall be allocated as set forth below for the benefit of Settlement Class Members.

The ERISA Settlement Allocation (which shall be the source of distributions to ERISA Plans and certain Group Trusts, as set forth below) shall be at least Sixty Million Dollars ($60,000,000) of the Class Settlement Fund (twenty percent of the Class Settlement Fund), plus twenty percent (20%) of any interest accrued on the Class Settlement Fund, minus twenty percent (20%) of any Taxes and Tax Expenses, Notice and Administration Expenses, Service Awards, and Litigation Expenses, and minus attorneys' fees, if awarded by the Court, in an amount not to exceed Ten Million Nine Hundred Thousand Dollars ($10,900,000).[8] The ERISA Settlement Allocation was negotiated directly between Customer Counsel, ERISA Counsel, and representatives of the DOL and, in light of the fiduciary and other claims available under ERISA laws, provides a premium per dollar of Indirect FX Trading Volume for ERISA Plans and eligible Group Trusts in comparison to the allocations to other Settlement Class Members.

The balance of the Class Settlement Fund will be allocated in proportion to the Indirect FX Trading Volume of class members that are not ERISA Plans or eligible Group Trusts (as explained below), specifically to class members that are Registered Investment Companies ("RICs") and class members that are non-ERISA public pension funds, private entities, and other customers ("Public and Other").

After allocation of the ERISA Settlement Allocation, based on information supplied by SSBT, the "RIC Settlement Allocation" will be approximately $142,000,000, on a gross basis before the addition of a proportional amount of any accrued interest and the deduction of proportional attorneys' fees, Litigation Expenses, Service Awards, Notice and Administration Expenses, Taxes and Tax Expenses, and the "Public and

---

[8] If the Settlement Class seeks and/or the Court awards attorneys' fees at a rate which would, if applied to the $60,000,000 ERISA Settlement Allocation, result in a fee of less than $10,900,000, then such lower rate and resulting fee at that rate shall apply to the ERISA Settlement Allocation.

Other Settlement Allocation" will be approximately $98,000,000, on a gross basis before interest and the deductions above. These allocations will be adjusted to the extent Indirect FX Trading Volume of Group Trusts is applied to the ERISA Settlement Allocation, as described below.

The Parties have relied on Indirect FX Trading Volume information provided by State Street to develop this Plan of Allocation. The ERISA Settlement Allocation and payment of the Registered Investment Company Minimum Distribution are essential conditions of the Class Settlement, which may be terminated by the Settling Defendant if the minimum allocations set forth in this Plan are not made. The amount of the ERISA Settlement Allocation has been set based on the Indirect FX Trading Volume information provided, including information concerning the total amount of Indirect FX Trading Volume executed during the Class Period by ERISA Plans and Group Trusts. As part of the settlement administration process described below, the Claims Administrator will request information from Group Trusts concerning their ERISA Volume (explained below) during the Class Period.

In light of the fact that the amount of ERISA assets within Group Trusts is currently undetermined, the Parties, with input from the DOL, have agreed that the Plan of Allocation will be modified in the event that the total amount of Group Trusts' ERISA Volume is in excess of 2/3 of the total amount of Group Trusts' Indirect FX Trading Volume, as reported by State Street on July 25, 2016. In that event, the Claims Administrator will use the Indirect FX Trading Volume equal to such excess volume to calculate the net payment amount that would be due with respect to such volume if paid from the Public and Other Settlement Allocation, and will transfer half of that amount to the ERISA Settlement Allocation from each of the RIC Settlement Allocation and the Public and Other Settlement Allocation. (Accordingly, no such modification will be made if actual Group Trusts' ERISA Volume is 2/3 or less of the reported Group Trusts' Indirect FX Trading Volume.)

In the event that the actual total percentage of Indirect FX Trading Volume executed by ERISA Plans and Group Trust exceeds 15.25% of the overall Indirect FX Trading Volume for the Settlement as reported on July 25, 2016, the Claims Administrator will provide notice of the total such percentage to Plaintiffs' Counsel, State Street, and the DOL, and Plaintiffs' Counsel may apply to the Court for modification of this Plan of Allocation, without further notice to the Settlement Class. If the DOL wishes to be heard by the Court on a modification of the Plan of Allocation for this reason, regardless of whether Plaintiffs' Counsel seeks modification, neither State Street nor Plaintiffs' Counsel will object to the DOL's standing to do so.

## B.    ALLOCATION AMONG SETTLEMENT CLASS MEMBERS

For each Settlement Class Member, the Claims Administrator shall determine that Settlement Class Member's Indirect FX Trading Volume(s) (in U.S. Dollars) during the Class Period, calculate that Settlement Class Member's Recognized Claim, and use those calculations to distribute the Settlement Allocations as set forth herein.

To facilitate this procedure, SSBT has provided the Claims Administrator with: (i) the total Indirect FX Trading Volume (in U.S. Dollars) for each Settlement Class Member during the Class Period; (ii) information concerning whether each Settlement Class Member was an ERISA Plan during the Class Period; (iii) information concerning whether each Settlement Class Member was a Registered Investment Company during the Class Period; and (iv) information concerning whether each Settlement Class Member was a group trust that is exempt from tax pursuant to Internal Revenue Service Revenue Ruling 81-100 ("Group Trust") during the Class Period.

