# EX. 87

| From: | Michael Lesser |
|---|---|
| Sent: | Sunday, August 30, 2015 1:05 PM |
| To: | Evan Hoffman |
| Subject: | Fwd: State Street |

Begin forwarded message:

**From:** "Chiplock, Daniel P." <<u>DCHIPLOCK@lchb.com</u>>
**Date:** August 30, 2015 at 12:49:38 PM EDT
**To:** 'Michael Thornton' <<u>MThornton@tenlaw.com</u>>, Garrett Bradley <<u>GBradley@tenlaw.com</u>>
**Cc:** "Lieff, Robert L." <<u>RLIEFF@lchb.com</u>>, "<u>rlieff@lieff.com</u>" <<u>rlieff@lieff.com</u>>, Michael Lesser <<u>MLesser@tenlaw.com</u>>
**Subject: RE: State Street**

Excellent and I would expect and anticipate nothing less, Mike.  I just know what some of our colleagues can do when presented with an easy target in order to hold up the process, and we don't want to do that.  Thanks.

-----Original Message-----
From: Michael Thornton [<u>mailto:MThornton@tenlaw.com</u>]
Sent: Sunday, August 30, 2015 12:45 PM
To: Chiplock, Daniel P.; Garrett Bradley
Cc: Lieff, Robert L.; <u>rlieff@lieff.com</u>; Michael Lesser
Subject: Re: State Street

Thank you for the tip Dan. I did say something like that on the call, but preceded it by saying it was a guess and that I would have to ask Mike Lesser for the actual figure at that point which of course is not complete as with the other firms. I appreciate your concern and I guess I can only assure you that it generally our policy to truthful and accurate hour claims.

 Original Message
From: Chiplock, Daniel P.
Sent: Sunday, August 30, 2015 12:24 PM
To: Garrett Bradley
Cc: Lieff, Robert L.; Michael Thornton; <u>rlieff@lieff.com</u>
Subject: RE: State Street

No problem. It may be tomorrow since I have to go back to archives.

In the meantime, while we're on the subject of credibility, I want to point out that we need to be consistent and credible with our lodestar reporting in State Street. We are gathering final lodestar reports now, but I heard third-hand that Mike recently said on a call (that I wasn't on) that Thornton Law Firm was showing $14 million. That number does not comport with the hours Mike Lesser told me for Thornton as of June 29 (around 12,750), which make more sense given

1

what we know about the work that was done. I am hopeful Mike T. simply misspoke or was guessing when he said $14 million and that we are not going to suddenly see an additional 12,000 hours mysteriously appear on Thornton Law Firm's behalf. I would expect that you would object if LCHB or Labaton tried something like that, and ERISA counsel certainly will (and tie up this process as long as possible) if they suspect anything remotely amiss on that front. Let's not make problems for ourselves that we don't need. Also recognize that your reviewers were all housed outside of your firm and their respective overhead and facilities expenses were paid for by others, which we were happy to do as a courtesy. Thanks.

-----Original Message-----
From: Garrett Bradley [mailto:GBradley@tenlaw.com]
Sent: Sunday, August 30, 2015 10:43 AM
To: Chiplock, Daniel P.
Cc: Lieff, Robert L.; Michael Thornton; rlieff@lieff.com
Subject: Re: State Street

That would be helpful thank you.

Garrett


On Aug 30, 2015, at 10:30 AM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com> wrote:

> I don't look past that point, Garrett. But you need to also recognize that you are only in the BNYM class case because of us.

> I guess I'll gather the emails etc concerning the assignments that were given to your firm. As if that's going to change your position.

> Sent from my iPhone

> On Aug 30, 2015, at 10:19 AM, Garrett Bradley <GBradley@tenlaw.com<mailto:GBradley@tenlaw.com>> wrote:

> Dan,

> Thanks for the email. I think we will have to agree to disagree as you keep looking past the fact that but for Mike Thornton you would not be in the state street case just like Labaton is not in BONY.

> Can you clarify what you mean by we did not "get the work done" as you indicated. That has never been specified and really should be to be deemed credible. Thanks.

> Garrett

2

Confidential: Produced Pursuant to Court Order.

TLF-SST-031167

On Aug 30, 2015, at 9:04 AM, Chiplock, Daniel P.
<DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:

Garrett,

Thanks for your email and I actually think it's useful so that Mike and Bob can participate in this.

This idea of "protection" in BNYM is where I think we keep talking past each other. The bottom line is that LCHB is the least protected of all in that case. This is the fact that has kept me up at night for 2.5 years while we've continued pouring lodestar into that case (because we had to). We invested the most in order to try to get a class certified there and to sufficiently man 110 depositions, defend counterclaims, etc., but if Judge Kaplan takes a negative view of the value of document review/analysis (our arguments to the contrary notwithstanding), then LCHB will get hit the hardest. You are totally shielded from this because you didn't invest in document review. In other words, LCHB has a real risk of actually losing money in BNYM. You have virtually no risk of that. If Thornton is not treated "fairly" in BNYM by the Court it will be because nobody (least of all LCHB) was treated "fairly." It's not clear to me what it is you expect in that circumstance.

