# EX. 91

# Exhibit 19

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |

## DECLARATION OF J. BRIAN MCTIGUE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS TO CERTAIN CLASS REPRESENTATIVES

I, Brian McTigue, declare as follows, pursuant to 28 U.S.C. § 1746:

1.      I am the founder and managing partner of McTigue Law LLP ("McTigue Law" or "Firm"). McTigue Law is a law firm that focuses its practice on the representation of private pension plans qualified under the Employee Retirement Income Security Act of 1974 ("ERISA"), their trustees, participants, and beneficiaries in class actions—principally involving allegations of improper investment of those ERISA plans' assets.

2.      I submit this declaration in support of Lead Settlement Counsel's motion for an award of attorneys' fees, payment of litigation expenses on behalf of McTigue Law, and payment of incentive awards to proposed class representatives Arnold Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland each of whom is represented by McTigue Law ("*Henriquez* Plaintiffs"). Each of the *Henriquez* Plaintiffs contributed time and attention to the prosecution of the claims in the above-captioned *Henriquez et al v. State Street Bank State Street Bank and Trust Company and State Street Global Markets LLC and Does 1-20,* No. 11-cv-12049-MLW class action ("Action" or "*Henriquez*") from our Firm's filing of the first ERISA Claims in 2011 through August 30, 2016 (the "Time Period").[1]

3.      I personally rendered legal services and was responsible for coordinating and supervising the activity carried out by the McTigue Law attorneys and professional staff in the Action, including personally advising and counseling each of the *Henriquez* Plaintiffs.

4.      McTigue Law is counsel of record, along with Zuckerman Spaeder LLP and Beins, Axelrod, PC for the *Henriquez* Plaintiffs. Two additional law firms performed work on

---

[1] McTigue Law and Beins Axelrod, PC originally filed the ERISA Claims in the District of Maryland, Case No.: 1:11-cv-02920-WDQ, complaint filed October 12, 2011.  That complaint was withdrawn and the complaint refiled in this District, with the firm of Feinberg, Campbell & Zack, LLP serving as local counsel.

behalf of *Henriquez* Plaintiffs, Feinberg, Campbell & Zack, PC and Richardson, Patrick, Westbrook & Brickman,  LLP.

5.      In its capacity as counsel of record in *Henriquez*, McTigue Law contributed to this action and performed valuable work on behalf of and for the benefit of the Class.

<u>**McTigue Law's Efforts in This Litigation**</u>

6.      A summary of the work McTigue Law performed and/or participated in follows.

7.      The work performed by McTigue Law in *Henriquez* includes the initial representation conferences with, and drafting attorney-client agreements for the *Henriquez* Plaintiffs, who collectively represent four employee benefit plans with more than 350,000 participants and beneficiaries.

8.      McTigue Law reviewed hundreds of thousands of pages of defendants' discovery, *Henriquez* Plaintiffs' own documents, and their plans' documents; produced *Henriquez* Plaintiffs' documents to defendants; researched and developed the ERISA legal theories and facts employed in the *Henriquez* complaints; and drafted those complaints. By filing the *Henriquez* complaints, McTigue Law was breaking new ground. It became the first firm in the country to file ERISA claims on behalf of clients with respect to FX transactions.

9.      After the *Henriquez* action was filed in this District on November 18, 2011, the staff of McTigue Law zealously litigated its clients' claims. During the Time Period, McTigue Law's work included obtaining and analyzing each of the annual reports during the proposed Class Period for pension plans in which each *Henriquez* Plaintiff participated; reviewing *Henriquez* Plaintiffs' and defendants' documents; negotiating a protective order; developing a motion for jurisdictional discovery; preparing to oppose Defendants' motion to dismiss and persuading them that the ERISA claims would likely survive any such motion; developing and

analyzing damage estimates, both alone and in coordination with other counsel; keeping

*Henriquez* Plaintiffs apprised of the litigation through emails, phone calls and meetings;

attending the numerous mediation sessions; and interacting with the counsel for the U.S.

