# EX. 94

# Exhibit 22

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated | ) ) ) ) | No. 11-cv-12049 MLW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF JONATHAN G. AXELROD ON BEHALF OF BEINS, AXELROD, PC IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES**

I, Jonathan G. Axelrod, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1.      I am a shareholder in the law firm Beins, Axelrod, P.C., one of the ERISA counsel in this Action. I submit this declaration in support of Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses.  Unless otherwise stated herein, I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would testify competently thereto.

2.      Beins, Axelrod, P.C. has offices in Washington, D.C. and Alexandria, Virginia. A copy of the Firm's resume is attached hereto as Exhibit C.  The Firm focuses its practice on labor and employment law, including the representation of ERISA funds.

3.      I personally rendered legal services and was responsible for coordinating and supervising the activity carried out by attorneys at Beins, Axelrod, P.C. in *Henriquez v. State Street Bank and Trust Company*, No. 11-cv-12049 MLW ("Action").  In its capacity as an ERISA Plaintiffs' Counsel in the Action, Beins, Axelrod contributed to this Action and performed work on behalf of and for the benefit of the Class.

4.      I performed a range of services, including the location of Plaintiffs, the drafting and filing of the Complaint.  I further participated in numerous discussions concerning litigation strategy and the filing of opposition to Defendants' Motion to Dismiss.  I participated in numerous telephone conferences concerning settlement of the Action.

2

5.      During her employment with the Firm, Regina Markey zealously litigated the Action on behalf of our clients. Her contributions included reviewing Defendants' document production to identify legally significant evidence for the unique ERISA claims, providing ERISA counsel legal analyses of the unique ERISA issues e.g. related to federal foreign currency regulatory and statutory authority, ERISA fiduciary liability, ERISA statutes of limitations, analyses of the foreign currency market, procedures, and pricing, and such as range of the day transactions, benchmarking transactions, ,ERISA remedies, identifying facts needed to develop ERISA claims, and participating in mediation.

6.      Based on my work performed in this Action as well as my receipt and review of the billing records reflecting work performed by attorneys at Beins, Axelrod in this Action ("Timekeepers") as reported by the Timekeepers, I directed the preparation of the chart set forth as Exhibit A hereto.  This chart (I) identifies the names and positions (i.e., titles) of the Firm's Timekeepers who undertook litigation activities in connection with the Action and who expended 10 hours or more on the Action; (ii) provides the total number of hours each Timekeeper expended in connection with work on the Action, from the time when potential claims were being investigated through August 29, 2016; (iii) provides each Timekeeper's current hourly rate, as noted in the chart; and (iv) provides the total billable amount, in dollars, of the work by each Timekeeper and the entire Firm.  Timekeeper Regina Markey is no longer employed by the Firm; the hourly rate used is the billing rate during her final year of employment by the Firm in contingency cases.  The Firm's billing records, which are regularly prepared from contemporaneous daily time records, are available at the request of the Court.  The information concerning each Timekeeper's hours and hourly rate is not based on my personal knowledge, but on the information reported by each Timekeeper or the files

3

and records of Beins, Axelrod, as well as my familiarity with the work undertaken by Beins, Axelrod in this Action.

7.     Time expended in preparing any papers for this motion for fees and reimbursement of expenses has not been included in this request.

8.     The hourly rates charged by the Timekeepers are the Firm's regular rates for contingent cases and those generally charged to clients for their services in non-contingent/hourly matters.  Based on my knowledge and experience, these rates are also within the range of rates normally and customarily charged in Washington, D.C. by attorneys of similar qualifications and experience in cases similar to this litigation, and have been approved in connection with other class action settlements.  The Firm has charged, and received, an hourly rate of $525.00 in litigation involving fiduciary breach by a former trustee and service providers.  The Firm does charge a lower rate to longstanding Fund clients in non-contingency matters and to its Union clients.  To serve the public interest, the Firm has also charged reduced rates to individual employees with employment discrimination claims.

9.     The total number of hours expended by Beins, Axelrod on this Action, from investigation through August 29, 2016 is 387.8 hours.  The total lodestar for the Firm is $187,712.00 all for attorney time.

10.     In my judgment, the number of hours expended and the services performed by the attorneys at Beins, Axelrod were reasonable and expended for the benefit of the Settlement Class in this Action.

4

11.     Beins, Axelrod's lodestar figures are based on the Firm's billing rates, which do not include charges for expense items.  Expense items are billed separately and such charges are not duplicated in the Firm's billing rates.

12.     As set forth in Exhibit B, Beins, Axelrod has incurred a total of $1,306.83 in unreimbursed expenses in connection with this Action from December 2011 through August 2016. In my judgment, these expenses were reasonable and expended for the benefit of the Settlement Class in this Action.

