# EX. 97

**David Copley**

| | |
|---|---|
| **From:** | Zeiss, Nicole <NZeiss@labaton.com> |
| **Sent:** | Wednesday, August 31, 2016 8:57 AM |
| **To:** | 'bmctigue@mctiguelaw.com'; 'Kravitz, Carl S.'; Lynn Sarko; David Copley |
| **Cc:** | Sucharow, Lawrence; Goldsmith, David |
| **Subject:** | State Street - model small fee dec for reporting time and expenses |
| **Attachments:** | SST - model small fee declaration (1633650_1).DOC |

**Importance:**          High

Dear Brian, Lynn/David, and Carl,

Per usual, in connection with the motion seeking fees and expenses, each firm will be submitting individual firm declarations reporting its hours, lodestar, and expenses. Attached is a model for your firms to use. Within the model are some comments giving guidance about the time period, compensable time, reduction of any first class airfare etc.

Also, back when we were working on the expense cap for the notice, your firms provided me with info about expenses, but also the expenses of additional counsel: Hutchings ($500 in expenses), Beins Axelrod ($1,400 in expenses), Richardson Patrick ($7,600 in expenses), Feinberg Campbell ($1,400). Optically, however, we think it would be beneficial for us to avoid submitting a dozen small fee decs with the motion, when Judge Wolf is most familiar with your 3 firms, us, Thornton and Lieff. We would ask you to consider whether these additional counsel could forgo submitting declarations. Their expenses are minimal, but we don't know about their lodestar. Obviously, the Dec 2013 fee agreement still governs, as would whatever agreements you have with these firms. Please think about it and let us know.

Given that the motions are due Sept 15, we would appreciate seeing draft decs Friday Sept 9 (to make sure we are all consistent), then executed ones Tuesday Sept 13. Early next week, please also send me your rough lodestar so we can get an idea of the multiplier and make sure we have the right discussion in the fee brief.

Best regards,

Nicole


**Labaton**
**Sucharow**

Nicole M. Zeiss | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0867 | F: (212) 883-7067
E: nzeiss@labaton.com | W: www.labaton.com



***Privilege and Confidentiality Notice***

This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the

1

use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

2

CONFIDENTIAL

KR00001193

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 12-cv-11698 MLW |

**DECLARATION OF [XXXXX] ON BEHALF OF
[XXXX] IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND PAYMENT OF EXPENSES**

CONFIDENTIAL

KR00001194

_____, Esq., declares as follows, pursuant to 28 U.S.C. § 1746:

1.      I am [a member of] [associated with] with the law firm of [INSERT FIRM
NAME] ("[ABREV. FIRM NAME]").  I submit this declaration in support of Lead Counsel's
motion for an award of attorneys' fees and payment of litigation expenses on behalf of all
Plaintiffs' counsel who contributed to the prosecution of the claims in the above-captioned class
actions (the "Class Actions") from inception through August 30, 2016 (the "Time Period").

2.      My firm is _____ [and counsel of record for plaintiff[s] [insert name].
[Supplement to explain role in the Class Actions and give overview of work performed.]

3.      The schedule attached hereto as Exhibit A is a summary indicating the amount of
time spent by each attorney and professional support staff-member of my firm who was involved
in the prosecution of the Class Actions, and the lodestar calculation based on my firm's current
billing rates.  For personnel who are no longer employed by my firm, the lodestar calculation is
based upon the billing rates for such personnel in his or her final year of employment by my
firm. The schedule was prepared from contemporaneous daily time records regularly prepared
and maintained by my firm, which are available at the request of the Court.  Time expended in
preparing this application for fees and payment of expenses has not been included in this request.

4.      The hourly rates for the attorneys and professional support staff in my firm
included in Exhibit A are the same as my firm's regular rates charged for their services, which
have been accepted in other complex class actions.

5.      The total number of hours expended on this litigation by my firm during the Time
Period is _____ hours.  The total lodestar for my firm for those hours is $_____.

- 2 -

CONFIDENTIAL

KR00001195

Commented [A1]: We realize that people investigated the claims before this case were filed in 2011 and 2012. A reasonable inception date should be set, which would likely not be before Oct. 2008 when the April 2008 qui tam complaint was unsealed.

Commented [A2]: In addition to, not billing for fee/expense related time, you should only report lodestar that was directed at your clients in the Class Action and the claims here, as opposed to other investigative work.

6.     My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expenses items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

7.     As detailed in Exhibit B, my firm has incurred a total of $_____ in expenses in connection with the prosecution of the Class Actions. The expenses are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate record of the expenses incurred.

8.     With respect to the standing of my firm, attached hereto as Exhibit C is a brief biography of my firm as well as biographies of the firm's partners and of counsels.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _____, 2016.

XXXXXXXXXXXXXXXXX

Commented [A3]: Expenses should be vetted so that they all relate to the time period, the claims in the Class Actions, and the claims in the Class Actions. All first class airfare should be reduced to economy; working meal reimbursement (including meals with clients) should be reasonable; alcoholic drinks should not be claimed

- 3 -

KR00001196

**EXHIBIT A**

*STATE STREET INDIRECT FX TRADING CLASS ACTION*
No. 11-cv-10230, No. 11-cv-12049, No. 12-cv-11698 MLW (D. Mass.)

**LODESTAR REPORT**

FIRM:   [NAME]
REPORTING PERIOD: INCEPTION THROUGH AUGUST 30, 2016

| PROFESSIONAL | STATUS* | HOURLY RATE | TOTAL HOURS TO DATE | TOTAL LODESTAR TO DATE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL** | | | | |

| | | | |
|---|---|---|---|
| Partner | (P) | Paralegal | (PL) |
| Of Counsel | (OC) | Investigator | (I) |
| Associate | (A) | Research Analyst (RA) | |
| Staff Attorney (SA) | | | |

KR00001197

**EXHIBIT B**

*STATE STREET INDIRECT FX TRADING CLASS ACTION*
No. 11-cv-10230, No. 11-cv-12049, No. 12-cv-11698 MLW (D. Mass.)

EXPENSE REPORT

Commented [A4]: Please delete any items that don't apply.

FIRM: [NAME]
REPORTING PERIOD: INCEPTION THROUGH AUGUST 30, 2016

| EXPENSE | TOTAL AMOUNT |
|---|---|
| Duplicating | |
| Postage | |
| Long-Distance Telephone / Fax / Conference Calls | |
| Messengers | |
| Filing / Service / Witness Fees | |
| Court Hearing & Deposition Transcripts | |
| Online Legal & Financial Research | |
| Overnight Delivery Services | |
| Experts/Consultants | |
| Litigation Support/Electronic Discovery | |
| Work-Related Transportation/Meals/Lodging | |
| Litigation Fund Contribution | |
| Miscellaneous | |
| **TOTAL** | **$0** |

CONFIDENTIAL