# EX. 99

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**THORNTON LAW FIRM, LLP'S JUNE 9, 2017 RESPONSES TO SPECIAL MASTER HONORABLE GERALD E. ROSEN'S (RET.) FIRST SET OF INTERROGATORIES**

Pursuant to the March 8, 2017 Memorandum and Order of the Honorable Judge Mark Wolf (the "Order"), and the Federal Rules of Civil Procedure, Thornton Law Firm, LLP ("TLF") hereby submits its responses to the First Set of Interrogatories of the Special Master, the Honorable Gerald E. Rosen (Retired) ("Special Master"), as revised by the Special Master's counsel and transmitted to counsel for TLF on May 24, 2017.  In those revised Interrogatories, the Special Master prioritized the Interrogatories according to a three-tiered response timeline, with responses due on June 1, 2017, June 9, 2017, and July 10, 2017.   TLF has previously responded to the Special Master's June 1, 2017 Interrogatories.  The Interrogatories responded to herein are the ones the Special Master has designated as due for response on June 9, 2017.

Each of TLF's responses and objections below incorporates the general objections submitted by TLF on May 26, 2017.  In making the responses below, TLF relies on information presently known.  TLF reserves its right to amend, modify, or supplement the responses herein as additional facts, documents, and/or information are discovered.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 12:**

Explain the Firm's relationship with the U.S. Attorney's Office, including the local Boston office, and identify and describe any conversations between Thornton and the U.S. Attorneys' Office relating to the SST Litigation.

**RESPONSE TO INTERROGATORY NO. 12:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  TLF notes the Special Master's May 24, 2017 clarification that this Interrogatory is

limited to conversations relating to the State Street Litigation.  Subject to and without waiving its objections, TLF responds as follows:

At the end of May 2015, Garrett Bradley of TLF contacted Justin O' Connell of the U.S. Attorney's Office ("USAO") in Boston to request a meeting regarding the ongoing State Street Litigation.  *See* TLF-SST-011171, TLF-SST-011173, TLF-SST-011175.  This meeting, attended by Justin O'Connell and Rosemary Connolly on behalf of the USAO, among others, took place on June 2, 2015.  *See* TLF-SST-011177.  The purpose of the meeting was for TLF and the other Plaintiffs' firms to share information with the U.S. Attorney's Office regarding the status of the ongoing litigation.  At the time, counsel for State Street was citing the government's involvement as a roadblock to settling the litigation. TLF, Lieff, and Labaton, each of which had representatives at the meeting, agreed that better communication would be beneficial to the case. In addition to convening the meeting, TLF participated in additional follow-up discussions with Ms. Connolly of the USAO after the meeting.

**INTERROGATORY NO. 18:**

Describe in detail all agreements between the Firm/Plaintiffs' Law Firms, on the one hand, and the ERISA firms, on the other, to allocate to the ERISA firms a fixed percentage of the total Fee Award rendered by the Court in the SST Litigation. As to any agreement that did not represent the final agreement for allocation of the Fee Award, explain the reason for modifying a previous agreement, including all persons involved in these discussions and their affiliation/firm.

**RESPONSE TO INTERROGATORY NO. 18:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

In December 2013, Michael Thornton, Lawrence Sucharow, and Robert Lieff reached agreement with ERISA counsel that 9% of the total Fee Award should be allocated to the ERISA group.  *See* TLF-SST-015649, TLF-SST-015758.  Near the time of the filing of the Fee Petition in September 2016, Mr. Sucharow proposed awarding ERISA counsel an additional 1% of the fee for their efforts.  Mr. Thornton and Mr. Lieff agreed with Mr. Sucharow's proposal.

**INTERROGATORY NO. 27:**

Explain how you determined the hourly rates charged for Lieff/Labaton Staff Attorneys for whom you shared costs, as reported in the Firm's Fee Petition.

**RESPONSE TO INTERROGATORY NO. 27:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF determined the hourly rate charged for Staff Attorneys allocated to Thornton Law Firm and housed at Labaton or Lieff ($425 per hour) based on consultation with Labaton and Lieff.  Lieff indicated to TLF that it had used a rate of $425 in the BNY Mellon Action (*In re Bank of New York Mellon Corp.,* 12-MD-02335, S.D.N.Y.).  *See* TLF-SST-011263.

