# EX. 109

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM,<br>on behalf of itself and all others similarly situated,<br>   Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN,<br>WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND,<br>and those similarly situated,<br>   Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>STATE STREET GLOBAL MARKETS, LLC and<br>DOES 1 – 20,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOPYEE<br>SAVINGS AND PROFIT SHARING PLAN, on behalf<br>of itself, and JAMES PEHOUSHEK-STANGELAND,<br>and all others similarly situated,<br>   Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 11-cv-11698 MLW |

## ANSWERS OF MICHAEL BRADLEY, ESQ. TO
## SPECIAL MASTER HONORABLE GERALD E. ROSEN'S (RET.)
## FIRST SET OF INTERROGATORIES

Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure and the Court's March 8,

2017 Order, Michael Bradley (hereinafter "Mr. Bradley"), by and through his counsel, hereby

answers the Special Master's first set of interrogatories.

## General Objection

Mr. Bradley respectfully objects to the Special Master's authority to issue these interrogatories to Mr. Bradley. In its March 8, 2017 Order appointing the Special Master, the Court defined "Parties" on page 2, n. 2 as "the nine law firms that served as class counsel and named plaintiffs [] collectively," a definition which does not include Mr. Bradley. The Court granted the Special Master the authority to "require the production of documents and other records from the parties and third-parties" but gave no similar authority for issuing interrogatories to third parties.

## Interrogatory No. 1.

Describe the nature of your law practice, including any areas of specialty, number of attorneys and/or employees, and representative matters.

## Response No. 1

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Mr. Bradley's legal practice focuses on criminal defense, personal injury, labor & employment law, real estate, and trust & estates. He practices as a solo practitioner, with offices in Quincy and Norwell, Massachusetts. His matters range from small criminal cases (such as minor motor vehicle offenses) to major felony representation. In his civil practice, Mr. Bradley has administered large estates, litigated labor and employment cases, and negotiated real estate transactions. Mr. Bradley incorporates by reference the contents of his resume, produced on June 1, 2017 at bates range SSSM_MB_000001-02.

**Interrogatory No. 2.**

Explain how and when you became involved in the SST Litigation and/or SST Document Review. Please describe whom you spoke with, the substance of those conversations, job duties and/or tasks assigned to you, and any other terms agreed upon relating to your work in that matter

**Response No. 2**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Mr. Bradley became involved in the SST litigation in approximately late February 2013, after speaking to Garrett Bradley ("Mr. G. Bradley") on the telephone. Mr. G. Bradley informed Mr. Bradley that his law firm, Thornton Law Firm ("Thornton"), had a case against State Street that he thought Mr. Bradley might be interested in working on, based on his background and experience (including his years of practice as a criminal lawyer and his role as former head of the Massachusetts Underground Economy Task Force). Mr. G. Bradley explained the general nature of the case and asked if Mr. Bradley would be interested and able to conduct document review on a contingency basis, and Mr. Bradley agreed. Mr. Bradley understood that he would not be compensated unless and until the SST litigation settled and fees were collected.

Mr. G. Bradley instructed Mr. Bradley to contact Thornton attorney Michael Lesser to further discuss the matter and the exact nature of the work. That same day, Mr. Bradley spoke to Mr. Lesser, who explained the background of the case, as well as the type and nature of the document review Mr. Bradley would be conducting. Mr. Bradley asked Mr. Lesser if he needed to have a background in securities litigation and was told by Mr. Lesser that it was not necessary. Mr. Lesser told Mr. Bradley that the litigation required a great deal of document review, and that

Thornton wanted to ensure the documents were reviewed by competent attorneys.  Although Mr.

Bradley does not remember the precise details of the instructions he was given, he recalls that

Mr. Lesser explained that Thornton was specifically looking for any evidence or suggestion of

fraud or deception, including any emails evidencing an instruction to not inform State Street

clients of any particular course of action or method of FX trades.   After discussing the purpose

and goals of the document review, Mr. Lesser directed Mr. Bradley to follow up with Thornton

attorney Evan Hoffman.  Mr. Hoffman sent Mr. Bradley a copy of the Amended Complaint in

the State Street litigation, which Mr. Bradley reviewed.  After reviewing the Amended

Complaint, Mr. Bradley spoke to Mr. Hoffman about the substance of the litigation, the types of

documents Mr. Bradley should look for, and the logistics of the document review, including how

to utilize the document review platform (Catalyst).

**Interrogatory No. 3.**

Identify and describe any past experiences you have had working in the areas of securities,
management/mismanagement of retirement funds, and/or the foreign-exchange market prior to
working on the SST Litigation/SST Document Review.

**Response No. 3**

     Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

     Prior to working on the State Street litigation, Mr. Bradley had no specific experience in

the areas of securities, management/mismanagement of retirement funds, and/or the foreign-

exchange market.

