# EX. 112

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

*MLW* [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, as of July 26, 2016, (i) plaintiffs Arkansas Teacher Retirement System, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies Employees Savings and Profit Sharing Plan and James Pehoushek-Stangeland (collectively, "Plaintiffs"), on behalf of themselves and each Settlement Class Member by and through their counsel, and (ii) State Street Bank and Trust Company (the "Settling Defendant" or "SSBT"), by and through its counsel, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-titled actions (the "Class Actions"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Class Actions on the merits and with prejudice (the "Class Settlement"); and

WHEREAS, the Court has reviewed and considered the Settlement Agreement and the accompanying exhibits;* and

WHEREAS, the Parties to the Settlement Agreement have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 11th day of August, 2016 that:

1. The Court has reviewed the Settlement Agreement and preliminarily finds the Class Settlement set forth therein to be fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: All custody and trust customers of State Street Bank and Trust Company (including customers for

\* and discussed 2 this matter with the parties at an August 8, 2016 hearing. MLW

which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive. Excluded from the Settlement Class are: Defendants; California Public Employees' Retirement System (CalPERS), California State Teachers' Retirement System (CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or entity in their capacities as such. Also excluded from the Settlement Class are any Settlement Class Members who properly exclude themselves by submitting a valid and timely request for exclusion in accordance with the requirements set forth below and in the Notice.

3. The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Class Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Plaintiffs are typical of the Settlement Class's claims;

(d) Plaintiffs and Counsel for the Settlement Class have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Class Actions are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Class Settlement only, Plaintiffs are certified as Class Representatives for the Settlement Class. The law firm of Labaton Sucharow LLP is appointed Lead Counsel for the Settlement Class, the law firm of Thornton Law Firm LLP is appointed Liaison Counsel for the Settlement Class, and the law firm of Lieff Cabraser Heimann & Bernstein LLP is appointed additional Counsel for the Settlement Class.

5. A hearing (the "Final Approval Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 2, 2016, at 2:00 p.m. for the following purposes:

(a) to determine whether the proposed Class Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Settlement Agreement should be entered, and to determine

4

whether the release by the Settlement Class of the Released Class Claims, as set forth in the Settlement Agreement, should be provided to the Released Defendant Parties;

 (c) to determine, for purposes of the Class Settlement only, whether the Settlement Class should be finally certified; whether Plaintiffs should be finally certified as Class Representative for the Settlement Class; whether the law firm of Labaton Sucharow LLP should be finally appointed as Lead Counsel for the Settlement Class; whether the law firm of Thornton Law Firm LLP should be finally appointed as Liaison Counsel for the Settlement Class; and whether the law firm of Lieff Cabraser Heimann & Bernstein LLP should be finally appointed as additional Counsel for the Settlement Class.

 (d) to determine whether the proposed Plan of Allocation for the proceeds of the Class Settlement is fair and reasonable and should be approved by the Court;

 (e) to consider Lead Counsel's application, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees, Litigation Expenses, and Service Awards to Plaintiffs; and

 (f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Class Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Class Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Final Approval Hearing or modify any of the dates herein for good cause shown and without further notice to members of the Settlement Class.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Actions, Proposed Settlement, Settlement Hearing, Plan of Allocation, and

any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (the "Notice"), substantially in the form annexed hereto as Exhibit 1.

8. The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before August 22, 2016 ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. SSBT, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, information in electronic searchable form containing the names and addresses of Settlement Class Members no later than five (5) business days after entry of this Preliminary Approval Order.

9. The Court approves the form of the Summary Notice of Pendency of Class Actions, Proposed Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards ("Publication Notice"), substantially in the form annexed hereto as Exhibit 2, and directs that Lead Counsel shall cause the Publication Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* no later than September 6, 2016.

10. Lead Counsel shall, at or before the Final Approval Hearing, file with the Court proof of mailing of the Notice and publication of the Publication Notice.

11. As set forth in the Notice, Settlement Class Members that are Group Trusts shall submit certifications in compliance with the requirements set forth in the Notice to the Claims Administrator postmarked no later than December 20, 2016. Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each certification shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or

overnight U.S. mail, postage prepaid) provided such certification is actually received prior to the motion for an order of the Court approving distribution of the Net Class Settlement Fund. Any certification submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Class Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws and rules, constitute the best notice practicable under the circumstances, and shall constitute due, adequate, and sufficient notice to all persons and entities entitled thereto.

13. Any Settlement Class Member may enter an appearance in the Class Actions, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

14. Settlement Class Members shall be bound by all orders, determinations and judgments in these Class Actions concerning the Class Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than October 7, 2016. Such request for exclusion must include the following information: (i) the name of the Person that entered into one or more custody or trust agreements with SSBT and is requesting

7

exclusion; (ii) the Person's address; (iii) the Person's telephone number; (iv) the Person's e-mail address; (v) the approximate date(s) of the agreement(s) referenced in (i) above; (vi) the SSBT entity that was the counterparty to the agreement(s) referenced in (i) above; (vii) a list of all current and former accounts, including both the name and account number of such accounts, that held foreign (non-U.S.) assets and were related to the agreement(s) referenced in (i) above; (viii) a signed statement that the Person wishes to be excluded from the Settlement Class in the Class Actions; and (ix) identification (including by case name, court name, and docket number) of all legal actions and claims (if any) that the Person requesting exclusion has brought against any of the Defendants relating to Indirect FX. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court, provided, however, that a request for exclusion shall not be invalid for failing to include the foregoing (i) - (vii) if the Settling Defendant determines that it has sufficient information to determine that such Person is a Settlement Class Member and provides that information promptly to Lead Counsel.

15. Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Class Settlement Fund, as described in the Settlement Agreement and Notice.

16. The Court will consider any Settlement Class Member's objection to the Class Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before October 7, 2016, upon Lead Counsel: Lawrence A. Sucharow, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 (who will immediately copy all Plaintiffs' Counsel); and Defendant's

Case 1:11-cv-10230-MLW Document 95-1 Filed 08/10/16 Page 10 of 12

Counsel: William H. Paine, Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Class Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Class Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Class Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17. Pending final determination of whether the Class Settlement should be approved, all proceedings in these Class Actions (other than those necessary to effectuate the Settlement) are stayed and Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Class Claims against the Released Defendant Parties.

18. As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the administration of the Class Settlement out of the Class Settlement Fund without further approval from Defendants and without further order of the Court.

19. All papers in support of the Class Settlement, Plan of Allocation, and Lead Counsel's request, on behalf of ERISA Counsel and Customer Counsel, for an award of attorneys' fees and expenses shall be filed with the Court and served on or before September 15, 2016. If reply papers are necessary, they are to be filed with the Court and served no later than October 21, 2016.

20. No later than October 19, 2016, Defendants shall file with the Court and serve a statement reporting whether an option to withdraw from and terminate the Settlement Agreement and Class Settlement has arisen under the terms of the Parties' Supplemental Agreement, and if such option has arisen, reporting Defendants' current intentions with regard thereto. Such statement shall be without prejudice to Defendants' filing with the Court and serving an updated statement if relevant circumstances change.

21. The passage of title and ownership of the Class Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Class Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

22. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

23. Except as otherwise provided in the Settlement Agreement, neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel, on behalf of ERISA Counsel and Customer Counsel, or Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Class Settlement.

24. If the Class Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Class Actions as of June 29, 2015.

25. The Court retains exclusive jurisdiction over the Class Actions to consider all further matters arising out of or connected with the Class Settlement.

Dated: August 11, 2016

_____
HON. MARK L. WOLF
UNITED STATES DISTRICT JUDGE

11