# EX. 113

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

as amd

[PROPOSED] ORDER AND FINAL JUDGMENT

11/2/16

WHEREAS, (i) plaintiffs Arkansas Teacher Retirement System, Arnold Henriquez, Michael T. Cohn, William R. Taylor, Richard A. Sutherland, The Andover Companies

Employees Savings and Profit Sharing Plan and James Pehoushek-Stangel (collectively "Plaintiffs"), on behalf of themselves and each Settlement Class Member by and through their counsel, and (ii) State Street Bank and Trust Company (the "Settling Defendant" or "SSBT"), by and through its counsel, entered into a Stipulation and Agreement of Settlement, dated as of July 26, 2016 (the "Settlement Agreement"), in the above-captioned cases (the "Class Actions");

**WHEREAS,** pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement (the "Preliminary Approval Order"), entered August 11, 2016, the Court scheduled a hearing for November 2, 2016 at 2:00 p.m. to, among other things, determine (i) whether the proposed Class Settlement is fair, reasonable, and adequate, and should be finally approved by the Court, and (ii) whether the Order and Final Judgment, as provided for under the Settlement Agreement, should be entered;

**WHEREAS,** the Court ordered that the Notice of Pendency of Class Actions, Proposed Settlement, Settlement Hearing, Plan of Allocation, and any Motion for Attorneys' Fees, Litigation Expenses, and Service Awards (the "Notice"), substantially in the form annexed to the Preliminary Approval Order as Exhibit A-1, be sent by first-class mail, postage prepaid, on or before ten (10) business days after the entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a summary of the Notice (the "Publication Notice"), substantially in the form annexed to the Preliminary Approval Order as Exhibit A-2, be published in the national edition of *The Wall Street Journal* and over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

**WHEREAS,** the Notice and Publication Notice advised Settlement Class Members of the date, time, place, and purpose of the Final Approval Hearing. The Notice further advised that

any objections to the proposed Class Settlement were required to be filed with the Court by no later than October 7, 2016, and mailed to counsel for the Parties such that they were received by no later than October 7, 2016;

**WHEREAS,** Plaintiffs and Lead Counsel complied with the provisions of the Preliminary Approval Order as to the distribution, mailing, and publication of the Notice and Publication Notice;

**WHEREAS,** on September 15, 2016, Plaintiffs moved for final approval of the proposed Class Settlement, and the Final Approval Hearing was duly held before this Court on November 2, 2016, at which time all interested Persons were afforded the opportunity to be heard; and

**WHEREAS,** the Court has duly considered Plaintiffs' motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Settlement Agreement, all of the submissions and arguments presented with respect to the proposed Class Settlement, and the record in the Class Actions.

**NOW, THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. **Incorporation of Settlement Documents**. This Order and Final Judgment hereby incorporates and makes a part hereof: (i) the Settlement Agreement filed with the Court on July 26, 2016; and (ii) the exhibits attached to the Settlement Agreement, including the Notice and Publication Notice, filed with the Court on September 15, 2016.

2. **Definitions**. Any term with initial capitalization that is not defined in this Order and Final Judgment shall have the meaning provided in the Settlement Agreement.

3. **Jurisdiction**. The Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Class Actions and over all parties to the Class Actions, including all Settlement Class Members.

4. **Certification of the Settlement Class**. Solely for the purpose of effectuating the Class Settlement, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All custody and trust customers of State Street Bank and Trust Company ("SSBT") (including customers for which SSBT served as directed trustee, ERISA Plans, and Group Trusts), reflected in SSBT's records as having a United States tax address at any time during the period from January 2, 1998 through December 31, 2009, inclusive, and that executed one or more Indirect FX Transactions with SSBT and/or its subcustodians during the period from January 2, 1998 through December 31, 2009, inclusive. Excluded from the Settlement Class are: Defendants; California Public Employees' Retirement System (CalPERS), California State Teachers' Retirement System (CalSTRS), and the State of Washington Investment Board; the predecessors and affiliates of the foregoing, or any entity in which they have a controlling interest; and the officers, directors, legal representatives, heirs, successors, subsidiaries and/or assigns of any such excluded individual or entity in their capacities as such. Also excluded from the Settlement Class is any Person who submits a timely and valid request for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

