# EX. 118

| | |
|---|---|
| **From:** | Kravitz, Carl S. <ckravitz@zuckerman.com> |
| **Sent:** | Saturday, August 22, 2015 2:59 PM |
| **To:** | 'Lieff, Robert L.'; Sucharow, Lawrence |
| **Cc:** | Michael Thornton; lsarko@kellerrohrback; Garrett J. Bradley; rlieff@lieff.com |
| **Subject:** | RE: State Street |

Thanks for the report. Not surprised that they have dug their heels in, but maybe DOL will compromise a little more. No harm in hoping.

<http://mm1.lettermark.net/zuckerman/card/ORBH_9.map>
[Description: Carl Kravitz   202.778.1873
ckravitz@zuckerman.com]<http://mm1.lettermark.net/zuckerman/card/ORBH_9.map>


-----Original Message-----
From: Lieff, Robert L. [mailto:RLIEFF@lchb.com]
Sent: Saturday, August 22, 2015 11:20 AM
To: Sucharow, Lawrence
Cc: Michael Thornton; lsarko@kellerrohrback; Kravitz, Carl S.; Garrett J. Bradley; rlieff@lieff.com
Subject: RE: State Street

I am uncertain as to whether we advised all of you of the results of our telephone call to Suzanne Riley. The call lasted one hour and Lynn and I did our best to convince a mid level government lawyer that compromise is the essence of negotiation without success. The problem is that she has no power to negotiate. We pushed for 290/10 split and she was at 280/20 with a willingness to agree to 282/18 , which was where we were when we began. She is going to speak to her superiors on Monday and we will talk to her one last time.   Bob

From: Sucharow, Lawrence [LSucharow@labaton.com]
Sent: Friday, August 21, 2015 7:56 AM
To: Lieff, Robert L.
Cc: Michael Thornton; Lynn Sarko; Carl S. Kravitz; Garrett J. Bradley; rlieff@lieff.com
Subject: Re: State Street

I have no problem with you guys trying one additional time to secure a "better deal". I agree that consistency in the percentages is the best way forward and the only way of doing that is to give the DOL credit for a certain amount out of the 300 million and applying for an across the board percentage of 25% on the balance. This is what I thought we agreed to two conversations ago but I was taken aback in the recent conversation by the vehemence against the $18 million reduction which has been negotiated to to achieve the $10.5 million fee demand by DOL.
 Obviously any number lower than 18 million is a benefit to us. In any event now that you set the call up you might as well take a crack at it (without fracturing the relationship).

Sent from my iPhone

> On Aug 21, 2015, at 10:17 AM, Lieff, Robert L. <RLIEFF@lchb.com> wrote:

1

>
> Larry,  I think the most important aspect of this is to achieve consistency  in the fee percentage between the customer class and the Erisa class.  That is 25% for both.  In order to accomplish this we need to reduce our settlement to $282 M and to let the DOL take credit for 18M.   If we are to make one more stab at it then it would be to try to make our settlement $290M and the DOL 10M.  This would give us a fee request of  72.5 rather that  70.5.  Is this worth the effort of one more call? I gather that you and Carl are saying "no" and Mike is saying "yes".  The structure of the settlement would be the same as BNYM where we have 14M that the DOL got not being included for purposes of our fee request.  Lynn and I have a call scheduled with the DOL at 11 PDT  We can make a soft pitch for an extra 8M (from 282 to 290)  This has been turned down by the DOL before.  As lead counsel do you want us to proceed or not?  The important thing to me is consistency of the fee request at 25% and not the extra 8M.
> _____
> From: Michael Thornton [MThornton@tenlaw.com]
> Sent: Friday, August 21, 2015 6:36 AM
> To: Sucharow, Lawrence; Lieff, Robert L.; Lynn Sarko; Carl S. Kravitz; Garrett Bradley
> Subject: Re: State Street
>
> Larry, I think that most of us have long ago have become pragmatists. I think that the concern with the negotiations now is not that they are unfair, but that the result might be something that with "reverse engineering" show a significant disparity between the way ERISA funds and the non are treated. Then the judge might be tempted to go with the low percentage for all.
>      The fact is the the DOL has left us at this point with no good choices. I don't think there is a downside to continue to negotiate.
>
>  Original Message
> From: Sucharow, Lawrence
> Sent: Friday, August 21, 2015 8:10 AM
> To: Michael Thornton; Robert L. Lieff; Lynn Sarko; Carl S. Kravitz; Garrett Bradley
> Subject: State Street
>
> Guys:
> I just want to let you know that I woke up with a very bad feeling this morning on how we left our negotiations with the DOL.
>
> While I too am unhappy that they are seeking to restrict our fees, I also understand their need and desire to take some credit for what was achieved. It's unfair, It's wrong, but completely understandable.
>
> We had negotiated in good faith with them to a point where it would cost us $4.5 million from our maximum fees in order to have complete peace.
>
> To me, this is a relatively small price to pay in order to have a united front before the court and protect the balance of our fees. Indeed the differential we had negotiated between their offer and our last offer is only about $600,000 on fees of 70,000,000+.
>
> Now that the heat of our conversation has cooled down, I am asking everyone to reconsider renegotiating with the DOL and accepting their latest proposal.
>
> Larry
>
> Sent from my iPhone
>
>
> ***Privilege and Confidentiality Notice***

2

>
> This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.
>
>
> This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.
>
>
> This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

Confidential: Produced Pursuant to Court Order.                                                                                                                                         TLF-SST-052696