# EX. 130

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant | ) <br>) <br>) No. 11-cv-10230 MLW<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND and those similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20<br><br>Defendants. | ) <br>) <br>) No. 11-cv-12049 MLW<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |
| THE ANDOVER COMPANIES EMPLOYEES SAVINGS AND PROFIT SHARING PLAN, on behalf of itself and JAMES PEHOUSHEK-STRANGELAND, and all others similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | ) <br>) <br>) <br>) <br>) No. 11-cv-11698 MLW<br>) <br>) <br>) <br>) <br>) |

**DECLARATION OF GEORGE HOPKINS**

I, George Hopkins, hereby declare under penalty of perjury:

1. Since December 29, 2008, I have served as Executive Director of the Arkansas Teacher Retirement System ("ATRS"). I am also a lawyer, and I understand the importance of a sworn declaration.

2. ATRS is the class representative in the above-captioned matter.

3. At all times during this matter, in ATRS' role as class representative I have been the primary contact between ATRS and attorneys for Labaton Sucharow ("Labaton") who represent ATRS. The majority of my communication with Labaton has been through Labaton partner Eric Belfi.

4. Labaton has done an outstanding job representing ATRS in this matter. I am very pleased with the result that Labaton helped obtain for the class. Personally, I am not aware of another law firm that could have worked as tenaciously or produced as good a result on behalf of the class as Labaton did.

5. Labaton has also represented ATRS in several other matters. In my opinion, Labaton's attorneys are talented and hard-working.

6. The fee awarded by the Court to the attorneys representing the class in this matter, including Labaton, was about 25% of the total $300 million settlement fund. Given the excellent result that Labaton helped obtain in this case, and Labaton's exceptional work representing the class throughout this case, I believe that 25% of the total settlement fund was a fair and reasonable fee award. I strongly believe that Labaton earned it.

7. I myself was not aware of Labaton's fee-sharing agreement with the Chargois & Herron law firm, or with Damon Chargois, until approximately August or September 2017.

1

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

8. I now understand that Labaton has had a fee-sharing agreement with Chargois & Herron for a number of years. I understand that, according to this agreement, Chargois & Herron believes that it is entitled to up to 20% of any fee Labaton earns as class counsel when representing ATRS as named Plaintiff. I further understand that this agreement was reached between Labaton and Chargois & Herron largely because attorneys at Chargois & Herron facilitated an introduction between ATRS and Labaton. This occurred prior to my service as Executive Director of ATRS.

9. I understand that, in the context of this matter, the "Customer Class Law Firms" – Labaton and the two other firms representing the "Customer Class," Lieff Cabraser Heimann & Bernstein, LLP and the Thornton Law Firm LLP – agreed that the three firms would fund from their respective fee awards Chargois & Herron's portion of the fee, equivalent to 5.5% of the total fee award, rather than Labaton paying 20% of its portion of the fee. I understand that, as a result of this agreement, Chargois & Herron received $4.1 million in connection with this matter.

10. In the past, Eric Belfi expressly offered to discuss with me how the plaintiffs' lawyers divide up the attorneys' fees awarded by the court. I told Mr. Belfi that I did not want to know the specifics of fee allocations between Labaton and other attorneys. I also told Mr. Belfi that if I ever wanted to know the details of Labaton's fee-sharing agreements, I would ask him. Those were my instructions, and I believe that a lawyer should follow the client's instructions.

11. My primary focus was, and has been, the amount awarded to the class, and the aggregate amount of attorney's fees. Once the aggregate attorney's fee award has been established by the Court, I am not concerned with how that aggregate fee is distributed among lawyers or law firms, because – in my view – those distributions do not affect the class.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

12. Moreover, I have no interest in becoming a referee between various law firms, including local counsel. I believe that my knowledge of and involvement with fee agreements between attorneys would inevitably distract from my focus, which is protecting the class.

13. My time on this matter was extensive, and it was appropriately spent on staying very involved, including throughout the lengthy mediation process, in matters that helped protect the interests of the class.

14. Because of my instructions to Mr. Belfi regarding my desire not to know or otherwise be involved with the specifics of Labaton's fee agreements, I do not feel misled by the fact that I was unaware of Labaton's agreement with Chargois & Herron. In fact, I believe that Mr. Belfi and Labaton were following my express instructions.

15. In my view, this payment had no effect on the interests of the class. Moreover, because Labaton believed that it had an obligation to share its fee with Chargois & Herron, I understand that the Labaton lawyers would feel the need to fulfill that obligation. Although I'm sorry to see Labaton and the other Customer Class Law Firms lose any portion of their own fee, I do not object to the $4.1 million payment, paid by the Customer Class Law Firms from their own fee award, to Chargois & Herron in this matter.

16. Given my clear instructions to Mr. Belfi, I have no problem with the fact that the details of Labaton's agreement with, and payment to, Chargois & Herron were not explained to me. I am now aware of that specific agreement, the parameters of which I describe above. I now ratify that agreement, with full knowledge of it.

17. I am ratifying Labaton's fee-sharing agreement with Chargois & Herron because I do not object to it. My ratification of Labaton's agreement with Chargois & Herron is not a result of pressure from anybody, nor is it a result of any desire to avoid: inconvenience in

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

obtaining new counsel; alienating ATRS' current counsel; any change in the quality of ATRS' representation in this matter; ATRS' position in this matter being affected; or any other reason.

I declare under the pains and penalties of perjury under the laws of the United States of America and the State of Arkansas that the foregoing is true and correct. Executed this 15th day of March, 2018 in Little Rock, Arkansas.

_George Hopkins_
George Hopkins

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER