# EX. 137

| | |
|---|---|
| **Message** | |
| From: | Belfi, Eric J. [/O=GOODKIN LABATON RUDOFF SUCHAROW/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=BELFIE] |
| Sent: | 7/24/2013 11:06:56 AM |
| To: | George Hopkins [georgeh@artrs.gov] |
| BCC: | Damon Chargois [damon@cmhllp.com] |
| Subject: | Goldman |

George:

We have been following the trial - some interesting testimony.

Share us on:
<http://twitter.com/share?text=Player%20In%20Goldman%20Deal%20Says%20She%20Was%20Misled%20About%20Abacus&url=http://www.law360.com/securities/articles/459453> Twitter
<http://www.facebook.com/share.php?u=http://www.law360.com/securities/articles/459453> Facebook
<http://www.linkedin.com/shareArticle?mini=true&url=http://www.law360.com/securities/articles/459453&summary=A+key+government+witness+in+the+fraud+trial+against+former+Goldman+Sachs+Group+Inc.+trader+Fabrice+Tourre+said+Tuesday+that+she+was+misled+about+the+allegedly+built-to-fail+Abacus+transaction%2C+though+stopped+short+of+saying+that+Tourre+himself+lied.&title=Player+In+Goldman+Deal+Says+She+Was+Misled+About+Abacus&source=Law360> LinkedInBy Richard Vanderford
<http://www.law360.com/securities/articles/459453?nl_pk=e815b2bc-ec37-4835-b586-99356fa52f10&utm_source=newsletter&utm_medium=email&utm_campaign=securities#comments> 0 Comments

Law360, New York (July 23, 2013, 7:25 PM ET) -- A key government witness in the fraud trial against former Goldman Sachs Group Inc <http://www.law360.com/companies/goldman-sachs-group-inc> . trader Fabrice Tourre said Tuesday that she was misled about the allegedly built-to-fail Abacus transaction, though stopped short of saying that Tourre himself lied.

Laura Schwartz, a former senior managing director at ACA Management LLC, said she was not told that a hedge fund that helped structure the Abacus transaction, Paulson & Co., had actually bet against it. ACA was formally in charge of picking a bundle of residential mortgage-backed securities that formed Abacus 2007-AC1, a collateralized debt obligation.

Paulson, which allegedly had significant influence on what RMBS were put into Abacus, made about $1 billion when the CDO collapsed along with the housing market, according to the U.S. Securities and Exchange Commission <http://www.law360.com/agencies/securities-and-exchange-commission> . The commission claims Tourre, the alleged "deal captain" for the Abacus deal, defrauded investors by failing to disclose Paulson's intention to go short and also tricked ACA.

Schwartz, though, said she was not directly lied to and did not explicitly blame Tourre for her misperception.

"I believed Paulson would be the equity investor in that transaction," Schwartz said.

But when asked where she got that belief, Schwartz responded that her early knowledge of the structure of the deal came from a meeting with Gail Kreitman, a Goldman salesperson when the Abacus deal was being worked out.

Kreitman, another SEC witness, has already testified that she believed Paulson was long on Abacus. She said she did not know who in particular at Goldman gave her that impression.

Schwartz stressed under SEC questioning that, whatever the source of her belief about Paulson's role in the transaction, ACA was allowed to maintain its misperception. No one at Goldman corrected Schwartz after, in an email to Krietman, she referred to Paulson's "equity perspective" on Abacus, Schwartz testified.

She added that Paulson was referred to as "transaction sponsor" in an email from Tourre, though later conceded that term has no specific definition in the financial world.

Schwartz told jurors that Paulson was given the opportunity to put forward RMBS for inclusion in Abacus. ACA would not have gone forward with the deal had it known the fund was an intended short investor, Schwartz said.

"If somebody only wanted to go short that means it was designed to fail and that was not something we would have done," Schwartz said.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                             LBS017825

Schwartz's testimony on that point echoed <http://www.law360.com/articles/459149/short-on-goldman-deal-kept-quiet-tourre-jury-told>  that of her former boss, ex-ACA CEO Alan Roseman, who said knowledge of Paulson's intention to short would have stopped the transaction in its place.

On cross-examination, Schwartz conceded that ACA had detailed standards for deciding what RMBS were worthy of inclusion in a portfolio and would not have changed those standards based on input from a prospective investor.

"What if Joe had recommended it," Tourre's lawyer John P. Coffey asked, referring to the courtroom deputy. "Would that have affected whether it met the standards of being on the approved list?"

"No," Schwartz said.

"What if it's a long investor," Coffey said.

"No," she said.

Schwartz testimony is scheduled to resume Wednesday morning. Tourre is slated to testify Wednesday afternoon, according to U.S. District Judge Katherine B. Forrest, who is presiding over the case.

Goldman in 2010 agreed to pay $550 million to settle an SEC suit related to Abacus.

Tourre's lawyers have argued that he was one of many Goldman employees who had a hand in Abacus and that disclosures to clients were looked over by Goldman professionals.

Tourre is represented by Pamela R. Chepiga and Andrew Rhys Davies of Allen <http://www.law360.com/firms/allen-overy> & Overy LLP and the Law Office of John P. Coffey.

The case is SEC v. Goldman Sachs & Co. et al., case number 1:10-cv-03229 <http://www.law360.com/cases/4d43f5345002d10782000062> , in the U.S. District Court for the Southern District of New York.

--Editing by Andrew Park.

Related Articles

*    <http://www.law360.com/articles/458711/tourre-did-nothing-wrong-goldman-exec-testifies?article_related_content=1> Tourre Did Nothing Wrong, Goldman Exec Testifies

Eric Belfi
Partner
Labaton Sucharow LLP
140 Broadway
New York, N.Y. 10005
o: 1.212.907.0878
c: 1.516.509.5236

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER            LBS017826