# EX. 141

## AGREEMENT

Agreement dated as of January 1, 2015, between Labaton Sucharow LLP, a New York limited liability partnership with an address at 140 Broadway, New York, New York 10005 ("Labaton" or "the Firm"), and the Thornton Law Firm LLP ("Thornton"), which has an address of 100 Summer Street, Boston, Massachusetts 02110, and Garrett J. Bradley ("Bradley"), a Thornton partner. Labaton and Bradley are each sometimes referred to individually as a party and collectively are referred to as the parties.

## PREAMBLE

The Labaton firm and Thornton firm have, for over 10 years, been working cooperatively to develop clients and matters and have done this in a mutually beneficial way. It is with that background, that the parties have determined that Garrett Bradley should become "of counsel" to Labaton so that he, and the Thornton firm, can better develop clients and cases with Labaton, which will benefit both firms.

## WITNESSETH

**WHEREAS**, Labaton desires to engage Bradley to provide professional legal services on behalf of the Firm, and Bradley desires to provide such services to Labaton;

**NOW, THEREFORE**, in consideration of the premises and mutual covenants and conditions contained herein, Labaton, Bradley and Thornton agree as follows:

1.    ENGAGEMENT

Labaton shall engage Bradley, and Bradley agrees to be engaged by Labaton, effective as of January 1, 2015 (the "Commencement Date"), as Counsel to Labaton, upon the terms and conditions set forth herein.  Bradley shall assist Labaton partners in identifying and seeking retention by clients for securities, and antitrust matters.  Bradley will also assist Labaton partners with the maintenance of relationships with existing clients as well as the development of new matters.

2.    TERM

The term (the "Term") of this Agreement shall begin on the Commencement Date and continue until terminated by either party in accordance with Section 9 hereof.

3.    SERVICES; LOCATIONS

(a)    Bradley shall render professional legal services to Labaton as may be agreed to between Bradley and Labaton from time to time. There is no amount of fixed time which Bradley must devote to services for Labaton. Bradley shall perform such services principally out of his separately maintained offices, utilizing his own personnel and equipment at his own cost and expense, subject to the provisions regarding reimbursable expenses set out in

Confidential - Subject to Protective Order

Section 6 below. He will also be given an office at Labaton at 140 Broadway in New York City, from which he can work when in New York.

(c)     Nothing contained herein shall preclude Bradley from engaging in the practice of law on matters for Thornton. In the event a conflict or potential conflict of interest arises between Bradley or Thornton and Labaton with respect to any services Bradley is rendering to Labaton, the parties will engage in good faith efforts to resolve it.

(d)     Consistent with all applicable ethical rules, Thornton and Labaton agreed to run all necessary conflict checks between the two firms.

4.     RELATIONSHIP OF THE PARTIES.

(a)     Bradley shall not have any authority to assume or create any obligation, express or implied, on behalf of Labaton, and neither Bradley nor any personnel he assigns to Labaton matters shall have any authority to represent as its agent, employee, or in any other capacity of Labaton under the meaning or application of any federal or state unemployment or insurance laws or workers' compensation laws, or otherwise.

(b)     If any liability is imposed on Labaton based upon intentional wrongdoing or willful or reckless misconduct by Bradley, Thornton shall indemnify Labaton and hold Labaton harmless from and against any and all losses, costs, liabilities, claims, damages, expenses and the like in connection therewith, including, without limitation, reasonable attorneys' fees and expenses and court costs, penalties and fines.

(c)     Labaton shall secure an appropriate clause in, or endorsement upon, its malpractice insurance policy (a certificate of which shall be provided to Bradley upon request), and which shall evidence limits of not less than $10,000,000.00, with a deductible of not greater than $500,000.00.

(d)     Bradley and Thornton agree that securities and antitrust clients Bradley develops during the Term shall be clients of Labaton. Thornton shall indemnify and hold Labaton harmless against any and all claims against Labaton relating to Bradley's work for Labaton during the Term.

5.     EXPENSE ALLOWANCE

In each year during the Term, Labaton will pay up to $100,000.00 in the aggregate for out-of-pocket expenses related to Bradley's business development activities, including business development-related travel and entertainment expenses

6.     VACATION AND BENEFITS

As an independent contractor, Bradley shall not be entitled to any payment for vacation, holidays, sick time or be entitled to receive any other benefits typically afforded to employees.

