# EX. 152

Message

| | |
|---|---|
| **From**: | Garrett Bradley [GBradley@tenlaw.com] |
| **Sent**: | 8/28/2015 8:04:28 PM |
| **To**: | Chiplock, Daniel P. [/O=LCHB/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=DCHIPLOCK] |
| **CC**: | Sucharow, Lawrence [LSucharow@labaton.com]; Michael Thornton [MThornton@tenlaw.com]; Lieff, Robert L. [/O=LCHB/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=RLIEFF] |
| **Subject**: | Re: SST--Proposed Revision to Term Sheet for DOL Deal |

The Arkansas fee is still being negotiated but we hope to have it down to 5%.

Garrett

On Aug 28, 2015, at 4:02 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com> wrote:
If the Arkansas and ERISA fees didn't come off the top, I guess the split would look like this:

Labaton - 20%
LCHB – 20%
Thornton – 20%
ERISA – 9%
Arkansas – 5%
Labaton/LCHB/Thornton – 26%

If the Arkansas and ERISA fees do come off the top, I guess the split looks like this:

ERISA – 9%
Arkansas – 5%
Labaton – 17.2%
LCHB – 17.2%
Thornton – 17.2%
Labaton/LCHB/Thornton – 34.4%

I'm not the math wizard, so please correct me if anyone comes up with different figures.

**From:** Sucharow, Lawrence [mailto:LSucharow@labaton.com]
**Sent:** Friday, August 28, 2015 3:27 PM
**To:** Chiplock, Daniel P.
**Cc:** Garrett J. Bradley; Michael Thornton; Lieff, Robert L.
**Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal

Just my own thinking on this but I think the deal with them would be that their percentage does come off the top (although what the top is is another question). I can't imagine how else it would be calculated since all the other fees are two customer counsel.

Sent from my iPhone

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                                                              LCHB-0053513

On Aug 28, 2015, at 2:11 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com> wrote:
Actually one wrinkle I'm not sure about is how ERISA and local Arkansas counsel fits in – I had thought that their payments would not come off the top and therefore would not result in a reduction of each customer firm's 20% - do you know what I mean? You may be saying something different from that below, which may be why it'd be useful to iron it out.

**From:** Sucharow, Lawrence [mailto:LSucharow@labaton.com]
**Sent:** Friday, August 28, 2015 1:59 PM
**To:** Chiplock, Daniel P.
**Cc:** Garrett J. Bradley; Michael Thornton; Lieff, Robert L.
**Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal

Dan sorry for that last email that I didn't spellcheck.
Basically what I'm trying to say is I understand the basic agreement to be that after payment of all other counsel, our three firms shall each receive 20%, with the distribution of the balance of 40% to be determined later.

If that is the agreement you are referring to, I can confirm it. Let me know.
Larry

Sent from my iPhone

On Aug 28, 2015, at 1:39 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com> wrote:
Mike, Garrett – Hope you're well – please see below. If we can figure this out early next week that may help speed the process.

Thanks,

Dan

**From:** Chiplock, Daniel P.
**Sent:** Friday, August 28, 2015 1:33 PM
**To:** 'Sucharow, Lawrence'
**Cc:** Zeiss, Nicole; Lieff, Robert L.
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

The purpose of my email was just to get your reaction, Larry, since these are your drafts. Thank you for responding quickly, and for giving me your reaction. I would love to include them so we can move forward promptly. I'll re-send.

**From:** Sucharow, Lawrence [mailto:LSucharow@labaton.com]
**Sent:** Friday, August 28, 2015 1:28 PM
**To:** Chiplock, Daniel P.
**Cc:** Zeiss, Nicole; Lieff, Robert L.
**Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal

I don't know why you left the Thornton firm off this email since they are party to any understanding we have and are therefore he sensual to any memorialization of that understanding. If you more willing to resend your email and include them,we can see if there is any disagreement as to what our understanding is/was.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                                                                                                     LCHB-0053514

Larry

Sent from my iPhone

On Aug 28, 2015, at 1:10 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com> wrote:

Larry and Nicole:

Attached are my redlines to the preliminary approval order and final judgment. These edits are consistent with the Court's January 2012 order concerning leadership structure.

I'm emailing just you (and copying Bob) so as to try not to make a big thing over this, but I do think it's appropriate to memorialize what the fee allocation amongst customer class counsel is going to be (consistent with the understanding that the firms have been operating under for a couple years now) before we proceed much further. I think we'd be willing to support Lead Counsel having final authority over fee and expense allocations, etc., for purposes of the settlement stip, and thus present a united front against a perpetual troublemaker like McTigue—which should be in everyone's interest--provided we had some basic written comfort ourselves. I don't think it's too early for that, given the interest in seeing the funds come in this year.

Thanks,
Dan

**From:** Zeiss, Nicole [mailto:NZeiss@labaton.com]
**Sent:** Friday, August 28, 2015 9:53 AM
**To:** Chiplock, Daniel P.
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

Thank you!

