# EX. 159

J. Brian McTigue

1

                                    Volume:  1

                                    Pages:  1-48


                    JAMS

Reference No. 1345000011/C.A. No. 11-10230-MLW


---------------------------------------

In Re:  STATE STREET ATTORNEYS FEES

---------------------------------------




BEFORE: Special Master Honorable Gerald Rosen,

        United States District Court, Retired




        DEPOSITION of J. BRIAN McTIGUE

        September 8, 2017, 4:30-5:27 p.m.

                    JAMS

              One Beacon Street

            Boston, Massachusetts



    Court Reporter:  Paulette Cook, RPR/RMR

Page 14

[redacted]

Page 15

[redacted]

Page 16

[redacted]

Page 17

1   **THE WITNESS:** No.
2   **THE SPECIAL MASTER:** About the fee?
3   **THE WITNESS:** No. Maybe I did. But I
4   don't recollect it. I don't think -- the
5   substantive discussion was the lower percentage --
6   I'm calling it 4. My request for a greater number.
7   And the resultant 9 percent.
8   **THE SPECIAL MASTER:** That was with
9   Mr. Sarko?
10  **THE WITNESS:** Yes. Well, I think I got
11  an e-mail from an attorney at Keller Rohrback saying
12  this is the best we can do.
13  **BY MR. SINNOTT:**
14  Q.  At some point, Brian, did you learn about a
15  referring attorney or an individual named Damon
16  Chargois in connection with the State Street case?
17  **A.  Yes, I did.**
18  Q.  And when did you learn that?
19  **A.  Well, I learned it from the special master's**
20  **-- first learned it in the special master's**
21  **proceedings this year.**
22  Q.  All right. And what was your reaction when
23  you heard that?
24  **THE SPECIAL MASTER:** Would that have

Page 18

[redacted]

Page 19

[redacted]

Page 20

[redacted]

Page 21

1  the context of Rule 103, Federal Rule of Evidence
2  103?
3     **MS. LUKEY:** Well, I didn't look up the
4  rule, but basically when there's a nonresponsive
5  answer, I want to be able to contend that it
6  shouldn't be used as part of the record.
7     **THE SPECIAL MASTER:** Okay.  Rule 103
8  says objections and motions to strike have to be
9  made at, or as near as possible, to the time of the
10 testimony objected to or move to strike.
11     So that was the question I was asking,
12 and I'll be happy to grant that.
13    **MS. LUKEY:** Thank you.
14    **BY MR. SINNOTT:**
15 Q.  Brian, had you known of the existence of and
16 the role of Mr. Chargois in this case, would you
17 have done anything differently?
18 A.  Yes.
19 Q.  Could you explain that to us?
20 A.  **Well, with respect to the 9 percent**
21 **agreement, I wouldn't have signed it if I had known**
22 **that he was involved and would be receiving 5**
23 **percent or 4 million dollars of the attorneys' fees**
24 **to be awarded.**



Page 23

1  behalf of their plans.
2  **THE SPECIAL MASTER:** Do you believe you
3  would have had to have disclosed that to your
4  client; that Chargois --
5  **THE WITNESS:** Yes, I do.
6  **THE SPECIAL MASTER:** -- arrangement?
7  **BY MR. SINNOTT:**
8  Q.  Do you believe that settlement negotiations
9  were affected by the presence, albeit without your
10 knowledge, of Mr. Chargois in the case?
11 **A.  I don't know.  I don't know.  Because I -- I**
12 **didn't -- I didn't know him during that period of**
13 **time.**
14 **So those people who knew of him, you**
15 **know, it did or did not factor into their posture,**
16 **but I didn't know of him so it couldn't factor into**
17 **my posture.**
18 **THE SPECIAL MASTER:** Would it have
19 affected your agreement to accept 9 or 10 percent if
20 you had known that Mr. Chargois was getting 5.5
21 percent?
22 **THE WITNESS:** Yes, but because it would
23 give me some leverage to get more information.
24 It was one of the few points of leverage

Case 1:11-cv-10230-MLW   Document 401-158   Filed 07/23/18   Page 6 of 6

In Re: State Street Attorneys Fees

J. Brian McTigue
September 8, 2017

Page 26

Page 27

Page 28

Page 29



Page 29:

1   information -- did you believe you had complete
2   information sufficient to make a determination as to
3   whether the 9 percent in the agreement was a fair
4   allocation?
5       **THE WITNESS:** No.
6       (Pause.)
7       **THE WITNESS:** But, as I said, I gave it
8   up for the clients.
9       **THE SPECIAL MASTER:** Do you think you
10  would have still given it up had you known about
11  Mr. Chargois in order to get the additional
12  disclosure?
13      **THE WITNESS:** No, because --
14      **MS. LUKEY:** Objection.
15      **THE WITNESS:** No, I would not.
16      **THE SPECIAL MASTER:** Why?
17      **THE WITNESS:** Because I would have had
18  some bargaining power. You disclose it to the
19  Court.
20      **THE SPECIAL MASTER:** I'm sorry, I missed
21  the last -- you dropped your voice.
22      **THE WITNESS:** Oh. I said I would have
23  had some bargaining power. I would have said I'm
24  not signing this agreement. We'll just litigate