# EX. 163

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                                  March 8, 2017

    In a February 6, 2017 Order the court gave notice that it was considering appointing, pursuant to Federal Rule of Civil Procedure 53, Retired United States District Judge Gerald Rosen as

a Master to investigate and submit a Report and Recommendation concerning issues that have emerged concerning the court's award of more than $75,000,000 in attorneys' fees, expenses, and service awards in this class action. The parties[1] responded to that Order. A hearing concerning this matter was held on March 7, 2017.

For the reasons described in detail at the March 7, 2017 hearing, it is hereby ORDERED that pursuant to Federal Rule of Civil Procedure 53:

1. Judge Rosen is appointed as Master (the "Master").[2] The Master may retain any firm, organization, or individual he deems necessary to assist him in the performance of his duties.

2. The Master shall investigate and prepare a Report and Recommendation concerning all issues relating to the attorneys' fees, expenses, and service awards previously made in this case. The Report and Recommendation shall address, at least: (a) the

---

[1] In this Order, the nine law firms that served as class counsel and the named plaintiffs are collectively referred to as the "parties."

[2] After the disclosure required by Federal Rule of Civil Procedure 53(a)(2)&(b)(3) and discussion at the hearing, each of the law firms representing members of the class agreed that Judge Rosen's disqualification is not required by 28 U.S.C. §455(a) or (b). The McTigue Law firm withdrew its earlier objection under §455(a). Each firm also waived any possible objection under §455(a) as permitted by §455(e). The court also found that Judge Rosen's disqualification is not required by §455.

2

accuracy and reliability of the representations made by the parties in their requests for awards of attorneys' fees and expenses, including but not limited to whether counsel employed the correct legal standards and had a proper factual basis for what was represented to be the lodestar for each firm; (b) the accuracy and reliability of the representations made in the November 10, 2016 letter from David Goldsmith, Esq. of Labaton Sucharow, LLP to the court (Docket No. 116); (c) the accuracy and reliability of the representations made by the parties requesting service awards; (d) the reasonableness of the amounts of attorneys' fees, expenses, and service awards previously ordered, and whether any or all of them should be reduced; (e) whether any misconduct occurred in connection with such awards; and, if so, (f) whether it should be sanctioned, see e.g. Fed. R. Civ. P. 11(b)(3)&(c); Massachusetts Supreme Judicial Court Rule of Professional Conduct 3.3(a)(1)&(3).

3. The Master shall proceed with all reasonable diligence, and either submit his Report and Recommendation by October 10, 2017 or request an extension of time to do so. See Fed. R. Civ. P. 53(b)(2).

4. The Master shall have the authority described in Federal Rule of Civil Procedure 53(c)(1) and (2). Therefore, among other things, the Master shall have the authority to compel, take, and record evidence. This includes the authority to: require the

3

production of documents and other records from the parties and third-parties; require responses to interrogatories, and other requests for information and admissions; conduct depositions; and conduct hearings.

5. The Master may communicate <u>ex parte</u> with any party. <u>See</u> Fed. R. Civ. P. 53(b)(2)(B).

6. The Master may communicate <u>ex parte</u> with the court on administrative matters. The Master may also, <u>ex parte</u>, request permission to communicate with the court <u>ex parte</u> on particular substantive matters. Requests for <u>ex parte</u> communications with the court on substantive matters should be minimized.[3] <u>See</u> Fed. R. Civ. P. 53(b)(2)(B).

---

[3] In the February 6, 2017 Memorandum and Order the court proposed to permit the Master to communicate <u>ex parte</u> with the court only concerning administrative matters. At the March 7, 2017 hearing the court stated it might allow the Master to request an opportunity for an <u>ex parte</u> communication on a substantive matter. The court subsequently reviewed several orders appointing masters which all authorize <u>ex parte</u> communications with the court on any matter. The court now finds that substantive communications should not be completely prohibited in this case because there may be some unforeseen need for them.

As the February 6, 2017 Order did not provide notice that the court may allow the Master to communicate with it <u>ex parte</u> regarding substantive matters, and the court did not state at the March 7, 2017 hearing that it would do so, the parties may, by March 16, 2017, object to the granting of this authority and explain the basis for their objection. If any objection is made, the court will consider this issue further.

4

7. The Master may also request that a submission to the court which is being served on one or more parties be made under seal.

8. Any order issued by the Master shall be filed for entry on the docket of this case and served on each party. See Fed. R. Civ. P. 53(d). However, the Master may request that an order be filed under seal and/or not be served on any party or all parties.

9. Any objection to an order issued by the Master shall be filed within 10 days of service. Any responses shall be filed within 10 days of the service of such objection. Any such objection will be decided in the manner described in Federal Rule of Civil Procedure 53(f).

10. The Master's Report and Recommendation shall be served promptly on each party. See Fed. R. Civ. P. 53(e).

11. The Master shall make and preserve a complete record of the evidence concerning his recommended findings of fact and any conclusions of law. Such record shall be filed with the Master's Report and Recommendation. The Master may move to have the record filed under seal. If any such motion is made and granted, the court may require that a redacted version be filed for the public record. See Fed. R. Civ. P. 53(b)(2)(C)&(D).

5

12. Action on the Master's Report and Recommendation will be taken in the manner described in Federal Rule of Civil Procedure 53(f).

13. Labaton Sucharow, LLP, shall, by March 14, 2017, pay to the Clerk of the United States District Court for the District of Massachusetts $2,000,000.[4] This payment shall be made only from the award of attorneys' fees and expenses distributed to Labaton Sucharow, LLP, the Thornton Law Firm LLP, and Lieff, Cabrasser, Heimann & Bernstein LLP. See Fed R. Civ. P. 53(g)(3). This payment is without prejudice to any right such firms may have to seek contribution from other firms which received some of the attorneys' fees awarded on November 2, 2016 if that award is reduced in the future. It is the court's intention, however, that this $2,000,000 come solely from the funds distributed to the foregoing three firms that generated the issue that prompted the appointment of the Master.

14. From the fund established pursuant to paragraph 13 hereinabove, the court will pay the reasonable fees and the expenses of the Master and any firm, organization, or individual he may retain to assist him. The court understands that the Master

---

[4] If the expense of the Master's work exceeds $2,000,000, the court will order additional payments.

6

will charge $800 per hour for his services and finds that rate to be reasonable.

The Master shall submit monthly, <u>ex parte</u> and under seal, a request for payment with a description of the hours worked and the services rendered, as well as supporting documentation for any expenses to be reimbursed.

The court intends to disclose the cost of the Master at the conclusion of these proceedings.

15. As the Master will be exercising judicial authority and performing judicial functions, the Master and those assisting him shall have the immunities of judicial officers of the United States. <u>See</u> <u>Nystedt v. Nigro</u>, 700 F.3d 25, 30 (1st Cir. 2012).

16. This Order may be modified upon request of the Master or a party, or by the court <u>sua sponte</u>, after providing notice and an opportunity to be heard. <u>See</u> Fed. R. Civ. P. 53(b)(4).

UNITED STATES DISTRICT JUDGE