# EX. 164

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 11-cv-10230 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 11-cv-12049 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 12-cv-11698 MLW |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) | |

## LABATON SUCHAROW LLP'S RESPONSE TO SPECIAL MASTER HONORABLE GERALD E. ROSEN'S (RET.) FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Labaton Sucharow LLP ("Labaton Sucharow" or the "Firm") responds as follows to the Special Master Honorable Gerald E. Rosen's (Ret.) First Request for the Production of Documents ("First RFP").

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each response to the requests in the First RFP ("Requests"), below, whether or not they are referenced in a specific response below.

1.      Labaton Sucharow objects to Instruction No. 1 as overbroad, irrelevant, and lacking in proportionality.  Per agreement of counsel to the Special Master, Labaton Sucharow will construe the term "you", "your", "the Firm", and "the Law Firm" to refer to Labaton Sucharow, LLP, and its employees.

2.      Labaton Sucharow objects to Instruction A as overbroad, irrelevant, lacking in proportionality, and potentially calling for the production of documents protected by the attorney-client privilege and/or work product protection.  Based on discussions with counsel to the Special Master, the Firm understands that Requests seeking documents and information "during the SST Litigation" (or words to that effect) means from the beginning of Labaton Sucharow's work on the SST Litigation through the Court's entry of the Fee Award on November 2, 2016.

3.      Labaton Sucharow objects to the extent that Instructions C and J purport to require the Firm to determine whether there are documents no longer in its possession, custody or control and state the disposition of such documents, as such requirements would be beyond the scope of the applicable rules of civil procedure.

- 2 -

4.     Labaton Sucharow objects to the extent that Instruction E would prohibit redaction of documents.  As agreed during undersigned counsel's discussions with counsel to the Special Master, there may be instances where redactions are appropriate.

5.     Labaton Sucharow objects to the requirement in Instruction F that all produced documents must be organized into categories indicating the specific Request to which they are responsive.  The Firm will endeavor to comply with this instruction, but there may be instances (particularly with respect to email) where it will not be feasible to organize all responsive documents by category, in which case they will be produced as they are kept in the ordinary course of business as permitted by Fed. R. Civ. P. 34(b)(2)(E)(i).

6.     Labaton Sucharow objects to the Requests to the extent they seek information protected by the attorney-client privilege, the attorney work product doctrine, or otherwise is privileged, protected or exempt from discovery.

7.     Labaton Sucharow objects to the Requests to the extent they purport to impose obligations that differ from or exceed those imposed by the Federal Rules of Civil Procedure, particularly Rule 34, and by any court decisions interpreting those Rules.

8.     Labaton Sucharow objects to the Requests to the extent they seek information beyond the scope of, or not relevant to, the Courts' February 6, 2017 Memorandum and Order in the above-referenced cases.

9.     In responding to the Requests, Labaton Sucharow has made reasonable efforts to respond based on its understanding and interpretation of each Request.  If the Special Master subsequently asserts a reasonable interpretation of a Request which differs from that of Labaton Sucharow, Labaton Sucharow reserves the right to supplement its responses.

10.     Labaton Sucharow will make all reasonable efforts to produce documents

responsive to the Requests on or before the dates specified in discussions with counsel to the

Special Master on May 22, 2017.  Labaton Sucharow reserves the right to supplement its

productions should it require additional time to complete the production, and/or should

responsive documents be discovered following the designated dates for production.


## DOCUMENTS REQUESTED

1.     The Catalyst and Relativity document databases created or used in the SST
Litigation, as annotated, compiled and used in the course of the litigation and/or document
review, including instructions, software, and anything else necessary to access and analyze the
data therein. [July 10]

> RESPONSE:  Labaton Sucharow objects to this Request on the grounds that the words
> "annotated" and "compiled" in the context of the Request are vague and over broad.
> Labaton Sucharow further objects to this Request to the extent compliance would be
> prohibited by the November 19, 2012 Order for the Production and Exchange of
> Confidential Information (the "Protective Order") entered in the SST Litigation.  In the
> event that that such prohibition is resolved, the Firm will coordinate with Lieff Cabraser
> to produce the requested documents.

