# EX. 177

**From:** Damon Chargois <damon@cmhllp.com>
**Sent:** Saturday, October 18, 2014 1:15 PM
**To:** Belfi, Eric J. <EBelfi@labaton.com>
**Subject:** Re: Eric, in reviewing your text regarding HP, it appe

That helps, Eric. Thank you

Sent from my iPhone

> On Oct 18, 2014, at 12:14 PM, "Belfi, Eric J." <EBelfi@labaton.com> wrote:
>
> With Garrett and all referrers we deal with, it is done exactly in the same manner. As long as I have been with Labaton, we have never done it any other way. It is the only equitable way that we see dividing up the referral fees.
>
>
> -----Original Message-----
> From: Damon Chargois [mailto:damon@cmhllp.com]
> Sent: Saturday, October 18, 2014 12:59 PM
> To: Belfi, Eric J.
> Subject: Re: Eric, in reviewing your text regarding HP, it appe
>
> This isn't my understanding, but I will go over all of our correspondence before going further. Do you calculate Garrett's firm's fee split in the exact same manner (his referred client's percentage of loss relative to total loss alleged by all Labaton clients times Labaton's fee times 20%)?
>
>
> Sent from my iPhone
>
>> On Oct 18, 2014, at 11:08 AM, "Belfi, Eric J." <EBelfi@labaton.com> wrote:
>>
>> Damon:
>>
>> Unlike Colonial where there was a modification, here this is not a modification. Arkansas only represented 23 percent of the losses so you are only entitled to receive 23 percent of the 20 percent or 4.6%. In Colonial, after the fee split, we asked you to reduce the percentage below the pro rata split because the case was a loss to us. We could not afford to pay out 20 percent in that case.
>>
>>
>> In this case, there were 4 different Labaton clients that we had obligations on all of them. As indicated to you yesterday, we would not have been appointed lead without those 3 other clients and our relationship with Motley Rice because their client had a much larger loss.
>>
>>
>> Going forward, you should know that Arkansas is almost never sole lead so this is going to happen in almost every case. It is not a modification, it is just how the agreement works.
>>
>>
>> I am around all day if you want to discuss further.
>>
>> Eric
>>
>> -----Original Message-----
>> From: Damon Chargois [mailto:damon@cmhllp.com]

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                                              LBS017593

\>\> Sent: Saturday, October 18, 2014 9:15 AM
\>\> To: Belfi, Eric J.
\>\> Subject: Eric, in reviewing your text regarding HP, it appe
\>\>
\>\> Eric, the call kept dropping, so I'm sending this email. In reviewing your text regarding HP, it appears that Labaton is trying to use the fee calculation done as a special consideration for Garrett's 20% additional interest in the Colonial Bank settlement (since both ATRS and clients via Garrett are in that case) as a precedent to change our fee agreement in ALL of the pension fund cases in which ATRS is a plaintiff. This is contrary to your express assurance to us that if we agreed to that accommodation in Colonial Bank, it would not be used as a precedent in cases where Garrett isn't involved. I acknowledge that we have discussed, in the past, treating certain cases where Labaton has multiple fee split obligations to referring firms differently on a case by case basis, but only after we both discuss and agree, with you giving me advanced notice of your intentions so that I can handle it with my partners on my end; not what you have done here in the HP case.

\>\>
\>\> I am very concerned that you guys are attempting to significantly, substantially and materially alter our agreement. Our deal with Labaton is straightforward-- we got you ATRS as a client (after considerable favors, political activity, money spent and time dedicated in Arkansas) and Labaton would use ATRS to seek lead counsel appointments in institutional investor fraud and misrepresentation cases. Where Labaton is successful in getting appointed lead counsel and obtains a settlement or judgment award, we split Labaton's attorney fee award 80/20. Period.

\>\>
\>\> As I said in my text to you regarding HP and your allocation, I understand the circumstances in this case and am ok with the fee split in this instance. We are not changing our fee split agreement for all of the other pension fund cases. You promised me that you would give me advanced notice of when you guys would seek a modification or accommodation on a given settlement and I want you to keep to that going forward.

\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\>
\>\> Sent from my iPhone
\>\>
\>\>
\>\> ***Privilege and Confidentiality Notice***
\>\>
\>\> This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

\>\>
\>\>

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                    LBS017594