# EX. 181

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |

## MCTIGUE LAW LLP'S RESPONSE TO THE
## COURT'S FEBURARY 6, 2017 MEMORANDUM AND ORDER

McTigue Law LLP ("McTigue Law") is a firm representing plaintiffs who brought

claims in this action pursuant to ERISA, 29 U.S.C. §1001 *et seq.* McTigue Law respectfully

files this response to the Court's February 6, 2017 Memorandum and Order (Dkt. No. 117;

"Order").[1]

McTigue Law does not object to the appointment of a special master, as discussed in the

Court's Order. However, McTigue Law does request three modifications of the proposal in the

Order.

## I.     The Proposed Scope of the Special Master's Investigation is Too Broad

The Order proposes that the special master investigate "the accuracy and reliability of the

representations that were made in connection with the request for an award of attorneys' fees and

expenses, the reasonableness of the award of $74,541,250 in attorneys' fees and $1,257,697.94

in expenses, and any related issues that may emerge in the special master's investigation."

(Order at 8).

McTigue Law believes the scope of the proposed investigation is too broad. All of the

allegations of irregularities referenced in the Court's Order pertain exclusively to the three firms

that served as co-counsel for non-ERISA Plaintiff Arkansas Teachers Retirement System:

Labaton Sucharow LLP, Lieff Cabraser Heimann & Bernstein LLP, and the Thorton Law Firm

LLP.[2] There have been no allegations of irregularities with respect to the fee petition of

McTigue Law. McTigue Law had no co-counsel agreement with any of the three firms at issue,

represented distinct clients in independently filed actions, did not employ any contract attorneys,

---

[1] Docket numbers refer to those in the captioned Arkansas Teacher Retirement System v. State
Street Bank and Trust Company, No. 11-cv-10230 MLW.

[2] While the law firm of Labaton Sucharow LLP identified itself as Plaintiffs' Lead Counsel for
the settlement, McTigue Law does not believe that position applies in these post settlement
proceedings, especially where the firms involved clearly now have different interests.

included none in its lodestar report, did not engage in make-work document review, and had no knowledge of the alleged irregularities of the three firms at issue until after they became public. Moreover, McTigue Law's multiplier in the case is 0.90, likely far below the multipliers of the three firms at issue, and reflects that McTigue Law provided its services at a discount to the class in this case. McTigue Law thus requests that the terms of the special master's appointment be limited to an investigation of the accuracy and merit of the fee and expense petitions of the three firms at issue. Requiring McTigue Law to expend time and expenses to resolve irregularities in which it had no part, and of which it no knowledge, unnecessarily and unfairly burdens it.

## II.  McTigue Law Objects to Judge Rosen and Suggests Judge Rosenbaum as an Alternative

McTigue Law objects to the appointment of Judge Rosen (ret.) as a special master in this case. McTigue Law believes the relationship between Judge Rosen and a partner, Ms. Elizabeth Cabraser, of one of the firms at issue, is of a nature that the special master's "impartiality might be reasonably questioned." See 28 U.S.C. § 455(a). Disqualification under §455(a) is appropriate where "the facts provide what an objective, knowledgeable member of the public would find to be a *reasonable* basis for doubting the judge's impartiality." *United States v. Salemme*, 164 F. Supp. 2d 49, 52 (D. Mass. 1998), quoting *In re Allied-Signal, Inc.*, 891 F.2d 967, 970 (1st Cir. 1989) (emphasis in the original, citations omitted). "[A] reasonable person may question impartiality without the presence of any evidence that a judge is subjectively biased." *In re Bulger*, 710 F.3d 42, 46 (1st Cir. Mass. 2013) (reasonable to question the impartiality of a judge who had supervised prosecutorial actions in the same district and during some of the time of the events of the immediate criminal case, despite the court's belief in the judge's "sincerity"). The disqualification decision is balancing act that "must reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to

prevent parties from too easily obtaining the disqualification of a judge. . . ."). *Salemme,* 164 F. Supp. 2d at 52, quoting *In re Allied-Signal,* 891 F.2d at 970 (emphasis omitted).

