# EX. 184

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 12-11698-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                              May 2, 2017

I.    SUMMARY

On March 8, 2017, pursuant to Federal Rule of Civil Procedure 53, the court appointed Retired United States District Judge Gerald

Rosen as a Special Master. See Docket No. 173. The Special Master was directed to investigate, among other things, the accuracy and reliability of the representations made by counsel for the class in this case ("Plaintiffs' Counsel") in their successful request for an award of more than $75,000,000 in attorneys' fees and expenses, the reasonableness of that award in view of information and issues that have emerged since it was made by the court in November 2016, and whether the award should be reduced. Id., ¶2. The Special Master was ordered to proceed with all reasonable diligence and to submit, by October 10, 2017 if possible, a report and recommendation to the court. Id., §3. The court authorized the Special Master to retain other individuals and organizations to assist him. Id., ¶1.

The Special Master retained William Sinnott, Esq. as his counsel. After the Special Master spoke and corresponded with the attorney for Plaintiffs' Counsel, Mr. Sinnott engaged John Toothman, Esq. to assist the Special Master and him in the performance of their duties because of Mr. Toothman's experience in matters concerning the reasonableness of attorneys' fees in class actions and other cases. Three of the eight firms that represent class members -- Labaton Sucharow LLP ("Labaton"), Thornton Law Firm LLP ("Thornton"), and Lieff Cabraser Heiman & Bernstein LLP ("Lieff") (collectively "Objecting Counsel") -- objected to the retention of Mr. Toothman. See Docket No. 194.

2

The Special Master denied their objection. See Docket No. 193. Objecting Counsel have appealed that decision to the court. See Docket No. 199.

For the reasons explained in this Memorandum, the court finds that the Special Master did not make an error of fact or law in allowing his counsel to retain Mr. Toothman. Nor did the Special Master abuse his discretion in doing so. Therefore, Objecting Counsel's appeal is being denied.

II. PROCEDURAL HISTORY

As indicated earlier, after providing Plaintiffs' Counsel notice and an opportunity to be heard, the court appointed Retired Judge Rosen to serve as Special Master in this case. Among other things, Plaintiffs' Counsel agreed that Judge Rosen was not disqualified from serving under the standards established by 28 U.S.C. §455. See Fed. R. Civ. P. 53(a)(2); Docket No. 129 at 2. Plaintiffs' Counsel have not since modified that view. The Special Master was directed to investigate issues relating to the earlier award to Plaintiffs' Counsel of more than $75,000,000 in attorneys' fees and expenses, and to submit a report and recommendation to the court. See Docket No. 173.

The Special Master was given the full power provided by Federal Rule of Civil Procedure 53(c)(1), which includes the authority to "take all appropriate measures to perform the assigned duties fairly and efficiently." Fed. R. Civ. P. 53(c)(2); Docket

3

No. 173, ¶4. The Special Master was specifically authorized to "retain any firm, organization, or individual he deems necessary to assist him in the performance of his duties." Docket No. 173, ¶1 (emphasis added).

In this case, the Special Master has a hybrid role, functioning in part like an investigator and in part like a judicial officer. In recognition of this dual role, as permitted by Federal Rule of Civil Procedure 53(b)(2)(B), the court authorized the Special Master to communicate with any party ex parte. See Docket No. 173, ¶5. It would be impermissible for a judge to have such communications. See, e.g., Guide to Judiciary Policy, Vol. 2A, Ch. 2, Code of Conduct for United States Judges, Cannon 3, subpart (A)(4) (precluding a judge from "initiat[ing], permit[ing], or consider[ing] ex parte communications" except where authorized by law or, when circumstances require it, "for scheduling, administrative, or emergency purposes."); Haller v. Robbins, 409 F.2d 857, 859 (1st Cir. 1969). Submissions to the court indicate that the attorney for Plaintiffs' Counsel and the Special Master have had, orally and in writing, direct, ex parte communications. See, e.g., Docket Nos. 193 at 3; 199 at 2, 3.

Among other things, the Special Master told the attorney for Plaintiffs' Counsel that he was considering retaining Mr. Toothman. See, e.g., Docket Nos. 193 at 3; 199 at 2-3. After consulting her clients, she informed the Special Master that they

4

objected to Mr. Toothman being engaged. Nevertheless Mr. Toothman was retained.

