# EX. 187

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF NEW YORK MELLON CORP. FOREX TRANSACTIONS LITIGATION | No. 12-MD-2335 (LAK) (JLC) |
| THIS DOCUMENT RELATES TO: | |
| *Southeastern Pennsylvania Transportation Authority v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3066 (LAK) (JLC) |
| *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3067 (LAK) (JLC) |
| *Ohio Police & Fire Pension Fund, et al. v. The Bank of New York Mellon Corporation, et al.* | No. 12-CV-3470 (LAK) (JLC) |
| *Carver, et al. v. The Bank of New York Mellon, et al.* | No. 12-CV-9248 (LAK) (JLC) |
| *Fletcher v. The Bank of New York Mellon, et al.* | No. 14-CV-5496 (LAK) (JLC) |

## DECLARATION OF MICHAEL A. LESSER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES FILED ON BEHALF OF THORNTON LAW FIRM, LLP

I, Michael A. Lesser, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner of the law firm Thornton Law Firm, LLP (formerly "Thornton & Naumes, LLP"). I submit this declaration in support of Lead Settlement Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Unless otherwise stated herein, I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would testify competently thereto.

2. Thornton Law Firm, LLP ("TLF") has its office in Boston, Massachusetts. The Firm has litigated class actions in the Southern District of New York and in other courts around the country. A copy of the Firm's resume, as well as a brief biography of all Firm attorneys and support staff that billed time in this Action, is attached hereto as Exhibit A.

3. I personally rendered legal services and was responsible for coordinating and supervising the activity carried out by attorneys and professional staff at TLF in this Action. In its capacity as a member of the Plaintiff's Steering Committee and as counsel for International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund ("IUOE Local 39"), TLF substantially contributed to the prosecution of this Action and performed work on behalf of and for the benefit of the Class. TLF has been actively involved in the prosecution of this Action since its inception. Prior to the centralization of this Action in this Court, TLF and others investigated and evaluated IUOE Local 39's and the putative Class's claims and damages, participated in the drafting of the initial and amended complaints, participated in the briefing of the opposition to the motion to dismiss and the motion for class certification, and conducted merits, class certification, and defensive discovery. TLF also worked closely with testifying and non-testifying experts retained in the Action. Subsequent to the centralization of this Action in this Court, TLF worked under the direction of Co-Lead Class Counsel and participated in the drafting of the Master Customer Class Complaint, and participated in the planning of and conducted merits and class certification discovery. In addition, TLF attended nearly all of the depositions of the Defendant, including three depositions where TLF served as leading questioner, and frequently asked questions in other depositions of the Defendant. The three depositions led by TLF were all of BNYM employees who either priced or transacted standing instruction FX trades for the Bank. Their testimony was integral to Plaintiffs' theory of the case

and relied upon by the Plaintiffs' experts in rendering their opinions. Finally, TLF, located in Boston, Massachusetts, also hosted the depositions of ten (10) Massachusetts-based Defendant depositions, also providing logistical and deposition support on each occasion.

4. Prior to the filing of this Action, TLF was the lead counsel representing FX Analytics, a Delaware general partnership serving as a qui tam Relator in several actions brought on behalf of government funds that used BNYM's standing instruction service. TLF has represented FX Analytics throughout the litigation of the Action, both prior to and after the centralization of this Action before this Court. Beginning in October 2009, the Relator filed sealed false claim qui tam actions in a number of states. The Relator's actions in Florida and Virginia were unsealed in January of 2011, publicly revealing the Relator's original complaints. The Relator's unsealed complaints publicly revealed for the first time that BNYM was engaged in a practice of systemically charging its custodial clients undisclosed spreads by allegedly manipulating the foreign exchange rates assigned to their clients' custodial foreign exchange transactions.

5. Prior to representing FX Analytics in actions involving BNYM, TLF undertook representation of different Relators in actions against a different custodial bank—State Street—also related to the pricing of standing instruction FX rates. More than a month before the State Street whistleblower complaint was unsealed by the intervention of the California Attorney General ("California AG") in October 2009, TLF met with the individual who would come to serve as the whistleblower against BNYM. Immediately after the California AG's intervention in the State Street action, TLF filed whistleblower complaints under seal against BNYM in eight jurisdictions (Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB") served as co-counsel in

-- 3 --

three jurisdictions). Three of TLF's whistleblower complaints (Florida, Virginia, and New York) would eventually be intervened in by the relevant state Attorney General and unsealed.

