# EX. 225

Massachusetts Rules of Professional Conduct (Mass.R.Prof.C.), Rule 1.5

Massachusetts General Laws Annotated Currentness
  Rules of the Supreme Judicial Court (Refs & Annos)
    Chapter Three. Ethical Requirements and Rules Concerning the Practice of Law
      Rule 3:07. Massachusetts Rules of Professional Conduct and Comments (Refs & Annos)
        Client-Lawyer Relationship

**Rule 1.5. Fees**

**(a)** A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee. The factors to be considered in determining whether a fee is clearly excessive include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

**(b)** When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

**(c)** A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. Except for contingent fee arrangements concerning the collection of commercial accounts and of insurance company subrogation claims, a contingent fee agreement shall be in writing and signed in duplicate by both the lawyer and the client within a reasonable time after the making of the agreement. One such copy (and proof that the duplicate copy has been delivered or mailed to the client) shall be retained by the lawyer for a period of seven years after the conclusion of the contingent fee matter. The writing shall state:

(1) the name and address of each client;

(2) the name and address of the lawyer or lawyers to be retained;

(3) the nature of the claim, controversy, and other matters with reference to which the services are to be performed;

(4) the contingency upon which compensation to be paid, and whether and to what extent the client is to be liable to pay compensation otherwise than from amounts collected for him or her by the lawyer;

(5) the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer out of amounts collected, and unless the parties otherwise agree in writing, that the lawyer shall be entitled to the

greater of (i) the amount of any attorney's fees awarded by the court or included in the settlement or (ii) the percentage or other formula applied to the recovery amount not including such attorney's fees; and

(6) the method by which litigation and other expenses are to be deducted from the recovery and whether such expenses are to be deducted before or after the contingent fee is calculated.

Upon conclusion of a contingent fee matter for which a writing is required under this paragraph, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

**(d)** A lawyer shall not enter into an arrangement for, charge, or collect:

(1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof; or

(2) a contingent fee for representing a defendant in a criminal case.

**(e)** A division of a fee between lawyers who are not in the same firm may be made only if, after informing the client that a division of fees will be made, the client consents to the joint participation and the total fee is reasonable. This limitation does not prohibit payment to a former partner or associate pursuant to a separation or retirement agreement.

**(f)** The following form of contingent fee agreement may be used to satisfy the requirements of paragraph (c). The authorization of this form shall not prevent the use of other forms consistent with this rule.

CONTINGENT FEE AGREEMENT

**To be Executed in Duplicate**

Date: _____, 19___

The Client ................................................................................................................................................

        (Name)               (Street & Number)               (City or Town)

retains the Lawyer .......................................................................................................................................

        (Name)               (Street & Number)               (City or Town)

to perform the legal services mentioned in paragraph (1) below. The lawyer agrees to perform them faithfully and with due diligence.

(1) The claim, controversy, and other matters with reference to which the services are to be performed are:

(2) The contingency upon which compensation is to be paid is:

(3) The client is not to be liable to pay compensation or court costs and expenses of litigation otherwise than from amounts collected for the client by the lawyer, except as follows:

(4) Compensation (including that of any associated counsel) to be paid to the lawyer by the client on the foregoing contingency shall be the following percentage of the (gross) (net) [indicate which] amount collected. [Here insert the percentages to be charged in the event of collection. These may be on a flat rate basis or in a descending scale in relation to the amount collected.] The percentage shall be applied to the amount of the recovery not including any attorney's fees awarded by a court or included in a settlement. The lawyer's compensation shall be such attorney's fees or the

amount determined by the percentage calculation described above, whichever is greater. [Modify the last two sentences as appropriate if the parties agree on some other basis for calculation.]

This agreement and its performance are subject to Rule 1.5 of the Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court.

WE EACH HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

Witnesses to signatures

(To client) ........................................................................................................................................................

(Signature of Client)

(To lawyer) ........................................................................................................................................................

