# EX. 231

Rule 7.2. Advertising, Massachusetts Rules of Professional Conduct (Mass.R.Prof.C.),...

Case 1:11-cv-10230-MLW   Document 401-233   Filed 07/23/18   Page 2 of 3

# Massachusetts Statutes Annotated - 2011

Massachusetts Rules of Professional Conduct (Mass.R.Prof.C.), Rule 7.2

Massachusetts General Laws Annotated Currentness
  Rules of the Supreme Judicial Court (Refs & Annos)
   Chapter Three. Ethical Requirements and Rules Concerning the Practice of Law
    Rule 3:07. Massachusetts Rules of Professional Conduct and Comments (Refs & Annos)
     Information About Legal Services

## Rule 7.2. Advertising

**(a)** Subject to the requirements of Rule 7.1, a lawyer may advertise services through public media, such as a telephone directory, legal directory including an electronic or computer-accessed directory, newspaper or other periodical, outdoor advertising, radio or television, or through written, electronic, computer-accessed or similar types of communication not involving solicitation prohibited in Rule 7.3.

**(b)** A copy or recording of an advertisement or written communication of services offered for a fee shall be kept for two years after its last dissemination along with a record of when and where it was used.

**(c)** A lawyer shall not give anything of value to a person for recommending the lawyer's services, except that a lawyer may:

(1) pay the reasonable costs of advertisements or communications permitted by this Rule;

(2) pay the usual charges of a not-for-profit lawyer referral service or legal service organization;

(3) pay for a law practice in accordance with Rule 1.17;

(4) pay referral fees permitted by Rule 1.5(e); and

(5) share a statutory fee award or court-approved settlement in lieu thereof with a qualified legal assistance organization in accordance with Rule 5.4(a)(4).

**(d)** Any communication made pursuant to this rule shall include the name of the lawyer, group of lawyers, or firm responsible for its content.

CREDIT(S)

Adopted June 9, 1997, effective January 1, 1998. Amended December 8, 1997, effective January 1, 1998; amended August 31, 1999, effective October 1, 1999.

COMMENT

2006 Main Volume

[1] To assist the public in obtaining legal services, lawyers should be allowed to make known their services not only through reputation but also through organized information campaigns in the form of advertising.
[2] [Reserved]
[3] Questions of effectiveness and taste in advertising are matters of speculation and subjective judgment. Television and other electronic media, including computer-accessed communications, are now among the most powerful media for getting information to the public. Prohibiting such advertising, therefore, would impede the flow of information about

Rule 7.2. Advertising, Massachusetts Rules of Professional Conduct (Mass.R.Prof.C.),...

Case 1:11-cv-10230-MLW   Document 401-233   Filed 07/23/18   Page 3 of 3

legal services to many sectors of the public. Limiting the information that may be advertised has a similar effect and assumes that the bar can accurately forecast the kind of information that the public would regard as relevant.

[3A] The advertising and solicitation rules can generally be applied to computer-accessed or other similar types of communications by analogizing the communication to its hard-copy form. Thus, because it is not a communication directed to a specific recipient, a web site or home page would generally be considered advertising subject to this rule, rather than solicitation subject to Rule 7.3. For example, when a targeted e-mail solicitation of a person known to be in need of legal services contains a hot-link to a home page, the e-mail message is subject to Rule 7.3 but the home page itself need not be because the recipient must make an affirmative decision to go to the sender's home page. Depending upon the circumstances, posting of comments to a newsgroup, bulletin board or chat group may constitute targeted or direct contact with prospective clients known to be in need of legal services and may therefore be subject to Rule 7.3. Depending upon the topic or purpose of the newsgroup, bulletin board, or chat group, the posting might also constitute an association of the lawyer or law firm's name with a particular service, field, or area of law amounting to a claim of specialization under Rule 7.4 and would therefore be subject to the restrictions of that rule. In addition, if the lawyer or law firm uses an interactive forum such as a chat group to solicit for a fee professional employment that the prospective client has not requested, this conduct may constitute prohibited personal solicitation under Rule 7.3(d).

[4] Neither this Rule nor Rule 7.3 prohibits communications authorized by law, such as notice to members of a class in class action litigation.

*Record of Advertising*

[5] Paragraph (b) requires that a record of the content and use of advertising be kept in order to facilitate enforcement of this Rule. It does not require that advertising be subject to review prior to dissemination. Such a requirement would be burdensome and expensive relative to its possible benefits, and may be of doubtful constitutionality.

*Paying Others to Recommend a Lawyer*

[6] A lawyer is allowed to pay for advertising permitted by this Rule and for the purchase of a law practice in accordance with the provisions of Rule 1.17, but otherwise is not permitted to pay another person for channeling professional work. However, a legal aid agency or prepaid legal services plan may pay to advertise legal services provided under its auspices. Likewise, a lawyer may participate in not-for-profit lawyer referral programs and pay the usual fees charged by such programs. Paragraph (c) does not prohibit paying regular compensation to an assistant, such as a secretary, to prepare communications permitted by this Rule. Paragraph (c) also excepts from its prohibition the referral fees permitted by Rule 1.5(e).

Corresponding ABA Model Rule. Substantially similar to Model Rule 7.2, except minor differences in (a) and (b), subclauses (4) and (5) were added to paragraph (c), and paragraph (d) was modified.

Corresponding Former Massachusetts Rule. DR 2-101 (B); see DR 2-103.

LIBRARY REFERENCES

2006 Main Volume

> Attorney and Client 32(2), 32(9).
> Westlaw Topic No. 45.
> C.J.S. Attorney and Client §§ 42 to 43, 45 to 46, 87.

Current with amendments received through 3/15/11.

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.