# EX. 5

| | |
|---|---|
| **From:** | Garrett Bradley |
| **Sent:** | Wednesday, September 2, 2015 11:05 AM |
| **To:** | Sucharow; Lawrence |
| **Subject:** | Re: State Street FX - revised term sheet |

My gut tells me they will press for a fee agreement deal or withhold signature at some point in the process.  They may threaten their own fee app.  State street may want us all on the dotted line but I wanted to raise it and have you think about it.  It may be too late.

Garrett

> On Sep 2, 2015, at 12:02 PM, Sucharow, Lawrence <LSucharow@labaton.com> wrote:
>
> Never thought of it.
> Why, is there a problem?
>
> -----Original Message-----
> From: Garrett Bradley [mailto:GBradley@tenlaw.com]
> Sent: Wednesday, September 02, 2015 11:59 AM
> To: Sucharow, Lawrence
> Subject: Re: State Street FX - revised term sheet
>
> aren't you lead and Lieff Liason?  no way around everyone signing?
>
> Garrett
>
>> On Sep 2, 2015, at 11:28 AM, Sucharow, Lawrence <LSucharow@labaton.com> wrote:
>>
>> All Plaintiffs' Counsel for both Term Sheet and Stip.
>>
>> -----Original Message-----
>> From: Garrett Bradley [mailto:GBradley@tenlaw.com]
>> Sent: Wednesday, September 02, 2015 11:25 AM
>> To: Sucharow, Lawrence
>> Subject: Re: State Street FX - revised term sheet
>>
>> Larry,
>>
>> Does any other counsel need to sign off besides you for the consumer side?
>>
>> Garrett
>>
>>> On Sep 2, 2015, at 11:16 AM, Sucharow, Lawrence <LSucharow@labaton.com> wrote:
>>>
>>> I don't necessarily disagree, but would want it under my designation as Interim Lead Class Counsel, such as Interim Lead ERISA Sub-Class Counsel.
>>> That having been said, only the Court can make that designation, it is NOT a self-appointed title.
>>>

1

Confidential: Produced Pursuant to Court Order.

>>> -----Original Message-----
>>> From: Chiplock, Daniel P. [mailto:DCHIPLOCK@lchb.com]
>>> Sent: Wednesday, September 02, 2015 11:14 AM
>>> To: Robert L. Lieff; Sucharow, Lawrence; Michael Thornton
>>> Subject: FW: State Street FX - revised term sheet
>>>
>>> I'm going to respectfully suggest that we give Lynn this designation, if there needs to be one, in order to head this off.
>>>
>>> -----Original Message-----
>>> From: Lynn Sarko [mailto:lsarko@KellerRohrback.com]
>>> Sent: Wednesday, September 02, 2015 11:10 AM
>>> To: Sucharow, Lawrence
>>> Cc: Chiplock, Daniel P.; Lieff, Robert L.; Garrett J. Bradley; Michael Thornton; Zeiss, Nicole
>>> Subject: Re: State Street FX - revised term sheet
>>>
>>> I will call him
>>>
>>> Sent from my iPhone
>>>
>>> On Sep 2, 2015, at 8:09 AM, Sucharow, Lawrence <LSucharow@labaton.com<mailto:LSucharow@labaton.com>> wrote:
>>>
>>> Lynn this is getting crazy.  We don't believe there is a need for such a designation, but if so, he should move before the Court so we can oppose.
>>> If I talk to him there may be a schism created.  I suggest you ask him what the heck he's doing.
>>>
>>> From: Chiplock, Daniel P. [mailto:DCHIPLOCK@lchb.com]
>>> Sent: Wednesday, September 02, 2015 10:57 AM
>>> To: Sucharow, Lawrence; Lynn Sarko; Robert L. Lieff
>>> Subject: RE: State Street FX - revised term sheet
>>>
>>> I'm sure you guys noticed that Brian has appointed himself Interim Lead ERISA Counsel in the signature block?
>>>
>>> From: Sucharow, Lawrence [mailto:LSucharow@labaton.com]
>>> Sent: Tuesday, September 01, 2015 11:07 PM
>>> To: Lynn Sarko
>>> Cc: Zeiss, Nicole; Chiplock, Daniel P.; Rogers, Michael H.; Goldsmith, David
>>> Subject: Re: State Street FX - revised term sheet
>>>
>>> Lynn, you and I should discuss how best to handle Brian, I completely agree with you.
>>>
>>> Perhaps a side letter from me as lead counsel saying I intend to abide by the agreement entered into between class counsel and ERISA counsel, dated, whatever, would satisfy him?
>>>
>>> Lawrence Sucharow
>>> Labaton Sucharow, LLP
>>> Sent from my iPad
>>>
>>> On Sep 1, 2015, at 10:43 PM, Lynn Sarko <lsarko@KellerRohrback.com<mailto:lsarko@KellerRohrback.com>> wrote:
>>> This is what went to the DOL as a draft.

2

Confidential: Produced Pursuant to Court Order.

TLF-SST-054021

>>>
>>> Lynn
>>>
>>> Lynn Lincoln Sarko
>>> Managing Partner
>>>
>>> Keller Rohrback L.L.P.
>>> 1201 Third Avenue, Suite 3200
>>> Seattle, WA 98101
>>>
>>> Phone: (206) 623-1900
>>> Fax: (206) 623-3384
>>> E-mail: lsarko@kellerrohrback.com<mailto:lsarko@kellerrohrback.com>
>>>
>>>
>>> ***Privilege and Confidentiality Notice***
>>>
>>> This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.
>>>
>>>
>>> <#1397344v11_Active_ - State Street - Term Sheet.DOCX> <State Street - Term Sheet - State Street - Term Sheet.pdf>
>>>
>>>
>>> This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
>>>
>>>
>>> This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
>> This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.
> This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

3

Confidential: Produced Pursuant to Court Order.

# EX. 6

| From: | Lynn Sarko |
|---|---|
| To: | Lynn Sarko; 'Lieff, Robert L.' |
| CC: | 'rlieff@lieff.com'; Lynn Sarko; Laura Gerber |
| Sent: | 8/30/2013 1:22:50 PM |
| Subject: | RE: State Street |
| Attachments: | FeeAgreement083013.docx |


Robert

I have signoff from the ERISA counsel on the fee division between the ERISA and Consumer counsel that we discussed this morning. Attached is a draft agreement that reflects the 91%/9% split.

I have received approval from the other ERISA counsel.

Regards,

Lynn

Lynn L. Sarko
Keller Rohrback LLP
206-224-7552


On Aug 28, 2013, at 2:31 PM, "Lieff, Robert L." <RLIEFF@lchb.com<mailto:RLIEFF@lchb.com>> wrote:

Lynn,

We are waiting to receive from you a draft agreement between ERISA and Consumer plaintiffs. Can we have it this week? We are drafting a settlement agreement for all plaintiffs including ERISA and defendants. Thanks.

Robert

<image001.gif>

Robert L. Lieff
Of Counsel
rlieff@lchb.com<mailto:rlieff@lchb.com>
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com<http://www.lieffcabraser.com>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

CONFIDENTIAL

## AGREEMENT BETWEEN COUNSEL
## FOR CONSUMER AND ERISA PLAINTIFFS
## <u>REGARDING DIVISION OF ATTORNEYS' FEES</u>

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding
Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between:
Labaton Sucharow LLP, Thornton & Naumes, LLP, and Lieff Cabraser Heimann & Bernstein,
LLP (collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigue Law LLP,
Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman,
and Keller Rohrback L.L.P. (collectively, Counsel for ERISA Plaintiffs), on the other hand (the
"Parties"). This Agreement shall be effective as of _____, 2013.

### <u>RECITALS</u>

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas
Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW*
*("ARTRS")*, in the United States District Court for the District of Massachusetts, alleging on
behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class
of all institutional investors in foreign securities, including public and private pension funds,
ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for
which State Street served as the custodial bank and executed FX trades on an "indirect,"
"standing-instruction," or "non-negotiated" basis alleging state law claims against State Street
Corporation, State Street Bank and Trust Company, and others, but no claims under ERISA.

1.    WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned
*Arnold Henriquez, et. al., vs. State Street Bank and Trust Company,, et. al.*, No. 11-cv-12049
MLW *("Henriquez")*, and *Andover Companies, et. al., vs. State Street Bank and Trust Company*,
No. 12-cv-11698 MLW *("Andover")*, in the United States District Court for the District of

KR00000007

Massachusetts, alleging on behalf of their clients, Arnold Henriquez (as a participant and beneficiary of the Waste Management Retirement Savings Plan), Michael T. Cohn (as a participant and beneficiary of the Citigroup 401(k) Plan), William R. Taylor and Richard A. Sutherland (each as participants and beneficiaries of the Retirement Plan of Johnson & Johnson), Alan Kober as a Trustee of The Andover Companies' Savings and Profit Sharing Plan, and James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing Company Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis, alleging breaches of federal ERISA law against State Street Bank and Trust Company, and others, but none of the other state law claims alleged by ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same judge and are being mediated and litigated together and the Parties believe that it is in the best interests of their respective clients and the putative classes that they are seeking to represent that, where appropriate and consistent with their obligations to advocate for their respective clients, they work cooperatively in the litigation against State Street Corporation and the other defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the best interests of their respective clients.

NOW, THEREFORE, for good and valuable consideration, including the mutual promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties agree that any attorneys' fee agreed, awarded and/or approved by the Court in connection with the *ARTRS, Andover or Henriquez* cases, whether the

2

KR00000008

product of settlement or litigated resolution of the cases, shall be divided 91 % to Counsel for Consumer Plaintiffs and 9 % to Counsel for ERISA Plaintiffs (the "Division of Fees").

2. The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

3. The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

4. The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

5. The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

6. This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

7. This Agreement is governed by the substantive law of the Commonwealth of Massachusetts.

CONFIDENTIAL

KR00000009

# EX. 7

| | |
|---|---|
| **From:** | Chiplock, Daniel P. |
| **To:** | Lynn Sarko; Laura Gerber |
| **CC:** | lsucharow@labaton.com; Rogers, Michael H. (MRogers@labaton.com); 'Michael Thornton'; dgoldsmith@labaton.com; Michael Lesser; Lieff, Robert L. |
| **Sent:** | 9/11/2013 12:23:26 PM |
| **Subject:** | FW: State Street - Fee agreement |
| **Attachments:** | LCHB_iManage_1129455_2.DOCX |

Lynn/**Laura** (corrected):

Attached are redlines to the proposed fee agreement you circulated.  Let us know if you have additional comments or care to discuss.

Thanks,

Dan

**Lieff
Cabraser
Heimann&
Bernstein**
Attorneys at Law

Daniel P. Chiplock
dchiplock@lchb.com
t 212.355.9500
f 212.355.9592
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
www.lieffcabraser.com

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

CONFIDENTIAL

## AGREEMENT BETWEEN COUNSEL
## FOR CONSUMER AND ERISA PLAINTIFFS
## <u>REGARDING DIVISION OF ATTORNEYS' FEES</u>

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between: Labaton Sucharow LLP, Thornton & Naumes, LLP, and Lieff Cabraser Heimann & Bernstein, LLP (collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigue Law LLP, Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman, and Keller Rohrback L.L.P. (collectively, <u>"Counsel for ERISA Plaintiffs"</u>), on the other hand (the "Parties"). This Agreement shall be effective as of _____, 2013.

## <u>RECITALS</u>

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW* *("ARTRS")*, in the United States District Court for the District of Massachusetts, alleging <u>state and common law claims against State Street Corporation, State Street Bank and Trust Company, and others,</u> on behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class of all institutional investors in foreign securities, including public and private pension funds, ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis ~~alleging state law claims against State Street Corporation, State Street Bank and Trust Company, and others, but no claims under ERISA~~.

~~1.~~     WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned *Arnold Henriquez, et. al., vs. State Street Bank and Trust Company,, et. al., No. 11-cv-*

12049 MLW ("*Henriquez*"), and *Andover Companies, et. al., vs. State Street Bank and Trust Company*, No. 12-cv-11698 MLW ("*Andover*"), in the United States District Court for the District of Massachusetts, alleging on behalf of their clients, Arnold Henriquez (as a participant and beneficiary of the Waste Management Retirement Savings Plan), Michael T. Cohn (as a participant and beneficiary of the Citigroup 401(k) Plan), William R. Taylor and Richard A. Sutherland (each as participants and beneficiaries of the Retirement Plan of Johnson & Johnson), Alan Kober as a Trustee of The Andover Companies' Savings and Profit Sharing Plan, and James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing Company Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis, alleging breaches of federal ERISA law against State Street Bank and Trust Company, and others, but none of the other state or common law claims alleged by ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same judge and are being mediated and litigated together and the Parties believe that it is in the best interests of their respective clients and the putative classes that they are seeking to represent that, where appropriate and consistent with their obligations to advocate for their respective clients, they work cooperatively in the litigation against State Street Corporation and the other defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the best interests of their respective clients.

2

KR00000012

NOW, THEREFORE, for good and valuable consideration, including the mutual promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties agree that any attorneys' fee agreed to, awarded and/or approved by the Court in connection with ~~the~~any collective or joint resolution of the *ARTRS, Andover* ~~and~~or *Henriquez* cases~~, whether the product of settlement or litigated resolution of the cases,~~ shall be divided 91 % to Counsel for Consumer Plaintiffs and 9 % to Counsel for ERISA Plaintiffs (the "Division of Fees").

2. The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

3. The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

**Formatted:** Indent: First line:  0.5",  No bullets or numbering

4. The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

5. The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

6. This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

3

KR00000013

7. This Agreement is governed by the substantive law of the Commonwealth of

Massachusetts.

