# EX. 236

§ 15:12.Fee procedures at a class action's..., 5 Newberg on Class...

Case 1:11-cv-10230-MLW   Document 401-244   Filed 07/23/18   Page 2 of 4

**5 Newberg on Class Actions § 15:12 (5th ed.)**

Newberg on Class Actions | December 2017 Update
William B. Rubenstein[a0]

Chapter 15. Attorney's Fees
II. Class Action Fee Procedures[*]

§ 15:12. Fee procedures at a class action's conclusion—Disclosure of fee-related agreements requirement

Rule 23(h) governs fee petitions in class action lawsuits and that Rule, in turn, adopts the procedures of Rule 54(d)(2), as applicable.[1] Both Rule 23[2] and Rule 54[3] require a fee claim to be made by motion. Rule 54(d)(2)(B) sets forth the required content of a fee motion,[4] including the requirement that the motion must "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."[5] Relatedly, Rule 23(e), governing class action settlement approval, states that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the [settlement] proposal."[6]

The parties to the suit and their counsel may have a range of private agreements concerning fees. Such agreements might include:

- a retainer agreement between the class representatives and class counsel;
- a retainer agreement between individual class members and their counsel, including objectors and objectors' counsel;
- an agreement between class counsel and the defendant—often embedded in the settlement agreement—whereby the defendant agrees to pay, or not to contest, a certain fee request by class counsel;[7]
- agreements among class counsel about the allocation of fees; and
- agreements between class counsel and non-class counsel about the allocation of fees, such as payment to counsel who helped fund the case but may not have played a material role in litigating it.

While Rule 54(d)(2)(B)(iv) makes disclosure of such agreements dependent on a judicial order, there are at least two reasons that courts should regularly order disclosure. *First*, given that the court is acting as a fiduciary for absent class members in overseeing the settlement approval and fee process,[8] there is a strong argument that requiring transparency as to the fees is in the class's interest and hence a court should so order their disclosure.[9] The Fifth Circuit has put the argument in these terms, writing in a case concerning the allocation of fees among counsel:

> On a broad public level, fee disputes, like other litigation with millions at stake, ought to be litigated openly. Attorneys' fees, after all, are not state secrets that will jeopardize national security if they are released to the public … From the perspective of class welfare, publicizing the process leading to attorneys' fee allocation may discourage favoritism and unsavory dealings among attorneys even as it enables the court better to conduct oversight of the fees. If the attorneys are inclined to squabble over the generous fee award, they are well positioned to comment—publicly—on each other's relative contribution to the litigation.[10]

§ 15:12.Fee procedures at a class action s..., 5 Newberg on Class...

Case 1:11-cv-10230-MLW   Document 401-244   Filed 07/23/18   Page 3 of 4

Some courts may require disclosure of fee agreements by an initial case management order; others may do so at the conclusion of the case.

*Second*, in evaluating the merits of the fee petition, courts have "given weight to agreements among the parties regarding the fee motion, and to agreements between class counsel and others about the fees claimed by the motion." [11] As the Advisory Committee that adopted Rule 23's fee provision states, "[t]he agreement by a settling party not to oppose a fee application up to a certain amount, for example, is worthy of consideration, but the court remains responsible to determine a reasonable fee. 'Side agreements' regarding fees provide at least perspective pertinent to an appropriate fee award." [12] Moreover, the Committee noted that "[i]n some circumstances individual fee agreements between class counsel and class members might have provisions inconsistent with th[e] goals [of ensuring an overall fee that is fair for counsel and equitable within the class], and the court might determine that adjustments in the class fee award were necessary as a result." [13] These passages suggest the relevance of fee agreements, another factor suggesting that courts should routinely order their disclosure.

Finally, as noted above, in addition to Rule 54's disclosure requirements, Rule 23(e), governing class action *settlement*—not *fee*—approval, states that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the [settlement] proposal." [14] This generally references the settlement agreement itself, but, given the broader language covering agreements "made in connection with the [settlement] proposal," agreements beyond the settlement agreement itself—such as any agreements about fees—may also fall within the purview of Rule 23(e). Courts generally do not read Rule 23(e)'s disclosure requirement as requiring disclosure of fee agreements among counsel on the ground that such agreements do not necessarily affect the class's interests. [15] There may be some cases where this reasoning is incorrect, as some agreements among counsel would impact settlement terms and hence should be disclosed to the class. For example, if one set of counsel's fee allocation was capped at a certain amount, that counsel would have less interest in pushing further on behalf of the class once her cap was met. Moreover, there is little obvious downside from transparency so not only should courts order disclosure of fee agreements under Rule 54(d)(2), but settling parties should also readily provide them under Rule 23(e) in any case.

Westlaw. © 2017 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| a0 | Sidley Austin Professor of Law<br>Harvard Law School |
| * | Professor Rubenstein thanks Adam Cambier, Harvard Law School Class of 2014, and Jeffrey Bayne and Emily Cusick, Harvard Law School Class of 2015, for their help in preparing this unit and Rachel Miller-Ziegler and Todd Logan, Harvard Law School Class of 2015, and Albert Rivero, Harvard Law School Class of 2016, for their help in editing it. |
| 1 | Fed. R. Civ. P. 23(h)(1) ("A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets."). |
| 2 | Fed. R. Civ. P. 23(h)(1) ("[A] claim for an award must be made by motion under Rule 54(d)(2) …"). |
| 3 | Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees … must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). |
| 4 | For an overview of the Rule's requirements, *see* Rubenstein 5 Newberg on Class Actions § 15:11 (5th ed.). |
| 5 | Fed. R. Civ. P. 54(d)(2)(B)(iv). |
| 6 | Fed. R. Civ. P. 23(e)(3). |
| 7 | This is referred to as a "clear sailing agreement." For a discussion, *see* Rubenstein, 4 Newberg on Class Actions § 13:9 (5th ed.). |

§ 15:12.Fee procedures at a class action s..., 5 Newberg on Class...

Case 1:11-cv-10230-MLW   Document 401-244   Filed 07/23/18   Page 4 of 4

| | |
|---|---|
| 8 | In re High Sulfur Content Gasoline Products Liability Litigation, 517 F.3d 220, 228, 69 Fed. R. Serv. 3d 1516 (5th Cir. 2008) ("The district court's close scrutiny of fee awards serves to 'protect the nonparty members of the class from unjust or unfair settlements affecting their rights as well as to minimize conflicts that may arise between the attorney and the class, between the named plaintiffs and the absentees, and between various subclasses.' The court's review also 'guards against the public perception that attorneys exploit the class action device to obtain large fees at the expense of the class.'" (quoting Strong v. BellSouth Telecommunications, Inc., 137 F.3d 844, 849, 1998-1 Trade Cas. (CCH) ¶ 72098, 40 Fed. R. Serv. 3d 462 (5th Cir. 1998))).<br><br>For a discussion of this fiduciary duty, *see* Rubenstein, 4 Newberg on Class Actions § 13:40 (5th ed.). |
| 9 | In re High Sulfur Content Gasoline Products Liability Litigation, 517 F.3d 220, 229, 69 Fed. R. Serv. 3d 1516 (5th Cir. 2008) (concluding that a "lack of transparency [in fee allocation process] supports a perception that many of these attorneys were more interested in accommodating themselves than the people they represent"). |
| 10 | In re High Sulfur Content Gasoline Products Liability Litigation, 517 F.3d 220, 230, 69 Fed. R. Serv. 3d 1516 (5th Cir. 2008). |
| 11 | Fed. R. Civ. P. 23(h) advisory committee's note (2003). |
| 12 | Fed. R. Civ. P. 23(h) advisory committee's note (2003). |
| 13 | Fed. R. Civ. P. 23(h) advisory committee's note (2003). |
| 14 | Fed. R. Civ. P. 23(e)(3). |
| 15 | Hartless v. Clorox Co., 273 F.R.D. 630, 646 (S.D. Cal. 2011), aff'd in part, 473 Fed. Appx. 716 (9th Cir. 2012) ("The allocation of … fees amongst class counsel does not affect the monetary benefit to class members."). |

**End of Document**   © 2018 Thomson Reuters. No claim to original U.S. Government Works.