# EX. 251

# Massachusetts Statutes Annotated - 2011

Massachusetts Rules of Professional Conduct (Mass.R.Prof.C.), Rule 1.4

Massachusetts General Laws Annotated Currentness
 Rules of the Supreme Judicial Court (Refs & Annos)
  Chapter Three. Ethical Requirements and Rules Concerning the Practice of Law
   Rule 3:07. Massachusetts Rules of Professional Conduct and Comments (Refs & Annos)
    Client-Lawyer Relationship

## Rule 1.4. Communication

**(a)** A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

**(b)** A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

CREDIT(S)

Adopted June 9, 1997, effective January 1, 1998.

COMMENT

2006 Main Volume

[1] The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so. For example, a lawyer negotiating on behalf of a client should provide the client with facts relevant to the matter, inform the client of communications from another party and take other reasonable steps that permit the client to make a decision regarding a serious offer from another party. A lawyer who receives from opposing counsel an offer of settlement in a civil controversy or a proffered plea bargain in a criminal case should promptly inform the client of its substance unless prior discussions with the client have left it clear that the proposal will be unacceptable. See Rule 1.2(a). Even when a client delegates authority to the lawyer, the client should be kept advised of the status of the matter.
[2] Adequacy of communication depends in part on the kind of advice or assistance involved. For example, in negotiations where there is time to explain a proposal, the lawyer should review all important provisions with the client before proceeding to an agreement. In litigation a lawyer should explain the general strategy and prospects of success and ordinarily should consult the client on tactics that might injure or coerce others. On the other hand, a lawyer ordinarily cannot be expected to describe trial or negotiation strategy in detail. The guiding principle is set forth in the comment to Rule 1.2(a).
[3] Ordinarily, the information to be provided is that appropriate for a client who is a comprehending and responsible adult. However, fully informing the client according to this standard may be impracticable, for example, where the client is a child or suffers from mental disability. See Rule 1.14. When the client is an organization or group, it is often impossible or inappropriate to inform every one of its members about its legal affairs; ordinarily, the lawyer should address communications to the appropriate officials of the organization. See Rule 1.13. Where many routine matters are involved, a system of limited or occasional reporting may be arranged with the client. Practical exigency may also require a lawyer to act for a client without prior consideration.
*Withholding Information*
[4] In some circumstances, a lawyer may be justified in delaying transmission of information when the client would be likely to react imprudently to an immediate communication. Thus, a lawyer might withhold a psychiatric diagnosis of

a client when the examining psychiatrist indicates that disclosure would harm the client. A lawyer may not withhold information to serve the lawyer's own interest or convenience. Rules or court orders governing litigation may provide that information supplied to a lawyer may not be disclosed to the client. Rule 3.4(c) directs compliance with such rules or orders.

*Alternate Dispute Resolution*

[5] There will be circumstances in which a lawyer should advise a client concerning the advantages and disadvantages of available dispute resolution options in order to permit the client to make informed decisions concerning the representation.

Corresponding ABA Model Rule. Identical to Model Rule 1.4.

Corresponding Former Massachusetts Rule. None.

LIBRARY REFERENCES

2006 Main Volume

> Attorney and Client 32(2), 44(1).
> Westlaw Topic No. 45.
> C.J.S. Attorney and Client §§ 42 to 43, 79 to 80, 88.

NOTES OF DECISIONS

Duty to inform 1

1. Duty to inform

Attorney's refusal to respond to requests from client's successor lawyer for an accounting of the attorney's time and expenses in client's personal injury action in order to determine the appropriate fee to which the attorney would be entitled did not provide a basis for discipline, where another disciplinary case stating that better practice in such instances was to respond to such a request was decided after attorney's representation of client had ended and after successor counsel achieved a settlement. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 44(2)

Attorney's unilateral decision to pay client's medical providers with personal injury protection (PIP) funds that he had received on client's behalf violated professional conduct rule governing communications with clients; attorney's action prevented client from understanding the distribution of funds that were intended for his benefit, and precluded him from at least asserting a claim to receive a greater portion of the PIP funds for his undisputed lost wages. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 44(2)

Lawyers should be required to explain specifically the meaning of any terms in contingent fee agreement that differ from the model agreement contained in rule of professional conduct and to obtain the client's written consent to those provisions; terms added to model agreement presumably are intended to protect the lawyer's ability to collect his or her legitimate fee, rather than to advance an independent interest of the client, and an explanation of these terms would likely increase the client's understanding of the proposed contractual relationship with the lawyer and enable the client to make a more informed decision about whether to go forward. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 147

Attorney's failure to explain to clients the portions of contingent fee agreement addressing compensation after discharge of the attorney, a contractual lien as security for payment of fees and expenses, and mandatory arbitration of any fee disputes did not violate professional conduct rule requiring a lawyer to explain a matter to extent necessary to permit client to make reasonably informed decisions about the representation. In re Discipline of an Attorney (2008) 884 N.E.2d 450, 451 Mass. 131. Attorney And Client 44(1)

WESTLAW  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

Current with amendments received through 3/15/11.

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.