UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 12-11698-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                                 August 1, 2018

The court has received the Master's attached July 31, 2018 letter (Docket No. 411 under seal)(the "Letter"), stating that members and staff of the Arkansas legislature have contacted the

Master, through his staff, with requests for documents and information developed in his investigation that are not now part of the public Record.[1] The Letter states that the Master "referred" one such request "sent by an administrator at the Arkansas Bureau of Legislative Research," to the court. Id. at 1. The court, however, has not received any communication from the Arkansas Bureau of Legislative Research.

The Master moved to seal the Letter, but did not state any reasons for sealing that overcome the presumption of public access to judicial records and proceedings. See F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 414, 408 (1st Cir. 1987); June 28, 2018 Memorandum and Order (Docket No. 356) at 4-6. The court does not discern any reason the Letter should remain under seal.

In any event, the Master is not authorized to discuss or otherwise disclose information or documents developed in his investigation without an order of the court. Any request for such information or documents shall be made, in writing, to this court

---

[1] The "Record" includes: "(a) the exhibits to the Master's Report and Recommendation; (b) any additional documents or information the Master wishes to add; (c) any additional documents or information previously provided to the Master that any party wishes to add; and (d) any other documents that the court requests." May 31, 2018 Order, ¶12. It does not include all information provided to the Master during his investigation. The Master states he intends to supplement the present Record. The court may request that additional documents be made part of the Record.

2

and will be filed for the public record of this case unless good cause is shown to justify impoundment and/or an ex parte submission.

Accordingly, it is hereby ORDERED that:

1. The July 31, 2018 letter (Docket No. 411 under seal) is UNSEALED.

2. The Master shall provide this Order to anyone requesting documents or information from him.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE



July 31, 2018

Honorable Mark L. Wolf
United States District Court
John Moakley Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

Re: *Special Master's Request to the Court for Guidance in Responding to Requests for Information from the State of Arkansas*

Dear Judge Wolf:

Over the past several days, the Special Master has received requests from the State of Arkansas Legislature seeking documents under seal. We referred the first request, sent by an administrator at the Arkansas Bureau of Legislative Research, which asked for Labaton's 8/11/17 *Response to Special Master's Supplemental Interrogatory* and Damon Chargois' 10/2/17 Deposition, to the offices of this Court. The Master's case manager also received the following email from Arkansas State representative Mark Lowery, Co-Chair of the Arkansas Joint Performance Review Committee:

> From: Mark Lowery [mailto:markdlowery@mac.com]
> Sent: Wednesday, July 25, 2018 5:23 PM
> To: Sarah Nevins <snevins@jamsadr.com>
> Subject: Special Master work in State Street case
>
> Ms. Nevins,
> I am co-chair of the Arkansas Joint Performance Review Committee that has recently held a 3 hour hearing questioning Arkansas Teacher Retirement System director George Hopkins.
> We are extremely concerned about references to "political favors" in Arkansas that brought about the relationship between ATRS, Labaton Sucharow and the Chargois/Herren law firm.
>
> We are especially interested in the following excerpt from a Forbes article:
> Rosen was more circumspect in his report, only noting the questions raised by Chargois' 2014 e-mail discussing the "considerable favors" and "money spent" getting ATRS as a client.

Barrett & Singal
One Beacon Street, Suite 1320
Boston, MA 02108-3106
T 617.720.5090
F 617.720.5092
www.barrettsingal.com



"The special master did not investigate further into the background facts alleged by Chargois in this email as to how the Chargois/Labaton/ATRS relationship was originated and developed," the special master said in a footnote. "This investigation is beyond the scope of the Special Master's assignment."
Is it possible that Judge Rosen's work in the case has come to a point where he would be able to discuss with me findings about the Chargois/Herren relationship with Labaton that may not have been included in the Special Master report to the Court?
If so please let me know how I could go about discussing with him or a representative any information that may assist us in our investigation going forward.

Rep. Mark Lowery
District 39
Cell phone - 501-837-5221

In response, the Special Master indicated he would seek guidance from the Court as to any appropriate response to these inquiries,[1] and he will not, of course, conduct discussions or provide sealed documents to legislative, law enforcement or other requestors without the express direction of the Court. However, he does wish to alert the Court to these inquiries as they implicate access to matters of public concern. He also wishes to advise the Court that, in addition to the documents filed with his Report, he will shortly be submitting to the Court a number of additional documents prompted by objections and other motions filed by Customer Class Counsel. These documents, which will be filed in response to the Court's Order allowing an enlargement of the record, have a direct bearing upon the State of Arkansas inquiry, as well as to other critical issues in this phase of our case. As previously suggested by the Master, these documents should be of great utility to the Court in facilitating its review of the above-referenced objections filed by Customer Class Counsel.

We will await your guidance as to how we should respond to these inquiries.

Respectfully submitted,

William F. Sinnott
Counsel to the Special Master

---

[1] In response to this, the Special Master received an email today indicating as follows: "I have read parts of your report and recommendations with interest and our recent hearing focused on much of your findings. I hope you will be released by Judge Wolf to provide further insight to me as our committee continues its oversight authority."

2