UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>　　Plaintiff<br><br>　　　　v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>　　Plaintiff<br><br>　　　　v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>　　Plaintiff<br><br>　　　　v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                August 3, 2018

On July 31, 2018, the court ordered the Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF") to report whether it still seeks to participate in this case as an amicus or

guardian ad litem for the class, and to address the court's authority to permit the Master to address objections to his Report and Recommendation (the "Report"). See Docket No. 410. The court's inquiries were related to Customer Class Counsel's Motion for Accounting and Clarification that the Special Master's Role Has Concluded (the "Motion") and related memoranda (Docket Nos. 310, 377, and 397), which are under seal. On August 2, 2018, CCAF moved for access to the unredacted versions of these documents, June 21 and 25, 2018 letters to the court from the Master (Docket Nos. 329-1 and 345-1), and Labaton Sucharow, LLP's response to the July 25, 2018 letter (Docket No. 353). See Docket No. 413. CCAF asserts these documents are necessary to respond meaningfully to the July 31, 2018 Order.[1] Id. at 3.

Customer Class Counsel and the Master filed the memoranda related to the Motion under seal, and moved to maintain them under seal, because they referred to the Report and its exhibits, which were then sealed. The Master's June 25, 2018 letter and Labaton's Response (Docket Nos. 345-1 and 353) were also sealed because they

---

[1] CCAF also requested that the court unseal Docket No. 302, which it characterized as the Memorandum in Support of the Motion, and the Master's June 6, 2018 letter to the court (Docket No. 381). However, Docket No. 302 is the Motion itself. Both it and the Master's July 6, 2018 letter are public. See Docket Nos. 302, 381. Therefore, no action is required concerning CCAF's request regarding these documents.

also referred to information in the then-sealed Report and exhibits.[2] However, the court has since released public versions of the Report and exhibits with limited redactions. See Docket Nos. 357, 401. Neither the memoranda relating to the Motion, the Master's June 25, 2018 letter, nor Labaton's response refer to sealed information. Therefore, there is no longer any reason for sealing that overcomes the presumption of public access to judicial records and proceedings. See F.T.C. v. Standard Fin. Mgmt. Corp.,

---

[2] Labaton's Response (Docket No. 353) also referred to emails from Lynn Sarko of Keller Rohrback, LLP that not exhibits to the Report, but which Labaton has filed under seal with its objections to the Report. See Docket No. 359 at 9 n.1; Transmittal Declaration of Justin J. Wolosz, Ex. A (Docket No. 370-3 under seal). Labaton stated that it would file public versions of the exhibits to its objections that are not exhibits to the Report, including its Exhibit A, after the other parties proposed any redactions according to the stipulated protocol for adding documents to the Record. See Labaton's Motion to Impound its Objections to Special Master's Report and Recommendations and the Transmittal Declaration of Justin J. Wolosz in Support (Docket No. 365), ¶4 (citing All Parties Response to May 31, 2018 Order Regarding Additional Documents from the Record (Docket No. 259)). However, the protocol requires the parties to confer regarding proposed redactions to any documents they seek to add to the Record, and to file public versions of those documents, within 14 days after filing their objections. See Docket No 259, ¶2. Although more than 14 days have passed since Labaton filed its objections, it has not filed public versions of the documents it seeks to add to the Record. If necessary, this issue will be addressed at the August 9, 2018 hearing. In any event, at least one of Mr. Sarko's emails conveying the information Labaton references in its response to the Master's June 25, 2018 letter is now public. See R&R Ex. 35 (Docket No. 401-34). Therefore, the fact that Sarko's other emails conveying the same information are not yet public is not a reason to seal Labaton's response to the Master's June 25, 2018 letter.

3

830 F.2d 414, 408 (1st Cir. 1987); June 28, 2018 Memorandum and Order (Docket No. 356) at 4-6. Accordingly, the court is denying the motions to impound the memoranda and is unsealing them, the June 25, 2018 letter, and its response.

The Master's June 21, 2018 letter does reference documents developed in the Master's investigation that have not been publicly filed. Therefore, the court is ordering the parties and the Master to confer and report whether the unredacted version of the June 21, 2018 letter (Docket No. 329-1) should remain under seal.

Accordingly, it is hereby ORDERED that:

1. CCAF's Motion for Disclosure of Certain Sealed Documents Necessary to Fully Respond to the Court's Order of July 31, 2018 (Docket No. 413) is ALLOWED in part. The motions to seal the memoranda relating to the Motion for Accounting and Clarification that the Special Master's Role Has Concluded (Docket Nos. 301, 376, 394) are DENIED. The memoranda concerning the Motion for Accounting and Clarification that the Special Master's Role Has Concluded (Docket Nos. 310, 377, and 397), the Master's June 25, 2018 letter (Docket No. 345-1) and Labaton's response (Docket No. 353) are UNSEALED.

2. The Master shall confer with Labaton and, by 4:00 p.m. on August 3, 2018, report whether the unredacted version of the Master's June 21, 2018 letter (Docket No. 329-1) should remain

under seal. If either the Master or Labaton seeks to maintain the document under seal, both shall explain their positions.

3. The parties shall be prepared to address at the August 9, 2018 hearing whether there are other documents developed in the Master's investigation, or filed with the court under seal, that should now be made public.

                                    /s/ Mark L. Wolf
                                 UNITED STATES DISTRICT JUDGE