**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**RESPONSE OF LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
TO THE COURT'S ORDER OF JULY 31, 2018**

In its Order of July 31, 2018 (ECF No. 410) the Court advised the parties that it may amend the prior Order appointing the Special Master to authorize him to respond to the objections to the Special Master's Report and Recommendations ("Report"). As its rationale for doing so, the Court stated that it believes that under the present circumstances "the operation of an adversary process promotes well-informed decision-making."

With all due respect, the adversary process has already operated in this matter. The Report of the Special Master embodies any number of findings and recommendations that are adverse to the interests of Customer Class Counsel. The factual support for and legal analysis underpinning the findings and recommendations are set forth at length and in detail in the Report itself. Customer Class Counsel have responded to those findings and recommendations with factual and legal arguments in their responses and objections to the Report. At this point the issues have been fully and fairly laid before the Court.

In short, no further advocacy adverse to Customer Class Counsel is necessary for the Court to perform its responsibilities—to conduct a *de novo* review of the factual findings, legal conclusions and recommendations contained in the Report. The fact that the Report itself may be voluminous and that the responses are also lengthy, provides no reason why the Court and its personnel cannot properly review the record to perform the Court's responsibilities.

However, if the Court determines that it will be assisted in performing its *de novo* review by the continued participation of the Special Master, and that it has the authority to expand the role of the Special Master as proposed, it should not continue to be at the financial expense of Customer Class Counsel. However the role of the Special Master vis-à-vis Counsel was properly characterized prior to the submission of the Report, the Court has openly recognized that it is now decidedly partisan and adversarial. The Special Master has also characterized his current and proposed future role in these proceedings as adversarial to Customer Class Counsel and as

an advocate of the Class's interests against those of Counsel. *See* Special Master's Response to Customer Class Counsels' Motion for an Accounting, and for Clarification that the Master's Role Has Concluded ("Special Master's Brief") at 14-16 (ECF No. 377). Indeed, it is the very adversarial nature of the Special Master's posture that forms the basis for the Court's proposal to amend the Order appointing the Special Master to enlarge his role beyond that originally contemplated.

The Special Master has in effect become a partisan party in litigation in opposition to Customer Class Counsel. The Special Master has boasted about how much money would be paid to the Class at the expense of Customer Class Counsel if his proposals are followed. "[T]he Special Master notes that the recommendations here, if followed, would return in a range of approximately $7.4 to $8.1 million to the Class." Report at 376 (ECF No. 357). He has designated himself as the primary representative of the Class as his de facto client in opposition to Court-appointed Class Counsel. "Particularly at this stage, where return of a substantial sum of money to the Class has been recommended, the Master's involvement is necessary to ***represent the interests of the otherwise unrepresented Class members*** . . ." Special Master's Brief at 14 (ECF No. 377) (emphasis supplied).[1] Under these circumstances it would be fundamentally unfair to require the Customer Class Counsel to continue to fund their litigation adversary. Any compensation to the Special Master or his assistants for services or activities post-dating the submission of the Report should not be borne by Customer Class Counsel.

Almost a century ago the Supreme Court set the guidepost to be followed regarding Special Masters and compensation for their services.

---

[1] The Master sets himself forward as the champion of the interests of the Class notwithstanding that despite considerable coverage of the Report and the attendant legal proceedings in the popular, legal and financial press, not a single member of the highly sophisticated Class has come forward in support of the Master and his recommendations.

> (A special master) occupies a position of honor, responsibility, and trust; the court looks to him to execute its decrees thoroughly, accurately, ***impartially*** and in full response to the confidence extended…The rights of those who ultimately pay must be carefully protected…" *Newton v. Consolidated Gas Co.*, 259 U.S. 101, 105 (1922) (emphasis supplied).

As partisan adversary, the Special Master at this point can hardly be said to be acting impartially.

Under established principles of American law, with exceptions not relevant here, litigants are not responsible for the fees or expenses of their adversaries. *In re Volkswagen & Audi Warranty Extension Litig.*, 692 Fed. 3d. 4, 13 (1st Cir. 2012) ("It is axiomatic that, under the 'American Rule,' each litigant pays his own attorney's fees win or lose, unless a statute or contract provides otherwise") (internal citations and quotes omitted). So too, Customer Class Counsel should not be held responsible to pay the Special Master to, in effect, litigate against them.

In its Order of April 23, 2018 (ECF No. 217) the Court directed Customer Class Counsel to pay $800,000 to the Clerk of the Court, $500,000 of which was to fund a reserve requested by the Special Master "for his anticipated participation in proceedings after his Report is filed." At the hearing on March 7, 2017, concerning the appointment of a Special Master, the Court assured Counsel that before any order requiring them to pay anything beyond the initial $2,000,000 deposit, notice and an opportunity to be heard would be provided. *See* March 7, 2017 Hearing Tr. at 65 (ECF No. 176). In particular, the Court assured Counsel at that hearing that they would be given the opportunity to be heard regarding where any such additional funds "should come from." *Id*. As the Court has acknowledged, it did not in fact provide advance notice of the April 23 Order or allow Counsel an opportunity to be heard. *See* June 28, 2018 Mem. and Order at 35 (ECF No. 358).[2] The payment was made by Counsel under protest. *See* Customer Class

---

[2] The Court has since acknowledged that notice and an opportunity to be heard was in fact required under FRCP 53(b)(4). *See* ECF No. 358 at 35 n. 11.

1598429.1                                -3-

Counsels' Reservation of Rights Regarding Payment to the Court on Friday, May 11, 2018 (ECF No. 221). Regardless of the outcome of the issue of the continuing role of the Special Master in these proceedings, given the Special Master's adversarial posture, the Court should now direct the return of the $500,000 "reserve fund."

Dated: August 6, 2018  Respectfully submitted,

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
415-956-1000

By: */s/ Richard M. Heimann*
Richard M. Heimann (*pro hac vice*)
Robert L. Lieff (*pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California  94111
Tel:  (415) 956-1000
Fax:  (415) 956-1008

Steven E. Fineman
Daniel P. Chiplock (pro hac vice)
250 Hudson Street, 8th Floor
New York, New York  10013
Tel:  (212) 355-9500
Fax:  (212) 355-9592

*Counsel for Lieff Cabraser Heimann & Bernstein, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will thereby be served on this date upon counsel of record for each party identified on the Notice of Electronic Filing.

August 6, 2018  */s/ Richard M. Heimann*
Richard M. Heimann