**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**LABATON SUCHAROW LLP'S AND THE THORNTON LAW FIRM LLP'S**
**RESPONSE TO COURT'S MEMORANDUM AND ORDER (ECF 410) REGARDING**
**POSSIBLE AMENDMENT TO THE ORDER APPOINTING THE SPECIAL MASTER**

Labaton Sucharow LLP ("Labaton") and The Thornton Law Firm LLP ("Thornton")

submit this response to the Court's direction that they "address the Court's authority to permit

the Master to address objections to his Report and related issues."  July 31, 2018 Memorandum

and Order, ECF 410, at 3.

## BACKGROUND

In March of 2017, this Court appointed the Master to "investigate and prepare a Report

and Recommendation concerning all issues relating to the attorneys' fees, expenses, and service

awards previously made in this case."  March 8, 2017 Memorandum and Order (the

"Appointment Order"), ECF 173, at ¶ 2.  The Master has now concluded those tasks.  *See* Report

and Recommendation ("Report"), ECF 357.  The Master has gone on, however, to make

additional filings beyond the scope of the Appointment Order and to seek to expand his role even

further.  For example, on July 20, 2018, despite having received no instruction from the Court

(and thus without authority), the Master filed an Opposition to Labaton's motion for a limited,

partial stay.  ECF 400.  At other times, the Master has filed unsolicited letters asking the Court

for permission to expand his assignment, by allowing him to submit additional motion papers.

*See, e.g.,* June 25, 2018 Letter from the Master, ECF 345-1 (filed under seal, redacted version

available at ECF 345-2).  Labaton and Thornton object to all of these inappropriate filings, and

oppose any attempt by the Master to request that funds deposited by Labaton, Lieff Cabraser

Heimann & Bernstein LLP ("Lieff"), and Thornton  (collectively, "Customer Class Counsel")

with the Court be used to pay for them.

The Court now suggests that it may amend the Appointment Order prospectively (and

perhaps *ex post facto* as to the foregoing items) in a way that would authorize even further

participation in these proceedings by the Master.  As explained below, the applicable law does

not provide the Court with the authority to expand the Master's role in this manner without

consent of the parties.  Absent such consent, which Labaton and Thornton have not at this point

granted, the only further action that the court may take with regard to the Master is to resubmit

the Report to him with instructions.  Fed. R. Civ. P. 53(f)(1).  Certainly there is no basis in the

law, absent consent, for the Master to act as an adversary or as an advocate.

## ARGUMENT

**I.      Fed. R. Civ. P. 53 Limits the Functions That a Master May Perform Without Consent.**

The appointment of a master pursuant to Federal Rule of Civil Procedure 53 ("Rule 53")

"must be the exception and not the rule." *See* Rule 53, Committee Notes on Rules – 2003

Amendment (discussing amendments, noting that "[t]he core of the original Rule 53 remains,

including its prescription that appointment of a master must be the exception and not the rule.").

Indeed, when the use of special masters was reviewed by a Special Subcommittee of the Judicial

Conference's Advisory Committee on Civil Rules in 2000 ("JCAC Report") in contemplation of

the December 1, 2003 amendment,[1] the subcommittee found that judges appointed special

masters in fewer than 2 cases in 1000 (0.2%).  JCAC Report, at 3.

Not only are appointments to be exceptions rather than the rule, but Rule 53 has long

required that the tasks assigned be defined and limited.  *See, e.g.*, *United States v. Hooker*

*Chemicals & Plastics Corp.*, 123 F.R.D. 62 (W.D.N.Y. 1988), a hazardous materials injury case

in which the Court rejected a plan to refer all "routine" discovery and case management matters

to a special master because such a plan presented "an unacceptable risk of having significant,

---

[1] *Special Masters' Incidence and Activity: Report to the Judicial Conference's Advisory Committee on Civil Rules and Its Subcommittee of Special Masters*, Willging, T.E., et al., Federal Judicial Center 2000.

potentially dispositive issues taken away from the court[.]" *Id.* at 63.[2]  Although the

"exceptional condition" language of the old rule was replaced in the amended rule, the latter still

limits the appointment of special masters by specifying the limited tasks that are permitted

without assent, with all other functions excluded.  *See* Rule 53(a)(1) ("*Scope.* Unless a statute

provides otherwise, a court may appoint a master *only to:...*") (emphasis added).  In essence, the

new procedures are "akin to other 'sunshine' rules and are intended to bring a more formal and

regulated practice to the appointment of masters to avoid real or apparent conflicts of interest."[3]

In this instance, the Master was appointed to investigate and prepare a Report and

Recommendation concerning all issues "relating to the attorneys' fees, expenses, and service

awards previously made in this case." ECF No. 173 ("Appointment Order"), at 2.  Although the

Court went on to recite "at least" the matters to be covered with regard to the attorneys' fees,

expenses, and service awards (*Id*. at 2-3), it did not extend the tasks to any functions post-

submission of the Report.  *Id* at 1-7.  The submission of the Report occurred under seal on May

14, 2018, and the Report was made available to the parties on May 16, 2018.   Without the

consent of the parties, the Master had, and has, no authority to perform any tasks.

---

[2]  *See also* Braun, J., *Special Masters in Federal Cour*t, 161 F.R.D. 211, 216 (1995) (courts cautioned to ensure that reference orders specifically delineated the matters referred and the powers a master could exercise).

[3]  Hon. Scheindlin, S. and Redgrave, J., "Revisions in Federal Rule 53 Provide New Options for Using Special Masters in Litigation," at 22, *Journal*, Jan. 2004, https://m.jonesday.com/files/Publication/a532dfb1-e64f-4553-b4bb-29832cf1f71c/Presentation/PublicationAttachment/8082b9f2-9ba8-463c-872b-fc28b1f5f868/Revisions_in_Federal_Rule_53.pdf (accessed Aug. 6, 2018).

**II.     Without Party Consent, the Court Should Not, and Arguably Cannot, Expand the Appointment Order After the Submission of the Report to Allow the Master to Respond to Objections and Advocate in Favor of The Report.**

Once the Master's Report has been submitted for de novo review by the Court, the Court's options for amending the Appointment Order without party consent appear[4] to be limited and precisely delineated under the current version of Rule 53[5]:  The Court, "must give the parties notice and an opportunity to be heard,"[6] "may receive evidence," and "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions."  Rule 53(f)(1).  Notably absent from Rule 53 is any authority to expand the master's appointment, in the absence of consent,[7] after the Report has been filed to respond to the parties' objections to the Report and/or argue in support of the Report.  Indeed, the Rule does not appear to contemplate in

---

[4]   Rule 53(b)(4) permits an amendment of an appointment order at any time after notice to the parties and an opportunity to be heard.  However, Rule 53(f)(1) limits a Court's options in acting upon a master's report to providing notice and an opportunity to be heard; receiving evidence; adopting, affirming, modifying, wholly or partly rejecting or reversing; or resubmitting to the master with instructions.   If the sections are read together, as they must be, it appears that the option to amend the appointment order after the Report has been filed does not extend to adding tasks that do not fall within a resubmission presumably undertaken for clarification or correction.

[5]   The old version of Rule 53 did not contain express provision for the use of masters pre- and post-trial.  One of the purposes of the 2003 amendment was "[t]o conform Rule 53 with the modern practice of referring pre-trial and post-trial matters to masters…". Hon. Scheindlin, S. and Redgrave, J., "Revisions in Federal Rule 53 Provide New Options for Using Special Masters in Litigation," at 22, *Journal*, Jan. 2004, https://m.jonesday.com/files/Publication/a532dfb1-e64f-4553-b4bb-29832cf1f71c/Presentation/PublicationAttachment/8082b9f2-9ba8-463c-872b-fc28b1f5f868/Revisions_in_Federal_Rule_53.pdf (accessed Aug. 6, 2018).

[6]   No comparable provision exists in Rule 53 that the Court must, or even may as a matter of discretion, give the master notice and an opportunity to be heard on the parties' Objections.

[7]   Labaton and Thornton have located no cases in which a master responded to parties' Objections to his Report in the face of a party's objection to the Court's authority to permit such a response or the master's authority to undertake it.  In the limited instances where Labaton has found activity by the master post-submission of the report, no objection – or at least no objection made part of the formal record – was lodged.  *See, e.g.*, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 10-md-02179, Objection and Reply to the Opposition of the Special Master to its Second Motion for Production of Documents, at 1-2 (ECF 11648) (E.D. La.) (Oct. 15, 2013).

any of its sections that a master can become an advocate and an adversary, at least in the absence

of party consent.

Rule 53 provides a framework that calls for the Master to perform his tasks and submit

his Report, followed by a requirement that the Article III judge adopt or reject the Report in

whole or in part on the basis of a de novo review, or resubmit with instructions (impliedly for the

master to make clarifications or corrections, and for the judge to act upon the Report thereafter).

The Rule does not permit the Article III judge to abdicate his or her responsibilities to make

findings of fact and reach conclusions of law, all of which – with the exception of procedural

matters – are expressly subject to de novo review under the current version of Rule 53.[8]

Expanding the Master's role to respond to objections and advocate in this Court without

party consent would also be inconsistent with Rule 53(a)(3), which requires the Court to

"consider the fairness of imposing the likely expenses on the parties and [to] protect against

unreasonable expense or delay."  As explained in the Memorandum of Customer Class Counsel

in Support of their Motion for an Accounting, and for Clarification that the Master's Role has

Concluded ("Accounting Memorandum," filed under seal on June 19, 2018), the Master's

activities thus far have already caused unreasonable expense and delay.  *See generally,*

Accounting Memorandum, ECF 302.

---

[8]   As Judge Scheindlin and her co-author wrote in "Revisions in Federal Rule 53 Provide New
Options for Using Special Masters in Litigation," "[b]y spelling out the criteria for the standards
of review, the new Rule 53 eliminates confusion that could arise from existing case law while
providing mechanisms that allow for different standards of review where the parties stipulate and
the court consents." *See Journal*, at 23.

III.    **Even if the Court Were to Allow the Master to Respond to Objections
to the Report, Which It Should Not Without Party Consent, the Master's Role
Should End There.**

In the July 31, 2018 order, the Court says that it may also allow the Master to address

issues "related" to the objections.  For the reasons set forth above, absent party consent the Court

should not amend the Appointment Order, and should conclude that the Master's role is over.

Even if the Court were to disagree, however, and allow a limited response by the Master to the

objections, under no circumstances should a further expansion of the Master's role to "related

issues" be permitted without express party consent.

As an initial matter, it is not clear to Labaton and Thornton what the phrase "related

issues" would encompass, particularly given the far-reaching scope of filings that the Master has,

on his own, proposed that he might make.  The use of such a phrase in an appointment order

would run afoul of the requirement that such an order must be "as precise as possible."  Rule 53,

Committee Notes on Rules – 2003 Amendment.

Regardless of what is contemplated by the phrase, an order allowing the Master to be an

advocate with respect to "related issues" would be inappropriate, for the same reasons set forth

above.  The Master here was appointed to investigate and prepare a Report and

Recommendation.  Those tasks are over, and it is the Court that must conduct the *de novo*

review.  There is no provision of Rule 53 that would allow appointment as an advocate.  Labaton

and Thornton object (1) to any such expansion of the Master's role; and (2) to any suggestion

that Customer Class Counsel should (or can) be required to fund those activities.

### Conclusion

The Master was retained to investigate a self-reported accounting error.  He turned that

assignment into a multi-year investigation, which has already cost Customer Class Counsel $3.8

million.  Whether his recommended findings and conclusions are justified must now be reviewed

- 7 -

by the Court, through a process familiar to judges and litigants in matters with recommended

findings and conclusions issued by masters or magistrate judges.  There is no reason to treat this

case differently, disregard the limited scope of Rule 53, and allow a purported neutral to become

an advocate and adversary.  For all of the foregoing reasons, as well as the reasons set forth in

the Accounting Memorandum and Proposed Reply (ECF 397), Labaton and Thornton

respectfully urge the Court to refrain from amending the Appointment Order, and to confirm that

the Master's role in this case has ended and will not be expanded for any purpose.

Dated:  August 6, 2018                               Respectfully submitted,


                                                     By: */s/ Joan A. Lukey*
                                                          Joan A. Lukey (BBO No. 307340)
                                                          Justin J. Wolosz (BBO No. 643543)
                                                          Stuart M. Glass (BBO No. 641466)
                                                          Choate, Hall & Stewart LLP
                                                          Two International Place
                                                          Boston, MA 02110

                                                          *Counsel for Labaton Sucharow LLP*


                                                     By: */s/ Brian T. Kelly*
                                                          Brian T. Kelly, Esq. (BBO No. 549566)
                                                          NIXON PEABODY LLP
                                                          100 Summer Street
                                                          Boston, MA 02110
                                                          Tel.: (617) 345-1000
                                                          Fax: (617) 345-1300
                                                          bkelly@nixonpeabody.com

                                                          *Counsel for The Thornton Law Firm LLP*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I caused the foregoing Response to Court's Memorandum and Order (ECF 410) Regarding Possible Amendment to the Order Appointing the Special Master to be served by electronic mail on counsel for all parties and counsel for the Special Master.

/s/ Joan A. Lukey
Joan A. Lukey