UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARKANSAS TEACHER RETIREMENT SYSTEM,
on behalf of itself and all others
similarly situated,

        Plaintiff,

                                                               No. 11-cv-10230-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

        Defendant.
_____/

ARNOLD HENRIQUEZ, MICHAEL T. COHN,
WILLIAM R. TAYLOR, RICHARD A.
SUTHERLAND, and those similarly situated,

        Plaintiffs,

                                                               No. 11-cv-12049-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

        Defendant.
_____/

THE ANDOVER COMPANIES EMPLOYEE
SAVINGS AND PROFIT SHARING PLAN, on
Behalf of itself, and JAMES PEHOUSHEK-
STANGELAND and all others similarly situated,

        Plaintiffs,

                                                               No. 12-cv-11698-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

       Defendant.
_____/

**SPECIAL MASTER'S SUPPLEMENTAL RESPONSE TO CUSTOMER CLASS COUNSEL'S MOTION FOR ACCOUNTING, AND CLARIFICATION THAT THE SPECIAL MASTER'S ROLE HAS CONCLUDED**

On July 31, 2018, the Court ordered the Lawyers and the Special Master to supplement their previous memoranda[1] to address the Court's authority to permit the Master to address objections to his Report and related issues. Dkt. # 410. As the Master stated in his Reply, the Customer Class's narrow reading of the March 8, 2017 Appointment Order ("Appointment Order") as limiting the Special Master's role strictly to submission of his written Report is "at odds with the language and spirit of the appointment and defies common sense." *See* Dkt.# 377. However, should the Court wish to amend the Appointment Order to direct the Master to respond to the Law Firms' objections and address related issues going forward, the Court may do so under ¶ 16 of the Appointment Order itself as well as under the authority expressly granted by Fed. R. Civ. P. 53(b)(4) and (f).

Both the Appointment Order, and Fed. R. Civ. P. 53 upon which it derives its authority, allow the Court to amend the Appointment Order with appropriate notice to the parties. The Appointment Order provides: "[t]his Order may be modified upon request of the Master or a party, or by the court *sua sponte*, after providing notice and an opportunity to be heard." Order, ¶ 16. This language, unambiguous, recites (and cites) the amendment provision in Rule 53(b)(4). *See* Fed. R. Civ. P. 53(b)(4)(an "order may be amended at any time after notice to the parties and an opportunity to be heard.") The rules make clear that the Court may amend the Appointment Order to delegate additional tasks to the Special Master so long as the Court provides adequate notice to the parties of its intention to amend (which it has) and affords the parties an opportunity

---

[1] On June 19, 2018, Labaton filed a Motion for Accounting, and Clarification that the Special Master's Role Has Concluded. Dkt. #302. The Court directed the Special Master to respond, and the Special Master subsequently filed a Response. Dkt. # 377. On July 13, 2018, Labaton filed a motion for leave to file a sur-reply. Dkt. # 397.

to be heard on that issue (which it has through this briefing and the hearing scheduled for August 9, 2018).

While the First Circuit has never commented on precisely when an order appointing a Special Master may be amended, outside the First Circuit amendments are made as a matter of course. As prescribed in Rule 53(b)(4), the Court may freely amend an order after affording the parties notice and an opportunity to be heard. Rule 53 does not place any limitation on this right. The Court, for example, may add a new provision not explicit in the original order. *See C.D.S., Inc. v. Zetler*, 254 F. Supp. 3d 625, 633 (S.D.N.Y.), report and recommendation adopted, 283 F. Supp. 3d 94 (S.D.N.Y. 2017) (amending order to permit *ex parte* communications between the Special Master and the Court); *Halderman v. Pennhurst State Sch. & Hosp.*, 536 F. Supp. 522, 523 (E.D. Pa. 1982) (deleting words in the appointment order to "lay to rest once and forever the perennial contention that the Special Master possesses powers over and beyond" the functions delegated to him by the Court). It may even do so even after a finding—not made in this case— that the original order was deficient. *See Glover vs. Udren*, W.D. Pa., No. CIV.A. 08-990 (Nov. 9, 2011) (ordering amendment of order appointing special master where order failed to include full requirements set out in Rule 53(b)).

An amendment to extend the Master's role to expressly permit the Master to address the Law Firms' objections falls squarely within the range of permissible reasons for amending an order under Rule 53(b)(4). *See In re Welding Rod Products Liab. Litig.*, N.D. Ohio, No. 103-CV-17000, 2005 WL 5417813, (Sept. 8, 2005) (amending order of appointment to extend Special Master's involvement)[2]. Allowing the Special Master to respond to objections is consistent with

---

[2] The Court is not required to expressly reserve its right to amend an order, even though it did so in *In re Welding* as part of a two-tiered appointment in that case. Rather than authorize the master to conduct a complete investigation, the court opted to reassess the need for the Master after he expended 1,000 hours on the case. To determine how to proceed at that juncture, the order required the Court to "assess the need for [the Master's] ongoing involvement and

3

the Appointment Order's provision permitting the Court to continue availing itself of the Special Master's expertise, such as resubmitting part or all of the Report to the Special Master for additional consideration. *See* Order, ¶ 12 ("[a]ction on the Master's Report and Recommendation will be taken in the manner described in Federal Rule of Civil Procedure 53(f)."); Fed. R. Civ. P. 53(f)(1)("In acting on a master's order, report or recommendations, the court must give the parties notice and an opportunity to be heard. and may adopt or affirm, modify, wholly or partly reject or reverse, *or resubmit to the master with instructions*.")(emphasis added). It is more efficient for the Court to resolve the objections prior to his own determination, rather than resubmitting to the Master at a later time, as the Appointment Order contemplates could happen. *See D.C. vs. Dep't of Educ.*, D. Haw., No. CIV 07-00362 ACKKSC (July 25, 2008) (Court remanded Report back to the Special Master to revisit factual findings to address party's objection that Master had failed to consider certain costs in determining total hours reasonably expended.) Allowing the Special Master to respond to objections prior to the Court's *de novo* determination would effectively streamline the back-and-forth between the Court and the Special Master and save the Court and the parties this additional step.

In sum, the Court has authority to amend the March 8, 2017 Appointment Order as it deems appropriate under Fed. R. Civ. P. 53(b)(4) and ¶ 12 of the Appointment Order.

---

[] extend the terms of his compensation accordingly (internal citations omitted)." 2005 WL 5417813, at * 1. Though it made sense to add such language in *Welding*, a reservation of its right to amend was not, and *is* not, required by Rule 53. The Law Firms had the opportunity to object to the Appointment Order, issued seventeen months ago. They did not. If the Law Firms objected to the terms of the Appointment Order, including the Court's right to amend it after notice to the parties and an opportunity to be heard, the time for raising those objections was in March 2017.

Dated:  August 6, 2018	Respectfully submitted,

**SPECIAL MASTER HONORABLE GERALD E. ROSEN (RETIRED),**

By his attorneys,

   /s/  *William F. Sinnott*
William F. Sinnott (BBO #547423)
Elizabeth J. McEvoy (BBO #683191)
BARRETT & SINGAL, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092
Email: wsinnott@barrettsingal.com
Email: emcevoy@barrettsingal.com

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically on August 6, 2018 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").  Paper copies were sent to any person identified in the NEF as a non-registered participant.

   /s/  *William F. Sinnott*
William F. Sinnott