**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) C.A. No. 11-10230-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) C.A. No. 11-12049-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) C.A. No. 12-11698-MLW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**KELLER ROHRBACK L.L.P.'S AND ZUCKERMAN SPAEDER LLP'S
OPPOSITION TO THE COMPETITIVE ENTERPRISE INSTITUTE'S CENTER
FOR CLASS ACTION FAIRNESS'S REQUEST TO SERVE AS
GUARDIAN AD LITEM FOR THE CLASS**

In its July 31, 2018 Order (ECF 410), the Court provided: "If CCAF still seeks a role in this case, any opposition to its request shall be filed by August 7, 2018." The Competitive Enterprise Institute ("CEI"), acting through its Center for Class Action Fairness (collectively, "CCAF"), has expressed interest in playing such a role. ECF 420.

In this submission, Keller Rohrback L.L.P. ("Keller") as counsel in *The Andover Companies Employee Savings and Profit Sharing Plan v. State Street Bank and Trust Company*, No. 12-11698, and Zuckerman Spaeder LLP ("Zuckerman") as counsel in *Henriquez v. State Street Bank and Trust Company*, No. 11-12049, oppose CCAF's instant request to serve as Guardian Ad Litem ("GAL") for the class.

**A.    The Court Has Authority to Amend Its Order Appointing the Special Master, but the Court Need Not Do So**

A threshold issue is whether the Court may amend the Order appointing the Master to authorize him to respond to the objections to the Report and to address related issues. *See* Order at 3 (citing Fed. R. Civ. P. 53(b)(4)). Such an amendment is not only allowed under Rule 53, it is also expressly reserved in the Court's original Appointment Order. ¶ 16, ECF 173. If it chooses to do so, the Court has authority to amend its Appointment Order. CCAF concedes this point.

The Court however, need not amend its Appointment Order at this time, even if it wishes for the Master to perform additional work on the Report. Resubmitting the matter to the Master with instructions (for example, 'respond to the issues raised in the objections'), would be within the explicit terms of Rule 53(f)(1) and would not require amendment of the Appointment Order. CCAF concedes this point as well. Determining the Master's compensation for such additional work is a separate issue that may be addressed pursuant to Rule 53(g).

**B.      CCAF Should Not Be Appointed Guardian Ad Litem**

CCAF is an advocacy group that is not secret about its mission or views.[1]  It is certainly entitled to lobby for political change, but it is important that this proceeding not become infected by partisan advocacy.  While such advocacy may be appropriate when serving as an amicus, it is not appropriate when serving as a GAL.  CCAF's request for appointment as a GAL should be rejected for three independent reasons.

**1.      CCAF Misconstrues the Role of "Consent" in Rule 53**

CCAF argues that a GAL is necessary unless all parties consent to the Master's continued service, but this argument is inconsistent with the fact that Rule 53(f)(1) *already* authorizes the Court to resubmit the Report to the Master with instructions.  Rule 53(f)(1) does not envision or require consent by any party.[2]

Under *other* provisions of Rule 53, consent is relevant in two distinct ways, neither of which has any bearing on CCAF's argument in favor of a GAL.  *First*, if a potential master has "a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455," those potential grounds for disqualification must be disclosed and the parties must consent to the appointment.  Fed. R. Civ. P. 53(a)(2).  That happened here: all parties ultimately consented to the appointment of Judge Rosen following the requisite disclosures.  Appointment Order at 2 n.2.  *Second*, under some circumstances—not applicable

---

[1] The Competitive Enterprise Institute states that it is a "non-profit public policy organization dedicated to advancing the principles of limited government, free enterprise, and individual liberty."  *See* Competitive Enterprise Institute, https://cei.org/about-cei (last visited Aug. 7, 2018); *see also* Keller's Resp. to CCAF's Mot. for Leave to Participate as Guardian Ad Litem ECF 148, and Zuckerman's Opp'n to Mot. of CCAF for Leave to Participate as Guardian Ad Litem for Class, ECF 146, which are incorporated herein by reference.

[2] To be clear, Keller and Zuckerman consent to the continued service of the Master under the Appointment Order, any amendment of the Appointment Order, and/or any resubmission to the Master under Rule 53(f)(1).

here—consent can be relevant to the scope of the master's appointment. *See* Rule 53(a)(1)(A) (requiring consent of the parties). Here, the Master's appointment arises out of Rule 53(a)(1)(C) (addressing appointment of a master for posttrial matters that cannot be addressed by an available district judge or magistrate judge). Judge Rosen was asked to address post-judgment matters identified by the Court, not the parties. Consent is not a requisite to appointment under Rule 53(a)(1)(C).

The "consent" elements of Rule 53 do nothing to support CCAF's argument in support of a GAL. Indeed, the clear language of Rule 53(f)(1) and Rule 53(a)(1)(C) make it plain that the Court may seek further assistance from the Special Master with or without the parties' consent and without creating the need for a GAL.[3]

## 2.    A GAL Is Not Necessary or Appropriate for the Sake of Adversariness

CCAF's request is premised on the idea that a legal adversary is necessary to defend the Master's Report and by extension the Court's ultimate decision in the case. That premise is flawed. The Master's Report, like any judicial document, speaks for itself. The Master considered and weighed evidence, made findings of fact and reached conclusions of law, and the parties objected to some of those findings and conclusions. The Court may, if it chooses, instruct the Master to consider those objections and issue an updated Report.[4] A judicial officer is not an adversary when she makes findings against a party based on the facts and the law, or even when

---

[3] CCAF cites no authority for its position that Class Counsel should prophylactically consent to allowing the Master to continue in his role. CCAF's Response at 13.

[4] The Master's investigation is not an adversarial process in the traditional sense, it is a judicial process. As the Rule 53 Advisory Committee Notes observe, a master's investigatory role can be "quite unlike the traditional role of judicial officers in an adversary system," but it is still an adjunct of the Court's inherent power regarding implementation and enforcement of post-trial matters.

she defends those findings (if the circumstances allow such a defense, as in some mandamus

petitions, *see* Fed. R. App. P. 21(b)(4)).  CCAF is wrong to imply the contrary.

CCAF also insinuates that Class Counsel might get away with something if a GAL is not

appointed.  This assertion is belied by the efforts of the Court and the Master to fully investigate

the facts and consider the resulting legal ramifications.

### 3.      Appointment of a GAL Would Create Additional Expense and Delay

Rule 53(a)(3) states: "In appointing a master, the court must consider the fairness of

imposing the likely expenses on the parties and must protect against unreasonable expense or

delay."  Fed. R. Civ. P. 53(a)(3).  Here, the Court and the parties are intimately aware of the

expense that delaying or extending the proceeding may engender.  Bringing in two new parties at

this point in the proceeding—CCAF, with its own policy-driven agenda, and the law firm of

Burch, Porter & Johnson, PLLC, a firm with no past exposure to the Master's investigation—that

now require additional time to respond to the Court's July 31 Order,[5] would certainly exacerbate

this situation.  Moreover, CEI is a 501(c)(3) tax exempt organization that stated in its 2016 Form

990 that it receives a "substantial part of its support from . . . the general public . . . ."[6]  Review

of the Form 990 reveals that CEI in fact received substantial contributions from undisclosed

individuals in amounts ranging from $150,000 to $786,000 each.[7]  As a result, a substantial

portion of CEI's budget appears to be contributions from a handful of individual mega donors.

Before CCAF could be appointed GAL for the Class in this matter, CEI's mega donors should all

---

[5] CCAF states that any entity appointed GAL for the class should be given sufficient time to "digest the unredacted report and exhibits and file Rule 53 objections."  CCAF's Response at 9.

[6] CEI's 2016 Form 990, at 13 https://cei.org/sites/default/files/990%20-%202016.pdf.

[7] *Id.* at pp. 22-23 (Schedule B).

be disclosed and reviewed by the Court so that the Court can consider whether CEI's impartiality would be compromised as a result of any of those major funding relationships.

RESPECTFULLY SUBMITTED this 7th day of August, 2018.

**KELLER ROHRBACK L.L.P.**

By: */s/ Lynn Lincoln Sarko*
     Lynn Lincoln Sarko
     T. David Copley
     Laura R. Gerber
     1201 3rd Avenue, Suite 3200
     Seattle, WA  98101
     Tel.: (206) 623-1900
     Fax: (206) 623-3384
     lsarko@kellerrohrback.com
     dcopley@kellerrohrback.com
     lgerber@kellerrohrback.com

*Counsel in The Andover Companies Employee Savings and Profit Sharing Plan v. State Street Bank and Trust Company*

**ZUCKERMAN SPAEDER LLP**

By: */s/ Carl S. Kravitz*
     Carl S. Kravitz
     Michael R. Smith
     1800 M Street, NW, Suite 1000
     Washington, D.C.  20036
     Tel.: (202) 778-1800
     Fax: (202) 822-8106
     ckravitz@zuckerman.com
     msmith@zuckerman.com

*Counsel in Henriquez v. State Street Bank and Trust Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2018, I electronically filed the above with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

Dated: August 7, 2018                    */s/  Laura R. Gerber*
                                          Laura R. Gerber