**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

**MCTIGUE LAW LLP'S AND BEINS AXELROD, P.C.'S OPPOSITION TO PARTICIPATION OF CCAF IN THIS CASE AND PROPOSAL FOR SEPARATE REPRESENTATION OF ERISA MEMBERS OF THE CLASS OR AN ERISA SUBCLASS**

McTigue Law LLP ("McTigue Law") and Beins Axelrod, P.C. ("Beins Axelrod") (collectively "Henriquez ERISA Counsel") — counsel representing named Plaintiffs Arnold Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland — object for the following reasons to the participation of Competitive Enterprise Institute's Center for Class Action Fairness ("CCAF") as guardian *ad litem* for the class and/or *amicus* in this case. Henriquez ERISA Counsel also suggest that they be named Class Counsel for ERISA members of the Class or a subclass of claimants whose claims fall within the jurisdiction of ERISA, 29 U.S.C. §1001 *et seq.* This objection is being filed pursuant to the Court's July 31, 2018 order, ¶4, (Dkt. 410).

The Labaton firm's Opposition to the appointment of CCAF as guardian *ad litem* which was filed today provides additional reason for the appointment of Henriquez ERISA Counsel rather than CCAF or the Labaton firm which currently represents ERISA members of the Class.

## I. BACKGROUND

On February 17, 2017, CCAF moved for permission to file an amicus brief on behalf of the Class. Dkt. 126. The Court took CCAF's motion under advisement. In the meantime the Court appointed a Special Master, the Honorable Gerald E. Rosen (ret.) who conducted an extensive investigation, creating a voluminous record, and issued a lengthy Report and Recommendations on June 28, 2018. Dkt. 357.

Class Counsel took issue with and objected to many parts of the Report and Recommendations and various aspects of the Special Master's authority. Many objections are yet to be resolved.

The Court issued an Order on July 31, 2018, stating that CCAF's guardian *ad litem* "request is now relevant" and asked CCAF to inform the Court whether CCAF still seeks a role in this case. (Dkt. 410 at 2).

## II.  CCAF REPORTS THERE ARE SEVERAL DIFFICULTIES WITH ITS PARTICIPATION AT THIS JUNCTURE

CCAF's Response to the Court's Order was filed yesterday (August 6) ("Response"; Dkt. 420). The Response began with the conclusion that the Court "may and should" remand the matter to the Special Master to file a supplemental report responding to the Customer Counsels' objections to the Special Master's original Report. The Response then stated that it would be "most efficient and cost-effective" if the Special Master served in the role of guardian *ad litem* (the role CCAF seeks) once those Special Master's duties were completed. Dkt. 420 at 2.

In the alternative and in the meantime, the CCAF Response suggests it serve as the guardian *ad litem*. However, CCAF's Response reported that "due to changed circumstances" CCAF can only serve a guardian *ad litem* with the assistance of counsel (*Id.* at 6) noting that CCAF has fewer attorneys now than when it filed its motion for appointment as guardian *ad litem* and that CCAF has since undertaken commitments which are time-consuming and of greater priority. *Id.* at 23.

CCAF's Response concludes that CCAF consequently needs the assistance of an outside law firm.  CCAF found a firm without conflicts to undertake the role two days ago, on Sunday August 5th. *Id.* at 6. CCAF cautions that appointing CCAF and its law firm would occasion a delay in the proceedings because of a guardian *ad litem's* need to get "up to speed on a voluminous record," (*id*. at 12) including unredacted versions of the Special Master's Report and Recommendation and the large number of exhibits that remain unredacted. *Id*. at 9. The CCAF Response further acknowledges appointment of CCAF and its outside counsel would occasion

extra expense in appointing another law firm—one without the deep familiarity with the facts and law—to advocate for the class. *Id.* at 13.

### III.  SEPARATE ERISA REPRESENTATION COULD BENEFIT ERISA CLASS MEMBERS, ESPECIALLY WITH RESPECT TO THE UNIQUE AND APPARENTLY DELAYED ALLOCATION OF ERISA SETTLEMENT FUNDS

McTigue Law and Beins Axelrod suggest that if the Court prefers that the Special Master not be authorized to advocate for the class, or if the Court desires the assistance of additional counsel, they be named Class Counsel for ERISA members of the Class or a subclass of participants in ERISA Plans and Group Trusts which hold the assets of ERISA Plans whose claims fall within the jurisdiction of ERISA, 29 U.S.C. §1001 *et seq.*

McTigue Law and Beins Axelrod would accept attorney's fee rates identified in their previous filings in this case for this work. These rates are lower than the rates charged by Customer Class Counsel. McTigue Law and Beins Axelrod would accept attorney's fee rates identified in their previous filings in this case for this work. See Dkts. 104-19, Ex. A and 104-22, Ex. A, Biographies of McTigue Law and Beins Axelrod and their principal attorneys. These rates are lower than the rates charged by Customer Class Counsel.

If the court also prefers, existing ERISA Class Representatives Michael T. Cohn and Arnold Henriquez are willing to serve as Class Representatives of ERISA members of the Class or an ERISA subclass.

Little is known of the ERISA expertise and experience of CCAF's outside counsel, while Henriquez ERISA Counsel have years of experience, in this case and others. Appointing them would afford the ERISA Class members or an ERISA subclass independent legal representation and/or Class Representatives who would not need to learn and familiarize themselves with the

voluminous and still confidential record in the case. It would avoid the time, expense and delay in appointing a new law firm unfamiliar with the record.

There is an additional reason that ERISA Class members should be separately represented by knowledgeable ERISA Counsel, and not CCAF and its outside counsel, whose ERISA experience and expertise are unknown.

The ERISA members of the existing class have distinct interests in the administration of the settlement. $60 million (20%) of the total settlement fund is set aside for ERISA Class members. No more than $10,900,000 in attorney's fees may be deducted from this $60 million set aside. This means that ERISA Class members *who can be identified* will receive an "ERISA premium" under the Settlement.  Dkt. 89 at 79.

Today, Class Counsel Labaton filed a Response to the Court's Order requesting oppositions to CCAF's request to be appointed guardian *ad litem* or amicus. Dkt. 427. Labaton's Response incorporated another Labaton filing today. Dkt 429

Remarkably, Labaton's two filings today report that settlement funds have yet to be distributed to ERISA members of the Class, while non-ERISA settlement funds have been distributed,

> "Labaton has overseen...processing of certifications submitted by Class Members that are Group Trusts concerning their ERISA assets...This role has not ended. Looking forward, Labaton is in the process of working ... to obtain additional information concerning Group Trusts that have not submitted certifications...Once these efforts are concluded, and total ERISA volume is known and quantified, Labaton will ...work with [the Settlement Administrator] to move forward with determining payment amounts for all Class Members other

than RICs [registered investment companies or mutual funds]" DKT #427 at pp.
8-9.

Today's Labaton filings indicate that a second distribution order involving ERISA
members of the class, "Group Trusts that have not submitted certifications …about their ERISA
assets or volume," is being prepared. "Labaton will prepare a second motion for authorization to
distribute and then oversee the distribution to all non-RIC Class Members." Dkt. # 429 at p. 2.
Remarkably today's filings by the Labaton firm do not disclose that the *deadline for the
submission of Group Trust certifications closed December 20, 2016.*  Notice to "Group Trust"
Customers of State Street Bank and Trust Company. Dkt. 211-1 Ex A.  Apparently, the rate of
Group Trust ERISA certifications has been unacceptably low and the deadline is being reopened.

This is yet another reason to appoint separate counsel to represent ERISA members of the
Class, counsel who are experienced with ERISA, this case, and uniquely represent ERISA class
members, not other members of the Class or their own self-interest.

Henriquez ERISA Counsel are better situated than either CCAF or Labaton to ensure that
*all* absent and deserving ERISA class members, not only a few, receive their share of yet
undistributed settlement funds.

By:   /s/  J. Brian McTigue
J. Brian McTigue (*pro hac vice*)
James A. Moore (*pro hac vice*)
**McTigue Law LLP**
4530 Wisconsin Ave, NW
Suite 300
Washington, DC 20016
202-364-6900

Fax: 202-364-9960
Email: bmctigue@mctiguelaw.com
     jmoore@mctiguelaw.com

Jonathan G. Axelrod *(pro hac vice)*
**Beins, Axelrod, P.C.**
1030 15th Street N.W.
Suite 700
Washington, DC 20005
202-328-7222
Email: jaxelrod@beinsaxelrod.com

*Attorneys for the Henriquez ERISA Plaintiffs*

Catherine M. Campbell
Renee J. Bushey
**Feinberg, Campbell & Zack, P.C**.
3rd Floor
177 Milk Street
Boston, MA 02109
617-338-1976
Fax: 617-338-7070
Email: cmc@fczlaw.com
     rjb@fczlaw.com

*Local Counsel for the Henriquez ERISA Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document was filed through the ECF System on

August 7, 2018 and accordingly will be served electronically upon all attorneys of record.


/s/ J. Brian McTigue