UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff | ) ) ) ) ) | |
| v. | ) ) | C.A. No. 11-10230-MLW |
| STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN,WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff | ) ) ) ) ) ) | |
| v. | ) ) | C.A. No. 11-12049-MLW |
| STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff | ) ) ) ) ) ) ) | |
| v. | ) | C.A. No. 12-11698-MLW |
| STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | ) ) | |

ORDER

WOLF, D.J.                                        September 21, 2018

The court has reviewed the September 18, 2018 responses of the Master (Docket No. 468) and the Lawyers (Docket Nos. 466 and 467) to the August 28, 2018 Order (Docket No. 461) and to the September 7, 2018 Order (Docket No. 465), as well as the Master's September 20, 2018 letter (Docket No. 469).

Lieff Cabraser Heimann & Bernstein ("Lieff") and Thornton Law Firm ("Thornton") note that in the August 28, 2018 Order the court gave notice that it is "considering amending its prior orders to require that Labaton Sucharow, LLP ('Labaton') pay from fees it previously received an additional $750,000 to the Clerk to provide a fund for payment of past and possible future fees and expenses" of the Master. Docket No. 461 at 2-3. They point out that the court's prior Orders concerning the Master's fees and expenses each referred to paragraph 13 of the March 8, 2017 Order (Docket No. 173), which provided that "payment shall be made . . . from the award of attorneys fees and expenses distributed to [Labaton], [Thornton], and [Lieff]." See Docket Nos. 208 at 3 and 217 at 4.

The court now clarifies that it did not intend that the different language in the August 28, 2018 Order be interpreted differently from the pertinent provisions of its earlier Orders. The court has understood that Labaton was making the required payments on behalf of Lieff, Thornton, and Labaton, and that the three firms would allocate the cost among themselves. See, e.g., Mar. 7, 2017 Tr. at 51. The court understands that Lieff and

2

Thornton now object to sharing with Labaton responsibility for the proposed additional $750,000 payment. The court is giving them an opportunity to amplify the reasons for their objections after the terms of the Master's proposal concerning a possible agreed resolution of issues relating to Labaton is disclosed.

Thornton also requests that the Master be ordered to "refrain[] from filing or drafting documents that the Court does not request." Docket No. 467 at 2. However, the August 10, 2018 Order authorizes the Master to "address any issues related to [his Report and Recommendation] if requested by the court <u>or authorized by the court in response to a request by the Master</u>." Docket No. 445 (emphasis added). To the extent that Thornton is requesting a revision of this Order, the request is not meritorious.

The Master requests authorization to respond to the Lieff and Thornton objections to possibly sharing responsibility for the proposed payment of an additional $750,000 to fund the work of the Master. <u>See</u> Docket No. 469. The Master is being authorized to do so.

The Master requests until October 2, 2018 file his proposed resolution of disputes relating to Labaton and to counsel for the ERISA class. <u>See</u> Docket No. 468. That request is being allowed.

The Master also requests that any substantive motions involving Labaton and the ERISA class be deferred until after October 2, 2018. <u>Id.</u> at 2. The court understands that the only

3

such submissions are the three identified in the September 7, 2018
Order as to which an indefinite stay was granted.  See Docket No.
465.  No party has, as then ordered, id., moved for a stay from
complying with any other Order(s) or deadlines.  Id.  Again, any
party seeking further relief is ordered to file forthwith a motion
identifying with specificity the relief being sought.

In view of the foregoing, it is hereby ORDERED that:

1.  By October 2, 2018:

(a)  The Master, Labaton, and counsel for the ERISA
class shall file, for the public record, their agreement for a
proposed resolution concerning matters relating to Labaton and/or
to counsel for the ERISA class.  If they believe there is a valid
basis to seal limited information included in the submission(s),
they shall file a motion to seal, see L.R. 7.2, and a redacted
version of the submission(s) for the public record.

(b)  The Master may respond to the objection of Lieff
and Thornton to possibly sharing responsibility with Labaton for
the proposed additional $750,000 payment to fund the Master's work.

2.  Lieff and Thornton shall, by October 9, 2018, submit any
additional information or argument in support of their objections
to possibly sharing responsibility for the proposed payment.

3.  A hearing to address pending issues and to schedule
future events shall be held on October 15, 2018, at 2:00 p.m.

Lawrence Sucharow, Esq., of Labaton and George Hopkins, Executive Director of Arkansas Teachers Retirement System, shall attend.


_____
UNITED STATES DISTRICT JUDGE