```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ARKANSAS TEACHER RETIREMENT SYSTEM,  )
on behalf of itself and all others   )
similarly situated,                  )
     Plaintiff                       )
                                     )
                                     ) C.A. No. 11-10230-MLW
         v.                          )
                                     )
STATE STREET BANK AND TRUST COMPANY, )
     Defendants.                     )

ARNOLD HENRIQUEZ, MICHAEL T.         )
COHN, WILLIAM R. TAYLOR, RICHARD A.  )
SUTHERLAND, and those similarly      )
situated,                            )
     Plaintiff                       )
                                     )
                                     )
         v.                          ) C.A. No. 11-12049-MLW
                                     )
STATE STREET BANK AND TRUST COMPANY, )
     Defendants.                     )

THE ANDOVER COMPANIES EMPLOYEE       )
SAVINGS AND PROFIT SHARING PLAN, on  )
behalf of itself, and JAMES          )
PEHOUSHEK-STANGELAND and all others  )
similarly situated,                  )
     Plaintiff                       )
                                     )
         v.                          ) C.A. No. 12-11698-MLW
                                     )
STATE STREET BANK AND TRUST COMPANY, )
     Defendants.                     )
```

ORDER

WOLF, D.J.                                          September 25, 2018

On August 6, 2018 the Master filed, under seal, his First Submission of Documents to Supplement the Record (the "Cover Memorandum") and 213 exhibits in addition to those referenced in his Report and Recommendation. See Docket No. 423. On August 16, 2018, Labaton Sucharow LLP ("Labaton") informed the Court that it did not object to unsealing those exhibits, with minor redactions. See Docket No. 455. However, Labaton did object to the filing of the Cover Memorandum, and stated that it would "proceed with the preparation and filing of [a] motion to strike [the Cover Memorandum], and therefore objects to unsealing the Cover Memorandum until the Court has decided the forthcoming motion to strike." Id. at 3. The Master filed the slightly redacted 213 exhibits on August 16, 2018. See Docket No. 454. On August 21, 2018, Labaton filed its Motion to Strike the Cover Memorandum. See Docket No. 458.

In an August 28, 2018 Memorandum and Order, the court denied Labaton's Motion to Strike the Cover Memorandum. See Docket No. 460. In doing so, the court noted that:

> The Cover Memorandum (Docket No. 423) was filed under seal on [August] 6, 2018, with 213 additional exhibits, totaling about 625 pages. Those exhibits are now part of the public record in this case. The Cover Memorandum includes excerpts of those exhibits, the Master's explanation of their relevance to the origins of the relationship between Labaton and Arkansas Teacher Retirement System, and to the Master's conclusion that Labaton's undisclosed payment of $4,100,000 to Damon Chargois, Esq. was not an ethically permissible "referral fee," but rather an impermissible "finder's

2

> fee." See Special Master's Report and Recommendation (Docket No. 224) at 251-54 (the "Report").

Id. at 3. In denying the motion to strike the court explained:

> [T]here is [] a presumptive right of public access to the Cover Memorandum. See [F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987)]; Docket No. 356 at 4-6. The factual information in the Cover Memorandum is in the referenced exhibits that are already part of the public record in this case. Moreover, the usual public interest in access to judicial records is enhanced by the fact that, as explained in the August 1, 2018 Memorandum and Order (Docket No. 412), the court has been informed that a committee of the Arkansas legislature is "extremely concerned about references [in the Report] to 'political favors' in Arkansas that brought about the relationship between ATRS, Labaton Sucharow and the Chargois/Herron law firm," Docket Nos. 412, 412-1, and has asked to speak to the Master about this matter.
>
> In view of the foregoing, the court finds it most appropriate to deny Labaton's Motion to Strike the Cover Memorandum. It is, however, authorizing Labaton to file a reply to it now.

Id. at 4-5 (footnote omitted).

Although the court intended that the Cover Memorandum be part of the public record, its order denying the motion to strike did not expressly direct that it be unsealed. See id. at ¶4. The court now realizes that the Cover Memorandum has erroneously remained sealed.

In view of the foregoing, it is hereby ORDERED that the attached Cover Memorandum, Docket No. 423 (under seal), is UNSEALED and made part of the public record.

3

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE