UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARKANSAS TEACHER RETIREMENT SYSTEM,
on behalf of itself and all others
similarly situated,

        Plaintiff,

                                                        No. 11-cv-10230-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

        Defendant.
_____/

ARNOLD HENRIQUEZ, MICHAEL T. COHN,
WILLIAM R. TAYLOR, RICHARD A.
SUTHERLAND, and those similarly situated,

        Plaintiffs,

                                                        No. 11-cv-12049-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

        Defendant.
_____/

THE ANDOVER COMPANIES EMPLOYEE
SAVINGS AND PROFIT SHARING PLAN, on
Behalf of itself, and JAMES PEHOUSHEK-
STANGELAND and all others similarly situated,

        Plaintiffs,

                                                        No. 12-cv-11698-MLW

vs.

STATE STREET BANK AND TRUST COMPANY,

       Defendant.
_____/

**SPECIAL MASTER'S RESPONSE TO OBJECTIONS OF LIEFF CABRASER AND THORNTON LAW FIRM TO SHARING RESPONSIBILITY WITH LABATON FOR PAYMENT OF AN ADDITIONAL $750,000**

On August 28, 2018, the Court notified the parties that, pursuant to the March 8, 2017 Appointment Order (¶ 16), the Court was considering amending its prior orders to require that Labaton pay an additional $750,000 from fees already received ("Additional Funds Order"). Dkt. #461. The Court set a deadline of September 18, 2018 for the firms to respond to the proposed amendment presented in the Order.

In a separate August 28, 2018 Order, the Court directed the Special Master and the Lawyers to confer and report to the Court by September 6, 2018 on the status of any agreement for a proposal to resolve some or all of the issues in dispute in the case, for the Court's consideration. Dkt. #460. On September 6, 2018, the Special Master informed the Court that discussions with the Lawyers were ongoing, and, in order to provide ample time to complete discussions after an in-person meeting of all counsel scheduled for September 11, 2018, requested until September 18, 2018 to provide an update to the Court. Dkt. #463. As part of this request, the Master requested, and the Court allowed, a stay of any outstanding substantive filings due by the Law Firms until September 18, 2018. Any outstanding responses that the Law Firms still wished to file would be due on that day. *Id.*

On September 18, 2018, the Special Master informed the Court that the Master had reached a tentative agreement with Labaton and the ERISA Firms for a proposal to resolve all of the issues as to those firms, with definite terms to be filed with the Court for its consideration by October 2, 2018. Dkt. #468. Because it could be reasonably anticipated that firms other than Labaton would wish to file a response to the Court's August 28, 2018 Additional Funds Order proposing an amendment, the Master requested that the Court continue to stay all outstanding

substantive pleadings, as to all firms, also until October 2, 2018.[1]  However, as indicated in the Special Master's response, also filed on September 18, 2018, the Master was unable to reach an agreement with Lieff Cabraser or Thornton Law Firm. Dkt. #468. Pursuant to the previously-extended deadline of September 18, 2018 set by the Court, Dkt. #465, to file all outstanding substantive pleadings, Lieff Cabraser and the Thornton Law Firms filed responses to the Additional Funds Order on that same day. Dkt. #466; Dkt. #467.

On September 20, 2018, the Special Master requested leave to file a brief response to both filings. Dkt #469.  On September 21, 2018, the Court authorized the Special Master to respond. Dkt #470.

The Special Master responds to three points raised:

1.	<u>Objections to the payment and total costs of the investigation as excessive</u>.  Lieff Cabraser, in seeking clarification concerning its obligation to contribute to the additional payment of $750,000, objects to the payment as excessive, as are, Lieff asserts, the current costs of the Special Master's investigation. Dkt. #466. It further argues that any additional payments to the Special Master should be deferred until a "full and final accounting" can be held. In its August 10, 2018 Order, the Court denied Customer Class Counsel's (including Lieff Cabraser's) previous request for an accounting. Dkt. #445, ¶ 1.  In denying the request, the Court considered, and rejected, near-identical arguments—including that the then-accrued costs of the Master's investigation were "excessive" or "disproportionate." *See* Dkt. #302. The Court, in that same order, resubmitted the Report & Recommendations to the Special Master, without limitation, to

---

[1] On October 2, 2018, the Special Master requested, and the Court allowed, an additional week to submit the terms of a proposed resolution. On October 10, 2018 (after filing an assented-to motion for late filing), the Special Master filed the Master's Supplement to his Report and Recommendations and Proposed Partial Resolution of Issues for the Court's Consideration, attached to which was the Supplemental Response of Labaton Sucharow to the Special Master's Supplement.

respond to objections and continue actively participating in post-Report proceedings. Having decided this issue, the Court should, again, deny Lieff Cabraser's request to defer additional payment until a final accounting is performed; in any event, it is not clear that the Court intends or is obligated to provide a public accounting at any time.[2]

2. <u>Future filings by the Special Master</u>. Thornton Law Firm argues that the Special Master should "refrain from filing or drafting documents that the Court does not request" as a means to avoid unnecessary costs moving forward with the investigation. Dkt. #467, p. 2. This statement grossly mischaracterizes the Special Master's past and current filings. Most importantly, it contradicts the Court's explicit direction to the Master in its August 10, 2018 Order. Dkt #445. In that Order, the Court resubmitted to the Master the Report & Recommendations to, among other things, respond to the objections as well as to continue with an evidentiary hearing, if necessary. In defining the Special Master's role, the Court directed the Master to "address any issues related to the Report if requested by the court or authorized by the court in response to a request by the Master." Dkt. #445, p. 2. The Special Master has in this pleading, followed, and will continue to follow, the Court's direction and properly file any responses inherent in his duties in this case.[3]

3. <u>Responsibility to fund the remainder of the Special Master's investigation</u>. In taking a narrow view of the Additional Fund Order, Thornton argues that the obligation to pay an additional $750,000 falls squarely on Labaton. The Special Master does not read the Court's

---

[2] The March 8, 2017 Appointment Order provides that "[t]he court intends to disclose the cost of the Master at the conclusions of these proceedings," but does not reference an "accounting." Dkt #173.

[3] To date, the Special Master has exercised great restraint in the post-Report stage by selectively filing only those pleadings necessary to respond to the Customer Class Counsel's allegations. It bears repeating that one of the principal reasons for the Master's continued involvement after filing his Report is to insure that the class, and the Court, benefit from "a genuine adversarial process." 5/30/18 Hrg Trans., p. 7. It was, after all, the breakdown in the adversarial process at the initial fee award stage that prompted the Court to appoint the Special Master in the first place.

order so narrowly. As previously pointed out by the Court, the Appointment Order directed that $2 million be paid "only from the award of attorneys' fees and expenses distributed to Labaton [], Thornton [], and Lieff []." Dkt. #173, ¶ 13.

On a more practical level, the payment-sharing and costs burden objections of Lieff Cabraser and Thornton inaccurately minimize the central role that each of the firms played in the Special Master's investigation and the settlement process. Although Labaton has, to date, carried a substantial portion of the case for Customer Class Counsel, Lieff Cabraser and Thornton have each contributed significantly to the Master's workload and to the concomitant costs of the investigation.

Finally, Labaton has reached an agreement with the Special Master and the ERISA Firms for a proposed resolution of the disputed issues as to Labaton, which was submitted to the Court on October 10, 2018. Should the Court consider and adopt the proposed resolution, the Special Master need not further respond to the objections made by Labaton and the ERISA Firms. This will significantly narrow the scope of work remaining for the Special Master. In the event that Labaton resolves, with the Court's approval, all of its disputed issues – leaving only objections filed by Thornton and Lieff Cabraser – the Master recommends that Thornton and Lieff Cabraser assume full financial responsibility for the reasonable costs and expenses during this final stage of investigation.

Dated:  October 11, 2018

Respectfully submitted,

**SPECIAL MASTER HONORABLE GERALD E. ROSEN (RETIRED),**

By his attorneys,

  */s/ William F. Sinnott* _____
William F. Sinnott (BBO #547423)
Elizabeth J. McEvoy (BBO #683191)
BARRETT & SINGAL, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092
Email: wsinnott@barrettsingal.com
Email: emcevoy@barrettsingal.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed electronically on October 11, 2018 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF"). Paper copies were sent to any person identified in the NEF as a non-registered participant.

  */s/ William F. Sinnott* _____
William F. Sinnott