
# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>　　　　　　　　Plaintiffs,<br>v.<br>STATE STREET BANK AND TRUST COMPANY,<br>　　　　　　　　Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>　　　　　　　　Plaintiffs,<br>v.<br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br>　　　　　　　　Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br>　　　　　　　　Plaintiffs,<br>v.<br>STATE STREET BANK AND TRUST COMPANY,<br>　　　　　　　　Defendant. | No. 12-cv-11698 MLW |

**THORNTON LAW FIRM LLP'S**
**SUPPLEMENTAL OBJECTION TO PROPOSED ORDER**
**REGARDING ADDITIONAL FUNDS FOR SPECIAL MASTER**

Pursuant to the Court's August 28, 2018 Order (ECF 461), on September 18, 2018 (ECF 467), the Thornton Law Firm advised the Court of its objection to the Court's proposal that an additional $750,000 be paid for past and future fees and expenses of the Special Master. The Court's September 21, 2018 Order (ECF 470) clarified that the Court's proposal was that payment should be made from Labaton, Lieff Cabraser, and the Thornton Law Firm, and not solely from Labaton. The Court's September 21, 2018 Order also permitted Lieff Cabraser and the Thornton Law Firm to, by October 9, 2018, "amplify the reasons for their objections after the terms of the Master's proposal concerning a possible agreed resolution of issues relating to

Labaton is disclosed." Given that the Special Master postponed filing his agreement with Labaton, by motion dated October 5, 2018 (ECF 482) and granted October 8, 2018 (ECF 483), Lieff Cabraser and the Thornton Law Firm moved to extend the deadline for filing their supplemental objection to the $750,000 payment to October 11, 2018. The Thornton Law Firm now supplements its September 18, 2018 filing (ECF 467) as follows:

1. As set forth in its September 18, 2018 filing, the Thornton Law Firm acknowledges that the Special Master must be paid for his work so long as the Court ensures that his costs and fees are reasonable. The Thornton Law Firm understands from counsel for the Special Master that the Special Master has already incurred fees of approximately $550,000 of the requested $750,000.

2. The Thornton Law Firm clarifies that its September 18, 2018 (ECF 467) filing did not mean to suggest that the Special Master should not be able to request leave of Court to file additional documents, but only to emphasize that the Special Master should receive leave of Court prior to drafting or filing such documents.[1] The Thornton Law Firm was not and is not seeking a modification of the Court's August 10, 2018 Order (ECF 445) in this regard.

3. The Thornton Law Firm notes that Labaton's proposed resolution with the Special Master (ECF 485-1 at 9) caps Labaton's contributions at 33.33% of the Special Master's fees and expenses. In the past, Labaton has paid its proportional share of the Special Master's fees and expenses in accordance with the original fee award (i.e., 47%). Although it is inconsistent with

---

[1] In a document filed today (ECF 486), the Special Master alleges that the Thornton Law Firm's request that the Special Master "refrain from filing or drafting documents that the Court does not request" somehow "grossly mischaracterizes the Special Master's past and current filings." As with many of the Special Master's factual findings and legal conclusions, this is another serious (and hyperbolic) but unwarranted charge. For instance, on August 6, 2018, the Special Master filed a ten-page "cover memorandum" (ECF 423). Although the Court had requested that the Special Master supplement the record (ECF 385 at ¶ 3), the Court did not order the Special Master to file a lengthy narrative regarding his findings.

past practice, the Thornton Law Firm does not object to this new arrangement.

                                      Respectfully submitted,

                                      */s/ Brian T. Kelly*
                                      Brian T. Kelly (BBO No. 549566)
                                      Joshua C. Sharp (BBO No. 681439)
                                      NIXON PEABODY LLP
                                      100 Summer Street
                                      Boston, MA  02110
                                      Telephone: (617) 345-1000
                                      Facsimile:  (844) 345-1300
                                      bkelly@nixonpeabody.com
                                      jsharp@nixonpeabody.com

Dated: October 11, 2018                *Counsel for the Thornton Law Firm LLP*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on October 11, 2018 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").

                                      */s/ Joshua C. Sharp*
                                      Joshua C. Sharp

4830-7192-2808.1