UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND and those similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEES SAVINGS AND PROFIT SHARING PLAN, on behalf of itself and JAMES PEHOUSHEK-STRANGELAND, and all others similarly situated,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-11698 MLW |

# DECLARATION OF MICHAEL P. CANTY

I, MICHAEL CANTY, declare as follows:

1. I am a partner of Labaton Sucharow LLP ("Labaton" or "the Firm") and also serve as General Counsel of the Firm. I joined the Firm in November of 2016 from the United

States Attorney's Office in the Eastern District of New York.  I submit this Declaration in response to the Order of the Court dated October 17, 2018, which directed that:

> Michael Canty, Esq. shall by October 18, 2018, submit an affidavit describing how many of Labaton's fee division arrangements Labaton has reviewed, and how many of those arrangements Labaton has revised in Labaton's efforts "to ensure that all such arrangements comply with applicable ethics requirements." citing Docket No. 485-1 para 4 (o).

ECF 494 at 2.

2.  Beginning in approximately January 2018, Jonathan Gardner, a partner of Labaton who was appointed General Counsel in January of 2018, began the process at that time of updating and revising all active referral agreements.  In that regard, the Firm retained and Mr. Gardner regularly consulted with an outside ethics expert, Hal Lieberman.  Mr. Lieberman's resume is attached as Exhibit A.  Upon my appointment to the position of General Counsel on July 18, 2018, when Jonathan Gardner assumed the position of Head of Litigation for the Firm, I continued the process of (a) reviewing and revising all fee referral arrangements in open cases; (b) reviewing and approving all fee referral agreements in new cases; and (c) implementing the changes to new referral agreements.

3.  In response to the Court's directive, I oversaw a detailed review of the currently open cases at Labaton (*i.e.*, cases in which a final judgment of settlement or dismissal has not been entered).  Based on that review I determined that Labaton currently has 150 open cases.  Of these 150 open cases, 48 have referral arrangements subsumed in 18 referral agreements.  With respect to 46 of these 48 cases, in consultation with our ethics consultant Mr. Lieberman, my predecessor Mr. Gardner began the process of ensuring that all referral agreements were in compliance with the New York ethics rules, which are considered to be among the most stringent with regard to referral relationships.  All of the 46 cases with fee sharing arrangements in place

as of January 2018 were replaced with one of the two new uniform templates attached as Exhibits B and C.  The Firm has entered into 2 additional referral agreements since then, which have also employed the new templates.

4. In order to ensure that I had located all referral arrangements, I inquired at a partners' meeting at which the vast majority of members were present in person or by phone, whether there were additional referral arrangements, not included in those referenced above, which may not have been through the approval process.  I followed that up with an email to all partners.  I learned of no referral arrangements outside of those reviewed and as approved as described above.

5. I also note that referral agreements require the signature of the General Counsel of the Firm and a representative of the law firm with whom Labaton has the referral obligation.

6. As an additional safeguard against any member of the Firm entering into any unauthorized referral agreement, the Firm requires that any fees to be paid out of a settlement to a referring counsel must be pursuant to an existing referral agreement approved by me or my predecessor as General Counsel before being disbursed.  The Firm also requires that in fee petitions, Labaton disclose to the court the names of all attorneys who will be receiving a fee in the case, including any referring attorney or firm.

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of October, 2018.

*/s/Michael P. Canty*
Michael P. Canty
