# Exhibit B

Michael P. Canty
Partner

212 907 0863     direct
212 907 0700     main
212 883 7063     fax
mcanty@labaton.com

New York Office
140 Broadway
New York, NY 10005

October 18, 2018

**VIA E-MAIL**
[NAME, LAW FIRM, ADDRESS]

Re:     [*CASE CAPTION*] (the "matter")

Dear [NAME]:

This Letter Agreement ("Agreement") between you and Labaton Sucharow LLP ("Labaton Sucharow") sets forth the terms and conditions upon which we shall cooperate in the representation of [CLIENT NAME] (the "Client"), in the above-referenced matter. The Client has been referred to Labaton Sucharow by you to pursue antitrust claims arising from INSERT DESCRIPTION. In the event that Labaton Sucharow receives fees as a result of its appointment as lead or co-lead counsel, being a member of the steering committee, or performing services with respect to the matter you will be entitled to a percentage of such fees as set forth below. You will assist Labaton Sucharow in seeking such appointment and in representing Client in this matter if Labaton Sucharow is appointed (the "Services").

You confirm that you currently are a member in good standing of the bar of the State of [INSERT STATE]. You will maintain such status at all times that you continue to have a relationship with Labaton Sucharow in connection with the referenced matter. You represent that you are not a party to any agreement that represents a conflict of interest with the terms of this Agreement or that materially and adversely affects your ability to perform the Services. Further, you agree you will not enter into any agreement or business relationship during the term of this Agreement that could place you or Labaton Sucharow in a conflict of interest position.

In order to perform the Services, you shall, among other things, maintain contact with the Client, promote the services of Labaton Sucharow, and provide Labaton Sucharow with information pertaining to and access to the Client. In addition, you shall:

Page 2 of 5
[DATE]
Agreement with [LAW FIRM] regarding [NAME] Litigation

(1) in performing the Services comply with all applicable legal and ethical requirements, including, but not limited to, Rules 7.1 (Advertising) and 7.3 (Solicitation and Recommendation of Employment) of the New York Rules of Professional Conduct; and

(2) obtain final approval from Labaton Sucharow for any print media you intend to distribute or make available to the Client or the public that pertains to Labaton Sucharow.

You do not have any authority to act on behalf of Labaton Sucharow or make any agreement, promise, or commitment on its behalf.  Nothing in this Agreement shall be construed as creating any partnership, joint venture, agency, or employment relationship between you and Labaton Sucharow.

You will provide the Services from an office maintained by you.  You will be responsible for maintaining your own workers' compensation, employee liability, comprehensive general liability, malpractice, and any other insurance required by law.  Labaton Sucharow shall be responsible for all staff attorneys retained in connection with the matter irrespective of those attorneys' physical location(s).

Subject to the terms and conditions set forth herein, Labaton Sucharow will pay you a fee of ___ percent (__%) of the Net Fee (as defined below) received by Labaton Sucharow.  Net Fee means the amount when, as, and if actually received by Labaton Sucharow as fees for its legal services after deducting (a) all sums awarded and paid to Labaton Sucharow for reimbursement of expenses and (b) paid to local or co-counsel for their legal services.  If Labaton Sucharow represents more than one plaintiff, and one or more of such plaintiffs is not a Client referred by you, the Net Fee upon which payment to you is computed will be apportioned based on the comparative net losses of the respective clients.  For example, if all Labaton Sucharow's clients have a total aggregate loss of three million dollars of which two million dollars is attributable to the Client referred by you, then the Net Fee that forms the basis of the payment to you will be two thirds (2/3) of the total Net Fee received by Labaton Sucharow.

Page 3 of 5
[DATE]
Agreement with [LAW FIRM] regarding [NAME] Litigation

You shall not be responsible for any of the costs or expenses incurred in prosecuting the referenced matter.

Each of the parties shall take all steps necessary and appropriate to comply with all legal and ethical requirements applicable to it.  Without limiting the generality of the foregoing, the parties shall take all steps required to comply with Rule 1.5(g) of the New York Rules of Professional Conduct (or any successor rule) including: assumption of joint responsibility and/or work commensurate with the fee to be provided, full disclosure that there is to be a division of fees and the amount thereof, the consent of the client thereto, and confirmation thereof in writing.  In connection with the assumption of joint responsibility for litigation, you will have and maintain malpractice insurance during the entire course of any litigation in which a client introduced by you and represented by Labaton Sucharow is involved.

This Agreement shall be effective when executed by both parties and shall remain in effect until the above-captioned action is resolved or dismissed.  Notwithstanding, Labaton Sucharow may terminate this Agreement on one (1) day's notice should you fail to maintain your status as an attorney duly admitted to practice.

All notices hereunder shall be given by email and overnight courier as set forth below, and shall be effective on the business day after delivery to the overnight courier:

**To LAW FIRM:**

[CONTACT INFORMATION]

**To Labaton Sucharow:**

Michael P. Canty, Partner

Labaton Sucharow LLP

140 Broadway

Page 4 of 5
[DATE]
Agreement with [LAW FIRM] regarding [NAME] Litigation

New York, New York 10005

mcanty@labaton.com


This Agreement contains our entire agreement and supersedes and renders null and void any and all prior agreements between the parties, whether written or oral with respect to the referral of the Client.  There have been no promises, statements, or representations made to induce either party to enter into this Agreement that are not fully set forth herein, and all such prior promises, statements, and representations, if any, are merged herein and shall not survive.  Each party has entered into this Agreement freely and after full consideration of its rights and obligations.


Any dispute between the parties as to the making, performance, breach, or termination of this Agreement shall be resolved by arbitration conducted pursuant to the applicable rules of JAMS in New York City, New York.  In any such arbitration, the arbitrator is authorized to award attorneys' fees to the prevailing party or parties if the arbitrator finds that the position of the other party or parties was maintained in bad faith.  Judgment upon any award may be entered in a court of competent jurisdiction located in New York County, NY.


Any modifications, amendments, or addendums to this Agreement must be made in writing and signed by both parties hereto.


This Agreement shall be governed and controlled by New York law.


Sincerely,


Labaton Sucharow LLP                                      Agreed to:

[LAW FIRM]

Page 5 of 5
[DATE]
Agreement with [LAW FIRM] regarding [NAME] Litigation


By:_____                    _____

   Michael P. Canty                                [NAME]