**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> State Street Bank and Trust Company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br> v. <br><br> State Street Bank and Trust Company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> State Street Bank and Trust Company, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

**ERISA COUNSEL'S MEMORANDUM IN SUPPORT OF**
**PROPOSED PARTIAL RESOLUTION OF ISSUES FOR THE COURT'S**
**CONSIDERATION**

ERISA Counsel, Keller Rohrback L.L.P. ("Keller"), Zuckerman Spaeder, LLP ("Zuckerman") and McTigue Law LLP ("McTigue"), request that Section II of the Special Master's Supplement to His Report and Recommendations and Proposed Partial Resolution of Issues for the Court's Consideration ("Resolution"), ECF No. 485, be approved. ERISA Counsel submit this memorandum per the Court's Order dated October 16, 2018, ECF No. 494, as amended by Order dated October 25, 2018, ECF No. 502.

ERISA Counsel support the essential findings and conclusions of the Special Master's Report and Recommendation ("R&R") filed June 28, 2018, ECF No. 357. Most of the R&R is directed to the conduct of Customer Class Counsel,[1] not ERISA Counsel. For example:

- The R&R takes no issue with adequacy of the ERISA Class Representatives (Keller's clients The Andover Companies Employee Savings and Profit Sharing Plan and James Pehoushek-Stangeland, and McTigue's and Zuckerman's clients Arnold Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland),[2] ERISA Counsel's portion of the joint fee petition,[3] or ERISA Counsel's reported billing rates.[4] All ERISA Counsel and their respective local counsel appeared and participated in the action.[5]

---

[1] Labaton Sucharow LLP ("Labaton"); Thornton Law Firm; and Lieff Cabraser Heimann & Bernstein, LLP (collectively, "Customer Class Counsel").
[2] R&R at 77-80.
[3] *Id*. at 217-18 (ERISA Counsel recorded a reasonable number of hours, delegated appropriately between senior and junior lawyers, and contributed "value . . . [that] far exceeded their straight hour tally.").
[4] *Id*. at 173-76.
[5] *Id*. at 54-65; 217-18.

- The R&R found, further, that ERISA Counsel "obtained a very favorable result for the class" by "drawing on several decades of experience litigating complex ERISA cases."[6]

- The R&R correctly notes that ERISA Counsel did not use "staff attorneys" in this case and had nothing to do with other firms' double-counting of staff attorney time.[7]

- The R&R recognizes that ERISA Counsel had no knowledge of the Chargois arrangement,[8] and that if ERISA Counsel had been informed of the Chargois arrangement they would not have agreed to a joint fee petition, they would have filed their own fee petition (or petitions), they would have asked for more in fees than they ultimately received, *see* footnote 15 below, and they would not have agreed to Labaton's Claw Back Letter Agreement.[9]

Consequently, the R&R recommended that Labaton disgorge the amount of the payment to Chargois ($4.1 million), of which $3.4 million would be paid by Labaton to ERISA Counsel.[10] This fee adjustment was recommended for two reasons: 1) the non-disclosure of the Chargois arrangement to ERISA counsel; and 2), through no fault of their own, ERISA Counsel incurred significant costs related to the Special Master's exhaustive investigation.[11] Indeed, ERISA

---

[6] *Id*. at 157-58.

[7] *Id*. at 224 ("The ERISA firms did not utilize staff attorneys in this case, and as Goldsmith noted in his November 10 letter, the ERISA firms' lodestars were unaffected by the double-counting.").

[8] *Id*. at 115-18, 287-89.

[9] *Id*. at 132-33.

[10] *Id*. at 368-69.

[11] *Id*. at 351-52.

Counsel provided valuable assistance to the Special Master's investigation notwithstanding the burden and cost of doing so.

On October 10, 2018, the Special Master submitted the Resolution to the Court, representing a compromise contingent on the approval of the Court. Dkt. 485-0 at 11. Section II of the Resolution represents a compromise by ERISA Counsel to reduce the R&R's proposed ERISA fee allocation adjustment from $3.4 million to $2.75 million, together with other related agreements reached with the Special Master and Labaton.[12] ERISA Counsel agreed to this compromise in the interest of expediting and simplifying resolution of the case, and to serve as "additional Lead Counsel" alongside Labaton, if helpful to the Court. According to the Special Master, this compromise would facilitate his separate negotiations with Labaton that resulted in Section I of the Resolution.

Section I of the Resolution represents a compromise solely between the Special Master and Labaton.[13] ERISA class representatives and ERISA Counsel take no position on the Special Master's decision to compromise those issues, but we fully support the Special Master's recommended structural relief and proposed repayments to the Class.[14] The Resolution also provides fair compensation to ERISA Counsel without imposing additional costs on the Class itself.[15]

---

[12] *E.g.*, ERISA Counsel will not seek any additional funds from Labaton and Labaton will not claw back any funds ERISA Counsel has already been paid.

[13] ERISA class representatives and ERISA Counsel did not participate in the negotiations concerning Section I of the Resolution and are not parties to the agreements in Section I.

[14] The Resolution provides for additional oversight of the ongoing settlement process by both ERISA Counsel and ERISA Class Representatives, Resolution 5-6, as well as the return of over $2,052,666 to the Class, *id.* at 4, 6.

[15] ERISA Counsel refer the Court to Zuckerman's Notice of Exception, ECF No. 390 (explaining that ERISA Counsel would not have agreed to file a joint fee petition or limit their fee in this matter to 9% had the Chargois arrangement and payment been disclosed, and further explaining that under the Special Master's $3.4 million reallocation, ERISA Counsel's revised fee would be

4

ERISA Counsel, as noted, are not implicated in the alleged misconduct investigated by the Special Master. ERISA Counsel have diligently represented the interests of the Class and particularly class members with claims under ERISA.[16] Going forward, ERISA Counsel and ERISA Class Representatives are willing to continue service to the Class for purposes of concluding this litigation.

Lastly, we recognize that even if the Court accepts the Special Master's Resolution, there are other outstanding objections to the R&R that the Court must consider. Ultimately the Court must decide whether to accept the Special Master's R&R in whole or in part, and what modifications to make to the fee award. We stand ready, willing, and able to assist the Court as requested, whether as "additional Lead Counsel," as provided in the Resolution, or otherwise.

Dated: October 30, 2018

Respectfully submitted,

**KELLER ROHRBACK L.L.P.**

By: */s/ Lynn Lincoln Sarko*
　　Lynn Lincoln Sarko
　　T. David Copley
　　Laura R. Gerber
　　1201 3rd Avenue, Suite 3200
　　Seattle, WA 98101
　　Tel.: (206) 623-1900

*ERISA Counsel for Class Representatives The Andover Companies Employee Savings and Profit Sharing Plan and James Pehoushek-Stangeland*

---

just under $10.9 million, or 18.167% of the $60 million allocated to ERISA members of the settlement class). Pursuant to the Resolution, the payment to ERISA Counsel would be reduced from $3.4 million to $2.75 million, resulting in a lower percentage award and a lodestar multiplier for ERISA Counsel well under the multiplier initially approved by the Court in November 2016.

[16] The ERISA claims were alleged in the *Andover* and *Henriquez* complaints.

By: */s/ J. Brian McTigue*
J. Brian McTigue
James A. Moore
**McTIGUE LAW LLP**
4530 Wisconsin Ave, NW
Suite 300
Washington, DC 20016
Phone: 202-364-6900

By: */s/ Carl S. Kravitz*
Carl S. Kravitz
**ZUCKERMAN SPAEDER, LLP**
1800 M Street, NW
Washington, DC 20036
Phone: 202-778-1800

*ERISA Counsel for Class Representatives Arnold Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2018, I electronically filed the above with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

>*/s/ Laura R. Gerber*
>Laura R. Gerber