UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 11-10230-MLW |
| State Street Bank and Trust Company, | ) ) ) | |
| Defendants. | ) ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 11-12049-MLW |
| State Street Bank and Trust Company, | ) ) ) | |
| Defendants. | ) ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 12-11698-MLW |
| State Street Bank and Trust Company, | ) ) ) | |
| Defendants. | ) ) ) | |

**KELLER ROHRBACK L.L.P. RESPONSE REGARDING
THORNTON LAW FIRM LLP'S SUR-REPLY IN SUPPORT OF ITS OBJECTIONS
TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS**

Keller Rohrback L.L.P. ("Keller Rohrback") respectfully submits this response concerning unsubstantiated assertions in Thornton Law Firm LLP's Sur-Reply in Support of its Objections to the Special Master's Report and Recommendations, ECF No. 530 ("*Thornton Filing*").[1] Keller Rohrback's Managing Partner, Lynn Sarko, contacted Thornton's counsel in November 2018 to discuss the issues and disabuse Thornton of any suspicions, *id*. at 38 n.24, but Thornton repeats the insinuations in the current filing without qualification. And even if the insinuations had any merit, which they do not, Thornton does not suggest that Keller Rohrback engaged in any misconduct or lack of candor.

The Special Master investigated the makeup of Keller Rohrback's client base. As the Special Master specifically stated:

> Keller Rohrback and Zuckerman Spaeder have both hourly clients and class action/contingent fee clients. Sarko 7/6/17 Dep. pp. 95:23-96:7 [EX. 28]; Kravitz 7/6/17 Dep., p. 88:19-25. [EX. 21]. The same rates annually set by their firms' executive committees are used for billing both sets of clients. Sarko 7/6/17 Dep., pp. 96:22-92:5 [EX. 28]; Kravitz 7/6/17 Dep., 117:1-5. [EX. 21].

Special Master's Report & Recommendations at 68, ECF No. 357 ("*Report and Recommendations*"). *See also* Special Master's Further Response to the Court's Directives at the November 7, 2018 Hearing and in Its November 8, 2018 Order at 3 n.2, ECF No. 523 (Keller Rohrback "had paying, hourly clients as part of [its] practice") ("*Special Master's Response*"); 7/6/17 Sarko Dep., 95:23-96:4, ECF No. 357, Ex. 28. And the Special Master specifically found that Keller Rohrback's reported rates were reasonable. *Report & Recommendation* at 176.

The Special Master's conclusions are supported by a thorough investigation and exhaustive record. *See id.* at 51-69, 141-218; *Special Master's Response* at 2. During that investigation, Keller Rohrback cooperated fully with the Special Master's discovery requests and

---

[1] *See also* Thornton Law Firm LLP's Response to Memorandum in Support of Proposed Partial Resolution of Issues at 3-7, ECF No. 514.

1

submitted historical billing rates, time records, and fee agreements to the Special Master. Mr. Sarko twice submitted to questioning by the Special Master under oath.

The record is well developed. Keller Rohrback has a formal annual rate-setting process that includes the participation of the practice group heads, the Managing Partner, and the Executive Committee. *Report & Recommendation* at 67-68. The firm uses a formal rate setting process: First the executive committee gathers twenty to twenty-five fee applications filed during the year by other plaintiffs' firms, including some competitor firms, which are publicly available through PACER. They then gather the rates of defense firms they litigate against, which are also publicly available from bankruptcy filings. The third part of the process involves analyzing Keller Rohrback's expense and income statements to determine how much the firm's expenses for the year have increased. From all this information, the executive committee sets regular rates for the firm's attorneys for the coming year. *Id.* These rates are input into the firm's computerized timekeeping system.

Keller Rohrback partners are permitted to offer discounts off the firm's regular rates if approved by the Managing Partner and usually, the Practice Group head. 7/6/17 Sarko Dep., 89:21-23; 95:23-96:4, ECF No. 357, Ex. 28. In some matters, clients have negotiated separate fee arrangements that may involve long term contracts, incentives, and alternative payment arrangements, etc. These arrangements are dealt with on an individual basis that must be approved by the Managing Partner. Special Master Rosen inquired about these details during his investigation, including review of client fee agreements.

The *Thornton Filing* tries to undermine the Special Master's investigation by citing a single Keller Rohrback fee declaration filed in an unrelated insurance bad faith/family law matter, *id.* at 37-38, but that fee declaration by Keller Rohrback partner William Smart was

accurate regarding the specific billing rates (including discounts) of the identified timekeepers in that case, *IDS Prop. & Cas. Ins. Co. v. Fellows*, No. 15-2031 (W.D. Wash. Apr. 20, 2017).

First, the Smart declaration stated generally that "[p]artner rates at the firm ranged from $345 to $900." All partners who worked on the *IDS* matter billed within the range stated by Mr. Smart, but he was misinformed regarding the top billing rates of partners in other practice groups. (He relied upon billing rate information provided by KR's Firm Administrator, who suffered a computer problem when obtaining the range of partner billing rates.) In fact, the top regular billing rate at the time was $940. Mr. Sarko's declaration in this case, ECF No. 104-18, accurately identified the range of then-current (2016) regular rates for all timekeepers who worked on this case.

Second, the Smart declaration reports a discounted billing rate for paralegal Jennifer Hill as $225, which represented a $30 discount from Ms. Hill's regular rate. Inadvertently, the discount was not footnoted in the *IDS* filing. As a result, the *IDS* fee petition inadvertently *understated* (without notation) the standard value of Ms. Hill's time by $21 (.7 hours x $30/hour discount).

Keller Rohrback's regular rates reported in this case, ECF No. 104-18 (Sarko Decl. Ex. A), were accurate, fair and reasonable, as the Special Master specifically found. Nothing in the *IDS* fee petition detracts from that well-founded conclusion. The Special Master's investigation of Keller Rohrback's billing practices and fee declaration was detailed and thorough.

\* \* \*

Dated: December 28, 2018.                    **KELLER ROHRBACK L.L.P.**

                                             By: */s/ Lynn Lincoln Sarko*
                                                 Lynn Lincoln Sarko
                                                 T. David Copley
                                                 Laura R. Gerber
                                                 1201 3rd Avenue, Suite 3200
                                                 Seattle, WA  98101
                                                 Tel.: (206) 623-1900

                                                 *ERISA Counsel for Class Representatives The Andover Companies Employee Savings and Profit Sharing Plan and James Pehoushek-Stangeland*

5

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 28, 2018, I electronically filed the above with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

               */s/ Laura R. Gerber*
               Laura R. Gerber