```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

ARKANSAS TEACHER RETIREMENT SYSTEM,        )
on behalf of itself and all others         )
similarly situated,                        )
    Plaintiff                              )
                                           ) C.A. No. 11-10230-MLW
    v.                                     )
                                           )
STATE STREET BANK AND TRUST COMPANY,       )
    Defendants.                            )

ARNOLD HENRIQUEZ, MICHAEL T.               )
COHN, WILLIAM R. TAYLOR, RICHARD A.        )
SUTHERLAND, and those similarly            )
situated,                                  )
    Plaintiff                              )
                                           )
    v.                                     ) C.A. No. 11-12049-MLW
                                           )
STATE STREET BANK AND TRUST COMPANY,       )
    Defendants.                            )

THE ANDOVER COMPANIES EMPLOYEE             )
SAVINGS AND PROFIT SHARING PLAN, on        )
behalf of itself, and JAMES                )
PEHOUSHEK-STANGELAND and all others        )
similarly situated,                        )
    Plaintiff                              )
                                           )
    v.                                     ) C.A. No. 12-11698-MLW
                                           )
STATE STREET BANK AND TRUST COMPANY,       )
    Defendants.                            )

ORDER

WOLF, D.J.                                              May 31, 2019

As previously ordered, a hearing, pursuant to Federal Rule of Civil Procedure 53(f)(1), concerning the objections to the Special Master's Report and Recommendations, and the proposed settlement concerning Labaton Sucharow LLP ("Labaton"), will commence on June 24, 2019, and, if necessary, continue on June 25 and 26, 2019. Rather than addressing the discrete objections to the Report and Recommendations, the court at present intends to hear argument, and on some matters testimony, concerning the issues identified below, which include questions that prompted the appointment of the Special Master. See Feb. 6, 2017 Mem. & Order (Dkt. No. 117); Mar. 8, 2017 Mem. & Order (Dkt. No. 173). If the court proposes to exercise its Rule 53(a)(1) authority to modify the Report and Recommendations with regard to an issue on which the parties have not had notice and an opportunity to be heard, the court will provide such notice and conduct another hearing.

At present, the court intends to proceed as follows at the hearing commencing on June 24, 2019:

(1) Hear argument on whether the initial fee award of $74,541,250, constituting approximately 25% of the common fund, is reasonable. Among other things, the participants shall be prepared to address whether Customer Class Counsel misrepresented a study in their memorandum in support of attorneys' fees. See Dkt. No. 103-1 at 18 of 36 (citing Brian T. Fitzpatrick, An Empirical Study

of Class Action Settlements and Their Fee Awards, 7 J. Empirical Legal Stud. 811 (2010)).

(2) Hear argument on whether Customer Class Counsel's reported lodestar, not including double-counted time, is accurate and reasonable. Among other things, the participants shall be prepared to address whether: contract attorneys should be treated as an expense and, therefore, not be included in the lodestar; Customer Class Counsel reported reasonable rates for staff attorneys in their fee petition; and Customer Class Counsel made errors other than double-counting time in their fee petitions.

(3) Hear argument and testimony concerning whether Garrett Bradley, Esq. intentionally filed a false fee declaration and, if so, what consequences--including possible sanctions, fines, or other remedial or deterrent measures--are permissible and appropriate. Among other things, the Thornton Law Firm ("Thornton") shall be prepared to address whether the representations made concerning Michael Bradley, Esq. in the fee declaration were accurate, and whether the rate listed for him was reasonable and commensurate with the "regular" rates Michael Bradley charges clients.

Testimony may include questioning of Michael Bradley, Garrett Bradley, and other Thornton lawyers who worked on Thornton's fee declaration, including Michael Thornton, Esq., Michael Lesser, Esq., and Evan Hoffman, Esq., regarding Michael Bradley's

3

relationship with Thornton, his work on this case, and the selection of the hourly rate attributed to him in the fee declaration.[1]

(4) Testimony of Eric Belfi, Esq. and Christopher Keller, Esq. concerning, among other things: (a) other cases involving Damon Chargois, including <u>Bristol County Retirement System v. HCC Insurance Holdings, Inc.</u>, No. 07-0801 (S.D. Tex.); and (b) the October 17, 2007 email from Belfi to Keller (Dkt. No. 531-1).

(5) Discuss with Garrett Brown his "Phase I Report" concerning Labaton.

In view of the foregoing, it is hereby ORDERED that Michael Bradley, Garrett Bradley, Michael Thornton, Michael Lesser, Evan Hoffman, Eric Belfi, and Christopher Keller shall be present and prepared to testify on June 24, 25, and/or 26, 2019. A Sequestration Order concerning the witnesses shall issue. Garrett Brown shall also be present and prepared to participate.

                                                         _/s/ Mark L. Wolf_
                                                   UNITED STATES DISTRICT JUDGE

---

[1] Counsel for the Special Master shall be prepared to question the potential witnesses.