```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | C.A. No. 12-11698-MLW |

<u>ORDER</u>

WOLF, D.J.                                                                                                      June 20, 2019

On May 31, 2019, the court ordered the participants to be prepared to address at the hearing commencing on June 24, 2019 whether Customer Class Counsel misrepresented a study by Brian T. Fitzpatrick in their memorandum in support of attorneys fees. See Docket No. 543. On June 11, 2019, Customer Class Counsel filed a Motion for Leave to Call Mr. Fitzpatrick as a witness at that hearing (the "Motion"). See Docket No. 546. On June 18, 2019, the Hamilton Lincoln Law Institute filed an amicus brief which, among other things, argues that Mr. Fitzpatrick should not be allowed to testify concerning whether his study was misrepresented. See Docket No. 551-1.

At present, the court views the matter of whether the Fitzpatrick study was misrepresented - meaning whether it was characterized by Customer Class Counsel in a false or misleading manner - to be a question of fact on which Mr. Fitzpatrick's testimony is neither necessary nor appropriate. Mr. Fitzpatrick may be an expert on the reasonableness of attorneys fees in class actions. However, the court did not contemplate receiving additional expert evidence on the reasonableness of the original $75,000,000 fee award in this case, which has been at issue since February 2017. See, e.g., Feb. 6, 2017 Memorandum and Order (Docket No. 117) at 8; Mar. 8, 2017 Memorandum and Order (Docket No. 173) at 3.

In view of the foregoing, the Motion (Docket No. 546) is hereby DENIED without prejudice to possible reconsideration at the June 24, 2019 hearing.

                                                            /s/ Mark L. Wolf
UNITED STATES DISTRICT COURT