# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 12-cv-11698 MLW |

**RESPONSE AND OBJECTIONS BY LIEFF CABRASER HEIMANN & BERNSTEIN, LLP TO THE SPECIAL MASTER'S REPORT IN RESPONSE TO THE COURT'S FEBRUARY 27, 2020 ORDER [ECF NO. 599]**

1964874.4

- 2 -

Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") respectfully submits this response and objections to the Special Master's Report in Response to [the] Court's February 27, 2020 Order [ECF No. 599] ("SM's Report"), wherein the Special Master proposes that a supplemental notice be mailed to the Settlement Class and makes certain recommendations as to the manner in which execution of the Court's February 27, 2020 Order and litigation of Lieff Cabraser's appeal should proceed, as follows:[1]

1.      There is no basis for supplemental notice to the Settlement Class, and the expense entailed by such notice, where the Settlement Class is obtaining an additional *benefit* over and above the terms provided in the original Settlement Notice, which itself generated no objections or opt-outs by any Settlement Class member.  *See* Manual for Complex Litigation, Section 21.61 4th ed. (2019) ("If the fairness hearing leads to substantial changes *adversely affecting* some members of the class, additional notice, followed by an opportunity to be heard, might be necessary.") (emphasis added); *Snyder v. Ocwen Loan Servicing, LLC*, Case No. 14 C8461, 2019 WL 2103379, at *9 (N.D. Ill. May 14, 2019) ("courts routinely hold that no new notice is required where changes to a proposed settlement are objectively favorable for class members and do not prejudice any benefit previously promised."); *In re Anthem, Inc. Data Breach Litigation*, 327 F.R.D. 299, 330 (N.D. Cal. 2018) (same, collecting cases).  Additionally, the Court's February 27, 2020 Order ("February 27 Order"), at 159 pages, speaks for itself.  Characterizing it in a proposed Supplemental Notice is both unnecessary and likely to be incorrect in one or more respects.

---

[1] Under Fed. R. Civ. P. 7, 53(f), and Local Rule 7.1, leave is not required for this filing.  The SM's Report seeks relief and makes additional recommendations affecting the rights of the parties—particularly (but not limited to) recommendations regarding cost-shifting—for which the parties must be given an opportunity to be heard.

- 3 -

2. Contrary to the Special Master's suggestion, the Court has no jurisdiction either to (a) appoint counsel to represent the Court in defending the February 27 Order, or (b) impose "costs occasioned by the appeal" on Lieff Cabraser.  *See* SM Report at 13.

First, only the Court of Appeals may appoint counsel for an appeal where appropriate. Additionally, Fed. R. Civ. P. 11 by its own terms does not provide for anyone to "advocate" for a court's *sua sponte* finding of a Rule 11 violation on appeal, and certainly not at the appellant's cost.  *See, e.g., Kaplan v. DaimlerChrysler, A.G.,* 331 F.3d 1251, 1254 n. 1 (11th Cir. 2003) ("Rule 11 does not provide for anyone to advocate for the sanctions-issuing judge on appeal," but permitting plaintiff's counsel to "voluntarily" do so); *Young v. City of Providence ex rel. Napolitano,* 404 F.3d 33 (1st Cir. 2005) (adverse party identified as nominal appellee for purposes of appeal of district court's *sua sponte* Rule 11 finding, without ultimately taking a position or filing a brief).

Second, it would be unlawful for the Court to order fee-shifting on its own initiative. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1971).  And to the extent the Special Master's reference to "costs occasioned" is intended to apply regardless of whether Lieff Cabraser prevails in its appeal, there is no legal support for burdening the right of appeal in such a manner.

3. In its appeal, Lieff Cabraser does not intend to challenge the Court's reduction of Class Counsel's overall fee to 20 percent of the total Settlement Amount.  However, Lieff Cabraser does intend to challenge the "repayment" by Lieff Cabraser of approximately $1,140,000 that is mandated by the February 27 Order.  *See* February 27 Order at 148.  At least one argument that Lieff Cabraser will advance to reverse the order of "repayment," if successful, will not support any obligation on the part of Labaton Sucharow or the Thornton Law Firm to

- 4 -

reimburse Lieff Cabraser. If, as the Special Master recommends, those funds are distributed prior to the outcome of the appeal, Lieff Cabraser will have no recourse to recover them. The appropriate resolution accordingly would be to distribute those funds to the Settlement Class that are not currently in dispute and either defer any "repayment" by Lieff Cabraser until its appeal is resolved, or hold the funds to be "repaid" by Lieff Cabraser in escrow pending the outcome of its appeal.

Dated:  April 9, 2020

Respectfully submitted,

Lieff Cabraser Heimann & Bernstein, LLP

By:  */s/ Richard M. Heimann*
Richard M. Heimann (*pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California  94111
Tel:  (415) 956-1000
Fax:  (415) 956-1008

Steven E. Fineman
Daniel P. Chiplock (*pro hac vice*)
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, New York  10013
Tel:  (212) 355-9500
Fax:  (212) 355-9592

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

On Wednesday, April 8, 2020, I caused counsel for the other parties or amici and the Special Master in this case to be informed of this filing (to the extent such notice is required here).  State Street and Labaton Sucharow LLP take no position.  Thornton Law Firm LLP and Keller Rohrback LLP do not object to the filing of objections, and reserve their rights to respond to their substance if necessary.  Zuckerman Spaeder LLP does not object to this filing, but reserves its rights as to whether objections to the SM's Report are permitted without leave, as well as to respond to their substance. The Special Master takes the position that objections to his latest Report are not permitted without leave, and otherwise opposes the objections contained in this filing.  CCAF disagrees with the objections on the merits, while also suggesting that leave is required (taking no position on whether leave should be granted).  McTigue Law declined to take a position without seeing the proposed filing first.

                 */s/ Richard M. Heimann*
                 Richard M. Heimann

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on April 9, 2020 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").

                 */s/ Richard M. Heimann*
                 Richard M. Heimann