```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

ARKANSAS TEACHER RETIREMENT SYSTEM,  )
on behalf of itself and all others   )
similarly situated,                  )
     Plaintiff                       )
                                     )  C.A. No. 11-10230-MLW
          v.                         )
                                     )
STATE STREET BANK AND TRUST COMPANY, )
     Defendants.                     )

ARNOLD HENRIQUEZ, MICHAEL T.         )
COHN,WILLIAM R. TAYLOR, RICHARD A.   )
SUTHERLAND, and those similarly      )
situated,                            )
     Plaintiff                       )
                                     )
          v.                         )  C.A. No. 11-12049-MLW
                                     )
STATE STREET BANK AND TRUST COMPANY, )
     Defendants.                     )

THE ANDOVER COMPANIES EMPLOYEE       )
SAVINGS AND PROFIT SHARING PLAN, on  )
behalf of itself, and JAMES          )
PEHOUSHEK-STANGELAND and all others  )
similarly situated,                  )
     Plaintiff                       )
                                     )
          v.                         )  C.A. No. 12-11698-MLW
                                     )
STATE STREET BANK AND TRUST COMPANY, )
     Defendants.                     )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        June 25, 2020

In the February 27, 2020 Memorandum and Order the court directed the Master to consult Customer Class Counsel,[1] ERISA Counsel,[2] and the Hamilton Lincoln Law Institute's Center for Class Action Fairness ("CCAF") concerning specified issues relating to the implementation of that Order and to report to the court concerning those discussions. Dkt. No. 590 at 155-56 (the "February 27, 2020 Order"). The Master has done so. See Dkt. Nos. 599, 606, 607. Lieff (Dkt. Nos. 595, 600, 603), Labaton and Thornton (Dkt. No. 595), and CCAF (Dkt. Nos. 592, 592-1, 610) have also addressed some of the relevant issues.

In the February 27, 2020 Order the court stated that CCAF's submissions and arguments at hearings were often very helpful and that it would consider ordering that CCAF be compensated for its work if it had the authority to do so. See Dkt. No. 590 at 12 & n.3. CCAF has moved for an extension of time to file a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d). See Dkt. Nos. 592, 592-1. CCAF has also renewed its request to be appointed guardian ad litem for the class in order to represent its interests in opposing Lieff's appeal concerning the amount it

---

[1] "Customer Class Counsel" are Labaton Sucharow LLP ("Labaton"), The Thornton Law Firm ("Thornton"), and Lieff Cabraser Heimann & Bernstein LLP ("Lieff").

[2] "ERISA Counsel" are McTigue Law LLP, Zuckerman Spaeder LLP, and Keller Rohrbach LLP.

2

was awarded in the February 27, 2020 Order and related issues. See Dkt. Nos. 592-1, 610. Customer Class Counsel oppose CCAF's request for an extension of time to move for an award of attorneys' fees. See Dkt. No. 595. They have previously opposed CCAF's requests to be appointed guardian ad litem for the class. The court assumes that they continue to do so.

The court finds that there is good cause to grant CCAF's motion for an extension of time to file a motion for an award of attorneys' fees. CCAF's work in this case may not be concluded. Among other things, the court may still appoint CCAF as guardian ad litem to represent the interests of the class as an adversary in Lieff's appeal. In addition, it is possible that the First Circuit will, in any event, allow CCAF to participate in the appeal as amicus curiae. The court finds that it is most appropriate to wait to decide whether it has the authority to make an award of attorneys' fees to CCAF and, if so, whether to do so until CCAF's role is finally determined and concluded. Among other things, reserving judgment will assure that the court has all of the information necessary to decide how much to award to CCAF if it finds that an award is permissible and appropriate.

The Master has made a recommendation concerning the distribution of the remaining settlement funds owed to the class and the redistribution of funds previously awarded to Customer Class Counsel in accordance with the February 27, 2020 Order, see

Dkt. No. 599, and has proposed modifications to his original recommendation, see Dkt. No. 606. The Master proposes that three partial payments be made on a certain schedule, and that Labaton be allowed to continue to serve as Lead Counsel for the limited purpose of issues relating to the administration and distribution of the settlement fund. There are no objections to the general method of distribution that the Master proposes. See Dkt. Nos. 599, 606. In any event, the court finds that the Master's proposal is reasonable in principle. However, due to the passage of time, the Master may now wish to propose that the first distribution be made later than July 31, 2020 and, if necessary, to modify the proposed dates for the second and third distributions as well.

Lieff does not object to paying into the existing escrow fund for the class the $1,139,457 that is at issue in its appeal. See Dkt. Nos. 600, 603. The court now finds that is appropriate.

The Master recommends that the $1,139,457 to be escrowed be evenly distributed in the second and third distributions. Dkt. No. 599 at 5; Dkt. No. 606 at 4. The Master also recommends that, if Lieff prevails on appeal, Labaton and Thornton, rather than the class, be ordered to bear the cost of the $1,139,457 that would be returned to Lieff. Id. Lieff asserts that charging Labaton and Thornton may not be appropriate or feasible if the funds have been distributed to the class before it prevails on appeal. See Dkt. No. 600.

The court finds that it is most appropriate to defer the distribution of Lieff's escrowed funds until the third distribution. If Lieff's appeal is denied, the issues regarding the $1,139,457 will be moot. If Lieff's appeal is not decided 45 days before the third distribution is scheduled to be made, the Master, Lieff, and the other Customer Class Counsel should seek guidance from the court concerning the funds escrowed by Lieff.

In response to the court's request, the Master states that the court must provide the class notice of the February 27, 2020 Order and an opportunity to object to the $60,000,000 fee award. See Dkt. No. 599 at 6-7. The Master reports that several counsel agree that the class should be given notice and an opportunity to object to the February 27, 2020 Order. Id. at 6, n.15. CCAF also agrees that such notice should be given to the class. See Dkt. No. 610 at 1-4. However, Lieff contends that another notice is neither required nor appropriate because the settlement class will receive an additional benefit as a result of the February 27, 2020 Order. See Dkt. No. 600 at 1-2 (citing David F. Herr, Annotated Manual for Complex Litigation §21.61 (4th ed. 2019) and cases for the proposition that new notice is necessary only if there is a substantial change that is adverse to the interests of the class).

Regardless of whether notice to the class of the February 27, 2020 Order is required, the court finds that it is most appropriate to provide it. As noted in the February 27, 2020 Order, in a March

31, 2017 Order (Dkt. No. 192), the court stated that it would provide class members notice of the Master's Report and Recommendation, and an opportunity to object and comment on it. See Dkt. No. 590 at 155. As it was uncertain whether and to what extent the Master's contested recommended resolution would be adopted, the court deferred giving that notice. It is now timely to do so. Contrary to Lieff's suggestion, notice may not be a meaningless gesture. As the court wrote in the February 27, 2020 Order:

> As [the February 27, 2020 Order] provides more than an additional $14,000,000 to the class, if notice is given there may be no objection to it. However, in view of the fact that the award of 20% of the common fund is above the median and mean for settlements between $100,000,000 and $500,000,000 reported in [Brian T. Fitzpatrick's "An Empirical Study of Class Action Settlements and Their Fee Awards," 7 J. Empirical Legal Stud. 811 (2010)], it is possible that, in view of the court's findings, an objector may assert that the award is too generous.

Dkt. No. 590 at 155, n.32.

The Master has submitted a proposed form of notice. See Dkt. No. 606-3. It must now be revised to provide a new description of the plan of distribution consistent with this Memorandum and Order and any revised schedule for payments that the Master may now propose, to provide class members 45 days to object, and to provide for a hearing, by videoconference if necessary, 14 days after that date.

In view of the foregoing, it is hereby ORDERED that:

1. CCAF's Motion for an Extension of Time to File Motion for Attorneys' Fees Award (Dkt. No. 592-1) is ALLOWED.

2. By July 7, 2020, the Master shall confer with Customer Class Counsel and ERISA counsel, and submit:

    a. A motion for approval of the plan for distribution he proposes and, in an editable word-processing format, a proposed Order for the distribution of the remainder of the settlement fund that is consistent with this Memorandum and Order; and

    b. A proposed notice to the class, in an editable word-processing format, that is consistent with this Memorandum and Order and the Master's proposed plan of distribution.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE