UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>       v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN,WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>       v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>       v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 12-11698-MLW |

## MEMORANDUM AND ORDER

WOLF, D.J.                                            June 29, 2020

After reading the appellant's brief of Lieff, Cabraser, Heimann & Bernstein ("Lieff"), this court issued its June 18, 2020 Memorandum and Order stating its belief that the First Circuit

would benefit from an adversarial presentation by counsel concerning Lieff's appeal of the fee award made to it in this court's February 27, 2020 Memorandum and Order (the "February 27, 2020 Order"). <u>See</u> Dkt. No. 611; <u>Arkansas Teacher Ret. Sys. v. State St. Bank & Tr. Co.</u>, No. 20-1365 (1st Cir.), Doc. No. 00117604870, at 76.

The Master in this case, Retired United States District Court Judge Gerald Rosen, had earlier recommended that the court appoint counsel to oppose the appeal and that Lieff be required to pay the cost of such counsel. <u>See</u> Dkt. No. 599 at 13. Lieff objected to the appointment of counsel by this court and to the imposition of the cost of any such counsel on it. <u>See</u> Dkt. No. 600.

In the June 18, 2020 Memorandum and Order, this court expressed its intent to retain counsel to assure that the interests of the class are represented in the First Circuit, and stated that it did not intend to impose the cost of such counsel on Lieff or any other attorneys in this case. <u>See</u> Dkt. No. 611 at 3. The Administrative Office of the United States Courts has informed the court that it will pay for counsel that the court, as fiduciary for the class' interests, retains in connection with Lieff's appeal if the First Circuit agrees that such representation would be helpful and requests that the court retain counsel to provide it. Therefore, the court is now asking that the First Circuit do so.

2

As explained in the February 27, 2020 Order, in awarding attorneys' fees in this case, the court was required to act as a fiduciary for the class because there was no party that would, with undivided loyalty, represent its interests. See Dkt. No. 590 at 34. As the First Circuit has written, "the district court, called upon to make awards of fees and/or expenses in [a class action], functions as a quasi-fiduciary to safeguard the corpus of the fund for the benefit of the plaintiff class." In re Fidelity/Micron Secs. Litig., 167 F.3d 735, 736 (1st Cir. 1999). Other circuits "have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class . . . ." Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 279-80 (7th Cir. 2002) (citing, among other cases, In re Cendant Corp. Litig., 264 F.3d 201, 231 (3d Cir. 2001); Grant v. Bethlehem Steel Corp., 823 F.2d 20, 22 (2d Cir. 1987)). See also 4 William B. Rubenstein, Newberg on Class Actions §13:40 (5th ed. June 2020 Update) ("[A]t the settlement of a class suit, the law requires the judge to act as a fiduciary . . . .").[1]

As the court wrote in the February 27, 2020 Order, "[t]his fiduciary duty can be difficult to discharge because 'the

---

[1]   Professor Rubenstein was retained by Lieff to provide a Declaration as an expert to this court in this case. See Dkt. No. 368.

presentation of the settlement for judicial approval is nonadversarial in nature: the prior competing parties (class counsel and the defendants) have resolved their differences and are now in harmony in seeking the court's approval.' [Rubenstein, supra, §13:40]." Dkt. No. 590 at 34. "Hence, the court often lacks the information necessary to make a truly informed decision." Rubenstein, supra, §13:40. Indeed, as Lieff's counsel on appeal Samuel Issacharoff has written, "[p]erhaps in no other contexts do we find courts entertaining binding decrees with such a complete lack of access to quality information and so completely dependent on the parties who have the most to gain from favorable court action." Samuel Issacharoff, Class Action Conflicts, 30 U.C. Davis L. Rev. 805, 808 (1997).

After having vacated the original $74,541,250 award of attorneys' fees, in the February 27, 2020 Order the court awarded counsel a total of $60,000,000. See Dkt. No. 590 at 13-15, 158. In exercising its authority to allocate these fees among counsel, the court reduced the award to Labaton Sucharow LLP ("Labaton") by more than $9,500,000, to $22,202,131; reduced the award to The Thornton Law Firm ("Thornton") by about $6,500,000, to

$13,261,908; and reduced the award to Lieff by $1,139,457, to $15,233,397. See Dkt. No. 590-1 at 3.[2]

Neither Labaton nor Thornton appealed. Lieff also has not appealed the reduction of the total fee award to $60,000,000. However, characterizing the court's decision as an improperly imposed sanction for a violation of Federal Rule of Civil Procedure 11(b), Lieff has appealed the reduction of the fee awarded to it. Lieff names Labaton and Thornton as "Interested Parties – Appellees." See Arkansas Teacher Ret. Sys. v. State St. Bank & Tr. Co., No. 20-1365 (1st Cir.), Doc. No. 0117599876 at 1.[3] However, in view of the court's findings concerning their conduct, and the reduction of their fees, which benefitted the class greatly, Labaton and Thornton cannot be expected to represent the interests of the class, or the court as fiduciary for it, in Lieff's appeal. Indeed, in filing its appearance in the First Circuit Labaton stated that it "does not stand in the traditional position of

---

[2] The $15,233,397 that the court awarded to Lieff is $2,448,678 more than the Master recommended it receive. See Dkt. No. 590-1 at 3.

[3] Three firms which represented an ERISA class and received much more modest fee awards than Labaton, Thornton, and Lieff are also named by Lieff as "Interested Parties-Appellees." They were not involved in the conduct that resulted in Lieff's appeal and played only minor roles in the fee litigation before this court. They are unlikely to be willing or, as a practical matter, to be able to represent the class effectively on appeal. In any event, none of them have asked to do so.

appellee in that, while it reserves the right to respond to positions taken by appellant as and if necessary, it does not anticipate filing a full opposition brief addressing all subjects raised by appellant." <u>Arkansas Teacher Ret. Sys. v. State St. Bank & Tr. Co.</u>, No. 20-1365 (1st Cir.), Doc. No. 00117576185.

As described in detail in the February 27, 2020 Order, the issues that it addresses arose in meaningful measure because the usual adversary process did not operate to test representations and properly inform the court when it made its initial, subsequently vacated award of attorneys' fees. Having read Lieff's appellate brief, the court believes that it would be valuable for the First Circuit to have this court, as fiduciary for the class, retain counsel to supplement the record, and to address issues of fact and law that will be important to the First Circuit's ability to make a properly informed decision concerning Lieff's appeal.

Therefore, the court requests that the First Circuit invite or order it to retain counsel to appear on behalf of the court as fiduciary for the class, <u>cf.</u> Fed. R. App. P. 21(b)(4); to provide a reasonable period of time for such counsel to file an appearance; and to postpone the July 8, 2020 deadline for the filing of appellees' brief until counsel for the court as fiduciary for the class appear and propose an appropriate briefing schedule.

Accordingly, it is hereby ORDERED that this Memorandum and Order be transmitted forthwith to the Clerk of the First Circuit.

UNITED STATES DISTRICT JUDGE