# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20,<br><br>Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br><br>Defendant. | No. 12-cv-11698 MLW |

**OPPOSITION OF CUSTOMER CLASS COUNSEL TO THE HAMILTON LINCOLN LAW INSTITUTE'S MOTION FOR ATTORNEYS' FEES**

1

The Thornton Law Firm, Lieff Cabraser, and Labaton Sucharow (collectively, "Customer Class Counsel") submit this Opposition to the Hamilton Lincoln Law Institute[1] Center for Class Action Fairness's ("CCAF") Motion for Attorneys' Fees (Dkt. 647). CCAF raises an argument unsupported by precedent that, as volunteer amicus, it is entitled to an attorneys' fee award, and that Customer Class Counsel should bear those costs. For the reasons explained herein, CCAF is not entitled to a fee award, and the Court should deny this request.

## ARGUMENT

CCAF is not entitled to attorneys' fees for the work that it did on a voluntary basis. The law is clear that "before a federal court may charge the legal fees of amici curiae to a party for services rendered to the court . . . the court must *appoint[ ]* an amicus curiae who renders services which prove beneficial to a solution of the questions presented." *Morales v. Turman*, 820 F.2d 728, 731 (5th Cir. 1987) (internal quotations omitted) (emphasis in original); *see also A. Hirsh, Inc. v. United States*, 948 F.2d 1240, 1250-51 (Fed. Cir. 1991) (amicus not entitled to §1927 fees because it appeared "solely as a volunteer" and costs were not incurred because of plaintiff's conduct, but "by [amicus's] own conduct in voluntarily becoming an amicus"); *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 205 (9th Cir. 1982) ("But these amici fail to satisfy the underlying requirement: they were volunteers, not appointees."); *Vought v. Bank of Am., N.A.*, No. 10-CV-2052, 2013 WL 3336883, at *2 (C.D. Ill. July 2, 2013) (denying amicus's motion for fees and noting, "not only did this court not appoint or request [Amicus's] participation as an *amicus*, [Amicus] specifically filed a motion for leave to file her objection as amicus curiae"); 10 Moore's Federal Practice – Civ. § 54.173 (2020) ("[T]he participation of the

---

[1] CCAF is currently a sub-unit of the non-profit Hamilton Lincoln Law Institute. It was previously housed at the Competitive Enterprise Institute ("CEI").

amicus in the action is entirely voluntary, and any attorney's fees incurred are voluntary as well."). *Compare Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 853 (D.C. Cir. 1981) (awarding fees to amicus that had been *appointed* by the court).

CCAF acknowledges that it was not appointed by the Court.[2] Instead, CCAF argues that it is entitled to fees because it was "effectively" appointed. This argument fails both legally and factually. CCAF has failed to cite a single case in which an "effectively" appointed amicus was awarded fees. As CCAF itself stated, "[n]o 'awards in similar cases' exist because no award like the one CCAF requests has been requested[.]" Dkt. 647 at 18. While CCAF claims that its situation falls somewhere between *Morales* (where amicus was a volunteer) and *Schneider* (where amicus was appointed), this is simply not the case. In *Morales*, the court allowed amici to act almost as if they were a party to the case, doing everything from participating in discovery to examining witnesses at trial. 820 F.2d at 731. However, amici never "assumed the obligation of representing the plaintiff class." *Id.* at 730. Despite their heavy involvement and the court's broad allowances, "Amici were [still] volunteers . . . not appointees," and thus were not entitled to fees. *Id.* at 731. If the amici in *Morales* were not "effectively" appointed after being allowed to participate in all stages and aspects of the proceedings, neither was CCAF. Like the amici in *Morales*, the Court "did not seek the aid of [CCAF], but allowed them to participate at their request." *See id.*

The record makes clear that CCAF was not "effectively" appointed. CCAF voluntarily inserted itself into these proceedings, and while the Court allowed CCAF to participate, it declined to grant CCAF's requests to be appointed.[3] At all times, CCAF's participation was

---

[2] CCAF does not argue that it could (and it cannot) be appointed retroactively.

[3] CCAF moved to be appointed guardian *ad litem* for the class, or alternatively as amicus for the Court, on February 17, 2017 (Dkt. 126).

voluntary. It was never compelled to attend any hearing or submit any briefing. In fact, throughout the proceedings, the Court reminded CCAF of the voluntary nature of its involvement. *See* Dkt. 170 (granting Mr. Frank's *pro hac vice* motion "for the purpose of allowing Mr. Frank to appear as amicus on Mar 7, 2017, and in the future *if authorized by the Court*" (emphasis added)); Dkt. 187 at 2 (setting deadline for CCAF to respond to the extent it "*wish[ed]* to comment" (emphasis added)); Aug. 9, 2018 Hr'g Tr. at 42:2-5 (Dkt. 448) ("You have to file a request to file a brief on an issue, or if I think it would be helpful, I might ask you, but you better not depend on that. And we'll see when the time comes."); Dkt. 502 (ordering that "responses by [Lieff, Thornton], and, *if it wishes*, the Competitive Enterprise Institute, shall be filed . . ." (emphasis added)); Dkt. 518 at 2 (providing that CCAF "*may* . . . submit a memorandum" (emphasis added)). The Court's permissive language and reminders that CCAF must "request to file a brief" evidence the exact opposite of an effective appointment. CCAF apparently understood this, as even now it describes its motion for guardian *ad litem* as an "offer not accepted."[4] Bednarz Decl. at ¶ 30 (Dkt. 647-1).

Nevertheless, CCAF claims that it should be compensated for the work it did at the Court's "request." But CCAF's attempt to twist the Court's words into "requests" for its participation falls flat. In its July 31, 2018 Order, the Court inquired as to whether CCAF was still willing and able to serve as guardian *ad litem*, and relatedly, whether CCAF believed the Special Master could respond to Customer Class Counsel's objections.[5] *See* Dkt. 410. This "request" was merely further inquiry into the motion that CCAF submitted when it voluntarily

---

[4] In its Amended Motion, CCAF asked for leave to participate as guardian *ad litem* for the class or as an amicus for the Court. Dkt. 154. While CCAF's motions and the Court's orders focused primarily on the request to serve as guardian *ad litem*, the Court did not grant either request.

[5] The Court's request for CCAF to opine on the Court's authority to permit the Master to address the objections related directly to CCAF's pending motion. If the Special Master could not respond to the objections, the purported need for court-appointed amicus or a guardian *ad litem* may have increased.

inserted itself into the proceedings. It is inconceivable that the Court's request for CCAF to provide more information regarding *why* an appointment should be made could be construed to effectively *make* such an appointment. Following the July 31, 2018 Order, CCAF submitted an amended motion to participate as guardian *ad litem*, or in the alternative as amicus. In that motion, CCAF stated that "[e]ven if CCAF's motion to defend class interests as guardian *ad litem* is denied, CCAF intends to assist the Court concerning any settlement between counsel and the Special Master." Dkt. 451 at 9. Thus, it should have come as no surprise to CCAF when the Court asked how CCAF wished to participate in the hearing on that very matter. Yet again, CCAF attempts to mischaracterize the Court's words. The October 11, 2018 Order (Dkt. 488) did not serve as a "request" for CCAF's participation; it simply acknowledged CCAF's own expressed desire to continue participating as a volunteer. If the Court wanted to appoint CCAF, it would have done so. It did not. Now, after voluntarily participating in these proceedings with no expectation of compensation and no official responsibility, CCAF cannot be awarded attorneys' fees.[6]

## Conclusion

CCAF has failed to cite any law in support of its assertion that it is entitled to attorneys' fees as volunteer amicus. Recognizing the lack of authority, CCAF presents the creative argument that it was "effectively" appointed. This Court would have explicitly appointed CCAF if it wished to do so. Instead, the Court explicitly declined to grant CCAF's motions for

---

[6] Although there is no basis for the Court to award CCAF any attorneys' fees, Customer Class Counsel respectfully submits that if the Court were to do so, it would be clearly inequitable to charge Customer Class Counsel for the service of both the Special Master (and the Special Master's so-called legal expert, Prof. Gillers, and consultant, Mr. Toothman) *and* the amicus. While no recovery is warranted, to the extent that the Court does grant an award, the fees may be paid from the common fund based on the common benefit of $6.2 million that CCAF claims to have added to it. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 96 (2013) ("[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980))).

appointment, and continually reminded CCAF that it needed to seek permission to participate as amicus. CCAF's role was always voluntary, and consequently, it is not entitled to fees.

Dated: October 20, 2020                                Respectfully submitted,

                                             */s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: (617) 345-1000
Fax: (844) 345-1300
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com

*Counsel for the Thornton Law Firm LLP*


                                             */s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
Stuart M. Glass (BBO No. 641466)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Tel: (617) 248-5000
Fax: (617) 248-4000
joan.lukey@choate.com
jwolosz@choate.com
sglass@choate.com

*Counsel for Labaton Sucharow LLP*


                                             */s/ Richard M. Heimann*
Richard M. Heimann (*pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com

*Attorney for Lieff Cabraser Heimann & Bernstein, LLP*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on October 20, 2020 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").

>*/s/ Joshua C. Sharp*
>Joshua C. Sharp