## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, | ) ) ) | No. 11-cv-10230 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, | ) ) ) ) | No. 11-cv-12049 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, | ) ) ) ) | |
| Defendants. | ) ) | |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, | ) ) ) ) ) | No. 12-cv-11698 MLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE STREET BANK AND TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |

## OPPOSITION OF CUSTOMER CLASS COUNSEL TO THE HAMILTON LINCOLN LAW INSTITUTE'S CENTER FOR CLASS ACTION FAIRNESS' RENEWED MOTION FOR APPOINTMENT AS GUARDIAN *AD LITEM* FOR THE CLASS

Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), Labaton Sucharow LLP, and the Thornton Law Firm LLP (collectively, "Customer Class Counsel") respectfully submit this opposition to the renewed motion by the Center for Class Action Fairness ("CCAF") to be appointed guardian *ad litem* for the certified class in this action.

CCAF's request is foreclosed by applicable Supreme Court and First Circuit authority—including some of the very authority on which CCAF relies—and ignores pertinent rulings made by this Court just four months ago. The Court was right to observe at the most recent hearing that any counsel hired to defend the Court's February 27 Order[1] on appeal (should the First Circuit invite or order it) should be "somebody who hasn't been part of this battle for years."[2] CCAF's motion, citing a pastiche of concurring opinions and inapposite caselaw, demonstrates why—it encourages the Court to ignore controlling authority as well as the Court's own rulings in order to embark on a novel (and likely to be reversed) excursion away from the American rule concerning litigation costs. For this and other reasons, CCAF's motion must be denied.

**First,** and most fundamentally, the Court of Appeals must invite or order the Court to address any appeal of the February 27 Order, and then authorize any counsel to make a presentation on the Court's behalf.[3] CCAF ignores this completely, treating the issue as if it is

---

[1] Memorandum and Order, Feb. 27, 2020 [ECF No. 590].

[2] 9/22/20 Hearing Tr. at 27:15-17 [ECF No. 642].

[3] Generally, the practice is that no one represents the district court. *See, e.g., Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239 (9th Cir. 2019) (plaintiffs appealed a reduction in their fee and defendants filed a notice of non-opposition in the appellate court, and no one represented the district court); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000) (plaintiffs appealed a fee award and defendants told the appeal court that they would not participate in the brief, and no one represented the district court). The appellate court may appoint counsel or an *amicus* in limited circumstances. *See, e.g., Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) (special master invited to respond to counsel's arguments regarding attorney's fees); *In re Goode*, 821 F.3d 553, 557 n.2 (5th Cir. 2016) (counsel appointed to represent district court after finding of attorney misconduct during criminal trial); *Schmude v.*

*(continued . . .)*

simply up to the Court to address.[4]  The Court, for its part, is not under the same (erroneous)

impression as CCAF, as illustrated by (a) its requesting and receiving confirmation that any

counsel for the Court on appeal, if authorized by the First Circuit, will be paid for by the

Administrative Office of the United States Courts,[5] and (b) its asking the First Circuit for an

invitation to address the appeal and secure such counsel.[6]  The Court's latter request remains

pending.[7]  This is consistent with ordinary appellate practice[8] as well as Fed. R. App. P.

21(b)(4)[9], which, although it applies to writs of mandamus and other extraordinary writs,

provides useful guidance here.  Lieff Cabraser has already stated that it does not oppose the

Court's request to hire new counsel to defend the February 27 Order.[10]

It is not up to the Court to do an "end-run" around this procedure, now, by appointing a

guardian *ad litem*—something that is ordinarily reserved for incapacitated individuals or

---

( . . . continued)

*Sheahan*, 420 F.3d 645, 649 (7th Cir. 2005) (*amicus curiae* appointed to represent district court in appeal of decision sanctioning attorney); *Matter of Roberts*, 682 F.2d 105, 108 (3d Cir. 1982) (counsel appointed to represent district court in appeal of decision refusing to admit attorney to bar).

[4] *See, e.g.,* CCAF Br. at 1 (urging the Court to unilaterally "correct" the putative "asymmetry" of any appeal).

[5] *See* Memorandum and Order, June 29, 2020 at 2 [ECF No. 615].

[6] *Id.* at 6.

[7] At the most recent hearing, counsel for Lieff Cabraser tentatively (and as it turns out, mistakenly) remembered the Court's June 29, 2020 order as having indicated that the Court's requests to answer the appeal and secure counsel had been approved by the First Circuit. Instead, the Administrative Office of the United States Courts had simply confirmed that it would *pay* for the Court's outside counsel *assuming* the Court is invited or ordered by the First Circuit to respond to any appeal of the February 27 Order.  *See* 9/22/20 Hearing Tr. at 26:24-27:9 [ECF No. 642].

[8] *See* n. 3, *supra.*

[9] The Court cited Fed. R. App. P. 21(b)(4) when making its June 29, 2020 request to the First Circuit.  *See* ECF No. 615 at 6.

[10] 9/22/20 Hearing Tr. at 27:18-20 [ECF No. 642].

- 2 -

minors[11]—literally *after* the eleventh hour, for an able-bodied, well-funded, and already-certified class of sophisticated institutions that have never once objected to any portion of the class settlement or the attorneys' fees awarded here, even when those fees were 25 percent higher than they are now.

CCAF identifies not a single instance where a district court appointed a guardian *ad litem* for a certified class of any kind—let alone a class of sophisticated institutions—for the sole purpose of defending, on appeal, a district court's Rule 11 finding against counsel or a common benefit fee award.[12]  Nor could Customer Class Counsel find one.  Indeed, Customer Class Counsel could find only two prior instances of a guardian *ad litem* being appointed for an already-certified and represented class at all,[13] and both cases are more than 40 years old, thus pre-dating the revisions to Fed. R. Civ. App. 23(e) that redefined the court's obligations in the

---

[11] *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."); *see also, e.g., Dunn v. Dunn*, 197 F. Supp. 3d 1331, 1332 (M.D. Ala. 2016) ("GALs have traditionally been appointed in class actions involving the rights of institutionalized people when concerns have arisen regarding the capacity of named class representatives to protect adequately the interests of unnamed class members."); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637, at *8 (C.D. Cal. Aug. 22, 2017) (refusing to appoint guardian ad litem because "although consumer class actions involving foods and beverages often involve products consumed by children, such cases are routinely settled in the Ninth Circuit without the appointment of a guardian *ad litem*").

[12] CCAF baselessly argues that "in precisely this situation" a guardian *ad litem* appointment would be appropriate, but the authority it cites for that proposition, *Laffitte v. Robert Half Int'l, Inc.*, 376 P.3d 672 (Cal. 2016) is a concurring (i.e., non-controlling) opinion, from the California Supreme Court no less, that has literally nothing to do with the facts or procedural posture of "this situation."  This style of overreach runs throughout CCAF's brief.

[13] *See Miller v. Mackey Int'l, Inc.*, 70 F.R.D. 533 (S.D. Fla. 1976) (guardian *ad litem* appointed by district court to question attorneys' fee application in proceedings before district court, *i.e.*, not on appeal); *Haas v. Pittsburgh National Bank*, 77 F.R.D. 382 (W.D. Pa. 1977) (same).  These cases are cited in CCAF's Brief in a string cite, without substantive discussion, at p. 6.

settlement process.[14]   In neither case was the guardian *ad litem* appointed to defend an appeal taken against a court order by class counsel.  In both cases, the guardian *ad litem*'s fees were paid by the class.[15]   And of course in neither case—as happened here—had the requested attorneys' fees and claimed hours already been strenuously probed and litigated over the span of three years, with scores of depositions taken, by a court-appointed special master who was paid millions of dollars at class counsel's expense.  If CCAF wishes to appear before the First Circuit as *amicus curiae*, it may seek leave from the First Circuit and consent from the parties to do that. Fed. R. App. P. 29(a).  That is how the process works, as CCAF is well familiar based on the recitation of its appellate experience in its brief.  What little appellate authority CCAF cites does not say otherwise.

**Second**, the Court has already said—twice—in its recent rulings that it will not be ordering Customer Class Counsel, or any one of them, to pay the costs of defending any appeal (unsuccessful or not) taken against the February 27 Order.[16]   This is unsurprising, as it is consistent with controlling Supreme Court precedent[17] and more than 240 years of American

---

[14] For one thing, the operative language of Rule 23(e) in 1976 and 1977 did not specifically provide for contemplated attorneys' fee requests to be included in the settlement class notice, leading to that issue being litigated before the district court in both *Miller* and *Haas* after the class had received notice and been certified.  *See* Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (i)*, 81 Harv. L. Rev. 356, 414–16 (1967) (quoting rule: "(e) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.").

[15] *See Miller*, 70 F.R.D. at 535; *Haas*, 77 F.R.D. at 384 n. 2.

[16] *See* Memorandum and Order, June 18, 2020 at 3 [ECF No. 611] *and* Memorandum and Order, June 29, 2020 at 2 [ECF No. 615].

[17] *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1971).

legal history.[18]  That precedent has been echoed by the First Circuit, including the principal such

authority on which CCAF relies.[19]   CCAF does not acknowledge, much less cite, that part of

*Weinberger*, even though it runs expressly contrary to CCAF's requested relief (not to mention

its threat to "seek a multiplier" if class counsel has the audacity to challenge its fees).[20]  This is

improper.  But Customer Class Counsel are not here to engage in endless bad faith accusations or

relitigate already-settled or inapposite portions of this case's long history—or any firm's even-

longer history[21]—with CCAF.  It simply isn't useful, and leads to much wasted ink and time by

the parties and the Court.  That is one reason we believe the Court's observation about looking to

fresh counsel, in the event the First Circuit orders or invites the Court to respond to the specific

and targeted issues raised by Lieff Cabraser's appeal, to be apt.

Dated:  October 20, 2020                                    Respectfully submitted,


By:     */s/ Richard M. Heimann*
         Richard M. Heimann (*pro hac vice*)

---

[18] CCAF's attempts to shoe-horn itself into the position of a settlement objector, citing a handful of district court level decisions addressing such situations, in order to justify payment out of Customer Class Counsel's fees lacks merit.  No settlement class member has objected to the settlement or to the attorneys' fees awarded in this case at any time, and CCAF is not a member of the class nor does it represent any member of the class.  Nor do any of the instances cited by CCAF of a district or appellate court awarding fees to a class objector involve a self-styled "objector" who was appointed strictly to defend a district court's fee award on appeal.  *See* CCAF Br. at 16.

[19] *See Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 523 (1st Cir. 1991) (holding that "absent either statutory authorization or sanctionable behavior entitling plaintiffs to recover their fees, there is no satisfactory basis on which a court can compel the shifting of lawyers' fees," citing *Alyeska*, 421 U.S at 247).

[20] *See, e.g.,* CCAF Br. at 3, 4, 12.

[21] The Court itself recognized at the very outset of this inquiry, more than three years ago, that this case represented but an "inning in a longer game" between class counsel and CCAF.  *See* 3/7/17 Hearing Tr. at 37:13 [ECF No. 176] (cleaned up).

2050612.2

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111
Tel:  (415) 956-1000
Fax:  (415) 956-1008

Steven E. Fineman
Daniel P. Chiplock (*pro hac vice*)
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, New York  10013
Tel:  (212) 355-9500
Fax:  (212) 355-9592

*Counsel for Lieff Cabraser Heimann &
Bernstein, LLP*


*/s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
Nixon Peabody LLP
Exchange Place
53 State Street
Boston, MA  02109
Tel: (617) 345-1000
Fax:  (844) 345-1300
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com

*Counsel for the Thornton Law Firm LLP*

*/s/ Joan A. Lukey*
Joan A. Lukey (BBO No. 307340)
Justin J. Wolosz (BBO No. 643543)
Stuart M. Glass (BBO No. 641466)
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Tel: (617) 248-5000
Fax: (617) 248-4000
joan.lukey@choate.com
jwolosz@choate.com
sglass@choate.com

*Counsel for Labaton Sucharow LLP*

2050612.2

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed electronically on October 20, 2020 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").

*/s/ Richard M. Heimann*
Richard M. Heimann

2050612.2