UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARKANSAS TEACHER RETIREMENT SYSTEM,
on behalf of itself and all others
 similarly situated,

                Plaintiff,

vs.

STATE STREET BANK AND TRUST COMPANY,

                Defendant.
_____/

No. 11-cv-10230-MLW

ARNOLD HENRIQUEZ, MICHAEL T. COHN,
WILLIAM R. TAYLOR, RICHARD A.
SUTHERLAND, and those similarly situated,

                Plaintiffs,

vs.

STATE STREET BANK AND TRUST COMPANY,

                Defendant.
_____/

No. 11-cv-12049-MLW

THE ANDOVER COMPANIES EMPLOYEE
SAVINGS AND PROFIT SHARING PLAN, on
behalf of itself, and JAMES PEHOUSHEK-
STANGELAND and all others similarly situated,

                Plaintiffs,

vs.

STATE STREET BANK AND TRUST COMPANY,

                Defendant.
_____/

No. 12-cv-11698-MLW

**SPECIAL MASTER'S CONSOLIDATED RESPONSE TO THE
HAMILTON LINCOLN LAW INSTITUTE'S MOTION FOR ATTORNEYS FEES
AND MOTION FOR APPOINTMENT AS GUARDIAN *AD LITEM***

1

## I. Introduction

On September 29, 2020, the Court issued an order [Dkt No. 646] directing that the Hamilton Lincoln Law Institute (HLLI) file, by October 7, 2020, (a) a motion for award of attorneys' fees, one or more affidavits and a memorandum in support of the motion, see Feb.27, 2020 Mem. & Order (Dkt. No. 590) at 33-40; and, if it wishes, (b) a renewed motion to be appointed guardian ad litem for the class.  The Court further ordered that:  Any responses to HLLI's motions shall be filed by October 20, 2020.  On September 29, 2020, HLLI filed its Motion and Memorandum for an Attorneys' Fee Award (Dkt. No. 647).  On October 7, 2020, HLLI filed its Motion for Appointment As Guardian Ad Litem (Dkt. No. 649).  The Special Master hereby files his consolidated response to HLLI's motions.

## II. Hamilton Lincoln Law Institute's Request for Attorneys' Fees

### A. HLLI's Request

HLLI seeks an award of $60,690 in attorney's fees under Fed. R. Civ. P. 54(d) for work performed in 2018 at the Court's request. Specifically, it seeks payment for work performed from July 31-August 6, 2018 and October 11-November 20, 2018, for a total of 218.4 hours worked at a blended lodestar rate of $277.88 *See* HLLI's table below. HLLI asserts that it will not appeal any determination on this motion and will not apply for fees for any past work on this case besides the hours in this motion.[1]

---

[1] It is unclear whether HLLI intends to bill for prospective hours worked.

| Attorney | Position (class year) | Hours 7/31 to 8/6 | Hours 10/11 to 11/20 | Discount Rate | Lodestar |
|---|---|---|---|---|---|
| Melissa A. Holyoak | Former President (2003) | 1.5 | 2 | $365/hr | $1,277.50 |
| Anna St. John | Senior Attorney (2006) | 3.2 | 3.1 | $325/hr | $2,047.50 |
| M. Frank Bednarz | Attorney (2009) | 51.7 | 121.9 | $275/hr | $47,740.00 |
| Adam E. Schulman | Attorney (2010) | 18.3 | 16.7 | $275/hr | $9,625.00 |
| Totals | | 74.7 | 143.7 | - | $60,690.00 |

The Special Master has consistently maintained, including through his counsel during the September 22, 2020 hearing on class objections, that he takes no position on whether HLLI is entitled to attorneys' fees. Equally consistent has been the Special Master's contention that such fees, if awarded, should not be paid from the common fund. In seeking fees, HLLI offers two potential primary funding sources: Customer Class Counsel fees and the common fund.[2] The following sections present the Special Master's argument as to why payments should not be made from the common fund.

### B. HLLI is not entitled to attorneys' fees drawn from the common fund

HLLI contends it is entitled to receive attorneys' fees to compensate HLLI's efforts as *amicus* to enhance the final monetary recovery received by the class. HLLI argues that, as an *amicus*, the Court may direct the "party responsible for the situation that prompted the court to make the appointment" to pay HLLI its reasonable attorneys' fees incurred. *See Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 853 (D.C. Cir. 1981).

Despite petitioning the Court at the March 7, 2017 show cause hearing to advocate on behalf of the class in its investigation into the original fee award, HLLI first substantively

---

[2] Two other sources of payment were raised at the September 22, 2020 hearing: *cy pres* funds, to which the Master has no objection; and funding allocated to the Special Master's continued work, to which he does object, not only because there are balances to be reconciled, but because there is the probability of future tasks to be assigned by the Court.

contributed to this case in or about August 8, 2018 when it filed its Response to the Court's July 31, 2018 Order [Dkt. # 420], well over a year into this matter. On February 17, 2017, HLLI filed a motion for appointment as guardian *ad litem*. The Court declined to decide the motion and invited HLLI to continue participating as *amicus curiae*. Since that time, HLLI has voluntarily participated.[3] Its role has strictly been to serve as an amicus and augment the Special Master's investigation and post-investigatory efforts.

The class members should not be required to pay HLLI. As HLLI points out in its Motion for Attorneys' Fees, pp. 10-12, *amici curiae* who meaningfully contribute to the outcome of a class action may be entitled to fees from the party responsible for the circumstances necessitating the Court's appointment. The Special Master does not contest that HLLI acted as an *amicus* during the period in which it seeks fees. But the class is not responsible for the misrepresentations that necessitated the Special Master's investigation or the new fee award. Under no circumstances should the class members be penalized by redirecting their recovery in order to reimburse HLLI.

The common fund is intended to benefit the class members whose rights were allegedly infringed upon in the underlying lawsuit against State Street. It was a series of misrepresentations and lack of transparency in Customer Class Counsel's requested payment from that common monetary pool that first prompted the need for the Special Master's appointment and his subsequent investigation into billing discrepancies. That investigation uncovered a host of other concerns about the original $75 million fee award to class counsel. At the conclusion of the Special Master's investigation, the Court issued a new fee award that

---

[3] A minority of jurisdictions (Fifth, Ninth, and Second) have explicitly held or opined that *amici curiae* who voluntarily participate in a lawsuit do not have a common law or statutory basis for receiving attorney's fees. *See* Hirsh, Alan and Diane Sheehey, Federal Judicial Center, Awarding Attorney's Fees and Managing Fee Litigation, Second Edition (2005), https://www.fjc.gov/sites/default/files/2012/AttFees2.pdf.

enhanced the common fund by an award of an additional $14,384,827.20 to the class after finding that the class and the Court had not been informed of the full circumstances of the representation. Customer Class Counsel – not the class – were responsible for the misrepresentations that prompted additional proceedings and ultimately a new fee award. HLLI may not recover attorneys' fees from monies allocated to the class.

Payment of any portion of HLLI's fees from the common fund directly undermines its purported contributions to the class and would redirect those financial benefits to HLLI. This would be contrary to the objectives of the investigation and to the interests of the class.

### C. HLLI may not recover class fees under the common benefit theory

As an alternative to payment by Customer Class Counsel[4], HLLI argues that it provided a common benefit to the class justifying payment from the common fund. The Special Master disagrees that HLLI added such substantial value to this case, financially or legally, such that it qualifies for compensation under the common benefit theory. Nor can HLLI rely on the "substantial benefit" theory because HLLI's involvement did little more than duplicate the Special Master's efforts. HLLI did not investigate the original concerns that necessitated the appointment of the Special Master. If the Court agrees that HLLI is entitled to an award of attorneys' fees, that award should not be paid from class funds.

As the Court has noted, HLLI has highlighted complex issues.  For example, HLLI added useful insight into the issue of "megafunds" and the appropriate size of the settlement. Following the Special Master's Report and Recommendations, the Court invited HLLI, then named the Competitive Enterprise Institute, to weigh in on the appropriate size of the fee award. In its Memorandum Propounding an Appropriate Total Fee Award (Dkt. # 522), HLLI presented that

---

[4] HLLI does not seek payment from the ERISA law firms, only the Customer Class Counsel.

the $300 million settlement qualified as a "megafund" and therefore that it was appropriate for the Court to deviate from the widely used 25% *percentage of fund* calculation, which Customer Class Counsel advocated for. Additionally, in that same filing, HLLI contextualized and highlighted the fact that Brian T. Fitzpatrick's study, *An Empirical Study of Class Action Settlements and Their Fee Awards*, was potentially misused by Customer Class Counsel in advocating for the appropriateness of the 25% fee award calculation. This information helped support the Court's eventual reduction of the fee award in its February 27, 2020 Order.

While the Court viewed HLLI's participation as "helpful," HLLI's contributions to the class's recovery was limited. HLLI did not participate in the underlying litigation. It was not involved in Plaintiffs' securing a settlement of $300 million. Nor did HLLI represent the class's interests during the Special Master's investigation. HLLI did not contribute legally to this matter prior to filing a motion for its Response to the Court's July 31, 2018 Order [Dkt. # 420] in August 2018.

The Special Master's investigation prompted the Court to issue a Memorandum & Order on February 27, 2020 reallocating $14,384,827.20 to the class. While the eventual class recovery exceeded the Special Master's recommendation, the Court relied heavily on the Special Master's factual findings and legal analysis in identifying the issues. *Contrast Kargman v. Sullivan*, 582 F.2d 131 (1st Cir. 1978) (awarding attorneys' fees paid out of escrow to intervenor where no benefit would have been incurred without the intervenors' efforts.)

If the Court grants HLLI's request for fees, it should direct that the fees be paid from the Customer Class law firms as the parties most responsible for HLLI's involvement. See, e.g., *Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 854 (D.C. Cir. 1981), cert. denied, 455 U.S. 994 (1982) (quoting 4 Am. Jur. 2d Amicus Curiae §7 (1969)).

### III.     Hamilton Lincoln Law Institute's Request to be Appointed Guardian *Ad Litem*

The Special Master objects to HLLI's request to be appointed guardian *ad litem* for the class. Consistent with his position throughout the proceedings in this case, the Special Master firmly believes that the class's interests have been, and will continue to be, adequately represented by the Special Master and by Labaton Sucharow which has proven highly capable in its current role in administering class funds. As the Special Master has informed the Court, Labaton adopted all reforms recommended by the Master and can effectively represent the class in administering these remaining duties.

HLLI, in arguing for its appointment as guardian *ad litem*, paints a picture that the Class will be without any type of protection or advocate in the event it is not appointed. HLLI fails to recognize that the Special Master has consistently been an advocate for the class, throughout the investigation, in the Report and Recommendations and during all subsequent proceedings. The Special Master has worked not only to advise the Court as to his findings and recommendations, but has coordinated with Labaton to ensure that the administrative interests of the class are being adequately represented. As new matters arise in this case, the Special Master shall continue in this effort. The work the Special Master has done, and will continue to do, makes clear that an appointment of a guardian *ad litem* is not required here.

The Special Master is also concerned that the appointment of HLLI as a guardian *ad litem* will further complicate an already complex proceeding. Labaton has demonstrated both administrative expertise and a well-established relationship with AB Data Ltd., the Court-appointed Claims Administrator, which has resulted in an efficient process for payment of funds to the class. Should HLLI, or another party, be appointed guardian *ad litem*, it could potentially

result in unnecessary complications in the administration of the Class Settlement, as it will likely require additional coordination between AB Data, Labaton, and the guardian *ad litem*, which has the potential of slowing down the administrative process.

HLLI argues that there is the potential that the Court will be disallowed from participating in any appellate process, which could result in the class being left without adequate representation in the appeal. The Special Master considers it questionable that the Court of Appeals would leave the Court and the class unrepresented. However, in the unlikely event that this occurred, HLLI can readily petition the Court for appointment as *amicus curiae*, a role in which, the Special Master acknowledges, HLLI has provided beneficial services.

### IV.    Conclusion

The Special Master, while acknowledging the substantive contributions of HLLI in its capacity as *amicus curiae*, argues that there is no basis for paying HLLI from the common fund, as such an allocation is without legal foundation and goes against the interests of the class. Further, appointment of HLLI as guardian *ad litem* is not necessary and would be counter-productive to protection of the class.

Dated:  October 20, 2020                    Respectfully submitted,

**SPECIAL MASTER HONORABLE**
**GERALD E. ROSEN (RETIRED),**

By his attorneys,


　　/s/  William F. Sinnott
William F. Sinnott (BBO #547423)
Elizabeth J. McEvoy (BBO #683191)
BARRETT & SINGAL, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092
Email: wsinnott@barrettsingal.com
Email: emcevoy@barrettsingal.com


## CERTIFICATE OF SERVICE

　　I hereby certify that this Notice of Appearance was filed electronically on October 20, 2020 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").  Paper copies were sent to any person identified in the NEF as a non-registered participant.


　　/s/  William F. Sinnott
William F. Sinnott