# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>State Street Bank and Trust Company,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

**ERISA COUNSEL'S MEMORANDUM IN SUPPORT OF MOTION TO CLARIFY, OR IN THE ALTERNATIVE, FOR RECONSIDERATION OF EXHIBIT 1 TO THE <u>COURT'S JANUARY 19, 2021 DECISION AND ORDER (DKT. NO. 662-1)</u>**

## I.     INTRODUCTION

Keller Rohrback L.L.P., Zuckerman Spaeder LLP, and McTigue Law LLP ("ERISA Counsel") respectfully request that the Court clarify, or in the alternative, reconsider, Ex. 1, (the "Second Revised Payment Plan"), Dkt. No. 662-1, to the Court's January 19, 2021 Memorandum and Order, Dkt. No. 662, to the extent that Exhibit 1 (a) suggests that ERISA Counsel's fee would be reduced in the event Lieff Cabraser Heimann & Bernstein, LLP ("Lieff") prevails in the First Circuit, is not required to pay back, and is permitted to retain as attorney fees the $1,139,457 it has been ordered to pay into escrow, and (b), conflicts with the Final Judgment Concerning Attorneys' Fees and Service Awards. Dkt. No. 663.

Exhibit 1, the Second Revised Payment Plan, indicates that ERISA Counsel's award may be reduced by $569,728.50—half of the $1,139,457 Lieff has been ordered to pay into the escrow.[1] That would mean that in the event Lieff prevails on its appeal ERISA counsel would receive less than the Court has determined ERISA Counsel should receive, as determined by its extensive analysis concerning fees (including the allocation of fees among counsel for plaintiffs) and as reflected in the Final Judgment Concerning Attorneys' Fees and Service Awards, Dkt. No. 663.

We are briefing the issue for the first time here because the Second Revised Payment Plan was the first suggestion that ERISA Counsel's fee might be reduced. ERISA Counsel did not have a chance, before the new plan was entered on January 19, 2021, to address the question of which party or parties should shoulder the burden in the event that Lieff were to win its appeal, as contemplated in the Court's prior payment plan. Dkt. No. 619-2; *see also* Memorandum in Support of Motion of Lieff Cabraser Heimann & Bernstein, LLP For Partial

---

[1] Under the Second Revised Payment Plan, Dkt No. 662-1, the amount to the Class would be reduced by the other half.

2

Stay of Execution on Judgment, Pending Appeal ("Lieff Stay Memo"), Dkt. No. 668, at 5 of 27 ("Only with the Second Payment Plan has a new potential 'harm' to an interested party materialized … —namely, a reduced total distribution, and by extension a reduced fee award (in the amount of $569,728.50), to ERISA Counsel").

## II.  ARGUMENT

### A.  The Court Decided the Amounts Due ERISA Counsel.

The Court did an extensive analysis resulting in the conclusion that the total amount of fees and expenses awarded to plaintiffs' counsel (Class Counsel and ERISA Counsel) should be $61,413.963.03, or $14,384,827.10 less than originally ordered. *See* Dkt. No. 590 (February 27, 2020 Memorandum and Order).[2] As part of its analysis, the Court reallocated the fees and expenses among the six plaintiffs-counsel firms, with a total of $3,978,152.18 going to Keller Rohrback L.L.P., $3,439,775.42 to McTigue Law LLP, and $3,298,598.55 to Zuckerman Spaeder LLP.[3] On January 19, 2021, the Court entered Final Judgment Concerning Attorneys' Fees and Service Awards awarding the $60,000,000 "to counsel for plaintiffs as reasonable fees and expenses" and allocating specific amounts to each of the six plaintiffs' firms, including the foregoing amounts to the three ERISA firms. Dkt. No. 663, at page 2 of 3.[4]

On January 19, 2021, the Court also entered a Memorandum and Order, Dkt. No. 662, that principally focused on whether to award a fee to the Hamilton-Lincoln Law Institute. The Memorandum and Order, in addition, addressed "the distribution of Lieff's escrowed funds." *Id.* at 19-22. This portion of the Memorandum and Order indicates that Lieff will have to pay the

---

[2] The Court's Final Judgment Concerning Attorneys' Fees and Service Awards states that "$60,000,000 is awarded to counsel for plaintiffs as reasonable fees and expenses." Dkt. No. 663 at 2. This is a typographical error. The $60,000,000 figure is the amount of attorney fees awarded. The amounts stated in the judgment for each firm are the amounts awarded for fees *and* expenses and total $61,413.963.03. *See* Dkt. No. 590-1 at 3. ERISA Counsel respectfully submits that the Court should correct this clerical mistake pursuant to Rule 60(a).
[3] These allocations were inclusive of the amounts the ERISA firms had previously received.
[4] Again, the $60,000,000 figure is a typographical error. It should be $61,413.963.03. *See* note 1 *supra*.

3

$1,139,457 into escrow in two payments, *id.* at 19, but it does not discuss what would happen if Lieff wins its appeal. Nor does it indicate that any of the possible $1,139,457 shortfall should be borne by ERISA Counsel or the Class.

The Second Revised Payment Plan, Exhibit 1, to the Memorandum and Order, Dkt. No. 662-1, however, states that ERISA Counsel and the Class will each absorb half the loss if Lieff prevails on appeal. Reducing ERISA Counsel's fee would be inconsistent and in conflict with the Final Judgment Concerning Attorneys' Fees and Service Awards, Dkt. No. 663, and the Court's underlying analysis of how the total $60 million fee should be allocated. ERISA Counsel supports the Court's determinations and allocation of fees, as reflected in the Final Judgment, and have thus come to this Court for clarification or reconsideration of the "Second Revised Payment Plan."

### B.    This is ERISA Counsel's First Chance to Address the Suggestion That Its Fees Would be Reduced if Lieff Wins on Appeal.

As Lieff's Stay Memo indicates, January 19, 2021, was the first time that "any harm to an interested party materialized." In fact, no party, to undersigned counsels' knowledge, had ever suggested, or argued, to the Court that ERISA Counsel should absorb all or part of the shortfall in the event that Lieff prevailed on its appeal. Indeed, Lieff had argued that the shortfall should reduce the Class's total recovery, Dkt. No. 668 at 12; Dkt. No. 648.

The prior Payment Plan, in contrast to the Second Revised Payment Plan, "required the parties to seek 'guidance from the Court' concerning Lieff Cabraser's escrowed funds forty-five days before the second distribution to the Class and ERISA Counsel was to be made." Dkt. No. 619-2 at 7-8. But that requirement was deleted from the Second Revised Payment Plan. As set forth above, the Second Revised Payment Plan was entered without hearing from ERISA

4

Counsel on whether its fees should be reduced, or the broader question of which party or parties should shoulder the burden, if Lieff wins its appeal.

### C. ERISA Counsel Should Not Shoulder the Burden if Lieff Wins Its Appeal.

On the merits, there is no justification for imposing any part of the shortfall on ERISA Counsel. Whether the $1,139,457 at issue is a "financial penalty," as Lieff claims, Dkt. No. 668 at 6, or simply a routine decision by a district judge to reduce Lieff's court-awarded fee, the amount awarded to Lieff was a direct result of Lieff's conduct. ERISA Counsel played no part in it, as the Special Master concluded and as the Court found. Nor did the Class, which has been ordered to shoulder the other half of the shortfall if Lieff prevails.

### D. Other Aspects of the Second Revised Payment Plan Should Be Clarified.

ERISA Counsel also urge the Court to clarify certain other aspects of the Second Revised Payment Plan. The Second Revised Payment Plan states that the First Distribution to the Class and ERISA Counsel from Class Counsel will be "14 days after final decision on whether funds from Lieff will be distributed," which could be read as fourteen days after the First Circuit decides the merits of the appeal. The Memorandum and Order suggests that this date is actually fourteen days after a determination on the stay motion, and we assume that is the Court's intention. Either way, the first distribution date from the escrow is indeterminate because it is tied to a decision by the First Circuit and could be after the Second Distribution from escrow, which is set for April 30, 2021. In any event, to the extent the Court clarifies the Second Revised Payment Plan to state that the outcome of Lieff's appeal will have no impact on the fees distributed to ERISA Counsel, there would be no basis for withholding ERISA Counsel's fee.

WHEREFORE, ERISA Counsel request that (a) the Court clarify or reconsider the Second Revised Payment Plan to delete the part of the Plan indicating that ERISA Counsel's fee would be reduced in the event Lieff prevails in its appeal and affirming that ERISA Counsel shall receive the amounts set forth in the Final Judgment Concerning Attorneys' Fees and Service Awards, Dkt. No. 663, and (b) make whatever further adjustments are necessary to effect this result and provide for the orderly distribution of funds to the Class and counsel.

Dated: January 29, 2021                                     Respectfully submitted,

By: */s/ Lynn Lincoln Sarko*
Lynn Lincoln Sarko
Laura R. Gerber
**KELLER ROHRBACK L.L.P**
1201 3rd Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900

*ERISA Counsel for Class Representatives The Andover Companies Employee Savings and Profit Sharing Plan and James Pehoushek-Stangeland*

By: */s/ J. Brian McTigue*
J. Brian McTigue
James A. Moore
**McTIGUE LAW LLP**
4530 Wisconsin Ave, NW
Suite 300
Washington, DC 20016
Phone: 202-364-6900

By: */s/ Carl S. Kravitz*
Carl S. Kravitz
**ZUCKERMAN SPAEDER, LLP**
1800 M Street, NW
Washington, DC 20036
Phone: 202-778-1800

*ERISA Counsel for Class Representatives Arnold Henriquez, Michael T. Cohn, William R. Taylor, and Richard A. Sutherland*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, I electronically filed the above with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

>  */s/ Lynn L. Sarko*
>  Lynn L. Sarko
>  KELLER ROHRBACK L.L.P.