UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 11-10230-MLW<br>)<br>)<br>)<br>) |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 11-12049-MLW<br>)<br>)<br>) |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated,<br>    Plaintiff<br><br>        v.<br><br>STATE STREET BANK AND TRUST COMPANY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 12-11698-MLW<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    March 18, 2021

## I.   SUMMARY

In this Memorandum and Order this court is requesting that the First Circuit invite it to retain counsel concerning Lieff Cabraser Heimann & Bernstein, LLP's ("Lieff") appeal of the February 27, 2020 decision awarding Lieff $15,000,000 as attorneys' fees from a common fund created by the settlement of this class action.  In its appeal, Lieff intends to seek an order increasing its compensation by $1,140,000, and diminishing the common fund for the class by that amount.[1]

There is no party to respond to Lieff's appeal.  At this point in the proceedings the court is a quasi-fiduciary for the class. See In re Fidelity/Micron Secs. Litig., 167 F.3d 735, 736 (1st Cir. 1999).  The interests of the class will not be represented on appeal if the court is not invited to retain counsel.

As the First Circuit has recognized, awarding attorneys' fees in class actions presents special challenges because courts are "deprive[d] of the advantages of the adversary process."  See Weinberger v. Great Northern Nekoosa, 925 F.2d 518, 525 (1st Cir.

---

[1] On March 12, 2021, the court denied Lieff's motion for a stay pending appeal concerning the January 19, 2021 Order (Dkt. No. 662) directing that the $1,140,000 Lieff has escrowed be distributed to the class and counsel for an ERISA class with the escrowed funds of Lieff's co-counsel for the class, Labaton Sucharow LLP and The Thornton Law Firm.  See Mar. 12, 2021 Memorandum and Order (Dkt. No. 690).  Lieff may appeal that decision.  If it would be helpful to the First Circuit, the court would also retain counsel to respond to Lieff's appeal concerning the denial of the stay.

1991), see also id. at n.8.  As explained in detail in the 162-page February 27, 2020 Memorandum and Order which Lieff is appealing (the "February 27, 2020 Order"), the issues this court was required to decide resulted from the fact that "the usual adversary system [did] not operate to expose [] misrepresentations by counsel for the class to the court" when it awarded attorneys' fees in the amount of $75,000,000.  See Dkt. No. 590 at 5, see also id. at 40-46.

In Weinberger, the dilemma the First Circuit faced in reviewing an award of attorneys' fees in a class action when there was no party to respond to the appeal was diminished by the State of Maine, represented by Peter Brann, Esq., appearing as amicus. See Weinberger, 925 F.2d at 525, n.8.  If this court's request is granted, it will retain Mr. Brann to represent it and the interests of the class on appeal.  Mr. Brann would be compensated by the Administrative Office of the United States Courts rather than the class.

Lieff does not oppose the court's request that it be invited to retain counsel.  Indeed, it has characterized it as "a good idea."  Sept. 22, 2020 Transcript ("Tr.") (Dkt. No. 642) at 27.

II.   DISCUSSION

The pertinent facts and issues this court understands Lieff
will be presenting on appeal[2] are discussed in this court's March
12, 2021 Memorandum and Order denying Lieff's motion for a stay
pending appeal.   As explained in detail in the February 27, 2020
Order, the court:   initially awarded $75,000,000 as attorneys'
fees; vacated that award after Class Counsel – Labaton Sucharow
LLP ("Labaton"), The Thornton Law Firm ("Thornton"), and Lieff –
disclosed certain inadvertent misrepresentations in their motion
for $75,000,000 in fees, and questions were raised about the
reliability of other representations made in support of that
request;   appointed a Master to investigate;   considered the
Master's   377-page   Report   and   Recommendation   and   numerous
objections to it; conducted many hearings following submission of
the Master's Report; considered the post-hearing submissions of
all counsel; decided de novo, using the criteria regularly employed
in the First Circuit and nationally, that it was reasonable and
most appropriate to award Class Counsel $60,000,000; and allocated

---

[2]Lieff has stated that it intends to raise the same issues in
the pending appeal that it raised in the brief it filed in the
First Circuit in June 2020, Case No. 20-1365, Doc. No. 00117599876,
before its appeal was dismissed without prejudice because the
February 27, 2020 Order was not yet final and appealable.   See
Case No. 20-1365, Doc. No. 00117637759.   After the court awarded
the Center for Class Action Fairness $60,690 for some of its work
as amicus on January 19, 2021, see Dkt. No. 662, judgement entered,
and there is now an order that this court understands to be final
and appealable.

to Lieff $15,233,397.53.    The $15,233,397 allocated to Lieff was
$2,448,678 more than the Master recommended that Lieff receive,
but $1,139,457 less than it received from the original $75,000,000
award.

Lieff has appealed this decision.[3]  The court understands that
Lieff will argue on appeal that but for alleged errors of fact and
law, this court would have awarded attorneys' fees in the amount
of $61,140,000 and increased the allocation to Lieff by that
amount.    See Sept. 22, 2020 Tr. (Dkt. No. 642) at 14-5; see also
Lieff's Reply in Support of Motion for Stay (Dkt. No. 678) at 5-
7.[4]  Lieff will also argue that if it prevails on appeal the common
fund for the class should be reduced to compensate Lieff.  Id.  It
will not argue that Labaton and Thornton, whose repeated egregious

---

[3] The court reduced the award to Labaton by about $10,000,000
and the award to Thornton by about $7,000,000.   See Feb. 27, 2020
Order (Dkt. No. 590) at 162.    Neither Labaton nor Thornton have
appealed.

[4] As Lieff has explained: "[o]ur appeal challenges the fee
award that [this court] made to the class to the extent it imposes
a loss to Lieff Cabraser.  So our view would be, in the event that
we prevail, it will be - - well, at the expense of the class, not
of co-counsel."  See Sept. 22, 2020 Tr. (Dkt. No. 642) at 14-15.
Lieff reiterated this in its Reply in support of the stay, writing:
"Lieff Cabraser challenges (as it did before) the Court's 20
percent attorneys' fee award insofar as it was arrived at by
penalizing Lieff Cabraser, and will argue (as it did previously)
that a reversal of the Court's findings and penalty as to Lieff
Cabraser should necessarily result in a total attorneys' fee that
is higher than 20 percent—not in an additional penalty or set of
penalties against any other firm."   Lieff's Reply in Support of
Motion for Stay (Dkt. No. 678) at 7.

misconduct caused the court to conclude that it was reasonable and most appropriate to award $60,000,000, should be required to reimburse Lieff. Id. at 7-8; see also Mar. 12, 2021 Mem. & Order (Dkt. No. 680) at 50-2.

As indicated earlier, there is no party to oppose Lieff's appeal. The court is now a quasi-fiduciary for the class. See In re Fidelity/Micron Secs. Litig., 167 F.3d 735, 736 (1st Cir. 1999); see also Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 279-80 (7th Cir. 2002); 4 William B. Rubenstein, Newberg on Class Actions §13:40 (5th ed. June 2020 Update) ("[A]t the settlement of a class suit, the law requires the judge to act as a fiduciary . . . .").

As the court wrote in the February 27, 2020 Order, "[t]his fiduciary duty can be difficult to discharge because 'the presentation of the settlement for judicial approval is nonadversarial in nature: the prior competing parties (class counsel and the defendants) have resolved their differences and are now in harmony in seeking the court's approval.' [Rubenstein, supra, §13:40]." Feb. 27, 2020 Order (Dkt. No. 590) at 34. "Hence, the court often lacks the information necessary to make a truly informed decision." Rubenstein, supra, §13:40. Indeed, as Lieff's counsel on appeal Samuel Issacharoff has written, "[p]erhaps in no other contexts do we find courts entertaining binding decrees with such a complete lack of access to quality information and so completely dependent on the parties who have the most to gain from

favorable court action." Samuel Issacharoff, Class Action Conflicts, 30 U.C. Davis L. Rev. 805, 808 (1997).

In Weinberger, 925 F.2d at 525, the First Circuit recognized the challenge to a district court when "deprive[d] of the advantages of the adversary process" when called upon to award attorneys' fees in a class action. The First Circuit noted that "the lack of adversariness may equally place an appellate tribunal on its mettle." Id. at 525, n.8. As noted earlier, in Weinberger, the First Circuit's dilemma was diminished by the State of Maine, represented by Peter Brann, Esq., appearing as amicus.

There are now 680 docket entries and thousands of pages of transcript in this case. Having read Lieff's original appellate brief, Case No. 20-1365, Document No. 00117599876 ("Lieff's June 9, 2020 Appellate Brief"), the court believes that the First Circuit would benefit greatly from the operation of the usual adversary process in deciding Lieff's appeal.

As explained in the March 12, 2021 Order, the court did not sanction Lieff, let alone impose a Federal Rule of Civil Procedure 11 sanction as Lieff contends. See March 12, 2021 Order (Dkt. No. 680) at 40-9; see also Feb. 27, 2020 Order (Dkt. No. 590) at 86, 126. Rather, in exercising its inherent, equitable authority to award attorneys' fees from the common fund the court took the misconduct of Labaton and Thornton alone into account in deciding that it was most appropriate to make a new award of $60,000,000

7

in attorneys' fees, and the conduct of all counsel into account in deciding how to allocate that award.  See Mar. 12, 2021 Mem. & Order (Dkt. No. 680) at 23-7, 40-4, 47-8; see also Feb. 27, 2020 (Dkt. No. 590) at 6-7, 33-6, 84-126, 143-44.

The First Circuit will ultimately decide whether, as Lieff argues, the court sanctioned it under Rule 11 and did so improperly.  The First Circuit will also decide whether the court abused its discretion by allocating $15,000,000 to Lieff.  This court believes that the First Circuit would benefit from being informed on these issues, among others, by the usual adversary process.

For example, in its June 9, 2020 Appellate Brief Lieff argues for the first time that it did not share with Labaton responsibility for the reliability of representations in the memorandum in support of the request for $75,000,000 in attorneys' fees.  Lieff and named members of Lieff "respectfully submitted" jointly with Labaton and Thornton the memorandum, which the court found to be false and misleading in certain respects.  See Feb. 27, 2020 Order (Dkt. No. 590) at 17, 84-126.  Lieff argues that it was sanctioned under Rule 11 and that was improper in part because only the name of Lawrence Sucharow of Labaton was typed on the signature line.  See Lieff's June 9, 2020 Appellate Brief (Doc. No. 00117599876) at 52-4.

Lieff did not, however, disclose in its June 9, 2020 Appellate Brief that at June 2019 hearings Richard Heimann, the General Counsel of Lieff, presented arguments on behalf of Labaton, Thornton, and Lieff concerning the reliability of the memorandum in support of the motion for attorneys' fees. See id. at 26-7. He did not contend that Lieff was not jointly responsible for the statements in the memorandum. Rather, he repeatedly referenced what "we" - meaning Labaton, Thornton, and Lieff - said in the memorandum. See, e.g., id. at 43, 1, 10.

Nor did Lieff argue to this court that it could not properly take into account lack of candor by counsel or violations of ethical rules in making a new award of attorneys' fees, which is what the court did. See Feb. 27, 2020 Order (Dkt. No. 590) at 84-6; see also March 12, 2021 Order (Dkt. No. 680) at 43-5. This will, however, evidently be an issue in Lieff's appeal. Id. at 43-5, 48-9.

As discussed in the March 12, 2021 Order, at 44-5, it is "'axiomatic that an issue not presented to the trial court cannot be raised for the first time on appeal.'" Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995) (quoting Johnston v. Holiday Inns, Inc., 595 F.2d 890, 894 (1st Cir. 1979). The fact that Lieff did not disclose that it was raising new arguments on appeal is another example of why the First Circuit would benefit

from having the interests of the class represented by counsel retained by the court.

Similarly, operation of the adversary process would also provide the First Circuit information relevant to deciding issues of law. As indicated earlier, Lieff claims that this court sanctioned it pursuant to Rule 11 and did so improperly. As authority for its contention that only Labaton could be held responsible for any violation of Rule 11 because only Sucharow's name was typed on the signature line of the memorandum in support of the motion for attorneys' fees, in its June 9, 2020 Appellate Brief Lieff quoted several, non-consecutive sentences of the 1993 Advisory Committee Note to Rule 11. See Lieff's June 9, 2020 Appellate Brief (Doc. No. 00117599876) at 52-3. One of the sentences Lieff did not quote would be important if the court had imposed a Rule 11 sanction. It states that "[t]he revision [to Rule 11] permits the court to consider whether other attorneys in the firm, co-counsel, other law firms, or the party itself should be held accountable for their part in causing a violation." 1993 A.C. Note (emphasis added); see also Mar. 12, 2021 Mem. & Order (Dkt. No. 690) at 43-4, n. 13.

In view of the foregoing, this court requests that the First Circuit invite it to retain counsel to represent it as quasi-fiduciary for the class and thus the interests of the class. As indicated earlier, if invited to do so, the court will retain Mr.

Brann, who was helpful to the First Circuit in Weinberger.  See Weinberger, 925 F.2d at 525, n.8.  Mr. Brann will be compensated by the Administrative Office of the United States Courts, rather than by the class.

As also indicated earlier, Lieff has stated that it would be a "good idea" for this court to retain counsel concerning Lieff's appeal and that it would not oppose the request to do so.  Sept. 22, 2020 Tr. (Dkt. No. 642) at 27.  Lieff reiterated this in successfully opposing the Center for Class Action Fairness' ("CCAF") request to be appointed guardian ad litem for the purpose of the appeal, writing that "Lieff Cabraser has already stated that it does not oppose the Court's request to hire new counsel to defend the February 27 Order."  Dkt. No. 651 at 2.[5]

III. ORDER

Accordingly, the court hereby REQUESTS that: (a) the First Circuit invite it to retain counsel to appear on behalf of the court as fiduciary for the class with regard to Lieff's appeal of the February 27, 2020 Order and, if the First Circuit finds it

---

[5] The court denied without prejudice CCAF's motion to be appointed guardian ad litem to represent the class on appeal based in part on Lieff's representation that it would not oppose the court's request to retain counsel.  See Jan. 19, 2021 Mem. & Order (Dkt. No. 662) at 22-24.  The court explained that it would be desirable to have counsel represent the interests of the class on appeal, but that it would be preferable to retain counsel who "hasn't been part of this battle for years."  Id.

11

desirable, concerning any appeal of the March 12, 2021 Order denying Lieff's request for a stay pending appeal, cf. Fed. R. App. P. 21(b)(4); (b) provide a reasonable period of time for Mr. Brann to file an appearance and prepare; and (c) order an appropriate briefing schedule.


UNITED STATES DISTRICT JUDGE