**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 11-cv-10230 MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, STATE STREET GLOBAL MARKETS, LLC and DOES 1-20, <br><br> Defendants. | No. 11-cv-12049 MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br><br> Defendant. | No. 12-cv-11698 MLW |

**MEMORANDUM IN SUPPORT OF LIEFF CABRASER HEIMANN & BERNSTEIN, LLP'S MOTION FOR AN ACCOUNTING AND FOR CLARIFICATION <u>THAT THE SPECIAL MASTER'S ROLE HAS CONCLUDED</u>**

2141404.2

Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser" or "the Firm") offers this Memorandum in support of its motion for a full and complete accounting of all time, fees and expenses comprising the $5,350,000 that Customer Class Counsel[1] have paid into the Court — of which Lieff Cabraser has paid more than $1.16 million — for the Rule 53 proceedings before the Special Master (the "Master").  Further, the Firm seeks clarification that the Master's role, as specified in the Court's March 8, 2017 Memorandum and Order, ECF 173 (the "Appointment Order"), is now concluded.

## BACKGROUND

Four years ago, this Court appointed the Honorable Gerald Rosen (ret.) as Master to address "all issues relating to the attorneys' fees, expenses, and service awards previously made in this case." ECF 173, ¶ 2 (the "Appointment Order"). In the Appointment Order, this Court provided the Master with "the authority described in Federal Rule of Civil Procedure 53(c)(1) and (2)." *Id.*, ¶ 4. Further, the court agreed to:

> pay the reasonable fees and the expenses of the Master and any firm, organization, or individual he may retain to assist him. The court understands that the Master will charge $800 per hour for his services and finds that rate to be reasonable.
>
> The Master shall submit monthly, <u>ex parte</u> and under seal, a request for payment with a description of the hours worked and the services rendered, as well as supporting documentation for any expenses to be reimbursed.
>
> The court intends to disclose the cost of the Master at the conclusion of these proceedings.

*Id.*, ¶ 14.

---

[1] "Customer Class Counsel" refers to Lieff Cabraser, Labaton Sucharow, LLP ("Labaton") and the Thornton Law Firm LLP ("TLF").

The Appointment Order required Labaton, on behalf of and with contributions by all Customer Class Counsel, to pay $2,000,000 to the Clerk and noted: "if the expense of the Master's work exceeds $2,000,000, the court will order additional payments." *Id.*, ¶ 13, n.4.

In October 2017, following *ex parte* submissions from the Master to the Court citing "recent, unforeseeable developments [that] required further investigation," the Master requested a Court order that Labaton pay, also with contributions by other Customer Class Counsel, an additional $1,000,000 to the Clerk to fund his work. ECF 208, at 2. The Court deemed this request "meritorious" and ordered Labaton to "pay to the Clerk of the United States District Court for the District of Massachusetts $1,000,000, by November 1, 2017." *Id.* at 3-4.

On April 23, 2018, the Master requested an additional $800,000 in funding, "approximately $300,000" was to cover "current estimates of time and expenditures through April 16 and projected through the filing of the Report and Recommendations," and "a reserve of at least $500,000" was requested to "be set aside for any post-filing proceedings." ECF 217-1. The Court granted the Master's request and ordered Labaton, again with the contributions of other Customer Class Counsel, to "pay $800,000 to the Clerk of the United States District Court for the District of Massachusetts by May 11, 2018." ECF 217, at 4.

On June 19, 2018, following the Master submitting his Report and Recommendation on May 24, 2018, Customer Class Counsel moved for an accounting, and for clarification that the Master's role has concluded. ECF 302, 310.

On August 9, 2018, this Court held a hearing on, *inter alia*, Customer Class Counsel's motion for an accounting and clarification. In the hearing, this Court said: "In the March 7th hearing I said I expected I would disclose the costs of the master at the end of the proceedings and then leaving out the expected, that's what I put in my order appointing the special master."

ECF 448, 22:23-23:1.[2]  The Court then stated that it wanted to "focus on . . . the master's report and recommendations and rejections to it. . . .  I want to focus on what's at the heart of this.  So at the moment, the issue of the costs of the master, if there's going to be any issue about it, it's postponed, it's not immediate."  *Id.*, 23:5-13.  Thereafter, on August 10, 2018, the Court issued an order, writing "for the reasons stated in court, with the agreement of the parties except as noted in footnote 1, it is hereby ORDERED that: 1. Customer Class Counsel's Motion for an Accounting and Clarification that the Master's Role has Concluded (Docket No. 302) is DENIED."  ECF 445 at 1.

On August 28, 2018, this Court issued an order stating that the Master's bills "total more than the remaining amount of the $3,800,000 previously provided from class funds."  Dkt. 461, at 2.  The Court said it was considering ordering an additional payment of $750,000 to fund the Master and ordered the parties to file any objections to the issuance of such an order.  *Id.* at 3.  Thereafter, on October 15, 2018, this Court held a hearing to discuss, *inter alia*, the $750,000 payment to the Master.  ECF 496.  In that hearing, given the passage of time, the Court ordered Labaton to pay an additional $1,000,000 and held that "Thornton shall reimburse Labaton $290,000, and Lieff [Cabraser] shall reimburse Labaton $240,000."  ECF 494 at 3.

On December 26, 2019, this Court ordered Labaton to pay an "additional $50,000" pursuant to the Appointment Order after it "approved reasonable requests for fees and expenses of the Master and his counsel for April, June, July, August, and November 2019."  ECF 589 at 2.

Finally, in its February 27, 2020 Memorandum and Order, this Court ordered Labaton and TLF to pay "an additional $250,000 each to pay past and future reasonable fees and expenses of the Master and any firm, organization, or individual assisting him."  ECF 590, at

---

[2] The subject was also discussed during the *in camera* portion of the August 9, 2018 hearing which is not being quoted publicly as it is under seal.

159.  The Court did not order Lieff Cabraser to contribute to that payment.  *Id.*  In total, the Court ordered $5,350,000 be paid to the Master, of which Lieff Cabraser paid $1,163,959.01.

Following that order, on June 25, 2020, the Court ordered the Master to confer with Customer Class Counsel and ERISA counsel and submit "a motion for approval of the plan for distribution he proposes" and "a proposed notice to the class…that is consistent with this Memorandum and Order and the Master's proposed plan of distribution."  ECF 613 at 7.  On July 9, 2020, the Court entered an Order allowing the Master's Motion for Approval of the Plan for Distribution of the Remainder of the Settlement fund.  ECF 619.  On July 10, 2020, the Court approved the form of notice that was sent to the Class.  ECF 623.

On January 19, 2021, this Court entered a final judgment concerning attorneys' fees and service awards.  ECF 663.  On January 27, 2021, Lieff Cabraser moved to stay execution on judgment pending its appeal to the First Circuit, ECF 667, and the Court ordered the Master to file a response to Lieff Cabraser's memorandum.  ECF 669.  Following a response from the Master, the Court denied Lieff Cabraser's motion to say execution on judgment pending appeal.  ECF 680.  On March 18, 2021, Lieff Cabraser informed the Court that it would not be appealing the Court's Order denying a stay of execution on judgment pending its appeal.  ECF 683.  On March 22, 2021, the Court ordered the parties to make the so-ordered distributions to the Class and ERISA Counsel.  ECF 684.  This distribution plan covers all payments that Customer Class Counsel will make and Lieff Cabraser is not aware of any ongoing role that the Master will play in these proceedings.[3]

---

[3] On March 18, 2021, the District Court requested that the First Circuit permit it to retain counsel on its behalf, Mr. Peter Brann, but that Order requested that Mr. Brann be compensated "by the Administrative Office of the United States Courts" and did not give any indication that the Master will be involved.  ECF 681 at 3.  On April 2, 2021, the First Circuit denied the District Court's motion without prejudice.  ECF 685.

## ARGUMENT

### I. The Court Should Order the Master to Provide Lieff Cabraser with an Accounting of His Fees and Expenses, and the Fees and Expenses of Those Retained to Assist Him.

Lieff Cabraser respectfully requests a full and complete accounting of the Master's fees and expenses, and of those retained by him, now that the Master's involvement in this case has concluded. Customer Class Counsel have paid $5.35 million, of which Lieff Cabraser has individually paid more than $1.16 million, for the Master's fees and expenses without an accounting. In August 2018, following an initial motion for an accounting after the Master submitted his report and recommendations, this Court stated that the issue of an accounting was, "if there's going to be any issue about it, it's postponed, it's not immediate." ECF 447, 23:5-13. Likewise, the Appointment Order said, "the court intends to disclose the cost of the Master at the conclusion of these proceedings." ECF 173 at 7. Lieff Cabraser believes it is now appropriate for the Court to order an accounting.

Federal Rule of Civil Procedure 53(a)(3) requires courts, when appointing a master to "consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." To that end, Rule 53(b)(2)(E) states the order appointing the master must state "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)." Similarly, Rule 53(g) states: "before or after judgment, the court must fix the master's compensation on the basis and terms stated in the appointing order, but the court may set a new basis and terms after giving notice and an opportunity to be heard."

As stated in Customer Class Counsels' original motion for an accounting, ECF 310, the most frequent method employed by the First Circuit regarding payment of masters is that the master sends periodic itemized invoices directly to the party or parties required to pay them.

ECF 310 at 8-10 (citing cases and explaining search methodology). Other district courts have employed a similar approach. *See, e.g.*, *Berman v. DirecTV, LLC*, 2016 WL 10704588, at *2 (N.D. Tex. Sept. 27, 2016) (ordering Special Master to file under seal a "Summary Statement" that does not reflect "any confidential information" for transmittal to the parties); *Icon Laser Solutions, LLC v. Abercrombie & Fitch, Co.*, 2016 WL 6583747, at *2 (same). Here, Customer Class Counsel has never been provided with itemized, or even summary, billing statements, and thus cannot determine *what* their $5.35 million has been spent on and *who* between the Master and his JAMS colleagues, his attorneys at Barrett & Singal, his "consultant" John Toothman, and his "expert" Professor Stephen Gillers incurred the fees and expenses. Lieff Cabraser requests: (1) a full and complete accounting of all time, fees and expenses to determine this information, and (2) the opportunity to challenge the fees and expenses incurred by the Master and those he retained.

## II.     The Court Should Confirm that the Master's Assignment Has Concluded.

Lieff Cabraser is not aware of any ongoing role for the Master in these proceedings and respectfully requests that this Court confirm that the Master's assignment has concluded. The Master submitted his report and recommendation nearly three years ago in May 2018. Further, following the February 2020 Order, the Court requested his involvement in three discrete issues each of which is done: (1) sending notice to class members; (2) determining a plan of distributing funds to the Class and ERISA; and (3) opposing Lieff Cabraser's motion to stay execution on judgment. Notice has been sent and the period for objections passed. A plan of distribution has been entered and the Court is now issuing its own orders to carry out that plan. *See, e.g.*, ECF 684. Lieff Cabraser has indicated that it will not appeal the Court's Order denying a stay of execution on judgment pending its appeal. ECF 683. Finally, Lieff Cabraser is not aware of any

role that the Master will play in Mr. Brann's role as counsel on behalf of the Court, if the District Court's request is eventually granted (after having been denied without prejudice)[4] by the First Circuit.  ECF 681.  The Court's Order requesting that Mr. Brann be appointed makes no mention of any continued involvement of the Master.  *Id.*

Now, four years and $5.35 million later, it is appropriate for this Court to confirm that the Master's role in this action has concluded and the time is ripe to "disclose the cost of the Master."  ECF 173 at 7.

## **CONCLUSION**

WHEREFORE, Lieff Cabraser respectfully moves for a full and complete accounting of all time, fees and expenses incurred by the Master and for clarification that the Master's role in this case has now concluded.

Dated:  April 8, 2021                                       Respectfully submitted,

                                                                               Lieff Cabraser Heimann & Bernstein, LLP

                                                        By:   */s/ Richard M. Heimann*
                                                                Richard M. Heimann (*pro hac vice*)
                                                                275 Battery Street, 29th Floor
                                                                San Francisco, California  94111
                                                                Tel:  (415) 956-1000
                                                                Fax:  (415) 956-1008

---

[4] *See* note 3, *supra*.

2141404.2

- 8 -

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on April 8, 2021 and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing ("NEF").

*/s/ Richard M. Heimann*
Richard M. Heimann
