UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated, <br>     Plaintiff, <br><br>          v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-10230-MLW |
| ARNOLD HENRIQUEZ, MICHAEL T. COHN, WILLIAM R. TAYLOR, RICHARD A. SUTHERLAND, and those similarly situated, <br>     Plaintiffs, <br><br>          v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 11-12049-MLW |
| THE ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN, on behalf of itself, and JAMES PEHOUSHEK-STANGELAND and all others similarly situated, <br>     Plaintiffs, <br><br><br>          v. <br><br> STATE STREET BANK AND TRUST COMPANY, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 12-11698-MLW |

MEMORANDUM CONCERNING LIEFF CABRASER HEIMANN & BERNSTEIN, LLP'S
APPEAL OF FEBRUARY 27, 2020 ORDER

WOLF, D.J.                                June 1, 2021

On March 18, 2021, this court issued a Memorandum and Order asking the First Circuit to invite it, as a quasi-fiduciary for the class whose interests would otherwise be unrepresented, to respond to the appeal of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff"), which had been seeking an increase of its attorneys' fee award from $15,000,000 to about $16,140,000 at the expense of the class. See Mar. 18, 2021 Mem. & Order (1st Cir. Case No. 21-1069, Doc. No. 00117719457, at 156-67; D. Mass. Case No. 11-cv-10230, Dkt. No. 681).[1]  On April 2, 2021, the First Circuit denied

---

[1] In Lieff's 2020 appeal, Labaton Sucharow LLP ("Labaton") and Thornton Law Firm LLP ("Thornton") were identified as "Interested Parties - Appellees."  See, e.g., Docket of 1st Cir. Case No. 20-1365.  However, those firms filed a joint notice that they "[did] not intend to file any brief in response to the Opening Brief of Appellant Lieff Cabraser Heimann & Bernstein, LLP."  July 1, 2020 Notice (1st Cir. Case No. 20-1365, Doc. No. 00117609510) at 2.  In the current appeal, Labaton and Thornton are again listed as "Interested Parties - Appellees."  However, there is no indication that they now intend to participate in the appeal.  The only other "Appellees" identified in the caption are Keller Rohrback L.L.P., McTigue Law LLP, and Zuckerman Spaeder LLP - three firms which were awarded attorneys' fees for representing ERISA clients in the underlying case and whose fee awards were increased in the February 27, 2020 decision that Lieff is appealing.  The awards to them are not being challenged in Lieff's appeal.  See Lieff May 20, 2021 App. Br. (1st Cir. Case No. 20-1069, Doc. No. 00117743420) at 2-3.  There is no reason to believe the ERISA firms will participate in Lieff's appeal.

Although the Hamilton Lincoln Law Institute ("HLLI") moved to be added as an appellee to the current appeal, see Feb. 19, 2021 Motion to Amend Caption (1st Cir. Case No. 21-1069, Doc. No. 00117707724) at 1-2, the First Circuit denied that motion without prejudice to refiling if any party challenges the award of attorneys' fees to HLLI, see Mar. 12, 2021 Order (1st Cir. Case No. 21-1069, Doc. No. 00117717477).  In its current brief, Lieff

that request "without prejudice to reconsideration by the panel that decides the merits." Apr. 2, 2021 Order (1st Cir. Case No. 21-1069, Doc. No. 00117725504).

On May 14, 2021 Lieff filed the substance of its current First Circuit brief.[2] As it previously represented to this court it would, Lieff has presented the same issues in its pending appeal that it raised in the brief that it filed in the First Circuit in June 2020. See Lieff Jun. 9, 2020 App. Br. (Case No. 20-1365, Doc. No. 00117599876).

Therefore, the reasoning in this court's March 18, 2021 request that it be invited to retain counsel remains applicable. Thus, this court will reiterate that request in a submission to the First Circuit.

---

states that it "does not seek any readjustment of fees awarded to anyone else, including the Hamilton Lincoln Law Institute." Lieff May 20, 2021 App. Br. (1st Cir. Case No. 21-1069, Doc. No. 00117743420) at 3. In addition, this court denied without prejudice HLLI's motion to serve as Guardian Ad Litem for the class concerning Lieff's current appeal. See Jan. 19, 2021 Mem. & Order (D. Mass. Case No. 11-10230, Dkt. No. 662) at 22-25. This court also did not grant the request of the Master it had appointed to be authorized to defend the February 27, 2020 decision that is the subject of Lieff's appeal. See Jun. 18, 2020 Mem. & Order (D. Mass. Case No. 11-10230, Dkt. No. 611).

Therefore, it is foreseeable that unless this court is invited to retain counsel, there will be no response to Lieff's appeal, let alone a response representing the interests of the class.

[2] On May 20, 2021 Lieff filed a revised brief that corrected the caption.

3

There is a subtle but possibly significant difference between
Lieff's 2020 brief and its current brief which involves an issue
that might not be evident to judges who are not already familiar
with the voluminous record in this case or informed by the
operation of the adversary process.  More specifically, Lieff's
current First Circuit brief for the first time states that it is
not seeking increased compensation in the amount of about
$1,140,000 at the expense of the class, but only from unclaimed
funds, if any, after the class has been paid in full. As explained
below, this revision of the relief requested raises the issue of
whether Lieff has standing to appeal, which might also be viewed
as a question of mootness or ripeness.  Therefore, the First
Circuit may consider the issue of its jurisdiction relevant to
this court's request that it be invited to retain counsel.  The
relief Lieff seeks in its current appeal is in any event relevant
to the on-going distribution of the common fund being supervised
by this court.

Lieff repeatedly stated to this court that it would contend
on appeal that the additional compensation it was seeking should
be at the expense of the class it represented rather than at the

4

expense of its co-"Class Counsel"[3], Labaton and Thornton.[4]  In its

2020 First Circuit brief, Lieff took this position, in essence

advocating that the court's $60,000,000 fee award be increased to

$61,138,917, and that the common fund for the class be reduced by

that amount.  More specifically, Lieff wrote:

> There is no appeal taken from the total award of fees
> except as to the order of [repayment of $1,138,917]
> imposed on Appellant . . .  Lieff Jun. 9, 2020 App. Br.
> (1st Cir. Case No. 20-1365, Doc. No. 00117599876) at 2.
>                                  ***
> There is no challenge to the overall reduction in the
> fees awarded, except as to the penalty assessed against
> Lieff . . .  Id. at 33.
>                                  ***
> . . . Lieff does not challenge the reduced overall fee
> order to 20 percent of the class recovery, except to the

---

[3] In submissions to this court, Labaton, Thornton, and Lieff
regularly referred to themselves collectively as "Class Counsel."

[4] Lieff explained to this court in 2020: "[o]ur appeal
challenges the fee award that [this court] made to the class to
the extent it imposes a loss to Lieff Cabraser.  So our view would
be, in the event that we prevail, it will be -- well, at the
expense of the class, not of co-counsel."  See Sept. 22, 2020 Tr.
(D. Mass. Case No. 11-cv-10230, Dkt. No. 642) at 14-15.  Lieff
reiterated this in a memorandum in support of the stay pending
appeal that it was requesting from this court, writing: "Lieff
Cabraser challenges (as it did before) the Court's 20 percent
attorneys' fee award insofar as it was arrived at by penalizing
Lieff Cabraser, and will argue (as it did previously) that a
reversal of the Court's findings and penalty as to Lieff Cabraser
should necessarily result in a total attorneys' fee that is higher
than 20 percent—not in an additional penalty or set of penalties
against any other firm."  Feb. 18, 2021 Lieff Reply in Support of
Motion for Stay (D. Mass. Case No. 11-cv-10230, Dkt. No. 678) at
7.  See also Mar. 12, 2021 Mem. & Order Denying Motion for a Stay
Pending Appeal (1st Cir. Case No. 21-1069, Doc. No. 00117719457,
at 99-155; D. Mass. Case No. 11-cv-10230, Dkt. No. 680) at 50;
Mar. 18, 2021 Mem. & Order Regarding Retaining Counsel (1st Cir.
Case No. 21-1069, Doc. No. 00117719457, at 156-67; D. Mass. Case
No. 11-cv-10230, Dkt. No. 681) at 5-6.

extent necessary to offset the penalty assessed against
Lieff . . . Id. at 55.

In its request for relief in its 2020 First Circuit brief, Lieff
stated, in part, that appellants asked the First Circuit to
"(c) vacate the portion of the order requiring payment of
$1,138,917 by Lieff and order the fee reduction to be adjusted
accordingly." Id. at 61-62.

In contrast, in its current First Circuit brief, Lieff asserts
that it seeks an additional $1,138,917 in attorneys' fees only if
there are any unclaimed funds remaining after the class is paid in
full. More specifically, in that brief Lieff writes:

> Lieff seeks to have its fee penalty reinstated from any
> unclaimed funds after the class is paid in full. This
> means that if all the funds are distributed and claimed,
> then there will be no further recovery for Lieff, even
> if this Court agrees that the lower court acted
> improperly. Lieff does not seek any readjustment of
> fees awarded to anyone else, including the Hamilton
> Lincoln Law Institute ("HLLI"). Lieff May 20, 2021 App.
> Br. (1st Cir. Case No. 20-1069, Doc. No. 00117743420) at
> 2-3.
> 						***
> If this Court agrees that the penalizing of Lieff was
> improper, Lieff will seek recovery of the clawed-back
> funds only if there is a surplus after the class
> distribution. No surplus, no reinstatement, even if
> this Court reverses the challenged rulings. Id. at 32.
> (emphasis added)
> 						***
> Appellants ask this Court to: . . .
>
> 		c) Allow Lieff to recover $1,138,917 from unclaimed
> 		class funds, if any. Id. at 60 (emphasis added).

The First Circuit may find that this alteration in Lieff's position concerning the relief it is seeking raises an issue that would benefit from the operation of the adversary process.

The First Circuit has held that "federal appellate courts review decisions . . . not opinions, <u>factual findings</u>, reasoning, or explanations." <u>In re Williams</u>, 156 F.3d 86, 90 (1st Cir. 1998) (emphasis added); <u>see also</u> <u>Sexual Minorities Uganda v. Lively</u>, 899 F.3d 24, 29 (1st Cir. 2018) ("We [ ] review 'judgements, not statements in opinions'") (quoting <u>Black v. Cutter Labs.</u>, 351 U.S. 292, 297 (1956)). Therefore, "'critical comments made in the course of a trial court's wonted functions – say <u>factfinding</u> or opinion writing - . . . provide no independent basis for an appeal.'" <u>Sexual Minorities Uganda</u>, 899 F.3d at 30 (quoting <u>In Re Williams</u>, 156 F.3d at 92) (emphasis added).

In its Prayer for Relief in its current First Circuit brief, Lieff asks the court to:

a) Reverse the <u>findings</u> that Lieff violated Rule 11(b) and facilitated co-counsel's violation of state ethics rules; [and]

b) Vacate the <u>finding</u> that the Chiplock Declaration misrepresented the firm's regular rates and billing history.

Lieff May 20, 2021 App. Br. (1st Cir. Case No. 20-1069, Doc. No. 00117743420) at 60 (emphasis added). If these requests do not provide an independent basis for First Circuit jurisdiction to decide Lieff's appeal, the First Circuit may question whether

7

Lieff's third and final prayer for relief – an order "[a]llow[ing] Lieff to recover $1,138,917 from unclaimed class funds, <u>if any</u>" – does so. <u>Id.</u> at 60 (emphasis added).

"[A]ny person invoking the power of a federal court must demonstrate standing to do so." <u>Virginia House of Delegates v. Bethune-Hill</u>, 139 S.Ct. 1945, 1950 (2019). "The standing requirement therefore must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." <u>Id.</u> at 1951 (internal quotations and citations omitted). "To cross the standing threshold, the litigant must explain how the elements essential to standing are met." <u>Id.</u>

One element of standing is that the appellant's alleged injury "is <u>likely</u> to be redressed by a favorable decision." <u>Id.</u> at 1950 (emphasis added) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992)); <u>see also</u> <u>Duke Power Co. v. Carolina Environmental Study Group, Inc.</u>, 98 S.Ct. 2620, 2631 n.20 (1978) (appellants must "show[] that there is a 'substantial likelihood' that the relief requested will redress the injury claimed"). Therefore, Lieff must show that it is "<u>likely, as opposed to merely speculative</u>, that [its] injury will be redressed by a favorable decision." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.</u>, 120 S.Ct. 693, 704 (2000) (emphasis added).

The First Circuit may find that Lieff's submissions to this court raise a material question concerning whether there will

ultimately be any unclaimed funds to compensate Lieff if it prevails in its appeal. In arguing to this court for a stay of the distribution of its escrowed funds pending appeal, Lieff wrote that:

> [C]omplete settlement distributions—especially those involving settlement funds in the hundreds of millions of dollars—commonly take years, not months. . . . This is an iterative process that typically goes through several cycles until the settlement fund is completely exhausted or reaches the point (often, where the remaining fund consists of just several thousands of dollars) that future distributions are no longer worth more than the cost of processing.

Jan. 27, 2021 Mem. in Support of Motion for Stay (D. Mass. Case No. 11-cv-10230, Dkt. No. 668) at 13 (emphasis added). Similarly, Lieff later argued that while the distribution to the class would "almost certainly" be ongoing when the First Circuit decided its appeal, this "in no way suggests or guarantees . . . that $1.14 million should be readily available to 'repay' Lieff Cabraser from the net settlement fund were the Firm to prevail in its appeal long after having had its funds included in the distribution pool." Feb. 18, 2021 Lieff Reply in Support of Motion for Stay (D. Mass. Case No. 11-cv-10230, Dkt. No. 678) at 13.[5]

---

[5] This court denied Lieff's Motion for Stay, in part, because Lieff "ha[d] not made a strong showing that funds transferred to the Administrator for distribution to the class will not be available for reimbursement if Lieff prevails on appeal." Mar. 12, 2021 Mem. & Order denying Motion for Stay (D. Mass. Case No. 11-cv-10230, Dkt. No. 680) at 50. In reaching that conclusion,

Therefore, the First Circuit may confront the issue of whether it is merely speculative that a decision favorable to Lieff on appeal would redress the financial injury of which it complains. Operation of the usual adversary process could inform its decision concerning whether Lieff's appeal is analogous to that in Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 64-65 (1st Cir. 2002).   In Ortiz-Gonzalez, the First Circuit stated that "'[t]he duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect.'" Id. (quoting Mills v. Green, 159 U.S. 651, 653 (1895)."[6]  In finding that the appellant, who had

---

this court decided only whether funds would likely be available to repay Lieff at the conclusion of its appeal.  This court did not address whether funds would be available to repay Lieff almost $1,140,000, or any significant amount, after all feasible distributions have been made to the class, which will be several years from now according to Lieff.  See Jan. 27, 2021 Mem. in Support of Motion for Stay (D. Mass. Case No. 11-cv-10230, Dkt. No. 668) at 13.

[6] In Ortiz-Gonzalez, the First Circuit analyzed this issue as one of mootness, which is a jurisdictional question, because it was reviewing the district court's decision to dismiss the motion for attorneys' fees as moot.  See 277 F.3d at 64-65.  The question of mootness essentially extends the standing requirements through the duration of the case.  See Becker v. Fed. Election Comm'n, 230 F.3d 381, 386 n.3 (1st Cir. 2000) ("a plaintiff must have a personal interest at stake throughout the litigation," and this interest is "assessed under the rubric of standing at the commencement of the case, and under the rubric of mootness thereafter").

It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit.  There is [ ] no case or controversy, and a

10

agreed during proceedings in the District Court not to collect an award of attorneys' fees, had rendered his motion for fees moot, the First Circuit noted that, in the context of ripeness, the controversy must be "'susceptible to specific relief, . . . and without much risk that the court's opinion will prove superfluous.'" Id. at 65 (quoting Riva v. Massachusetts, 61 F.3d 1003, 1011 (1st Cir. 1995)). The First Circuit added that, "[c]ourts are not required to go through the symbolic step of entering a judgment . . . merely so that the judgment can be waved as a red flag to serve the private interests of the recipient in other cases." Id.

Therefore, as indicated earlier, the First Circuit may consider the issue of its jurisdiction relevant to this court's request that it be invited to retain counsel. The relief Lieff

---

suit becomes 'moot,' when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.

Chafin v. Chafin, 133 S.Ct 1017, 1023 (2013) (internal citations and quotations omitted). A guiding question is whether "valuable legal rights would be directly affected to a specific and substantial degree" by a judgment. U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 113 S.Ct. 2173, 2178 (1993) (internal marks omitted). The First Circuit has noted the Supreme Court's "'repeated statements that the doctrine of mootness can be described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Becker, 230 F.3d at 386 n.3 (quoting Friends of the Earth, 120 S.Ct. at 708-09).

seeks in its current appeal is in any event relevant to the on-going distribution of the common fund being supervised by this court.

In view of the foregoing, this court will, in a companion submission to the First Circuit that incorporates this Memorandum, again request that it invite this court to retain counsel to represent it as quasi-fiduciary for the class and thus the interests of the class. As explained in its March 18, 2021 Memorandum and Order (1st Cir. Case No. 21-1069, Doc. No. 00117719457, at 156-67; D. Mass. Case No. 11-cv-10230, Dkt. No. 681), this court will retain Peter Brann, Esq., who was helpful to the First Circuit in Weinberger v. Great Northern Nekoosa, 925 F.2d 518, 525 & n.8 (1st Cir. 1991). Mr. Brann will be compensated by the Administrative Office of the United States Courts, rather than by the class.

As also explained in the March 18, 2021 Memorandum and Order, at 3, Lieff has stated that it would be a "good idea" for this court to retain counsel concerning Lieff's appeal and that it would not oppose the request to do so. Sept. 22, 2020 Tr. (D. Mass. Case No. 11-cv-10230, Dkt. No. 642) at 27; see also Oct. 20, 2020 Opposition of Customer Class Counsel to the Hamilton Lincoln Law Institute's Center for Class Action Fairness' Renewed Motion for Appointment as Guardian Ad Litem for the Class (D. Mass. Case No. 11-cv-10230, Dkt. No. 651) at 2 ("Lieff Cabraser has already stated

12

that it does not oppose the Court's request to hire new counsel to defend the February 27 Order.").

Accordingly, this court will in a submission to the First Circuit request that the First Circuit: (a) invite it to retain counsel to appear on behalf of the court as fiduciary for the class with regard to Lieff's appeal of this court's February 27, 2020 Memorandum and Order (1st Cir. Case No. 21-1069 Doc. No. 00117699985 at 91-252; D. Mass. Case No. 11-cv-10230, Dkt. No. 590); (b) provide a reasonable period of time for Mr. Brann to file an appearance and prepare; and (c) order an appropriate briefing schedule.

UNITED STATES DISTRICT JUDGE

13