# United States Court of Appeals
## For the First Circuit

No. 21-1069

ARKANSAS TEACHER RETIREMENT SYSTEM, on Behalf of Itself and All Others Similarly Situated; JAMES PEHOUSHEK-STANGELAND; ANDOVER COMPANIES EMPLOYEE SAVINGS AND PROFIT SHARING PLAN; ARNOLD HENRIQUEZ; MICHAEL T. COHN; WILLIAM R. TAYLOR; RICHARD A. SUTHERLAND,

Plaintiffs,

v.

STATE STREET CORPORATION; STATE STREET BANK AND TRUST COMPANY; STATE STREET GLOBAL MARKETS, LLC; DOES 1-20,

Defendants.

----------------------------

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP,

Interested Party - Appellant,

v.

LABATON SUCHAROW LLP; THORNTON LAW FIRM LLP; KELLER ROHRBACK L.L.P.; MCTIGUE LAW LLP; ZUCKERMAN SPAEDER LLP,

Interested Parties - Appellees.

**ORDER OF COURT**

Entered: June 30, 2021

The district court has renewed its request that this court invite it to retain counsel in this appeal for purposes of representing it as quasi-fiduciary for the plaintiff class. The request is denied, no authority for granting the relief having been cited. Indeed, the Guide to Judiciary Policy suggests that granting such relief may be problematic. See Guide to Judiciary Policy, Vol. 20, § 345.20 ("[t]he defense of judicial acts and rulings are the responsibility of the parties.") . Although we are assured by the district court that the Administrative Office of the United States Courts does not view the question of the district court's representation in this court as troublesome, we are not sanguine. Cf. id. ("[j]udicial appropriations will not be expended for private legal representation where the lawsuit in question is not a personal action but instead constitutes a collateral attack

upon a judicial act or court judgment.").  While mandamus petitions may be an exception where the appellate court has invited or ordered the trial-court judge to address the petition "and the judge finds, with the approval of the Director [of the Administrative Office], that an answer is necessary to apprise the court of appeals regarding the legal considerations surrounding the judicial order or action at issue[,]" id., § 325(a), this is not such a case.  Furthermore, we have the benefit of the district court's various and extensive writings, including the court's June 29, 2020 memorandum and order drafted after appellant's original brief was filed in Lieff Cabraser Heimann & Bernstein, LLP v. Labaton Sucharow LLP, No. 20-1365, and the memorandum dated June 1, 2021 drafted after appellant's most recent brief in this case.  Furthermore, should the merits panel find that justice requires, the panel always has the authority to solicit or appoint amicus counsel, just as the Supreme Court sometimes does.  See Collins v. Yellen, 594 U.S. ___, 2021 WL 2557067 (June 23, 2021).

                                        By the Court:

                                        Maria R. Hamilton, Clerk

cc:
Hon. Mark L. Wolf
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Michael A. Lesser
David J. Goldsmith
Garrett James Bradley
Daniel P. Chiplock
Michael P. Canty
Jonathan D. Selbin
Richard M. Heimann
Evan R. Hoffman
Robert L. Lieff
Michael H. Rogers
Theodore Michael Hess-Mahan
Lynn Lincoln Sarko
Derek W. Loeser
Amy Christine Williams-Derry
Laura R. Gerber
Steven E. Fineman
Samuel Issacharoff
Joan A. Lukey
Stuart M. Glass
Justin Joseph Wolosz
Brian T. Kelly
Joshua Charles Honig Sharp
James A. Moore
Michael R. Smith
Carl S. Kravitz

Beth E. Bookwalter
William Henry Paine
Jeffrey B. Rudman
Daniel W. Halston
Mark Christopher Fleming
Nolan J Mitchell
William F. Sinnott
Elizabeth J. McEvoy
M. Frank Bednarz
Theodore H. Frank
Catherine M. Campbell
Renee J. Bushey
J. Brian McTigue
Jonathan G. Axelrod