### 1.    Determination of Indirect FX Trading Volumes

The Claims Administrator shall divide each Settlement Class Member's total Indirect FX Trading Volume (in U.S. Dollars) during the Class Period into three parts: (i) Registered Investment Company Indirect FX Trading Volume (in U.S. Dollars) during the Class Period ("RIC Volume"); (ii) ERISA Plan Indirect FX Trading Volume (in U.S. Dollars) during the Class Period ("ERISA Volume"); and (iii) their remaining Indirect FX Trading Volume (in U.S. Dollars) during the Class Period ("Public and Other Volume"). The division shall be determined as follows.

### a)    Registered Investment Company Settlement Class Members

For each Settlement Class Member that, based on the records supplied by SSBT, was a Registered Investment Company during the Class Period, the RIC Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period. The Settlement Class Member's ERISA Volume and Public and Other Volume shall be zero.

### b)    ERISA Plan Settlement Class Members

For each Settlement Class Member that, based on the records supplied by SSBT, was solely an ERISA Plan (not including Group Trusts) during the Class Period, the ERISA Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period. The Settlement Class Member's RIC Volume and Public and Other Volume shall be zero.

### c)    Group Trust Settlement Class Members

SSBT has notified Plaintiffs' Counsel that fifty-five (55) Settlement Class Members represent Group Trusts. For each such Settlement Class Member identified as a Group Trust, *a letter concerning the Settlement Class Member's identification as a Group Trust accompanies this Notice.* The Indirect FX Trading Volume during the Class Period (in U.S. Dollars) for Settlement Class Members that are Group Trusts will be categorized pursuant to the following requirements in this subsection.

Each Group Trust shall provide the Claims Administrator with a certification that reports the average proportion of the Group Trust's SSBT custodied assets that were held by an ERISA Plan or Plans during the Class Period and/or the average volume of Indirect FX Trades made by the ERISA Plan(s) during the Class Period, and identifies by name each ERISA Plan within the Group Trust. If a Group Trust does not have the foregoing information for each year of the Class Period, but has a reasonable belief that ERISA assets were held by the Group Trust during those years, the years for which data is available should be reported and the results will be averaged by applying the average proportion of the years with known ERISA assets and/or Indirect FX Trading Volume to the years with unknown ERISA assets and/or Indirect FX Trading Volume.

The certification must be signed by a plan fiduciary or administrator and state that he, she, or it certifies that the information contained within the certification is accurate based on reasonably available information. The certification must be mailed or delivered so that it is **postmarked or received no later than _____, 2016,** to:

*State Street Indirect FX Trading Class Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217

Upon request from the Claims Administrator, a Group Trust must promptly provide sufficient information to explain and confirm the certification in order to remain eligible for a share of the ERISA Settlement Allocation as set forth herein.

Using the information provided through the certification process, a Group Trust's ERISA Volume shall equal the volume of Indirect FX Trades made by the ERISA Plan(s) in the Group Trust or, if the information concerning the volume of Indirect FX Trades is insufficient, the proportion of assets that were held by the ERISA Plan(s) in a particular Group Trust. Any Indirect FX Trading Volume of a Group Trust that is not categorized by the Claims Administrator as ERISA Volume shall be categorized as Public and Other Volume. In all instances, the RIC Volume of a Settlement Class Member that is a Group Trust shall be zero.

If a Group Trust does not provide a certification by _____, 2016, it shall be treated for purposes of an allocation as if it held no ERISA Plan assets and it shall not be entitled to a recovery from the ERISA Settlement Allocation. Instead, its Public and Other Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period. In that instance, the Settlement Class Member's RIC Volume and ERISA Volume shall be zero.

However, in instances where a Group Trust is known by the Parties to have ERISA assets based on previous consultations with the U.S. Department of Labor, but a certification is not submitted or the Group Trust does not provide a certification by _____, 2016, then the trust's ERISA Volume may be calculated utilizing a methodology at Plaintiffs' Counsel's discretion based on discussions with the U.S. Department of Labor or with the Group Trust in response to any informal inquiry from the Claims Administrator or Plaintiffs' Counsel.

Group Trust Settlement Class Members who claim and receive distributions from the ERISA Settlement Allocation must distribute the ERISA Settlement Allocation only to the ERISA Plans identified in the certification submitted to the Claims Administrator and in the same proportion as set forth in the certification. Such distributions are subject to confirmation by the U.S. Department of Labor and/or Plaintiffs' Counsel.

### d) Public and Other Settlement Class Members

For each Settlement Class Member that, based on the records supplied by SSBT, was not an ERISA Plan, Group Trust, or Registered Investment Company during the Class Period, the Public and Other Volume shall equal that Settlement Class Member's total Indirect FX Trading Volume during the Class Period. The Settlement Class Member's ERISA Volume and RIC Volume shall be zero.

### 2. Methodology for Calculation of Recognized Claims

After calculating the ERISA Volume, RIC Volume, and Public and Other Volume for each Settlement Class Member, the Claims Administrator will sum the ERISA Volumes for the Settlement Class in order to derive the classwide ERISA Volume, will sum the RIC Volume for the Settlement Class, in order to derive the classwide RIC Volume, and will sum the Public and Other Volume for the Settlement Class, in order to derive the classwide Public and Other Volume.

A Settlement Class Member's ERISA Recognized Claim equals that class member's ERISA Volume, divided by the classwide ERISA Volume, multiplied by the amount of the ERISA Settlement Allocation. The result of these calculations will be that a Settlement Class Member having no ERISA Volume will have an ERISA Recognized Claim of zero.

A Settlement Class Member's RIC Recognized Claim equals that class member's RIC Volume, divided by the classwide RIC Volume, multiplied by the amount of the RIC Settlement Allocation. The result of these

calculations will be that a Settlement Class Member having no RIC Volume will have a RIC Recognized Claim of zero.

A Settlement Class Member's Public and Other Recognized Claim equals that class member's Public and Other Volume, divided by the classwide Public and Other Volume, multiplied by the amount of the Public and Other Settlement Allocation. The result of these calculations will be that a Settlement Class Member having no Public and Other Volume will have a Public and Other Recognized Claim of zero.

Settlement Class Members shall receive distributions from the ERISA Settlement Allocation on a *pro rata* basis based on their ERISA Recognized Claim amounts, distributions from the RIC Settlement Allocation on a *pro rata* basis based on their RIC Recognized Claim amounts, and distributions from the Public and Other Settlement Allocation on a *pro rata* basis based on their Public and Other Recognized Claim amounts.

A Settlement Class Member's total Recognized Claim equals the sum of that Settlement Class member's ERISA Recognized Claim, RIC Recognized Claim, and/or Public and Other Recognized Claim.


## C.    Distribution of Net Class Settlement Fund

Prior to the Effective Date, the Net Class Settlement Fund shall remain in an interest-bearing escrow account, except as otherwise provided in the Settlement Agreement. After the Class Settlement reaches its Effective Date, distributions to eligible Settlement Class Members will be made after Settlement Class Members have been notified of their ERISA Recognized Claim, RIC Recognized Claim, and Public and Other Recognized Claim amounts, and the Court has approved the Claims Administrator's determinations.


The Parties will use best efforts to seek Court approval to authorize an initial distribution of the Net Class Settlement Fund, including the RIC Settlement Allocation, within one year following the Effective Date of the Class Settlement. If a judgment is entered in the Class Action approving the Class Settlement, but an appeal is taken relating solely to approval of the requested attorneys' fees, Litigation Expenses, and/or Service Awards, Plaintiffs' Counsel will, subject to Court approval, proceed with an initial distribution of the Net Class Settlement Fund, including the RIC Settlement Allocation.

The Net Class Settlement Fund will be allocated among Class Members whose pro-rated distributions would be $10.00 or greater, given the fees and expenses associated with printing and mailing payments. If the prorated distribution to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Defendants, their counsel, and all other Released Defendant Parties will have no liability whatsoever for the investment of the Class Settlement Fund, the distribution, or the payment of any claim consistent with the Settlement Agreement and the Court-approved Plan of Allocation. Plaintiffs and Plaintiffs' Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute funds consistent with the Settlement Agreement and the Court-approved Plan of Allocation.

After initial distribution(s) of the Net Class Settlement Fund, if there is any balance remaining (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of prior distribution of the Net Class Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion until it is no longer economically feasible to do so. Any balance that still remains in the Net Class Settlement Fund after redistribution(s) that is not feasible or economical to reallocate, after payment of Notice and

Administration Expenses, Taxes and Tax Expenses, and any other fees and costs approved by the Court, shall be contributed to one or more nonsectarian, not-for-profit, 501(c)(3) organizations serving the public interest approved by the Court.

---

## 9. When will I receive a payment?

Payment is conditioned on several matters, including the Court's approval of the Class Settlement (and the Judgment becoming Final), approval of the proposed Plan of Allocation (and that order becoming Final), approval of a distribution, and the DOL, and DOJ Settlements becoming final according to their terms. (They do not require court approval.) It is anticipated that at least a partial distribution will be made within one year of ____. However, a full distribution could take more than a year. Interest accrued on the Class Settlement Fund will be included in the amount allocated and paid to Settlement Class Members.

The Class Settlement may be terminated on several grounds, including if the Court does not approve the Class Settlement or the proposed Plan of Allocation. If the Class Settlement is terminated, there will be no distribution and the Class Actions will proceed as if the Class Settlement had not been reached.

---

## 10. Can I exclude myself from the Settlement Class?

If you do not want a payment from this Class Settlement, but you want to keep any right you may have to sue or continue to sue the Defendants and other Released Defendant Parties on your own about the Released Class Claims, then you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the class. Please note: SSBT may withdraw from and terminate the Class Settlement if Settlement Class Members who have a certain amount of Indirect FX Transactions exclude themselves from the Settlement Class, or a certain number of Settlement Class Members request exclusion.

To exclude yourself from the Settlement Class, you must send a signed letter by mail stating that you request to be "excluded from the Settlement Class in the *State Street Indirect FX Trading Class Action*, No. 11-CV-10230 (D. Mass.)." Your letter must include the following information: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is requesting exclusion; (ii) the Person's address; (iii) the Person's telephone number; (iv) the Person's e-mail address; (v) the approximate date(s) of the agreement(s) referenced in (i) above; (vi) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (vii) a list of all current and former accounts, including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above; and (viii) identification (including by case name, court name, and docket number) of all legal actions and claims (if any) that the Person requesting exclusion has brought against any of the Defendants relating to Indirect FX.

You must mail your exclusion request so that it is **received no later than _____, 2016**, to:

*State Street Indirect FX Trading Class Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217

You cannot exclude yourself by telephone or by e-mail. Your exclusion request must comply with these requirements in order to be valid, provided, however, that a request for exclusion shall not be invalid for failing to include the foregoing (i) - (vii) if SSBT determines it has sufficient information to determine that such Person is a Settlement Class Member and provides that information promptly to Lead Counsel.

If you request to be excluded in accordance with these requirements, you will not get any payment from the Net Class Settlement Fund, and you cannot object to the Class Settlement. However, you will not be legally bound by anything that happens in the Class Actions, and you may be able to sue Defendants and the other Released Defendant Parties in the future.

---

**11. Do I have a lawyer in this case? How will the lawyers be paid?**

---

Labaton Sucharow LLP has been appointed Lead Counsel for the Settlement Class. Lead Counsel, on behalf of ERISA Counsel and Customer Counsel, will apply to the Court for an award of attorneys' fees and payment of Litigation Expenses incurred during the prosecution and resolution of the Class Actions. The application for attorneys' fees will not exceed $74,541,250 (plus any accrued interest), which represents 25% of the $300,000,000 Class Settlement Fund, after first deducting Court-awarded Litigation Expenses (that will not exceed $1,750,000.00) and Court-awarded Service Awards for the seven Plaintiffs (that will not exceed $85,000.00 in the aggregate). You will not be charged directly by Plaintiffs' counsel. However, if you want to be represented by your own lawyer, you may hire one at your own expense.

The written applications for attorneys' fees, Litigation Expenses, and Service Awards of Plaintiffs will be filed with the Court by _____, 2016, and the Court will consider these applications at the Final Approval Hearing. A copy of the applications will be available at www.StateStreetIndirectFXClassSettlement.com and www.labaton.com or by requesting a copy from Lead Counsel.

To date, none of the Plaintiffs' attorneys have received any payment for their services in prosecuting the Class Actions on behalf of the Settlement Class, nor have counsel been paid for their substantial expenses incurred in connection with litigating the Class Actions. The fee requested by Lead Counsel, on behalf of ERISA Counsel and Customer Counsel, would compensate counsel for their efforts in achieving the Class Settlement for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis. The Court will determine the actual amounts of any awards.

By following the procedures described in the answer to Question 13 below, you can tell the Court if you do not agree with the fees and expenses the attorneys and Plaintiffs intend to seek.

**OBJECTIONS**

---

**13. How do I tell the Court if I do not like the Class Settlement, the Plan of Allocation, or something about the requests for attorneys' fees and expenses?**

---

Any Settlement Class Member may appear at the Final Approval Hearing and explain why it thinks the Class Settlement should not be approved as fair, reasonable and adequate, why a judgment should not be entered, why the proposed Plan of Allocation should not be approved, why the attorneys' fees and expenses of Plaintiffs' counsel should not be awarded, in whole or in part, or why Plaintiffs should not be awarded Service Awards, in whole or in part. However, no Settlement Class Member shall be heard or entitled to contest these matters unless such Settlement Class Member has filed a written objection with the Court and served it on counsel.

To object, you must send a written statement saying that you object to the Class Settlement, the Plan of Allocation, the attorneys' fee request, expenses, and/or the Service Awards in *State Street Indirect FX Trading Class Action,* No. 11-CV-10230 (D. Mass.).  Be sure to include your name, address, telephone number, e-mail address, signature, and a full explanation of all reasons why you object. You must also include the following information in order to confirm your membership in the Settlement Class: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is objecting; (ii) the approximate date(s) of the agreement(s) referenced in (i) above; (iii) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (iv) a list of all current and former accounts, including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above.

If you cannot provide any of the information required under (i) - (iv), you may still object if you provide a written statement certifying that have undertaken best efforts to provide the missing information and your membership in the Settlement Class can otherwise be confirmed by the Parties.

**Your written objection must be filed with the Court, and received by counsel listed below by no later than _____, 2016:**

**File with the Clerk of the Court:**

**Clerk of the Court**
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

**Serve copies of all such papers by mail to each of the following:**

| Lead Counsel | Defendants' Counsel |
|---|---|
| Lawrence A. Sucharow, Esq.<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY 10005 | William H. Paine, Esq.<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>60 State Street<br>Boston, MA 02109 |

Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Class Settlement and the applications for attorneys' fees, Litigation Expenses, and any Service Awards.

**THE COURT'S FINAL APPROVAL HEARING**

**14. When and where will the Court decide whether to approve the Class Settlement?**

The Court will hold a Final Approval Hearing at ____ _.m. on _____, 2016, before the Hon. Mark L. Wolf, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, Courtroom 10, 1 Courthouse Way, Boston, Massachusetts 02210.

At the hearing, the Court will consider whether the Class Settlement is fair, reasonable and adequate. The Court will also consider any motions for attorneys' fees, expenses of Plaintiffs and Plaintiffs' Counsel, and Service Awards for Plaintiffs, as well as for approval of the proposed Plan of Allocation. If there are timely and valid objections, the Court will consider them. We do not know how long decisions on the motions will take.

## 15. Do I have to come to the hearing?

Lead Counsel will answer any questions that the Court may have about the Class Settlement and related relief at the Final Approval Hearing. You are not required to attend but are welcome to come at your own expense. If you send an objection, you do not have to come to Court to discuss it. As long as you filed your written objection on time, it will be before the Court when the Court considers whether to approve the Class Settlement, the Plan of Allocation, and/or the fee and expense requests. You may also have your own lawyer attend the Final Approval Hearing at your expense, but such attendance is not mandatory.

## 16. May I speak at the hearing?

If you are a Settlement Class Member and you have filed a timely objection, if you wish to speak, present evidence or present testimony at the Final Approval Hearing, you must state in your objection your intention to appear, and must identify any witnesses you intend to call or evidence you intend to present.

The Final Approval Hearing may be rescheduled by the Court without further notice to the Settlement Class. If you wish to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

### IF YOU DO NOTHING

## 17. What happens if I do nothing at all?

If you do nothing and the Class Settlement is approved, you will be bound by the terms of the Class Settlement, will be deemed to have released all Released Class Claims against all of the Released Defendant Parties, and will receive your *pro rata* payment as described in Questions 6 and 7 above.

### GETTING MORE INFORMATION

## 18. How do I get more information?

This Notice summarizes the proposed Class Settlement. Full details of the Class Settlement are set forth in the Settlement Agreement. Copies of the Settlement Agreement, as well as other litigation and settlement-related documents, may also be viewed at www.StateStreetIndirectFXClassSettlement.com and www.labaton.com.

You may also contact Lead Counsel at the contact information listed above, or the Claims Administrator toll-free at 877-240-3540.

Dated: _____, 2016          BY ORDER OF THE UNITED STATES DISTRICT
                                         COURT FOR THE DISTRICT OF MASSACHUSETTS

# Exhibit A-2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| *ARKANSAS TEACHER RETIREMENT SYSTEM, et al. v. STATE STREET BANK AND TRUST COMPANY* | ) ) ) | No. 11-cv-10230 MLW |
| *ARNOLD HENRIQUEZ, et al. v. STATE STREET BANK AND TRUST COMPANY, et al.* | ) ) ) | No. 11-cv-12049 MLW |
| *THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, et al. v. STATE STREET BANK AND TRUST COMPANY* | ) ) ) ) | No. 12-cv-11698 MLW |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTIONS, PROPOSED SETTLEMENT, SETTLEMENT HEARING, PLAN OF ALLOCATION, AND ANY MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

**TO: ALL CUSTODY AND TRUST CUSTOMERS OF STATE STREET BANK AND TRUST COMPANY ("SSBT") (INCLUDING CUSTOMERS FOR WHICH SSBT SERVED AS DIRECTED TRUSTEE, ERISA PLANS, AND GROUP TRUSTS), REFLECTED IN SSBT'S RECORDS AS HAVING A UNITED STATES TAX ADDRESS AT ANY TIME DURING THE PERIOD FROM JANUARY 2, 1998 THROUGH DECEMBER 31, 2009, INCLUSIVE, AND THAT EXECUTED ONE OR MORE INDIRECT FX TRANSACTIONS WITH SSBT AND/OR ITS SUBCUSTODIANS DURING THE PERIOD FROM JANUARY 2, 1998 THROUGH DECEMBER 31, 2009, INCLUSIVE (THE "SETTLEMENT CLASS")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts, that Plaintiffs Arkansas Teacher Retirement System, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan, and James Pehoushek-Stangel (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member, by and through their counsel, and State Street Bank and Trust Company have reached a proposed settlement of the above-captioned actions (the "Class

Actions") in the amount of $300,000,000 in cash (the "Class Settlement Amount") that, if approved by the Court, will resolve the Class Actions in their entirety (the "Class Settlement").

A hearing will be held before the Honorable Mark L. Wolf of the United States District Court for the District of Massachusetts, Eastern Division in Courtroom 10 of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210 at __:___ ___.m. on _____ __, 2016 to, among other things, determine whether: (1) the proposed Class Settlement should be approved by the Court as fair, reasonable, and adequate; (2) the Class Actions should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement, dated as of July 26, 2016; (3) the proposed Plan of Allocation for distribution of the Class Settlement Amount, and any accrued interest, less Court-awarded attorneys' fees, Litigation Expenses, Service Awards, Notice and Administration Expenses, Taxes, Tax Expenses and any other costs, fees, or expenses approved by the Court (the "Net Class Settlement Fund") should be approved as fair and reasonable; and (4) Lead Counsel's application, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees and payment of Litigation Expenses and Service Awards should be approved. The Court may change the date and/or time of the Final Approval Hearing without providing another notice. You do NOT need to attend the hearing in order to receive a distribution from the Net Class Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET CLASS SETTLEMENT FUND.** If you have not yet received the full mailed Notice of Pendency of Class Actions, Proposed Class Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation

Expenses, and Service Awards (the "Notice"), you may obtain a copy by contacting the Claims

Administrator or visiting the settlement website:

*State Street Indirect FX Trading Class Action*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 173000
Milwaukee, WI 53217
877-240-3540
www.StateStreetIndirectFXClassSettlement.com
info@StateStreetIndirectFXClassSettlement.com

Inquiries may also be made to Lead Counsel:

LABATON SUCHAROW LLP
Lawrence A. Sucharow, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com
settlementquestions@labaton.com

Settlement Class Members do not need to submit a claim form in order to be eligible to

share in the distribution of the Net Class Settlement Fund. Your recovery will be calculated by

the Claims Administrator as part of the implementation of the Class Settlement, and will be

based on information obtained from SSBT. However, as explained in the Notice, if you

represent a Group Trust, you must provide a certification **postmarked or received on or before**

_____ __, **2016** in order to receive a portion of the ERISA Settlement Allocation, rather

than a portion of the balance of the Net Class Settlement Fund.

To exclude yourself from the Settlement Class, you must submit a written request for

exclusion in accordance with the instructions in the Notice such that it is **received on or before**

_____ __, **2016.** If you are a Settlement Class Member and do not exclude yourself

from the Settlement Class, you will be bound by all judgments and orders entered in the Class

Actions.

Any objection to the proposed Class Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of Litigation Expenses and/or Service Awards must be filed with the Court in accordance with the instructions in the Notice such that it is ***received on or before*** _____ __**, 2016.** If you submit an objection, you have the right, but are not required, to attend the Final Approval Hearing; if you wish to speak at the Final Approval Hearing, you must include in your written objection a statement that you intend to appear and speak at the Final Approval Hearing.

PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS REGARDING THIS NOTICE.

Dated: _____, 2016          BY ORDER OF THE UNITED STATES
                                        DISTRICT COURT FOR THE
                                        DISTRICT OF MASSACHUSETTS

# Exhibit B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 12-cv-11698 MLW |

## [PROPOSED] ORDER AND FINAL JUDGMENT

**WHEREAS**, (i) plaintiffs Arkansas Teacher Retirement System, Arnold Henriquez,

Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies

Employees Savings and Profit Sharing Plan and James Pehoushek-Stangel (collectively

"Plaintiffs"), on behalf of themselves and each Settlement Class Member by and through their

counsel, and (ii) State Street Bank and Trust Company (the "Settling Defendant" or "SSBT"), by

and through its counsel, entered into a Stipulation and Agreement of Settlement, dated as of

_____, 2016 (the "Settlement Agreement"), in the above-captioned cases (the "Class

Actions");

      **WHEREAS,** pursuant to the Order Granting Preliminary Approval of Class Action

Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final

Approval of Settlement (the "Preliminary Approval Order"), entered _____, 2016, the

Court scheduled a hearing for _____, 2016 at _____ ___.m. to, among other things,

determine (i) whether the proposed Class Settlement is fair, reasonable, and adequate, and should

be finally approved by the Court, and (ii) whether the Order and Final Judgment, as provided for

under the Settlement Agreement, should be entered;

      **WHEREAS,** the Court ordered that the Notice of Pendency of Class Actions, Proposed

Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees,

Litigation Expenses, and Service Awards (the "Notice"), substantially in the form annexed to the

Preliminary Approval Order as Exhibit A-1, be sent by first-class mail, postage prepaid, on or

before ten (10) business days after the entry of the Preliminary Approval Order ("Notice Date")

to all potential Settlement Class Members who could be identified through reasonable effort, and

that a summary of the Notice (the "Publication Notice"), substantially in the form annexed to the

Preliminary Approval Order as Exhibit A-2, be published in the national edition of *The Wall

Street Journal* and over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

**WHEREAS,** the Notice and Publication Notice advised Settlement Class Members of the date, time, place, and purpose of the Final Approval Hearing. The Notice further advised that any objections to the proposed Class Settlement were required to be filed with the Court by no later than _____, 2016, and mailed to counsel for the Parties such that they were received by no later than _____, 2016;

**WHEREAS,** Plaintiffs and Lead Counsel complied with the provisions of the Preliminary Approval Order as to the distribution, mailing, and publication of the Notice and Publication Notice;

**WHEREAS,** on _____, 2016, Plaintiffs moved for final approval of the proposed Class Settlement, and the Final Approval Hearing was duly held before this Court on _____, 2016, at which time all interested Persons were afforded the opportunity to be heard; and

**WHEREAS,** the Court has duly considered Plaintiffs' motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Settlement Agreement, all of the submissions and arguments presented with respect to the proposed Class Settlement, and the record in the Class Actions.

**NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1.    **Incorporation of Settlement Documents**.  This Order and Final Judgment hereby incorporates and makes a part hereof: (i) the Settlement Agreement filed with the Court on _____, 2016; and (ii) the exhibits attached to the Settlement Agreement, including the Notice and Publication Notice, filed with the Court on _____, 2016.

2.    **Definitions**. Any term with initial capitalization that is not defined in this Order and Final Judgment shall have the meaning provided in the Settlement Agreement.

3.    **Jurisdiction**.  The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Class Actions and over all parties to the Class Actions, including all Settlement Class Members.

4.    **Certification of the Settlement Class**.  Solely for the purpose of effectuating the Class Settlement, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All custody and trust customers of State Street Bank and Trust Company ("SSBT") (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive. Excluded from the Settlement Class are: Defendants; California Public Employees' Retirement System (CalPERS), California State Teachers' Retirement System (CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or entity in their capacities as such.  Also excluded from the Settlement Class is any Person who submits a timely and valid request for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

5.    **Settlement Class Representatives and Class Counsel**.  Solely for purposes of effectuating the Class Settlement, the Court hereby affirms its designations in the Preliminary Approval Order of Plaintiffs as representatives of the Settlement Class, Labaton Sucharow LLP as Lead Counsel for the Settlement Class, Thornton Law Firm LLP as Liaison Counsel for the Settlement Class, and Lieff Cabraser Heimann & Bernstein LLP as additional Counsel for the Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4

6.      **Notice**.  The Court finds that the distribution, mailing, and publication of the

Notice and Publication Notice to putative Settlement Class Members: (i) constituted the best

notice practicable under the circumstances; (ii) was reasonably calculated, under the

circumstances, to apprise Settlement Class Members of the Class Settlement, the effect of the

Class Settlement (including the releases therein), and their right to exclude themselves from the

Settlement Class or object to any aspect of the Class Settlement (and appear at the Final

Approval Hearing), this Order and Final Judgment, the Plan of Allocation, and/or Lead

Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for attorneys' fees,

payment of Litigation Expenses, and any Service Awards; (iii) constituted due and sufficient

notice of the Class Settlement to all Persons entitled to receive such; and (iv) satisfied the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United

States (including the Due Process Clause), the Class Action Fairness Act of 2005, 28 U.S.C. §

1715, and all other applicable laws and rules.

7.      **Objections**.  [The Court has considered each of the objections to the Class

Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The

Court finds and concludes that each of the objections is without merit, and they are hereby

overruled.]

8.      **Final Settlement Approval and Dismissal of Claims**.  In light of the benefits to

the Settlement Class, the complexity, expense, and possible duration of further litigation against

the Defendants, the risks of establishing liability and damages, and the costs of continued

litigation, the Court hereby fully and finally approves the Class Settlement as set forth in the

Settlement Agreement in all respects, and finds that the Class Settlement is in all respects fair,

reasonable, and adequate, and in the best interests of Plaintiffs and other Settlement Class

Members.  The Court further finds that the Class Settlement set forth in the Settlement

Agreement is the result of arm's-length negotiations between experienced counsel representing

the interests of Plaintiffs, the Settlement Class, and the Defendants.  The Class Settlement shall

be consummated in accordance with the terms and provisions of the Settlement Agreement.

9.     Upon the Effective Date, the following actions are each hereby dismissed in their

entirety, with prejudice: (a) *Arkansas Teacher Retirement System v. State Street Bank and Trust
Company*, No. 11-cv-10230 MLW (D. Mass.); (b) *Arnold Henriquez, et al. v. State Street Bank
and Trust Company, et al.,* No. 11-cv-12049 MLW (D. Mass.); and (c) *The Andover Companies
Employee Savings and Profit Sharing Plan, et al. v. State Street Bank and Trust Company,* No.
12-cv-11698 MLW (D. Mass.).

10.     **Releases**.  Upon the Effective Date, the Releasing Plaintiffs, and their respective

past, present, and future heirs, executors, administrators, trustees, predecessors, successors, and

assigns: (i) shall release and shall be deemed by operation of law and this Order and Final

Judgment to have irrevocably, absolutely, and unconditionally fully, finally, and forever waived,

released, discharged, and dismissed, with prejudice and on the merits, each and every one of the

Released Class Claims against each and every one of the Released Defendant Parties, (ii) shall

have and be deemed to have covenanted not to sue, directly or indirectly any Released Defendant

Party with respect to any and all of the Released Class Claims; and (iii) shall forever be barred

and enjoined from directly or indirectly filing, commencing, instituting, prosecuting,

maintaining, intervening in, participating in (as a class member or otherwise) (except as a

witness compelled by subpoena or court order), or receiving any benefits or other relief, from

any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any

jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative

capacity, that maintains or prosecutes any or all such Released Class Claims against each and

every one of the Released Defendant Parties. All Releasing Plaintiffs, and their respective past,

present, and future heirs, executors, administrators, trustees, predecessors, successors, and

assigns, shall be bound by the terms of the releases, covenants not to sue, and injunctions set

forth in this Order and Final Judgment whether or not they obtain a recovery from the Class

Settlement or seek, or actually receive, a distribution from the Class Settlement.

11.     Upon the Effective Date, SSBT, on behalf of itself, the Released Defendant

Parties, and each of their respective heirs, executors, administrators, trustees, predecessors,

successors, and assigns, shall be deemed by operation of law to have fully, finally, and forever

released, waived, discharged, and dismissed, with prejudice and on the merits, each and every

one of the Released Prosecution Claims against each and every one of the Released Plaintiff

Parties and their respective attorneys, and shall forever be barred and enjoined from

commencing, instituting, prosecuting, or maintaining any or all such Released Prosecution

Claims against each and every one of the Released Plaintiff Parties and their respective

attorneys.

12.     Notwithstanding Paragraphs 10-11 above, nothing in this Order and Final

Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the

Settlement Agreement or this Order and Final Judgment, or any action by SSBT relating to

insurance coverage.

13.     Nothing in this Order and Final Judgment shall prevent any Person that timely

submitted a valid request for exclusion from the Settlement Class, listed on Exhibit A annexed

hereto, from commencing, prosecuting, or asserting any Released Class Claim against any

Released Defendant Party. If any such Person commences, prosecutes, or asserts any Released

Class Claim against any Released Defendant Party, nothing in this Order and Final Judgment shall prevent the Released Defendant Parties from asserting any claim of any kind against such Person, including any Released Prosecution Claim, or from seeking contribution or indemnity from any Person, other than any Released Plaintiff Party, with respect to the claim of the Person who is excluded from the Settlement Class pursuant to a timely and valid request for exclusion.

14. **Rule 11 Finding**. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Class Actions.

15. **Binding Effect of Order and Final Judgment**. Each Plaintiff and Settlement Class Member, and each of their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, is bound by this Order and Final Judgment, including, without limitation, the releases contained herein, regardless of whether such Settlement Class Member (i) receives the Notice, (ii) obtains a recovery from the Class Settlement Fund, or (iii) objects to the Class Settlement, this Order and Final Judgment, the Plan of Allocation, and/or Lead Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for attorneys' fees, payment of Litigation Expenses, and any Service Awards. The Persons listed in Exhibit A annexed hereto are excluded from the Settlement Class, pursuant to their valid and timely requests for exclusion, and are not bound by the terms of the Settlement Agreement or this Order and Final Judgment.

16. **Use of this Order and Final Judgment**. Except as set forth in the Settlement Agreement and in Paragraph 17 below, this Order and Final Judgment and the Settlement Agreement, whether or not consummated, and any negotiations, proceedings, or agreements

8

relating to the Settlement Agreement, the Class Settlement, and any matters arising in connection

with settlement negotiations, proceedings, or agreements, shall not be offered or received against

the Parties and their counsel for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against Defendants

as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or

admission by Defendants with respect to the truth of any fact alleged by Plaintiffs or any other

Settlement Class Member or the validity of any claim that has been or could have been asserted

in the Class Actions or in any litigation, including but not limited to the Released Class Claims,

or of any liability, damages, negligence, fault, or wrongdoing of Defendants;

(b)     do not constitute, and shall not be offered or received against Defendants

as evidence of a presumption, concession, or admission of any fault, misstatement, or omission

with respect to any statement or written document approved or made by Defendants, or against

the Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the

claims or defenses that have been or could have been asserted in the Class Actions;

(c)     do not constitute, and shall not be offered or received against Defendants,

Plaintiffs, or any other member of the Settlement Class, or their respective counsel, as evidence

of a presumption, concession, or admission with respect to any liability, damages, negligence,

fault, infirmity, or wrongdoing, or in any way referred to for any other reason against

Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any

other civil, criminal, or administrative action or proceeding, other than such proceedings as may

be necessary to effectuate the provisions of the Settlement Agreement;

(d)     do not constitute, and shall not be construed against Defendants, Plaintiffs,

any other members of the Settlement Class, or their respective counsel as an admission or

concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, any other Settlement Class Member, or their respective counsel, that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Class Actions would not have exceeded the Class Settlement Amount.

17.     The Released Parties may file or refer to the Settlement Agreement and/or this Order and Final Judgment to (i) effectuate the liability protection granted thereunder, including, without limitation, to support injunctive relief, or a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (ii) effectuate the liability protections granted them under any applicable insurance policies.  The Released Parties may file or refer to the Settlement Agreement and/or this Order and Final Judgment in any action that may be brought to enforce the terms of the Settlement Agreement and/or this Order and Final Judgment.  All Released Parties submit to the jurisdiction of this Court for purposes of implementing and enforcing the Class Settlement.

18.     **Retention of Jurisdiction**.  The Court reserves and retains jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (i) implementation and enforcement of the Class Settlement; (ii) the allowance, disallowance, or adjustment, on equitable grounds, of any Settlement Class Member's right to recover under the Settlement Agreement, and any award or distribution from the Class Settlement Fund; (iii) disposition of the Class Settlement Fund; (iv) the hearing and determination of Lead Counsel's motion, on behalf

10

of ERISA Counsel and Customer Counsel, for attorneys' fees, payment of Litigation Expenses, and any Service Awards; (v) the hearing and determination of any motions to approve the Plan of Allocation or the Distribution Order; (vi) enforcement and administration of this Order and Final Judgment; (vii) enforcement and administration of the Settlement Agreement, including the injunctions and releases in connection therewith; and (viii) other matters related or ancillary to the foregoing.

19. **Termination**. In the event the Class Settlement is terminated in its entirety or does not become effective in accordance with the terms of the Settlement Agreement, the Settlement Agreement, except as otherwise provided therein, including any amendment(s) thereto, and this Order and Final Judgment, including but not limited to the certification of the Settlement Class provided in Paragraph 4 above, shall be null and void and of no further force or effect, and may not be introduced as evidence or referred to in any action or proceeding by any Person, and Plaintiffs and the Defendants shall be restored to their respective positions in the Class Actions as of June 29, 2015, and, except as otherwise expressly provided, Plaintiffs and the Defendants shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and the balance of the Settlement Fund including interest accrued thereon, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to SSBT.

20. **Plan of Allocation**. A separate order shall be entered regarding the proposed Plan of Allocation. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

21. **Attorneys' Fees, Litigation Expenses, and/or Service Awards**. A separate order shall be entered regarding Lead Counsel's motion, on behalf of ERISA Counsel and

Customer Counsel, for attorneys' fees, payment of Litigation Expenses, and any Service Awards
as allowed by the Court.  Such order shall not disturb or affect any of the terms of this Order and
Final Judgment.

22.     **Administration of the Class Settlement**.  Without further order of the Court, the
Parties may agree to reasonable extensions of time to carry out any of the provisions of the
Settlement Agreement.

23.     **Consummation of the Class Settlement**.  The Parties are hereby directed to
consummate the Settlement Agreement and to perform its terms.

24.     **Entry of Final Judgment**.  There is no just reason for delay in the entry of this
Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2016     _____
                                      HON. MARK L. WOLF
                                      UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

<u>Certificate of Service</u>

I certify that on July 26, 2016, I caused the foregoing Stipulation and Agreement of Settlement, with exhibits, to be filed through the ECF system in the above-captioned actions, and accordingly to be served electronically upon all registered participants identified on the Notices of Electronic Filing.

*/s/ David J. Goldsmith*
David J. Goldsmith