The $10 million in State Street that you mention below also does not make up for LCHB's investment in that case. And we've certainly contributed our share to the result in State Street, having litigated BNYM (thus substantially increasing the value of State Street) and developed the ch. 93A theory (the most readily certifiable claim in State Street, and by far the most valuable).

Dan

From: Garrett Bradley [mailto:GBradley@tenlaw.com]
Sent: Friday, August 28, 2015 3:01 PM
To: Chiplock, Daniel P.
Cc: Lieff, Robert L.; Michael Thornton;
rlieff@lieff.com<mailto:rlieff@lieff.com>
Subject: Re: State Street

Dan,

I tried to call you but you are out. I think these things are best discussed rather than emailed so please call my cell when you can 6174134892 as I do not have yours.

3

   TLF-SST-031168

However a few points. I do not dismiss your efforts in Mellon but your guaranteed percentage was established years prior to a Mellon result. What I am pointing out is the inequities of our different positions. In Mellon, when we had created that case by developing the fx case all that we got was some work that resulted in $1.5 million in time. Also please elaborate on your statement that "the work was not getting done".

Now contrast that to state street where you had no client and no concept (and Mellon was years from setting) and Mike Thornton demands that you get a floor of 20% which is probably worth about $10 million.

You must agree you are in a much better position in state street than we are in Mellon. As I have said to Bob, we are only looking for a fair outcome in these matters. I think you would agree we have protected you better in state street than we are protected in Mellon. Once we have an idea of what our Mellon number looks like then we can discuss how to approach the balance of the 40% with Labaton .

Garrett

On Aug 28, 2015, at 2:34 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:

Garrett,

I know you didn't really mean to diminish LCHB's role in creating the result in BNY Mellon, at extraordinary risk to itself, which in turn doubled the value of State Street. You need to know that we advocated for you guys too, getting you a role in the BNYM class case (and pushing back against several co-counsel in the process) when you weren't actually owed one. I also gave your firm more assignments than others at the outset in BNYM, until it became clear that the work simply wasn't getting done. In other words, we've each tried to look out for the other in the past. This has been far from a one-way street.

As you know, Judge Kaplan controls everyone's fate in BNYM and LCHB has the most risk before him, having invested the most. We asked for a multiplier for your firm that is much larger than anyone else's, and I really, truly hope that he grants that request.

Thanks,

Dan

From: Garrett Bradley [mailto:GBradley@tenlaw.com]

4

TLF-SST-031169

Sent: Friday, August 28, 2015 2:18 PM
To: Lieff, Robert L.
Cc: Michael Thornton; Chiplock, Daniel P.;
rlieff@lieff.com<mailto:rlieff@lieff.com>
Subject: Re: State Street

Bob,

I am driving but took a quick look at your email and pulled over to type this. I think you are misunderstood. I have not agreed that it would be equitable to split the balance of the forty percent the way you described below. What I have said is that may be a fair approach depending on the outcome of our fee in the Mellon matter. If we are treated fairly there, then we will do all we can to treat you fairly in the state street matter. As I have said before, because of Mike Thornton's advocacy, you are guaranteed at least 20% of the State Street case in which you have no client and did not develop the concept. Yet, we have no corresponding protection in the Mellon matter. Happy to discuss further at any time.

Garrett

On Aug 28, 2015, at 2:05 PM, Lieff, Robert L.
<RLIEFF@lchb.com<mailto:RLIEFF@lchb.com>> wrote:
Garrett,

I called and suggested that we have a meeting together with the Labaton people to talk about putting in writing an understanding of the fee division in this case.

You, Mike and I have discussed the State Street fee division and have focused on the existing verbal understanding that was reached on November 9, 2010, with Chris Keller. We agreed that among the three firms we will each have a 20% interest in the fee with the balance to be divided later. Of course, we also have to factor in the 9% that ERISA counsel get pursuant to written agreement and a provision for Arkansas local counsel.

You and I have agreed that it would be equitable to divide the balance of the fee with Labaton getting 50% and each of our firms 25%. This would result in a fee division as follows:

Labaton 33.0 (20 + 13)

Thornton 26.5 (20 + 6.5)

Lieff Cabraser 26.5 (20 + 6.5)

ERISA 9.0

Arkansas Local 5.0

5

    TLF-SST-031170

100.0%

If we put the above into an agreement among the three firms, that would certainly provide protection for everyone.


Bob


<image001.gif>


Robert L. Lieff
Of Counsel
rlieff@lchb.com<mailto:rlieff@lchb.com>
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com<http://www.lieffcabraser.com>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

Confidential: Produced Pursuant to Court Order.                                    TLF-SST-031171

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

This message is intended for the named recipients only. It may contain information protected by

7

the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

Confidential: Produced Pursuant to Court Order.                                        TLF-SST-031173