Department of Labor—all of which resulted in a $300 million settlement agreement allocating

$60 million of the $300 hundred million to ERISA Plans and Group Trusts[2] holding ERISA Plan

assets.

10.     McTigue Law also reviewed and revised principal settlement documents, filings,

and agreements, including certain agreements with proposed settlement service providers such as

settlement administrators and escrow agents. McTigue Law counsel also participated in

numerous telephone conferences with many other Plaintiffs Counsel.

<u>**McTigue Law's Efforts Specific to Proposed Class Representatives Who Are**</u>
<u>**_Henriquez_ Plaintiffs**</u>

11.     McTigue Law represents the four *Henriquez* Plaintiffs in this Action: Arnold

Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland. Plaintiff Arnold

Henriquez is a participant in the Waste Management Retirement Savings Plan, an ERISA-

covered plan. Plaintiff Michael T. Cohn is a participant in the Citigroup 401(k) Plan, an ERISA-

covered plan. Plaintiffs William R. Taylor and Richard A. Sutherland are participants in the

Retirement Plan of Johnson and Johnson, an ERISA-covered plan. Each *Henriquez* Plaintiff

represented the class of ERISA plans, and each stepped forward to represent their ERISA plan

and the Class, despite having no obligation to do so, after the fiduciaries of their respective plans

had not stepped forward to assert the plan's ERISA rights.

12.     Each *Henriquez* Plaintiff is a participant in their respective plan. None is an

official of their plan, such as a plan trustee. Each is a lay person who has undertaken

---

[2] This term is defined in the Settlement Agreement.

responsibility far beyond that required of an ordinary participant. Participants are not required by law, as trustee are, to represent their plan. However, under §502(a) of ERISA, ordinary plan participants may voluntarily, and in my view at some risk to themselves for possible adverse consequences, represent their plan.

13.     *Henriquez* Plaintiffs have stepped into the role of plan representative. They have been concerned that the law be enforced, and acted not merely for themselves, but for the Class as a whole. For doing that, I recommend them, and the fruit of their efforts, to the court for approval.

14.     Plaintiff Arnold Henriquez, a participant in the Waste Management Retirement Savings Plan, resides in Frederick, Maryland. Mr. Henriquez began work as a truck driver for Waste Management in 1994. Plaintiff Michael T. Cohn, a participant in the Citigroup 401(k) Plan, resides in Highland Park, Illinois. Plaintiff Cohn began contributing to what became the Citigroup 401(k) Plan in 1966 when he began working as a commodities trader for a Citigroup predecessor.  Plaintiff William R. Taylor, a participant in the Retirement Plan of Johnson and Johnson, resides in Aston, Pennsylvania. Mr. Taylor started work as a heavy laborer for Johnson and Johnson chemical subsidiary on September 21, 1998. Plaintiff Richard A. Sutherland, a participant in the 401(k) Plan of Johnson and Johnson, began working as pharmaceutical salesman for Johnson and Johnson in January of 1999.

15.     Collectively, the four *Henriquez* ERISA Plaintiffs Henriquez, Cohn, Taylor, and Sutherland at the request of McTigue Law searched their personal records for relevant documents. They provided more than 550, totaling more than 3,700 pages for McTigue Law's review.

16.     During the course of this litigation, I and other McTigue Law counsel communicated and/or met with the *Henriquez* plaintiffs more than fifty times. I have visited several of the *Henriquez* Plaintiffs at their homes and/or workplaces to discuss and brief them on the litigation. Each has been a personally engaged and responsible named plaintiff.

17.     The four Plaintiffs gave their time and attention to the Action, including reading draft and final papers filed in the litigation which McTigue Law sent to them, papers we discussed before and after filing. I was impressed with the resolution each showed in seeking to enforce ERISA and obtaining justice for ERISA participants and beneficiaries across the nation who comprise a large part of the class. The *Henriquez* Plaintiffs were the first ERISA plaintiffs and ERISA claimants in this Action. Their fortitude meant there were those who stepped forward to assert as yet unasserted ERISA claims for their plans and their plans' participants against the institutional defendants in this litigation.

18.     Given their important role in this litigation, I respectfully request that the Court, besides approving the Settlement and award of Attorneys' Fees and Litigation Expenses, approve a Service Award to each of the four *Henriquez* Plaintiffs of $10,000.

**Billing and Lodestar Details**

19.     The schedule attached hereto as Exhibit A is a summary representing the amount of time spent by each attorney and professional support staff-member of my Firm who was involved in the prosecution of the Action, and the lodestar calculation based on my Firm's current billing rates. For personnel who are no longer employed by my Firm, the lodestar calculation is based upon the billing rates for such McTigue Law staffers in their final year of employment by the Firm. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my Firm, which are available at the request of the Court.

Time expended in preparing this application for fees and payment of expenses has not been
included in this request.

20.     The hourly rates for the attorneys and professional support staff in my Firm
included in Exhibit A are the same as my Firm's regular rates otherwise charged for their
services, which have been accepted in other complex class actions my firm has been involved in.

21.     The total number of hours expended by McTigue Law on this Action during the
Time Period is 4,914.05.  The total lodestar for my Firm for those hours consists of
$2,210,831.00 in attorney time and $414,672.75 in professional support staff time.

22.     In my judgment, having litigated class actions for more than twenty years, the
number of hours expended and the services performed by the attorneys and staff at McTigue
Law in this action were reasonable and were expended for the benefit of the settlement class in
this Action.

23.     McTigue Law's lodestar figures are based on the Firm's billing rates, which do
not include charges for expense items. Expense items are separately represented in Exhibit B.
Such charges are neither represented nor duplicated in the Firm's billing rates.

24.     As set forth in Exhibit B, McTigue Law has incurred a total of $41,412.90 in
unreimbursed expenses in connection with the prosecution of the Class Action during the Time
Period. In my judgment, based on my experience, these expenses were reasonable and expended
for the benefit of the settlement class in this Action.

25.     These expenses are reflected on the books and records of the Firm. It is the Firm's
policy and practice to prepare such records from expense vouchers; checking account records;
credit card statements and receipts and records; and other original source materials. Based on my
management of McTigue Law's work in connection with this litigation and my review of these

records, I believe they constitute an accurate record of the expenses actually incurred by the Firm in connection with this litigation.

26.     With respect to the expertise and standing of my Firm in asserting ERISA claims, attached hereto as Exhibit C is a brief history of my Firm as well as biographies of the Firm's partners.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th day of September, 2016 in Washington, DC.


_____
                    J. Brian McTigue

# Exhibit A

*Henriquez v. State Street, et al.* , 11-12049
**McTigue Law LLP Hours from Inception to September 6, 2016**

| Name | Total | Rate | Lodestar |
|------|-------|------|----------|
| **Attorneys** | | | |
| J. Brian McTigue, Esq. | 1264.84 | $725.00 | $917,009.00 |
| James Moore, Esq. | 931.78 | $725.00 | $675,540.50 |
| Regina M. Markey, Esq. | 190.09 | $625.00 | $118,806.25 |
| Brooke Edwards, Esq. | 6.82 | $400.00 | $2,728.00 |
| Bryan T. Veis, Esq. | 430.16 | $550.00 | $236,588.00 |
| Emily Peterson, Esq. | 551.96 | $325.00 | $179,387.00 |
| Joshua Erlich, Esq. | 248.53 | $325.00 | $80,772.25 |
| | | | |
| **Attorney Total** | 3624.18 | | $2,210,831.00 |
| | | | |
| **Staff** | | | |
| David T. Bond, Case Manager | 459.65 | $325.00 | $149,386.25 |
| Miyuki Britton, MBA | 6.41 | $325.00 | $2,083.25 |
| Michele Chasse, Paralegal | 1.49 | $325.00 | $484.25 |
| Sarah McGuane, MBA | 784.84 | $325.00 | $255,073.00 |
| Rachel J. Kaplan, Law Clerk | 3.00 | $250.00 | $750.00 |
| Julia Cade, Paralegal | 34.48 | $200.00 | $6,896.00 |
| | | | |
| **Staff Total** | 1289.87 | | $414,672.75 |
| | | | |
| **Firm Total** | **4,914.05** | | **$2,625,503.75** |

Exhibit B

**Henriquez v. State Street Bank & Trust**
**McTigue Law Expenses from Inception to September 6, 2016**

| Type of Expense | SSBT FX |
|---|---|
| Costs | |
| Courier/Messenger/Postage | $252.94 |
| Teleconference | $609.87 |
| Telephone/Fax | $459.81 |
| Total Costs | $1,322.62 |
| Services | |
| Consultants on FX transactions | $7,452.50 |
| Copies (In-House Copies at $0.09/page) | $3,504.58 |
| Database: EDGAR, Thomson Westlaw, PACER | $10,374.51 |
| Docket Services | $23.40 |
| Document Retrieval | $760.16 |
| Filing | $118.50 |
| Imaging - OCR | $253.55 |
| Mediation | $736.81 |
| Total Services | $22,233.64 |
| Travel | |
| Airfare, baggage fee | $684.20 |
| Airfare, Train | $5,659.80 |
| Car Rental, Cab, Metro | $429.56 |
| Hotels | $4,346.55 |
| Meals, Breakfast | $39.58 |
| Meals, Dinner | $222.03 |
| Meals, Lunch | $39.92 |
| Mileage | $37.74 |
| Miscellaneous Travel Costs (charger, pens) | $17.26 |
| Parking | $140.00 |
| Total Travel | $11,616.64 |
| Third Party Counsel Advice re: Potential Class Representative | $6,240.00 |
| **TOTAL EXPENSES** | **$41,412.90** |

Exhibit C

**MCTIGUE LAW LLP**
4530 Wisconsin Ave, NW
Suite 300
Washington, DC 20016

**McTigue Law LLP** represents trustees and participants in traditional pension plans, 401(k) salary deferral plans, savings plans, and Employee Stock Ownership Plans (ESOPs). The firm confines itself to the litigation of complex class actions, the majority of which are brought under the federal Employee Retirement Income Security Act (ERISA). We represent and protect employees in pension plans when those plans have lost assets because the employer-fiduciaries, trustees and investment managers fail to meet their obligations under ERISA.

We are likely the first law firm, years before the Enron, WorldCom, and Global Crossing scandals, to recognize the need for lawyers focused on litigation to protect plan participants against the growing risks of imprudently-invested 401(k) plans. Participants in these plans directly bear the investment risks of plan investments.

The Finn's representative cases include the following in which the firm served as lead or co-lead class counsel and secured multimillion dollar awards for ERISA plans and participants:

- *In re Bank of New York Mellon Corp. Forex Transactions Litigation,* (S.D.N.Y.) No. 12-md-2335. This Multidistrict Litigation case involved allegations that Bank of New York Mellon systematically overcharged custodial bank clients for a type of foreign exchange transactions known as "standing instruction." McTigue Law brought ERISA class claims, and other firms brought non-ERISA claims. Acting as one of three lead settlement counsel and the only ERISA settlement counsel, McTigue Law achieved a $335 million settlement, approximately $70 million of which was allocated to a class of ERISA plans with more than 490,000 members.

- *Presley v. CHH, et al.,* (N.D. Cal.) No. 97-cv-04316 (SC). CHH, was the Los Angeles holding company for the Broadway, Emporium, Capwells, and Weinstocks department stores, with more than 24,000 employees in its 401(k) plan. More than half of the plan's assets were invested in CHH stock when the chain filed for bankruptcy. Nearly $39 million was recovered for the plan from defendants.

- *In re CMS Energy ERISA Litig.,* (E.D. Mich.) No. 02-cv-72834 (GCS). This litigation, on behalf of more than 10,000 pension plan participants, involves a former Detroit-based utility. A $28 million settlement was reached in this litigation.

- *In re McKesson HBOC, Inc. ERISA Litig.,* (N.D. Cal.) No. 00-20030 (RMW). Case on behalf of 8,000 participants filed against one of the country's largest healthcare information management companies involving plan investment in company stock. $23 million settlement.

- *Blyler v. Agee, et al.,* (D. Idaho) No. CV-97-0332 (BLW). This litigation involved pension plans with 8,000 employees sponsored by Morrison Knudsen Corporation which declared bankruptcy in 1996. $21 million settlement obtained.

- *Figas v. Wells Fargo & Co.* (Wells Fargo ERISA Litig.) (D. Minn.) No. 08-04546. This litigation involved allegations of breaches of ERISA fiduciary duties and prohibited

## MCTIGUE LAW LLP

transactions where defendants invested retirement plan savings in proprietary mutual funds with high fees and poor performance. $17.5 million was recovered for the plan.

- *Sherrill v. Federal Mogul Corp. Ret. Programs Committee, et al.,* (E.D. Mich.) No. 04072949. Plan sponsor bankruptcy with asbestos liability, plan with 12,000 participants. $12.75 million settlement.

- *Koch v. Dwyer, et al.,* (S.D.N.Y.) No. 98-cv-5519 (RPP). This litigation involved JWP, Inc., a S&P 500 company that declared bankruptcy. A $6.4 million settlement was reached in 2002 on behalf of JWP's pension plan.

Overall, the firm has prosecuted cases on behalf of hundreds of thousands of plan participants recovering more than $220 million. Many lawsuits involved alleged fiduciary breaches with respect to a pension plan sponsored by a S&P 500 or similar company.

The firm currently litigates several other cases throughout the United States on behalf of thousands of pension plan participants who have lost retirement assets due to a trustee 's or fiduciary's breach of fiduciary duty. These cases include the following ERISA actions:

- *Allen v. Bank of America Corp. , Barclays PLC, Citigroup, Inc., J.P. Morgan Chase & Co., et al.* (S.D.N.Y.), No. 15-cv-4285. Alleging breaches of ERISA fiduciary duty, *inter alia,* in manipulating foreign exchange benchmark prices that affected foreign exchange transactions with ERISA plan assets. McTigue Law was appointed Interim Lead Counsel on April 12, 2016.

- *Henriquez v. State Street Bank and Trust Comp any et al,* (D. Mass.), No. 1:11-cv-12049-MLW. Alleging breaches of fiduciary duty related to defendants' pricing and execution of foreign exchange transactions for ERISA plans.

- *Leber v. Citigroup ,* (S.D.N.Y.) No. 07-09329. Alleging breaches of fiduciary duty where defendants invested retirement plan savings in proprietary mutual funds with high fees and poor performance.

- *In re SunTrust Banks, Inc. 401 (k) Plan Affiliated Funds ERISA Litigation* (N.D. Ga.) No. 1:11-CV-784-ODE. Alleging breaches of fiduciary duty where defendants invested retirement plan savings in proprietary mutual funds with high fees and poor performance.

The Defendants in these cases include fiduciaries and administrators of 401(k) Plans, corporate boards which appointed and failed to monitor the fiduciaries and administrators. The lawsuits allege a variety of federal pension law violations, including that fiduciaries of these pension plans failed to perform fiduciary duties to the funds and their pension plan members as required by federal law, participated in others breaches of fiduciary duty, and engaged in prohibited transactions, involving conflicts-of-interest, under federal pension law.

## MCTIGUE LAW LLP

The events beginning in late 2001 and the first half of 2002, including the financial collapse and bankruptcy filings by ENRON, WorldCom, and Global Crossing confirmed the risks that participants in defined contribution pension plans are exposed to because of large portfolios of Company Stock. The nature of this risk to 401(k) plan participants was brought to the attention of the United States Department of Labor in 1997 by Mr. McTigue when he was invited to testify before the Department's pension fund Advisory Council.

### PRINCIPAL ATTORNEYS

#### *Brian McTigue*

Mr. McTigue founded McTigue Law LLP. Prior to private practice, Mr. McTigue was counsel to committees of the United States House of Representatives and Senate. His legislative work included investigations and legislation pertaining to federal pension law and fund investment.

As a Senate Legal Counsel for Special Projects, Mr. McTigue was responsible 1996 for initiating the first legislative proposal to reduce the percentage of sponsoring corporation stock permitted in the portfolios of 401(k) and similar defined contribution pension plans. The bill represented the first congressional recognition of problems with the typical pension plan of the baby boom generation. Although opposed by many employers and employer groups, several of the concepts embodied in the bill became law. Since, then, Mr. McTigue has assisted congressional offices with draft legislation which would give ERISA fiduciary breach claims greater protection when companies sponsoring plans file for bankruptcy .

Mr. McTigue's congressional investigation of Michael Milken, Drexel Burnham Lambert and the junk bond market was a basis for *FDIC v. Milken, et al.,* brought by the Federal Deposit Insurance Corporation, and which settled for $1.3 billion. McTigue's congressional investigations of the funding of pension plans with annuities issued by the Executive Life Insurance Company identified problems that later caused Executive Life to become insolvent, and led to numerous class action lawsuits, the U.S. Department of Labor alleging federal pension law violations, the Labor Department's adoption of standards for pension annuities and to the passage of the Pension Annuitants Protection Act.

Prior to his legislative work, Mr. McTigue was an investigative reporter and television news producer for ABC and NBC News. Before working in television he reported from Europe and Africa, where he covered revolution and civil war. His investigative reporting has been awarded Emmys and a George Polk Award.

Mr. McTigue is a graduate of Notre Dame and the Golden Gate University Law School, San Francisco, California. Mr. McTigue is a member of the District of Columbia Bar and the State Bar of California. He is also a member of the Bars of the United States District Courts for the District of Columbia, Northern District of California, and the Eastern District of Michigan.

Mr. McTigue is from Fort Dodge, Iowa.

---

## MCTIGUE LAW LLP

---

*James A . Moore*

 Mr. Moore is a senior litigation partner with nearly two decades of experience in class action cases in federal and state courts, including, in particular, ERISA retirement plan cases. He is quoted in news articles on cutting-edge ERISA litigation issues.

 Mr. Moore has played a major role in securing multimillion dollar awards for 401(k) and pension plan participants in numerous cases, including *In re Bank of New York Mellon Corp. Forex Transactions Litigation,* No. 12-md-2335 (S.D.N.Y.); *Figas* v. *Wells Fargo & Co.,* No. 08-04546 (D. Minn.); *Dickerson* v. *Feldman* (Solutia Corp. ERISA Litig.), No. 1:04-CIV-07935 (S.D.N.Y.); *In re RCN Corp. ERISA Litig.,* No. 04-5068 (D.N.J.); *Koch* v. *Dwyer* (EMCOR Corp. ERISA Litig.), No. 98-CIV-5519 (S.D.N.Y.); and *Byler* v. *Agee* (Morrison Knudsen Corp. ERISA Litig.), No. 97-00332 (D. Idaho).

 Mr. Moore is a 1994 graduate of the University of Michigan Law School, where he served as an Associate and Article editor for the *Michigan Journal of International Law.* He is admitted to practice in the District of Columbia, Pennsylvania, the United States District Court for the District of Columbia, and the U.S. Court of Appeals for the Second, Fourth, and Eleventh Circuits.  He serves on the Board of Directors of the Maryland Ornithological Society, and is chair of its investment committee.

 Prior to his law career, Mr. Moore earned a Ph.D. in philosophy from the University of Pittsburgh. The Pitt philosophy department has been ranked among the top five in the country. He was awarded the prestigious Mellon Pre-Doctoral Fellowship in his first year of study, and was awarded a Teaching Fellowship to teach logic and philosophy during the remainder of his studies. He earned his Bachelor of Arts from Indiana University-Bloomington, graduating Phi Beta Kappa and with honors.

 Prior to joining McTigue Law LLP, Mr. Moore was an attorney with Malakoff, Doyle, & Finberg, P.C., which, together with McTigue Law LLP, pioneered the pursuit of class action suits on behalf of employees who lost retirement savings due to their pension plan fiduciary's imprudent investment in their employer's stock.

 Mr. Moore's publications include "Taking Legal Action to Protect Policyholders' Ownership Rights in the Wake of the Continuing Trend Toward Insurance Company Demutualization," *ATLA Insurance Law Section Newsletter*, Fall 2000 (co-author with Ellen M. Doyle), and publications in scholarly journals including the *Harvard International Law Journal.*

## MCTIGUE LAW LLP

*Regina M Markey*

Since beginning her law practice in 2001, Ms. Markey has concentrated on employment, employee benefit, and labor law. Beginning in 2012, her litigation has focused on class action lawsuits against Bank of New York Mellon, State Street Bank and Trust, and other major financial institutions alleging manipulation foreign currency exchange prices charged to retirement and health plans. Ms. Markey has also pursued and settled employment claims, developed a successful ERISA claim against the National Football League benefit plan, argued as a federal appellate advocate, represented a prominent environmental whistleblower who repeatedly exposed failures of the federal government to protect America's communities, advised the U.S. Congress on public safety officer benefit legislation in support of the nation's emergency responders, and was instrumental in a class action charging the U.S. Environmental Protection Agency and its former administrator with Constitutional and statutory violations following 9/ 11 terrorist attacks on behalf of New York City residents, office workers, and students. Ms. Markey is admitted to practice in the District of Columbia and Pennsylvania, before the United States Court of Appeals for the District of Columbia, the U.S. District Court for the District of Columbia, the U.S. District Court in Maryland, and the U.S. Supreme Court. Ms. Markey is a member of the District of Columbia Bar Association and the American Bar Association. She graduated from the Columbus School of Law at Catholic University of America, Washington, D.C., J.D. (1992), and earned a B.A. in Economics from the University of Connecticut where she was an active member of its Intentional Democratic Community.

Prior to private practice, for more than a decade Ms. Markey's primary professional focus was developing and advancing policies to protect ERISA and public employee pension funds, during which time she advised plans, trustees, labor officials, and financial companies on related governance and programmatic investment issues. For seven years Ms. Markey co-authored the leading labor union publication covering pension participant and investment issues, *Labor and Investments.* She analyzed domestic and foreign retirement systems and actively promoted best practices for retirement funds through strategic advice, writing and presentations.

Ms. Markey has served as the AFL-CIO Staff Retirement Plan's representative to the Council of Institutional Investors; as an observer to the National Conference of Commissioners on Uniform State Law Drafting Committee on the Public Employee Retirement Fund Act; as a founder and coordinator of the Industrial Heartland Labor Investment Forum, a grassroots consortium providing cutting edge analyses of private and public sector pension investment practices; and as an advisor in corporate shareholder accountability actions, and on the implications of the U.S. Supreme Court's *Citizens United* campaign finance decision.

Ms. Markey has spoken on retirement funds and ethics before numerous groups, including the National Coalition of Public Safety Officers; the National Association of Public Pension Attorneys; the California Public Employee Retirement System Board of Trustees; the Communications Workers of America; the Connecticut Treasurer's Stakeholders Conference; the AFL-CIO; and the Super 2000 Pension Conference in Sydney, Australia. Ms. Markey was raised in Emerson, New Jersey and Ridgefield, Connecticut as one of eleven siblings.

*   *   *