13.     These expenses are reflected on the books and records of the Firm.  It is the Firm's policy and practice to prepare such records from expense vouchers, check records, credit card records, and other source materials.  Based on my oversight of the Firm's work in connection with this litigation and my review of these records, I believe them to constitute an accurate record of the expenses actually incurred by the Firm in connection with this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of September 2016 in Washington, D.C.

Jonathan G. Axelrod

**Exhibit A**

**Henriquez v. State Street Bank and Trust Company, No. 11-cv-12049 MLW**

**FIRM:**              **Beins Axelrod, PC**
**Reporting Period:**  **Hours from Inception to August 30, 2016**

### LODESTAR REPORT

| Attorneys | Status | Hours | Rate | Lodestar |
|-----------|--------|-------|------|----------|
| Jonathan G.  Axelrod | Shareholder | 160.9 | 525.00 | 84472.5 |
| Regina Markey | Of Counsel | 226.9 | 455.00 | 103239.5 |
| TOTAL | | | | 187712 |

7

**Exhibit B**

**Henriquez v. State Street Bank and Trust Company, No. 11-cv-12049 MLW**

FIRM NAME:              Beins Axelrod, PC
REPORTING PERIOD:      INCEPTION TO August 30, 2016

| Description | Cumulative Total |
|---|---:|
| External Reproduction | 0.00 |
| Internal Reproduction/Printing | 0.00 |
| Court Fees (Filing costs etc.) | 405.00 |
| Court Reporters/Transcripts | 0.00 |
| Computer Research | 858.79 |
| Electronic Database | 0.00 |
| Teleconferences/Fax | 0.00 |
| Postage/Express Delivery/Messenger | 4.44 |
| Experts/Consultants | 0.00 |
| Witness/Service Fees | 0.00 |
| Meals, Hotels and Transportation | 38.60 |
| Publications | 0.00 |
| MDL Litigation Fund Contributions/Assessments | 0.00 |
| **TOTAL EXPENSES** | 1306.83 |

**Exhibit C**

# BEINS, AXELROD, P.C.
## 1030 15th Street, N.W.   Suite 700 East
### WASHINGTON, D.C.  20036

The current version of Beins, Axelrod, P.C. was established in 1996, with the merger of the labor and employee benefits practices of two longstanding and highly regarded Washington, D.C. firms. Together, the Firm's lawyers bring more than 80 years of expertise in labor, employment and employee benefits law and litigation to the service of the Firm's clients.

The Firm's clients include unions and professional associations representing federal, state, and municipal public employees, private sector unions, benefit plans, nonprofit organizations, and individual employees in matters ranging from employment discrimination to stock options and severance to benefit plan amendment and terminations. The Firm's union clients include national and international unions as well as local unions and other subordinate bodies. The Firm litigates on behalf of its clients in federal and local trial and appellate courts, and in administrative agencies including the National Labor Relations Board, the District of Columbia Public Employee Relations Board, the Federal Labor Relations Authority, the U. S. Department of Labor and other forums.

The Firm has five types of ERISA clients. For general fund clients, the Firm provides day-to-day representation and advice on matters ranging from drafting Plan Documents and securing their approval by the Internal Revenue Service to advising trustees whose actions are questioned by plan participants or by the government. The Firm has prosecuted cases involving the collection of contributions, and the collection of withdrawal liability. The Firm has defended trustees charged with fiduciary breaches and has defended funds in benefit determination cases. Second, for other fund clients, the Firm serves solely as prosecutor in collection matters against delinquent employers. Third, the Firm has represented individual Funds in the prosecution of fiduciary breaches by former trustees and service providers. Fourth, the Firm has represented individual fund participants in the prosecution of benefit claims.

Fifth, the Firm has begun to represent funds and fund participants in class action litigation against fund service providers for fiduciary breaches. The Firm is counsel of record in the following cases on behalf of ERISA plans and their participants:

*Henriquez v. State Street Bank and Trust Company et al*, (D. Mass), Case No. 1:11-cv-12049-MLW: Alleging breaches of fiduciary duty related to defendants' pricing and execution of foreign exchange transactions for funds invested in by plan participants.

*Carver v. The Bank of New York Mellon*, Case No. 12 Civ. 9248 and *Fletcher v. The Bank of New York Mellon,* Case No. 14 Civ. 5496 (S.D. N.Y.): Alleging breaches of fiduciary duty related to defendants' pricing and execution of foreign exchange transactions for funds invested in by plan participants. This case recently settled for approximately $680 million.

11

*Potter v. Convergex Group LLC*, Case No. 13-cv-9150 (S.D. N.Y.): Alleging breaches of fiduciary duty in brokerage services or transition management services where defendants added unauthorized and undisclosed markups and markdowns under their double-charging scheme.

*Carver v. Bank of New York Mellon*, Case No. 15-cv-10180 (S.D. N.Y.):  Alleging breaches of fiduciary duty related to defendants' pricing and execution of American Depository Receipts (ADRs) invested in by plan participants.

Beins, Axelrod, P.C. also represents employees in class actions and individual cases alleging violations of federal and local civil rights, wage and hour, pension and other employment laws. Partner Jonathan Axelrod has served as lead counsel in the litigation and successful settlement of the following class action cases brought by employees against their employers:

*Carr v. The Whitestone Group*, Civil Action No. 1:09-cv-03412 (D. Md.) (breach of contract, fiduciary breach).

*Brown v. Vance*, Civil Action No. 1:00CV00135 (D. D.C.) (FLSA).

*Abdullah v. District of Columbia*, Civil Action No. 00CV01295 (D. D.C.) (FLSA).


## PRINCIPAL ATTORNEYS

### JONATHAN G. AXELROD

After almost three years in the Appellate Court Branch of the National Labor Relations Board litigating in the United States Court of Appeals, Mr. Axelrod became Assistant General Counsel of the Eastern Conference of Teamsters, where he represented Local Unions in litigation with employers. After six years with the Eastern Conference, in 1980 he and Hugh Beins founded what has become Beins, Axelrod, P.C. While in private practice, Mr. Axelrod has represented labor unions in numerous district and appellate court proceedings and has argued in the Supreme Court of the United States *(Plumbers v. Plumbers Local 334*, 452 U.S. 615 (1981)). He has represented Taft-Hartley funds since 1991. He has published numerous articles and presented papers on a variety of issues involving labor relations. He is the author of the Duty of Fair Representation Chapter in LABOR UNION LAW AND REGULATION, published by the American Bar Association's Section of Labor and Employment Law and BNA.

Mr. Axelrod is admitted to practice in the District of Columbia and New York State and before most of the Federal Courts of Appeals.  He is admitted to practice before the District Courts for the District of Columbia, Maryland, and the Eastern District of Wisconsin.

Mr. Axelrod is a graduate of Dartmouth College (AB, 1968), Columbia Law School (JD

1971), and George Washington University Law Center (LLM (Labor Law), 1975).

## H. DAVID KELLY, JR.

David Kelly has represented labor unions and Taft-Hartley funds for 38 years.  Since joining Beins, Axelrod in 2001, he has specialized in employee benefits, labor and employment law, including the enforcement of statutory claims of employees under federal and various state laws, including the Employee Retirement Income Security Act (ERISA), and Title VII and the ADA, the FLSA and State analogues, as well as the representation of multiemployer and non-profit single employer employee benefit plans.  Included among these is service as co-counsel in a number of class and/or collective actions to recover wages and/or benefits and for breach of fiduciary duty.  He has appeared as counsel of record in more than a score of federal courts, and before state court judges and administrative officers in numerous jurisdictions as well as arbitrators in other proceedings.  Mr. Kelly was chairman of the creditors committee in the Chapter 11 bankruptcy of American Carriers, in which a number of Taft-Hartley funds had withdrawal liability claims.

He is a member of numerous bar associations and has been a speaker at the American Bar Association's annual and regional conferences as well as at other national conferences where he presented papers on topics that arise in our practice areas.  He was elected to serve on the Steering Committee of the D. C. Bar's Labor and Employment Section for a three-year term, and was selected to be one of its co-chairs.

Mr. Kelly is a graduate of the University of Michigan (BA 1983), Northeastern University School of Law (JD 1986), and Wayne State University Law School (LLM (Labor Law), 1997).


## JUSTIN P. KEATING

Mr. Keating graduated from the State University of New York College at Fredonia (BA. 1997) and George Washington University School of Law (JD 2000).  He is admitted to practice in New York, the District of Columbia, and Virginia.

Mr. Keating practices almost exclusively in traditional labor law, collective bargaining, and employee benefits.  He is admitted to and has appeared in four different U.S. District Courts and has litigated pre-trial through jury trial in several others on a *pro hac vice* basis.  He has arbitrated over 100 collective bargaining grievance arbitrations.  He has litigated several FLSA multi-plaintiff cases.  While employed by the International Brotherhood of Teamsters, he was the first assistant counsel to the union in two rounds of negotiations for the largest private sector collective bargaining agreement in the country, covering over 200,000 employees.  His work on collective bargaining negotiations ranges from advice to the union on strategy, legal issues on bargaining, strike/lockout preparations, health and welfare benefits, and labor cost accounting. He has taught many legal/labor law seminars to union officials in groups ranging in size from 10 to 200.

Mr. Keating has litigated multi-employer plan withdrawal liability cases (including to bench trial) and multi-employer plan collection cases in federal courts in Virginia and Maryland.