**INTERROGATORY NO. 43:**

Explain how Michael Bradley, Esq. became involved in the SST Litigation/Document Review and summarize all communications between the Firm and Michael Bradley relating to his potential involvement in the matter. Please identify all individuals who either participated in these discussions or had knowledge of Michael Bradley's involvement prior to preparing the Fee Petition.

**RESPONSE TO INTERROGATORY NO. 43:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master. TLF also incorporates its response to Interrogatory No. 28, submitted June 1, 2017. Subject to and without waiving its objections, TLF responds as follows:

Attorney Michael Bradley became involved in the SST Litigation in 2013, when Garrett Bradley asked him if he was willing and able to review documents. Garrett Bradley asked Michael Bradley to participate on a contingency basis, meaning that he would not be compensated unless and until a settlement was finalized and a fee awarded to TLF. This had the effect of permitting TLF to reduce its upfront cost. Michael Bradley's background as a prosecutor and as the former head of the Massachusetts Underground Economy Task Force made him additionally qualified to potentially provide a unique perspective on the documents he reviewed. Michael Bradley had contact with the following persons at TLF regarding his work on the SST Litigation: Garrett Bradley, Michael Lesser, Evan Hoffman, and Anastasia Maranian.

**INTERROGATORY NO. 44:**

Explain how the Firm and Michael Bradley agreed that Michael Bradley would receive an hourly rate of $500/hour as compensation for work he performed in the SST Litigation/Document Review. Please identify all individuals who participated in these discussions and/or had knowledge of the $500/hour rate prior to preparing the Fee Petition.

**RESPONSE TO INTERROGATORY NO. 44:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master. Subject to and without waiving its objections, TLF responds as follows:

In 2013, when Michael Bradley began performing work on the SST Document Review, Garrett Bradley asked him how much he charged per hour for his services.  Michael Bradley responded that, while he did not always charge clients on an hourly basis, he had recently charged a client $450 per hour for his services. Garrett and Michael Bradley agreed that because Michael Bradley would be performing the work on a contingent basis – *i.e.,* he would be paid only if the case resulted in the award of a fee to TLF – a slightly higher rate of $500 per hour would likely be appropriate.

Later, when preparing TLF's support for the Fee Petition, Evan Hoffman, Michael Lesser, and Garrett Bradley discussed the hourly fee for Michael Bradley's services.  Garrett Bradley reached out to Michael Bradley again to confirm the $500 per hour rate.

**INTERROGATORY NO. 45:**

Identify and describe all work performed by Michael Bradley for or on behalf of the Firm, other than work performed as part of the SST Litigation, including the nature of that work, the total number of hours recorded, and the hourly rate/total compensation paid to Michael Bradley.

**RESPONSE TO INTERROGATORY NO. 45:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

Michael Bradley has performed probate work for clients of the Thornton Law Firm.  In August 2016, TLF paid him $1,689.80 for probate work performed on behalf of four TLF clients, equating to $422.45 per client.  *See* TLF-SST-010704.  Over the years, Mr. Bradley has also referred matters to TLF, for which he has received a one-third referral fee from TLF.  These

matters include a case referred in 2010, for which he was paid $12,000 in April 2010; and a case referred in 2012, for which he was paid a referral fee of $6,333.33 in September 2012.  *See id.*

**INTERROGATORY NO. 46:**

Identify and describe all communications relating to Michael Bradley's participation in the SST Litigation/Document Review from January 2009 through November 2016, including relating to compensation or the hourly billing rate that the Firm would charge for Michael Bradley's time spent on the matter.

**RESPONSE TO INTERROGATORY NO. 46:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF refers to its responses to Interrogatories No. 28 and 44.  TLF also refers to documents produced at the Bates range  TLF-SST-000534 to TLF-SST-000611, and to documents identified in the Excel chart provided herewith as responsive to Requests for Production No. 46, 47, 48, 50, 51, and 52.

**INTERROGATORY NO. 47:**

Explain how the Firm supervised and/or performed quality control of the work performed by Michael Bradley in the SST Document Review, including the name, title, and nature of any supervising individual.

**RESPONSE TO INTERROGATORY NO. 47:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

Like all Staff Attorneys participating in the SST Document Review, Michael Bradley reviewed documents in the Catalyst database hosted by Lieff.  As custodian of the database, Lieff had the ability to track the tagging of documents in the database, including documents tagged by Michael Bradley.  TLF did not have this capability to track and relied on Lieff, including asking Lieff at times to give TLF access to documents tagged as "hot" in the database. *See* TLF-SST-010865.  TLF was aware that Lieff and Labaton had employees monitoring database metrics to quality control the work of the Staff Attorneys working on the SST Document Review.  At Lieff, that employee was Kirti Dugar; at Labaton, that employee was Todd Kussin.  In terms of supervising Michael Bradley's time spent performing SST Document Review, Evan Hoffman of TLF was responsible for receiving Mr. Bradley's time, and also assisted Mr. Bradley with technical and substantive issues he encountered during the review. *See, e.g,* TLF-SST-012859, TLF-SST-012864.

**INTERROGATORY NO. 49:**

Explain how the Law Firm determines annual billing rates for all attorneys. Please identify and describe all factors considered and/or resources relied upon in making these determinations.

**RESPONSE TO INTERROGATORY NO. 49:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF performs the majority of its work on a contingency basis, and very rarely uses annual or hourly billing rates. On those matters that require specific billing rates, the attorneys of TLF set rates that accord with the experience and seniority of each attorney or professional staff

member performing work on the matter, and with rates for similar services that are common to the industry and/or have been accepted by courts in other actions.

**INTERROGATORY NO. 50:**

Please explain how the process described above does or does not vary in determining billing rates charged to hourly clients and why.

**RESPONSE TO INTERROGATORY NO. 50:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF incorporates its response to Interrogatory No. 49 above.

**INTERROGATORY NO. 51:**

Please explain how the Firm determines the hourly rates charged for Staff Attorneys employed or allocated to the Firm, Firm staff, independent contractors and/or other individuals who participate in legal matters but are not associates or partners at the Firm.

**RESPONSE TO INTERROGATORY NO. 51:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF incorporates its responses to Interrogatories No. 27, 49, and 50.  TLF performs the majority of its work on a contingency basis, and very rarely uses annual or hourly billing rates. When it does use such rates, whether for attorneys or non-attorney staff, those rates are based on the experience of the individual, in accordance with what is common to the industry and/or has been accepted by courts in other actions.

**INTERROGATORY NO. 55:**

Explain how the Firm adjusts its hourly rates to reflect the geographic region in which a matter is filed/pending. If the Firm does not adjust its rates, explain why not.

**RESPONSE TO INTERROGATORY NO. 55:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF incorporates its responses to Interrogatories No. 49, 50, and 51.  TLF performs the majority of its work on a contingency basis, and very rarely uses annual or hourly billing rates. When it does, it looks to rates for similar services that are common to the industry and/or have been accepted by courts in other actions (not limited to geographic region).

**INTERROGATORY NO. 58:**

Describe in detail how the Firm prepared its Fee Petition and identify all individuals who assisted in the preparation and the nature of their contribution(s).

**RESPONSE TO INTERROGATORY NO. 58:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

In preparation for the filing of the Fee Petition, TLF received a template declaration from lead counsel, Labaton, that it understood Labaton had used in previous fee petitions submitted to federal courts.  *See* TLF-SST-013552.  Michael Lesser of TLF was responsible for the review and drafting of the section of the TLF declaration that addressed TLF's specific contributions to

the case.  Mr. Lesser, Garrett Bradley, and Evan Hoffman reviewed the TLF declaration before submitting it to Labaton.  Mr. Bradley signed the declaration (Doc. 104-16).

**INTERROGATORY NO. 59:**

Describe in detail any review or steps taken to scrutinize or verify the time reported by the Law Firm, including time reported by Staff Attorneys allocated to the Firm, prior to submitting the Firm's Fee Petition/Lodestar calculation. If the answer is none, explain why.

**RESPONSE TO INTERROGATORY NO. 59:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

With respect to Staff Attorney time, TLF references and incorporates its response to Interrogatory No. 31, in which it describes the process by which it requested, received, and accumulated hours for Staff Attorneys, which Evan Hoffman included in the master spreadsheet containing all of TLF's hours on the SST Litigation.  (TLF has previously produced the most current version of this master spreadsheet at TLF-SST-000001, and has produced and/or will produce earlier iterations of it pursuant to the Special Master's Requests for Document Production.)

With respect to time spent by other TLF timekeepers, TLF accumulated and verified the hours spent through reference to calendars and contemporaneous handwritten and emailed time records. Additionally, on some occasions, TLF received and referenced records of attorneys from Labaton and Lieff to check against its own entries.

**INTERROGATORY NO. 60:**

Describe what, if any, steps the Law Firm took to review, verify, or compare the Fee Petitions and/or Lodestar calculations prepared by the Plaintiffs' Firms or ERISA firms with the Firm's Fee Petition prior to filing its Fee Petition with the Court. If no action was taken, explain why not.

**RESPONSE TO INTERROGATORY NO. 60:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF was responsible for the preparation of Garrett Bradley's Declaration in Support of the Fee Petition (Doc. 104-16, "Declaration of Garrett J. Bradley, Esq. on Behalf of Thornton Law Firm, LLP In Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Expenses").  As stated in the response to Interrogatory No. 58 above, TLF created this document by modifying a template provided by Labaton, which, as lead counsel, was compiling all of the supporting documents and filing the Fee Petition.  TLF did not receive and did not review a copy of the declarations prepared by other counsel detailing the hours supporting their lodestar calculations.  To the best of its recollection, TLF saw these documents for the first time after Labaton filed them with the court.

**INTERROGATORY NO. 61:**

Identify and describe all communication the Firm had with the Plaintiffs' Law Firms and/or ERISA counsel relating to the Firm's preparation of the Fee Petition, including but not limited to preparation of the Lodestar calculation, the inclusion of the Lieff and/or Labaton Staff

Attorneys for whom the Firm had paid costs, calculation of a Lodestar multiplier, and reasonableness of attorneys' fees.

### RESPONSE TO INTERROGATORY NO. 61:

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master. TLF specifically objects to this Interrogatory, in so far as it calls on TLF to detail each and every communication, as overbroad. Subject to and without waiving its objections, TLF responds as follows:

TLF had numerous conversations with Plaintiff's counsel regarding the preparation of the Fee Petition. These discussions concerned, generally, information to be included in the fee petition, capping of applicable expenses, and use of contemporaneous or historical time rates for attorneys. Documents evidencing these communications are produced in response to RFPs 20, 21, and 35, as identified in the index accompanying TLF's production.

### INTERROGATORY NO. 63:

Identify all billing entries, costs and/or expenses incurred by the Firm during the SST Litigation that the Firm did not include in its Fee Petition/Lodestar calculation, and the reasons therefor.

### RESPONSE TO INTERROGATORY NO. 63:

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master. Subject to and without waiving its objections, TLF responds as follows:

TLF did not include various categories of time in its submission to the court, including at least the following:

(1) Time spent by any individual who worked fewer than 10 hours on the matter;

(2) Time spent by administrative assistants who worked with TLF partners on case-related matters;

(3) Time spent discussing the SST Litigation at weekly partners' meetings over the more than eight years that transpired between when the litigation was conceived and when it was settled;

(4) Time for certain research tasks performed by TLF attorneys relating to the litigation, including memoranda concerning fee petition and lodestar practices prepared in 2015 by a TLF attorney (Jotham Kinder). *See* TLF-SST-010742.

**INTERROGATORY NO. 64:**

Explain the significance of the statement made in Paragraph 4 of the Declaration of Garrett J. Bradley, Esq. On Behalf of Thornton Law Firm, LLP In Support of Lead Counsel's Motion for An Award of Attorneys' Fees and Payment of Expenses (Docket #104-16), affirming that the hourly rates included in Exhibit A to the Declaration are the Firm's "regular rates charged for their services, which have been accepted in other complex class actions." Please describe any other instances in which the Firm has submitted a Fee Petition with the same or similar language.

**RESPONSE TO INTERROGATORY NO. 64:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

The language in Mr. Bradley's declaration was contained in the template declaration that TLF received from Labaton, which supplied the template to TLF in its capacity as lead counsel. As Garrett Bradley acknowledged at the hearing before the Court on March 7, 2017, the language in the declaration was not as clear as it should have been with respect to TLF. Specifically, the language concerning "regular rates . . . accepted in other complex class actions"

is inaccurate as to all of the Staff Attorneys listed in the declaration, including Michael Bradley, because TLF did not have "regular rates" for these individuals and had not submitted rates for these individuals "in other complex class actions."   Rather, TLF was aware of the rates used in another FX case in which it was involved – the BNY Mellon Action – and understood the template language "accepted in other complex class actions" to refer to that Action.

As pertains to the rates listed for other individuals in the declaration – *i.e.,* TLF's attorneys and paralegal –  the rates in the declaration are, with two exceptions, the same rates that TLF charged for its services in the BNY Mellon Action, and which were accepted by the court in that case.  The two exceptions are the rate of Michael Lesser ($650 in the BNY Mellon Action; $700 in SST) and Evan Hoffman ($485 in the BNY Mellon Action; $535 in SST).  In the case of Mr. Lesser, the $50 increase reflected his particular expertise, largely obtained through his work in the BNY Mellon Action, with FX trading cases.  In the case of Mr. Hoffman, he was promoted from associate to partner in between the Fee Petition filed in the BNY Mellon Action and the SST Fee Petition.

**INTERROGATORY NO. 65:**

Explain the significance of the above-quoted statement as it applies to Michael Bradley's rate of $500/hour.

**RESPONSE TO INTERROGATORY NO. 65:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

As Garrett Bradley acknowledged at the hearing before the Court on March 7, 2017, this statement is not accurate as it relates to Michael Bradley because TLF has not submitted time for

15

him in other complex class action cases.  TLF refers to its response to Interrogatory No. 64 above.

**INTERROGATORY NO. 66:**

Do you contend that the rates listed in the Firm's Fee Petition represent the prevailing rates in the community for similar services performed by lawyers of reasonably comparable skill, experience and reputation for each of the respective tasks performed? Why or why not?

**RESPONSE TO INTERROGATORY NO. 66:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

Yes, TLF believes that the rates stated its declaration in support of the Fee Petition are comparable to prevailing rates for similar services.  TLF notes that these rates were approved in other litigation, including, most saliently, the BNY Mellon Action.  Additionally, TLF believes that the rates it charged are justified by factors specific to the SST litigation, including the complexity of the work completed, the years the costs were carried, and the skill of those involved.

**INTERROGATORY NO. 69:**

Describe when and how the Law Firm first identified duplicative billing entries reflected in the Fee Petitions submitted by Lieff and/or Labaton and describe what actions, if any, the Firm took to review, confirm and/or correct those errors.

**RESPONSE TO INTERROGATORY NO. 69:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF first identified duplicative billing entries after its counsel received a media inquiry, which counsel reported to TLF, specifically to Garrett Bradley.  After learning the information, Mr. Bradley went to Evan Hoffman's office and asked him to print the fee applications of Lieff and Labaton.  They also informed Michael Lesser.  Upon review of those documents, Mr. Bradley, Mr. Hoffman, and Mr. Lesser noticed discrepancies among the filings.  Mr. Bradley immediately contacted David Goldsmith and Nicole Zeiss of Labaton.  In addition, Mr. Hoffman and Mr. Lesser contacted Dan Chiplock of Lieff.  Upon discovery of errors, Labaton undertook the writing of a letter to the court.  TLF attorneys reviewed and provided suggested revisions to the letter.  *See, e.g.,* TLF-SST-015640, TLF-SST-015644.

### INTERROGATORY NO. 70:

Describe in detail the Law Firm's involvement in drafting the November 10, 2016 Letter, including the full names of all individuals who contributed to the Letter or underlying review in any way, internal review performed by the Firm, and all individuals outside the firm who reviewed and/or contributed to the Letter and the nature of their contribution(s).

### RESPONSE TO INTERROGATORY NO. 70:

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF participated in the drafting of the November 10, 2016 both at the conception/strategy stage (*i.e.,* determining how to address the issues with the Court) and the execution stage (*i.e.,* the drafting and revising of the letter).  TLF has produced documents containing discussion of the November 2016 letter and drafts reflecting TLF's edits to the letter, including at TLF-SST-

015640 and TLF-SST-015644, and at the Bates ranges identified in the Excel chart provided

herewith as responsive to Request for Production No. 43.

The individuals at TLF who contributed to the review of the November 10, 2016 letter

are Michael Lesser, Evan Hoffman, and Garrett Bradley.  Michael Thornton was also made

aware of TLF's thoughts and edits concerning the letter.


**INTERROGATORY NO. 71:**

To the extent the Firm was involved in the drafting of the November 10, 2016 Letter,

identify and describe all documents reviewed or relied upon by Firm as part of its involvement.

**RESPONSE TO INTERROGATORY NO. 71:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special

Master.  Subject to and without waiving its objections, TLF responds as follows:

In reviewing and suggesting revisions to the November 10, 2016 letter, TLF relied on

various documents pertaining to Staff Attorneys, including but not limited to time records and

correspondence with co-counsel regarding the assignment of Staff Attorneys to TLF.  TLF relied

on documents received from Special Counsel and Hire Counsel, and documents received from

Labaton and Lieff.


**INTERROGATORY NO. 74:**

Identify, in detail, any additional errors in any communications with the Court or with the

Special Master, since filing of the Fee Petition(s) and explain each step or action taken to correct

each error, including all documents or information consulted or relied upon in making the

correction(s).

**RESPONSE TO INTERROGATORY NO. 74:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

TLF refers to its response to Interrogatory No. 75 below. TLF is not aware of any additional errors in its communications with the Court or with the Special Master.

**INTERROGATORY NO. 75:**

Identify and explain any mistakes you have identified in the any of the Fee Petitions, the Motion for Attorneys' Fees, and/or Fee Award, not described above.

**RESPONSE TO INTERROGATORY NO. 75:**

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  Subject to and without waiving its objections, TLF responds as follows:

In reviewing documents in conjunction with this inquiry, TLF has identified an additional error in its declaration filed September 15, 2016.  Specifically, the hours listed for Staff Attorney Jonathan Zaul contain eight extra hours.  This is the result of an inadvertent double entry on TLF's master spreadsheet used to create the chart in the declaration (TLF-SST-000001), which contains two entries for Mr. Zaul dated February 18, 2015, each for eight hours.

Additionally, in the course of reviewing Michael Bradley's time records, TLF has become aware that its declaration and the underlying master spreadsheet (TLF-SST-000001) included fewer hours for Michael Bradley than recorded in his contemporaneous time entries that he submitted to TLF.  This equates to approximately 43 to 48 hours, based on a comparison of his records to TLF's declaration and master spreadsheet (compare TLF-SST-000534 to TLF-SST-000611 with TLF-SST-000001).

## INTERROGATORY NO. 76:

Identify any other individuals, not listed above, who have knowledge of the Interrogatories and/or the SST Litigation and explain the general nature of such knowledge.

## RESPONSE TO INTERROGATORY NO. 76:

TLF incorporates the general objections in its May 26, 2017 submission to the Special Master.  TLF specifically objects to the phrase "have knowledge of" as vague.  Without waiving its objections, TLF responds as follows:

Between these Interrogatory Responses and the Responses submitted on June 1, 2017, TLF believes it has identified the individuals at TLF who have knowledge of the Interrogatories and/or the SST Litigation.  For completeness, TLF states that the following individuals at TLF had substantive involvement in the SST Litigation:  Michael Thornton, Garrett Bradley, Michael Lesser, Evan Hoffman, Jotham Kinder, Andrea Caruth (former paralegal for TLF), Katherine Brendel (former paralegal for TLF), and Anastasia Maranian (TLF's office administrator).  Keith Lucca and Hadley Sweeney in TLF's Accounting Department may have had marginal roles relating to accounting that concerned the SST Litigation.  In addition, other partners at TLF were aware of the SST Litigation, but did not play any substantive role in it.


Dated:  June 9, 2017

Respectfully submitted,


 _/s/ Brian T. Kelly_____
Brian T. Kelly (BBO #549566)
Emily C. Harlan (D.C. Bar No. 989267)
Eric J. Walz (BBO #687720)
NIXON PEABODY LLP
100 Summer Street

Boston, MA  02110
Telephone: (617) 345-1000
Facsimile:  (617) 345-1300
Email:  bkelly@nixonpeabody.com

*Attorneys for the THORNTON LAW FIRM, LLP*