4

**Interrogatory No. 4.**

Identify and describe any training you received relating to the substantive allegations in the SST Litigation/SST Document Review, including your understanding of any and all legal theories, key witnesses, defenses, liabilities, and/or critical topics raised in the case.

**Response No. 4**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley refers to his response to Interrogatory No. 2.

**Interrogatory No. 5.**

Identify and describe any electronic and/or technical training you received, and from whom, relating to your use of the Catalyst database, including any procedures/protocols for coding documents, search terms, accessing documents, or log-in credentials received.

**Response No. 5**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley refers to his response to Interrogatory No. 2.   Mr. Bradley further responds

that Mr. Hoffman trained him on how to use the Catalyst database including, but not limited to:

how to log in, how to navigate the Catalyst system generally, how to select batches of documents

to review, how to select and view the subset of documents within each batch to review, how to

view the content of documents, and how to physically code documents.  Mr. Bradley recalls Mr.

Hoffman instructed him to code each document as having been "reviewed" and then assess

whether or not the document was relevant to the State Street litigation and if so, code the

document as relevant and indicate why it was relevant.  Mr. Bradley was also asked to write

comments in the comment field of the Catalyst platform for any particular document that Mr.

Bradley felt needed additional attention or a second review by another attorney.

**Interrogatory No. 6.**

Describe in detail all work you performed on the SST Litigation/SST Document Review.
Please include the frequency with which you worked on the Litigation, the average time spent
each week and/or month, the nature of your involvement, and identify/describe any
memoranda or work product you produced as part of your work.

**Response No. 6**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley refers to his response to Interrogatory Nos. 2 and 5, and his documents

produced on June 1, 2017 at Bates range SSSM_MB_000003-75.  Mr. Bradley further responds

that he did not produce any memorandum or other work product aside from his review, coding,

and notes on documents in the Catalyst system.

**Interrogatory No. 7.**

Explain how you recorded your time spent on the SST Litigation, including the intervals you
used for recording time, any guidance you received from Thornton and/or the Plaintiffs' Law
Firms for time recording, and how and the frequency with which time was transmitted to
Thornton.

**Response No. 7**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley refers to his documents produced on June 1, 2017 at Bates range

SSSM_MB_000003-75.  Mr. Bradley further responds that he recorded his time via handwritten

contemporaneous time sheets, in which he entered the actual start and finish time for the

document review he conducted.  Mr. Bradley then transcribed these handwritten entries into

regular emails sent to Mr. Hoffman at Thornton.   Mr. Bradley did not receive any specific

guidance on how to record his time.

**Interrogatory No. 8.**

Identify all persons at Thornton with whom you communicated regarding your work on the
SST Litigation/SST Document Review, including the basic substance of your communications
with each.

**Response No. 8.**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley refers to his response to Interrogatory Nos. 2, 5, and 7.  Mr. Bradley further

responds that he discussed his billable rate with Mr. G. Bradley.  Mr. Bradley also spoke to Mr.

Hoffman to discuss questions or issues that arose with the document review as it was ongoing.

**Interrogatory No. 9.**

Identify all persons at the Plaintiffs' Law Firms with whom you communicated regarding your
work on the SST Litigation, including the basic substance of your communications with each.

**Response No. 9**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley had no communication with persons at the Plaintiff's Law Firms regarding

his work on the State Street litigation.

**Interrogatory No. 10.**

Explain how you and Thornton agreed to an hourly rate of $500/hour as compensation for
your work performed in the SST Litigation/SST Document Review. Please identify all
individuals who participated in these discussions and/or had knowledge of the $500/hour rate
prior to you beginning work on the SST Litigation.

**Response No. 10**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above.  Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley spoke to Mr. G. Bradley in or around late February 2013 about Mr.

Bradley's fee.  Mr. G. Bradley explained that Mr. Bradley's fees were all contingent, meaning

that he would only be paid if Thornton either settled or obtained a favorable judgment on the

matter.  Mr. G. Bradley asked Mr. Bradley for his billable rate.  Mr. Bradley explained that he

typically had flat fee arrangements with his clients, and not an hourly billable rate, but that he

recently had billed and collected $450 per hour from a client for trusts/estates work.  Mr. Bradley

requested to be paid a rate of $500 an hour, a rate he felt was fair and reasonable given the rates

he had recently charged coupled with the amount of time and risk involved.  Mr. G. Bradley

agreed with Mr. Bradley's reasoning and his requested fee.

**Interrogatory No. 11.**

Do you contend that $500/hour represents the prevailing rate in the community for similar services performed by lawyers of reasonably comparable skill, experience and reputation for each of the respective tasks performed? Why or why not?

**Response No. 11**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Mr. Bradley lacks information sufficient to answer this interrogatory. Mr. Bradley contends only that he has billed and collected at least $450 an hour in his solo law practice for a non-contingency client.

**Interrogatory No. 12.**

Please describe any other work you have performed for or on behalf of Thornton, before, after or during the SST Litigation, including the nature of that work and the compensation you received (hourly and total).

**Response No. 12**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Mr. Bradley has received referral fees from Thornton for matters he referred to that firm, including $12,000 in 2010 and $6,333.33 in 2012. Mr. Bradley also performed basic probate work for four Thornton clients in 2016 for approximately $1,689.80.

**Interrogatory No. 13.**

Please list the hourly rates charged to clients for all legal matters you have worked on, from 2010 to the present, including a brief description of each matter and how it was resolved, the total amount billed in each case, and the total amount realized and/or collected.

**Response No. 13**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Mr. Bradley refers to his documents produced on June 15 (bates ranges SSSM_MB_000076-380) for exemplar billing records.

**Interrogatory No. 14.**

Please describe your role, if any, in the drafting, preparing, filing and prosecution of Thornton's Fee Application including whether you reviewed any drafts of Thornton's Fee Petition or Lodestar calculations prior to submission to the Court.

**Response No. 14**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Mr. Bradley had no role in the drafting, preparing, filing or prosecution of Thornton's Fee Application and did not review any drafts of Thornton's Fee Petition or Lodestar calculations prior to submission to the Court.

**Interrogatory No. 15.**

Describe when and how you learned about the Boston Globe's inquiry into the Fee Petitions and duplicative billing entries submitted in the Court in the SST Litigation, in or about

November 2010, including with whom you spoke and any documents reviewed in connection with that inquiry.

**Response No. 15**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Before the article was published, Mr. G. Bradley told Mr. Bradley that the Boston Globe was likely to be publishing an article related to the State Street litigation billing. Also before the article was published, reporter Andrea Estes reached out to Mr. Bradley for comment, but he declined to comment or answer any questions. Mr. Bradley did not review any documents in connection with the Boston Globe's inquiry.

**Interrogatory No. 16.**

Describe any involvement you had in drafting, reviewing, and/or contributing to the November 10, 2016 Letter to the Court detailing billing errors, including but not limited to reviewing billing entries/time records, reviewing Fee Petitions, communications between you and Thornton and/or the Plaintiffs' Law Firms, and/or communications with the ERISA firms.

**Response No. 16**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017 submission to the Special Master, as well as the general objection stated above. Notwithstanding these objections, and without waiving them, in an effort to cooperate with the Special Master, Mr. Bradley responds as follows:

Mr. Bradley had no role in drafting, reviewing, and/or contributing to the November 10, 2016 Letter to the Court.

**Interrogatory No. 17.**

Identify any conversations you had with Thornton and/or Mr. G Bradley regarding the
December 17, 2016 Article raising concerns about the hourly rates awarded in the Fee
Petitions, including the approximate dates and basic substance, and describe any actions you
and/or Thornton took on your behalf to respond to the Article.

**Response No. 17**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above. Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

To the best of his recollection, Mr. Bradley spoke with Mr. G. Bradley about the

December 17, 2016 article on or about December 17, 2016 and on at least two other occasions

after December 17.   During these conversations, Mr. Bradley and Mr. G. Bradley discussed the

fact and content of the article generally.   Mr. Bradley took no actions in response to the article.

**Interrogatory No. 18.**

Identify any errors in the Fee Petitions and/or Lodestar calculations, Motion for Attorneys'
Fees, or Fee Award that are not addressed above.

**Response No. 18**

Mr. Bradley incorporates the general and specific objections in his June 1, 2017

submission to the Special Master, as well as the general objection stated above. Notwithstanding

these objections, and without waiving them, in an effort to cooperate with the Special Master,

Mr. Bradley responds as follows:

Mr. Bradley hast no personal, first-hand knowledge of any errors as described in this

interrogatory and lacks information sufficient to answer it.   Mr. Bradley is aware that Thornton

has informed the Court that it underreported Mr. Bradley's hours in Thornton's declaration and

spreadsheet to the Court, but Mr. Bradley was not involved in that calculation or determination, and has not independently investigated or come to any conclusion on that issue.


DATED:      June 15, 2017

All of the foregoing answers, signed this 15th day of June 2017, are true and correct to the best of my knowledge and belief under the penalties of perjury.

Michael G. Bradley

As to objections:

Anthony E. Fuller (BBO #633246)
Lauren A. Graber (BBO
COLLORA LLP
100 High Street
Boston, MA 02110
(617) 371-1000
(617) 371-1037 (fax)
afuller@collorallp.com
lgraber@collorallp.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was served upon William Sinnott, counsel for the Special Master, by electronic mail and first class mail on June 15, 2017.

Anthony E. Fuller (BBO #633246)

14