5. No requests for exclusion from the Settlement Class were received.

6. **Settlement Class Representatives and Class Counsel**. Solely for purposes of effectuating the Class Settlement, the Court hereby affirms its designations in the Preliminary Approval Order of Plaintiffs as representatives of the Settlement Class, Labaton Sucharow LLP as Lead Counsel for the Settlement Class, Thornton Law Firm LLP as Liaison Counsel for the Settlement Class, and Lieff Cabraser Heimann & Bernstein LLP as additional Counsel for the Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4

7. **Notice**. The Court finds that the distribution, mailing, and publication of the Notice and Publication Notice to putative Settlement Class Members: (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the Class Settlement, the effect of the Class Settlement (including the releases therein), and their right to exclude themselves from the Settlement Class or object to any aspect of the Class Settlement (and appear at the Final Approval Hearing), this Order and Final Judgment, the Plan of Allocation, and/or Lead Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for attorneys' fees, payment of Litigation Expenses, and any Service Awards; (iii) constituted due and sufficient notice of the Class Settlement to all Persons entitled to receive such; and (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws and rules.

8. **Objections**. There have been no objections to the Settlement.

9. **Final Settlement Approval and Dismissal of Claims**. In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against the Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Class Settlement as set forth in the Settlement Agreement in all respects, and finds that the Class Settlement is in all respects fair, reasonable, and adequate, and in the best interests of Plaintiffs and other Settlement Class Members. The Court further finds that the Class Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing

the interests of Plaintiffs, the Settlement Class, and the Defendants. The Class Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

10. Upon the Effective Date, the following actions are each hereby dismissed in their entirety, with prejudice: (a) *Arkansas Teacher Retirement System v. State Street Bank and Trust Company*, No. 11-cv-10230 MLW (D. Mass.); (b) *Arnold Henriquez, et al. v. State Street Bank and Trust Company, et al.*, No. 11-cv-12049 MLW (D. Mass.); and (c) *The Andover Companies Employee Savings and Profit Sharing Plan, et al. v. State Street Bank and Trust Company*, No. 12-cv-11698 MLW (D. Mass.).

11. **Releases**. Upon the Effective Date, the Releasing Plaintiffs, and their respective past, present, and future heirs, executors, administrators, trustees, predecessors, successors, and assigns: (i) shall release and shall be deemed by operation of law and this Order and Final Judgment to have irrevocably, absolutely, and unconditionally fully, finally, and forever waived, released, discharged, and dismissed, with prejudice and on the merits, each and every one of the Released Class Claims against each and every one of the Released Defendant Parties, (ii) shall have and be deemed to have covenanted not to sue, directly or indirectly any Released Defendant Party with respect to any and all of the Released Class Claims; and (iii) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, intervening in, participating in (as a class member or otherwise) (except as a witness compelled by subpoena or court order), or receiving any benefits or other relief, from any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that maintains or prosecutes any or all such Released Class Claims against each and every one of the Released Defendant Parties. All Releasing Plaintiffs, and their respective past,

6

present, and future heirs, executors, administrators, trustees, predecessors, successors, and assigns, shall be bound by the terms of the releases, covenants not to sue, and injunctions set forth in this Order and Final Judgment whether or not they obtain a recovery from the Class Settlement or seek, or actually receive, a distribution from the Class Settlement.

12. Upon the Effective Date, SSBT, on behalf of itself, the Released Defendant Parties, and each of their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns, shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged, and dismissed, with prejudice and on the merits, each and every one of the Released Prosecution Claims against each and every one of the Released Plaintiff Parties and their respective attorneys, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all such Released Prosecution Claims against each and every one of the Released Plaintiff Parties and their respective attorneys.

13. Notwithstanding Paragraphs 10-11 above, nothing in this Order and Final Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Order and Final Judgment, or any action by SSBT relating to insurance coverage.

14. **Rule 11 Finding**. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Class Actions.

15. **Binding Effect of Order and Final Judgment**. Each Plaintiff and Settlement Class Member, and each of their respective heirs, executors, administrators, trustees,

predecessors, successors, and assigns, is bound by this Order and Final Judgment, including, without limitation, the releases contained herein, regardless of whether such Settlement Class Member (i) receives the Notice, (ii) obtains a recovery from the Class Settlement Fund, or (iii) objects to the Class Settlement, this Order and Final Judgment, the Plan of Allocation, and/or Lead Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for attorneys' fees, payment of Litigation Expenses, and any Service Awards.

16. **Use of this Order and Final Judgment**. Except as set forth in the Settlement Agreement and in Paragraph 17 below, this Order and Final Judgment and the Settlement Agreement, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Settlement Agreement, the Class Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Parties and their counsel for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any fact alleged by Plaintiffs or any other Settlement Class Member or the validity of any claim that has been or could have been asserted in the Class Actions or in any litigation, including but not limited to the Released Class Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants;

(b) do not constitute, and shall not be offered or received against Defendants as evidence of a presumption, concession, or admission of any fault, misstatement, or omission with respect to any statement or written document approved or made by Defendants, or against the Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Class Actions;

(c) do not constitute, and shall not be offered or received against Defendants, Plaintiffs, or any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

(d) do not constitute, and shall not be construed against Defendants, Plaintiffs, any other members of the Settlement Class, or their respective counsel as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, any other Settlement Class Member, or their respective counsel, that any of their claims are without merit or infirm, that a class should not be certified, or that damages recoverable under the complaints filed in the Class Actions would not have exceeded the Class Settlement Amount.

17. The Released Parties may file or refer to the Settlement Agreement and/or this Order and Final Judgment to (i) effectuate the liability protection granted thereunder, including, without limitation, to support injunctive relief, or a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (ii) effectuate the liability protections granted them under any applicable insurance policies. The Released Parties may file or refer to the Settlement Agreement and/or this Order and Final Judgment in any action that

may be brought to enforce the terms of the Settlement Agreement and/or this Order and Final Judgment. All Released Parties submit to the jurisdiction of this Court for purposes of implementing and enforcing the Class Settlement.

18. **Retention of Jurisdiction**. The Court reserves and retains jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (i) implementation and enforcement of the Class Settlement; (ii) the allowance, disallowance, or adjustment, on equitable grounds, of any Settlement Class Member's right to recover under the Settlement Agreement, and any award or distribution from the Class Settlement Fund; (iii) disposition of the Class Settlement Fund; (iv) the hearing and determination of Lead Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for attorneys' fees, payment of Litigation Expenses, and any Service Awards; (v) the hearing and determination of any motions to approve the Plan of Allocation or the Distribution Order; (vi) enforcement and administration of this Order and Final Judgment; (vii) enforcement and administration of the Settlement Agreement, including the injunctions and releases in connection therewith; and (viii) other matters related or ancillary to the foregoing.

19. **Termination**. In the event the Class Settlement is terminated in its entirety or does not become effective in accordance with the terms of the Settlement Agreement, the Settlement Agreement, except as otherwise provided therein, including any amendment(s) thereto, and this Order and Final Judgment, including but not limited to the certification of the Settlement Class provided in Paragraph 4 above, shall be null and void and of no further force or effect, and may not be introduced as evidence or referred to in any action or proceeding by any Person, and Plaintiffs and the Defendants shall be restored to their respective positions in the Class Actions as of June 29, 2015, and, except as otherwise expressly provided, Plaintiffs and the

Defendants shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and the balance of the Settlement Fund including interest accrued thereon, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be refunded to SSBT.

20. **Plan of Allocation**. A separate order shall be entered regarding the proposed Plan of Allocation. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

21. **Attorneys' Fees, Litigation Expenses, and/or Service Awards**. A separate order shall be entered regarding Lead Counsel's motion, on behalf of ERISA Counsel and Customer Counsel, for attorneys' fees, payment of Litigation Expenses, and any Service Awards as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

22. **Administration of the Class Settlement**. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

23. **Consummation of the Class Settlement**. The Parties are hereby directed to consummate the Settlement Agreement and to perform its terms.

24. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: November 2, 2016

HON. MARK L. WOLF
UNITED STATES DISTRICT JUDGE

11