Confidential - Subject to Protective Order

LBS007087

7.    TERMINATION

.        This agreement may be terminated by the Firm at any time for Cause. For purposes of this agreement, Cause shall be determined in the sole discretion of the Firm. Either party may terminate this agreement without Cause on 90 days' written notice to the other.

8.    ARBITRATION

(a)    Any and all claims arising between any of the parties shall be brought in binding arbitration before the Honorable Layn Phillips ("Phillips") of Phillips ADR of Corona del Mar, California. In the event Mr. Phillips is not available, the parties may file for arbitration before Professor Eric D. Green of Resolutions, LLC in Boston, Massachusetts. In the event that neither of these arbitrators are available, then the party intending to arbitrate shall initiate a proceeding with the American Arbitration Association in New York City. The intent of this provision is to be as broad as possible, specifically including within this mandatory arbitration provision any and all claims that may be asserted as between any partners of Labaton and any partners of Thornton in connection with any matter connected to Bradley's service as of counsel to Labaton.

(b)    Both parties agree to be bound by the result of the arbitration, and acknowledge that this arbitration provides the exclusive remedy for any claim by any of the parties, and their respective partners, regarding compensation or any other claim arising from this Agreement and that such arbitration shall be strictly confidential.

9.    REPRESENTATIONS, WARRANTIES & COVENANTS

(a)    Labaton warrants and represents that it is a limited liability partnership duly organized and validly existing pursuant to the laws of the State of New York.

(b)    Bradley warrants and represents that he is an attorney duly licensed and authorized to practice law in New York State and the Commonwealth of Massachusetts; and that to the best of his knowledge, he is not subject to any investigation or any proceeding (whether administrative or otherwise), and that no investigation or proceeding (whether administrative or otherwise) has been threatened or commenced against him by any federal, state or county agency, department, tribunal or regulatory body (including any legal society or association). Bradley covenants and agrees that if, at any time, he becomes aware of the existence of any investigation or proceeding (whether administrative or otherwise), by any federal, state or county agency, department, tribunal or regulatory body (including any legal society or association), he shall promptly notify Labaton of same and provide Labaton with all information that Labaton may reasonably require in connection therewith.

(c)    Thornton warrants that to the extent the Thornton Law Firm partnership agreement contains any applicable restrictive covenants that could potentially limit Bradley's ability to serve as of counsel to Labaton, such covenants are hereby waived for the purposes of this Agreement. Bradley agrees to observe and comply with all rules, regulations and policies of Labaton reasonably related to the business and operations of Labaton as adopted from time to time and communicated to Bradley.

Confidential - Subject to Protective Order                                                          LBS007088

10.   RESTRICTIVE COVENANT

Bradley agrees to be bound by any restrictive covenant and confidentiality provision by which Labaton is bound pursuant to any of the legal matters or cases on which Bradley is working.

11.   MISCELLANEOUS

(a)   This Agreement shall not be changed, modified or amended except by written agreement of the parties.

(b)   This Agreement sets forth the entire agreement and understanding between the parties as to the matters contained herein, and merges and supersedes all prior discussions, agreements, and understanding of every kind and nature among them.  No party shall be bound by any condition, definition, warranty, or representation other than as expressly provided for in this Agreement.

(c)   This Agreement shall be binding upon, and inure to the benefit of, the parties and their respective heirs, executors, legal representatives, successors and permitted assigns; provided, however, that this Agreement may not be assigned by either party except on the prior written consent of the other party.

(d)   All notices, requests, demands and other communications provided for in this Agreement shall be in writing and shall be deemed to have been given at the time when personally delivered, or mailed at any general or branch United States Post Office, enclosed in a registered or certified postpaid envelope, return receipt requested, addressed to the address of the party stated at the beginning of this Agreement or to such other address as such party may have fixed by notice; provided, however, that any notice of change of address shall be effective only upon receipt.

(e)   If any provision of this Agreement or the application of any provision hereof to any person or circumstances is held invalid, the remainder of this Agreement and the application of such provision to the persons or circumstances shall not be affected thereby.

(f)   This Agreement shall be governed by and construed under the laws of the State of New York.

Confidential - Subject to Protective Order

LBS007089

(g)     The headings of the sections hereof are inserted for convenience only and in no way define, limit or prescribe the intent of this Agreement.

IN WITNESS WHEREOF, the parties have executed and delivered this Agreement as of the date first above written.

Labaton Sucharow LLP

By _____ , Partner

Garrett J. Bradley

By: _____

The Thornton Law Firm

By: _Michael P. Thornton,_Partner_____

Confidential - Subject to Protective Order

LBS007090