<image001.jpg>
Nicole M. Zeiss | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0867 | F: (212) 883-7067
E: nzeiss@labaton.com | W: www.labaton.com

<image002.gif> <image003.gif> <image004.gif>

**From:** Chiplock, Daniel P. [mailto:DCHIPLOCK@lchb.com]
**Sent:** Friday, August 28, 2015 9:29 AM
**To:** Sucharow, Lawrence
**Cc:** Zeiss, Nicole; Lynn Sarko; rlieff@lieff.com; Michael Thornton; Garrett J. Bradley; Michael Lesser; Evan Hoffman; Kravitz, Carl S.; Brian McTigue; Rogers, Michael H.; Goldsmith, David
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

OK, sounds good. I will also get you whatever edits I have to the settlement docs by noon.

**From:** Sucharow, Lawrence [mailto:LSucharow@labaton.com]
**Sent:** Friday, August 28, 2015 9:28 AM
**To:** Chiplock, Daniel P.
**Cc:** Zeiss, Nicole; Lynn Sarko; rlieff@lieff.com; Michael Thornton; Garrett J. Bradley; Michael Lesser; Evan Hoffman; Kravitz, Carl S.; Brian McTigue; Rogers, Michael H.; Goldsmith, David
**Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal

I am speaking to Paine today at around 10 AM to both report to him and get his update.
I'll report back and advise whether we should send the revised term sheet. I expect we should but let's hold off for another hour.

Sent from my iPhone

On Aug 28, 2015, at 9:19 AM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com> wrote:

This looks OK to me, thanks. I'm happy to send it (after you've done the other redline) to Paine, if you like. Or someone else can, no matter.

**From:** Zeiss, Nicole [mailto:NZeiss@labaton.com]
**Sent:** Thursday, August 27, 2015 3:27 PM
**To:** Lynn Sarko; 'rlieff@lieff.com'; Chiplock, Daniel P.; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
**Cc:** Rogers, Michael H.; Sucharow, Lawrence; Goldsmith, David
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

Dear all,

We've had some additional exchanges about the term sheet and, specifically, para 8(n). I believe the attached draft resolves those issues and that there is consensus that the attached accurately reflects the basic DOL fee deal. If you disagree, please let us know asap.

When someone wants to send this to Paine, or the DOL, I will need a run a different redline for them.

Thanks

<image001.jpg>
Nicole M. Zeiss | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0867 | F: (212) 883-7067
E: nzeiss@labaton.com | W: www.labaton.com

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                                                             LCHB-0053516

**From:** Zeiss, Nicole
**Sent:** Wednesday, August 26, 2015 5:09 PM
**To:** Sucharow, Lawrence; Lynn Sarko; Goldsmith, David; 'rlieff@lieff.com'; Daniel P. Chiplock; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
**Cc:** Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

Attached is the term sheet showing the changes discussed below, plus one additional change to para 8(n) that might help.

Thanks

<image005.jpg>
Nicole M. Zeiss | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0867 | F: (212) 883-7067
E: nzeiss@labaton.com | W: www.labaton.com

<image006.jpg> <image007.jpg> <image008.jpg>

**From:** Sucharow, Lawrence
**Sent:** Wednesday, August 26, 2015 4:34 PM
**To:** Lynn Sarko; Goldsmith, David; 'rlieff@lieff.com'; Daniel P. Chiplock; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
**Cc:** Zeiss, Nicole; Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

Then we can probably forget my proposed changes.

**From:** Lynn Sarko [mailto:lsarko@KellerRohrback.com]
**Sent:** Wednesday, August 26, 2015 4:26 PM
**To:** Sucharow, Lawrence; Goldsmith, David; 'rlieff@lieff.com'; Daniel P. Chiplock; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
**Cc:** Zeiss, Nicole; Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

Sure. If it works for them -- its fine with me

Lynn Lincoln Sarko
Managing Partner

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                                                                      LCHB-0053517

Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Phone: (206) 623-1900
Fax: (206) 623-3384
E-mail: lsarko@kellerrohrback.com

**From:** Sucharow, Lawrence [mailto:LSucharow@labaton.com]
**Sent:** Wednesday, August 26, 2015 1:25 PM
**To:** Lynn Sarko <lsarko@KellerRohrback.com>; Goldsmith, David <dgoldsmith@labaton.com>; 'rlieff@lieff.com' <rlieff@lieff.com>; Daniel P. Chiplock <DCHIPLOCK@lchb.com>; Michael Thornton <MThornton@tenlaw.com>; Garrett J. Bradley <gbradley@tenlaw.com>; Michael Lesser <MLesser@tenlaw.com>; 'Evan Hoffman' <EHoffman@tenlaw.com>; 'Kravitz, Carl S.' <ckravitz@zuckerman.com>; 'Brian McTigue' <bmctigue@mctiguelaw.com>
**Cc:** Zeiss, Nicole <NZeiss@labaton.com>; Rogers, Michael H. <MRogers@labaton.com>
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

Can we leave para 8(n) the general way it is and protect the DOL through the express provision of para 12 limiting fees charged to ERISA allocation to $10.9 million?

**From:** Lynn Sarko [mailto:lsarko@KellerRohrback.com]
**Sent:** Wednesday, August 26, 2015 3:42 PM
**To:** Goldsmith, David; 'rlieff@lieff.com'; Daniel P. Chiplock; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
**Cc:** Sucharow, Lawrence; Zeiss, Nicole; Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

David
Thanks for sending this. Sorry, I had misunderstood what you were saying on our call earlier today.

Two things:

1. I do think the language you proposed for paragraph 12 works—but just change it to $10.9 million.
2. On paragraph 8(n)- the problem is the word "fees"—since the DOL has given us a hard number for ERISA fees—that won't be going up or down. So—question—can we get rid of the word "fees" in this paragraph—does it still work?

What do you think??

Lynn

**Lynn Lincoln Sarko**
Managing Partner

Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Phone: (206) 623-1900
Fax: (206) 623-3384
E-mail: lsarko@kellerrohrback.com

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                                                                                    LCHB-0053518

**From:** Goldsmith, David [mailto:dgoldsmith@labaton.com]
**Sent:** Wednesday, August 19, 2015 2:59 PM
**To:** 'rlieff@lieff.com' <rlieff@lieff.com>; Daniel P. Chiplock <DCHIPLOCK@lchb.com>; Michael Thornton <MThornton@tenlaw.com>; Garrett J. Bradley <gbradley@tenlaw.com>; Michael Lesser <MLesser@tenlaw.com>; 'Evan Hoffman' <EHoffman@tenlaw.com>; Lynn Sarko <lsarko@KellerRohrback.com>; 'Kravitz, Carl S.' <ckravitz@zuckerman.com>; 'Brian McTigue' <bmctigue@mctiguelaw.com>
**Cc:** Sucharow, Lawrence <LSucharow@labaton.com>; Zeiss, Nicole <NZeiss@labaton.com>; Rogers, Michael H. <MRogers@labaton.com>
**Subject:** SST--Proposed Revision to Term Sheet for DOL Deal

All: The below reflects our proposed revisions to the Term Sheet (in red boldface) to reflect the imminent deal with the DOL on fees and expenses as certain of us discussed this morning (DOL has advised that they want the deal memorialized in the Term Sheet). Please comment. Thanks.


      8(n).    **Plan of Allocation.** . . . The amount allocated to the ERISA Plans and Investment Companies and other Settlement Class Members shall be increased or decreased by their proportional share (with respect to the Class Settlement Amount) of any interest, costs (including costs of notice and administration), expenses (including taxes), and fees and expenses of Plaintiffs' Counsel obtained or paid pursuant to permission of the Court. However, notice and administration expenses attributable solely to the claims of Class Members categorized as Group Trusts shall be paid solely out of the ERISA allocation, and the cost of any ERISA Independent Fiduciary shall be borne solely by SSBT and shall not be paid out of the Class Settlement Amount.

      12.    **Plaintiffs' Counsel's Attorneys' Fees and Expenses.**    Plaintiffs' Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid from the Class Escrow Account immediately upon award by the Court into an escrow account governed by an escrow agreement between Interim Lead Counsel, SSBT and a bank or other institution agreed upon by SSBT and Interim Lead Counsel (the "Interim Lead Counsel Escrow Account"), notwithstanding any appeals of the Settlement or the fee and expense award. Plaintiffs' Counsel ~~shall~~ **may** apply for their fees and expenses and any service awards for Plaintiffs against the entire Class Settlement Amount, but in no event shall more than Ten Million **Nine** Hundred Thousand Dollars **($10,900,000.00)** in fees be paid out of the $60 million portion of the Class Settlement Amount allocated to ERISA Plans, as referenced in Paragraph 8(n) above. In the event that the Effective Date does not occur or SSBT promptly provides written notice representing in good faith that the Effective Date has not and cannot occur due to developments with the DOJ Settlement, DOL Settlement, and/or SEC Settlement and explaining the grounds for the notice, Plaintiffs' Counsel severally shall be obliged to pay to SSBT all amounts paid to them from the Interim Lead Counsel Escrow Account within fourteen (14) business days. The prevailing party in any action to collect any amount due under this paragraph shall be entitled to recover interest and all of its costs of collection, including attorneys' fees. Should the fee and expense award be reduced by the Court or on appeal, all such fees and expenses received by Plaintiffs' Counsel in excess of those that are ultimately approved shall be repaid to the Class Escrow Account, along with interest at the Class Escrow Account rate of interest.


<image005.jpg>

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    LCHB-0053519

David J. Goldsmith | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0879 | F: (212) 883-7079
E: dgoldsmith@labaton.com | W: www.labaton.com

<image006.jpg> <image006.jpg> <image006.jpg>

***Privilege and Confidentiality Notice***

This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
<LCHB_iManage_1271399_1.DOC>
<LCHB_iManage_1271400_1.DOCX>


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
<LCHB_iManage_1271399_1.DOC>
<LCHB_iManage_1271400_1.DOCX>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                                                                                                         LCHB-0053521