2.     All so-called "hot docs," as understood or identified by the Law Firm, and any
other documents or information identified during the SST Litigation bearing on the material
issues in the Litigation, including but not limited to liability and damages.  [June 9]

> MODIFICATION/RESPONSE:  Per the agreement of counsel to the Special Master, the
> Firm will respond to this Request by coordinating with Lieff Cabraser to provide the "hot
> docs" that are identified as such in the database produced in response to Request No. 1,
> should the referenced prohibition in the Protective Order be removed.

3.     All engagement letters, fee agreements, retention letters, and/or other documents
referring to, relating to, or evidencing terms of the Law Firm's representation of class
representatives, including but not limited to ARTRS, George Hopkins, Esq. in the SST
Litigation. [June 9]

> MODIFICATION:  Per the agreement of counsel to the Special Master, the Firm is only
> required to produce the agreement itself and any subsequent correspondence if it
> modified the terms of the agreement.

> RESPONSE:  Labaton Sucharow objects to the extent this Request calls for documents
> that may be privileged, does not waive any applicable privilege, and will produce any
> responsive documents only pursuant to the protective order entered by the Special Master

in this case.  Subject to the foregoing modification and objection, the Firm will produce responsive documents it locates following a reasonable search.[1]

4.      All agreements, other than those listed in Request No. 3, relating to Mr. Hopkins' role as a class representative in the SST Litigation, including his duties, obligations, and responsibilities as a class representative on the SST Litigation.  [June 9]

RESPONSE:  The Firm is aware of no such agreements.

5.      All engagement letters, fee agreements, retention letters, RFPs, and/or other documents referring to, relating to, or evidencing terms and/or hourly rates associated with the Law Firm's representation of hourly clients, from 2008 to the present.  [July 10]

MODIFICATION:  Per the agreement of counsel to the Special Master, the Request is narrowed to require production of documents only for the years 2010 and 2011, and identifying information can be redacted.

RESPONSE:  Labaton Sucharow objects to the extent this Request calls for documents that may be privileged, does not waive any applicable privilege, and will produce any responsive documents only pursuant to the protective order entered by the Special Master in this case.  Labaton Sucharow further objects to this Request on the grounds that the phrase "evidencing terms" is vague, over broad and seeks information that is not relevant in this proceeding.  Subject to the foregoing modification and objections, the Firm will produce responsive documents for the period 2010 to the present that it locates following a reasonable search.

6.      All engagement letters, fee agreements, retention letters, RFPs, and/or other documents referring to, relating to, or evidencing terms and/or hourly rates associated with the Law Firm's representation of non-hourly clients, from 2008 to the present. [July 10]

MODIFICATION:  Per the agreement of counsel to the Special Master, the Request is narrowed to require production of documents only for the years 2010 and 2011, and identifying information can be redacted.

RESPONSE:  Labaton Sucharow objects to the extent this Request calls for documents that may be privileged, does not waive any applicable privilege, and will produce any responsive documents only pursuant to the protective order entered by the Special Master in this case.  Labaton Sucharow further objects to this Request on the grounds that the phrase "evidencing terms" is vague, over broad and seeks information that is not relevant in this proceeding.  Subject to the foregoing modification and objections, the Firm will produce responsive documents it locates following a reasonable search.

7.      All documents and/or communications relating to how the Law Firm records, accounts for and/or seeks reimbursement for hours billed by Staff Attorneys in other class action

---

[1] Where this response indicates that Labaton Sucharow "will produce" documents, the Firm either will produce documents or identify relevant Bates numbers for documents previously produced.

or contingency cases, including the hourly rates the Law Firm would charge if successful, from 2010 to the present.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

8.       Copies of all billing rate tables, spreadsheets, fee binders, or other collection of the Law Firm's annual billing rates, from 2010 to the present. [June 9]

MODIFICATION:  Per the agreement of counsel to the Special Master, the Request is narrowed to require production of documents only for the years 2010-2011 and 2015-2016.

RESPONSE:  Labaton Sucharow objects to this Request on the grounds that the phrase "other collection of the Law Firm's annual billing rates" is vague and unintelligible. Subject to the foregoing modification and objections, the Firm will produce responsive documents for the period 2010 to the present that it locates following a reasonable search.

9.       All minutes, notes, recordings, memoranda or other documents relating to or created by the Law Firm's Executive Committee during meetings to determine annual billing rates, from 2008 to the present.  [June 9]

MODIFICATION:  Per the agreement of counsel to the Special Master, the Request is narrowed to require production of documents only for the years 2010-2011 and 2015-2016.

RESPONSE:  Labaton Sucharow objects to this Request on the grounds that it is vague. Subject to the foregoing modification and objections, the Firm will produce responsive documents it locates following a reasonable search.

10.       All minutes, notes, recordings, memoranda or other documents relating to or created by the Law Firm's Rate Sub-Committee during meetings to determine annual billing rates, from 2008 to the present. [June 9]

MODIFICATION:  Per the agreement of counsel to the Special Master, the Request is narrowed to require production of documents only for the years 2010-2011 and 2015-2016.

RESPONSE:  Labaton Sucharow objects to this Request on the grounds that it is vague. Subject to the foregoing modification and objections, the Firm will produce responsive documents it locates following a reasonable search.

11.       All documents and/or communications between and among members of the Rate Sub-Committee and Executive Committee relating to review and adjustment of annual billing rates, from 2008 to the present.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

- 6 -

12.     All documents and/or communications relating to the Law Firm's internal classification of costs and expenses, including but not limited to any ethical, legal, or factual opinions solicited by the Firm of third parties regarding the classification of Staff Attorneys as fees vs. expenses.  [June 1]

MODIFICATION:  Per the agreement of counsel to the Special Master, the underlined portion of the Request is deleted.

RESPONSE:  Labaton Sucharow objects to this Request to the extent it seeks attorney client privileged material or work product from cases unrelated to the SST Litigation. Subject to the foregoing modification and objections, the Firm will produce responsive documents it locates following a reasonable search.

13.     A complete set of time records for all attorneys, including Staff Attorneys, and other Law Firm staff who worked on or contributed to the SST Litigation, including but not limited to hand-written time sheets/ledgers, emails, electronic entries, pre-bills, and/or client bills, including the hourly rate billed and/or corresponding to the hours recorded.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

14.     All documents referring to, relating to, evidencing or constituting the basis for and amounts of any costs and expenses billed, incurred or charged by the Law Firm for legal or other services rendered in connection with the SST Litigation including but not limited to documents pertaining to the terms under which Staff Attorneys and/or third parties provided services to the Law Firm in the Lawsuit.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

15.     All documents and/or communications relating to or evidencing the Law Firm's use of Catalyst in connection with the SST Document Review, including all records of time spent in the Catalyst database, costs incurred, and coding of electronic documents.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

16.     All W-2s, 1099s, paystubs, or other documentation of payments made to the Firm attorneys and non-legal staff assigned to or who contributed to the SST Litigation, for work performed on the Litigation.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

17.     All W-2s, 1099s, paystubs, or other documentation of payments made to the Firm's Staff Attorneys assigned to or who contributed to the SST Litigation, for work performed on the Litigation.  [June 1]

MODIFICATION:  Per the agreement of counsel to the Special Master, W-2s and 1099s are sufficient if they provide the requested information.

RESPONSE:  Labaton Sucharow objects to this Request to the extent it seeks personal and confidential identification and financial information, including social security numbers. Subject to the foregoing modification and objections, the Firm will produce responsive W-2s and 1099s, and will produce and/or has produced the Staff Attorneys' hourly rates and time records reflecting hours billed to the SST Litigation.

18.     All documents referring to, relating to, evidencing or constituting discussions between the Law Firm and the Plaintiffs' Law Firms relating to sharing costs and/or expenses of the SST Document Review/SST Litigation, including but not limited to sharing the cost of Staff Attorneys, hosting costs for Catalyst database, and other expenses associated with conducting voluminous document review.  [July 10]

RESPONSE:  Labaton Sucharow objects to this Request on the grounds that the phrase "other expenses associated with conducting voluminous document review" is vague and unintelligible.  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

19.     All agreements, contracts, or memorialization of an arrangement to allocate and/or share the cost of certain of the Law Firm's Staff Attorneys to Thornton, including the compensation, reimbursement, and/or invoicing of costs associated with the same.  [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

20.     All documents referring to, relating to, evidencing or constituting discussions with Thornton regarding Thornton's plan or intention to include Staff Attorney time as part of Thornton's Fee Petition and/or Lodestar calculation.  [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

21.     All expert reports, factual or legal opinions, or other work product solicited from a third-party by the Law Firm in connection with factual and/or legal issues arising in the SST Litigation, including but not limited to the foreign-exchange market, foreign-exchange trading practices, and custodial management of retirement funds.  [July 10]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

22.     All documents and/or communications relating to or evidencing discussions between and among the Law Firm, the Plaintiffs' Law Firms, and/or ERISA counsel regarding the allocation of a certain percentage of the Fee Award among counsel, including but not limited to agreements to pay ERISA counsel a fixed percentage of the total Fee Award.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

23.    All documents and/or communications relating to discussions between and among the Plaintiffs' Law Firms and ARTRS/George Hopkins regarding the substantive allegations and progress of the SST litigation, including but not limited to the filing of the complaint/amended complaint, court orders, mediation, and/or the agreement to settlement in principle.  [July 10]

RESPONSE:  Labaton Sucharow objects to this Request to the extent it seeks privileged attorney-client communications and/or protected attorney work product.  Labaton Sucharow further objects to this Request on the grounds that it seeks documents not relevant to the subject matter of this proceeding.  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

24.    All documents and/or communications with ARTRS/George Hopkins regarding the Final Settlement, including but not limited to the fairness of the total award for the class, payment of service award, and the Fee Award, including any allocation of those fees among counsel.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

25.    Current CVs or resumes for all Staff Attorneys who worked on or contributed to the SST Litigation/Document Review.  [June 1]

RESPONSE:  Subject to the foregoing objections, the Firm has produced responsive documents it located following a reasonable search.

26.    All written guidance, training manuals, policies/procedures, search criteria, other documents provided to the Firm's Staff Attorneys relating to the SST Document Review, including but not limited to materials related to use of Catalyst database.  [June 1]

RESPONSE:  Subject to the foregoing objections, the Firm has produced and/or will produce responsive documents it has located or locates following a reasonable search.

27.    All other documents relating to the SST Litigation, other than those responsive to Request No. 26 above, that the Law Firm provided to its Staff Attorneys, including but not limited to case pleadings, mediation reports, legal memoranda.  [June 1]

RESPONSE:  Subject to the foregoing objections, the Firm has produced and/or will produce responsive documents it has located or locates following a reasonable search.

28.    All written work product produced by Staff Attorneys assigned to the SST Litigation/SST Document Review, including all memoranda, factual summaries, deposition preparation, written analyses, witness kits, summaries.  [June 1]

RESPONSE:  Labaton Sucharow objects to the extent this Request could be construed to require the production of (for example) any email, notes, or other document that might be

classified broadly to fall within the category of "work product."  Subject to the foregoing objections, the Firm has produced and/or will produce memoranda or similar formal work product produced by Staff Attorneys that is responsive to this Request and that it has located or locates following a reasonable search.

29.     A complete copy of the binder(s) containing discursive memoranda pertaining to the SST Litigation/SST Document Review, including all attachments.  [June 1]

RESPONSE:  Subject to the foregoing objections, the Firm has produced responsive documents it located following a reasonable search.

30.     All presentations, memoranda, or other submissions, including potential exhibits, any plaintiffs' counsel prepared for or submitted to the mediator, including all exhibits thereto.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

31.     All communications between the Law Firm and counsel for State Street relating to the SST Litigation, including but not limited to document productions, mediations, and settlement.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

32.     All communications with the U.S. Department of Labor, including all local field offices, the U.S. Attorney's Office, the U.S. Department of Justice, and/or the U.S. Securities and Exchange Commission relating to the SST Litigation.  [July 10]

RESPONSE:  Labaton Sucharow objects to this Request on the grounds that it is over broad and seeks communications that are not relevant to the subject matter of this proceeding.  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

33.     All documents and/or communications between and among Danette MacKenzie, Todd Kussin, and other members of the Law Firm relating to selecting and staffing Staff Attorneys on the SST Litigation/SST Document Review.  [June 1]

RESPONSE:  Labaton Sucharow objects to the June 1 deadline for this response, as the Request is too voluminous to complete in that time, particularly to the extent it requires an email, keyword search on multiple email accounts over multiple years.  Subject to the foregoing objections, the Firm will endeavor to produce easily-identifiable, responsive documents by June 1, and all other responsive documents it locates following a reasonable search by July 10.

34.     All documents and/or communications relating to the allocation of Staff Attorneys to Thornton under the cost-sharing agreement entered in or about 2014 or 2015.  [June 9/July 10]

MODIFICATION:  Per the agreement of counsel to the Special Master, responsive documents from the files of partners being deposed in this matter are to be produced by June 9; responsive documents in other locations are due to be produced by July 10.

RESPONSE:  Subject to the foregoing modifications and objections, the Firm will produce responsive documents it locates following a reasonable search.

35.     All documents relating to, referring to or evidencing a secondary review or quality control process of the SST Document Review performed by the Law Firm, including but not limited to any emails between and among Mike Rogers, Todd Kussin, and the Staff Attorneys.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

36.     All documents and/or communications between and among the Law Firm and its accounting and/or billing personnel relating to the accounting for, recording, and/or invoicing of Staff Attorneys for whom Thornton had agreed to share the costs.  [June 1]

RESPONSE:  Labaton Sucharow objects to the June 1 deadline for this response, as the Request is too voluminous to complete in that time, particularly to the extent it requires an email, keyword search on multiple email accounts over multiple years.  Subject to the foregoing objections, the Firm will endeavor to produce easily-identifiable, responsive documents by June 1, and all other responsive documents it locates following a reasonable search by July 10.

37.     All documents and/or communications between and among the Law Firm and accounting and/or billing staff requesting nullification of or requesting removal from the Fee Petition of certain hours worked by Staff Attorneys for whom another firm or Company had agreed to share the costs, including but not limited to all emails between and among David Goldsmith, Nicole Zeiss, Ray Politano, and/or Howard Goldberg discussing such nullification or removal.  [June 1]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents (if any) it locates following a reasonable search.

38.     All documents and/or communications between and among the Law Firm and accounting and/or billing staff requesting nullification of or requesting removal from a fee petition or report of certain hours worked by Staff Attorneys for whom another firm or Company had agreed to share the costs in other class actions or litigation matters.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

39.     All invoices, requests for payment, and/or similar documents sent to or requested by Thornton pursuant to the cost-sharing agreement between the Firm and Thornton to share the costs of certain Staff Attorneys, including all emails or other communications related to the same.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

40.    All documents relied upon by the Law Firm in preparing and filing the Firm's Fee Petition, including but not limited to expense reports, billing records, emails, invoices, and/or other records.  [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

41.    All documents, other than those requested in Request No. 40 above, reviewed or considered by the Law Firm in calculating the Firm's Lodestar calculation, including all materials reviewed by Nicole Zeiss.   [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

42.    All documents relating to, referring to, or constituting the Law Firm's Fee Petition, including all drafts, spreadsheets, outlines, notes, emails.  [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

43.    All documents relating to, referring to, or constituting the Motion for Attorneys' Fees, including all drafts, spreadsheets, outlines, notes, emails.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

44.    All documents relied upon by the Law Firm in preparing and filing the Motion for Attorneys' Fees.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

45.    All documents and/or communications relating to the Law Firm's preparation of a draft or sample small fee declaration, copies of which were circulated to other law firms for completion and submitted to the Court as part of the firms' respective Fee Petitions.  [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

46.    All communications between and among the Law Firm, the Plaintiffs' Law Firms, and the ER1SA firms, relating to preparation of the Motion for Attorneys' Fees and/or the Fee Petitions filed in the SST Litigation.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

47.     All documents and/or communications relating to the discovery of billing errors disclosed in the November 10, 2016 Letter filed with the Court, including but not limited to communications between and among you, the Plaintiffs' Law Firms, class representatives, and/or the ERISA firms.  [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

48.     All documents, including notes, outline, drafts and exhibits, explaining or attempting to correct any part of the Fee Petition(s).

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

49.     All documents illustrating, demonstrating, or establishing any errors you or anyone identified in any part of the Fee Petition(s).

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

50.     All documents relating to, referring to, evidencing, or constituting the November 10, 2016 Letter, including all drafts, outlines, notes, and communications relating to the filing of that correspondence.  [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

51.     All documents and/or communications relating to, referring to or evidencing corrective actions or subsequent review taken by the Law Firm after discovery of the billing errors disclosed in the November 10, 2016 Letter.

MODIFICATION:  Per the agreement of counsel to the Special Master, this Request is stricken.

52.     All documents and/or communications relating to the December 17, 2016 Article, including but not limited to communications between and among the Law Firm, the Plaintiffs' Law Firms, class representatives, and/or the ERISA firms. [June 9]

RESPONSE:  Labaton Sucharow objects to the extent this Request would require the Firm to search outside of the key custodians who were involved in the SST Litigation. Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search regarding the key custodians involved in the SST Litigation.

53.     All documents relating to Michael Bradley's involvement in the SST Litigation/SST Document Review, including but not limited to communications with Mr. Bradley and all documents relating to or referring to an agreement between Mr. Bradley and Thornton to participate in the SST Document Review. [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

54.     All documents relating to, referring to or evidencing payments made to Michael Bradley in connection with his work on the SST Litigation/SST Document Review. [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

55.     All written work product produced by Michael Bradley as part of his involvement in the SST Litigation/SST Document Review, including all memoranda, factual summaries, deposition preparation, written analyses, witness kits, summaries. [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

56.     All documents you may contend support your Fee Petition for reimbursement of fees and/or expenses, which you have not produced thus far. [June 9]

RESPONSE:  Subject to the foregoing objections, the Firm will produce responsive documents it locates following a reasonable search.

Dated:  May 26, 2017

*/s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel:  (617) 248-5000
joan.lukey@choate.com
jwolosz@choate.com

*Attorneys for Labaton Sucharow LLP*

8111472

## <u>CERTIFICATE OF SERVICE</u>

I, Justin J. Wolosz, hereby certify that I have caused a copy of the foregoing Labaton Sucharow LLP's Response To Special Master Honorable Gerald E. Rosen's (Ret.) First Request for the Production of Documents to be served via email and overnight mail upon William F. Sinnott, Donoghue Barrett & Singal, P.C., One Beacon Street, Suite 1320, Boston, MA  02108.

*/s/ Justin J. Wolosz*
Justin J. Wolosz