Ms. Cabraser worked on this case. (Dkt. #104-17, Exh A). Her firm's fee petition would be reviewed by the special master. (Dkt. #117, at 8, 11). Ms. Cabraser and the proposed special master are co-authors of a book which produces royalties semi-annually, and requires continuing collaboration. They have served on panels together at various legal events. (Dkt. #117, at Exh. D). Given these relationships, McTigue Law believes that an "objective, knowledgeable member of the public" would be justifiably concerned about the special master's ability to fairly assess the conduct of Ms. Cabraser's firm under these circumstances, despite no evidence of Judge Rosen's subjective bias. *Salemme,* 164 F. Supp. 2d at 52; *In re Bulger,* 710 F.3d at 46.

McTigue Law proposes Judge James M. Rosenbaum (ret.) be appointed as special master. See Judge Rosenbaum's biography, McTigue Declaration, Exhibit 1 ("Exh. 1"). Judge Rosenbaum is a retired federal district court judge for the District of Minnesota and a former U.S. Attorney for Minnesota. Judge Rosenbaum is a member of JAMS. McTigue Law has no personal, financial or contractual relationship with Judge Rosenbaum. (*Id.*) McTigue Law does not believe Judge Rosenbaum has any real or apparent conflicts in serving as the special master. McTigue Law believes that Judge Rosenbaum represents an unquestionable, alternate choice for special master.

### III. The Burden of Paying the Special Master's Compensation Should be Placed Solely on the Firms Whose Fee Petitions and Practices Gave Rise to the Investigation

The Order seeking comment states that the "court may order that up to $2 million [of the fee award to Plaintiffs' counsel] be returned to the Clerk of the District Court" for purposes of compensating the special master. McTigue Law respectfully requests that any such order specify that only the three firms whose fee petitions have required the investigation be liable and

4

responsible for returning these funds. As noted above, McTigue Law had no prior knowledge of or involvement with the alleged irregularities.

McTigue Law brings the following to the Court's attention. On November 21, 2016, two weeks after the Court issued its Order Awarding Attorneys' Fees, Payment of Litigation Expenses, and Payment of Service Awards (Dkt. #111), but before distribution, Lead Counsel Labaton Sucharow sent an email to McTigue Law and other Plaintiffs' firms. The email contained a draft agreement that purported to give Lead Settlement Counsel the right to claw back the attorney's fees, expenses and service awards previously awarded by the Court if the Court later reduced the award. It further stated that Lead Counsel would not distribute fees, expenses or service awards to any firm unless the agreement was signed by the recipient firm. McTigue Law LLP delayed and signed on December 7th when it was the only firm that had not signed. (See "Clawback Agreement", McTigue Decl., Exhibit 2.) The next day Lead Counsel distributed the funds.

McTigue Law is concerned that Lead Settlement Counsel, one of the three firms at issue, may attempt to utilize the Clawback Agreement as a means to force firms not involved in any irregularities to pay for fee reductions (or special master compensation) that result from the alleged irregularities in the fee petitions of the three firms at issue. Any attempt to do so would of course result in further litigation that would likely come before this Court. This is another reason why McTigue Law requests that the Court clarify that only the alleged defending firms will be responsible to pay the special master's compensation. McTigue Law also requests the same regarding any resulting reduction in attorney's fees that may ultimately be ordered.

Dated: February 20, 2017

Respectfully submitted,

McTIGUE LAW LLP

/s/ J. Brian McTigue
J. Brian McTigue
4530 Wisconsin Avenue, N.W.
Suite 300
Washington, DC 20036
Telephone: (202) 364-6900
Facsimile: (202) 364-9960
bmctigue@mctiguelaw.com

*Counsel for Arnold Henriquez, William Taylor, Michael Cohn, and Richard Sutherland*

CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was filed through the ECF System on

February 20, 2017 and accordingly will be served electronically upon all attorneys of record.


            /s/ J. Brian McTigue

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF J. BRIAN MCTIGUE IN SUPPORT OF MCTIGUE LAW LLP'S RESPONSE TO THE COURT'S FEBRUARY 6, 2017 MEMORANDUM AND ORDER.**

I, Brian McTigue, declare as follows, pursuant to 28 U.S.C. § 1746:

1.     I submit this declaration in support of *McTigue Law LLP's Response To The Court's February 6, 2017 Memorandum And Order.*

2.     I am the founder and managing partner of McTigue Law LLP ("McTigue Law" or "Firm"). McTigue Law is a law firm that focuses its practice on the representation of private pension plans qualified under the Employee Retirement Income Security Act of 1974 ("ERISA"), their trustees, participants, and beneficiaries in class actions.

3.     Attached as **EXHIBIT 1** is a true and correct copy of a biography of Honorable James M. Rosenbaum (Ret.) which was downloaded today from the website of JAMS, the private alternative dispute resolution provider, at this link: https://www.jamsadr.com/rosenbaum/

4.     My firm and I have no personal, financial nor contractual relationship with Judge Rosenbaum (Ret.)

5.     Attached as **EXHIBIT 2** is a true and correct copy of an agreement dated November 28, 2016 and signed by myself on December 7, 2016, as entered between seven plaintiff counsel firms on behalf of the Arkansas Teacher Retirement System, the Henriquez clients, and the Andover clients, as captioned above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 20th day of February, 2017 in Washington, DC.

J. Brian McTigue

# Exhibit 1





T: 612-332-8225
F: 612-332-9887

Case Manager
Debra Lewis
JAMS
333 So. Seventh St.
Ste. 2550
Minneapolis, MN
612-332-8225 Phone
612-332-9887 Fax
Email:
dlewis@jamsadr.com

Recognized as a Best
Lawyer, Alternative
Dispute Resolution
Category, Best
Lawyers in
America, 2014

"Minnesota Lawyer's
Attorney of the Year
Award for Outstanding
Service to the
Profession,"
Minnesota Attorney of
the Year Award Video
Testimonial,
Minnesota Lawyer,
2012

"Retiring the Gavel,"
Minnesota Public
Radio audio interview,
July 6, 2010

Designated one of
"The 100 Most
Influential Minnesota
Lawyers of All Time,"
Minnesota Law &
Politics, 2007

Hon. James M. Rosenbaum (Ret.)

Hon. James M. Rosenbaum (Ret.) served 25 years on the federal bench as a United States District Court Judge for the District of Minnesota and for the four years prior, as Minnesota's United States Attorney. While on the bench, he presided over the construction of the Minneapolis federal courthouse, the most technologically advanced courthouse in its time. He served as Chief Judge of the District, represented the Eighth Circuit at the Judicial Conference for eight years, and served on the Conference's Executive Committee.

Judge Rosenbaum has taught seminars for judges and lawyers in 20 countries worldwide on comparative law, intellectual property rights, patent litigation and enforcement, counterfeit goods and products, and United States trial practice. He has written several articles raising issues at the intersection of law, privacy, and technology. He is co-author of the U.S. Courts Design Guide and author of the recently published How Lawyers Benefit from Early Neutral Evaluation.

ADR Experience and Qualifications
- Presided over cases including:
  o Arbitration, domestic and international
  o Bankruptcy
  o Business and commercial law
  o Civil rights
  o Class actions and Multi-District Litigations (MDL)
  o Employment
  o Environmental law
  o Insurance coverage
  o Intellectual property, patent, and trade secrets
  o International terrorism
  o Medical devices and pharmaceuticals
  o Mass tort/product liability
  o Securities
  o White collar crime

Representative Matters
- Civil Rights: Presided over many cases involving claims against federal agencies, states, and municipalities including Hollman Consent Decree; Beaulieu v. Ludeman, Civ. No. 06-4045 (JMR); Holly v. Konieska, Civ. No. 04-1489; Schaub v. County of Olmsted, 656 F. Supp. 2d 990 (D. Minn. 2009)
- Class Action/Mass Tort MultiDistrict Litigation:
  o In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation, MDL No. 05-1726, presided over a 2005 action involving a group of plaintiffs implanted with faulty Medtronic defibrillators; most cases settled and the MDL was dissolved in December 2008
  o In re Mirapex Product Liability Litigation, MDL No. 07-1836, presided over bellwether trials in the Mirapex cases involving patients prescribed the drug Mirapex who developed pathological gambling and other compulsive behaviors as a side effect; majority of cases settled
- Employment:
  o Jenson v. Eveleth Mines, certified the first hostile work environment dispute in the nation, on behalf of female miners in the Iron Range; this landmark case was the basis for the book "Class Action" and later the major motion picture "North

Country" starring Oscar Award winner Charlize Theron
- Holden v. Burlington Northern, Inc., 665 F. Supp. 1398 (D. Minn. 1987), presided over a long-running sexual harassment class action by female employees of the Burlington Northern railroad; approved payment of $2.5 million to the class
- Environmental:
  - Atlantic Research Corp. v. United States, 459 F.3d 827 (8th Cir. 2006), affd., United States v. Atlantic Research Corp., 551 U.S. 128 (2007), sat by designation on the Eighth Circuit panel which heard the claim of a government contractor which sought to share with the United States the burden of voluntarily cleaning up its property. The Court found the contractor was able to pursue a claim under CERCLA § 107, a decision later affirmed by the Supreme Court
  - As a trial judge, Judge Rosenbaum oversaw many environmental cases, including a decade-long environmental litigation claim between the buyer and seller of a contaminated industrial property, Kennedy Building Associates v. CBS Corp.
- Insurance
  - Suits against federal crop as well as private insurers are a regular part of a Federal Judge's caseload in Minnesota. The Red River of the North flows between Minnesota and North Dakota. The River lies in a notorious flood plain, and "seriously" floods frequently. In doing so, it floods residential, agricultural, and business properties. Suits against private and federal insurers are a regular result of this flooding
  - In the early 2000's the Twin Cities experienced a "500 year" rain. Rainfall measured between 7 1/2 and 8 inches in a matter of hours. This event generated a number of flood and rain claims against both private and government insurers
- Intellectual Property:
  - Patent: presided over cases involving various medical devices including:
    - Medtronic, Inc. v. Advanced Cardiovascular Systems, Inc., 182 F. Supp. 2d 810 (D.Minn. 2000) involving coronary stents
    - Arthrex Inc. v. Depuy Mitek, Inc. (Middle District of Florida, 2010) plaintiff sought, and the Judge granted, summary judgment of infringement of a patent relating to a surgical method for loading tendons into the knee
  - Trademark Infringement
    - American Dairy Queen Corp. v. New Line Productions, Inc. 35 F. Supp. 2d 727 (D. Minn. 1998), granted a preliminary injunction to the owner of the "Dairy Queen" trademark against a film studio which had planned to release a movie entitled "Dairy Queens," satirizing contestants in a Minnesota beauty pageant. The movie was subsequently released under the title "Drop Dead Gorgeous"
- Securities: In re UnitedHealth Group Incorporated PSLRA Litigation, presided over simultaneous class action and shareholder derivative suits arising out of stock options backdating. The Judge ultimately approved settlements in both cases. As part of the PSLRA settlement, UnitedHealth paid $895 million, and its ex-CEO paid $30 million and forfeited 3.6 million shares stock options
- Special Master: Lectured extensively throughout the United States on electronic discovery, served on the Sedona Conference since 2006, and is a regular participant at TechShow and other conferences dedicated to exploring the intersection of law and technology
- Tribal (Native American): Minnesota is a state with Federal Indian Reservations. As such, Judge Rosenbaum has extensive experience in matters involving sovereignty, land patent, and jurisdictional issues, as well as tribal compact/state tax questions, in "Indian Country"

Honors, Memberships, and Professional Activities
- Member, Academy of Court Appointed Masters
- Recognized as Best Lawyer, Alternative Dispute Resolution Category, Best Lawyers in America, 2014
- Author, How Lawyers Benefit from Early Neutral Evaluation, Law360, April 2013
- Honoree, Power 100 Advocate, On Being a Black Lawyer (OBABL), 2013
- Recipient, Minnesota Lawyer's Attorney of the Year Award for Outstanding Service to the Profession, Minnesota Lawyer, 2012
- Designated one of "The 100 Most Influential Minnesota Lawyers of All Time, Minnesota

Law & Politics, August 2007
- Recipient, Hennepin County Judicial Professionalism Award, 2007
- Recipient, Honorary Doctor of Law, Western New England College, 2007
- Member, Federal Bar Association, Minnesota chapter, 1981-present (President, 1992-1993)
- Board of Advisors, The Green Bag, 2008-present
- Board of Directors, Hennepin Theater Trust, 2008-2013
- University of Minnesota:
  - Alumnus of Notable Achievement, 2010
  - Alumni Association and Board of Advisors, 2009-present (Chairman 2012-2013)
  - English Department Advisory Committee, 2008-present
  - Law School Board of Visitors, 1991-1997
- Judicial Board of Advisors, The Sedona Conference (a legal community think tank that examines forward-looking principles, best practices, and guidelines in specific areas of the law), 2004-present (taught programs on Antitrust, E-Discovery, Patent Law, Co-Author "Cooperation Proclamation")
- Founding member ["Master"], Minnesota's first Patent Law Inn of Court, 2014
- Frequent speaker and teacher, including:
  - Faculty Member, National Judicial College, Reno, Nevada, 1998-2006 (taught courses in complex litigation, legal technology)
  - Teacher at "Baby Judges School" (training and orientation for newly appointed federal judges), prosecutor and defender school, and Attorney General's Advocacy Institute, 1990-present
  - Inaugural James M. Rosenbaum National Security Symposium: Trans-Atlantic Approaches to Counterterrorism, William Mitchell College of Law, April 2010
- Select publications:
  - "Negotiating the Shoals of Mediation," 18 The Green Bag 2D 305 (2015)
  - "In Defense of Rule 808, Federal Rules of Evidence," 12 Green Bag 2D 165 (2009)
  - "The Death of E-Discovery," The Federal Lawyer 26, July 2007
  - "Rohwer v. Federal Cartridge Co.," The Green Bag Almanac & Reader 316, 2006
  - "In Defense of the Sugar Bowl," 9 Green Bag 2D, Autumn 2005
  - "In Defense of the Hard Drive," 4 Green Bag 2D 169, 2001
  - "In Defense of the Delete Key," 3 Green Bag 2D 393, 2000
  - "Retiring the Gavel," Minnesota Public Radio Audio Interview, July 6, 2010

Background and Education
- Judge, U.S. District Court for the District of Minnesota, 1985-2010
- U.S. Attorney, District of Minnesota, 1981-1985
- Partner, Gainsley, Squier & Korsh, 1979-1981
- Partner, Rosenbaum & Rosenbaum, 1977-1979
- Associate, Katz, Tuabe, Lange & Frommelt, 1973-1977
- Staff Attorney, Leadership Council for Metropolitan Communities, 1970-1972
- Staff Attorney, VISTA, Chicago, Illinois, 1969-1970
- J.D., University of Minnesota Law School, Minneapolis, MN, 1969
- B.A., University of Minnesota, Minneapolis, MN, 1966

Disclaimer

This page is for general information purposes. JAMS makes no representations or warranties regarding its accuracy or completeness. Interested persons should conduct their own research regarding information on this website before deciding to use JAMS, including investigation and research of JAMS neutrals. See More

# Exhibit 2

# Labaton
# Sucharow

Lawrence A. Sucharow
Partner
212 907 0860 direct
212 883 7060 fax
lsucharow@labaton.com

November 28, 2016

<u>By E-Mail</u>

Michael P. Thornton, Esq.
Thornton Law Firm LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110

Daniel P. Chiplock, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York 10013

Robert L. Lieff, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111

Lynn Lincoln Sarko, Esq.
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101

Carl S. Kravitz, Esq.
Zuckerman Spaeder LLP
1800 M Street, N.W.
Washington, D.C. 20036

J. Brian McTigue, Esq.
McTigue Law LLP
4530 Wisconsin Ave, N.W., Suite 300
Washington, D.C. 20016

Re:  Arkansas Teacher Retirement System v. State Street Bank & Trust Co.,
     No. 11-CV-10230 MLW (D. Mass.)
     Henriquez v. State Street Bank & Trust Co.,
     No. 11-CV-12049 MLW (D. Mass.)
     The Andover Companies Employee Savings
        & Profit Sharing Plan v. State Street Bank & Trust Co.,
     No. 12-CV-11698 MLW (D. Mass.)

Dear Counsel:

As you are aware, on November 8, 2016, after Judge Wolf issued the Order Awarding Attorneys'
Fees, Payment of Litigation Expenses, and Payment of Service Awards to Plaintiffs (the "Fee
Order," ECF No. 111), counsel in the Arkansas action received an inquiry from the Boston Globe
concerning certain of the individual firm lodestar reports supporting our motion for attorneys' fees.

In response, as you are also aware, we filed a detailed letter with the Court on November 10, 2016
("Letter," ECF No. 116). The Letter disclosed certain inadvertent errors in these submissions, and
provided a corrected combined time spent, corrected combined lodestar, and the resulting corrected
multiplier. Because the fee was determined based on the percentage-of-fund method, and the
overstatement of the lodestar resulted only in a modest increase in the multiplier cross-check, we

# Labaton
# Sucharow

All Counsel in State Street FX Cases
November 28, 2016
Page 2

argued that the fee was fully supportable under the Court's stated rationale and that no changes were required.

Further, the Letter offered our apology for the errors, and indicated that we were available to respond to any questions or concerns the Court may have.

The Fee Order and the Court's Order and Final Judgment (the "Judgment," ECF No. 110) become Final on December 2, 2016, and the Settlement will become Effective shortly thereafter, on December 7, 2016.[1] Because there were no objections to the Settlement or requested fees, no Class member has standing to appeal the Fee Order or Judgment.

As of today, the Court has not acted in response to the Letter. If the Court remains silent as of close of business on December 7, 2016, we will begin the process of withdrawing the approved fees, expenses, and service awards from the Lead Counsel Escrow Account for prompt distribution to your respective firms pursuant to our agreements.

It is possible, however, that the Court, on or after December 8, 2016, will respond adversely to the Letter and ultimately reduce the fee award. This could occur after the fees, expenses and service awards have been distributed to your respective firms (and to the other ERISA counsel).

Accordingly, before we distribute your share of the fees, expenses, and service awards, we will require an undertaking, evidenced by your signature below, confirming your agreement to refund to us within five (5) business days, for redeposit into the Lead Counsel Escrow Account, your pro rata share of any Court-ordered reduction of fees, expenses, and/ or service awards.

Please sign below and return an executed copy to us. Thank you for your cooperation. Please let me know if you have any questions.

Very truly yours,

Lawrence A. Sucharow

---

[1] The time to appeal the Judgment and Fee Order expires on December 2, 2016 (a Friday), 30 days after entry. See Settlement Agmt. ¶ 1(z)(iii). After that, however, State Street has two (2) business days to make its formal settlement offer to the SEC before the Effective Date is reached. That brings the Effective Date to December 7.

# Labaton
# Sucharow

All Counsel in State Street FX Cases
November 28, 2016
Page 3

LAS/idi

ACCEPTED AND AGREED:

*Michael P. Thornton*
_____
Thornton Law Firm LLP
Name: _Michael P. Thornton_
Dated: _11/28/16_, 2016

_____
Lieff Cabraser Heimann & Bernstein, LLP
Name: _____
Dated: _____, 2016

_____
Robert L. Lieff, Esq.
Name: _____
Dated: _____, 2016

_____
Keller Rohrback L.L.P.
Name: _____
Dated: _____, 2016

_____
Zuckerman Spaeder LLP
Name: _____
Dated: _____, 2016

_____
McTigue Law LLP
Name: _____
Dated: _____, 2016

# Labaton
# Sucharow

All Counsel in State Street FX Cases
November 28, 2016
Page 3

LAS/idi

ACCEPTED AND AGREED:

_____
Thornton Law Firm LLP
Name: _____
Dated: _____, 2016

_____
Lieff Cabraser Heimann & Bernstein, LLP
Name: _Daniel P. Chiplock_
Dated: _11 - 2 8_____, 2016

_____
Robert L. Lieff, Esq.
Name: _____
Dated: _____, 2016

_____
Keller Rohrback L.L.P.
Name: _____
Dated: _____, 2016

_____
Zuckerman Spaeder LLP
Name: _____
Dated: _____, 2016

_____
McTigue Law LLP
Name: _____
Dated: _____, 2016

# Labaton
# Sucharow

All Counsel in State Street FX Cases
November 28, 2016
Page 3

LAS/idi

ACCEPTED AND AGREED:

---

Thornton Law Firm LLP
Name: _____
Dated: _____, 2016

Robert L. Lieff, Esq.
Name: _Robert L. Lieff_
Dated: _11/28_, 2016

---

Zuckerman Spaeder LLP
Name: _____
Dated: _____, 2016

Lieff Cabraser Heimann & Bernstein, LLP
Name: _____
Dated: _____, 2016

Keller Rohrback L.L.P.
Name: _____
Dated: _____, 2016

McTigue Law LLP
Name: _____
Dated: _____, 2016

# Labaton Sucharow

All Counsel in State Street FX Cases
November 28, 2016
Page 3

LAS/idi

ACCEPTED AND AGREED:

<table>
<tr><td>

_____<br>
Thornton Law Firm LLP<br>
Name: _____<br>
Dated: _____, 2016

</td><td>

_____<br>
Lieff Cabraser Heimann & Bernstein, LLP<br>
Name: _____<br>
Dated: _____, 2016

</td></tr>
<tr><td>

_____<br>
Robert L. Lieff, Esq.<br>
Name: _____<br>
Dated: _____, 2016

</td><td>

_____<br>
Keller Rohrback L.L.P.<br>
Name: _Lynn L. Sarko_<br>
Dated: _November 28_, 2016

</td></tr>
<tr><td>

_____<br>
Zuckerman Spaeder LLP<br>
Name: _____<br>
Dated: _____, 2016

</td><td>

_____<br>
McTigue Law LLP<br>
Name: _____<br>
Dated: _____, 2016

</td></tr>
</table>

# Labaton
# Sucharow

All Counsel in State Street FX Cases
November 28, 2016
Page 3


LAS/idi


ACCEPTED AND AGREED:


_____
Thornton Law Firm LLP
Name: _____
Dated: _____, 2016

_____
Lieff Cabraser Heimann & Bernstein, LLP
Name: _____
Dated: _____, 2016


_____
Robert L. Lieff, Esq.
Name: _____
Dated: _____, 2016

_____
Keller Rohrback L.L.P.
Name: _____
Dated: _____, 2016


_____
Zuckerman Spaeder LLP
Name: _Cari S. Kriwitz_
Dated: _Nov 28_, 2016

_____
McTigue Law LLP
Name: _____
Dated: _____, 2016

# Labaton
# Sucharow

All Counsel in State Street FX Cases
November 28, 2016
Page 3

LAS/idi

ACCEPTED AND AGREED:

---
Thornton Law Firm LLP
Name: _____
Dated: _____, 2016

---
Lieff Cabraser Heimann & Bernstein, LLP
Name: _____
Dated: _____, 2016

---
Robert L. Lieff, Esq.
Name: _____
Dated: _____, 2016

---
Keller Rohrback L.L.P.
Name: _____
Dated: _____, 2016

---
Zuckerman Spaeder LLP
Name: _____
Dated: _____, 2016

---
McTigue Law LLP
Name: J. Brian McTigue
Dated: December 7, _____, 2016