Objecting Counsel subsequently filed with the Special Master a written objection to Mr. Toothman's employment. See Docket No. 194.[1] Objecting Counsel argued that: (1) Mr. Toothman could only be retained as a court-appointed expert pursuant to Federal Rule of Evidence 706; (2) Mr. Toothman's positions in other cases involving attorneys' fees demonstrate that he is biased against attorneys who represent plaintiffs in class actions; and, therefore, (3) Mr. Toothman is not eligible for appointment under Rule 706. See Docket No. 194. More specifically, Objecting Counsel asserted that Mr. Toothman had been previously retained as an expert in another class action by Theodore Frank, Esq., who objected to the reasonableness of the requested attorneys' fees in that case and has attempted to intervene in this case to do so as well. Id. at 5-6.

The Special Master denied the objection. See Docket No. 193. The Special Master explained that Mr. Toothman had not been appointed as an expert witness under Rule 706. Id. at 4-5, 7-8. Rather, Mr. Toothman was engaged as an exercise of the Special

---

[1] The other five firms that represented class members have not objected to Mr. Toothman's employment.

5

Master's authority to retain anyone he deemed necessary to perform his assigned duties. Id. at 4-5.

The Special Master stated that:

> Mr. Toothman will be generally responsible for providing <u>consulting services</u> to assist the Special Master and his counsel in fulfilling the duties set forth in the . . . Order of Appointment. The Special Master expects these services to include, among other things, assisting in the preparation and review of discovery and assisting in the analysis of billing and related data.

Id. at 6 (emphasis added). He also wrote that Mr. Toothman's role would be:

> confined to assisting the Special Master and his counsel in understanding the technical terms, concepts, and contexts that underlie legal billing practices in the area of commercial class actions based on his specialized knowledge in the area, and how these relate to the specific billing practices in this case.

Id. at 7. The Special Master characterized Mr. Toothman's "role [as] <u>akin to that of a judicial technical expert</u> retained to educate and guide the Special Master and his counsel in this area of their work under the Order of Appointment." Id. at 9 (emphasis added).

The Special Master stated that Plaintiffs' Counsel "cannot point to any evidence that Mr. Toothman is inherently biased or otherwise unqualified to render technical expertise in the area of commercial legal billing practices." Id. The Special Master noted that in support of their claim of bias, Plaintiffs' Counsel relied exclusively on statements Mr. Toothman made in past cases involving

6

the reasonableness of fee petitions. He found, however, that rather than demonstrate bias, "these cases more aptly demonstrate Mr. Toothman's extensive experience in reviewing complex fee cases." Id. at 9-10.[2]

In support of his conclusion that Mr. Toothman is not biased, the Special Master added:

> Mr. Toothman is objectively qualified to provide guidance on legal billing practices. After receiving a Juris Doctor cum laude from Harvard Law School in 1981, Mr. Toothman spent twelve years as a trial attorney handling complex commercial litigation in both the private and public sectors, including as a trial lawyer with the Department of Justice. During that time, Mr. Toothman performed extensive work representing plaintiffs in contingent fee cases and participated in over fifty civil trials, as well as appeals in both the federal and state courts. Throughout his career, Mr. Toothman has also served as a court-appointed receiver, including in one instance on behalf of the U.S. Small Business Administration, and as counsel to bankrupt companies during bankruptcy proceedings. Mr. Toothman has consulted on the topic of legal fees with major corporations and various federal entities and agencies, including the General Accountability Office, the U.S. Department of Justice, and the U.S. Department of Energy, Transportation, and Labor, and has served a six-year term as an Arbitrator for the Virginia State Bar's Fee Dispute Resolution Program. In his work as a consultant, <u>Mr. Toothman has testified in federal and state courts across the country on more than fifty occasions, both in support of and against the award of fees</u>, and has published numerous articles and co-authored a book, Legal Fees: Law and Management,

---

[2] For example, the Special Master noted that in one case Objecting Counsel cited as evidence of alleged bias Mr. Toothman discovered that the petitioning law firm recorded more than 24 hours for a single timekeeper for a single day. See Docket No. 193 at 10, n.2.

7

focusing on legal billing practices. He has also served as an arbitrator of legal fee disputes.

Id. at 4-5 (emphasis added); see also id. at 9, n.1 ("Mr. Toothman has testified both in support of fees and against awarding fees, including testifying in support of fees in several public matters." (citing cases)).

Objecting Counsel appealed the Special Master's denial of their objection concerning Mr. Toothman to the court. See Docket No. 199. They argue, in essence, that Mr. Toothman is a partisan, whose business is to opine that courts should reduce requests for fee awards, and, therefore, his appointment as what they characterize as "a technical advisor" is not permissible or appropriate. Id. at 5-16. The question of the propriety of the appointment of Mr. Toothman as a purported technical advisor was not raised by Objecting Counsel's objection to the Special Master. See Docket No. 194. The court is addressing it nevertheless.

III. DISCUSSION

The Order appointing the Special Master provides that any objection to an order he issues will be decided by the court in the manner described in Federal Rule of Civil Procedure 53(f). See Docket No. 173, ¶9. As Objecting Counsel recognize, "[t]his court reviews the procedural decision to retain Mr. Toothman for abuse of discretion [pursuant to] Fed. R. Civ. P. 53(f)(5)." Docket No. 199 at 5. The court must decide de novo any conclusions

8

of law and findings of fact made or recommended by the Special Master. See Fed. R. Civ. P. 53(f)(3)&(4).

To the extent that Objecting Counsel continue to object to the employment of Mr. Toothman based on Federal Rule of Evidence 706, concerning court-appointed expert witnesses, the Special Master did not make an error of law in concluding that the Rule is inapplicable. See Docket No. 193 at 7. The Federal Rules of Evidence apply to "proceedings" before United States District Courts and other courts. See Fed. R. Evid. 1101(a). It is doubtful that the investigation being conducted by the Special Master constitutes such a "proceeding." In any event, as the First Circuit has held, "Rule 706 is confined to court-appointed expert witnesses; the rule does not embrace expert advisers or consultants." Reilly v. United States, 863 F.2d 149, 155 (1st Cir. 1988). Neither the Special Master nor the court has appointed Mr. Toothman to testify as an expert witness. Therefore, Rule 706 does not apply.

As indicated earlier, the Special Master wrote that "Mr. Toothman will be generally responsible for providing consulting services to assist the Special Master and his counsel in fulfilling [their] duties." Docket No. 193 at 6. He also characterized Mr. Toothman's services as "akin to that of a technical advisor retained to educate and guide the Special Master and his counsel." Id. at 9.

9

As explained earlier, the court gave the Special Master the discretion to "retain any firm, organization, or individual he deems necessary to assist him in the performance of his duties." Docket No. 173, ¶1. The court finds that the Special Master did not abuse his discretion in deciding that employing Mr. Toothman would help his counsel and him "perform [their] assigned duties fairly and efficiently." See Fed. R. Civ. P. 53(c)(1)(B). More specifically, the court finds that the Special Master properly concluded that Mr. Toothman is eligible to perform his defined and limited functions because his prior experience and the opinions he expressed as an expert witness do not manifest a disqualifying bias.

As the First Circuit has written, the "use of [special] masters [is] permitted where desirable to 'bring[ ] to the court skills and experience which courts frequently lack.'" Reilly, 863 F.2d at 156 (quoting Reed v. Cleveland Bd. of Ed., 607 F.2d 737, 747 (6th Cir. 1979)). The corollary of this is that special masters may retain consultants with relevant experience and expertise.

Objecting Counsel's contention that Mr. Toothman should be disqualified from serving as a consultant to the Special Master by virtue of his prior work is inconsistent with their earlier proposal that Retired United States District Judge Layne Phillips be appointed to serve as Co-Special Master with Judge Rosen. See

Docket No. 129 at 2-4. Objecting Counsel represented that Judge Phillips -- who is paid up to $43,000 a day -- has been previously retained by them and counsel for other parties to mediate class actions, including disputes concerning attorneys' fees. See Docket No. 129 at 3; 129-1 at 3; 129-2, ¶10. Moreover, at the time of his proposed appointment, Judge Phillips was being compensated by Labaton and Lieff, among others, as a mediator in another class action. Nevertheless, Objecting Counsel asserted that there were no grounds for his disqualification. See Docket No. 129 at 4.

In any event, the court finds that Judge Rosen did not err in concluding that Mr. Toothman's prior work does not disqualify him from assisting the Special Master and his counsel in the intended manner. The Special Master found that, like Judge Phillips, Mr. Toothman has been hired to arbitrate fee disputes, and had also testified in support of and against requested fee awards. See Docket No. 193 at 4-5, 9, n.1.

As indicated earlier, Mr. Toothman has been engaged to provide guidance to the Special Master and his counsel in conducting their investigation, reviewing discovery, and understanding concepts concerning legal billing in commercial class actions. See Docket No. 193 at 6. There are many issues, and some controversy, regarding how to determine reasonable compensation for plaintiffs' counsel in class actions. Compare, e.g., Lester Brickman, Lawyer

11

Barons: What Their Contingency Fees Really Cost America, 311-33 (2011) with Myriam Gilles & Gary B. Friedman, Exploding the Class Action Agency Costs Myth: The Social Utility of Entrepreneurial Lawyers, 155 U. Pa. L. Rev. 103 (2006).

As the court and the Special Master each noted, with regard to the award of attorneys' fees in this and many other class actions, the adversary system does not operate. See Nov. 6, 2016 Tr. at 12, 14; Docket No. 193 at 8. The Special Master reasonably concluded an individual with experience and specialized knowledge would be valuable in organizing the investigation and analyzing voluminous evidence, and, therefore, would contribute to the informed and efficient discharge of the Special Master's duties. The Special Master correctly concluded that Mr. Toothman is qualified to serve in that capacity and not disqualified because of bias.

As explained earlier, the Special Master has a hybrid role in this case, serving in part as an investigator and in part as the counterpart of a magistrate judge making a report and recommendation. The Special Master's investigative role justifies his authority to communicate with the parties ex parte. Similarly, as discussed below, that dimension of his role justifies the retention of Mr. Toothman as a consultant, "akin to" a technical advisor, when such employment by a judge making factual findings

based on a record generated by the adversary process might not be necessary or appropriate.

The Special Master's decision denying the objection to Mr. Toothman's retention reflects a sensitivity to issues that could emerge when a judge, not also acting as an investigator, appoints a technical advisor. See Reilly, 863 F.3d at 157-59. Technical advisors "are not witnesses, and may not contribute evidence." Id. at 157. However, the Special Master does not intend to ask or allow Mr. Toothman to provide any evidence for him to consider. See Docket No. 193 at 10. In any event, any such evidence would be included in the record accompanying the Special Master's Report and Recommendation to the court. See Fed. R. Civ. P. 53(b)(2)(C)&(D); Docket No. 173, ¶11 ("The Master shall make and preserve a complete record of the evidence concerning his recommended findings of fact and any conclusions of law. Such record shall be filed with the Master's Report and Recommendation."). Therefore, the Objecting Plaintiffs would have an opportunity to challenge the credibility of any evidence provided by Mr. Toothman, and the weight, if any, that should be given to it.

The Special Master also does not expect to receive from Mr. Toothman any report of opinions on which the Special Master might rely. See Docket No. 193 at 10. If the Special Master does

13

receive such a report, he intends to give Plaintiffs' Counsel notice and an opportunity to be heard concerning it. Id.[3]

Technical advisors are also "not judges, so they may not be allowed to usurp the judicial function." Id. The Special Master recognized this principle, stating that he "is not relying on Mr. Toothman to render the final legal opinion as to whether the fees awarded to [Plaintiffs' Counsel] were reasonable or not." Docket No. 193 at 10. As a former Federal Judge, the Special Master is experienced in receiving arguments from lawyers and advice from law clerks, and making independent judgments concerning both. The court is confident that he is capable of doing so in this case.

In addition -- and significantly -- the court will review de novo any recommended findings of fact and conclusions of law as to which Plaintiffs' Counsel object. See Fed. R. Civ. P. 53(f)(3)&(4); Docket No. 173 at 12. Mr. Toothman will not be serving as a consultant, "akin to" a technical advisor, to this court or as a court-appointed expert under Federal Rule of Evidence 706. While the Special Master may benefit from Mr. Toothman's advice in discharging his duties, Plaintiffs' Counsel will receive

---

[3] Objecting Counsel assert that they should be allowed to examine Mr. Toothman if he submits an expert report. See Docket No. 199 at 17. If and when such a report is submitted, Objecting Counsel should address their request to examine Mr. Toothman to the Special Master.

14

full and fair <u>de novo</u> consideration concerning any matters in the Special Master's Report and Recommendation to which they object.

In summary, the court concludes that the Special Master did not make any error of law or fact in finding that Mr. Toothman is eligible to perform the functions for which he has been employed. Nor did the Special Master abuse his discretion in allowing his counsel to retain Mr. Toothman. Therefore, the objection seeking his disqualification is not meritorious.

IV. <u>ORDER</u>

In view of the foregoing, it is hereby ORDERED that Objecting Plaintiffs' Law Firms' Objection to Special Master's Order Regarding Retention of John W. Toothman (Docket No. 199) is DENIED.

/s/ Mark L. Wolf<br>UNITED STATES DISTRICT JUDGE

15