6. Between September 2009 and October 2011, TLF developed the case against BNYM and educated the attorneys general who ultimately intervened. TLF's nearly two dozen disclosures to the government consisted of hundreds of pages and included numerous internal BNYM documents and e-mails (a number of which were quoted in almost every successive complaint brought against BNYM, including complaints filed in 2011 by the Department of Justice and the New York Attorney General's Office).

7. TLF also met with representatives from the Department of Justice ("DOJ") and the United States Securities and Exchange Commission ("SEC") several months after the unsealing of the Virginia and Florida actions in January 2011 regarding Relator's then-public allegations against BNYM. Months after these meetings, the DOJ filed its own Action in October 2011. The same day, after many meetings and disclosures over the preceding two years, the NYAG also intervened in the qui tam case TLF had filed under seal in New York.

8. Based on my work performed in this Action as well as my receipt and review of the billing records reflecting work performed by attorneys and paraprofessionals at TLF in this Action ("Timekeepers") as reported by the Timekeepers, I directed the preparation of the chart set forth as Exhibit B hereto. This chart (i) identifies the names and positions (*i.e.*, titles) of the firm's Timekeepers who undertook litigation activities in connection with the Action and who expended 10 hours or more on the Action; (ii) provides the total number of hours each Timekeeper expended in connection with work on the Action, from the time when potential claims were being investigated through August 10, 2015; (iii) provides each Timekeeper's current hourly rate, as noted in the chart; and (iv) provides the total billable amount, in dollars, of

-- 4 --

the work by each Timekeeper and the entire firm.[1] For Timekeepers who are no longer employed by the Firm, the hourly rate used is the billing rate in his or her final year of employment by the Firm. The Firm's billing records, which are regularly prepared from contemporaneous daily time records, are available at the request of the Court. Time expended in preparing any papers for this motion for fees and reimbursement of expenses has not been included in this request. Additionally, time expended in preparing any papers for prior motions for reimbursement of expenses has not been included in this request.

9. The hourly rates charged by the Timekeepers are the Firm's regular rates for contingent cases and those generally charged to clients for their services in non-contingent/hourly matters.[2] Based on my knowledge and experience, these rates are also within the range of rates normally and customarily charged in their respective cities by attorneys and paraprofessionals of similar qualifications and experience in cases similar to this litigation, and have been approved in connection with other class action settlements.

10. The total number of hours expended by TLF on this Action, from investigation through August 10, 2015, is 2,640.2. The total lodestar for the Firm is $1,600,683, consisting of $1,583,568 for attorney time and $17,115 for professional support staff time. TLF's lodestar in this Action does not reflect any attorney or staff time spent in the furtherance of any related false claims act qui tam claims. The TLF lodestar described herein is related solely to this Action. In my judgment, the number of hours expended and the services performed by the attorneys and paraprofessionals at TLF were reasonable and expended for the benefit of the Settlement Class in this Action.

---

[1] The information concerning each Timekeeper's hours and hourly rate is not based on my personal knowledge, but on the information reported by each such Timekeeper or the files and records of TLF, as well as my familiarity with the work undertaken by TLF in the Action.

[2] On occasion and for a specific type of representation, the Firm may offer a discount on its hourly rates to longstanding clients.

-- 5 --

11. TLF's lodestar figures are based on the Firm's billing rates, which do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in the Firm's billing rates.

12. As set forth in Exhibit C, TLF has incurred a total of $95,361.95 in unreimbursed expenses in connection with this Action from investigation to August 10, 2015. TLF's costs in this Action, as described herein, are related solely to this Action. In my judgment, these expenses were reasonable and expended for the benefit of the Settlement Class in this Action.

13. These expenses are reflected on the books and records of the Firm. It is the Firm's policy and practice to prepare such records from expense vouchers, check records, credit card records, and other source materials. Based on my oversight of TLF's work in connection with this litigation and my review of these records, I believe them to constitute an accurate record of the expenses actually incurred by the Firm in connection with this litigation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of August, 2015 in Boston, Massachusetts.

_____
Michael A. Lesser

-- 6 --

# EXHIBIT A

# THORNTON LAW FIRM, LLP

THORNTON LAW FIRM, LLP, was founded in 1978, and was in the forefront of the battle to bring justice to asbestos victims in New England. It has since grown to be the largest plaintiffs' personal injury firm in New England. In addition to representing more than 10,000 workers and their families injured by dangerous products and toxic materials, the firm handles complex fraud litigation, including class actions involving violations of federal securities, consumer-protection and whistleblower laws in federal and state courts throughout the country.

The firm's efforts have focused on cutting edge litigation involving public health and corporate misconduct. For example, Thornton Law Firm, LLP led a team of lawyers representing the Commonwealth of Massachusetts in a landmark lawsuit against the Tobacco industry that resulted in a settlement which will pay Massachusetts hundreds of millions of dollars each year for over two decades. In addition, the firm represents other states and municipalities against the lead industry, children with birth defects caused by chemical exposure, owners of property damaged by toxic waste, and individuals killed or injured in work related incidents.
Thornton Law Firm, LLP has also been active in class action litigation involving medical monitoring for tobacco users, insurance fraud, securities litigation on behalf of public authorities, credit card data security, automotive design, and litigation on behalf of public and private pension funds against the banking industry.

Currently, Thornton Law Firm, LLP is co-counsel in *Donovan, et.al. v. Phillip Morris USA Inc.*, (USDC, Mass.); *Cashman v. Travelers Insurance Company*, (Sup. Ct. MA); *Kaiten and Geoffrion v. National Real Estate Information Services, Inc., et.al.* (USDC, Mass.); *Arkansas Teachers Retirement System v. State Street Bank and Trust Company* (USDC, Mass); *International Union of Operating Engineers, Stationary Engineers Local 39 Pension Trust Fund v. The Bank of New York Mellon Corporation, et al. (USDC, SDNY);*

Thornton Law Firm, LLP is active in supporting pioneering medical research to treat and cure environmentally caused cancer, and in promoting legislation to protect workers and their legal rights.

## THE FIRM'S ATTORNEYS APPEARING IN THIS MATTER

**MICHAEL P. THORNTON**    Michael Thornton is managing partner and co-founder of Thornton Law Firm, LLP. A nationally recognized expert on toxic tort litigation, Mr. Thornton graduated from Dartmouth College and Vanderbilt Law School. In the 1970's he successfully undertook the representation of a number of shipyard and construction workers who had developed asbestos-related diseases. Over the years, the firm has grown to become the largest firm in the Northeast representing victims of asbestos and other toxic materials.

Mr. Thornton practices in the areas of class actions, Attorney General litigation, benzene, toxic substance and occupational disease claims, birth defects linked to chemicals, childhood lead poisoning, construction and jobsite accidents, Mesothelioma and asbestos claims,

1

pharmaceutical drug and medical device litigation, product liability and personal injury, toxic tort and environmental litigation, wage and hour, and whistleblower litigation.

During the past decade, Mr. Thornton has led the firm to support many charitable causes; the most visible and important project involves cancer research. Mr. Thornton was approached by clinicians and researchers at Brigham and Women's Hospital who were interested in studying mesothelioma, a then untreatable and invariably fatal form of asbestos related cancer. After making a multiyear commitment from his own firm, Mr. Thornton helped to recruit several other donors. The program, now in its seventh year, has made groundbreaking strides in cancer research generally, and has helped to revolutionize the treatment of mesothelioma, leading to longer survival and better quality of life for victims of this disease.

Mr. Thornton also responded to a call to help establish a place for the families of mesothelioma victims to stay, as the financial impact of staying in hotels can be devastating. The Thornton House was opened in 2008 and houses up to nine families at a time.

Mr. Thornton is a member of the Massachusetts, New Hampshire, and Maine bars. He has published a number of articles on legal subjects and has lectured at the Harvard School of Public Health, Harvard Medical School, and Yale Law School.

**GARRETT J. BRADLEY** Mr. Bradley is a graduate of Boston College and Boston College Law School and is a Partner in Thornton Law Firm, LLP. Prior to joining Thornton Law Firm, LLP, Mr. Bradley worked as an Assistant District Attorney in the Plymouth County D.A.'s office. Mr. Bradley practices in the areas of class actions, construction and jobsite accidents, mesothelioma and asbestos claims, and workers compensation. Mr. Bradley is a member of the Massachusetts and the New York Bar.

**MICHAEL A. LESSER** Mr. Lesser is Partner in the Firm, joining as an associate in 1995. He heads the firm's False Claims Act / Whistleblower litigation section, representing individuals that report fraud on the Federal and State governments. While practicing in traditional areas of False Claims litigation, including Medicare and Medicaid fraud, Mr. Lesser also handles False Claims Act litigation involving finance and bank fraud.

During his time at Thornton Law Firm, Mr. Lesser has represented clients in all of the firm's practice areas, including victims of exposure to asbestos, glycol ethers, and lead. Mr. Lesser was also part of the firm's litigation team that represented the Commonwealth of Massachusetts in its claims against the tobacco industry. Mr. Lesser was appointed Special Assistant Attorney General representing the Commonwealth from 1996 through 1999 for this purpose.

**EVAN R. HOFFMAN** Mr. Hoffman is an associate at Thornton Law Firm, LLP, which he joined in 2010 after previously clerking for the Firm beginning in 2008. Mr. Hoffman's practice areas include qui tam, class action litigation, complex financial fraud, and asbestos and

2

mesothelioma claims. Since joining Thornton Law Firm, LLP, Mr. Hoffman has represented whistleblowers and pension funds asserting claims in state and federal courts throughout the country against several large global custodial banks for foreign exchange fraud. Mr. Hoffman also represents individuals making claims under the SEC's Dodd-Frank and the DOJ's FIRREA whistleblowing statutes. A graduate of American University and Suffolk University Law School, Mr. Hoffman is admitted to the Massachusetts Bar and the United States District Court for the District of Massachusetts.

**JOTHAM C. KINDER**      Mr. Kinder is an associate at Thornton Law Firm, LLP and joined the Firm in 2011. He practices in the Firm's birth defects, qui tam, false claims, and whistleblower areas, as well as worker's compensation and asbestos and mesothelioma claims. Mr. Kinder is a graduate of the Royal Holloway College at the University of London and of Northeastern University Law School. He is a member of the Massachusetts and New York Bar.

3

# EXHIBIT B

In re Bank of New York Mellon Corp. Forex Transactions Litigation

FIRM NAME: Thornton Law Firm LLP
REPORTING PERIOD: Inception through August 10, 2015

Categories:
(1) Investigation, Factual Research
(2) Plaintiffs' Document Review
(3) Defendants' and Third Party Document Review
(4) Discovery, including witness memo preparation
(5) Depositions and preparation for same
(6) Pleadings, Briefs, Class Certification and Legal Research
(7) Court Appearances
(8) Litigation Strategy and Case Management
(9) Mediation and Settlement
(10) Experts

Status:
(A) Associate
(CA) Contract Attorney
(OC) Of Counsel
(P) Partner
(SA) Staff Attorney
(I) Investigator
(PL) Paralegal
(LC) Law Clerk
(PS) Professional Staff

| Name | Status | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | Rate | Cumulative Hours | Cumulative Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Michael P. Thornton | P | 19.9 | 0 | 0 | 6 | 0 | 1 | 17.4 | 191.6 | 42.3 | 0 | $850 | 278.20 | $236,470 |
| Garrett J. Bradley | P | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 28.5 | 0 | $800 | 28.50 | $22,800 |
| Michael A. Lesser | P | 78.4 | 18 | 25.7 | 71.7 | 1025.6 | 46.2 | 34.7 | 102.5 | 1 | 8.8 | $650 | 1,412.60 | $918,190 |
| Evan R. Hoffman | A | 115.5 | 77.1 | 115.9 | 16 | 371.5 | 95.1 | 14 | 15.5 | 0 | 4.4 | $485 | 824.00 | $399,640 |
| Jotham Kinder | A | 0 | 8 | 6 | 1.4 | 0 | 0 | 0 | 0 | 0 | 0 | $420 | 15.40 | $6,468 |
| Andrea Caruth | PL | 10.2 | 0 | 31.5 | 1.4 | 0 | 0 | 0 | 0 | 0 | 0 | $210 | 43.10 | $9,051 |
| Katherine Brendel | PL | 38.4 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | $210 | 38.40 | $8,064 |
| | | | | | | | | | | | | | | |
| Totals: | | 262.40 | 103.10 | 179.10 | 96.50 | 1397.10 | 142.30 | 66.10 | 309.60 | 71.80 | 13.20 | | 2640.20 | $1,600,683 |

# EXHIBIT C

Case 1:21-cv-02235-MKV-JLC Document 40-6 Filed 07/23/18 Page 14 of 15

**In re Bank of New York Mellon Corp. Forex Transactions Litigation**
**Master File No. 12-MD-2335 (LAK)**
**<u>EXPENSE REPORT</u>**

**FIRM NAME:** [Insert]
**REPORTING PERIOD: INCEPTION TO AUGUST 1, 2015**

| DESCRIPTION | CUMULATIVE TOTAL |
|---|---|
| External Reproduction | |
| Internal Reproduction/Printing | |
| Court Fees (Filing costs etc.) | |
| Court Reporters/Transcripts | |
| Computer Research | |
| Electronic Database | |
| Teleconferences/Fax | |
| Postage/Express Delivery/Messenger | |
| Experts/Consultants | $20,000.00 |
| Witness/Service Fees | |
| Meals, Hotels and Transportation | $75,361.95 |
| MDL Litigation Fund Contributions/Assessments | |
| **TOTAL EXPENSES** | **$95,361.95** |