(Signature of Lawyer)

(If more space is needed separate sheets may be attached and initialed.)

CREDIT(S)

Adopted June 9, 1997, effective January 1, 1998. Amended November 2, 2000, effective January 2, 2001.

COMMENT

2006 Main Volume

*Basis or Rate of Fee*
[1] When the lawyer has regularly represented a client, they ordinarily will have evolved an understanding concerning the basis or rate of the fee. In a new client-lawyer relationship, however, an understanding as to the fee should be promptly established. It is not necessary to recite all the factors that underlie the basis of the fee, but only those that are directly involved in its computation. It is sufficient, for example, to state that the basic rate is an hourly charge or a fixed amount or an estimated amount, or to identify the factors that may be taken into account in finally fixing the fee. When developments occur during the representation that render an earlier estimate substantially inaccurate, a revised estimate should be provided to the client. A written statement concerning the fee reduces the possibility of misunderstanding. Furnishing the client with a simple memorandum or a copy of the lawyer's customary fee schedule is sufficient if the basis or rate of the fee is set forth.
[1A] Rule 1.5(a) departs from Model Rule 1.5(a) by retaining the standard of former DR2-106(A) that a fee must be illegal or clearly excessive to constitute a violation of this rule. However, it does not affect the substantive law that fees must be reasonable to be enforceable against the client.
[1B] Rule 1.5(b) states, as the ABA Model Rule does, that the basis or rate of a fee shall be communicated "preferably in writing". Appropriate caution and ease of proof of compliance with Rule 1.5(b) indicate that the presentation of a fee arrangement to a client in writing is desirable.
*Terms of Payment*
[2] A lawyer may require advance payment of a fee, but is obliged to return any unearned portion. See Rule 1.16(d). A lawyer may accept property in payment for services, such as an ownership interest in an enterprise, providing this does not involve acquisition of a proprietary interest in the cause of action or subject matter of the litigation contrary to Rule 1.8(j). However, a fee paid in property instead of money may be subject to special scrutiny because it involves questions concerning both the value of the services and the lawyer's special knowledge of the value of the property.
[3] An agreement may not be made whose terms might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's interest. For example, a lawyer should not enter into an agreement whereby

services are to be provided only up to a stated amount when it is foreseeable that more extensive services probably will be required, unless the situation is adequately explained to the client. Otherwise, the client might have to bargain for further assistance in the midst of a proceeding or transaction. However, it is proper to define the extent of services in light of the client's ability to pay. A lawyer should not exploit a fee arrangement based primarily on hourly charges by using wasteful procedures. When there is doubt whether a contingent fee is consistent with the client's best interest, the lawyer should offer the client alternative bases for the fee and explain their implications. Applicable law may impose limitations on contingent fees, such as a ceiling on the percentage.

*Division of Fee*

[4] A division of fee is a single billing to a client covering the fee of two or more lawyers who are not in the same firm. A division of fee facilitates association of more than one lawyer in a matter in which neither alone could serve the client as well, and most often is used when the fee is contingent and the division is between a referring lawyer and a trial specialist. Paragraph (e) permits the lawyers to divide a fee after disclosure of the fact of division to, and consent by, the client. It does not require disclosure to the client of the share that each lawyer is to receive. Moreover, as under the former rule, the total fee must be reasonable to be enforced.

[4A] Paragraph (e), unlike ABA Model Rule 1.5(e), does not require that the division of fees be in proportion to the services performed by each lawyer unless, with a client's written consent, each lawyer assumes joint responsibility for the representation. Paragraph (e) is substantively the same as former DR 2-107, which was adopted by the Justices in 1972 without subparagraph (A)(2) of DR 2-107 of the ABA Code (prescribing the basis for fee division). The Massachusetts rule does not require disclosure of the fee division that the lawyers have agreed to, but if the client requests information on the division of fees, the lawyer is required to disclose the share of each lawyer.

*Disputes over Fees*

[5] In the event of a fee dispute, the lawyer should conscientiously consider submitting to mediation or an established fee arbitration service. Law may prescribe a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, a class or a person entitled to a reasonable fee as part of the measure of damages. The lawyer entitled to such a fee and a lawyer representing another party concerned with the fee should comply with the prescribed procedure.

[6] Former Rule 3.05(6), with its limitations period for challenging contingent fee agreements, was eliminated as inappropriate for a disciplinary rule.

*Form of Fee Agreement*

[7] Rule 1.5(f) provides a form of contingent fee agreement that may be used, as did S.J.C. Rule 3.05, which was repealed on the adoption of the Massachusetts Rules of Professional Conduct. The new form largely follows the language of the form that appeared in S.J.C. Rule 3.05. Inclusion of the reference to court costs and expenses of litigation in clause (3) reflects the permission granted in Rule 1.8(e)(1) to make repayment of such costs and expenses contingent on the outcome of the matter. Deletion of the reference to "reasonable compensation" that appeared in clause (4) of the former form makes no substantive change. The contingent fee must be reasonable to be enforced against the client and may not be clearly excessive in order to avoid violating Rule 1.5(a). See Comment 1A.

(8) When attorney's fees are awarded by a court or included in a settlement, a question arises as to the proper method of calculating a contingent fee. Rule 1.5(c)(5) and paragraph (4) of the form agreement contained in Rule 1.5(f) state the default rule, but the parties may agree on a different basis for such calculation, such as applying the percentage to the total recovery, including attorney's fees.

Corresponding ABA Model Rule. Identical to Model Rule 1.5(b), and (d); (a) first two sentences based on DR 2-106; (c) different but in many respects similar to Model Rule 1.5(e); (e) different; (f) is an expanded version of S.J.C. Rule 3:05(7).

Corresponding Former Massachusetts Rule. Current S.J.C. Rule 3:05, DR 2-106, 2-107.

LIBRARY REFERENCES

2006 Main Volume

   Attorney and Client 🗝32(2), 44(1).
   Westlaw Topic No. 45.

C.J.S. Attorney and Client §§ 42 to 43, 79 to 80, 88.

NOTES OF DECISIONS

Contingent fee agreement 1
Duty to inform 2

1. Contingent fee agreement

All contingent fee agreements between attorneys and clients are subject to the overarching requirement of reasonableness. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 147

Discipline was not appropriate in connection with contingent fee agreements providing that on discharge by the client, the attorney would be entitled to recover the greater of the reasonable value of his services or one-third of any settlement offer made up to that point; rule of professional conduct did not bar an attorney from negotiating such a term in a contingent fee agreement, and record did not indicate that attorney had ever recovered a fee from clients that exceeded a quantum meruit recovery. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 44(1)

Contingent fee agreement, which did not expressly foreclose the possibility that if the attorney were discharged by the client, he could seek fees even though the client had not recovered funds from a third party, would not be read in disciplinary proceeding involving that agreement to allow such a recovery, where the attorney had made no argument that he would be entitled to recover fees in such a circumstance. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 148(1)

Rule of professional conduct permits attorneys and clients to negotiate specific terms of contingent fee agreements for themselves. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 147

2. Duty to inform

It is not inherently wrong or improper for a lawyer to negotiate, with explanation, a term in a contingent fee agreement that provides a general, contractual lien on the client's recovery, if any, as security for unpaid fees and expenses. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 147

Lawyers should be required to explain specifically the meaning of any terms in contingent fee agreement that differ from the model agreement contained in rule of professional conduct and to obtain the client's written consent to those provisions; terms added to model agreement presumably are intended to protect the lawyer's ability to collect his or her legitimate fee, rather than to advance an independent interest of the client, and an explanation of these terms would likely increase the client's understanding of the proposed contractual relationship with the lawyer and enable the client to make a more informed decision about whether to go forward. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 147

Current with amendments received through January 15, 2010

---

End of Document © 2018 Thomson Reuters. No claim to original U.S. Government Works.