Formatted: Indent: Left: 0.5", No bullets or numbering

4

KR00000014

## AGREEMENT BETWEEN COUNSEL
## FOR CONSUMER AND ERISA PLAINTIFFS
## REGARDING DIVISION OF ATTORNEYS' FEES

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between: Labaton Sucharow LLP, Thornton & Naumes, LLP, and Lieff Cabraser Heimann & Bernstein, LLP (collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigue Law LLP, Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman, and Keller Rohrback L.L.P. (collectively, "Counsel for ERISA Plaintiffs"), on the other hand (the "Parties"). This Agreement shall be effective as of _____, 2013.

## RECITALS

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW* ("ARTRS"), in the United States District Court for the District of Massachusetts, alleging state and common law claims against State Street Corporation, State Street Bank and Trust Company, and others, on behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class of all institutional investors in foreign securities, including public and private pension funds, ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis alleging state law claims against State Street Corporation, State Street Bank and Trust Company, and others, but no claims under ERISA.

1. WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned *Arnold Henriquez, et. al., vs. State Street Bank and Trust Company,, et. al., No. 11-cv-*

CONFIDENTIAL

KR00000015

12049 MLW ("*Henriquez*"), and *Andover Companies, et. al., vs. State Street Bank and Trust Company*, No. 12-cv-11698 MLW ("*Andover*"), in the United States District Court for the District of Massachusetts, alleging on behalf of their clients, Arnold Henriquez (as a participant and beneficiary of the Waste Management Retirement Savings Plan), Michael T. Cohn (as a participant and beneficiary of the Citigroup 401(k) Plan), William R. Taylor and Richard A. Sutherland (each as participants and beneficiaries of the Retirement Plan of Johnson & Johnson), Alan Kober as a Trustee of The Andover Companies' Savings and Profit Sharing Plan, and James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing Company Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis, alleging breaches of federal ERISA law against State Street Bank and Trust Company, and others, but none of the other state <u>or common</u> law claims alleged by ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same judge and are being mediated and litigated together and the Parties believe that it is in the best interests of their respective clients and the putative classes that they are seeking to represent that, where appropriate and consistent with their obligations to advocate for their respective clients, they work cooperatively in the litigation against State Street Corporation and the other defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the best interests of their respective clients.

2

KR00000016

NOW, THEREFORE, for good and valuable consideration, including the mutual promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties agree that any attorneys' fee agreed to, awarded and/or approved by the Court in connection with the any collective or joint resolution of the *ARTRS, Andover and/or Henriquez* cases , whether the product of settlement or litigated resolution of the cases, shall be divided 91 % to Counsel for Consumer Plaintiffs and 9 % to Counsel for ERISA Plaintiffs (the "Division of Fees").

2. The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

3. The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

**Formatted:** Indent: First line: 0.5", No bullets or numbering

4. The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

5. The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

6. This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

3

KR00000017

7. This Agreement is governed by the substantive law of the Commonwealth of

Massachusetts.

**Formatted:** Indent: Left: 0.5", No bullets or numbering

4

CONFIDENTIAL

KR00000018

# EX. 8

### AGREEMENT BETWEEN COUNSEL
### FOR CONSUMER AND ERISA PLAINTIFFS
### <u>REGARDING DIVISION OF ATTORNEYS' FEES</u>

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between: Labaton Sucharow LLP, Thornton & Naumes, LLP, and Lieff Cabraser Heimann & Bernstein, LLP (collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigue Law LLP, Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman, and Keller Rohrback L.L.P. (collectively, Counsel for ERISA Plaintiffs), on the other hand (the "Parties"). This Agreement shall be effective as of _____, 2013.

### <u>RECITALS</u>

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW* *("ARTRS")*, in the United States District Court for the District of Massachusetts, alleging on behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class of all institutional investors in foreign securities, including public and private pension funds, ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis alleging state law claims against State Street Corporation, State Street Bank and Trust Company, and others, but no claims under ERISA.

1.      WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned *Arnold Henriquez, et. al. vs. State Street Bank and Trust, et. al.*, No. 11-cv-12049 MLW *("Henriquez")*, and *Andover Companies, et. al., vs. State Street Bank and Trust Company*, No. 12-cv-11698 MLW *("Andover")*, in the United States District Court for the District of

Massachusetts, alleging on behalf of their clients, Arnold Henriquez (as a participant and

beneficiary of the Waste Management Retirement Savings Plan), Michael T. Cohn (as a

participant and beneficiary of the Citigroup 401(k) Plan), William R. Taylor and Richard A.

Sutherland (each as participants and beneficiaries of the Retirement Plan of Johnson & Johnson),

Alan Kober as a Trustee of The Andover Companies' Savings and Profit Sharing Plan, and

James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing Company

Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for which

State Street served as the custodial bank and executed FX trades on an "indirect," "standing-

instruction," or "non-negotiated" basis, alleging breaches of federal ERISA law against State

Street Bank and Trust Company, and others, but none of the other state law claims alleged by

ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same

judge and are being mediated and litigated together and the Parties believe that it is in the best

interests of their respective clients and the putative classes that they are seeking to represent that,

where appropriate and consistent with their obligations to advocate for their respective clients,

they work cooperatively in the litigation against State Street Corporation and the other

defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the

best interests of their respective clients.

NOW, THEREFORE, for good and valuable consideration, including the mutual

promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby

agree as follows:

1.  The Parties agree that any attorneys' fee agreed, awarded and/or approved by the

    Court in connection with the *ARTRS, Andover* and or *Henriquez* cases, whether the

2

product of settlement or litigated resolution of the cases, shall be divided __ % to Counsel for Consumer Plaintiffs and __ % to Counsel for ERISA Plaintiffs (the "Division of Fees").

2.  The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

3.  The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

4.  The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

5.  The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

6.  This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

7.  This Agreement is governed by the substantive law of the Commonwealth of Massachusetts.

CONFIDENTIAL

KR00000005

# EX. 9

| | |
|---|---|
| **From:** | Cate Brewer |
| **To:** | Laura Gerber |
| **Sent:** | 12/10/2013 9:35:28 AM |
| **Subject:** | SSFX |
| **Attachments:** | FEEAGREEMENT082913.docx; FeeAgreement083013.docx |


FeeAgreement083013.docx


FEEAGREEMENT082913.docx

----------------------------
Cate R. Brewer
Legal Assistant/Paralegal
to Gretchen Cappio, Laura Gerber and Harry Williams

Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Phone: (206) 623-1900
Fax: (206) 623-3384
Email: cbrewer@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

KR00000024

**AGREEMENT BETWEEN COUNSEL**
**FOR CONSUMER AND ERISA PLAINTIFFS**
**REGARDING DIVISION OF ATTORNEYS' FEES**

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding

Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between: [  ]

Labaton Sucharow LLP, Thornton & Naumes, LLP, [ ] and Lieff Cabraser Heimann & Bernstein,

LLP [ ] (collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigue Law

LLP, Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook &

Brickman, and and Keller Rohrback Law Offices L.L.P. (collectively, Counsel for ERISA

Plaintiffs), on the other hand (the "Parties").  This Agreement shall be effective as of _____,

2013.

**RECITALS**

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas*

*Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW*

*("ARTRS")*, in the United States District Court for the District of Massachusetts, alleging on

behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class

of all institutional investors in foreign securities, including public and private pension funds,

ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for

which State Street served as the custodial bank and executed FX trades on an "indirect,"

"standing-instruction," or "non-negotiated" basis alleging public and private (ERISA) pension

plans federal and state law claims against State Street Corporation, State Street Bank and Trust

Company, and others and others, but no claims under ERISA.

1.    WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned

*Arnold Henriquez, et. al. vs. State Street Bank and Trust, et. al., No. 11-cv-12049 MLW*

KR00000025

("Henriquez"), and *Andover Companies, et. al., vs. State Street Bank and Trust Company*, No.     Formatted: Font: Italic

12-cv-11698 MLW ("Andover"), ~~and Arnold Henriquez, et. al. vs. State Street Bank and Trust,~~

~~et. al., No. 11-cv-12049 MLW ("Henriquez"),~~ in the United States District Court for the District

of Massachusetts, alleging on behalf of their clients, ~~the Andover Companies and~~ Arnold

Henriquez (as a participant and beneficiary of the Waste Management Retirement Savings Plan),

Michael T. Cohn (as a participant and beneficiary of the Citigroup 401(k) Plan), William R.

Taylor and Richard A. Sutherland (each as participants and beneficiaries of the Retirement Plan

of Johnson & Johnson), Alan Kober as a Trustee of The Andover Companies' Savings and Profit

Sharing Plan, and James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing

Company Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for

which State Street served as the custodial bank and executed FX trades on an "indirect,"

"standing-instruction," or "non-negotiated" basis, ~~claims under~~ alleging breaches of federal

ERISA law ~~ERISA~~ against State Street ~~Corporation~~ Bank and Trust Company, and others, but

none of the other ~~federal and state~~ law claims alleged by ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same

judge and are being mediated and litigated together and the Parties believe that it is in the best

interests of their respective clients and the putative classes that they are seeking to represent that,

where appropriate and consistent with their obligations to advocate for their respective clients,

they work cooperatively in the litigation against State Street Corporation and the other

defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the

best interests of their respective clients.

2

~~WHEREAS, State Street Corporation and the other defendants have produced data, on a confidential basis, in the mediation of the *ARTRS, Andover* and *Henriquez* cases regarding volume of FX trading by public and ERISA pension plans.~~

NOW, THEREFORE, for good and valuable consideration, including the mutual promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties agree that any attorneys' fee agreed, awarded and/or approved by the Court in connection with the *ARTRS, Andover* and *Henriquez* cases, whether the product of settlement or litigated resolution of the cases, shall be divided __ % to Counsel for Consumer Plaintiffs and __ % to Counsel for ERISA Plaintiffs (the "Division of Fees").

2. ~~The~~ The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

2.

3. ~~Notwithstanding Paragraphs 1 and 2 above, the Division of Fees does not apply in the event that there is no recovery in the *ARTRS* case or if there is no recovery in both the *Andover Company* and *Henriquez* cases.  [CSK Comment: this is a difficult issue. If ARTRS loses, we win, and the division applies, then ARTRS counsel gets virtually the entire fee.  On the other hand, if it went the other way, then we get shut out.  On balance, I think we want this provision, but it is definitely not perfect either way.]~~

3

CONFIDENTIAL

KR00000027

4. ~~The Parties agree that the Division of Fees is consistent with the relative volume of FX trading by ERISA and non-ERISA plans as reflected in the data produced by State Street and the prospects of recovery on the various claims alleged, and is therefore reasonable and appropriate.~~

5. The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

3.

6. The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

4.

7. The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

5.

8. This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

6.

~~9.~~7.    This Agreement is governed by the substantive law of the Commonwealth of Massachusetts.

4

CONFIDENTIAL

KR00000028

# EX. 10

**AGREEMENT BETWEEN COUNSEL
FOR CONSUMER AND ERISA PLAINTIFFS
<u>REGARDING DIVISION OF ATTORNEYS' FEES</u>**

This Agreement Between Counsel For Consumer And ERISA Plaintiffs Regarding Division Of Attorneys' Fees (the "Agreement") is made and entered into by and between: Labaton Sucharow LLP, Thornton & Naumes, LLP, and Lieff Cabraser Heimann & Bernstein, LLP (collectively, "Counsel for Consumer Plaintiffs"), on the one hand, and McTigue Law LLP, Zuckerman Spaeder LLP, Beins, Axelrod, P.C., Richardson, Patrick, Westbrook & Brickman, and Keller Rohrback L.L.P. (collectively, "Counsel for ERISA Plaintiffs"), on the other hand (the "Parties"). This Agreement shall be effective as of December 11, 2013.

## <u>RECITALS</u>

WHEREAS, Counsel for Consumer Plaintiffs have filed the lawsuit captioned *Arkansas Teacher Retirement System vs. State Street Corporation, et. al., No. 11-cv-10230 MLW* ("*ARTRS*"), in the United States District Court for the District of Massachusetts, alleging state and common law claims against State Street Corporation, State Street Bank and Trust Company, and others, on behalf of their client, the Arkansas Teacher Retirement System ("ARTRS"), and a putative class of all institutional investors in foreign securities, including public and private pension funds, ERISA-qualified plans, mutual funds, endowment funds and investment manager funds, for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis.

WHEREAS, Counsel for ERISA Plaintiffs have filed two lawsuits captioned *Arnold Henriquez, et. al., vs. State Street Bank and Trust Company,, et. al.*, No. 11-cv-12049 MLW ("*Henriquez*"), and *Andover Companies, et. al., vs. State Street Bank and Trust Company*, No. 12-cv-11698 MLW ("*Andover*"), in the United States District Court for the District of

CONFIDENTIAL

Massachusetts, alleging on behalf of their clients, Arnold Henriquez (as a participant and beneficiary of the Waste Management Retirement Savings Plan), Michael T. Cohn (as a participant and beneficiary of the Citigroup 401(k) Plan), William R. Taylor and Richard A. Sutherland (each as participants and beneficiaries of the Retirement Plan of Johnson & Johnson), Alan Kober as a Trustee of The Andover Companies' Savings and Profit Sharing Plan, and James Pehoushek-Stangeland, as a participant and beneficiary of The Boeing Company Voluntary Investment Plan), and putative classes of private (ERISA) pension plans for which State Street served as the custodial bank and executed FX trades on an "indirect," "standing-instruction," or "non-negotiated" basis, alleging breaches of federal ERISA law against State Street Bank and Trust Company, and others, but none of the other state or common law claims alleged by ARTRS.

WHEREAS, the *ARTRS, Andover* and *Henriquez* cases are all pending before the same judge and are being mediated and litigated together and the Parties believe that it is in the best interests of their respective clients and the putative classes that they are seeking to represent that, where appropriate and consistent with their obligations to advocate for their respective clients, they work cooperatively in the litigation against State Street Corporation and the other defendants, and further, that agreeing to a division of attorneys' fees, as set forth below, is in the best interests of their respective clients.

NOW, THEREFORE, for good and valuable consideration, including the mutual promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Parties agree that any attorneys' fee agreed to, awarded and/or approved by the Court in connection with any collective or joint resolution of the *ARTRS, Andover*

2

KR00000046

*and Henriquez* cases shall be divided 91 % to Counsel for Consumer Plaintiffs and 9% to Counsel for ERISA Plaintiffs (the "Division of Fees").

2. The Parties agree that the Division of Fees shall apply whether the attorneys' fees agreed, awarded and/or approved by the Court is a single sum for all claims and cases or otherwise.

3. The Parties agree that they will each remain responsible for representing the interests of their respective clients and that nothing herein limits in any way their obligations to represent and exercise independent judgment on behalf of their respective clients.

4. The Parties agree that the terms of this Agreement may be disclosed to the Court, if any of them believes it appropriate to do so.

5. The Parties represent that they have disclosed and explained this Agreement to their respective clients and that their clients have consented to the Division of Fees and other terms herein.

6. This Agreement does not impact or change the Parties' rights and ability to seek the reimbursement of litigation expenses; nor does it contain any agreement on the sharing of expenses.

7. This Agreement is governed by the substantive law of the Commonwealth of Massachusetts.

8. This Agreement may be signed in counterpart, and faxed or emailed signatures will have the force of original signatures.

3

CONFIDENTIAL

KR00000047

DATED: 12/11/13

Lawrence A. Sucharow
Labaton Sucharow LLP

DATED: 12/11/13

Michael P. Thornton
Thornton & Naumes, LLP

DATED: 12/11/13

Daniel P. Chiplock
Lieff Cabraser Heimann & Bernstein, LLP

DATED: _____

J. Brian McTigue
McTigue Law LLP

DATED: _____

Carl S. Kravitz
Zuckerman Spaeder, LLP

DATED: _____

Jonathan G. Axelrod
Beins, Axelrod, P.C.

DATED: _____

Michael J. Brickman
Richardson, Patrick, Westbrook & Brickman
LLC

DATED: _____

Lynn Lincoln Sarko
Keller Rohrback L.L.P.

4

CONFIDENTIAL

KR00000048

DATED: _____

Lawrence A. Sucharow
Labaton Sucharow LLP

DATED: _____

Michael P. Thornton
Thornton & Naumes, LLP

DATED: 12 | 11 | 13

Daniel P. Chiplock
Lieff Cabraser Heimann & Bernstein, LLP

DATED: _____

J. Brian McTigue
McTigue Law LLP

DATED: _____

Carl S. Kravitz
Zuckerman Spaeder, LLP

DATED: _____

Jonathan G. Axelrod
Beins, Axelrod, P.C.

DATED: _____

Michael J. Brickman
Richardson, Patrick, Westbrook & Brickman
LLC

DATED: 12/11/13

Lynn Lincoln Sarko
Keller Rohrback L.L.P.

4

KR00000049

DATED: _____

_____
Lawrence A. Sucharow
Labaton Sucharow LLP

DATED: _____

_____
Michael P. Thornton
Thornton & Naumes, LLP

DATED: 12/11/13

_____
Daniel P. Chiplock
Lieff Cabraser Heimann & Bernstein, LLP

DATED: _____

_____
J. Brian McTigue
McTigue Law LLP

DATED: _____

_____
Carl S. Kravitz / DWIGHT BOSTWICK
Zuckerman Spaeder, LLP

DATED: 12/13/13

_____
Jonathan G. Axelrod
Beins, Axelrod, P.C.

DATED: _____

_____
Michael J. Brickman
Richardson, Patrick, Westbrook & Brickman
LLC

DATED: _____

_____
Lynn Lincoln Sarko
Keller Rohrback L.L.P.

4

CONFIDENTIAL

KR00000050

# EX. 11

| From: | Lynn Sarko <lsarko@KellerRohrback.com> |
|---|---|
| Sent: | Wednesday, November 23, 2016 10:22 AM |
| To: | Kravitz, Carl S. <ckravitz@zuckerman.com> |
| Subject: | Fwd: SST - ERISA Fee and Expense Allocations |
| Attach: | image009.jpg; ATT00001.htm; image010.jpg; ATT00002.htm; image011.jpg; ATT00003.htm; image012.jpg; ATT00004.htm; SST - Fee and Expense Allocation for ERISA Actions (1668269_1).DOC; ATT00005.htm |

So I spoke with the Labaton folks yesterday. They didn't want to put it in the formal letter but agreed to send us an email putting the numbers in and confirming the 10 percent. Here it is

Lynn

Sent from my iPhone

Begin forwarded message:

From: "Zeiss, Nicole" <NZeiss@labaton.com<mailto:NZeiss@labaton.com>>
Date: November 23, 2016 at 7:17:24 AM PST
To: Lynn Sarko <lsarko@kellerrohrback.com<mailto:lsarko@kellerrohrback.com>>, 'David Copley' <dcopley@KellerRohrback.com<mailto:dcopley@KellerRohrback.com>>, 'Brian McTigue' <bmctigue@mctiguelaw.com<mailto:bmctigue@mctiguelaw.com>>, "Kravitz, Carl S." <ckravitz@zuckerman.com<mailto:ckravitz@zuckerman.com>>

Cc: "Sucharow, Lawrence" <LSucharow@labaton.com<mailto:LSucharow@labaton.com>>, "Goldsmith, David" <dgoldsmith@labaton.com<mailto:dgoldsmith@labaton.com>>

Subject: SST - ERISA Fee and Expense Allocations

Dear all,

Attached and below are tables showing the ERISA fee and expense allocations. Please let us know if you have any questions or changes. Thanks

FEES AND LITIGATION EXPENSES:

Total Fee Awarded: $74,541,250.00, plus accrued interest to be calculated
ERISA Fee Allocation 10%: $7,454,125.00,[1] plus accrued interest to be calculated
Total ERISA Expenses Awarded: $431,613.31, without interest

FEE ALLOCATION

Firm


Fee

Keller Rohrback LLP

$2,484,708.33

McTigue Law LLP

$2,484,708.34

Zuckerman Spaeder LLP

$2,484,708.33

CONFIDENTIAL

ZS000027

TOTAL

$7,454,125.00


EXPENSE ALLOCATION

Firm


Expenses


Keller Rohrback LLP, on behalf of itself and
-Hutchings Barsamian Mandelcorn LLP


$342,270.63
$496.00

McTigue Law LLP, on behalf of itself and
- Beins Axelrod PC
- Richardson Patrick Westbrook & Brickman LLC
- Feinberg Campbell & Zack PC


$41,412.90
$1,306.83
$7,456.66
$0.00

Zuckerman Spaeder LLP


$38,670.29

TOTAL

 $431,613.31


1  Although the fee agreement with ERISA Counsel provides for a 9% allocation from the awarded fee, counsel in the ARTRS Action have determined to increase the allocation to 10% in light of the excellent work and contribution of ERISA Counsel.


<https://urldefense.proofpoint.com/v2/url?u=http-
3A__labaton.com_&d=DgIFAg&c=kWwxgxBGq8MXL6t_SoviyQ&r=EFKDQsqQzO6nTYTa8RwS5Q9M2leSqI2v4EMjMy0k2eA&m=LIDDE2W-
oq6r1H24vdfZGej1nAzDuuCcFGQ0L4IzkwI&s=fEywAfJB3Bc44abxskTbAGK3ooX9Okbd8Z85QHGKadA&e=>

ZS000028

# EX. 12

| From: | Kravitz, Carl S. <csk1@zuckerman.com> |
|---|---|
| Sent: | Wednesday, November 23, 2016 2:56 PM |
| To: | Brian McTigue <bmctigue@mctiguelaw.com> |
| Subject: | Fwd: SST - ERISA Fee and Expense Allocations |
| Attach: | image009.jpg; ATT00001.htm; image010.jpg; ATT00002.htm; image011.jpg; ATT00003.htm; image012.jpg; ATT00004.htm; SST - Fee and Expense Allocation for ERISA Actions (1668269_1).DOC; ATT00005.htm |

At least we got the numbers up a bit!!

Sent from my iPhone

Begin forwarded message:

> **From:** "Zeiss, Nicole" <NZeiss@labaton.com>
> **Date:** November 23, 2016 at 10:17:24 AM EST
> **To:** Lynn Sarko <lsarko@kellerrohrback.com>, 'David Copley' <dcopley@KellerRohrback.com>, 'Brian McTigue' <bmctigue@mctiguelaw.com>, "'Kravitz, Carl S.'" <ckravitz@zuckerman.com>
> **Cc:** "Sucharow, Lawrence" <LSucharow@labaton.com>, "Goldsmith, David" <dgoldsmith@labaton.com>
> **Subject: SST - ERISA Fee and Expense Allocations**
>
> Dear all,
>
> Attached and below are tables showing the ERISA fee and expense allocations. Please let us know if you have any questions or changes. Thanks
>
> **FEES AND LITIGATION EXPENSES:**
>
> **Total Fee Awarded**: $74,541,250.00, plus accrued interest to be calculated
> **ERISA Fee Allocation 10%**: $7,454,125.00,[1] plus accrued interest to be calculated
> **Total ERISA Expenses Awarded**: $431,613.31, without interest
>
> **FEE ALLOCATION**
>
> | Firm | Fee |
> |---|---|
> | Keller Rohrback LLP | $2,484,708.33 |
> | McTigue Law LLP | $2,484,708.34 |
> | Zuckerman Spaeder LLP | $2,484,708.33 |
> | **TOTAL** | **$7,454,125.00** |
>
> **EXPENSE ALLOCATION**
>
> | Firm | Expenses |
> |---|---|
> | Keller Rohrback LLP, on behalf of itself and -Hutchings Barsamian Mandelcorn LLP | $342,270.63 $496.00 |

ZS000029

| | |
|---|---|
| McTigue Law LLP, on behalf of itself and | $41,412.90 |
| - Beins Axelrod PC | $1,306.83 |
| - Richardson Patrick Westbrook & Brickman LLC | $7,456.66 |
| - Feinberg Campbell & Zack PC | $0.00 |
| Zuckerman Spaeder LLP | $38,670.29 |
| **TOTAL** | **$431,613.31** |

1 Although the fee agreement with ERISA Counsel provides for a 9% allocation from the awarded fee, counsel in the ARTRS Action have determined to increase the allocation to 10% in light of the excellent work and contribution of ERISA Counsel.

CONFIDENTIAL

ZS000030

# EX. 13

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**

**MEMORANDUM**

From:   Maritza Bolano,

To:      Files

CC:     Todd S. Kussin

Re:     Contracts/RFPs Topic - <u>ATRS vs. State Street Class Action, No. 11-CV-10230 (MLW)</u>

ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT



Confidential: Produced Pursuant to Court Order.

TLF-SST-005246

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



TLF-SST-005247

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



Confidential: Produced Pursuant to Court Order.

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



Confidential: Produced Pursuant to Court Order.

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



Confidential: Produced Pursuant to Court Order.

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



Confidential: Produced Pursuant to Court Order.

ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT



Confidential: Produced Pursuant to Court Order.

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



Confidential: Produced Pursuant to Court Order.

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



Confidential: Produced Pursuant to Court Order.

TLF-SST-005261

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



TLF-SST-005264



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



Confidential: Produced Pursuant to Court Order.

**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



**ATTORNEY-CLIENT PRIVILEGE – ATTORNEY WORK PRODUCT**



TLF-SST-005270

# EX. 14

**From:** Michael Lesser
**Sent:** Wednesday, March 11, 2015 1:44 PM
**To:** Garrett Bradley
**Cc:** Michael Thornton; Evan Hoffman
**Subject:** Re: State street

He's looking into it.

On Mar 11, 2015, at 12:53 PM, Garrett Bradley <GBradley@tenlaw.com> wrote:

Ask Rodgers

**From:** Michael Lesser
**Sent:** Wednesday, March 11, 2015 12:43 PM
**To:** Garrett Bradley
**Cc:** Michael Thornton; Evan Hoffman
**Subject:** RE: State street

The invoice and email date are 2/6. The invoice shows billing through 2/28. Did they bill for time before it was incurred?

**From:** Garrett Bradley
**Sent:** Wednesday, March 11, 2015 12:42 PM
**To:** Michael Lesser
**Cc:** Michael Thornton; Evan Hoffman
**Subject:** Re: State street

double count for what?

Garrett

On Mar 11, 2015, at 11:54 AM, Michael Lesser <MLesser@tenlaw.com> wrote:

Garrett: Just following up on the doc review recordkeeping. The attached invoice is dated 2/6/2015 (and was sent by e-mail on 2/6 as well) but includes billables through 2/28. Can you ask them to confirm whether these hours were billed for 2/6 – 2/28? I don't want us to double-count anything.

Thanks,

M

**From:** Garrett Bradley
**Sent:** Friday, February 06, 2015 3:48 PM
**To:** Michael Thornton
**Cc:** Michael Lesser
**Subject:** Fwd: State street

1

Confidential: Produced Pursuant to Court Order.

TLF-SST-011124

First month bill. I have not heard a thing from Chiplock on how he is doing....He has not been playing nice in the sand box lately. I emailed him yesterday asking for a call with Belfi to discuss this. No response.

This is the best way to jack up the loadstar though.

Garrett

Begin forwarded message:

> **From:** "Ng, Cindy" <CNg@labaton.com>
> **Date:** February 6, 2015 at 3:44:56 PM EST
> **To:** "Garrett J. Bradley" <gbradley@tenlaw.com>
> **Cc:** Anastasia Maranian <AMaranian@tenlaw.com>, "Stroock, Naomi" <nstroock@labaton.com>, "Politano, Ray" <rpolitano@labaton.com>
> **Subject: RE: State street**

Garrett,

Attached is the invoice regarding State Street document review.



**Cindy Ng | Senior Accountant**
140 Broadway, New York, New York 10005
T: (212) 907-0657 | F: (212) 883-7556
E: cng@labaton.com | W: www.labaton.com



\*\*\*Privilege and Confidentiality Notice\*\*\*

This electronic message contains information that is (a)
LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR
OTHERWISE PROTECTED BY LAW FROM DISCLOSURE,
and (b) intended only for the use of the Addressee(s) named herein.
If you are not the Addressee(s), or the person responsible for
delivering this to the Addressee(s), you are hereby notified that
reading, copying, or distributing this message is prohibited. If you
have received this electronic mail message in error, please contact
us immediately at 212-907-0700 and take the steps necessary to
delete the message completely from your computer system. Thank
you.

2

Confidential: Produced Pursuant to Court Order.                                      TLF-SST-011125

<State Street - 1020347 (Feb 2015).pdf>

Confidential: Produced Pursuant to Court Order.

TLF-SST-011126

# EX. 15

Message

| | |
|---|---|
| **From**: | Ng, Cindy [CNg@labaton.com] |
| **Sent**: | 4/9/2015 3:49:35 PM |
| **To**: | Garrett J. Bradley [gbradley@tenlaw.com] |
| **CC**: | 'Anastasia Maranian' [AMaranian@tenlaw.com]; Stroock, Naomi [nstroock@labaton.com]; Politano, Ray [rpolitano@labaton.com] |
| **Subject**: | RE: State street |
| **Attachments**: | State Stree - 1020423 (April 2015).pdf |

Garrett,

Attached is the April invoice regarding State Street document review.

## Labaton Sucharow

**Cindy Ng | Senior Accountant**
140 Broadway, New York, New York 10005
T: (212) 907-0657 | F: (212) 883-7556

E: cng@labaton.com | W: www.labaton.com



CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER                                                          LBS003775

# Labaton
# Sucharow

Mr. Garrett Bradley
Thornton Law Firm LLP
100 Summer Street, 30th Floor
Boston, MA  02110

April 9, 2015
ID:  016576.0001
Invoice # 1020423

RE:  State Street Corporation-Class Action

For Document Reviewer Services Rendered from April 1, 2015 through April
30, 2015.

| Total Hours | Rates | Amount |
|---|---|---|
| 1600.00 | $50.00 | $80,000.00 |

| Adjustment  - March 2015 (150.0 Hours) | $ 7,500.00 |
|---|---|

| Invoice Amount | $87,500.00 |
|---|---|
| Past Due Invoice#1020393 - 03/09/2015 | $45,710.00 |
| Total Amount Due | **$133,210.00** |

*Please make checks payable to Labaton Sucharow LLP*

Expenses and disbursements, if any, recorded after date
of statement will appear on a later statement
Tax Identification Number 13-1987846

www.labaton.com      LABATON SUCHAROW LLP   | 140 BROADWAY | NEW YORK, NY 10005 | T 212-907-0700 | F 212-818-0477

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER
LBS003776

# EX. 16

Christopher J. Keller
Partner
212 907 0853 direct
212 883 7053 fax
email ckeller@labaton.com

May 4, 2011

**VIA ELECTRONIC MAIL**
Michael P. Thornton, Esq. (MThornton@tenlaw.com)
Garrett J. Bradley, Esq. (GBradley@tenlaw.com)
Thornton & Naumes LLP
100 Summer Street, 30th Floor
Boston, MA  02110

Steven E. Fineman, Esq. (sfineman@lchb.com)
Daniel P. Chiplock, Esq. (dchiplock@lchb.com)
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413

Richard M. Heimann, Esq. (rheimann@lchb.com)
Lexi J. Hazam, Esq. (lhazam@lchb.com)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339

Re:     *Arkansas Teacher Retirement System v. State Street Corporation*
        Civil Action No. 11-cv-10230-MLW (D. Mass.)

Dear Counsel:

I am pleased we were able to come to terms and will be working together in this matter.  I have
outlined below the terms of the agreement we have reached.

Arkansas Teacher Retirement System ("Arkansas Teacher") will be represented in the action by
Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel, and Thornton & Naumes LLP
("Thornton & Naumes") and Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") will
serve as additional counsel for Arkansas Teacher in this action.

Arkansas Teacher has made an application to the Court for appointment of its selection of Labaton
Sucharow as Interim Lead Counsel.  In the event that the Court appoints Labaton Sucharow as
interim Lead Counsel and subsequently as Lead Counsel, we agree as follows:

Confidential: Produced Pursuant to Court Order.                                    TLF-SST-033911

May 4, 2011
Page 2

We agree that our firms will act in good faith to divide the work so that each of the firms performs at least 20% of the work and each will receive at least 20% of the fees awarded in this matter.  The remaining 40% of the fees awarded shall be allocated in good faith at the conclusion of the case based on each firms' actual time spent on this matter..

There is an "off the top" obligation to referring counsel of 6% of the fees awarded.  In addition, we agree to exchange on a quarterly basis our then current lodestar reports showing quarterly and aggregate billings in this matter.

We also agree that any dispute arising under this agreement or in this case may not be litigated in court and that all such disputes or claims shall be resolved, upon election of any party, through binding arbitration conducted pursuant to the applicable rules of the American Arbitration Association in any jurisdiction in which any of the firms reside.

Please sign below indicating your agreement to these terms.

Very truly yours,


Christopher Keller, Esq.


Accepted and agreed by:


Thornton & Naumes LLP


_____          Date: _____
Michael P. Thornton, Esq.



Lieff Cabraser Heimann & Bernstein, LLP

Confidential: Produced Pursuant to Court Order.

May 4, 2011
Page 3

_____     Date: _____
Steven E. Fineman, Esq.

Confidential: Produced Pursuant to Court Order.                    TLF-SST-033913

# EX. 17

| | |
|---|---|
| **From:** | Chiplock, Daniel P. <DCHIPLOCK@lchb.com> |
| **Sent:** | Friday, August 28, 2015 7:04 PM |
| **To:** | Sucharow, Lawrence |
| **Cc:** | Garrett J. Bradley; Michael Thornton; Lieff, Robert L. |
| **Subject:** | Re: SST--Proposed Revision to Term Sheet for DOL Deal |

Not to be difficult, but I don't see how that matters. It would seem that the respective lodestars, contributions, etc. are not terribly divergent. And not a skeptical judge, as far as we can tell. A very different situation, in other words, from BNYM (which I know doesn't involve you, Larry, but seems to be coloring this discussion).

On Aug 28, 2015, at 6:27 PM, Sucharow, Lawrence <LSucharow@labaton.com<mailto:LSucharow@labaton.com>> wrote:

For one thing, we will know the actual fees awarded by the court.

Sent from my iPhone

On Aug 28, 2015, at 2:21 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:

I guess I don't understand the reluctance to square up the percentages. What don't we understand about the firm's respective contributions that we will understand better 3-4 months from now?

From: Garrett Bradley [mailto:GBradley@tenlaw.com]
Sent: Friday, August 28, 2015 2:11 PM
To: Chiplock, Daniel P.
Cc: Sucharow, Lawrence; Michael Thornton; Lieff, Robert L.
Subject: Re: SST--Proposed Revision to Term Sheet for DOL Deal

I see no need for that at this time. It can even be done after final approval.

Garrett

On Aug 28, 2015, at 2:00 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:
Those were the contours as I understood them, yes – after costs, 20% of the fee to be allocated to each of the three firms, with the remaining 40% to be allocated based on contributions to the outcome. I don't think anyone would dispute that Labaton as lead counsel should get more of that 40% than the other two firms. But it may be beneficial to figure out what the breakdown is going to be and get it down in writing now.

From: Sucharow, Lawrence [mailto:LSucharow@labaton.com]
Sent: Friday, August 28, 2015 1:50 PM
To: Chiplock, Daniel P.
Cc: Garrett J. Bradley; Michael Thornton; Lieff, Robert L.
Subject: Re: SST--Proposed Revision to Term Sheet for DOL Deal

Dan, agreement among our three firms it's that after payment of all of the council I was three firms show each receive 20% with the 40% balance to be determined at a later date. If this is the understanding you are referring to but I can't confirm it. Please advise.

1

Confidential: Produced Pursuant to Court Order.

Sent from my iPhone

On Aug 28, 2015, at 1:39 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:
Mike, Garrett – Hope you're well – please see below.  If we can figure this out early next week that may help speed the process.

Thanks,

Dan

From: Chiplock, Daniel P.
Sent: Friday, August 28, 2015 1:33 PM
To: 'Sucharow, Lawrence'
Cc: Zeiss, Nicole; Lieff, Robert L.
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

The purpose of my email was just to get your reaction, Larry, since these are your drafts.  Thank you for responding quickly, and for giving me your reaction.  I would love to include them so we can move forward promptly.  I'll re-send.

From: Sucharow, Lawrence [mailto:LSucharow@labaton.com]
Sent: Friday, August 28, 2015 1:28 PM
To: Chiplock, Daniel P.
Cc: Zeiss, Nicole; Lieff, Robert L.
Subject: Re: SST--Proposed Revision to Term Sheet for DOL Deal

I don't know why you left the Thornton firm off this email since they are party to any understanding we have and are therefore he sensual to any memorialization of that understanding.  If you more willing to resend your email and include them,we can see if there is any disagreement as to what our understanding is/was.
Larry

Sent from my iPhone

On Aug 28, 2015, at 1:10 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:
Larry and Nicole:

Attached are my redlines to the preliminary approval order and final judgment.  These edits are consistent with the Court's January 2012 order concerning leadership structure.

I'm emailing just you (and copying Bob) so as to try not to make a big thing over this, but I do think it's appropriate to memorialize what the fee allocation amongst customer class counsel is going to be (consistent with the understanding that the firms have been operating under for a couple years now) before we proceed much further.  I think we'd be willing to support Lead Counsel having final authority over fee and expense allocations, etc., for purposes of the settlement stip, and thus present a united front against a perpetual troublemaker like McTigue—which should be in everyone's interest--provided we had some basic written comfort ourselves.  I don't think it's too early for that, given the interest in seeing the funds come in this year.

Thanks,
Dan

From: Zeiss, Nicole [mailto:NZeiss@labaton.com]
Sent: Friday, August 28, 2015 9:53 AM

Confidential: Produced Pursuant to Court Order.                          TLF-SST-040632

To: Chiplock, Daniel P.
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

Thank you!

<image001.jpg><http://labaton.com/>
Nicole M. Zeiss | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0867 |  F: (212) 883-7067
E: nzeiss@labaton.com<mailto:nzeiss@labaton.com>  |  W: www.labaton.com<http://labaton.com/>

<image002.gif><http://www.linkedin.com/company/labaton-sucharow-llp>
<image003.gif><https://twitter.com/LabatonSucharow> <image004.gif><https://www.facebook.com/pages/Labaton-Sucharow-LLP/443111702425065>

From: Chiplock, Daniel P. [mailto:DCHIPLOCK@lchb.com]
Sent: Friday, August 28, 2015 9:29 AM
To: Sucharow, Lawrence
Cc: Zeiss, Nicole; Lynn Sarko; rlieff@lieff.com<mailto:rlieff@lieff.com>; Michael Thornton; Garrett J. Bradley; Michael Lesser; Evan Hoffman; Kravitz, Carl S.; Brian McTigue; Rogers, Michael H.; Goldsmith, David
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

OK, sounds good.  I will also get you whatever edits I have to the settlement docs by noon.

From: Sucharow, Lawrence [mailto:LSucharow@labaton.com]
Sent: Friday, August 28, 2015 9:28 AM
To: Chiplock, Daniel P.
Cc: Zeiss, Nicole; Lynn Sarko; rlieff@lieff.com<mailto:rlieff@lieff.com>; Michael Thornton; Garrett J. Bradley; Michael Lesser; Evan Hoffman; Kravitz, Carl S.; Brian McTigue; Rogers, Michael H.; Goldsmith, David
Subject: Re: SST--Proposed Revision to Term Sheet for DOL Deal

I am speaking to Paine today at around 10 AM to both report to him and get his update.
I'll report back and advise whether we should send the revised term sheet. I expect we should but let's hold off for another hour.

Sent from my iPhone

On Aug 28, 2015, at 9:19 AM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:
This looks OK to me, thanks.  I'm happy to send it (after you've done the other redline) to Paine, if you like.  Or someone else can, no matter.

From: Zeiss, Nicole [mailto:NZeiss@labaton.com]
Sent: Thursday, August 27, 2015 3:27 PM
To: Lynn Sarko; 'rlieff@lieff.com<mailto:rlieff@lieff.com>'; Chiplock, Daniel P.; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
Cc: Rogers, Michael H.; Sucharow, Lawrence; Goldsmith, David

3

Confidential: Produced Pursuant to Court Order.

Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

Dear all,

We've had some additional exchanges about the term sheet and, specifically, para 8(n).  I believe the attached draft resolves those issues and that there is consensus that the attached accurately reflects the basic DOL fee deal.  If you disagree, please let us know asap.

When someone wants to send this to Paine, or the DOL, I will need a run a different redline for them.

Thanks

<image001.jpg><http://labaton.com/>
Nicole M. Zeiss | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0867 | F: (212) 883-7067
E: nzeiss@labaton.com<mailto:nzeiss@labaton.com> | W: www.labaton.com<http://www.labaton.com/>

<image002.jpg><http://www.linkedin.com/company/labaton-sucharow-llp>
<image003.jpg><https://twitter.com/LabatonSucharow> <image004.jpg><https://www.facebook.com/pages/Labaton-Sucharow-LLP/443111702425065>

From: Zeiss, Nicole
Sent: Wednesday, August 26, 2015 5:09 PM
To: Sucharow, Lawrence; Lynn Sarko; Goldsmith, David; 'rlieff@lieff.com<mailto:rlieff@lieff.com>'; Daniel P. Chiplock; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
Cc: Rogers, Michael H.
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

Attached is the term sheet showing the changes discussed below, plus one additional change to para 8(n) that might help.

Thanks

<image005.jpg><http://labaton.com/>
Nicole M. Zeiss | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0867 | F: (212) 883-7067
E: nzeiss@labaton.com<mailto:nzeiss@labaton.com> | W: www.labaton.com<http://www.labaton.com/>

4

Confidential: Produced Pursuant to Court Order.                                                                    TLF-SST-040634

<image006.jpg><http://www.linkedin.com/company/labaton-sucharow-llp>
<image007.jpg><https://twitter.com/LabatonSucharow> <image008.jpg><https://www.facebook.com/pages/Labaton-Sucharow-LLP/443111702425065>


From: Sucharow, Lawrence
Sent: Wednesday, August 26, 2015 4:34 PM
To: Lynn Sarko; Goldsmith, David; 'rlieff@lieff.com<mailto:rlieff@lieff.com>'; Daniel P. Chiplock; Michael Thornton;
Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
Cc: Zeiss, Nicole; Rogers, Michael H.
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

Then we can probably forget my proposed changes.

From: Lynn Sarko [mailto:lsarko@KellerRohrback.com]
Sent: Wednesday, August 26, 2015 4:26 PM
To: Sucharow, Lawrence; Goldsmith, David; 'rlieff@lieff.com<mailto:rlieff@lieff.com>'; Daniel P. Chiplock; Michael
Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
Cc: Zeiss, Nicole; Rogers, Michael H.
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

Sure.   If it works for them – its fine with me

Lynn Lincoln Sarko
Managing Partner

Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Phone: (206) 623-1900
Fax: (206) 623-3384
E-mail: lsarko@kellerrohrback.com<mailto:lsarko@kellerrohrback.com>

From: Sucharow, Lawrence [mailto:LSucharow@labaton.com]
Sent: Wednesday, August 26, 2015 1:25 PM
To: Lynn Sarko <lsarko@KellerRohrback.com<mailto:lsarko@KellerRohrback.com>>; Goldsmith, David
<dgoldsmith@labaton.com<mailto:dgoldsmith@labaton.com>>; 'rlieff@lieff.com<mailto:rlieff@lieff.com>'
<rlieff@lieff.com<mailto:rlieff@lieff.com>>; Daniel P. Chiplock
<DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>>; Michael Thornton
<MThornton@tenlaw.com<mailto:MThornton@tenlaw.com>>; Garrett J. Bradley
<gbradley@tenlaw.com<mailto:gbradley@tenlaw.com>>; Michael Lesser
<MLesser@tenlaw.com<mailto:MLesser@tenlaw.com>>; 'Evan Hoffman'
<EHoffman@tenlaw.com<mailto:EHoffman@tenlaw.com>>; 'Kravitz, Carl S.'
<ckravitz@zuckerman.com<mailto:ckravitz@zuckerman.com>>; 'Brian McTigue'
<bmctigue@mctiguelaw.com<mailto:bmctigue@mctiguelaw.com>>
Cc: Zeiss, Nicole <NZeiss@labaton.com<mailto:NZeiss@labaton.com>>; Rogers, Michael H.
<MRogers@labaton.com<mailto:MRogers@labaton.com>>
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

Can we leave para 8(n) the general way it is and protect the DOL through the express provision of para 12 limiting fees
charged to ERISA allocation to $10.9 million?

5

TLF-SST-040635

From: Lynn Sarko [mailto:lsarko@KellerRohrback.com]
Sent: Wednesday, August 26, 2015 3:42 PM
To: Goldsmith, David; 'rlieff@lieff.com<mailto:rlieff@lieff.com>'; Daniel P. Chiplock; Michael Thornton; Garrett J.
Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
Cc: Sucharow, Lawrence; Zeiss, Nicole; Rogers, Michael H.
Subject: RE: SST--Proposed Revision to Term Sheet for DOL Deal

David
Thanks for sending this.  Sorry, I had misunderstood what you were saying on our call earlier today.

Two things:

1.  I do think the language you proposed for paragraph 12 works—but just change it to $10.9 million.
2. On paragraph 8(n)- the problem is the word "fees"—since the DOL has given us a hard number for ERISA fees—that
won't be going up or down.   So—question—can we get rid of the word "fees" in this paragraph—does it still work?

What do you think??

Lynn

Lynn Lincoln Sarko
Managing Partner

Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Phone: (206) 623-1900
Fax: (206) 623-3384
E-mail: lsarko@kellerrohrback.com<mailto:lsarko@kellerrohrback.com>

From: Goldsmith, David [mailto:dgoldsmith@labaton.com]
Sent: Wednesday, August 19, 2015 2:59 PM
To: 'rlieff@lieff.com<mailto:rlieff@lieff.com>' <rlieff@lieff.com<mailto:rlieff@lieff.com>>; Daniel P. Chiplock
<DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>>; Michael Thornton
<MThornton@tenlaw.com<mailto:MThornton@tenlaw.com>>; Garrett J. Bradley
<gbradley@tenlaw.com<mailto:gbradley@tenlaw.com>>; Michael Lesser
<MLesser@tenlaw.com<mailto:MLesser@tenlaw.com>>; 'Evan Hoffman'
<EHoffman@tenlaw.com<mailto:EHoffman@tenlaw.com>>; Lynn Sarko
<lsarko@KellerRohrback.com<mailto:lsarko@KellerRohrback.com>>; 'Kravitz, Carl S.'
<ckravitz@zuckerman.com<mailto:ckravitz@zuckerman.com>>; 'Brian McTigue'
<bmctigue@mctiguelaw.com<mailto:bmctigue@mctiguelaw.com>>
Cc: Sucharow, Lawrence <LSucharow@labaton.com<mailto:LSucharow@labaton.com>>; Zeiss, Nicole
<NZeiss@labaton.com<mailto:NZeiss@labaton.com>>; Rogers, Michael H.
<MRogers@labaton.com<mailto:MRogers@labaton.com>>
Subject: SST--Proposed Revision to Term Sheet for DOL Deal

All:  The below reflects our proposed revisions to the Term Sheet (in red boldface) to reflect the imminent deal with the
DOL on fees and expenses as certain of us discussed this morning (DOL has advised that they want the deal
memorialized in the Term Sheet).  Please comment.  Thanks.

Confidential: Produced Pursuant to Court Order.                                    TLF-SST-040636

8(n).     Plan of Allocation. . . . The amount allocated to the ERISA Plans and Investment Companies and other Settlement Class Members shall be increased or decreased by their proportional share (with respect to the Class Settlement Amount) of any interest, costs (including costs of notice and administration), expenses (including taxes), and fees and expenses of Plaintiffs' Counsel obtained or paid pursuant to permission of the Court.  However, notice and administration expenses attributable solely to the claims of Class Members categorized as Group Trusts shall be paid solely out of the ERISA allocation, and the cost of any ERISA Independent Fiduciary shall be borne solely by SSBT and shall not be paid out of the Class Settlement Amount.

12.     Plaintiffs' Counsel's Attorneys' Fees and Expenses.     Plaintiffs' Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid from the Class Escrow Account immediately upon award by the Court into an escrow account governed by an escrow agreement between Interim Lead Counsel, SSBT and a bank or other institution agreed upon by SSBT and Interim Lead Counsel (the "Interim Lead Counsel Escrow Account"), notwithstanding any appeals of the Settlement or the fee and expense award.  Plaintiffs' Counsel shall may apply for their fees and expenses and any service awards for Plaintiffs against the entire Class Settlement Amount, but in no event shall more than Ten Million Nine Hundred Thousand Dollars ($10,900,000.00) in fees be paid out of the $60 million portion of the Class Settlement Amount allocated to ERISA Plans, as referenced in Paragraph 8(n) above.  In the event that the Effective Date does not occur or SSBT promptly provides written notice representing in good faith that the Effective Date has not and cannot occur due to developments with the DOJ Settlement, DOL Settlement, and/or SEC Settlement and explaining the grounds for the notice, Plaintiffs' Counsel severally shall be obliged to pay to SSBT all amounts paid to them from the Interim Lead Counsel Escrow Account within fourteen (14) business days.  The prevailing party in any action to collect any amount due under this paragraph shall be entitled to recover interest and all of its costs of collection, including attorneys' fees.  Should the fee and expense award be reduced by the Court or on appeal, all such fees and expenses received by Plaintiffs' Counsel in excess of those that are ultimately approved shall be repaid to the Class Escrow Account, along with interest at the Class Escrow Account rate of interest.

<image005.jpg><http://www.labaton.com/>
David J. Goldsmith | Partner
140 Broadway, New York, New York 10005
T: (212) 907-0879 | F: (212) 883-7079
E: dgoldsmith@labaton.com<mailto:dgoldsmith@labaton.com>  |  W: www.labaton.com<http://www.labaton.com/>

<image006.jpg><http://www.linkedin.com/company/labaton-sucharow-llp>
<image006.jpg><https://twitter.com/LabatonSucharow>  <image006.jpg><https://www.facebook.com/pages/Labaton-Sucharow-LLP/443111702425065>

***Privilege and Confidentiality Notice***

This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

Confidential: Produced Pursuant to Court Order.                                                    TLF-SST-040637

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
<LCHB_iManage_1271399_1.DOC>
<LCHB_iManage_1271400_1.DOCX>


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
<LCHB_iManage_1271399_1.DOC>
<LCHB_iManage_1271400_1.DOCX>


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.
This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

Confidential: Produced Pursuant to Court Order.                                      TLF-SST-040638

# EX. 18

| From: | Sucharow, Lawrence <LSucharow@labaton.com> |
|---|---|
| Sent: | Friday, August 28, 2015 1:40 PM |
| To: | Daniel P. Chiplock |
| Cc: | Garrett J. Bradley; Michael Thornton; Robert L. Lieff |
| Subject: | Re: SST--Proposed Revision to Term Sheet for DOL Deal |

Also, I believe that there are other cases and other agreements which are influencing people's desire to either reach agreement now or later.

I don't have a dog in the hunt and don't want to be drawn into it.

I apologize for any mistakes but I am not in a place where I can edit my emails so I'm just dictating them I'm hoping that spell correct doesn't fuck me up too much.&

Sent from my iPhone

On Aug 28, 2015, at 2:21 PM, Chiplock, Daniel P. &<DCHIPLOCK@lchb.com&>wrote:

> I guess I don't understand the reluctance to square up the percentages.& What don't we understand about the firm's respective contributions that we will understand better 3-4 months from now?
> &
>
> **From:** Garrett Bradley [mailto:GBradley@tenlaw.com]
> **Sent:** Friday, August 28, 2015 2:11 PM
> **To:** Chiplock, Daniel P.
> **Cc:** Sucharow, Lawrence; Michael Thornton; Lieff, Robert L.
> **Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal
> &
> I see no need for that at this time. & It can even be done after final approval.
>
> Garrett
>
> On Aug 28, 2015, at 2:00 PM, Chiplock, Daniel P. &<DCHIPLOCK@lchb.com&>wrote:
>
>> Those were the contours as I understood them, yes – after costs, 20% of the fee to be allocated to each of the three firms, with the remaining 40% to be allocated based on contributions to the outcome.& I don't think anyone would dispute that Labaton as lead counsel should get more of that 40% than the other two firms.& But it may be beneficial to figure out what the breakdown is going to be and get it down in writing now.
>> &
>> **From:** Sucharow, Lawrence [mailto:LSucharow@labaton.com]
>> **Sent:** Friday, August 28, 2015 1:50 PM
>> **To:** Chiplock, Daniel P.
>> **Cc:** Garrett J. Bradley; Michael Thornton; Lieff, Robert L.
>> **Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal
>> &
>> Dan, agreement among our three firms it's that after payment of all of the council I was three firms show each receive 20% with the 40% balance to be determined at a later

1

 TLF-SST-053087

date. If this is the understanding you are referring to but I can't confirm it. Please advise.

Sent from my iPhone

On Aug 28, 2015, at 1:39 PM, Chiplock, Daniel P. &<<u>DCHIPLOCK@lchb.com</u>&>wrote:

> Mike, Garrett – Hope you're well – please see below.& If we can figure
> this out early next week that may help speed the process.
>
> Thanks,
> &
> Dan
> &
> ⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺
> **From:** Chiplock, Daniel P.
> **Sent:** Friday, August 28, 2015 1:33 PM
> **To:** 'Sucharow, Lawrence'
> **Cc:** Zeiss, Nicole; Lieff, Robert L.
> **Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal
> &
> The purpose of my email was just to get your reaction, Larry, since these
> are your drafts.& Thank you for responding quickly, and for giving me
> your reaction.& I would love to include them so we can move forward
> promptly.& I'll re-send.&
> &
> ⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺⸺
> **From:** Sucharow, Lawrence [<u>mailto:LSucharow@labaton.com</u>]
> **Sent:** Friday, August 28, 2015 1:28 PM
> **To:** Chiplock, Daniel P.
> **Cc:** Zeiss, Nicole; Lieff, Robert L.
> **Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal
> &
> I don't know why you left the Thornton firm off this email since they are
> party to any understanding we have and are therefore he sensual to any
> memorialization of that understanding. & If you more willing to resend
> your email and include them,we can see if there is any disagreement as
> to what our understanding is/was.
> Larry
>
> Sent from my iPhone
>
> On Aug 28, 2015, at 1:10 PM, Chiplock, Daniel P.
> &<<u>DCHIPLOCK@lchb.com</u>&>wrote:
>
>> Larry and Nicole:
>> &
>> Attached are my redlines to the preliminary approval
>> order and final judgment.& These edits are consistent
>> with the Court's January 2012 order concerning
>> leadership structure.&
>> &
>> I'm emailing just you (and copying Bob) so as to try not
>> to make a big thing over this, but I do think it's
>> appropriate to memorialize what the fee allocation
>> amongst customer class counsel is going to be

2

Confidential: Produced Pursuant to Court Order.                                    TLF-SST-053088

(consistent with the understanding that the firms have been operating under for a couple years now) before we proceed much further.& & I think we'd be willing to support Lead Counsel having final authority over fee and expense allocations, etc., for purposes of the settlement stip, and thus present a united front against a perpetual troublemaker like McTigue—which should be in everyone's interest--provided we had some basic written comfort ourselves.& I don't think it's too early for that, given the interest in seeing the funds come in this year.

&

Thanks,

Dan

&

**From:** Zeiss, Nicole [mailto:NZeiss@labaton.com]
**Sent:** Friday, August 28, 2015 9:53 AM
**To:** Chiplock, Daniel P.
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

&

Thank you!

&

&

&

&

&

&

&

&<image001.jpg&>

**Nicole M. Zeiss | Partner**
140 Broadway, New York, New York 10005
T: (212) 907-0867 |& F: (212) 883-7067
E: nzeiss@labaton.com& |& W: www.labaton.com
&
&<image002.gif&>& &<image003.gif&>& &<image004.gif&>

&

**From:** Chiplock, Daniel P. [mailto:DCHIPLOCK@lchb.com]
**Sent:** Friday, August 28, 2015 9:29 AM
**To:** Sucharow, Lawrence
**Cc:** Zeiss, Nicole; Lynn Sarko; rlieff@lieff.com; Michael Thornton; Garrett J. Bradley; Michael Lesser; Evan Hoffman; Kravitz, Carl S.; Brian McTigue; Rogers, Michael H.; Goldsmith, David
**Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal

&

OK, sounds good.& I will also get you whatever edits I have to the settlement docs by noon.

&

**From:** Sucharow, Lawrence [mailto:LSucharow@labaton.com]

3

**Sent:** Friday, August 28, 2015 9:28 AM
**To:** Chiplock, Daniel P.
**Cc:** Zeiss, Nicole; Lynn Sarko; rlieff@lieff.com; Michael Thornton; Garrett J. Bradley; Michael Lesser; Evan Hoffman; Kravitz, Carl S.; Brian McTigue; Rogers, Michael H.; Goldsmith, David
**Subject:** Re: SST--Proposed Revision to Term Sheet for DOL Deal
&
I am speaking to Paine today at around 10 AM to both report to him and get his update.
I'll report back and advise whether we should send the revised term sheet. I expect we should but let's hold off for another hour.

Sent from my iPhone

On Aug 28, 2015, at 9:19 AM, Chiplock, Daniel P. &<DCHIPLOCK@lchb.com&>wrote:

> This looks OK to me, thanks.& I'm happy to send it (after you've done the other redline) to Paine, if you like.& Or someone else can, no matter.
> &
> **From:** Zeiss, Nicole [mailto:NZeiss@labaton.com]
> **Sent:** Thursday, August 27, 2015 3:27 PM
> **To:** Lynn Sarko; 'rlieff@lieff.com'; Chiplock, Daniel P.; Michael Thornton; Garrett J. Bradley; Michael Lesser; 'Evan Hoffman'; 'Kravitz, Carl S.'; 'Brian McTigue'
> **Cc:** Rogers, Michael H.; Sucharow, Lawrence; Goldsmith, David
> **Subject:** RE: SST--Proposed Revision to Term Sheet for DOL Deal
> &
> Dear all,
> &
> We've had some additional exchanges about the term sheet and, specifically, para 8(n).& I believe the attached draft resolves those issues and that there is consensus that the attached accurately reflects the basic DOL fee deal.& If you disagree, please let us know asap.
> &
> When someone wants to send this to Paine, or the DOL, I will need a run a different redline for them.
> &
> Thanks

4

Confidential: Produced Pursuant to Court Order.

TLF-SST-053090

&
&
&
&
&
&
&
&<image001.jpg&>
**Nicole M. Zeiss | Partner**
140 Broadway, New York, New York
10005
T: (212) 907-0867 |&  F: (212) 883-7067
E: nzeiss@labaton.com&  |&  W:
www.labaton.com
&
&<image002.jpg&>& &<image003.jpg&
>& &<image004.jpg&>
&

**From:** Zeiss, Nicole
**Sent:** Wednesday, August 26, 2015
5:09 PM
**To:** Sucharow, Lawrence; Lynn Sarko;
Goldsmith, David; 'rlieff@lieff.com';
Daniel P. Chiplock; Michael Thornton;
Garrett J. Bradley; Michael Lesser; 'Evan
Hoffman'; 'Kravitz, Carl S.'; 'Brian
McTigue'
**Cc:** Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to
Term Sheet for DOL Deal
&
Attached is the term sheet showing the
changes discussed below, plus one
additional change to para 8(n) that
might help.
&
Thanks
&
&
&
&
&
&
&
&<image005.jpg&>
**Nicole M. Zeiss | Partner**
140 Broadway, New York, New York
10005
T: (212) 907-0867 |&  F: (212) 883-7067
E: nzeiss@labaton.com&  |&  W:
www.labaton.com
&
&<image006.jpg&>& &<image007.jpg&
>& &<image008.jpg&>
&

5

**From:** Sucharow, Lawrence
**Sent:** Wednesday, August 26, 2015
4:34 PM
**To:** Lynn Sarko; Goldsmith, David;
'rlieff@lieff.com'; Daniel P. Chiplock;
Michael Thornton; Garrett J. Bradley;
Michael Lesser; 'Evan Hoffman'; 'Kravitz,
Carl S.'; 'Brian McTigue'
**Cc:** Zeiss, Nicole; Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to
Term Sheet for DOL Deal
&
Then we can probably forget my
proposed changes.
&

**From:** Lynn Sarko
[mailto:lsarko@KellerRohrback.com]
**Sent:** Wednesday, August 26, 2015
4:26 PM
**To:** Sucharow, Lawrence; Goldsmith,
David; 'rlieff@lieff.com'; Daniel P.
Chiplock; Michael Thornton; Garrett J.
Bradley; Michael Lesser; 'Evan
Hoffman'; 'Kravitz, Carl S.'; 'Brian
McTigue'
**Cc:** Zeiss, Nicole; Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to
Term Sheet for DOL Deal
&
Sure.& & If it works for them – its fine
with me
&
**Lynn Lincoln Sarko**
Managing Partner
&
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Phone: (206) 623-1900
Fax: (206) 623-3384
E-mail: lsarko@kellerrohrback.com
&

**From:** Sucharow, Lawrence
[mailto:LSucharow@labaton.com]
**Sent:** Wednesday, August 26, 2015 1:25
PM
**To:** Lynn Sarko
&<lsarko@KellerRohrback.com&>;
Goldsmith, David
&<dgoldsmith@labaton.com&>;
'rlieff@lieff.com' &<rlieff@lieff.com&>;
Daniel P. Chiplock
&<DCHIPLOCK@lchb.com&>; Michael
Thornton
&<MThornton@tenlaw.com&>; Garrett
J. Bradley &<gbradley@tenlaw.com&>;

6

TLF-SST-053092

Michael Lesser
&<MLesser@tenlaw.com&>; 'Evan
Hoffman'
&<EHoffman@tenlaw.com&>; 'Kravitz,
Carl S.' &<ckravitz@zuckerman.com&>;
'Brian McTigue'
&<bmctigue@mctiguelaw.com&>
**Cc:** Zeiss, Nicole
&<NZeiss@labaton.com&>; Rogers,
Michael H.
&<MRogers@labaton.com&>
**Subject:** RE: SST--Proposed Revision to
Term Sheet for DOL Deal
&
Can we leave para 8(n) the general way
it is and protect the DOL through the
express provision of para 12 limiting
fees charged to ERISA allocation to
$10.9 million?
&

**From:** Lynn Sarko
[mailto:lsarko@KellerRohrback.com]
**Sent:** Wednesday, August 26, 2015
3:42 PM
**To:** Goldsmith, David; 'rlieff@lieff.com';
Daniel P. Chiplock; Michael Thornton;
Garrett J. Bradley; Michael Lesser; 'Evan
Hoffman'; 'Kravitz, Carl S.'; 'Brian
McTigue'
**Cc:** Sucharow, Lawrence; Zeiss, Nicole;
Rogers, Michael H.
**Subject:** RE: SST--Proposed Revision to
Term Sheet for DOL Deal
&
David
Thanks for sending this.& Sorry, I had
misunderstood what you were saying
on our call earlier today.
&
Two things:
&
1.& I do think the language you
proposed for paragraph 12 works—but
just change it to $10.9 million.
2. On paragraph 8(n)- the problem is
the word "fees"—since the DOL has
given us a hard number for ERISA fees—
that won't be going up or
down.& & So—question—can we get
rid of the word "fees" in this
paragraph—does it still work?
&
What do you think??

7

&
Lynn
&
**Lynn Lincoln Sarko**
Managing Partner
&
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Phone: (206) 623-1900
Fax: (206) 623-3384
E-mail: lsarko@kellerrohrback.com
&

**From:** Goldsmith, David
[mailto:dgoldsmith@labaton.com]
**Sent:** Wednesday, August 19, 2015 2:59
PM
**To:** 'rlieff@lieff.com'
&<rlieff@lieff.com&>; Daniel P.
Chiplock &<DCHIPLOCK@lchb.com&>;
Michael Thornton
&<MThornton@tenlaw.com&>; Garrett
J. Bradley &<gbradley@tenlaw.com&>;
Michael Lesser
&<MLesser@tenlaw.com&>; 'Evan
Hoffman'
&<EHoffman@tenlaw.com&>; Lynn
Sarko
&<lsarko@KellerRohrback.com&>;
'Kravitz, Carl S.'
&<ckravitz@zuckerman.com&>; 'Brian
McTigue'
&<bmctigue@mctiguelaw.com&>
**Cc:** Sucharow, Lawrence
&<LSucharow@labaton.com&>; Zeiss,
Nicole &<NZeiss@labaton.com&>;
Rogers, Michael H.
&<MRogers@labaton.com&>
**Subject:** SST--Proposed Revision to
Term Sheet for DOL Deal
&
All:& The below reflects our proposed
revisions to the Term Sheet (in **red
boldface**) to reflect the imminent deal
with the DOL on fees and expenses as
certain of us discussed this morning
(DOL has advised that they want the
deal memorialized in the Term
Sheet).& Please comment.& Thanks.
&
&
        8(n).& & & & & & **Plan of
Allocation**. & . . . The amount allocated
to the ERISA Plans and Investment

8

Companies and other Settlement Class Members shall be increased or decreased by their proportional share (with respect to the Class Settlement Amount) of any interest, costs (including costs of notice and administration), expenses (including taxes), ~~and fees~~ and expenses of Plaintiffs' Counsel obtained or paid pursuant to permission of the Court.&  **However, notice and administration expenses attributable solely to the claims of Class Members categorized as Group Trusts shall be paid solely out of the ERISA allocation, and the cost of any ERISA Independent Fiduciary shall be borne solely by SSBT and shall not be paid out of the Class Settlement Amount.**
&

12.& & & & & & & &  <u>**Plaintiffs' Counsel's Attorneys' Fees and Expenses.**</u>& & & & & Plaintiffs' Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid from the Class Escrow Account immediately upon award by the Court into an escrow account governed by an escrow agreement between Interim Lead Counsel, SSBT and a bank or other institution agreed upon by SSBT and Interim Lead Counsel (the "Interim Lead Counsel Escrow Account"), notwithstanding any appeals of the Settlement or the fee and expense award.&  Plaintiffs' Counsel ~~shall~~ **may** apply for their fees and expenses and any service awards for Plaintiffs against the entire Class Settlement Amount, **but in no event shall more than Ten Million Nine Hundred Thousand Dollars ($10,900,000.00) in fees be paid out of the $60 million portion of the Class Settlement Amount allocated to ERISA Plans, as referenced in Paragraph 8(n) above.** & In the event that the Effective Date does not occur or SSBT promptly provides written notice representing in good faith that the Effective Date has not and cannot occur due to developments with the DOJ Settlement, DOL Settlement,

9

and/or SEC Settlement and explaining the grounds for the notice, Plaintiffs' Counsel severally shall be obliged to pay to SSBT all amounts paid to them from the Interim Lead Counsel Escrow Account within fourteen (14) business days.& The prevailing party in any action to collect any amount due under this paragraph shall be entitled to recover interest and all of its costs of collection, including attorneys' fees.& Should the fee and expense award be reduced by the Court or on appeal, all such fees and expenses received by Plaintiffs' Counsel in excess of those that are ultimately approved shall be repaid to the Class Escrow Account, along with interest at the Class Escrow Account rate of interest.

&
&
&
&
&
&
&<image005.jpg&>
**David J. Goldsmith | Partner**
140 Broadway, New York, New York 10005
T: (212) 907-0879 | F: (212) 883-7079
E: dgoldsmith@labaton.com&  |& W: www.labaton.com
&
&<image006.jpg&>& & &<image006.jpg&>& & &<image006.jpg&>
&

\*\*\*Privilege and Confidentiality Notice\*\*\*

This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or

10

Confidential: Produced Pursuant to Court Order.

distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

&

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

&<LCHB_iManage_1271399_1.DOC&>

&<LCHB_iManage_1271400_1.DOCX&>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please

11

notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

&<LCHB_iManage_1271399_1.DOC&>

&<LCHB_iManage_1271400_1.DOCX&>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

12

Confidential: Produced Pursuant to Court Order.

TLF-SST-053098

# EX. 19

**From:**      Michael Lesser
**Sent:**      Sunday, August 30, 2015 1:05 PM
**To:**        Evan Hoffman
**Subject:**   Fwd: State Street

Begin forwarded message:

> **From:** "Chiplock, Daniel P." <DCHIPLOCK@lchb.com>
> **Date:** August 30, 2015 at 12:49:38 PM EDT
> **To:** 'Michael Thornton' <MThornton@tenlaw.com>, Garrett Bradley <GBradley@tenlaw.com>
> **Cc:** "Lieff, Robert L." <RLIEFF@lchb.com>, "rlieff@lieff.com" <rlieff@lieff.com>, Michael
> Lesser <MLesser@tenlaw.com>
> **Subject: RE: State Street**
>
> Excellent and I would expect and anticipate nothing less, Mike. I just know what some of our
> colleagues can do when presented with an easy target in order to hold up the process, and we
> don't want to do that. Thanks.
>
> -----Original Message-----
> From: Michael Thornton [mailto:MThornton@tenlaw.com]
> Sent: Sunday, August 30, 2015 12:45 PM
> To: Chiplock, Daniel P.; Garrett Bradley
> Cc: Lieff, Robert L.; rlieff@lieff.com; Michael Lesser
> Subject: Re: State Street
>
> Thank you for the tip Dan. I did say something like that on the call, but preceded it by saying it
> was a guess and that I would have to ask Mike Lesser for the actual figure at that point which of
> course is not complete as with the other firms. I appreciate your concern and I guess I can only
> assure you that it generally our policy to truthful and accurate hour claims.
>
>  Original Message
> From: Chiplock, Daniel P.
> Sent: Sunday, August 30, 2015 12:24 PM
> To: Garrett Bradley
> Cc: Lieff, Robert L.; Michael Thornton; rlieff@lieff.com
> Subject: RE: State Street
>
> No problem. It may be tomorrow since I have to go back to archives.
>
> In the meantime, while we're on the subject of credibility, I want to point out that we need to be
> consistent and credible with our lodestar reporting in State Street. We are gathering final lodestar
> reports now, but I heard third-hand that Mike recently said on a call (that I wasn't on) that
> Thornton Law Firm was showing $14 million. That number does not comport with the hours
> Mike Lesser told me for Thornton as of June 29 (around 12,750), which make more sense given

1

what we know about the work that was done. I am hopeful Mike T. simply misspoke or was guessing when he said $14 million and that we are not going to suddenly see an additional 12,000 hours mysteriously appear on Thornton Law Firm's behalf. I would expect that you would object if LCHB or Labaton tried something like that, and ERISA counsel certainly will (and tie up this process as long as possible) if they suspect anything remotely amiss on that front. Let's not make problems for ourselves that we don't need. Also recognize that your reviewers were all housed outside of your firm and their respective overhead and facilities expenses were paid for by others, which we were happy to do as a courtesy. Thanks.

-----Original Message-----
From: Garrett Bradley [mailto:GBradley@tenlaw.com]
Sent: Sunday, August 30, 2015 10:43 AM
To: Chiplock, Daniel P.
Cc: Lieff, Robert L.; Michael Thornton; rlieff@lieff.com
Subject: Re: State Street

That would be helpful thank you.

Garrett


On Aug 30, 2015, at 10:30 AM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com> wrote:

> I don't look past that point, Garrett. But you need to also recognize that you are only in the BNYM class case because of us.

> I guess I'll gather the emails etc concerning the assignments that were given to your firm. As if that's going to change your position.

> Sent from my iPhone

> On Aug 30, 2015, at 10:19 AM, Garrett Bradley <GBradley@tenlaw.com<mailto:GBradley@tenlaw.com>> wrote:

> Dan,

> Thanks for the email. I think we will have to agree to disagree as you keep looking past the fact that but for Mike Thornton you would not be in the state street case just like Labaton is not in BONY.

> Can you clarify what you mean by we did not "get the work done" as you indicated. That has never been specified and really should be to be deemed credible. Thanks.

> Garrett

2

Confidential: Produced Pursuant to Court Order.   TLF-SST-031167

On Aug 30, 2015, at 9:04 AM, Chiplock, Daniel P.
<DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:

Garrett,

Thanks for your email and I actually think it's useful so that Mike and Bob can participate in this.

This idea of "protection" in BNYM is where I think we keep talking past each other. The bottom line is that LCHB is the least protected of all in that case. This is the fact that has kept me up at night for 2.5 years while we've continued pouring lodestar into that case (because we had to). We invested the most in order to try to get a class certified there and to sufficiently man 110 depositions, defend counterclaims, etc., but if Judge Kaplan takes a negative view of the value of document review/analysis (our arguments to the contrary notwithstanding), then LCHB will get hit the hardest. You are totally shielded from this because you didn't invest in document review. In other words, LCHB has a real risk of actually losing money in BNYM. You have virtually no risk of that. If Thornton is not treated "fairly" in BNYM by the Court it will be because nobody (least of all LCHB) was treated "fairly." It's not clear to me what it is you expect in that circumstance.

The $10 million in State Street that you mention below also does not make up for LCHB's investment in that case. And we've certainly contributed our share to the result in State Street, having litigated BNYM (thus substantially increasing the value of State Street) and developed the ch. 93A theory (the most readily certifiable claim in State Street, and by far the most valuable).

Dan

From: Garrett Bradley [mailto:GBradley@tenlaw.com]
Sent: Friday, August 28, 2015 3:01 PM
To: Chiplock, Daniel P.
Cc: Lieff, Robert L.; Michael Thornton;
rlieff@lieff.com<mailto:rlieff@lieff.com>
Subject: Re: State Street

Dan,

I tried to call you but you are out. I think these things are best discussed rather than emailed so please call my cell when you can 6174134892 as I do not have yours.

3

TLF-SST-031168

However a few points. I do not dismiss your efforts in Mellon but your guaranteed percentage was established years prior to a Mellon result. What I am pointing out is the inequities of our different positions. In Mellon, when we had created that case by developing the fx case all that we got was some work that resulted in $1.5 million in time. Also please elaborate on your statement that "the work was not getting done".

Now contrast that to state street where you had no client and no concept (and Mellon was years from setting) and Mike Thornton demands that you get a floor of 20% which is probably worth about $10 million.

You must agree you are in a much better position in state street than we are in Mellon. As I have said to Bob, we are only looking for a fair outcome in these matters. I think you would agree we have protected you better in state street than we are protected in Mellon. Once we have an idea of what our Mellon number looks like then we can discuss how to approach the balance of the 40% with Labaton .

Garrett

On Aug 28, 2015, at 2:34 PM, Chiplock, Daniel P. <DCHIPLOCK@lchb.com<mailto:DCHIPLOCK@lchb.com>> wrote:

Garrett,

I know you didn't really mean to diminish LCHB's role in creating the result in BNY Mellon, at extraordinary risk to itself, which in turn doubled the value of State Street. You need to know that we advocated for you guys too, getting you a role in the BNYM class case (and pushing back against several co-counsel in the process) when you weren't actually owed one. I also gave your firm more assignments than others at the outset in BNYM, until it became clear that the work simply wasn't getting done. In other words, we've each tried to look out for the other in the past. This has been far from a one-way street.

As you know, Judge Kaplan controls everyone's fate in BNYM and LCHB has the most risk before him, having invested the most. We asked for a multiplier for your firm that is much larger than anyone else's, and I really, truly hope that he grants that request.

Thanks,

Dan

From: Garrett Bradley [mailto:GBradley@tenlaw.com]

4

Sent: Friday, August 28, 2015 2:18 PM
To: Lieff, Robert L.
Cc: Michael Thornton; Chiplock, Daniel P.;
rlieff@lieff.com<mailto:rlieff@lieff.com>
Subject: Re: State Street

Bob,

I am driving but took a quick look at your email and pulled over to type this. I think you are misunderstood. I have not agreed that it would be equitable to split the balance of the forty percent the way you described below. What I have said is that may be a fair approach depending on the outcome of our fee in the Mellon matter. If we are treated fairly there, then we will do all we can to treat you fairly in the state street matter. As I have said before, because of Mike Thornton's advocacy, you are guaranteed at least 20% of the State Street case in which you have no client and did not develop the concept. Yet, we have no corresponding protection in the Mellon matter. Happy to discuss further at any time.

Garrett

On Aug 28, 2015, at 2:05 PM, Lieff, Robert L.
<RLIEFF@lchb.com<mailto:RLIEFF@lchb.com>> wrote:
Garrett,

I called and suggested that we have a meeting together with the Labaton people to talk about putting in writing an understanding of the fee division in this case.

You, Mike and I have discussed the State Street fee division and have focused on the existing verbal understanding that was reached on November 9, 2010, with Chris Keller. We agreed that among the three firms we will each have a 20% interest in the fee with the balance to be divided later. Of course, we also have to factor in the 9% that ERISA counsel get pursuant to written agreement and a provision for Arkansas local counsel.

You and I have agreed that it would be equitable to divide the balance of the fee with Labaton getting 50% and each of our firms 25%. This would result in a fee division as follows:

Labaton 33.0 (20 + 13)

Thornton 26.5 (20 + 6.5)

Lieff Cabraser 26.5 (20 + 6.5)

ERISA 9.0

Arkansas Local 5.0

5

100.0%

If we put the above into an agreement among the three firms, that would certainly provide protection for everyone.

Bob

<image001.gif>

Robert L. Lieff
Of Counsel
rlieff@lchb.com<mailto:rlieff@lchb.com>
t 415.956.1000
f 415.956.1008
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com<http://www.lieffcabraser.com>

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

Confidential: Produced Pursuant to Court Order.                    TLF-SST-031171

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.

This message is intended for the named recipients only. It may contain information protected by

7

the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at (800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

Confidential: Produced Pursuant to Court Order.                                    TLF-SST-031173

# EX. 20

| | |
|---|---|
| **From:** | Michael Lesser |
| **Sent:** | Monday, August 24, 2015 3:24 PM |
| **To:** | Evan Hoffman |
| **Subject:** | Re: STT Hours, Timeline, Mediations |

Call my cell

On Aug 24, 2015, at 3:22 PM, Evan Hoffman <EHoffman@tenlaw.com> wrote:

> Here's the deal: I DO NOT have any other emails relating to a lodestar request from 2014 other than what we did in response to Goldsmith's request to have it done by "cob" on May 20[th]. You can see at the bottom of this email that you ask me for a bunch of stuff and I send it to you. You must have then compiled that and sent a final number to Goldsmith. I do not have that ultimate email.
>
> In any event, assuming you did not add to the entries of what I sent you back in May, 2014, the total hours calculation would have been: **1,683.9** (1004.4 hours for doc review + 679.5 for GJB, MPT, ERH, MAL hours relating to all non-doc review). I don't have a corresponding lodestar figure for this, but can do one if you want.
>
> The CURRENT calculation is:
>
> Hours: 13,324.65
>
> Lodestar: $6,344,062
>
> _____
> _____
> **From:** Evan Hoffman
> **Sent:** Wednesday, May 21, 2014 4:55 PM
> **To:** Michael Lesser
> **Subject:** RE: Hours for STT AR--WORK FROM THIS VERSION!!
>
> WORK FROM THIS ONE: has a few more new entries I just located.
>
> **From:** Evan Hoffman
> **Sent:** Wednesday, May 21, 2014 4:43 PM
> **To:** Michael Lesser
> **Subject:** Hours for STT AR
>
> Here is what you need to know about the chart:
>
> - All of the hours are taken from LCHB's chart where there were mentions of discussions with either "co-counsel" "team" or, of course, Mike Lesser and/orMPT, GJB. . .**EXCEPT** those hours that have annotations next to them (mediation; memo etc...).
> - Those hours are not from the LCHB chart and are based on the information I could gather from my own emails and/or files. They include historical records I took during the preparation of the

1

Confidential: Produced Pursuant to Court Order.

complaint and the opp to MTD, as well as recent hours relating to the ppt presentations. I am sure these are not complete. I will continue to dig through my files and emails for more.

- I have added hours for MPT and/or GBJ where it was either indicated on the LCHB chart, or I have other documentary evidence of them being included. Obviously, there is going to be more hours for them; we need to determine how to estimate these.

- What YOU need to do:
  - Go back through all of your emails and/or word documents, excel sheets, presentations (look for the 'date created' meta data), doc review, etc. . . and add your time on the appropriate date.
  - If you see a date where I have already included hours for you, it is from the LCHB information. I would check your email or document against that date—and the LCHB chart and description—and make sure it is not duplicative.
  - If it is not, add the date into the excel chart; your hours; mine (if you think applicable); and a note of what you did (like I already have for mine) so we can have a basis to construct a larger and more complete timesheet later.

- Then, we can simply combine the total hours from this new chart with the doc review hours and give a total figure.

---

**From:** Evan Hoffman
**Sent:** Tuesday, May 20, 2014 3:57 PM
**To:** Michael Lesser
**Subject:** RE: STT Hours, Timeline, Mediations

Hours indicated are per person.

Sept. 11, 2012:  NYC:  Mediation prep w/ co counsel
- Mike Lesser; Evan Hoffman; Mike Thornton; Garrett Bradley (?)
  - Mediation time: 4 hours
  - Travel time: 4 hours

Sept. 13, 2012:  NYC:  Ex-parte meetings with mediator
- Mike Lesser; Evan Hoffman; Mike Thornton; Garrett Bradley (?)
  - Time: 3 hours
  - Travel time: 4 hours

Oct. 23-24, 2012:  Boston:  Mediation
- Mike Lesser; Evan Hoffman; Mike Thornton; Garrett Bradley
  - Time: 8 hours

November 15, 2012:  Wolf meeting re: status report
- Mike Thornton; Mike Lesser(?)
  - Time: 1 hour

January 24, 2013:  DC: Mediation
- Mike Lesser; Evan Hoffman; Mike Thornton
  - Time: 4 hours
  - Travel time: 4.5 hrs

June 13, 2013: NYC: ex-parte mediation meeting

2

Confidential: Produced Pursuant to Court Order.                                    TLF-SST-011247

- Mike Lesser; Mike Thornton
  - Time: 2.5 hours
  - Travel time: 4 hours

July 9, 2013: NYC: Mediation
- Mike Lesser; Evan Hoffman; Mike Thornton
  - Time: 2 hours
  - Travel time: 4 hours

September 17, 2013: NYC: Mediation
- Mike Lesser; Evan Hoffman; Mike Thornton
  - Time: 2 hours
  - Travel time: 4 hours

November 13, 2013: NYC: Mediation
- Mike Lesser; Evan Hoffman; Mike Thornton
  - Time: 3 hours
  - Travel time: 4 hours

December 18, 2013: Santa Barbara: internal mediation
- Mike Lesser; Mike Thornton
  - Time: ?
  - Travel time: 16 hours

March 4, 2014: NYC: Mediation
- Mike Lesser; Mike Thornton
  - Time: 2 hours
  - Travel time: 4 hours

May 9th, 2014: NYC: Mediation
- Mike Lesser; Evan Hoffman; Mike Thornton; Garrett Bradley
  - Time: 4 hours
  - Travel time: 4 hours

---

**From:** Michael Lesser
**Sent:** Tuesday, May 20, 2014 3:38 PM
**To:** Evan Hoffman
**Subject:** RE: STT Hours, Timeline, Mediations

Good – now total the hours for the crew for each of the mediations – travel and mediation time only. I have my other records for prep time and whatnot

---

**From:** Evan Hoffman
**Sent:** Tuesday, May 20, 2014 3:34 PM
**To:** Michael Lesser
**Subject:** STT Hours, Timeline, Mediations

<u>DOC REVIEW:</u>

Mike B.: 219.2

3

Andrea:  597.5

Jotham:  172.7

Evan:  15

Mike L:

**Total**: 1,004.4 hrs.


TIMELINE:

Initial Complaint Filed:  2/10/2011

Amended Complaint Filed:  4/15/2011

Opp to MTD Filed:  7/20/2011

MTD Hearing:  5/8/2012


MEDIATIONS:

Sept. 11, 2012:  NYC:  Mediation prep w/ co counsel
Sept. 13, 2012:  NYC:  Ex-parte meetings with mediator
Oct. 23-24, 2012:  Boston:  Mediation
November 15, 2012:  Wolf meeting re: status report
January 24, 2013: DC: Mediation
June 13, 2013: NYC: Internal mediation meeting
July 9, 2013: NYC: Mediation
September 17, 2013: NYC: Mediation
November 13, 2013: NYC: Mediation
March 4, 2014: NYC: Mediation
May 9th, 2014: NYC: Mediation

**Evan R. Hoffman, Esq.** │ **Thornton & Naumes, LLP**
100 Summer Street, 30th Floor │ Boston, MA  02110
----------------------------------------------------------------------------------------
t: (617) 720.1333 │ f: (617) 720.2445 │ ehoffman@tenlaw.com

Confidential: Produced Pursuant to Court Order.                    TLF-SST-011249

# EX. 21

| | |
|---|---|
| **From:** | Kravitz, Carl S. <ckravitz@zuckerman.com> |
| **Sent:** | Saturday, August 22, 2015 2:59 PM |
| **To:** | 'Lieff, Robert L.'; Sucharow, Lawrence |
| **Cc:** | Michael Thornton; lsarko@kellerrohrback; Garrett J. Bradley; rlieff@lieff.com |
| **Subject:** | RE: State Street |

Thanks for the report. Not surprised that they have dug their heels in, but maybe DOL will compromise a little more. No harm in hoping.

<http://mm1.lettermark.net/zuckerman/card/ORBH_9.map>
[Description: Carl Kravitz  202.778.1873
ckravitz@zuckerman.com]<http://mm1.lettermark.net/zuckerman/card/ORBH_9.map>

-----Original Message-----
From: Lieff, Robert L. [mailto:RLIEFF@lchb.com]
Sent: Saturday, August 22, 2015 11:20 AM
To: Sucharow, Lawrence
Cc: Michael Thornton; lsarko@kellerrohrback; Kravitz, Carl S.; Garrett J. Bradley; rlieff@lieff.com
Subject: RE: State Street

I am uncertain as to whether we advised all of you of the results of our telephone call to Suzanne Riley. The call lasted one hour and Lynn and I did our best to convince a mid level government lawyer that compromise is the essence of negotiation without success. The problem is that she has no power to negotiate. We pushed for 290/10 split and she was at 280/20 with a willingness to agree to 282/18 , which was where we were when we began. She is going to speak to her superiors on Monday and we will talk to her one last time.    Bob

_____

From: Sucharow, Lawrence [LSucharow@labaton.com]
Sent: Friday, August 21, 2015 7:56 AM
To: Lieff, Robert L.
Cc: Michael Thornton; Lynn Sarko; Carl S. Kravitz; Garrett J. Bradley; rlieff@lieff.com
Subject: Re: State Street

I have no problem with you guys trying one  additional time to secure a "better deal". I agree that consistency in the percentages is the best way forward and the only way of doing that is to give the DOL credit for a certain amount out of the 300 million and applying for an across the board percentage of 25% on the balance.  This is what I thought we agreed to two conversations ago but I was taken aback in the recent conversation by the vehemence against the $18 million reduction which has been negotiated to to achieve the $10.5 million fee demand by DOL.
 Obviously any number lower than 18 million is a benefit to us. In any event now that you set the call up you might as well take a crack at it (without fracturing the relationship).

Sent from my iPhone

> On Aug 21, 2015, at 10:17 AM, Lieff, Robert L. <RLIEFF@lchb.com> wrote:

1

Confidential: Produced Pursuant to Court Order.      TLF-SST-052694

>

> Larry, I think the most important aspect of this is to achieve consistency in the fee percentage between the customer class and the Erisa class. That is 25% for both. In order to accomplish this we need to reduce our settlement to $282 M and to let the DOL take credit for 18M. If we are to make one more stab at it then it would be to try to make our settlement $290M and the DOL 10M. This would give us a fee request of 72.5 rather that 70.5. Is this worth the effort of one more call? I gather that you and Carl are saying "no" and Mike is saying "yes". The structure of the settlement would be the same as BNYM where we have 14M that the DOL got not being included for purposes of our fee request. Lynn and I have a call scheduled with the DOL at 11 PDT We can make a soft pitch for an extra 8M (from 282 to 290) This has been turned down by the DOL before. As lead counsel do you want us to proceed or not? The important thing to me is consistency of the fee request at 25% and not the extra 8M.

> _____

> From: Michael Thornton [MThornton@tenlaw.com]

> Sent: Friday, August 21, 2015 6:36 AM

> To: Sucharow, Lawrence; Lieff, Robert L.; Lynn Sarko; Carl S. Kravitz; Garrett Bradley

> Subject: Re: State Street

>

> Larry, I think that most of us have long ago have become pragmatists. I think that the concern with the negotiations now is not that they are unfair, but that the result might be something that with "reverse engineering" show a significant disparity between the way ERISA funds and the non are treated. Then the judge might be tempted to go with the low percentage for all.

>     The fact is the the DOL has left us at this point with no good choices. I don't think there is a downside to continue to negotiate.

>

>  Original Message

> From: Sucharow, Lawrence

> Sent: Friday, August 21, 2015 8:10 AM

> To: Michael Thornton; Robert L. Lieff; Lynn Sarko; Carl S. Kravitz; Garrett Bradley

> Subject: State Street

>

> Guys:

> I just want to let you know that I woke up with a very bad feeling this morning on how we left our negotiations with the DOL.

>

> While I too am unhappy that they are seeking to restrict our fees, I also understand their need and desire to take some credit for what was achieved. It's unfair, It's wrong, but completely understandable.

>

> We had negotiated in good faith with them to a point where it would cost us $4.5 million from our maximum fees in order to have complete peace.

>

> To me, this is a relatively small price to pay in order to have a united front before the court and protect the balance of our fees. Indeed the differential we had negotiated between their offer and our last offer is only about $600,000 on fees of 70,000,000+.

>

> Now that the heat of our conversation has cooled down, I am asking everyone to reconsider renegotiating with the DOL and accepting their latest proposal.

>

> Larry

>

> Sent from my iPhone

>

>

> ***Privilege and Confidentiality Notice***

2

TLF-SST-052695

>
> This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR
OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named
herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby
notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail
message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message
completely from your computer system. Thank you.
>
>
> This e-mail and any files transmitted with it are confidential and are intended solely for the use of the individual or
entity to whom they are addressed. This communication may contain material protected by the attorney-client privilege.
If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be
advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of
this e-mail is strictly prohibited. If you have received this e-mail in error; please immediately notify us by telephone at
(800) 431-4600. You will be reimbursed for reasonable costs incurred in notifying us.
>
>
> This message is intended for the named recipients only. It may contain information protected by the attorney-client or
work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this
email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.


This message is intended for the named recipients only. It may contain information protected by the attorney-client or
work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this
email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

Confidential: Produced Pursuant to Court Order.                                    TLF-SST-052696

# EX. 22

| | |
|---|---|
| **From:** | Sucharow, Lawrence <LSucharow@labaton.com> |
| **Sent:** | Wednesday, August 26, 2015 11:13 AM |
| **To:** | Lynn Sarko; Robert L. Lieff; Daniel P. Chiplock; Michael Thornton; 'Kravitz, Carl S.'; Brian McTigue; Goldsmith, David; Garrett J. Bradley |
| **Cc:** | Lynn Sarko |
| **Subject:** | RE: State Street FX-- ERISA atty fees |

Thanks for your and Bob's efforts.
&

**From:** Lynn Sarko [mailto:lsarko@KellerRohrback.com]
**Sent:** Wednesday, August 26, 2015 11:30 AM
**To:** Sucharow, Lawrence; Robert L. Lieff; Daniel P. Chiplock; Michael Thornton; 'Kravitz, Carl S.'; Brian McTigue; Goldsmith, David; Garrett J. Bradley
**Cc:** Lynn Sarko
**Subject:** State Street FX-- ERISA atty fees
&
SUCCESS.
&
I am happy to report that we have a deal with the DOL on the amount of atty fees we can charge in the Class cases.
&
They have agreed that they are agreeable for us to charge the ERISA plans-& **$10.9 million atty fees**.& & To put it another way- that the settlement amount going to ERISA plans "**net of fees" will be $49.1 million**
&
They understand that we have not yet decided how we want to present the settlement—and they are agnostic on the structure.& & They would like to see how we are going to phrase it—to make sure that we are living up to this agreement---&
But they are fine with:
1.& We can ask the Court for whatever percentage fee we want- as long as the ERISA plans are only charged $10.9 million.
2.& We can phrase the settlement amount as whatever we want—although they are expecting us to say that the class **settlement amount was $300 million**.& However- if we want to say it is some lesser amount—or say that we are not seeking fees on the whole portion of the $60 million gross recovery- that is our business.
&
In other words—they & have given us a green light on how we describe it.& & & Based on this understanding they will not object to our fee application.
&
They also understand that "Litigation costs" will be charged pro rata on the whole $300 million.
&
**Next step---** they would like to see how we are going to phrase this----- ie: by putting something in our term sheet- or them putting something in their term sheet- or some other writing, etc.
&
Now that we know the numbers—let's go back to a discussion of how we are going to present this in the papers.
&
One last thing—please caution everyone in your firms—that we should not start having separate discussion with the DOL on how to phrase the ERISA fee issue.& Once we come up with the language, I will volunteer to deal with the DOL.
&

1

Confidential: Produced Pursuant to Court Order.   TLF-SST-052697

But the bottom line—we have a deal for $10.9 million ERISA fees.& & & & Let's not discuss this on today's "plan of allocation call" at 2 pm Eastern.& & The DOL will be circulating a new dial in number for that call = as the current number doesn't work.

&

Lynn

&

**Lynn Lincoln Sarko**
Managing Partner
&
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Phone: (206) 623-1900
Fax: (206) 623-3384
E-mail: lsarko@kellerrohrback.com
&

***Privilege and Confidentiality Notice***

This electronic message contains information that is (a) LEGALLY PRIVILEGED, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not the Addressee(s), or the person responsible for delivering this to the Addressee(s), you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please contact us immediately at 212-907-0700 and take the steps necessary to delete the message completely from your computer system. Thank you.

&

Confidential: Produced Pursuant to Court Order.

TLF-SST-052698

# EX. 23

Message

| | |
|---|---|
| **From**: | Damon Chargois [damon@cmhllp.com] |
| **Sent**: | 4/25/2013 1:23:44 AM |
| **To**: | Garrett J. Bradley [gbradley@tenlaw.com] |
| **CC**: | Robert L. Lieff [RLIEFF@lchb.com]; Robert L. Lieff [rlieff@lieff.com]; Michael Thornton [MThornton@tenlaw.com]; Belfi, Eric J. [EBelfi@labaton.com]; Keller, Christopher J. [ckeller@labaton.com]; Daniel P. Chiplock [DCHIPLOCK@lchb.com] |
| **Subject**: | Re: State street fee regarding local counsel |

Thank you, Garrett.  Agreed.

Sent from my iPhone

On Apr 24, 2013, at 8:08 PM, "Garrett Bradley" <GBradley@tenlaw.com> wrote:

> Bob,
>
> As you, Mike and I discussed in Dublin last week, I am sending this email regarding the obligation to
the local counsel who assists Labaton in matters involving the Arkansas Teachers Retirement System.
Labaton has an obligation to this counsel, Damon Chargois copied on this email, of 20% of the net fee to
Labaton in the State Street FX class case before Judge Wolf.  Currently this amount would be 4% because
of the agreement between Labaton, Thornton and Lieff of a division of 20% guaranteed each with the
balance to be decided upon at a later date.  Obviously this may go up should Labaton receive an amount
higher than 20%.
>
> We have agreed that the amount due to the local, whatever it turns out to be (4%, 5% etc.), will be
paid off the top with the balance of the overall fee spilt between Lieff, Labaton and Thornton pursuant
to our agreement.
>
> The local asked that I copy him on this email so he will have confirmation of this agreement.  When we
spoke to him he was agreeable to this as well.
>
> Garrett
>
>
> _____
>
>
>
> This e-mail and any files transmitted with it are confidential and are
>
> intended solely for the use of the individual or entity to whom they are
> addressed.  This communication may contain material protected by the
> attorney-client privilege. If you are not the intended recipient or the person
> responsible for delivering the e-mail to the intended recipient, be advised that
> you have received this e-mail in error and that any use, dissemination,
> forwarding, printing, or copying of this e-mail is strictly prohibited. If you
> have received this e-mail in error; please immediately notify us by telephone at
> (800) 431-4600. You will be reimbursed for reasonable costs incurred in
> notifying us.
>
>
>
> Please consider the environment before printing this email.

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER